**EXHIBIT A**

11/19/10

## COURT OF COMMON PLEAS
### HAMILTON COUNTY, OHIO

FIFTH THIRD BANK
38 Fountain Square Plaza
Cincinnati, OH 45263
:
:
:                    Case No. A1010267
        Plaintiff,                :
:                    Judge Robert C. Winkler
:
v.                                :
:
EASTERN LIVESTOCK CO., LLC,        :
135 West Market Street            :
New Albany, IN 47150              :
:
        **Serve Registered Agent:**   :
        Mark S. Fenzel, Esq.       :
        Middleton & Reutlinger     :
        2500 Brown & Williamson Tower :
        Louisville, KY 40202       :
:
THOMAS P. GIBSON                  :
7536 Tandy Road                   :
Lanesville, IN 47136              :
:
JOHN S. GIBSON                    :
3218 McCowan Drive                :
Taylor Mill, KY 41015-4435        :
:
PATSY GIBSON                      :
7536 Tandy Road                   :
Lanesville, IN 47136              :
:
GRANT GIBSON                      :
7827 Tandy Road                   :
Lanesville, IN 47136              :
:
STEVE MCDONALD                    :
8000 Shenandoah Lane              :
Lanesville, IN 47136              :
:
WILLIE DOWNS                      :
1300 Ritchie Lane                 :
Bardstown, KY 40004               :

FILED

2010 NOV 19 P 2 19

PATRICIA M. CLANCY
CLERK OF COURTS
HAMILTON COUNTY, OH



D90908252

**JAMES E. EDENS, IV**                          :
Highway 32 West, P.O. Box 570                   :
Okolona, MS 38860                               :

**DARRELL BEAUCHAMP**                           :
13410 Hardin Springs Road                       :
Eastview, KY 42701                              :

**THOMAS P. GIBSON IRREVOCABLE**                :
**GENERATION SKIPPING TRUST**                   :

       **Serve Co-Trustee:**                :
       Nancy McDonald                      :
       8000 Shenandoah Lane                :
       Lanesville, IN 47136                :

**G.P. CATTLE COMPANY**                         :
6303 Crestmont Drive                            :
Dallas, TX 75214                                :

**OKIE FARMS, LLC**                             :
135 West Market Street                          :
New Albany, IN 47150                            :

       **Serve Registered Agent:**         :
       Robert Nichols                      :
       RR 2 Box 27                         :
       Snyder, OK 73566                    :

**EASTERN CATTLE CO., LLC**                     :
135 West Market Street                          :
New Albany, IN 47150                            :

       **Serve Registered Agent:**         :
       Mark S. Fenzel, Esq.                :
       Middleton & Reutlinger              :
       2500 Brown & Williamson Tower       :
       Louisville, KY 40202                :

**ROCKING E. FEEDERS, LLC**                     :
439 E. Road 4                                   :
Ulysses, KS 67880                               :

2

**Serve Registered Agent:**
Gerald Maynard
439 E. Road 4
Ulysses, KS 67880

**CROW HOLLOW, LLC**
135 West Market Street
New Albany, IN 47150

**Serve Registered Agent:**
Marc Roth
RR 2 Box 94
Hedley, TX 79237

**GIBSON FARMS, LLC**
13140 Nebo Lane
Providence, KY 42450

**Serve Registered Agent:**
Anna Gayle Gibson
13140 Nebo Lane
Providence, KY 42450

**OLIM, LLC**
135 West Market Street
New Albany, IN 47150

**Serve Registered Agent:**
Michael A. Kopp
1625 Sutherland Drive
Louisville, KY 40205

**TAYLOR COUNTY STOCKYARDS, LLC**
P.O. Box 56
Airport Road
Campbellsville, KY 42718

**Serve Registered Agent:**
Chris Henry Smith
P.O. Box 56
Airport Road
Campbellsville, KY 42718

3

**WEST KENTUCKY LIVESTOCK**                    :
**MARKET, LLC**                                :
534 Justice Lane                               :
Providence, KY 42450                           :
                                               :
    <u>Serve Registered Agent:</u>         :
    Mark S. Fenzel, Esq.                    :
    Middleton & Reutlinger                  :
    2500 Brown & Williamson Tower           :
    Louisville, KY 40202                    :

**EAST-WEST TRUCKING CO., LLC**                :
135 West Market Street                         :
New Albany, IN 47150                           :
                                               :
    <u>Serve Registered Agent:</u>         :
    Thomas P. Gibson                        :
    135 West Market Street                  :
    New Albany, IN 47150                    :

**BLUEGRASS SOUTH LIVESTOCK**                  :
**MARKET, LLC**                                :
P.O. Box 438                                   :
Stanford, KY 40484                             :
                                               :
    <u>Serve Registered Agent:</u>         :
    Gene Barber                             :
    375 Lisle Industrial Avenue             :
    Lexington, KY 40511                     :

**BLUE GRASS STOCKYARDS**                      :
**COMPANY**                                    :
1228 Lisle Road                                :
P.O. Box 1023                                  :
Lexington, KY 40588                            :
                                               :
    <u>Serve Registered Agent:</u>         :
    Wm. R. Gabbert, Jr.                     :
    1228 Lisle Road                         :
    P.O. Box 1023                           :
    Lexington, KY 40501                     :

**BLUEGRASS STOCKYARDS OF**                    :
**CAMPBELLSVILLE, LLC**                        :
375 Lisle Industrial Avenue                    :
Lexington, KY 40511                            :

4

<u>**Serve Registered Agent:**</u>
Gene Barber
375 Lisle Industrial Avenue
Lexington, KY 40511

**BLUEGRASS-MAYSVILLE
STOCKYARDS, LLC**
7124 AA Highway East
Maysville, KY 41056

   <u>**Serve Registered Agent:**</u>
   Charles Cropper
   7124 AA Highway East
   Maysville, KY 41056

**BLUEGRASS STOCKYARDS
EAST, LLC**
375 Lisle Industrial Avenue
Lexington, KY 40511

   <u>**Serve Registered Agent:**</u>
   Gene Barber
   375 Lisle Industrial Avenue
   Lexington, KY 40511

**BLUEGRASS STOCKYARDS OF
RICHMOND, LLC**
375 Lisle Industrial Avenue
Lexington, KY 40511

   <u>**Serve Registered Agent:**</u>
   Gene Barber
   375 Lisle Industrial Avenue
   Lexington, KY 40511

**S & B CATTLE COMPANY**
1406 North Forbes Road
Lexington, KY 40504

**WILLIE DOWNS LIVESTOCK, INC.**
1300 Ritchie Lane
Bardstown, KY 40004

5

<pre>
        Serve Registered Agent:              :
        Willie Downs                         :
        1300 Ritchie Lane                    :
        Bardstown, KY 40004                  :
                                             :
E4 CATTLE COMPANY, LLC                       :
Highway 32 West, P.O. Box 570                :
Okolona, MS 38860                            :
                                             :
        Serve Registered Agent:              :
        James E. Edens, IV                   :
        Highway 32 West, P.O. Box 570        :
        Okolona, MS 38860                    :
                                             :
RUSTY RAT CATTLE CO., INC.                   :
13410 Hardin Springs Road                    :
Eastview, KY 42732                           :
                                             :
        Serve Registered Agent:              :
        Darrell Beauchamp                    :
        13410 Hardin Springs Road            :
        Eastview, KY 42701                   :
                                             :
        Defendants.                          :
</pre>

---

**AMENDED COMPLAINT FOR CONVERSION, UNJUST ENRICHMENT, FRAUD, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND EMERGENCY APPOINTMENT OF A RECEIVER**

---

Plaintiff, Fifth Third Bank ("Fifth Third" or "Plaintiff"), hereby incorporates in its entirety its Verified Complaint filed on November 9, 2010, and hereby amends the Verified Complaint to add parties and to assert allegations and claims against these parties. For its claims against the original defendants, Eastern Livestock Co., LLC and Thomas P. Gibson (collectively, "Eastern Livestock"), and the new defendants, John S. Gibson, Patsy Gibson, Grant Gibson, Steve McDonald, Willie Downs, James E. Edens, IV, Darrell Beauchamp, Thomas P. Gibson Irrevocable Generation Skipping Trust, G.P. Cattle Company, Okie Farms, LLC, Eastern Cattle Co., LLC, Rocking E. Feeders, LLC, Crow Hollow, LLC, Gibson Farms, LLC, Olim, LLC,

6

Taylor County Stockyards, LLC, West Kentucky Livestock Market, LLC, East-West Trucking Co., LLC, Bluegrass South Livestock Market, LLC, Blue Grass Stockyards Company, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Richmond, LLC, S & B Cattle Company, Willie Downs Livestock, Inc., E4 Cattle Company, LLC, and Rusty Rat Cattle Co., Inc. (collectively, the "Recipient Defendants"), Fifth Third states as follows:

### NATURE OF THE ACTION

53.   Fifth Third incorporates as if fully set forth herein the allegations contained in paragraphs 1 through 52 of its Verified Complaint.

54.   This action arises out of a complicated bank fraud and check-kiting scheme employed by Eastern Livestock and others to defraud Fifth Third of millions of dollars.

55.   Eastern Livestock has engaged in a sophisticated check-kiting scheme involving the deposit and withdrawal of thousands of checks into and out of its Fifth Third account and accounts at various other banks, even though there were insufficient funds to cover the checks that Eastern Livestock was purporting to deposit and withdraw. Taking advantage of the "float" – i.e., the delay in one bank's returning an item for insufficient funds to another, creating a provisionally credited balance in the account to which the "deposit" was made – Eastern Livestock cycled checks between its various bank accounts to create an artificially high balance among those accounts and then withdrew millions of dollars in provisionally credited funds. When Fifth Third ultimately discovered Eastern Livestock's check kite, Fifth Third froze the account. Since Eastern Livestock has been prevented from cycling checks in and out of its main Fifth Third checking account, the account has been determined to be overdrawn in the amount of at least $13 million, and possibly even more still, as items continue to be returned for insufficient

7

funds. Eastern Livestock has withdrawn these provisionally credited funds and transferred them into other accounts held by Eastern Livestock and otherwise converted them.

56.     Additionally, by overstating its assets and accounts receivable, Eastern Livestock induced Fifth Third to lend millions of dollars to Eastern Livestock through a line of credit. In addition to the check-kiting scheme above, Eastern Livestock has induced Fifth Third to lend millions of dollars on the basis of false representations as to their accounts receivable and other assets.

57.     Because Eastern Livestock has fraudulently obtained and withdrawn millions of dollars from Fifth Third and applied those funds to its own purposes, Fifth Third seeks (a) the emergency appointment of a receiver over Eastern Livestock to preserve and to protect Fifth Third's collateral that secures Fifth Third's loan to Eastern Livestock and (b) temporary and permanent injunctive relief to prevent Eastern Livestock from further dissipating the stolen Fifth Third funds, as well as an order that Eastern Livestock return those funds to Fifth Third. Because Eastern Livestock has refused to identify the accounts where it has transferred Fifth Third's funds and has refused to return those funds, Fifth Third requests an order from the Court preventing the dissipation of any further funds from Eastern Livestock's accounts until a receiver is appointed to take control of the property of Eastern Livestock.

## PARTIES

58.     Fifth Third is an Ohio banking corporation with its principal place of business in Cincinnati, Ohio. Fifth Third is one of the nation's largest banks, offering commercial and retail banking services, investment advice, and data processing services.

59.     Upon information and belief, Thomas P. Gibson currently resides in Lanesville, Indiana. At all times relevant to this amended complaint, Thomas P. Gibson was an officer,

8

organizer and owner of Eastern Livestock Co., LLC, a signer on Eastern Livestock Co., LLC's bank accounts, and a guarantor of all loans and advances from Fifth Third to Eastern Livestock Co., LLC. Upon information and belief, Thomas P. Gibson has exercised improper control over Eastern Livestock Co., LLC and is the alter ego of Eastern Livestock Co., LLC.

60.    Eastern Livestock Co., LLC is a Kentucky limited liability company with its headquarters in New Albany, Indiana. Eastern Livestock Co., LLC is one of the largest cattle brokers in the country, processing cattle sales in the eastern U.S. and operating branch facilities in eleven states.

61.    Upon information and belief, John S. Gibson currently resides in Taylor Mill, Kentucky. At all times relevant to this amended complaint, John S. Gibson was a guarantor of all loans and advances from Fifth Third to Eastern Livestock Co., LLC.

62.    Upon information and belief, Patsy Gibson currently resides in Lanesville, Indiana. At all times relevant to this amended complaint, Patsy Gibson was a guarantor of all loans and advances from Fifth Third to Eastern Livestock Co., LLC.

63.    Upon information and belief, Grant Gibson currently resides in Lanesville, Indiana. Upon information and belief, Grant Gibson is employed by Eastern Livestock Co., LLC.

64.    Upon information and belief, Steve McDonald currently resides in Lanesville, Indiana and is employed by Eastern Livestock Co., LLC as a bookkeeper.

65.    Upon information and belief, Willie Downs currently resides in Bardstown, Kentucky. At all times relevant to this amended complaint, Willie Downs was an officer and incorporator of Willie Downs Livestock, Inc. and a signer on Eastern Livestock Co., LLC's bank accounts.

9

66.    Upon information and belief, James E. Edens, IV currently resides in Okolona, Mississippi. At all times relevant to this amended complaint, James E. Edens, IV was an officer of E4 Cattle Company, LLC and a signer on Eastern Livestock Co., LLC's bank accounts.

67.    Upon information and belief, Darrell Beauchamp currently resides in Eastview, Kentucky. At all times relevant to this amended complaint, Darrell Beauchamp was an officer and incorporator of Rusty Rat Cattle Co., Inc. and a signer on Eastern Livestock Co., LLC's bank accounts.

68.    Upon information and belief, the Thomas P. Gibson Irrevocable Generation Skipping Trust was created on December 26, 2000 to hold certain assets of Thomas P. Gibson and Patsy Gibson. Upon information and belief, the Thomas P. Gibson Irrevocable Generation Skipping Trust owns shares in Eastern Livestock Co., LLC and Olim, LLC. Upon information and belief, the Thomas P. Gibson Irrevocable Generation Skipping Trust received Fifth Third funds that were converted by Eastern Livestock. At all times relevant to this amended complaint, Nancy McDonald was the co-trustee of the Thomas P. Gibson Irrevocable Generation Skipping Trust.

69.    G.P. Cattle Co. is a Texas limited liability company with its headquarters in Dallas, Texas. Upon information and belief, G.P. Cattle Co. is an affiliate of Eastern Livestock Co., LLC. Upon information and belief, G.P. Cattle Co. received Fifth Third funds that were converted by Eastern Livestock.

70.    Okie Farms, LLC is an Oklahoma limited liability company with its headquarters in New Albany, Indiana. Upon information and belief, Okie Farms, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Okie Farms, LLC received Fifth Third funds that were converted by Eastern Livestock.

10

71.    Eastern Cattle Co., LLC is a Kentucky limited liability company with its headquarters in New Albany, Indiana. Upon information and belief, Eastern Cattle Co., LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Eastern Cattle Co., LLC received Fifth Third funds that were converted by Eastern Livestock.

72.    Rocking E. Feeders, LLC is a Kansas limited liability company with its headquarters in Ulysses, Kansas. Upon information and belief, Rocking E. Feeders, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Rocking E. Feeders, LLC received Fifth Third funds that were converted by Eastern Livestock.

73.    Crow Hollow, LLC is a Texas limited liability company with its headquarters in New Albany, Indiana. Upon information and belief, Crow Hollow, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Crow Hollow, LLC received Fifth Third funds that were converted by Eastern Livestock.

74.    Gibson Farms, LLC is a Kentucky limited liability company with its headquarters in Providence, Kentucky. Upon information and belief, Gibson Farms, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Gibson Farms, LLC received Fifth Third funds that were converted by Eastern Livestock.

75.    Olim, LLC is a Kentucky limited liability company with its headquarters in New Albany, Indiana. Upon information and belief, Olim, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson. Upon information and belief, Olim, LLC received Fifth Third funds that were converted by Eastern Livestock.

11

76.   Taylor County Stockyards, LLC is a Kentucky limited liability company with its headquarters in Campbellsville, Kentucky.   Upon information and belief, Taylor County Stockyards, LLC is an affiliate of Eastern Livestock Co., LLC, and is owned by Thomas P. Gibson.  Upon information and belief, Taylor County Stockyards, LLC received Fifth Third funds that were converted by Eastern Livestock.

77.   West Kentucky Livestock Market, LLC is a Kentucky limited liability company with its headquarters in Providence, Kentucky.  Upon information and belief, West Kentucky Livestock Market, LLC is an affiliate of Eastern Livestock Co., LLC, and is partly owned by Thomas P. Gibson.   Upon information and belief, West Kentucky Livestock Market, LLC received Fifth Third funds that were converted by Eastern Livestock.

78.   East-West Trucking Co., LLC is an Indiana limited liability company with its headquarters in New Albany, Indiana.  Upon information and belief, East-West Trucking Co., LLC is an affiliate of Eastern Livestock Co., LLC, and is wholly owned by Thomas P. Gibson. Upon information and belief, East-West Trucking Co., LLC received Fifth Third funds that were converted by Eastern Livestock.

79.   Bluegrass South Livestock Market, LLC is a Kentucky limited liability company with its headquarters in Stanford, Kentucky.  Upon information and belief, Bluegrass South Livestock Market, LLC is an affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Bluegrass South Livestock Market, LLC received Fifth Third funds that were converted by Eastern Livestock.

80.   Blue Grass Stockyards Company is a Kentucky corporation with its headquarters in Lexington, Kentucky.  Upon information and belief, Blue Grass Stockyards Company is an

12

affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Blue Grass Stockyards Company received Fifth Third funds that were converted by Eastern Livestock.

81.    Bluegrass Stockyards of Campbellsville, LLC is a Kentucky limited liability company with its headquarters in Lexington, Kentucky.  Upon information and belief, Bluegrass Stockyards of Campbellsville, LLC is an affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Bluegrass Stockyards of Campbellsville, LLC received Fifth Third funds that were converted by Eastern Livestock.

82.    Bluegrass-Maysville Stockyards, LLC is a Kentucky limited liability company with its headquarters in Maysville, Kentucky.  Upon information and belief, Bluegrass-Maysville Stockyards, LLC is an affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Bluegrass-Maysville Stockyards, LLC received Fifth Third funds that were converted by Eastern Livestock.

83.    Bluegrass Stockyards East, LLC is a Kentucky limited liability company with its headquarters in Lexington, Kentucky.  Upon information and belief, Bluegrass Stockyards East, LLC is an affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Bluegrass Stockyards East, LLC received Fifth Third funds that were converted by Eastern Livestock.

84.    Bluegrass Stockyards of Richmond, LLC is a Kentucky limited liability company with its headquarters in Lexington, Kentucky.  Upon information and belief, Bluegrass Stockyards of Richmond, LLC is an affiliate of Eastern Livestock Co., LLC.  Upon information and belief, Bluegrass Stockyards of Richmond, LLC received Fifth Third funds that were converted by Eastern Livestock.

85.    S & B Cattle Company is a Kentucky general partnership with its headquarters in Lexington, Kentucky.  Upon information and belief, S & B Cattle Company is an affiliate of

13

Eastern Livestock Co., LLC.   Upon information and belief, S & B Cattle Company received Fifth Third funds that were converted by Eastern Livestock.

86.   Willie Downs Livestock, Inc. is a Kentucky corporation with its headquarters in Bardstown, Kentucky. Upon information and belief, Willie Downs Livestock, Inc. is an affiliate of Eastern Livestock Co., LLC, and is wholly owned by Willie Downs. Upon information and belief, Willie Downs Livestock, Inc. received Fifth Third funds that were converted by Eastern Livestock.

87.   E4 Cattle Company, LLC is a Mississippi limited liability company with its headquarters in Okolona, Mississippi. Upon information and belief, E4 Cattle Company, LLC is an affiliate of Eastern Livestock Co., LLC. Upon information and belief, E4 Cattle Company, LLC received Fifth Third funds that were converted by Eastern Livestock.

88.   Rusty Rat Cattle Co., Inc. is a Kentucky corporation with its headquarters in Eastview, Kentucky. Upon information and belief, Rusty Rat Cattle Co., Inc. is an affiliate of Eastern Livestock Co., LLC. Upon information and belief, Rusty Rat Cattle Co., Inc. received Fifth Third funds that were converted by Eastern Livestock.

## JURISDICTION AND VENUE

89.   This Court possesses subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional threshold for this Court. This Court also possesses personal jurisdiction over Eastern Livestock because Eastern Livestock expressly consented to this Court's jurisdiction, and because Eastern Livestock entered into a credit agreement with Fifth Third and converted monies belonging to Fifth Third, an Ohio corporation. Further, Eastern Livestock presented fraudulent checks for payment to Fifth Third. Similarly, this Court possesses personal jurisdiction over Thomas P. Gibson, Patsy Gibson, and John S.

14

Gibson because they expressly consented to this Court's jurisdiction. Further, this Court possesses personal jurisdiction over the Recipient Defendants because they received and converted monies belonging to Fifth Third that were initially converted by Eastern Livestock.

90.      Venue is appropriate in this Court because it is the county in which Plaintiff is located and because the loss was suffered here. Moreover, Eastern Livestock, Thomas P. Gibson, Patsy Gibson, and John S. Gibson expressly consented to venue in this Court.

### FACTUAL ALLEGATIONS

91.      To facilitate its cattle brokerage business, Eastern Livestock entered into a Credit Agreement and a Security Agreement with Fifth Third in 2004, and has since entered into a related Eleventh Amended and Restated Revolving Credit Promissory Note ("Promissory Note").

92.      Pursuant to separate guaranties executed in 2004 (collectively, the "Guaranties"), Thomas P. Gibson, Patsy Gibson, and John S. Gibson guaranteed all loans and advances made by Fifth Third to Eastern Livestock Co., LLC, including full payment on the Promissory Note.

93.      Under the terms of the loan documents, Eastern Livestock has a revolving line of credit with Fifth Third that is secured by a security interest ("Security Interest") in, among other assets, Eastern Livestock's accounts, equipment, goods, cash, and accounts receivable (the "Eastern Livestock Collateral"). True and accurate copies of the Credit Agreement, Promissory Note, Security Agreement, and Guaranties are attached as Exhibits A, B, C, and D, respectively.

94.      The amount that Eastern Livestock may draw on its line of credit is based, in part, on the value of its accounts receivable, as evidenced by invoices representing bona fide sales of Eastern Livestock's inventory. Eastern Livestock's credit line has been fully extended up to $32.5 million.

15

95.    On October 18, 2010, the Promissory Note matured, and the entire balance of $32.5 million became due immediately to Fifth Third. Eastern Livestock has failed to repay those funds and is, therefore, in default on the note.

96.    Similarly, Thomas P. Gibson, Patsy Gibson, and John S. Gibson have failed to repay the balance on the Promissory Note and are, therefore, in default on their respective guaranties.

97.    Eastern Livestock also has accounts with Fifth Third that it uses for its day-to-day operations ("Operation Accounts"), as well as one or more accounts at other banks, including Your Community Bank in New Albany, Indiana.

98.    On approximately November 1, 2010, Fifth Third concluded an audit that disclosed that Eastern Livestock and others had engaged in a massive check-kiting scheme through which Eastern Livestock had stolen at least $13 million from Fifth Third in provisionally credited funds.

99.    Upon investigation, Fifth Third discovered that Eastern Livestock had a pattern of entering into numerous transactions with affiliated entities and that these transactions existed on paper only. On information and belief, these transactions were designed to create the impression of higher accounts receivable to induce Fifth Third to extend additional credit on the basis of these inflated accounts receivable.

100.    Fifth Third discovered that Eastern Livestock's reported sales for the fiscal year ending September 30, 2010, had increased to $3.9 billion, after reported sales of $1.3 billion just one year earlier. Further, $2.5 billion of the $2.6 billion reported sales increase was the result of transactions with affiliated companies. In other words, Eastern Livestock was buying and selling its own goods.

16

101.   By way of example, approximately $900 million of the increased sales were allegedly to Thomas P. Gibson, Eastern Livestock's principal and two-thirds owner. Another $487 million of the increased sales were allegedly to Willie Downs, the chief operating officer of Eastern Livestock's Lexington, Kentucky branch.

102.   Despite Fifth Third's inquiries of Eastern Livestock, no records to support these purported cattle sales have been produced. Indeed, after conducting a "ship test" in which Fifth Third sampled twenty-six invoices from Eastern Livestock's recent sales, no shipping documentation existed for any of those transactions.

103.   In addition, Eastern Livestock has a significant amount of uncollected funds from, and outstanding checks to, related entities. As of September 30, 2010, Eastern Livestock had $14.5 million in uncollected funds from its principal and owner, Thomas P. Gibson, and from G.P. Cattle Company, an affiliate of Eastern Livestock. Eastern Livestock also has outstanding checks to the same entities for roughly the same amount. Notably, the principals of several of the Recipient Defendants are also signers on Eastern Livestock's Operation Accounts with Fifth Third. Based on these transactions, Eastern Livestock has been moving funds between various accounts to create the illusion of account balances that do not exist.

104.   Eastern Livestock and its principals have also commingled personal and corporate funds. Eastern Livestock has deposited checks written from Thomas P. Gibson's account into Eastern Livestock's Operation Accounts. By way of example, on September 30, 2010 alone, checks from Gibson deposited into Eastern Livestock's Operation Accounts totaled $7.9 million. Similarly, funds have been withdrawn by Thomas P. Gibson from Eastern Livestock and deposited into his personal account at Your Community Bank. When asked about these checks, Eastern Livestock explained that they reflected "short term loans" from Thomas P. Gibson to

17

Eastern Livestock, but Eastern Livestock has provided no documentation to substantiate or memorialize any such loan.

105. Through its audit, Fifth Third also discovered a pattern in which Eastern Livestock Co., LLC has been sending approximately $20 million back and forth each day between its Operation Accounts and an account that Thomas P. Gibson held at Your Community Bank in New Albany, Indiana. The only apparent purpose of these transactions is to manipulate the communications lag between financial institutions, or float period, in order to create artificial balances from which Eastern Livestock could withdraw Fifth Third's real funds.

106. On November 2, 2010, Fifth Third placed a hold on Eastern Livestock's accounts and returned all checks drawn on its accounts. In the past few weeks, Fifth Third has returned deposited items of approximately $75 million to Your Community Bank. Your Community Bank has, likewise, returned tens of millions of dollars in checks drawn on Thomas P. Gibson's account at Your Community Bank for insufficient funds.

107. At the time that Fifth Third froze Eastern Livestock's accounts, its main account appeared to have a positive balance of approximately $40 million. That balance has since been revealed to be fictitious, as tens of millions in checks written on Your Community Bank have now been returned to Fifth Third by Your Community Bank for insufficient funds. Currently, Eastern Livestock's checking accounts at Fifth Third are overdrawn in the amount of $13 million.

108. Based on the foregoing facts, Fifth Third has identified at least two massive frauds that Eastern Livestock has perpetrated on Fifth Third. First, Eastern Livestock engaged in sham transactions to artificially inflate its accounts receivable, thereby inducing Fifth Third to extend it credit. Second, Eastern Livestock has perpetrated a check kite between Fifth Third and

18

its various other banks, removing millions of dollars in funds that were only provisionally credited to Eastern Livestock's Fifth Third account.

109.    Through its fraudulent check-kiting scheme, Eastern Livestock has wrongly deprived Fifth Third in an amount not less than $13 million, and likely much more.

110.    On Friday, November 5, 2010, Fifth Third representatives confronted Eastern Livestock's principal Thomas P. Gibson as to the apparent check-kiting scheme and to determine whether there were any legitimate funds in the accounts or any legitimate business reasons for the check transactions.  Eastern Livestock initially agreed to allow Fifth Third representatives to visit Eastern Livestock's offices on Monday, November 8, 2010, to review documents and discuss the matter with Eastern Livestock personnel.    Upon the arrival of Fifth Third representatives at Eastern Livestock's offices, however, Fifth Third representatives were turned away and directed to speak only with Eastern Livestock's legal counsel.   Eastern Livestock's counsel indicated that Eastern Livestock's personnel would not answer any of Fifth Third's questions.

111.    The full extent of Eastern Livestock's fraud is not yet known.   Fifth Third is currently continuing its investigation into Eastern Livestock's activities and will likely uncover additional misconduct.

112.    Upon information and belief, since at least November 1, 2010, Eastern Livestock has transferred substantial monies and other assets to the Recipient Defendants.  As a result, upon information and belief, Eastern Livestock and its principals have commingled Eastern Livestock and the Recipient Defendants' funds.

113.    Eastern Livestock engaged in these transfers in an effort to deplete its assets and place the transferred monies and assets beyond Fifth Third's reach.

114.   Neither Eastern Livestock nor the Recipient Defendants are entitled to Fifth Third's monies.

115.   Without continued injunctive relief and the continued receivership to monitor Eastern Livestock's continued business operations, Fifth Third will be irreparably harmed and will be left without a remedy.

### FIRST CLAIM FOR RELIEF
#### Conversion

116.   Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

117.   As set forth above, Eastern Livestock has engaged in a sophisticated check-kiting scheme to defraud Fifth Third of at least $13 million.  By artificially inflating its accounts receivable and writing checks to create the illusion of large account balances, Eastern Livestock induced Fifth Third to pay out many millions of dollars of real funds, which Eastern Livestock has retained, paid to other creditors, used to operate its business, or, upon information and belief, transferred to the Recipient Defendants.

118.   Neither Eastern Livestock nor the Recipient Defendants have any legal right to retain these monies.   Upon information and belief, Eastern Livestock and the Recipient Defendants have wrongfully exercised dominion and control over the stolen monies and have unlawfully retained and spent those amounts.

119.   Unless Eastern Livestock and the Recipient Defendants are ordered to return any and all monies misappropriated from Fifth Third and enjoined and restrained from further transferring or dissipating those monies, Fifth Third will suffer actual and irreparable harm for which it has no adequate remedy at law.

20

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment

120.    Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

121.    The Fifth Third monies misappropriated and retained and/or transferred by Eastern Livestock constitute a benefit to Eastern Livestock and/or the Recipient Defendants.

122.    By refusing to return the misappropriated funds, Eastern Livestock and the Recipient Defendants have been unjustly and inequitably enriched at Fifth Third's expense.

123.    Unless Eastern Livestock and the Recipient Defendants are directed to immediately transfer to Fifth Third all misappropriated monies and enjoined and restrained from further dissipating, transferring, assigning, or otherwise depleting those monies and property, Fifth Third will suffer actual and irreparable harm for which it has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Fraud

124.    Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

125.    As set forth above, Eastern Livestock intentionally deceived Fifth Third regarding the status of its business operations and the funds available in its accounts.  Specifically, Eastern Livestock concealed the nature of its dealings with affiliates, and represented that these transactions were actual sales when they were, in fact, sham transactions designed to inflate the alleged value of accounts receivables and other assets.

126.    Eastern Livestock's representations were false, were known to be false when made, and were made with the intention of misleading Fifth Third into relying upon them and transmitting monies to Eastern Livestock.

127.    Justifiably relying on Eastern Livestock's material misrepresentations, Fifth Third transmitted real funds to Eastern Livestock under the belief that Eastern Livestock had money in its accounts that would cover those payments.

128.    Eastern Livestock has no legal right to retain the approximately $4 million that it misappropriated from Fifth Third and has retained, paid to other creditors, or used to operate its business.

129.    Unless Eastern Livestock is ordered to return to Fifth Third any and all funds misappropriated from Fifth Third and enjoined and restrained from further transferring or dissipating those monies, Fifth Third will suffer actual and irreparable harm for which it has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### Fraudulent Conveyance – R.C. Chapter 1336

130.    Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

131.    Since at least November 1, 2010, Eastern Livestock has been aware of a potentially large claim that could arise in favor of Fifth Third and against Eastern Livestock.

132.    With actual intent to defraud Fifth Third and/or hinder or delay Fifth Third's recovery of the monies that Eastern Livestock converted, Eastern Livestock recently transferred monies to the Recipient Defendants.

133.    In the alternative, Eastern Livestock transferred the Fifth Third monies to the Recipient Defendants without receiving a reasonable value in exchange therefore.

134.    At the time Eastern Livestock transferred the Fifth Third monies to the Recipient Defendants, Eastern Livestock was engaged in a business in which its remaining assets were unreasonably small in relation to the business.

22

135.   At the time Eastern Livestock transferred the Fifth Third monies to the Recipient Defendants, Eastern Livestock intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

136.   As a result of Eastern Livestock's transfer of the Fifth Third monies to the Recipient Defendants, Fifth Third is entitled to judgment against Eastern Livestock and the Recipient Defendants and is entitled to the remedies provided in R.C. 1336.07, including, but not limited to, the avoidance of these transfers.

### FIFTH CLAIM FOR RELIEF
### Breach of the Credit Agreement

137.   Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

138.   Fifth Third has complied with all of its obligations under the Credit Agreement.

139.   Eastern Livestock defaulted on the terms of the Credit Agreement by virtue of its failure to make payment when the Promissory Note was due and by virtue of its check-kiting scheme and other fraudulent conduct and its conversion of Fifth Third's funds.

140.   By virtue of Eastern Livestock's default, Fifth Third has the right to and has declared the entire indebtedness under the Credit Agreement and other loan documents to be immediately due and payable.

141.   Fifth Third has suffered damages in an amount in excess of $32.5 million.

### SIXTH CLAIM FOR RELIEF
### Judgment on the Promissory Note

142.   Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

143. Fifth Third is the holder of the Promissory Note and has complied with all of its obligations thereunder.

144. Eastern Livestock defaulted on the terms of the Promissory Note by virtue of its failure to make payment when the note was due and by virtue of its check-kiting scheme and other fraudulent conduct and its conversion of Fifth Third's funds.

145. By virtue of Eastern Livestock's default, Fifth Third has the right to and has declared the entire indebtedness under the Promissory Note to be immediately due and payable.

146. Fifth Third has suffered damages in an amount in excess of $32.5 million.

## SEVENTH CLAIM FOR RELIEF
### Judgment on the Guaranties

147. Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

148. Fifth Third is the holder of the Guaranties and has complied with all of its obligations thereunder.

149. Thomas P. Gibson, Patsy Gibson, and John S. Gibson defaulted on the terms of the respective Guaranties by virtue of their failure to make payment on the Promissory Note.

150. Fifth Third has suffered damages in an amount in excess of $32.5 million.

## EIGHTH CLAIM FOR RELIEF
### Foreclosure of the Security Interest

151. Fifth Third hereby incorporates the allegations set forth in the paragraphs above, as if the same were fully rewritten herein.

152. Pursuant to the Security Interest, Fifth Third has the first and best security interest in and lien upon the Eastern Livestock Collateral.

24

153.   Pursuant to the Security Interest, upon default in the payment or performance of the indebtedness and obligations thereby secured and therein contained, Fifth Third may exercise the remedies available to a secured party under law or equity, including the Uniform Commercial Code.

154.   By reason of the default in the payment of the unpaid balance and accrued interest on the Promissory Note, Fifth Third is entitled to exercise the remedies available to a secured party under the Uniform Commercial Code, including, without limitation, foreclosure of the Security Interest, the sale of the Eastern Livestock Collateral, and the application of the proceeds of the sale to the payment of Fifth Third's claims.

## NINTH CLAIM FOR RELIEF
### Emergency Appointment of Receiver

155.   Fifth Third incorporates the foregoing allegations as if fully restated herein.

156.   Section 8 of the Security Agreement specifically provides for the appointment of a receiver in circumstances such as these:

> Moreover, Secured Party may, without notice to Debtor, apply for and have a receiver appointed under state or federal law by a court of competent jurisdiction in any action taken by Secured Party to enforce its rights and remedies under this Agreement and, as applicable, the other Loan Documents in order to manage, protect, preserve, and sell and otherwise dispose of all or any portion of the Collateral and/or continue the operation of the business of Debtor, and to collect all revenues and profits thereof and apply the same to the payment of all expenses and other charges of such receivership, including the compensation of the receiver, and to the payment of the Obligations until a sale or other disposition of such Collateral is finally made and consummated.

157.   The conditions of the Security Agreement have been broken by Eastern Livestock, and a receiver is necessary to possess, hold, manage, control, and protect Fifth Third's collateral.

25

158.    Fifth Third is, therefore, entitled to the appointment of a receiver as provided for in the Security Agreement.

## RELIEF REQUESTED

**WHEREFORE,** Fifth Third requests judgment in its favor, in addition to the relief requested in its Verified Complaint, as follows:

1.    That the Court continue the receivership that is in effect to oversee Eastern Livestock's business operations as provided under Fifth Third's Security Agreement with Eastern Livestock to protect Fifth Third's collateral that secures the loan to Eastern Livestock and to ensure that Eastern Livestock cannot continue its fraudulent check-kiting scheme and bank fraud;

2.    That the temporary restraining order continue until such time as a preliminary and permanent injunction be issued against Eastern Livestock, preventing it from accessing, dissipating, transferring, assigning, selling, or otherwise depleting the at least $13 million in Fifth Third funds misappropriated by Eastern Livestock;

3.    That a temporary restraining order and preliminary and permanent injunction be issued against Eastern Livestock forcing it to disburse to Fifth Third, or pay to the Clerk of the Court of Common Pleas or into an escrow account the Fifth Third monies misappropriated by Eastern Livestock;

4.    That a constructive trust be placed on the $13 million in Fifth Third funds misappropriated by Eastern Livestock, preventing Eastern Livestock from accessing, dissipating, transferring, assigning, or otherwise depleting those funds or any real or personal property purchased therewith;

5.    That Fifth Third be awarded judgment for Eastern Livestock's theft in an amount not less than $13 million for that theft, plus attorney fees, costs and all other sums which become known to Fifth Third through the course of this action;

6.    That Fifth Third be awarded judgment against the Recipient Defendants in the amount to be proven at trial but in excess of this Court's jurisdictional threshold amount;

7.    That Fifth Third be awarded judgment for Eastern Livestock's breach of the Credit Agreement and Promissory Note in an amount in excess of $32.5 million, plus interest and attorneys' fees, court costs, and other costs incurred by Fifth Third in enforcing payment of the Credit Agreement and the Promissory Note;

8.    That Fifth Third be awarded judgment for Thomas P. Gibson, Patsy Gibson, and John S. Gibson's breach of the respective Guaranties in an amount in excess of $32.5 million, plus interest and attorneys' fees, court costs, and other costs incurred by Fifth Third in enforcing payment of the Guaranties;

9.    That Fifth Third be awarded all of the remedies provided in R.C. 1336.07, including, but not limited to, the avoidance of Eastern Livestock's transfers of the Fifth Third monies to the Recipient Defendants;

10.    That the Security Interest be declared a valid and subsisting first and best security interest in and lien upon the Eastern Livestock Collateral; that the Security Interest be foreclosed; that the equity of redemption of all defendants be forever cut off, barred, and foreclosed; that the Eastern Livestock Collateral be sold upon execution in accordance with law; that all defendants be required to set forth any claim, lien, or interest which they may have in the Eastern Livestock Collateral or be forever barred therefrom; and that, upon the sale of the Eastern Livestock

27

Collateral, the proceeds thereof be paid to Fifth Third to satisfy the indebtedness to Fifth Third; and

11.    That the Court award such other and further relief, including but not limited to damages, costs, prejudgment and post judgment interest and attorney's fees, as is proper.

Respectfully submitted,

Victor A. Walton, Jr. (0055241)
Eric W. Richardson (0066530)
Kent A. Britt (0068182)
Joshua N. Stine (0076744)
Vorys, Sater, Seymour and Pease LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 723-4000
Fax: (513) 723-4056
Email: vawalton@vorys.com
    ewrichardson@vorys.com
    kabritt@vorys.com
    jnstine@vorys.com

**Trial Attorneys for Plaintiff, Fifth Third Bank**

## INSTRUCTIONS TO CLERK

Please serve by certified U.S. mail, return receipt requested, a copy of the Summons and Amended Complaint upon the Defendants at the addresses listed in the caption.

Joshua N. Stine

28

11/9/10

**COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO**

FILED

FIFTH THIRD BANK               :
                               :        2010 NOV -9 | A 4: 43
     Plaintiff,                :        A 1 0 1 0 2 6 7
                               :        Case No. _____
                               :        CLERK OF COURTS
                               :        CRIMINAL TRAFFIC DIV
                               :        HAMILTON COUNTY OHIO
v.                             :        Judge  ROBERT WINKLER
                               :
EASTERN LIVESTOCK CO., LLC, et al. :
                               :        ┌─────────────────┐
     Defendants.               :        │   E N T E R E D │
                               :        │   NOV 1 0 2010  │
                                        └─────────────────┘

---

### ORDER FOR THE IMMEDIATE APPOINTMENT OF RECEIVER

Upon motion of plaintiff, Fifth Third Bank ("Fifth Third" or "Plaintiff"), for the Appointment of Receiver (the "Motion"), which included a request for the immediate appointment of a receiver for all of the personal property, general intangibles, and other assets of defendant Eastern Livestock Co., LLC ("Eastern Livestock") of whatever kind or nature, and the Court having considered the motion, and being duly advised in the premises, the Court now finds as follows:

A.     Fifth Third filed a Verified Complaint for conversion, unjust enrichment, fraud, preliminary and permanent injunctive relief, and emergency appointment of a receiver against Eastern Livestock, among others, on November 9, 2010.

B.     Eastern Livestock is in default of its obligations to Fifth Third and is at great risk of insolvency.

C.     Eastern Livestock is indebted to Fifth Third in an amount in excess of $32,500,000.00 under the parties' Credit Agreement and Eastern Livestock's Eleventh Amended and Restated Revolving Credit Promissory Note to Fifth Third.

D90816469

D.    Fifth Third has a security interest in all of Eastern Livestock's assets and property, real and personal, tangible and intangible, including but not limited to, all of Eastern Livestock's Accounts, Inventory, Equipment, Investment Property, and General Intangibles as defined under Fifth Third's Security Agreement with Eastern Livestock.

E.    Pursuant to Eastern Livestock's Credit Agreement and Eleventh Amended and Restated Revolving Credit Promissory Note with Fifth Third, Eastern Livestock has expressly consented to this Court's jurisdiction.

F.    Fifth Third has provided to Defendants of its intend to the seek the appointment of a receiver and served a copy of the motion for appointment of receiver on Defendants' counsel by email.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1.    Elizabeth M. Lynch of Development Specialists, Inc. (the "Receiver") is hereby appointed receiver for all of the real and personal property, general intangibles, and all other assets of Eastern Livestock of whatever kind or nature, and the Receiver shall have all authority and power of a receiver under Ohio law and as ordered by this Court.

2.    The Receiver shall take immediate possession, control, management, operation and charge of Eastern Livestock's businesses. Pursuant to Ohio Revised Code Section 2735.04 and under the control of this Court, the Receiver shall have all authority and power of a receiver under Ohio law, including the following powers and duties:

a)    The Receiver shall take immediate possession, control, management, and charge of Eastern Livestock's accounting books and records of whatever nature and wherever located, in the possession of Eastern Livestock or any other person or entity, including all information regarding the assets, liabilities, equity, income, and expenses of Eastern Livestock.

-2-

The Receiver shall take immediate possession, control, management, and charge of all of Eastern

Livestock's financial statements, ledgers and journals, balance sheets, trial balances, statements

of cash flows, income statements, statements of retained earnings, accounting journals and books

of original entry, including, but not limited to, (1) accounts receivable agings and any other

documentation which indicate the amounts owing from customers on accounts receivable and

from whom such amounts are or were owing and when any amounts were collected and

deposited, and the use, application or disposition thereof; (2) fixed asset ledgers, schedules or

records documentation and/or appraisals of Eastern Livestock's equipment, inventory,

furnishings, and supplies; (3) inventory listings or other detail; (4) all lists, schedules or records

pertaining to Eastern Livestock's stocks, bonds, shares or interests in any mutual fund,

proprietorship, general or limited partnership, or corporation, all notes or other instruments

owing to Eastern Livestock; and information regarding any other intangibles of Eastern

Livestock; (5) all information and documentation which relates or pertains to any checking,

saving, banking and money management accounts of any kind or nature of Eastern Livestock, or

into which any proceeds of the collection or sale of any asset (including accounts receivable) of

Eastern Livestock has been deposited; (6) all accounts payable and receivable documentation and

information and all correspondence or written documents regarding negotiations with current

accounts or proposed accounts; (7) all information of whatever type or nature, regarding the

payroll and benefits of the owners, management, officers and employees of Eastern Livestock,

including wage or salary information, expense reimbursement information, medical insurance

information, or other employee deductions withheld or to be withheld, and all information

regarding the trust fund or withholding taxes whether federal, state, or local and any information

regarding any and all of the employer matching obligations or the employer payroll tax

-3-

obligations; (8) all information and documentation of any asset transfers by Eastern Livestock in the past four years; (9) all information and documentation regarding the federal, state and local tax liabilities of Eastern Livestock, including any and all federal, state and local tax returns filed or unfiled, and any documents generated during the preparation and filing of tax returns; (10) all contracts (including, without limitation, insurance policies) and leases to which Eastern Livestock is a party or has been a party; (11) all information and documentation of any other financial transaction or interest in and to any asset of Eastern Livestock which may be necessary or pertinent to the Receiver's operation and management of Eastern Livestock's assets; and (12) any documentation that relates or pertains to Eastern Livestock and is kept in the ordinary course of its business in connection with the record-keeping or accounting.  The information described in this subparagraph shall hereinafter be referred to as the "Books and Records."

b)    The Receiver shall take immediate possession, control, management and charge of all assets and property of Eastern Livestock of whatever nature or kind (the "Property"), consisting of all personal property and all real property (including leasehold interests) and all cash or cash equivalents including, but not limited to, rights, title and interest in and to all bank accounts of Eastern Livestock, all interests under insurance policies and proceeds thereof, all accounts and notes receivable, all inventory of any type or nature, all furniture, fixtures, equipment, tooling, computers (hardware and software), and all general intangibles of Eastern Livestock, all claims, choses in action and causes of action, including, but not limited to, avoidance actions for transfers of any of the assets of Eastern Livestock for less than equivalent value or other improper transfers against the transferees of those assets, and any other asset or interest owned by Eastern Livestock or in which Eastern Livestock asserts an interest which has

-4-

any value, and the Books and Records and the Property are hereby placed in *custodia legis* and are subject to the exclusive jurisdiction of this Court.

      c)    The Receiver shall have the authority to operate and manage the business of Eastern Livestock as he deems prudent in her sole discretion throughout this litigation, subject any applicable regulations or laws, such as The Packers and Stockyards Act of 1921 (7 U.S.C. §§ 181-229b, the Livestock Mandatory Reporting Act of 1999, and any amendments to this acts, and further order of this Court. The Receiver shall preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property.

      d)    The Receiver is authorized to collect all profits, rents, proceeds and revenues of any nature whatsoever generated from the Property and/or the business operations of Eastern Livestock (including, without limitation, insurance proceeds) and to pay all necessary expenses including the reasonable and necessary expenses of the receivership relating to said operations, as he deems prudent in her sole discretion.

      e)    The Receiver shall have the authority to maintain or purchase insurance from any agent or carrier, of any type reasonably necessary or desirable, on all the Property, subject to maintaining adequate coverage appropriately assigned to Fifth Third and naming Fifth Third as a loss payee thereof.

      f)    The Receiver is authorized to establish or maintain one or more bank accounts in the Receiver's name for her operations as Receiver in this matter at any federally insured bank with offices in Ohio. The Receiver shall keep a true and accurate account of any and all receipts and disbursements which the Receiver shall receive or make as Receiver in the course of the operation of Eastern Livestock's business.

g)    Subject to the terms of this Order, the Receiver is authorized to negotiate and effect an orderly sale, transfer, or assignment of all or a portion of any of the Property (including collection of accounts receivable and proceeds of available insurance) in or outside of the ordinary course of business of Eastern Livestock or of all or a portion of Eastern Livestock's business as a going concern and, from the proceeds thereof, to pay the secured and unsecured indebtedness of Eastern Livestock, including indebtedness which arises during the course of the Receiver's operation of Eastern Livestock's business, in accordance with the respective priorities of such obligations.  The Receiver is authorized to conduct such a sale of the Property (or undertake such collection) in any manner which he, in her good faith and reasonable discretion, believes will maximize the proceeds received from the sale (or collection) including, without limitation, by conducting a secured party sale in conjunction with Fifth Third and/or by retaining the services of an auctioneer.

h)    Any sale of Property consummated by the Receiver pursuant to the authority granted by this Order shall be free and clear of all liens, claims and interests of any nature or kind with such liens, claims or interests, if any, attaching to the proceeds of sale.  Upon receipt of sale proceeds, the Receiver shall be authorized, without further order of this Court, to disburse such proceeds to those entities having valid liens on the Property sold, in accordance with the priority of such liens.  In the event there is a dispute regarding such lien priorities or if the Receiver is unable to determine the holders and/or priority of such liens, then so much of the sale proceeds that are subject to dispute shall be retained in escrow by the Receiver pending the further order of this Court.

i)    Any sale of Property (unless the proceeds thereof will satisfy Eastern Livestock's obligations to Fifth Third in full), outside the ordinary course of Eastern Livestock's

-6-

business during the operation thereof by the Receiver under this Order, shall be subject to the prior approval of Fifth Third.

        j)     The Receiver is authorized to institute, prosecute, or intervene in any lawsuit, summary proceeding or investigation against any other person(s) or entity(ies) to preserve and/or maximize the value of the Property or to obtain possession of any of the Property unlawfully in the possession of third parties. Pursuant to Ohio law and to the Barton Doctrine,[1] no action may be commenced or maintained against the Receiver without Leave of this Court being first obtained.

        k)     The Receiver is authorized but not required to defend actions against Eastern Livestock and may incur expenses to defend such actions to the extent that he believes, in her sole discretion, that it will protect and preserve the Property.

        l)     The Receiver is authorized but not required to perform pursuant to the terms of any existing contracts (including leases) executed by Eastern Livestock in connection with Eastern Livestock's businesses or to reject such contracts (or leases) to the extent that the Receiver determines, in her sole discretion, that such performance or rejection will preserve and maximize the value of the Property.

        m)     The Receiver is authorized to negotiate with any and all interested person(s) concerning the use, assignment, sale, collection, or lease of any of the Property.

        n)     The Receiver shall be compensated based upon her normal billing rate of $375.00 per hour. The Receiver shall be reimbursed for all reasonable and necessary out of pocket costs and expenses. With respect to seeking compensation and reimbursement of costs and expenses for the Receiver, her agents or legal counsel, the Receiver shall describe such

---

[1] *See* Barton v. Barbour, 104 U.S. 126, 129 (1881).

compensation, expenses and reimbursements in applications which will be submitted to the Court for approval prior to payment.

o) The Receiver is authorized to employ any assistants, servants, agents, counsel or other persons deemed necessary or desirable to assist the Receiver in diligently executing the duties imposed upon the Receiver by this Order and Ohio law.

p) The Receiver is hereby authorized to take any and all actions, not specifically enumerated herein, which are necessary to properly and adequately manage, control, operate, maintain and protect the business operations and assets of Eastern Livestock during the pendency of this action.

q) The Receiver shall file with this Court and serve on all parties a monthly report summarizing its expenses and revenues. The Receiver and its counsel shall also file on a monthly basis applications specifically itemizing all of their respective fee charges and expenses. Such report of expenses and revenues and such fee applications shall be filed within twenty days of the end of each month and shall be served on all parties to this action together with a notice providing for a twenty-day period for objections and the opportunity for a hearing in the event that a timely objection is filed, and further providing that unless a timely objection is filed, such report and fee applications shall be deemed approved by this Court and all parties, and the Receiver shall then be authorized to pay itself and its counsel from funds of the receivership estate. It is understood that this Court may, *sua sponte*, schedule a hearing on any such report or fee application.

3. Notwithstanding the foregoing, the Receiver and the Receivership estate shall not be liable for the payment of taxes, assessments or utility charges pre-dating the date of this Order. Any individual or entity receiving a copy of this Order is hereby enjoined and

-8-

restrained from discontinuing service to the Receiver or the Receivership estate based upon the non-payment of such taxes or utilities prior to the date of this Order and from attempting to collect taxes and utility charges from the Receiver pre-dating the date of this Order.

4.      Eastern Livestock and any persons, firms or entities acting under the direction of Eastern Livestock, and any third parties, persons, firms or entities, shall, upon presentation of a copy of this Order, identify the location of and deliver to the Receiver, any and all receivership property, both the Books and Records and the Property, in the possession or under the control of such parties; and all persons are enjoined and restrained (a) from payment of any amounts owing to Eastern Livestock to anyone other than the Receiver and (b) from in any way disturbing or interfering with the collection, management or sale of any of the Property.

5.      All creditors, claimants, bodies politic, parties in interest, and their respective attorneys, servants, agents, and employees, and all other persons, firms, and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against Eastern Livestock or its Books and Records or Property, or against the Receiver in any court. The parties are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of Eastern Livestock or the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of her duties in these proceedings, or with the exclusive jurisdiction of this Court over Eastern Livestock, its Books and Records and Property and the

said Receiver. Eastern Livestock and its agents and employees, and any other party shall immediately turn over to the Receiver any and all Books and Records and Property.

   6.  Eastern Livestock and its agents and employees, and any other party shall immediately turn over to the Receiver, all sums in existence on the date hereof that are related or pertain to, or derived from the Property, including, but not limited to (a) all cash on hand; (b) all cash equivalents and negotiable instruments (such as checks, notes, drafts or other related documents or instruments); and (c) all sums held in accounts in any financial institutions, including but not limited to, all sums of any kind relating to the use, enjoyment, possession, improvement or occupancy of all or any portion of the Property.

   7.  Except as directed by the Receiver, Eastern Livestock, its affiliates, agents, officers, directors, shareholders, members, employees, representatives or creditors, and all other persons or entities, are hereby prohibited from undertaking any act for or on behalf of Eastern Livestock, interfering in any way with the acts of the Receiver, and from in any way, manner or means, wasting, disposing of, transferring, selling, assigning, pledging, canceling, concealing, interfering with, or hypothecating any of the Books and Records or the Property. Upon the request of the Receiver, the foregoing persons and entities shall cooperate and affirmatively assist the Receiver in making available to the Receiver or her agents, the Books and Records and the Property. Nothing in this paragraph shall be construed to require a waiver of any attorney-client privilege.

   8.  The Receiver, and her agents, including her counsel and any accountants that are appointed by the Court, shall be entitled to reasonable compensation for services rendered and reimbursement for expenses (a) related to the Receiver's duties, rights, and obligations under this Order or any future orders of the Court and applicable law; (b) related to

the administration, management, protection or liquidation of the Property; or (c) related to the defense or prosecution of any claim or suit brought against the Receiver or by the Receiver against any person or entity. Such compensation of the Receiver and her agents, her counsel and her accountants shall be reviewed by the Court and awarded from the Receivership estate and/or pursuant to Ohio Revised Code Section 2333.27.

9.    The Receiver shall have full and unrestricted access to all of the Property, and Eastern Livestock and its officers, directors, shareholders, employees and agents, and any other party are directed to take all steps necessary to give the Receiver access to the premises and to give the Receiver all keys to the facilities.

10.    In carrying out the duties as set forth herein, the Receiver is entitled to act in the exercise of her own sound business judgment as he deems appropriate within her sole discretion. The Receiver shall not be liable for any action taken or not taken by him in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by the willful misconduct or gross negligence on the part of the Receiver.

11.    Nothing in this Order shall be read or interpreted as requiring Fifth Third, and its successors and assigns, to continue to extend credit to Eastern Livestock, and Fifth Third, and its successors and assigns, shall continue to have all rights and remedies to which it is entitled under its agreements with Eastern Livestock and pursuant to Ohio law, subject to the terms of this Order. Additionally, the Receiver may enter into borrowing transactions with Fifth Third (if Fifth Third so permits) on such terms and in such amounts as are necessary in the Receiver's judgment to continue operating or liquidating Eastern Livestock, and; such terms and conditions shall provide that Fifth Third retains a first and best lien and priority upon all the

-11-

assets of Eastern Livestock and that any Receiver borrowing, without need for further action, is immediately secured, in favor of Fifth Third, by all of the Property.

       12.    The Receiver may, from time to time, make payments to Fifth Third, and its successors and assigns, from realization of its collateral, including, but not limited to collection of accounts receivable and insurance proceeds and sale of the real and personal property in which Fifth Third, and its successors and assigns, has a perfected mortgage and/or security interest, provided however, that no sale of the Fifth Third collateral shall take place without the express consent and authorization of Fifth Third, and its successors and assigns.

       13.    The Bond of the Receiver is set at $ _5000.00_.

       14.    This Order shall be effective immediately upon entry.

       15.    The terms of this Order shall continue in full force and effect unless and until further order of this Court.

       16.    The Receiver shall serve a copy of this Order upon defendant, Eastern Livestock Co., LLC, by facsimile, by overnight mail delivery, or by any other method authorized by the Ohio Rules of Civil Procedure at 135 West Market Street, New Albany, IN 47150.

IT IS SO ORDERED.

11/9/10
_____
Date

Robert Winkler
_____
Judge

-12-