IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

IN RE:

EASTERN LIVESTOCK CO., LLC,

        Alleged Debtor.

Case No. 10-93904-BHL-11

Chapter 11

## EMERGENCY MOTION BY STATE COURT RECEIVER FOR ORDER APPROVING PROTOCOL FOR DISPOSITION OF PROCEEDS OF CATTLE SALES

The State Court-Appointed Receiver for the above-captioned Alleged Debtor, Elizabeth Lynch (the "Receiver"), hereby respectfully moves, on an emergency basis, this Court for an Order approving protocol for the disposition of proceeds of cattle sales on behalf of the estate of the Alleged Debtor, Eastern Livestock Co., LLC. In support of this Motion, the Receiver respectfully states as follows:

## BACKGROUND

1. A full background of the state court proceedings is detailed in the Verified Complaint, the Temporary Restraining Order, and the Order for the Immediate Appointment of a Receiver (the "Receivership Order"), attached collectively to as Exhibit A, and incorporated herein.

2. Since being appointed Receiver on November 9, the Receiver has administered the Receivership Estate, as defined in the Receivership Order. The Receiver, her agents and representatives have expended significant time and energy to, *inter alia*, identify inventory, collect receivables, and otherwise attempt to maximize the potential recovery for the creditors of Eastern Livestock Co., LLC (the "Alleged Debtor").

3. Having discovered the location of certain cattle owned by Eastern Livestock, the Receiver is now able to liquidate some of Eastern Livestock's inventory by selling cattle. Because the Alleged Debtor was one of the largest cattle brokers in the country, the Receivership

proceedings and this involuntary bankruptcy proceeding have generated significant interest and attention throughout the cattle industry.

### RELIEF REQUESTED

4.  The Receiver specifically requests that the Hamilton County Court of Common Pleas Receivership Order of November 9, 2010 be recognized by this Court pending entry of an Order for Relief and/or entry of any further Order of this Court appointing a Trustee or other responsible officer of the Alleged Debtor.

5.  The Receiver further requests that this Court authorize the Receiver to liquidate and sell the Alleged Debtor's cattle and deduct from the gross sale proceeds relating to a particular sale at a livestock market the following costs of sale: any applicable commission; cattle feed/yardage at the market; federal and state beef check off fee; livestock insurance; veterinarian inspection fees; expenses necessary to maintain the health and reasonable market value of the cattle; any freight or transportation costs for hauling livestock to the market, if applicable; and any reasonable feed/veterinary charges for the care of the livestock (typically referred to as agister fees).

6.  After deducting the costs of sale from a particular sale, set forth in the preceding paragraph, and as set forth in, and consistent with, Section 2(h) of the Receivership Order, the Receiver shall then deposit any remaining net sale proceeds from all sales into the Receiver's bank account, pending further order from this Court.

7.  The foregoing provisions regarding disposition of sale proceeds will enable the Receiver to sell cattle from the Alleged Debtor's inventory in an orderly fashion, and, thus, maximize the potential recovery to the Alleged Debtor's creditors. Furthermore, by having an explicit process in place approved by this Court, the cattle industry will become more confident, thereby allowing sales to return to normalcy, and provide assurance to the producers and vendors

who are currently providing care and transportation to the cattle that they will be paid for their services. Thus, the requested relief is in the best interest of the bankruptcy estate.

8. The foregoing protocol will maximize the potential recovery to creditors and provide additional certainty and consistency to the cattle industry, which will free-up a number of sales currently stalled merely by uncertainty, which in turn will prevent some third party creditors from incurring otherwise preventable damages.

9. The Receiver is confronted with opportunities to sell cattle from the Alleged Debtor's inventory on a daily basis. These sales obviously involve living animals which must be cared for and fed. Accordingly, because of the urgent nature in which the Receiver is confronted with these issues, and because of the widespread publicity the Receivership and this involuntary chapter 11 case have received throughout the cattle industry, the Receiver requests this Court issue the requested relief on an expedited basis.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Receiver respectfully asks the Court to enter an Order, substantially in the form attached hereto as Exhibit B, and granting such other relief as it deems just and proper.

Dated: December 6, 2010

Respectfully submitted,

DINSMORE & SHOHL LLP

/s/ *Jeremy S. Rogers*
Jeremy S. Rogers (IN # 24670 10)
1400 PNC Plaza
500 W. Jefferson St.
Louisville, KY 40202
Phone: (502) 540-2384

Kim Martin Lewis (OH #0043533)
Tim J. Robinson (OH #0046668)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202

3

Telephone: (513) 977-8200
Facsimile: (513) 977-8141
kim.lewis@dinslaw.com
tim.robinson@dinslaw.com

Counsel for Receiver

5

## CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2010, a copy of the foregoing Emergency Motion of the State Court-Appointed Receiver for an Order Approving Protocol for Disposition of Proceeds of Cattle Sales was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ *Jeremy S. Rogers*
Counsel for Receiver