IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| ) | Chapter 11 |
| ) | |
| Debtor ) | |
| ) | |

**EMERGENCY MOTION UNDER 11 USC §§ 303(f) AND (g), 105 AND 1104(a) FOR AN ORDER APPOINTING AN INTERIM TRUSTEE AND AUTHORIZING AND DIRECTING INTERIM TRUSTEE TO OPERATE DEBTOR'S BUSINESS**

Petitioning creditors David L. Rings, Southeast Livestock Exchange, LLC, and Moseley Cattle Auction LLC (collectively, the "Movants") by and through counsel, jointly move (the "Motion") this Court to enter an order, under 11 USC §§ 303(f) and (g), 105 and 1114(a): (1) appointing an interim trustee; and (2) authorizing and directing the interim trustee to operate Eastern Livestock Co., LLC's (the "Debtor") business. In support of the Motion, the Movants hereby state as follows:

**PRELIMINARY STATEMENT**

1. The Motion and the involuntary chapter 11 petition (the "Involuntary Petition") and the Emergency Motion Under USC §§ 105, 303, 363 and 543 for an Order Permitting the Current Receiver to act as a Custodian to Continue to Administer Property and Prohibiting Debtor's Management from Exercising Any Rights Related to the Property, filed contemporaneously herewith, are made in response to Debtor's alleged unlawful and fraudulent conduct undertaken for its own benefit and to the detriment of Movants. The Motion is filed

1

pursuant to 11 USC §§ 303(f) and (g), 105 and 1104(a), and is based, upon information and belief, among other things:

(1) The Debtor's issuance of between $81,000,000 and $130,000,000 of bad checks;

(2) The U.S. Department of Agriculture ("USDA") and USDA's Grain Inspection, Packers and Stockyards Administration ("GIPSA") investigation of the Debtor for violations of the Packers and Stockyards Act;

(3) The Declarations of David L. Rings ("Rings Declaration"), John F. Moseley, III of Moseley Cattle Auction LLC ("Moseley Declaration") and John M. Queen, III of Southeast Livestock Exchange, LLC ("Queen Declaration", and together with the Rings and Moseley Declarations, the "Creditor Declarations");

(4) Verified and Amended Complaints filed on November 9, 2010 and November 19, 2010, respectively, (the "Complaints") against the Debtor in case styled, *Fifth Third Bank v. Eastern Livestock Co., LLC*, Case No. A1010267, Court of Common Pleas, Hamilton County, Ohio (the "Ohio Litigation"); and

(5) the Order for the Immediate Appointment of Receiver, entered by the Honorable Robert Winkler on November 9, 2010 in the Ohio Litigation (the "Receiver Order"). The Complaints and the Receiver Order are incorporated herein by reference and jointly attached hereto as Exhibit A. The Creditor Declarations are attached hereto as Exhibit B.

## JURISDICTION AND VENUE

2. As of the filing of the Motion, no order for relief has been entered in the Debtor's case. The Receiver appointed by the Receiver Order in the Ohio Litigation is in possession of Debtor's property.

3. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a)(b)(1) and 1334(b) and the standing order of reference of the United States District Court for the Southern District of Indiana, dated July 11, 1984. The statutory predicates for the relief sought are

sections 303(f) and (g), 105 and 1104(a) of title 11 of the United States Code (the "Bankruptcy Code").

4.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## FACTUAL BACKGROUND

5.    On November 3, 2010, a livestock seller complained to GIPSA that a payment check received for livestock sold to the Debtor had been returned due to insufficient funds. GIPSA Release #96-10 (November 22, 2010) ("GIPSA Statement") *See* attached "Exhibit C"

6.    On November 4, 2010, GIPSA deployed investigators to the Debtor's headquarters to investigate the original and subsequent complaints of failure to pay for livestock. GIPSA also began deploying rapid response teams to markets nationwide that could be impacted by the Debtor's "financial failure." The Agency also began issuing letters to unpaid sellers encouraging affected producers to submit bond claims. As of November 17, 2010, GIPSA issued 743 letters. *See* GIPSA Statement.

7.    On November 10, 2010, Capital Indemnity Corporation served notice on the Debtor, cancelling the Debtor's surety bond for $875,000 effective December 30, 2010.

8.    On Friday November 19, 2010, GIPSA filed an administrative complaint charging Eastern Livestock Company, LLC, and Tommy P. Gibson, one of its principals, with:

    (a)    Failure to pay for livestock purchases;

3

    (b)    Failure to pay timely for livestock purchases; and

    (c)    Failure to maintain an adequate bond.

    9.    The Debtor is one of the largest cattle brokerage companies in the United States, with operations in 11 states across the Mid-South, Midwest, and West. *See* GIPSA Statement.

    10.    GIPSA currently estimates that the Debtor owes more than $130 million to 743 sellers in 30 states. As of November 22, 2010 GIPSA had documented $81 million in returned checks and is currently onsite at the Debtor's headquarters assessing the situation, investigation possible violations of the Packers and Stockyards Act, and working to ensure that all available protections are afforded to producers. *See* GIPSA Statement.

    11.    A detailed relevant factual background leading to the commencement of the Complaints and the Receiver Order is set forth in Exhibit A.

    12.    The Debtor has not yet answered the Complaints in the Ohio Litigation or contested the Receiver Order.

## RELIEF REQUESTED

    13.    In the present case, the Movants seek the immediate appointment of an <u>interim trustee</u> before an order of relief and the appointing of a permanent Trustee. As Elizabeth M. Lynch of Development Specialists, Inc. ("DSI") was appointed as the receiver ("Receiver") for the Debtor pursuant to the Receiver Order in the Ohio Litigation, and Patrick O'Malley of DSI who has been appointed as a trustee in other bankruptcy cases, has worked with the Receiver on this engagement ("O'Malley"), the Movants respectfully request that the U.S. Trustee's Office

appoint either the Receiver or O'Malley[1] as the interim trustee in Debtor's involuntary bankruptcy case.

14. Debtor's massive issuance of insufficient fund checks, the apparent collapse of its management (as demonstrated by its apparent refusal to contest either the Complaints or Receiver Order) as well as the governmental civil and criminal investigation of the Debtor's activities pose a threat to the interests of the Movants and all other Creditors and are severely hindering the Movants' efforts to make recovery of their claims. Due to the nature of the cattle industry, all parties in this business are exposed in an involuntary bankruptcy unless a trustee is appointed. Therefore, the requested extraordinary relief of the appointment of an interim trustee requested herein is necessary in order to preserve Debtor's assets for the benefit of the Movants and all other creditors and parties in interest.

15. By this Motion, the Movants seek entry of an order, substantially in the form attached as <u>Exhibit D</u>: (1) appointing an interim trustee; and (2) authorizing and directing the interim trustee to operate Debtor's business: (a) to ensure that any and all transactions are conducted in the ordinary course of business on an arms-length basis and on commercially reasonable terms; (b) to ensure that the day-to-day management of the Debtor is conducted in the ordinary course of business, on an arms-length basis and on commercially reasonable terms, including the monitoring and administering of all business relationships; (c) preserve, protect and administer assets of the Debtor in an independent manner consistent with the best interest of the

---

[1] As O'Malley has been previously approved as a bankruptcy trustee, and qualified for that position under the U.S. Trustee program guidelines, the U.S. Trustee review process for appointing a Trustee will be greatly shortened.

5

Debtor and its creditors; and (d) take such other actions as are commercially reasonable to preserve the property of the estate or prevent loss to the estate.

## LEGAL ANALYSIS

### The Appointment of an Interim Trustee For Debtor's Estate Is Appropriate Under 11 USC §§ 303(g), 105(a) and 1104(a)

16. Section 303(g) of the Bankruptcy Code authorizes a bankruptcy court to order appointment of an interim trustee in order to preserve the assets of a debtor's estate pending a hearing on the involuntary petition. Section 303(g) provides.

> [a]t any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in this case, the court on request of a part in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

11 U.S.C. § 303(g).

17. While, by its terms, Section 303(g) refers only to appointment of interim trustees in involuntary chapter 7 cases and does not expressly provide for the use of that provision in the chapter 11 involuntary petitions, both courts *In re Professional Accountants Referral Services, Inc.* 142 BR 424 (Banks D. Cal;. 1992); *In re St. Louis Globe-Democrat, Inc.,* 63 B.R. 131 (Banks. S.D. Cal. 1981) and the leading bankruptcy treatise, Colliers on Bankruptcy[2] have stated that interim trustees can be appointed in involuntary chapter 11 cases. Further, both sections

---

[2] Collier on Bankruptcy ¶ 303.29 (2010)

6

1105(a) and 1104(a) of the Bankruptcy Code, authorize bankruptcy courts to appoint interim trustees in chapter 11 involuntary cases such as this one.

18.   Courts have appointed interim trustees prior to the entry of an order for relief[3] where it is necessary to preserve the assets of the estate for the debtor's creditors. *See In re Grist*, 16 B.R. 872, 872 (S.D. Fla. 1982) (interim trustee appointed); *In re James Plaza Joint Venture*, 62 B.R. 959, 960 (Bankr. S.D. Tex. 1986) (interim trustee appointed when partnership's only asset was $150,000 on deposit and petitioning creditors were concerned that $150,000 would be disposed of, distributed, or dissipated prior to the time that trial could be held on merits of involuntary petition). Here, although an Ohio receivership has been established, that receivership has limited jurisdiction and powers and cannot fully administer or protect the Debtor's assets for the benefit of all Creditors.

19.   Section 1104(a), *inter alia,* provides that: "a court shall order the appointment of a chapter 11 trustee (a) for cause, including fraud, dishonesty, incompetence, gross mismanagement of the affairs of the debtor by current management either before or after the commencement of the case, or (2) if such appointment is in the interest of creditors and other interests of the estate. 11 U.S.C. §1104(a).

20.   Under 11 U.S.C. § 1104, a bankruptcy court is required to order the appointment of a trustee where "cause" exists. Subsection (a)(1) identifies examples of "cause" as including fraud, dishonesty, incompetence and gross mismanagement. However, this list is nonexhaustive.

7

*See, e.g., In re Bellevue Place Associates*, 171 B.R. 615, 623 (Bankr. N.D. Ill. 1994); *In re Madison Management Group, Inc.*, 137 B.R. 275, 281 (Bankr. N.D. Ill. 1992); *see also In re V. Salvino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) ("grounds for appointing a reorganization trustee are not even limited to the derelictions specifically enumerated"). A determination of cause, therefore, is within the discretion of the court and due consideration must be given to the various interests involved in the bankruptcy proceeding. *Id.* at 241; *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.*, 828 F.2d 239, 240 (4th Cir.1987) (*citing In re General Oil Distributors, Inc.*, 42 B.R. 402 (Bankr.E.D.N.Y.1984)).

21.     The Court has wide discretion under subsection (a)(2). Section 1104(a)(2) sets forth a flexible standard for appointment of a trustee even when no cause exists. Under this subsection, the Court is required to appoint a trustee when doing so is in "the interests of the creditors, equity security holders and other interests of the estate." *See, e.g., Committee of Dalkon Shield Claimants*, 828 F.2d at 240; *see also V. Salvino Oil & Heating*, 99 B.R. at 526 n. 11 ("factors constituting a basis for appointment a trustee under § 1104(a)(2) are amorphous, diverse and necessarily involve a great deal of judicial discretion"). "It seems that § 1104(a)(2) reflects 'the practical reality that a trustee is needed.' " *Id.* (citing *In re Sharon Steel Corp.*, 86 B.R. 455, 458 (Bankr.W.D.Pa.1988)).

22.     While the appointment of a chapter 11 trustee is an extraordinary remedy that requires proof by clear and convincing evidence, (*See Madison Management*, 137 B.R. at 280

---

[3] In light of the undisputed failure of the Debtor to pay over $81,000,000 in checks and the appointment of a custodian (the Receiver) in the Ohio Litigation cause exists under both 11 U.S.C. § 303 (h) (1) and (h)(2) for the Court to enter an order of relief in this case.

8

(*citing In re Microwave Products if America, Inc.*, 102 B.R. 666, 670 (Bankr.W.D.Tenn.1989), in this case, given the undisputed evidence of NSF checks, the appointment of a receiver, the apparent disappearance of the Debtor's management in the Ohio Litigation and the numerous governmental investigations, that standard is easily met.

23. In *In Re Professional Accountants Referral Svcs., Inc.*, 142 B.R. 424 (Bankr. D. Col. 1992), the court held that an interim trustee could be appointed for cause pursuant to Section 1104 and/or Section 105 upon a finding of dishonesty and gross mismanagement and a likely irreparable injury if a trustee were not appointed. *Id.* at 429. *See also In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 1998) (certain deep-seeded conflicts and animosity between a debtor and its creditors may justify the appointment of a chapter 11 trustee), *In re Cajun Elec. Power Coop., Inc.*, 69 F.3d 746 (5th Cir. 1995), *In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3rd Cir. 1989) (cause exists warranting appointment of chapter 11 trustee due to debtor-in-possession's gross mismanagement of estate and internal conflicts of interest).

24. In the instant case, entry of an order for relief on the involuntary petition today is inevitable. Given the undisputed facts of this case, as set forth above, this Court has ample grounds to immediately enter an order appointing an interim chapter 11 Trustee in this case. Although this issue is solely controlled by the U.S. Trustee, in light of the existence of the Ohio Litigation and the experience of the Receiver and O'Malley in dealing with the Debtor's assets, as well as the problems which could arise under 11 U.S.C. § 543 if a custodial turnover was ordered, the Movants believe that the appointment of the Receiver or O'Malley as an interim Trustee is in the best interests of the Debtor, the Debtor's estate and its creditors.

## CONCLUSION

WHEREFORE, for the reason set forth above, the Movants respectfully request that this Court: (a) enter an order, substantially in the form attached as <u>Exhibit D</u>, (i) appointing either Elizabeth M. Lynch or Patrick O'Malley as the interim trustee under sections 303(f) and (g), 105 and 1114(a) of the Bankruptcy Code in the involuntary cases pending against the Debtor; (ii) authorizing and directing the interim trustee to continue to operate the business of the Debtor pending further order of the Court, and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

<u>/s/ C.R. Bowles, Jr.</u>
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone:502-587-3746
Facsimile: 502-540-2274
e-mail: crb@gdm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7th, 2010, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System and the parties listed below. Parties may access this filing through the Court's system.

Charles R. Wharton
Office of U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis IN 46204
Charles.R.Wharton@usdoj.gov

Kim Martin Lewis
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati OH 45202
(513) 977-8259
Fax (513) 977-8141
Kim.lewis@dinslaw.com

Elizabeth M. Lynch
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5045
Cell (216) 401-5642
Office (614) 734-2717
Fax (614) 734-2718
elynch@dsi.biz

Randall D. LaTour
Vorys, Sater, Seymour and Pease, LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202
RDLaTour@vorys.com

Southeast Livestock Exchange, LLC
Attn: John M. Queen, III
PO Box 1306
Waynesville, NC 28786
(828) 454-0267
Fax (828) 454-0268
selex@bellsouth.net

Moseley Cattle Auction LLC
Attn: John F. Moseley, III
1044 Arlington Avenue
Blakely GA 39823
(229) 308-6355
Fax (888) 461-7919
cmoseley@swgafarmcredit.com

David L. Rings
1288 Frontage Road
Russell Springs, KY 42642
(270) 585-1824
bonnierings@spsfence.com

Jeffrey T. Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha NE 68102
(402) 346-6000
Jeffrey.Wegner@KutakRock.com

Jessee Cook-Dubin
Vorys, Sater, Seymour and Pease LLP
PO Box 1008
52 Gray Street
Columbus, OH 43216-1008
(614) 464-6498
Fax (614) 719-4752
jcookdubin@vorys.com

Counsel for Fifth Third Bank

Richard A. Schwartz
Kruger & Schwartz
3339 Taylorsville Road
Louisville, KY 40205
(502) 485-9220
ecfmailschwartz@gmail.com

Counsel for Thomas & Patsy Gibson


Eastern Livestock Co., LLC
135 West Market Street
New Albany, IN 47150
(800) 634-2529
Fax (812) 949-9060
contact@easternlivestock.net

John O'Brien
Jessica E. Yates
1200 17th Street, Suite 1900
Denver, CO 80202
(303) 634-2000
Fax (303) 634-2020
jobrien@swlaw.com
jyates@swlaw.com

Counsel for Fredin Brothers, Inc.

David L. Abt
ABT Law Office
210 North Main Street, PO Box 128
Westby, WI 54667
(608) 634-2157
Fax (608) 634-2159
davidabt@mwt.net

Counsel for Rush Creek Ranch, LLP

John H. Lovell
Courtney D. Miller
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, TX 79101-2314
(806) 373-1515
Fax (806) 379-7176
john@lovell-law.net
Courtney@lovell-law.net

Counsel for Cactus Growers, Inc.

12

Mark A. Rondeau
Watkins Calcara, CHTD
1321 Main – Suite 300
P.O. Drawer 1110
Great Bend Kansas  67530
(620) 792-8231
Fax (602) 792-8231
mrondeau@wcrf.com

Counsel for Innovative Livestock Services, Inc.

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
(317) 636-3471
Fax (317) 636-6575
jrciii@acs-law.com

Counsel for First Bank & Trust Co.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204
(317) 636-3471
Fax (317) 636-6575
bclement@acs-law.com

Counsel for First Bank & Trust Co.

Trustee
Kathryn L Pry
P O Box 6771
New Albany, IN 47151
812-944-2646
Email: kpry.trustee@insightbb.com

*/s/ C.R. Bowles, Jr.*
COUNSEL FOR THE MOVANTS

4181151_3.doc