IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

EASTERN LIVESTOCK CO., LLC,

Alleged Debtor.

Case No. 10-93904-BHL-11

Chapter 11

## MOTION OF RECEIVER TO OPERATE IN THE PRE-APPOINTMENT PERIOD

State Court-Appointed Receiver, Elizabeth Lynch (the "Receiver"), as custodian for Eastern Livestock Co., LLC (the "Alleged Debtor") pursuant the Court's Order entered on December 8, 2010 (the "Custodian Order")[Doc. No. 35] hereby respectfully moves this Court for an order allowing the Receiver to operate the Alleged Debtor's business until such date as there is an appointment of a trustee (the "Motion").  In support of this Motion, the Receiver respectfully states as follows:

## BACKGROUND

1. On December 6, 2010, certain petitioning creditors filed this involuntary bankruptcy.

2. Pursuant to the Custodian Order, and the Order Granting Emergency Motion by State Court Receiver for Order Approving Protocol for Disposition of Proceeds of Cattle Sales [Doc. No. 36], entered by this Court on December 8, 2010, the Receiver is currently in possession of the Debtor's estate and conducting certain cattle sales.

## RELIEF REQUESTED

3. The Receiver respectfully requests that this Court enter an Order allowing the Receiver to operate the Alleged Debtor's business until a trustee is appointed in this case. Specifically, the Receiver requests the ability to continue to operate according to the budget attached hereto as Exhibit A, including the ability to, in its discretion, sell cattle, collect accounts receivable, continue to investigate and locate potential assets of the estate, review contracts, and pay salaries and

other operational costs such as purchasing cattle feed, costs related to the care of cattle, utilities costs, and occupancy costs.

4. Absent the relief granted in this motion, the Alleged Debtor will not be able to conduct its business in the period before a trustee is appointed. If the operations of the Alleged Debtor's business are paralyzed, it would have a detrimental impact on the Alleged Debtor's estate.

5. Therefore, granting this relief will allow the Receiver to maximize the potential recovery to creditors and provide additional certainty and consistency to the cattle industry, which will free-up a number of sales currently stalled merely by uncertainty, preventing the occurrence of otherwise preventable damages. As has been noted before in this case, these Alleged Debtor's operations involve living animals that must be cared for and fed, and thus the relief requested is necessary to preserve the value of the Alleged Debtor's estate.

6. Additionally, by providing certainty with regards to the operation of the Alleged Debtor, the cattle industry will become more confident, thereby allowing the industry to return to normalcy vis a vis the Alleged Debtor. The relief will also provide assurance to the producers and vendors who are currently providing care and transportation to the cattle that they will be paid for their services. Thus, the requested relief is in the best interest of the bankruptcy estate.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Receiver respectfully asks the Court to enter an order, substantially in the form attached hereto as Exhibit B, and granting such other relief as it deems just and proper.

Dated: December 13, 2010           Respectfully submitted,

                                   DINSMORE & SHOHL LLP

                                   */s/ Jeremy S. Rogers*
                                   Jeremy S. Rogers (IN # 24670 10)
                                   1400 PNC Plaza
                                   500 W. Jefferson St.

2

Louisville, KY 40202
Phone: (502) 540-2384

Kim Martin Lewis (OH #0043533)
Tim J. Robinson (OH #0046668)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
Telephone:  (513) 977-8200
Facsimile:  (513) 977-8141
kim.lewis@dinslaw.com
tim.robinson@dinslaw.com

Counsel for Receiver

## CERTIFICATE OF SERVICE

I hereby certify that on December 13th, 2010, a copy of the foregoing Motion of Receiver to Operate in the Pre-Appointment Period was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ Jeremy S. Rogers*
**Counsel for Receiver**