**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF THE EMERGENCY MOTION UNDER 11 USC §§ 303(f) AND (g), 105 AND 1104(a) FOR AN ORDER APPOINTING AN INTERIM TRUSTEE AND AUTHORIZING AND DIRECTING INTERIM TRUSTEE TO OPERATE DEBTOR'S BUSINESS

Petitioning creditors David L. Rings, Southeast Livestock Exchange, LLC, Moseley Cattle Auction LLC, Superior Livestock Auction, Inc., Southland Haulers, LLC, Ike's Trucking, Inc., Breeding Brothers, B&B Farms, Jeremy Coffey, Brent Keith, Dennis Neat, Billy Neat, Jimmy Brummett, and Mike Loy (collectively, the "Petitioning Creditors") by and through counsel, jointly submit this Memorandum (the "Memorandum") in support of the Emergency Motion Under 11 USC §§ 303(f) and (g), 105 and 1114(a) For an Order Appointing an Interim Trustee and Authorizing and Directing the Interim Trustee to Operate Debtor's Business (the "Trustee Motion").

## STATEMENT OF THE CASE AND FACTS

Eastern Livestock Co., LLC (the "Debtor") is one of the largest cattle brokerage companies in the United States, with operations in 11 states across the Mid-South, Midwest, and West. This involuntary chapter 11 case, commenced against the Debtor by the Petitioning Creditors on December 6, 2010, arises out of the Debtor's alleged unlawful and fraudulent

1

conduct undertaken for its own benefit and to the detriment of the Petitioning Creditors as well as of our nation's entire cattle industry.

The Debtor's alleged conduct prompted an investigation by the U.S. Department of Agriculture ("USDA") and USDA's Grain Inspection, Packers and Stockyards Administration ("GIPSA"), resulting in a filing of an administrative complaint charging the Debtor (and Tommy P. Gibson, one of its principals) with: (1) failure to pay for livestock purchases; (2) failure to pay timely for livestock purchases; and (3) failure to maintain an adequate bond. *See* GIPSA Statement, attached hereto as <u>Exhibit A</u>. In addition, On November 9, 2010, a receiver (the "Receiver") was appointed over the Debtor's property and assets (the "State Court Receiver Order") in response to complaints filed in Hamilton County, Ohio (the "Complaints") against the Debtor. *See Fifth Third Bank v. Eastern Livestock Co., LLC*, Case No. A1010267, Court of Common Pleas, Hamilton County, Ohio (the "Ohio Litigation").

Due to the nature of the cattle industry and the urgency of preserving assets of the Debtor, including cattle in transit, the Petitioning Creditors moved this Court to allow the Receiver to continue to act as a custodian of Debtor's assets and continue to administer Debtor's property. *See* Emergency Motion Under 11 U.S.C. §§ 105, 303, 363 and 543 for an Order Permitting the Current Receiver to Act as a Custodian to Continue to Administer Property and Prohibiting Debtor's Management From Exercising any Rights Related to the Property (the "543 Motion") [Doc. No. 11]. The Receiver also filed a motion on an emergency basis to establish protocol for disposition of proceeds of cattle sales. *See* Emergency Motion of the State Court-Appointed Receiver for an Order Approving Protocol for Disposition of Proceeds of Cattle Sales (the "Protocol Motion") [Doc. No. 14].

This Court held a hearing (the "Hearing") on the 543 Motion and the Protocol Motion on December 7, 2010 and, after considering all of the pleadings and the arguments of those parties present at the Hearing, made findings of fact and conclusions of law, approving both motions. *See* Order Permitting Current Receiver to Act As a Custodian to Continue to Administer and Debtor's Property and Prohibiting Debtor's Management and Owners From Exercising Any Rights Related to the Debtor and Its Assets (the "Receiver Order") [Doc. No. 35]; *see also* Order Granting Emergency Motion By State Court Receiver For Order Approving Protocol For Disposition of Proceeds of Cattle Sales (the "Protocol Order") [Doc. No. 36].

As part of this Memorandum, the averments set forth in the: (1) Trustee Motion; (2) the Proffers of testimony, affidavits and or Declarations of David L. Rings, John F. Moseley, III and Gary Bell (attached hereto as Exhibit B and collectively referred herein as the "Creditor Declarations") (3) GIPSA Statement; (4) State Court Receiver Order; (5) Complaints; (6) 543 Motion; (7) Receiver Motion; and (8) Protocol Motion, as well as the findings of fact and conclusions of law set forth at the Hearing and in the Receiver Order and the Protocol Order are adopted and incorporated by reference herein with the same force and effect as if set forth in full below.

## ARGUMENT IN SUPPORT OF THE APPOINTMENT OF AN INTERIM TRUSTEE IN THE ABOVE-CAPTIONED INVOLUNTARY BANKRUPTCY PROCEEDING

Debtor's massive issuance of dishonored checks, the apparent collapse of its management (demonstrated by its non participation in the Complaints or the State Court Receiver Order) and the governmental civil and criminal investigation of the Debtor's activities, pose a substantial threat to this nation's entire cattle industry and are a danger to the interests of the Petitioning Creditors as well as to the interests of other creditors. Due to the symbiotic nature of the cattle

business, every creditor of the Debtor faces the risk of damaging financial consequences, piecemeal and inefficient resolution of issues in various counts and even the possibility of bankruptcy unless a trustee is appointed to administer the Debtor's assets and ensures that creditors' interests are protected in this case. Therefore, the requested extraordinary relief sought by the Trustee Motion is necessary in order to preserve Debtor's assets for the benefit of the Petitioning Creditors, all other creditors and parties in interest.

This Court is authorized to order appointment of an interim trustee to preserve the assets of a debtor's estate pending a hearing on the involuntary petition. *See* 11 U.S.C. §303(g). Section 303(g) provides:

> [a]t any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in this case, the court on request of a part in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor.

11 U.S.C. § 303(g). While, by its terms, Section 303(g) refers only to appointment of interim trustees in involuntary chapter 7 cases and does not expressly provide for the use of that provision in the chapter 11 involuntary petitions, bankruptcy courts have interpreted Section 303(g) as allowing appointment of interim trustees in involuntary chapter 11 cases. *See In re Professional Accountants Referral Services, Inc.* 142 BR 424 (Bankr. D. Cal. 1992), *In re St. Louis Globe-Democrat, Inc.,* 63 B.R. 131 (Bankr. S.D. Cal. 1981); *see also* Collier on Bankruptcy ¶ 303.29 (2010).

In addition to 11 U.S.C. § 303(g), courts have utilized the provisions of 11 U.S.C. §§105(a) and 1104(a) as authorizing the bankruptcy courts to appoint interim trustees in chapter

11 involuntary cases such as this one. For example, courts have appointed interim trustees prior to the entry of an order for relief[1] where it is necessary to preserve the assets of the estate for the debtor's creditors. *See In re Grist*, 16 B.R. 872, 872 (S.D. Fla. 1982) (interim trustee appointed), *In re James Plaza Joint Venture*, 62 B.R. 959, 960 (Bankr. S.D. Tex. 1986) (interim trustee appointed when partnership's only asset was $150,000 on deposit and petitioning creditors were concerned that $150,000 would be disposed of, distributed, or dissipated prior to the time that trial could be held on merits of involuntary petition). Here, although a state court receiver has been appointed, the state receivership has limited jurisdiction and powers, preventing the Receiver from fully administering or protecting the Debtor's assets for the benefit of all creditors.

Important to the facts of this case, Section 1104(a), *inter alia,* requires appointment of a chapter 11 trustee for cause, "including fraud, dishonesty, incompetence, gross mismanagement of the affairs of the debtor by current management either before or after the commencement of the case..." 11 U.S.C. §1104(a). Subsection (a)(1) identifies examples of "cause" as including fraud, dishonesty, incompetence and gross mismanagement. However, this list is not all-encompassing. *See, e.g., In re Bellevue Place Associates*, 171 B.R. 615,623 (Bankr. N.D. Ill. 1994), *In re Madison Management Group, Inc.,* 137 B.R. 275, 281 (Bankr. N.D. Ill. 1992); *see also In re V. Salvino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) ("grounds for appointing a reorganization trustee are not even limited to the derelictions specifically enumerated"). A determination of cause, therefore, is within the discretion of the court and due consideration must be given to the various interests involved in the bankruptcy

---

[1] In light of the undisputed failure of the Debtor to pay over $81,000,000 in checks and the appointment of a custodian (the Receiver) in the Ohio Litigation, cause exists under 11 U.S.C. § 303 (h) (1) and (h)(2) for this Court

proceeding. *Id.* at 241, *Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc.,* 828 F.2d

239, 240 (4th Cir.1987) (*citing In re General Oil Distributors, Inc.,* 42 B.R. 402

(Bankr.E.D.N.Y.1984)).

Even if no cause exists, a bankruptcy court is given a wide discretion under 11 U.S.C.

§1104(a)(2), which sets forth a flexible standard for appointment of a trustee absent a showing of

cause. Under this subsection, a court is required to appoint a trustee when doing so is in "the

interests of the creditors, equity security holders and other interests of the estate." *See, e.g.,*

*Committee of Dalkon Shield Claimants,* 828 F.2d at 240; *see also V. Salvino Oil & Heating*, 99

B.R. at 526 n. 11 ("factors constituting a basis for appointment a trustee under § 1104(a)(2) are

amorphous, diverse and necessarily involve a great deal of judicial discretion"). "It seems that §

1104(a)(2) reflects 'the practical reality that a trustee is needed.'" *Id.* (*citing In re Sharon Steel*

*Corp.,* 86 B.R. 455, 458 (Bankr.W.D.Pa.1988)).

The appointment of a chapter 11 trustee is an extraordinary remedy that requires proof by

clear and convincing evidence. *See Madison Management,* 137 B.R. at 280 (*citing In re*

*Microwave Products if America, Inc.,* 102 B.R. 666, 670 (Bankr.W.D.Tenn.1989). Nevertheless,

given the undisputed evidence of dishonored checks, the appointment of the Receiver, the non

appearance of the Debtor's management in the Ohio Litigation, the numerous governmental

investigations and the findings of fact and conclusions of law at the Hearing and set forth in the

Protocol Order and the Receiver Order, that standard is easily met in this case. *See In Re*

*Professional Accountants Referral Svcs., Inc.,* 142 B.R. 424, 429 (Bankr. D. Col. 1992) (an

interim trustee was appointed for cause pursuant to Section 1104 and/or Section 105 upon a

finding of dishonesty and gross mismanagement and a likely irreparable injury if a trustee were

to enter an order of relief in this case.                              6

not appointed); *see also In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 1998) (certain deep-seeded conflicts and animosity between a debtor and its creditors may justify the appointment of a chapter 11 trustee), *In re Sharon Steel Corp.*, 871 F.2d 1217, 1228 (3rd Cir. 1989) (cause exists warranting appointment of chapter 11 trustee due to debtor-in-possession's gross mismanagement of estate and internal conflicts of interest), *In re Cajun Elec. Power Coop., Inc.*, 69 F.3d 746 (5th Cir. 1995).

In the instant case, entry of an order for relief sought by the involuntary petition is inevitable. Given the undisputed facts, as set forth above, ample grounds, warranting immediate appointment of an interim chapter 11 trustee, exist in this case.

## CONCLUSION

For the reason set forth above, this Court should appoint an interim trustee in the above-captioned involuntary bankruptcy case, with the authority to continue to operate the business of the Debtor.

Respectfully submitted,

/s/ C.R. Bowles, Jr.
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3746
Facsimile: 502-540-2274
e-mail: crb@gdm.com
**COUNSEL FOR THE PETITIONING CREDITORS**

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 13th, 2010, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System and the parties listed below. Parties may access this filing through the Court's system.

Charles R. Wharton
Office of U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis IN 46204
Charles.R.Wharton@usdoj.gov

Kim Martin Lewis
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati OH 45202
(513) 977-8259
Fax (513) 977-8141
Kim.lewis@dinslaw.com

Elizabeth M. Lynch
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5045
Cell (216) 401-5642
Office (614) 734-2717
Fax (614) 734-2718
elynch@dsi.biz

Randall D. LaTour
Vorys, Sater, Seymour and Pease, LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202
RDLlTour@vorys.com

Southeast Livestock Exchange, LLC
Attn: John M. Queen, III
PO Box 1306
Waynesville, NC 28786
(828) 454-0267
Fax (828) 454-0268
selex@bellsouth.net

Moseley Cattle Auction LLC
Attn: John F. Moseley, III
1044 Arlington Avenue
Blakely GA 39823
(229) 308-6355
Fax (888) 461-7919
cmoseley@swgafarmcredit.com

David L. Rings
1288 Frontage Road
Russell Springs, KY 42642
(270) 585-1824
bonnierings@spsfence.com

Jeffrey T. Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha NE 68102
(402) 346-6000
Jeffrey.Wegner@KutakRock.com

8

Jessee Cook-Dubin
Vorys, Sater, Seymour and Pease LLP
PO Box 1008
52 Gray Street
Columbus, OH 43216-1008
(614) 464-6498
Fax (614) 719-4752
jcookdubin@vorys.com

Counsel for Fifth Third Bank

Richard A. Schwartz
Kruger & Schwartz
3339 Taylorsville Road
Louisville, KY 40205
(502) 485-9220
ecfmailschwartz@gmail.com

Counsel for Thomas & Patsy Gibson

Eastern Livestock Co., LLC
135 West Market Street
New Albany, IN 47150
(800) 634-2529
Fax (812) 949-9060
contact@easternlivestock.net

Mark A. Rondeau
Watkins Calcara, CHTD
1321 Main – Suite 300
P.O. Drawer 1110
Great Bend Kansas 67530
(620) 792-8231
Fax (602) 792-8231
mrondeau@wcrf.com

Counsel for Innovative Livestock Services,
Inc.

John O'Brien
Jessica E. Yates
1200 17th Street, Suite 1900
Denver, CO 80202
(303) 634-2000
Fax (303) 634-2020
jobrien@swlaw.com
jyates@swlaw.com

Counsel for Fredin Brothers, Inc.

David L. Abt
ABT Law Office
210 North Main Street, PO Box 128
Westby, WI 54667
(608) 634-2157
Fax (608) 634-2159
davidabt@mwt.net

Counsel for Rush Creek Ranch, LLP

John H. Lovell
Courtney D. Miller
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, TX 79101-2314
(806) 373-1515
Fax (806) 379-7176
john@lovell-law.net
Courtney@lovell-law.net

Counsel for Cactus Growers, Inc.
Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204
(317) 636-3471
Fax (317) 636-6575
bclement@acs-law.com

Counsel for First Bank & Trust Co.

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
(317) 636-3471
Fax (317) 636-6575
jrciii@acs-law.com

Counsel for First Bank & Trust Co.

Trustee
Kathryn L Pry
P O Box 6771
New Albany, IN 47151
812-944-2646
Email: kpry.trustee@insightbb.com



/s/ C.R. Bowles, Jr.
COUNSEL FOR THE PETITIONING
CREDITORS


4188039_2.doc

**EXHIBIT A**



**USDA** United States Department of Agriculture
**Grain Inspection, Packers & Stockyards Administration**

Home · About GIPSA · News & Events · Forms · Help · Contact Us

Search [____] Go

Browse By Audience

Information For...

Browse By Subject
Grain P&S Rules
Livestock Meat & Poultry
Education & Outreach
Laws & Regulation
Markets & Trade

You are here: GIPSA Home /

## News & Events

### USDA Announces Latest Actions in the Eastern Livestock Company Failure

WASHINGTON, Nov. 22, 2010 - The U.S. Department of Agriculture's Grain Inspection, Packers and Stockyards Administration (GIPSA) on Friday November 19, 2010, filed an administrative complaint charging Eastern Livestock Company, LLC, and Tommy P. Gibson of New Albany, Indiana, with:

- failure to pay for livestock purchases;
- failure to pay timely for livestock purchases; and
- failure to maintain an adequate bond.

Eastern Livestock Company (Eastern) is one of the largest cattle brokerage companies in the United States, with operations in 11 states across the Mid-South, Midwest, and West.

"We take very seriously our responsibility to ensure that producers receive all protections afforded them by law and we will be working closely with the Department of Justice and law enforcement officials in the weeks and months ahead, " said John Ferrell, Deputy Under Secretary for Marketing and Regulatory Programs.

GIPSA currently estimates that Eastern owes more than $130 million to 743 sellers in 30 states. As of today, the agency has documented $81 million in returned checks and is currently onsite at Eastern's headquarters assessing the situation, investigating possible violations of the Packers and Stockyards Act, and working to ensure that all available protections are afforded to producers.

Outline of events:

- On November 3, 2010, a livestock seller complained to GIPSA that a payment check received for livestock sold to Eastern had been returned due to insufficient funds.

- On November 4, 2010, GIPSA deployed investigators to Eastern's headquarters to investigate the original and subsequent complaints of failure to pay for livestock. GIPSA also began deploying rapid response teams to markets nationwide that could be impacted by Eastern's financial failure. The Agency also began issuing letters to unpaid sellers encouraging affected producers to submit bond claims. As of November 17, 2010, GIPSA issued 743 letters.

- On November 9, 2010, USDA issued a news release, Bond Information for Producers Who Sold Livestock to Eastern Livestock Company, LLC, explaining the situation and providing information on how to file bond claims under the Packers and Stockyards Act.

- On November 9, 2010, Fifth Third Bank filed a motion with the Hamilton County Court of Common Pleas in Ohio requesting issuance of a temporary restraining order and the appointment of a receiver. The court appointed

### Related Topics
- News Releases
- Publications
- GIPSA Federal Register
- Communications to Congress
- GIPSA FOIA Reading Room
- Stay Connected

### I Want To...
- Find a Publication
- Contact GIPSA

Elizabeth M. Lynch, of Development Specialists Inc., of Cleveland, Ohio, as receiver to work on behalf of Eastern's creditors, among which Fifth Third Bank is the secured creditor. The court also granted a temporary restraining order enjoining Eastern's access to and dissipation of its financial assets.

- On November 10, 2010, Capital Indemnity Corporation served notice on Eastern cancelling Eastern's surety bond for $875,000 effective December 30, 2010.

The receiver will be working to ensure that the secured creditor is paid. After the secured creditor, the bank, is paid the unsecured creditors, including livestock sellers, will be paid out of remaining funds. The receiver is authorized to take immediate possession, control, management, and charge of Eastern Livestock's accounting books and records of whatever nature and wherever located, in the possession of Eastern Livestock or any other person or entity, including all information regarding the assets, liabilities, equity, income, and expenses of Eastern Livestock.

Purchasers of livestock and others affected by this incident who are unsure to whom to make payment for livestock purchases need to carefully consider their options in light of the applicable state and federal laws. Unpaid sellers may contact GIPSA at 515-323-2579 for information on filing bond claims.

\#

GIPSA Release #96-10

Contact:
USDA Office of Communications
(202) 720-4623

USDA is an equal opportunity provider, employer and lender. To file a complaint of discrimination, write: USDA, Director, Office of Civil Rights, 1400 Independence Ave., S.W., Washington, D.C. 20250-9410 or call (800) 795-3272(voice), or (202) 720-6382 (TDD).

**EXHIBIT B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

IN RE:                                    )       CASE NO. 10-93904-BHL-11
                                          )
EASTERN LIVESTOCK CO., LLC                )
                                          )
                                          )       Chapter 11
                                          )
                      Debtor              )
_____           )

## PROFFER OF TESTIMONY OF DAVID L. RINGS IN RELATED TO THE APPOINTMENT OF AN INTERIM TRUSTEE IN THE ABOVE-CAPTIONED CHAPTER 11 INVOLUNTARY BANKRUPTCY PROCEEDING

I, David L. Rings, being duly sworn, hereby state:

**QUESTION NO. 1:**  What is your name

*PROFFER NO. 1:*      David L. Rings

**QUESTION NO. 2:**  What is your occupation

*PROFFER NO. 2:*      I own and operate a farming operation in Russell Springs, Kentucky.

**QUESTION NO. 3:**  Are you familiar with Eastern Livestock Co., LLC and its business?

*PROFFER NO. 3:*      Yes, Eastern Livestock Co. LLC is one of the largest cattle brokerage companies in the United States and engages in the business of purchasing cattle at auction, then selling them to feed lots where they gain weight and are prepared for slaughter.

**QUESTION NO. 4:**  Are you familiar with some of the legal issues currently affecting Eastern Livestock Co., LLC?

*PROFFER NO. 4:*      Yes, I know that the Grain Inspection, Packers and Stockyards Administration (branch of the United States Department of Agriculture) recently started an investigation of Eastern Livestock because Eastern has been issuing unfunded checks.

**QUESTION NO. 5:**  Did you do any business with Eastern Livestock Co., LLC?

1

*PROFFER NO. 5:*    Yes, I sold cattle to Eastern Livestock on October 19, 2010.

**QUESTION NO. 6:**  Did Eastern Livestock Co., LLC pay you for your cattle?

*PROFFER NO. 6:*    Yes, I received a check for $7,153.45 from Eastern on October 19, 2010 but when I tried to deposit the check about a week later, it was returned as drawn on insufficient funds.

**QUESTION NO. 7:**  Does Eastern Livestock Co., LLC still owe you money?

*PROFFER NO. 7:*    Yes, Eastern owes me $7,153.45 for the cattle it bought from me.

**QUESTION NO. 8:**  Did you attempt to collect the $7,153.45 from Eastern?

*PROFFER NO. 8:*    Yes, on November, 15, 2010, I made a claim to Grain Inspection, Packers and Stockyards Administration related to Eastern Livestock.

**QUESTION NO. 9:**  Did you receive any money from Capital Indemnity Corp.?

*PROFFER NO. 9:*    No.

**QUESTION NO. 10:** What were your reasons for being one of the petitioners who filed an involuntary chapter 11 bankruptcy petition against Eastern Livestock Co., LLC?

*PROFFER NO. 10:*    Based on the insufficient funds check I received from Eastern; the fact that Tommy and Patsy Gibson filed for chapter 7 bankruptcy protection; the fact that Eastern was being investigated by the Grain Inspection, Packers and Stockyards Administration; and that a Judge in Ohio appointed a receiver who took possession and control over Eastern's property, I did not think Eastern could pay the debt owed to me and I wanted to make sure my interests as a creditor were protected.

**QUESTION NO. 11:** In your opinion, should a trustee be appointed for Eastern Livestock Co., LLC?

*PROFFER NO. 11:*    Yes, I think that a trustee should be appointed because I want the trustee to preserve Eastern Livestock's assets for my benefit and for the benefit of other creditors.

I declare under penalty of perjury under the laws of the Commonwealth of Kentucky that the foregoing is true and correct to the best of my knowledge and belief.

_David L. Rings_
David L. Rings

COMMONWEALTH OF KENTUCKY                    )
                                                                          )ss:
COUNTY OF Jefferson                                      )

Subscribed and sworn to me by David L. Rings this 13TH day of December, 2010.

_Susan M. Mays_
Notary Public

My Commission Expires: Aug 24, 2010

(SEAL)

4186681_1.doc

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904·BHL·11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| | ) | |

## DECLARATION OF DAVID L. RINGS IN SUPPORT OF THE EMERGENCY MOTION OF PETITIONING CREDITORS UNDER 11 USC §§ 303(f) AND (g), 105 AND 1104(a) FOR AN ORDER APPOINTING AN INTERIM TRUSTEE, AND AUTHORIZING AND DIRECTING INTERIM TRUSTEE TO OPERATE DEBTOR'S BUSINESS

I, David L. Rings, being duly sworn, state:

1.    My name is David L. Rings and I own and operate a farming operation in Russell Springs, Kentucky.

2.    I make this declaration in support of the Emergency Motion of Petitioning Creditors Under 11 U.S.C. §§ 303(f) and (g), 105, and 1104(a), For An Order Appointing Interim Trustee; and Authorizing and Directing Interim Trustee To Operate Debtors' Business. If called upon as a witness, I could and would testify as herein set forth.

3.    Eastern Livestock Co. LLC ("Eastern Livestock") is one of the largest cattle brokerage companies in the United States and engages in the business of purchasing cattle at auction, then selling them to feed lots where they gain weight and are prepared for slaughter.

4.    Recently, Eastern Livestock has been issuing unfunded checks, prompting an investigation by the Grain Inspection, Packers and Stockyards Administration, which is part of the United States Department of Agriculture.

1

5.      On October 19, 2010, I sold seven cows to Eastern Livestock and Eastern Livestock issued a check to me in an amount of $7,100(the "Debt"). The amount of the Debt, which Eastern Livestock owed, is fully liquidated, non-contingent and undisputed.

6.      On November 5, 2010, I attempted to deposit the check issued by Eastern Livestock and the check was returned as drawn on insufficient funds, resulting in a $7,100 personal loss. I am currently still owed the Debt by Eastern Livestock. *See* attached Exhibit A.

7.      Further, on November 9, 2010, a receiver for Eastern Livestock was appointed pursuant to a Verified Complaint filed against Eastern Livestock on November 9, 2010 in Hamilton County, Ohio. The receiver took possession and control over all Eastern Livestock's property and assets.

8.      On December 1, Thomas P. Gibson and Patsy M. Gibson, owners of Eastern Livestock, filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Indiana.

9.      Upon information and belief, Eastern Livestock is not paying its debts as they come due.

10.     Therefore, In my opinion, based on: (1) the insufficient funds check issued to me/company; (2) the allegations referenced in the Hamilton County action; and (3) the resulting order appointing a receiver over Eastern Livestock's assets and property, Eastern Livestock's unlawful activities pose a threat to my/company's business interest and interests of others.

11.     Therefore, extraordinary relief in form of an involuntary bankruptcy petition and the appointment of a chapter 11 Trustee is necessary in order to preserve Eastern Livestock's assets for my benefit and for the benefit of others.

2

12/DEC. 6. 2010² 9:36AM⁵⁰² ⁵:STEPHENS PIPE & STEEL 2708582512CDONALD          NO. 5267   P. 4₅₀₄/₀₀₅

I declare under penalty of perjury under the laws of the Commonwealth of Kentucky that the foregoing is true and correct to the best of my knowledge and belief.

*David L. Rings*
David L. Rings

3

COMMONWEALTH OF KENTUCKY                          )

                                                  )ss:

COUNTY OF Russell                                 )


Subscribed and sworn to me by David L. Rings this 6ᵗʰ day of December, 2010.

                                        Notary Public

My Commission Expires: _7-12-12_


                              (SEAL)

4

**EXHIBIT A**

DEC. 6.2010  9:02AM    STEPHENS PIPE & STEEL 2708582512          NO. 5261   P. 2/6

OMB CONTROL NO. 0580-0015

| U.S. Department of Agriculture Grain Inspection, Packers and Stockyards Administration Packers and Stockyards Program | Proof of Claim Under: 1. Surety Bond, (Clause 2, 3, or 4) 2. Trust Fund Agreement, (Clause 2, 3, or 4) 3. Trust Agreement, (Clause 2, 3, or 4) Issued Under Provisions of The Packers and Stockyards Act, 1921, as Amended and Supplemented |
|---|---|

State of (1) _Kentucky_

County (2) _Russell_

As the undersigned, I, (3) _DAViD L. Kings_
1288 Frontage Road    (full name of claimant)
Of (4) _Russell Springs, KY 42642_ (5) _270-866-5535/270-585-1824_
(complete mailing address)          (phone: home, cell)
_bonairfarms@yahoo.com_
(other contact information: fax number, email address)

being duly sworn, depose and state:

I make this claim to (6) _Capital Indemnity Corp_
(name of trustee or surety)

Select One:

☒ under the bond issued by the (7a)
_Capital Indemnity Corp_
(name of surety company)
☐ under the Trust Fund Agreement with security held by (7b)

_____
(depository, if one named)
☐ under the Trust Agreement with letter of credit held by (7c)

_____
(name of trustee)

on behalf of (8) _Eastern Livestock Co. LLC_
(full name and address of principle named in bond or trust agreement)
_135 W. Market, New Albany, IN 47150_

in the amount of (9) _7153.45_, due and owing for livestock purchased by

(10) _Eastern Livestock Co. New Albany_
(full name and address of buyer) Clause 2, 3, or 4

for his own account or as a market agency buying livestock on a commission basis. This

DEC. 6. 2010  9:02AM    STEPHENS PIPE & STEEL 2708582512                NO. 5261    P. 3/6

OMB CONTROL NO. 0580-0015

claim is based on the following described livestock which was purchased by

(11) __Eastern Livestock, LLC.__
(name of buyer) Clause 2, 3, or 4

(12)

| Date of Sale | Number of Head | Description of Livestock | Amount |
|---|---|---|---|
| 10/19/10 | 4 | Blk. Heifers | $3985.80 |
| 10/19/10 | 3 | Blk. Steers | 3217.25 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Attached and made a part of this claim are copies of the account of purchase and other

documents covering the livestock transaction, such as copies of checks issued and unpaid

for the livestock purchased by:

(13) __Eastern Livestock__
(name of buyer) Clause 2, 3, or 4

and other documents indicating the sale of the livestock in question to such purchaser

for which payment has not been made. (*If full and complete documents of the transaction are not available or if these papers have become lost or destroyed, the claimant should insert a statement below of the facts.*)

(14)_____

_____

_____

_____

_____

Form P&SP 2120                    01/30/09                    Page 2 of 3

OMB CONTROL NO. 0580-0015

None of the claimed amounts has been paid, and there are no setoffs or counterclaims to the same.

I hereby authorize the Grain Inspection, Packers and Stockyards Administration, Packers and Stockyards Program to release this proof of claim form and all of the attached supporting documents to the trustee or other interested parties to facilitate the processing of my claim.

(15) _David L. Rings_
(signature and title of claimant)

(16) Subscribed and sworn to before me this 15 day of Nov, 20 10

(17) _JoAnn Gilly_

(18) Notary Public for the State of KY

(19) Residing at _Odasa_

My commission expires

(20) 7-12-12 _____ (seal)

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information is 0580-0015. The time required to complete is estimated to average 30 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

DEC. 6. 2010  9:03AM   STEPHENS PIPE & STEEL 2708582512   NO. 5261   P. 5/6

Print Selected Images

Page 2 of 5



| Account | Serial Number | Date | Amount |
|---|---|---|---|
| 7480493837 | 15768 | 11/10/2010 | $7,153.45 |

Front Image

TRIPS Return - Refer to Maker

Back Image

Wachovia certifies that the above image(s) accurately represents the physical item from which it was produced.

DEC. 6. 2010  9:03AM    STEPHENS PIPE & STEEL 2708582512    NO.5261    P. 6/6

```
=======  =L-I-V-E-S-T-O-C-K=  ==B U Y E R===  ============================
--COD---  -TAG HD DESC---  NUMB NAME--  --WEIGHT--  --TOTAL--
  59      1  4      F  2  10X    1,186   4,745   84.00 L   3,985.80
  59      2  3      F  2  10     1,262   3,785   85.00 L   3,217.25
          ===                           =====              ==========
          7                             8,530              7,203.05
CLF       7   8,530   7203.05  1218    84.44  1029.00      8,530
                                                           7,203.05

          10/19/10 GRAND TOTAL GROSS---          7     7,203.05
======================================================
COMMISSION|CHECK/OFF|YARDAGE|-INSUR-|VET   |YDG#2   |VOL/DED  |---NET/CHECK--|
    7.00|   21.00|              |       |21.60|          |    7,153.45|
======================================================
```

DAVE RINGS
P&S/CODES: O=OFFICER B=BONDED-BUYER E=EMPLOYEE M=MARKET-SUPPORT

9905
EASTERN LIVESTOCK CO., LLC
135 WEST MARKET

NO. F  015768

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

IN RE:                                )      CASE NO. 10-93904-BHL-11
                                      )
EASTERN LIVESTOCK CO., LLC            )
                                      )
                                      )      Chapter 11
                                      )
                Debtor                )
                                      )

**DECLARATION OF JOHN F. MOSELEY, III ON BEHALF OF MOSELEY CATTLE
AUCTION LLC IN SUPPORT OF THE EMERGENCY MOTION OF PETITIONING
CREDITORS UNDER 11 USC §§ 303(f) AND (g), 105 AND 1104(a) FOR AN ORDER
APPOINTING AN INTERIM TRUSTEE, AND AUTHORIZING AND DIRECTING
INTERIM TRUSTEE TO OPERATE DEBTOR'S BUSINESS**

I, John F. Moseley, III, being duly sworn, state:

1.      My name is John F. Moseley, III and I am a manager of Moseley Cattle Auction

LLC (the "Company").

2.      I make this declaration in support of the Emergency Motion of Petitioning

Creditors Under 11 U.S.C. §§ 303(f) and (g), 105, and 1104(a), For An Order Appointing

Interim Trustee; and Authorizing and Directing Interim Trustee To Operate Debtors' Business.

If called upon as a witness, I could and would testify as herein set forth.

3.      Eastern Livestock Co. LLC ("Eastern Livestock") is one of the largest cattle

brokerage companies in the United States and engages in the business of purchasing cattle at

auction, then selling them to feed lots where they gain weight and are prepared for slaughter.

4.      The Company holds weekly internet cattle sale every Tuesday. Eastern Livestock

purchased cattle at the weekly cattle sale through the bidding process over the phone. The

1

Company did not require Eastern Livestock to pay any deposit for the cattle it purchased. John F. Moseley, III worked closely with the owners of Eastern Livestock and Southland Truckers on the details of picking up the cattle (pursuant to the attached Exhibit A, Southland Truckers trucked all but one of the loads at issue). The cattle would remain at the farmers' location until John F. Moseley, III picked up the cattle. At that time, John F. Moseley, III would pay the farmer and an invoice would be faxed to Eastern Livestock for the load of cattle. Eastern Livestock would then issue the Company a check for the cattle.

5. Recently, Eastern Livestock has been issuing unfunded checks, prompting an investigation by the Grain Inspection, Packers and Stockyards Administration, which is part of the United States Department of Agriculture.

6. Pursuant to the attached Exhibit A, the Company has not received payments from Eastern Livestock on numerous invoices as well as received "insufficient funds" checks from Eastern Livestock. See Exhibit A. Currently, Eastern Livestock is indebted to the Company in an amount of $670,949.88 (the "Debt"). The amount of the Debt, which Eastern Livestock owes to the Company, is fully liquidated, non-contingent and undisputed.

7. Further, on November 9, 2010, a receiver for Eastern Livestock was appointed pursuant to a Verified Complaint filed against Eastern Livestock on November 9, 2010 in Hamilton County, Ohio. The receiver took possession and control over all Eastern Livestock's property and assets.

8. On December 1, 2010, Thomas P. Gibson and Patsy M. Gibson, owners of Eastern Livestock, filed a chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Indiana.

2

9.    Upon information and belief, Eastern Livestock is not paying its debts as they come due.

10.    Therefore, In my opinion, based on: (1) the numerous unpaid invoices and the insufficient funds checks issued to the Company; (2) the allegations referenced in the Hamilton County action; and (3) the resulting order appointing a receiver over Eastern Livestock's assets and property, Eastern Livestock's unlawful activities pose a threat to the Company's business interests and interests of others.

11.    Therefore, extraordinary relief in form of an involuntary bankruptcy petition and the appointment of a chapter 11 Trustee is necessary in order to preserve Eastern Livestock's assets for the Company's benefit and for the benefit of others.

I declare under penalty of perjury under the laws of the state of Georgia that the foregoing is true and correct to the best of my knowledge and belief.


_____
John F. Moseley, III on behalf of Moseley
Cattle Auction LLC

3

STATE OF GEORGIA                )

                                     )ss:

COUNTY OF *Early*                )

Subscribed and sworn to me by John F. Moseley, III on behalf of Moseley Cattle Auction LLC this 6th day of December, 2010.

*Marcile A. Clarke*

Notary Public

My Commission Expires: _____ MY COMMISSION EXPIRES APRIL 28, 2012

(SEAL)

4

**EXHIBIT A**

| INVOICE # | LOT #/SALE DATE | LOAD DATE | HD | PAY WEIGHT | INVOICE AMT. | REMARKS | TRUCKING COMPANY | TRUCKING CHARGE |
|---|---|---|---|---|---|---|---|---|
| # 5763 | #2/9-21-2010 SALE | 10/9/2010 | 71 ST | 47,471 | $ 51,619.48 | NEVER RECEIVED PAYMENT FROM EASTERN. CATTLE AT FIVE RIVERS FEEDYARD. FIVE RIVERS PAID EASTERN FOR CATTLE | SOUTHLAND | $ 4,590.00 |
| # 5745 | AL SAFE 38-2A | 10/18/2010 | 210 HF | 149,313 | $ 158,212.05 | NEVER RECEIVED PAYMENT FROM EASTERN. CATTLE AT JBS FEEDYARD IN TX. THEY HAVE PAID EASTERN FOR CATTLE | SOUTHLAND | $ 11,385.00 |
| #5835 | #2/10-26-2010 SALE | 11/2/2010 | 75 HF | 48,262 | $ 49,849.02 | NEVER RECV PAYMENT. SITTING AT FRIONA AND LISTED ON SUIT PAPERS | SOUTHLAND | $ 3,825.00 |
| #5843 | #3/10-26-2010 | 11/3/2010 | 70 HF | 50,372 | $ 51,095.71 | NEVER RECV PAYMENT. SITTING AT FRIONA AND LISTED ON SUIT PAPERS | SOUTHLAND | $ 3,936.00 |
| #5841 | #4/10-26-2010 | 11/3/2010 | 67HF | 47,981 | $ 49,419.74 | NEVER RECV PAYMENT. SITTING AT FRIONA AND LISTED ON SUIT PAPERS | SOUTHLAND | $ 3,747.00 |
| #5846 | GA SAFE 42-2 | 11/5/2010 | 140 HF | 92,767 | $ 98,982.39 | NEVER RECV PAYMENT. SITTING AT FRIONA AND LISTED ON SUIT PAPERS | SOUTHLAND | $ 7,440.00 |
| #5802 | GA SAFE 41-1B | 10/25/2010 | 68ST | 48,040 | $ 53,703.92 | EASTERN CHECK# 123323 RETURNED BY BANK. CATTLE AT FIVE RIVERS FEEDYARD | EASTERN TRUCK | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| #5815 | #2/8-24-2010 | 10/26/2010 | 85 HF | 46,726 | $ 51,230.20 | EASTERN CHECK #124654 RETURNED BY BANK. CATTLE AT LITTLEFIELD FEEDYARD IN TX. | SOUTHLAND | $ 3,510.00 |
| #5819 | AL SAFE 71-1B | 10/27/2010 | 77 ST | 45,276 | $ 54,376.48 | EASTERN CHECK # 124808 RETURNED BY BANK. CATTLE AT ATKINSON LIVESTOCK | SOUTHLAND | $ 2,490.00 |
| #5820 | #5/7-27-2010 | 10/27/2010 | 70 ST | 48,334 | $ 52,460.89 | EASTERN CHECK# 124808 RETURNED BY BANK. CATTLE AT ULYSSUS FEEDYARD IN KS. | SOUTHLAND | $ 3,750.00 |
| TOTAL | | | | | $ 670,949.88 | | | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                              )      CASE NO. 10-93904-BHL-11
                                    )
EASTERN LIVESTOCK CO., LLC          )
                                    )
                                    )      Chapter 11
                                    )
            Debtor                  )
                                    )

## AFFIDAVIT OF GARY S. BELL IN SUPPORT OF THE PROFFER OF TESTIMONY OF GARY S. BELL RELATED TO THE APPOINTMENT OF AN INTERIM TRUSTEE IN THE ABOVE-CAPTIONED CHAPTER 11 INVOLUNTARY BANKRUPTCY PROCEEDING

I, Gary S. Bell, being duly sworn, state:

1.    My name is Gary S. Bell and I own and operate a farming operation in Edmonton, Kentucky.

2.    On December 6, 2010, the Petitioning Creditors[1] filed the Involuntary Petition against the Debtor.

3.    On December 7, 2010, the Petitioning Creditors filed the Trustee Motion, seeking appointment of an interim trustee to operate the Debtor's business.

4.    On December 8, 2010, I filed a Joinder to Involuntary Petition [Doc. No. 34] and joined the Involuntary Petition as a joining creditor.

5.    This Court scheduled a hearing on the Trustee Motion for December 13, 2010, at 1:30 pm in New Albany, Indiana.

1

6.      I will be unable to attend the December 13, 2010 hearing, however, I have executed a proffer of testimony ("Proffer") in support of the Trustee Motion.  The Proffer is attached hereto as Exhibit A and fully incorporated by reference herein.

7.      This Affidavit is submitted in support of the Proffer.  If called upon as a witness, I could and would testify as set forth in attached Exhibit A.

**[Remainder of this page intentionally left blank]**

---

[1]      Capitalized terms not specifically defined herein shall have the meaning given to them in the Emergency Motion Under 11 U.S.C. §§303(f) and (g), 105 and 1104(a) For an Order Appointing an Interim Trustee and Authorizing and Directing Interim Trustee to Operate Debtor's Business (the "Trustee Motion") [Doc. No. 27].

I declare under penalty of perjury under the laws of the Commonwealth of Kentucky that

the foregoing is true and correct to the best of my knowledge and belief.

*Gary S. Bell*

Gary S. Bell

COMMONWEALTH OF KENTUCKY                    )

                                            )ss:

COUNTY OF Warren                            )

Subscribed and sworn to me by Gary S. Bell this \O day of December, 2010.

*Karrie Kingen*

Notary Public

My Commission Expires:  9-15-12

(SEAL)

4187723_1.doc



3

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| | ) | **Chapter 11** |
| | ) | |
| Debtor | ) | |
| | ) | |

**PROFFER OF TESTIMONY OF GARY S. BELL RELATED TO THE APPOINTMENT
OF AN INTERIM TRUSTEE IN THE ABOVE-CAPTIONED CHAPTER 11
INVOLUNTARY BANKRUPTCY PROCEEDING**

I, Gary S. Bell, being duly sworn, hereby state:

**QUESTION NO. 1:**  What is your name

    *PROFFER NO. 1:*    Gary S. Bell

**QUESTION NO. 2:**  What is your occupation

    *PROFFER NO. 2:*    I own and operate a farming operation in Edmonton, Kentucky, among other businesses.

**QUESTION NO. 3:**  Are you familiar with Eastern Livestock Co., LLC and its business?

    *PROFFER NO. 3:*    Yes, Eastern Livestock Co. LLC is one of the largest cattle brokerage companies in the United States and engages in the business of purchasing cattle at auction, then selling them to feed lots where they gain weight and are prepared for slaughter.

**QUESTION NO. 4:**  Are you familiar with some of the legal issues currently affecting Eastern Livestock Co., LLC?

    *PROFFER NO. 4:*    Yes, I know that the Grain Inspection, Packers and Stockyards Administration (branch of the United States Department of Agriculture) recently started an investigation of Eastern Livestock because Eastern has been issuing unfunded checks and that a Judge in Ohio appointed a receiver to operate and control Eastern's assets.  I also know that Tommy Gibson and his wife filed for bankruptcy protection recently.

1

**QUESTION NO. 5:**  Did you do any business with Eastern Livestock Co., LLC?

    *PROFFER NO. 5:*    Yes, I sold cattle to Eastern Livestock.

**QUESTION NO. 6:**  Did Eastern Livestock Co., LLC pay you for your cattle?

    *PROFFER NO. 6:*    Yes, I received a check for $14,289.74 from Eastern but that check was returned with a label "Refer to Maker."

**QUESTION NO. 7:**  Does Eastern Livestock Co., LLC still owe you money?

    *PROFFER NO. 7:*    Yes, Eastern owes me $14,289.74 for the cattle it bought from me.

**QUESTION NO. 8:**  Did you attempt to collect the owed money from Eastern?

    *PROFFER NO. 8:*    Not directly from Eastern because, based on the "Refer to Maker" check I received from Eastern; the fact that Tommy and Patsy Gibson filed for chapter 7 bankruptcy protection; the fact that Eastern was being investigated by the Grain Inspection, Packers and Stockyards Administration; and that a Judge in Ohio appointed a receiver who took possession and control over Eastern's property, I did not think Eastern could pay the debt it owed to me.

**QUESTION NO. 9:**  How did you attempt to collect the money owed to you?

    *PROFFER NO. 9:*    I wanted to make sure my interests as a creditor were protected so I filed a UCC Financing Statement with Kentucky Secretary of State on November 24, 2010.  I also joined the involuntary chapter 11 bankruptcy petition filed against Eastern Livestock Co., LLC by the petitioning creditors.

**QUESTION NO. 10:** In your opinion, should a trustee be appointed for Eastern Livestock Co., LLC?

    *PROFFER NO. 10:*    Yes, I think that a trustee should be appointed because I want the trustee to preserve Eastern Livestock's assets for my benefit and for the benefit of other creditors.

I declare under penalty of perjury under the laws of the Commonwealth of Kentucky that
the foregoing is true and correct to the best of my knowledge and belief.

_____
Gary S. Bell

COMMONWEALTH OF KENTUCKY                    )

                                            )ss:

COUNTY OF Barren                            )

Subscribed and sworn to me by Gary S. Bell this ⟨10⟩ day of December, 2010.

_____
Notary Public

My Commission Expires: 9-15-12

(SEAL)

4187802_1.doc



3