Mark A. Robinson
VALENTI HANLEY & ROBINSON, PLLC
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
(502) 568-2100; (502) 568 2101 FAX

David L. LeBas
NAMEN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 474-0300; (512) 474-1901 FAX

John F. Massouh
John T. Huffaker
SPROUSE SHRADER SMITH, PC
701 S. Taylor, Suite 500
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 FAX

John H. Lovell
LOVELL, LOVELL, NEWSON & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Center Building
Amarillo, Texas 79101-2314
(806) 373-1515; (806) 379-7176 FAX

*Attorneys for Movants*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | § |
| | §   CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | § |
| | §   CHAPTER 11 |
| Alleged Debtor. | § |
| | § |

## MOTION FOR RELIEF FROM STAY

TO THE HONORABLE UNITED STATES BANKRUPTPCY JUDGE:

Creditors, Friona Industries, LP ("Friona"), Cactus Growers, Inc. ("Cactus"), and J & F Oklahoma Holdings, Inc. ("J&F"), collectively "Movants," file this Motion for Relief from Stay, and would show the Court as follows:

### I.
### JURISDICTION

1. On December 6, 2010 (the "Petition Date"), the petitioning creditors filed an involuntary petition under chapters 3 and 11 of the Bankruptcy Code commencing the above captioned case against the Alleged Debtor, Eastern Livestock Co., LLC ("Eastern").

2. This Court, therefore, has jurisdiction over this contested matter in accordance with 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 362, and Bankruptcy Rule 4001 and 9014.

### II.

## BACKGROUND

3.     On November 11, 2010, Friona initiated a Complaint against Eastern, its lender, Fifth Third Bank (the "Bank"), and several other parties (the "Producers") styled *Friona Industries, LP v. Eastern Livestock Co. LLC, et.al.*, Cause No. 2:10-cv-00266-J in the United States District Court for the Northern District of Texas, Amarillo Division (the "Complaint"). The Complaint was in the nature of an interpleader. Thereafter, on November 19, 2010, Cactus intervened in the Complaint, and on November 30, 2010, J&F intervened in the Complaint. Both Cactus and J&F name Eastern and the Bank as defendants, as well as several additional producers. The Movants combined have interpled approximately $6,700,000 into the registry of the Court, and in addition to Eastern and Fifth Third, joined 50 additional claimants to the interpled funds. A copy of the Complaint and the intervention complaints by Cactus and J&F are attached to this motion as Exhibit "A" and incorporated herein by reference for all purposes. The three complaints will collectively be referred to as the "Complaints."

4.     The Movants' dealings with Eastern can be summarized as follows: Movants and Eastern would enter into contracts for the sale of cattle, whereby Eastern is the seller and the Movants are the buyers. These contracts would call for the delivery of cattle at sometime in the future. As part of the agreement, the Movants would pay Eastern a "down payment" of, in most cases, $30 per head. In addition to the contract sales, Movants would at times enter into "spot sales" with Eastern wherein Eastern would offer for sale certain additional cattle not specifically identified to a contract. Eastern would generally procure cattle to identify to a contract and sell to Movants from various sources across the country, i.e. the Producers[1].

5.     Within a short period of time prior to the filing of the Complaint, the Movants purchased and received from Eastern several loads of cattle, either specifically identified to a particular contract or as the result of a "spot sale." However, after receipt of the cattle subject to such sales, and before

---

[1] The claimants to the interpled funds are from Texas (8), Oklahoma (13), Missouri (4), Arkansas (3), North Carolina (3), Tennessee (3), Kansas (3), Georgia (2), Colorado (2), Kentucky (2), and Virginia, Arizona, Florida, Illinois, Montana, and Alabama,

MOTION FOR RELIEF FROM STAY - Page 2

payment was made to Eastern for the purchase of the cattle[2], Movants were contacted by the Producers and truckers claiming that they had not been paid by Eastern for the cattle sold to Eastern and hauled to Movants[3], and requesting either a return of the cattle or payment from the Movants. Such multiple claims and demands as to the cattle necessitated the filing of the Complaints, and the interpled funds.

6.   In addition, the Complaints assert various claims by the Movants against Eastern based on the down payments paid to Eastern for the future delivery of cattle and the market differential of replacement cattle. Movants seek to recover on these claims against the interpled funds. For convenience, this Motion will describe the parties making claims asserted in the Complaints as the "Claimants" and the claims as the "Claims."

7.   As mentioned above, the Bank was named in the Complaints because it asserts a priority security interest as to any funds deemed owed to Eastern. The Bank filed a lawsuit in Hamilton County, Ohio against Eastern and various other parties on November 9, 2010, claiming a debt owed pursuant to their loan documents and overdrafts in an amount in excess of $45,000,000.

8.   Eastern has no equity in the interpled funds. The Complaints seek a determination as to the rightful party or parties entitled to some or all of the interpled funds. Although Eastern has a nominal claim, any funds it might have an interest in would not be subject to administration in this Bankruptcy Case. For example, if the District Court declares that the Producers or Movants are entitled to payment out of the interpled funds, then to that extent Eastern and the Bank have no rights to such funds. On the other hand, if the Court determines that Eastern is entitled to some or all of the funds instead of the Producers or Movants then the Bank, by virtue of its lien, would have superior rights to the funds. Either way, there is no chance that any of the interpled funds can be used to pay unsecured creditors in the bankruptcy proceeding.

---

[2] Payment by check or draft had been issued on some of the cattle, but because of the multiple conflicting claims, stop payment orders were executed on those particular checks or drafts.

[3] Eastern sold the cattle to Movants on a delivered basis, and thus Eastern arranged for and was obligated to pay for freight costs.

MOTION FOR RELIEF FROM STAY - Page 3

9. This motion, therefore, seeks relief from the automatic stay so that the Claimants can continue to proceed with the ongoing litigation in the United States District Court for the Northern District of Texas, Amarillo Division. The only party in interest with a significant connection to Indiana is Eastern, and it will not be the actual party in interest litigating the ownership and lien claims to the interpled funds. The vast majority of parties in interest are from Texas, Oklahoma, and Missouri. The Bank has already retained counsel in Texas to represent the Bank in the interpleader proceeding.

10. As this Court has already heard, the failure of Eastern has had drastic effects on the cattle industry as a whole and the efficient resolution of the Complaints in their present forum will help to avoid further delay, and will restart the effective flow of commerce and cattle in the cattle industry.

11. It is apparent that Eastern cannot obtain financing, and has no ongoing management. Eastern has no reasonable possibility of reorganizing.

## III.
## GROUNDS

12. Pursuant to 11 U.S.C. § 361(d)(2), the automatic stay shall be terminated if Eastern does not have equity in the property and the property is not necessary for an effective reorganization. As set forth above, even if Eastern is determined to have rights to the interpled funds in whole or in part, there is no equity as the Bank has a lien against such funds and its debt is in excess of $45,000,000, significantly more than the $6,700,000 at issue. Likewise, from all appearances, Eastern will not be able to reorganize and it is likely that, if an order for relief is entered, the case will convert to a chapter 7 proceeding or continue as a liquidating chapter 11 proceeding. There is no evidence that Eastern intends to reorganize or that the interpled funds are necessary for an effective reorganization. Accordingly, the stay should be terminated.

## IV.
## RELIEF REQUESTED

WHEREFORE, the Movants respectfully requests the Court to terminate the automatic stay under 11 U.S.C.§ 362 to permit the Claimants to continue and go forward in the United States District Court for the Northern District of Texas, Amarillo Division.

> Respectfully submitted,
>
> /s/ Mark A. Robinson
> VALENTI HANLEY & ROBINSON, PLLC
> One Riverfront Plaza, Suite 1950
> 401 W. Main St.
> Louisville, KY 40202
> (502) 568-2100
> mrobinson@vhrlaw.com
>
> John F. Massouh
> John T. Huffaker
> SPROUSE SHRADER SMITH, PC
> 701 S. Taylor, Suite 500
> P.O. Box 15008
> Amarillo, TX 79105-5008
> (806) 468-3300
>
> David LeBas
> NAMEN HOWELL SMITH & LEE, PLLC
> 8310 N. Capital of Texas Highway, Suite 490
> Austin, TX 78731
> (512) 474-0300
>
> John H. Lovell
> LOVELL, LOVELL, NEWSON & ISERN, LLP
> 112 West 8th Avenue, Suite 1000
> Eagle Center Building
> Amarillo, TX 79101-2314
> (806) 373-1515
>
> **Attorneys for Movants**

613153.1

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or U.S. Mail this 16th day of December, 2010 upon all parties entitled to such notice as provided by the ECF filing system, including the parties specifically set forth in the Motion to receive notice thereof.

/s/ Mark A. Robinson
Mark A. Robinson