IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRIONA INDUSTRIES, L.P. | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK CO., INC., FIFTH | § | |
| THIRD BANK, ALLEN DIETRICH, | § | |
| FARMERS BANK OF CARNEGIE, TOMMY | § | |
| BYNUM d/b/a BBL CATTLE, DIAMOND B | § | |
| RANCHES, INC., MOSELEY CATTLE | § | CAUSE NO. _____ |
| AUCTION, LLC, SOUTHEAST LIVESTOCK | § | |
| EXCHANGE, LLC, SUPERIOR LIVESTOCK | § | |
| AUCTION, INC., TURNER COUNTY STOCK | § | |
| YARDS, INC., PAUL KROPH, d/b/a K & K | § | |
| FARMS, AMOS KROPH, d/b/a K & K | § | |
| FARMS, ATHENS LIVESTOCK, BLUE | § | |
| GRASS STOCKYARDS, LLC, EAST | § | |
| TENNESSEE LIVE STOCK CENTER, INC., | § | |
| EDDIE EICKIE, GABRIEL MORENO, | § | |
| AND CHUCK MURDOCH d/b/a | § | |
| C&M CATTLE, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT IN THE NATURE OF INTERPLEADER

TO THE HONORABLE COURT:

This action is initiated by FRIONA INDUSTRIES, L.P., a Delaware limited partnership,

naming as Defendants, EASTERN LIVESTOCK CO., INC., FIFTH THIRD BANK, ALLEN

DIETRICH, FARMERS BANK OF CARNEGIE, TOMMY BYNUM d/b/a BBL CATTLE,

DIAMOND B RANCHES, INC., MOSELEY CATTLE AUCTION, LLC, SOUTHEAST

LIVESTOCK EXCHANGE, LLC, SUPERIOR LIVESTOCK AUCTION, INC., TURNER

COUNTY STOCK YARDS, INC., PAUL KROPH, d/b/a K & K FARMS, AMOS KROPH,

d/b/a K & K FARMS, ATHENS LIVESTOCK, BLUE GRASS STOCKYARDS, LLC, EAST

TENNESSEE LIVE STOCK CENTER, INC., EDDIE EICKIE, GABRIEL MORENO, and CHUCK MURDOCK d/b/a C&M CATTLE.

## I.
### PARTIES

1.     Friona Industries, L.P. is a Delaware limited partnership with its principal place of business in Amarillo, Texas.

2.     Eastern Livestock Co., Inc. is a Kentucky limited liability company with its principal place of business at 135 W. Market Street, New Albany, Indiana 47150. Service of summons on Eastern Livestock, Co., Inc. may be made by certified mail, return receipt requested addressed to its registered agent, Mark S. Fenzel, c/o Middleton & Reutlinger, 2500 Brown & Williamson Tower, Louisville, Kentucky 40202, all in accordance with Fed. R. Civ. P. 4(e)(1).

3.     Fifth Third Bank is an Ohio banking corporation with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio, 45263.  Service of summons on Fifth Third Bank may be made by certified mail return receipt requested addressed to its registered agent, James H. Hubbard at 38 Fountain Square Plaza, MD #10at 76, Cincinnati, Ohio, 45263, all in accordance with Fed. R. Civ. P. 4(e)(1).

4.     Allen Dietrich is an individual residing in Carnegie, Oklahoma and may be served with summons made by certified mail return receipt requested addressed to Allen Dietrich at RR 2, Box 416, Carnegie, Oklahoma, 73015, all in accordance with Fed. R. Civ. 4(e)(1).

5.     Farmers Bank of Carnegie is an Oklahoma bank with its principal place of business in Carnegie, Oklahoma. Service of Summons on Farmers Bank of Carnegie may be made by certified mail, return receipt requested addressed to Larry Johnson, its President, at 31 West Main Street, Carnegie, Oklahoma 73015, all in accordance with Fed. R. Civ. 4(e)(1).

6.     Tommy Bynum d/b/a BBL Cattle may be served with summons made by certified mail return receipt requested addressed to BBL Cattle at Box 39, Blackwell, Texas, 79506at the foregoing address, all in accordance with Fed. R. Civ. 4(e)(1).

7.     Diamond B Ranches, Inc. is an Arkansas corporation with its principal place of business at 700 Barber Road, Batesville, Arkansas 72501. Service of summons on Diamond B Ranches, Inc. may be made by certified mail return receipt requested addressed to its registered agent, Dwight Bransetter at 700 Barber Road, Batesville, Arizona, 72501, all in accordance with Fed. R. Civ. 4(e)(1).

8.     Moseley Cattle Auction, LLC is a George limited liability company with its principal place of business at 1617 North Main Street, Blakely, Georgia 39823. Service of summons on Moseley Cattle Auction, LLC may be made by certified mail return receipt requested addressed to its registered agent, John Fulton Moseley, III at 1044 Avlington Avenue, Blakely, Georgia 39823, all in accordance with Fed. R. Civ. 4(e)(1).

9.     Southeast Livestock Exchange, LLC is a North Carolina limited liability company with its principal place of business at 192 Ratcliff Cove Road, Waynesville, North Carolina 28786. Service of summons on Southeast Livestock Eschange, LLC may be made by certified mail return receipt requested to its registered agent, Frank G. Queen at 370 N. Main Street, Suite 300, Waynesville, North Caroline 28786, all in accordance with Fed. R. Civ. 4(e)(1).

10.     Superior Livestock Auction, Inc. is a Colorado corporation with its principal place of business at 1155 N. Colorado Avenue, Brush, Colorado 80723. Service of summons on Superior Livestock Auction, Inc. may be made by certified mail return receipt requested addressed to its registered agent, Mona F. Wahlert at 1155 North Colorado Avenue, Brush, Colorado, 80723, all in accordance with Fed. R. Civ. 4(e)(1).

11.    Turner County Stock Yards, Inc. is a Georgia corporation with its principal place of business at 1315 US Highway 41S, Ashburn, Georgia 31714. Service of summons on Turner County Stock Yards, Inc. may be made by certified mail return receipt requested addressed to its registered agent, H.R. Wiggins at 1315 US Highway 41 S, Ashburn, Georgia, 31714, all in accordance with Fed. R. Civ. 4(e)(1).

12.    Paul Kroph, d/b/a K & K Farms is an individual residing in Nashville, Arkansas and may be served with summons by certified mail, return receipt requested, addressed to Paul Kroph at 574 Blue Bayou Road S, Nashville, Arkansas 71852, all in accordance with Fed. R. Civ. 4(e)(1).

13.    Amos Kroph, d/b/a K & K Farms is an individual residing in Ozan, Arkansas and may be served with summons at by certified mail, return receipt requested, at 284 Hwy 332 W, Ozan, Arkansas 71855, all in accordance with Fed. R. Civ. 4(e)(1).

14.    Athens Livestock, is a Tennessee company with its principal place of business in Athens, Tennessee.  Athens Livestock, may be served with summons by certified mail, return receipt requested, at P.O. Box 67, Athens, Tennessee 37371, in accordance with Fed. R. Civ. 4(e)(1).

15.    Blue Grass Stockyards, LLC is a Kentucky limited liability company with its principal place of business in Lexington, Kentucky. Blue Grass Stockyards may be served with summons by certified mail, return receipt requested, upon its registered agent for service, Gene M. Barber, 375, Lisle Industrial Avenue, Lexington, Kentucky 40511, in accordance with Fed. R. Civ. 4(e)(1).

16.    East Tennessee Live Stock Center, Inc. is a Tennessee corporation with its principal place of business in Sweetwater, Tennessee.  East Tennessee Live Stock Center, Inc.

may be served with summons by certified mail, return receipt requested, upon its registered agent

for service, Mark W. Houston at Shy 11 N, P.O. Box 326, Sweetwater, Tennessee 37874, in

accordance with Fed. R. Civ. 4(e)(1).

17.    Eddie Eickie is an individual residing in Snyder, Texas. Mr. Eickie may be served

with summons by certified mail, return receipt requested, at 1188 CO Rd 1202, Snyder, Texas

79549, in accordance with Fed. R. Civ. 4(e)(1).

18.    Gabriel Moreno is an individual residing in El Paso, Texas. Mr. Moreno may be

served with summons by certified mail, return receipt requested, at 6025 Ojo de Agua Dr., El

Paso, Texas 79912, in accordance with Fed. R. Civ. 4(e)(1).

19.    Chuck Murdock d/b/a C&M Cattle is an individual residing in Oklahoma. Chuck

Murdock may be served with summons by certified mail, return receipt requested at P.O. Box

67, Boise City, Oklahoma 73933, in accordance with Fed. R. Civ. 4(e)(1).

## II.
### JURISDICTION AND VENUE

20.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §1335 because this

case is in the nature of an interpleader and there are two or more adverse claimants of diverse

citizenship claiming, or who may claim to be entitled, to the interpled funds.

21.    This Court is proper venue for this action under 28 U.S.C.A. §1397 because a

claimant to the fund resides in the Northern District of Texas, specifically, Amarillo, Texas.

## III.
### FACTUAL STATEMENT

22.    Eastern is one of the largest dealers in the United States. On any given business

day, Eastern will be purchasing hundreds of thousands of dollars worth of cattle and also

delivering hundreds of thousands of dollars of other cattle.

23.    Eastern is a "dealer" as that term is defined in the Packers and Stockyards Act of the United States.  As such, Eastern acquires cattle from hundreds of sources by purchase and resells cattle, often after sorting them into merchantable groups, to end users and purchasers such as Friona.  In acquiring cattle, Eastern agreed to purchase the cattle, either at auctions or from individual suppliers, for a given price and attempts to profit upon the resale of the cattle.

24.    On various dates prior to the date of filing of this action, Friona entered into agreements for the purchase of cattle from Eastern.  These transactions are defined by written confirmations and memoranda governed, also, by a "Master Purchase Agreement" (the "Agreements").  Generally, the terms of the Agreements include the following:

25.    The confirmations include a description of the cattle being sold.

26.    The Agreements call for cattle to be delivered at a future date which may be near term or at a later date.

27.    Subject to certain contingencies, the Agreements call for Friona to make a "down payment" on the cattle equivalent to $30 per head.

28.    The Agreements may include a price determination mechanism granting one or the other party to the contract an option to declare the final agreed upon price in advance based on a relationship to futures contract prices.

29.    The Agreements call for cattle to be delivered to the feed yards owned by Friona.

30.    The Agreements call for payment to be made following final delivery of the cattle.

31.    The Agreements include the grant of a security interest in the subject cattle to secure Friona with respect to all of Eastern's obligations to Friona.

32.     There currently exist two types of Agreements. The first is where Friona recently received delivery of cattle from Eastern pursuant to the terms of the Agreements (the "Delivered Agreements"), and the second is where the Agreements call for future delivery of cattle to Friona from Eastern (the "Undelivered Agreements").

33.     With regard to the Delivered Agreements, Friona has withheld payment to Eastern because Friona received numerous conflicting claims as to the right to such payments. Therefore, because of such conflicting claims, Friona may be subject to multiple liability. The amount owed for cattle under the Delivered Agreements make up the interpled funds, for which there are multiple conflicting claims.

34.     With regard to the Undelivered Agreements, Friona fully performed its obligations and made payment to Eastern for a "down payment" of $30 per head. Based on Eastern's inability to perform on the Undelivered Agreements, Friona has paid $627,780.00 to Eastern, constituting the "down money" associated with the Undelivered Agreements. Eastern has failed to perform on the Undelivered Agreements, and there is little to no likelihood of future performance, as no additional cattle will be delivered thereunder (hereinafter, "Friona's Down Money Claim").

35.     Friona claims the right to offset the Friona Down Money Claim against such amounts that might otherwise be payable by Friona to Eastern under previously performed contracts with Eastern. In addition, Friona has been damaged by Eastern's breach of the Agreements because Friona will have to procure replacement cattle at a higher market price. As of the filing of this Complaint, Friona estimates that it will incur a net loss of approximately $147,000 by virtue of Eastern's non-delivery of future cattle measured by market price differential (hereinafter, the "Friona Contract Differential Claim"). Friona claims the right to

offset the Friona Contract Differential Claim against such amounts that might otherwise be payable by Friona to Eastern under previously performed contracts with Eastern.

36.     Fifth Third has previously filed a Uniform Commercial Code Financing Statement in the State of Kentucky being statement 2004-2031185-96. According to Fifth Third's Financing Statement, it holds a lien on the assets set forth therein which, in summary would include all of Eastern's assets, and, without limitation, purports to include accounts, equipment, farm products, including livestock and inventory. Reference is hereby made to Fifth Third's Uniform Commercial Code filing.

37.     On November 4, 2010, Friona became aware of active rumors in the industry that Eastern was in financial difficulty. On the same date, Friona was informed by Eastern's President, Tommy Gibson, that Fifth Third had frozen all of Eastern's bank accounts.

38.     Beginning on November 4, 2010 and continuing until the filing of this Complaint, Friona has received contacts and claims from numerous parties who claim to have sold cattle to Eastern and not yet been paid (the "Unpaid Claimants"), and claim that the cattle were delivered to a Friona owned feedyard facility. The Unpaid Claimants have requested that Friona make payment to them directly, instead of making payment to Eastern under the Agreements.

39.     Based on communications from Allen Dietrich & Farmers Bank of Carnegie, Allen Dietrich & Farmers Bank of Carnegie are Unpaid Claimants.

40.     Based on communications from BBL Cattle, BBL Cattle is an Unpaid Claimant.

41.     Based on communications from Diamond B. Ranch, Diamond B. Rranch is an Unpaid Claimant.

42.     Based on communications from Moseley Cattle Auction, LLC, Moseley Cattle Auction, LLC is an Unpaid Claimant.

COMPLAINT IN THE NATURE OF INTERPLEADER
607561_1.DOCX

PAGE 8

43.   Based on communications from Second Chance Livestock, Second Chance Livestock is an Unpaid Claimant.

44.   Based on communications from Southeast Livestock Exchange, Southeast Livestock Exchange is an Unpaid Claimant.

45.   Based on communications from Superior Livestock Auction, Superior Livestock Auction is an Unpaid Claimant.

46.   Based on communications from Turner County Stock Yards, Inc, Turner County Stock Yards is an Unpaid Claimant.

47.   The Unpaid Claimants have requested and demanded of Friona, that it make payment directly to the respective Unpaid Claimants as opposed to Friona's usual method of payment by draft made jointly payable to Eastern and Fifth Third.

48.   Attached hereto and labeled Exhibit "A" is a spreadsheet listing various purchase orders of Friona along with the cattle count and agreed upon purchase price (less previously paid down payments) for cattle received by Friona for which no final payment has been made.

49.   Based on the events of November 4, 2010 and subsequent, Friona has good cause to believe that Eastern will not be able to further perform on its contracts for future delivery of cattle to Friona.  To the extent such contracts are breached, Friona will suffer damages with respect to the $30 per head down payment and will suffer damages due to market differentials. Consequently, Friona has a claim against Eastern and has a right to offset such claim against funds it would otherwise owe Eastern.  Friona also has a contractual security interest in cattle which are subject to its purchase contracts.

50.   Based upon the events of November 4, 2010, Friona has good cause to believe that it will be subject to multiple and conflicting claims with respect to cattle for which it has

received delivery and to funds that might otherwise be payable to Eastern and its lender, Fifth Third Bank under the Agreements.

51.    This action is electronically filed on Thursday, November 11, 2010, a date upon which the office of the clerk of the United States District Clerk for the Northern District of Texas, Amarillo Division is closed for a legal holiday. On Friday November 12, 2010, Friona will place in the Registry of the Court the amount of $2,542,846.79, which fund is paid into the Registry of the Court pursuant to 28 U.S.C.A. §1335 and representing the contractual price net of specific down payments previously made on the cattle delivered and included in this action (the "Stake").

## IV.
### COUNT I – ACTION IN THE NATURE OF INTERPLEADER

52.    Friona has received multiple conflicting claims to the Stake from the Unpaid Claimants, Eastern, and Fifth Third.  Such multiple and conflicting claims to the Stake may subject Friona to multiple liability.

53.    In addition, Friona asserts its right to exercise its right of offset against the Stake at least in the amount of the Friona Down Payment Claim and the Friona Contract Differential Claim.

54.    Friona further asserts its security interest in all subject cattle to secure it as to the obligations of Eastern to deliver cattle or, alternatively, refund down payments and pay market differential damages.

55.    Friona asserts that its claim of offset and its security interest takes priority above Fifth Third Bank and any other claimant made a party hereto, or later joining this action.

56.    Therefore, Friona pleads its claim to the Stake.

**V.**
**COUNT II – BREACH OF CONTRACT**

57.    Eastern is unable to perform its contractual duties pursuant to outstanding contracts and is, therefore, in breach of contract.

58.    Friona has been damaged by Eastern's breach of contract and seeks damages associated with such breach(s). In that regard, Friona asserts a claim of offset against the Stake.

**VI.**
**COUNT III – OTHER SUIT INJUNCTIONS**

59.    Friona asserts its right under 28 U.S.C. §2361 for a preliminary and permanent injunction and requests the Court to enter an injunction restraining any claimants to the Stake from instituting or prosecuting any proceeding in any state or United States court affecting the Stake and brought against Friona.

60.    There is no adequate remedy at law for Friona because it is facing conflicting demands and possible multiple litigation regarding the Stake. Accordingly, an injunction as set forth herein is proper and authorized under 28 U.S.C. §2361.

**VII.**
**COUNT IV – DECLARATORY JUDGMENT**

61.    Friona hereby seeks a declaratory judgment pursuant to 28 U.S.C. §2201 & 2202. Specifically, Friona requests the Court to declare that Friona's claim to the Stake, to the extent of its right of offset and, security interest, is superior and prior to any other claimant to the Stake.

**VII.**
**COUNT IV – ATTORNEY'S FEES AND COSTS**

67.    Friona has engaged the services of the undersigned attorneys to file this action and has agreed to pay them a reasonable fee for their services. Therefore, Friona seeks and is entitled to its attorney's fees and costs associated with this action.

## VIII.
## DEPOSIT AT INTEREST

68.    Plaintiff requests the court to enter an order providing for deposit of the interpled fund in an appropriate interest bearing account, such interest to accrue pro rata to the benefit of such claimants as may be subsequently awarded funds.

### CONCLUSION AND PRAYER

FOR THE FOREGOING REASONS, Plaintiff, Friona Industries, L.P., hereby requests that the Court issue process for all Defendants, and upon final hearing of this case, grant the relief requested above, and such other and further relief as Plaintiff may be justly entitled.

Respectfully submitted,
SPROUSE SHRADER SMITH P.C.
John Huffaker SBN 10187600
John Massouh, SBN 24026866
701 S. Taylor, Suite 500
Amarillo, Texas 79101
(806) 468-3300
FAX (806) 373-3454

    /s/ John Huffaker
John Huffaker
**Attorneys for Plaintiff**

| Seller | Claimant | Fi PO Number | Head ct | PW | $/cwt | Sex | Net Invoice |
|--------|----------|--------------|---------|-----|-------|-----|-------------|
| Eastern Livestock | Alan Dietrich | 22293 | 72 | 48647 | $ 119.31 | S | $ 55,880.74 |
| Eastern Livestock | Athens Livestock, TN | 22292 | 59 | 49110 | $ 105.72 | H | $ 50,149.09 |
| Eastern Livestock | BBL Cattle | 22292 | 108 | 75617 | $ 111.00 | H | $ 80,694.87 |
| Eastern Livestock | BBL Cattle | 22293 | 196 | 146549 | $ 116.43 | S | $ 164,747.00 |
| Eastern Livestock | Blue Grass Stockyards | 22528 | 69 | 50054 | $ 113.55 | S | $ 54,766.22 |
| Eastern Livestock | Blue Grass Stockyards | 22292 | 95 | 61887 | $ 112.96 | H | $ 67,057.56 |
| Eastern Livestock | C&M Cattle | 22292 | 69 | 43291 | $ 113.92 | H | $ 47,247.11 |
| Eastern Livestock | Diamond B Ranch | 22896 | 60 | 48402 | $ 108.72 | S | $ 52,622.65 |
| Eastern Livestock | Diamond B Ranch | 22896 | 63 | 48539 | $ 106.20 | H | $ 51,548.42 |
| Eastern Livestock | East Tenn. Livestock | 22292 | 65 | 48976 | $ 108.88 | H | $ 51,375.07 |
| Eastern Livestock | East Tenn. Livestock | 22528 | 66 | 48417 | $ 113.19 | S | $ 52,823.20 |
| Eastern Livestock | Eastern Livestock | 22292 | 72 | 46960 | $ 112.92 | H | $ 50,867.23 |
| Eastern Livestock | Eastern Livestock | 22528 | 68 | 51110 | $ 112.47 | S | $ 55,443.42 |
| Eastern Livestock | Eastern Livestock | 22529 | 71 | 51610 | $ 106.07 | H | $ 52,612.73 |
| Eastern Livestock | Eastern Livestock | 22529 | 63 | 49420 | $ 103.79 | H | $ 49,403.02 |
| Eastern Livestock | Eastern Livestock | 22528 | 59 | 44825 | $ 112.15 | S | $ 48,501.24 |
| Eastern Livestock | Eastern Livestock | 22292 | 108 | 60567 | $ 116.56 | H | $ 67,356.90 |
| Eastern Livestock | Eddie Eickle | 22293 | 64 | 48255 | $ 116.19 | S | $ 54,147.49 |
| Eastern Livestock | Gabriel Moreno | 22895 | 160 | 111285 | $ 100.00 | H | $ 111,285.00 |
| Eastern Livestock | Gabriel Moreno | 22903 | 137 | 99450 | $ 106.57 | S | $ 105,983.87 |
| Eastern Livestock | K&K Farms | 22528 | 65 | 45562 | $ 114.51 | S | $ 50,223.05 |
| Eastern Livestock | Mosley Cattle | 22292 | 140 | 92767 | $ 112.48 | H | $ 100,144.32 |
| Eastern Livestock | Mosley Cattle | 22529 | 67 | 47981 | $ 106.51 | H | $ 49,094.56 |
| Eastern Livestock | Mosley Cattle | 22529 | 70 | 50372 | $ 106.35 | H | $ 51,470.62 |
| Eastern Livestock | Mosley Cattle | 22292 | 75 | 48262 | $ 113.28 | H | $ 52,421.19 |
| Eastern Livestock | Southeast Livestock | 22529 | 84 | 48206 | $ 112.19 | H | $ 51,562.31 |
| Eastern Livestock | Superior L/S | 21768 | 72 | 41703 | $ 107.10 | H | $ 43,628.91 |
| Eastern Livestock | Superior L/S | 21493 | 68 | 39847 | $ 117.49 | H | $ 44,776.24 |
| Eastern Livestock | Superior L/S | 21921 | 72 | 45394 | $ 115.16 | H | $ 50,117.13 |
| Eastern Livestock | Superior L/S | 22293 | 77 | 47540 | $ 121.67 | S | $ 55,531.92 |
| Eastern Livestock | Superior L/S | 21894 | 90 | 43388 | $ 121.19 | S | $ 49,880.12 |
| Eastern Livestock | Superior L/S | 22292 | 80 | 43728 | $ 117.12 | H | $ 48,814.23 |
| Eastern Livestock | Superior L/S | 22529 | 195 | 140742 | $ 106.27 | H | $ 143,716.52 |
| Eastern Livestock | Superior L/S | 22292 | 150 | 90003 | $ 115.00 | H | $ 99,003.45 |
| Eastern Livestock | Superior L/S | 22293 | 195 | 150612 | $ 115.47 | S | $ 168,061.68 |
| Eastern Livestock | Superior L/S | 22293 | 68 | 48971 | $ 117.55 | S | $ 55,525.41 |
| Eastern Livestock | Superior L/S | 22292 | 79 | 48368 | $ 114.52 | H | $ 53,021.03 |
| Eastern Livestock | Turner Co. Stockyds | 22292 | 69 | 48049 | $ 111.16 | H | $ 51,341.27 |

**TOTAL DEPOSIT**                                                              **$ 2,542,846.79**


# EXHIBIT "A"

District Version 4.1.1                                                    Page 1 of 2

## Complaints and Other Initiating Documents
2:10-cv-00266 Friona Industries, L.P. v. Eastern Livestock Co. LLC et al

#### U.S. District Court

#### Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered by Huffaker, John on 11/11/2010 at 7:05 PM CST and filed on 11/11/2010

**Case Name:**         Friona Industries, L.P. v. Eastern Livestock Co. LLC et al
**Case Number:**    2:10-cv-00266-J
**Filer:**               Friona Industries, L.P.
**Document Number:** 1
**Judge Assigned:**    Mary Lou Robinson (presiding)

**Docket Text:**
**INTERPLEADER COMPLAINT** *Complaint in the Nature of Interpleader* **against Athens Livestock, Blue Grass Stockyards, LLC, Tommy Bynum, Diamond B Ranches, Inc., Allen Dietrich, East Tennessee Live Stock Center, Inc., Eastern Livestock Co. LLC, Eddie Eickie, Farmers Bank of Carnegie, Fifth Third Bank, Amos Kroph, Paul Kroph, Gabriel Moreno, Moseley Cattle Auction, LLC, Chuck Murdoch, Southeast Livestock Exchange, LLC, Superior Livestock Auction, Inc., Turner County Stock Yards, Inc. filed by Friona Industries, L.P.. Clerk to issue summons(es). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the** Judges Copy Requirements **is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (Filing fee $350; Receipt number 0539-3570019) If Interpleader funds have not yet been deposited, the interpleader is instructed to take immediate steps to tender funds to the appropriate division of the clerks office. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here:** Attorney Information - Bar Membership **(Attachments: # (1) Exhibit(s)) (Huffaker, John)**

**2:10-cv-00266-J Notice has been electronically mailed to:**

John Huffaker    john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com, rhonda.rogers@sprouselaw.com

**2:10-cv-00266-J Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

District Version 4.1.1                                                                 Page 2 of 2

[STAMP dcecfStamp_ID=1004035775 [Date=11/11/2010] [FileNumber=5187404-
0] [b55c69c745b01bf91d45fd17b56a5311b337d21bb7152f9b39639afa6f55209a00
b10c4f9636520b78b7f31057157956cb24a426f8d001ef3deb3888ae96fbd5]]
**Document description:**Exhibit(s)
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/11/2010] [FileNumber=5187404-
1] [a9e353bcf3c0cf8caeb03f5110984150b89dd64424a39177fc6610b182f7e92480
184447d93b9aea101df7af9fb10712f1efffbfb30b80d8a675aec37bd42772]]

IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRIONA INDUSTRIES, L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| EASTERN LIVESTOCK CO., INC. *et al.*, | § § § | |
| Defendants, | § § | |
| and | § § | |
| CACTUS GROWERS, INC., | § § | CAUSE NO. 2:10-cv-00266-J |
| Intervenors, | § § § | |
| v. | § § § | |
| EASTERN LIVESTOCK COMPANY, INC.<br>GENE SHIPMAN, EASTERN TENNESSEE<br>LIVESTOCK CENTER, INC., ALTON<br>DARNELL d/b/a DARNELL ALTON BARN,<br>DE CORDOVA CATTLE COMPANY,<br>SUPERIOR LIVESTOCK AUCTION, INC.,<br>STOCKMAN OKLAHOMA LIVESTOCK<br>MARKETING, INC., NICHOLS LIVESTOCK,<br>FIFTH THIRD BANK, CHESTER BAY<br>TRUCKING, EAST WEST TRUCKING CO.,<br>LLC., IKE'S TRUCKING, INC., PARKER<br>TRUCKING, NEWMAN TRUCKING, CHASE<br>CATTLE COMPANY, JC POWELL d/b/a<br>JC POWELL TRUCKING, JANE, LLC,<br>H & B TRUCKING, LLC, RON NEUFELD,<br>CRYSTAL'S LIVESTOCK EXPRESS,<br>BOMHAK TRUCKING, REITER TRUCKING,<br>INGLAND TRUCKING, LEON BOGARD,<br>PARKS LIVESTOCK, DOUBLE V. EXPRESS,<br>and LLT TRUCKING, INC. | § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

<u>CACTUS GROWERS, INC.'S ORIGINAL COMPLAINT IN INTERVENTION<br>IN THE NATURE OF INTERPLEADER</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Intervenor, CACTUS GROWERS, INC. (hereinafter "Intervenor"), complaining of EASTERN LIVESTOCK COMPANY, INC., GENE SHIPMAN, EASTERN TENNESSEE LIVESTOCK CENTER, INC., ALTON DARNELL d/b/a DARNELL ALTON BARN, DE CORDOVA CATTLE COMPANY, SUPERIOR LIVESTOCK AUCTION, INC., STOCKMAN OKLAHOMA LIVESTOCK MARKETING, INC., NICHOLS LIVESTOCK, FIFTH THIRD BANK, CHESTER BAY TRUCKING, EAST WEST TRUCKING CO., LLC., IKE'S TRUCKING, INC., PARKER TRUCKING, NEWMAN TRUCKING, CHASE CATTLE COMPANY, JC POWELL d/b/a JC POWELL TRUCKING, JANE, LLC, H & B TRUCKING, LLC, RON NEUFELD, CRYSTAL'S LIVESTOCK EXPRESS, BOMHAK TRUCKING, REITER TRUCKING, INGLAND TRUCKING, LEON BOGARD, PARKS LIVESTOCK, DOUBLE V. EXPRESS, and LLT TRUCKING, INC., and pursuant to Federal Rule of Civil Procedure 24, would show the court as follows:

**I.**

**PARTIES**

1.      Plaintiff **Friona Industries, L.P.,** is a Delaware limited partnership with its principal place of business in Amarillo, Texas.

2.      Defendant **Eastern Livestock Co., Inc.** is a Kentucky limited liability company with its principal place of business at 135 W. Market Street, New Albany, Indiana 47150. Service of summons on Eastern Livestock, Co., Inc. may be made by certified mail, return receipt requested

addressed to its registered agent, Mark S. Fenzel, c/o Middleton & Reutlinger, 2500 Brown & Williamson Tower, Louisville, Kentucky 40202, in accordance with Fed. R. Civ. P. 4(e)(1).

3. Defendant **Gene Shipman**, upon information and belief, is an individual residing in Texas. He may be served with summons made by certified mail, return receipt requested addressed to Gene Shipman, 11401 East FM 1075, Happy, TX 79042.

4. Defendant **East Tennessee Live Stock Center, Inc.**, upon information and belief, is a Tennessee corporation with its principal place of business in Sweetwater, Tennessee. Service of summons on East Tennessee Live Stock Center, Inc. may be made by certified mail, return receipt requested addressed to its registered agent, Mark W. Houston at Shy 11 North, P.O. Box 326, Sweetwater, Tennessee 37874, in accordance with Fed. R. Civ. P. 4(e)(1).

5. Defendant **Alton Darnell d/b/a Darnell Alton Barn**, upon information and belief, Alton Darnell is an individual residing in North Carolina. He may be served with summons made by certified mail, return receipt requested addressed to Alton Darnell, 480 Blevins Hollow Road, Piney Creek, North Carolina 28663.

6. Defendant **de Cordova Cattle Company**, upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed its owner, Russell Cordova at 1823 East Highway 64, Groesbeck, Texas 76642.

7. Defendant **Superior Livestock Auction, Inc.** is a Colorado corporation with its principal place of business at 1155 N. Colorado Avenue, Brush Colorado 80723. Service of summons on Superior Livestock Auction, Inc. may be made by certified mail, return receipt

requested addressed to its registered agent, Mona F. Wahlert at 1155 North Colorado Avenue, Brush, Colorado 80723, in accordance with Fed. R. Civ. P. 4(e)(1).

       8.     Defendant **Stockman Oklahoma Livestock Marketing, Inc.,** upon information and belief, is a Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. This Defendant's attorney has agreed to accept service. Service of summons on Stockman Oklahoma Livestock Marketing, Inc. may be made by certified mail, return receipt requested addressed to its attorney, Jeff Todd, McAffee & Taft, 10th Floor - Two Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102-7103.

       9.     Defendant **Nichols Livestock,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owners, Robert and Jane Nichols, at 21767 E. 1580 Road, Mount Park, Oklahoma 73559.

      10.     Defendant **Fifth Third Bank** is an Ohio banking corporation with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263. Service of summons on Fifth Third Bank may be made by certified mail, return receipt requested addressed to its registered agent, James H. Hubbard at 38 Fountain Square Plaza, MD #10 at 76, Cincinnati, OH 45263, in accordance with Fed. R. Civ. P. 4(e)(1).

      11.     Defendant **Chester Bay Trucking,** upon information and belief, is a company with its principal place of business in Colorado. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ron Bay, at 3166 Hwy 50 East, La Junta, Colorado 81050.

12.     Defendant **East West Trucking Company, LLC,** upon information and belief, is a limited liability company with its principal place of business in Kentucky. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Eastern Livestock Company, Inc., at P.O. Box 1763, Glasglow, Kentucky 42142-1763.

13.     Defendant **Ike's Trucking, Inc.,** upon information and belief, is a corporation with its principal place of business in Virginia. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Isaac Jacobs, at P.O. Box 81, St. Paul, Virginia 24283.

14.     Defendant **Parker Trucking,** upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Tommy Parker, at 5618 State Hwy 7, Marlin, Texas 76661-6640.

15.     Defendant **Newman Trucking,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Bobby Newman, at 4414 East 207th, Mounds, Oklahoma, 74047.

16.     Defendant **Chase Cattle Company,** upon information and belief, is a company with its principal place of business in Arizona. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ken Hogenes, at 9621 S. 156th Place, Gilbert, Arizona 85234.

17.    Defendant **JC Powell d/b/a JC Powell Trucking** upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owners, J.C. & Charlene Powell, at 14707 CR 496, Tyler, Texas 75706.

18.    Defendant **Jane, LLC,** upon information and belief, is a limited liability company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Jane Nichols, at 21767 E. 1580 Road, Mt. Park, Oklahoma 73559.

19.    Defendant **H&B Trucking, LLC,** upon information and belief, is a limited liability company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its president, Kendall Bayless, at RR 1 Box 15, Arnett, Oklahoma 73832-9701.

20.    Defendant **Ron Neufeld,** upon information and belief, is an individual residing in Florida. He may be served with summons made by certified mail, return receipt requested addressed to Ron Neufeld, 5590 NE 157th Terr., Williston, Florida 32696.

21.    Defendant **Crystal's Livestock Express,** upon information and belief, is a company with its principal place of business in Kansas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Dave Crystal, at 692 E. 600th Avenue, Pittsburg, Kansas 66762.

22.    Defendant **Bomhak Trucking,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail,

return receipt requested addressed to its owner, Terry Bomhak, at 5704 N. Shepherd, El Reno, Oklahoma 73036.

23.    Defendant **Reiter Trucking**, upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ronnie Reiter, at 324 Elm Street, Hereford, Texas 79045.

24.    Defendant **Ingland Trucking**, upon information and belief, is a company with its principal place of business in Kansas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Jim Ingland, at 11932 Rd. 6, Liberal, Kasnas 67901.

25.    Defendant **Leon Bogard** upon information and belief, is an individual residing in Oklahoma. He may be served with summons made by certified mail, return receipt requested addressed to Leon Bogard, 2003 N. Spruce, McAllister, Oklahoma 74501.

26.    Defendant **Parks Livestock** upon information and belief, is a company with its principal place of business in Illinois. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Shawn Andrews, at 9810 U.S. Route 150, Oakwood, Illinois 61858.

27.    Defendant **Double V Express,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Vernon Verhoeff, at 709 W. Broadway, Custer City, Oklahoma 73639.

28.    Defendant **LLT Trucking, Inc.** upon information and belief, is a corporation with its principal place of business in Oklahoma. It may be served with summons made by certified mail,

return receipt requested addressed to its owner, Fred Loughridge, at 2501 Exchange Ave., Oklahoma City, Oklahoma 73108-2447.

29.     Intervenor **Cactus Growers, Inc.** is a Texas Corporation with its principal place of business in Amarillo, Texas.

## III.

## BACKGROUND

30.     Eastern Livestock Co., Inc. ("Eastern") is one of the largest cattle dealers in the United States. On any given business day, Eastern will be purchasing hundreds of thousands of dollars worth of cattle and also delivering hundreds of thousands of dollars of other cattle.

31.     Eastern is a "dealer" as that term is defined in the Packers and Stockyards Act of the United States. As such, Eastern acquires cattle from hundreds of sources by purchase and resells cattle, often after sorting them into merchantable groups, to end users and purchasers such as Cactus Growers. In acquiring cattle, Eastern agreed to purchase the cattle, either at auctions or from individual suppliers, for a given price and attempts to profit upon the resale of the cattle.

32.     On various dates prior to the date of filing of this action, Cactus Growers entered into agreements for the purchase of cattle from Eastern. These transactions are defined by written Contracts For Sale of Cattle ("Contracts"). Generally, the terms of the Contracts include the following:

a.     The Contracts include a description of the cattle being sold.

b.     The Contracts call for cattle to be delivered at a future date which may be near term or at a later date.

    c.      Subject to certain contingencies, the Contracts call for Cactus Growers to make a "down payment" on the cattle equivalent to $30 per head.

    d.      The Contracts may include a price determination mechanism granting one or the other party to the contract an option to declare the final agreed upon price in advance based on a relationship to futures contract prices.

    e.      The Contracts call for cattle to be delivered to the feed yards owned by Cactus Feeders.

    f.      The Contracts call for payment to be made following final delivery of the cattle.

    g.      The Contracts include the grant of a security interest in the subject cattle to secure Cactus Growers with respect to all of Eastern's obligations to Cactus Growers.

33.      There were two types of contracts between Cactus Growers and Eastern. The first was Cattle Commitments a/k/a Purchase Orders ("Purchase Orders") where Cactus Growers has a short term order of cattle, usually an order to be filled within 30 days, and no down payment is required. There has been partial delivery on these Purchase Orders. The second type of contract is the Contract for Sale of Cattle ("Contract") (which is referenced in paragraph 32 above), which is where the Contracts call for future delivery of cattle to Cactus Growers from Eastern, Cactus Growers makes a down payment of $30/head, and the cattle will usually be delivered after 30 days or more.

34.      With regard to the Purchase Orders, Cactus Growers has withheld certain payments from Eastern because Cactus Growers received numerous conflicting claims as to the right to such payments. Therefore, because of such conflicting claims, Cactus Growers may be subject to multiple

liabilities. The amount owed by Cactus Growers for cattle delivered to Cactus Growers under the Purchase Orders makes up the interpled funds, for which there are multiple conflicting claims.

35.    With regard to the Contracts for Sale of Cattle, Cactus Growers fully performed its obligations and made payment to Eastern for a "down payment" of $30 per head. Cactus Growers has paid $283,080.00 to Eastern, constituting the "down money" associated with the Contracts for Sale of Cattle. Eastern has failed to perform on the Contracts for Sale of Cattle, and with Eastern's insolvency and the receivership, there is little to no likelihood of future performance, as no additional cattle will be delivered thereunder (hereinafter, "Cactus Growers' Down Money Claim").

36.    Cactus Growers claims the right to offset the Cactus Growers' Down Money Claim against such amounts that might otherwise be payable by Cactus Growers to Eastern under previously performed contracts with Eastern. In addition, Cactus Growers has been damaged by Eastern's breach of the Contracts and Purchase Orders because Cactus Growers will have to procure replacement cattle at a higher market price. As of the filing of this Complaint, Cactus Growers estimates that it will incur a net loss of approximately $360,000.00 by virtue of Eastern's non-delivery of future cattle measured by market price differential (hereinafter, the "Cactus Growers' Contract Differential Claim"). Cactus Growers claims the right to offset the Cactus Growers' Contract Differential Claim against such amounts that might otherwise be payable by Cactus Growers to Eastern under previously performed contracts with Eastern.

37.    Fifth Third Bank has previously filed a Uniform Commercial Code Financing Statement in the State of Kentucky being statement 2004-2031185-96. According to Fifth Third's Financing Statement, it holds a lien on the assets set forth therein which, in summary would include all of Eastern's assets, and, without limitation, purports to include accounts, equipment, farm

products, including livestock and inventory. Reference is hereby made to Fifth Third's Uniform Commercial Code filing.

38.     On November 3, 2010, Cactus Growers became aware of active rumors in the industry that Eastern was in financial difficulty. On November 4, 2010, Cactus Growers was informed by Eastern's President, Tommy Gibson, that Fifth Third had frozen all of Eastern's bank accounts.

39.     Beginning on November 4, 2010 and continuing until the filing of this Complaint, Cactus Growers has received contacts and claims from numerous parties who claim to have sold cattle to Eastern and have not yet been paid (the "Unpaid Claimants'), and claim that the cattle were delivered to a Cactus Feeders owned feedyard facility. The Unpaid Claimants have requested that Cactus Growers make payment to them directly, instead of making payment to Eastern under the Contracts and Purchase Orders.

40.     Based on communications from Gene Shipman he is an Unpaid Claimant.

41.     Based on communications from Eastern Tennessee Live Stock Center, Inc., it is an Unpaid Claimant.

42.     Based on communications from Alton Darnell, he is an Unpaid Claimant.

43.     Based on communications from de Cordova Cattle Company, it is an Unpaid Claimant.

44.     Based on communications from Nichols Livestock, it is an Unpaid Claimant.

45.     Based on communications from Superior Livestock Auction, it is an Unpaid Claimant.

46.     Based on communications from Stockman Oklahoma Livestock Marketing, Inc., it is an Unpaid Claimant.

47.     Based on communications from Chester Bay Trucking, it is an Unpaid Claimant.

48.     Based on communications from East West Trucking Co., LLC, it is an Unpaid Claimant.

49.     Based on communications from Ike's Trucking it is an Unpaid Claimant.

50.     Based on communications from Parker Trucking it is an Unpaid Claimant.

51.     Based on communications from Newman Trucking it is an Unpaid Claimant.

52.     Based on communications from Chase Cattle Company it is an Unpaid Claimant.

53.     Based on communications from JC Powell d/b/a JC Powell Trucking he is an Unpaid Claimant.

54.     Based on communications from Jane, LLC it is an Unpaid Claimant.

55.     Based on communications from H & B Trucking, LLC, it is an Unpaid Claimant.

56.     Based on communications from Ron Neufeld he is an Unpaid Claimant.

57.     Based on communications from Crystal's Livestock Express it is an Unpaid Claimant.

58.     Based on communications from Bomhak Trucking it is an Unpaid Claimant.

59.     Based on communications from Reiter Trucking it is an Unpaid Claimant.

60.     Based on communications from Ingland Trucking it is an Unpaid Claimant.

61.     Based on communications from Leon Bogard he is an Unpaid Claimant.

62.     Based on communications from Parks Livestock it is an Unpaid Claimant.

63.     Based on communications from Double V Express it is an Unpaid Claimant.

64.     Based on communications from LLT Trucking, Inc. it is an Unpaid Claimant.

65.     The Unpaid Claimants have requested and demanded of Cactus Growers, that it make payment directly to the respective Unpaid Claimants as opposed to Cactus Growers's usual method of payment by check made payable to Eastern.

66.     Attached hereto and labeled Exhibit "A" is a spreadsheet listing various Contracts and Purchase Orders of Cactus Growers along with the cattle count and agreed upon purchase price (less previously paid down payments) for cattle received by Cactus Growers for which no final payment has been made.

67.     Based on the events of November 4, 2010 and subsequent, including the appointment of a receiver for Eastern, Cactus Growers has good cause to believe that Eastern will not be able to further perform on its Contracts for future delivery of cattle to Cactus Growers. On November 11, 2010, Cactus Growers sent a demand for assurance of performance to Ms. Elizabeth Lynch, the receiver appointed for Eastern. A copy of the demand for assurance is attached hereto as Exhibit B.

68.     Cactus Growers did not receive a response or any assurance from the receiver of Eastern that Eastern could perform on the Contracts and Purchase Orders and deliver the contracted cattle to Cactus Growers free and clear of liens, claims, and encumbrances. Therefore, on November 12, 2010, Cactus Growers terminated all of its open purchase contracts with Eastern as it appeared that it would be contractually impossible for Eastern to perform Eastern's contracts with Cactus Growers. A copy of the letter terminating the open contracts is attached hereto as Exhibit C. To the extent such contracts are breached, Cactus Growers will suffer damages with respect to the $30 per head down payment and will suffer damages due to market differentials. Consequently, Cactus Growers has a claim against Eastern and has a right to offset such claim against funds it would

otherwise owe Eastern. Cactus Growers also has a contractual security interest in cattle which are subject to its purchase contracts.

69.    Based upon the events of November 4, 2010, Cactus Growers has good cause to believe that it will be subject to multiple and conflicting claims with respect to cattle for which it has received delivery and to funds that might otherwise be payable to Eastern.

70.    Simultaneously with this filing, Cactus Growers will place in the Registry of the Court the amount of $1,767,599.37, which fund is paid into the Registry of the Court pursuant to 28 U.S.C.A. §1335 and representing the contractual price net of specific down payments and rejected cattle previously made on the cattle delivered and included in this action (the "Stake").

## IV.

### PETITION IN INTERVENTION

71.    Intervenor has standing to intervene into this cause pursuant to Fed. R. Civ. P. 24(a), Intervenor has an interest relating to the transaction that is the subject of this action, and the Intervenor is so situated that disposing of the action may as a practical matter impair or impede the Intervenor's ability to protect its interest, unless existing parties adequately represent its interest.

72.    This Court has jurisdiction of this case pursuant to 28 U.S.C.A. § 1335 because this case is in the nature of an interpleader and there are two or more adverse claimants of diverse citizenship claiming, or who may claim to be entitled, to the interpled funds.

73.    This Court is a proper venue for this action under 28 U.S.C.A. § 1397 because a claimant to the fund resides in the Northern District of Texas, specifically Amarillo, Texas.

V

### Count I – Action in the Nature of Interpleader

74.     Cactus Growers has received multiple conflicting claims to the Stake from the Unpaid Claimants, Eastern, and Fifth Third.  Such multiple and conflicting claims to the Stake may subject Cactus Growers to multiple liability.

75.     In addition, Cactus Growers asserts its right to exercise its right of offset against the Stake at least in the amount of the Cactus Growers' Down Payment Claim and the Cactus Growers' Contract Differential Claim.

76.     Cactus Growers further asserts its security interest in all subject cattle or their proceeds to secure it as to the obligations of Eastern to deliver cattle or, alternatively, refund down payments and pay market differential damages.

77.     Cactus Growers asserts that its claim of offset and its security interest takes priority above Fifth Third Bank and any other claimant made a party hereto, or later joining this action.

78.     Therefore, Cactus Growers pleads its claim to the Stake.

### VI.

### Count II – Breach of Contract

79.     Eastern was unable to perform its contractual duties pursuant to outstanding contracts and Purchase Orders and is, therefore, in breach of contract.  Eastern repudiated the Contracts and Purchase Orders, and Cactus Growers justifiably terminated the Contracts and Purchase Orders with Eastern.

---

80.     Cactus Growers has been damaged by Eastern's breaches of contract and seeks damages associated with such breach(es). In that regard, Cactus Growers asserts a claim of offset against the Stake.

## VII.

### Count III – Other Suit Injunctions

81.     Cactus Growers asserts its right under 28 U.S.C. §2361 for a preliminary and permanent injunction and requests the Court to enter an injunction restraining any claimants to the Stake from instituting or prosecuting any proceeding in any state or United States court affecting the Stake and brought against Cactus Growers.

82.     There is no adequate remedy at law for Cactus Growers because it is facing conflicting demands and possible multiple litigation regarding the Stake. Accordingly, an injunction as set forth herein is proper and authorized under 28 U.S.C. §2361.

## VIII.

### Count IV – Declaratory Judgment

83.     Cactus Growers hereby seeks a declaratory judgment pursuant to 28 U.S.C. §2201 & 2202. Specifically, Cactus Growers requests the Court to declare that Cactus Growers' claim to the Stake, to the extent of its right of offset and, security interest, is superior and prior to any other claimant to the Stake. Cactus Growers further requests that the Court declare and determine Eastern's failure to adequately assure Cactus Growers of future performance, that Eastern repudiated the Contracts and Purchase Orders, and that Eastern has breached the Contracts and Purchase Orders.

## IX.

### Count IV – Attorney's Fees and Costs

67.    Cactus Growers has engaged the services of the undersigned attorneys to file this action and has agreed to pay them a reasonable fee for their services.  Therefore, Cactus Growers seeks and is entitled to its attorney's fees and costs associated with this action.

## X.

### DEPOSIT AT INTEREST

68.    Cactus Growers requests the court to enter an order providing for deposit of the interpled fund in an appropriate interest bearing account, such interest to accrue pro rata to the benefit of such claimants as may be subsequently awarded funds.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Intervenor, Cactus Growers, Inc., hereby requests that the Court issue process for all Defendants, and upon final hearing of this case, grant the relief requested above, and such other and further relief as Intervenor may be justly entitled.

DATED this 19th day of November, 2010.

Respectfully submitted,

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, State Bar No. 12609300
Courtney D. Miller, State Bar No. 24055342
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176


By: _____
Courtney D. Miller

ATTORNEYS FOR INTERVENOR


## CERTIFICATE OF CONFERENCE

I hereby certify that on the 19th day of November, 2010, John Lovell attempted to confer with counsel listed below, but he was unable to reach him. However, based upon previous conversations, John Lovell believes that **he is not opposed** to Cactus Feeder's Inc. Petition in Intervention in the nature of Interpleader.

John Huffaker
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
Amarillo, TX 79101


_____
John H. Lovell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered, as certified below, this 19th day of November, 2010, to:

John Huffaker                                                                                    *Via Electronic Mail*
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
Amarillo, TX 79101

Courtney D. Miller

| Delivery Date | Cactus Contr # | Source | Delivery Location | Head | Sex | Pay wght | Gross amount due Eastern | Draws pmt pd by Cactus | Net Amt of Referred Cattle | Amount Due | Trucker |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/01/2010 | 40493A | Gene Shipman | ULY | 71.0 | strs | 62,553.0 | $ 48,861.16 | $ - | $ (16,154.48) | $ 31,906.68 | Chester Bay |
| 11/01/2010 | 39903 | Eastern Tennessee Livestock Center, Inc. | ULY | 57.0 | strs | 49,050.0 | $ 51,703.61 | $ (1,710.00) | | $ 49,993.61 | East West Trucking Co |
| 11/01/2010 | 39903 | Alton Darnell | ULY | 120.0 | strs | 98,803.0 | $ 105,573.14 | $ (3,600.00) | | $ 101,973.14 | Ite'z Trucking |
| 11/02/2010 | 40581 | de Cordova Cattle Company | ULY | 115.0 | strs | 74,666.0 | $ 85,865.90 | $ - | | $ 85,865.90 | de Cordova Cattle Co. |
| 11/02/2010 | 40582 | Superior 10319 | ULY | 67.0 | strs | 46,080.0 | $ 52,531.20 | $ - | | $ 52,531.20 | 22 Parker Trucking (No invoice) |
| 11/02/2010 | 40493A | Superior 4151A | ULY | 80.0 | strs | 45,621.0 | $ 51,551.71 | $ - | | $ 51,551.71 | Newman trucking |
| 11/02/2010 | 40524 | Superior 8835 | HCF | 66.0 | hfrs | 48,927.0 | $ 52,038.76 | $ - | | $ 52,038.76 | Larry Bradley 9 |
| 11/03/2010 | 39903 | Alton Darnell | ULY | 59.0 | strs | 49,960.0 | $ 52,942.61 | $ (1,770.00) | | $ 51,172.61 | 518 Parks (Truck Name Recorded from Manifest) |
| 11/03/2010 | 39903 | Superior Lot 5614 | ULY | 163.0 | strs | 132,614.0 | $ 141,698.06 | $ (4,950.00) | | $ 136,748.06 | Chase Cattle Co |
| 11/03/2010 | 40582 | Superior 10088 | ULY | 67.0 | strs | 47,412.0 | $ 53,897.96 | $ - | | $ 53,897.96 | 2 JC Powell (No invoice = Calculated miles at rate) |
| 11/05/2010 | 40524B | Stockman'z | HCF | 64.0 | hfrs | 45,452.0 | $ 48,676.44 | $ - | | $ 48,676.44 | East West |
| 11/08/2010 | 39918 | Nichols Livestock | SFY | 125.0 | strs | 98,349.0 | $ 104,079.84 | $ (3,750.00) | | $ 104,029.84 | Jase |
| 11/08/2010 | 39903 | Superior Lot 7194 | ULY | 120.0 | strs | 96,712.0 | $ 102,759.78 | $ (3,600.00) | | $ 99,159.78 | H & B Trucking LLC |
| 11/08/2010 | 39918 | Superior Lot 10556 | SFY | 66.0 | strs | 49,157.0 | $ 54,465.96 | $ (1,980.00) | | $ 52,485.96 | J C Powell |
| 11/08/2010 | 40557 | Superior Lot 8787 | ULY | 58.0 | strs | 46,844.0 | $ 50,910.06 | $ - | | $ 50,910.06 | Ron Neufeld |
| 11/08/2010 | 40141 | Superior 10141 | HCF | 64.0 | hfrs | 48,765.0 | $ 51,456.83 | $ - | | $ 51,456.83 | Crystal's Livestock |
| 11/08/2010 | 39894 | Superior 8894 | HCF | 65.0 | hfrs | 47,354.0 | $ 50,593.01 | $ - | | $ 50,593.01 | Ron Neufeld |
| 11/09/2010 | 40568 | Superior Lot 10568 | ULY | 54.0 | strs | 44,489.0 | $ 47,536.50 | $ (1,020.00) | | $ 45,916.50 | (No Invoice) |
| 11/09/2010 | 39903 | Superior Lot 10555 | SFY | 195.0 | strs | 150,881.0 | $ 161,176.15 | $ (5,910.00) | | $ 161,266.15 | (No Invoice) |
| 11/09/2010 | 40581 | Superior 7538A | ULY | 70.0 | strs | 47,628.0 | $ 54,200.66 | $ - | | $ 54,200.66 | Chester Bay (No invoice) |
| 11/09/2010 | 40671 | Superior 10671 | ULY | 69.0 | strs | 48,781.0 | $ 54,429.84 | $ - | | $ 54,429.84 | Chester Bay (No invoice) |
| 11/09/2010 | 40582 | Superior Lot 510299 | ULY | 129.0 | strs | 92,238.0 | $ 104,643.25 | $ - | | $ 104,643.25 | GKW/LLT Trucking & Leon Bogard |
| 11/09/2010 | 40582 | Superior 7538B | ULY | 67.0 | strs | 51,353.0 | $ 56,507.74 | $ - | | $ 56,507.74 | Beebak Trucking |
| 11/09/2010 | 40493A | Superior Lot 8739 | ULY | 210.0 | strs | 151,386.0 | $ 164,743.66 | $ - | | $ 164,743.66 | Vernon Verhat/England Trucking/Ronnie Reist Trucking |
| | | Totals | | 2,233.0 | | 1,654,955.0 | $ 1,812,643.85 | $ (28,990.00) | $ (16,154.48) | $ 1,767,599.37 | |





John H. Lovell ✧
Joe L. Lovell ✧ † †
Tim Newsom † †
Kevin A. Isern † ‡
Brad B. Boyd
Courtney D. Miller
Greg S. Freeman
Deborah D. Reeves

✧ Board Certified Civil Trial Law
Texas Board of Legal Specialization

† Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

‡ Board Certified Civil Trial Advocate
National Board of Trial Advocacy

A Limited Liability Partnership
Attorneys Licensed in Texas, New Mexico, Oklahoma & Mississippi

November 11, 2010

Ms. Elizabeth Lynch
Vice President
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, Ohio 43017-5045

*Via Fax to: 614/734-2718*
*812/949-9060*
*Electronic Mail to: elynch@dsi.biz*

        RE:    Eastern Livestock

Dear Ms. Lynch:

        I represent Cactus Feeders, Inc. I have been informed that yesterday you were appointed as the receiver for Eastern Livestock.

        Cactus Feeders has several open cattle contracts and purchase orders with Eastern Livestock. The reference number on those contracts are:

| | |
|---|---|
| 40357 | 39918 |
| 40112 | 39917 |
| 39903 | 40581 |
| 40576 | 40405 |
| 40493-A | 40406 |
| 40585 | 40404 |
| 40524-B | 40407 |

        Cactus Feeders has recently been informed from several reliable sources that Eastern Livestock's bank has returned Eastern's checks to its suppliers. Combined with your appointment as Eastern's receiver, it appears that Eastern Livestock in insolvent.

        Cactus Feeders is insecure in knowing that Eastern can deliver the contracted cattle to Cactus free and clear of liens, competing ownership claims and free of reclamation claims.

        As we are all aware, cattle are perishable. They cannot be inventoried or "stored." Cactus Feeders needs to know whether Eastern can perform on these open contracts. If not, Cactus needs to make other arrangements to obtain the cattle it needs.

EXHIBIT
B

Ms. Elizabeth Lynch                              LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
November 11, 2010                                                           - Page 2 -

    If you cannot give Cactus Feeders adequate assurance of full performance of the open contracts by 5:00 p.m. on November 12, 2010, Cactus Feeders will terminate these contracts, and obtain replacement cattle to cover.

    I look forward to your response.

                                        Sincerely,


                                        John H. Lovell

JHL/sd
Att.

xc: Kim Lewis (kim.lewis@dinslaw.com)
    Tim Robinson (trobinson@dinslaw.com)



John H. Lovell ❖
Joe L. Lovell ❖ † ‡
Tim Newsom † ‡
Kevin A. Isern † ‡
Brad B. Boyd
Courtney D. Miller
Greg S. Freeman
Deborah D. Reeves

A Limited Liability Partnership
Attorneys Licensed in Texas, New Mexico, Oklahoma & Mississippi

❖ Board Certified Civil Trial Law
Texas Board of Legal Specialization

† Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

‡ Board Certified Civil Trial Advocate
National Board of Trial Advocacy

November 12, 2010

Ms. Elizabeth Lynch
Vice President
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, Ohio 43017-5045

*Via Fax to: 614/734-2718*
*812/949-9060*
*Electronic Mail to: elynch@dsi.biz*

RE:   Eastern Livestock

Dear Ms. Lynch:

Cactus Feeders, Inc. has not received a response to my November 11, 2010 demand for adequate assurance of performance in regard to the contracts listed on my November 11, 2010 letter.

Cactus also learned today that Superior Livestock terminated its sales contracts to Eastern Livestock on November 10, 2010. Those Superior Livestock sales contracts to Eastern were to be the source of the cattle to be delivered to Cactus. So, it appears that it is now contractually impossible for you to perform Eastern's contracts with Cactus. And, Eastern's obvious insolvency makes it clear that Eastern Livestock cannot financially perform on its open contracts with Cactus Feeders to acquire the cattle to fill Eastern's contracts with Cactus.

Cactus hereby terminates all its open purchase contracts with Eastern Livestock.

Cactus Feeders hereby demands the return of its down payments on the undelivered cattle.

Sincerely,

John H. Lovell

JHL/sb
xc: Cactus Feeders (via email)
xc: Tim Robinson (via email)
xc: Kim Martin Lewis (via email)
xc: John Persiani (via email)
xc: Chris Brumfield (via email)

EXHIBIT
C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRIONA INDUSTRIES, L.P., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK CO., INC. *et al.*, | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | CAUSE NO. 2:10-cv-00266-J |
| CACTUS GROWERS, INC., | § | |
| Intervenor, | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK COMPANY, INC., *et al.*, | § | |
| Defendants. | § | |
| | § | |
| and | § | |
| | § | |
| J & F OKLAHOMA HOLDINGS, INC., | § | |
| Intervenor, | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK CO., LLC, FIFTH THIRD BANK, SOUTHEAST LIVESTOCK EXCHANGE, LLC, SUPERIOR LIVESTOCK AUCTION, INC., TURNER COUNTY STOCK YARDS, INC., CPC LIVESTOCK, LLC, NORTHERN LIVESTOCK, believed to be doing business as BILLINGS LIVESTOCK COMMISSION COMPANY, LLC, GIBSON CATTLE COMPANY, L.L.C., JOPLIN REGIONAL STOCKYARDS, INC., PIEDMONT LIVESTOCK COMPANY, INC., DON GREEN, GARY SEALS LIVESTOCK, WILLIAM BUSH, TOM SVOBODA, CLF FEEDERS, RANDY HOOVER & SON, LLC and OTTO HAMILTON, | § | |
| Defendants. | § | |

Intervention and Complaint in the Nature of Interpleader

TO THE HONORABLE COURT:

This action is initiated by J & F OKLAHOMA HOLDINGS, INC., a Delaware corporation, naming as Defendants, EASTERN LIVESTOCK CO., LLC, FIFTH THIRD BANK, SOUTHEAST LIVESTOCK EXCHANGE, LLC, SUPERIOR LIVESTOCK AUCTION, INC., TURNER COUNTY STOCK YARDS, INC., CPC LIVESTOCK, LLC, NORTHERN LIVESTOCK, believed to be doing business as BILLINGS LIVESTOCK COMMISSION COMPANY, LLC, GIBSON CATTLE COMPANY, L.L.C., JOPLIN REGIONAL STOCKYARDS, INC., PIEDMONT LIVESTOCK COMPANY, INC., DON GREEN, GARY SEALS LIVESTOCK, WILLIAM BUSH, TOM SVOBODA, CLF FEEDERS, RANDY HOOVER & SON, LLC and OTTO HAMILTON.

## I.
## PARTIES

1.     J & F Oklahoma Holdings, Inc. is a Delaware corporation that conducts interstate business in the Northern District of Texas and elsewhere.

2.     Eastern Livestock Co., LLC is a Kentucky limited liability company with its principal place of business at 135 W. Market Street, New Albany, Indiana 47150. Service of summons on Eastern Livestock, Co., LLC may be made by certified mail return receipt requested addressed to its registered agent, Capitol Corporate Services, Inc., 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504, all in accordance with Fed. R. Civ. P. 4(e)(1).

3.     Fifth Third Bank is an Ohio banking corporation with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio, 45263. Service of summons on Fifth Third Bank may be made by certified mail return receipt requested addressed to its registered agent, James R. Hubbard, at 38 Fountain Square Plaza, MD #10 at 76, Cincinnati, Ohio, 45263, all in accordance with Fed. R. Civ. P. 4(e)(1).

4.      Southeast Livestock Exchange, LLC is a North Carolina limited liability company with its principal place of business at 192 Ratcliff Cove Road, Waynesville, North Carolina 28786. Service of summons on Southeast Livestock Exchange, LLC may be made by certified mail return receipt requested to its registered agent, Frank G. Queen, at 370 N. Main Street, Suite 300, Waynesville, North Carolina 28786, all in accordance with Fed. R. Civ. 4(e)(1).

5.      Superior Livestock Auction, Inc. is a Colorado corporation with its principal place of business at 1155 N. Colorado Avenue, Brush, Colorado 80723. Service of summons on Superior Livestock Auction, Inc. may be made by certified mail return receipt requested addressed to its registered agent, Mona F. Wahlert, at 1155 North Colorado Avenue, Brush, Colorado 80723, all in accordance with Fed. R. Civ. 4(e)(1).

6.      Turner County Stock Yards, Inc. is a Georgia corporation with its principal place of business at 1315 US Highway 41 S., Ashburn, Georgia 31714. Service of summons on Turner County Stock Yards, Inc. may be made by certified mail return receipt requested addressed to its registered agent, H. R. Wiggins, at 1315 US Highway 41 S., Ashburn, Georgia 31714, all in accordance with Fed. R. Civ. 4(e)(1).

7.      CPC Livestock, LLC is a Kentucky limited liability company with its principal place of business at 13196 Holland Road, Fountain Run, Kentucky 42133. Service of summons on CPC Livestock, LLC may be made by certified mail return receipt requested, addressed to its registered agent, Jimmy Marshall Celsor, at 13196 Holland Road, Fountain Run, Kentucky 42133, all in accordance with Fed. R. Civ. P. 4(e)(1).

8.      Northern Livestock, believed to be doing business as Billings Livestock Commission Company, LLC, is a Montana limited liability company with its principal place of business at 2443 N. Frontage Road, Billings, Montana 59101. Service of summons on Northern

Livestock, believed to be doing business as Billings Livestock Commission Company, LLC, may be made by certified mail return receipt requested, addressed to its registered agent, Verda L. Wyman, at 2443 N. Frontage Road, Billings, Montana 59101, all in accordance with Fed. R. Civ. P. 4(e)(1).

9.     Gibson Cattle Company, L.L.C. is an Indiana limited liability company with its principal place of business at 135 W. Market Street, New Albany, Indiana 47150. Service of summons on Gibson Cattle Company, L.L.C. may be made by certified mail return receipt requested, addressed to its registered agent, Grant Gibson, at 135 W. Market Street, New Albany, Indiana 47150, or at Gibson Cattle Company, L.L.C., c/o Barbara Clark, 1031 N. Graham Avenue, Indianapolis, Indiana 46219, all in accordance with Fed. R. Civ. P. 4(e)(1).

10.     Joplin Regional Stockyards, Inc. is a Missouri corporation with its principal place of business at 10131 Cimarron Road, Carthage, Missouri 64836. Service of summons on Joplin Regional Stockyards, Inc. may be made by certified mail return receipt requested, addressed to its registered agent, Randell D. Wallace, at 10131 Cimarron Road, Carthage, Missouri 64836, all in accordance with Fed. R. Civ. P. 4(e)(1).

11.     Piedmont Livestock Company, Inc. is a North Carolina corporation with its principal place of business at 2471 Basin Creek Road, Burlington, North Carolina 27217. Service of summons on Piedmont Livestock Company, Inc. may be made by certified mail return receipt requested, addressed to its registered agent, Joseph Ray Jones, at 2471 Basin Creek Road, Burlington, North Carolina 27217, all in accordance with Fed. R. Civ. P. 4(e)(1).

12.     Don Green is an individual who may be served with summons by certified mail return receipt requested at 9973 County Road 87, Roanoke, Alabama 36274, all in accordance with Fed. R. Civ. P. 4(e)(1).

13.    Gary Seals Livestock is an unincorporated business entity with its principal place of business at Kale Loop, Dunlap, Tennessee 37327. Service of summons on Gary Seals Livestock may be made by certified mail return receipt requested, addressed to its registered agent, Gary Seals, at Kale Loop, Dunlap, Tennessee 37327, all in accordance with Fed. R. Civ. P. 4(e)(1).

14.    William Bush is an individual who may be served with summons by certified mail return receipt requested at Route 2, Box 42, Snyder, Oklahoma 73566, all in accordance with Fed. R. Civ. P. 4(e)(1).

15.    Tom Svoboda is an individual who may be served with summons by certified mail return receipt requested at 3065 AA Avenue, Herington, Kansas 67449, all in accordance with Fed. R. Civ. P. 4(e)(1).

16.    CLF Feeders is an unincorporated business entity with its principal place of business at 2123 W. Mill Street, Buffalo, Missouri 65622. Service of summons on CLF Feeders may be made by certified mail return receipt requested, addressed to its owner, Aaron Miller, at 2123 W. Mill Street, Buffalo, Missouri 65622, all in accordance with Fed. R. Civ. P. 4(e)(1).

17.    Randy Hoover & Son, LLC is a Missouri limited liability company with its principal place of business at 28 Court Square, P.O. Box 400, Gainesville, Missouri 65655. Service of summons on Randy Hoover & Son, LLC may be made by certified mail return receipt requested, addressed to its registered agent, Jessica Peterson Blackburg, at 28 Court Square, P.O. Box 400, Gainesville, Missouri 65655, all in accordance with Fed. R. Civ. P. 4(e)(1).

18.    Otto Hamilton is an individual who may be served with summons by certified mail return receipt requested at RR1 Box 3980, Dora, Missouri 65637, all in accordance with Fed. R. Civ. P. 4(e)(1).

34275-501 1316659v8

## II.
### JURISDICTION AND VENUE

19.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §1335 because this case is in the nature of an interpleader and there are two or more adverse claimants of diverse citizenship claiming, or who may claim to be entitled, to the interpled funds.

20.    This Court is a proper venue for this action under 28 U.S.C.A. §1397 because Eastern Livestock, one of the claimants to the interpleaded funds, does business in the Northern District of Texas and therefore "resides" in the district for purposes of 28 U.S.C. §1391 and 28 U.S.C. §1335.

## III.
### FACT STATEMENT

21.    During the time material to this suit, Eastern was one of the largest cattle dealers in the United States.  On any given business day, Eastern would purchase, sell and deliver hundreds of thousands of dollars worth of cattle.

22.    During all material times, Eastern was a "dealer" as that term is defined in the Packers and Stockyards Act of the United States.  As such, Eastern acquired cattle from hundreds of sources by purchase and resold them, often after sorting them into merchantable groups, to end users and purchasers such as J & F.  In acquiring cattle, Eastern agreed to purchase the cattle, either at auctions or from individual suppliers, for a given price and attempted to profit upon the resale of the cattle.

23.    On various dates before the date of filing of this action, J & F entered into agreements ("Agreements") for the purchase of cattle from Eastern.  These transactions involved agreements for the future delivery of cattle, or for cattle that were purchased for immediate

Intervention and Complaint in the Nature of Interpleader
Page 6

34275-501 1316659v8

delivery. Agreements for future delivery generally involved the following actions and documents:

      a.     Written documents after telephone discussions were generated by J & F and by Eastern. These documents generally referred to cattle in groups of 500 to 1,000 head, contained descriptions of the cattle to be delivered, and contained pricing and delivery terms.

      b.     J & F usually made a down payment to Eastern of $30.00 per head.

      c.     The cattle would be delivered by truckload with head counts differing depending on weight and other variables, and final payment would be made after delivery, with adjustments made on a "slide" basis.

    24.    For cattle that were purchased for immediate delivery, the following actions generally occurred:

      a.     Verbal agreements were reached concerning cattle characteristics, pricing, and delivery.

      b.     Payment would be made within 24 hours after delivery.

    25.    The Agreements made the subject of this Complaint fall into two categories. The first involves Agreements for which cattle have been delivered by Eastern to J & F ("Delivered Agreements"), and the second involves Agreements that called for future delivery of cattle to J & F from Eastern (the "Undelivered Agreements").

    26.    With regard to Delivered Agreements, J & F has withheld payment to Eastern because J & F received numerous conflicting claims as to the right to such payments. One category of Delivered Agreements involves cattle for which J & F issued checks to Eastern and for which J & F was able to stop payment after it learned of the November 4 events. Exhibit A, attached hereto and incorporated by reference, describes these transactions with reference to the agreement between J & F and Eastern. Exhibit A includes a column titled "Eastern Producer" that includes the name of the party Eastern told J & F, after the November 4 events, from which

Eastern had purchased the cattle. J & F does not admit for lack of knowledge whether these statements made by Eastern are correct or not. The total amount of these funds (less previously paid down payments) is $1,922,321.15 (hereinafter, the "Category One Delivered Agreement Funds"). The Category One Delivered Agreement Funds constitute part of the interpleaded funds, for which there are multiple conflicting claims.

27.    Another category of Delivered Agreements involves cattle for which J & F had not yet issued checks to Eastern after it learned of the November 4 events. Exhibit B, attached hereto and incorporated by reference, describes these transactions with reference to the agreement between J & F and Eastern. Exhibit B includes a column titled "Origin" that includes information Eastern told J & F, after the November 4 events, about where Eastern had purchased the cattle. J & F does not admit for lack of knowledge whether these statements made by Eastern are correct or not. The total amount of these funds (less previously paid down payments) is $376,243.46 (hereinafter, the "Category Two Delivered Agreement Funds"). The Category Two Delivered Agreement Funds constitute part of the interpleaded funds, for which there are multiple conflicting claims.

28.    Before J & F learned of the November 4 and subsequent events, it had issued payment to Eastern for contract adjustments for cattle previously delivered. J & F was able to stop payment for the adjustments described on Exhibit C, attached and incorporated by reference, in the amount of $16,125.52 (the "Contract Adjustment Funds"). The Contract Adjustment Funds constitute part of the interpleaded funds, for which there are multiple conflicting claims.

29.    Another category of Delivered Agreements involved cattle delivered on or about August 16, 2010. On that date J & F received 476 steers from Eastern under a contract that

required Eastern to provide age and source verification.    Eastern has not provided this verification and now it appears that it will be unable to do so.    The purchase price payable if the verification were provided was $246,148.93 (the "Verification Funds").    J & F claims that the cattle were $40.00 per head less valuable than the contract price, for a total discount of $19,040.00 (hereinafter, the "Verification Discount").    These transactions are described on Exhibit D, attached and incorporated by reference.    The Verification Funds constitute part of the interpleaded funds, for which there are multiple conflicting claims.

30.    With regard to the Undelivered Agreements, J & F fully performed its obligations and made payment to Eastern for a "down payment" of $30 per head.    The total amount of the "down money" payments currently outstanding on the Undelivered Agreements is $236,070.00 (hereinafter, "Down Money Claim") as calculated on Exhibit E attached hereto and incorporated by reference.    Eastern has failed to perform its obligations due under the Undelivered Agreements, and there is little to no likelihood of future performance by Eastern.

31.    Further, with regard to the Undelivered Agreements, J & F has been damaged by Eastern's breach of the Agreements because J & F will have to procure replacement cattle at a higher market price.    As of the filing of this Complaint, J & F estimates that it will incur a net loss of approximately $93,407.08 by virtue of Eastern's non-delivery of future cattle measured by market price differential (hereinafter, the "Contract Differential Claim"), as calculated on Exhibit F, attached hereto and incorporated by reference.

32.    J & F claims the right to recoup or offset the Verification Discount, the Down Money Claim, and the Contract Differential Claim against such amounts that might otherwise be payable by J & F to Eastern under previously performed contracts with Eastern.    Fifth Third has previously filed a Uniform Commercial Code Financing Statement No. 2004-2031185-96 in the

State of Kentucky. According to Fifth Third's Financing Statement, it holds a lien on the assets set forth therein which purports to include accounts, equipment, and farm products, including livestock and inventory. Reference is hereby made to Fifth Third's Uniform Commercial Code filing.

33.    On November 4, 2010, J & F became aware of active rumors in the industry that Eastern was in financial difficulty. On the same date, J & F was informed by Eastern's President, Tommy Gibson, that Fifth Third had frozen all of Eastern's bank accounts.

34.    Beginning on November 4, 2010 and continuing until the filing of this Complaint, J & F has received contacts and claims from numerous parties who claim to have sold cattle to Eastern and not yet been paid (the "Unpaid Claimants"). The Unpaid Claimants have asked J & F to make payment to them directly, instead of making payment to Eastern under the Agreements.

35.    Based on communications from Southeast Livestock Exchange, LLC, Southeast Livestock Exchange, LLC is an Unpaid Claimant.

36.    Based on communications from Superior Livestock Auction, Inc., Superior Livestock Auction, Inc. is an Unpaid Claimant.

37.    Based on communications from Turner County Stock Yards, Inc., Turner County Stock Yards, Inc. is an Unpaid Claimant.

38.    Based on communications from CPC Livestock, LLC CPC Livestock, LLC is an Unpaid Claimant.

39.    Based on communications from Northern Livestock, believed to be doing business as Billings Livestock Commission Company, LLC, Northern Livestock, believed to be doing business as Billings Livestock Commission Company, LLC, is an Unpaid Claimant.

40.    Based on communications from Gibson Cattle Company, L.L.C., Gibson Cattle Company, L.L.C. is an Unpaid Claimant.

41.    Based on communications from Joplin Regional Stockyards, Inc., Joplin Regional Stockyards, Inc. is an Unpaid Claimant.

42.    Based on communications from Piedmont Livestock Company, Inc., Piedmont Livestock Company, Inc. is an Unpaid Claimant.

43.    Based on communications from Don Green, Don Green is an Unpaid Claimant.

44.    Based on communications from Gary Seals Livestock, Gary Seals Livestock is an Unpaid Claimant.

45.    Based on communications from William Bush, William Bush is an Unpaid Claimant.

46.    Based on communications from Tom Svoboda, Tom Svoboda is an Unpaid Claimant.

47.    Based on communications from CLF Feeders, CLF Feeders is an Unpaid Claimant.

48.    Based on communications from Randy Hoover & Son, LLC, Randy Hoover & Son, LLC is an Unpaid Claimant.

49.    Based on communications from Shawn Hamilton, Shawn Hamilton is an Unpaid Claimant.

50.    The Unpaid Claimants have requested and demanded of J & F that it make payment directly to the respective Unpaid Claimants as opposed to J & F's usual method of payment by check to Eastern.

51.     Based on the events of November 4, 2010 and subsequent thereto, J & F has good cause to believe that Eastern will not be able to perform its contracts for future delivery of cattle to J & F.  To the extent such contracts are breached, J & F will suffer damages with respect to the Verification Discount Claim, Down Money Claim, and the Contract Differential Claim. Consequently, J & F has a claim against Eastern and has a right to recoup or offset such claims against funds it would otherwise owe Eastern.

52.     Based upon the events of November 4, 2010, J & F has good cause to believe that it will be subject to multiple and conflicting claims with respect to cattle for which it has received delivery and to funds that might otherwise be payable to Eastern and its lender, Fifth Third Bank, under the Agreements.

53.     On or about the filing of this Complaint, J & F will place in the Registry of the Court the amount of $2,560,839.06, which fund is paid into the Registry of the Court pursuant to 28 U.S.C.A. §1335 and represents the total of the Category One Delivered Agreement Funds ($1,922,321.15, per Exhibit A), the Category Two Delivered Agreement Funds ($376,243.46, per Exhibit B), the Contract Adjustment Funds ($16,125.52, per Exhibit C) and the Verification Funds ($246,148.93, per Exhibit D) (the "Stake").

## IV.
### PETITION IN INTERVENTION

54.     J & F has standing to intervene in this cause pursuant to Fed. R. Civ. P. 24(a).  J & F has an interest relating to the transaction that is the subject of this action, and is so situated that disposing of the action may, as a practical matter, impair or impede J & F's ability to protect its interest, unless existing parties adequately represent its interest.

55.     Alternatively, J & F has standing to intervene into this case pursuant to Fed. R. Civ. P. 24(b) because it has a claim or defense that shares with the main action a common question of law or fact.

56.     This Court has jurisdiction of this case pursuant to 28 U.S.C.A. § 1335 because this case is in the nature of an interpleader and there are two or more adverse claimants of diverse citizenship claiming, or who may claim to be entitled, to the interpled funds.

57.     This Court is a proper venue for this action under 28 U.S.C.A. §1397 because Eastern Livestock, one of the claimants to the interpleaded funds, does business in the Northern District of Texas and therefore "resides" in the district for purposes of 28 U.S.C. §1391 and 28 U.S.C. §1335.

## V.
## COUNT I – ACTION IN THE NATURE OF INTERPLEADER

58.     J & F has received multiple conflicting claims to the Stake from the Unpaid Claimants, Eastern, and Fifth Third.  Such multiple and conflicting claims to the Stake may subject J & F to multiple liability.

59.     In addition, J & F asserts its right to exercise its right of recoupment or offset against the Stake at least in the amount of the Verification Discount, Down Payment Claim and the Contract Differential Claim.

60.     J & F asserts that its claim of recoupment or offset takes priority above Fifth Third Bank and any other claimant made a party hereto, or later joining this action.

61.     Therefore, J & F pleads its claim to the Stake.

## VI.
## COUNT II – BREACH OF CONTRACT

62.     Eastern is unable to perform its contractual duties pursuant to outstanding

contracts and is, therefore, in breach of contract.

63.   J & F has been damaged by Eastern's breach of contract and seeks damages associated with such breach(es).  In that regard, J & F asserts a claim of recoupment and offset against the Stake.

## VII.
### COUNT III – OTHER SUIT INJUNCTIONS

64.   J & F asserts its right under 28 U.S.C. §2361 for a preliminary and permanent injunction and requests the Court to enter an injunction restraining any claimants to the Stake from instituting or prosecuting any proceeding in any state or United States court affecting the Stake and brought against J & F.

65.   There is no adequate remedy at law for J & F because it is facing conflicting demands and possible multiple litigation regarding the Stake.  Accordingly, an injunction as set forth herein is proper and authorized under 28 U.S.C. §2361.

## VIII.
### COUNT IV – DECLARATORY JUDGMENT

66.   J & F hereby seeks a declaratory judgment pursuant to 28 U.S.C. §2201 & 2202. Specifically, J & F requests the Court to declare that J & F's claim to the Stake, to the extent of its right of recoupment or offset is superior and prior to any other claimant to the Stake.

## IX.
### COUNT V – ATTORNEY'S FEES AND COSTS

67.   J & F has engaged the services of the undersigned attorneys to file this action and has agreed to pay them a reasonable fee for their services.  Therefore, J & F seeks and is entitled to its attorney's fees and costs associated with this action.

34275-501 1316659v8

## X.
### DEPOSIT AT INTEREST

68.    J & F requests the court to enter an order providing for deposit of the interpled fund in an appropriate interest bearing account, such interest to accrue pro rata to the benefit of such claimants as may be subsequently awarded funds.

### CONCLUSION AND PRAYER

FOR THE FOREGOING REASONS, Intervenor, J & F Oklahoma Holdings, Inc., hereby requests that the Court issue process for all Defendants, and upon final hearing of this case, grant the relief requested above, and such other and further relief as J & F may be justly entitled.

Respectfully submitted,

David L. LeBas, SBN 12098600
NAMAN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901

and

7480 Golden Pond Place, Suite 300
Amarillo, Texas 79121

By: /s/
_____
David L. LeBas

*Attorneys for Intervenor,*
*J & F Oklahoma Holdings, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with John Huffaker, counsel for Friona Industries, L.P., and he stated that he is opposed to J & F Oklahoma Holdings, Inc.'s Intervention and Complaint in the Nature of Interpleader. I also conferred with John Hunt Lovell, counsel for Cactus Growers, Inc., and he stated that he is unopposed to J & F Oklahoma Holdings, Inc.'s Intervention and Complaint in the Nature of Interpleader. I have been unable to reach David J. Potter, counsel for Amos Kroph and Paul Kroph.

/s/
_____
David L. LeBas


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was this 30th day of November, 2010, served upon counsel in this cause by facsimile as follows:

John Huffaker                      *Via Fax: 806.373.3454*
Sprouse Shrader Smith
701 S Taylor, Suite 500
Amarillo, TX 79101

John Hunt Lovell                   *Via Fax: 806.379.7176*
Lovell Lovell Newsom & Isern
Eagle Centre Bldg
112 W 8th Ave, Suite 1000
Amarillo, TX 79101-2314

David J Potter                     *Via Fax: 903.792.6553*
David J Potter & Associates
901 N Stateline Ave
Texarkana, TX 75501

/s/
_____
David L. LeBas

34275-501 1316659v8

# Exhibit A

| Payment Date Issued | Eastern Invoice # | Feedyard Invoice # | Eastern Producer | Delivery Location | HEAD/WEIGHT | Sex | Amount | Trucker |
|---|---|---|---|---|---|---|---|---|
| 11/02/10 | 314364 | JXUV314364-IN | CLF FEEDERS | YUM | 119/99264# | strs | 104,766.73 | East West |
| 11/02/10 | 310949 | 1GJ310949-IN | CPC LIVESTOCK | GIL | 200/144579# | strs | 166,627.30 | T and K S and S Buchan |
| 11/03/10 | 314370 | JKU314370-IN | JOPLIN REGIONAL | KUN | 130/103625# | hfrs | 108,287.08 | Cook |
| 11/02/10 | 314366 | JYUV314366-IN | JOPLIN REGIONAL | YUM | 72/ | hfrs | 56,761.75 | Head |
| 11/01/10 | 310526 | JIN310526-IN | NORTHERN LIVESTOCK | INT | 56/45287# | strs | 49,589.27 | Corcso |
| 11/03/10 | 314369 | JKU314369-IN | PIEDMONT LIVESTOCK | KUN | 63/49040# | hfrs | 51,246.80 | Johnmeyer |
| 11/03/10 | 310955 | JYUV310955-IN | RANDY HOOVER AND SON | YUM | 66/ | hfrs | 45,163.42 | West Plains |
| 11/03/10 | 310959 | J10V310959-IN | RANDY HOOVER AND SON | YUM | 10/ | strs | 63,387.46 | |
| | | | SUPERIOR LIVESTOCK | | 67 47320 | strs | | |
| 11/03/10 | 310968 | JYUV310968-IN | Otto Hambelton | YUM | 56/50803# | strs | 52,227.60 | Buddy Head |
| 11/03/10 | 310976 | JKU310976-IN | SOUTHEAST L/S EXCHANGE | KUN | 56/48471# | strs | 49,155.66 | RR |
| 11/03/10 | 316089 | JXI316089-IN | SOUTHEAST L/S EXCHANGE | XIT | 67/49118# | hfrs | 54,508.32 | Southland |
| 11/02/10 | 316074 | JCI316074-IN | SUPERIOR LIVESTOCK | CIM | 320/238722# | strs | 270,246.28 | Bertam Reiber Z, CT Z, |
| 11/01/10 | 310528 | JIN310528-IN | SUPERIOR LIVESTOCK | INT | 55/47690# | hfrs | 48,557.96 | Green Valley |
| 11/03/10 | 315380 | JIN315380-IN | SUPERIOR LIVESTOCK | INT | 97/55061# | hfrs | 61,370.99 | Rep Dispatch |
| 11/01/10 | 310939 | J10V310939-IN | SUPERIOR LIVESTOCK | YUM | 65/49157# | hfrs | 95,517.82 | ? |
| | 310939 | SPLIT LOAD | DON GREEN | | 61/ | hfrs | | |
| 11/01/10 | 310938 | J1UV310938-IN | SUPERIOR LIVESTOCK | YUM | 214/145608# | hfrs | 156,528.60 | ? |
| 11/03/10 | 310967 | J1UV310967-IN | SUPERIOR LIVESTOCK | YUM | 63/ | hfrs | 52,788.76 | H and B |
| 11/01/10 | 310941 | JYUV310941-IN | TURNER CO STOCKYARDS | YUM | 31/22675 | hfrs | 24,630.14 | ? |
| 11/01/10 | 310936 | JYUV310936-IN | TURNER CO STOCKYARDS | YUM | 34/24869 | stre | 96,478.42 | ? |
| | 310936 | SPLIT LOAD | DON GREEN | | 9/ | strs | | |
| | 310936 | SPLIT LOAD | GARY SEALS LIVESTOCK | | 73/ | strs | | |
| 11/01/10 | 310937 | JYUV310937-IN | WILLIAM BUSH | YUM | 56/53312# | strs | 211,501.55 | ? |
| | 310937 | SPLIT LOAD | TOM SVOBODA | | | 162 strs | | |
| 11/02/10 | 310550 | JKU310550-IN | GIBSON CATTLE | Kun | 124/100862 | hfrs | 102879.24 | East West |
| | | | | | | | 1,922,321.15 | |

# Exhibit B

| Cattle not paid for | Head Count | Invoice Date | Amount Due | Feedyard | Eastern Invoice | Payweight | Origin | Trucker |
|---|---|---|---|---|---|---|---|---|
| | 56 Hfrs | 04-Nov | 50,925.55 | KUN | none | 49797 | Bluegrass Stockyard | J and S Livestock |
| | 66 Hfs | 25-Oct | 51,426.93 | YUM | 315600 | 49335 | Bronson Kansas | East West |
| | 73 steers | 03-Nov | 56,071.45 | YUM | 314944 | 48130 | Columbia Ky | Laurie Livestock |
| | 80 steers | 03-Nov | 63,853.65 | YUM | 315386 | 54810 | Lexington KY | Clooner |
| | 73 Hfs | 02-Nov | 53,371.96 | YUM | 315269 | 48005 | Lexington KY | CB Gilbert |
| | 60 Heifers | 04-Nov | 48,170.36 | YUM | Seals Livestock | 44454 | Seals has no claim on cattle | Weisman |
| | 57 Steers | 04-Nov | 52,423.56 | YUM | Seals Livestock | 49224 | Seals has no claim on cattle | East West |
| | | | 376,243.46 | | | | | |

# Exhibit C

| Eastern Adjustments | | | | | | |
|---|---|---|---|---|---|---|
| 0010003616 | 11/03/10 | 8,685.74 | VUM | 310897 | VUV310897-IN | CLOSEOUT PO 31539 |
| 0010003618 | 11/03/10 | 1,460.57 | VUM | 310879 | JVV310879-IN | CLOSEOUT PO 1552E |
| 0008202511 | 01/02/10 | 5,771.31 | KJT | 310951 | JUX317091-IN | CLOSEOUT 31 |
| 0010003615 | 11/03/10 | 207.90 | VUM | 310921 | JVN31599-IN | PRO WEIGHT ADJ BY DLM A |
| Total Stop Adjustments Issued | | 16,125.52 | | | | |

# Exhibit D

| Ace Paid Stone Verified Cattle not paid for due to no paperwork | Head Count | Date Del. | Price | Feedyard | Eastern invoice | SAV Discount | Total Discount |
|---|---|---|---|---|---|---|---|
| Checks Issued | 180 steers | 16-Aug | 106,145.21 | YUMA | 310112 | $ (40.00) | $ (7,200.00) |
| Checks Issued | 202 heifers | 16-Aug | 103,150.45 | YUMA | 310070 | $ (40.00) | $ (8,080.00) |
| Checks Issued | 94 steers | 16-Aug | 55,852.56 | YUMA | 310069 | $ (40.00) | $ (3,760.00) |
| | | | 226,148.93 | | | $ | $ (19,040.00) |

# Exhibit E

| Down Money | Eastern Down Money | | |
| --- | --- | --- | --- |
| | | | (276,380.00) |
| | Check Scoped. | | 6,200.00 |
| | Superior live | | 1,950.00 |
| | | | 2,190.00 |
| | | | 4,890.00 |
| | | | 4,560.00 |
| | | | 1,860.00 |
| | | | 9,000.00 |
| | | | 2,550.00 |
| | | | 2,760.00 |
| | | | 2,550.00 |
| | | | 1,800.00 |
| | | | (236,070.00) |

# Exhibit F

| Feedyard | Head | Contract Price | Delivery Date | Market Price | Delivered | Avg. Wt. | Difference |
|---|---|---|---|---|---|---|---|
| | 360 | $ 114.25 | oct | $ 115.00 | $ 116.50 | 750 | $ (3,375.00) |
| | | $ 109.50 | oct | $ 105.00 | $ 106.50 | 850 | $ 3,417.00 |
| Imperial | 298 | $ 104.50 | oct | $ 104.50 | $ 106.00 | 800 | $ (3,576.00) |
| | | $ 113.50 | oct | $ 106.50 | $ 108.00 | 625 | $ (3,380.63) |
| | 461 | $ 104.50 | oct | $ 105.00 | $ 106.50 | 810 | $ (2,932.20) |
| | | $ 107.00 | nov | $ 110.00 | $ 111.50 | 855 | $ (17,621.55) |
| | 500 | | march | | $ 1.50 | | |
| Xit | | $ 109.85 | nov | $ 114.00 | $ 115.50 | 750 | $ (21,187.50) |
| | 327 | $ 105.27 | nov | $ 115.00 | $ 116.50 | 750 | $ (3,016.58) |
| | 500 | $ 113.27 | nov | $ 116.00 | $ 117.50 | 750 | $ (28,800.00) |
| | 500 | $ 115.27 | oct | $ 116.50 | $ 117.50 | 750 | $ (8,362.50) |
| Wirtz | 310 | $ 106.50 | oct | $ 103.00 | $ 104.50 | 925 | $ 5,883.00 |
| | | $ 109.00 | oct | $ 109.00 | $ 110.50 | 700 | $ (105.00) |
| | | $ 110.00 | oct | $ 113.00 | $ 114.50 | 600 | $ (837.00) |
| | 153 | $ 107.50 | nov | $ 110.00 | $ 111.50 | 725 | $ (4,437.00) |
| | 2000 | $ 107.00 | nov | $ 105.00 | $ 106.50 | 735 | $ 7,350.00 |
| | 499 | $ 108.50 | nov | $ 109.00 | $ 110.50 | 600 | $ (11,994.00) |
| | 923 | $ 108.50 | nov | $ 113.00 | $ 114.50 | 775 | $ (34,340.25) |
| | 708 | $ 111.50 | nov | $ 116.00 | $ 117.50 | 700 | $ (2,961.00) |
| | 273 | $ 109.00 | nov | $ 107.00 | $ 108.50 | 650 | $ 13,806.00 |
| | | | | $ 105.00 | $ 106.50 | 725 | $ 23,073.13 |
| Total | | | | | | | $ (93,407.08) |

**Lynn Acton**

| | |
|---|---|
| **From:** | ecf_txnd@txnd.uscourts.gov |
| **Sent:** | Tuesday, November 30, 2010 2:49 PM |
| **To:** | Courtmail@txnd.uscourts.gov |
| **Subject:** | Activity in Case 2:10-cv-00266-J Friona Industries, L.P. v. Eastern Livestock Co. Inc. et al Intervenor Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Northern District of Texas**

**Notice of Electronic Filing**

The following transaction was entered by LeBas, David on 11/30/2010 at 2:48 PM CST and filed on 11/30/2010

| | |
|---|---|
| **Case Name:** | Friona Industries, L.P. v. Eastern Livestock Co. Inc. et al |
| **Case Number:** | 2:10-cv-00266-J |
| **Filer:** | J & F Oklahoma Holdings, Inc. |
| **Document Number:** | 13 |

**Docket Text:**
**INTERVENOR COMPLAINT against Fifth Third Bank, Southeast Livestock Exchange, LLC, Superior Livestock Auction, Inc., Turner County Stock Yards, Inc., Eastern Livestock Co., LLC, CPC Livestock, LLC, Northern Livestock d/b/a Billings Livestock Commission Company, LLC, Gibson Cattle Company, L.L.C., Joplin Regional Stockyards, Inc., Piedmont Livestock Company, Inc., Don Green, Gary Seals Livestock, William Bush, Tom Svoboda, CLF Feeders, Randy Hoover & Son, LLC, Otto Hamilton filed by J & F Oklahoma Holdings, Inc.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership (Attachments: # (1) Exhibit(s) Exhibit A, # (2) Exhibit(s) Exhibit B, # (3) Exhibit(s) Exhibit C, # (4) Exhibit(s) Exhibit D, # (5) Exhibit(s) Exhibit E, # (6) Exhibit(s) Exhibit F) (LeBas, David)**

2:10-cv-00266-J Notice has been electronically mailed to:

David J Potter    dpotter@potter-law.com

David L LeBas    dlebas@namanhowell.com

John Huffaker    john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com,

1

rhonda.rogers@sprouselaw.com

John F Massouh    john.massouh@sprouselaw.com, nancy.riffe@sprouselaw.com

John Hunt Lovell    john@lovell-law.net, paula@lovell-law.net

Kevin A Isern    kevin@lovell-law.net, sabrina@lovell-law.net

**2:10-cv-00266-J Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-0] [daddaad8838b645fa9baf7e4147c705a154df0f1bbb58d9ca9a82a266d60bdeab8 20f36781ad7f938ef1769c2fd5f67c76d1688a0f9b6745eefed73f1059d0f8]]
**Document description:**Exhibit(s) Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-1] [3bdb2dc3b17a4e292143a99364e7977703c9804d65e94bf33f3f5ff37039a68703 71a8225716c5403e90cee33d9d9054919558fc48cbecb554b29e4acf2f4d46]]
**Document description:**Exhibit(s) Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-2] [e1af7f6bd0e534ed984ff24010dadf03f467ece9e501e706e2b8f0bae4b8eaf3e7 4394144b495a909328c1f1ecbeec169bffc9aef5ebb5b6c12f036117f6e9ca]]
**Document description:**Exhibit(s) Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-3] [b5b041097d9e615129f33a9331f97fd68e66584ea3601cfbd4ec1e687dfba925ba c5b1f400443f75304f639a29376d48dc94cceb00f6ee95d3988427bb6b6c3b]]
**Document description:**Exhibit(s) Exhibit D
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-4] [6a1db351b41819043e0911b1a928a755e9e98e6dcfcaec2b58ac1d15e9e12336f2 a20c0005f9ce0c80ba86c76e9f356658661af7c285b40823169fdf6981e1b2]]
**Document description:**Exhibit(s) Exhibit E
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-5] [10bb6a7f238cd931d369c6a59b18153775f4d52617c6bbef83260cf37055867b75 0c74a3ec6af83fb01f51e73f720140c75d94710ed0873aee6238ab18f8e54a]]
**Document description:**Exhibit(s) Exhibit F
**Original filename:**n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=11/30/2010] [FileNumber=5215699-
6] [9481cb29dd5813fa647b1757c13285f4ca2e258acd92579debf4180d6a6ec8a4e8
b75b0383909488b65d684e400e0e2cb3e206f56a55266a1bec921d33b57580]]