B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT   Southern District of Indiana | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Bruce Edward Harvey Sr. and Darla Marie Harvey | Case Number:<br>10-14779 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CitiFinancial Services, Inc.

Name and address where notices should be sent:
CitiFinancial Services, Inc
827 S Tillotson Ave
Muncie, IN 47304

Telephone number:
(765) 284-6371

☒ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

FILED stamp: U.S. BANKRUPTCY CT., 2010 DEC 20, KEVIN P. DEMPSEY CLERK

1. **Amount of Claim as of Date Case Filed:**  $ 9,925.73

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** money loaned
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 5110

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate   ☒ Motor Vehicle   ☐ Other
   Describe: 95 Dodge Stealth

   Value of Property: $ 4,200.00   Annual Interest Rate 11.000 %

   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ 1,616.38   Basis for perfection: arreage

   Amount of Secured Claim: $ 4,200.00 .  Amount Unsecured: $ 5,724.73

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ _____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| FOR COURT USE ONLY |
|---|

Date: 12/16/2010

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

J Brincefield Manager CitiFinancial   [signature]

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

f1493                                                                                                           7/24/2009

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and Mailing address) | Lender (Name, address, city and state) | Account No. |
|---|---|---|
| BRUCE E HARVEY<br>10534 TENNISON DR<br>INDIANAPOLIS IN 46236 | CITIFINANCIAL SERVICES, INC.<br>6060 EAST 82ND ST<br>INDIANAPOLIS, IN, 46250 | 359489<br>Date of Loan<br>09/30/2008 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower. | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled. |
|---|---|---|---|
| 19.93 % | $ 6,322.88 | $ 10,624.11 | $ 16,946.99 |

**Payment Schedule:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 1 | $ 363.27 | 11/14/2008 |
| 59 | $ 281.08 | MONTHLY BEGINNING 12/14/2008 |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**Security:** Borrower is giving a security interest in:
[X] Motor Vehicle   [ ] Mobile Home
[ ] Real Property   [ ] Other:

**Late Charge:** If a payment is more than 10 days late, Borrower will be required to pay a late charge of $ 17.50.

**Prepayment:** If Borrower pays off early, Borrower:
[X] will not  [ ] may  have to pay a penalty, and
[ ] will not  [X] may  be entitled to a refund of part of the finance charge.

**Demand Feature:**
[X] Not Applicable   [ ] This obligation has a demand feature.

**Additional Information:**
ORIGINATION FEE
$ 40.00

### INSURANCE DISCLOSURE

**Required Insurance:** If Borrower obtains credit that is secured by Borrower's interest in improved real property (including a mobile or manufactured home that is part of real property), then Lender requires Borrower to provide fire and extended coverage for the replacement value of the improvements. If the collateral securing the credit is a motor vehicle (including a recreational vehicle, boat, or movable mobile home), Borrower must provide collision and comprehensive casualty insurance in an amount sufficient to satisfy the unpaid balance of the loan or equal to the value of the collateral, whichever is less. All such policies and renewals thereof must name Lender as loss payee and must be maintained by Borrower, until the credit is repaid in full. Borrower may obtain a new insurance policy or provide an existing policy from any insurer that is acceptable to Lender. If Borrower obtains the collateral protection coverage or Automobile Physical Damage Insurance at Lender's office, Borrower acknowledges that such insurance (1) may cost more than insurance that is available from another insurer, (2) will only protect Lender's interest in the collateral and does not protect Borrower's interest, and (3) does not protect Borrower from claims by other persons.

**Optional Insurance:** Credit life insurance, credit disability insurance, credit personal property insurance, involuntary unemployment insurance, and any other insurance products that are not required per the above paragraph are optional to Borrower and are <u>not required</u> in order to obtain credit. If Borrower desires voluntarily to purchase any of these optional insurance products, Borrower must sign below and in other required documents and will receive an insurance certificate or policy detailing the coverage terms and conditions that apply to the insurance. Borrower should refer to the terms and conditions contained in the applicable insurance certificate or policy issued for the exact description of benefits and exclusions. Borrower is encouraged to inquire about coverage and refund provisions.

If the initial amount of coverage for credit life insurance and/or credit personal property insurance set forth in Borrower's insurance certificate or policy is equal to the Total of Payments stated above, it may exceed the amount necessary to pay off Borrower's loan at any given time. Any excess insurance coverage amount that may become payable will be paid to the appropriate party as designated in the insurance certificate or policy. Borrower acknowledges that if optional credit personal property insurance is purchased, Borrower's property coverage under other policies such as homeowner's or renter's insurance may be adversely affected.

Borrower's regular monthly loan payment if Borrower elects not to purchase insurance will be $ 264.55

**Termination of Optional Insurance:** Borrower may cancel any of the optional insurance products obtained at Lender's office at any time upon Borrower's written request for cancellation to Lender. If Borrower is in default under the terms of this agreement, Borrower authorizes the insurer to terminate any and/or all optional insurance products upon Lender's request. Upon termination of any insurance for any reason, Borrower authorizes and directs that the insurer deliver the premium refund, if any, to Lender, which will apply it to Borrower's outstanding loan balance. Borrower hereby irrevocably and unconditionally assigns to Lender any right, title or interest which Borrower may have in any premium refund ("Refund"). Such assignment is absolute and not intended as security. **Borrower acknowledges and agrees that the Refund shall be the sole property of Lender and that Borrower shall have no interest in the Refund.** Lender agrees to pay to Borrower any amount by which the Refund received by Lender exceeds the outstanding loan balance.

I/we request the following insurance:

| Cost/Premium | Insurance Type | Insurance Term (in mos.) |
|---|---|---|
| $ NONE | | |
| $ 624.00 | SINGLE CREDIT DISAB | 60 |
| $ NONE | | |
| $ NONE | | |
| $ NONE | | |

First Borrower's Signature _____ Date 9-30-2008
Second Borrower's Signature _____ Date

**TERMS:** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more. If more than one Borrower signs, each will be responsible, individually and together, for all promises made and for repaying the loan in full. The word "Lender" refers to the Lender, whose name and address are shown above.

**PROMISE TO PAY:** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Total of Payments (which includes precomputed interest charges) shown above in substantially equal, consecutive monthly installments as shown above, except that any appropriate adjustments will be made to the first and final payments, until the Total of Payments is fully paid. Each payment will be applied to any allowable expenses, late charges, and/or attorney fees/expenses and then to a combined total of the Amount Financed and precomputed interest charges. If any part of the balance remains unpaid on the final payment date, Lender, at its option, may collect interest from and after maturity upon the then unpaid Amount Financed at the maximum rate permitted by the then applicable law or, if no maximum rate is prescribed, then the rate of interest prevailing under this note. Any amount shown above as an Origination Fee has been paid by the Borrower and is considered a prepaid charge. If Borrower prepays this Note, the Origination Fee is not refundable.

(Intentionally left blank)

Borrower's Initials: _BEH_

IN 26727-12.1  4/2007    Original (Branch)   Copy (Customer)   Page 1 of 3

BRUCE E HARVEY                                                                                            359489             09/30/2008

PREPAYMENT:

[X] A. If this box is checked, you may prepay this loan in whole or in part at any time without penalty. However, upon partial prepayment, interest will continue to accrue. Partial prepayment and the application of a Refund to the unpaid balance of the loan will not affect the amount or due date of subsequent scheduled payments on the loan, but may reduce the number of such payments.

[ ] B. If this box is checked and this loan is primarily secured by an interest in land, Borrower will be required to pay a prepayment penalty of two percent (2%) of the net unpaid balance (after deducting all refunds and rebates) if this loan is prepaid in full during the first three years of the loan. A prepayment penalty will not apply if Borrower refinances or consolidates this loan with Lender or the loan is prepaid by insurance proceeds or after acceleration after default.

SECURITY AGREEMENT:

[ ] A. If this box is checked, this loan is unsecured.

[X] B. If this box is checked, to secure the payment and performance hereof, Borrower gives to Lender a security interest under the Uniform Commercial Code in any property for which a description is completed below and all parts and equipment now or later added to the property and any proceeds of the property, all of which will be called "Property". See below for additional terms applicable to this security interest.

1. Motor vehicle/mobile home:

| Make, No. Cylinders | Year/Model | Model No. Or Name | Body Type | Identification Number |
|---|---|---|---|---|
| DODGE | 1995 | STEALTH | 2D | JB3AM44HXSY031617 |

2. Other Property:

[ ] C. If this box is checked, Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Lender's written consent to a sale or transfer of the encumbered real property located at
. See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in Borrower's real property ("Property").

OWNERSHIP OF PROPERTY: Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing. Prior to any default, Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code. If the Property includes a motor vehicle or mobile home, Borrower will, upon request, deliver the certificate of title to the motor vehicle or mobile home to Lender.

USE OF PROPERTY: Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent. Borrower will keep the Property at Borrower's address (as shown on page 1) unless Lender has granted permission in writing for the Property to be located elsewhere. The Property will be used only in the state in which Borrower lives unless the Property is a motor vehicle, in which case it will be used outside the state only in the course of Borrower's normal use of the Property. Borrower will not use or permit the use of the Property for hire or for illegal purposes.

TAXES AND FEES: Borrower will pay all taxes, assessments, and other fees payable on the Property, this Disclosure Statement, Note and Security Agreement, or the loan, including but not limited to any fee required by a public official to record the satisfaction of this loan, and/or the release of Lender's interest in the Property. If Borrower fails to pay such amounts, Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan, subject to the provisions of the Indiana Uniform Consumer Credit Code.

INSURANCE: If Borrower purchases any insurance at Lender's office, Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company, (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance. If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan.

FINANCING STATEMENTS: Borrower will sign all financing statements, continuation statements, security interest filing statements, and similar documents with respect to the Property at Lender's request.

RETURNED CHECK FEE: Lender may charge a fee of $ 20.00 if a check, negotiable order of withdrawal or share draft is returned for insufficient funds or insufficient credit.

DEFERMENTS: Borrower agrees to pay a deferment charge equal to interest at the agreed upon rate on the unpaid balance for one month if Lender, in its sole discretion allows Borrower to defer payment of any monthly installment prior to or on its due date without the account being considered in default. Any such deferment will extend the final payment date by one month. All other terms and conditions of the Disclosure Statement, Note and Security Agreement including the expiration dates of insurance coverages, remain unchanged by authorized deferments.

LATE CHARGE: If a payment is more than 10 days late, Borrower agrees to pay a late charge of $       17.50  .

LOAN CHARGES: If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge.

DEFAULT: Borrower will be in default if:
1. Borrower does not make any scheduled payment on time;
2. Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership;
3. Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan;
4. Borrower fails to fulfill any promise made under this agreement; or
5. A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property.

Subject to Borrower's right to any notice of default, right to cure default, and any other applicable laws, if Borrower defaults, Lender may require Borrower to repay the unpaid balance of the Total of Payments plus any allowable expenses, late charges, and/or attorney fees/expenses, minus rebates of any unearned finance charges and/or refunds of unearned insurance premiums. Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this agreement, or the Mortgage, Deed of Trust or Deed to Secure Debt. In the case of default Lender may exercise any or all of its rights under the Mortgage, Deed of Trust or Deed to Secure Debt. If this debt is referred for collection to an attorney, Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to, court costs and reasonable attorney's fees as permitted by law.

EFFECTS OF DEFAULT: If Borrower defaults, Borrower will deliver the Property to Lender or, upon Lender's demand, assemble the Property and make it available to Lender at a reasonably convenient place. Lender may, without previous notice or demand and without legal process, peacefully enter any place where the Property is located and take possession of it. The Property may be sold with notice at a private or public sale at a location chosen by Lender. At such public sale, Lender may purchase the Property. The proceeds of the sale, minus the expenses of taking, removing, holding, repairing, and selling the Property including reasonable attorney's fees, and minus the cost of paying off and removing any superior liens or claims on the Property, will be credited to the unpaid balance of Borrower's loan. If Borrower has left other property in the repossessed Property, Lender may hold such property temporarily for Borrower without any responsibility or liability for the property.

Notice of the time and place of a public sale or notice of the time after which a private sale will occur is reasonable if mailed to the Borrower's address at least five days before the sale. The notice may be mailed to the Borrower's last address shown on Lender's records.

Borrower's Initials: _BEH_

IN 26727-12.1  4/2007                        Original (Branch)       Copy (Customer)                                      Page 2 of 3

LAW THAT APPLIES: The Indiana Uniform Consumer Credit Code and federal law, as applicable, govern this agreement. In no event will Borrower be required to pay interest or charges in excess of those permitted by law.

OTHER RIGHTS: Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment. Borrower agrees that Lender may extend time for payment after maturity without notice. The terms of this agreement can be waived or changed only in a writing signed by Lender.

OTHER TERMS: Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon the default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally, waive benefit of homestead and exemption laws now in force or later enacted, including stay of execution and condemnation, on any property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and accompanying Itemization of Amount Financed and Arbitration Agreement is unenforceable, this will not make any other part unenforceable. Where the context requires, singular words may be read in the plural and plural words in the singular, and references to the masculine gender may be read to apply to the feminine gender.

REFINANCING: The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

AUTHORIZATION TO USE CREDIT REPORT: By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following: Transaction Processing, 300 St. Paul Place, BSP13A, Baltimore, MD 21202. In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number.

**ARBITRATION.** Borrower, Non-Obligor(s) (if any) and Lender have entered into a separate Arbitration Agreement on this date, the terms of which are incorporated and made a part of this Disclosure Statement, Note and Security Agreement by this reference.

The following notice applies only if this box is checked. ☐

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and, if applicable, the Mortgage or Deed of Trust and of the accompanying Itemization of Amount Financed and Arbitration Agreement, and authorizes the disbursements stated therein.

WITNESSES: _[signature: Shauna King]_

SIGNED: _[signature]_ (Seal)
BRUCE E HARVEY -Borrower
_____ (Seal) -Borrower
_____ (Seal) -Borrower

CITIFINANCIAL SERVICES, INC.
By: _[signature: Shauna King]_  09/30/2008 14:37:02
(Name and Title)

SECURITY INTEREST OF NONOBLIGOR: Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants, and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal) _____  _____ (Seal) _____
Signature                Date    Signature                Date

IN 26727-12.1 4/2007       **Original (Branch)    Copy (Customer)**       Page 3 of 3

INDIANA CERTIFICATE OF TITLE




# STATE OF INDIANA

## CERTIFICATE OF TITLE FOR A VEHICLE

| MAKE | MODEL NAME | YEAR | VIN |
|---|---|---|---|
| DODGE | STEALTH | 1995 | JB3AM44HXSY031617 |

| TITLE TYPE | FORMER TITLE/STATE | PURCHASE DATE | BODY TYPE |
|---|---|---|---|
| CORRECTION | 08531075015  /  IN | 08/31/95 | 2S |

| | USAGE TAX PAID | ISSUE DATE |
|---|---|---|
| | 0 | 06/19/08 |

MAILING ADDRESS
CITIFINANCIAL
6060 E 82ND ST
INDIANAPOLIS    IN  462501530

ODOMETER/BRAND
189921
/ACTUAL

BRAND(S)

OWNER(S) NAME
BRUCE E HARVEY
10534 TENNISON DR
INDIANAPOLIS    IN  462367393

SECOND LIENHOLDER

ADDITIONAL OWNER(S)

LIEN RELEASED BY:
X _____

PRINTED NAME:        POSITION:

DATE: _____

FIRST LIENHOLDER
CITIFINANCIAL
6060 E 82ND ST
INDIANAPOLIS    IN  462501530
LIEN RELEASED BY:
X _____

THIRD LIENHOLDER

LIEN RELEASED BY:
X _____

PRINTED NAME:     POSITION:
DATE: _____

PRINTED NAME:     POSITION:
DATE: _____

The Commissioner of the Bureau of Motor Vehicles, pursuant to the laws of the State of Indiana, certifies that the vehicle/watercraft has been duly titled and the owner of the described vehicle/watercraft is subject to the liens set forth.

INDIANA BUREAU OF MOTOR VEHICLES

**Ronald L. Stiver, Commissioner**

TITLE NUMBER
08533107035

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS