**SO ORDERED: December 28, 2010.**



**Basil H. Lorch III
United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | |
| EASTERN LIVESTOCK CO., LLC, | Case No. 10-93904-BHL-11 |
| | Chapter 11 |
| Alleged Debtor. | |

### AMENDED ORDER GRANTING MOTION OF RECEIVER TO OPERATE IN THE PRE-APPOINTMENT PERIOD

This matter came before the Court on the Motion of the State Court-Appointed Receiver, Elizabeth Lynch (the "Receiver"), as custodian for Eastern Livestock Co., LLC ("Eastern Livestock" or the "Alleged Debtor") pursuant the Court's December 8 Order (Doc. No. 35), for an order allowing the Receiver to operate the Alleged Debtor's business until such date as there is an appointment of a trustee (the "Motion") [Doc. No. 52]. On December 14, 2010, the Court entered an Order on the Motion (the "Order") [Doc. No. 75], authorizing the Receiver to operate the Alleged Debtor's business pursuant to a budget attached to the Motion as Exhibit A. By this Agreed Modified Order Granting Motion of Receiver to Operate in the Pre-Appointment Period (the "Modified Order"), the parties signatory hereto, hereby agree that it is in the best interest of the

estate, its creditors and other parties in interest that the Modified Order be entered to permit the Receiver to continue operations during the pre-appointment period in accordance with the budget attached hereto as Exhibit A (the "Budget"), for the week ending December 24, 2010. The Court finds the Motion to be well-taken, and, accordingly, it is hereby GRANTED.

The Court finds that the creditors of the Alleged Debtor, and the cattle industry as a whole, would benefit from an Order allowing the Receiver to operate the business of the Alleged Debtor in the period until the appointment of a trustee in this case.

Accordingly, the Court hereby ORDERS that:

1. The Receiver may operate the business of the Alleged Debtor during the period until such a date that a trustee is appointed in this case.

2. Specifically, the Receiver may operated the Alleged Debtor's business according to the budget attached hereto as Exhibit A, including the ability to, in its discretion, sell cattle, collect accounts receivable, continue to investigate and locate potential assets of the estate, review contracts, and pay salaries and other operational costs such as purchasing cattle feed, costs related to the care of cattle, utilities costs, and occupancy costs.

3. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order.

4. This Order is effective immediately upon entry.

5. This document has been seen and agreed to by: Kim Martin Lewis, Counsel for Receiver; C.R. Bowles, Jr., Counsel for Petitioning Creditors; Charles R. Wharton, Office of the U.S. Trustee; and Randall D. LaTour, Counsel for Fifth Third Bank.

**IT IS SO ORDERED.**

###

**EXHIBIT A**

Eastern Livestock Co., LLC
Cash Requirements

|  | Week ending 12/24/2010 |
|---|---|
| Insurance | $14,313 |
| Office Expenses | $1,000 |
| Security | $6,500 |
| Utilities | $3,872 |
| Feed, Medicine and Trucking | $10,000 |
| Health/Life and Dental Insurance | $750 |
|  |  |
| Total | $36,435 |

NOTE: Post-petition professional fees for the Receiver, her financial advisors and counsel are accrued and unpaid.