UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**EMERGENCY MOTION FOR ORDER AUTHORIZING CHAPTER 11 TRUSTEE TO SETTLE A CLASS OF CONTRACTS PURSUANT TO BR 9019(B)**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by counsel, respectfully moves this Court (this "Motion") for an order authorizing the Trustee to settle certain contracts that are expiring or for which a demand has been made for adequate assurance of performance between Eastern Livestock Co., LLC ("Debtor") and others pertaining to the future purchase of cattle by Debtor. Because such contracts are expiring daily and represent exposure of the estate to significant claims and/or the loss of down payments made by the Debtor, prior authority to settle or cancel the class of such contracts is needed on an emergency basis and in the alternative to hear any motion to assume and assign such contract on an emergency basis. In support of this emergency motion, the Trustee respectfully represents the following:

**Preliminary Background**

1. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). This Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

2. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] (the "Trustee Order"), approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

**Jurisdiction and Venue**

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

4. The statutory bases for the relief sought herein are sections 365, 1106 and 1108 of the Bankruptcy Code.

**Background**

5. The Debtor is one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. Debtor generated revenue through the purchase and sale of cattle at auctions throughout the country, both on its own behalf and as broker for others. As part of the Debtor's business, the Debtor contracted for future purchases of cattle ("Future Purchase Contracts"). Due to the state of Debtor's books and records the exact number of Future Purchase Contracts is unknown, however the Trustee believes that the number of expiring Future Purchase Contracts may be as many as 100 and the Trustee is being contacted daily by the contract parties and put on notice that the Future Purchase Contracts are expiring or will expire soon and demands are being made for adequate assurance of performance. It may be that given that the price of cattle has risen and the Future Purchase Contracts may have some value over current cattle prices, the Trustee may seek to assume and assign such contracts on an emergency basis. However, in other instances it may be more

beneficial to negotiate a settlement with the contract party. Some of the contract parties have offered to consent to a cancellation of the Future Purchase Contracts and to return the deposits paid by the Debtor in exchange for a release of performance. Nothing in this Motion or the requested order for authority is a rejection of the Future Purchase Contracts or is to be deemed an admission of an inability to perform. Prior to the expiration the Future Purchase Contracts are and remain enforceable against the non-debtor contract party.

6. The Trustee has also been notified of contracts that have expired without the Debtor purchasing the cattle. The Trustee intends to seek recovery of the deposits paid under these expired contracts, as the contract parties likely received a profit for selling the cattle to other buyers above any claim they may have for breach due to the increase in the market price of cattle sold now rather than pursuant to the expired contract.

### Requested Relief and Proposed Sale Procedures

7. The Trustee seeks authority on an emergency basis to negotiate and settle the Future Purchase Contracts on terms and conditions within his discretion and sound business judgment or to move to assume and assign such contracts on an emergency basis.

8. This authority is being sought on an emergency basis because the Future Purchase Contracts are expiring daily, the Trustee is not sure of the number of the Future Purchase Contracts that are expiring but the number is believed to be above one hundred, and the Trustee needs authority to act quickly to preserve value for the Debtor's estate and creditors.

### Applicable Authority

9. The authority sought hereunder pertains to sections 105 and 365 of the Bankruptcy Code and Bankruptcy Rule 9019 (b). Section 365 of the Bankruptcy Code provides that a trustee may assume or reject any executory contract of the debtor, subject to the Court's approval. Bankruptcy Rule 9019 provides that the court may fix a class of controversies and

3

authorize the trustee to compromise or settle controversies within such class without further notice or hearing.  Such procedures are particularly appropriate where numerous settlements may be involved:

> There are many occasions in which a trustee will file a large number of complaints against many individual defendants . . . [M]any settlements are often reached during the course of the litigation.  Recognizing that forcing the trustee to file a new motion each time a settlement is reached would be onerous and burdensome, Rule 9019(b) authorizes the court . . . to fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class without further hearing or notice.

10 Collier on Bankruptcy ¶ 9019.03, at 9019-5-6 (15th ed. rev. 2007).  Motions such as the instant Motion, wherein the Trustee is requesting authority to compromise a certain class of claims without the necessity for notice and a hearing on each claim to be settled, are routinely granted.  *See, e.g., In re Check Reporting Servs., Inc.,* 137 B.R. 653, 656 (Bankr. W.D. Mich. 1992) (authorizing trustee to settle any pending adversary proceeding based on a preferential transfer for no less than 25% of the alleged preference amount); *see also In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892, *41 (Bankr. E.D. Pa. Aug. 21, 1996) (stating that "[i]n large bankruptcy cases with numerous creditors and numerous potential disputes, the requirement that a trustee give notice and participate in a hearing before gaining the authority to settle or compromise any dispute is unduly cumbersome, expensive and inefficient.")

10.     Finally section 105 of the Bankruptcy Code provides authority to issue orders to further the purposes of the Bankruptcy Code.

11.     The Future Purchase Contracts are executory and are a class of controversies that are capable of settlement by the Trustee on terms to maximize value to the estate and reduce exposure to claims for breach.  To stop and seek authority to settle or cancel on favorable terms each of the Future Purchase Contracts on notice and hearing would be unduly

4

cumbersome, inefficient and could result in significant loss to the estate. The Trustee should be able to settle this class of controversies within his business judgment and without further notice or order of the Court. In the alternative, should the Trustee determine that any Future Purchase Contract should be assumed and assigned to maximize value to the estate, the Trustee asks that a motion for such assumption and assignment be heard on an emergency basis.

WHEREFORE, the Trustee requests that the Court set this Emergency Motion for hearing on an expedited basis on shortened notice and thereafter enter an order (i) granting the Trustee authority to settle within his discretion the Future Purchase Contracts so as to maximize value to the estate, (ii) authorize that any motion brought to assume and assign any Future Purchase Contract may be heard on an emergency basis on shortened notice, and (iii) granting the Trustee such other and further relief as is just and equitable.

Respectfully submitted,

BAKER & DANIELS LLP

By:  /s/ Terry E. Hall

Terry E. Hall (#22041-49)    *Proposed Counsel for Trustee*
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
terry.hall@bakerd.com

BDDB01 6479731v1

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2010, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
jwa@gdm.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

C. R. Bowles, Jr
crb@gdm.com

Jesse Cook-Dubin
jcookdubin@vorys.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ibs@gdm.com

William Robert Meyer, II
rmeyer@stites.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

I further certify that on December 30, 2010, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

/s/ Terry E. Hall