Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

### AFFIDAVIT OF ELIZABETH M. LYNCH IN SUPPORT OF APPLICATION FOR APPROVAL OF EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AS CONSULTANT TO CHAPTER 11 TRUSTEE

Elizabeth M. Lynch, under penalty of perjury, says:

1. I am an officer of Development Specialists, Inc. ("DSI") and am authorized to make this affidavit on behalf of DSI.

2. DSI is not a creditor, equity security holder, or insider of Eastern Livestock Co., LLC (the "Debtor").

3. Neither I nor DSI are, and within 2 years before the date of the filing of the Debtor's petition, neither I nor DSI have been, a director, officer or employee of the Debtor.

4. To the best of my knowledge, neither I nor DSI has an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

5. Prior to the completion of this Affidavit, I caused a list of potential interested parties to be searched in the conflict database of DSI. Based on the results of the conflict check, and to the best of my knowledge, neither I nor DSI has any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the

BDDB01 6476042v3

United States Trustee or any person employed in the office of the United States trustee, except as set forth in paragraph 6 below, and as follows:

    a.    On November 8, 2010, I had an initial telephonic meeting with representatives of Fifth Third Bank wherein I learned about many of the ongoing financial issues with respect to Debtor.

    b.    On November 9, 2010, I was made aware that Fifth Third Bank filed a Verified Complaint against Eastern Livestock, among others, in the Court of Common Pleas in Hamilton County, Ohio, for conversion, unjust enrichment, fraud, preliminary and permanent injunctive relief, and emergency appointment of a receiver (the "Complaint").  The case was captioned Fifth Third Bank v. Eastern Livestock Co., LLC, et al., Case No. A1010267 (the "State Court Action").

    c.    On November 10, 2010, the Honorable Robert Winkler entered the Order for the Immediate Appointment of Receiver (the "Receivership Order").  Pursuant to the Receivership Order and Ohio Revised Code section 2735.03, on November 12, 2010, I executed a bond in the amount of $5,000 and assumed the role of Receiver as defined therein (the "Receiver").

    d.    As set forth in the Receivership Order, and consistent with the Ohio Revised Code, my role as a Receiver was to "preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property."  Receivership Order at ¶ 2.c); O.R.C. Ann. 2735.04 (2010).

    e.    As set forth in the Receivership Order, and consistent with the Ohio Revised Code, upon the entry of the Receivership Order, I took

"immediate possession, control, management, operation and charge of Eastern Livestock's businesses." Receivership Order at ¶ 2.; O.R.C. Ann. 2735.04 (2010).

f. From my appointment as Receiver until the commencement of this bankruptcy case on December 6, 2010, I have operated as Receiver and acted in all respects to maximize the available of assets for the benefit of the various creditor constituents.

g. At no time during the period from my initial contact with Fifth Third Bank through my appointment as Receiver and until the filing of the bankruptcy petition have I worked for, on behalf of, or for the benefit of Fifth Third Bank and at all time, my fiduciary obligation has been to the estate and not any individual creditor or interest holder.

h. The costs and expenses of the receivership have been paid based on an agreement with Fifth Third Bank, as the secured lender for Debtor, in which Fifth Third Bank initially funded the costs of the receivership, and thereafter, funded additional amounts to the extent that costs exceeded proceeds realized from collateral.

i. On December 7, 2010, the Honorable Basil H. Lorch III entered a Minute Order approving the Motion for Authority Under 11 USC Sections 105, 303, 363, and 543 for an Order Permitting the Current Receiver to Act as a Custodian to Continue to Administer the Debtor's Property and Prohibiting Debtor's Management and Owners from Exercising any Rights Related to the Property [Doc. No. 28].

    j.    On December 8, 2010, the Honorable Basil H. Lorch III entered the Order Permitting Current Receiver to Act as Custodian to Continue to Administer the Debtor's Property and Prohibiting Debtor's Management and Owners From Exercising Any Rights Related to the Debtor and Its Assets (the "Custodian Order") [Doc. No. 35], in which I was named as custodian of the Debtor's estate and authorized to operate and control the Assets of the Debtor subject to further Order of the Court.

6.    DSI has previously been engaged by Fifth Third Bank or its counsel on several matters, wholly unrelated to the Debtor, including the following:

    a.    Financial advisor to the lender, and later appointed as receiver for Hacket Precision Company, Inc. (currently ongoing).

    b.    Financial advisor to the lender for Synergy Web and Synergy Graphics (completed in March, 2010).

    c.    Financial advisor to the lender for General Aluminum & Iron Supply (completed in November, 2009).

    d.    Financial advisor to the lender for Rider Sports (completed in May, 2009).

    e.    Financial advisor to the lender in Ingra-Structures, Inc. (completed in February, 2009).

    f.    Financial advisor to the lender in Omni Restaurants (completed in June, 2008).

    g.    Financial advisor to the lender in Holland American Wafer (completed in October, 2005).

-5-

  h. Financial advisor to the lender in PAC Holding (completed in October, 2005).

  7. I have been informed by my counsel that my involvement as Receiver prior to the commencement of this bankruptcy case does not affect my status as a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  In particular, my counsel has informed me of the case of *Ritchie Special Credit Investments, Ltd. v. United States Trustee* (*In re Petters Company, Inc.*), 620 F.3d 847, 854 (8th Cir. Sept. 2, 2010) ("we do not perceive Kelley's role as receiver as creating a material adverse interest.") (affirming *In re Petters Company, Inc.*, 401 B.R. 391 (Bankr. D. Minn. 2009)).

  8. To the best of my knowledge, no member or associate of DSI is a relative of any judge of this Court.

  9. To the best of my knowledge, DSI is not and has not been so connected with any judge of this Court to render employment or appointment of DSI as requested in the application improper.

  10. DSI has not received any compensation in connection with my role as the Receiver in the state-court litigation.  However, $289,610 has been escrowed with the Receiver's attorneys for the payment of DSI's fees incurred in the State Court Action, subject to that Court's approval.

  11. DSI has incurred fees and expenses subsequent to the filing of the involuntary bankruptcy petition pursuant to the Bankruptcy Court Orders granting approval of the Receiver to continue to operate the business until the appointment of a Trustee.  DSI will seek payment for fees and expenses incurred during this period from the Debtor's secured creditors or alternatively from the bankruptcy estate.

12. I have advised the Trustee of the willingness of DSI to serve as consultant in connection with this case based upon DSI's standard hourly billing rates for similar services. I have also shared with Trustee all of the matters set forth above.

13. In view of the foregoing, I believe that DSI (i) does not hold or represent an interest adverse to the estate, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. DSI understands its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtor's bankruptcy estate and case as they appear or become recognized during the case. Accordingly, DSI reserves the right to, and shall, supplement this disclosure if necessary as more information becomes available.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: December 30, 2010

_____
Elizabeth M. Lynch

Subscribed and Sworn to and subscribed before me, this the 30th day of December, 2010.

_____
Notary Public

My Commission Expires: 6-6-11

OFFICIAL SEAL
BETHANY J. DAVIES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-6-2011

-6-

BDDB01 6478188v1