UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**EMERGENCY MOTION REGARDING
PAYMENTS ON DEBTOR'S CATTLE SALES**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by counsel, respectfully moves this Court for an order, substantially in the form attached hereto as Exhibit A, authorizing the Trustee to complete the sale of cattle free and clear of liens, claims and interests pursuant to Bankruptcy Code § 363 by 1) accepting payment of purchase money ("Purchase Money") with all liens, claims and interests attached thereto as they existed in the sold cattle, 2) establishing a segregated account for the purpose of holding the Purchase Money, and 3) providing limited indemnification by the Chapter 11 estate to the cattle buyers making such payments of Purchase Money. In support of this emergency motion, the Trustee respectfully represents the following:

**Preliminary Background**

1. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Eastern Livestock Co., LLC ("Debtor") on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). This Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

2

2. From December 8, 2010 through December 27, 2010, Elizabeth M. Lynch ("Receiver") served as an interim custodian and began liquidation of Debtor's assets pursuant to two orders of this Court. Prior to the Petition Date, the Receiver served as receiver of Debtor's assets pursuant to a November 10, 2010 Order for the Immediate Appointment of Receiver entered by the Court of Common Pleas in Hamilton County, Ohio (the "State Court").

3. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] ("Trustee Order"), approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

**Jurisdiction and Venue**

4. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

5. The statutory bases for the relief sought herein are sections 105, 542, 1106 and 1108 of the Bankruptcy Code and 7 U.S.C. §196.

**Background**

6. The Debtor was one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. The Debtor generated revenue through the purchase and sale of cattle throughout the country, both on its own behalf and as broker for others. The Trustee has been made aware that certain parties to whom Debtor contracted to sell cattle (generally, "Buyers") have not paid the Debtor or the Trustee for the cattle. The Buyers may be concerned that other parties ("Third Parties") may assert liens or claims to the sale cattle or the Purchase Money under section 196 of the Packers and Stockyards

Act, 1921 ("PSA", 7 Y.S.C. §§ 181 *et seq.*) or other state law.  Claims of such Third Parties may subject Buyers to liability to Third Parties who sold the cattle to Debtor or who provided food, storage, or care to the cattle (generally "State Liens").

7. This delay by Buyers in remitting the Purchase Money for cattle sales is having a detrimental effect on the Trustee's ability to secure the Debtor's assets for the benefit of creditors and may prevent the Trustee from being able to complete pending and forward sales of cattle still within the Debtor's inventory.

8. The Trustee therefore seeks authority on an emergency basis to complete the sale of the cattle pursuant to Bankruptcy Code § 363 free and clear of the liens, claims and interests of all Third Parties in the cattle with such liens, claims and interests attaching to the Purchase Money in the possession of the Trustee with the relative priority and rights thereto established by applicable law.  Among such liens, claims and interests is a security interest asserted by Fifth Third Bank NA which the Trustee currently believes is valid and properly perfected to secure indebtedness in excess of $30 million.  The Trustee will deposit such Purchase Money in a segregated account ("Account").  The Trustee asks that the Court provide a limited indemnification by the Chapter 11 estate to each Buyer up to the amount of the Purchase Money paid to the Trustee by that Buyer.  The Purchase Money will be held in the Account subject to the resolution and payment of valid liens, claims, and interests of Third Parties in the order of their priority established by applicable law as such liens, claims and interests may be allowed by the Court, including PSA or State Liens ("Third Party Claims").  As Third Party Claims against the Purchase Money generated from each sale are resolved and reconciled, funds held in the Account applicable to the resolved sale may be released from the Account, but will continue to be held for the benefit of creditors and the estate subject to further or other orders of

3

this Court. As part of the relief requested, the Trustee is seeking an order enjoining the holders of Third Party Claims from asserting those Third Party Claims against the Buyers and directing that the Third Party Claims be asserted pursuant to the procedures herein.

9.  This authority is being sought on an emergency basis because the uncertainty in the livestock market over the remittance of the Purchase Money is having an adverse effect on the cattle markets and this Chapter 11 case. The Trustee needs the authority to establish the Account and provide the limited indemnification by the Chapter 11 estate to Buyers to the limit of the remitted Purchase Money so as to restore some certainty to the livestock market and limit the effect of the Debtor's business failures on the market.

## Applicable Authority

10.  The authority sought hereunder pertains to sections 105, 363, and 542 of the Bankruptcy Code, section 196 of the PSA, and various statutes under state laws that provide for liens against livestock or the proceeds of the sales of livestock.[1] Section 363 provides for the sale of estate assets free and clear of liens and interests. Section 542 of the Bankruptcy Code provides that entities that owe a debt to the Debtor that is due or may be demanded shall remit such payment to the Trustee. Section 105 of the Bankruptcy Code is the source of general authority for this Court to issue orders to further the purposes of the Bankruptcy Code or preserve its jurisdiction over assets of the Debtor's estate. The PSA provides certain protections to cash sellers of livestock. Under the PSA and subject to time and procedural restrictions for asserting claims, payments for cattle received by a "packer" from a buyer may be subject to a trust for the benefit of any unpaid cash sellers of the cattle to the packer. Finally, cattle or the Purchase Money may be subject to state liens for unpaid services or goods provided.

---

[1] The types of and means to perfect these State Liens differs from state to state and will need to be addressed on a claim by claim basis.

4

**Relief Requested**

11. The Trustee seeks an order from the Court requiring the Buyers who have not yet paid Purchase Money to pay the Purchase Money to the Trustee to complete sales of cattle under Bankruptcy Code § 363 and provide the Trustee with copies of all documentation regarding the purchase and sale of the cattle. The Trustee will thereafter hold the Purchase Money paid in the Account. The Trustee also seeks an order from the Court requiring any Buyer who paid all or part of any Purchase Money (or who redirected delivery of any of Debtor's cattle) to anyone other than the Debtor, the Receiver, or the Trustee to identify to the Trustee all documentation related to the payment of such Purchase Money or the redirected delivery of Debtor's cattle including the amount and payee of the Purchase Money or the entity taking delivery of the cattle. The Trustee also seeks authority to provide a limited indemnification by the Chapter 11 estate of each Buyer who pays Purchase Money to the limit of the amount of Purchase Money paid by such Buyer to the Trustee indemnifying such Buyer from claims that are asserted by Third Parties claiming that same Purchase Money. Neither the Trustee nor the Account will be responsible for or charged for any claims from Third Parties for fees, costs, attorneys' fees or costs related to the Purchase Money, the limited indemnification provided, or the reconciliation of any claims asserted against the Account notwithstanding any applicable law that may provide for recovery of such fees or costs.

12. The state of the Debtor's books and records at this time make it difficult to determine the extent to which such claims exist, did exist, or have been paid. In some instances the same livestock may be bought and sold numerous times between the first grower and the final slaughterer. The establishment of the Account to receive the Purchase Money will allow the Trustee to receive the Purchase Money and encourage the Buyers to remit the Purchase

5

Money to the Trustee while preserving the rights of parties who may have a claim to payment of all or some part of the Purchase Money.

13. Moreover, the Trustee is aware that some claimants provided notice under PSA to the Secretary (as defined in the PSA) and may have received proceeds from Debtor's posted bond. The Trustee is in the process of determining who may have a claim and requests the Court approve the form of notice attached as <u>Exhibit B</u> to this Motion ("<u>Notice</u>") which will be published electronically and in print on industry websites and publications and listed with the help of the governmental agencies and private associations to alert potential claimants to the existence of the Account, and the dates and procedures for asserting claims against the Account.

14. The Trustee requests that the Court set March 31, 2011 ("<u>Purchase Money Claims Bar Date</u>") as the bar date for claims to be asserted against the Account ("<u>Purchase Money Claims</u>" and individually, a "<u>Purchase Money Claim</u>"). The Trustee further requests that any party asserting a Purchase Money Claim, include with its Purchase Money Claim documentation sufficient to identify the transactions ("<u>Claim Summary</u>") in electronic format, if available, by the Purchase Money Claims Bar Date.

15. The Trustee proposes the following procedural means to resolve any Purchase Money Claims.

(a) Within 90 days of the Purchase Money Claims Bar Date, the Trustee shall file and serve on all parties who filed a Purchase Money Claim, the U.S. Trustee, and all persons who have filed for notice in the Chapter 11 Case, a report ("<u>Purchase Money Claim Report</u>") listing the asserted Purchase Money Claims, if any, and identifying the amount or portion thereof which, after good faith review and evaluation and in accordance with applicable law are deemed valid and entitled to payment ("<u>Approved Purchase Money Claim</u>") or are deemed disputed or

6

invalid ("Disputed Purchase Money Claim"), or which have not yet been reconciled ("Unreconciled Purchase Money Claim").  For any Disputed Purchase Money Claim, the Trustee will state the legal or factual basis for his position.

(b) The Purchase Money Claim Report shall serve as a motion to approve and allow the payment from the Account for any Approved Purchase Money Claim and parties in interest in the Chapter 11 Case shall have 30 days from the date of filing of the Purchase Money Claim Report to file an objection to the proposed payment, but if no objection is filed, the Court may issue an order approving payment without further notice or hearing.

(c) The Purchase Money Claim Report shall also serve as an objection to any Disputed Purchase Money Claim and the Court shall set a hearing ("Purchase Money Disputed Claim Hearing") to resolve the Disputed Purchase Money Claims.  Holders of the Disputed Purchase Money Claims may file and serve a response not less than five business days prior to the Purchase Money Disputed Claim Hearing.

(d) The Trustee will continue to file updated Purchase Money Claim Reports until all Purchase Money Claims have been reconciled and identified as either an Approved Purchase Money Claim or a Disputed Purchase Money Claim.

(e) The Trustee will serve notice of the filing of the Purchase Money Claim Reports on the affected parties, any party who has requested service of notice in this Chapter 11 Case, the US Trustee, and Fifth Third Bank.

16. The Trustee, upon notice to the Court at any time after the Trustee files the first Purchase Money Claim Report, may release proceeds from the Account that the Trustee determines are not necessary for the payment of any claim asserted against the Account.

7

WHEREFORE, the Trustee requests that the Court set this emergency motion for hearing on expedited and shortened notice to be heard as soon as the Court's calendar allows and thereafter enter an order in substantially the same form as attached <u>Exhibit A</u> (i) approving the sale of the cattle free and clear of liens, claims and interests with such liens, claims and interests attaching to the Purchase Money, (ii) ordering any Buyer who paid any Purchase Money to anyone other than the Debtor, the Trustee, or the Receiver, or redirected the delivery of any of Debtor's cattle without paying the Purchase Money to provide specific information including the amount and payee of any Purchase Money related to the sale of the cattle; (iii) approving the establishment of the Account to hold the Purchase Money; (iv) providing that any entity or person who remits Purchase Money to the Trustee shall be indemnified by the Chapter 11 estate up to the amount of the specific Purchase Money remitted against any claims by Third Parties related to the specific Purchase Money remitted; (v) enjoining any Third Parties from asserting claims against the Buyers related to the Purchase Money or the cattle and ordering that any such Third Party Claims be asserted against the Account; (vi) setting the Purchase Money Claims Bar Date and approving the notice thereof; (vii) approving the means by which the Trustee proposes to reconcile Purchase Money Claims; and (viii) granting the Trustee such other and further relief as is just and equitable.

                          Respectfully Submitted,

                          BAKER & DANIELS LLP

                          By:   /s/ Terry E. Hall

James M. Carr (#3128-49)             *Proposed Counsel for Trustee*
Terry E. Hall (#22041-49)
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
terry.hall@bakerd.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |

                          /s/ Terry E. Hall

BDDB01 6479986v3