Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION REGARDING PAYMENTS ON DEBTOR'S CATTLE SALES**

This matter came before the Court on the Emergency Motion Regarding Payments on Debtor's Cattle Sales [Dock. No. 141] ("Motion") filed by James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), for entry of an order authorizing the Trustee to complete the sale of cattle free and clear of liens, claims, encumbrances and interests pursuant to Bankruptcy Code § 363 by 1) accepting payment of purchase money ("Purchase Money") with all liens, claims, encumbrances and interests attached thereto as they existed in the sold cattle, 2) establishing a segregated account for the purpose of holding the Purchase Money, and 3) providing limited indemnification by the Chapter 11 estate to the cattle buyers making such payments of Purchase Money.

Upon the consideration of the Motion, and any objections to the Motion, and upon the record of the hearing held on the Motion, the Court now being duly advised finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been served and that no other or further notice is necessary; (v) granting the relief requested on an emergency basis is necessary to preserve and maximize assets of the estate and (vi) upon the record herein after due deliberation thereon good and sufficient cause exists for the granting of the relief set forth herein.  Accordingly,

IT IS THEREFORE ORDERED that:

A. The Motion is granted and any objections thereto are hereby overruled.

B. The Trustee is authorized, but not required, to complete the sale of cattle as described in the Motion free and clear of liens, claims, encumbrances and interests with such liens, claims, encumbrances and interests attaching to the Purchase Money.

C. Any Buyer[1] who paid any Purchase Money to anyone other than the Debtor, the Trustee, or the Receiver, or redirected the delivery of any of Debtor's cattle without paying the Purchase Money shall provide specific information including the amount and payee of any Purchase Money related to the sale of the cattle to the Trustee on or before March 31, 2011.

D. The Trustee shall establish the Account for the deposit of Purchase Money and maintain sufficient records so as to enable the tracing of Purchase Money as it is deposited into the Account.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

  E. Any entity or person who remits Purchase Money to the Trustee shall be indemnified by the Chapter 11 estate up to the amount of the specific Purchase Money remitted against any claims by Third Parties related to the specific Purchase Money remitted.

  F. Third Parties are hereby enjoined and estopped from asserting claims against the Buyers related to the Purchase Money or the cattle. Such claims are stayed pursuant to 11 U.S.C. § 362.

  G. All claims in and to the Purchase Money (each, a "<u>Purchase Money Claim</u>" and collectively, the "<u>Purchase Money Claims</u>") shall be made to this Court and resolved according to the procedures set forth in paragraphs H through T herein (collectively, the "<u>Procedures</u>"):

  H. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3), all persons and entities including, without limitation, individuals, partnerships, joint ventures, corporations, estates, or trusts holding or wishing to assert a "Purchase Money Claim" are required to file with the Clerk of the Court or by use of the CM/ECF filing system on or *<u>before 11:59 p.m. (prevailing Eastern Time) on</u> **March 31, 2011*** ("<u>Purchase Money Claim Bar Date</u>"), a completed and executed proof of claim (conforming substantially to Official Form No. 10) along with all supporting documentation ("<u>Proof of Claim</u>") on account of any Purchase Money Claim such third party holds or wishes to assert against the Account.

  I. Notwithstanding the foregoing regarding an 11:59 p.m. (prevailing Eastern Time) filing deadline, the Clerk's office closes at 4:30 p.m. (prevailing Eastern Time), so filings made in a fashion other than through CM/ECF must be actually received by 4:30 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date.

J.  The notice, substantially in the form attached to this Order as Exhibit 1 (the "Notice"), is hereby approved.

K.  Within five (5) days after the date of this Order, Trustee shall cause copies of the attached Notice to be mailed to _____, posted on the website established by the Trustee: easternlivestockbkinfo.com., and published in the following industry publications and/or websites: _____ (to the extent reasonably possible).

L.  In accordance with Bankruptcy Rules 2002(a)(7) and 9008, service of the Notice in the manner set forth above shall be deemed good and sufficient notice of the Purchase Money Claims Bar Date to all creditors.

M.  Any holder of a Purchase Money Claim who is required, but fails, to file a Proof of Claim in accordance with this Order so as to be actually received on or before 11:59 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date shall be forever barred, estopped, and enjoined from asserting or filing a proof of claim with respect to such Purchase Money Claim against the Account, the Debtor or any other party on account of the Purchase Money Claim; and the Account the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such Purchase Money Claim; and such holder shall not be permitted to vote on any plan or participate in any distribution in the Chapter 11 Case on account of such Purchase Money Claim or to receive further notices regarding such Purchase Money Claim.

N.  Subject to Paragraph I of this Order, for any Proof of Claim to be timely filed pursuant to this Order, it must be **ACTUALLY FILED OR RECEIVED** by the Clerk on or before 11:59 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date at the address listed below or via the Court's CM/ECF system:

>United States Bankruptcy Court Clerk
>110 U.S. Courthouse
>121 West Spring Street
>New Albany, IN 47150

O. Each Purchase Money Claim must also be served upon counsel for the Trustee, Terry E. Hall, Baker & Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, Indiana 46204 on or before the Purchase Money Claim Bar Date.

P. Within 90 days of the Purchase Money Claim Bar Date, the Trustee shall file and serve on all parties who filed a Purchase Money Claim, the U.S. Trustee, and all persons who have filed for notice in the Chapter 11 Case, a report (the "Purchase Money Claim Report") listing the asserted Purchase Money Claims, if any, and identifying the amount or portion thereof which, after good faith review and evaluation and in accordance with applicable law are deemed valid and entitled to payment ("Approved Purchase Money Claim") or are deemed disputed or invalid ("Disputed Purchase Money Claim"), or which have not yet been reconciled ("Unreconciled Purchase Money Claim"). For any Disputed Purchase Money Claim, the Trustee will state the legal or factual basis for his position.

Q. The Purchase Money Report shall serve as a motion to approve and allow payment from the Account of any Approved Purchase Money Claim and parties in interest in the Chapter 11 Case shall have 30 days from the date of filing of the Purchase Money Claim Report to file an objection to the proposed payment, but if no objection is filed, the Court may issue an order approving payment without further notice or hearing.

R. The Purchase Money Claim Report shall also serve as an objection to any Disputed Purchase Money Claim and the Court shall set a hearing ("Purchase Money Disputed Claim Hearing") to resolve the Disputed Purchase Money Claims. Holders of the Disputed

Purchase Money Claims may file and serve a response not less than five business days prior to the Purchase Money Disputed Claim Hearing.

  S. The Trustee will continue to file updated Purchase Money Claim Reports until all Purchase Money Claims have been reconciled and identified as either an Approved Purchase Money Claim or a Disputed Purchase Money Claim.

  T. The Trustee will serve notice of the filing of the Purchase Money Claim Reports on the affected parties, any party who has requested service of notice in this Chapter 11 Case, the U.S. Trustee, and Fifth Third Bank.

  U. The Trustee, upon notice to the Court at any time after the Trustee files the first Purchase Money Claim Report, may release proceeds from the Account that the Trustee determines are not necessary for the payment of any Purchase Money Claim.

###