UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**EMERGENCY MOTION REGARDING TRUSTEE SELLING DEBTOR'S
CURRENT CATTLE INVENTORY**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by counsel, respectfully moves this Court for an order, substantially in the form attached hereto as Exhibit A, authorizing the Trustee, in his discretion and business judgment, to sell the cattle inventory of Eastern Livestock Co., LLC ("Debtor") free and clear of all liens, claims, encumbrances and interests, including contract rights and any statutory trusts under 7 U.S.C. 181 et seq. (collectively, the "Claims") pursuant to the procedures set forth herein ("Sale Procedures") with any such Claims attaching to the proceeds of the sales.  In support of this Emergency Motion for Order Approving Procedures for Chapter 11 Trustee to Sell Cattle ("Sale Procedures Motion"), the Trustee respectfully represents the following:

**Preliminary Background**

1.  Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").  This Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

2.  From December 8, 2010 through December 27, 2010, Elizabeth M. Lynch of Development Specialists, Inc. ("DSI") served as interim custodian and was authorized to sell certain of the Debtor's assets pursuant to two orders of this Court [Dock. Nos. 35 and 36].  Prior

to the Petition Date, DSI served as receiver over Debtor's assets pursuant to the November 10, 2010 Order for the Immediate Appointment of Receiver ("Receivership Order") entered in <u>Fifth Third Bank v. Eastern Livestock Co., LLC, et al</u>, Case No. A1010267, Court of Common Pleas in Hamilton County, Ohio.

3. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] ("Trustee Order"), approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

**Jurisdiction and Venue**

4. This Court has jurisdiction to consider this Sale Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§1408 and 1409.

5. The statutory bases for the relief sought herein are sections 363, 1106 and 1108 of the Bankruptcy Code.

**Factual Basis For Relief**

6. The Debtor is one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. Debtor generated revenue through the purchase and sale of cattle at auctions throughout the country, both on its own behalf and as broker for others. Prior pleadings in this Chapter 11 Case provide a more detailed background of Debtor's business and the events leading up to the Chapter 11 Case.

7. On the Petition Date, cattle owned by the Debtor existed in feed lots and holding pens throughout the United States. The Trustee estimates there are about 36,000 head of cattle in various stages of finishing with some cattle ready for market now with the remainder being ready in the next three to four months. The cattle are in the care of feed lots and other

2

entities during this time. The value of the cattle changes over time with the maturity, condition and the market.

8. Since the Debtor was in the business of buying and selling cattle, selling the Debtor's remaining cattle is likely an ordinary course of business transaction. However, given the uncertainty surrounding the Debtor's circumstances, entities may be reluctant to purchase the Debtor's cattle and concerned that such purchases may be subject to claims of others ("Third Parties") under federal or state law. However, the cattle need to be sold as they reach an economical market price and the relief and authority requested in this Sales Procedures Motion will allow those sales to move forward with the buyers having protection from competing claims of Third Parties.

## Requested Relief and Proposed Sale Procedures

9. The Trustee requests that the Court set this Sale Procedures Motion for hearing on January 12, 2011 at 10:00 a.m. EST or as soon as the Court's calendar will allow and thereafter enter an order in substantially the same form as attached Exhibit A (i) granting the Trustee authority to market and sell cattle at auctions, through contract, or in private sales, pursuant to the Sale Procedures described herein and (ii) finding that such cattle are sold pursuant to section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances and interests, including contract rights and any statutory trusts or rights under 7 U.S.C. 181 et seq. with such liens, claims, encumbrances and interests to attach to the "Net Proceeds" (defined below) of such sales.

10. Debtor's estate bears substantial and continuing daily costs in caring for the health and safety of its inventory of cattle. Expedited sales in the manner provided by the Sale Procedures and consistent with sales in the Debtor's industry appear to be the best means available to maximize the value of the Debtor's assets and the distribution to creditors in the

3

Chapter 11 Case. Approval of such Sale Procedures will allow the Trustee to efficiently liquidate estate assets and provide the livestock market with assurance that its transactions with the Trustee are Court-approved and sanctioned, while still preserving all parties' rights in and to the "Net Proceeds" of sales.

11. For these reasons, the Trustee respectfully requests that the Court approve the following Sale Procedures:

(a) As the Trustee locates cattle in which the Debtor has an interest (collectively, the "Cattle"), the Trustee shall have the authority to contract for the sale of Cattle, in lots or amounts as determined by the Trustee, at auctions and/or markets existing within the Debtor's industry and upon terms common in the industry without the need for the Trustee to apply for or be granted any permits and/or other license that may be required by state or federal law or seek further approval of this Court.

(b) The Trustee, in his discretion, shall decide which Cattle are ready for sale and which Cattle need additional time before they are ready for sale.

(c) Delivery of Cattle to an auction or market pursuant to the Trustee's direction shall operate as turnover of property of the estate pursuant to section 542 of the Bankruptcy Code and thereafter relieve the party returning possession of the Cattle from any liability that could arise under section 542 of the Bankruptcy Code with respect to the value of the property so delivered.

(d) The Trustee shall be authorized to pay the following "Sale Costs" associated with the sale of Cattle at auction or market without further order of this Court and either prior to, contemporaneous with or subsequent to the actual sale of the Cattle: (i) any fee required to obtain possession of and transport the Cattle to the auction or market; (ii) any applicable commission paid to the auction or market, (ii) reasonable feed and veterinary costs for

4

the care and inspection of the Cattle to be sold, (iii) federal and state beef check-off fee and (iv) livestock insurance (each, a "Sale Cost"; collectively, the "Sale Costs").

(e) Notwithstanding the foregoing, no Sale Cost may be paid by set-off without full compliance with section 553 of the Bankruptcy Code.

(f) All Cattle shall be sold free and clear of all liens, claims, encumbrances and interests, including contract rights and statutory trusts or claims under 7 U.S.C. 181 et seq. with such liens, claims and encumbrances to attach to the "Net Proceeds" realized from the sale of the Cattle. When used in this Sale Procedures Motion, "Net Proceeds" means the gross proceeds of the sale minus Sale Costs.

(g) The Trustee shall deposit the Net Proceeds into an account established to hold the Net Proceeds and maintain sufficient records so as to be able to differentiate to the extent practicable among Net Proceeds realized from sales of Cattle to which differing liens, claims, encumbrances and interests may attach. The Trustee shall file reports with the Court no less often than every thirty (30) days identifying the number of Cattle sold, the aggregate Sale Costs, and the Net Proceeds received.

(h) Any sale of Cattle that is subject to a prepetition executory contract which is not assumed by the Trustee shall be deemed a rejection of that contract under section 365 of the Bankruptcy Code and the resulting claim, if any, shall be a prepetition claim.

12. These Sale Procedures are designed to provide the Trustee with the ability to market and sell the Cattle for the highest possible price, while maintaining all parties' rights to and interests in Net Proceeds realized from the sale of Cattle.

**Applicable Authority**

13. Section 363 of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of

5

the estate." 11 U.S.C. § 363(b).  To approve the use, sale or lease of property outside the ordinary course of business, there must be "some articulated business justification."  See Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); see also Stephens Inc., v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Abbott Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986); In re Telesphere Communications, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); and In re Delaware & Hudson Rv. Co., 124 B.R. 169, 175-76 (D. Del. 1991).

14. A court will defer the trustee's judgment to make a sale outside the ordinary course of business pursuant to section 363 of the Bankruptcy Code, when the trustee has "sound business reasons for making the sale." Schipper, 933 F.2d at 515.

15. When applying the "business judgment" rule, courts show great deference to the trustee's decision-making.  See Summit Land Co. v. Allen (In re Summit Land Co.), 13 B.R. 310, 315 (Bankr. D. Utah 1981).  Therefore, the relief requested in this Sale Procedures Motion should be granted if the Trustee demonstrates a sound business justification therefore. See Schipper, 933 F.2d at 515; In re Lionel Corp., 722 F.2d at 1071; In re Delaware Hudson Rv. Co., 124 B.R. 169 at 179.

16. As explained above, the Trustee possesses sound business justifications for selling Cattle pursuant to the Sale Procedures.  The Debtor's estate does not have the financial resources or access to capital necessary to provide for the feed and care of its entire inventory of Cattle indefinitely.  The uncertainties concerning the Debtor's financial conditions have eroded the Debtor's customer base and produced uncertainty regarding any proposed sales.  The Trustee has therefore determined, based upon his reasoned business judgment, and upon the advice of professionals, that the most viable option for maximizing the value of the chapter 11 estate is through a sale of the Cattle at auctions or markets on an expedited basis and pursuant to the Sale

Procedures, though the Trustee retains discretion to delay any such sale or to continue any contract based on the economics of maintaining certain Cattle until a more desirable sale price may be obtained.

17. Under section 363(f) of the Bankruptcy Code, a trustee or debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;
(4) such interest is in *bona fide* dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

18. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will be sufficient to permit the sale of Cattle free and clear of any and all interests that may be asserted therein.

19. All holders of interests in the Debtor's Cattle can be compelled to accept a money satisfaction of such interests in legal or equitable proceedings in accordance with section 363(f)(5) of the Bankruptcy Code. The Trustee proposes that any interests in and to the sold Cattle attach to the Net Proceeds.

20. Because approval of the Sale Procedures is in the best interests of the estate and its creditors, the sale of Cattle pursuant to the Sale Procedures should be approved.

WHEREFORE, the Trustee requests that the Court set this Sale Procedures Motion for hearing on January 12, 2010 at 10:00 a.m. EST or as soon as practicable on the Court's calendar and thereafter enter an order in substantially the same form as attached

7

<u>Exhibit A</u> (i) granting the Trustee authority to market and sell the Cattle at auctions or markets pursuant to the Sale Procedures described herein, (ii) deeming that the Cattle are sold free and clear of all liens, claims and encumbrances pursuant to section 363 of the Bankruptcy Code with such liens, claims and encumbrances to attach to the Net Proceeds of such sales, and (iii) granting the Trustee such other and further relief as is just and equitable.

    Respectfully Submitted,

    BAKER & DANIELS LLP

    By:  /s/ Terry E. Hall

James M. Carr (#3128-49)    *Proposed Counsel for Trustee*
Terry E. Hall (#22041-49)
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
jim.carr@bakerd.com
terry.hall@bakerd.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |

/s/ Terry E. Hall

9