UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION FOR EMERGENCY HEARING ON EMERGENCY MOTION REGARDING TRUSTEE SELLING DEBTOR'S CURRENT CATTLE INVENTORY**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by proposed counsel, respectfully requests that this Court set an emergency hearing ("Hearing") on the *Emergency Motion Regarding Trustee Selling Debtor's Current Cattle Inventory* [Dock. No. 143] ("Emergency Motion") filed by the Trustee on January 6, 2011. In support of this request for an emergency hearing, the Trustee respectfully states as follows:

1. The Emergency Motion seeks entry of an Order authorizing the Trustee, in his discretion and business judgment, to sell the cattle inventory of Eastern Livestock Co., LLC ("Debtor") free and clear of all liens, claims, encumbrances and interests, including contract rights and any statutory trusts under 7 U.S.C. 181 et seq. (collectively, "Claims") pursuant to the procedures set forth therein (the "Sale Procedures") with any such Claims attaching to the proceeds of the sales.

2. Since the Debtor was in the business of buying and selling cattle, selling the Debtor's remaining cattle is likely an ordinary course of business transaction. However, given the uncertainty surrounding the Debtor's circumstances, entities may be reluctant to purchase the Debtor's cattle and concerned that such purchases may be subject to claims of others ("Third Parties") under federal or state law. However, the cattle need to be sold as they

reach an economical market price and the relief and authority requested in the Emergency Motion will allow those sales to move forward with the buyers having protection from competing claims of Third Parties.

3. Debtor's estate bears substantial and continuing daily costs in caring for the health and safety of its inventory of cattle. Expedited sales in the manner provided by the Sale Procedures[1] and consistent with sales in the Debtor's industry appear to be the best means available to maximize the value of the Debtor's assets and the distribution to creditors in the Chapter 11 Case. Approval of such Sale Procedures will allow the Trustee to efficiently liquidate estate assets and provide the livestock market with assurance that its transactions with the Trustee are Court-approved and sanctioned, while still preserving all parties' rights in and to the "Net Proceeds" of sales.

4. The Trustee has determined, based upon his reasoned business judgment, and upon the advice of professionals, that the most viable option for maximizing the value of the chapter 11 estate is through a sale of the cattle at auctions or markets on an expedited basis and pursuant to the Sale Procedures because (i) the Debtor's estate does not have the financial resources or access to capital necessary to provide for the feed and care of its entire inventory of Cattle indefinitely, and (ii) the uncertainties concerning the Debtor's financial conditions have eroded the Debtor's customer base and produced uncertainty regarding any proposed sales. As a result, prior authority to sell the cattle inventory of the Debtor pursuant to the Sale Procedures is needed on an emergency basis.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Emergency Motion.

6487439_1.DOC                                                                                      2

WHEREFORE, the Trustee requests that the Court schedule his Emergency Motion for hearing on January 12, 2011 at 10:00 a.m. EST or as soon thereafter as the Court's calendar will allow and for all other just and appropriate relief.

Respectfully submitted,

BAKER & DANIELS LLP

By:  /s/ Terry E. Hall

*Proposed Counsel for Trustee*

James M. Carr (#3128-49)
Terry E. Hall (#22041-49)
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
jim.carr@bakerd.com
terry.hall@bakerd.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 6, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |

                                                 /s/ Terry E. Hall