UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                )
                                      )
EASTERN LIVESTOCK CO., LLC,           )        CASE NO. 10-93904-BHL-11
                                      )
        Debtor.                       )

---

**OBJECTION TO MOTION FOR RELIEF FROM STAY
FILED BY FRIONA INDUSTRIES, LP, CACTUS
GROWERS, INC., AND J & F OKLAHOMA HOLDINGS, INC.**

---

The First Bank and Trust Company ("First Bank"), by counsel, for its Objection to

Motion for Relief from Stay filed by Friona Industries, L.P., Cactus Growers, Inc., and J & F

Oklahoma Holdings, Inc., collectively "Movants", alleges and states as follows:

1.      Movants have filed their Motion for Relief from Stay with respect to a certain

action filed in the United States District Court for the Northern District of Texas more

particularly described in Movants' Motion which is in the nature of an interpleader (the

"Interpleader Action").

2.      Movants failed to name First Bank as a party in the Interpleader Action and,

as set forth in the Affidavit of Ernest E. Copenhaver, Jr. attached hereto and made a part

hereof as Exhibit "A", First Bank believes that a portion of the funds that are the subject of

the Interpleader Action (the "Stake") constitute proceeds of cattle subject to a perfected

security interest granted to it by Thomas and Patsy Gibson (the "Gibsons") which were sold

to or through Eastern Livestock Co., LLC ("Eastern Livestock" or "Debtor").  The funds that

First Bank believes constitute proceeds of its collateral may include funds to which Eastern

Livestock may also assert a claim.

3. In their Motion for Relief from Stay, Movants assert that the stay should be lifted pursuant to 11 U.S.C. § 362(d)(2) based on the Debtor's alleged lack of equity in the Stake. However, as set forth below, Movants are also required to meet, and fail to meet, the "for cause" standard under 11 U.S.C. § 362(d)(1).

4. Although Movants filed a Supplemental Motion for Relief from Stay ("Supplemental Motion") asserting that the stay should be terminated pursuant to 11 U.S.C. § 362(d)(1) for cause, the Supplemental Motion fails to allege any facts supporting a conclusion that cause for terminating the stay exists. Bankruptcy Rule 9013 requires that a motion state with particularity the grounds therefor. Moreover, Local Rule B-9013(1)(a) requires that the motion contain a short and plain statement concerning the factual basis or grounds for the motion. While the pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), may not apply directly to motion practice in bankruptcy, nevertheless, the principles enunciated in those cases certainly require more than a mere conclusory allegation that cause exists for purposes of the particularity requirement of B.R. 9013 and L.R. B-9013-1.

5. Movants' Motion for Relief from Stay alleges that Movants have a security interest in the Stake and make reference to contracts and/or other documents which allegedly give Movants lien rights. However, pursuant to L.R. B-4001-1(a)(1), Movants are

required to attach certain documents upon which they rely for the relief sought in their motion, to wit:

> (a)    documents upon which movant relies to establish its lien or security interest (or incorporate by reference movant's proof of claim if documentation attached); and

> (b)    evidence of perfection of movant's lien or security interest (or incorporate by reference the movant's proof of claim if documentation attached).

6.    Both the "for cause" standard set forth in § 362(d)(1) and the lack of equity standard set forth in § 362(d)(2) are required to be met before Movants would be entitled to the relief sought by them with respect to the Interpleader Action.

7.    Section 362(a) contains eight (8) subsections listing various acts against the debtor and/or the property of the debtor or the debtor's estate which are stayed by the filing of the petition.  Section 362(d) contains four (4) grounds for obtaining relief from the stay, subsections (3) and (4) apply only with respect to real estate and are not applicable here. This leaves § 362(d)(1), which applies generally to all acts stayed by § 362(a) and provides relief from the stay "for cause" and, in contrast, § 362(d)(2), which applies only to a stay "of an act against property of the debtor," and provides that relief may be granted with respect to the property only if the debtor does not have any equity in such property.  Thus, if the moving party seeks relief solely with respect to an act against property, it need only comply with the equity standard under § 362(d)(2), but if the moving party seeks relief both as to an act against property of the debtor and an act against the debtor as well, then it must comply with both the "for cause" and "equity" standards.

- 3 -

8.      Even a cursory examination of the relief sought by Movants in the Interpleader Action demonstrates that the Interpleader Action seeks to modify the stay to permit both an action against the Debtor and an act against property of the Debtor.  The Interpleader Action seeks a determination that Eastern Livestock breached various contracts with Movants and that they are entitled to damages for such breach and requests that the Court determine the amount of their damages.  In addition, the Interpleader Action joined a number of other defendants as parties (but not all parties) and it may also be necessary for the Court to determine the amount of their claims, if any, to the Stake.  The continuation of an action seeking relief of this nature clearly constitutes the continuation of an action against the Debtor that is stayed under § 362(a)(1)[1] and not an act against property of the Debtor.

9.      The Interpleader Action goes on to seek the enforcement of the Movants' alleged lien rights against property of the Debtor, i.e.–the Stake, which action would be stayed under § 362(a)(5) as an act to enforce a lien against property of the Debtor. However, given the nature of the Movants' alleged damage claims, which require judicial determination, it would not be possible for the Court in the Interpleader Action to enforce

---

[1]The Supplemental Motion asserts that the continuation of the Interpleader Action does not constitute an action subject to the automatic stay for purposes of §§ 362(a)(1).  However, the Supplemental Motion fails to satisfy the particularity requirement of B.R. 9013 and L.R. B-9001-1, since no facts are cited in support of this contention and no reason is given as to why the continuation of the Interpleader Action does not constitute an action subject to the automatic stay. The Interpleader action is clearly stayed by § 362(a)(1) since the Interpleader Action, *inter alia*, seeks a determination of a damage claim against Eastern Livestock which clearly involves the ". . . continuation . . . of a judicial . . . action . . . against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . ."  In any event, the Interpleader Action would also appear to be stayed under §§ 362(a)(3), (4), (5), (6), and (7) in addition to being stayed under § 362(a)(1).

- 4 -

the Movants' alleged lien unless the Court first liquidated the amount of their claims.  Thus, it is not possible for the Movants to seek relief solely to enforce their lien rights without also seeking relief to permit a determination of their alleged claims against the Debtor.  Thus, it is clear that both the "for cause" and "equity" standards apply to Movants' efforts to seek relief from the stay.

10.   In the instant case, even if Movants had stated grounds for relief "for cause" with particularity, Movants are still unable to establish cause under § 362(d)(1).  In *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. Ill. 1991), the Seventh Circuit noted that:

> "Cause" as used in § 362(d) "has no clear definition and is determined on a case-by-case basis." *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990).

Since there is no clear definition, *Fernstrom* also set forth the following standards for determining cause on a case-by-case basis.  These are whether:

> a) Any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of prevailing on the merits.  *Id.* at 735.

11.   As *Fernstrom* notes, numerous cases have granted relief from the stay in cases where a litigant seeks to obtain a recovery from insurance policies maintained by a debtor and in granting stay relief, the courts have found no prejudice to the debtor existed where there was no potential for harm to the debtor where the insurance company had assumed full financial responsibility for defending the litigation to the extent that the claim does not exceed the insurer's liability to the debtor under the policy.  *Id*. at 735-736; *Foust*

*v. Munson S.S. Lines*, 299 U.S. 77, 87, 81 L.Ed. 49, 57 S.Ct. 90 (1936); *In re Adolf Gobel, Inc.*, 89 F.2d 171, 172 (2nd Cir. 1937); *[\*736] In re Winterland*, 101 Bankr. 547 (C.D. Ill. 1988); *In re Honosky*, 6 Bankr. 667, 669 (Bankr. S.D.W.Va. 1980).  In other words, no prejudice to the estate is present where no claims against the estate will result if relief from the stay is granted.  Consequently, it follows that if the granting of relief will result in the possible assertion of claims against the estate, then the estate would be prejudiced if relief is granted.  Here, Movants clearly seek to establish claims against the estate which are prejudicial to the Debtor.

12.    The element of prejudice to the bankruptcy estate where a litigant seeks to determine a claim against the estate in another forum is connected with the "related to" jurisdiction of the district and bankruptcy courts under 28 U.S.C. § 1334(b).  As *Wetzel v. Lumbermens Mut. Cas. Co.*, 324 B.R. 333, 340 (S.D. Ind. 2005) indicated:

> The Seventh Circuit has explained that the reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.  *Zerand-Bernal Group*, 23 F.3d at 162 (citing *In re Xonics*, 813 F.2d 127, 131 (7th Cir. 1987)).  The Seventh Circuit recognizes a secondary purpose for "related to" jurisdiction, that is, to force into the bankruptcy court all suits which may affect the amount of property in the bankruptcy estate, including suits to which the debtor is not a party.  *Id.* (citing *In re Xonics*, 813 F.2d 131; *National Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 709 (7th Cir. 1994); *In re Turner*, 724 F.2d 338, 341 (2d Cir. 1983)(Friendly, J.)).

13.    First Bank is aware of at least three (3) other interpleader actions naming Eastern Livestock as a party that are currently pending:  *Fredin Brothers, Inc. v. Eastern Livestock Company, LLC, et. al.*, pending in the District Court, Prowers County, Colorado,

as Case No. 2010 cv 61; *Innovative Livestock Services, Inc., et. al. v. Eastern Livestock Company, LLC, et. al.*, pending in the District Court of Pawnee County, Kansas, pending as Case No. 10 W 41; and *Rush Creek Ranch, LLLP v. Eastern Livestock Company, LLC, et. al.*, pending in Vernon County, Wisconsin, Circuit Court, as Case No. 10 cv 317. Each of these interpleader actions seeks a determination regarding conflicting claims which have been asserted to proceeds from cattle allegedly sold by Eastern Livestock. Each of these actions are presently stayed. Allowing the Interpleader Action to continue may result in inconsistent determinations with respect to similar issues in multiple forums contrary to the bankruptcy policy of requiring that all claims by and against the debtor be determined in the same forum.

14.    Further prejudice to the estate may result from the fact that Movants' Motion for Relief from Stay alleges that if relief from the stay is granted, the Texas Court will either determine that the funds should be paid to Movants by virtue of their security interests and setoff rights and to various parties who were joined as parties to the Interpleader Action, or to Fifth Third Bank, who asserts a priority security interest in the Stake, in which event Eastern Livestock will receive nothing. However, neither the Interpleader Action, nor Movants' Motion for Relief from Stay, allege that the parties who were joined as parties to the Interpleader Action, who it is alleged are unpaid producers or persons who transported cattle, have asserted any liens or could assert any liens against the Stake. Thus, Movants' Motion for Relief from Stay, on its face, envisions that if the stay is lifted, the Texas District Court may order that some portion of the Stake be paid to parties thereto who appear to be unsecured creditors of Eastern Livestock and who would likely receive a greater

recovery as a percentage of their claims compared to unsecured creditors of Eastern Livestock who were not joined as parties to the Interpleader Action, in contravention of the fundamental bankruptcy philosophy that equally situated creditors should be treated equally.

15.     Prejudice to the estate also arises from the fact that the Interpleader Action seeks to set off Movants' alleged claims against the funds that would otherwise be payable to Eastern Livestock.  11 U.S.C. § 362(a)(7) stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor."  While the automatic stay does not operate to defeat a creditor's right of setoff, the right of setoff is nevertheless stayed "pending an orderly examination of the debtor's and creditor's rights."  *In re Corland Corp.*, 967 F.2d 1069, 1076 (5th Cir. 1992).

16.     In addition, the right of setoff is limited to the extent provided in 11 U.S.C. § 553.  Among other limitations, the right of setoff may not be exercised to the extent that "the claim of such creditor against the debtor is disallowed."  11 U.S.C. § 553(a)(1).

17.     In contrast to the extreme prejudice to the Debtor, the estate, and its creditors, no hardship to Movants results from continuing the stay in effect.  *Fernstrom, supra*, further noted that hardship to the non-bankrupt party is more likely to be found where the litigation sought to be stayed has reached a more advanced stage.  *Fernstrom, supra*, 731, 737; *In re Murray Indus.*, 121 Bankr. 635, 637 (Bankr. M.D. Fla. 1990); *In re Kaufman*, 98 Bankr. 214, 215 (Bankr. E.D.Pa. 1989); *cf. In re Sonnax Indus.*, 907 F.2d 1280, 1287 (2d Cir. 1990)(declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage"); *In re Collins*, 118 Bankr. 35 (Bankr.

D.Md. 1990)(declining to lift stay where parties in state court proceeding had not yet begun discovery).

18.     The Interpleader Action in this case was filed on November 11, 2010, less than a month prior to the filing of the Eastern Livestock Involuntary Case and, clearly, has not reached an advanced state.  Moreover, since Movants have failed to join First Bank as a party to the Interpleader Action, the action has not even commenced with respect to all parties with an interest in the Stake.  Thus, Movants cannot show that the failure to grant relief from the stay will result in hardship to Movants.

19.     It is not possible to evaluate the third factor cited by *Fernstrom, supra*, *i.e.*– Movants' likelihood of prevailing on the merits, based on the fact that it is unlikely that any responsive pleadings were filed or discovery was conducted in the Interpleader Action given the short time it was pending prior to the imposition of the stay.

20.     Accordingly, cause does not exist to grant Movants' Motion for Relief from Stay.  Permitting Movants to continue their Interpleader Action may be highly prejudicial to the Debtor, the estate, and its creditors.  If Movants' Motion for Relief from Stay is granted, funds that might otherwise belong to the Debtor's estate may be paid to unsecured creditors of the Debtor in contravention of the distributive scheme of the Bankruptcy Code.  Claims by and against the Debtor may be determined in multiple forums with inconsistent results.  Moreover, Movants' may be allowed to set off their claims against the Debtor against the Stake without the orderly examination of the Debtor's and creditors' rights contemplated by 11 U.S.C. §§ 362(a)(7) and 553.  The prejudice to the Debtor's

estate thus outweighs any hardship to Movants, given the fact that the Interpleader Action was pending for less than a month prior to the filling of the involuntary petition in this Case.

21.    A further reason to continue the stay in effect is based on the fact that the defendants that Movants joined as parties in the Interpleader Action include East-West Trucking Co., LLC. ("East-West").    East-West filed a petition under Chapter 7 of the Bankruptcy Code on November 23, 2010, and that case is currently pending before this Court as Case No. 10-93799-BHL-7.  The Movants have not sought relief from the stay in that proceeding.  Consequently, the granting of relief in this case would not be effective to permit the Interpleader Action to proceed and it is impossible to determine from the allegations contained in the Interpleader Action or Movants' Motion for Relief from Stay whether Movants are likely to obtain relief from the stay in the East-West case since there are no allegations relating to whether East-West has any equity in the Stake or whether cause exists for granting relief from the stay in the East-West proceeding.

WHEREFORE, The First Bank and Trust Company, by counsel, respectfully requests that the Court deny the Motion for Relief from Stay and the Supplemental Motion for Relief from Stay filed by Friona Industries, L.P., Cactus Growers, Inc., and J & F Oklahoma Holdings, Inc. and for all other appropriate relief.

Respectfully submitted,

/s/ Bret S. Clement
Bret S. Clement  (#3708-49)
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
Tel. 317-636-3471/Fax 317-636-6575
E-mail:  bclement@acs-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2011, a true and correct copy of the foregoing

Objection to Motion for Relief from Stay Filed by Friona Industries, LP, Cactus Growers,

Inc., and J & F Oklahoma Holdings, Inc. was filed electronically.  Notice of this filing will be

sent to the following parties through the Court's Electronic Case Filing System.  Parties

may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

John W Ames
jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com

C. R. Bowles
crb@gdm.com, shm@gdm.com;lgw@gdm.com

John R. Carr III
jrciii@acs-law.com, sfinnerty@acs-law.com

Deborah Caruso
dcaruso@daleeke.com, lharves@daleeke.com, mthomas@daleeke.com

Jesse Cook-Dubin
jcookdubin@vorys.com, cdfricke@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Terry E. Hall
terry.hall@bakerd.com, sarah.laughlin@bakerd.com, sharon.korn@bakerd.com

James Bryan Johnston
bjtexas59@hotmail.com, bryan@ebs-law.net

Edward M King
tking@First Banklaw.com, dgioffre@First Banklaw.com

James A. Knauer
jak@kgrlaw.com, hns@kgrlaw.com

Randall D. LaTour
rdlatour@vorys.com, cdfricke@vorys.com

Kim Martin Lewis
kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com

John Hunt Lovell
john@lovell-law.net, sabrina@lovell-law.net

John Frederick Massouh
john.massouh@sprouselaw.com

William Robert Meyer
rmeyer@stites.com

Allen Morris
amorris@stites.com, dgoodman@stites.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

Mark A. Robinson
mrobinson@vhrlaw.com, dalbers@vhrlaw.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com

Ivana B. Shallcross
ibs@gdm.com

Meredith R. Thomas
mthomas@daleeke.com, kmark@daleeke.com

John M. Thompson
john.thompson@crowedunlevy.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Stephen A. Weigand
sweigand@ficlaw.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov

James T. Young
james@rubin-levin.net, marie@rubin-levin.net, ATTY_JTY@trustesolutions.com

I further certify that on January 6, 2011, a copy of the foregoing Objection to Motion

for Relief from Stay Filed by Friona Industries, LP, Cactus Growers, Inc., and J & F

Oklahoma Holdings, Inc. was mailed by first-class U.S. Mail, postage prepaid, and properly

addressed to the following:

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN  47150

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA  66610

/s/ Bret S. Clement
Bret S. Clement