UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by counsel, objects to the motion for relief from 11 U.S.C. 362 [Docket Nos. 78, 129, and 160] (together, the "Motion") filed by Friona Industries, LP ("Friona"), Cactus Growers, Inc. ("Cactus"), J&F Oklahoma Holdings, Inc. ("J&F"), and CPC Livestock ("CPC" and collectively with Friona, Cactus, and J&F, the "Movants").  If granted the relief, the Movants intend to continue to litigate in another forum ("Texas Interpleader")[1] claims against the Eastern Livestock Co., LLC ("Debtor") and to lay claim to assets of the Debtor's estate pursuant to a determination of the Debtor's assets in that other forum.  Because no cause exists to grant such relief, and because the grant of such relief would subject the Debtor's estate to potentially divergent adjudications, cause confusion among claimants, increase costs to the estate and to creditors of the estate, and potentially subject creditors to differing judgments, the relief should be denied.

1. The Texas Interpleader is one of at least four interpleader actions recently filed against the Debtor; the others are in Colorado, Kansas, and Wisconsin state courts.  The actions stem from differing claims and liens against the Debtor's cattle and/or proceeds of the sale of Debtor's cattle.  The actions were filed in the preceding two months and are in the very early stages of litigation.

---

[1] *Friona Industries, LP v. Eastern Livestock Co, LLC, et al.,* Cause No. 2:10-cv-00266-J in the United States District Court for the Northern District of Texas, Amarillo Division.

BDDB01 6484800v4

2.  The Trustee is still in the process of assembling and analyzing Debtor's relevant books and records but believes that the parties who may ultimately assert claims against the Debtor's assets are numerous and diverse. In addition, the Debtor may have numerous claims against parties to recover assets and payments and transfers improperly made by the Debtor, including some of the parties who now assert claims to cattle and sales proceeds. The purpose of a chapter 11 case is to provide a single forum where the claims against and of a Debtor may be determined in a fair and equitable manner such that neither the Debtor nor its creditors are subjected to differing determinations. To grant the relief requested by the Movants would defeat that central purpose and interfere with the jurisdiction of this Court over the property of the Debtor's estate. The Trustee is in the process of seeking the removal and/or transfer of all the actions now pending against the Debtor so that the assets, claims, liens, and interests can be determined once and with finality in this Court and as against all parties.

3.  The Movants seek relief from stay under sections 362(d)(1) and (2) of the Bankruptcy Code, arguing that (i) the Texas Interpleader is not subject to the automatic stay, (ii) they are entitled to relief from stay for "cause", and (iii) that the Debtor has no equity in the Interpled Funds. (Motion ¶ 8.) The Movants did not satisfy the burden of proof necessary to be granted relief from stay under any of the cited sections of the Bankruptcy Code.

4.  The automatic stay clearly operates to stay continuation of the Texas Interpleader. The Texas Interpleader seeks a determination that Debtor breached various contracts and requests relief directly against Debtor and is clearly stayed under section 362(a)(1) of the Bankruptcy Code.

5.  No cause exists nor has any been pled to justify relief under 362(d)(1). The existence of "cause" under section 362(d)(1) of the Bankruptcy Code is determined on a

BDDB01 6484800v4

case-by-case basis and depends on whether "(a) any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit, b) the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and c) the creditor has a probability of prevailing on the merits." *In re Fernstrom Storage & Van Co.*, 38 F.2d 731, 735 (7th Cir. Ill. 1991).

6. The Texas Interpleader is in effect a chapter 11 "lite" except that it is not and cannot determine all the Debtor's property, creditors, claims and defenses. Debtor's estate would suffer great prejudice as a result of being forced to litigate the same issues in multiple forums and the Cattle Buyers will suffer no prejudice as a result of a denial of the Motion. They have already appeared before this Court and have full ability to protect and assert their claims and interests here. In fact, a determination by this Court may provide a better result, as any award in another forum of the Debtor's property may be subject to an avoidance or fraudulent transfer action brought in this Court. The Texas Interpleader names another bankrupt party – East-West Trucking Co., LLC ("East-West") – as a defendant, but the Movants have not sought relief from stay in East-West's case and the Texas Interpleader would therefore still be subject to the automatic stay created by East-West's case.

7. Relief is also not appropriate under 362(d)(2). Such relief is appropriate for an act against "property of the estate," but the pleadings in the Texas Interpleader explicitly assert direct claims against the Debtor and is not simply an act against estate property. Moreover, even if 362(d)(2) did apply, it is far too early to determine whether there is or is not equity in the funds tendered in the Texas Interpleader. Quite a bit of funds and assets appear to have disappeared from the Debtor's estate prior to the filing, and if they existed once, they might be found.

3

8. Because the Movants have failed to establish grounds for relief under either 11 U.S.C. § 362(d)(1) or 11 U.S.C. § 362(d (2) and because this Court is the most appropriate and efficient forum to determine relative rights in and to the Debtor's assets and the funds tendered, the Motion should be denied.

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion and grant the Trustee all other just and appropriate relief.

Respectfully Submitted,

BAKER & DANIELS LLP

By: /s/ Terry E. Hall

*Proposed Counsel for Trustee*

James M. Carr (#3128-49)
Terry E. Hall (#22041-49)
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
jim.carr@bakerd.com
terry.hall@bakerd.com

BDDB01 6484800v4

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 7, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |

                /s/ Terry E. Hall