UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, § | |
| § | CHAPTER 11 |
| Alleged Debtor. § | |
| § | |

### SECOND SUPPLEMENTAL MOTION FOR RELIEF FROM STAY

TO THE HONORABLE UNITED STATES BANKRUPTPCY JUDGE:

Creditors, Friona Industries, LP ("Friona"), Cactus Growers, Inc. ("Cactus"), and J & F Oklahoma Holdings, Inc. ("J&F"), collectively "Movants," file this Second Supplemental Motion for Relief from Stay, and would show the Court as follows:

1. On December 16, 2010, Movants filed their Motion for Relief [Doc. # 78] and supplemented the Motion on January 4, 2011 [Doc. #129]. Without admission of any deficiencies with Movants' Motion for Relief, as supplemented, this Second Supplemental Motion seeks to address and cure any alleged lack of specificity asserted by First Bank and Trust Company ("Bank") in its Objection to Movants' Motion for Relief [Doc. #149].

2. Movants asserted their right to relief in their Motion for Relief by asserting sufficient grounds under 11 U.S.C. § 362(d)(2). In Movants' Supplemental Motion, Movants asserted additional grounds for relief under 11 U.S.C. § 362(d)(1) and set forth as additional grounds that an interpleader action is not subject to the automatic stay under 11 U.S.C. § 362(a)(1).

3. The Bank seeks additional specificity with regard to Movants' additional grounds asserted in its Supplemental Motion.

4. First, with regard to Movants' contention that an interpleader action is not subject to the automatic stay, Movants rely upon the following case law:

5. The automatic stays that apply on the filing of a bankruptcy case provided by 11 U.S.C. §362 do not apply to interpleader cases, for the reasons explained in 9B AM. JUR. 2D *Bankruptcy* § 1802:

> An interpleader action is not an act to obtain possession of property of the estate or property from the estate, which is prohibited by the automatic stay, even though the debtor is one of the parties that is claiming an interest in the interpleaded funds, since the purpose of such an action is to determine title to the funds, and the funds are not considered property of the estate prior to the determination of title.[1]  Moreover, the stay does not apply to an interpleader action against the debtor in which both the party that commenced the action and the debtor are making a claim against interpleaded funds that are in the possession of the court clerk, since the debtor, although nominally a defendant in such an action, is actually a plaintiff in making a claim to the funds.[2] An interpleader action by the debtor's insurer, in which it denied coverage under a fire insurance policy while alternatively naming all possible claimants to the proceeds, did not have the object of obtaining possession of property of the estate or property from the estate, where the action was filed to provide an orderly forum for the resolution of conflicting claims to the proceeds and to make them available, subject to the insurer's defenses, to the proper parties.[3] However, where, under state law, title to the proceeds of a life insurance policy immediately vests in the named beneficiary upon the insured's death, and thus the proceeds were property of the beneficiary's bankruptcy estate, an insurance company's filing of an interpleader action to determine whether the debtor or a putative beneficiary was entitled to the proceeds, which necessarily required that the funds be deposited with the court clerk, is an act to exercise control over property of the estate in violation of the automatic stay.[4]
>
> 1. *National Co-op. Refinery Ass'n v. Rouse*, 60 B.R. 857 (D. Colo. 1986).
>
> An interpleader action by a bank, in which it made no claim itself to funds on deposit in the bank, but only desired that its rights and liabilities to the debtor and the Internal Revenue Service with respect to the funds be determined, did not constitute an act to obtain possession of property in violation of the automatic stay. *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12 (N.D. Cal. 1989).
>
> 2. *Price & Pierce Intern. Inc. v. Spicers Intern. Paper Sales, Inc.*, 50 B.R. 25 (S.D. N.Y. 1985).

> 3. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985).
>
> 4. *In re Grogg*, 295 B.R. 297 (Bankr. C.D. Ill. 2003) (recognizing rule, but noting that this was not at issue because the insurer had requested relief from the stay).

6.   One case from the Seventh Circuit has addressed this issue. *Grogg, supra*, involved a contest over proceeds of a life insurance policy. The debtors were Linda Grogg and her husband Norman, who were performing a Chapter 13 plan confirmed in the Central District of Illinois when their daughter Barbara changed the beneficiary designation from Timothy McNeil to her mother Linda. Five days after this event Barbara died. Timothy claimed the beneficiary change was unenforceable because Barbara lacked mental capacity. The insurance company filed a motion for relief from the stay in the Chapter 13 case, seeking to interplead the policy proceeds in a separate case in the Northern District of Illinois. Linda opposed the motion and asked that the contest be resolved in the bankruptcy case.

7.   The opinion in *Grogg* began by acknowledging the general rule that interpleader cases do not implicate the automatic stay:

> "Though HARTFORD deemed it appropriate to take the precaution of obtaining relief from the automatic stay, it contends, without citation of authority, that the filing of an interpleader action seeking a determination of the ownership of disputed funds is not an action which is subject to the automatic stay. General support for the proposition urged by HARTFORD is found in a number of decisions. *Holland America Ins. Co. v. Succession of Roy,* 777 F. 2d 992 ( 5th Cir. 1985); *Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12 (N.D.Cal.1989); *Price & Pierce Intern., Inc. v. Spicers Intern. Paper Sales, Inc.,* 50 B.R. 25 (S.D.N.Y.1985). The rationale of these cases is that the purpose of the interpleader action is to determine whether the debtor has an ownership interest in the property, and until that determination is made, the property cannot be considered "property of the estate" within the meaning of Section 362(a)(3). Buttressing that conclusion is the upside-down nature of an interpleader action, whereby the interpleader is but a nominal plaintiff who is in actuality defending itself against multiple claims to the property, whereas the defendant/debtor is akin to a plaintiff, asserting a claim to the interplead property. *See, In re*

*Spaulding Composites Co., Inc.,* 207 B.R. 899 (9th Cir. BAP 1997).  Reaching a contrary result, the Sixth Circuit has held that an interpleader action is stayed by the filing of a bankruptcy petition.  *NLT Computer Services Corp. v. Capital Computer Systems, Inc.,* 755 F.2d 1253 (6th Cir.1985); *See, also, In re Falls Bldg., Ltd.,* 94 B.R. 471 (Bankr.E.D.Tenn.1988)(filing of interpleader action after bankruptcy petition constituted wilful violation of automatic stay)."  295 B.R.at 301.

8. The *Grogg* court did not apply that general rule, however, because of a doctrine of Illinois law that "immediately upon the death of the insured, the beneficiary named in a life insurance policy at the time of the insured's death obtains a vested and absolute right to the proceeds…." 295 B.R.at 303.  The court concluded this doctrine meant the proceeds were property of Linda's bankruptcy estate and an interpleader would be an improper exercise of control over that property unless the stay were modified.  Ultimately, the court refused to grant the motion to modify the stay under the applicable Seventh Circuit test.

9. In the present action there is no similar claim that the Interpleaded Funds are considered "property of the estate" of Eastern Livestock by statutory fiat.  Instead, the funds are in the custody of the District Clerk and represent sales proceeds of cattle that Eastern Livestock delivered to the Interpleader Plaintiffs before the filing of this case.  Eastern Livestock's claim to the funds, if any (it has not yet asserted one in the pleadings), would be that of an unpaid seller seeking payment under contracts to which it would have to prove performance.  It has no "vested and absolute right to the proceeds…." (295 B.R.at 303)  Thus, at most, Eastern Livestock is a claimant to the funds and not an owner of them.

10. This is borne out by the claims at issue in the Texas Interpleader Case.  Many parties who sold cattle to Eastern Livestock and have not been paid seek return of the cattle or their value.  Eastern Livestock's lender seeks recovery of the funds as secured party.  The Interpleader Plaintiffs seek the payment under various offset and other claims.

11. Even if the interpleaded funds are arguably property of the estate, the Texas Interpleader Case does not involve "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," as required by Section 362(a)(3). As noted in *Holland*, supra, 777 F.2d 992 at 996:

> Holland America's interpleader action did not have the object of "obtaining possession of property of the estate" as is required by subsection 3 of § 362(a). It was filed to provide an orderly forum for resolution of conflicting claims to the proceeds and to make available the policy proceeds, subject to its defenses, to the proper parties. *See Dakota Livestock Co. v. Keim,* 552 F.2d 1302, 1305 (8th Cir.1977); *Price & Pierce Int'l, Inc., v. Spicers Int'l Paper Sales, Inc.,* 392.50 B.R. 25, 26 (S.D.N.Y.1985).

12. Even if the Court does not apply the interpleader doctrine discussed above, the stay should be lifted for "cause" under 11 U.S.C. § 362(d)(1).

13. Cause exists for relief from the stay to proceed with the Texas Interpleader Action for several reasons. First, the litigation involves state law in which husbandry and agister lien issues, which the local Texas federal court is well suited to address. The cattle were purchased by and delivered to the Movants under agreements that contemplate application of state law. Therefore, there is no specific law unique to bankruptcy or to the Southern District of Indiana.

14. Second, maintaining the Texas Interpleader Case in Texas will promote judicial economy. 14 of the 16 named claimants in the Friona complaint have hired Texas counsel and filed an answer to the Texas Interpleader Case. None of the parties who have answered have denied the jurisdiction of the Texas court, nor have any parties sought a change of venue. Many of the claimants in the J&F and Cactus cases have taken, or are expected to take, the same action and have indicated support for this Motion. Significant resources have already been expended by several of the claimants and to force the litigation of the matter several hundreds of miles

away will only cause further expense and delay to parties who are already financially strained by the failure of Eastern Livestock.

15. Third, the bankruptcy case will not be disrupted if the stay is lifted. As more fully set forth in Movants' Motion for Relief, even if Eastern Livestock is deemed entitled to all or a portion of the interpled funds, there is no equity in the funds by virtue of Fifth Third Bank's alleged lien position. Moreover, the bankruptcy case will be more efficient without the necessity of having to litigate and determine what will amount to be over 40 separate fact specific claims to the interpled funds.

16. Finally, the bankruptcy estate of Eastern Livestock will not be harmed by the relief requested. If Eastern Livestock is somehow deemed entitled to a portion of the interpled funds over the claims of the other named parties, then such funds will be deposited with the Trustee for ultimate distribution to creditors.

17. Notwithstanding the above, Movants are not required to satisfy both the "cause" test under 11 U.S.C. §362(d)(1) and the "no equity" and "not necessary for an effective reorganization" test of §362(d)(2). In fact, these are separate grounds and proof of one ground is sufficient. *See Smoker v. Hill & Associates, Inc.*, 204 B.R. 966, 975 (N.D. Ind. 1997):

> The debtors argue that the bankruptcy court erred by lifting the stay because "[t]he commissions of the Debtor are absolutely necessary for an effective reorganization." Appellants' Brief in Support of Appeal at 8. However, the debtors confuse the provision under which the bankruptcy court granted the motion to lift the stay. The phrase "necessary for an effective reorganization" refers to an alternate ground for relief from the stay pursuant to § 362(d)(2). Because Sections 362(d)(1) and 362(d)(2) are phrased in the disjunctive, relief from the automatic stay can be granted under either provision. *In re Kerns,* 111 B.R. 777, 785 (S.D.Ind.1990); *see Production Credit Ass'n of the Midlands v. Wieseler ( In re Wieseler),* 934 F. 2d 965, 968 ( 8th Cir. 1991).

18. As set forth in Movants' Motion for Relief, pursuant to 11 U.S.C. §361(d)(2), the automatic stay shall be terminated if Eastern does not have equity in the property and the property is not necessary for an effective reorganization. As set forth above, even if Eastern is determined to have rights to the interpled funds in whole or in part, there is no equity as the Bank has asserted a lien, which the Trustee does not contest, against such funds. The Bank claims a debt is in excess of $45,000,000, significantly more than the $6,700,000 at issue. In addition, Eastern will not be able to reorganize, does not plan to reorganize, and it is likely that this case will convert to a chapter 7 proceeding or continue as a liquidating chapter 11 proceeding. Therefore, there is no evidence that Eastern intends to reorganize or that the interpled funds are necessary for an effective reorganization.

19. Accordingly, even if the Court does not apply the interpleader doctrine discussed above, relief should be granted under either 11 U.S.C. §361(d)(1) or 11 U.S.C. §361(d)(2).

WHEREFORE, the Movants respectfully request the Court to terminate the automatic stay under 11 U.S.C.§ 362, or otherwise enter an order to permit the Texas Interpleader Case to continue and go forward in the United States District Court for the Northern District of Texas, Amarillo Division.

Respectfully submitted,

/s/ John Massouh_____
John Massouh, Texas State Bar No. 24026866
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
P. O. Box 15008
Amarillo, Texas  79105-5008
(806) 468-3300; (806) 373-3454 fax
john.massouh@sprouselaw.com

Mark A. Robinson
VALENTI HANLEY & ROBINSON, PLLC
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
(502) 568-2100; (502) 568 2101 FAX
mrobinson@vhrlaw.com

David L. LeBas
NAMEN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 474-0300; (512) 474-1901 FAX

John H. Lovell
LOVELL, LOVELL, NEWSON & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Center Building
Amarillo, Texas 79101-2314
(806) 373-1515; (806) 379-7176 FAX

ATTORNEYS FOR MOVANTS.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or U.S. Mail this 7th day of January, 2011 upon all parties entitled to such notice as provided by the ECF filing system.

/s/ John Massouh
John Massouh

616217.1
3554.31