| | |
|---|---|
| Mark A. Robinson | John H. Lovell |
| VALENTI HANLEY & ROBINSON, PLLC | LOVELL, LOVELL, NEWSOM & ISERN, LLP |
| One Riverfront Plaza, Suite 1950 | 112 W. 8th Avenue, Suite 1000 |
| 401 West Main Street | Eagle Center Building |
| Louisville, KY 40202 | Amarillo, Texas 79101-2314 |
| (502) 568-2100; (502) 568 2101 FAX | (806) 373-1515; (806) 379-7176 FAX |

*Attorneys for Cactus Growers, Inc.*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

**CACTUS GROWERS' BRIEF ON TEXAS AND KANSAS AGISTER'S LIENS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Creditor Cactus Growers, Inc. ("Cactus"), files this Brief on Texas and Kansas Agister's Liens, and would show the Court as follows:

**I.**

**INTRODUCTION**

1. Cactus Feeders has 10 feedyards which are located in Texas and Kansas, which acquired large numbers of cattle from Eastern Livestock. In regard to the sale of cattle which are property of this bankruptcy estate, most sales will involve the assertion of agister's liens by those parties which are feeding or pasturing the cattle for the owner. Cactus Growers, Inc. provides this brief to the Court as background legal authority regarding agister's liens in Texas and Kansas.

## II.

## ARGUMENTS & AUTHORITIES

**A.     Texas Agister's Lien**

1.      Section 70.003(b) of the Texas Property Code establishes the right to an agister's lien, stating, "An owner or lessee of a pasture with whom an animal is left for grazing has a lien on the animal for the amount of charges for the grazing." TEX. PROP. CODE ANN. § 70.003(b) (Vernon 2007); *Walters v. Garcia*, No. 04-07-00486-CV, 2009 WL 200289, at *1 (Tex. App.–San Antonio Jan. 28, 2009, no pet.). Furthermore, a stable keeper with whom an animal is left for care has a lien on the animal for the amount of the charges for the care. TEX. PROP. CODE ANN. § 70.003(a) (Vernon 2007).

2.      Notice is not required to establish a stableman's or agister's lien. *See Davis v. Sewell*, 696 S.W.2d 247, 248 (Tex. App.–Texarkana 1985, no writ). The lien arises by virtue of possession of the animals when money is owed for the animals' care. *Id.* Possession is essential to an agister's lien. *Rainey v. Williams*, 273 S.W.2d 890, 891 (Tex Civ. App.–Austin 1955, no writ); *Caprock Industries, Inc. v. Wood*, 549 S.W.2d 430, 433 (Tex. Civ. App.–Amarillo 1977, no writ).

3.      A person holding a lien under Section 70.003(a) on an animal fed in confinement for slaughter may enforce that lien in any manner authorized by Sections 9.610-9.619 of the Texas Business & Commerce Code. TEX. PROP. CODE § 70.005(c). As long every aspect of the disposition of collateral, including the method, manner, time, place, and other terms, is commercially reasonable, the agister's lien claimant may dispose of the collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms. *See* TEX. BUS. & COM. CODE § 9.610(b).

4. Therefore, as long as an agister's lien claimant continues to retain possession of the cattle and acts in a commercially reasonable manner, it may dispose of the collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms. *See* TEX. BUS. & COM. CODE § 9.610(b).

**B.  Kansas Confinement Feeding Lien**

5. Pursuant to Section 58-207 of the Kansas Statutes Annotated,

> The keepers of livery stables, and all others engaged in feeding horses, cattle, hogs, or other livestock, shall have a lien upon such property for the feed and care bestowed by them upon the same, and if reasonable or stipulated charges for such feed and care be not paid within sixty (60) days after the same becomes due, the property, or so much thereof as may be necessary to pay such charges and the expenses of publication and sale, may be sold as provided in this act: *Provided, however,* that any lien created by this act may be assigned.

K.S.A. § 58-207.

6. The lien for the care and feeding of cattle is a superpriority lien and takes priority over all other liens.  In *First Nat. Bank of Medicine Lodge, Kansas v. Family Medicine Clinic,* 14 Kan.App.2d 749, 750, 798 P.2d 519 (Kan. App. 1990, writ denied), the court recognized that Kansas provides a variety of statutory liens in which the statutes expressly state the lien is preferred to that of any prior security interest or encumbrance.  Statutory liens can be given superpriority under the Uniform Commercial Code, and statutory liens, such as K.S.A. 58-207 for feed and care of livestock, are subject to the superpriority rule.  *Id*. at 751.

7. The superpriority statutory lien claimed for the feeding and care of livestock is abandoned by the lien claimant's voluntary surrender of the livestock to the owner.  *Northeast Kansas Production Credit Ass'n v. Ferbrache*, 236 Kan. 491, 494, 693 P.2d 1152 (Kan. 1985); *Chasteen v. Childers,* 218 Kan. 519, 546 P.2d 935 (Kan. 1976) (any lien claimed for the feed and

care of horses was abandoned by the lien claimant's voluntary surrender of the horses to the owner).

"The voluntary delivery to the owner or claimant of any personal property by any person claiming a lien thereon, as provided in this act, shall be held to be an abandonment of such lien, and such lien may also be waived by special contract." K.S.A. 58-215.

8.  **Notice and requirements for foreclosure on the confinement feeding lien.**  A state court action is not required for all agister's lien claimant to sell the cattle in their possession to satisfy the debt for care and feeding of the subject cattle.

> Before any such property shall be sold, if the name and residence of the owner thereof is known, notice of such sale shall be given the owner in writing, either personally or by mail, or by leaving a notice in writing at such person's residence or place of doing business...Notices given under this section shall state that if the amount due with storage keeping and sale costs is not paid within 15 days from the date of mailing, personally giving or posting of the notice (as the case may be), the property will be sold at public auction.

K.S.A.58-211.

9.  In *Hermes v. Stackley*, 10 Kan.App.2d 342, 344, 699 P.2d 560 (Kan. App. 1985), the court recognized that at common law there was no agister's lien for the care and pasturing of cattle. Although analyzing 58-220, which applies to rents for pastureland, the court held a similar analysis applies to a lien based upon care given the cattle and arising under K.S.A. 58-207. *Id*. at 344.  The *Hermes* Court determined the "foreclosure proceedings" referred to in 58-220 was not a court action. The statute simply provides that if the contract price is not paid when due, the livestock may be sold after giving the owner written notice and publishing notice of the sale. The statute makes no mention of a judicial proceeding. By way of comparison, K.S.A. 60-1105, which governs the foreclosure of mechanics' liens, does require court action for such a foreclosure. *Id*. at 347.

10.  Therefore, agister's lien claimants are merely required to give written notice to the

owner stating that if the amount due with storage keeping and sale costs is not paid within 15 days from the date of mailing the property will be sold at public auction.  *See* K.S.A. 58-211.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Cactus Growers, Inc. requests the Court take due notice of the arguments and authorities in this Brief on Texas and Kansas Agister's Liens.

                              Respectfully submitted,

                              LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
                              John Lovell, TX SBN 12609300
                              112 W. 8th Ave., Suite 1000
                              Amarillo, Texas 79101
                              (806) 373-1515
                              FAX (806) 679-7176

                              /s/ John Lovell_____
                                  John Lovell

                              **ATTORNEYS FOR CACTUS GROWERS, INC.**

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 10, 2011, I caused a true and correct copy of the foregoing document to be electronically submitted with the clerk of court for the U.S. District Court - Bankruptcy Court, Southern District of Indiana, using the electronic case filing system of the court and electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                                      /s/ John Lovell
                                      John Lovell