UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | § |
| | § CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC | § |
| | § |
| Debtor. | § |

**OBJECTION AND RESPONSE TO "EMEREGENCY MOTION REGARDING TRUSTEE SELLING DEBTOR'S CURRENT CATTLE INVENTORY"**

TO THE HONORABLE UNITED STATES BANKRUPTPCY JUDGE:

Interested Parties, Friona Industries, LP ("Friona"), Cactus Growers, Inc. ("Cactus"), and J & F Oklahoma Holdings, Inc. ("J&F"), collectively "Movants," file this Objection and Response to the Trustee's "Emergency Motion Regarding Trustee Selling Debtor's Current Cattle Inventory" filed by the Trustee herein on January 6, 2011, which emergency motion shall be herein referred to as the "Trustee's Sale Motion".

**RELEVANT FACTUAL BACKGROUND**

1. Debtor's primary line of business was to function as a "market agency" or "dealer" as defined in the Packers and Stockyards Act §201(c) and (d). That is to say, on a day-to-day basis, Debtor was engaged in the business of buying or selling cattle on a commission basis ("market agency") or was engaged in the business of buying or selling cattle on its own account ("dealer"). Movants expect final evidence in this matter to indicate that almost all of Debtor's sales activities were as a dealer.

2. To the extent that Debtor agreed to a sales transaction and identified cattle to such a transaction, and certainly after delivery, Debtor would no longer have an "ownership" interest in the cattle. See Uniform Commercial Code §§2.403 and 2.401. This would be true

notwithstanding whether or not Debtor has yet received payment for such cattle. For purposes of this response, this class of cattle shall be referred to as "Sold Cattle."

3. Movants are aware, that, from time to time, instances occurred where Debtor could not find a purchaser for cattle and would retain ownership of the cattle, placing them on feed or pasture under the care of feed yards. For purposes of this response, cattle of this class shall be referred to as "Debtor's Farm Products Cattle" because, in such an instance, the cattle would no longer be "inventory" for Debtor but would be farm products.

4. To the extent Debtor has retained ownership of any "Debtors Farm Products Cattle," and such cattle are being fed and cared for by feedyards or pasture providers, such cattle are accruing various charges and expenses; i.e., a "feed bill."

5. To the extent "Debtors Farm Products Cattle" are in feed yards or pasturage under the care of others, some of such charges will have accrued pre-petition and others post-petition. Under the relevant state law of any state where the cattle are located, the provider of care and feed will hold an involuntary lien (an "agister's lien") on the cattle to secure payment of such charges.

## MOVANT'S OBJECTIONS

6. Movants object to "Trustee's Sale Motion" because it fails to establish definable standards for determination of what classes of cattle Trustee will attempt to sell pursuant to the requested authority. For example, in the Trustee's Sale Motion paragraph 7, Trustee simply alleges that on the petition date, there were in various feed lots and holding pens in the United States cattle "owned by the Debtor" and generally estimates 36,000 head of such cattle. Further, in paragraph 11(a) the Trustee refers to cattle which the Trustee wishes to have authority to sell as ". . .cattle in which the Debtor has an interest. . .". The Trustee's motion, therefore, is vague

to the point of not allowing parties affected thereby to know what cattle the Trustee intends to sell.

7. Movants further object to the "Trustee's Sale Motion" because it fails to provide any standard or methodology to determine whether cattle the Trustee attempts to sell are cattle which are already "Sold Cattle" as defined above.

8. Movants further object to the "Trustee's Sale Motion" to the extent it purports to assert control over cattle that Eastern Livestock sold and delivered to third parties before the Petition date, such as the Sold Cattle.

9. Movants further object to the "Trustee's Sale Motion" and particularly paragraph 11(d) thereof in that Trustee does not make clear whether the Trustee's terminology for "sale costs" is intended to include the full pre-petition and post-petition feed bill or is only for a limited time period.

10. Movants also further object to paragraph 11(e) of the "Trustee's Sale Motion" because it is unclear the extent to which the Trustee intends to honor pre-petition and post-petition feed bills which, in the routine of practice of sales, would be deducted from proceeds remitted to the owner.

11. Movants further object to "Trustee's Sale Motion" and specifically to Trustee's assertion of authority under §363(f) of the Bankruptcy Code (see "Trustee's Sale Motion" paragraph 17 through 19) to the extent that the Trustee attempts to apply §363(f) to "all holders of interest in the Debtor's cattle," without the definition of what classes of cattle are deemed to be "Debtor's cattle."

## **CONCLUSION**

As set forth in greater detail above, Movants request the Court to hear Movants' Objection, and upon hearing, either deny the "Trustee's Sale Motion" or require clarification thereof.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.

/s/ John Massouh
John Massouh, Texas SBN 24026866
John Huffaker, Texas SBN 10187600
701 S. Taylor, Suite 500
Amarillo, Texas 79101
(806) 468-3300
FAX (806) 373-3454
john.massouh@sprouselaw.com

David L. LeBas
NAMEN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 474-0300; (512) 474-1901 FAX

John H. Lovell
LOVELL, LOVELL, NEWSON & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Center Building
Amarillo, Texas 79101-2314
(806) 373-1515; (806) 379-7176 FAX

Mark A. Robinson
VALENTI HANLEY & ROBINSON, PLLC
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
(502) 568-2100; (502) 568 2101 FAX
mrobinson@vhrlaw.com

ATTORNEYS FOR MOVANTS.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or U.S. Mail this 10th day of January, 2011 upon all parties entitled to such notice as provided by the ECF filing system.

/s/ John Massouh
John Massouh

616216.1
3554.31