## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| EASTERN LIVESTOCK CO., LLC | § |
| | § |
| Debtor. § | CASE NO. 10-93904-BHL-11 |

### MOVANTS' BRIEF IN SUPPORT OF MOTION FOR RELIEF
### AND RESPONSE TO OBJECTIONS OF TRUSTEE AND FIRST BANK AND TRUST

J & F OKLAHOMA HOLDINGS, INC., FRIONA INDUSTRIES, L.P. and CACTUS GROWERS, INC. ("Movants"), submit this pleading as their Brief in support of their Motion for Relief from Stay [Doc. #78], modified by a Supplemental Motion [Doc. #129], further modified by Second Supplemental Motion [Doc. #163] and as their response to the Objections to that Motion filed by First Bank and Trust Company ("First Bank") [Doc. #149] and the Trustee [Doc. #162]:

### Summary of Brief and Response

1. This Court should permit an existing case, Cause no. 2:10-cv-00266-J in the United States District Court for the Northern District of Texas, Amarillo Division (the "Texas Interpleader Suit") to proceed independently from this Bankruptcy case for the following alternative reasons:

- The automatic stays provided by Section 362 do not apply to the Texas Interpleader Case because it involves funds that are not property of the estate and, alternatively, because it does not seek to obtain possession of property of the estate.

- Alternatively, the automatic stay should be modified for "cause" under 11 U.S.C. §362(d)(1) and under the "no equity" and "not necessary for an effective reorganization" test of §362(d)(2).

### The Texas Interpleader Suit

2. The Motion for Relief from Stay seeks authority to continue an existing case, Cause no. 2:10-cv-00266-J in the United States District Court for the Northern District of Texas, Amarillo Division (the "Texas Interpleader Suit").

3. The Texas Interpleader Suit was filed and underway before this Bankruptcy Case was filed. On November 1, 2010, after concerns about the financial viability of Eastern Livestock Co., LLC

("Eastern Livestock") became widespread in the cattle production industry, Friona Industries, L.P., filed the Texas Interpleader Case. Friona named several parties who claimed or were believed to have a claim to funds paid into the Court's Registry. Many of these parties have now filed appearances in the Texas Interpleader Suit, as is shown by the attached Exhibit A, a table that summarizes the status of appearances in that suit.

4. On November 19, 2010, Cactus Growers intervened in the Texas Interpleader Suit, and on November 30, J & F Oklahoma Holdings also intervened. The status of parties named by Cactus and by J & F is also summarized on Exhibit A.

5. None of the parties named as potential claimants to the interpleader funds have objected to the jurisdiction of the Texas Interpleader Suit. Many of these parties have expressed support to continuation of the Texas Interpleader Suit and are expected to voice that support at the hearing on the Motion for Relief.

## **Argument Point One**

### **The Automatic Stay Does Not Apply to the Texas Interpleader Case**

6. The Trustee's and First Bank's arguments boil down to the position that the stay should not be modified because Movants have not satisfied the "cause" requirements of 11 U.S.C. §362(d). These arguments fail to address the fact that the automatic stays provided by §362(a) do not apply to the Texas Interpleader Case.

7. The automatic stays that apply on the filing of a bankruptcy case provided by 11 U.S.C. §362 do not apply to interpleader cases, for the reasons explained in 9B AM. JUR. 2D *Bankruptcy* § 1802:

> An interpleader action is not an act to obtain possession of property of the estate or property from the estate, which is prohibited by the automatic stay, even though the debtor is one of the parties that is claiming an interest in the interpleaded funds, since the purpose of such an action is to determine title to the funds, and the funds are not considered property of the estate prior to the determination of title.[1] Moreover, the stay does not apply to an interpleader action against the debtor in which both the party that commenced the action and the debtor are making a claim against interpleaded funds that are in the possession of the court clerk, since the debtor, although nominally a defendant in such an action, is actually a plaintiff in making a claim to the funds.[2] An interpleader action by the debtor's insurer, in which it denied coverage under a fire insurance policy while alternatively naming all possible claimants to the proceeds, did not have the object

of obtaining possession of property of the estate or property from the estate, where the action was filed to provide an orderly forum for the resolution of conflicting claims to the proceeds and to make them available, subject to the insurer's defenses, to the proper parties.[3] However, where, under state law, title to the proceeds of a life insurance policy immediately vests in the named beneficiary upon the insured's death, and thus the proceeds were property of the beneficiary's bankruptcy estate, an insurance company's filing of an interpleader action to determine whether the debtor or a putative beneficiary was entitled to the proceeds, which necessarily required that the funds be deposited with the court clerk, is an act to exercise control over property of the estate in violation of the automatic stay.[4]

> 1. *National Co-op. Refinery Ass'n v. Rouse*, 60 B.R. 857 (D. Colo. 1986).
>
> An interpleader action by a bank, in which it made no claim itself to funds on deposit in the bank, but only desired that its rights and liabilities to the debtor and the Internal Revenue Service with respect to the funds be determined, did not constitute an act to obtain possession of property in violation of the automatic stay. *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12 (N.D. Cal. 1989).
>
> 2. *Price & Pierce Intern. Inc. v. Spicers Intern. Paper Sales, Inc.*, 50 B.R. 25 (S.D. N.Y. 1985).
>
> 3. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985).
>
> 4. *In re Grogg*, 295 B.R. 297 (Bankr. C.D. Ill. 2003) (recognizing rule, but noting that this was not at issue because the insurer had requested relief from the stay).

8.      We have found one case from the Seventh Circuit that addressed this issue. *Grogg, supra*, involved a contest over proceeds of a life insurance policy. The debtors were Linda Grogg and her husband Norman, who were performing a Chapter 13 plan confirmed in the Central District of Illinois when their daughter Barbara changed the beneficiary designation from Timothy McNeil to her mother Linda. Five days after this event Barbara died. Timothy claimed the beneficiary change was unenforceable because Barbara lacked mental capacity. The insurance company filed a motion for relief from the stay in the Chapter 13 case, seeking to interplead the policy proceeds in a separate case in the Northern District of Illinois. Linda opposed the motion and asked that the contest be resolved in the bankruptcy case.

9.      The opinion in *Grogg* began by acknowledging the general rule that interpleader cases do not implicate the automatic stay:

"Though HARTFORD deemed it appropriate to take the precaution of obtaining relief from the automatic stay, it contends, without citation of authority, that the filing of an interpleader action seeking a determination of the ownership of disputed funds is not an action which is subject to the automatic stay. General support for the proposition urged by HARTFORD is found in a number of decisions. *Holland America Ins. Co. v. Succession of Roy*, 777 F. 2d 992 ( 5th Cir. 1985); *Rett White Motor Sales Co. v. Wells Fargo Bank,* 99 B.R. 12 (N.D.Cal.1989); *Price & Pierce Intern., Inc. v. Spicers Intern. Paper Sales, Inc.,* 50 B.R. 25 (S.D.N.Y.1985). The rationale of these cases is that the purpose of the interpleader action is to determine whether the debtor has an ownership interest in the property, and until that determination is made, the property cannot be considered "property of the estate" within the meaning of Section 362(a)(3). Buttressing that conclusion is the upside-down nature of an interpleader action, whereby the interpleader is but a nominal plaintiff who is in actuality defending itself against multiple claims to the property, whereas the defendant/debtor is akin to a plaintiff, asserting a claim to the interplead property. *See, In re Spaulding Composites Co., Inc.,* 207 B.R. 899 (9th Cir. BAP 1997). Reaching a contrary result, the Sixth Circuit has held that an interpleader action is stayed by the filing of a bankruptcy petition. *NLT Computer Services Corp. v. Capital Computer Systems, Inc.,* 755 F.2d 1253 (6th Cir.1985); *See, also, In re Falls Bldg., Ltd.,* 94 B.R. 471 (Bankr.E.D.Tenn.1988)(filing of interpleader action after bankruptcy petition constituted wilful violation of automatic stay)." 295 B.R.at 301.

10. The *Grogg* court did not apply that general rule, however, because of a doctrine of Illinois law that "immediately upon the death of the insured, the beneficiary named in a life insurance policy at the time of the insured's death obtains a vested and absolute right to the proceeds...." 295 B.R. at 303. The court concluded this doctrine meant the proceeds were property of Linda's bankruptcy estate and an interpleader would be an improper exercise of control over that property unless the stay were modified. Ultimately, the court refused to grant the motion to modify the stay under the applicable Seventh Circuit test.

11. In the present action there is no similar claim that the Interpleaded Funds are considered "property of the estate" of Eastern Livestock by statutory fiat. Instead, the funds are in the custody of the District Clerk and represent sales proceeds of cattle that Eastern Livestock delivered to the Interpleader Plaintiffs before the filing of this case. Eastern Livestock's claim to the funds, if any (it has not yet asserted one in the pleadings), would be that of an unpaid seller seeking payment under contracts to which it would have to prove performance. It has no "vested and absolute right to the proceeds...." 295 B.R. at 303 Thus, at most, Eastern Livestock is a claimant to the funds and not an owner of them.

12. This is borne out by the claims at issue in the Texas Interpleader Case. Many parties who

sold cattle to Eastern Livestock and have not been paid seek return of the cattle or their value. Eastern Livestock's lender seeks recovery of the funds as secured party. The Interpleader Plaintiffs seek the payment under various offset and other claims.

13. Even if the interpleaded funds are arguably property of the estate, the Texas Interpleader Case does not involve "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," as required by Section 362(a)(3). As noted in *Holland, supra*, 777 F.2d 992 at 996:

> Holland America's interpleader action did not have the object of "obtaining possession of property of the estate" as is required by subsection 3 of § 362(a). It was filed to provide an orderly forum for resolution of conflicting claims to the proceeds and to make available the policy proceeds, subject to its defenses, to the proper parties. *See Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1305 (8th Cir.1977); *Price & Pierce Int'l, Inc., v. Spicers Int'l Paper Sales, Inc.*, 392.50 B.R. 25, 26 (S.D.N.Y.1985).

### Alternatively, the Stay Should Be Modified for Cause Under §362(d)

14. Even if the Court does not apply the interpleader doctrine discussed above, the stay should be modified for "cause." In the situation at bar, Movants seek relief under both §362(d)(1) and (2).

15. First Bank's Objection incorrectly contends that Movant must satisfy both the "cause" test under 11 U.S.C. §362(d)(1) and the "no equity" and "not necessary for an effective reorganization" test of §362(d)(2). Objection at ¶¶ 9 – 10). In fact, these are separate grounds and proof of one ground is sufficient. *See, Smoker v. Hill & Associates, Inc.*, 204 B.R. 966, 975 (N.D. Ind. 1997):

> The debtors argue that the bankruptcy court erred by lifting the stay because "[t]he commissions of the Debtor are absolutely necessary for an effective reorganization." Appellants' Brief in Support of Appeal at 8. However, the debtors confuse the provision under which the bankruptcy court granted the motion to lift the stay. The phrase "necessary for an effective reorganization" refers to an alternate ground for relief from the stay pursuant to § 362(d)(2). Because Sections 362(d)(1) and 362(d)(2) are phrased in the disjunctive, relief from the automatic stay can be granted under either provision. *In re Kerns*, 111 B.R. 777, 785 (S.D.Ind.1990); *see Production Credit Ass'n of the Midlands v. Wieseler ( In re Wieseler)*, 934 F. 2d 965, 968 ( 8th Cir. 1991).

### The Stay Should Be Modified for Cause Under §362(d)(2)

16. Movants place primary emphasis on §362(d)(2) and so address that point first. Applying the statutory elements to this case, if the interpleaded funds are "property of the estate," §362(d)(2) states that the Court "shall" grant relief if —

> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization....

Movants have the burden to show the debtor's lack of equity, and the Trustee and First Bank have the burden "on all other issues. §362(g).

17. To support their burden to show lack of equity, Movants point to Fifth Third's secured claim of more than $30,000,000. The Trustee does not contest this claim ("Among such liens, claims and interests is a security interest asserted by Fifth Third Bank NA which the Trustee currently believes is valid and properly perfected to secure indebtedness in excess of $30 million." [Trustee's Emergency Motion filed 01-06-2011, Doc. #141, paragraph 8) Movants also point to the numerous conflicting claims described in the Texas Interpleader Case. Collectively, these claims far exceed the amount of the Debtor's claims. Therefore, the Debtor has no equity in the $6,700,000 of interpleaded funds.

18. Although it is not Movant's burden to show that the Debtor cannot reorganize, Movants do not expect any opposing party to suggest that this is intended or possible.

### The Stay Should Be Modified for Cause Under §362(d)(1)

19. The Trustee argues that the existence of "cause" under 362(d)(1) is determined on a "case-by-case basis" and refers to type of balancing test. (Trustee's Objection, Doc. 162, ¶5). The Trustee argues (1) the Estate would suffer "great prejudice" because it would have to litigate the same issues in different forums, and (2) claimants would suffer no prejudice because they can be protected in the Bankruptcy Case from possible inconsistent results.

20. Movants do not agree these factors weigh in favor of requiring this dispute to be resolved in the current Bankruptcy Case. The Texas Interpleader Case involves state and common law contract issues, livestock husbandry, and agister lien issues, all of which the local Texas federal court is well

suited to address. The cattle were purchased by and delivered to the Movants under agreements that contemplate application of state law. Therefore, there is no specific law unique to bankruptcy or to the Southern District of Indiana..

21.   Further, maintaining the Texas Interpleader Case in Texas will promote judicial economy. 14 of the 16 named claimants in the Friona complaint have hired Texas counsel and filed an answer to the Texas Interpleader Case. None of the parties who have answered have denied the jurisdiction of the Texas court, nor have any parties sought a change of venue. Many of the claimants in the J&F and Cactus cases have taken, or are expected to take, the same action and have indicated support for this Motion. Significant resources have already been expended by several of the claimants and to force the litigation of the matter several hundreds of miles away will only cause further expense and delay to parties who are already financially strained by the failure of Eastern Livestock.

22.   Third, the bankruptcy case will not be disrupted if the stay is lifted. As more fully set forth in Movants' Motion for Relief, even if Eastern Livestock is deemed entitled to all or a portion of the interpled funds, there is no equity in the funds by virtue of Fifth Third Bank's alleged lien position. Moreover, the bankruptcy case will be more efficient without the necessity of having to litigate and determine what will amount to be over 40 separate fact specific claims to the interpled funds.

23.   Finally, the bankruptcy estate of Eastern Livestock will not be harmed by the relief requested. If Eastern Livestock is somehow deemed entitled to a portion of the interpled funds over the claims of the other named parties, then such funds will be deposited with the Trustee for ultimate distribution to creditors.

24.   Accordingly, even if the Court does not apply the interpleader doctrine discussed above, relief should be granted under either 11 U.S.C. §361(d)(1) or 11 U.S.C. §361(d)(2).

### CONCLUSION AND PRAYER

For the foregoing reasons, Movants pray that their Motion to Lift Stay be granted, and pray for general relief.

Respectfully submitted,

David L. LeBas, SBN 12098600
NAMAN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901
    and
7480 Golden Pond Place, Suite 300
Amarillo, Texas 79121

By: /s/ David L. LeBas
Attorneys for Intervenor,
J & F Oklahoma Holdings, Inc.


Kevin Isern
John J. Lovell
LOVELL, LOVELL, NEWSOM & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
(806) 373-1515
FAX (806) 379-7176

By: /s/ John J. Lovell
Attorneys for Cactus Growers, Inc.

John F. Massouh
John T. Huffaker
**SPROUSE SHRADER SMITH, PC**
701 S Taylor, Suite 500
P.O. Box 15008
Amarillo, TX 79105-5008
(806) 468-3300
FAX (806) 373-3454

By: /s/ John F. Massouh
Attorneys for Friona Industries, L.P.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served on this the 10th day of January, 2011 via electronic and/or U.S. Mail upon all parties entitled to receive such notice as provided by the electronic case filing system used by the court.

/s/ David L. LeBas

Response to Objection to Motion to Lift Stay
Page 9

34275-501 1373341v3