**SO ORDERED: January 24, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION REGARDING PAYMENTS ON DEBTOR'S CATTLE SALES**

This matter came before the Court on the Emergency Motion Regarding Payments on Debtor's Cattle Sales [Dock. No. 141] ("Motion") filed by James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), for entry of an order authorizing the Trustee to complete the sale of cattle free and clear of liens, claims, encumbrances and interests pursuant to Bankruptcy Code § 363 by 1) accepting payment of purchase money ("Purchase Money") with all liens, claims, encumbrances and interests attached thereto as they existed in the sold cattle, 2) establishing a segregated account for the purpose of holding the Purchase Money, and 3) providing limited indemnification by the Chapter 11 estate to the cattle buyers making such payments of Purchase Money.

BDDB01 6487355v4

Upon the consideration of the Motion, and any objections to the Motion, and upon the record of the hearing held on January 12, 2011 regarding the Motion, the Court now being duly advised finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been served and that no other or further notice is necessary; (v) granting the relief requested on an emergency basis is necessary to preserve and maximize assets of the estate and (vi) upon the record in this case and after due deliberation good and sufficient cause exists for the granting of the relief requested. Accordingly,

IT IS THEREFORE ORDERED that:

A.  The Motion is granted and any objections thereto are overruled.

B.  The Trustee is authorized, but not required, to complete the sales of cattle as described in the Motion free and clear of liens, claims, encumbrances and interests with such liens, claims, encumbrances and interests attaching to the Purchase Money. All persons who hold Purchase Money for any sale of cattle that the Trustee determines to complete are ordered to turn over that Purchase Money to the Trustee for deposit in the Account.

C.  The Court's granting of the Motion shall not have any impact, legally, factually, equitably or otherwise on any lien, claim, encumbrance or interest that may be asserted against the Purchase Money or underlying cattle ("Purchase Money Claims") nor shall it have or be deemed to have any preclusive effect (including but not limited under the doctrines of res judicata, collateral estoppel, law of the case or other similar doctrines) on Purchase Money Claims.

D. Any Buyer[1] who paid any Purchase Money to anyone other than the Debtor, the Trustee, or the Receiver, or redirected the delivery of any of Debtor's cattle without paying the Purchase Money shall provide to the Trustee on or before May 2, 2011 specific information including the amount and payee of any Purchase Money related to the sale of Debtor's cattle to the Trustee, or if the cattle were redirected or delivered to anyone other than the Debtor, the Trustee, or the Receiver, specific information as to what cattle, where, when and to whom the cattle were delivered and/or the specifics of any agreement related to the cattle.

E. The Trustee shall establish the Account for the deposit of Purchase Money and maintain sufficient records so as to enable the tracing of Purchase Money as it is deposited into the Account.

F. Any entity or person who remits Purchase Money to the Trustee shall be indemnified by the Chapter 11 estate, up to the amount of the specific Purchase Money paid to the Trustee pursuant to this Order, against any claims by Third Parties related to the specific Purchase Money paid.

G. Third Parties are hereby enjoined and estopped from asserting claims that are related to the Purchase Money or the cattle against any Buyer who delivers the Purchase Money or the cattle to the Trustee pursuant to this Order. Such claims are stayed pursuant to 11 U.S.C. § 362 and should be asserted against the Account pursuant to this Order.

H. All Purchase Money Claims shall be made to this Court and resolved according to the procedures set forth in paragraphs I through T herein (collectively, the "Procedures").

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

I. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3), all persons and entities including, without limitation, individuals, partnerships, joint ventures, corporations, estates, or trusts holding or wishing to assert a "Purchase Money Claim" are required to file with the Clerk of the Court or by use of the CM/ECF filing system on or *before 11:59 p.m. (prevailing Eastern Time) on May 2, 2011* ("Purchase Money Claim Bar Date"), a completed and executed proof of claim (conforming substantially to Official Form No. 10) along with all supporting documentation ("Proof of Claim") on account of any Purchase Money Claim such third party holds or wishes to assert against the Account.

J. Notwithstanding the foregoing regarding an 11:59 p.m. (prevailing Eastern Time) filing deadline, the Clerk's office closes at 4:30 p.m. (prevailing Eastern Time), so filing of a Proof of Claim made in a fashion other than through CM/ECF must be actually received by 4:30 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date.

K. The notice, substantially in the form attached to this Order as Exhibit 1 ("Notice"), is hereby approved.

L. Within five (5) days after the date of entry of this Order, Trustee shall (i) cause copies of the approved Notice to be mailed to all persons of whom the Trustee has actual knowledge who may hold a Purchase Money Claim, (ii) post the Notice on the website established by the Trustee: easternlivestockbkinfo.com, and publish the Notice in industry publications and/or on websites that are commonly accessed within the industry (to the extent reasonably possible).

M. In accordance with Bankruptcy Rules 2002(a)(7) and 9008, service of the Notice in the manner set forth above shall be deemed good and sufficient notice of the Purchase Money Claims Bar Date to all creditors.

N. Any holder of a Purchase Money Claim who is required, but fails, to file a Proof of Claim in accordance with this Order so as to be actually received on or before 11:59 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date shall be forever barred, estopped, and enjoined from asserting or filing a proof of claim with respect to such Purchase Money Claim against the Account, the Debtor, the Trustee, or any other party on account of the Purchase Money Claim; and the Account, the Debtor, the and its property shall be forever discharged from any and all indebtedness or liability with respect to such Purchase Money Claim; and such holder shall not be permitted to vote on any plan or participate in any distribution in the Chapter 11 Case on account of such Purchase Money Claim or to receive further notices regarding such Purchase Money Claim.

O. Subject to Paragraph I of this Order, for any Proof of Claim to be timely filed pursuant to this Order, it must be **ACTUALLY FILED OR RECEIVED** by the Clerk on or before 11:59 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date at the address listed below or via the Court's CM/ECF system:

> United States Bankruptcy Court Clerk
> 110 U.S. Courthouse
> 121 West Spring Street
> New Albany, IN 47150

P. Each Purchase Money Claim must also be served upon counsel for the Trustee, Terry E. Hall, Baker & Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, Indiana 46204 and counsel for Fifth Third Bank, Randall D. LaTour, Vorys, Sater, Seymour and Pease LLP, 52 East Gay Street, PO Box 1008, Columbus, Ohio 43216-1008 on or before the Purchase Money Claim Bar Date.

Q. Within 90 days of the Purchase Money Claim Bar Date, the Trustee shall file, a report ("Purchase Money Claim Report") listing the asserted Purchase Money Claims, if any, and identifying the amount or portion thereof which, after good faith review and evaluation and in accordance with applicable law are deemed valid and entitled to payment ("Approved Purchase Money Claim") or are deemed disputed or invalid ("Disputed Purchase Money Claim"), or which have not yet been reconciled ("Unreconciled Purchase Money Claim"). For any Disputed Purchase Money Claim, the Trustee will state the legal or factual basis for his position.

R. The Purchase Money Report shall serve as a motion to approve and allow payment from the Account of any Approved Purchase Money Claim, and parties in interest in the Chapter 11 Case shall have 30 days from the date of filing of the Purchase Money Claim Report to file an objection to the proposed payment, but if no objection is filed, the Court may issue an order approving payment without further notice or hearing.

S. The Purchase Money Claim Report shall also serve as an objection to any Disputed Purchase Money Claim and the Court shall set a hearing ("Purchase Money Disputed Claim Hearing") to resolve the Disputed Purchase Money Claims. Holders of the Disputed Purchase Money Claims may file and serve a response not less than five business days prior to the Purchase Money Disputed Claim Hearing, if contesting the designation of their Purchase Money Claim as a Disputed Purchase Money Claim.

T. The Trustee will continue to file updated Purchase Money Claim Reports until all Purchase Money Claims have been reconciled and identified as either an Approved Purchase Money Claim or a Disputed Purchase Money Claim.

6

U. The Trustee will serve notice of the filing of the Purchase Money Claim Reports on the affected parties, any party who has requested service of notice in this Chapter 11 Case, the U.S. Trustee, and Fifth Third Bank.

V. The Trustee, upon notice to the Court at any time after the Trustee files the first Purchase Money Claim Report, may release proceeds from the Account that the Trustee determines are not necessary for the payment of any Purchase Money Claim.

W. This Order shall not apply to cattle or cattle proceeds that are the subject of the lawsuit ("Texas Interpleader Case") filed in the United States District Court for the Northern District of Texas, Amarillo Division, styled Friona Industries, L.P. vs. Eastern Livestock Co., Inc., et al, Case No. 2:10-cv-00266-J ("Texas Interpleader Cattle/Proceeds") and no plaintiff, defendant, or intervenor in the Texas Interpleader Case is required to comply with the Procedures set forth in this Order or to turn over Texas Interpleader Cattle/Proceeds to the Trustee pursuant to this Order.

X. This Order applies only to cattle and/or proceeds of cattle that are property of the Debtor's estate.

###

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**NOTICE OF MAY 2, 2011 DEADLINE AND PROCEDURE FOR THE FILING OF PURCHASE MONEY CLAIMS**

Deadline for all persons and entities wishing to assert a claim to proceeds realized from the sale of Debtor's cattle (each, a "Purchase Money Claim" and collectively, the "Purchase Money Claims"): **11:59 p.m. EDT on May 2, 2011 ("Purchase Money Claim Bar Date")**.

A creditor may be the holder of a "Purchase Money Claim" if that creditor sold cattle to Debtor, provided services for the benefit of Debtor's cattle, or transported Debtor's cattle and remains unpaid on account of such sale or service.

PLEASE TAKE NOTICE that certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division ("Court"). The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

**THE COURT HAS SET A DEADLINE FOR FILING PURCHASE MONEY CLAIMS. THE COURT HAS NOT YET SET DEADLINES FOR FILING ANY OTHER TYPE OF CLAIM, SUCH AS GENERAL UNSECURED OR PRIORITY CLAIMS. IF FURTHER OR OTHER BAR DATES ARE SET BY ORDER OF THE COURT, YOU WILL BE PROVIDED WITH SEPARATE NOTICE THEREOF. FAILURE TO FILE A PURCHASE MONEY CLAIM BY THE PURCHASE MONEY CLAIM BAR DATE WILL BAR THE HOLDERS OF SUCH PURCHASE MONEY CLAIMS FROM ASSERTING OR PARTICIPATING IN ANY RECOVERY ON ACCOUNT OF SUCH PURCHASE MONEY CLAIM. THE DEADLINE TO FILE PURCHASE MONEY CLAIMS IS 11:59 p.m. EDT ON MAY 2, 2011.**

**YOU SHOULD CONSULT WITH YOUR OWN COUNSEL REGARDING THIS NOTICE AND THE NECESSITY OF FILING A PURCHASE MONEY CLAIM.**

**Purchase Money Claim Bar Date and Procedures**

PLEASE TAKE FURTHER NOTICE that the Court has entered an order dated January 24, 2011 ("Purchase Money Claim Bar Date Order"), requiring all persons and entities wishing to assert a Purchase Money Claim to file a complete and duly executed proof of claim

form on account of such Purchase Money Claim, along with all supporting documentation for the Purchase Money Claim, so that it is actually received NO LATER THAN 11:59 p.m. EDT on **May 2, 2011** at the address set forth below or via the Court's CM/ECF system:

> United States Bankruptcy Court Clerk
> 110 U.S. Courthouse
> 121 West Spring Street
> New Albany, IN 47150

Notwithstanding the foregoing, the Clerk's office closes at 4:30 p.m. (prevailing Eastern Time), so filings made in a fashion other than through CM/ECF must be **actually received** by 4:30 p.m. (prevailing Eastern Time) on the Purchase Money Claim Bar Date.

The Purchase Money Claim Bar Date Order also requires that each Purchase Money Claim be served upon counsel for the Trustee, James M. Carr, Baker & Daniels LLP, 300 N. Meridian Street, Suite 2700, Indianapolis, Indiana 46204 on or before the Purchase Money Claim Bar Date.

**NOTICE IS FURTHER GIVEN THAT IF YOU ARE REQUIRED TO FILE A PROOF OF CLAIM EVIDENCING YOUR PURCHASE MONEY CLAIM AND FAIL TO DO SO IN THE MANNER PRESCRIBED, YOU SHALL BE FOREVER BARRED FROM RECEIVING DISTRIBUTIONS ON AND SHALL BE FOREVER BARRED FROM ASSERTING SUCH PURCHASE MONEY CLAIM AGAINST THE DEBTOR OR ITS SUCCESSORS OR ASSIGNS.**

The Trustee reserves the right to dispute, or to assert offsets or defenses against any filed Purchase Money Claims as to the nature, amount, liability, priority, classification, timing of payment or otherwise. Nothing contained in this notice shall preclude the Trustee from objecting to any Purchase Money Claim.

Copies of documents filed in the Chapter 11 Case are available online via the Court's CM/ECF system (PACER account required and a fee may be charged per page) or may be inspected during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, 110 U.S. Courthouse, 121 West Spring Street, New Albany, IN 47150. Additional information is available at the website maintained by the Trustee: www.easternlivestockbkinfo.com.

**CLAIMANTS SHOULD CONSULT WITH AN ATTORNEY REGARDING THEIR RIGHTS AND RESPONSIBILITIES OF ASSERTING AND FILING PURCHASE MONEY CLAIMS.**

Dated: New Albany, Indiana     /s/ Kevin P. Dempsey
       January 24, 2011        Clerk, United States Bankruptcy Court

2

BDDB01 6486557v3