UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**AMENDED AFFIDAVIT OF TERRY E. HALL IN SUPPORT OF APPLICATION
TO EMPLOY BAKER & DANIELS LLP AS COUNSEL
TO CHAPTER 11 TRUSTEE**

Terry E. Hall, under penalty of perjury, says:

1. I am an attorney admitted to practice before the United States District Court for the Southern District of Indiana and a partner in the firm of Baker & Daniels LLP. Baker & Daniels LLP maintains offices in Indiana (Indianapolis, Fort Wayne, and South Bend), Illinois (Chicago), Washington, D.C., and China (Beijing). I practice in the Baker & Daniels LLP's office located at 300 N. Meridian Street, Suite 2700, Indianapolis, Indiana 46204.

2. This affidavit amends my affidavit previously filed in this case on December 30, 2010 [Docket No. 114, the "Original Hall Affidavit"], by adding additional details to the disclosures in the Original Hall Affidavit regarding Fifth Third Bank, N.A. ("Fifth Third"), and also adding certain information regarding a November 2010 potential tendered representation to Baker & Daniels, LLP by The First Bank And Trust Company ("First Bank").

3. In preparing this affidavit, I submitted, or caused to be submitted, for review pursuant to Baker & Daniels LLP's conflicts check system the names of the parties identified to us by James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee") as the debtor's largest secured and unsecured creditors, contract parties and other parties in interest. Except as disclosed herein, while Baker & Daniels LLP may have represented some of the

-2-

parties on the list provided in the past, to the best of my knowledge such representations were and are not connected with the Trustee or his interests and are unrelated matters.

4. To the best of my knowledge neither Baker & Daniels LLP nor I, nor any other member, associate or professional employee of Baker & Daniels LLP (collectively, "Firm") own or represent any interest materially adverse to the estate of the above-captioned debtor and debtor-in-possession ("Debtor"). Moreover, to the best of my knowledge, other than as disclosed herein, the Firm has no present connection with Debtor's estate, its creditors or any other party in interest.

5. Though not viewed by Baker & Daniels LLP as a connection with Debtor's estate, its creditors or any other party in interest, Baker & Daniels LLP discloses that in November 2010, First Bank, through counsel, contacted John Burns of the firm's Ft. Wayne office about a possible local counsel engagement by First Bank on matters related to this chapter 11 case. In the first communication, Mr. Burns advised First Bank counsel that Baker & Daniels LLP represented Fifth Third in various matters and he preliminarily would see if the Firm had any open engagements with Fifth Third. In a second communication, Mr. Burns notified First Bank through its counsel of the existence of open Fifth Third engagements. No request was made to seek Fifth Third consent to the possible First Bank engagement and neither Mr. Burns nor any other Baker & Daniels LLP lawyer contacted Fifth Third to request such consent. Also, no standard internal Baker & Daniels LLP conflict check was run.

6. When the Trustee tendered to James Carr the engagement of Baker & Daniels LLP to serve as Trustee counsel, Mr. Carr advised the Trustee that the Firm represented Fifth Third in various matters and consent would have to be obtained with respect to any Baker

-2-

& Daniels LLP engagement on the matters presented by the Trustee. The Trustee requested Baker & Daniels LLP seek Fifth Third consent to the engagement.

7. When Baker & Daniels LLP ran its standard internal conflict check with respect to the Trustee's engagement, given that First Bank had not requested the Firm seek consent from Fifth Third on a possible representation of First Bank related to these matters, no related conflict check was run internally, and no engagement was undertaken, Mr. Burns was not required to advise Mr. Carr that he had been contacted by First Bank weeks earlier on potentially related matters. Mr. Burns accordingly did not respond to the Carr conflict check. Under Baker & Daniels LLP conflict policy procedure, the absence of a response to an internal conflict memorandum is understood to mean no conflict or potential conflict required to be identified in connection with a possible representation exists.

8. Notwithstanding the disclosures herein, the Firm may have, from time to time, represented and may currently represent one or more creditors of the Debtor in matters unrelated to the Debtor. If a controversy arises in this chapter 11 case creating a contested matter under Bankruptcy Rule 9014 or the need to assert or defend an adversary proceeding under Bankruptcy Rule 7001 et seq. involving a creditor that is a client of the Firm, the Firm will not represent either the Trustee or the creditor in such contested matter or adversary proceeding absent consent that resolves any prohibition for such representation under the Rules of Professional Conduct and any applicable statute or rules relating to this case. If necessary, I will assist the Trustee in retaining special counsel who the Trustee may need for any such representation.

9. Current representations that the Firm believes will not represent a conflict on the terms and conditions set forth herein include the Firm's representation of Fifth Third. As

-3-

state above, the Firm currently represents Fifth Third in matters unrelated to the chapter 11 case or the Debtor. Baker & Daniels LLP has represented or currently represents Fifth Third in two general areas: (1) loan origination and documentation; and (2) engagements relating to special assets which may include workouts, restructuring and/or enforcement. Over the past two years, the slight majority of Baker & Daniels LLP engagements (approximately 57%) have fallen under the area of special asset related work. In 2009, revenue arising from all of Fifth Third engagements comprised approximately 0.10% (one tenth of one percent) of the Firm's overall revenue. In the year ended December 31, 2010, revenue arising from all of Fifth Third engagements comprised approximately 0.24% (less than one quarter of one percent) of the Firm's overall revenue. Fifth Third's engagements of Baker & Daniels LLP over the past year have generated aggregated fee receipts by matter of between $36.00 and approximately $65,000. At no time has Baker & Daniels LLP represented Fifth Third with respect to its credit relationship with the Debtor, Thomas and Patsy Gibson or other Gibson family members, and/or East-West Trucking Co., LLC.

10. Fifth Third is a creditor of the estate and has consented to the Firm's representation of the Trustee. However, Fifth Third has not consented to the Firm's representation of the Trustee with respect to any adversary proceeding or other action that the Trustee may commence directly against Fifth Third. The Firm has advised the Trustee of this exception to the consent received from Fifth Third and the Trustee accepts this exception. Notwithstanding the foregoing, the Firm does not believe that its representations of Fifth Third in unrelated matters will create a conflict of interest in this chapter 11 case. In preparation for any potential conflict that may arise, the Trustee has filed an application to employ as special counsel the firm of Hoover Hull, LLP, with respect to the investigation and prosecution of any claims or

-4-

6509493_1 DOC

objections that may be asserted by the Trustee against Fifth Third or to any claim that may be asserted in the case by Fifth Third. [Docket 219].

11. To the best of my knowledge, no member or associate of the Firm is a relative of any judge of this Court.

12. To the best of my knowledge, the Firm is not and has not been connected with any judge of this Court so as to render improper the employment of Baker & Daniels LLP as requested in the application.

13. The Firm has not received any compensation for services to be rendered in this case. I have advised the Trustee of the willingness of the Firm to serve as counsel in connection with this case based upon the Firm's standard hourly billing rates for similar services. I have also shared with Trustee all of the matters set forth above.

14. In view of the foregoing, I believe that Baker & Daniels LLP (i) does not hold or represent an interest adverse to the estate, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Baker & Daniels LLP understands its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtor's bankruptcy estate and case as they appear or become recognized during the case. Accordingly we reserve the right to, and shall, supplement this disclosure if necessary as more information becomes known to us.

I affirm under penalty of perjury that the foregoing statements are true.

By: /s/ Terry E. Hall

Terry E. Hall (#22041-49)
James M. Carr (#3128-49)
Wendy W. Ponader (#14633-49)
Dustin R. DeNeal (#27535-49)
BAKER & DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@bakerd.com
jim.carr@bakerd.com
wendy.ponader@bakerd.com
dustin.deneal@bakerd.com