IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: <br> EASTERN LIVESTOCK CO., LLC, <br> Debtor. | Case No. 10-93904-BHL-11 <br> Chapter 11 |

**MOTION OF TRUSTEE TO PAY POST-PETITION RECEIVER AND
ATTORNEY FEES AND EXPENSES AND CERTAIN VENDOR EXPENSES**

Trustee James Knauer hereby respectfully moves ("Motion") this Court for an for an order pursuant to 11 U.S.C. §§ 506(c) and 543(c) for the trustee to pay: (1) post-petition fees and expenses of State Court-Appointed Receiver and bankruptcy custodian Elizabeth Lynch ("Receiver") for Eastern Livestock Co., LLC ("Debtor"), and her employer, Development Specialists, Inc. ("DSI"); (2) post-petition fees and expenses of Dinsmore & Shohl, LLP ("D&S"), as counsel for the Receiver; and (3) pre-petition and post-petition expenses incurred by certain vendors that were necessary to preserve value of the estate and previously set forth in a budget approved by this Court. In support of this Motion, the trustee respectfully states as follows:

**BACKGROUND**

1. On November 10, 2010, the Receivership Court appointed the Receiver to serve as a receiver for the Debtor. The Receiver is and was at all times since her appointment, an employee of DSI. In order to facilitate the magnitude of responsibilities required to fully discharge the Receiver's duties, and to do so within the strict time constraints associated with the livestock industry, the Receiver utilized the services of additional personnel from DSI, as explicitly authorized by the Receivership Court. Additionally, the Receiver hired D&S as counsel to the Receiver.

2. In the period from November 10, 2010 to December 5, 2010, the Receiver, under counsel from D&S, and with the assistance of her employer DSI, served as receiver for Debtor ("Receivership Period"). In the Receivership Period, funds totaling $479,610.00 were transferred from the Debtor to D&S's IOLTA account ("D&S IOLTA Account") as a retainer for services to be rendered by D&S, the Receiver, and her employer DSI.

3. On December 6, 2010 ("Petition Date"), certain petitioning creditors filed this involuntary bankruptcy against the Debtor.

4. Pursuant to Orders of this court, the Receiver served as a custodian to the Debtor under 11 U.S.C. § 543 in these bankruptcy proceedings from the Petition Date until this Court appointed me as trustee on December 27, 2010 ("Custodial Period").

5. During the Custodial Period, the Receiver and her employer DSI, as custodian of the bankruptcy estate, incurred $160,023.50 in fees and $15,699.30 in expenses for a total of $175,722.80 as set forth in Exhibit A.

6. During the Custodial Period, Receiver's counsel, D&S incurred $51,920.50 in fees and $1391.25 in expenses for a total of $53,311.98 as set for in Exhibit B. D&S has agreed that it will write off its fees by $10,762.76, providing total post-petition legal fees and expenses for D&S in the amount of $42,548.99.

7. During the Receivership and Custodial Periods, certain vendors incurred costs necessary to preserving the value of the estate, including feed and security services, in the amount of $11,918.57 as set forth in Exhibit C ("Vendor Expenses"). These Vendor Expenses were approved by this Court in a budget prepared by the Receiver, attached hereto as Exhibit D (Doc. No. 52), that was granted by an Order of this Court on December 14, 2010 (Doc. No. 75).

BDDB01 6536953v1

8. During the Receivership Period, secured creditor Fifth Third Bank transferred $342,612 to a trust account held by the Receiver to finance the activities of the Receiver ("Custodial Fund Account"). Elizabeth M. Lynch transferred $1,353,199 to me as trustee representing the net cash collections during the Receivership and Custodial Periods exclusive of the $479,610 in the D&S IOLTA Account, the $342,612 funded by Fifth Third Bank, and approximately $35,000 held back to cover third-party expenses incurred during the Receivership and Custodial Periods that have not yet been paid.

9. On January 6, 2011, the Receiver filed in the Receivership Court: (a) Application by Receiver, Elizabeth M. Lynch, for Allowance of Attorney Fees and Reimbursement of Expenses Incurred; and (b) Application by Elizabeth M. Lynch for Allowance of Attorney Fees and Reimbursement of Expenses Incurred by the Receiver.

10. Concurrently with this motion, D&S and the Receiver are filing a motion ("Pre-petition Fees Motion") with this Court to allow them to pursue payment and reimbursement of pre-petition fees and expenses in the Receivership court from the D&S IOLTA Account.

## RELIEF REQUESTED

11. The trustee respectfully requests that this Court permit payment and reimbursement of: (1) fees and expenses of the Receiver and her employer DSI in the post-petition Custodial Period in the amount of $175,722.80, as evidenced by Exhibit A; (2) fees and expenses of D&S in the post-petition Custodial Period in the amount of $42,548.99, as evidenced by Exhibit B[1]; and (3) the Vendor Expenses of certain vendors necessary to preserve the value of the estate in the amount of $11,918.57 as evidenced in Exhibit C.

---

[1] As explained in paragraph , D&S has agreed to write off its fees by $10,762.76, providing total post-petition legal fees and expenses for D&S in the amount of $42,548.99.

3

The trustee requests that such disbursements be made in accordance with Exhibit E attached hereto.

12. Section 506(c) of the Bankruptcy Code permits a trustee to "recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

13. Section 543(c)(2) of the Bankruptcy Code provides that: "The court, after notice and a hearing shall -- (2) provide for the payment of reasonable compensation for services rendered and costs and expenses incurred by such custodian."

14. During the Custodial Period, the Receiver, with the assistance of her employer DSI, and D&S provided necessary services and value to the estate by preserving and liquidating certain assets before the appointment of a trustee. The trustee believes that the fees and expenses presented in Exhibit A and Exhibit B are reasonable in light of the services rendered by the Receiver, her employer DSI, and D&S during the Custodial Period. Therefore, the Receiver, her employer DSI, and D&S are entitled to the costs and expenses of preserving value of the Debtor's estate during the Custodial Period.

15. Additionally, the trustee believes that the Vendor Expenses listed on Exhibit C were necessary to preserve the value of the estate by providing services that kept the cattle assets both safe and alive. As noted above, these expenses were previously approved by an order of this Court. Therefore, pursuant to section 506(c) of the Bankruptcy Code, should be paid by the trustee at this time.

16. Firstly, the trustee requests that it be permitted to pay post-petition attorney and custodial fees and expenses and the Vendor Expenses out of monies left over in the D&S IOLTA Account after pre-petition fees and expenses are paid. The money in the D&S

4

IOLTA Account was transferred pre-petition and thus not property of the bankruptcy estate. As is evidenced by the exhibits to the Pre-petition Fees Motion filed concurrently herewith, the Receiver is requesting $267,118.66 in pre-petition Receiver fees and expenses and $147,451.01 in pre-petition attorney fees for D&S, for a total of $414,569.67 in pre-petition fees and expenses.

17.     As noted in paragraph 2 above, there is a total of $479,610.00 being held in the D&S IOLTA Account. The Trustee requests that D&S and the Receiver be permitted to continue with its application in the Receivership Court for these pre-petition amounts, and that the rest of the D&S IOLTA Account monies, estimated to be $65,040.33, be applied to pay and reimburse post-petition attorney and custodial fees and expenses and the Vendor Expenses.

18.     Secondly, the trustee requests that the remaining post-petition attorney and custodial fees and expenses and the Vendor Expenses, in the estimated amount of $230,190.36 be approved for payment and paid out of the balance of the D&S IOLTA Account or Custodial Fund Account funded by secured creditor Fifth Third Bank. As noted in paragraph 8 above, the Custodial Fund Account's current balance is $377,612. Therefore, after payment of the remaining post-petition attorney and custodial fees and expenses and the Vendor Expenses, the estimated balance of the Custodial Fund Account would be $212,461.97. These funds were provided by Fifth Third Bank specifically to fund the Receiver, her employer DSI, and D&S's efforts to preserve value for the estate. Therefore, it is appropriate to pay and reimburse the Receiver and D&S for fees and expenses incurred in the Custodial Period through the Custodial Fund Account.

5

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the trustee respectfully asks the Court to enter an order, substantially in the form attached hereto as Exhibit F, and granting such other relief as it deems just and proper.

Dated: February 9, 2011

Respectfully submitted,

BAKER & DANIELS LLP

/s/ Terry E. Hall

James M. Carr (#3128-49)
Robert K. Stanley (#1745-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
robert.stanley@bakerd.com
terry.hall@bakerd.com
dustin.deneal@bakerd.com

*Counsel for James A. Knauer, Chapter 11 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| Kirk Crutcher<br>kcrutcher@mcs-law.com | Todd J. Johnston<br>tjohnston@mcjllp.com | |

I further certify that on February 9, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

David A. Domina
ddomina@dominalaw.com

/s/ Terry E. Hall

BDDB01 6536953v1