(K33804/ms4)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY, DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-93904 |
| | ) | |
| Eastern Livestock Co., LLC | ) | Chapter 11 Proceedings |
| | ) | |
| | ) | Judge Basil H. Lorch III |
| Debtor(s). | ) | |
| | ) | **MOTION OF GENERAL** |
| | ) | **ELECTRIC CAPITAL** |
| | ) | **CORPORATION FOR RELIEF** |
| | ) | **FROM STAY** |
| | ) | |

General Electric Capital Corporation, (the "Movant") moves this Court, under Sections 361, 362, 363, 554 and other sections of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code") and under Rules 4001, 6007 and other rules of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order conditioning, modifying or dissolving the automatic stay imposed by Section 362 of the Bankruptcy Code. In support of this Motion, the Movant states:

**MEMORANDUM IN SUPPORT**

1.  The Court has jurisdiction over this matter under 28 U.S.C. Sections 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. Sections 1408 and 1409.

2.  On November 16, 2006, Rocking E. Feeders, L.L.C. entered into an executory contract with Movant in the amount of $294,000.00. Such executory contract was evidenced by a Truck Lease Agreement dated November 16, 2006 (the "Contract"), a copy of which is attached as Exhibit A.

3.  The Executory Contract is for the lease of a Two 2007 Peterbilt 355 Trucks (the "Property") owned by the Movant, currently in the possession of the Debtor and more fully

described in the Contract. Movant believes Debtor is currently in possession of the Property as the lease payments were made to Movant by the Debtor, as evidenced by the checks attached as Exhibit B.

4. The Debtor has defaulted in performing the obligations as that term is defined in the obligation evidenced by the Contract and Movant has reason to believe that the Movant's property is and will continue to be used to the detriment of the Movant.

5. The Contract was transferred as follows:

   None

6. The value of the vehicle is $57,576.00 according to the Fair Market Value.

7. As of the date of this Motion, there is currently due and owing on the Contract the outstanding balance of $145,741.90, plus an additional amount of $88,200.00 under the purchase option in the Contract.

8. There are no other parties known to have an interest in the Contract.

9. The Movant is entitled to relief from the automatic stay under Sections 362(d)(1) and/or 362(d)(2) for these reason(s):

   Debtor has failed to provide adequate protection for the lien held by the Movant for the reasons set forth below:

   Debtor has failed to make periodic post-petition payments to Movant, which unpaid payments are in the aggregate amount of $9,503.82 through March 1, 2011.

WHEREFORE, Movant prays for an Order from the Court granting Movant relief from the automatic stay of Section 362 of the Bankruptcy Code to permit Movant to proceed under law including, but not limited to, the filing of an unsecured deficiency claim after liquidation of the collateral and for such other and further relief to which the Movant may be entitled.

Respectfully submitted,

/s/Theodore A. Konstantinopoulos
THEODORE A. KONSTANTINOPOULOS (OH Bar #0065542)
CHRISTOPHER CASSIDY #22837-32
Attorneys for Creditor
Javitch, Block, & Rathbone
1100 Superior Avenue, 19th Floor
Cleveland, Ohio 44114-9971
(216) 623-0000
ndohbky@jbandr.com

## **CERTIFICATE OF SERVICE**

I certify that on February 10, 2011, copies of this Motion for Relief from Automatic Stay were served electronically and by ordinary U.S. Mail, postage prepaid, to the persons listed on Creditor Mailing Matrix.

/s/Theodore A. Konstantinopoulos
THEODORE A. KONSTANTINOPOULOS (OH Bar #0065542)
CHRISTOPHER CASSIDY #22837-32
Attorneys for Movant

(K33804/ms4)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY, DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-93904 |
| | ) | |
| Eastern Livestock Co., LLC | ) | Chapter 11 Proceedings |
| | ) | |
| | ) | Judge Basil H. Lorch III |
| Debtor(s). | ) | |

**WAIVER OF REQUIREMENT FOR HEARING UNDER 11 U.S.C. SECTION 362(e)**

Claimant hereby waives the requirement of 11 U.S.C Section 362(e) of the U.S. Bankruptcy Code and the Rules of Bankruptcy Procedure that Final Hearing be held with thirty (30) days of this request for Relief from Automatic Stay.


Date:  February 10, 2011          /s/Theodore A. Konstantinopoulos
                                  Theodore A. Konstantinopoulos (OH Bar 0065542)
                                  Christopher L. Cassidy #22837-32
                                  Attorneys for Movant



Waiver Issued:

Related Document No.




Distribution:
U.S. Bankruptcy Court