UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Case No. 10-93904-BHL-11 |
| | )         (Involuntary) |
|          Debtor. | ) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
ABANDONMENT OF PROPERTY FROM THE BANKRUPTCY ESTATE**

FPC Financial, f.s.b. ("FPC") by counsel, hereby moves the Court, pursuant to 11 U.S.C. § 362 for an Order granting FPC relief from the automatic stay as it pertains to the Equipment (as that terms is defined herein) ("Motion for Relief") and abandoning the Equipment from the Debtor's Bankruptcy Estate. In support of this Motion for Relief, Deere states as follows:

1.      On December 6, 2010, an Involuntary Petition was filed against Eastern Livestock Co., Inc. (the "Debtor"). On December 27, 2010, the Court entered an Order appointing James Knauer as the Chapter 11 Trustee.

2.      This Court has jurisdiction to hear and decide this Motion for Relief pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      On May 19, 2010, the Debtor utilized his John Deere Revolving Plan account (the "Contract") with FPC to finance the purchase a 850D Gator, Identification No. MOXUVDE081139d (the "Equipment"), which financing was in the principal sum of Twelve Thousand Two Hundred Dollars ($12,200.00). A true and complete copy of the Contract and Purchase Order for the Equipment are attached hereto as Exhibit "1".

4.      The Contract grants FPC a purchase money security interest in the

1

Equipment.

5. The Contract requires the Debtor to make monthly payments to FPC. As of the Petition Date, the Debtor is in default in its payments to FPC.

6. As of February 16, 2011, the outstanding balance owed under the Contract is at least $11,144.31. The Debtor are in default under the Contract in the amount of at least $677.84. The last Monthly Payment that was received from the Debtor was on October 20, 2010.

7. On information and belief, the value of the Equipment is completely encumbered by the liens of FPC.

8. Adequate cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

9. Grounds exist for abandonment of the Equipment from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 554.

WHEREFORE, FPC prays that the automatic stay be terminated with respect to the Equipment so FPC can proceed to realize on its secured claim to the Equipment the same as if the above-captioned Chapter 11 had not been commenced. FPC further prays for such additional relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Karen L. Lobring
Karen L. Lobring   (#19226-49)
Lobring & Associates, L.L.P.
5977 West State Road 252
Edinburgh, IN  46124
Telephone:  (812)587-0010
Facsimile:   (812)587-0027
E-mail:      Lobring@msn.com

Attorneys for FPC Financial, f.s.b.

Case 10-93904-BHL-11   Doc 279   Filed 02/16/11   EOD 02/16/11 13:53:59   Pg 3 of 10

**PAYMENT APPLICATION.** You agree that your Minimum Required payment will be applied as FPC determines in its sole discretion. You agree that FPC has this discretion and that FPC may exercise it to suit its own convenience and interests, without further notice to you. You also agree that FPC may change how it applies payments at any time without notice to you. You acknowledge that the exercise of this discretion by FPC may result in cases in which the application of payments to your Account creates higher Interest Charges than other payment application methods and that this may include payments allocated to balances with lower APRs before balances with higher APRs and/or to balances with longer promotional periods before balances with shorter or no promotional periods.

You agree that your payments will be credited as of the date of receipt at the address on the payment stub of your Monthly Statement if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days.

**Retailer Chargebacks.** FPC may charge back to a retailer who sold goods or services to you on your Account, any part of your Account balance related to those purchases. In that event, this Agreement will be deemed assigned to the retailer to the extent of the chargeback. You agree to such an assignment and further agree to pay the retailer the amount of such chargeback in accordance with the terms of this Agreement.

**Default.** You agree that you will be in default if you fail to pay the Minimum Required Payment within 10 days after the Payment Due Date. You agree that you will also be in default if: (1) the value of FPC's security interest in any collateral is materially impaired; (2) your ability to repay is materially reduced; (3) you cease your business; (4) your obligations materially change; (5) you become subject of bankruptcy or insolvency proceedings; (6) the sole proprietor, a partner or a personal guarantor of the business holding the Account dies or becomes incompetent; (7) you have provided FPC false or misleading information relating to your credit application or Account; (8) you fail to perform any other of your obligations under the terms of this Agreement as it may be amended; or (9) you are in default under any agreement you have with FPC or any of its affiliates.

You agree that, upon your default, FPC may close your account to future purchases and that FPC may demand immediate payment of your entire Account balance, after giving you any notice and opportunity to cure the default required by applicable law. In addition, you agree that FPC shall have all the rights of a secured creditor under the Uniform Commercial Code and other applicable law.

**Delay in Enforcement.** You agree that FPC can delay enforcing its rights under this Agreement without losing them.

**ELECTRONIC DISCLOSURE.** You agree that any notices and disclosures related to your account can be delivered to you in printed form or by electronic means if you provided an electronic mail address to FPC when you applied for this Account or at a later date. Until FPC receives notice of a new electronic mail address, FPC may continue to send such notices and disclosures to the electronic mail address you most recently provided to FPC.

**Governing Law.** This Agreement must be approved, and all charges and payments to your Account processed, by FPC at its office in Madison, Wisconsin. Therefore this Agreement and your accounts will be governed by the substantive law of the United States and to the extent state law applies to this Agreement, the substantive law of the State of Wisconsin, regardless of whether or not you reside in Wisconsin. The law of your state of residence will apply to FPC's recovery of any collateral located there.

This is the entire Agreement between you and FPC relating to your Account and no oral changes can be made. Invalidity of any provision of the Agreement shall not affect the validity and enforceability of the remainder of its terms.

**Changing This Agreement. IMPORTANT: READ BEFORE SIGNING. THE TERMS OF THIS AGREEMENT SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED IN THIS WRITTEN CONTRACT MAY BE LEGALLY ENFORCED. YOU MAY CHANGE THE TERMS OF THIS AGREEMENT ONLY BY ANOTHER WRITTEN AGREEMENT.** You agree that FPC may change any terms of this Agreement, including the Interest Charge Calculation and the APR, at any time, by providing prior notice to you. To the extent that the law permits and FPC indicates in the notice, the changes will apply to your existing Account balance as well as to future transactions.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT.** To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for you: When you open an account, you will be asked for your name, address, date of birth, and other information that will allow FPC to identify you. You may also be asked to show your driver's license or other identifying documents.

**YOUR CHOICE TO LIMIT MARKETING**

* The John Deere Credit companies are providing this notice. They include Deere & Company, Deere Credit, Inc., John Deere Construction & Forestry Company and FPC Financial, f.s.b.

* You may limit the John Deere companies, such as the manufacturing, credit, leasing and insurance affiliates, from marketing their products or services to you based on your personal information that they receive from any John Deere Credit company. This information may include your income, account history, and credit score.

* Your choice to limit marketing offers from the John Deere companies will apply for at least 5 years from when you tell us your choice. Once that period expires, you will receive a renewal notice that will allow you to continue to limit marketing offers from the John Deere companies for at least another 5 years.

* To limit marketing offers, contact us at 1-800-541-2969.

John Deere Credit Revolving Plan is a service of FPC Financial, f.s.b.
49300317

CR451002 Litho in U.S.A. (09-12)

# John Deere Credit Revolving Plan Commercial Use Account
## Notice of Changes
*December 2009*

**Important Amendments to Your John Deere Credit Revolving Plan Commercial Use Credit Agreement**

The Amendments described below change the terms and conditions of your John Deere Credit Revolving Plan Account and they will be effective on February 1, 2010. Please read this document carefully and keep it with your John Deere Credit Revolving Plan Credit Agreement. Except for these Amendments, the terms and conditions of your John Deere Credit Revolving Plan Credit Agreement continue in full force and effect. Use of your Account after that date constitutes acceptance of these new terms. This notice does not change any restrictions or credit limits of your existing account, except as noted below. It is not a promise of new or additional credit.

**Changes affecting purchases made on or after February 1, 2010:**

* For all Regular Purchases made on your account, the minimum ANNUAL PERCENTAGE RATE will be 19.8%.
* For Accounts that go into default, interest may be calculated with an ANNUAL PERCENTAGE RATE that is a variable rate equal to a Base Rate for the interest rate determinations announced by Citibank, N.A. in New York, New York, plus 18%, with a minimum rate of 22.8%.

The Interest Rate section will change to read as follows:

Interest Charges on your account for Regular Purchases may be calculated using a variable rate that will be determined by reference to a "Base Rate" to which is added a "Spread" to arrive at the current rate with a minimum ANNUAL PERCENTAGE RATE (APR) of 19.8%. The same Spread will be used for purchase(s) within your account.

Interest Charges on your account if your account goes into Default, may be calculated using a variable rate that will be determined by reference to a "Base Rate" to which is added a "Spread" to arrive at the current rate, with a minimum APR of 22.8%.

The **Base Rate** from which your variable rates will be determined is the annual percentage rate of interest announced publicly from time to time by Citibank, N.A. in New York, New York as the base rate it uses for interest rate determinations, which was in effect at the close of business on the fifteenth (15th) calendar day of each month, or the next succeeding business day if the fifteenth is not a business day ("Reference Day"). The Spread added to the **Base Rate** to determine the **ANNUAL PERCENTAGE RATE (APR)** that will apply to your Account will be:

**Spread**
Regular Purchase Rate    15.0%
Default Rate    18.0%

* The Late Fee Grace period will change to 5 days.

The Other Fees and Charges section will change to read as follows:

**OTHER FEES & CHARGES.** FPC will add to your Account: (1) A Late Payment Fee of $30 if FPC does not receive a payment of at least the Minimum Required Payment (Minimum Required Payment plus unpaid late payment fees and past due amounts) within 5 days after the Payment Due Date; (2) A Returned Payment Fee of $25, for any check or electronic payment authorization that FPC receives which is dishonored; and (3) expenses incurred in connection with the enforcement of our remedies upon default, including, without limitation, (a) repossession, repair and collections costs, and (b) the attorney fees plus court costs and related fees, including any bankruptcy fees and costs, upon default if FPC elects to refer your Account for collection to an attorney.

A complete copy of your new credit agreement, which replaces the terms of any previous Agreements, is printed in its entirety on the following pages. This abbreviated summary may not include all the details of the changes to your account. Please refer to that Agreement for more detailed descriptions of the changes described above, and any other changes and terms that may be applicable in your state of residence. Please retain this for future reference.

Your Customer Service telephone number is 1-800-541-2969.


**JOHN DEERE CREDIT**

*Exhibit 2/11*

## JOHN DEERE CREDIT REVOLVING PLAN
## TERMS AND CONDITIONS-COMMERCIAL USE

**This is your Agreement. Please read it and keep it for your records.**

**This is your Agreement. Please read it and keep it for your records.**

**Terminology.** In this Agreement the words *you*, *your*, and *yours* mean each person, business or company that applies for and is granted a John Deere Credit Revolving Plan Account ("Account"), and any personal guarantor of your Account. *FPC* means FPC Financial, f.s.b., or any subsequent holder of the Account or any balances arising under the Account. When the terms "finance charge" and "interest charge" are used in this agreement and on other documents related to your Account, they have the same meaning.

**Credit Approval.** This Agreement is not binding on FPC until FPC has approved your credit and given you notice of approval.

**Card.** You request an Account and credit card ("Card") from FPC. You agree that this Agreement controls all purchases made on this Account or with use of the Card by you or any person you authorize to use it. You authorize FPC to honor any purchase you make by mail, telephone, internet, facsimile transmission (fax) or other electronic means on your Card. You agree that a signature is not necessary as identification in such cases. You agree that any authorized use of your Account or Card constitutes your acceptance of all the terms and conditions of this Agreement, as it may be amended from time to time. If you submit your application to FPC by internet, facsimile transmission (fax), or other electronic means, you agree that the application will have the same effect as a signed original. You agree that you will promptly notify FPC in writing of any suspected loss, theft, or unauthorized use of your Card. You may be liable for the unauthorized use of your Card before you notify FPC in writing at John Deere Credit Lawn & Grounds Care Revolving Plan, P.O. Box 5327, Madison, Wisconsin 53705-0327 of the unauthorized use. In any case, your liability will not exceed $50. You consent and agree that your telephone conversations with FPC may be recorded to further improve FPC's customer service. You agree that FPC may place phone calls to you using any telephone number you have provided to FPC, including using an automatic dialing-announcing device, and that such calls are not "unsolicited" under state or federal law. You agree to give FPC prompt notice of any change in your name, mailing address, or business location. You agree that until FPC receives notice of your new address, FPC may continue to send statements and other notices to the address you gave FPC on the application for this Account. You agree that, for the purposes of this Agreement, you will be deemed to "reside" in the state of your billing address as shown on FPC's records. If more than one person or entity signed the application, each is jointly and severally responsible for all obligations, and amounts due, under this agreement.

**Credit Limits.** FPC will state your credit limit when FPC notifies you of credit approval and issues your Card. You may request a change to your credit limit by writing FPC at the address listed above. You agree that FPC may increase or decrease any credit limit at any time, in FPC's sole discretion, without prior notice to you.

**Account Use.** You can use your Account to purchase authorized goods and services from participating retailers up to the full amount of your credit limit. You agree you will owe FPC all amounts charged on your Account, plus interest charges and the other charges provided for in this Agreement. FPC will allow a purchase of authorized goods or services from a participating retailer to be made through your account as long as (1) you are not in default; (2) your financial condition has not materially or adversely changed; and (3) FPC has not been provided information by third parties that indicates serious charge-offs or delinquencies with other of your accounts. You agree to use your Account primarily to make purchases for commercial use, and not for agricultural, personal, family, or household use. We will consider your Account to be inactive if no purchases have been made through your Card, and your Account Balance has been zero for 6 months or more.

**You agree that FPC is not responsible for the refusal of anyone to allow a purchase to be made through your Card.**

**Monthly Statement.** FPC will send you a monthly statement whenever there is activity on your Account. Your monthly statement will show your New Balance and any Late Fees and Interest Charge. In addition, it will show any available credit, an itemized list of current Purchases, Debits, Payments, and Credits, the Minimum Required Payment and the Payment Due Date, as well as other information concerning your Account.

If you think your monthly statement is incorrect, write to FPC on a separate sheet at the address shown on the back of your billing statement no later than 60 days after FPC sends you the first statement on which the error or problem appeared. Describe the error as best you can and include your Account number in all correspondence. FPC will send your monthly statements on dates and in intervals determined by FPC. Such statement shall be deemed correct and accepted by you unless FPC is notified to the contrary in writing within 60 days of the date of that statement.

**Payment.** The Payment Due Date is the date the payment is due at the address shown on the front of your monthly statement. You may at any time pay your entire New Balance or pay more than the Minimum Required Payment, and you will avoid or reduce Interest Charges by doing so. Payment of more than the Minimum Required Payment, while reducing your balance, may also be applied to your future Minimum Required Payments for up to six months. If your Payment Due Date falls on a Saturday, Sunday or holiday, the Payment Due Date will not be extended. All payments must be in U.S. dollars and drawn on funds on deposit in the United States. Payments must be sent to John Deere Credit, at the address designated on your monthly payment stub, or to any other payment address FPC later designates on your monthly statement payment stub. We will not accept any payments at our offices.

**Interest Charge Rates.** Interest Charges on your account for Regular Purchases may be calculated using a variable rate that will be determined by reference to a "Base Rate" to which is added a "Spread" to arrive at the current rate with a minimum ANNUAL PERCENTAGE RATE (APR) of 19.8%. The same Spread will be used for purchase(s) within your account.

Interest Charges on your account if your account goes into Default, may be calculated using a variable rate that will be determined by reference to a "Base Rate" to which is added a "Spread" to arrive at the current rate, with a minimum APR of 22.8%.

The Base Rate from which your variable rates will be determined is the annual percentage rate of interest announced publicly from time to time by Citibank, N.A. in New York, New York as the base rate it uses for interest rate determinations, which was in effect at the close of business on the fifteenth (15th) calendar day of each month, or the next succeeding business day if the fifteenth is not a business day ("Reference Day"). The Spread added to the Base Rate to determine the APRs that will apply to your Account will be:

| Spread | |
|---|---|
| Regular Purchase Rate | 15.0% |
| Default Rate | 18.0% |

Rate increases and decreases, that result from changes in the Base Rate will take effect on the first day of the month, or the next succeeding business day if the first day is not a business day, after the Reference Day on which the Base Rate changes.

Changes in your variable rate will apply to your existing Account Balance as well as to future purchases. An increase in your rate will increase the total Finance Charge accruing on your Account and the balance on which your Minimum Required Payment is calculated.

Current effective rates are shown below:

| | Daily Periodic Rate(s) | ANNUAL PERCENTAGE RATE(S) |
|---|---|---|
| **Regular Purchase Rate** | .054247% | 19.8% |
| **Default Rate** | .062466% | 22.8% |

The above rates are correct as of the date of printing, November 23, 2009, but are subject to change after that date.

**Interest Charge Calculation.** The amount of *Interest Charge* will be determined in the following manner. FPC uses the daily periodic rates and corresponding *Annual Percentage Rates* (APRs) shown in this Agreement. The applicable periodic rate is applied to the "Average Daily Balance" of your Account, including current transactions during the current billing cycle.

To get the "Average Daily Balance", FPC takes the beginning balance of your Account each day, starting with any Previous Balance outstanding on the first day of the monthly billing cycle, adds new purchases and debits and subtracts payments or credits. This determines the daily balance. Unless FPC elects to use a later date, purchases are added to the daily balance as of the date of purchase.

FPC totals the daily balances for the billing cycle and divides the total by the number of days in the billing cycle. This gives FPC the "Average Daily Balance" which is shown on your monthly statement.

**DEFAULT INTEREST CHARGE RATE.** If you are in default, you may no longer qualify for any reduced interest rate or repayment terms and, at FPC's option, the applicable APR on the entire remaining balance of any purchase(s) may be increased to the Default Rate and the repayment terms may increase to the standard ones described in this agreement.

A **MINIMUM INTEREST CHARGE** of $1.00 will be made when the result of the application of the periodic rate to the "Average Daily Balance" is less than $1.00.

**Minimum Required Payment.** You agree to pay each month a Minimum Required Payment equal to:

1. Any late payment fee; plus
2. Any additional fees; plus
3. Any amount past due; plus
4. For purchases:
   a. Either the greater of: (i) $100, or (ii) 8% of your highest balance;
   b. Or your entire New Balance, if it is $100 or less.

**DUE-IN-FULL PROVISION FOR GOVERNMENTAL ACCOUNTS.** If you are a local, state or federal government agency or department, the entire balance of your account will be due at the date shown on your monthly statement.

**SPECIAL PROMOTIONS.** From time to time special financing terms, such as extended free periods, incentive interest rates on certain purchases or other promotions may be available for certain purchases from participating retailers. These special terms will be disclosed by the retailer at the time of purchase or on the next monthly statement sent to you and will govern the APR and repayment terms. Purchases you make during those special promotions will be separately identified on your monthly statement and will become part of the balance on which your INTEREST CHARGE and Minimum Required Payment are calculated at the time provided in the special terms disclosure.

**Same As Cash Transactions.** Unless otherwise disclosed, minimum monthly payments will be deferred and a Interest Charge will accrue during any "Same As Cash" period described on your monthly statement. No Interest Charge will be due until the end of the "Same As Cash" period and any accrued Interest Charge will be waived if the entire "Same As Cash" balance is paid in full by the end of this "Same As Cash" period.

**No Interest/No Payments Transactions.** Unless otherwise disclosed, minimum monthly payments will be deferred and Interest Charge will not accrue during any disclosed no interest/no payments period described. No Interest Charge will be due until the end of the no interest/no payments period.

**OTHER FEES & CHARGES.** FPC will add to your Account: (1) A Late Payment Fee of $30 if FPC does not receive a payment of at least the Minimum Required Payment (Minimum Required Payment plus unpaid late payment fees and past due amounts) within 5 days after the Payment Due Date; (2) A Returned Payment Fee of $25, for any check or electronic payment authorization that FPC receives which is dishonored; and (3) expenses incurred in connection with the enforcement of our remedies upon default, including, without limitation, (a) repossession, repair and collections costs, and (b) the attorney fees plus court costs and related fees, including any bankruptcy fees and costs, upon default if FPC elects to refer your Account for collection to an attorney.

**OTHER SERVICES.** Third parties may offer additional features, services and enhancements related to the Account. You acknowledge that FPC is not liable for those and that they are the sole responsibility of those third parties. With respect to any insurance coverage you obtain, you understand that you will receive all of your insurance information from the insurer.

**Accepting Payment.** You agree that FPC can accept late or partial payments, as well as payments marked "paid in full" or with other restrictive endorsements, without losing any of its rights under this Agreement.

**Disclosure of Financial Information.** You agree that FPC may report your performance under this Agreement to credit reporting agencies and others who request a credit reference from FPC. You agree that FPC may ask credit reporting agencies or others you list as a credit reference for consumer reports or information regarding your credit history at any time for all legitimate purposes, including credit decisions and the review and collection of your Account. You authorize FPC to share information regarding your Account with its corporate affiliates and other companies that offer products and services FPC believes may be of interest to you. FPC's affiliates may use consumer report information as a factor in establishing your eligibility for consumer credit. If you object to this, you must notify FPC by calling John Deere Credit Customer Service at 1-800-541-2969, and providing your name, Social Security Number, address and Account Number, and certain information will not be provided to those affiliates.

**You also authorize FPC to disclose financial information about you as described in this Agreement and future notices FPC may send you.**

**Cancellation.** You may close your Account to future purchases at any time by notifying FPC in writing and returning all Cards. You agree that FPC may close or suspend your Account to future purchases at any time without prior notice. You agree that, regardless of the closing or suspension of your Account, you remain responsible for paying the amount you owe FPC according to the terms of this Agreement.

**Security Interest.** To secure payment of its purchase price you grant FPC a purchase money security interest in all merchandise purchased through your Account, and its proceeds, including insurance proceeds, but this provision does not apply if you reside in NC and the APR on a purchase or transaction exceeds 15%. FPC's security interest continues until each merchandise is paid for in full by application of your payments in the manner described in this Agreement. You agree to execute and authorize FPC to file (or to sign for you and file) any financing statement(s) or other document(s) needed to perfect the security interest that you have given FPC or that FPC may deem necessary before your debt is paid in full.

02/03/2011 14:21   4178817673   LARSON FARM & LAWN   PAGE 02/03

## JOHN DEERE — Customer Purchase Order For John Deere Products (U.S. Only)

**PO#** 00767638 — Original

| Field | Value |
|---|---|
| BUSINESS NAME | EASTERN LIVESTOCK COMPANY |
| BUSINESS CONTACT | |
| STREET OR RR | 811 A FR. 135 |
| TOWN | BOIS D ARC |
| STATE | MO |
| ZIP CODE | 65612 |
| COUNTY | Greene |
| PURCHASER ACCT. | |
| PHONE NO. | (redacted) |
| E-MAIL ADDRESS | |
| CUSTOMER'S NAME - Second Signer | |
| DEALER ORDER NO. | |
| COMPANY UNIT | 66 |
| TRANSACTION TYPE | Finance |
| PURCHASER SALES TAX EXEMPT NO. | |
| SELLER'S NAME & ADDRESS | LARSON FARM & LAWN, INC. / 4855 E HWY 60 / ROGERSVILLE, MO, 65742 |
| PURCHASER TYPE | 9 Farm |
| DATE OF ORDER | May 26, 2010 |
| DEALER ACCOUNT NO. | |
| DELIVERER'S NAME & ADDRESS | |
| MARKET USE | 13 Livestock/Feedlot/Dairy |

I (We), the undersigned, hereby order from you the Product described below, to be delivered as shown below. This order is subject to your ability to obtain such Product from the manufacturer and you shall be under no liability if delivery of the Product is delayed or prevented due to labor disturbances, transportation difficulties, or for any reason beyond your control. The price shown below is subject to your receipt of the Product prior to any change in price by the manufacturer. It is also subject to any new or increased taxes imposed upon the sale of the Product after the date of this order.

| QTY | NEW/USED | RENTAL | PRODUCT (Give Model, Size & Description) | Hours of Use | PRODUCT IDENTIFICATION NUMBER | DELIVERED CASH PRICE (Or Total Lease Payments) |
|---|---|---|---|---|---|---|
| 1 | X | | 2010 John Deere GATOR XUV 850D DSL GR&YL Stock # 31859 | 0 | M0XUVDE081139 | $12,000.00 |
| | | | + PowerGard Protection : 36MOS 500HRS | | | $200.00 |
| | | | - DECLINED :LFLMP LFLMP - GATORS | | | |
| | | | | | 1. TOTAL CASH PRICE | $12,200.00 |

I (We) offer to sell, transfer, and convey the following item(s) at or prior to the time of delivery of the above Product, as a "trade-in" to be applied against the cash price. Such item(s) shall be free and clear of all security agreements, liens, and encumbrances at the time of transfer to you. The following is a description and the price to be allowed for each item.

| QTY | DESCRIPTION OF TRADE-IN | PRODUCT IDENTIFICATION NUMBER | AMOUNT |
|---|---|---|---|
| | | 2. TOTAL TRADE-IN ALLOWANCE | $0.00 |

**COMMENTS:**

| | |
|---|---|
| 1. TOTAL CASH-PRICE | $12,200.00 |
| 2. TOTAL TRADE-IN ALLOWANCE | $0.00 |
| 3. TOTAL TRADE-IN PAY-OFF | $0.00 |
| 4. BALANCE | $12,200.00 |
| 5. | |
| 6. | |
| 7. | |
| 8. SUB-TOTAL | $12,200.00 |
| 9. CASH WITH ORDER | $0.00 |
| 10. RENTAL APPLIED | $0.00 |
| 11. CASH DISCOUNT | $0.00 |
| 12. BALANCE DUE | $12,200.00 |

**IMPORTANT WARRANTY NOTICE:** The John Deere warranty applicable to new John Deere products) is printed as an attachment to this document. There is no warranty on used products. The new product warranty is part of this contract. Please read it carefully. YOUR RIGHTS AND REMEDIES PERTAINING TO THIS PURCHASE ARE LIMITED AS SET FORTH IN THE WARRANTY AND THIS CONTRACT. IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS ARE NOT MADE AND ARE EXCLUDED UNLESS SPECIFICALLY PROVIDED IN THE JOHN DEERE WARRANTY.

**DISCLOSURE OF REGULATION APPLICABILITY:** When operated in California, any off-road diesel vehicle may be subject to the California Air Resources Board. In-Use Off-Road Diesel Vehicle Regulation. It therefore could be subject to retrofit or accelerated turnover requirements to reduce emissions of air pollutants.

**ACKNOWLEDGEMENTS** - I (We) promise to pay the balance due (line 11) shown above in cash, or to execute a Time Sale Agreement (Retail Installment Contract), or a Loan Agreement, for the purchase price of the Product, with additional charges shown thereon or execute a Lease Agreement, on or before delivery of the Product ordered herein. Despite physical delivery of the Product, title shall remain in the seller until one of the foregoing is accomplished.

Customer's Signature: _(signed)_
Accepted By: _(signed)_

Customer's Signature: _____
Date Accepted: _____
Salesperson: ELIJAH, ROBERT A

| DELIVERY ACKNOWLEDGEMENT | DELIVERED ON: | WARRANTY BEGINS | SIGNATURE (DEALER): _(signed)_ |

Page 1 of 2

Customer's Initials _____
Date _____

02/03/2011  14:21    4178817673              LARSON FARM & LAWN                    PAGE  03/03
                                                                                   Page 1 of 1

 JOHN DEERE CREDIT 

| Purchase Receipt |
|---|

**LARSON FARM & LAWN, INC.**
4655 E US HIGHWAY 60
ROGERSVILLE, MO 65742-8811
US
(417) 881-2677

**Purchase Transaction**

| Dealer #: ████████ | Invoice #: 21640 |
| Date: May 25, 2010 | Card Type: JDC Revolving Plan |
| Account #: ************1243 | |
| Account Name: EASTERN LIVESTOCK CO., LLC | |
| Authorization #: 768152 | PO #: |
| Model #: 850D | Serial #: M0XUVDE081138 |
| DBC: 00088 GATOR CROSSOVER XUV | |
| Credit Plan #: 03778 - 0% FOR 36 MONTHS, UPON DEFAULT A HIGHER RATE WILL APPLY | |
| Amount: $12,200.00 | |

**Repayment Terms**

Payment will be based on the percentage of the amount financed indicated and is required for the full length of the term. Upon default, higher rate will apply.

**Account Terms and Conditions**

This purchase is subject to the terms of the issuer's credit agreement. I grant the issuer a purchase money security interest, except as limited in that agreement, in the goods described.

Buyer's Signature X _____

Thank you for using JDC Revolving Plan.

——— Merchant Copy ———

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by first class United States mail, postage prepaid, or electronically, this 16th day of February, 2011, upon the persons in the attached.

/s/ Karen L. Lobring
Karen L. Lobring

- David L. Abt davidabt@mwt.net
- John W Ames jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- T. Kent Barber kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- C. R. Bowles crb@gdm.com, shm@gdm.com;lgw@gdm.com
- James M. Carr james.carr@bakerd.com, sarah.herendeen@bakerd.com;patricia.moffit@bakerd.com
- John R. Carr jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com
- Bret S. Clement bclement@acs-law.com, sfinnerty@acs-law.com
- Jesse Cook-Dubin jcookdubin@vorys.com, vdarmstrong@vorys.com
- Kirk Crutcher kcrutcher@mcs-law.com
- Dustin R. DeNeal dustin.deneal@bakerd.com, sarah.herendeen@bakerd.com;patricia.moffit@bakerd.com
- Laura Day DelCotto ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Robert Hughes Foree robertforee@bellsouth.net
- Terry E. Hall terry.hall@bakerd.com, sarah.herendeen@bakerd.com;sharon.korn@bakerd.com
- John Huffaker john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- James Bryan Johnston bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston tjohnston@mcjllp.com
- Edward M King tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer jak@kgrlaw.com, hns@kgrlaw.com
- Theodore A Konstantinopoulos ndohbky@jbandr.com
- Randall D. LaTour rdlatour@vorys.com, khedwards@vorys.com
- David L. LeBas dlebas@namanhowell.com, koswald@namanhowell.com
- Kim Martin Lewis kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
- John Hunt Lovell john@lovell-law.net, sabrina@lovell-law.net
- John Frederick Massouh john.massouh@sprouselaw.com
- Kelly Greene McConnell lisahughes@givenspursley.com
- William Robert Meyer rmeyer@stites.com
- Allen Morris amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern

- wsnewbern@msn.com
- Matthew J. Ochs
  matt.ochs@moyewhite.com,
  kim.maynes@moyewhite.com
- Ross A. Plourde
  ross.plourde@mcafeetaft.com,
  erin.clogston@mcafeetaft.com
- Timothy T. Pridmore
  tpridmore@mcjllp.com,
  lskibell@mcjllp.com
- Jeffrey E. Ramsey
  jramsey@hopperblackwell.com,
  mhaught@hopperblackwell.com
- Mark A. Robinson
  mrobinson@vhrlaw.com,
  dalbers@vhrlaw.com
- Jeremy S Rogers
  Jeremy.Rogers@dinslaw.com,
  joyce.jenkins@dinslaw.com
- Ivana B. Shallcross
  ibs@gdm.com
- Robert K Stanley
  robert.stanley@bakerd.com
- Meredith R. Thomas
  mthomas@daleeke.com,
  kmark@daleeke.com
- John M. Thompson
  john.thompson@crowedunlevy.com,
  jody.moore@crowedunlevy.com,
  donna.hinkle@crowedunlevy.com
- U.S. Trustee
  ustpregion10.in.ecf@usdoj.gov
- Stephen A. Weigand
  sweigand@ficlaw.com
- Charles R. Wharton
  Charles.R.Wharton@usdoj.gov,
  Charles.R.Wharton@usdoj.gov
- Jessica E. Yates
  jyates@swlaw.com,
  edufficy@swlaw.com
- James T. Young james@rubin-levin.net, marie@rubin-levin.net;ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

Kentucky Cattlemen's Association
,

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610