UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Case No. 10-93904-BHL-11 |
| | )         (Involuntary) |
| Debtor. | ) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
ABANDONMENT OF PROPERTY FROM THE BANKRUPTCY ESTATE**

Deere & Company ("Deere") by counsel, hereby moves the Court, pursuant to 11 U.S.C. § 362 for an Order granting Deere relief from the automatic stay as it pertains to the Equipment (as that terms is defined herein) ("Motion for Relief") and abandonment of the Equipment from the Debtor's Bankruptcy Estate. In support of this Motion for Relief, Deere states as follows:

1.  On December 6, 2010, an Involuntary Petition was filed against Eastern Livestock Co., Inc. (the "Debtor"). On December 27, 2010, the Court entered an Order appointing James Knauer as the Chapter 11 Trustee.

2.  This Court has jurisdiction to hear and decide this Motion for Relief pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.  On July 27, 2009, the Debtor and Deere entered into a Loan Contract-Security Agreement (the "Contract") wherein Deere financed the Debtor's purchase of a John Deere 320 Ski Steer, Identification No. ending: 157740 (the "Equipment"), which financing was in the principal sum of Twenty Thousand Seven Hundred Eighty Two Dollars ($20,782.00). A true and complete copy of the Contract is attached hereto and incorporated herein by reference as Exhibit "1".

1

4.	The Contract grants Deere a purchase money security interest in the Equipment, which interest Deere perfected by the timely filing of a UCC-1 Financing Statement. A true and complete copy of the UCC-1 Financing Statement is attached hereto, and incorporated herein, as Exhibit "2".

5.	The Contract requires the Debtor to make monthly payments to Deere. As of the Petition Date, the Debtor is in default in its payments to Deere in the amount of not less than $1,512.48.

6.	As of the Petition Date, the outstanding balance owed under the Contract is not less than $13,388.08 (exclusive of accrued interest, late charges, and attorneys fees).

7.	On information and belief, the value of the Equipment is completely encumbered by the liens of Deere.

8.	Deere has not received a payment under the Contract since November of 2010.

9.	Adequate cause exists for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

10.	Grounds exist for abandonment of the Equipment from the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 554.

WHEREFORE, Deere prays that the automatic stay be terminated with respect to the Equipment so Deere can proceed to realize on its secured claim to the Equipment the same as if the above-captioned Chapter 11 had not been commenced. Deere further prays for such additional relief as the Court deems just and proper.

                                    Respectfully Submitted,

                                    /s/ Karen L. Lobring
                                    Karen L. Lobring   (#19226-49)
                                    Lobring & Associates, L.L.P.
                                    5977 West State Road 252
                                    Edinburgh, IN  46124
                                    Telephone:  (812)587-0010
                                    Facsimile:   (812)587-0027
                                    E-mail:       Lobring@msn.com

                                    Attorneys for Deere & Company



Application ID: 10816600
Version Number: 3
**FIXED RATE CONTRACT**
AG/C&CE Business or Commercial Use

## LOAN CONTRACT - SECURITY AGREEMENT
Contract Begin Date: 07/27/2009

| SELLER'S NAME AND ADDRESS | DEALER NUMBER | PHONE NUMBER |
|---|---|---|
| LARSON FARM & LAWN, INC.<br>4655 E HWY 60<br>ROGERSVILLE, MO 65742 | 05-4626 | 417-881-2677 |

| BORROWER'S NAME AND PHYSICAL ADDRESS | BORROWER'S SOC. SEC. NUMBER | BORROWER'S PHONE NO. | TYPE OF BUSINESS |
|---|---|---|---|
| EASTERN LIVESTOCK COMPANY L.L.C.<br>811 A FR. 55<br>BOIS D'ARC, MO 65612 | | | Limited Liability Company |
| BORROWER AGREES TO KEEP GOODS IN (County/State)<br>GREENE, MO | | BORROWER AGREES TO KEEP GOODS IN (County/State)<br>GREENE, MO | |
| NAME AND TITLE OF SIGNING OFFICER<br>THOMAS P GIBSON - Chief Executive Officer | | | |

| CO-BORROWER'S NAME AND ADDRESS | CO-BORROWER'S SOC. SEC. NUMBER | CO-BORROWER'S PHONE NO. | TYPE OF BUSINESS |
|---|---|---|---|
| THOMAS P GIBSON<br>135 W MARKET ST<br>NEW ALBANY, IN 47150-3561 | | | |

**1. Parties.** This Loan Contract-Security Agreement ("Contract") is entered into between Deere & Company ("we", "us" or "our") and the borrower(s) indicated above ("you" or "your"). If more than one borrower is indicated, each borrower shall be jointly and severally liable for all of the obligations under this Contract.

**2. Loan.** You hereby apply for a loan in the Amount Financed shown below, which, if accepted by us, the loan will be (a) subject to the terms and conditions set forth in this Contract, and (b) used to finance the balance due on the purchase from the Seller of the equipment and/or services described below (the "Equipment"). All attachments and accessories itemized on this Contract and all replacements, parts and repairs to the Equipment shall form part of the Equipment.

**3. Installment Payments.** In addition to any down payment, you agree to pay us the Amount Financed, together with finance charges from the Date Finance Charge Begins, at the Annual Percentage Rate, by remitting each of the Installment Payments on or before the due dates indicated. Any amounts applied to this Contract will be applied first to any late charges, any charges for dishonored checks and any other fees or costs due under this agreement, then to finance charges, computed on the date the payment is received and the remainder to the Amount Financed. You agree that your payments will be applied as of the date of receipt if received by 11:00 a.m. Central Time Monday through Friday (otherwise next business day); but if payment is not accompanied by the payment stub, is not in the envelope we provided, includes other items such as other checks, staples or paper clips, or is not received at that location, credit may be delayed up to five days. This Contract is not accepted by us until we sign it, even if you have made a payment to us. You agree to remit to us the Installment Payments and all other amounts when due and payable each Billing Period, even if we do not send you a bill or an invoice. YOUR PAYMENT OBLIGATIONS ARE ABSOLUTE AND UNCONDITIONAL, AND ARE NOT SUBJECT TO CANCELLATION, REDUCTION OR SETOFF FOR ANY REASON WHATSOEVER. For any scheduled payment which is not received by its due date, you agree to pay us interest on the unpaid amount at a rate of 20% per annum on that scheduled payment, but in no event more than the maximum lawful rate, from the due date until paid. Restrictive endorsements on checks you send to us will not change or reduce your obligations to us. We will not lose any rights if we accept late or partial payments or delay enforcing our rights under this Contract. If a check or electronic payment authorization you give us is dishonored upon first presentment, you agree to pay us a fee of $25.00, or the maximum amount permitted by law, whichever is less. Installment Payments and other payments, including proceeds of insurance or any sale of the Equipment, may be applied, at our discretion and in spite of any instructions you may provide, to any obligation you may have to us or any of our affiliates. If the total of all payments made by you exceeds the total of all amounts due under this Contract by less than $25.00, we may retain such excess.

| EQUIPMENT PURCHASED | | | | | |
|---|---|---|---|---|---|
| QTY. | NEW/USED | MFR. | MODEL | EQUIPMENT DESCRIPTION | AMOUNT |
| 1 | NEW | JD | 320 | 320 Skid Steer Loader | $24,000.00 |
| PRODUCT ID NO. T00320A157749 | | | | | |

RECEIVED AUG 0 3 2009



DEERE & CO.
TPG

DOC3015  7/27/2009  Settlement Nbr: 10816600  Equipment Type: Agriculture Agricultural
Application ID: 10816600  Version Number: 3
Page 1 of 5

Request Date: May 2008

Exhibit "1"

### TRADE-IN and CASH DOWN PAYMENT

| QTY. | MFR. | MODEL | DESCRIPTION OF TRADE-IN (From Purchase Order) | PRODUCT ID NO. | AMOUNT |
|---|---|---|---|---|---|
| 1 | KNT | 4250 | MIXER<br>Allowance: $3,500.00  Payoff Amount: $0.00<br>Lien Holder:<br>Payoff Account:<br>Phone Number: | | $3,500.00 |
| 1 | CTH | 255 | TRACTOR<br>Allowance: $2,000.00  Payoff Amount: $0.00<br>Lien Holder:<br>Payoff Account:<br>Phone Number: | | $2,000.00 |
| 1 | DOUGL | 5FT | ROLLER<br>Allowance: $250.00  Payoff Amount: $0.00<br>Lien Holder:<br>Payoff Account:<br>Phone Number: | | $250.00 |
| 1 | DAVIS | DUMP | TRAILER<br>Allowance: $250.00  Payoff Amount: $0.00<br>Lien Holder:<br>Payoff Account:<br>Phone Number: | | $250.00 |
| | | | | TOTAL TRADE-IN: | $6,000.00 |
| | | | | CASH DOWN PAYMENT: | $0.00 |
| | | | | RENTAL APPLIED: | $0.00 |
| | | | | TOTAL TRADE-IN PLUS CASH DOWN: | $6,000.00 |

### INSTALLMENT PAYMENTS

DATE FINANCE CHARGE BEGINS: July 27, 2009

The first Installment Payment Due Date is August 27, 2009 and each successive Installment Payment is due on the same day of the Month thereafter, (the "Billing Period"), unless otherwise provided below:

| NUMBER OF PAYMENTS | AMOUNT OF EACH PAYMENT | DUE DATE |
|---|---|---|
| 41 | $494.80 | August 27, 2009 |
| 1 | $496.20 | January 27, 2013 |

The amounts shown below as Finance Charge, Total of Payments and Total Sale Price are estimates based upon the assumption that payments will be made on the scheduled payment due date according to the installment schedule. The actual Finance Charge, Total of Payments, and Total Sale Price may vary depending upon the early or late payment of scheduled installments.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| SALES TAX (Paid to Govt. Agencies) | | $0.00 |
| CASH PRICE (Including Tax) | 1 | $26,000.00 |
| TOTAL DOWN PAYMENT (Sum of Trade-In & Cash Down Payment) | 2 | $6,000.00 |
| UNPAID BALANCE OF CASH PRICE (The amount credited to your account with us) | 3 | $20,000.00 |
| INSURANCE (Physical Coverage Paid to Insurance Companies) | 4 | $601.90 |
| ORIGINATION FEES | 4A | $175.00 |
| OFFICIAL FEES (Paid to Public Officials) | 5 | $0.00 |
| AMOUNT FINANCED (Lines 3, 4, 4A, 5 & 5A (If Applicable )) The amount of credit provided to you. | 6 | $20,782.00 |
| FINANCE CHARGE (Based on Line 6) The dollar amount the credit will cost you. | 7 | $0.00 |
| TOTAL OF PAYMENTS (Lines 6 & 7) The amount you will have paid after you have made all of the Installment Payments as scheduled. | 8 | $20,782.00 |
| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | | 0.00% |
| TOTAL SALE PRICE (Lines 1, 4, 4A, 5, 5A (If Applicable), & 7) The total price of your purchase on credit, including the Total Down Payment of $6,000.00. | | $26,782.00 |

**4. Prepayment.** You may prepay your obligations under this Contract in full at any time by paying the unpaid principal balance, any earned and unpaid finance charges. The unpaid principal balance includes any origination fee.

**5. Security Interest; Missing Information.** You grant us a security interest in the Equipment (and all proceeds thereof) to secure all of your obligations under this Contract and any other obligations which you may have to us or any of our affiliates or assignees, now or in the future and you agree that any security interest you previously granted to us or our affiliates shall also secure your obligations under this Contract. Upon receipt of all amounts due and to become due under this Contract, we will release our security interest in the Equipment provided no event of default has occurred and is continuing. You agree to keep the Equipment free and clear of all liens and encumbrances, except those in our favor, and promptly notify us if a lien or encumbrance is placed or threatened against the Equipment. You irrevocably authorize us, at any time, to (a) insert or correct information on this Contract, including your correct legal name, serial numbers and Equipment descriptions; (b) submit notices and proofs of loss for any required insurance; (c) endorse your name on remittances for insurance and Equipment sale or lease proceeds; and (d) file a financing statement(s) which describes either the Equipment or all equipment currently or in the future financed by us. You irrevocably authorize anyone in possession of information regarding the location, maintenance, operation and condition of the Equipment to provide all of that information to us upon our request.



DOC3015  7/27/2009  Settlement Nbr: 10816600  Equipment Type: Agriculture Agricultural
Revision Date: May 2009  Application ID: 10816600  Version Number: 3
Page 2 of 5

6. **Equipment Maintenance, Operation and Use.** You agree to (a) USE THE EQUIPMENT ONLY FOR AGRICULTURAL, BUSINESS OR COMMERCIAL PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES; (b) operate and maintain the Equipment in accordance with all (1) applicable laws, ordinances and regulations, (2) manuals and other instructions issued by the manufacturer(s) and supplier(s), and (3) insurance policy terms and requirements; (c) perform (at your expense) all maintenance and repairs necessary to keep the Equipment in as good a condition as when delivered to you, reasonable wear excepted; (d) allow us and our agent(s) to inspect the Equipment and all of your records related to its use, maintenance and repair, at any reasonable time; and (e) not permit the Equipment to be used by, or to be in the possession of, anyone other than you or your employees.

7. **Insurance.** You agree, at your cost, to maintain all-risk insurance coverage with respect to the Equipment for no less than its full replacement value, naming us (and our successor and assigns) as sole loss payee. You may choose who provides that insurance, but that insurance must be with companies and policies acceptable to us. Your obligation to insure the Equipment continues until all your other obligations under this Contract are satisfied. Each insurance policy must provide that (1) our interest in the policy will not be invalidated by any act, omission, breach or neglect of anyone other than us; (2) the insurer will give us at least 30 days' prior written notice before any cancellation of, non-renewal of, or material change to, the policy; and (3) such coverage shall be primary over any insurance purchased by us (or our subsidiaries).

Unless you provide us with evidence of the required insurance coverage's, we may, but are not required to, purchase insurance, at your expense, to protect our interests in the Equipment and charge you an insurance fee on which we may make a profit. This insurance may not (1) protect your interests; or (2) pay any claim that you make or any claim that is made against you in connection with the Equipment. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained the insurance required by this Contract. THE COST OF THE INSURANCE MAY BE MORE THAN THE COST OF THE INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. THE COVERAGES OF THAT INSURANCE MAY BE DIFFERENT FROM THE COVERAGES OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN. You agree to pay us the cost of any insurance plus a $150 insurance placement and service fee. You will immediately pay that amount to us or we may, at our sole discretion, add that cost to the Account Balance and increase the required Installment Payments accordingly.

If a default occurs, you authorize us to cancel the insurance on the Equipment and apply any returned premiums to the Account Balance.

If the cost of the insurance was included in the Amount Financed, that insurance will terminate (a) if your debt to us is discharged, (b) if we release our security interest in the Equipment, (c) if a default occurs and we cancel the insurance, (d) if the Equipment is repossessed, (e) if the Floater Policy under which you purchased that insurance terminates, or (f) on the due date of the final scheduled Installment Payment.

8. **Loss or Damage.** Until all of your obligations under this Contract are satisfied, you are responsible for all risk of loss and damage, loss, theft, destruction or seizure of the Equipment (an "Event of Loss"). You must promptly notify us of any Event of Loss. If the Equipment can be repaired or replaced, you agree to promptly repair or replace the Equipment, at your cost, and the terms of this Contract will continue to apply. If the Equipment cannot be repaired or replaced, you agree to immediately pay us the Account Balance. Upon receipt of the Account Balance, we will release our security interest in the Equipment. All insurance proceeds must be paid directly to us, and we may apply any excess insurance proceeds to any other amounts you owe us or any of our affiliates.

9. **Default.** We may determine you to be in default if: (a) you fail to remit to us any Installment Payment or other payment when due; (b) you breach any other provision of this Contract; (c) you remove any Equipment from the United States; (d) a petition is filed by or against you or any guarantor under any bankruptcy, attachment, execution or insolvency law or you or any such guarantor make an assignment for the benefit of creditors; (e) a default occurs under any other agreement between you (or any of your affiliates) and us (or any of our affiliates); (f) you or any guarantor merges with or consolidates into another entity, sells substantially all its assets, dissolves or terminates its existence, or (if an individual) dies or becomes incompetent; (g) you fail to maintain the insurance required by this Contract; or (h) if for any reason, we deem the debt or the Equipment to be insecure. Time is of the essence under this Contract.

10. **Remedies.** If we determine that you are in default, we may do one or more of the following: (a) recover from you, AS LIQUIDATED DAMAGES FOR LOSS OF BARGAIN AND NOT AS A PENALTY, the Account Balance as of the date of such default, without presentment or demand; (b) declare any other agreements between you and us in default; (c) terminate any of your rights (but none of your obligations) under this Contract and any other agreement between you and us (or any of our affiliates); (d) require you to deliver the Equipment to us in the manner outlined below, or take possession of the Equipment; (e) lease or sell the Equipment or any portion thereof at a public or private sale; (f) apply the net proceeds we receive from any sale, lease or other disposition of the Equipment (after deducting all of our costs and expenses) to your obligations under this Contract, with you remaining liable for any deficiency; (g) require you to reimburse and indemnify us for all losses, claims, damages and expenses of any kind or nature whatsoever incurred in connection with the Equipment or this Contract and/or the enforcement of our remedies hereunder including, without limitation, repossession, repair and collection costs, damage awards, attorneys' fees and court and bankruptcy fees and costs; (h) exercise any other remedy available at law or in equity; and (i) take on your behalf (at your expense) any action required by this Contract which you fail to take. These remedies are cumulative, are in addition to any other remedies provided for by law, and may be exercised concurrently or separately. Any failure or delay by us to exercise any right shall not operate as a waiver of any other right or future right. In no event will the costs and expenses referred to in this section be more than those allowed by law.

If we determine that you are in default, all Equipment must be delivered to the place designated by us, at your expense and in satisfactory condition, along with all use, maintenance and repair records. Equipment is in satisfactory condition if it is in as good a condition as when the Equipment was delivered to you, reasonable wear excepted, as determined by us in our sole discretion.

| DOC3015 | 7/27/2009 | Settlement No. 10916600 | Equipment Type: Agriculture Agricultural | | |
|---|---|---|---|---|---|
| Revision Date: May 2009 | | | Application ID: 10916609 Version Number: 3 |  | Page 3 of 5 |

11. **Assignment.** You will not assign, pledge or otherwise transfer any of your rights or interests in this Contract or any Equipment without our prior written consent. Any assignment without our consent will be void. We may assign this Contract or our interest in the Equipment at any time without notice to you and without your consent. We may provide information about you to any prospective assignee or participant. You agree not to assert against our assignee any claims, offsets or defenses which you may have against us.

12. **Representations and Warranties.** You represent, warrant and covenant to us so long as this Contract is in effect, that: (a) you will not change your name without giving us at least 30 days' prior written notice; (b) each document you sign and deliver to us is duly authorized, executed and delivered by you, and is your valid, legal and binding agreement, enforceable in accordance with its terms; (c) the execution, delivery and performance by you of this Contract does not (and will not) violate any applicable law or breach any order of court or other governmental agency, or of any undertaking you are a party to or by which you or any of your properties are bound; (d) you will comply with all applicable laws, ordinances and regulations; (e) upon execution of this Contract, the Seller shall have good and marketable title to any trade-in equipment free and clear of all liens and encumbrances whatsoever, (f) all information you have given to us is true, accurate and complete; (g) since the date of the most recent financial information given to us, no material adverse change in your business, assets, or prospects has occurred; (h) you will promptly deliver to us such financial statements, reports and other information as we may request; (i) the Equipment was selected by you; (j) the Equipment (including all manufacturer manuals and instructions) has been delivered to, and examined by, you; (k) the safe operation and the proper servicing of the Equipment were explained to you; (l) you received the written warranty applicable to the Equipment and understand that your rights under the written warranty may be limited; (m) the Equipment is unconditionally and irrevocably accepted by you as being suitable for its intended use; (n) the Equipment is in good condition and repair (operating and otherwise); (o) the Equipment shall be used only for the purpose indicated herein, will remain in your possession and will not be sold, rented or leased; and (p) you will pay all taxes assessed on the Equipment.

Unless you are an individual, you also represent, warrant and covenant to us that: (a) you are and will remain duly organized, validly existing and in good standing under the laws of your jurisdiction of organization; (b) you are qualified to do business under the laws of all other jurisdictions where qualification is required or advisable; (c) you will not change your jurisdiction of organization or organization type without at least 30 days' prior written notice to us; and (d) the execution, delivery and performance by you of this Contract will not breach any provision of your organizational documents.

If you are an individual, you agree not to move your residence to a different county or state without at least 30 days' prior written notice to us.

13. **Governing Law; Jurisdiction; Venue.** THIS CONTRACT WILL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF IOWA, WHERE THIS CONTRACT IS ACCEPTED AND ENTERED INTO, except for its conflict of laws provisions. You irrevocably submit to the non-exclusive jurisdiction and venue of federal and state courts located in Des Moines, Iowa and will not claim it is an inconvenient forum for legal action. YOU AND WE IRREVOCABLY WAIVE ANY RIGHT YOU AND WE MAY HAVE TO A JURY TRIAL. However, you acknowledge that any Iowa state law compulsory mediation requirements will apply to this agreement or the Equipment only if you are a resident of the State of Iowa.

14. **Miscellaneous.** WE HAVE NOT MADE, AND DO NOT MAKE, ANY REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, AS TO THE EQUIPMENT'S MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, SUITABILITY, OR OTHERWISE. WE ARE NOT LIABLE FOR CONSEQUENTIAL OR SPECIAL DAMAGES. You acknowledge that the Seller of the Equipment is not an agent of ours, or authorized to act for or bind us. You agree not to withhold any amount you owe us if you believe you have a claim against us, the Seller or any manufacturer(s) of the Equipment, but to pursue that claim independently. Any claim you have against us must be made within two years after the event that caused it. All notices must be in writing and will be deemed given 5 days after mailing to the intended recipient at its address indicated above, unless changed by a notice given in accordance with this Section. This Contract supersedes and replaces all prior understandings and communications (oral or written) concerning the subject matter thereof. No part of this Contract can be amended, waived or terminated except by a writing signed by both you and us. This Contract may be signed in separate counterparts that, together, will constitute one document. A paper or facsimile transmission copy of your signature or an electronic signature shall constitute an original signature under applicable law for all purposes. If a court finds any part of this Contract to be invalid or unenforceable, the remainder of this Contract will remain in effect. You permit us to monitor and record telephone conversations between you and us. You agree that by providing us any telephone number, including a mobile phone number, we and any debt collector we retain can contact you using that number, including calls using an automatic dialing and announcing device and prerecorded calls. All of our rights shall remain in effect after the expiration or termination of this Contract.

You and we intend to comply with all applicable laws. In no event will we charge or collect any amounts in excess of those allowed by applicable law. In the event any amount in excess of that allowed by law is charged or recovered, any such charge will be deemed limited by the amount legally allowed and any amount received by us in excess of that legally allowed will be applied by us to the payment of amounts legally allowed under this Contract, or refunded to you.

**PHYSICAL DAMAGE INSURANCE REQUIRED:** If you elect Physical Damage Insurance below, such insurance does not include liability insurance coverage for bodily injury or property damage caused to others.

| INSURANCE DISCLOSURES: You may obtain property insurance from any agent that is acceptable to us. Physical Damage Insurance will not be provided unless you sign at the right and the premium is indicated. | TERM IN MONTHS | TOTAL PREMIUM | By signing below, you want Physical Damage Insurance and agree to pay the premium. (Sign in the box) |
|---|---|---|---|
| | 42 | $601.80 | |

THE TERMS OF THIS CONTRACT SHOULD BE READ CAREFULLY BEFORE SIGNING BECAUSE ONLY THESE WRITTEN TERMS ARE ENFORCEABLE. NO OTHER TERMS OR ORAL PROMISES MAY BE LEGALLY ENFORCED. BY SIGNING THIS CONTRACT, YOU AGREE TO THE TERMS ON ALL PAGES. THIS CONTRACT IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN YOU AND US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

I agree that I have received a completely filled in copy of this Agreement.

EASTERN LIVESTOCK COMPANY, L.L.C.

By: _____ 7/28/09
THOMAS P GIBSON Chief Executive Officer    (DATE SIGNED)

X _____ 7/28/09
THOMAS P GIBSON Individually    (DATE SIGNED)

DATE AGREEMENT SIGNED: _____
Accepted By: DEERE & COMPANY (Lender)
6400 NW 86th Street, Johnston, IA 50131-6600

By: _____
(AUTHORIZED SIGNATURE)

AUG 03 2009



| DOC3015 | 7/27/2009 | Settlement Nbr: 10816500 | Equipment Type: Agriculture Agricultural | | Page 5 of 5 |
|---|---|---|---|---|---|
| Revision Date: May 2009 | | | Application ID: 10816500   Version Number: 3 | | |

# UCC FINANCING STATEMENT

**NAME OF CONTACT AT FILER**
MICHELLE CUBIT

Indiana Secretary of State
200900006274383
Aug 4 2009 12:04PM

**EMAIL ADDRESS**
CUBITMICHELLE@JOHNDEERE.COM

## DEBTOR'S EXACT FULL LEGAL NAME

**ORGANIZATION'S NAME**
EASTERN LIVESTOCK CO., LLC

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 811 A FR 35 | BOIS D'ARC | IN | 65612 | USA |

| TYPE OF ORGANIZATION | JURISDICTION OF ORGANIZATION | ORGANIZATION ID # |
|---|---|---|
| LLC | IN | 2001071000771 |

## DEBTOR'S EXACT FULL LEGAL NAME

| INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| GIBSON | THOMAS | P | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 135 W MARKET ST | NEW ALBANY | IN | 47150 | USA |

## SECURED PARTY'S NAME

**ORGANIZATION'S NAME**
DEERE & COMPANY

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 6400 NW 86TH STREET | JOHNSTON | IA | 50131 | |

## THIS FINANCING STATEMENT covers the following collateral:

JOHN DEERE  320 SKID STEER LOADER 157740

TOGETHER WITH (1) ALL ATTACHMENTS, ACCESSORIES AND COMPONENTS, REPAIRS AND IMPROVEMENTS, (2) ALL ACCOUNTS, GENERAL INTANGIBLES, CONTRACT RIGHTS AND CHATTEL PAPER RELATING THERETO, AND (3) ALL PROCEEDS, THERETO INCLUDING, WITHOUT LIMITATION, INSURANCE, SALE, LEASE AND RENTAL PROCEEDS, AND PROCEEDS OF PROCEEDS.

**Additional Filer Reference**
1486756

Exhibit "2"

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served by first class United States mail, postage prepaid, or electronically, this 16th day of February, 2011, upon the persons in the attached.

    /s/ Karen L. Lobring
    Karen L. Lobring

- David L. Abt davidabt@mwt.net
- John W Ames jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- T. Kent Barber kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- C. R. Bowles crb@gdm.com, shm@gdm.com;lgw@gdm.com
- James M. Carr james.carr@bakerd.com, sarah.herendeen@bakerd.com;patricia.moffit@bakerd.com
- John R. Carr jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com
- Bret S. Clement bclement@acs-law.com, sfinnerty@acs-law.com
- Jesse Cook-Dubin jcookdubin@vorys.com, vdarmstrong@vorys.com
- Kirk Crutcher kcrutcher@mcs-law.com
- Dustin R. DeNeal dustin.deneal@bakerd.com, sarah.herendeen@bakerd.com;patricia.moffit@bakerd.com
- Laura Day DelCotto ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Robert Hughes Foree robertforee@bellsouth.net
- Terry E. Hall terry.hall@bakerd.com, sarah.herendeen@bakerd.com;sharon.korn@bakerd.com
- John Huffaker john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- James Bryan Johnston bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston tjohnston@mcjllp.com
- Edward M King tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer jak@kgrlaw.com, hns@kgrlaw.com
- Theodore A Konstantinopoulos ndohbky@jbandr.com
- Randall D. LaTour rdlatour@vorys.com, khedwards@vorys.com
- David L. LeBas dlebas@namanhowell.com, koswald@namanhowell.com
- Kim Martin Lewis kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
- John Hunt Lovell john@lovell-law.net, sabrina@lovell-law.net
- John Frederick Massouh john.massouh@sprouselaw.com
- Kelly Greene McConnell lisahughes@givenspursley.com
- William Robert Meyer rmeyer@stites.com
- Allen Morris amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern

- wsnewbern@msn.com
- Matthew J. Ochs
  matt.ochs@moyewhite.com,
  kim.maynes@moyewhite.com
- Ross A. Plourde
  ross.plourde@mcafeetaft.com,
  erin.clogston@mcafeetaft.com
- Timothy T. Pridmore
  tpridmore@mcjllp.com,
  lskibell@mcjllp.com
- Jeffrey E. Ramsey
  jramsey@hopperblackwell.com,
  mhaught@hopperblackwell.com
- Mark A. Robinson
  mrobinson@vhrlaw.com,
  dalbers@vhrlaw.com
- Jeremy S Rogers
  Jeremy.Rogers@dinslaw.com,
  joyce.jenkins@dinslaw.com
- Ivana B. Shallcross
  ibs@gdm.com
- Robert K Stanley
  robert.stanley@bakerd.com
- Meredith R. Thomas
  mthomas@daleeke.com,
  kmark@daleeke.com
- John M. Thompson
  john.thompson@crowedunlevy.com,
  jody.moore@crowedunlevy.com,
  donna.hinkle@crowedunlevy.com
- U.S. Trustee
  ustpregion10.in.ecf@usdoj.gov
- Stephen A. Weigand
  sweigand@ficlaw.com
- Charles R. Wharton
  Charles.R.Wharton@usdoj.gov,
  Charles.R.Wharton@usdoj.gov
- Jessica E. Yates
  jyates@swlaw.com,
  edufficy@swlaw.com
- James T. Young james@rubin-levin.net, marie@rubin-levin.net;ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

Kentucky Cattlemen's Association
,

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610