UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(c) AUTHORIZING THE RETENTION OF THE BMC GROUP, INC. AS NOTICE AND CLAIMS AGENT FOR THE TRUSTEE**

James A. Knauer, as chapter 11 trustee for the Debtor, Eastern Livestock Co., LLC ("Trustee"), by counsel, hereby files this *Application For Order Under 28 U.S.C. § 156(c) Authorizing The Retention Of The BMC Group, Inc. As Notice And Claims Agent For The Trustee* ("Application").

**Summary of Relief Requested**

1.  By this Application, the Trustee requests that this Court enter an order under 28 U.S.C. § 156(c) and Local Rule B-1007-2 appointing The BMC Group, Inc. ("BMC") as his claims agent in this chapter 11 case pursuant to the Agreement For Services attached hereto as Exhibit A ("Engagement Agreement").

**Jurisdiction**

2.  Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").  This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] ("Order for Relief") on December 28, 2010.

BDDB01 6570502v2

2

3. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102] ("Trustee Order"), approving the United States Trustee's *Notice Of Appointment And Application For Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief sought herein are §§ 105(a) and 521 of the Bankruptcy Code and Local Rule B-1007-2.

## Background

6. The Debtor is one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. Debtor generated revenue through the purchase and sale of cattle at auctions throughout the country, both on its own behalf and as broker for others. Additional background information on the Debtor may be found in the pleadings filed by the initial petitioning creditors in this Chapter 11 Case.

## Relief Requested and Applicable Authority

7. The Debtor has over 1,400 creditors. The numerous creditors and other parties in interest involved in the Debtor's Chapter 11 Case may impose heavy administrative and other burdens on the Court and the Office of the Clerk of the Court ("Clerk's Office"). As required by Local Rule B-1007-2 and the Administrative Procedures for Electronic Filing, the Trustee proposes to engage BMC as his claims agent in this Chapter 11 Case.

8. BMC is one of the country's premier Chapter 11 administrators with experience in claims processing and claims reconciliation. BMC has substantial experience in the

matters upon which it is to be engaged and has acted as the official notice and claims agent in many large bankruptcy cases filed in this and other districts.  See, e.g., In re ATA Holdings Corp., No. 04-19866 (BHL) (Bankr. S.D. Ind. Oct. 29, 2004); In re American Commercial Lines LLC, No. 03-90305 (BHL) (Bankr. S.D. Ind. Feb. 26, 2003); In re Conseco, Inc., No. 02-B-49672 (CAD) (Bankr. N.D. Ill. Jan. 14, 2003).  In re Jennifer Convertibles, Inc., Case No. 10-13779 (ALG) (Bankr. S.D.N.Y. July 22, 2010); In re Fairpoint Commc'ns Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Oct. 27, 2009); In re Metaldyne Corp., Case No. 09-13412 (MG) (Bankr. S.D.N.Y. May 29, 2009); In re Ziff Davis Media Inc., Case No. 08-10768 (BRL) (Bankr. S.D.N.Y Mar. 10, 2008); see also, e.g., In re NV Broadcasting, LLC, Case No. 09-12473 (KG) (Bankr. D. Del. July 15, 2009)

        9.      By appointing BMC as the claims agent in this Chapter 11 Case, the Debtor's bankruptcy estate and particularly the creditors will benefit from BMC's significant experience in acting as a claims agent in other cases and the efficient and cost-effective methods that BMC has developed.

        10.     BMC is fully equipped to handle the volume involved in properly processing the claims of creditors and other interested parties in this Chapter 11 Case.  BMC will follow the claim procedures that conform to the guidelines promulgated by the Clerk of the Bankruptcy Court and the Judicial Conference and as may be entered by order of this Court.

        11.     BMC at the request of the Trustee or the Clerk's Office, will provide various services as the claims agent, including, without limitation, the following services:

        a.  receive and record original proofs of claim filed;

        b.  reconcile and resolve claims, as requested;

        c.  create and maintain official claims registers, including, among other things, the following information for each proof of claim or proof of interest:

3

      i. the name and address of the claimant and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

      ii the date received;

      iii. the claim number assigned; and

      iv. the asserted amount and classification of the claim;

d. implement necessary security measures to ensure the completeness and integrity of the claims registers;

e. transmit to the Clerk's Office a copy of the claims registers upon request and at agreed upon intervals;

f. maintain an up-to-date mailing list for all entities that have filed a proof of claim or proof of interest, which list shall be available upon request of a party in interest or the Clerk's Office;

g. provide access to the public for examination of copies of the proofs of claim or interest without charge during regular business hours;

h. record all transfers of claims pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") Bankruptcy Rule 3001(e) and provide notice of such transfers as required by Bankruptcy Rule 3001(e);

i. comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders and other requirements;

j. promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

k. perform such other administrative and support services as the Debtor's or the Clerk's Office may request.

### Disinterestedness

12. To the best of the Trustee's knowledge, BMC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the Debtor and its bankruptcy estate for the matters for which BMC is to be employed.

13. BMC will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new facts or relationships are discovered, BMC will supplement its disclosure to the Court.

14. In connection with its appointment as claims agent, BMC represents, among other things, that:

   a. BMC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice agent and claims agent in this Chapter 11 Case;

   b. by accepting employment in this Chapter 11 Case, BMC waives any rights to receive compensation from the United States government;

   c. in its capacity as the claims agent in this Chapter 11 Case, BMC will not be an agent of the United States and will not act on behalf of the United States; and

   d. BMC will not employ any past or present employees of the Debtor in connection with its work as the claims agent in this Chapter 11 Case.

### Compensation

15. The Trustee proposes to engage BMC at the rates set forth in the Engagement Agreement. The cost of BMC's services will be paid from the Debtor's estate as provided by 28 U.S.C. § 156(c) and section 503(b)(l)(A) of the Bankruptcy Code. The Trustee believes that the proposed rates to be charged by BMC are reasonable and appropriate for services of this nature. The Trustee reviewed the rates of other firms prior to selecting BMC and believe BMC's rates are reasonable given the quality of their services.

16. The Trustee requests that the fees and expenses of BMC incurred in the performance of the above services be treated as an administrative expense of the Debtor's chapter 11 estate and be paid by the Trustee in the ordinary course of business without further application to the Court.

BDDB01 6570502v2

17. BMC shall perform the duties within the scope of its appointment under 28 U.S.C. § 156(c) regardless of whether BMC has received payment in accordance with the Engagement Agreement. To the extent BMC requires redress for non-payment of its fees and expenses, it will seek relief from the Court.

18. BMC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order granting the relief requested herein and such other relief as is just.

Respectfully submitted,

By: /s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Robert K. Stanley (#1745-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
robert.stanley@bakerd.com
terry.hall@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@bakerd.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 8, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| Kirk Crutcher<br>kcrutcher@mcs-law.com | Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| Theodore A Konstantinopoulos<br>ndohbky@jbandr.com | Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net |
| Cathy S. Pike<br>cpike@weberandrose.com | | |

      I further certify that on March 8, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

David A. Domina
ddomina@dominalaw.com

                                                                       /s/ Terry E. Hall