UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**DECLARATION OF TINAMARIE FEIL IN SUPPORT OF THE APPLICATION FOR ORDER UNDER 28 U.S.C. § 156(C) AUTHORIZING THE RETENTION OF THE BMC GROUP, INC. AS NOTICE AND CLAIMS AGENT FOR THE TRUSTEE**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss. |
| COUNTY OF NEW YORK | ) |

I, Tinamarie Feil, declare the following under penalty of perjury:

1.  I am the President of Client Services of BMC Group, Inc. ("BMC"), whose main office is located at 600 First Avenue, Suite 300, Seattle, WA 98104, telephone number 206.516.3300. The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.  This declaration is made in support of the *Application For Order Under 28 U.S.C. § 156(c) Authorizing The Retention Of The BMC Group, Inc. As Notice And Claims Agent For The Trustee* (the "Application") of James A. Knauer, as chapter 11 trustee for the Debtor, Eastern Livestock Co., LLC ("Trustee"), which has been filed contemporaneously herewith.

3.  As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), BMC will perform, at the request of the Office of the Clerk of the Court (the "Clerk's Office"), the noticing and claims related services specified in the Application. In addition, at the Trustee's request, BMC will perform such other noticing, claims, technical and support services specified in the Application.

4. BMC is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases. BMC has substantial experience in the matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases filed in this and other districts. See, e.g., In re ATA Holdings Corp., No. 04-19866 (BHL) (Bankr. S.D. Ind. Oct. 29, 2004); In re American Commercial Lines LLC, No. 03-90305 (BHL) (Bankr. S.D. Ind. Feb. 26, 2003); In re Conseco, Inc., No. 02-B-49672 (CAD) (Bankr. N.D. Ill. Jan. 14, 2003). In re Jennifer Convertibles, Inc., Case No. 10-13779 (ALG) (Bankr. S.D.N.Y. July 22, 2010); In re Fairpoint Communications Inc., Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Oct. 27, 2009); In re Metaldyne Corp., Case No. 09-13412 (MG) (Bankr. S.D.N.Y. May 29, 2009); In re Ziff Davis Media Inc., Case No. 08-10768 (BRL) (Bankr. S.D.N.Y Mar. 10, 2008); and In re NV Broadcasting, LLC, Case No. 09-12473 (KG) (Bankr. D. Del. July 15, 2009).

5. BMC represents, among other things, the following:

(a) BMC is not a creditor of the Debtors;

(b) BMC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in the Chapter 11 Cases;

(c) By accepting employment in the Chapter 11 Cases, BMC waives any rights to receive compensation from the United States government;

(d) In its capacity as the notice agent and claims agent in the Chapter 11 Cases, BMC will not be an agent of the United States and will not act on behalf of the United States;

(e) BMC will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in the Chapter 11 Cases;

(f) In its capacity as notice and claims agent in the Chapter 11 Cases, BMC will not intentionally misrepresent any fact to any person;

(g) BMC shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers; and

(h) None of the services provided by BMC as notice and claims agent shall be at the expense of the Clerk's Office.

6. The Debtor has many creditors, and accordingly, BMC may have rendered and may continue to render services to certain of these creditors. BMC has not and will not represent the separate interests of any such creditor in this case. Additionally, BMC employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtor. For example, one or more of BMC's employees may have obligations outstanding with financial institutions that are creditors of the Debtor or may have used the Debtor's services.

7. To the best of my knowledge and except as disclosed herein, BMC neither holds nor represents any interest adverse to the Debtor's estate in connection with any matter on which it would be employed and that it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") as required by section 327(a) of the Bankruptcy Code. BMC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

8. In performing the services of notice and claims agent, BMC will charge the Trustee the rates set forth in the Agreement For Services, which is attached as Exhibit A to the Application. The rates set forth therein are at least as favorable as the rates that BMC charges in cases in which it has been retained to perform similar services.

9. BMC will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 7, 2011

*Tinamarie Feil*

Tinamarie Feil
President, Client Services
BMC Group, Inc.