UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Trustee. | ) | Hon. Basil H. Lorch III |

**FINANCING ORDER (I) APPROVING CHAPTER 11 TRUSTEE FINANCING; (II) AUTHORIZING USE OF CASH COLLATERAL AND OBTAINING CREDIT PURSUANT TO SECTIONS 361, 363 AND 364 OF THE BANKRUPTCY CODE; (III) MODIFYING THE AUTOMATIC STAY; (IV) PROVIDING ADEQUATE PROTECTION; AND (V) SEALING CERTAIN DOCUMENTS**

This matter comes before the Court for a hearing on _____, 2011, at ____a.m./p.m. EDT (the "Financing Hearing") on the Motion To Approve Trustee's Borrowing And Use Of Cash Collateral, Modify The Automatic Stay, Provide Adequate Protection Payments, Protect Confidential Information And Schedule Final Hearing filed on February 11, 2011 by James A. Knauer, the trustee ("Trustee") for Eastern Livestock Co., LLC ("ELC"), appointed in this chapter 11 case (the "Case"), (the "Financing Motion"). The Financing Motion requests that this

Court (all capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Financing Motion):

(I)     approve Trustee's entry into that certain Chapter 11 Financing arrangement with Fifth Third Bank ("Fifth Third"), as described in the Financing Motion and set forth herein;

(II)    authorize Trustee pursuant to Sections 363 and 364 of the Bankruptcy Code to use cash collateral and obtain Chapter 11 financing from Fifth Third pursuant to the terms and conditions of: (a) the Financing Motion; (b) the Initial Approved Budget, which may be amended, supplemented, extended or otherwise modified with the express written consent of the Fifth Third; and (c) this Financing Order ("Financing Order", collectively, "Chapter 11 Financing"); and

(III)   authorize Fifth Third to receive a super-priority administrative expense claim, and valid, binding, enforceable and first perfected liens and security interests  in the Chapter 5 Actions to secure the Trustee Loan.

The Court conducted the Financing Hearing; no interim hearing as permitted under Rules 4001(b)(2) and 4001(c)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") was requested.

Notice of the Financing Motion, together with notice of the Financing Hearing, having been given to ELC, the United States Trustee, Fifth Third, the twenty (20) largest unsecured creditors, all secured creditors, and all intervenors and counsel of record, and the Court, having conducted the Financing Hearing, having considered the Financing Motion, and being otherwise duly advised in the premises; THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

BDDB01 6523647v6

A.      Certain petitioning creditors commenced the Case against ELC on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").  This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Dock. No. 110] on December 28, 2010.

B.      From December 8, 2010 through December 27, 2010, Elizabeth M. Lynch ("Receiver") served as an interim custodian and began liquidation of ELC's assets pursuant to two orders of this Court.  Prior to the Petition Date, the Receiver served as receiver of ELC's assets pursuant to a *November* 10, 2010 Order for the Immediate Appointment of Receiver entered by the Court of Common Pleas in Hamilton County, Ohio (the "State Court").

C.      On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Dock. No. 102], approving the United States Trustee's *Notice Of Appointment And Application For Order Approving Appointment Of Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

D.      This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 151, 157, and 1334.

E.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

F.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

G.      Sufficient and adequate notice of the relief sought by the Financing Motion was given to all parties entitled thereto in accordance with Bankruptcy Rules 4001, 9014, Sections 102(1) and 364(c) of the Bankruptcy Code and S.D. Ind. L.B.R. B-4001-2.

H.      Fifth Third is willing to provide certain credit accommodations to the Trustee, and the Trustee and Fifth Third are willing to consent to the treatment of Fifth Third's claims, the

Cash Collateral Use, and extension of the Trustee Loan only upon the conditions contained in this Financing Order.

I.       The Trustee is unable to obtain sufficient levels of unsecured credit and related necessary financial facilities to pay certain costs and expenses required to perform his duties and obligations with respect to this Case, the ELC Estate and all parties-in-interest, which unsecured debt facilities would be allowable only under Sections 364(b) and 503(b)(1) of the Bankruptcy Code as administrative expenses.

J.       The Trustee is unable to obtain secured credit allowable only under Sections 364(c)(2)-(3) and (d) of the Bankruptcy Code, under terms and conditions more favorable to the Chapter 11 estate than those provided in this Financing Order.

K.       The credit and financial accommodations to be extended under the Chapter 11 Financing are being extended by Fifth Third in good faith and (i) the provisions for Cash Collateral Use and the Trustee Loan are made in good faith, and (ii) Fifth Third is entitled to protections of Sections 364(c) and 363(m) of the Bankruptcy Code.

L.       It is in the best interest of the ELC estate that the Trustee be allowed to finance his Actions on behalf of the ELC estate and all parties-in-interest under the terms and conditions set forth herein.

M.       The Trustee represents that without the financing proposed by the Financing Motion, the Trustee will not have the funds necessary to timely pay administrative costs and expenses, his professional fees and the expenses, or operating costs necessary for the performance by the Trustee of his duties and responsibilities for the operation, management, recovery and preservation of ELC's assets and property.  The Trustee has requested that, pursuant to the Financing Motion and this Financing Order, Fifth Third will permit the Trustee to

BDDB01 6523647v6

use Fifth Third's cash collateral, and provide other financial accommodations to the Trustee to be used by the Trustee for the "Must Do" and "May Do" Actions and related purposes set forth in the Financing Motion and as reflected Initial Approved Budget. The ability of the Trustee to perform his obligations with respect to the Case, the ELC estate and all parties-in-interest depends upon the Trustee's obtaining such financing from Fifth Third. Fifth Third is willing to allow the Trustee to use its cash collateral, make the Trustee Loan, and provide such other financial accommodations as more particularly described herein in accordance with this Financing Order. Accordingly, the relief requested in the Financing Motion is necessary, essential and appropriate, for the operation, identification, collection, management and preservation of ELC's assets and property, and it is in the best interests of the Trustee, its estate and its creditors.

N.      The Trustee represents and the Court expressly finds that the terms of the Chapter 11 Financing, pursuant to which the use of Fifth Third's cash collateral, the Trustee Loan, and other credit and financial accommodations will be made or provided to Trustee by Fifth Third as set forth by this Financing Order have been negotiated at arm's length and in good faith, as that term is used in Section 364(e) of the Bankruptcy Code, and are in the best interests of the Trustee, the ELC estate and creditors. The Trustee further represents and the Court expressly finds that Fifth Third is extending financing to the Trustee in good faith and Fifth Third is entitled to the benefits of the provisions of Section 364(e) of the Bankruptcy Code.

O.      The Trustee represents and the Court hereby finds (i) the Trustee has performed all necessary and appropriate analysis of the Prepetition Indebtedness of Fifth Third, the Fifth Third POC, the Prepetition Loan Documents and the prepetition liens and security interests of Fifth Third in and to substantially all of the ELC assets and properties, and (ii) the claims of Fifth

BDDB01 6523647v6

~~Third shall be allowed 1) as a secured claim to the extent of the value of Fifth Third's Collateral pursuant to Bankruptcy Code § 506 and 2) as an unsecured claim to the extent Fifth Third's claim exceeds the value of its Collateral.~~

O.    Good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein and the immediate entry of this Financing Order. ~~No party~~Parties appearing in the Chapter 11 Case ~~has~~have filed or made an ~~objection~~ objections to the relief sought in the Financing Motion and the entry of this Financing Order and ~~to the extent any objections were made (and not withdrawn prior to the entry of this Financing Order)~~ such objections ~~be and hereby~~ are ~~overruled~~addressed, considered and resolved by this order.

P.    As of the date hereof, no examiner has been appointed in this case, and no official committee of unsecured creditors ("Committee") in accordance with Section 1102 of the Bankruptcy Code has been formed by the U.S. Trustee.

NOW, THEREFORE, IT IS HEREBY ORDERED, PENDING THE CONCLUSION OF THE FINAL HEARING:

1.    **FINANCING MOTION GRANTED.** The Financing Motion is hereby GRANTED and the Chapter 11 Financing APPROVED. The Trustee is hereby authorized: (a) to borrow monies from Fifth Third and to otherwise incur debt to Fifth Third in accordance with and pursuant to the terms and conditions of the Financing Motion, this Financing Order, consistent in amount and type of expenditure with the Initial Approved Budget, subject to the terms of this Financing Order, and to execute all documents and take all actions to be executed and taken in connection with and in furtherance of all undertakings and obligations thereunder; and (b) to use the Fifth Third's Cash Collateral, as defined herein, in accordance with and pursuant to the terms and conditions of the Financing Motion, this Financing Order, consistent in

-6-

amount and type of expenditure with the Initial Approved Budget, subject to the terms of this Financing Order. Fifth Third shall have its rights and the obligations set forth in the Financing Motion to make loans, make and continue advances and/or financial accommodations, and acquire new and replacement liens, all pursuant to the terms and conditions thereof and hereof.

2. **USE OF PROCEEDS.** The Cash Collateral Use, proceeds of the Trustee Loan and other financial accommodations and advances under the Chapter 11 Financing made by Fifth Third to the Trustee in accordance with this Financing Order will be used in accordance with the terms of the Financing Motion and as set forth herein, and as provided for in the Initial Approved Budget and subsequent Budgets.

3. **TRUSTEE LOAN.** The Trustee is hereby authorized to obtain the Trustee Loan from Fifth Third to finance (i) certain of the Trustee's operational and administrative expenses (including payroll for remaining ELC employees, rent, utilities, insurance etc.); (ii) United States Trustee statutory fees incurred in the Case; (iii) the Trustee's fees and expenses; and (iv) professional fees and expenses for Baker & Daniels, post-petition fees and expenses for DSI and other professionals retained by the Trustee incurred in connection with those actions described in sub-paragraph 1.A.(vii) of the Financing Motion in the "Must Do" category and all of the "May Do" items (collectively, the "Operational Expenses and May Do Fees and Expenses"), as all are set forth in the Financing Motion. Payment of the Operational Expenses and May Do Fees and Expenses are subject to and conditioned upon allowance by the Court. Fifth Third shall have the right to object to such professional's fees and expenses. Without the consent of Fifth Third, the Trustee Loan shall not be permitted to exceed the maximum amount of $2,000,000. Fifth Third's commitment to make the Trustee Loan shall be limited to the amount of net recoveries by Fifth

BDDB01 6523647v6

Third from its collateral after deducting the amount of funds paid or that might be payable to Trustee from the Carve Out.

4.    **POST-PETITION FIFTH THIRD LIENS AND PAYMENT OF TRUSTEE LOAN.** Pursuant to Sections 362, 363(e) and 364(c) of the Bankruptcy Code, as security for the prompt payment and performance of the obligations owed by the Trustee to Fifth Third on account of the Trustee Loan (the "Trustee Loan Obligations"), the Trustee is hereby authorized, and hereby does, grant to Fifth Third, and the Trustee Loan is hereby secured by, a super-priority administrative expense claim ("Super-priority Claim") and valid, binding, enforceable and first perfected liens and security interests ("Post-Petition Fifth Third Liens") in and against all claims and causes of action brought under Chapter 5 of the Bankruptcy Code and proceeds thereof to the extent such recoveries were not subject to any lien or encumbrance immediately after the time of the transfer within the category of the "May Do" B(ii) Actions (the "Chapter 5 Actions") as described in the Financial Motion  (collectively, "Post-Petition Fifth Third Collateral").  The Trustee Loan shall be repayable from the first recoveries from the Chapter 5 Actions. ~~Property or monies subject, at the time of transfer, to the pre petition liens held by Fifth Third and recovered in Chapter 5 Actions shall not constitute payment of the Trustee Loan when remitted to Fifth Third.~~ that were not subject to any lien or encumbrance immediately after the time of the transfer.  Such Post-Petition Fifth Third Liens granted hereunder shall be first priority, senior liens pursuant to Bankruptcy Code § 364(c)(2).  ~~The Post-Petition Fifth Third Collateral shall not be: (i) subject to any lien that is avoided and preserved for the benefit of the ELC estate under Section 551 of the Bankruptcy Code, or (ii) subordinated to or made pari passu with any other lien under Section 364(d) of the Bankruptcy Code or otherwise.   No claim or lien having a priority superior to or pari passu with the Post-Petition Fifth Third Liens granted by this~~

~~Financing Order shall be granted or allowed until the indefeasible payment to Fifth Third in full, in cash and satisfaction of, the Trustee Loan.~~

5. **CASH COLLATERAL USE AND ADEQUATE PROTECTION.**

a. "Cash Collateral" of Fifth Third shall have the meaning ascribed to such term under Section 363(a) of the Bankruptcy Code, including the monies currently in the possession of the Trustee that represent proceeds from Fifth Third's collateral ("Cash Collateral").

b. The Trustee is hereby authorized to use Fifth Third's Cash Collateral to fund the performance of subparagraphs 1.A.(i) – (vi) "Must Do" actions as described in the Financial Motion (the "Items 1 - 6") to pay the Trustee's fees and the professional fees and expenses for Baker & Daniels, post-petition fees and expenses for DSI and other professionals retained by the Trustee that are incurred in connection with such actions and allowed by the Court  (the "Items 1-6 Fees and Expenses"), subject to an initial aggregate cap of $2,000,000 (the "Carve Out").  Fifth Third's Cash Collateral that shall be subject to this Carve Out will include the monies currently in the possession of the Trustee that represent proceeds from Fifth Third's collateral.  Projected Items 1-6 Fees and Expenses shall be included in the 13 week budgets to be provided to Fifth Third by the Trustee, as described in paragraph 6b of this Financing Order.

c. Except as specifically provided for herein, payment of Items 1-6 Fees and Expenses from the Carve Out shall not be subject to Fifth Third discretion.

d. As adequate protection to Fifth Third for the Cash Collateral Use, the Trustee shall pay to Fifth Third "Excess Cash Collateral~~," free and clear of any claim by~~

BDDB01 6523647v6

~~the Trustee or any other party or successor in interest, including any successor trustee (whether in Chapter 7 or otherwise), including without limitation any asserted right to surcharge or seek disgorgement from Fifth Third of the Excess Cash Collateral paid to Fifth Third..~~"  "Excess Cash Collateral" as used herein means and shall be calculated (from time to time as moneys are brought in to the estate by the Items 1-6 actions) as such amount of Fifth Third's cash collateral recovered and in possession of the Trustee in excess of (1) accrued Items 1-6 Fees and Expenses,  plus (2) a reasonable reserve to be maintained by the Trustee for Items 1-6 Fees and Expenses that are likely to accrue during the remainder of the then current 13 week Budget.

6.    <u>Conditions Precedent to Chapter 11 Financing, Other Conditions and Shut Down</u>.
It is hereby ordered that the Cash Collateral Use and the Trustee Loan is conditioned upon:

a.    The Item 1-6 Fees and Expenses as allowed by the Court shall be payable only from recoveries from the Items 1- 6, and shall be subject to the Carve-Out.  The ~~sum~~amount of the Carve-Out shall not be increased without Fifth Third's consent. Further, the Trustee shall use his best reasonable efforts to seek an order of surcharge pursuant to Bankruptcy Code § 506(c) with respect to any amounts payable to the holder of a secured claim ~~other than Fifth Third~~ from recoveries made pursuant to the "Must Do" actions.  Any such surcharge recovery shall be applied to defray a part of the Trustee's Item 1-6 Fees and Expenses, thereby diminishing the aggregate of Item 1-6 Fees and Expenses to be paid from the Carve Out.  ~~If at the time of a surcharge recovery, the Carve Out is already fully drawn, such recovered surcharges shall be remitted to Fifth Third;~~ To the extent

the Trustee is not able to recover the entire amount of the Trustee Loan, the surcharges pursuant to Bankruptcy Code § 506(c) will be pari passu with the amount of the shortfall unpaid to Fifth Third.

b.  The Trustee periodically shall provide Fifth Third and the Court (subject to the Confidentiality provisions of this Order) with rolling 13 week budgets (each a "Budget") that shall reflect anticipated Operational Expenses and May Do Fees and Expenses; the first of such Budgets is the Initial Approved Budget.  As a condition to making ongoing advances under the Trustee Loan, Fifth Third shall have the right to review and approve each Budget in advance.  No later than 45 days before the Trustee incurs certain costs and expenses included in any Budget as Operational Expenses and May Do Fees and Expenses, if Fifth Third determines in good faith that funding such costs and expenses is unlikely to lead to recoveries commensurate with such requested funding, Fifth Third may advise the Trustee of its objection to and refusal to finance all or some such costs and expenses included in the Budget; and

c.  Further, (i) if the Trustee recovers cash or other property by a fraudulent transfer action, any such cash or property recovered by the estate will return to the estate impressed with liens in and against the assets that were the subject of the fraudulent transfer with the same priority and effect as existed at theimmediately after time of the fraudulent transfer; (ii) while the Trustee may include among his Operational Expenses and May Do Fees and Expenses the Trustee's fees and expenses for the "due diligence" review of Fifth Third's loan documents described above, any fees and expenses incurred by Trustee in connection with any claim or

BDDB01 6523647v6

other litigation asserted against Fifth Third shall not be permitted to be paid from the Carve Out or Trustee Loan; and (iii) if a material portion of monies or property recovered by the Trustee that are subject to Fifth Third's pre-petition liens are seized pursuant to a federal seizure warrant of the kind described in the Financing Motion in paragraph 1(A)(vi) or other proceeding under either criminal forfeiture or civil forfeiture then (A) such monies or property shall no longer serve as a basis for the use by the Trustee or bankruptcy estate of Carve Out funding or Trustee Loan advances, and (B) any obligations incurred in reliance upon the availability of such monies or property prior to seizure shall not be a liability of Fifth Third, whether by surcharge or otherwise.

7.    **SHUT DOWN.**  If and to the extent Fifth Third advises the Trustee (in advance of the accrual of certain costs, fees, or expenses) that Fifth Third objects to the performance of proposed Actions by the Trustee that will result in the accrual of certain Operational Expenses and May Do Fees and Expenses, Fifth Third shall have the right to object to any request by the Trustee seeking the allowance by the Court of any such amounts. If Fifth Third and the Trustee cannot reach agreement regarding such funding or if the Trustee decides to discontinue his efforts with respect to the prosecution of May Do actions, then the Trustee is hereby authorized to advise Fifth Third that the Trustee intends to seek a dismissal of the Case or conversion of the Case to a case under chapter 7 of the Bankruptcy Code (a "Chapter 11 Shut Down").  Under such circumstances, the Trustee shall present to Fifth Third a reasonable budget to fund the Chapter 11 Shut Down, not to exceed $100,000 without Fifth Third's consent (a "Shut Down Budget").  Fifth Third, as part of the Trustee Loan, shall allow the use of Cash Collateral for the Shut Down Budget.

BDDB01 6523647v6

8.    **PAYMENT OF PROFESSIONAL FEES.** Pursuant to an Order of this Court, the Trustee shall be permitted to pay compensation and reimbursement of expenses from the Carve Out or proceeds of the Trustee Loan, authorized to be paid under Bankruptcy Code §§ 328, 330, and 331, or otherwise as the same may be due and payable (subject to the reservation of rights of Fifth Third and any other interested party to object to approval of any such professional fees).

BDDB01 6523647v6

9. **ALLOWANCE OF FIFTH THIRD PREPETITION CLAIM AND TRUSTEE WAIVER OF SURCHARGE CLAIM UNDER SECTION 506(c).**

a. ~~On behalf of the chapter 11 estate, and any successor thereto, the Trustee waives any claim of surcharge against Fifth Third or its collateral under Bankruptcy Code § 506(c) by the Trustee, any successor chapter 7 trustee~~ However, payment of pre-petition receivership fees and costs shall not be made from the Carve Out or proceeds of the Trustee Loan, but may be separately authorized by Fifth Third from its cash collateral. Nothing in this Order or any ~~other person.~~

b. ~~*[Reserved]*~~

c. ~~For purposes of this Financing Order, the Trustee affirmatively states that he knows of no reason to and agrees not to contest or to challenge that the liens and security interests granted to~~ prior version submitted for the Court's consideration shall constitute a waiver or release by Fifth Third ~~under the Chapter 11 Financing and under this Financing Order, whether pre-petition or post-petition, or that such liens and security interests are senior, valid, fully perfected, non-voidable liens and security interests securing the Prepetition Indebtedness ("Lien Finding").~~

d. ~~Fifth Third has asserted its pre-petition claim in this case by the Fifth Third POC. The Trustee stipulates to and this Financing Order hereby orders the allowance of Fifth Third's pre-petition secured claim as set forth in the Fifth Third POC with respect to generally all pre-petition assets, including without limitation, all inventory of cattle, equipment, accounts receivable and proceeds. Fifth Third's claims as asserted in the Fifth Third POC are hereby allowed as follows: 1) as a~~

-14-

BDDB01 6523647v6

secured claim to the extent of the value of Fifth Third's Collateral pursuant to Bankruptcy Code § 506 and 2) as an unsecured claim to the extent Fifth Third's claim exceeds the value of its Collateral.

8.    Notwithstanding Fifth Third Bank's agreement to remove subsection 9.b. above (now marked "Reserved") in response to the request of the Trustee on the grounds that such language was originally inadvertently included, such agreement by Fifth Third shall not constitute a waiver or release of any rights, defenses, counterclaims, or rights of setoff of Fifth Third arising hereunder or otherwise, all of which are hereby preserved and reserved.

9.    **AUTOMATIC LIEN PERFECTION AND MODIFICATION OF AUTOMATIC STAY.**  All liens granted herein and in the Chapter 11 Financing to or for the benefit of the Fifth Third against the Chapter 5 Actions shall, pursuant to this Financing Order be, and thereby are, valid, enforceable and perfected, effective as of the date of the entry of the Financing Order, and (notwithstanding any provisions of any agreement, instrument, document, the Uniform Commercial Code or any other relevant law or regulation of any jurisdiction) no further notice, filing or other act shall be required to effect such perfection. The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified to permit (a) the Trustee to implement the terms of the Chapter 11 Financing, (b) the Trustee to create, and Fifth Third to perfect, any and all liens and security interests granted to them hereunder; provided, however, that Fifth Third shall not be required to file UCC financing statements or other instruments with any other filing authority to perfect any lien or security interest granted by this Financing Order or take any other action to perfect such liens and security interests, including all liens and security interests declared in the Chapter 11 Financing against the Chapter 5 Actions, such perfection of liens and security interests are hereby deemed automatically perfected; if, however,

BDDB01 6523647v6

Fifth Third shall, in its sole discretion, elect, for any reason, to file, record or serve any such financing statements, this Financing Order, or other documents with respect to such liens and security interests, the Trustee shall execute the same upon request and the filing, recording or service thereof (as the case may be) shall be deemed to have been made the date of and with the priority of such liens and security interests as provided for in this Financing Order.

10.  **TERMINATION EVENTS.** The Cash Collateral Use, Trustee Loan and the Chapter 11 Financing shall terminate, upon the "Termination Date" which is the earlier to occur of any of the following events upon notice to the Trustee being given by Fifth Third ("Terminating Events" or "Termination Event"):

a.  The Case of the Trustee shall be dismissed or converted to a Chapter 7 case (subject to the rights of the Trustee per the Chapter 11 Shut Down and Shut Down Budget per paragraph 7 of this Order);

b.  Any other super-priority claim or lien equal or superior in priority to that granted pursuant to or permitted under this Financing Order, shall be granted;

c.  This Financing Order shall be amended, reversed, stayed, vacated or otherwise modified, in the case of an amendment or modification, in a way that materially and adversely affects the rights of Fifth Third and that is not acceptable to Fifth Third, in its sole discretion, including any modification of the Lien Finding;

d.  The failure of the Trustee to comply with this Financing Order as determined by an order of this Court;

e.  If the Trustee seeks an order in the Case or supports any applications that authorize the obtaining of credit or the incurring of indebtedness pursuant to Sections 364(c) or (d) of the Bankruptcy Code, or any other grant of rights against

BDDB01 6523647v6

the Trustee and/or its estate, secured by a lien or security interest in the collateral held by Fifth Third or entitled to administrative priority status which is junior, equal or superior to that granted to Fifth Third herein, without (a) all obligations outstanding to Fifth Third fully being indefeasibly satisfied in full in cash or (b) Fifth Third providing its prior written consent,.

11.    **RIGHT TO SEEK FURTHER RELIEF.** Nothing in this Financing Order shall limit the rights of Fifth Third to seek further relief (including additional adequate protection) or modification or termination of the automatic stay for good cause shown.

12.    **ASSIGNMENT OF RIGHTS.** Nothing in this Financing Order shall limit the rights of Fifth Third to assign all of its rights, claims and obligations under the Chapter 11 Financing, or to obtain or sell participation interests in the same.

13.    **INSPECTION OF BOOKS AND RECORDS.** Fifth Third shall have the right to inspect, audit, examine, check, make copies of or extracts from the books, accounts checks, orders, invoices, bills of lading, correspondence and other records of ELC or the Trustee, and the Trustee shall make all of same available to Fifth Third and its representatives, for such purposes.

~~15.    **SECTION 364(e).** Pursuant to, and to the extent of, the provisions of Section 364(e) of the Bankruptcy Code, the liens and security interests granted by and subject of this Financing Order shall be binding on the Trustee, the estate and successors and assigns even if this Financing Order is reversed or modified on appeal. For purposes of this Financing Order, the term "appeal" as used in Section 364(e) of the Bankruptcy Code shall be construed to mean a proceeding for appeal, reconsideration, amendment, rehearing or re-evaluation of this Financing Order by this Court or any other tribunal.~~

BDDB01 6523647v6

14. **SURVIVAL OF LIENS.** If an order dismissing the Case under Section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide (in accordance with Sections 105 and 349(b) of the Bankruptcy Code) that (i) the claims and liens granted pursuant to this Financing Order to or for the benefit of the Fifth Third and in conjunction with any facility addressed herein shall continue in full force and effect and shall maintain their priorities as provided in this Financing Order until all obligations in respect thereof shall have been indefeasibly paid in full in cash and satisfied in the manner provided in this Financing Order (and that such claims and liens shall, notwithstanding such dismissal, remain binding on all parties in interest), and (ii) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing such claims and liens.

15. **AUTHORIZATION TO TAKE CERTAIN ACTIONS.** The Trustee is hereby authorized to do and perform all acts and to make, execute and deliver all instruments and documents that may be required or necessary for the performance of the Chapter 11 Financing and the payment by the Trustee of any monies or assets in his possession of all sums required to be paid to Fifth Third under the Chapter 11 Financing.

16. **IMMEDIATE EFFECT OF ORDER.** Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Financing Order shall be: (a) immediately enforceable pursuant to Bankruptcy Rule 8005; and (b) not be stayed absent (1) an application by a party in interest for such stay in conformance with such Bankruptcy Rule 8005, (2) a hearing upon notice to the Trustee and the Fifth Third and (3) entry of an order granting such stay.

If this Financing Order never becomes a final and non-appealable order, if the Trustee terminates this Financing Order, or if any or all of the provisions of this Financing Order are hereafter modified, vacated or stayed by subsequent order of this Court or any other court, such

termination or subsequent order shall not affect the priority, validity, enforceability or effectiveness of any lien, security interest, priority, or other benefit authorized hereby with respect to any Collateral, including by not limited to, the Cash Collateral used prior to the effective date of such subsequent order (and all such liens, security interests, priorities and other benefits shall be governed in all respects by the original provisions of this Financing Order.)

17.      **MODIFICATION OF FINANCING ORDER.** Nothing in this Financing Order shall limit Fifth Third's rights to seek modification of this Financing Order (with the consent of the Trustee if no Default or Event of Default exists) or for cause if a Default or Event of Default exists.

18.      **RIGHTS AGAINST THIRD PARTIES.** Nothing in this Financing Order shall in any way prejudice or compromise any rights Fifth Third may have against parties other than the Trustee.

19.      **NO WAIVER.**  This Financing Order shall not constitute a waiver by  Fifth Third of any of its rights under the Loan Documents, the Chapter 11 Financing, the Bankruptcy Code or other applicable law, including, without limitation its right to assert a claim under Section 507 of the Bankruptcy Code.  Fifth Third's failure, at any time or times hereafter, to require strict performance under this Financing Order, or the Chapter 11 Financing shall not result in a waiver of any of Fifth Third's rights.  No delay on the part of Fifth Third in the exercise of any right or remedy under this Financing Order shall preclude any other or further exercise of any such right or remedy.  None of the rights or remedies of Fifth Third under this Financing Order shall be deemed to have been suspended or waived by Fifth Third unless such suspension or waiver is in writing, signed by a duly authorized officer of Fifth Third, and directed to the Trustee specifying such suspension or waiver.

BDDB01 6523647v6

20.    **NO UNINTENDED BENEFICIARIES.** The provisions of this Financing Order shall be binding upon and inure to the benefit of Fifth Third, the Trustee, the ELC estate and respective successors and assigns.  Except as explicitly provided for herein, this Financing Order does not create any rights for the benefit of any other party, creditor, equity holder, or any other direct, indirect or incidental beneficiary.

21.    **ORDER CONTROLLING.** To the extent that any of the provisions of this Financing Order shall conflict with any of the provisions of the Chapter 11 Financing, this Financing Order is deemed to control and shall supersede the conflicting provision(s) in the Loan Documents.

22.    **PROTECTIVE ORDER REGARDING BUDGETS.**  The Court hereby grants the Trustee's request for the Budget Protective Order described in paragraph 14 of the Financing Motion.  The Initial Approved Budget and all subsequent Budgets submitted by the Trustee to Fifth Third for approval are hereby protected from disclosure to any person (other than the Trustee and his professionals, Fifth Third and its authorized employees, representatives and professionals and the United States Trustee) or discovery by any third parties from the Trustee or Fifth Third without a further authorizing order of this Court.  If the Trustee deems it advisable to file a Budget with the Court such Budget may be filed under seal with the right of any party to review all or part of such Budget dependent upon a further order of the Court.  If the Trustee deems it advisable to provide a copy of any part of a Budget to a third person the Trustee may do so in his discretion conditioned upon the execution of a confidentiality agreement satisfactory to the Trustee and with such redacting of sensitive information regarding Strategies therefrom as the Trustee may deem advisable.  Any copy of any part of such Budget in the hands of a third

BDDB01 6523647v6

party shall be subject to the confidentiality and protective provisions hereof and shall not be discoverable by any other person without further order of the Court.

###

BDDB01 6523647v6