UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | § |
| | § CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC | § |
| | § |
| Debtor. | § |

**FRIONA INDUSTRIES, LP, CACTUS GROWERS, INC., AND J & F OKLAHOMA HOLDINGS, INC.'S RESPONSE TO MOTION TO APPROVE TRUSTEE'S BORROWING AND USE OF CASH COLLATERAL, MODIFY THE AUTOMATIC STAY, PROVIDE ADEQUATE PROTECTION PAYMENTS, PROTECT CONFIDENTIAL INFORMATION, AND SCHEDULE FINAL HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTPCY JUDGE:

Friona Industries, LP ("Friona"), Cactus Growers, Inc. ("Cactus"), and J & F Oklahoma Holdings, Inc. ("J&F"), collectively "Movants," file this Response to Motion to Approve Trustee's Borrowing and Use of Cash Collateral, Modify the Automatic Stay, Provide Adequate Protection Payments, Protect Confidential Information, and Schedule Final Hearing filed by the Trustee herein on February 11, 2011 [Doc. #271], hereinafter referred to as "Trustee's Motion".

1. On February 11, 2011, the Chapter 11 Trustee ("Trustee") filed the Trustee's Motion seeking, among other things, authority to use up to $2,000,000 of Fifth Third Bank's alleged cash collateral and to obtain additional financing in the amount of $2,000,000 from Fifth Third Bank to fund the Trustee's various administrative costs, professional fees and expenses, and operating costs and expenses.

2. In exchange for the $4,000,000 of funds to cover such professional fees and administrative expenses, the Trustee has agreed, among other things, to make payment to Fifth Third Bank of "excess cash collateral," free and clear of any claim or interest by the Trustee or any other party or successor in interest (Trustee's Motion pg. 4), grant Fifth Third Bank a priority administrative expense claim and liens and security interest in and against the Chapter 5

Actions (Trustee's Motion, pg. 5), stipulate to the allowance of Fifth Third Bank's pre-petition secured claim as set forth in Fifth Third Bank's proof of claim (Trustee's Motion, pg. 6), allow Fifth Third Bank to direct and determine the Trustee's actions with regard to Trustee's duties and responsibilities as a Chapter 11 Trustee (Trustee's Motion, pg. 6), waive any claim of surcharge against Fifth Third Bank or its collateral (Trustee's Motion, pg. 7), and waive and release all claims he may have contesting the validity, perfection, or amount of the claims and liens of Fifth Third Bank (Trustee's Motion, pg. 8) (hereinafter collectively, the "Consideration").

3. The Consideration granted by the Trustee to Fifth Third Bank is wholly excessive and unreasonable, and not supported under the Bankruptcy Code. Therefore, Movants object to the relief requested in the Trustee's Motion. The effect of Trustee's Motion will undoubtedly translate into no recovery for any unsecured creditors and it will solely benefit Fifth Third Bank.

4. Movants understand that for the Trustee to properly and effectively execute his duties and responsibilities as a Chapter 11 Trustee, such duties and responsibilities must be funded by some source. However, such funding shall not, and cannot, be at the expense of all other creditors of the estate.

5. The Trustee has petitioned for and retained independent counsel to investigate possible claims and defenses as against Fifth Third Bank [Doc. #219]. In the Trustee's Application to Employ Hoover Hull LLP as Special Counsel to the Chapter 11 Trustee, the Trustee states that "Hoover Hull's primary role as special counsel to the Trustee will be to investigate and prosecute claims and objections against Fifth Third Bank or claims asserted by Fifth Third Bank in this case." Notwithstanding the Trustee's retention of Hoover Hull as special counsel to investigate claims against Fifth Third Bank, however, the Trustee's Motion

would summarily waive and relinquish any claims or rights against Fifth Third Bank before Hoover Hull has made any determination as to possible claims and objections against Fifth Third Bank.

6. The waiver, moreover, is premature even under the published view of the Trustee and therefore is not supported by any valid consideration. The Trustee's Motion that proposes to waive claims against Fifth Third Bank was filed on February 11, 2011. However, one week *later*, the Trustee stated on his blog the following:

> A number of creditors have asked me what is being done to investigate the claim of the largest creditor, Fifth Third Bank. We have hired independent counsel whose attention is devoted solely to this purpose. The Indianapolis law firm of Hoover Hull is charged with this responsibility. We have subpoenaed about 10,000 records from Fifth Third, mostly checks and deposits, as well as conducting a thorough review of the Bank's loan documents. Additionally, we are talking with anyone who has knowledge that might affect allowance of the Bank's claim. We have to determine by March 11 whether there are claims against Fifth Third and our review will be completed by that date. If you have information that you think may affect our review of the Bank's claim, please contact me or John Hoover at 317-822-4400.

7. The Trustee's Motion thus assumes that the Trustee has no claims against Fifth Third, but one week after the Motion was filed, the Trustee admitted that he is still investigating claims against Fifth Third. To waive and release claims against Fifth Third prematurely is unreasonable and should not be considered as part of the consideration to obtain the financing requested by the Trustee.

8. In addition, the Trustee is proposing to grant to Fifth Third liens and security interests in all the Chapter 5 Actions. It is unlikely in this case that the total recoveries from the Chapter 5 Actions and any other assets of the estate will be enough to satisfy Fifth Third Bank's

FRIONA INDUSTRIES, LP, CACTUS GROWERS, INC. AND J & F OKLAHOMA HOLDINGS, INC.'S RESPONSE TO MOTION TO APPROVE TRUSTEE'S BORROWING AND USE OF CASH COLLATERAL, MODIFY THE AUTOMATIC STAY, PROVIDE ADEQUATE PROTECTION PAYMENTS, PROTECT CONFIDENTIAL INFORMATION, AND SCHEDULE FINAL HEARING

PAGE 3

$35,000,000 claim. Therefore, the granting of liens and security interests in the Chapter 5 Actions will put the nail in the coffin of all unsecured creditors in this case, and such treatment is not in the best interest of the estate.

9. Further, to the extent that a waiver of claims against Fifth Third Bank might be argued to restrict or affect the rights of parties other than the Trustee, the waiver should be restricted narrowly. Other parties in interest, including the Movants, might have claims adverse to the position of Fifth Third Bank and should not be precluded by action of the Trustee from asserting claims against Fifth Third Bank.

10. Movants incorporate by reference and join in the objections set forth by Superior Livestock Auction [Doc. #319].

WHEREFORE, FOR THE REASONS set out herein, Movants request that the Court deny the Trustee's Motion, or at a minimum, require that any such action be limited to the confines of the Bankruptcy Code.

Respectfully submitted,

SPROUSE SHRADER SMITH P.C.

/s/ John Massouh
John Massouh, *pro hac vice*
John Huffaker, *pro hac vice*
701 S. Taylor, Suite 500
Amarillo, Texas 79101
(806) 468-3300
FAX (806) 373-3454
john.massouh@sprouselaw.com

/s/ David L. Lebas_____
David L. LeBas, *pro hac vice*
NAMEN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 474-0300; (512) 474-1901 FAX

/s/ John H. Lovell_____
John H. Lovell, *pro hac vice*
LOVELL, LOVELL, NEWSON & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Center Building
Amarillo, Texas 79101-2314
(806) 373-1515; (806) 379-7176 FAX

ATTORNEYS FOR MOVANTS.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic and/or U.S. Mail this 8th day of March 2011 upon all parties entitled to such notice as provided by the ECF filing system.

/s/ John Massouh
John Massouh

623146.1
3554.31

FRIONA INDUSTRIES, LP, CACTUS GROWERS, INC. AND J & F OKLAHOMA HOLDINGS, INC.'S RESPONSE TO MOTION TO APPROVE TRUSTEE'S BORROWING AND USE OF CASH COLLATERAL, MODIFY THE AUTOMATIC STAY, PROVIDE ADEQUATE PROTECTION PAYMENTS, PROTECT CONFIDENTIAL INFORMATION, AND SCHEDULE FINAL HEARING

PAGE 6