UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| EASTERN LIVESTOCK CO., LLC, | : | Case No.: 10-93904-BHL-11 |
| Debtor. | : | |

**RESPONSE OF FIFTH THIRD BANK, N.A. TO OBJECTIONS TO TRUSTEE'S FINANCING MOTION**

On February 11, 2011, the Trustee filed a motion (the "Financing Motion"), asking the Court to approve the Trustee's use of cash collateral and a proposed chapter 11 financing arrangement with Fifth Third Bank, N.A. ("Fifth Third"). The proposed financing has two components: (1) the Trustee's proposed use of up to $2 million of Fifth Third's cash collateral (the "Cash Use"), and (2) a loan of up to $2 million from Fifth Third to the Trustee (the "Trustee Loan"). The terms of the proposed Cash Use and Trustee Loan are set forth in a revised proposed "Financing Order" that the Trustee submitted to the Court on March 2, 2011.

On March 8, 2011, several parties filed responses, objections and/or limited objections (collectively, the "Objections") to the Financing Motion. The Objectors are Superior Livestock Auction Inc.; The First Bank & Trust Company; Kathryn Pry, chapter 7 trustee for the bankruptcy estate of Thomas P. and Patsy M. Gibson; Friona Industries, L.P., Cactus Growers Inc. and J&F Oklahoma Holdings Inc.; and Philip Taylor Reed.

The Objections are largely premised upon misunderstandings of the Financing Order. Consequently, it is important to note the following:

1. There is no "roll up" of prepetition, unsecured debt into post-petition, super-administrative priority debt. Instead, the cash proceeds of collateral securing prepetition, secured debt are the only monies (capped at $2 million, if available) being used to fund the Trustee Loan.

2. The super-priority status granted to Fifth Third's claim for repayment of the Trustee Loan takes nothing away from the unsecured creditors, who would fall behind the Trustee's expenses in priority even without a loan. Because the funds to be used have a pre-petition secured status, the post-petition secured status and super-priority status do not improve the priority that existed pre-petition.

3. The Financing Order makes no determination regarding competing claims to the cash proceeds of pre-petition collateral. By definition, the Financing Motion and the Financing Order only authorize the expenditure of Fifth Third's own cash collateral. If a particular cash proceeds fund is in dispute, until the matter is settled or judicially determined, such fund cannot be "Excess Cash Collateral," i.e. Fifth Third's cash collateral.

4. An independent review of Fifth Third's claims has already occurred. The U.S. Trustee made a review of candidates for Chapter 11 Trustee in this case and chose James Knauer. Mr. Knauer in turn hired financial advisors and lawyers who exhaustively reviewed the extensive documents turned over to the Trustee. There is no need to saddle the parties to this case with the additional delay and expense of "re-inventing the wheel."

5. The Trustee Loan and its attendant lien (capped at $2 million) on Chapter 5 actions is beneficial to the unsecured creditors. Without a financing arrangement, the Trustee would be unable to pursue avoidance and turnover actions as a practical matter. The Trustee has indicated that such actions could recover more than $800 million. Without the Trustee Loan, the $2 million

would be paid to Fifth Third anyway as the cash proceeds of its pre-petition, secured claim and the unsecured creditors could be left with nothing.

6. Fifth Third is undertaking a very substantial risk of non-payment in allowing the expenditure of the "Carve Out" monies to perform the Must Do list. It is allowing $2 million, to which it has an absolute right, to be used for the Must Do activities. There is no new collateral, super-priority status, adequate protection or obligation to repay this money other than including it in Fifth Third's allowed claim, which claim is still subject to Section 506 and the attendant risk that Fifth Third will end up being under-secured. This arrangement functions like a negotiated Section 506(c) surcharge at a number that is much higher than Fifth Third wanted. It is therefore completely fair that such surcharge be capped at this number and that further surcharges be waived.

7. The Trustee Loan is a real loan, notwithstanding the source of funds being the cash proceeds of Fifth Third's pre-petition, secured collateral. Fifth Third has an absolute right to those monies now because, by definition, only Fifth Third's cash proceeds are able to be used. If not loaned, those same funds would have to be remitted to Fifth Third. Allowing the money to be spent post-petition, is a new post-petition advance. The only way to restore the pre-petition status quo is to repay the amount used.

8. A Section 506(c) surcharge is limited to the "extent of any benefit to the holder of such claim" with the benefits being limited to "preserving or disposing" of collateral. Accordingly, the only way to provide the additional monies needed to run this case for the benefit of the unsecured creditors – i.e., beyond amounts that would qualify for Section 506(c) treatment – is to allow the Trustee Loan. Even if Fifth Third is numbered among the unsecured

creditors, the result does not change because the benefit to unsecured creditors is not tied to collateral.

9. Finally, the Financing Order does not result in Fifth Third priming anybody's valid pre-petition lien that otherwise would have had priority. To the contrary, property recovered via Chapter 5 actions is impressed with the same liens and in the same priority as existed before the wrongful transfer. Thus, monies recovered in such actions are not "captured" by Fifth Third, if another secured creditor has a superior lien right.

Date:   March 10, 2011                                Respectfully submitted,

/s/ Randall D. LaTour
Randall D. LaTour (admitted pro hac vice)
Jesse Cook-Dubin (admitted pro hac vice)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43216
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vssp.com
Counsel for Fifth Third Bank, N.A.

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 10, 2011, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's ECF system.

- David L. Abt    davidabt@mwt.net

- John W Ames    jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com

- T. Kent Barber    kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

- C. R. Bowles    crb@gdm.com, shm@gdm.com

- Lisa Koch Bryant    courtmail@fbhlaw.net

- James M. Carr    james.carr@bakerd.com, patricia.moffit@bakerd.com

- John R. Carr    jrciii@acs-law.com, sfinnerty@acs-law.com

- Deborah Caruso    dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com

- Bret S. Clement    bclement@acs-law.com, sfinnerty@acs-law.com

- Jesse Cook-Dubin    jcookdubin@vorys.com, vdarmstrong@vorys.com

- Kirk Crutcher    kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com

- Dustin R. DeNeal    dustin.deneal@bakerd.com, patricia.moffit@bakerd.com

- Laura Day DelCotto    ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

- David Alan Domina    dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com

- Daniel J. Donnellon    ddonnellon@ficlaw.com, knorwick@ficlaw.com

- Sarah Stites Fanzini    sfanzini@hopperblackwell.com

- Robert H. Foree    robertforee@bellsouth.net

- Sandra D. Freeburger    sfreeburger@dsf-atty.com, smattingly@dsf-atty.com

- Terry E. Hall    terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.herendeen@bakerd.com

- John David Hoover    jdhoover@hooverhull.com

- John Huffaker   john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- James Bryan Johnston   bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston   tjohnston@mcjllp.com
- Edward M King   tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer   jak@kgrlaw.com, hns@kgrlaw.com
- Theodore A Konstantinopoulos   ndohbky@jbandr.com
- Randall D. LaTour   rdlatour@vorys.com, khedwards@vorys.com
- David L. LeBas   dlebas@namanhowell.com, koswald@namanhowell.com
- Elliott D. Levin   robin@rubin-levin.net, edl@trustesolutions.com
- Elliott D. Levin   edl@rubin-levin.net, atty_edl@trustesolutions.com
- Kim Martin Lewis   kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
- Karen L. Lobring   lobring@msn.com
- John Hunt Lovell   john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net
- John Frederick Massouh   john.massouh@sprouselaw.com
- Kelly Greene McConnell   lisahughes@givenspursley.com
- William Robert Meyer   rmeyer@stites.com
- Allen Morris   amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse   judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern   wsnewbern@msn.com
- Matthew J. Ochs   matt.ochs@moyewhite.com, kim.maynes@moyewhite.com
- Cathy S. Pike   cpike@weberandrose.com, jtench@weberandrose.com
- Ross A. Plourde   ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Wendy W Ponader   wendy.ponader@bakerd.com, sarah.herendeen@bakerd.com
- Timothy T. Pridmore   tpridmore@mcjllp.com, lskibell@mcjllp.com

6

- Jeffrey E. Ramsey    jramsey@hopperblackwell.com, mhaught@hopperblackwell.com
- Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- Jeremy S Rogers    Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com
- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Ivana B. Shallcross    ibs@gdm.com
- Robert K Stanley    robert.stanley@bakerd.com
- Meredith R. Thomas    mthomas@daleeke.com, kmark@daleeke.com
- John M. Thompson    john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Stephen A. Weigand    sweigand@ficlaw.com
- Charles R. Wharton    Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
- Sean T. White    swhite@hooverhull.com, fgipson@hooverhull.com
- Jessica E. Yates    jyates@swlaw.com, edufficy@swlaw.com
- James T. Young    james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net;mthornburg@rubin-levin.net

I further certify that on March 10, 2011, a copy of such document was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

    N/A

                                /s/Randall D. LaTour
                                Randall D. LaTour