UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING BAR DATES
FOR FILING PROOFS OF CLAIM AND EQUITY INTERESTS, AND APPROVING
THE PROPOSED FORM AND MANNER OF NOTICE THEREOF**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), by counsel, hereby files this motion ("Motion") seeking the entry of an order (i) establishing final dates by which the holders of claims against and interests in Eastern Livestock Co., LLC ("Debtor") must file proofs of claim, and (ii) approving the proposed claim form and manner of notice.

This Court has already set the date of May 2, 2011 for creditors claiming against cattle sales proceeds received by Debtor to file a claim.

This Motion requests that the Court establish the same date of May 2, 2011 for all creditors other than governmental entities, and June 30, 2011 for governmental entities.

Creditors whose claims arise from the postpetition rejection of executory contracts or leases shall file a claim by the later of (a) thirty days after the entry of an order rejecting the contract or lease, and (b) May 2, 2011.

In support of the Motion, the Trustee respectfully states as follows:

**Preliminary Statement**

1. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101 et seq. ("Bankruptcy Code").  This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] ("Order for Relief") on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102], approving the United States Trustee's *Notice Of Appointment And Application For Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

### Jurisdiction

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are section 501 of the Bankruptcy Code and Rules 2002, 3002, 3003 and 9008 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

### Relief Requested

6. By this Motion, the Trustee seeks entry of an order ("Bar Date Order"), substantially in the form attached hereto as Exhibit A, pursuant to section 501 of the Bankruptcy Code and Bankruptcy Rules 2002, 3002, 3003 and 9008 establishing bar dates for filing proofs of claim and equity interests and approving the proposed form and manner of notice thereof.

### Basis for Relief

7. Bankruptcy Rule 3003(c)(3) provides:  "The court shall fix and for cause shown may extend the time within which proofs of claim or interests may be filed."  Fed. R. Bankr. P. 3003(c)(3).  The Local Bankruptcy Rules do not specify a time by which proofs of

claim or equity interests must be filed in Chapter 11 cases. This Motion requests dates set for all claimants.

8. The Trustee respectfully requests entry of the Bar Date Order pursuant to Bankruptcy Rule 3003(c)(3) fixing 11:59 p.m. (prevailing Eastern Time) on May 2, 2011 as the final date and time ("Bar Date") by which creditors other than governmental entities must file a proof of claim or proof of equity interest. The Trustee requests that the Bar Date specifically apply to claims that may be asserted as priority claims and entitled to payment as an administrative expense under section 503(b)(9) of the Bankruptcy Code.

9. The Trustee respectfully requests entry of an order pursuant to Bankruptcy Rule 3003(c)(3) fixing the later of (i) the Bar Date and (ii) thirty (30) days following the entry of an order authorizing rejection of an executory contract or unexpired lease as the final date and time ("Rejection Claim Bar Date") by which a creditor whose claim first arises from the rejection of the contract or lease to file a proof of claim.

10. The Trustee respectfully requests entry of an order pursuant to Bankruptcy Rule 3003(c)(3) fixing 11:59 p.m. (prevailing Eastern Time) on June 30, 2011 as the final date and time ("Governmental Bar Date" and together with the Bar Date and the Rejection Claim Bar Date, "Bar Dates") by which governmental entities must file a proof of claim.

11. The Trustee also requests that the Court approve the proposed form and manner of notice of the Bar Dates attached as Exhibit 1 to the Bar Date Order.

12. Based on the notice procedures set forth below, the Trustee believes that the proposed Bar Dates will give all creditors ample opportunity to prepare and timely file proofs of claim or equity interests.

**Procedure for Filing the Proofs of Claim**

13.  Except as to persons or entities described in paragraph 14 of this Motion, the Trustee proposes that each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust, and governmental unit) that asserts a claim or equity interest, as those terms are defined in section 101(5) and 101(16) of the Bankruptcy Code, including claims entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code, against Debtor arising before the Petition Date or is deemed to arise prior to the Petition Date pursuant to section 501(d) of the Bankruptcy Code, must file with the Court electronically or by delivery of an original, written proof of claim or equity interest that substantially conforms to Official Form No. 10 ("Proof of Claim Form") so as to be actually received by mail, courier or in-hand delivery on or before the applicable Bar Date by the Trustee's claims agent, The BMC Group, Inc. ("Claims Agent").  Proofs of claims or equity interests sent by facsimile or electronic mail will not be accepted.  The Trustee requests that the Court order that all such proofs of claims be deemed timely filed only if **actually received** by the Claims Agent on or before 11:59 p.m. (prevailing Eastern Time) on the applicable Bar Date at one of the following addresses or via the Court's CM/ECF system:

| By mail: | By hand or overnight delivery: |
|---|---|
| BMC Group, Inc.<br>Attn: Eastern Livestock Claims Processing<br>PO Box 3020<br>Chanhassen, MN 55317-3020 | BMC Group, Inc.<br>Attn: Eastern Livestock Claims Processing<br>18750 Lake Drive East<br>Chanhassen, MN 55317 |

14.  The Trustee proposes that the following persons or entities are not required to file a proof of claim or equity interest before the applicable Bar Date:

    a.  Any person or entity that has already properly filed with the Clerk a proof of claim or equity interest against Debtor utilizing a claim form substantially in conformity with the Proof of Claim Form;

      b.    Any person or entity (i) whose claim or equity interest is listed on the Debtor's schedules of assets and liabilities ("Schedules") or any amendments thereto; (ii) whose claim or equity interest is not listed as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount, classification or nature of the claim or equity interest for such person or entity as set forth in the Schedules or any amendments thereto;

      c.    Any person or entity that holds a claim or equity interest that has been allowed by an order of this Court entered on or before the applicable Bar Date;

      d.    Persons or entities whose claims or equity interests have been paid in full by the Debtor prior to the applicable Bar Date; and

      e.    Persons or entities who waived their claims or equity interests pursuant to stipulations or orders of the Court.

15. Pursuant to Bankruptcy Rule 3003(c)(2), the Trustee proposes that any holder of a claim or equity interest against Debtor, including holders of claims entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code, who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim or equity interest against Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to such claim or equity interest, and such holder shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Chapter 11 Case on account of such claim or equity interest or to receive further notices regarding such claim or equity interest.

### Notice of the Bar Date

16. Pursuant to Bankruptcy Rule 2002(a)(7), the Trustee proposes to mail a Bar Date notice, substantially in the form attached hereto as Exhibit 1 ("Bar Date Notice") to Exhibit A and a Proof of Claim Form to:

      a.    All parties listed on Debtor's master creditor list, which includes all known holders of claims and interests and their counsel (if known);

      b.    All state and local taxing authorities for the jurisdictions in which Debtor conducts or previously conducted business;

      c.    Parties to any litigation that was pending as of the Petition Date and any party that has filed a motion to lift the automatic stay;

      d.    All persons and entities requesting notice pursuant to Bankruptcy Rule 2002 as of the entry of the Bar Date Order;

      e.    The Office of the United States Trustee for Region 10; and

      f.    The Internal Revenue Service.

The Trustee, however, requests that it not be required to mail a Bar Date Notice to any creditor or entity where prior mailings have been returned to the Trustee as non-deliverable with no forwarding or alternate address.

      17.    The Bar Date Notice will (i) advise creditors whether they must file a proof of claim under Bankruptcy Rules 3002(a) and 3003(c)(2); (ii) alert such creditors to the consequences of failing to timely file a proof of claim as set forth in Bankruptcy Rule 3003(c)(2); (iii) specify the form to be used in filing a proof of claim; (iv) set forth the Bar Dates and advise creditors that their proof of claim must be **actually received** by the applicable Bar Date; (v) set forth the address to which proofs of claim must be sent for filing; (vi) notify such creditors that proofs of claim must be filed either electronically or with original signatures and not by facsimile or electronic mail; and (vii) notify creditors that they must file on a single proof of claim all claims that they may have against the Debtor.

      18.    The Trustee submits, therefore, that the Bar Date Notice will provide creditors with sufficient information to timely file a properly prepared and executed proof of claim and requests that the proposed procedures regarding the Bar Date Notice be deemed good, adequate and sufficient publication notice.

19. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor or a waiver of the Trustee's rights to dispute any claim. Further, the filing of a proof of claim, including claims entitled to administrative expense priority, does not and shall not create an immediate right to payment.

WHEREFORE, the Trustee respectfully requests that the Court enter the Bar Date Order granting the relief requested herein and for such further relief as is just and proper.

Respectfully submitted,

BAKER & DANIELS LLP

By: /s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Robert K. Stanley (#1745-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
robert.stanley@bakerd.com
terry.hall@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@bakerd.com

## CERTIFICATE OF SERVICE

       I hereby certify that on March 17, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
jwa@gdm.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Cathy S. Pike
cpike@weberandrose.com

Robert H. Foree
robertforee@bellsouth.net

C. R. Bowles, Jr
crb@gdm.com

Jesse Cook-Dubin
jcookdubin@vorys.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ibs@gdm.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Jeffrey E. Ramsey
jramsey@hopperblackwell.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
robin@rubin-levin.net
edl@trustesolutions.com
John David Hoover
jdhoover@hooverhull.com

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
matt.ochs@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mike@kentuckytrial.com

I further certify that on March 17, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

David A. Domina
ddomina@dominalaw.com

/s/ Terry E. Hall