**SO ORDERED: March 17, 2011.**



_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT
OF THE BMC GROUP, INC. AS CLAIMS AND NOTICING AGENT
UNDER 28 U.S.C. §156(c) AND GRANTING RELATED RELIEF**

Upon the application ("Application") of James A. Knauer, as chapter 11 trustee for the Debtor, Eastern Livestock Co., LLC ("Trustee"), for an order authorizing the retention and appointment of The BMC Group, Inc. ("BMC") as Claims and Noticing Agent, under 28 U.S.C. §156(c), to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claims filed in the chapter 11 case of Eastern Livestock Co., LLC ("Debtor"), and (iii) provide such other administrative services that the Trustee may require, and upon the declaration of Tinamarie Feil submitted in support of the Application; and the Trustee having estimated that there are in excess of 1,400 creditors in this chapter 11 case, many of which are expected to file proofs of claims, and it

appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that BMC has the capability and experience to provide such services and that BMC does not hold an interest adverse to the Debtor or estate respecting the matters upon which they are to be engaged; and good and sufficient notice of the Application having been given; and no other or further notice being required; and it appearing that the employment of BMC is in the best interests of the Debtor, estate and creditors; and sufficient cause appearing therefor; it is hereby

**ORDERED,** that the Trustee is authorized to retain BMC effective March 11, 2011 as an administrative expense of the Debtor's estate under section 503(b) of the Bankruptcy Code to perform the noticing and other services set forth in the Application and to receive, maintain, record and otherwise administer the proofs of claim filed in this chapter 11 case; and it is further

**ORDERED,** that BMC is appointed as Claims and Noticing Agent and, as such, is the custodian of court records and designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain an official claims register for the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk; and it is further

**ORDERED,** that BMC is authorized and directed, if applicable, to perform all related tasks to process the proofs of claim and maintain a claims register including:

    (a)    Notify all potential creditors of the filing of the bankruptcy petition and of the setting of the date for the first meeting of creditors, pursuant to §

341(a) of the Bankruptcy Code, under the proper provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure unless such notice has already been given;

(b) Maintain an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, "Schedules"), listing the Debtor's known creditors and the amounts owed thereto;

(c) Notify all potential creditors of the existence and amount of their respective claims as evidenced by the Debtor's books and records and as set forth in the Schedules;

(d) Furnish a notice of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court;

(e) Maintain a post office box for the purpose of receiving claims;

(f) File with the Clerk an affidavit or certificate of service which includes a copy of the notice, a list of persons to whom it was mailed (in alphabetical order), and the date mailed, within seven (7) days of service;

(g) Docket all claims received by the Clerk's office, maintain the official claims register ("Claims Register") for the Debtor on behalf of the Clerk, and, upon the Clerk's request, provide the Clerk with certified duplicate, unofficial Claims Register every thirty (30) days until the claims bar date has passed and then every sixty (60) days after that time only if additional claims have been filed;

(h) Specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the

name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.);

(i) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(j) Relocate, by overnight delivery with prepaid Federal Express envelopes to be provided by BMC, all of the court-filed proofs of claim to the offices of BMC, not less than weekly;

(k) Upon completion of the docketing process for all claims received to date for the case, turn over to the Clerk a copy of the Claims Register for the Clerk's review (upon the Clerk's request);

(l) Make changes in the Claims Register pursuant to Court Order;

(m) Maintain the official mailing list for the Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

(n) Assist with, among other things, solicitation and calculation of votes and distribution as required in furtherance of confirmation of a plan(s) of reorganization;

(o) Thirty (30) days prior to the close of this case, arrange to have submitted to the Court a proposed Order dismissing the claims and noticing agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of this case; BMC will be notified of the anticipated closing of this case no later than ninety (90) days prior to the filing of a motion to close the case;

  (p) File with the Court the final version of the Claims Register immediately before the close of the chapter 11 case; and

  (q) At the close of the case, box and transport all original documents, in proper format, as provided by the Clerk's Office, to the Federal Archives Record Administration, located at Great Lakes Region, 7358 South Pulaski Road, Chicago, IL 60629-5898.

**ORDERED,** that the Trustee is authorized and directed to obtain a post office box for the receipt of proofs of claim; and it is further

**ORDERED,** that BMC is authorized to take such other action to comply with all duties set forth in the application; and it is further

**ORDERED,** that the Trustee is authorized to compensate BMC on a monthly basis upon the receipt of reasonably detailed invoices setting forth the services provided by BMC in the prior month and the rates charged for each, and to reimburse BMC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation; and it is further

**ORDERED**, that BMC's fees and expenses shall be an administrative expense of the Estate pursuant to 11 U.S.C. §503(b)(1)(A); and it is further

**ORDERED,** that in the event BMC is unable to provide the services set out in this order; BMC will immediately notify the Clerk and the Trustee's attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Trustee's attorney.

###