UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE OF EASTERN LIVESTOCK CO., LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adversary Proceeding No. ___ |
| | ) | |
| WILLIE DOWNS, | ) ) | |
| Defendant. | ) ) ) | |

## ADVERSARY COMPLAINT

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC for his complaint against Willie Downs, states as follows:

### Jurisdiction & Parties

1.  The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2.  This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.  This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.  Eastern Livestock Co., LLC ("<u>Debtor</u>" or "<u>ELC</u>") was one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, (the "<u>Petition Date</u>") by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

7.  James A. Knauer ("<u>Trustee</u>") was appointed as the Chapter 11 Trustee for ELC.

8.  Defendant Willie Downs ("<u>Downs</u>") is an individual residing at 4840 New Haven Road, Bardstown, KY 40004. Downs was manager of ELC Branch 15, located in Lexington, Kentucky.

**Background**

9.  Following an audit and investigation, Fifth Third Bank placed a hold on ELC's bank accounts on November 2, 2010.

10. In connection with litigation initiated by Fifth Third against ELC and others in Ohio state court, Elizabeth M. Lynch was appointed Receiver for ELC. The Receiver and her staff arrived at ELC's headquarters in New Albany, Indiana, on November 9, 2010.

11. During the period after ELC's accounts were frozen by Fifth Third and before the Receiver arrived on November 9, 2010, checks to ELC from various vendors and customers continued to arrive at ELC's office in New Albany.

12. The usual practice with incoming checks was that Pam Gibson ("Pam"), or another ELC employee, would endorse them on behalf of ELC and then deposit them at Fifth Third.

13. With respect to some checks that that came into ELC's office between November 3, 2010, and November 9, 2010, this usual practice was not followed. Pam endorsed these checks on ELC's behalf. Her signature appears on the back. On information and belief, at the instruction of Steve McDonald ("McDonald"), ELC's chief operating officer, and Thomas Gibson, ELC's sole member, Pam deviated from her normal practice of depositing the checks at Fifth Third and, instead, after endorsing the checks, gave them to McDonald.

14. On information and belief, McDonald then gave certain of the endorsed checks to Downs. Specifically, on information and belief, several of the checks that came into ELC's office on November 5, 2010, made their way from McDonald into the hands of Downs (the "Endorsed Checks").

15. Downs then endorsed and negotiated the Endorsed Checks.

16. On information and belief, the Endorsed Checks total at least $1,243,611.71. Exhibit A, incorporated herein by reference, is a true and correct list of the customers, check makers, and check amounts of the Endorsed Checks that the Trustee identified as of the filing of this complaint. Upon investigation of available records of the Debtor and with the assistance of several of the payor customers, the Trustee has confirmed that endorsed checks totaling

3

$689,436.20 bear Downs's signature.  The Trustee is continuing to investigate, in an effort to verify Downs's signature on additional checks.

## Count I—Fraudulent Transfer (Bankruptcy Code)

17.	The Trustee incorporates by reference the allegations contained in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18.	Under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of transfers that were made by the debtor with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

19.	Acting with actual intent to hinder, delay or defraud, ELC provided endorsed checks totaling at least $1,243,611.71 to Downs.  The intent to hinder, delay, or defraud, is evidenced by the nature and circumstances of the transactions.  The transfer of the endorsed checks from ELC to Downs was a secret transaction that took place outside the usual mode of business and in a manner different than ordinary methods.  Upon information and belief, the transfer was made for no consideration.

20.	Alternatively, under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of transfers made if the debtor received less than reasonably equivalent value in exchange for the transfers and (i) was insolvent at the time of the transfers, (ii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iii) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business

21.	ELC received less than reasonably equivalent value in exchange for the Endorsed Checks.

22. Debtor was insolvent on the date Downs received the Endorsed Checks.

23. Pursuant to §§ 548 and 550 of the Bankruptcy Code, the Trustee can avoid this transfer and recover the value of the Endorsed Checks.

### Count II—Fraudulent Transfer (Indiana Code)

24. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 23, inclusive, as if fully set forth herein.

25. Under Ind. Code § 32-18-2-14, transfers made by a debtor are fraudulent as to present and future creditors if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor or without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was engaged or was about to be engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

26. Under Ind. Code §32-18-2-15, transfers made by a debtor are fraudulent as to present creditors if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was insolvent at that time or (ii) became insolvent as a result of the transfer.

27. Acting with actual intent to hinder, delay or defraud, ELC delivered endorsed checks totaling at least $1,243,611.71 to Downs. The intent to hinder, delay, or defraud, is evidenced by the nature and circumstances of the transactions. The transfer of the checks from ELC to Downs was a secret transaction that took place outside the usual mode of business and in a manner different than ordinary methods. Upon information and belief, the transfer was made for no consideration.

5

28. ELC received less than reasonably equivalent value in exchange for the Endorsed Checks.

29. ELC was insolvent on the date of the transfer of the Endorsed Checks.

30. Pursuant to Indiana Code §§ 32-18-2-14 and -15, the Trustee can avoid this transfer and recover the value of the Endorsed Checks.

### Count III—Preferential Transfer

31. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. According to the Trustee's investigation, Downs received transfers from the Debtor in the form of endorsed checks totaling at least $1,243,611.71.

33. The transfers were made while ELC was insolvent.

34. The transfers were made on or within ninety days before the Petition Date.

35. To the extent Downs was a creditor, the transfers enabled Downs to recover more than he would have received if: (i) the Bankruptcy Case were a case under Chapter 7 of the Bankruptcy Code; (ii) the transfers had not been made; and (iii) Downs had received payment of his debt to the extent provided by the Bankruptcy Code.

36. To the extent the transfers to Downs were transfers of ELC's interest in property on account of antecedent debt and to the extent the transfers were to or for the benefit of Downs as a creditor of ELC, then, pursuant to §§ 547 and 550 of the Bankruptcy Code, the Trustee, on behalf of the estate, is entitled to avoid the transfer and to recover the value of the Endorsed Checks.

### Count IV—Turnover

37. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. The Endorsed Checks were made payable to ELC.

39. The Endorsed Checks were given to and then negotiated by Downs.

40. Downs has possession, custody, or control of the Endorsed Checks and/or the funds received therefrom.

41. The Endorsed Checks and/or the funds Downs received from them are ELC's property.

42. Pursuant to § 542 of the Bankruptcy Code, Downs must deliver the Endorsed Checks and/or the funds to the Trustee.

### Count V—Conversion

43. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. Downs knowingly and intentionally exerted unauthorized control over ELC's property when he took, endorsed, and negotiated checks made payable to ELC.

45. ELC suffered damages as a result of Down's unauthorized possession of and control over the Endorsed Checks and resulting funds.

46. Downs committed criminal conversion under Indiana Code Section 35-43-4-1, *et seq*.

47. Pursuant to the Crimes Victim Act, Indiana Code Section 34-24-3-1, the Trustee is entitled to treble damages, costs, and attorneys' fees.

WHEREFORE, the Trustee demands that this court enter judgment in the Trustee's favor and against Downs, and specifically award the Trustee:

(a) a turnover order, ordering Downs to immediately turn over the Endorsed Checks, or the funds there from, to the Trustee;

(b) damages in the amount of the Endorsed Checks;

(c) prejudgment interest on the Endorsed Checks at the appropriate statutory rate;

(d) attorneys' fees;

(e) punitive or treble damages; and

(f) all other appropriate relief.

BAKER & DANIELS LLP

By: /s/ Harmony A. Mappes
Attorneys for the Trustee

Robert K. Stanley, #1745-49
James M. Carr, #3128-49
Harmony Mappes, #27237-49
Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204-1782
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
robert.stanley@bakerd.com
jim.carr@bakerd.com
harmony.mappes@bakerd.com