UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION UNDER BANKRUPTCY CODE SECTION 1121(d) FOR AN ORDER EXTENDING THE TRUSTEE'S EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT VOTES IN CONNECTION THEREWITH**

James M. Knauer, chapter 11 trustee ("Trustee") in the above-captioned case ("Chapter 11 Case"), files this *Motion Under Bankruptcy Code Section 1121(d) For An Order Extending The Trustee's Exclusive Periods To File A Plan Of Reorganization and Solicit Votes In Connection Therewith* ("Motion") seeking a ninety (90) day extension of his exclusive time in which to file a chapter 11 plan and a ninety (90) day extension of time in which to solicit acceptances of the plan, and for such would respectfully show the Court as follows:

**Preliminary Background**

1. Certain petitioning creditors commenced the Chapter 11 Case against Eastern Livestock Co., LLC ("Debtor") on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").  This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] ("Order for Relief") on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102], approving the United States Trustee's *Notice Of Appointment And Application For Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

**Jurisdiction**

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of the Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory basis for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**Requested Relief**

6. Pursuant to this Motion and section 1121(d)(1) of the Bankruptcy Code, the Trustee seeks the entry of an order extending the periods under sections 1121(b) and (c) of the Bankruptcy Code in which the Trustee has the exclusive right to file a Chapter 11 plan for 90 days, up to and including July 26, 2011, and an additional 90 days to solicit acceptances of such plan, up to and including September 26, 2011, respectively, without prejudice to the Trustee's right to seek additional and further extensions of these periods as may be appropriate under the circumstances then prevailing.

7. No other extensions of the exclusive periods have been requested by the Trustee.

**Basis for Relief**

8. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor/trustee has the exclusive right to file a Chapter 11 plan. Section 1121(c)(3) of the Bankruptcy Code provides that if the debtor/trustee proposes a plan within the statutory exclusive filing period, it has a period of 180 days after the commencement of the Chapter 11 case to solicit votes and gain acceptance of such plan.

2

9. Absent the extensions requested herein, the Trustee's initial exclusive filing period and exclusive solicitation period will expire on April 27, 2011 and June 26, 2011, respectively ("Exclusive Periods"). Pursuant to section 1121(d)(1) of the Bankruptcy Code, the Court may, upon a demonstration of cause, extend the Exclusive Periods. Cause exists for extending the Trustee's Exclusive Periods in this Chapter 11 Case.

10. Section 1121(d)(1) of the Bankruptcy Code provides in part:

> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

11. Congress intended that the period during which only the debtor or trustee may file a Chapter 11 plan be of adequate length for the debtor to formulate, negotiate and draft a plan and solicit acceptances thereof. As reflected in the legislative history of section 1121 of the Bankruptcy Code, Section 1121(d) "allows the flexibility in individual cases" to extend the periods in which the debtor has the exclusive right to file a plan "to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *In re Pub Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (explaining that "the legislative intent . . . [is] to promote maximum flexibility").

12. In circumstances in which the initial period to exclusively file a plan proves inadequate for the debtor/trustee to negotiate and file a plan, the bankruptcy court has the discretion to extend the periods under section 1121 of the Bankruptcy Code for periods of time the Court deems reasonable under the circumstances of the case, within the limits of the Bankruptcy Code.

3

13. In determining whether cause exists to extend the exclusive periods, courts have a "high degree of flexibility in fashioning the appropriate test to be applied." *In re Elder-Beerman Stores Corp.*, 1997 WL 1774880 (S.D. Ohio 1997). Courts generally consider the following factors:

(a) the size and complexity of the case;

(b) the necessity of sufficient time to negotiate and prepare adequate information;

(c) the existence of good faith progress;

(d) whether the debtor is paying its debts as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan of reorganization;

(f) whether the debtor has made progress in negotiating with creditors;

(g) the length of time a case has been pending;

(h) whether the debtor is seeking an extension to pressure creditors; and

(i) whether or not unresolved contingencies exist.

*In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D. N. J. 2002) (and cases cited therein); *see In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Express One Intern, Intl, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

15. The facts and circumstances of the Chapter 11 Case and the express terms of section 1121(d) of the Bankruptcy Code support the extension of the Exclusive Periods as requested herein. *See Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (large size of debtor and concomitant difficulty in formulating a plan are traditional grounds for extension); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) ("[t]he

traditional ground for cause [is] the large size of the debtor and the concomitant difficulty in formulating a plan...").

15. Both Congress and the courts have recognized the size and complexity of a case alone may constitute cause for the extension of the exclusive period to file a plan and solicit acceptances of such plan. "[I]f an unusually large company were to seek reorganization under [C]hapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 231, 232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191, 6362.

15. This Chapter 11 Case presents several unique circumstances that justify the extension of the Exclusive Periods. First, Debtor's records are either missing or inadequate. As a result, the Trustee has spent a considerable amount of time trying to locate and/or recreate necessary corporate records. The size and complexity of Debtor's operations, coupled with the lack of corporate records, has lengthened the information-gathering process beyond that normally present in a chapter 11 case, which has delayed necessary prerequisites to the formulation of a confirmable plan. For example, the Court has just recently entered an order granting the Trustee authority to use cash collateral, obtain debtor-in-possession financing and pay estate expenses necessary to administer the estate.

16. In addition, absent the extensions requested herein, the Exclusive Periods would expire before the occurrence of several important bar dates that have either already been set or are currently requested by motions pending before the Court. The Trustee needs to better understand the universe of claims asserted against Debtor's estate before he can present a confirmable plan.

5

17. Finally, the Trustee needs more time to research and analyze potentially significant causes of action that belong to the estate and that may constitute a large percentage of the estate's overall assets. The current Exclusive Periods do not provide the Trustee with enough time to undertake the discovery that will be necessary to make an informed decision on the merits of such causes of action.

18. Because of the complex nature of this Chapter 11 Case, the multitude of unknown claims, and the significant recordkeeping problems encountered to-date, the Trustee will not be in a position to present a confirmable plan on or before the expiration of the Exclusive Periods. The circumstances outlined above provide ample cause to grant the extension of the Trustee's Exclusive Periods as requested herein.

WHEREFORE, the Trustee requests that the Court enter an order extending the Trustee's exclusive right to file a Chapter 11 plan for 90 days, up to and including July 26, 2011, and an additional 90 days to solicit acceptances of such plan, up to and including September 26, 2011, and for such other and further relief as the Court deems appropriate.

          Respectfully submitted,

          BAKER & DANIELS LLP

          By: /s/ Dustin R. DeNeal

| | |
|---|---|
| James M. Carr (#3128-49) | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| Robert K. Stanley (#1745-49) | |
| Terry E. Hall (#22041-49) | |
| Dustin R. DeNeal (#27535-49) | |
| 300 N. Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| Telephone: (317) 237-0300 | |
| Facsimile: (317) 237-1000 | |
| jim.carr@bakerd.com | |
| robert.stanley@bakerd.com | |
| terry.hall@bakerd.com | |
| dustin.deneal@bakerd.com | |

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@bakerd.com

7

## CERTIFICATE OF SERVICE

       I hereby certify that on March 22, 2011, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
jwa@gdm.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Cathy S. Pike
cpike@weberandrose.com

Robert H. Foree
robertforee@bellsouth.net

William E Smith
wsmith@k-glaw.com

C. R. Bowles, Jr
crb@gdm.com

Jesse Cook-Dubin
jcookdubin@vorys.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ibs@gdm.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Jeffrey E. Ramsey
jramsey@hopperblackwell.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
robin@rubin-levin.net
edl@trustesolutions.com
John David Hoover
jdhoover@hooverhull.com

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
matt.ochs@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mike@kentuckytrial.com

8

I further certify that on March 22, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

David A. Domina
ddomina@dominalaw.com

/s/ Dustin R. DeNeal