## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO. 10-93904-BHL-11** |
| | ) | |
| **EASTERN LIVESTOCK CO., LLC** | ) | |
| | ) | |
| | ) | **Chapter 11** |
| | ) | |
| Debtor | ) | |
| | ) | |

### REQUEST OF GREENEBAUM DOLL & MCDONALD PLLC FOR PAYMENT OF FEES AND EXPENSES PURSUANT TO 11 USC §§ 503(B)(3)(A) AND 503(B)(4) AND RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Greenebaum Doll & McDonald PLLC ("Greenebaum"), in its capacity as counsel for creditors ("Petitioning Creditors") who filed an involuntary bankruptcy petition (the "Involuntary Petition") that resulted in the commencement of the above-referenced Debtor's (as defined below) bankruptcy case, hereby submit its request (the "Request") for payment of fees and reimbursement of expenses (the "Petitioning Fees and Expenses") incurred by: (1) Greenebaum for services rendered in connection with the preparation, filing and prosecution of the Involuntary Petition, the joinders to Involuntary Petition by additional creditors (the "Joinder Motions"), the motion permitting the current receiver to continue to administer Debtor's property (the "Receiver Motion") and the motion for appointment of a trustee (the "Trustee Motion"); and (2) the Petitioning Creditors[1] in connection with filing of the Involuntary Petition, pursuant to 11

---

[1] As Greenebaum is still waiting to hear back from all of the Petitioning Creditors regarding their expenses incurred in connection with the filing of the Involuntary Petition, a separate motion seeking reimbursement of Petitioning Creditors' reasonable and necessary expenses shall be filed with the Court at a later date.

USC §§503(b)(3)(A) and 503(b)(4) and Rule 2016 of the Federal Rules of Bankruptcy Procedure. In support of the Request, Greenebaum respectfully states as follows:

## BACKGROUND

1. Eastern Livestock Co., LLC (the "Debtor") is one of the largest cattle brokerage companies in the United States, with operations in eleven states across the Mid-South, Midwest, and West.

2. This involuntary chapter 11 case arises out of the Debtor's alleged unlawful and fraudulent conduct undertaken for its own benefit and to the detriment of its creditors as well as of our nation's entire cattle industry.

3. The Debtor's alleged conduct prompted an investigation by the U.S. Department of Agriculture ("USDA") and USDA's Grain Inspection, Packers and Stockyards Administration ("GIPSA"), resulting in a filing of an administrative complaint charging the Debtor (and Tommy P. Gibson, one of its principals) with: (1) failure to pay for livestock purchases; (2) failure to pay timely for livestock purchases; and (3) failure to maintain an adequate bond.

4. After investigation, GIPSA estimated, pre-petition, that the Debtor has failed to pay over $130,000,000 to over 700 cattle sellers. As of November 22, 2010, GIPSA had documented $81,000,000 in bad checks had been issued by the Debtor. On November 19, 2010, GIPSA also filed an administrative complaint against the Debtor and Thomas P. Gibson.

5. In addition, On November 10, 2010, a receiver (the "Receiver") was appointed over the Debtor's property and assets (the "State Court Receiver Order") in response to complaints filed in Hamilton County, Ohio (the "Complaints") against the Debtor. *See Fifth*

*Third Bank v. Eastern Livestock Co., LLC*, Case No. A1010267, Court of Common Pleas, Hamilton County, Ohio (the "Ohio Litigation").

6.      On December 6, 2010, David L. Rings, Southeast Livestock Exchange, LLC, and Moseley Cattle Auction LLC (collectively, the "Original Petitioning Creditors) filed the Involuntary Petition against the Debtor (Doc. No. 1). The Original Petitioning Creditors were subsequently joined in the Involuntary Petition by Superior Livestock Auction, Inc., Gary S. Bell, Southland Haulers, LLC, Ike's Trucking, Inc., Breeding Brothers, B&B Farms, Jeremy Coffey, Brent Keith, Dennis Neat, Billy Neat, Jimmy Brummett, and Mike Loy (collectively with the Original Petitioning Creditors, the "Petitioning Creditors").

7.      Contemporaneously with the filing of the Involuntary Petition, the Original Petitioning Creditors filed a motion to allow the Receiver to continue to act as a custodian to administer the Debtor assets ("Receiver Motion") (Doc. No. 11). By the Receiver Motion, the Original Petitioning Creditors sought an order: (1) allowing the Receiver to act as a custodian pursuant to 11 USC § 543 to administer and control all of the Debtor's property as defined by the Bankruptcy Code until a trustee is appointed in this case or the Court orders otherwise; (2) permitting the Debtor, through the Receiver, to operate the Debtor in the ordinary course of business under 11 USC § 303(f), and (3) prohibiting the current management and ownership of the Debtor from taking any action related to the Debtor or its assets. In light of the pending Ohio Litigation and the allegations against the Debtor's management, the continuance of the Receiver needed, at least on an interim basis, to have authority to wind down the Debtor's affairs and care for and liquidate the cattle the Debtor had control of. The Receiver Motion was filed on an

3

emergency basis so that it could be heard by the Court immediately so the Court could formally oversee the Receiver's actions.

8.    It was necessary to file the Receiver Motion in this case to permit a court-controlled entity, the Receiver, to be responsible for the care and liquidation of the Debtor's assets, and most importantly, the cattle which were, at the time the Involuntary Petition was filed, under the contract of the Debtor and the Receiver. The Receiver Motion was joined by the Receiver on December 6, 2010. (*See* Doc. Nos. 14 and 15).

9.    On December 8, 2010, after an emergency hearing held on December 7, 2010, the Court entered an Order approving the Receiver Motion permitting the Receiver to continue to operate as a custodian and administer the Debtor's assets and protect the cattle under the Debtor's control. (*See* Doc. No. 35) (*See also* Doc. No. 36, approving companion motion allowing the payment of certain expenses by the Receiver).

10.    In addition to the Receiver Motion, the Original Petitioning Creditors also filed a motion seeking the appointment of a trustee (the "Trustee Motion") on December 7, 2010 (Doc. No. 27). By the Trustee Motion, the Original Petitioning Creditors sought an order: (1) appointing a trustee; and (2) authorizing and directing the trustee to operate Debtor's business: (a) to ensure that any and all transactions are conducted in the ordinary course of business on an arms-length basis and on commercially reasonable terms; (b) to ensure that the day-to-day management of the Debtor is conducted in the ordinary course of business, on an arms-length basis and on commercially reasonable terms, including the monitoring and administering of all business relationships; (c) preserve, protect and administer assets of the Debtor in an independent

4

manner consistent with the best interest of the Debtor and its creditors; and (d) take such other actions as are commercially reasonable to preserve the property of the estate or prevent loss to the estate under the facts of this case, including the Debtor's pre-petition management's actions and the massive amount of returned checks the appointment of a trustee was required in this case. The Trustee Motion was also filed on an emergency basis so that it could be heard by the Court immediately and the office of the U.S. Trustee could begin the process of selecting a trustee.

11.    After working with the Receiver and the U.S. Trustee, on December 16, 2010, the Court granted the Petitioning Creditors' Trustee Motion and directed the U.S. Trustee to appoint a receiver ("Receiver Order") (Doc. No. 77). After discussing the question of who should be selected as Trustee with the U.S. Trustee and other key duties in this case, James A. Knauer was selected as the Trustee by the U.S. Trustee's office (Doc. No. 98). On December 28, 2010, the Court approved Mr. Knauer's appointment as Trustee (Doc. No. 102).

12.    After working extensively with all parties, including the U.S. Trustee, the Receiver and James Knauer, the case trustee on the administration of the involuntary case, on December 28, 2010, the Order for relief was entered in the Debtor's case (Doc. No. 10).

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a)(b)(1) and 1334(b) and the standing order of reference of the United States District Court for the Southern District of Indiana, dated July 11, 1984. The statutory predicates for the relief sought are

sections 503(b)(3)(A) and 503(b)(4) of title 11 of the United States Code (the "Bankruptcy Code").

14.     This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).   Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

## RELIEF REQUESTED

15.     Pursuant to 11 USC §§503(b)(3)(A) and 503(b)(4) and Rule 2016 of the Federal Rules of Bankruptcy Procedure, Greenebaum and the Petitioning Creditors respectfully request allowance and payment of the Petitioning Fees and Expenses as an administrative expense of the bankruptcy estates.    Greenebaum requests payment of compensation in the amount of $74,696.50, which represents the actual, reasonable and necessary professional services rendered by Greenebaum to the Petitioning Creditors from December 1, 2010, when Greenebaum commenced preparing the Involuntary Petition, through December 28, 2010, when the order of relief was entered in the Debtor's case, as well as for services rendered from March 2, 2011 through March 28, 2011 in connection with the drafting and preparation of the Request, and reimbursement of $3,145.26 for actual, reasonable and necessary expenses incurred during that same period.  As set forth above, a separate motion seeking reimbursement for actual, reasonable and necessary expenses incurred by the Petitioning Creditors in connection with the Involuntary Petition, shall be filed with the Court at a later date as Greenebaum has not heard back from all Petitioning Creditors regarding their expenses.

16.     Below is a summary that is intended to highlight the services performed by Greenebaum and the reasons therefore, and it is not meant to be a detailed description of the

work performed.  Detailed descriptions of the day-to-day services provided by Greenebaum and the time expended by Greenebaum performing such services are fully set forth in attached Exhibit A.

**Summary of Services Rendered by Greenebaum**

17.     Greenebaum first began work in connection with the Involuntary Petition on December 1, 2010.  In the hectic period that followed, Greenebaum was required to review extensive documents and claims in order to determine whether an involuntary filing was in the best interests of our clients, the Petitioning Creditors of the Debtor in general.  After making that determination and in light of the receivership, Greenebaum had to consider and prepare numerous pleadings, including the Receiver and the Trustee Motions.  This matter posed very complex issues of fact and law and demanded substantial time from Greenebaum's attorneys.  In addition, due to the fluid nature of the cattle industry and the urgency of preserving assets of the Debtor, including cattle which the Debtor contracted, Greenebaum was under an incredible time pressure to file the Involuntary Petition and the accompanying motions to ensure that the literally perishable property of the Debtor was not lost, stolen or died.

18.     Among the very first issues Greenebaum considered in connection with the Involuntary Petition was in what venue it should be filed, especially in light of the Ohio Litigation and the State Court Receiver Order.  While the Complaint was filed in, and the receiver appointed by, an Ohio Court, Debtor's principal office was located in New Albany, Indiana.  After substantial consideration and negotiations with interested parties, Greenebaum determined that the Involuntary Petition should be filed in the Southern District of Indiana because that venue would be convenient for most parties.  Further, Greenebaum also researched,

7

the benefits and disadvantages of filing an involuntary petition, and whether to file an involuntary petition under chapter 7 or chapter 11 of the Bankruptcy Code.

19.     Greenebaum prepared the Involuntary Petition, as well as the attendant disclosures and declarations required under the Bankruptcy Rules.     Throughout its representation, Greenebaum worked with the Original Petitioning Creditors regarding the Involuntary Petition and the creditor declarations and disclosures in order to ensure the accuracy of documents, and modified them as needed in the short three-day period preceding the filing. As additional creditors expressed interest in joining the Involuntary Petition, Greenebaum also worked with the joining creditors to prepare the Joinder Motions.

20.     As a receivership was in place under the Ohio Litigation, Greenebaum, on behalf of the petitioning creditors, worked extensively with the state court receiver, both on transition issues and issues related to the continued appropriate control and liquidation of the Debtor's assets.

21.     Greenebaum also discussed the Involuntary Petition, and the issues related to it, with the Office of the United States Trustee.  These discussions focused on the ability of the U.S. Trustee to appoint and interim trustee for the Debtor and the timing of such an appointment.

22.     Based on its work with the Receiver and the United States Trustee, Greenebaum performed extensive factual and legal diligence in connection with both the Receiver Motion and the Trustee Motion.  Specifically, Greenebaum had a very short window to familiarize itself with the multifaceted intricacies of the cattle industry and to examine the complex relationships between the various participants in the trade, such as dealers, packers and producers.

8

23.    The most difficult of the initial pleadings was the Receiver Motion.    When Greenebaum was preparing the Involuntary Petition, Greenebaum discussed the possibility that the Receiver could be appointed, on a temporary basis as an interim trustee and if that could not be done, the time period for appointing a trustee.    After determining that the trustee selection would take several weeks, Greenebaum and the Petitioning Creditors determined that another legal mechanism was needed to ensure the cattle and Debtor's assets were properly maintained. Therefore, Greenebaum "invented" the Receiver Motion to allow the Receiver to continue to oversee the Debtor's assets and ensure that the cattle in the Debtor's care were properly cared for under a procedure that was appropriate under the Bankruptcy Code.    The Receiver Motion, which allowed the state court receiver to oversee the Debtor's operations in bankruptcy under the control of the Bankruptcy Court until a trustee could be appointed, was an unusual and rare motion that presented complex issues of law and sought novel requests for relief.

24.    Greenebaum also drafted the Trustee Motion as well as the declarations and other pleadings in support thereof, and prepared voluminous exhibits that were submitted in support of this motion.    This motion was critical for the proper operation of the Debtor under the Bankruptcy Code and ultimately lead to James Knauer being appointed the Trustee and the Receiver being retained by the Trustee as the estate's financial professional.

25.    Prior and subsequent to the filing of the Involuntary Petition, Greenebaum communicated with the Petitioning Creditors  and interested parties regarding the Involuntary Petition, the Receiver Motion and the Trustee Motion and related issues.    Subsequent to the filing of the Involuntary Petition, Greenebaum participated in hearings with the Court and

9

engaged in myriad calls with interested parties regarding the issues raised by the Involuntary Petition and the Receiver and Trustee Motions.

**The Request is Timely, Reasonable and Should be Granted**

26.     The Request complies with the provisions of 11 USC §§ 503(b)(3)(A) and 503(b)(4), which authorize allowance of administrative expenses.  The relevant provisions of Section 503 state:

> **(b)** After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including--
>
> **(3)** the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by--
>
> **(A)** a creditor that files a petition under section 303 of this title;
>
> **(4)** reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

11 USC §503.

27.     The fees and expenses incurred by Greenebaum were necessary and reasonable. In the short period preceding the filing of the Involuntary Petition and the extensive litigation and work that followed, Greenebaum was required to familiarize itself with the very complex nature of the cattle industry the Debtor's extensive fraud and the business relationship between the Debtor and the Petitioning Creditors, as well as prepare and defend the Receiver Motion and the Trustee Motion, which eventually led to the appointment of the Trustee and preservation of Debtor's assets.

10

28.    Likewise, any expenses incurred by the Petitioning Creditors in connection with the Involuntary Petition were necessary and reasonable. During the period preceding and following the filing of the Involuntary Petition, the Petitioning Creditors were invaluable to Greenebaum's understanding of the cattle industry as well as its understanding of how the Debtor conducted its business. The Petitioning Creditors are entitled to reimbursement of these expenses based upon the Petitioning Creditors' substantial contribution in this involuntary chapter 11 case. The Petitioning Creditors played an integral part in the preparation of the Involuntary Petition and numerous documents filed in support thereof and their participation in the hearings before this Court aided the Court in its decision to approve the Trustee Motion.

29.    Accordingly, Greenebaum respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit B: (1) granting this Request, (2) allowing the Petitioning Fees and Expenses as an administrative expense; (3) directing the Debtor to pay the Petitioning Fees and Expenses in full to Greenebaum; and (4) granting any further relief it deems appropriate.

## CONCLUSION

WHEREFORE, for the reason set forth above, Greenebaum respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit B: (1) granting this Request, (2) allowing the Petitioning Fees and Expenses as an administrative expense; (3) directing the Debtor to pay the Petitioning Fees and Expenses in full to Greenebaum; and (4) granting any further relief it deems appropriate

11

Respectfully submitted,

/s/ C.R. Bowles, Jr.
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3746
Facsimile: 502-540-2274
E-mail: crb@gdm.com

## CERTIFICATE OF SERVICE

This is to certify that on March 30, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System, parties may access this filing through the Court's system.

Charles R. Wharton
Office of U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis IN 46204
Charles.R.Wharton@usdoj.gov

Kim Martin Lewis
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati OH 45202
(513) 977-8259
Fax (513) 977-8141
Kim.lewis@dinslaw.com

Elizabeth M. Lynch
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, OH 43017-5045
Cell (216) 401-5642
Office (614) 734-2717
Fax (614) 734-2718
elynch@dsi.biz

Randall D. LaTour
Vorys, Sater, Seymour and Pease, LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, OH 45202
RDLlTour@vorys.com

Southeast Livestock Exchange, LLC
Attn: John M. Queen, III
PO Box 1306
Waynesville, NC 28786
(828) 454-0267
Fax (828) 454-0268
selex@bellsouth.net

Moseley Cattle Auction LLC
Attn: John F. Moseley, III
1044 Arlington Avenue
Blakely GA 39823
(229) 308-6355
Fax (888) 461-7919
cmoseley@swgafarmcredit.com

David L. Rings
1288 Frontage Road
Russell Springs, KY 42642
(270) 585-1824
bonnierings@spsfence.com

Jeffrey T. Wegner
Kutak Rock LLP
The Omaha Building
1650 Farnam Street
Omaha NE 68102
(402) 346-6000
Jeffrey.Wegner@KutakRock.com

13

Jessee Cook-Dubin
Vorys, Sater, Seymour and Pease LLP
PO Box 1008
52 Gray Street
Columbus, OH 43216-1008
(614) 464-6498
Fax (614) 719-4752
jcookdubin@vorys.com

Counsel for Fifth Third Bank

Richard A. Schwartz
Kruger & Schwartz
3339 Taylorsville Road
Louisville, KY 40205
(502) 485-9220
ecfmailschwartz@gmail.com

Counsel for Thomas & Patsy Gibson

Eastern Livestock Co., LLC
135 West Market Street
New Albany, IN 47150
(800) 634-2529
Fax (812) 949-9060
contact@easternlivestock.net

Mark A. Rondeau
Watkins Calcara, CHTD
1321 Main – Suite 300
P.O. Drawer 1110
Great Bend Kansas 67530
(620) 792-8231
Fax (602) 792-8231
mrondeau@wcrf.com

Counsel for Innovative Livestock Services,
Inc.

John O'Brien
Jessica E. Yates
1200 17th Street, Suite 1900
Denver, CO 80202
(303) 634-2000
Fax (303) 634-2020
jobrien@swlaw.com
jyates@swlaw.com

Counsel for Fredin Brothers, Inc.

David L. Abt
ABT Law Office
210 North Main Street, PO Box 128
Westby, WI 54667
(608) 634-2157
Fax (608) 634-2159
davidabt@mwt.net

Counsel for Rush Creek Ranch, LLP

John H. Lovell
Courtney D. Miller
Lovell, Lovell, Newsom & Isern, L.L.P.
112 West 8th Avenue, Suite 1000
Amarillo, TX 79101-2314
(806) 373-1515
Fax (806) 379-7176
john@lovell-law.net
Courtney@lovell-law.net

Counsel for Cactus Growers, Inc.
Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204
(317) 636-3471
Fax (317) 636-6575
bclement@acs-law.com

Counsel for First Bank & Trust Co.

14

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
(317) 636-3471
Fax (317) 636-6575
jrciii@acs-law.com

Counsel for First Bank & Trust Co.

Trustee
Kathryn L Pry
P O Box 6771
New Albany, IN 47151
812-944-2646
Email: kpry.trustee@insightbb.com

*/s/ C.R. Bowles, Jr.*

4306614_4.doc

15

**EXHIBIT A**

GREENEBAUM DOLL & McDONALD PLLC
P.O. Box 635179
Cincinnati, OH 45263-5179
I.D. #61-0468813

David L. Rings
1288 Frontage Road
Russell Springs, KY 42642

Account No.: 118454.000001
Invoice No.: 4216255
Invoice Date: March 28, 2011

---

**EASTERN LIVESTOCK CO., LLC**

FOR PROFESSIONAL SERVICES RENDERED THROUGH MARCH 28, 2011:

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/01/10 | IB | Research bankruptcy issues with filing an involuntary petition; focus on protections to creditors | 2.50 | 437.50 |
| 12/02/10 | IB | Discuss involuntary bankruptcy questions; research bankruptcy issues | 4.00 | 700.00 |
| 12/02/10 | JWA | Prepare for and answer questions; office conference regarding same; conference regarding Eastern Livestock case | 4.20 | 1,911.00 |
| 12/02/10 | MGS | Review questions; assisted in preparation of answers; meeting with potential clients and counsel | 3.20 | 1,440.00 |
| 12/03/10 | CRB2 | Worked on involuntary filing issue | 0.60 | 222.00 |
| 12/03/10 | IB | Work on involuntary bankruptcy pleadings and office conferences | 9.00 | 1,575.00 |
| 12/03/10 | JWA | Assembling information to evaluate course of action; multiple telephone conferences regarding facts in case; information regarding Gibson filing; contact with Allie Devine; multiple office conferences regarding Fifth Third; telephone conference | 7.90 | 3,594.50 |
| 12/03/10 | MGS | Reviewed potential conflicts of interest and ethical issues regarding third party payments of fees; assisted in preparation for Monday filing | 2.20 | 990.00 |
| 12/03/10 | SHM | Begin Preparing Involuntary Petition and initial pleadings for involuntary filing | 2.40 | 444.00 |
| 12/04/10 | IB | Work on involuntary bankruptcy filing documents and attention to correspondence | 5.00 | 875.00 |
| 12/04/10 | JWA | Continued work on evaluating cause of action for multiple e-mails; telephone conference; additional | 7.20 | 3,276.00 |

Louisville, Kentucky  Lexington, Kentucky  Covington, Kentucky  Cincinnati, Ohio  Frankfort, Kentucky

GREENEBAUM DOLL & McDONALD PLLC

David L. Rings
118454.000001

Invoice No.:     4216255
Invoice Date:    March 28, 2011
Page             2

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|------|---------------------|-------------|-------|--------|
| | | creditors; telephone conference and e-mails; work on assembling creditors for Involuntary chapter 11 filing; attendant motion | | |
| 12/05/10 | CRB2 | Reviewed and revised draft of trustee motion | 2.30 | 851.00 |
| 12/05/10 | IB | Revise Petitioning Creditors' declarations | 1.00 | 175.00 |
| 12/05/10 | JWA | Work on preparing involuntary petition expedited motion for appointment of an interim trustee; telephone conference regarding conflicts; reviewed drafts of motion; e-mails regarding conference call | 6.90 | 3,139.50 |
| 12/05/10 | SHM | Preparing Involuntary Petition and initial pleadings for involuntary filing | 1.40 | 259.00 |
| 12/06/10 | CRB2 | Worked on involuntary petition filing and related pleadings | 4.10 | 1,517.00 |
| 12/06/10 | CRB2 | Worked on the interim trustee motion | 2.80 | 1,036.00 |
| 12/06/10 | CRB2 | Discussed the trustee motion and drafted 543 motion to permit Receiver to operate pending Trustee appointment | 3.10 | 1,147.00 |
| 12/06/10 | IB | Work on Involuntary Petition filing; draft pleadings regarding same; conference calls with interested parties | 4.00 | 700.00 |
| 12/06/10 | IB | Revise declarations, work on joinder motions; conference calls with interested parties; revise trustee motion; work on expedited hearing motions | 4.30 | 752.50 |
| 12/06/10 | IB | Work on 543 motion; revise pleadings for filing | 3.50 | 612.50 |
| 12/06/10 | JWA | Work on involuntary petition, motion to appoint Interim Trustee; telephone conference with R. LaTour; Fifth Third, status; two telephone conferences and e-mails with Allie Devine; attorney for National Cattle Beef Association; telephone conference with P. Kunkel; telephone conference with L. Lynch, Receiver in Ohio Action; telephone conference with Prospective additional creditors to involuntary; telephone conference with bankruptcy court; modified pleadings; work on and prepare new pleadings; telephone conference with B. Foree | 9.90 | 4,504.50 |
| 12/06/10 | MGS | Prepare for filing of involuntary and hearing on receiver; multiple phone calls regarding same | 3.70 | 1,665.00 |
| 12/06/10 | SHM | Finalize and electronically file Involuntary Petition; assist regarding numerous emergency pleadings | 9.30 | 1,720.50 |

GREENEBAUM DOLL & McDONALD PLLC

David L. Rings
118454.000001

Invoice No.:       4216255
Invoice Date:    March 28, 2011
Page                3

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/07/10 | CRB2 | Completed trustee motion and filed for emergency hearing regarding same | 2.60 | 962.00 |
| 12/07/10 | CRB2 | Prepared for and participated in hearing 543 and receiver sale motion | 3.70 | 1,369.00 |
| 12/07/10 | CRB2 | Worked on motion to liquidate cattle and reduce estate expenses filed by receiver | 2.10 | 777.00 |
| 12/07/10 | IB | Work on revising the Trustee Motion/Order and circulate to interested parties | 3.00 | 525.00 |
| 12/07/10 | IB | Discuss Hearing held on 12/7/2010 | 0.50 | 87.50 |
| 12/07/10 | IB | Work on declarations and joinder motions; conference calls with interested parties | 3.30 | 577.50 |
| 12/07/10 | JWA | Received and reviewed Emergency Motion from Receiver with exhibits; telephone conference with attorney for receiver; telephone conference regarding NBCA interests, position regarding receiver; received and reviewed numerous pleadings; telephone conference regarding Motion; regarding hearing; prepare for hearing; numerous telephone conferences with Kim Martin Lewis; participated in telephonic hearing; post hearing telephone conference regarding order | 10.60 | 4,823.00 |
| 12/07/10 | MGS | Reviewed documents related to receiver; conference regarding same | 2.30 | 1,035.00 |
| 12/07/10 | SHM | Assist in preparation for today's hearings; finalize, electronically file and serve emergency motion to appoint trustee; draft joinder motions; work on service issues; | 5.80 | 1,073.00 |
| 12/08/10 | CRB2 | Worked with court on finalizing hearing times and 11 U.S.C. and 543 motion | 3.40 | 1,258.00 |
| 12/08/10 | IB | Work on joinder motions; conference calls with interested parties; revise pleadings | 4.20 | 735.00 |
| 12/08/10 | JWA | E-mails regarding hearing, NCBA position regarding Motion for Interim Trustee; received and reviewed order from Judge Lorch; work on additional interviewing petitioning creditor; telephone conference with interested parties regarding language of Judge Lorch's order | 2.10 | 955.50 |
| 12/08/10 | MGS | Addressed issues related to powers of receiver | 0.80 | 360.00 |

GREENEBAUM DOLL & McDONALD PLLC

David L. Rings
118454.000001

Invoice No.:   4216255
Invoice Date:  March 28, 2011
Page           4

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|------|---------------------|-------------|-------|--------|
| 12/08/10 | SHM | Draft and file pro hac vice motions; proposed orders and supporting affidavits; upload 543 Order per Kristin Goss at bankruptcy court; prepare 7001 corporate ownership statements; continue preparing service list | 4.60 | 851.00 |
| 12/09/10 | CRB2 | Worked on evidence and testimony for Monday hearing | 0.80 | 296.00 |
| 12/09/10 | IB | Work on issues and pleadings for Hearing to be held on 12/13/2010; conference calls with interested parties | 7.50 | 1,312.50 |
| 12/09/10 | JWA | Reviewed interpretation of court order and Receiver's response; prepare for proffers; proof necessary for hearing for Interim Receiver; received and reviewed NCBA's position paper; received and reviewed multiple notices and pleadings from Bankruptcy Court | 3.60 | 1,638.00 |
| 12/09/10 | MGS | Prepare for Monday hearing | 1.00 | 450.00 |
| 12/09/10 | SHM | Download and distribute Order Granting Expedited hearing; Notice of Expedited Hearing | 0.80 | 148.00 |
| 12/09/10 | SHM | Continue preparation for joinder motions | 0.80 | 148.00 |
| 12/09/10 | SHM | Prepare and electronically file certificates of service regarding summons | 0.60 | 111.00 |
| 12/09/10 | SHM | Prepare affidavits in support of motions for pro hac vice admission | 0.90 | 166.50 |
| 12/10/10 | IB | Draft memorandum in support of the Trustee Motion | 3.50 | 612.50 |
| 12/10/10 | IB | Prepare pleadings for 12/13/2010 Hearing; draft proffers; coordinate Hearing logistics; conference calls with interested parties | 4.50 | 787.50 |
| 12/10/10 | JWA | Received and reviewed proffer of G. Bell for initial review; received and reviewed multiple notices, summons and modifications from Bankruptcy Court | 1.10 | 500.50 |
| 12/10/10 | SHM | Assist in preparation for conference call today | 0.80 | 148.00 |
| 12/10/10 | SHM | Prepare; electronically file and serve notice of hearing for Monday, December 31 | 0.50 | 92.50 |
| 12/10/10 | SHM | Revise; electronically file and serve joinder motions | 0.70 | 129.50 |
| 12/11/10 | JWA | Continued receipt of multiple notices of appearance orders regarding same etc. from U.S. Bankruptcy Court; reviewed and commented on initial draft of Memo in support of Trustee for hearing; prepare for hearing including initial review of proferrs testimony required | 5.40 | 2,457.00 |
| 12/12/10 | JWA | Continued preparation for hearing | 4.10 | 1,865.50 |

GREENEBAUM DOLL & McDONALD PLLC

David L. Rings
118454.000001

| Invoice No.: | 4216255 |
|---|---|
| Invoice Date: | March 28, 2011 |
| Page | 5 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/13/10 | CRB2 | Prepared for and attended hearing on appointment of a trustee and meeting with receiver secured parties and UST regarding practical resolutions of the issues | 6.70 | 2,479.00 |
| 12/13/10 | JWA | Telephone conferences regarding hearing; received and reviewed emergency motions from Receiver to conduct business with budgets; office conference and prepare for hearing and testifying; pre-hearing conference.; hearing regarding Trustee before Judge Lorch; post-hearing meeting with Bankruptcy Court, Trustee's lawyer, U.S. Trustee regarding funding; work on alternates to be presented | 6.20 | 2,821.00 |
| 12/13/10 | SHM | Assist in preparation for today's hearings | 3.20 | 592.00 |
| 12/13/10 | SHM | Review motion for relief from stay and abandonment of property filed by Republic Bank | 0.50 | 92.50 |
| 12/13/10 | SHM | Review Motion of State Court Receiver to Operate in Pre-Appointment period | 0.40 | 74.00 |
| 12/13/10 | SHM | Finalize and electronically file Memorandum In Support of Motion to Appoint Trustee | 0.50 | 92.50 |
| 12/14/10 | CRB2 | Worked on receiver issues during gap period and forwarded trustee order to court | 1.40 | 518.00 |
| 12/14/10 | JWA | Telephone conference regarding status of Trustee and hearing; conference call regarding status case; received and reviewed multiple appearances and notices | 2.40 | 1,092.00 |
| 12/15/10 | CRB2 | Worked on involuntary filing and trustee appointment issues | 2.50 | 925.00 |
| 12/15/10 | JWA | Telephone conference regarding statue of involuntary cases | 0.70 | 318.50 |
| 12/17/10 | SHM | Draft and electronically file request for Monday's transcript; e-mail to Amy Bruckert at bankruptcy court regarding same | 0.40 | 74.00 |
| 12/17/10 | SHM | Revise and re-upload order granting motion to appoint trustee | 0.40 | 74.00 |
| 12/22/10 | CRB2 | Reviewed receiver authorization order concerning scope of authority | 0.40 | 148.00 |
| 12/23/10 | CRB2 | Reviewed the Eastern Trustee Order | 0.70 | 259.00 |
| 12/27/10 | CRB2 | Reviewed Order of relief to be entered and final Order appointing a trustee | 0.80 | 296.00 |

GREENEBAUM DOLL & McDONALD PLLC

David L. Rings
118454.000001

| | | |
|---|---|---|
| Invoice No.: | 4216255 |
| Invoice Date: | March 28, 2011 |
| Page | 6 |

| DATE | ATTORNEY/ PARALEGAL | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|---|
| 12/27/10 | IB | Work on certificate of service | 1.50 | 262.50 |
| 12/28/10 | JWA | Received and reviewed Order for Relief | 0.50 | 227.50 |
| 12/28/10 | MGS | Meeting with Trustee | 1.20 | 540.00 |
| 03/02/11 | IB | Discuss 503 motion with C. Bowles and M. Shaikun; research 503 motions; discuss same with C. Bowles; start drafting the 503 motion | 2.50 | 437.50 |
| 03/02/11 | MGS | Conference with I. Shallcross regarding 503 motion | 0.40 | 180.00 |
| 03/03/11 | IB | Work on draft of 503 fee motion | 1.50 | 262.50 |
| 03/04/11 | IB | Work on 503 fee motion | 1.00 | 175.00 |
| 03/07/11 | IB | Finish drafting 503 fee motion; revise motion; discuss same with C. Bowles | 2.50 | 437.50 |
| 03/07/11 | SHM | Assist I. Shallcross regarding 503(b) Motion | 0.60 | 111.00 |
| 03/07/11 | SHM | Review files and prepare list of joining creditors | 0.60 | 111.00 |
| 03/08/11 | CRB2 | Worked on drafting of 503 administration claim for petitioning creditors | 1.70 | 629.00 |
| 03/08/11 | MGS | Reviewed revised fee application; conference with C. Bowles regarding fee application | 0.40 | 180.00 |
| 03/09/11 | CRB2 | Completed revision to fee application for filing of involuntary petition and related motions | 2.10 | 777.00 |
| 03/09/11 | IB | Work on 503 fee motion exhibits | 1.00 | 175.00 |
| 03/14/11 | SHM | Drafting letter to creditors regarding 503(b) motion | 0.70 | 129.50 |
| 03/28/11 | CRB2 | Completed 503 fee motion | 0.50 | 185.00 |
| 03/28/11 | MGS | Worked on final revisions to fee application | 0.50 | 225.00 |

FEES FOR PROFESSIONAL SERVICES RENDERED                                                      $     74,696.50

OUT-OF-POCKET EXPENSES

| | | |
|---|---|---|
| 12/6/10 | Misc. - PAID TO: Fifth Third Bank USBC - IN - S | 1,039.00 |
| 12/17/10 | Depositions - PAID TO: GCI Transcript Service Hearing transcript | 287.05 |
| 1/7/11 | Refund from GCI Transcription Svcs - Depositions | (48.20) |
| | Administrative Expense (including | |

Gʀᴇᴇɴᴇʙᴀᴜᴍ Dᴏʟʟ & McDᴏɴᴀʟᴅ ᴘʟʟᴄ

| | |
|---|---|
| David L. Rings | Invoice No.:      4216255 |
| 118454.000001 | Invoice Date:    March 28, 2011 |
| | Page             7 |

telephone, photocopy, & postage)          1,867.41

$    3,145.26

INVOICE TOTAL                                      $    77,841.76

### SUMMARY OF PROFESSIONAL SERVICES

| ATTORNEY/PARALEGAL | HOURS | RATE | AMOUNT |
|---|---|---|---|
| J. W. Ames | 72.80 | 455.00 | 33,124.00 |
| M. G. Shaikun, PSC | 15.70 | 450.00 | 7,065.00 |
| C. R. Bowles | 42.30 | 370.00 | 15,651.00 |
| S. H. Mays | 35.90 | 185.00 | 6,641.50 |
| Ivana B. Shallcross | 69.80 | 175.00 | 12,215.00 |
| | 236.50 | | 74,696.50 |

### GREENEBAUM DOLL & McDONALD PLLC
P.O. Box 635179
Cincinnati, OH 45263-5179
I.D. #61-0468813

David L. Rings
1288 Frontage Road
Russell Springs, KY 42642

Account No.: 118454.000001
Invoice No.: 4216255
Invoice Date: March 28, 2011

**REMITTANCE PAGE**

INVOICE TOTAL                                                      $    77,841.76

**PLEASE RETURN THIS COPY WITH YOUR PAYMENT**

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al. | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## ORDER GRANTING REQUEST OF GREENEBAUM DOLL & MCDONALD PLLC FOR PAYMENT OF FEES AND EXPENSES PURSUANT TO 11 USC §§ 503(B)(3)(A) AND 503(B)(4) AND RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

This matter coming before the Court on the Request (the "Request") of Greenebaum Doll & McDonald PLLC ("Greenebaum") for payment of fees and expenses pursuant to 11 USC §§ 503(b)(3)(a) and 503(b)(4), and this Court having reviewed the Request and all pleadings related thereto, having conducted a hearing on the Request, having found that all necessary and appropriate notice of the Request was given and being otherwise sufficiently advised;

**IT IS THEREFORE ORDERED** that the Request[1] is GRANTED in its entirety; and

---

[1] Capitalized terms not defined in this Order shall have the meaning given them in the Request.

**IT IS FURTHER ORDERED** that the Petitioning Fees and Expenses, in the amount of $77,841.76, are hereby ALLOWED as administrative expenses; and

**IT IS FINALLY ORDERED** that the Debtor shall have fourteen (14) days from the entry of this Order to pay the Petitioning Fees and Expenses in full to Greenebaum.

# # #

4333369_1.doc