UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | § § | CHAPTER 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| CACTUS GROWERS, INC., | § § | |
| Plaintiff, | § § | |
| V. | § | Adversary Proceeding No. _____ |
| | § § | |
| ROBERT NICHOLS, JANE NICHOLS, and NICHOLS LIVESTOCK, | § § § | |
| Defendants. | § § | |

**CACTUS GROWERS, INC.'S ORIGINAL COMPLAINT SEEKING APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION AGAINST ROBERT NICHOLS, JANE NICHOLS AND NICHOLS LIVESTOCK**

TO THE HONORABLE BASIL H. LORCH, III, UNITED STATES BANKRUPTCY JUDGE:

Cactus Growers, Inc. ("Cactus"), Creditor in the above bankruptcy, files this Original Complaint Seeking Application for Temporary and Permanent Injunction Against Robert Nichols, Jane Nichols and Nichols Livestock, and their counsel (collectively "Nichols"). In support of this Complaint, Cactus alleges as follows:

I.

PARTIES

1. **Cactus Growers, Inc.** is a Texas Corporation with its principal place of business in Amarillo, Texas.

2. Defendant **Nichols Livestock,** is a company with its principal place of business in Oklahoma. It may be served at 21767 E. 1580 Rd., Mt. Park, Oklahoma 73559.

3. Defendants **Robert and Jane Nichols** are the owners of Nichols Livestock and are residents and citizens of Oklahoma. Both may be served at 21767 E. 1580 Rd., Mt. Park, Oklahoma 73559. Their attorneys of record in the Oklahoma lawsuit currently on file in the United States District Court for the Western District of Oklahoma are: Jack S. Dawson and Joseph Rogers, MILLER DOLLARHIDE, P.C.**,** 100 Park Avenue, Second Floor, Oklahoma City, Oklahoma 73102.

## II.

### JURISDICTION AND VENUE

4. This Adversary Proceeding is brought pursuant to Bankruptcy Rule 7001(7) and arises under 11 U.S.C. §362(a) and (k)(1), and §541. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1334 and Bankruptcy Rule 7001(7).

5. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (d).

6. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §1409(a).

## III.

### BACKGROUND

7. The purpose of this proceeding is to enjoin creditors Robert Nichols, Jane Nichols, and Nichols Livestock, and their counsel (collectively "Nichols") from a continued violation of the 11 U.S.C. §362 automatic stay and interpleader injunction provisions of 28 U.S.C. §2361 through their unauthorized prosecution of an Oklahoma federal court case. The Oklahoma Case involves 125

steers that are the subject of this bankruptcy and an Amarillo, Texas Interpleader that is being transferred to this Court's jurisdiction.

8. On January 18, 2011, despite direct knowledge of this bankruptcy case and the Amarillo federal interpleader case, Nichols filed a one-page lawsuit against Cactus in Kiowa County, Oklahoma regarding the same 125 steers and proceeds therefrom that are the subject of this bankruptcy case and the Amarillo interpleader. (Exhibit 1, attached hereto). Pursuant to an agreed order, the Amarillo Interpleader has now been removed to the United States Bankruptcy Court for the Northern District of Texas and will be transferred to this Court. (Dkt. 301 and 329). The hearing on the motion to transfer the Amarillo Interpleader case from the Amarillo Bankruptcy Court to this bankruptcy court is set for hearing on April 14, 2011.

9. Nichols attached to its Oklahoma state court petition an invoice dated November 8, 2010. (Exhibit 1, exhibit A to Nichols' State Court Petition). Nichols' exhibit to its Oklahoma Case is for the same 125 head of steers that are involved in the Amarillo Interpleader. (Exhibit 1, exhibit A to Nichols' State Court Petition; Exhibit 2, exhibit A to Amarillo interpleader case, attached hereto). The Amarillo Interpleader was filed on November 19, 2010. This Court has already determined the Amarillo Interpleader is subject to the bankruptcy stay. Therefore, Nichols' claims to the proceeds for the 125 steers is also subject to the bankruptcy stay.

10. Cactus removed Nichols' Oklahoma state court lawsuit to federal district court for the Western District of Oklahoma where it is styled Case No. 5:11-cv-00114-F; *Robert and Jane Nichols d/b/a Nichols Livestock v. Cactus Growers, Inc. a/k/a Cactus Feeders, Inc.*, United States District Court, Western District of Oklahoma. (Exhibit 3, attached hereto). Cactus also filed a motion to dismiss Nichols' case based on the pendency of this bankruptcy and the interpleader

injunction provisions. (Exhibits 4 and 5, attached hereto, without exhibits). The Oklahoma federal court has not yet ruled on the motion to dismiss. However, Nichols is persisting in pursuing its Oklahoma Case and continues to ignore the bankruptcy stay.

## IV.

### ARGUMENT AND AUTHORITIES

**An Injunction is Proper and Authorized under 28 U.S.C. §2361.**

11. An order enjoining Nichols from taking any further action in the Oklahoma case is proper for two reasons. First, upon removal of the interpleader action filed in Texas, this Court has jurisdiction over the interpleader action filed pursuant to 28 U.S.C. §1335 and is authorized to enter an order restraining all claimants from instituting or prosecuting any further proceeding in any federal or state court affecting property that is involved in the interpleader action. 28 U.S.C. § 2361. The court's injunctive power "is nationwide and is intended to stop any proceeding the court deems inconsistent with the interpleader proceeding." *U.S. v. Major Oil Corp.,* 583 F.2d 1152, 1157 (10th Cir. 1978). Courts are given this power to reduce the possibility of inconsistent determinations relating to the property involved in the interpleader action. *Id.* at 1158; *Shell Pipe Line Corp. v. West Texas Marketing Corp.,* 540 F. Supp. 1155, 1160 (S.D. Tex. 1982). Clearly, the interpleader action involves questions concerning ownership to proceeds from the sale of cattle, which include the 125 steers that are the subject of the Oklahoma Case. Enjoining further action in the Oklahoma Case will result in judicial economy and prevent any inconsistent rulings relating to the property.

**An Injunction is Proper and Authorized under 11 U.S.C. §362(a)(1).**

12. Second, the Oklahoma Case was filed by Nichols on January 18, 2011, which was after the involuntary bankruptcy commenced on December 6, 2010. Once a bankruptcy is filed,

certain acts are stayed under the automatic stay, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3). Nichols' suit involves property of the bankruptcy estate, and this action is a clear violation of the automatic stay. Thus, Nichols must be enjoined from taking further action in the Oklahoma case.

## V.

### PRAYER

Cactus Growers, Inc. prays that summons issue against the Debtor and against Robert Nichols, Jane Nichols, and Nichols Livestock and that they be required to answer this Complaint, that this Court enjoin Robert Nichols, Jane Nichols, Nichols Livestock and their attorneys from taking any further action in the Oklahoma Case, order the Oklahoma Case be stayed during the pendency of this bankruptcy, order all claims by Robert Nichols, Jane Nichols, and Nichols Livestock against the 125 steers be made in this Court, and award Cactus Growers, Inc., under 11 U.S.C. §362(k)(1), as the Court determines appropriate and for such additional relief as may be necessary that the Court deems just and equitable.

Respectfully submitted,

John H. Lovell
LOVELL, LOVELL, NEWSOM & ISERN, LLP
112 West 8th Avenue, Suite 1000
Amarillo, Texas 79101-2314
(806) 373-1515; FAX (806) 379-7176

By: s/ John Lovell
        John H. Lovell

*Attorneys for Cactus Growers, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing was served on this 6th day of April, 2011 via electronic and/or U.S. Mail upon all parties entitled to receive such notice as provided by the electronic case filing system used by the court and via electronic mail directly as follows:

Ms. Terry Hall    Via email: terry.hall@bakerd.com
BAKER & DANIELS, LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204


/s/ John Lovell
John H. Lovell