## IN THE UNITED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| FRIONA INDUSTRIES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK CO., INC. *et al*., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | CAUSE NO. 2:10-cv-00266-J |
| CACTUS GROWERS, INC., | § | |
| | § | |
| Intervenors, | § | |
| | § | |
| v. | § | |
| | § | |
| EASTERN LIVESTOCK COMPANY, INC. | § | |
| GENE SHIPMAN, EASTERN TENNESSEE | § | |
| LIVESTOCK CENTER, INC., ALTON | § | |
| DARNELL d/b/a DARNELL ALTON BARN, | § | |
| DE CORDOVA CATTLE COMPANY, | § | |
| SUPERIOR LIVESTOCK AUCTION, INC., | § | |
| STOCKMAN OKLAHOMA LIVESTOCK | § | |
| MARKETING, INC., NICHOLS LIVESTOCK, | § | |
| FIFTH THIRD BANK, CHESTER BAY | § | |
| TRUCKING, EAST WEST TRUCKING CO., | § | |
| LLC., IKE'S TRUCKING, INC., PARKER | § | |
| TRUCKING, NEWMAN TRUCKING, CHASE | § | |
| CATTLE COMPANY, JC POWELL d/b/a | § | |
| JC POWELL TRUCKING, JANE, LLC, | § | |
| H & B TRUCKING, LLC, RON NEUFELD, | § | |
| CRYSTAL'S LIVESTOCK EXPRESS, | § | |
| BOMHAK TRUCKING, REITER TRUCKING, | § | |
| INGLAND TRUCKING, LEON BOGARD, | § | |
| PARKS LIVESTOCK, DOUBLE V. EXPRESS, | § | |
| and LLT TRUCKING, INC. | § | |
| | § | |
| Defendants. | § | |

## EXHIBIT 2

## CACTUS GROWERS, INC.'S ORIGINAL COMPLAINT IN INTERVENTION IN THE NATURE OF INTERPLEADER

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Intervenor, CACTUS GROWERS, INC. (hereinafter "Intervenor"), complaining of EASTERN LIVESTOCK COMPANY, INC., GENE SHIPMAN, EASTERN TENNESSEE LIVESTOCK CENTER, INC., ALTON DARNELL d/b/a DARNELL ALTON BARN, DE CORDOVA CATTLE COMPANY, SUPERIOR LIVESTOCK AUCTION, INC., STOCKMAN OKLAHOMA LIVESTOCK MARKETING, INC., NICHOLS LIVESTOCK, FIFTH THIRD BANK, CHESTER BAY TRUCKING, EAST WEST TRUCKING CO., LLC., IKE'S TRUCKING, INC., PARKER TRUCKING, NEWMAN TRUCKING, CHASE CATTLE COMPANY, JC POWELL d/b/a JC POWELL TRUCKING, JANE, LLC, H & B TRUCKING, LLC, RON NEUFELD, CRYSTAL'S LIVESTOCK EXPRESS, BOMHAK TRUCKING, REITER TRUCKING, INGLAND TRUCKING, LEON BOGARD, PARKS LIVESTOCK, DOUBLE V. EXPRESS, and LLT TRUCKING, INC., and pursuant to Federal Rule of Civil Procedure 24, would show the court as follows:

### I.

### PARTIES

1.      Plaintiff **Friona Industries, L.P.**, is a Delaware limited partnership with its principal place of business in Amarillo, Texas.

2.      Defendant **Eastern Livestock Co., Inc.** is a Kentucky limited liability company with its principal place of business at 135 W. Market Street, New Albany, Indiana 47150. Service of summons on Eastern Livestock, Co., Inc. may be made by certified mail, return receipt requested

---

Cactus Feeder's Inc. Original Complaint in Intervention in the nature of Interpleader                Page 2
L:\Paula\DATA\Cactus v. Eastern Livestock.5838\Pleadings\Interpleader.wpd

addressed to its registered agent, Mark S. Fenzel, c/o Middleton & Reutlinger, 2500 Brown & Williamson Tower, Louisville, Kentucky 40202, in accordance with Fed. R. Civ. P. 4(e)(1).

      3.     Defendant **Gene Shipman**, upon information and belief, is an individual residing in Texas. He may be served with summons made by certified mail, return receipt requested addressed to Gene Shipman, 11401 East FM 1075, Happy, TX 79042.

      4.     Defendant **East Tennessee Live Stock Center, Inc.**, upon information and belief, is a Tennessee corporation with its principal place of business in Sweetwater, Tennessee. Service of summons on East Tennessee Live Stock Center, Inc. may be made by certified mail, return receipt requested addressed to its registered agent, Mark W. Houston at Shy 11 North, P.O. Box 326, Sweetwater, Tennessee 37874, in accordance with Fed. R. Civ. P. 4(e)(1).

      5.     Defendant **Alton Darnell d/b/a Darnell Alton Barn**, upon information and belief, Alton Darnell is an individual residing in North Carolina. He may be served with summons made by certified mail, return receipt requested addressed to Alton Darnell, 480 Blevins Hollow Road, Piney Creek, North Carolina 28663.

      6.     Defendant **de Cordova Cattle Company**, upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed its owner, Russell Cordova at 1823 East Highway 64, Groesbeck, Texas 76642.

      7.     Defendant **Superior Livestock Auction, Inc.** is a Colorado corporation with its principal place of business at 1155 N. Colorado Avenue, Brush Colorado 80723. Service of summons on Superior Livestock Auction, Inc. may be made by certified mail, return receipt

requested addressed to its registered agent, Mona F. Wahlert at 1155 North Colorado Avenue, Brush, Colorado 80723, in accordance with Fed. R. Civ. P. 4(e)(1).

8. Defendant **Stockman Oklahoma Livestock Marketing, Inc.**, upon information and belief, is a Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. This Defendant's attorney has agreed to accept service. Service of summons on Stockman Oklahoma Livestock Marketing, Inc. may be made by certified mail, return receipt requested addressed to its attorney, Jeff Todd, McAffee & Taft, 10th Floor - Two Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102-7103.

9. Defendant **Nichols Livestock,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owners, Robert and Jane Nichols, at 21767 E. 1580 Road, Mount Park, Oklahoma 73559.

10. Defendant **Fifth Third Bank** is an Ohio banking corporation with its principal place of business at 38 Fountain Square Plaza, Cincinnati, Ohio 45263. Service of summons on Fifth Third Bank may be made by certified mail, return receipt requested addressed to its registered agent, James H. Hubbard at 38 Fountain Square Plaza, MD #10 at 76, Cincinnati, OH 45263, in accordance with Fed. R. Civ. P. 4(e)(1).

11. Defendant **Chester Bay Trucking,** upon information and belief, is a company with its principal place of business in Colorado. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ron Bay, at 3166 Hwy 50 East, La Junta, Colorado 81050.

12.     Defendant **East West Trucking Company, LLC,** upon information and belief, is a limited liability company with its principal place of business in Kentucky. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Eastern Livestock Company, Inc., at P.O. Box 1763, Glasglow, Kentucky 42142-1763.

13.     Defendant **Ike's Trucking, Inc.,** upon information and belief, is a corporation with its principal place of business in Virginia. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Isaac Jacobs, at P.O. Box 81, St. Paul, Virginia 24283.

14.     Defendant **Parker Trucking,** upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Tommy Parker, at 5618 State Hwy 7, Marlin, Texas 76661-6640.

15.     Defendant **Newman Trucking,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Bobby Newman, at 4414 East 207th, Mounds, Oklahoma, 74047.

16.     Defendant **Chase Cattle Company,** upon information and belief, is a company with its principal place of business in Arizona. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ken Hogenes, at 9621 S. 156th Place, Gilbert, Arizona 85234.

Cactus Feeder's Inc. Original Complaint in Intervention in the nature of Interpleader
L:\Paula\DATA\Cactus v. Eastern Livestock.5838\Pleadings\Interpleader.wpd
Page 5

17.     Defendant **JC Powell d/b/a JC Powell Trucking** upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owners, J.C. & Charlene Powell, at 14707 CR 496, Tyler, Texas 75706.

18.     Defendant **Jane, LLC,** upon information and belief, is a limited liability company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Jane Nichols, at 21767 E. 1580 Road, Mt. Park, Oklahoma 73559.

19.     Defendant **H&B Trucking, LLC,** upon information and belief, is a limited liability company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its president, Kendall Bayless, at RR 1 Box 15, Arnett, Oklahoma 73832-9701.

20.     Defendant **Ron Neufeld,** upon information and belief, is an individual residing in Florida. He may be served with summons made by certified mail, return receipt requested addressed to Ron Neufeld, 5590 NE 157th Terr., Williston, Florida 32696.

21.     Defendant **Crystal's Livestock Express,** upon information and belief, is a company with its principal place of business in Kansas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Dave Crystal, at 692 E. 600th Avenue, Pittsburg, Kansas 66762.

22.     Defendant **Bomhak Trucking,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail,

return receipt requested addressed to its owner, Terry Bomhak, at 5704 N. Shepherd, El Reno, Oklahoma 73036.

23. Defendant **Reiter Trucking**, upon information and belief, is a company with its principal place of business in Texas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Ronnie Reiter, at 324 Elm Street, Hereford, Texas 79045.

24. Defendant **Ingland Trucking,** upon information and belief, is a company with its principal place of business in Kansas. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Jim Ingland, at 11932 Rd. 6, Liberal, Kasnas 67901.

25. Defendant **Leon Bogard** upon information and belief, is an individual residing in Oklahoma. He may be served with summons made by certified mail, return receipt requested addressed to Leon Bogard, 2003 N. Spruce, McAllister, Oklahoma 74501.

26. Defendant **Parks Livestock** upon information and belief, is a company with its principal place of business in Illinois. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Shawn Andrews, at 9810 U.S. Route 150, Oakwood, Illinois 61858.

27. Defendant **Double V Express,** upon information and belief, is a company with its principal place of business in Oklahoma. It may be served with summons made by certified mail, return receipt requested addressed to its owner, Vernon Verhoeff, at 709 W. Broadway, Custer City, Oklahoma 73639.

28. Defendant **LLT Trucking, Inc.** upon information and belief, is a corporation with its principal place of business in Oklahoma. It may be served with summons made by certified mail,

return receipt requested addressed to its owner, Fred Loughridge, at 2501 Exchange Ave., Oklahoma City, Oklahoma 73108-2447.

29.     Intervenor **Cactus Growers, Inc.** is a Texas Corporation with its principal place of business in Amarillo, Texas.

## III.

## BACKGROUND

30.     Eastern Livestock Co., Inc. ("Eastern") is one of the largest cattle dealers in the United States. On any given business day, Eastern will be purchasing hundreds of thousands of dollars worth of cattle and also delivering hundreds of thousands of dollars of other cattle.

31.     Eastern is a "dealer" as that term is defined in the Packers and Stockyards Act of the United States.  As such, Eastern acquires cattle from hundreds of sources by purchase and resells cattle, often after sorting them into merchantable groups, to end users and purchasers such as Cactus Growers.  In acquiring cattle, Eastern agreed to purchase the cattle, either at auctions or from individual suppliers, for a given price and attempts to profit upon the resale of the cattle.

32.     On various dates prior to the date of filing of this action, Cactus Growers entered into agreements for the purchase of cattle from Eastern.  These transactions are defined by written Contracts For Sale of Cattle ("Contracts").  Generally, the terms of the Contracts include the following:

a.     The Contracts include a description of the cattle being sold.

b.     The Contracts call for cattle to be delivered at a future date which may be near term or at a later date.

c.   Subject to certain contingencies, the Contracts call for Cactus Growers to make a "down payment" on the cattle equivalent to $30 per head.

d.   The Contracts may include a price determination mechanism granting one or the other party to the contract an option to declare the final agreed upon price in advance based on a relationship to futures contract prices.

e.   The Contracts call for cattle to be delivered to the feed yards owned by Cactus Feeders.

f.   The Contracts call for payment to be made following final delivery of the cattle.

g.   The Contracts include the grant of a security interest in the subject cattle to secure Cactus Growers with respect to all of Eastern's obligations to Cactus Growers.

33.   There were two types of contracts between Cactus Growers and Eastern. The first was Cattle Commitments a/k/a Purchase Orders ("Purchase Orders") where Cactus Growers has a short term order of cattle, usually an order to be filled within 30 days, and no down payment is required. There has been partial delivery on these Purchase Orders. The second type of contract is the Contract for Sale of Cattle ("Contract") (which is referenced in paragraph 32 above), which is where the Contracts call for future delivery of cattle to Cactus Growers from Eastern, Cactus Growers makes a down payment of $30/head, and the cattle will usually be delivered after 30 days or more.

34.   With regard to the Purchase Orders, Cactus Growers has withheld certain payments from Eastern because Cactus Growers received numerous conflicting claims as to the right to such payments. Therefore, because of such conflicting claims, Cactus Growers may be subject to multiple

liabilities. The amount owed by Cactus Growers for cattle delivered to Cactus Growers under the Purchase Orders makes up the interpled funds, for which there are multiple conflicting claims.

35.    With regard to the Contracts for Sale of Cattle, Cactus Growers fully performed its obligations and made payment to Eastern for a "down payment" of $30 per head. Cactus Growers has paid $283,080.00 to Eastern, constituting the "down money" associated with the Contracts for Sale of Cattle. Eastern has failed to perform on the Contracts for Sale of Cattle, and with Eastern's insolvency and the receivership, there is little to no likelihood of future performance, as no additional cattle will be delivered thereunder (hereinafter, "Cactus Growers' Down Money Claim").

36.    Cactus Growers claims the right to offset the Cactus Growers' Down Money Claim against such amounts that might otherwise be payable by Cactus Growers to Eastern under previously performed contracts with Eastern. In addition, Cactus Growers has been damaged by Eastern's breach of the Contracts and Purchase Orders because Cactus Growers will have to procure replacement cattle at a higher market price. As of the filing of this Complaint, Cactus Growers estimates that it will incur a net loss of approximately $360,000.00 by virtue of Eastern's non-delivery of future cattle measured by market price differential (hereinafter, the "Cactus Growers' Contract Differential Claim"). Cactus Growers claims the right to offset the Cactus Growers' Contract Differential Claim against such amounts that might otherwise be payable by Cactus Growers to Eastern under previously performed contracts with Eastern.

37.    Fifth Third Bank has previously filed a Uniform Commercial Code Financing Statement in the State of Kentucky being statement 2004-2031185-96. According to Fifth Third's Financing Statement, it holds a lien on the assets set forth therein which, in summary would include all of Eastern's assets, and, without limitation, purports to include accounts, equipment, farm

products, including livestock and inventory. Reference is hereby made to Fifth Third's Uniform Commercial Code filing.

38. On November 3, 2010, Cactus Growers became aware of active rumors in the industry that Eastern was in financial difficulty. On November 4, 2010, Cactus Growers was informed by Eastern's President, Tommy Gibson, that Fifth Third had frozen all of Eastern's bank accounts.

39. Beginning on November 4, 2010 and continuing until the filing of this Complaint, Cactus Growers has received contacts and claims from numerous parties who claim to have sold cattle to Eastern and have not yet been paid (the "Unpaid Claimants'), and claim that the cattle were delivered to a Cactus Feeders owned feedyard facility. The Unpaid Claimants have requested that Cactus Growers make payment to them directly, instead of making payment to Eastern under the Contracts and Purchase Orders.

40. Based on communications from Gene Shipman he is an Unpaid Claimant.

41. Based on communications from Eastern Tennessee Live Stock Center, Inc., it is an Unpaid Claimant.

42. Based on communications from Alton Darnell, he is an Unpaid Claimant.

43. Based on communications from de Cordova Cattle Company, it is an Unpaid Claimant.

44. Based on communications from Nichols Livestock, it is an Unpaid Claimant.

45. Based on communications from Superior Livestock Auction, it is an Unpaid Claimant.

46. Based on communications from Stockman Oklahoma Livestock Marketing, Inc., it is an Unpaid Claimant.

47. Based on communications from Chester Bay Trucking, it is an Unpaid Claimant.

48. Based on communications from East West Trucking Co., LLC, it is an Unpaid Claimant.

49. Based on communications from Ike's Trucking it is an Unpaid Claimant.

50. Based on communications from Parker Trucking it is an Unpaid Claimant.

51. Based on communications from Newman Trucking it is an Unpaid Claimant.

52. Based on communications from Chase Cattle Company it is an Unpaid Claimant.

53. Based on communications from JC Powell d/b/a JC Powell Trucking he is an Unpaid Claimant.

54. Based on communications from Jane, LLC it is an Unpaid Claimant.

55. Based on communications from H & B Trucking, LLC, it is an Unpaid Claimant.

56. Based on communications from Ron Neufeld he is an Unpaid Claimant.

57. Based on communications from Crystal's Livestock Express it is an Unpaid Claimant.

58. Based on communications from Bomhak Trucking it is an Unpaid Claimant.

59. Based on communications from Reiter Trucking it is an Unpaid Claimant.

60. Based on communications from Ingland Trucking it is an Unpaid Claimant.

61. Based on communications from Leon Bogard he is an Unpaid Claimant.

62. Based on communications from Parks Livestock it is an Unpaid Claimant.

63. Based on communications from Double V Express it is an Unpaid Claimant.

64. Based on communications from LLT Trucking, Inc. it is an Unpaid Claimant.

65.     The Unpaid Claimants have requested and demanded of Cactus Growers, that it make payment directly to the respective Unpaid Claimants as opposed to Cactus Growers's usual method of payment by check made payable to Eastern.

66.     Attached hereto and labeled Exhibit "A" is a spreadsheet listing various Contracts and Purchase Orders of Cactus Growers along with the cattle count and agreed upon purchase price (less previously paid down payments) for cattle received by Cactus Growers for which no final payment has been made.

67.     Based on the events of November 4, 2010 and subsequent, including the appointment of a receiver for Eastern, Cactus Growers has good cause to believe that Eastern will not be able to further perform on its Contracts for future delivery of cattle to Cactus Growers.  On November 11, 2010, Cactus Growers sent a demand for assurance of performance to Ms. Elizabeth Lynch, the receiver appointed for Eastern.  A copy of the demand for assurance is attached hereto as Exhibit B.

68.     Cactus Growers did not receive a response or any assurance from the receiver of Eastern that Eastern could perform on the Contracts and Purchase Orders and deliver the contracted cattle to Cactus Growers free and clear of liens, claims, and encumbrances.  Therefore, on November 12, 2010, Cactus Growers terminated all of its open purchase contracts with Eastern as it appeared that it would be contractually impossible for Eastern to perform Eastern's contracts with Cactus Growers.  A copy of the letter terminating the open contracts is attached hereto as Exhibit C.  To the extent such contracts are breached, Cactus Growers will suffer damages with respect to the $30 per head down payment and will suffer damages due to market differentials.  Consequently, Cactus Growers has a claim against Eastern and has a right to offset such claim against funds it would

otherwise owe Eastern. Cactus Growers also has a contractual security interest in cattle which are subject to its purchase contracts.

69.     Based upon the events of November 4, 2010, Cactus Growers has good cause to believe that it will be subject to multiple and conflicting claims with respect to cattle for which it has received delivery and to funds that might otherwise be payable to Eastern.

70.     Simultaneously with this filing, Cactus Growers will place in the Registry of the Court the amount of $1,767,599.37, which fund is paid into the Registry of the Court pursuant to 28 U.S.C.A. §1335 and representing the contractual price net of specific down payments and rejected cattle previously made on the cattle delivered and included in this action (the "Stake").

## IV.

## PETITION IN INTERVENTION

71.     Intervenor has standing to intervene into this cause pursuant to Fed. R. Civ. P. 24(a), Intervenor has an interest relating to the transaction that is the subject of this action, and the Intervenor is so situated that disposing of the action may as a practical matter impair or impede the Intevenor's ability to protect its interest, unless existing parties adequately represent its interest.

72.     This Court has jurisdiction of this case pursuant to 28 U.S.C.A. § 1335 because this case is in the nature of an interpleader and there are two or more adverse claimants of diverse citizenship claiming, or who may claim to be entitled, to the interpled funds.

73.     This Court is a proper venue for this action under 28 U.S.C.A. § 1397 because a claimant to the fund resides in the Northern District of Texas, specifically Amarillo, Texas.

V

## Count I – Action in the Nature of Interpleader

74.     Cactus Growers has received multiple conflicting claims to the Stake from the Unpaid Claimants, Eastern, and Fifth Third.  Such multiple and conflicting claims to the Stake may subject Cactus Growers to multiple liability.

75.     In addition, Cactus Growers asserts its right to exercise its right of offset against the Stake at least in the amount of the Cactus Growers' Down Payment Claim and the Cactus Growers' Contract Differential Claim.

76.     Cactus Growers further asserts its security interest in all subject cattle or their proceeds to secure it as to the obligations of Eastern to deliver cattle or, alternatively, refund down payments and pay market differential damages.

77.     Cactus Growers asserts that its claim of offset and its security interest takes priority above Fifth Third Bank and any other claimant made a party hereto, or later joining this action.

78.     Therefore, Cactus Growers pleads its claim to the Stake.

## VI.

## Count II – Breach of Contract

79.     Eastern was unable to perform its contractual duties pursuant to outstanding contracts and Purchase Orders and is, therefore, in breach of contract.  Eastern repudiated the Contracts and Purchase Orders, and Cactus Growers justifiably terminated the Contracts and Purchase Orders with Eastern.

_____

Cactus Feeder's Inc. Original Complaint in Intervention in the nature of Interpleader          Page 15
L:\Paula\DATA\Cactus v. Eastern Livestock.5838\Pleadings\Interpleader.wpd

80. Cactus Growers has been damaged by Eastern's breaches of contract and seeks damages associated with such breach(es). In that regard, Cactus Growers asserts a claim of offset against the Stake.

## VII.

### Count III – Other Suit Injunctions

81. Cactus Growers asserts its right under 28 U.S.C. §2361 for a preliminary and permanent injunction and requests the Court to enter an injunction restraining any claimants to the Stake from instituting or prosecuting any proceeding in any state or United States court affecting the Stake and brought against Cactus Growers.

82. There is no adequate remedy at law for Cactus Growers because it is facing conflicting demands and possible multiple litigation regarding the Stake. Accordingly, an injunction as set forth herein is proper and authorized under 28 U.S.C. §2361.

## VIII.

### Count IV – Declaratory Judgment

83. Cactus Growers hereby seeks a declaratory judgment pursuant to 28 U.S.C. §2201 & 2202. Specifically, Cactus Growers requests the Court to declare that Cactus Growers' claim to the Stake, to the extent of its right of offset and, security interest, is superior and prior to any other claimant to the Stake. Cactus Growers further requests that the Court declare and determine Eastern's failure to adequately assure Cactus Growers of future performance, that Eastern repudiated the Contracts and Purchase Orders, and that Eastern has breached the Contracts and Purchase Orders.

## IX.

### Count IV – Attorney's Fees and Costs

67.     Cactus Growers has engaged the services of the undersigned attorneys to file this action and has agreed to pay them a reasonable fee for their services.  Therefore, Cactus Growers seeks and is entitled to its attorney's fees and costs associated with this action.

## X.

### DEPOSIT AT INTEREST

68.     Cactus Growers requests the court to enter an order providing for deposit of the interpled fund in an appropriate interest bearing account, such interest to accrue pro rata to the benefit of such claimants as may be subsequently awarded funds.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Intervenor, Cactus Growers, Inc., hereby requests that the Court issue process for all Defendants, and upon final hearing of this case, grant the relief requested above, and such other and further relief as Intervenor may be justly entitled.

DATED this 19th day of November, 2010.

Respectfully submitted,

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
John H. Lovell, State Bar No. 12609300
Courtney D. Miller, State Bar No. 24055342
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
Telephone: (806) 373-1515
Facsimile: (806) 379-7176

By: _Courtney Miller_

Courtney D. Miller

ATTORNEYS FOR INTERVENOR

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 19th day of November, 2010, John Lovell attempted to confer with counsel listed below, but he was unable to reach him. However, based upon previous conversations, John Lovell believes that **he is not opposed** to Cactus Feeder's Inc. Petition in Intervention in the nature of Interpleader.

John Huffaker
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
Amarillo, TX 79101

_John Lovell by Courtney Miller_

John H. Lovell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered, as certified below, this 19th day of November, 2010, to:

John Huffaker                                                    *Via Electronic Mail*
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
Amarillo, TX 79101

Courtney D. Miller

| Delivery Date | Cactus Comm # | Source | Delivery Location | Head | Sex | Pay wght | Gross amount due Eastern | Down pmt pd by Cactus | Net Amnt of Rejected Cattle | Amount Due | Trucker |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/01/2010 | 40493A | Gene Shipman | ULY | 71.0 | strs | 42,532.0 | $ 48,061.16 | $ - | $ (16,154.48) | 31,906.68 | Chester Bay |
| 11/01/2010 | 39903 | Eastern Tennessee Livestock Center, Inc. | ULY | 57.0 | strs | 49,050.0 | 51,703.61 | (1,710.00) | | 49,993.61 | East West Trucking Co |
| 11/02/2010 | 39903 | Alton Darnell | ULY | 120.0 | strs | 98,805.0 | 105,573.14 | (3,600.00) | | 101,973.14 | Ike's Trucking |
| 11/02/2010 | 40581 | de Cordova Cattle Company | ULY | 115.0 | strs | 74,666.0 | 85,865.90 | | | 85,865.90 | de Cordova Cattle Co |
| 11/02/2010 | 40582 | Superior 10319 | ULY | 67.0 | strs | 46,080.0 | 52,531.20 | | | 52,531.20 | 22 Parker Trucking (No Invoice) |
| 11/02/2010 | 40493A | Superior 4151A | ULY | 80.0 | strs | 45,621.0 | 51,551.73 | | | 51,551.73 | Newman trucking |
| 11/02/2010 | 40524 | Superior 8855 | HCF | 66.0 | hfrs | 48,927.0 | 52,038.76 | | $ - | 52,038.76 | Larry Bradley 9 |
| 11/03/2010 | 39903 | Alton Darnell | ULY | 59.0 | strs | 49,960.0 | 52,942.61 | (1,770.00) | | 51,172.61 | 518 Parks (Truck Name Recorded from Manifest) |
| 11/03/2010 | 39903 | Superior Lot 5614 | ULY | 165.0 | strs | 132,614.0 | 141,698.06 | (4,950.00) | | 136,748.06 | Chase Cattle Co |
| 11/03/2010 | 40582 | Superior 10088 | ULY | 67.0 | strs | 47,412.0 | 53,897.96 | | | 53,897.96 | 2 JC Powell (No Invoice - Calculated miles at rate) |
| 11/05/2010 | 40524B | Stockman's | HCF | 64.0 | hfrs | 45,492.0 | 48,676.44 | | | 48,676.44 | East West |
| 11/08/2010 | 39918 | Nichols Livestock | SFY | 125.0 | strs | 98,549.0 | 108,679.84 | (3,750.00) | | 104,929.84 | Jane |
| 11/08/2010 | 39903 | Superior Lot 7194 | ULY | 120.0 | strs | 96,172.0 | 102,759.78 | (3,600.00) | | 99,159.78 | H & B Trucking LLC |
| 11/08/2010 | 39918 | Superior Lot 10556 | SFY | 66.0 | strs | 49,157.0 | 54,465.96 | (1,980.00) | | 52,485.96 | J C Powell |
| 11/08/2010 | 40557 | Superior Lot 8787 | ULY | 58.0 | strs | 46,844.0 | 50,910.06 | | | 50,910.06 | Ron Neufeld |
| 11/08/2010 | 40524B | Superior 10141 | HCF | 64.0 | hfrs | 48,765.0 | 51,456.83 | | | 51,456.83 | Crystal's Livestock |
| 11/08/2010 | 40524B | Superior 8894 | HCF | 65.0 | hfrs | 47,354.0 | 50,593.01 | | | 50,593.01 | Ron Neufeld |
| 11/09/2010 | 39903 | Superior Lot 10568 | ULY | 54.0 | strs | 44,489.0 | 47,536.50 | (1,620.00) | | 45,916.50 | (No Invoice) |
| 11/09/2010 | 39918 | Superior Lot 10555 | SFY | 195.0 | strs | 150,881.0 | 167,176.15 | (5,910.00) | | 161,266.15 | (No Invoice) |
| 11/09/2010 | 40581 | Superior 7538A | ULY | 70.0 | strs | 47,628.0 | 54,200.66 | | | 54,200.66 | Bomhak Trucking |
| 11/09/2010 | 40581 | Superior 10671 | ULY | 69.0 | strs | 48,781.0 | 54,429.84 | | | 54,429.84 | Chester Bay (No Invoice) |
| 11/09/2010 | 40582 | Superior Lot S10299 | ULY | 129.0 | strs | 92,238.0 | 104,643.25 | | | 104,643.25 | G&W/LLT Trucking & Leon Bogard |
| 11/09/2010 | 40582 | Superior 7538B | ULY | 67.0 | strs | 51,332.0 | 56,507.74 | | | 56,507.74 | Bomhak Trucking |
| 11/09/2010 | 40493A | Superior Lot 8739 | ULY | 210.0 | strs | 151,586.0 | 164,743.66 | | | 164,743.66 | Vernon Verhoef/England Trucking/Ronnie Reiter Trucking |
| | | Totals | | 2,223.0 | | 1,654,955.0 | $ 1,812,643.85 | $ (28,890.00) | $ (16,154.48) | $ 1,767,599.37 | |



EXHIBIT
A

PENGAD 800-631-6989



John H. Lovell ✧
Joe L. Lovell ✧ † ‡
Tim Newsom † ‡
Kevin A. Isern † ‡
Brad B. Boyd
Courtney D. Miller
Greg S. Freeman
Deborah D. Reeves

✧ Board Certified Civil Trial Law
Texas Board of Legal Specialization

† Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

‡ Board Certified Civil Trial Advocate
National Board of Trial Advocacy

**A Limited Liability Partnership**
Attorneys Licensed in Texas, New Mexico, Oklahoma & Mississippi

November 11, 2010

Ms. Elizabeth Lynch
Vice President
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, Ohio 43017-5045

*Via Fax to: 614/734-2718*
*812/949-9060*
*Electronic Mail to: elynch@dsi.biz*

     RE:    Eastern Livestock

Dear Ms. Lynch:

     I represent Cactus Feeders, Inc. I have been informed that yesterday you were appointed as the receiver for Eastern Livestock.

     Cactus Feeders has several open cattle contracts and purchase orders with Eastern Livestock. The reference number on those contracts are:

| | |
|---|---|
| 40357 | 39918 |
| 40112 | 39917 |
| 39903 | 40581 |
| 40576 | 40405 |
| 40493-A | 40406 |
| 40585 | 40404 |
| 40524-B | 40407 |

     Cactus Feeders has recently been informed from several reliable sources that Eastern Livestock's bank has returned Eastern's checks to its suppliers. Combined with your appointment as Eastern's receiver, it appears that Eastern Livestock in insolvent.

     Cactus Feeders is insecure in knowing that Eastern can deliver the contracted cattle to Cactus free and clear of liens, competing ownership claims and free of reclamation claims.

     As we are all aware, cattle are perishable. They cannot be inventoried or "stored." Cactus Feeders needs to know whether Eastern can perform on these open contracts. If not, Cactus needs to make other arrangements to obtain the cattle it needs.

EAGLE CENTRE BUILDING • 112 West 8th Avenue, Suite 1000 • Amarillo, TX 79101-2314
Telephone: (806) 373-1515 • Facsimile: (806) 379-7176
www.lovell-law.net

EXHIBIT
B
PENGAD 800-631-6989

Ms. Elizabeth Lynch
November 11, 2010

LOVELL, LOVELL, NEWSOM & ISERN, L.L.P.
- Page 2 -

    If you cannot give Cactus Feeders adequate assurance of full performance of the open contracts by 5:00 p.m. on November 12, 2010, Cactus Feeders will terminate these contracts, and obtain replacement cattle to cover.

    I look forward to your response.

Sincerely,

John H. Lovell

JHL/sd
Att.

xc: Kim Lewis (kim.lewis@dinslaw.com)
    Tim Robinson (trobinson@dinslaw.com)



John H. Lovell ✧
Joe L. Lovell ✧ † ‡
Tim Newsom † ‡
Kevin A. Isern † ‡
Brad B. Boyd
Courtney D. Miller
Greg S. Freeman
Deborah D. Reeves

**A Limited Liability Partnership**
Attorneys Licensed in Texas, New Mexico, Oklahoma & Mississippi

✧ Board Certified Civil Trial Law
Texas Board of Legal Specialization

† Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

‡ Board Certified Civil Trial Advocate
National Board of Trial Advocacy

November 12, 2010

Ms. Elizabeth Lynch
Vice President
Development Specialists, Inc.
6375 Riverside Drive, Suite 200
Dublin, Ohio 43017-5045

*Via Fax to: 614/734-2718*
*812/949-9060*
*Electronic Mail to: elynch@dsi.biz*

RE:     Eastern Livestock

Dear Ms. Lynch:

Cactus Feeders, Inc. has not received a response to my November 11, 2010 demand for adequate assurance of performance in regard to the contracts listed on my November 11, 2010 letter.

Cactus also learned today that Superior Livestock terminated its sales contracts to Eastern Livestock on November 10, 2010. Those Superior Livestock sales contracts to Eastern were to be the source of the cattle to be delivered to Cactus. So, it appears that it is now contractually impossible for you to perform Eastern's contracts with Cactus. And, Eastern's obvious insolvency makes it clear that Eastern Livestock cannot financially perform on its open contracts with Cactus Feeders to acquire the cattle to fill Eastern's contracts with Cactus.

Cactus hereby terminates all its open purchase contracts with Eastern Livestock.

Cactus Feeders hereby demands the return of its down payments on the undelivered cattle.

Sincerely,

John H. Lovell

JHL/sb
xc: Cactus Feeders (via email)
xc: Tim Robinson (via email)
xc: Kim Martin Lewis (via email)
xc: John Persiani (via email)
xc: Chris Brumfield (via email)

**EXHIBIT**
**C**

PENGAD 800-631-6989