# EXHIBIT B



## SPROUSE SHRADER SMITH P.C.
### ATTORNEYS AT LAW

JOHN HUFFAKER
(806) 468-3347

March 17, 2011

### CORRECTED

**Via email ddonnellon@ficlaw.com**

Daniel J. Donnellon
Faruki Ireland & Cox P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, Ohio  45202

Re:    Cause No:  10-93904-BHL-11; *Eastern Livestock Co., LLC;* In the United States
Bankruptcy Court for the Southern District of Indiana New Albany Division

Dear Mr. Donnellon:

This letter will follow up the discussions that have been held with you, and others
receiving this letter, regarding certain information requested from Friona Industries, L.P., J & F
Oklahoma Holdings and Cactus Growers ("Feedyards").  Your client First Bank & Trust, and
Intrust Bank will be referred to below as the "Requesting Banks."

These discussions have centered around the broad subject specified below.  They are tied,
however, to an existing discovery instrument titled "Creditor The First Bank And Trust
Company's First Request for Production of Documents To [Feedyards]" ("First Bank's Request
for Production").

Procedurally, we consider the First Bank's Request for Production discovery instrument
as now moot in that it was technically sent in regard to a contested matter, that being the
Feedyards' Motion to Lift Stay which has now been resolved.  However, we readily recognize
that you intend to submit a Rule 2004 discovery motion seeking the information discussed
below.  In view of that imminent step on your part, and a probable companion request by Intrust
Bank we have continued to discuss information that might be available and reasonably produced
by our clients.  With that background, the purpose of this letter is to submit a proposal to you and
the others receiving this letter regarding that production.

First, as we understand it, the subject at hand is the desire on the part of First Bank &
Trust and Intrust Bank ("Banks") to try to identify cattle that the Banks believe may have been
subject to liens as granted by Tommy Gibson or others.  Your inquiries are addressed to the
Feedyards seeking information on cattle purchased and received by those entities during certain
time periods.

BOARD CERTIFIED, CIVIL TRIAL LAW · TEXAS BOARD OF LEGAL SPECIALIZATION
701 S. TAYLOR, SUITE 500 · P.O. BOX 15008 · AMARILLO, TEXAS 79105-5008
john.huffaker@sprouselaw.com · PHONE (806) 468-3300 · FAX (806) 373-3454 · sprouselaw.com

Daniel J. Donnellon
March 17, 2011
Page 2

Further, as we discussed, you anticipate a possible two phase effort to gather the information you seek. The first phase would be for our clients to deliver to you printout reports which can be obtained by sorting computer-stored information. The second phase would be actual examination of selected lot files which contain underlying documents. The purpose of this letter is to make a proposal regarding the first phase. While we could expect cooperative discussions on phase two if you decide you reasonably need to conduct some such discovery, this letter is not intended to address that phase.

Subject to an appropriate protective order, our clients are willing to deliver to you computer generated printouts which would provide, at a minimum, the following information for the time period between October 1, 2010 and March 15, 2011:

Head Count and sex received

Date Received

Incoming identifying number

Incoming feedyard lot number, pen number or other identifying number*

The name, as stored in the computer, of the seller from whom the Feedyard purchased the cattle

Any information which exists in the computer-stored information regarding place of origin or shipment location.**

*The respective Feedyards utilize different identification systems and record receipts of cattle.

**Within the Feedyards' computer records, the description of a location from which cattle are shipped is typically very non-specific and may not be completely accurate. A description may only refer to a town or city. The description will typically be adopted from whatever information may have been imparted by the trucker making delivery.

Based on our understanding from our clients, we believe we can deliver to you these computerized records on or before ten (10) days from the date we reach an agreement.

Now, briefly, a note about the probable protective order. In addition to usual provisions, the order will provide that the respective Feedyard submissions from one Feedyard would not be disseminated to: (1) the public, (2) the other producing feedyards, (3) other creditors or parties in interest in the case, (4) any client representatives who have not been made aware of and committed to the order.

Daniel J. Donnellon
March 17, 2011
Page 3

As a part of these discussions, the Feedyards' counsel have made informal requests for documents from First Bank & Trust and Intrust Bank. The purpose of our inquiries have been to understand what information the two Banks have with respect to identified cattle. In our conversations with First Bank counsel, we have used the terminology of requesting "inspections," which we understood had been conducted in September or October, 2010. For purposes of this letter, however, I also want to refer to the "Affidavit of Ernest E. Copenhaver, Jr." filed by First Bank as part of Docket No. 50-1 in the East-West Trucking bankruptcy case. In that Affidavit, Mr. Copenhaver refers to inventory reports and other information regarding Gibson cattle which he used to conduct inspections. Specifically, he refers to a "September Inventory Report" and a "November Inventory Report".

As a part of the agreement proposed in this letter, the Feedyards and the Requesting Banks agree that the Requesting Banks will provide to the Feedyards their relevant lien and inspection/inventory documents. Without limitation, I will specify that these documents should include the following:

1. Intrust Bank's applicable loan documents such as notes, security agreements, UCC filings and loan agreements.

2. First Bank & Trust's applicable loan documents such as notes, security agreements, UCC filings and loan agreements.

3. The invoices describing the cattle First Bank was financing, as described in Mr. Copenhaver's affidavit at paragraph 4.

4. Any borrowing base certificates or other representation lists received by the Requesting Banks from their respective debtors supposedly identifying cattle subject to the respective liens. With respect to First Bank, this definitely would include the September and November Inventory Reports described above. If there are such reports in September 1, 2010 or later, we request those reports.

5. Any inspection reports or notes of inspections for either of the Requesting Banks from September 1, 2010 forward including, specifically, Mr. Copenhaver's notes.

It appears that all of our respective clients want to be assured that none of these documents become "tailored" in response to whatever the other side produces. Therefore, we would like to facilitate comfort for all of these clients by agreeing that counsel for each of the three Feedyards will advise you and Mr. Ramsey when we have our reports in hand. However, we will hold them in our possession until you and Mr. Ramsey advise us that you have your production in hand. When that happens, then we will send our document production to each other simultaneously. Transmission will be by expedited mail or federal express.

Daniel J. Donnellon
March 17, 2011
Page 4

_____

       Please let us know if the above protocol is agreeable to you to satisfy your "Phase One" inquiries.

       Finally, I will say that this letter has been circulated and approved by counsel for J & F Oklahoma Holdings and Cactus Growers.

                          Sincerely yours,

                          SPROUSE SHRADER SMITH P.C.

                          JOHN HUFFAKER

JH/lga

cc:    Jeffrey E. Ramsey (via telephonic mail @ JRamsey@hopperblackwell.com)
       Sarah Fanzini (via electronic mail @ sfanzini@hopperblackwell.com)
       Deborah Caruso (via electronic mail @ DCaruso@daleeke.com)
       David LeBas (via electronic mail @ dlebas@namanhowell.com
       John Lovell (via telephonic mail @ John@lovell-law.net)