# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93867-BHL-7 |
| | ) | |
| THOMAS P. GIBSON | ) | (Judge Basil H. Lorch III) |
| AND PATSY M. GIBSON, | ) | |
| | ) | |
| Debtors. | ) | |

## STIPULATED PROTECTIVE ORDER

Certain creditors, The First Bank and Trust Company and Intrust Bank, along with Trustee, Kathryn Pry (collectively, "Requesting Parties"), have requested and/or subpoenaed certain documents from Cactus Growers, Inc. ("Cactus"), Friona Industries, L.P. ("Friona"), and J&F Oklahoma Holdings, Inc. ("J&F") (collectively, "Three Major Feedlots") in the above captioned matter (the "Gibson Bankruptcy"). The Three Major Feedlots have represented that some or all of the documents requested by the Requesting Parties contain personal, confidential, sensitive, or proprietary information. Requesting Parties and Three Major Feedlots anticipate that future subpoenas, discovery requests, depositions and other requests for information may seek documents, testimony or other information that constitute or contain "Confidential Information" (as defined below) subject to protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure (made applicable by Bankruptcy Rule 2026). In the interest of expediting discovery and investigation, and permitting discovery and investigation of assets and claims to proceed without delay occasioned by possible disputes relating to claims of confidentiality, the parties to this Stipulated Protective Order have agreed to provide access to and to receive "Confidential Information" (as defined below) subject to the protective provisions set forth below.

**IT IS HEREBY ORDERED**:

A. **Definition of Confidential Information**

    1.    "Confidential Information," as used in this Order, means any personal, confidential, sensitive, or proprietary information, including (without limitation) trade secret or other confidential research, development or commercial information, that is produced or provided in any form by any party or any other person or entity in connection with the Gibson Bankruptcy, and which is duly designated as "Confidential" in substantial compliance with the procedures specified in this Order.

    2.    A party or nonparty may designate as "Confidential," in whole or in part, any testimony (including, without limitation, deposition transcripts and Rule 2004 examination transcripts), interrogatory answers, responses to request for admission, affidavits, motions, briefs, memoranda (including electronically stored information), document, thing, or other information that contains trade secrets or other confidential research, development, proprietary, sensitive, or commercial information (such items being referred to hereinafter as "Confidential Material").

    3.    As used in this Order, the term "document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a) and shall include electronically stored information ("ESI").

B. **Procedure for Designating Material as Confidential Information**

    4.    Any person or entity that produces or provides Confidential Information shall designate the material as confidential by stamping or otherwise marking the notation "Confidential" on the first page of the Confidential Material or by other means that notify the recipient that the information is subject to this Protective Order. In lieu of marking originals, the producing party may mark copies of items that are produced or provided. With respect to ESI,

the producing person or entity may designate such material as confidential by marking the notation "Confidential" on a label affixed to the disk, tape, or other medium on which the information is stored, or by other means that notify the recipient that the information is subject to this Protective Order.

5. All depositions and other transcripts, including any document marked as an exhibit or otherwise appended to the transcript, shall be treated as confidential under the terms of this Protective Order if designated at any time during a deposition or examination, or within fourteen (14) days after receipt of the transcript. From the time a deposition is taken until fourteen (14) days after receipt of the transcript, all transcripts and exhibits, and the information contained in them, will be deemed to be confidential in their entirety under the terms of this Protective Order. Where practical, the person or entity making such a designation shall indicate the pages or sections of the transcript and the exhibit numbers that are to be treated as confidential. All copies of transcripts that contain Confidential Information shall be prominently marked "Confidential" on the cover and, if filed with any court, be filed under seal.

6. All Confidential Information in any affidavits, motions, briefs, memoranda, or other papers filed with any court shall be designated as "Confidential" and filed under seal with an affidavit of the party asserting the protection explaining, in general terms, why such information should be entitled to confidential protection.

7. A party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter by it or a non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of

3

law, including, but not limited to, attorneys, experts, accountants, consultants, appraisers, agents and employees.

8.     Inadvertent production of Confidential Material without a contemporaneous or otherwise timely "Confidential" designation will not be deemed to waive a claim to its confidential nature or estop the producing person or entity from designating the material as "Confidential" at a later date through a supplemental written notification. Upon receipt of such a supplemental written notice, counsel for the receiving party shall undertake to recover the Confidential Material from any person or entity to whom such Confidential Information was disclosed and who would not otherwise be entitled to have access to the Confidential Material under the terms of this Order, and shall instruct all persons who viewed the material as to the appropriate treatment thereof. Disclosure of the document or information prior to such later designation shall not be deemed a violation of the provisions of this Order.

C.     **Qualified Persons with Access to Confidential Information**

9.     Confidential Information shall be used only for purposes of the administration of, and proceedings and investigations in connection with the Gibson Bankruptcy, including (without limitation) adversary proceedings and other litigation, and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

(a)     The attorneys of record in the Gibson Bankruptcy and their associated attorneys, legal assistants, and staff members to the extent reasonably necessary to render professional services in connection with the Gibson Bankruptcy;

(b)     The Trustee and her agents and attorneys;

4

(c) Other parties to the Gibson Bankruptcy, their attorneys, and their agents, and witnesses, provided that such parties agree to be bound by this Protective Order and witnesses are first given a copy of this Protective Order and agree in writing to be bound by its terms by signing the Certificate of Confidentiality attached hereto as Exhibit A to this Protective Order;

(d) Independent consultants and/or experts retained by the Trustee or any other parties or counsel in connection with the Gibson Bankruptcy who agree to abide by this Order, provided that before making disclosure of Confidential Information to outside experts or consultants, such persons are first given a copy of this Protective Order and agree in writing to be bound by its terms by signing the Certificate of Confidentiality attached hereto as Exhibit A, including, without limitation, that he or she will not use the Confidential Information for any purpose other than in connection with the Gibson Bankruptcy and will return all Confidential Information that has been provided to him or her at the conclusion of the bankruptcy proceedings (including any adversary proceedings, litigation and appeals);

(e) Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

(f) Stenographic reporters and video technicians engaged for depositions, examinations or other proceedings in connection with the Gibson Bankruptcy; and

(g) The Court and Court personnel.

**D.    Restrictions on the Use and Disclosure of Confidential Information**

10. Persons obtaining access to Confidential Material shall use the Confidential Information solely for the purposes described in paragraph 9 of this Order.

11. Confidential Information shall not be disclosed and copies of Confidential Material shall not be provided to any witness who is not authorized to receive Confidential

5

Information under Paragraph 9 (b) - (e) of this Order, except that Confidential Material may be shown to a witness during a hearing, trial, deposition, Rule 2004 examination or other proceeding in connection with the Gibson Bankruptcy, for the good-faith purpose of eliciting relevant testimony or other information from the witness.

12. In the event that any Confidential Material is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains Confidential Information protected by this Order, and shall notify the other parties of the confidential nature of the filing. The Clerk of the Court shall keep such Confidential Material under seal until further order of the Court; provided, however, that access to such Confidential Material filed with the Court shall be afforded to the Court and to counsel of record in the Gibson Bankruptcy.

13. If counsel for a party intends to offer or introduce any Confidential Material at any hearing, trial or other court proceeding or refer to Confidential Information at any such hearing or trial, such counsel shall give reasonable advance notice to any opposing counsel and the person or entity who designated the Confidential Material, and the Court may take such steps, at the request of the opposing counsel or the designating person or entity, or on its own initiative, as it deems appropriate to preserve the confidentiality of such material subject to this Order.

E.   **No Admission or Waiver**

14. The inadvertent or unintentional disclosure of any Confidential Information by the designating person or entity shall not be construed to be a waiver, in whole or in part, of that

6

person or entity's claim of confidentiality either as to the specific Confidential Information disclosed or as to any other related information. Similarly, the inadvertent or unintentional disclosure of any documents or information protected by the attorney-client privilege and/or work product doctrine shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege regarding documents or information concerning the same subject matter; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection. Any documents or information inadvertently produced and all copies and records thereof shall be immediately returned to the producing or providing person or entity. This paragraph is intended to and does invoke the protections afforded by Rule 502 of the Federal Rules of Evidence.

**F.**     **Jurisdiction and Return of Documents**

15.     This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

16.     Within ninety (90) days after the conclusion of all proceedings in or related to the Gibson Bankruptcy, including any appellate proceedings, all Confidential Material (and all copies, transcriptions, or reproductions in any form whatsoever) shall be destroyed or returned to the person or entity who provided the Confidential Material (or to counsel for such person or entity.)  Nothing in this paragraph shall preclude counsel for any party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Material must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

7

**G.      Dispute as to Confidential Information Designation**

17.     If any party believes that material has been designated as "Confidential" that is not entitled to be treated as such, the party will notify the designating person or entity of its disagreement with the "Confidential" designation. Counsel for the objecting party and counsel for the producing person or entity shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, testimony or information within fourteen (14) days after the objecting party has advised the producing person or entity of its disagreement with the confidential designation. If the matter is not resolved by the counsel, any party, or any affected person or entity may bring the dispute before the Court for a determination.

18.     Except as expressly provided herein, nothing in this Order is intended to limit or have the effect of limiting any party's right to make use of or object to the use of such information for any purposes or uses permitted under the Bankruptcy Rules, or the Federal Rules of Evidence. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Order or directed by this Court. Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Order.

19.     The provisions of this Order shall apply from the date this Order is signed to any and all documents produced or provided, and to any and all information produced or disclosed in connection with the Gibson Bankruptcy, whether produced or disclosed before or after the execution of this Order.

20. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

**IT IS SO ORDERED.**

                                                                                                     _____
Judge, United States Bankruptcy Court

**AGREED:**

| | |
|---|---|
| Deborah Caruso<br>Meredith R. Thomas<br>DALE & EKE<br>9100 Keystone Xing, Suite 400<br>Indianapolis, IN  46240-2159<br>Telephone:  (317) 844-7400<br>Facsimile:  (317) 574-9426<br>dcaruso@daleeke.com<br>mthomas@daleeke.com<br><br>*Attorneys for Trustee Kathryn L. Pry* | Daniel J. Donnellon (Ohio Bar No. 0036726)<br>Stephen A. Weigand (Ohio Bar No. 0083573)<br>FARUKI IRELAND & COX, PLL<br>201 East Fifth Street, Suite 1420<br>Cincinnati, OH  45202<br>Telephone:  (513) 632-0300<br>Facsimile:  (513) 632-0319<br>ddonnellon@ficlaw.com<br>sweigand@ficlaw.com<br><br>*Attorneys for The First Bank and Trust Company* |
| Jeffrey E. Ramsey<br>Sarah S. Fanzini<br>Hopper Blackwell, PC<br>111 Monument Circle, Suite 452<br>Indianapolis, IN  46204-5170<br>Telephone:  (317) 635-5005<br>Facsimile: (317) 634-2501<br>jramsey@hopperblackwell.com<br>sfanzini@hopperblackwell.com<br><br>*Attorneys for Intrust Bank, N.A.* | John Hunt Lovell<br>Lovell, Lovell, Newson & Isern, LLP<br>112 W. 8th Avenue, Suite 1000<br>Amarillo, TX  79101<br>Telephone:  (806) 373-1515<br>Facsimile:  (806) 379-7176<br>john@lovell-law.net<br><br>*Attorney for Cactus Feeders, Inc.* |
| John Huffaker<br>John F. Massouh<br>Sprouse Shrader Smith P.C.<br>701 S. Taylor, Suite 500<br>Amarillo, Texas 79105<br>Telephone: (806) 468-3300<br>Facsimile: (806) 373-3454<br>John.huffaker@sprouselaw.com<br>john.massouh@sprouselaw.com<br><br>*Attorneys for Friona Industries, LP* | David L. LeBas<br>Naman Howell Smith & Lee, PLLC<br>8310 N. Capital of Texas Highway<br>Suite 490<br>Austin, Texas 78731<br>Telephone:  512.807.2460<br>Facsimile:  512.474.1901<br>dlebas@namanhowell.com<br><br>*Attorney for J & F Oklahoma Holdings, Inc.* |

## EXHIBIT A

## CERTIFICATE REGARDING CONFIDENTIALITY

I hereby certify that I have carefully read and fully understand the terms of the Stipulated Protective Order entered and filed in *In re Thomas P. Gibson and Patsy M. Gibson,* United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, Case No. 10-93867-BHL-7. I recognize that I am bound by each of the terms of the Protective Order and agree to comply with those terms. I agree I will not use any Confidential Material and Confidential Information shown or given to me for any purpose other than the purposes permitted by the Stipulated Protective Order. I agree I will not disclose any Confidential Material or Confidential Information to any person other than those persons who are permitted to have access to Confidential Information under the terms of the Stipulated Protective Order. I agree to submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of Indiana, for the purpose of enforcing the Stipulated Protective Order which I have read. At the conclusion of this lawsuit, I agree to return to all Confidential Material, and any notes and/or memoranda containing Confidential Information to counsel for the party who provided the Confidential Information to me.

 

Printed: _____

Dated: _____

467099.1