## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| **In Re:** ) | |
| ) | **Case No: 10-93904-BHL-11** |
| **Eastern Livestock Co, LLC,** ) | |
| **Debtor** ) | |

## CREDITOR OZARKS REGIONAL STOCKYARDS, INC.'S MOTION
## TO ALLOW LATE FILED PROOF OF CLAIM

Creditor Ozarks Regional Stockyards, Inc. ("ORS"), pursuant to B.R. 9006(b)(1), and for its Motion to Allow Late Filed Proof of Claim, states:

### Introduction

ORS missed its deadline to file its proof of claim by three (3) days due to excusable neglect. The reason for its three-day delay is, in substance, the existence of a dispute between ORS's two brother-owners that has resulted in litigation to appoint a receiver and to dissolve the company. While ORS acknowledges notice of the May 2, 2011 bar date, the above-referenced dispute resulted in a mistake of fact in that the attorneys for their respective brother-owner clients each erroneously believed that the other had filed the ORS proof of claim. Under these circumstances—where there is no prejudice to Debtor, where the slightly late filing will not impact the administration of this case, where the failure to timely file was in good faith, and where the reason for the failure was the result of ORS's unique situation—the Court should find that excusable neglect exists and allow ORS's proof of claim.

### Background

ORS is a Missouri corporation. It is equally owned by two brothers—Rick Hoover and Randy Hoover. On February 2, 2010, Randy Hoover filed a claim against Rick Hoover, ORS and two other equally-owned corporations and asked the court to appoint a receiver and dissolve

these corporations. (*See* Randy Hoover v. Rick Hoover, et al, Case No. 10AL-CC00014 (Circuit Court Howell County, Missouri) (www.courts.mo.gov/casenet/base/welcome/.do). On September 2, 2010, before this bankruptcy was initiated, a receiver was appointed for ORS. Randy Hoover is represented by The Pointer Law Office ("Pointer"). Rick Hoover and Marianna Hoover (Rick and Randy's mother) are represented by Baird, Lightner, Millsap & Harpool ("BLMH"). Generally speaking, Randy Hoover runs the ORS stockyard auction business and Marianna Hoover keeps the ORS books. Rick Hoover intermittently runs the back of the stockyards on the days of sale.

ORS acknowledges that it did receive the Order and Notice of Deadline for the Filing of Proofs of Claim. That document was routed to BLMH, who in turn routed it to Pointer. Unfortunately, each attorney mistakenly believed that the other had timely filed the ORS proof of claim. Their mistaken belief was based on the peculiar set of circumstances that are involved in the ORS litigation, and based on the roles that each of their clients play within ORS. On Wednesday, May 4, 2011, Brett Roubal of BLMH was reminded of this bankruptcy matter when working on a pleading for the ORS dissolution matter. After Mr. Roubal and Pointer talked and discovered that neither had filed the ORS proof of claim, the proof of claim was completed and over-nighted to the claims agent that same day. Local counsel was obtained and this Motion followed immediately thereafter. *See* affidavits attached hereto as Exhibit A and B.

**Argument**

Excusable neglect exists under the unique set of circumstances of this Motion such that ORS's proof of claim should be deemed timely filed. A claimant may file a late proof of claim if it establishes "excusable neglect." Fed. R. Bankr.P. 9006(b); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Four

factors are relevant to whether a claimant has demonstrated excusable neglect: " '[1] the danger of prejudice to the debtor, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.' " In re Kmart Corp., 381 F.3d 709, 713 (7th Cir.2004) (quoting Pioneer, 507 U.S. at 395, 113 S.Ct. 1489) (alterations in original).

### A. There is No Prejudice to Debtor

Because Debtor had notice of ORS's claim, and because these proceedings are still in their early stages (the Plan of Reorganization is not even due until July 26, 2011), there is no prejudice to Debtor in permitting ORS's proof of claim to be deemed timely filed. Factors considered when assessing the prejudice factor under Pioneer include whether the debtor had knowledge of the claim at the time it proposed a reorganization plan, whether the late filing would disrupt the plan or economic models used in the plan's development, the size of the claim, and whether allowing the late claim would induce other similarly sized late claimants to file their own claims. Kmart, 381 F.3d at 713–14.

Here, Debtor clearly had knowledge of the ORS claim months before it will even be required to propose a reorganization plan. See Debtor's Schedule F, Sheet No. 184 of 261 (identifying the exact amount of ORS's proof of claim). Further, the late filing could not possibly disrupt the plan because Debtor's proposed plan is not even due until July 26, 2011, with 90 additional days to solicit acceptance of the plan. Additionally, when compared to all claims ($104,031,699.31 as of May 4, 2011), ORS's $259,261.15 unsecured claim is minor—representing less than three-tenths of one percent of the total. Finally, while ORS has no knowledge of any other late filings, given the unique circumstances of this particular proof of

claim, allowing it would not be likely to induce similarly sized claimants to file their own claims. Thus, the first factor favors ORS.

### B. The Length of Delay is Diminutive and There Is No Adverse Impact of the Proceedings

ORS sent its proof of claim to the claims agent only two days after the May 2, 2011 bar date, and it was received by the claims agent only three days after the bar date. Because of this very minor deviation, and given the status of this bankruptcy proceeding, there cannot be any adverse impact by permitting the late filing. Thus, the second factor also favors ORS.

### C. The Reason For The Delay Was Due To the Unique Set of Circumstances Involving ORS

ORS is equally-owned by two brothers involved in a bitter battle over the company, a battle that involves a receiver that has been appointed over ORS. The brothers do not communicate, and they have separate roles within ORS. While Randy Hoover runs ORS, Rick Hoover has worked there off-and-on since the legal battle started. Marianna Hoover, their mother, handles the books. Given these factual circumstances and the separation of duties within ORS, the respective attorneys mistakenly believed the other had gained the information needed and filed the ORS proof of claim.

While it is not difficult to understand why there would not be a comparable reported case, the cases do make clear that the equitable nature of this Court requires it to take a broad construction of "excusable neglect" and take equitable circumstances into account in making such determination. See Robb v. Norfolk & Western Ry. Co., 122 F. 3rd 354, 361 (7th Cir.1997) (" 'excusable neglect' has a new and broader meaning in the aftermath of [Pioneer]"). Indeed, Pioneer explicitly states:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
> Pioneer, 507 U.S. at 392 (footnotes omitted).

ORS here does not assert that its failure to file its proof of claim was the result of contributing error by Debtor or that it had no notice of the bar date. However, one can reasonably understand, given the respective representations of the owners of ORS, the status of the company and its attendant litigation, that there would not be clear coordination as to who would file the ORS claim. This is a reason unique to this Motion and is sufficient to permit the late filing. Thus, the third factor does not weigh against ORS.

### D. ORS Exhibited Good Faith

A creditor may show good faith by promptly taking necessary actions, making appropriate follow up inquiries, and promptly acting to correct any mistakes. *See* Kmart, 381 F.3d at 716. Here, ORS's owners' counsel quickly realized their failure to file the proof of claim, filed the claim on the same day, and hired local counsel and filed this Motion shortly thereafter. Thus, the delay was extremely minimal, and once the issue was realized, it was quickly brought to light to this Court. These reactions exhibit the hallmarks of good faith and the fourth factor thus favors ORS.

### E. After Considering All of the Relevant Factors, This Court Should Determine That Excusable Neglect Exists.

All factors save one clearly favor permitting ORS's late-filed proof of claim. Debtor knew about this exact claim, having scheduled it to-the-penny on its Schedule F. Further, it will be months before a plan of reorganization is approved by the Court, and thus there is no adverse

effect in the administration of this bankruptcy proceeding and no prejudice to Debtor. Further, ORS acted in good faith in its actions with respect to its claim.

The only factor that does not clearly favor ORS—the reason for delay—is one that should not be weighed against ORS in this situation given the pending corporate dissolution case in which a receiver has been appointed, and the separation of responsibilities between the ORS owners and their respective counsel. As stated earlier, a court can find excusable neglect not only in situations beyond the party's control, but also in situations where the party's action or failure to act was the result of carelessness or mistake. Pioneer, 507 U.S. at 395; *see also* In re Bulic, 997 F.2d 299 (7th Cir.1993) (a showing of fault on the part of the claimant does not defeat a finding of excusable neglect). Pioneer makes clear that excusable neglect encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." Id.

Because the "reason for delay" factor is not dispositive, many cases have found excusable neglect even when there was no reason at all for the missed deadline. For example, in In re Garden Ridge Corp., 348 B.R. 642, 646-647 (D. Del. 2006), the court found excusable neglect where, as here, the creditor's claim was scheduled, was asserted shortly after the bar date and there was good faith exemplified. There, the reason for delay was nothing more than admitted carelessness. Here, there was more than simple carelessness; rather, it was confusion as to task responsibility, based on the ORS in-fighting and litigation, that led to the missed date. *See also* In re Sacred Heart Hosp. of Norristown, 186 B.R. 891 (Bkrtcy E.D.Pa. 1995) (lack of prejudice trumped lack of reason for missing deadline and excusable neglect found); Farley, Inc. v. Ohio Bureau of Workers' Compensation, 213 B.R. 138 (N.D.Ill 1997) (proof of claim filed nearly five years after bar date deemed excusable neglect despite admitted carelessness); and In re Beltrami

Enterprises, Inc., 178 B.R. 389 (Bkrtcy. M.D. Pa. 1994) (despite attorney missing file date, excusable neglect existed to extend bar date).

ORS does not contend that Debtor contributed to missing the bar date, nor that it was unaware of the bar date. However, Pioneer and those cases issued thereafter make perfectly clear that these facts are not dispositive—far from it. This Court must broadly construe "excusable neglect" and determine from the entirety of the equities of the case whether to enlarge the bar date. Quite clearly and understandably, courts addressing this issue have placed a heavy emphasis on the prejudice and impact on proceedings factors. Here, those factors weigh heavily in favor of ORS. Given the ORS state of affairs, the reason for delay, while the result of carelessness, should reasonably been seen as understandable. Thus, this Court should enlarge the time within which ORS is permitted to file its proof of claim, and should deem timely made its proof of claim filed with the claims agent on May 5, 2011.

**Conclusion**

For all of the above reasons, the Court should grant ORS's Motion.

Respectfully submitted,

HOSTETLER & KOWALIK, P.C.


By: _/s/ Christopher E. Baker_
     Christopher E. Baker

HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, IN 46204
(317) 262-1001; (317) 262-1010 FAX
cbaker@hklawfirm.com

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on May 9, 2011, a copy of the foregoing was filed via CM/ECF. Notice of such filing will be sent electronically to the following parties:

- David L. Abt   davidabt@mwt.net
- John W Ames   jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- T. Kent Barber   kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- C. R. Bowles   crb@gdm.com, shm@gdm.com
- Lisa Koch Bryant   courtmail@fbhlaw.net
- James M. Carr   james.carr@bakerd.com, patricia.moffit@bakerd.com
- John R. Carr   jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso   dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com
- Bret S. Clement   bclement@acs-law.com, sfinnerty@acs-law.com
- Jesse Cook-Dubin   jcookdubin@vorys.com, vdarmstrong@vorys.com
- Kirk Crutcher   kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com
- Dustin R. DeNeal   dustin.deneal@bakerd.com, patricia.moffit@bakerd.com
- Laura Day DelCotto   ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina   dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon   ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Sarah Stites Fanzini   sfanzini@hopperblackwell.com, mroth@hopperblackwell.com
- Robert H. Foree   robertforee@bellsouth.net
- Sandra D. Freeburger   sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
- Terry E. Hall   terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.herendeen@bakerd.com
- John David Hoover   jdhoover@hooverhull.com
- John Huffaker   john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- Jay Jaffe   jay.jaffe@bakerd.com, tracy.whitman@bakerd.com;sarah.herendeen@bakerd.com
- James Bryan Johnston   bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston   tjohnston@mcjllp.com
- Edward M King   tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer   jak@kgrlaw.com, hns@kgrlaw.com
- Theodore A Konstantinopoulos   ndohbky@jbandr.com
- Randall D. LaTour   rdlatour@vorys.com, khedwards@vorys.com
- David L. LeBas   dlebas@namanhowell.com, koswald@namanhowell.com
- Elliott D. Levin   robin@rubin-levin.net, edl@trustesolutions.com
- Elliott D. Levin   edl@rubin-levin.net, atty_edl@trustesolutions.com
- Kim Martin Lewis   kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com

- Karen L. Lobring    lobring@msn.com
- John Hunt Lovell    john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
- Harmony A Mappes    harmony.mappes@bakerd.com, betsy.smith@bakerd.com;sarah.herendeen@bakerd.com
- John Frederick Massouh    john.massouh@sprouselaw.com
- Michael W. McClain    mike@kentuckytrial.com, laura@kentuckytrial.com
- Kelly Greene McConnell    lisahughes@givenspursley.com
- William Robert Meyer    rmeyer@stites.com
- Allen Morris    amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse    judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern    wsnewbern@msn.com
- Matthew J. Ochs    matt.ochs@moyewhite.com, kim.maynes@moyewhite.com
- Ross A. Plourde    ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Wendy W Ponader    wendy.ponader@bakerd.com, sarah.herendeen@bakerd.com
- Timothy T. Pridmore    tpridmore@mcjllp.com, lskibell@mcjllp.com
- Jeffrey E. Ramsey    jramsey@hopperblackwell.com, mhaught@hopperblackwell.com
- Susan K. Roberts    skr@stuartlaw.com, lbt@stuartlaw.com
- Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- Jeremy S Rogers    Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com
- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Ivana B. Shallcross    ibs@gdm.com
- William E Smith    wsmith@k-glaw.com, rheid@k-glaw.com
- Robert K Stanley    robert.stanley@bakerd.com
- Meredith R. Thomas    mthomas@daleeke.com
- John M. Thompson    john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Stephen A. Weigand    sweigand@ficlaw.com
- Charles R. Wharton    Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
- Sean T. White    swhite@hooverhull.com, vwilliams@hooverhull.com
- Jessica E. Yates    jyates@swlaw.com, edufficy@swlaw.com
- James T Young    james@rubin-levin.net, ATTY_JTY@trustesolutions.com;lemerson@rubin-levin.net;mthornburg@rubin-levin.net

The undersigned further certifies that on May 9, 2011, a copy of the foregoing was sent to the following parties via U.S. regular mail, postage pre-paid:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3103

David M Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610

Ashley S Rusher
Blanco Tackabery & Matamoros PA
PO Drawer 25008
Winston-Salem, NC 27114-5008

Kevin M Toner
Baker & Daniels LLP
300 N Meridian Street Suite 2700
Indianapolis, IN 46204-1782

By:  /s/ Christopher E. Baker
Christopher E. Baker

HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, Indiana 46204-4211
(317) 262-1001; (317) 262-1010 FAX
cbaker@hklawfirm.com

## AFFIDAVIT OF BRETT ROUBAL

STATE OF MISSOURI )
) ss
COUNTY OF GREENE )

I, Brett Roubal, being first duly sworn upon my oath state that I have personal knowledge of the following:

1. I am a partner with the law firm of Baird, Lightner, Millsap & Harpool, PC.

2. Our firm represents Rick Hoover and Marianna Hoover in various matters, including the corporate dissolution case filed by Randy Hoover as Case No. 10AL-CC00014 in the Circuit Court Howell County, Missouri (the "Corporate Dissolution Case").

3. I do not specifically represent Ozarks Regional Stockyard, Inc. ("ORS").

4. ORS is 50% owned by Rick Hoover and 50% owned by Randy Hoover.

5. Randy Hoover generally runs ORS. Rick Hoover assists with back-of-house operations on auction day, but intermittently since the Corporate Dissolution Case began. Marianna Hoover, Randy and Rick's mother, handles the ORS books.

6. A receiver was appointed for ORS, a Missouri corporation, on September 2, 2010.

7. Randy Hoover is represented by The Pointer Law Office ("Pointer").

8. I received the Order and Notice of Deadline for the Filing of Proofs of Claim, and routed it to Pointer.

9. I believed that Pointer would file the ORS proof of claim.

10. When working on the Corporate Dissolution Case on Wednesday, May 4, 2011, it reminded me to check this bankruptcy case. I called my attorney contacts at Pointer to say that I had not filed the proof of claim and inquired as to whether they had filed it.


EXHIBIT A

11. Once we found out that the proof of claim had not been filed, I over-nighted the ORS proof of claim to the claim agent on May 4, 2011. Pointer and I then hired local counsel for ORS to file the Motion to Enlarge Time to File Proof of Claim.

FURTHER, AFFIANT SAITH NOT.

_____
Brett Roubal

Subscribed and sworn to before me on this 6th day of May, 2011.

_____
Notary Public

My Commission Expires:

```
" NOTARY SEAL "
Mari Lynne Phillips, Notary Public
Greene County, State of Missouri
My Commission Expires 8/9/2011
Commission Number 07503351
```

## AFFIDAVIT OF JESSICA PETERSON BLACKBURN

STATE OF MISSOURI   )
                    ) ss
COUNTY OF OZARK     )

I, Jessica Peterson Blackburn, being first duly sworn upon my oath state that I have personal knowledge of the following:

1. I am a partner with the law firm of The Pointer Law Office.

2. Our firm represents Randy Hoover in various matters, including the corporate dissolution case filed by Mr. Hoover as Case No. 10AL-CC00014 in the Circuit Court Howell County, Missouri (the "Corporate Dissolution Case").

3. I do not specifically represent Ozarks Regional Stockyard, Inc. ("ORS").

4. ORS is 50% owned by Rick Hoover and 50% owned by Randy Hoover.

5. Randy Hoover generally runs ORS. Rick Hoover assists with back-of-house operations on auction day, but intermittently since the Corporate Dissolution Case began. Marianna Hoover, Randy and Rick's mother, handles the ORS books.

6. A receiver was appointed for ORS, a Missouri corporation, on September 2, 2010.

7. Rick Hoover is represented by Brett Roubal.

8. I received the Order and Notice of Deadline for the Filing of Proofs of Claim from Mr. Roubal, but believed that Mr. Roubal would file the ORS proof of claim.

9. I received a phone call from Mr. Roubal on May 4, 2011 inquiring about the ORS proof of claim and whether it had been filed. I informed him that I had not filed it.

10. Mr. Roubal and I then proceeded to hire local counsel for ORS to file the Motion to Enlarge Time to Permit Filing of Proof of Claim.



EXHIBIT B

FURTHER, AFFIANT SAITH NOT.

_____
Jessica Peterson Blackburn

Subscribed and sworn to before me on this 6th day of May, 2011.

> BRENDA KAY MILLER
> Notary Public – Notary Seal
> STATE OF MISSOURI
> Ozark County – Comm#10975402
> My Commission Expires May 19, 2014

_____
Notary Public

My Commission Expires: May 19, 2014

2