UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

### MOTION TO EXTEND BAR DATE AND AUTHORIZE FILING OF PROOF OF CLAIM

Comes now, Cullman Stockyard, Inc. ("Cullman"), by counsel, and for its motion respectfully states:

1.  Cullman holds a pre-petition claim against the Debtor in the amount of $42,708.02 for livestock purchased. A Proof of Claim is attached as Exhibit "A", including an invoice for livestock purchased and a returned check to evidence the claims.

2.  Cullman was scheduled as a creditor holding a "disputed" claim against the Debtor. See Schedules at docket entry 313.

3.  On motion of the Chapter 11 Trustee the Court established a May 2, 2011 bar date (the "Bar Date") for the filing of claims under Bankruptcy Rule 3003.

4.  Cullman is represented by the law firm of Bland, Harris and McClellan, P.C. of Cullman, Alabama. As shown by the affidavit of Hugh C. Harris, attached as Exhibit "B", on April 27, 2011 the town of Cullman, Alabama suffered severe tornado damage making it difficult, if not impossible, for Cullman or its counsel to file its Proof of Claim by the Bar Date.

5.  The Court has discretion under Bankruptcy Rule 3003(c) "for cause shown" to extend the time for filing a Proof of Claim. Cullman satisfies the "excusable neglect" standard set forth by the Court in Pioneer Investment Services Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 113 S.Ct. 1489 (1993), for the following reasons:

i. The F-4 tornado which caused severe destruction to Cullman, Alabama was an extraordinary event outside the control of Cullman and its counsel which made it difficult, if not impossible, to file the Proof of Claim by the Bar Date;

ii. Establishing the claims of creditor and administering the assets of the Debtor's estate will likely take years – accordingly, there is no harm to the Debtor, creditors or to the administration of the estate by allowing the late filing of Cullman's claim;

iii. This Motion and the attached Proof of Claim are filed less than three (3) weeks after the Bar Date;

iv. Cullman acted promptly and in good faith in filing this Motion and in making its claim against the Debtor and its estate; and

v. In fairness, Cullman should be treated on a par with all others asserting unsecured claims against the estate.

WHEREFORE, Cullman Stockyard, Inc. prays that the Court extend the Bar Date for the filing of its claim against the Debtor and its estate, authorize and deem as timely filed the Proof of Claim attached hereto as Exhibit "A" effective as of the date of the Order approving this Motion, and requests such other relief as is proper.

Respectfully submitted,

*/s/ Thomas C. Scherer*
Thomas C. Scherer, #24-49
*Counsel for Cullman Stockyard, Inc.*

BINGHAM McHALE, LLP
10 West Market Street, #2700
Indianapolis, IN 46204-4900
(317) 635-8900 phone
(317) 236-9907 facsimile
tscherer@binghammchale.com

### CERTIFICATE OF SERVICE

  I hereby certify that on May 19, 2011, a copy of the foregoing *Motion to Extend Bar Date and Authorize Filing of Proof of Claim* was filed electronically. Notice of this filing will be sent to the following parties, attached, through the Court's Electronic Case Filing System. Party/Parties may access this filing through the Court's system.

            */s/ Thomas C. Scherer*