UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

James M. Knauer, chapter 11 trustee ("Trustee") in the above-captioned case ("Chapter 11 Case"), files the *Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account* ("Purchase Money Claims Report") pursuant to paragraphs Q through V of the *Order Granting Trustee's Emergency Motion Regarding Payments on Debtor's Cattle Sales* [Dock. No. 234] ("Cattle Payments Order") and requests that the Court enter an order 1) disallowing the "Disputed Purchase Money Claims" (defined in paragraph 6 below) as secured claims and 2) authorizing the Trustee to transfer the funds described on attached Exhibit A (the "Cattle Sales Proceeds")[1] from the "Holding Account" (as defined in paragraph 4 below) to the Trustee's general operating account for use as cash collateral of Fifth Third Bank, N.A. ("Fifth Third")[2]. After review of the timely filed "Purchase Money Claims" and legal and factual research conducted regarding such claims, the Trustee has concluded that no person other than Fifth Third can assert a valid perfected lien in or to the Cattle Sales Proceeds, and the Trustee therefore files this Purchase Money Claims Report

---

[1] Pursuant to an agreement by and between the Trustee and Superior Livestock Auction, Inc ("Superior"), the Cattle Sales Proceeds do not include certain proceeds in dispute in an adversary proceeding captioned as *Superior Livestock Auction, Inc. v. Eastern Livestock Co., LLC*, Case No. 11-59088 (the "Superior Adversary"), which proceeds will remain in the "Holding Account", subject to resolution of the Superior Adversary.

[2] On March 18, 2011 the Court entered the *Financing Order (I) Approving Chapter 11 Trustee Financing; (II) Authorizing Use of Cash Collateral and Obtaining Credit Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay; (IV) Providing Adequate Protection; and (V) Sealing Certain Documents* [Dock. No. 400] (the "Financing Order") authorizing the Trustee to use cash collateral of Fifth Third subject and pursuant to the terms and conditions of the Financing Order.

BDDB01 6597491v6

to implement the procedures for determining rights in and to the Cattle Sales Proceeds established in the Cattle Payments Order and to obtain Court authorization for the transfer of most of the Cattle Sales Proceeds to the Trustee's general operating account for use in this Chapter 11 Case.[3]  In support of this Purchase Money Claims Report, the Trustee states as follows:

## Background

1. Certain petitioning creditors commenced the Chapter 11 Case against Eastern Livestock Co., LLC ("Debtor") on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").  This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] ("Order for Relief") on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102], approving the United States Trustee's *Notice Of Appointment And Application For Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. After his appointment, the Trustee learned that certain parties to whom Debtor contracted to sell cattle (generally, "Buyers") had not paid the Debtor or the Trustee with respect to the Debtor's delivery of such cattle.  The Buyers were concerned that other parties ("Third Parties") might assert liens or claims to the cattle or the sales proceeds under section 196 of the Packers and Stockyards Act, 1921 ("PSA", 7 U.S.C. §§ 181 *et seq.*) or other state law.

---

[3] The Cattle Payments Order set May 2, 2011 as the last date ("Purchase Money Claim Bar Date") by which creditors asserting liens in or claims to the "Purchase Money" could file proofs of claim on account of those claims (the "Purchase Money Claims").  Paragraph Q. of the Cattle Payments Order requires that the Trustee file this Purchase Money Report within 90 days of the Purchase Money Claim Bar Date.

2

BDDB01 6597491v6

4.     On January 6, 2011 the Trustee filed a motion [Dock. No. 141] seeking entry of the Cattle Payments Order so that the Trustee could efficiently collect outstanding cattle sale receivables and hold the Cattle Sales Proceeds pending the resolution of any liens in or claims to specific Cattle Sales Proceeds.  Pursuant to the Cattle Payments Order, the Trustee has collected Cattle Sales Proceeds and deposited such proceeds into a segregated account (the "Holding Account").

5.     Since entry of the Cattle Payments Order, the Trustee has further researched the facts relating to Debtor's business operations, applicable state law and the PSA and determined that the only Third Party that holds a valid lien in or claim against the Cattle Sales Proceeds is Fifth Third.[4]  Other than Fifth Third, no Third Party can assert a valid perfected lien in or to the Cattle Sales Proceeds.  Neither the PSA nor state law provides an unpaid seller of cattle to Debtor with a lien against the proceeds generated from the resale of such cattle.  At best, third party cattle sellers (the "Unpaid Sellers") may assert administrative and/or reclamation claims on account of their sale of cattle to Debtor, which claims would not give rise to a lien in or to specific Cattle Sales Proceeds but would at best give rise to general administrative expense claims in the Chapter 11 Case.  Most of the Unpaid Sellers who have asserted, or who may assert, claims in and to the Cattle Sales Proceeds are general unsecured creditors of Debtor.

6.     There have been 505 proofs of claim filed in the Chapter 11 Case.  Of those 505 proofs of claim, 86 allege secured status, although not necessarily on account of a Purchase Money Claim.  Some claims indicate that they are asserting a Purchase Money Claim but do not allege secured status or assert any basis for a lien in or claim to the Cattle Sales Proceeds.  Either way, none of the claims that assert a Purchase Money Claim are valid secured

---

[4] The provisions of PSA that require funds from the sale of cattle to be held in trust only apply to "Packers" (a term defined in the section 191 of the PSA).  Because Debtor was a "dealer" and not a "packer", ELC was not obligated by the PSA to hold cattle or proceeds thereof in trust for the benefit of unpaid sellers of cattle.

3

claims to the Cattle Sales Proceeds. Because it is not clear which claims assert a Purchase Money Claim to specific Cattle Sales Proceeds (some claims include the words "purchase money" but do not claim secured status and some assert secured status without designating a basis therefor), the Trustee disputes the secured status of all filed Purchase Money Claims (the "<u>Disputed Purchase Money Claims</u>")[5]. The Trustee requests that the Court enter an order disallowing the Disputed Purchase Money Claims as claims secured by the Cattle Sales Proceeds.

7. Paragraph S. of the Cattle Payments Order provides that, "[t]he Purchase Money Claims Report shall also serve as an objection to any Disputed Purchase Money Claim and the Court shall set a hearing ("<u>Purchase Money Disputed Claim Hearing</u>") to resolve the Disputed Purchase Money Claims. Holders of the Disputed Purchase Money Claims may file and serve a response not less than five business days prior to the Purchase Money Disputed Claim Hearing, if contesting the designation of their Purchase Money Claim as a Disputed Purchase Money Claim."

8. Accordingly, and as provided by paragraph S. of the Cattle Payments Order, the Trustee asks that the Court set this Purchase Money Claims Report for hearing during the next omnibus hearing scheduled for June 24, 2011. The Trustee will serve a copy of this Purchase Money Claims Report and the notice attached hereto as <u>Exhibit B</u> (the "<u>Notice</u>") on all creditors in this case. The Notice provides each interested party with notice that 1) the Trustee has objected to their Purchase Money Claim, if any, 2) a hearing on the Purchase Money Claims Report is set for June 24, 2011 and 3) to the extent they claim a lien in and against the Cattle Sale

---

[5] The Disputed Purchase Money Claims do not include the Purchase Money Claim of Superior. Pursuant to the Trustee's agreement with Superior, the proceeds identified to Superior's Purchase Money Claim are not included in the Cattle Sales Proceeds and the validity and extent of Superior's Purchase Money Claim will be determined in the Superior Adversary.

4

Proceeds, they must file on or before June 17, 2011 (5 business days prior to the next omnibus hearing) a response to this Purchase Money Claims Report setting forth in detail the basis for their claim and the specific Cattle Sales Proceeds against which they assert a secured claim. The Trustee believes that the Notice will provide all interested parties with sufficient notice and time to respond to the relief requested herein and, in any event, satisfies the requirements of the Cattle Payments Order and all applicable provisions of the Federal Rules of Bankruptcy Procedure. The Trustee therefore requests that the Court find that the Notice is proper and adequate under the circumstances.

9. In addition, by this Purchase Money Claims Report, the Trustee requests that the Court enter an order authorizing the Trustee to transfer $7,256,488.59 of the Cattle Sales Proceeds from the Holding Account to his general operating account for use pursuant to the terms of the Financing Order. Attached Exhibit A lists (i) each of the Buyers (each, a "Payor") that has paid a portion of the Cattle Sales Proceeds to the Debtor or Trustee and the amount of Cattle Sales Proceeds paid, (ii) the date such Payor remitted the Cattle Sales Proceeds to the Debtor or Trustee and (iiii) the amount of the Cattle Sale Proceeds to be transferred to the Trustee's general operating account. Exhibit A also numbers each payment made by a Payor so as to make identification of specific Cattle Sales Proceeds easier for any party who wishes to file a response to this Purchase Money Claims Report.

10. The Cattle Sales Proceeds that the Trustee proposes to transfer from the Holding Account do not represent the balance of the Holding Account as, out of an abundance of caution, the Trustee will leave $1,438,147.97 in the Holding Account pending resolution of potential claims in and to those specific proceeds (such as the Superior Purchase Money Claim).

The Cattle Sales Proceeds to be transferred to the Trustee's general operating account represent funds as to which no third party other than Fifth Third can assert a valid lien or claim.

11. Nothing contained herein shall preclude the Trustee from later objecting to any and all filed claims, including Purchase Money Claims, on other or additional grounds. By this Purchase Money Claims Report, the Trustee only objects to the secured classification of the Disputed Purchase Money Claims and does not waive any other objections he may assert regarding these and other claims filed in this Chapter 11 Case.

WHEREFORE, the Trustee requests that the Court enter an order (i) disallowing the Disputed Purchase Money Claims as secured claims against the Cattle Sales Proceeds, (ii) authorizing the Trustee to transfer the Cattle Sales Proceeds listed on Exhibit A to his general operating account for use as cash collateral of Fifth Third in accordance with the Financing Order and (iii) granting the Trustee such other and further relief as the Court deems appropriate.

Respectfully submitted,

BAKER & DANIELS LLP

By: /s/ Dustin R. DeNeal

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Robert K. Stanley (#1745-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
robert.stanley@bakerd.com
terry.hall@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@bakerd.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 23, 2011, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
jwa@gdm.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
robin@rubin-levin.net
edl@trustesolutions.com

C. R. Bowles, Jr
crb@gdm.com

Jesse Cook-Dubin
jcookdubin@vorys.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ibs@gdm.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
matt.ochs@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

John David Hoover
jdhoover@hooverhull.com

| | | |
|---|---|---|
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| Christopher E. Baker<br>cbaker@hklawfirm.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com |

I further certify that on May 23, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| David A. Domina<br>ddomina@dominalaw.com | Ashley S. Rusher<br>asr@blancolaw.com |

/s/ Dustin R. DeNeal