IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>EASTERN LIVESTOCK CO., LLC )<br>)<br>)<br>)<br>)<br>Debtor )<br>) | CASE NO. 10-93904-BHL-11<br><br>Chapter 11 |

**OBJECTION TO THE TRUSTEE'S PURCHASE MONEY CLAIMS REPORT,
MOTION TO TRANSFER FUNDS AND
NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Comes now Superior Livestock Auction, Inc. ("Superior Livestock"), through counsel, respectfully submits this Objection ("Objection") to the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account ("Trustee Motion") (Doc. No. 141). In support of Objection, Superior Livestock states as follows:

A.   **BACKGROUND TO TRUSTEE MOTION**

1.   On January 6, 2011, the Trustee filed an Emergency Motion Regarding Payments on Debtor's Cattle Sales ("Cattle Payment Motion") (Docket No. 141). Under the Cattle Payment Motion, the Trustee sought an order allowing buyers of Cattle ("Buyers") to pay the Debtor for those cattle and give the buyers some indemnification from potential claims of other parties to those cattle and/or their proceeds ("Third Party Claims").

2. Under the Cattle Payment Motion, all payments from Buyers would be escrowed in a segregated account ("Account") pending further Order of this Court until all Third Party Claims were resolved or reconciled. (*See* Cattle Payment Motion at para. 8.)

3. The Cattle Payment Motion was approved by an Order of this Court on January 24, 2011) ("Cattle Payment Order"). The Cattle Payment Order required the Trustee to file a "Purchase Money Claim Report" within 90 days of the May 2, 2011 Purchase Money Claims Bar Date. The Purchase Money Claims Report would also serve as an objection to any Third Party Claims. No final hearing has been set by this Court on an objection to Third Party Claims.

4. Paragraph V of the Cattle Payment Order also provides that "The Trustee, upon notice of the Court at any time after the Trustee files the first Purchase Money Claim Report, may release proceeds from the Account that the Trustee determines are not necessary for the payment of any Purchase Money Claim."

5. On March 3, 2011, this Court entered the Financing Order concerning the use of cash collateral and DIP Financing (Doc. No. 400) ("Financing Order").

6. Under the terms of Paragraph 6 of the Financing Order, prior to any transfer of "excess cash collateral" to Fifth Third ("5th/3rd") or any "use" of cash collateral by the Trustee, the Trustee must serve a Notice of Proposed Transfer or Use, identifying the amount and source of the funds, and proposed disposition, and must wait seven (7) days for the filing of any objections. Any objections to the proposed transfer to

2

5th/3rd not made within the seven (7) day-period are waived and the Trustee may transfer or use the funds as proposed.

7.  Further, under the Financing Order, any surrender of excess cash collateral to Fifth Third Bank ("5th/3rd") will be free and clear of any claim by any party.

8.  On May 23, 2011, the Chapter 11 Trustee filed the Trustee Motion which contained, among other things, a "Notice of Release of Proceeds from Account." (Doc. No. 501).

9.  Paragraph 10 of the Trustee's Motion, states:

> 10.  The Cattle Sales Proceeds that the Trustee proposes to transfer from the Holding Account do not represent the balance of the Holding Account as, out of an abundance of caution, the Trustee will leave $1,438,147.97 in the Holding Account pending resolution of potential claims in and to those specific proceeds (such as the Superior Purchase Money Claim). The Cattle Sales Proceeds to be transferred to the Trustee's general operating account represent funds as to which no third party other than Fifth Third can assert a valid lien or claim.

**B.   LEGAL ARGUMENT**

10.  In the present case, it is unclear to Superior Livestock whether the Trustee in the Trustee Motion, by giving a Notice of Release of Proceeds From Account, is seeking prior Court approval of the transfer of funds from the Account to his general account s*ee* Trustee Motion at p. 6, ("The Trustee requests that the Court enter an order: ... (ii) authorizing the Trustee to transfer the Cattle Sales Proceeds listed on Exhibit A [to the Trustee Motion] to his general operating account for use as a cash collateral of Fifth Third in accordance with the Financing Order"), or is instead merely informing the Court

3

through a notice that the Trustee is either: (1) "[releasing] proceeds from the Account that the Trustee determines are not necessary for the payment of any Purchase Money Claim" under Paragraph V of the Cattle Payment Order; or (2) giving a notice of proposed transfer of excess cash collateral to Fifth Third pursuant to the Financing Order, which requires an objection within seven (7) days after the notice is given. (*See* Paragraph 10 of the Trustee Motion).

11.     While Superior Livestock believes that the Trustee is seeking prior Court authorization before transferring any funds from the Account to his general operating account, which pursuant to the Trustee Motion and the Cattle Payment Order, parties have until June 17, 2011 to respond to,[1] in an abundance of caution Superior Livestock files this Objection in the event the Trustee is attempting to transfer any funds from the Account without prior Court hearing and approval.

12.     In the present case, other than the Trustee's "statement" that the Debtor believes there are no valid secured claims to the funds in the escrow account other than 5th/3rd, the Trustee has done nothing to establish the funds "are not necessary for the payment of [Third Party Claims]" for purposes of the Cattle Payment Order. Funds "necessary to pay" Third Party Claims would be all funds needed to pay any timely Third Party Claims notwithstanding the Trustee's objections. The definition of "Third Party Claims" in the Order does not exclude "Disputed" Third Party Claims.

---

[1] Superior Livestock will be filing an additional objection to the Trustee Motion addressing other issues prior to the June 17, 2011 deadline.

4

13. Further, the Trustee, by the Trustee Motion, has failed to establish that or give adequate notice that any funds in the escrow account are excess cash collateral for purposes of the Financing Order.

14. Even if any funds in the Account could technically be deemed "excess cash collateral" under the Financing Order, Superior Livestock objects to their transfer to 5th/3rd until all claims to the funds and against 5th/3rd are adjudicated.

15. In addition, Superior Livestock notes that the Trustee has admitted in the Trustee Motion that all funds in which Superior Livestock claims an interest in Adversary Proceeding 11-59088 ("Superior Adversary") will remain in the Account pending resolution of the Superior Adversary Proceeding. Superior Livestock also objects to any funds being transferred from that Account prior to it being determined what interest Superior Livestock has in these funds.

**WHEREFORE**, for the reasons set forth above, Superior Livestock requests that this Court reaffirm that the Trustee may not transfer any funds from the escrow account absent further order of the Court and grant Superior Livestock such further relief as is just under the circumstances.

Respectfully submitted,

/s/ C.R. Bowles, Jr.
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402

5

Phone: 502-587-3746
Facsimile: 502-540-2274
e-mail: crb@gdm.com

COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

*/s/ John Rogers*
John Rogers
RUBIN & LEVIN, P.C.
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN  46204-2161
Phone:  317-634-0300
Facsimile:  317-263-9411
e-mail:  JohnR@rubin-levin.net

CO-COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

I further certify that on May 27, 2011, a copy of the foregoing pleadings was served via electronic mail transmission on the following:

David A. Domina                Ashley S. Rusher
ddomina@dominalaw.com          asr@blancolaw.com

*/s/ C.R. Bowles, Jr.*
COUNSEL FOR THE PETITIONING CREDITORS

4401883_1.doc