IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| | ) | |

**JOINDER IN THE OBJECTION TO THE TRUSTEE'S
PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER
FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Comes now Ron Reed ("Reed"), through counsel, and respectfully submits this joinder ("Joinder") in the Objection ("Objection") to the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account ("Trustee Motion") (Doc. No. 141) of Superior Livestock Auction, Inc. ("Superior Livestock"). In support of Objection, Reed states as follows:

1.      Reed adopts all the arguments advanced by Superior Livestock in its Objection as if fully set forth herein.

2.      In addition, Reed is currently investigating the funds generally described in Exhibit A to Trustee's Motion, but believes that it has ownership claims in certain of the proceeds listed therein. Reed may also have claims against 5th/3rd Bank which could impact 5th/3rd Bank's rights in this case.

3.      Reed is filing this Joinder out of an abundance of caution. If the Debtor is attempting to transfer any funds listed in Exhibit A from the escrow account ("Account") to its

general operating account without, after appropriate discovery and litigation of those claims, this Court determining such a transfer is warranted, then any such transfer is inappropriate.

4.      Reed is unsure whether failure to file this Objection would constitute a waiver of its right to do so under the Financing Order (Doc. No. 400), but believes that it would not.  In order to eliminate any confusion on that point, the Court should rule that objections to the Trustee Motion were not due within seven (7) days.  Further, to avoid any future confusion or unintended waivers, for its future protection, as well as the future protection of others, Reed asks the Court to rule that for any notice to require a seven (7) day response under Section 6 of the Financing Order, such notice must contain in bold caps **"ANY OBJECTIONS TO THE TRANSFER PROPOSED IN THIS NOTICE NOT MADE WITHIN SEVEN (7) DAYS OF RECEIPT ARE WAIVED AND THE TRUSTEE MAY TRANSFER OR USE THE FUNDS AS PROPOSED."**

**WHEREFORE**, for the reasons set forth above, Reed requests that this Court reaffirm that the Trustee may not transfer any funds from the Account absent further order of the Court after specific notice, as set forth above, and a hearing on the proposed transfer of funds from the Account, find that no objection to the Trustee Motion was required to be filed within seven (7) days of its filing, order that any attempt to transfer funds pursuant to Section 6 of the Financing Order contain in bold caps **"ANY OBJECTIONS TO THE TRANSFER PROPOSED IN THIS NOTICE NOT MADE WITHIN SEVEN (7) DAYS OF RECEIPT ARE WAIVED AND THE TRUSTEE MAY TRANSFER OR USE THE FUNDS AS PROPOSED,"** and grant Reed such further relief as is just under the circumstances.

2

Respectfully submitted,

/s/ C.R. Bowles, Jr.
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3746
Facsimile: 502-540-2274
e-mail: crb@gdm.com

COUNSEL FOR RON REED

## CERTIFICATE OF SERVICE

     I hereby certify that on May 31, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

     I further certify that on May 31, 2011, a copy of the foregoing pleadings was served via electronic mail transmission on the following:

David A. Domina             Ashley S. Rusher
ddomina@dominalaw.com     asr@blancolaw.com

/s/ C.R. Bowles, Jr.
COUNSEL FOR RON REED