UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |

**OBJECTION TO TRUSTEE'S MOTION TO TRANSFER FUNDS
AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

The First Bank and Trust Company ("First Bank"), by counsel, for its Objection to Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds From Account, alleges and states as follows:

1.  First Bank is a secured creditor of Thomas and Patsy Gibson (the "Gibsons") and likely a secured creditor of Eastern Livestock Co., L.L.C in this proceeding.  First Bank is presently conducting discovery into its rights to claim ownership of the funds collected by the Trustee as potential purchase money proceeds and, as described below, has obtained from this Court an extension of time to file its Purchase Money Claims beyond the original bar date set by the Trustee.  First Bank may also have claims against Fifth Third Bank ("Fifth Third") which could significantly affect Fifth Third's rights in this proceeding, including its rights to the purported Cash Collateral and Excess Cash Collateral addressed in the Trustee's Financing Order [Docket No. 400] dated March 18, 2011.

2.  On May 23, 2011, the Trustee filed the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds From Account (the "Funds Transfer Motion") [Docket No. 501].   This motion not only seeks to relegate potential purchase money

secured claimants to an unsecured status, but also seeks authorization to transfer approximately $7,000,000 to the Trustee's Operating Account and potentially immunize it from claims of anyone other than Fifth Third or even transfer it to Fifth Third without further notice or court approval. Due to the complexity of the Funds Transfer Motion, it is unclear whether Trustee seeks to bar parties from objecting to the transfer and potential distribution of these millions of dollars. Accordingly, out of an abundance of caution, First Bank files this Objection and requests that no funds are transferred out of the Trustee's Holding Account into the Operating Account without specific authorization from the Court and only after a complete determination of the rights and obligations of Fifth Third *viz*. the other creditors in this proceeding.

3. The Order Granting Trustee's Emergency Motion Regarding Payments on Debtor's Cattle Sales (the "Order"), dated January 24, 2011 [Docket No. 234] established a bar date of May 2, 2011 provided that all "Purchase Money Claims" must be made to the Court in accordance with the procedures set forth in the Order.

4. First Bank filed its Motion for Motion for Extension of May 2, 2011 Bar Date for Filing of First Bank and Trust Company's Purchase Money Claims (the "Purchase Money Claims Motion") [Docket No. 421]. First Bank's Motion was granted by Order dated April 19, 2011 [Docket No. 465]. The Order extended the Bar Date for Filing of First Bank's Purchase Money Claims to August 1, 2011. First Bank is diligently pursuing discovery in this proceeding, and the Gibson proceeding, to determine the nature and extent of its purchase money collateral.

5. Paragraph 6 of March 18, 2011 Financing Order provided that the Trustee must give Notice of his intended use of Cash Collateral or the proposed transfer of Excess Cash Collateral to Fifth Third Bank ("Fifth Third") in accordance with the provisions of the Financing

Order and that any party in interest objecting to such use or transfer must file an Objection to such use or transfer within seven days. The terms and conditions of the Financing Order effectively create a conclusive presumption that any funds described in such Notice constitute Cash Collateral of Fifth Third in the absence of the filing of an objection to such use or transfer.

6. Based upon the complexity of the Funds Transfer Motion it is not clear whether any part of the relief sought in the Funds Transfer Motion is subject to the seven day objection period set forth in the Financing Order. It is premature to enter any order that creates any presumption as to the ownership of the cash recovered to date by the Trustee and particularly premature to authorize the transfer of funds that may preempt other creditors from recovering the proceeds solely by virtue of a seven day "non-objection" waiver period.

7. At the very minimum, if the Court determines that the Funds Transfer Motion is subject to the seven day objection period set forth in the Financing Order, then First Bank respectfully seeks an Order granting it the right to file a specific objection to the Funds Transfer Motion until seven days after the date that First Bank files its Purchase Money Claims or First Bank's deadline for filing its Purchase Money Claims expires without First Bank having filed a Purchase Money Claim and deferring any determination that the funds described in the Funds Transfer Motion constitute Cash Collateral of Fifth Third under the provisions of the Financing Order until such time as any such specific objection may be heard .

WHEREFORE, The First Bank and Trust Company ("First Bank"), by counsel, respectfully requests that the Court disallow any transfer from the Trustee's Holding Account to the Trustee's Operating Account and for all other appropriate relief.

- 4 -

Respectfully submitted,


/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Telecopier: (513) 632-0319
Email: ddonnellon@ficlaw.com

Attorneys for The First Bank and Trust Company

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2011, a true and correct copy of the foregoing Objection to Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds From Account was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Jessica E. Yates<br>jyates@swlaw.com |
| C. R. Bowles, Jr<br>crb@gdm.com | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| John Hunt Lovell<br>john@lovell-law.net | Ivana B. Shallcross<br>ibs@gdm.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Deborah Caruso<br>dcaruso@daleeke.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Jesse Cook-Dubin<br>jcookdubin@vorys.com | Meredith R. Thomas<br>mthomas@daleeke.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Edward M King<br>tking@fbtlaw.com | William Robert Meyer, II<br>rmeyer@stites.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | Allen Morris<br>amorris@stites.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com |
| John W. Ames<br>jwa@gdm.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| James M. Carr<br>jim.carr@bakerd.com | James T. Young<br>james@rubin-levin.net | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| Terry E. Hall<br>terry.hall@bakerd.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | John M. Thompson<br>john.thompson@crowedunlevy.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |

| | | |
|---|---|---|
| Karen L. Lobring<br>lobring@msn.com | John M. Rogers<br>johnr@rubin-levin.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Cathy S. Pike<br>cpike@weberandrose.com | Michael W. McClain<br>mike@kentuckytrial.com |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John David Hoover<br>jdhoover@hooverhull.com | David A. Domina<br>ddomina@dominalaw.com |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | Sean T. White<br>swhite@hooverhull.com | Ashley R. Rusher<br>asr@blancolaw.com |
| | Robert H. Foree<br>robertforee@bellsouth.net | |

/s/ Daniel J. Donnellon
Daniel J. Donnellon

490668.4