UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**FIRST INTERIM APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS CONSULTANT FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE**

James A. Knauer, the chapter 11 trustee (the "Trustee") appointed in this case, files this first interim application (the "Application") on behalf of Development Specialists, Inc. ("DSI") for the allowance and payment of DSI's fees as consultant for the Trustee and for reimbursement of out-of-pocket expenses incurred on behalf of the Trustee. In support of DSI's Application, the Trustee states as follows:

1. Petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. This Court entered its *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2. On December 27, 2010, the Court entered its *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102], approving the United States Trustee's *Notice Of Appointment And Application for Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Court, by order dated February 8, 2011 [Docket #257], approved the Trustee's retention of DSI as the Trustee's consultant.

4. This Application is the first interim application filed on behalf of DSI seeking compensation and reimbursement of out-of-pocket expenses incurred by the consultant for the Trustee for the period December 28, 2010 through and including April 30, 2011.

5.  As consultant to the Trustee, DSI performed a variety of services, all of which are described in detail in the time entries attached as Exhibit A. The services performed by DSI for and on behalf of the Trustee include, but are not limited to, the following categories:

   a.  Case Administration. DSI attended numerous meetings and participated in a number of conference calls with the Trustee and his counsel to initially provide the Trustee and his counsel with an understanding of the case and later to develop strategies on specific areas of the case. DSI spent a total of 67.10 hours at a total cost of $26,973.00 in connection with this category.

   b.  Fee Application/Client Billing. DSI prepared its motion for employment and affidavit in support of its employment and monthly fee statements since the inception of the bankruptcy. DSI spent a total of 9.20 hours at a total cost of $4,705.00 in connection with this category.

   c.  Business Analysis. DSI prepared numerous analyses during the period including:

   i.   Maintenance of post-petition books and records of the Debtor;
   ii.  Preparation of weekly receipts and disbursements reports;
   iii. Submission of weekly disbursement requests to Fifth Third Bank;
   iv.  Preparation of weekly operating and professional fee budgets;
   v.   Preparation of estimated range of values of the Debtor's assets, and;
   vi.  Analysis of source of cash received by the Debtor.

   DSI spent 154.90 hours at a total cost of $65,112.00 in connection with this category.

   d.  Bankruptcy Schedules. DSI prepared the bankruptcy schedules and statement of financial affairs, prepared the creditor notice matrix and other documents as required by the federal and local rules. DSI spent 115.90 hours at a total cost of $42,942.00 in connection with this category.

   e.  Monthly Bankruptcy/Semi Annual Reports. DSI prepared monthly operating reports for December 2010 and January, February, March 2011, in accordance

with federal and local rules. DSI spent 31.90 hours at a total cost of $12,301.00 in connection with this category.

    f.    <u>A/R Review/Collection</u>. DSI led efforts to collect accounts receivable and sell cattle for which the Debtor had an interest. Due to the overlapping nature of the Debtor's accounts receivable and inventory, both of these efforts were included in this billing category. DSI also analyzed the Debtor's historical activities identifying additional sale transactions to be invoiced. Through these efforts, the Debtor realized cash receipts of over $8,000,000 during the application period. DSI has analyzed account activity and attempted to contact every customer with a substantial accounts receivable balance. Through these efforts, DSI has identified:

        i.   Sales invoices that appear to represent fraudulent transactions;
        ii.  Inventory reflected in the books and records that do not appear to represent actual cattle;
        iii. Instances whereby the customer had paid parties other than the Debtor, and;
        iv. Instances whereby customer remittances were diverted from the Debtor.

As a result of these efforts, the Trustee has commenced litigation against a number of third parties and will be filing additional lawsuits in the future. DSI spent 654.30 hours at a total cost of $245,411.50 in connection with this category.

    g.    <u>Preference Analysis</u>. This category included time spent analyzing disbursement activities in what appear to be a series of kiting schemes, as well as the payments for the 90-day period preceding the filing of this bankruptcy case. DSI spent 73.20 hours for a total cost of $27,120.50 in connection with this category.

    h.    <u>Lease Analysis/Executory Contracts</u>. DSI analyzed the Debtor's forward purchase and sale contracts. The market value of each of these contracts was

-3-

computed at various points in time using information from current regional cattle auctions. The realization of the imputed market value of these contracts was complicated as many of these contracts were allegedly previously assigned by the Debtor's management and the forward contracts were intertwined with previous sales activity. DSI spent 121.00 hours for a total cost of $46,526.00 in connection with this category.

i. <u>Asset Analysis and Recovery</u>. DSI traced sales/accounts receivable/cash receipts activity to purchases/accounts payable/cash disbursement activity to identify sale transactions that had not been billed properly and serve as a basis for reconciling potential creditor claims on cash receipts. DSI spent 265.90 hours for a total cost of $100,180.50 in connection with this category.

j. <u>Managing Business Operations</u>. DSI maintained the Debtor's office and supervised the remaining staff throughout the First Interim Application Period. DSI spent 28.40 hours for a total cost of $10,600.50 in connection with this category.

k. <u>Sale of Assets.</u> DSI investigated the value of miscellaneous assets including a Bob Cat skid steer and other equipment, CBA Pharma stock, U.S. Premium Beef, Texas Brand Ribs' promissory note and the Moore Family Farm. DSI spent 17.30 hours for a total of $6,978.00 in connection with this category.

l. <u>Non-Debtor Issues.</u> DSI researched financial statements and other records to estimate the value and determine the process to sell interests in certain affiliated entities. DSI spent 24.50 hours at a total cost of $9,729.50 in connection with this category.

m. <u>Secured Lenders/Cash Collateral</u>. DSI interfaced with representatives from Fifth Third Bank during the First Interim Application Period through periodic

teleconferences and reporting.  DSI provided the secured lenders with the following information on a routine basis:

      i.    Weekly budget to actual report
      ii.   Weekly request for funding
      iii.  13 Week cash disbursement budget
      iv.  Estimated range of potential recoveries
      v.   Status of accounts receivable collection efforts
      vi.  Litigation strategy
      vii. Forward contract valuation
      viii. Professional fee budgets

DSI reviewed and organized the documents provided by Fifth Third Bank in response to the Trustee's subpoena.  DSI interfaced with the forensic accounts engaged by the lenders. DSI analyzed the claim filed by Fifth Third Bank.  DSI spent 90.60 hours for a total cost of $39,390.00 in connection with this category.

n.    <u>Creditors/Creditors' Committee Contact</u>.  DSI interfaced with many unsecured creditors of the Debtor regarding their unpaid invoices, making claims and dissemination of information regarding the bankruptcy.  DSI spent 8.90 hours for a total cost of $3,342.50 in connection with this category.

o.    <u>Anti-trust</u>.  DSI attended meetings with agents of the FBI, USDA and the postal inspector to assist them in reviewing documents and assist them with computer security.  DSI spent 4.60 hours for a total cost of $1,699.00 for assisting with this category.

p.    <u>Travel</u>. DSI consultants charged travel time at one-half of the regular hourly rate for commuting travel to and from sites of business. DSI spent 452.20 hours for a total cost at half billing rates of $86,736.50 in connection with this category.

q.    <u>Litigation Support – Superior Livestock</u>.  Superior Livestock was a significant supplier to the Debtor and is potentially a major creditor in this case.  Superior has filed an Adversary Proceeding against Eastern Livestock.  DSI's efforts relating to Superior Livestock litigation relates to reconciling transactions

-5-

       between Superior Livestock and Eastern Livestock and determining whether the underlying supplier had been paid. DSI spent 73.00 hours at a total cost of $27,238.50 in connection with this category.

r. <u>Litigation Support – Downs/Seals</u>. DSI investigated and documented the alleged conversion of customer remittance checks and provided this information to the Trustee and his counsel. DSI spent 26.70 hours for a total cost of $10,070.50 in connection with this category.

s. <u>Litigation Support – R. Nichols</u>. DSI reviewed Robert Nichols' transactions to investigate allegedly fraudulent invoices to Robert Nichols. DSI spent .90 hours totaling $346.50 in connection with this category.

t. <u>Litigation Support – Thomas P. Gibson</u>. DSI analyzed documents supporting the allegation of a kiting scheme between the Debtor, Thomas P. Gibson and other insiders. DSI spent 19.50 hours for a total cost of $7,366.50 in connection with this category.

u. <u>Litigation Support – East West Trucking</u>. DSI investigated transactions between East West Trucking, Cattleman and the Debtor to identify the Debtor's interest in cattle being held at Cattleman feedlots. In addition, a member of DSI visited the Cattleman feedlots. The result of the DSI investigation was provided to the Trustee and his counsel. DSI spent 35.60 hours for a total cost of $12,844.00 in connection with this category.

v. <u>Litigation Support – Interpleaders</u>. Four interpleader actions were filed in Texas, Kansas, Wisconsin and Colorado. Each interpleader was researched and reconciled to Eastern's book and records, noting any variances. This information was provided to the Trustee and his counsel. DSI spent 74.10 hours for a total cost of $29,223.50 in connection with this category.

6. DSI has reviewed its detailed time entries, and has attempted to eliminate double billing for conference time between DSI's timekeepers, except where the participation of the timekeepers has demonstrable benefit to the estate. Where possible and efficient, DSI encourages the use of lesser billing rate consultants to perform labor intensive tasks, with oversight and review by more experienced consultants.

7. Exhibit A provides the detail of the time entries for each DSI consultant who has performed services in this case. A summary of the fees requested by DSI for each consultant and the number of hours worked for each individual, the billing rate requested and the total fees claimed is set forth below.

| Consultant | Hours | Hourly Rate | Total |
|---|---|---|---|
| P. O'Malley | 69.80 | $267.50 | $18,671.50 |
| P. O'Malley | 2.90 | 525.00 | 1,522.50 |
| P. O'Malley | 184.10 | 535.00 | 98,493.50 |
| C. M. Pierce | 115.50 | 182.50 | 21,078.75 |
| C. M. Pierce | 550.20 | 365.00 | 200,823.00 |
| A. J. Omori | 112.00 | 185.00 | 20,720.00 |
| A. J. Omori | 0.20 | 360.00 | 72.00 |
| A. J. Omori | 581.80 | 370.00 | 215,266.00 |
| T. Grett | 34.00 | 62.50 | 2,125.00 |
| T. Grett | 32.70 | 125.00 | 4,087.50 |
| E. M. Lynch | 3.50 | 187.50 | 656.25 |
| E. M. Lynch | 112.80 | 192.50 | 21,714.00 |
| E. M. Lynch | 22.00 | 375.00 | 8,250.00 |
| E. M. Lynch | 528.20 | 385.00 | 203,357.00 |
|  | 2,349.70 |  | $816,837.00 |

8. DSI has advanced the sum of $89,422.48 for out-of-pocket expenses incurred in connection with this case on behalf of the Trustee during the period from December 28, 2010 through and including April 30, 2011. A summary of the out-of-pocket expenses incurred by DSI is set forth in Exhibit B.

9. DSI established certain category codes that cause related time to be grouped together to facilitate the review of the firm's requested fees by the Court, the United States Trustee, and

creditors. Set forth below is a summary of the aggregate billings under the established category for the period December 28, 2010 through and including April 30, 2011.

| Category Name | Hours | Value |
|---|---:|---:|
| Case Administration/General | 67.10 | $26,973.00 |
| Fee Application/Client Billing | 9.20 | 4,705.00 |
| Business Analysis | 154.90 | 65,112.00 |
| Bankruptcy Schedules | 115.90 | 42,942.00 |
| Monthly Bankruptcy/Semi-Annual Reports | 31.90 | 12,301.00 |
| A/R Review/Collection | 654.30 | 245,411.50 |
| Preference Analysis | 73.20 | 27,120.50 |
| Lease Analysis/Executory Contracts | 121.00 | 46,526.00 |
| Asset Analysis and Recovery | 265.90 | 100,180.50 |
| Managing Business Operations | 28.40 | 10,600.50 |
| Sale of Assets | 17.30 | 6,978.00 |
| Non-Debtor Affiliate Issues | 24.50 | 9,729.50 |
| Secured Lenders/Cash Collateral | 90.60 | 39,390.00 |
| Creditors/Creditors' Committee Contact | 8.90 | 3,342.50 |
| Antitrust | 4.60 | 1,699.00 |
| Travel at ½ | 452.20 | 86,736.50 |
| Litigation Support Superior | 73.00 | 27,238.50 |
| Litigation Support Seals/Downs | 26.70 | 10,070.50 |
| Litigation Support Nichols | 0.90 | 346.50 |
| Litigation Support Thomas P. Gibson | 19.50 | 7,366.50 |
| Litigation Support East West Trucking | 35.60 | 12,844.00 |
| Litigation Support Interpleaders | 74.10 | 29,223.50 |
| GRAND TOTALS | 2,349.70 | $816,837.00 |

10.     Prior to the filing of the involuntary bankruptcy (November 10, 2010), Eastern Livestock had been placed in a state court receivership. Elizabeth M. Lynch of DSI was named Receiver and DSI was named the Receiver's financial advisor. After the involuntary bankruptcy, Ms. Lynch of DSI was appointed as Custodian until the Trustee was appointed. The Receiver and DSI filed a fee application for the period between the filing of the involuntary bankruptcy and the date of the appointment of the Trustee (the "Custodial Period"). DSI received payment for its fees or out-of-pocket expenses. This Application is the first application of DSI since its appointment as consultant for the Trustee in this case and no prior fees have been awarded to DSI as consultant for the Trustee in this case.

11. No agreement or understanding exists between DSI and any other person or entity for the sharing of compensation received for services rendered in connection with this case.

12. All services rendered and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf of the Trustee and represent necessary and proper financial advisory services in the administration of this Chapter 11 Case.

WHEREFORE, DSI requests (i) the Court to award an allowance of compensation for consulting fees in the amount of Eight Hundred Sixteen Thousand Eight Hundred Thirty-Seven and 00/100 Dollars ($816,837.00) plus reimbursement for out-of-pocket expenses incurred in the amount of Eighty-Nine Thousand Four Hundred Twenty-Two and 48/100 Dollars ($89,422.48), and (ii) grant DSI all other just and proper relief.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ James A. Knauer

James A. Knauer
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Telephone: 317-692-9000
Facsimile: 317-777-7451
jak@kgrlaw.com

*Chapter 11 Trustee on behalf of Consultant, Development Specialists, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on June __, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| Christopher E. Baker<br>cbaker@hklawfirm.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com |
| David A. Laird<br>david.laird@moyewhite.com | | |

  I further certify that on June __, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| David A. Domina | Ashley S. Rusher |
| ddomina@dominalaw.com | asr@blancolaw.com |

                   /s/ James A. Knauer