UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **In Re:** ) | |
| ) | **Case No: 10-93904-BHL-11** |
| **Eastern Livestock Co, LLC,** ) | |
| **Debtor** ) | |

### CREDITOR RANDY HOOVER & SON, LLC'S MOTION TO ALLOW LATE FILED PROOF OF CLAIM

Creditor Randy Hoover & Son, LLC ("RHS"), pursuant to B.R. 9006(b)(1), and for its Motion to Enlarge Time to Permit Filing of Proof of Claim, states:

**Background**

RHS missed its deadline to file its proof of claim by ten (10) days due to excusable neglect. RHS acknowledges that it did receive the Order and Notice of Deadline for the Filing of Proofs of Claim.

For the reasons set forth below, however, RHS missed the deadline. Its claim was filed on May 12, 2011. RHS is a Missouri limited liability company and is one of a family of companies owned by members of the Hoover family that include multiple farming operations and a stockyard, amongst others. The reason for the delay in filing its proof of claim arises out of ongoing litigation and disputes regarding several of these companies. Amongst said litigation and disputes, confusion existed as to responsibility for filing and the extent of RHS's claim that resulted in delay in filing said claim. Upon realization of failure to timely file RHS's claim, the proof of claim was completed and over-nighted to the claims agent. Local counsel was obtained and this Motion followed shortly thereafter. Under these circumstances—where there is no prejudice to Debtor, where the slightly late filing will not impact the administration of this case, where the failure to timely file was in good faith, and where the reason for the failure was the

result of RHS's unique situation—the Court should find that excusable neglect exists and deem RHS's proof of claim timely filed. Attached hereto as Exhibit "A" is the Affidavit of Randy Hoover to support RHS's motion herein.

**Argument**

Excusable neglect exists under the unique set of circumstances of this Motion such that RHS's proof of claims should be deemed timely filed. A claimant may file a late proof of claim if it establishes "excusable neglect." Fed. R. Bankr.P. 9006(b); Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Four factors are relevant to whether a claimant has demonstrated excusable neglect: " '[1] the danger of prejudice to the debtor, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.' " In re Kmart Corp., 381 F.3d 709, 713 (7th Cir.2004) (quoting Pioneer, 507 U.S. at 395, 113 S.Ct. 1489) (alterations in original).

**A. There is No Prejudice to Debtor**

Because Debtor had notice of RHS's claim, and because these proceedings are still in their early stages (the Plan of Reorganization is not even due until July 26, 2011), there is no prejudice to Debtor in permitting RHS's proof of claim to be deemed timely filed. Factors considered when assessing the prejudice factor under Pioneer include whether the debtor had knowledge of the claim at the time it proposed a reorganization plan, whether the late filing would disrupt the plan or economic models used in the plan's development, the size of the claim, and whether allowing the late claim would induce other similarly sized late claimants to file their own claims. Kmart, 381 F.3d at 713–14.

Here, Debtor clearly had knowledge of the RHS claim months before it will even be required to propose a reorganization plan. Further, the late filing could not possibly disrupt the plan because Debtor's proposed plan is not even due until July 26, 2011, with 90 additional days to solicit acceptance of the plan. Additionally, when compared to all claims ($104,031,699.31 as of May 4, 2011), RHS's $103,376.05 unsecured claim is minor—representing less than one-tenth of one percent of the total. Finally, while RHS has limited knowledge of any other late filings, given the unique circumstances of this particular proof of claim, allowing it would not be likely to induce similarly sized claimants to file their own claims. Thus, the first factor favors RHS.

### B. The Length of Delay is Diminutive and There Is No Adverse Impact of the Proceedings

RHS sent its proof of claim to the claims agent only nine days after the May 2, 2011 bar date, and it was received by the claims agent only ten days after the bar date. Because of this very minor deviation, and given the status of this bankruptcy proceeding, there cannot be any adverse impact by permitting the late filing. Thus, the second factor also favors RHS.

### C. The Reason For The Delay Was Due To the Unique Set of Circumstances Involving RHS

RHS is part of a group of family owned companies existing amidst ongoing litigation and disputes among the family member/owners of said companies. While it is not difficult to understand why there would not be a comparable reported case, the cases do make clear that the equitable nature of this Court requires it to take a broad construction of "excusable neglect" and take equitable circumstances into account in making such determination. See Robb v. Norfolk & Western Ry. Co., 122 F. 3rd 354, 361 (7th Cir.1997) (" 'excusable neglect' has a new and broader meaning in the aftermath of [Pioneer]"). Indeed, Pioneer explicitly states:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
> Pioneer, 507 U.S. at 392 (footnotes omitted).

RHS here does not assert that its failure to file its proof of claim was the result of contributing error by Debtor or that it had no notice of the bar date. However, one can reasonably understand, given the contentious relationship among the various family owned companies, that there would not be clear coordination as to the filing of the proof of claim. This is a reason unique to this Motion and is sufficient to permit the late filing. Thus, the third factor does not weigh against RHS.

### D. RHS Exhibited Good Faith

A creditor may show good faith by promptly taking necessary actions, making appropriate follow up inquiries, and promptly acting to correct any mistakes. *See* Kmart, 381 F.3d at 716. Here, RHS quickly realized their failure to file the proof of claim and promptly filed the claim, hired local counsel and filed this Motion. Thus, the delay was extremely minimal, and once the issue was realized, it was quickly brought to this Court's attention. These reactions exhibit the hallmarks of good faith and the fourth factor thus favors RHS.

### E. After Considering All of the Relevant Factors, This Court Should Determine That Excusable Neglect Exists.

All factors save one clearly favor permitting RHS's late-filed proof of claim. Debtor knew of RHS's claim as they are a listed claimant. Further, it will be months before a plan of reorganization is approved by the Court, and thus there is no adverse effect in the administration of this bankruptcy proceeding and no prejudice to Debtor. Further, RHS acted in good faith in its actions with respect to its claim.

The only factor that does not clearly favor RHS—the reason for delay—is one that should not be weighed against RHS in this situation given the contentious nature of the disputes and litigation regarding a group of family owned companies. As stated earlier, a court can find excusable neglect not only in situations beyond the party's control, but also in situations where the party's action or failure to act was the result of carelessness or mistake. Pioneer, 507 U.S. at 395; *see also* In re Bulic, 997 F.2d 299 (7th Cir.1993) (a showing of fault on the part of the claimant does not defeat a finding of excusable neglect). Pioneer makes clear that excusable neglect encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." Id.

Because the "reason for delay" factor is not dispositive, many cases have found excusable neglect even when there was no reason at all for the missed deadline. For example, in In re Garden Ridge Corp., 348 B.R. 642, 646-647 (D. Del. 2006), the court found excusable neglect where, as here, the creditor's claim was scheduled, was asserted shortly after the bar date and there was good faith exemplified. There, the reason for delay was nothing more than admitted carelessness. See also In re Sacred Heart Hosp. of Norristown, 186 B.R. 891 (Bkrtcy E.D.Pa. 1995) (lack of prejudice trumped lack of reason for missing deadline and excusable neglect found); Farley, Inc. v. Ohio Bureau of Workers' Compensation, 213 B.R. 138 (N.D.Ill 1997) (proof of claim filed nearly five years after bar date deemed excusable neglect despite admitted carelessness); and In re Beltrami Enterprises, Inc., 178 B.R. 389 (Bkrtcy. M.D. Pa. 1994) (despite attorney missing file date, excusable neglect existed to extend bar date).

RHS does not contend that Debtor contributed to missing the bar date, nor that it was unaware of the bar date. However, Pioneer and those cases handed down thereafter make perfectly clear that these facts are not dispositive—far from it. This Court must broadly construe

"excusable neglect" and determine from the entirety of the equities of the case whether to enlarge the bar date. Quite clearly and understandably, courts addressing this issue have placed a heavy emphasis on the prejudice and impact on proceedings factors. Here, those factors weigh heavily in favor of RHS. Given the RHS state of affairs, the reason for delay, while the result of carelessness, should reasonably been seen as understandable. Thus, this Court should enlarge the time within which RHS is permitted to file its proof of claim, and should deem timely made its proof of claim filed with the claims agent on May 12, 2011.

### Conclusion

For all of the above reasons, RHS respectfully requests that the Court grant its Motion and allow its late filed claim.

>Respectfully submitted,
>
>HOSTETLER & KOWALIK, P.C.
>
>By: /s/ Christopher E. Baker
>     Christopher E. Baker

HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, IN 46204
(317) 262-1001; (317) 262-1010 FAX
cbaker@hklawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2011, a copy of the foregoing was filed via CM/ECF. Notice of such filing will be sent electronically to the following parties:

- David L. Abt    davidabt@mwt.net
- John W Ames    jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- T. Kent Barber    kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- C. R. Bowles    crb@gdm.com, shm@gdm.com
- Lisa Koch Bryant    courtmail@fbhlaw.net
- James M. Carr    james.carr@bakerd.com, patricia.moffit@bakerd.com
- John R. Carr    jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso    dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com
- Bret S. Clement    bclement@acs-law.com, sfinnerty@acs-law.com
- Jesse Cook-Dubin    jcookdubin@vorys.com, vdarmstrong@vorys.com
- Kirk Crutcher    kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com
- Dustin R. DeNeal    dustin.deneal@bakerd.com, patricia.moffit@bakerd.com
- Laura Day DelCotto    ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina    dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon    ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Sarah Stites Fanzini    sfanzini@hopperblackwell.com, mroth@hopperblackwell.com
- Robert H. Foree    robertforee@bellsouth.net
- Sandra D. Freeburger    sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
- Terry E. Hall    terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.herendeen@bakerd.com
- John David Hoover    jdhoover@hooverhull.com
- John Huffaker    john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- Jay Jaffe    jay.jaffe@bakerd.com, tracy.whitman@bakerd.com;sarah.herendeen@bakerd.com
- James Bryan Johnston    bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston    tjohnston@mcjllp.com
- Edward M King    tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer    jak@kgrlaw.com, hns@kgrlaw.com
- Theodore A Konstantinopoulos    ndohbky@jbandr.com
- Randall D. LaTour    rdlatour@vorys.com, khedwards@vorys.com
- David L. LeBas    dlebas@namanhowell.com, koswald@namanhowell.com
- Elliott D. Levin    robin@rubin-levin.net, edl@trustesolutions.com
- Elliott D. Levin    edl@rubin-levin.net, atty_edl@trustesolutions.com
- Kim Martin Lewis    kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com

7

- Karen L. Lobring    lobring@msn.com
- John Hunt Lovell    john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
- Harmony A Mappes    harmony.mappes@bakerd.com, betsy.smith@bakerd.com;sarah.herendeen@bakerd.com
- John Frederick Massouh    john.massouh@sprouselaw.com
- Michael W. McClain    mike@kentuckytrial.com, laura@kentuckytrial.com
- Kelly Greene McConnell    lisahughes@givenspursley.com
- William Robert Meyer    rmeyer@stites.com
- Allen Morris    amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse    judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern    wsnewbern@msn.com
- Matthew J. Ochs    matt.ochs@moyewhite.com, kim.maynes@moyewhite.com
- Ross A. Plourde    ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Wendy W Ponader    wendy.ponader@bakerd.com, sarah.herendeen@bakerd.com
- Timothy T. Pridmore    tpridmore@mcjllp.com, lskibell@mcjllp.com
- Jeffrey E. Ramsey    jramsey@hopperblackwell.com, mhaught@hopperblackwell.com
- Susan K. Roberts    skr@stuartlaw.com, lbt@stuartlaw.com
- Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- Jeremy S Rogers    Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com
- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Ivana B. Shallcross    ibs@gdm.com
- William E Smith    wsmith@k-glaw.com, rheid@k-glaw.com
- Robert K Stanley    robert.stanley@bakerd.com
- Meredith R. Thomas    mthomas@daleeke.com
- John M. Thompson    john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Stephen A. Weigand    sweigand@ficlaw.com
- Charles R. Wharton    Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
- Sean T. White    swhite@hooverhull.com, vwilliams@hooverhull.com
- Jessica E. Yates    jyates@swlaw.com, edufficy@swlaw.com
- James T Young    james@rubin-levin.net, ATTY_JTY@trustesolutions.com;lemerson@rubin-levin.net;mthornburg@rubin-levin.net

The undersigned further certifies that on June 8, 2011, a copy of the foregoing was sent to the following parties via U.S. regular mail, postage pre-paid:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3103

David M Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610

Ashley S Rusher
Blanco Tackabery & Matamoros PA
PO Drawer 25008
Winston-Salem, NC 27114-5008

Kevin M Toner
Baker & Daniels LLP
300 N Meridian Street Suite 2700
Indianapolis, IN 46204-1782

By:  */s/ Christopher E. Baker*
Christopher E. Baker

HOSTETLER & KOWALIK, P.C.
101 West Ohio Street, Suite 2100
Indianapolis, Indiana 46204-4211
(317) 262-1001; (317) 262-1010 FAX
cbaker@hklawfirm.com

3

4