UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-bhl-11 |
| ) | Chapter 11 |
| Debtor. ) | |

**PEOPLES BANK'S RESPONSE AND OBJECTION TO TRUSTEE'S MONEY CLAIMS REPORT, MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Peoples Bank ("Peoples Bank"), of Coldwater, Kansas, by and through its undersigned counsel, for its Response and Objection to the Trustee's Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account (Docket No. 501) (collectively, the "Motion"), states as follows:

## I. INTRODUCTION

In the Motion, the Trustee concludes that no party, other than the Debtor's lender (Fifth Third), can asset a valid lien in or to the Cattle Sales Proceeds. Trustee overlooks the valid and perfected security interest of Peoples Bank, who is a lender to an Unpaid Seller.[1] Peoples Bank's borrower granted it a security interest in the borrower's cattle and said security interest was perfected. Thereafter, the borrower sold its cattle to the Debtor which in turn sold the cattle to another party. Peoples Bank and its borrower have not been paid, and Peoples Bank retains its

---

[1] Defined terms in the Motion shall have the same meaning in this Response and Objection.

security interest in the proceeds from the sale of the cattle. The Trustee has presented no reasoning for its apparent conclusion that the secured claim of Peoples Bank can be disallowed.

## II.   FACTUAL BACKGROUND

1. On August 31, 2010, James H. Brass ("Brass"), a Kansas resident, made and delivered a promissory note (the "Note") to Peoples Bank in the amount of $150,000.00. (Exhibit 1, Note.)

2. Also on August 31, 2010, Brass and his wife executed a Commercial Security Agreement (the "Security Agreement") to Peoples Bank to secure the indebtedness of Brass. The Security Agreement granted Peoples Bank a security interest in Brass' inventory, farm products and supplies (which included livestock and their young), including the proceeds and produces thereof. (Exhibit 2, Security Agreement.) By definition, "proceeds" includes "anything acquired upon the sale, lease, license, exchange or other disposition of the Property; any rights and claims arising from the Property; and any collection and distributions on account of the Property." (Exhibit 2, see "Security Interest".)

3. On September 1, 2010, People's Bank perfected its security interest in the Property by recording an amended financing statement with the Kansas Secretary of State. (Exhibit 3, September 1, 2010 Amended Financing Statement.)

4. On October 26, 2010, Brass sold 192 steers (the "Brass Cattle") to the Debtor for $157,606.47. (Exhibit 4, Invoice.) The check from the Debtor was made payable to both Brass and Peoples Bank. (Exhibit 5, Returned Check.) The check from Eastern was returned for insufficient funds. (Exhibit 5.)

5. On information and belief, the Debtor then sold the Brass Cattle to Hohenberger Cattle; Hohenberger Cattle then sold the Brass Cattle to Fredin Brothers, Inc.; Fredin Brothers, Inc. then sold the Brass Cattle to Colorado Beef. Fredin Brothers, Inc. has not paid Hohenberger Cattle. Instead, on November 10, 2010 (before the Debtor's petition date), Freden Brothers, Inc. filed an Interpleader Action in the District Court for Prowers County, Colorado, wherein it interpleaded the sale proceeds (along with proceeds from other cattle sales not involving Peoples Bank) (the "Interpleader Action").[2]

6. On March 24, 2011, the Trustee herein removed the Interpleader Action to the United States Bankruptcy Court for the District of Colorado (the "Colorado Bankruptcy Court")[3]; however, the proceeds from the Brass Cattle sale remained in the possession of the Prowers County District Court Clerk.

7. On April 29, 2011, the Trustee herein filed a motion with the Colorado Bankruptcy Court to transfer venue for the Interpleader Action and the associated interpleaded funds to this Court. On June 16, 2011, the Colorado Bankruptcy Court granted the Trustee's Motion; however, at this time it appears that the interpleaded funds still remain in the possession of the Prowers County District Court Clerk. Therefore, the proceeds from the sale of the Brass Cattle should not be among those funds listed in Exhibit A to the Trustee's Motion.

8. On April 29, 2011, Peoples Bank timely filed its Proof of Claim herein. (Claim No. 175).

---

[2] *See* Prowers County, Colorado, District Court Case No. 2010-CV-61.
[3] *See* United States Bankruptcy Court, District of Colorado, Case No. 11-01185-EEB.

### III. LEGAL ARGUMENT

As established by the Uniform Commercial Code, the Debtor purchased the Brass Cattle subject to Peoples Bank's security interest. *See* KAN. STAT. ANN. § 84-9-201 (provides that a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors.) Additionally, the security interest continues notwithstanding the sale or other disposition of the collateral and it attaches to identifiable proceeds of the collateral. *See* KAN. STAT. ANN. §§ 84-9-203(f) and 315(a). Therefore, the sale of the Brass Cattle did not impair Peoples Bank's security interest and the security interest attached to the proceeds of the sale. Indeed, the proceeds are identifiable, as evidenced by the canceled check and the Interpleader Action. Finally, because Peoples Bank's security interest in the Brass Cattle was perfected, the security interest in the proceeds was likewise perfected. *See* KAN. STAT. ANN. § 84-9-315(c).

In its Motion, the Trustee did not address the security interests of lenders to Unpaid Sellers of cattle which have valid and perfected security interests in cattle sold to the Debtor. Instead, the Trustee's Motion seemed to be focused on establishing its position that Unpaid Sellers of cattle do not have secured claims. Nevertheless, the Trustee's conclusion that no one other than Fifth Third can have a security interest in cattle sale proceeds is simply unjustified. This Court must honor People Bank's valid and perfected security interest, not disallow Peoples Bank's secured claim, and bar the Trustee from transferring any of the proceeds from the sale of the Brass Cattle to its general operating account for use as cash collateral of Fifth Third.

**WHEREFORE**, Peoples Bank requests this Honorable Court deny the Trustee's Motion as it pertains to Peoples Bank and to the proceeds from the sale of the Brass Cattle, and for such other and further relief as this Court deems just and proper.

DATED this 17th day of June, 2011.

> Respectfully submitted,
>
> **MOYE WHITE LLP**
>
> By: /s/ David A. Laird
> David A. Laird
> 1400 16th Street, 6th Floor
> Denver, Colorado 80202-1486
> Telephone: (303) 292-2900
> Fax: (303) 292-4510
> Email: david.laird@moyewhite.com

## CERTIFICATE OF SERVICE

I hereby certified that on June 17, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

> /s/ R. Kimball Maynes
> R. Kimball Maynes