UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |
| _____ ) | |

**RUSSELL DECORDOVA d/b/a DECORDOVA CATTLE COMPANY'S RESPONSE IN OPPOSITION TO TRUSTEE'S PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Russell deCordova d/b/a deCordova Cattle Company ("deCordova"), a secured creditor and party-in-interest, files this its Response to the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account (the "Motion"), as follows:

**INTRODUCTION**

1. While deCordova maintains that the Trustee's Motion is not applicable to him pursuant to paragraph W. of the *Order Granting Trustee's Emergency Motion Regarding Payments on Debtor's Cattle Sales* ("Order") [Dkt. No. 234], the Trustee's Motion seriously fails to provide any notice to creditors as to what claims the Trustee objects to. Further, the Trustee violates the creditors' due process rights by hurdling the proper procedures set forth in the bankruptcy code and rules. The Trustee merely makes a blanket statement that claims filed pursuant to the Order are not secured. These bald assertions, however, do not overcome the presumption given deCordova's proof of claim.

**BACKGROUND**

2. deCordova is in the business of, among other things, selling livestock. deCordova entered into an agreement with Eastern Livestock Co., LLC ("Eastern") for the sale of 115 head of cattle (the"Cattle").

3. On or about November 2, 2010, deCordova delivered the Cattle to Cactus Growers, Inc. ("Cactus"), the designated bailee under the agreement between Eastern and deCordova.

4. As required by the agreement between Eastern and deCordova, Eastern failed to pay deCordova the purchase price of the Cattle upon delivery of the Cattle to Cactus.

5. On November 24, 2010, counsel for deCordova made a demand against Cactus for the return of the Cattle. On November 30, 2010, Cactus responded stating that Cactus purchased the Cattle from Eastern and that the purchase funds were placed in the registry of the federal district court in Amarillo, Texas.

6. On or about November 18, 2010, Cactus interplead with the U.S. District Court for the Northern District of Texas, Amarillo Division, styled *Friona Industries, L.P. v. Eastern Livestock Co., Inc., et al.*, Case No. 2:10-cv-00266-J (the "Texas Interpleader Action") the funds Cactus used to purportedly purchase the Cattle from Eastern.

7. On April 29, 2011, the Texas Interpleader Action was removed to this Court and is currently pending before the Court as adversary proceeding no. 11-59093.

8. On December 6, 2010, an involuntary petition was filed by certain creditors against Eastern. The Court entered the *Order for Relief in an Involuntary Case and Order to Complete Filing* ("Order for Relief") [Dkt. No. 110] on December 28, 2010.

9.  On or about December 27, 2010, James A. Knauer (the "Trustee") was appointed as the Chapter 11 Trustee for the bankruptcy estate of Eastern in the above styled bankruptcy case.

10. On January 6, 2011, the Trustee filed a motion to seek an order from this Court to allow it to collect unpaid amounts from different cattle purchasers of Eastern.

11. On January 24, 2011, the Court entered the Order allowing the Trustee to collect funds owed to Eastern for the sale of cattle, to sell the cattle free and clear of liens and encumbrances with any liens or encumbrances to attach to the proceeds (the "Sale Proceeds"), to hold the Sale Proceeds in a segregated account, and to make a report as to what claims have a lien or interest in the Sale Proceeds.

12. The Order also provided that any party claiming an interest in the Sale Proceeds could file a claim in substantially the same form as a proof of claim with the bankruptcy court by May 2, 2011 (the "Claims Bar Date").

13. Additionally, the Order specifically stated that the Order does not apply to any cattle or cattle proceeds that are the subject of the Texas Interpleader Action and that any plaintiff, defendant, or intervenor in the Texas Interpleader Action was not required to comply with the Order and procedures set forth therein.

14. On April 29, 2011, out of an abundance of caution, deCordova filed a proof of claim to protect any interest it had in funds held by Eastern's bankruptcy estate and held in the court's registry.

15. On May 23, 2011, the Trustee filed the Motion regarding the Sale Proceeds and claims filed pursuant to the Order.

## ARGUMENT AND AUTHORITIES

**A.    The Trustee's Motion does not Apply to deCordova's Claim.**

16.    While deCordova does not believe the Motion or the Order apply to any claim it has against Eastern and the funds held in the court's registry in the Texas Interpleader Action, *see* Order ¶ W., deCordova, out of an abundance of caution, objects to the relief requested in the Trustee's Motion to the extent it seeks to disallow deCordova's secured claim.

17.    Additionally, by filing this Response, deCordova in no way concedes that its claim is secured only by the proceeds held by the registry of the Court in the Texas Interpleader Action. Further, deCordova in no way waives, and specifically reserves, it rights to assert its secured claim against cattle held by the estate or proceeds from the sale of cattle held by the estate. Because the Trustee's Motion lacks any description of the claims the Trustee seeks to disallow, *see* Motion [Dkt. No. 501], deCordova does not know whether the Trustee takes the position that deCordova's claim is secured only by the funds relating to the Texas Interpleader Action or the Sale Proceeds.

18.    The Motion merely states that 505 proofs of claim have been filed in Eastern's bankruptcy and that none of those claims hold a valid secured interest in the Sale Proceeds. *See* Motion ¶ 6. The Trustee, however, fails to provide any indication as to whether those claims include the claim filed by deCordova. The Motion, likewise, fails to provide any creditor notice of what specific claims the Trustee seeks to disallow.

19.    Because the Order provides that any party to the Texas Interpleader Action is not affected by the Order, deCordova requests that the Court overrule the Trustee's Motion to the extent it seeks to disallow deCordova's secured claim against Eastern.

**B.      The Trustee's Motion Violates Creditors' Due Process Rights.**

20.     By this Motion, the Trustee attempts to circumvent the procedural safeguards established in the bankruptcy code and rules to the detriment of deCordova and other creditors of Eastern.

21.     Section 502(a) of the bankruptcy code provides that a properly filed claim is deemed allowed unless objected to.  *See* 11 U.S.C. § 502(a).  Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that an objection to a claim must be in writing and filed with the court.  Fed. R. Bankr. P. 3007(a).  Further, Rule 3007(b) provides that objections to more than one claim "shall not be joined in a single objection."  Fed. R. Bankr. P. 3007(b).

22.     Through the Motion, the Trustee seeks a declaratory judgment from this Court that "none of the [505 proofs of claims] that assert a Purchase Money Claim are valid secured claim to the Cattle Sales Proceeds."  *See* Motion ¶ 6.  Yet, instead of following the provisions of the Bankruptcy Code or Bankruptcy Rule 7004 for filing a complaint, the Trustee files this Motion which violates the due process rights of deCordova and creditors.

23.     The Trustee fails to file a complaint in this matter specifically naming the parties he seeks relief against.  Further, he fails to properly serve the parties he seeks relief from.  Instead, without specifically identifying which parties he seeks relief against, the Trustee "serve[d] a copy of th[e Motion] and the notice attached …as <u>Exhibit B</u> on *all creditors* in this case."  Motion ¶ 8 (emphasis added).

24.     Additionally, the filing of an objection and response creates a contested matter.  Once a contested matter arises, the rules in part seven of the Bankruptcy Rules apply.  *See* Fed.

R. Bankr. P. 9014. These rules guarantee that constitutional due process is afforded those parties whose claims have been objected to.

25. Nonetheless, the Trustee, by this Motion, attempts to circumvent the due process rights of deCordova and other creditors. This Motion hardly provides sufficient notice to determine whether the Trustee is seeking relief against deCordova. The Motion fails to specifically identify any claim that the Trustee seeks to disallow. The Trustee merely states that 505 proofs of claim have been filed and that none are valid secured claims against the Sale Proceeds.

26. Further, the Trustee fails to state the basis of disallowance of deCordova's claim. Instead, the Trustee alleges that he reviewed the claims and state and federal law, and that in his opinion the claims are not secured. Nonetheless, the Trustee fails to state by what authority deCordova's, and any other creditors', claim is not secured.

27. The Trustee cannot seek the relief he requests in this manner because it violates the due process rights of deCordova and all other creditors. As such, the Court should deny the Motion and the relief requested therein.

**C.     The Trustee's Motion Fails to Provide Sufficient Notice to Creditors.**

28. Rule 3007(c) provides that "objections to more than one claim shall not be joined in a single objection." Fed. R. Bankr. P. 3007(c). When the Bankruptcy Rules allow an omnibus objection, the Bankruptcy Rules require that the objections be based *solely* on the grounds that the claims should be disallowed because

> (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of

>   noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Fed. R. Bankr. P. 3007(d).

29. Here, the Trustee improperly objects to multiple claims within one pleading in violation of the Bankruptcy Rules. The Trustee's objection does not meet the requirements for an omnibus objection. Therefore, the Trustee fails to provide proper and sufficient notice to deCordova and creditors regarding the Trustee's claims objections.

30. Even if the Court were to find that the Trustee's objection meets one of the omnibus objection requirements, the Trustee again hurdles the proper procedure to make the omnibus objection. *See* Fed. R. Bankr. P. 3007(e). Rule 3007(e) provides that the omnibus objection shall

>   (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection; (2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims; (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds; (4) state in the title the identity of the objector and the grounds for the objections; (5) be numbered consecutively with other omnibus objections filed by the same objector; and (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

31. The Trustee's Motion meets none of these requirements. The Trustee fails to provide a list of any creditors, but merely objects to all of the claims. This failure to identify the creditor and the claim objected to fails to provide deCordova and creditors with any notice as to the relief requested by the Trustee.

32. Finally, while the Motion is vague and ambiguous as to which claims and the total amount of claims the Trustee objects to, based on the Motion it appears that the Trustee seeks to disallow all 505 proofs of claim filed in Eastern's bankruptcy case. *See* Motion ¶ 6. Relief to

this extent, however, is strictly prohibited by Rule 3007(e)(6). Thus, the Court should deny the relief requested by the Trustee in his Motion.

### D. The Trustee's Motion does not Overcome the Presumption in favor of deCordova's Claim.

33. The Trustee fails to overcome the presumption afforded deCordova's properly filed proof of claim because the Trustee does not present any evidence to overcome the presumption.

34. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Therefore, a properly filed proof of claim gives rise to a rebuttable presumption as to the amount and validity of that claim, and the debtor has the burden of introducing evidence to overcome this presumption. *See In re Fid. Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988). If no rebuttal evidence is introduced by the debtor or objecting party, the creditor's claim prevails. *Id.*

35. Here, the Trustee does not introduce any evidence to rebut the presumption that deCordova's claim is valid. The Trustee merely claims that the Packers and Stockyards Act and state law do not provide "an unpaid seller of cattle to Debtor with a lien against the proceeds generated from the resale of such cattle." Motion ¶ 5. Nonetheless, the Trustee fails to sight any applicable law to support his position. Additionally, the Trustee presents no evidence that deCordova's claim is not valid and should be disallowed.

36. Based on the foregoing reasons, the Court should deny the relief requested by the Trustee in his Motion.

WHEREFORE, Russell deCordova d/b/a deCordova Cattle Company prays that the Court deny the Trustee's Motion and the relief sought therein, and for such other and further relief the Court deems appropriate according to the circumstances.

Dated:  June 17, 2011                                  RUSSELL DECORDOVA D/B/A
                                                                               DECORDOVA CATTLE COMPANY,
                                                                               Creditor,

                                                          By:    /s/ Jeffrey J. Graham
                                                                    Jeffrey J. Graham, One Of Its Counsel

Jerald I. Ancel
Jeffrey J. Graham
Taft Stettinius & Hollister LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone:  (317) 713-3500
Facsimile:  (317) 713-3699
Email:  jancel@taftlaw.com
         jgraham@taftlaw.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served upon the attached Service List via the United States Bankruptcy Court's electronic transmission service, via e-mail transmitted by counsel for creditor, , or via first class, postage-paid U.S. mail this 17th day of June, 2011.

                                                                       /s/ Jeffrey J. Graham
                                                                       Jeffrey J. Graham

**Eastern Livestock Co., LLC**
**Case No. 10-93904-BHL-11**
**Service List**
**Updated:  06/17/2011**

**U.S. Bankruptcy Court Electronic Service**

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com |
| | hm@gdm.com |
| | tlm@gdm.com |
| | rtrowbridge@kslaw.com |
| Christopher E. Baker | cbaker@hklawfirm.com |
| | thignight@hklawfirm.com |
| T. Kent Barber | kbarber@dlgfirm.com |
| | dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com |
| | shm@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com |
| | patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com |
| | sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com |
| | sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com |
| | vdarmstrong@vorys.com |
| | bjtobin@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com |
| | jparsons@mcs-law.com |
| | cmarshall@mcs-law.com |
| Jack S Dawson | jdawson@millerdollarhide.com |
| | jowens@millerdollarhide.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com |
| | patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com |
| | dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com |
| | KKW@dominalaw.com |
| | efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com |
| | knorwick@ficlaw.com |
| Shawna M Eikenberry | shawna.eikenberry@bakerd.com |
| | sarah.herendeen@bakerd.com |
| Robert H. Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com |
| | smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com |
| | sharon.korn@bakerd.com |
| | sarah.herendeen@bakerd.com |
| John David Hoover | jdhoover@hooverhull.com |

| | |
|---|---|
| John Huffaker | john.huffaker@sprouselaw.com |
| | lynn.acton@sprouselaw.com |
| | rhonda.rogers@sprouselaw.com |
| Jay Jaffe | jay.jaffe@bakerd.com |
| | tracy.whitman@bakerd.com |
| | sarah.herendeen@bakerd.com |
| James Bryan Johnston | bjtexas59@hotmail.com |
| | bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com |
| | dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com |
| | hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com |
| | khedwards@vorys.com |
| David A. Laird | david.laird@moyewhite.com |
| | lisa.oliver@moyewhite.com |
| | deanne.stoneking@moyewhite.com |
| David L. LeBas | dlebas@namanhowell.com |
| | koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net |
| | edl@trustesolutions.com |
| Elliott D. Levin | edl@rubin-levin.net |
| | atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com |
| | lisa.geeding@dinslaw.com |
| | patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net |
| | sabrina@lovell-law.net |
| | shannon@lovell-law.net |
| | paula@lovell-law.net |
| Harmony A Mappes | harmony.mappes@bakerd.com |
| | betsy.smith@bakerd.com |
| | sarah.herendeen@bakerd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| | laura@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James Edwin McGhee | mcghee@derbycitylaw.com |
| | belliott@derbycitylaw.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com |
| | dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com |
| | ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Shiv Ghuman O'Neill | shiv.oneill@bakerd.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com |
| | kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |

| | |
|---|---|
| Wendy W Ponader | wendy.ponader@bakerd.com |
| | sarah.herendeen@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com |
| | lskibell@mcjllp.com |
| Susan K. Roberts | skr@stuartlaw.com |
| | lbt@stuartlaw.com |
| Mark A. Robinson | mrobinson@vhrlaw.com |
| | dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com |
| | joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net |
| | susan@rubin-levin.net |
| Joseph H Rogers | jrogers@millerdollarhide.com |
| | cdow@millerdollarhide.com |
| Thomas C Scherer |  tscherer@binghammchale.com |
| | mmcclain@binghammchale.com |
| Ivana B. Shallcross | ibs@gdm.com |
| William E Smith | wsmith@k-glaw.com |
| | rheid@k-glaw.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Andrew D Stosberg | astosberg@lloydmc.com |
| | bmarks@lloydmc.com |
| Meredith R. Thomas | mthomas@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin M. Toner | kevin.toner@bakerd.com |
| | crystal.hansen@bakerd.com |
| | judy.ferber@bakerd.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Andrea L Wasson | andreawassonatty@gmail.com |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| | vwilliams@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com |
| | edufficy@swlaw.com |
| James T Young |  james@rubin-levin.net |
| | ATTY_JTY@trustesolutions.com |
| | lemerson@rubin-levin.net |
| | mthornburg@rubin-levin.net |

**Russell deCordova d/b/a deCordova Cattle Company's Attorney's Electronic Mail Service**

| | |
|---|---|
| David A. Domina | ddomina@dominalaw.com |
| Ashley S. Rusher | asr@blancolaw.com |

**Russell deCordova d/b/a deCordova Cattle Company's Attorney's U.S. Mail Service**

Greg L. Bauer
1310 Kansas
PO Box 1349
Great Bend, KS 67530

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311

Adam R. Burrus
Fleeson Gooing Coulson & Kitch LLC
301 N. Main, Suite 1900
Wichita, KS 67202

Ron C. Campbell
Fleeson Gooing Coulson & Kitch LLC
125 N Market St, Suite 1600
PO Box 997
Wichita, KS 67201

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY 40202-3103

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

James Kilroy
Snell & Wilmer LLP
1200 17th St, Suite 1900
Denver, CO 80202

Justice B. King
Fisher, Patterson, Sayler & Smith
3550 S. W. Fifth St
PO Box 949
Topeka, KS 66601-0949

Thomas J. Lasater
301 N. Main Suite 1900
PO Box 997
Wichita, KS 67201

Terry L. Malone
Martin, Pringle, Oliver, Wallace & Swartz LLP
100 North Broadway, Suite 500
Wichita, KS 67202

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KS 66610

Mark A. Rondeau
1321 Main, Suite 300
PO Drawer 1110
Great Bend, KS 67530

Ashley S. Rusher
Blanco Tackabery & Matamoros PA
PO Drawer 25008
Winston-Salem, NC 27114-5008

**1467815-1**