UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| Debtor. ) | |
| ) | |

**OBJECTION TO TRUSTEE'S PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Rex Elmore ("Elmore"), by counsel, hereby files his objection to the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account, and states as follows:

1.  On April 15, 2011, Elmore filed a claim to certain proceeds from cattle sales by Eastern Livestock Co., Inc. ("Eastern").  A copy of said claim is attached hereto as "Exhibit 1."

2.  Elmore's claim, and the exhibits thereto, shows that Eastern purchased cattle from Elmore on October 25, 2010, October 30, 2010, and November 1, 2011.  Eastern issued three (3) checks (#016064, #016105, and 016135) ("Eastern's Checks"), totaling $33,653.53 for payment and took delivery of the cattle.

3.  After delivery of the cattle to Eastern, Eastern's Checks were returned to Elmore for insufficient funds, and remain unpaid.

4.  Elmore does not know where Eastern shipped the cattle, who Eastern resold the cattle to, or where the proceeds from Eastern's presumed resale of the cattle are located.

5.  At the time Eastern purchased the cattle from Elmore, it appears that Eastern was engaged in fraud and a check-kiting scheme.  The details of the scheme have been the subject to

pleadings filed with this court. The purchase of the cattle from Elmore and the issuance of its checks to Elmore were part of Eastern's fraud and check-kiting scheme. Furthermore, it is believed that Eastern knew at the time it agreed to purchase the cattle from Elmore that it lacked sufficient funds to pay Elmore and its representation that it would pay Elmore was fraudulent.

6. Eastern obtained cattle from Elmore by means that constituted fraud and unconscionable conduct.

7. Upon obtaining cattle from Elmore, Eastern held the legal title to the cattle contrary to equity.

8. Eastern acquired the cattle subject to a constructive trust in favor of Elmore. *See Thomas v. Briggs,* 189 N.E. 389, 392-93 (Ind. Ct. App. 1934) ("If one party obtains the legal title to property, *not only by fraud or by violation of confidence or of fiduciary relations, but in any other unconscientious manner*, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it.") (Emphasis supplied.) *See also, Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274 (Ind. Ct. App. 2005) ("The basis of the constructive trust is the unjust enrichment which would result if the person having the property were permitted to retain it," *quoting Melloh v. Gladis*, 309 N.E.2d 433, 438-39 (Ind. 1974)); *Shafer v. Lambie*, 667 N.E.2d 226 (Ind. Ct. App. 1996) ("A constructive trust is . . . available against one who through fraud or other wrongful means acquires property of another."); *Hicks v. State*, 635 N.E.2d 1151, 1154 (Ind. Ct. App. 1994) ("a constructive trust may be imposed appropriately where property is wrongfully gained or held. Fraud is but one means by which property may be wrongfully gained . . . .").

9. Upon Eastern's sale of the cattle to its buyer, Eastern's right to the proceeds from the sale was subject to a constructive trust in favor of Elmore.

10. Pursuant to 11 U.S.C. §541(d), the estate holds bare legal title; equitable title belongs to Elmore because the proceeds of the cattle are held subject to a constructive trust in favor of Elmore.

11. The information needed for Elmore to identify the payor or current holder of the funds as to which Elmore's constructive trust applies is not available to Elmore.

12. Exhibit A to the Trustee's Report does not reflect the seller to Eastern so that the funds paid to the Trustee can be matched with the cattle sold to Eastern.

13. To the extent that the Trustee holds funds that are the proceeds of any other sale in connection with Elmore's sale of cattle to Eastern, Elmore asserts that such proceeds are subject to a constructive trust in favor of Elmore.

14. In addition, Elmore adopts all arguments advanced by Superior Livestock Auction and Joplin Regional Stockyards in their Objections and Supplemental Objections as if fully set forth herein.

15. Furthermore, in review of the Trustee's Motion, Elmore's Claim was not listed in the attachments.

WHEREFORE, Elmore respectfully requests that Trustee's Motion and all relief requested therein be denied.

        Respectfully submitted,

        */s/ Susan K. Roberts*
        Susan K. Roberts
        Attorney No. 0010954-37
        STUART & BRANIGIN, LLP
        300 Main Street, Suite 900
        P.O. Box 1010
        Lafayette, Indiana 47902-1010
        Telephone: (765) 423-1561
        Facsimile: (765) 742-8175

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Walter Scott Newbern<br>wsnewbern@msn.com | John Huffaker<br>john.hutffaker@sprouselaw.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Randall D. LaTour<br>rdlatour@vorys.com | C. R. Bowles, Jr.<br>crb@gdm.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com |
| John W. Ames<br>jwa@gdm.com | John R. Carr, III<br>jrciii@acs-law.com | John Hunt Lovell<br>john@lovell-law.net |
| Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | Edward M. King<br>tking@fbtlaw. com |
| Meredith R. Thomas<br>mthomas@daleeke.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Bret S. Clement<br>bclement@acs-law.com |
| Charles R. Wharton<br>Charles .R. Wharton@usdoj.gov | Ivana B. Shallcross<br>ibs@gdm.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| David L. LeBas<br>dlebas@namanhowellcom | William Robert Meyer, II<br>rmeyer@stites.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jessica E. Yates<br>jyates@swlaw.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Allen Morris<br>amorriss@stites.com |

| | | |
|---|---|---|
| James T. Young<br>james@rubin-levin.net | Robert H. Foree<br>robertforee@bellsouth.net | James M. Carr<br>Jim.carr@bakerd.com |
| John M. Thompson<br>john.thompson@crowedunlevy.com | William E. Smith<br>wsmith@k-glaw.com | Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com |
| Matthew J. Ochs<br>matt.ochs@moyewhite.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Sean T. White<br>swhite@hooverhull.com |
| T. Kent Barber<br>kbarber@dlgfirm.com | Kevin M. Toner<br>kevin.toner@bakerd.com | Michael W. McClain<br>mike@kentuckytrial.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Wendy W. Ponader<br>Wendy.ponader@bakerd.com | Christopher E. Baker<br>cbaker@hklawfirm.com |
| Karen L. Lobring<br>lobring@msn.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net | Dustin R. DeN eal<br>Dustin.deneal@bakerd.com |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | John David Hoover<br>jdhoover@hooverhull.com | Terry E. Hall<br>Terry.hall@bakerd.com |
| John M. Rogers<br>johnr@rubin-levin.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com | Ross A. Plourde<br>ross.plourde@mcaeeaft.com |
| | Thomas C. Scherer<br>tscherer@binghammchale.com | |

        /s/ Susan K. Roberts
        Susan K. Roberts