UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN
EAU CLAIRE DIVISION

| | |
|---|---|
| RUSH CREEK RANCH, LLLP, <br> a Colorado Limited Liability Limited Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> EASTERN LIVESTOCK COMPANY, LLC., <br> ARCADIA STOCKYARD, <br> CATTLEMEN'S LIVESTOCK MARKET, <br> COLUMBIA LIVESTOCK MARKET OF <br> LAKE CITY, INC., HARDEE LIVESTOCK <br> MARKET, INC., NORTH FLORIDA <br> LIVESTOCK MARKET, OCALA LIVESTOCK <br> MARKET, INC., OKEECHOBEE LIVESTOCK <br> MARKET, SUMTER COUNTY FARMER'S <br> MARKET, INC., TOWNSEND LIVESTOCK <br> MARKET, FIFTH THIRD BANK, <br> JAMES BYRD, aka I.E. BYRD, OAK LAKE <br> CATTLE COMPANY, INC., D&R TRUCKING, <br> RONALD SIZEMORE TRUCKING, INC. <br> BANKS 1-25, and DOES 25-50, <br><br> Defendants. | NO. 1-11-00104 |

**MOTION TO TRANSFER VENUE AND INTERPLEADED FUNDS**

Pursuant to 28 U.S.C. §§ 1404(a) and 1412, James A. Knauer, the Chapter 11 trustee ("Trustee") for defendant Eastern Livestock Co., LLC ("Eastern"), requests that venue of the above-captioned matter be transferred to the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Indiana Bankruptcy Court"), which is where the

Drafted by:
Nathan L. Moenck, Esq.
MICHAEL BEST & FRIEDRICH LLP
One S. Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI  53701-1806
Phone:  608-257-3501
Fax:  608-283-2275
nlmoenck@michaelbest.com

underlying bankruptcy case for Eastern is pending, and further requests the Court for an order releasing and transferring certain funds to the Indiana Bankruptcy Court that are currently held by the Clerk of the Circuit Court of Vernon County, Wisconsin (the "State Court"). In support of this motion, the Trustee states as follows:

1. This matter involves funds interpleaded by plaintiff, Rush Creek Ranch, LLLP ("Rush Creek"). Per Rush Creek's Complaint, which was filed in the State Court under Case No. 2010CV000317 (the "State Court Action"), Rush Creek purchased certain cattle (the "Cattle") directly from Eastern. Soon after purchasing the Cattle, Rush Creek learned that Eastern was having financial issues and developed reason to believe that cattle purchased from Eastern had not been paid for. Rush Creek is concerned about title to the Cattle and being subject to multiple liabilities and claims from ranchers, producers, lenders, assigns, and lien holders. Consequently, Rush Creek interpleaded the funds that Rush Creek owed for the Cattle, which total $178,233.28 (the "Interpleaded Funds") and named, as defendants, those parties who may claim an interest in the funds, including Eastern. The Interpleaded Funds are currently in the possession and control of the Clerk of the State Court.

2. On December 2, 2010, shortly after Rush Creek filed its complaint in the State Court Action, certain petitioning creditors of Eastern filed an involuntary petition against Eastern for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et. seq.*, in the United Stated Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Indiana Bankruptcy Court"). The Indiana Bankruptcy Court entered the Order for Relief in an Involuntary Case and Order to Complete Filing on December 28, 2010.

3. On March 24, 2011, the Trustee filed its Notice of Removal with the United States Bankruptcy Court for the Western District Wisconsin ("this Bankruptcy Court"), removing the State Court Action to this Bankruptcy Court.

4. Pursuant to 28 U.S.C. § 1412, a case or proceeding under title 11 may be transferred to a district court for another district "in the interest of justice or for the convenience of the parties." Several courts have analyzed whether § 1412 applies to motions to transfer actions "related to" a bankruptcy action or whether 28 U.S.C. § 1404, the general transfer statute, should apply. *See, e.g.*, *Baker v. Muscletech Research and Development, Inc.*, 2006 WL 1663748, *1-2 (E.D. Wis.) (noting that different courts had reached different conclusions concerning which statute applies to the transfer of proceedings "related to" a bankruptcy action). Many of these courts, including the court in *Baker*, have concluded that § 1412 applies to actions "related to" a bankruptcy proceeding. *Id.* at *2 ("I therefore conclude that, because this case is 'related to' the title 11 case pending in the Southern District of New York, it can be transferred there pursuant to § 1412 if doing so is 'in the interest of justice or for the convenience of the parties.'"). In the above-captioned matter, transfer is appropriate under either § 1412 or § 1404.

5. Factors courts have considered in determining whether to transfer a matter under § 1412 include a plaintiff's choice of forum and other factors related to making a trial as expeditious and economical as possible *See In re Harwell*, 381 B.R. 885, 891-92 (D. Col. 2008) (listing multiple factors). "Factors that have been afforded particular emphasis in the context of adversary proceedings in bankruptcy are: (1) the economic administration of the bankruptcy estate; (2) the presumption in favor of trying cases 'related to' a bankruptcy case in the court in which the bankruptcy is pending; (3) judicial efficiency; (4) ability to receive a fair trial; (5) the

state's interest in having local controversies decided within its borders; (6) enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum." *Id.* at 892.

6. These factors weigh in favor of transfer. In Eastern's pending bankruptcy matter, a number of situations exist that involve facts similar to those of the above-captioned matter. Specifically, a number of parties have purchased cattle from Eastern, either directly or indirectly, and Eastern's pending bankruptcy has created issues concerning what party may be entitled to funds related to such purchases. Accordingly, the Trustee filed an emergency motion in the Indiana Bankruptcy Court which sought, among other things, to establish a procedure whereby funds owed for cattle purchased from Eastern could be paid to the Trustee and properly segregated and a process for asserting claims and resolving disputes related to such funds. The Indiana Bankruptcy Court granted the Trustee's motion on January 24, 2011. Additionally, a case originally filed in the Northern District Court of Texas that also involves funds interpleaded by parties who purchased cattle from Eastern has recently been transferred to the Indiana Bankruptcy Court, and the Trustee is in the process of requesting transfer of two matters, pending in Colorado and Kansas, that also concern similarly interpleaded funds. Many of the issues related to funds interpleaded in other cases or funds paid pursuant to the Trustee's emergency motion will be similar to those involved in the above-captioned matter, and the interest of justice supports transferring the case to the Indiana Bankruptcy Court that is familiar with the type of claims and issues that will be relevant to this matter. *See, e.g.*, *Baker*, 2006 WL 1663748 at *3 (court held that it had "little trouble concluding" that transfer was appropriate where the judge in the transferee court was presiding over one of the party's bankruptcy proceedings and over a multidistrict proceeding involving the same product in question as the transferred case). Additionally, the interests of justice and convenience of the parties would be

promoted if the same general procedures were used for resolving matters with similar types of factual circumstances.

7. Although Rush Creek filed this matter in Wisconsin, Wisconsin has little connection to this matter – its only connection being that it is Rush Creek's principal place of business. While a plaintiff's choice of forum is normally a consideration in determining whether to transfer a matter, Rush Creek agrees and consents to transferring this matter to the Indiana Bankruptcy Court. In total, the factors relating to justice and convenience of the parties weigh heavily in favor of transferring this matter to Indiana.

8. Alternatively, transfer is appropriate under § 1404, as well. "The only substantial difference between [sections 1404(a) and 1412] is the additional requirement under §1404(a) that an action be transferred to any place where venue could have been valid originally." *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 362 (Dist. Kan. 2004). Original venue in the Southern District of Indiana would have been appropriate. First, the above-captioned matter is an interpleader, and thus, under 28 U.S.C. § 1335, such action could have been brought in federal district court if *two* or more claimants are of diverse citizenship. Eastern, one of the defendants and claimants to the Interpleaded Funds, is a Kentucky limited liability company and its members reside in Indiana. Rush Creek's complaint also names multiple other defendants, many of whom are corporations with their principal places of business in Florida. Thus, the minimum diversity requirement under § 1335 is satisfied. Additionally, 28 U.S.C. § 1397 provides that "[a]ny civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." Eastern's principal place of business is located in New Albany, Indiana, and its members

reside in Corydon, Indiana, which is located in the Southern District of Indiana. Thus, the above-captioned action originally could have been brought in the Southern District of Indiana.

9.  Additionally, "under 28 U.S.C. § 1409, an action related to a bankruptcy proceeding can be brought in the district where the bankruptcy case is pending." *City of Liberal*, 316 B.R. at 362. Thus, since the New Albany Division of the Southern District of Indiana is where Eastern's bankruptcy is pending, venue in the Southern District of Indiana would have been proper under this provision, as well.

10. Accordingly, under either § 1412 or § 1404, transfer to the Indiana Bankruptcy Court is appropriate.

11. The Interpleaded Funds are still being held in the registry of the Clerk of the State Court. Upon transfer to the Indiana Bankruptcy Court, it is appropriate that such funds be released and paid to the Clerk of the Indiana Bankruptcy Court.

12. Counsel for the Trustee has consulted with the attorneys for the represented parties in this matter. As indicated above, plaintiff Rush Creek does not object to this motion. W. Scott Newbern,[1] who is counsel for defendants, Arcadia Stockyard, Cattlemen's Livestock Market, Columbia Livestock Market of Lake City, Inc., Hardee Livestock Market, Inc., North Florida Livestock Market, Inc., Ocala Livestock Market, Inc., Okeechobee Livestock Market, Inc., Sumter County Farmer's Market, Inc., and Townsend Livestock Market has indicated that he objects to this motion. No other counsel for the other parties has indicated whether they object or agree to this motion.

---

[1] Upon information and belief, Mr. Newbern is not licensed in Wisconsin, but entered an appearance on behalf of these named defendants in the State Court Action.

- 6 -

WHEREFORE, James A. Knauer, as trustee for Eastern Livestock Co., LLC, requests an order that: (i) transfers this matter to the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division; (ii) upon transfer, requires the Interpleaded Funds currently deposited with the Clerk of the Circuit Court of Vernon County, Wisconsin, plus any accrued interest thereon, be released and transferred, payable to the Clerk of the U.S. Bankruptcy Court of the Southern District of Indiana; and (iii) grants for all other just and appropriate relief.

Dated this 4th day of May, 2011.

        Respectfully submitted,

        MICHAEL BEST & FRIEDRICH LLP
        Attorneys for James A. Knauer, Trustee for Eastern Livestock Co., LLC


        By: /s/ Nathan L. Moenck
            Nathan L. Moenck

Ann Ustad Smith, Esq.
Nathan L. Moenck, Esq.
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
P.O. Box 1806
Madison, WI 53701-1806
Phone: 608-257-3501
Fax: 608-283-2275
ausmith@michaelbest.com
nlmoenck@michaelbest.com
*Attorneys for James A. Knauer, Trustee for Eastern Livestock Co., LLC*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel and parties of record by U.S. mail, first class, postage prepaid on this 4th day of May, 2011:

| Counsel for Plaintiff, Rush Creek Ranch, LLLP | Counsel for Fifth Third Bank: |
|---|---|
| David L. Abt<br>ABT Law Office<br>210 North Main Street<br>P.O. Box 128<br>Westby, WI 54667 | Brian K. Nowicki, Esq.<br>Reinhart Boerner Van Deuren, S.C.<br>22 E. Mifflin Street, Suite 600<br>Madison, WI 53703 |
| Counsel for Arcadia Stockyard; Cattlemen's Livestock Market; Columbia Livestock Market Of Lake City, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmer's Market, Inc.; and Townsend Livestock Market: | James Byrd a/k/a I.E. Byrd d/b/a Oak Lake Cattle Company, Inc.<br>1202 Northwest 8th Avenue<br>Okeechobee, FL 34972-2024<br><br>D&R Trucking<br>P.O. Box 267<br>Anthon, IA 51004-0267<br><br>Ronald Sizemore Trucking, Inc.<br>9871 SE 22nd Street<br>Webster, FL 33597 |
| W. Scott Newbern, Esq.<br>W. SCOTT NEWBERN, P.L.<br>2982 E. Giverny<br>Tallahassee, FL 32309 | |

        /s/ Nathan L. Moenck
        Nathan L. Moenck

029560-0001\9168336.1