# EXHIBIT A

| Dock. No. | Objecting Parties | Assertions |
|---|---|---|
| 512, 541 | Superior Livestock Auction, Inc. | Objects to transfer of funds to Fifth Third |
| 515, 542 | Joplin Regional Stockyards | Makes a specific claim to $97,868.78 received from Harlan Feeders and listed as No. 40 on Exhibit A., arguing that they are proceeds from a contract that Joplin terminated and claimed ownership of. |
| 517 | David L. Rings, *et al.* | Objects to transfer of funds to Fifth Third |
| 518 | Ron Reed's Joinder | Objects to transfer of funds to Fifth Third |
| 519 and 554 | First Bank & Trust Company | Received an extension of time to file a "Purchase Money Claim". |
| 536 | Peoples Bank of Coldwater Kansas | Asserts security interest in portion of interpled funds in Colorado interpleader |
| 539 | Bluegrass Stockyards, LLC; Bluegrass Stockyards East, LLC; Bluegrass Stockyards of Campbellsville, LLC; Bluegrass Stockyards of Richmond, LLC; Bluegrass South Livestock Market, LLC; Bluegrass-Maysville Stockyards, LLC; East Tennessee Livestock Center, Inc.; Piedmont Livestock, Inc.; and Southeast Livestock Exchange, LLC | Objects to any transfer of funds to Fifth Third prior to a full determination of Fifth Third's claim and "Piedmont Livestock, Inc. believes it may have a claim to a portion of the funds listed on Exhibit A to the Motion as being paid by Leuken Dairy Farm." |
| 543 | Kathleen Pry, as Gibson Trustee | Granted an extension of time to file a Purchase Money Claim. |
| 544 | Brent Kuehny d/b/a Dollar K Cattle and Bank of Kremlin | Claims first rights to ELC's $158,494.02 receivable from Mark Hohenberger (which is not listed on Exhibit A and has not yet been paid). Argues that 1) Colorado law imposes a constructive trust in favor of unpaid sellers of cattle to ELC and 2) the Bank of Kremlin's security interest continues. |
| 545 | Stockman Oklahoma Livestock Marketing, Inc. | Argues that a constructive trust has arisen in favor of SOLM under Oklahoma law. Makes a specific claim to #64 on Exhibit A ($107,660.36 paid by Doug Sunderman) and reserves the right to make additional claims as they have not yet been able to identify "Payors" who purchased their cattle. |
| 546 | Crumpler Bros. | Alleges constructive trust under either Texas or Oklahoma law. Sold 150 heifers valued at $106,691.01 to ELC on October 27, 2010 but does not know to whom they were resold. They therefore are unable to trace proceeds. |
| 547 | CPC Livestock | Joins all other objections. Raises no new arguments. |
| 548 | Coffeyville Livestock Market, LLC | Adopts Superior's procedural objections. |
| 549 | Northwest Alabama Livestock Auction, Glen Franklin, Phillip Taylor Reed, David L. Rings, Gary S. Bell and Ron P. Reed | Identical to Superior Objection. |

BDDB01 6738687v4

| Dock. No. | Objecting Parties | Assertions |
|---|---|---|
| 552 | Russell de Cordova | Makes a claim to funds held in Texas interpleader and which are not listed on Exhibit A to Purchase Money Claims Report. |
| 553 | Joplin Regional Stockyards and Superior Livestock Auction, Inc. | The existence of potential fraud claims against ELC and claims against Fifth Third make any transfers premature. |
| 555 | Rex Elmore | Alleges constructive trust under Indiana law on account of $33,653.53 claim for sale of cattle to ELC. |
| 556 | Hilliard-McKettrick Investments, *et al.* ("Florida Creditors") | Asserts claims to amounts at issue in Wisconsin interpleader and payment number 41 on Exhibit A ($148,172.53 received from Len Miler).  Argues that Debtor operated primarily as either a "clearing agency" or "market agency" under PSA and was therefore just a broker for others who never took title to or any interest in cattle or proceeds. |