## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  10–93904–BHL–11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## <u>MOTION FOR 2004 EXAMINATION</u>

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc. ("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and moves the Court for entry of an order requiring the immediate and full disclosure of certain information and documents by the United States Department Of Agriculture Grain Inspection, Packers & Stockyards Administration ( hereinafter "GIPSA") maintained pursuant to the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229a and governing regulations (hereinafter "Stockyards Act"), In support thereof, the Florida Creditors state as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion concerns the ownership rights to and disposition of the cash sale proceeds from livestock sales now held by the Trustee and the performance bonds required to be maintained by Debtor Eastern Livestock Co. LLC pursuant to the Stockyards Act and is, therefore, a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  *See also* 11 U.S.C. §§ 506, 541.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     On December 6, 2010, the Debtors filed an involuntary Chapter 11 petition.

4.     Fed. R. Bankr. Proc. 2004 ("Rule 2004") provides, "On motion of any party in interest, the court may order the examination of any entity." A Rule 2004 examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of" the estate.  Fed. R. Bankr. P. 2004(b).

5.     The Florida Creditors believe that a Rule 2004 examination by admissions, interrogatories, and requests for documents, followed if necessary by an oral examination, is the best method to reveal any material information in the possession of GIPSA (the "2004 Request").

6.     The Florida Creditors provide definitions relevant to the 2004 Request attached hereto as **<u>Exhibit A</u>**.

7.     In connection with the 2004 Request, the Florida Creditors seek responses to the Interrogatories attached hereto as **<u>Exhibit B</u>**; to the Request For Production Of Information And Documents attached hereto as **<u>Exhibit C</u>**; and to the Request For Admissions attached hereto as **Exhibit D**.

8.     The Florida Creditors believe that the 2004 Request will greatly assist the ability of parties to determine and resolve the issues raised in the *Objection And Joinder In Objection To The Trustee's Purchase Money Claims Report, Motion For Release Of Fund Andnotice Of Release Of Proceeds From Account* (Doc. 556); the *Proofs Of Claims Nos. 181–186, 187–189, 190–199; 225-230*, and *232-233,* as well as be of general assistance to the Court with respect to objections and proofs of claim filed by other Creditors.

9.      The proposed Order sets the deadline for performance under the 2004 Request at TWENTY (20) days after entry, unless extended with the consent of the Florida Creditors.

10.     The proposed Order further sets, if necessary as deemed by the Florida Creditors, the oral examination of the person or persons most knowledgeable representative(s) of GIPSA with respect to the matters identified in the 2004 Request at a time and place to be determined.

11.     The Florida Creditors submits that the relief requested herein is procedural in nature and routinely granted. The Court was also made aware of this request during the course of the hearing held this past Friday, June 24, 2011 concerning Purchase Money Claims, among other matters. Therefore, relief may be granted without a hearing. If the Court deems a hearing necessary, the Florida Creditors requests that the Court set the hearing for attendance telephonically at the Court's earliest convenience within the next TEN (10) business days.

WHEREFORE, the Florida Creditors request that this Court order the United States Grain Inspection, Packers And Stockyards Administration to submit to the 2004 Request as requested herein and described in the attached Order.

Respectfully submitted this 29th day of June 2011:

s/ Wl Scott Newbern

W. Scott Newbern
W. SCOTT NEWBERN, P.L.
Florida Bar No. 0098108
2982 East Giverny Circle
Tallahassee, Florida 32309
(T)  850.591.1707
(F)  850.894.0824
wsnewbern@msn.com

COUNSEL FOR HILLIARD–McKETTRICK INVESTMENTS, INC. d/b/a ARCADIA STOCKYARD; CATTLEMEN'S LIVESTOCK MARKET, INC.; COLUMBIA LIVESTOCK MARKET, INC.; HARDEE LIVESTOCK MARKET, INC.; NORTH FLORIDA LIVESTOCK MARKET, INC.; OCALA LIVESTOCK MARKET, INC.; OKEECHOBEE LIVESTOCK MARKET, INC.; SUMTER COUNTY FARMERS MARKET, INC.; AND MADISON COUNTY LIVESTOCK MARKET, INC. D/B/A TOWNSEND LIVESTOCK MARKET; RON SIZEMORE TRUCKING, INC.; OAK LAKE CATTLE CO.; EAGLE BAY, INC.; and DANIEL M. BYRD

## CERTIFICATE OF SERVICE

I hereby certify that on June 29th, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System.

Parties may access this filing through the Court's system.

s/ Wl Scott Newbern

W. SCOTT NEWBERN

## EXHIBIT A

### (Definitions)

NOTES:

- These Definitions supplement the Requests for Interrogatories, which are at **Exhibit B**.

- These Definitions supplement the Document Production Requests, which are at **Exhibit C**.

- In the event of conflict in the Definitions or if a Definition is unclear, incomplete or missing, the parties and/or the Court shall apply the following: Fed. R. Civ. P. 33 and 34 and Fed. R. Bankr. P. 7033 and 7034.

_____

A.      "2004 Request" has the meaning given in the request for a Rule 2004 examination to which these Definitions are attached.

B.      "Assets" means all property of the Debtors, including but not limited to (i) anything required to be reported as an Asset of the Debtors for financial accounting purposes under generally accepted accounting principles, (ii) anything considered property of the estate of the Debtors for purposes of 11 U.S.C. §541, and (iii) anything owned by the Debtors, or in which the Debtors had any rights or interests, including but not limited to real property, personal property, leasehold interests, intangible property and rights under contracts and agreements.

C.      "Bankruptcy Case" means the Chapter 11 bankruptcy proceeding filed by the Debtors, being Case No. 10–93904–BHL–11 in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division.

D.      "Bond" or "Bonds" or "Surety Bond(s)" mean the Surety Bond required pursuant to 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq. which require bonds from every market agency in connection with its livestock purchasing operations and every other person operating as a dealer.

E.      "Claim" or "Claims" shall have the same meaning as set forth in 11 U.S.C. § 101(5).

F.      "Debt" or "Debts" shall have the same meaning as set forth in 11 U.S.C. § 101(12).

G.      "Debtor" shall mean Eastern Livestock Co., LLC, debtor in this Bankruptcy Case, together with its owners, affiliates, subsidiaries, officers, employees, agents, assigns, or other purporting to act on its behalf.

H.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of in Fed. R. Civ. P. 34, and, for avoidance of doubt, includes correspondence. A draft or non-identical copy is a separate document within the meaning of this term.

I.    "Florida Creditors" shall mean the following entities or individuals:

    a.    Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard, Arcadia, Florida;

    b.    Cattlemen's Livestock Market, Inc., Lakeland, Florida;

    c.    Columbia Livestock Market, Inc., Lake City, Florida;

    d.    Hardee Livestock Market, Inc., Wauchula, Florida;

    e.    North Florida Livestock Market, Inc., Lake City, Florida;

    f.    Ocala Livestock Market, Inc., Ocala, Florida;

    g.    Okeechobee Livestock Market, Inc., Okeechobee, Florida;

    h.    Sumter County Farmers Market, Inc., Webster, Florida; and

    i.    Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Madison, Florida

    j.    Ron Sizemore Trucking, Inc., Webster, Florida;

    k.    Oak Lake Cattle Co., Okeechobee, Florida;

    l.    Eagle Bay, Inc., Okeechobee, Florida; AND

    m.    Daniel M. Byrd, Okeechobee, Florida.

J.    "GIPSA" means the United States Department Of Agriculture, Grain Inspection, Packers & Stockyards Administration, together with all employees, agents, attorneys, or others purporting to act on its behalf.

K.    The term "identify" when used with reference to a natural person means:

    1)    the full name and address (or, if the current address is not known, the last known address) of the person;

    2)    the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

    3)    the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

        4)      each position the person has ever held with you and the date such positions were held; and,

        5)      such other information sufficient to provide full identification of the person.

L.     The term "identify" when used with a reference to any other entity other than a natural person means:

        1)      the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

        2)      each of the entity's officers, directors, shareholders or other principals; and,

        3)      any other available information concerning the existence or identity of the entity.

M.    The term "identify" when used with reference to a document or written communication means:

        1)      its nature (e.g., letter, telegram, memorandum, charter report or study), date, author, date and place of preparation and the name and address of each addressee;

        2)      the identity of each signatory of the document or communication;

        3)      the title or heading of the document or communication;

        4)      its substance;

        5)      its present (or, if the present is not known, the last known) location and custodian;

        6)      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) you, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

        7)      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

N.     "Issues" mean the following: (i) the insolvency and bankruptcy of Debtor Eastern Livestock Co., LLC ("Bankruptcy Case") and related proceedings; (ii) the filings, registration, and regulation of Debtor by GIPSA; (iii) the Surety Bond(s) obtained by Debtor pursuant to the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq., including the

financing and Insurance Policies obtained in support of of said Bond(s); (iv) the claims filed for payment pursuant to the Stockyards Act and asserted against said Surety Bond(s) of Debtor by the Florida Creditors and others; (v) notices issued by GIPSA to the Florida Creditors and others regarding Debtor and related matters.

O.    "Insurance Policies" means the insurance policies, letters of credit, or other financing issued in connection with requirement under the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq.

P.    "Liability" means (i) anything required to be reported as a liability, Debt or obligation of the Debtors for financial accounting purposes under generally accepted accounting principals, (ii) all Claims against the Debtors, and/or (iii) an obligation, fixed or contingent requiring the Debtors to pay any amount to any Person.

Q.    "Person" shall have the same meaning as set forth in 11 U.S.C. §101(41).

R.    "Petition Date" means the date the petition initiating this Bankruptcy Case was filed, December 6, 2010.

S.    "Relevant Time Period" refers to the time period from January 1, 2009 to the Present.

T.    "Stockyards Act" means the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229a and governing regulations 9 C. F. R. §  201, et seq.

U.    "You" shall mean the parties to whom these requests are directed, namelhy GIPSA, including any of your representatives and/or attorneys, receiving and answering these discovery requests.  "Your" shall be the possessive of You.

## **EXHIBIT B**

### **Interrogatories**

NOTES:

- All Requests for Interrogatories are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A**.

- Refer to the Document Production Requests, which are at **Exhibit C**.

- Refer to the Requests for Admissions, which are at **Exhibit D**.

- These Interrogatories shall be treated as continuing and GIPSA shall supplement its responses thereto in the manner required by Fed. R. Civ. P. Rule 26(e) and Fed. R. Bankr. P. 7026, as if those sections were applicable hereto, UNLESS otherwise agreed to by the Florida Creditors or this Court.

_____

INTERROGATORY NO. 1

Identify the Person(s) responding to these interrogatories by name and title and, if more than one Person is responding to these interrogatories, state the interrogatories or parts thereof answered by each Person.

RESPONSE:

INTERROGATORY NO. 2

Identify all Persons by name, title and any contact information known to you that have knowledge regarding the Issues identified herein (Definition "K").

RESPONSE:

INTERROGATORY NO. 3

Identify all Surety Bonds obtained by Debtor pursuant to the Stockyards Act and regulations and that were in force during the Relevant Time Period, together with the amounts of said bonds and a description of the financing or collateral behind said Surety Bond(s).

RESPONSE:

INTERROGATORY NO. 4

Indentify with parties who have filed or asserted claims against Debtor and Debtor's Surety Bond(s) with GIPSA, together with the amounts and dates of said filing.

RESPONSE:


INTERROGATORY NO. 5

Explain with particularity the basis for the calculation of the face amount of the Surety Bond required by GIPSA to be obtained by Debtor, including any requirement for additional coverage pursuant to 9 C.F.R. §§201.10 et seq. noticed to Debtor at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:


INTERROGATORY NO. 6

Identify all "Clearees" of Debtor for the last five (5) years or more particularly all "Market Agencies" or "Dealers" as defined pursuant the Stockyards Act or others for whom Debtor Eastern Livestock Co., LLC provided "clearing" services pursuant to 9 C.F.R. §§201.10 et seq. at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:


INTERROGATORY NO. 7

Identify all registered "Clearees" of Debtor Eastern Livestock Co., LLC pursuant to 9 C.F.R. §201.10 as of December 6, 2010.

RESPONSE:

## EXHIBIT C

### Request For Production Of Information And Documents

NOTES:

- All Request For Production Of Information And Documents are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A.**

- Refer to the Interrogatories, which are at **Exhibit B.**

- Refer to the Requests for Admissions, which are at **Exhibit D.**

_____

1.      Provide a copy of all Annual Report, together with amendments or changes thereto, filed with GIPAS by Debtor Eastern Livestock Co., LLC for each of the last five (5) years or for the years 2006–2010.

2.      Provide a copy of all Surety Bond or Surety Bonds maintained by Debtor Eastern Livestock Co., LLC pursuant to the Stockyards Act and governing regulations and in force for the Relevant Time Period.

3.      Provide a complete copy of the claims file and all related documents for all claims filed by "Market Agencies," "Dealers," and all others as defined in and pursuant to the Stockyards Act and governing regulations, including without limitation the claims filed by the Florida Creditors.

4.      Provide a copy of all filings, registrations, or other submissions by Oak Lake Cattle Company, Inc.; I.E "Jim" Byrd, Eagle Bay, Inc.; and Daniel M. Byrd of Okechobee, Florida for each of the last five (5) years or for the years 2006–2010.

5.      Provide a copy of all exception reports or other records concerning violations of the Packers and Stockyards Act by Debtor Eastern Livestock Co., LLC for each of the the last five (5) years or for the years 2006–2010.

6.      Provide a copy of any and all communications, correspondence, email, or other document record exchanged between Debtor Easter Livestock Co., LLC and GIPSA relating to any request for additional bond coverage under the Stockyards Act and governing regulations within the last five (5) years.

## EXHIBIT D

### Request For Admission

NOTES:

- All Requests For Admission are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A.**

- Refer to the Interrogatories, which are at **Exhibit B.**

- Refer to the Requests for Admissions, which are at **Exhibit C.**

_____

1.    Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d).

2.    Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d) for Oak Lake Cattle Company, Inc., Okeechobee, Florida, wherein Oak Lake Cattle Co., Inc. registered as "Clearee" (See **Exhibit E**).

3.    Admit that Debtor operated during and prior to the Relevant Time Period as a market agency or dealer and maintained a Surety Bond or Bonds pursuant to 9 C.F.R. §201.31 under which Debtor's engaged in the activities listed under: (a) Condition Clause No. 1 and (b) Condition Clause No. 2 and (c) Condition Clause No. 3.

# Exhibit E

| For P&SP Use Only | P&SP Bar Code Only |
|---|---|
| | |

U.S. Department of Agriculture
Grain Inspection,
Packers and Stockyards
Administration

## ANNUAL REPORT OF DEALER OR MARKET AGENCY BUYING ON COMMISSION

Packers and
Stockyards
Program

**Instructions:** If an item's value is zero, enter "0". If an item does not apply, enter "NA". Upon completion please verify that all items have been answered. Return completed form to the P&SP Central Reporting Unit. See separate instructions for complete information about this report.

### GENERAL INFORMATION - SECTION 1

| | | |
|---|---|---|
| 101 | Reporting Period (mm/dd/yy-mm/dd/yy) | a. from _10/1/09_     b. to _9/30/10_ |
| 102 | Legal Business Name | OAK LAKE CATTLE CO. INC. |
| 103 | Business Name (dba) | |
| 104 | Mailing Address | PO Box 1284 |
| 105 | City, State, Zip | OKEECHOBEE FL. 34973 |
| 106 | Physical Address | 1055 Hwy 98N |
| 107 | City, State, Zip | OKEECHOBEE FL. 34972 |
| 108 | Contact Name | I.E. (Jim) Byrd |
| 109 | Telephone Number | 863.634.1005 |
| 110 | Fax Number | 863.763.7468 |

### ORGANIZATIONAL STRUCTURE - SECTION 2

List owners, officers, partners, and managing members in control of this business

| | a. Name | b. Title | c. Percentage Ownership |
|---|---|---|---|
| 201 | I.E. BYRD | Pres. | 100 |
| 202 | DAN BYRD | VP | — |
| 203 | | | |
| 204 | | | |
| 205 | | | |

| 206 | Type of organization: ☐ Individual   ☐ Partnership   ☐ Corporation   ☐ L.L.C.   ☐ L.L.P.   ☐ Co-op   ☐ Association   ☐ Other |
|---|---|
| 207 | Is this the same organization type reported last year?    ☒ Yes   ☐ No |
| 208 | Is this business owned or controlled by another business entity?    ☐ Yes   ☐ No |
| 209 | If line 208 is yes, identify the owner/controlling business name and address |
| 210 | Does this business own or control other businesses within the livestock-meat sector?    ☐ Yes   ☒ No |

If line 210 is yes, then provide the names of businesses that you own or control and percentage of control in items 211-214

| | a. Name of Business | b. Percentage of Control |
|---|---|---|
| 211 | | |
| 212 | | |
| 213 | | |
| 214 | | |

| 215 | Do you own or operate a scale on which you weigh livestock purchased?    ☐ Yes   ☒ No |
|---|---|
| 216 | What is the basis of payment made to you for most livestock you sale?    ☒ Liveweight   ☐ Dressed Weight or Carcass Basis |

Your response to this form is required under the Packers and Stockyards Act of 1921 (9 CFR 201.97 and 7 U.S.C. 181-229). According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information is 0580-0015. The time required to complete this information collection is estimated to average 2 hour per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection.

4/21/11

## BOND INFORMATION - SECTION 3

| Livestock Dealer Activity | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|
| 301 Cost of livestock purchased on a dealer basis for registrant's account | $ | $ | $ | $ | $ |
| 302 Number of head of livestock purchased on a dealer basis for registrant's account | | | | | |

| Livestock Bought on Commission | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|
| 303 Cost of livestock bought on commission for the account of others regardless of who paid for the livestock | $ 5,919.59 | $ | $ | $ | $ |
| 304 Number of head of livestock bought on commission for the account of others regardless of who paid for the livestock | 13,444 | | | | |

| 305 | What was the dollar value of livestock dealer and BOC purchases in your highest fiscal year quarter? | $ |
|---|---|---|

## CLEAREE AND CLEAROR DESIGNATIONS - SECTION 4

| 401 | Are you a clearee (cleared by another business for your livestock purchases)? | ☒ Yes ☐ No |
|---|---|---|
| 402 | If you checked yes in item 401, provide the name of the clearing agent: | EASTERN LIVESTOCK COMPANY LLC |
| 403 | Are you a clearor (provide clearing services for clearees)? | ☐ Yes ☒ No   If yes provide information for items 404-412 |

| Clearee's Name as Registered | | Gross Value of Livestock Purchased |
|---|---|---|
| 404 | 405 | $ |
| 406 | 407 | $ |
| 408 | 409 | $ |
| 410 | 411 | $ |
| Total Livestock Purchases of all Clearees | 412 | $ |

## BALANCE SHEET - SECTION 5

All clearors and dealers whose line 301e plus 303e plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 5 and 6.

**Assets**

**Current Assets**

Cash (Enter overdrafts under Current Liabilities - line 515)  501 $ ___

Temporary Cash Investments (Marketable Securities, Certificates
of Deposit, Commercial Paper, etc.)  502 $ ___

Accounts Receivable (Due in 1 Year or Less)  503 $ ___

Notes and Loans Receivable (Portion due in 1 Year or Less)  504 $ ___

Inventory

Livestock  505 $ ___

Other Inventory  506 $ ___

Total Inventory  507 $ ___

Other Current Assets  508 $ ___

Total Current Assets  509 $ ___

**Long-Term Assets**

Investments  510 $ ___

Property, Plant, & Equipment net of Depreciation and Amortization  511 $ ___

Other Long-Term Assets  512 $ ___

Total Long-Term Assets  513 $ ___

Total Assets  514 $ ___

Continuation of Section 5 Balance Sheet.

**Liabilities and Net Worth**

**Liabilities**

  **Current Liabilities**

    **Bank Overdraft**

                                                                                            515   $ _____

    **Accounts Payable**

      Livestock Payables                                             516   $ _____

      Other Payables                                                517   $ _____

    **Total Accounts Payable**                                       518   $ _____

    **Notes and Loans Payable (Demand Notes and Portion of**

    **Long-Term Notes due in One Year or Less)**                519   $ _____

    **Other Current Liabilities**                              520   $ _____

    **Total Current Liabilities**                              521   $ _____

  **Long-Term Liabilities (Due after One Year)**           522   $ _____

**Total Liabilities**                                        523   $ _____

**Total Net Worth**                                      524   $ _____

**Total Liabilities and Net Worth (Equals Total Assets)**      525   $ _____

---

| INCOME STATEMENT - SECTION 6 |
|---|

*All clearors and dealers whose line 301e plus 303e plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 5 and 6.*

**Income Statement**

| | | |
|---|---|---|
| Gross Dealer Profit (+) or Loss (-) | 601 | $ _____ |
| **Buying Commission** | 602 | $ _____ |
| **Other Income** | 603 | $ _____ |
|   Total Income | 604 | $ _____ |
|   **Total Expenses** | 605 | $ _____ |
| Net Profit (+) or Loss (-) before Income Taxes | 606 | $ _____ |

---

| CERTIFICATION - SECTION 7 |
|---|

*Under the Packers and Stockyards Act any person who willfully makes, or causes any false entry or statement of fact in this report shall be deemed guilty of offense against the United States, and be subject to a fine of $1,050 to $5,000, or to imprisonment for a term of not more than 3 years, or to both fine and imprisonment.*

I certify that this report has been prepared by me or under my direction, and to the best of my knowledge and belief correctly reflects reporting entity operations.

| 701 Print Name<br>I. E. ByRD | | 702 Signature (Must be signed by a person listed on 201-205) |
|---|---|---|
| 703 Phone Number<br>863.634.1005 | 704 Date<br>1/21/11 | 705 Title<br>PRES |

*Submitted information is confidential (9 CFR 201.96). Failure to report will result in forfeiture to the United States $110 per day until report receipt 7 (U.S.C. 222).*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.