UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Debtor | ) | |

**MOTION TO SET ASIDE ORDER GRANTING
FIFTH THIRD'S REQUEST FOR RULE 2004
EXAMINATION OF YOUR COMMUNITY BANK**

Your Community Bank, a non-party in this case, hereby moves the Court pursuant to B.R. 9024 for relief from the Order issued June 23, 2011 allowing Fifth Third to conduct a 2004 examination of Your Community Bank. As grounds for relief under the Rule, Your Community Bank states that neither it nor its counsel was served with Fifth Third's original motion and had no opportunity to respond or otherwise object to the motion prior to the entry of the Court's Order.

As grounds for this motion, Your Community Bank states that it has already produced relevant documents to the state appointed receiver of Eastern Livestock, the Trustee in this case, and the Trustee in the case of *In Re: Thomas P. and Patsy M. Gibson*, United States Bankruptcy Court for the Southern District of Indiana, Case Number 10-73867-BHL-7. Your Community Bank remains willing to produce relevant documents to the trustees as requested. Fifth Third has articulated no reason for the requested examination and there is no need for the Order.

**I.    Fifth Third must Demonstrate Good Cause for its Requested Examination.**

It is generally held that when there is an objection to a Rule 2004 examination, the moving party must show good cause for the examination. *See., e.g., In re: Wilcher*, 56 B.R. 428, 434 (Bankr.

1

N.D. Ill. 1985); cited and followed by *In re: Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993). A review of Fifth Third's motion does not demonstrate good cause or a particular reason that Fifth Third seeks an extremely broad range of information from Your Community Bank. Fifth Third's memorandum in support of its motion merely states, "Fifth Third desires to examine YCB's documents regarding funds that were deposited in and debited from certain bank accounts related to the Debtor, Eastern Livestock Company, LLC."

Not only is Fifth Third's request vague, it is inaccurate. The documents described on Exhibit A to Fifth Third's motion are not limited to "funds that were deposited in and debited from certain bank accounts related to the Debtor." Instead, Fifth Third's request is broad and far ranging and seeks information about numerous entities without regard to whether that information is in any way related to Eastern Livestock. As an example, Fifth Third requests information concerning communications between YCB and various individuals without regard to whether those communications relate to Eastern Livestock or Thomas P. Gibson. Further, it seeks all documents relating to certain named individuals, again without regard to whether those documents involve deposits in or debits from bank accounts related to Eastern Livestock.

**II.    Rule 2004, While Broad and Liberally Applied, Is Not Without Limitation.**

Your Community Bank acknowledges that Rule 2004 is broadly interpreted and generously applied to further its underlying purposes. However, numerous courts have stated that the rule is not without limitation. *In re: Kelton*, 389 B.R. 812 (Bankr. S.D. Ga. 2008); *In re: Dinubilo*, 177 B.R. 932 (E.D. Cal. 1993); *In re: Wilcher*, 56 B.R. 428. The language of the rule provides that the court *may* grant the examination, the determination of which is within the court's discretion. *In re: J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010)(citing *In re: Rosenberg*, 303 B.R. 172,

2

175 (8th Cir. BAP 2004). *In re Board of Directors of Hopewell Intern. Ins. Ltd.,* 258 B.R. 580, 587 (Bankr.S.D.N.Y.2001) (court has "significant discretion" under Rule 2004); *In re Jordano Elec. Co. of Ohio, Inc.,* 83 B.R. 1, (Bankr.S.D.Ohio 1987) (request for examination under the provisions of Bankruptcy Rule 2004 is subject to the discretion of the court); *In re: Wilcher*, 56 B.R. at 434 (Rule 2004 requires the court to exercise its discretion and balance competing interests).

Two recent cases from the Bankruptcy Court in the Northern District of Indiana have discussed the appropriate limits on the use of a Rule 2004 examination by creditors. These cases are particularly relevant in the fact situation before this Court.

In *J & R Trucking, Inc.*, 431 B.R. 818 (Bankr. N.D. Ind. 2010) and *In re: Robinson*, 2011 Bankr. LEXIS 2259 (Bankr. N.D. Ind., May 9, 2011), the Bankruptcy Court for the Northern District of Indiana rejected motions for 2004 examinations of third parties finding that the requests did not meet the underlying purposes of the rule. In *J & R*, the court noted:

> The broad scope of a 2004 examination arises out of its purpose. [I]t is an investigatory device trustees can use in order to quickly gather the information they need to do their job properly. That job, of course, is to investigate the debtor, and assets of and claims against the bankruptcy estate, turn the assets into cash and distribute those funds to creditors, all as expeditiously as possible. Ideally, those with knowledge of such things will voluntarily cooperate with the trustee and give the trustee access to the information they have concerning the debtor's affairs. Unfortunately, that is not always the case, and so Rule 2004 provides a vehicle by which the trustee can compel that "cooperation." It allows the trustee to do the necessary investigatory work without the need for initiating formal litigation which would trigger the traditional discovery tools. Indeed, one purpose for such an examination is to give the trustee the information needed to determine whether litigation should be filed. In accessing the propriety of a request for a 2004 examination, its purpose as an investigatory device arising out of the needs of the trustee should be kept in mind, and where a proposed examination goes beyond that purpose it should be carefully scrutinized.

431 B.R. at 821-822 (citations omitted).

The Bankruptcy Court for the Northern District of Indiana further held that when a creditor attempts to utilize a 2004 examination in an apparent attempt to usurp the trustee's duties and prerogatives the motion may be denied.

> To the extent the movants seek to discover avoidable transfers, they are intruding upon the trustee's duties and taking those duties upon themselves. While the court may understand their curiosity, there is nothing the movant could do with that information once they got it. They could not act upon it, or seek to recover any such transfers; the trustee has the exclusive right to do so. *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (If a third party tries to prosecute a cause of action belonging to the trustee, the action should be dismissed). So, in that sense, their examination can serve no real purpose. While movants may genuinely want to help the trustee, should the trustee desire that assistance, they must do so directly, acting for, at the behest of, in the name of the trustee, and not indirectly. . . .

*Id.* at 822.

Given the extremely broad scope of Fifth Third's Attachment A, it appears that Fifth Third is attempting to do precisely what the *J & R* court signaled was inappropriate. Fifth Third's request for bank account, and loan information and all communications regarding numerous individuals who may have been related to or customer's of Eastern Livestock looks precisely like an attempt to identify and follow avoidable transfers, or to seek recovery from those individuals. That duty and responsibility lies with the Eastern Livestock trustee, as well as the trustee of the Thomas P. Gibson case, both of whom have indicated they are ready, willing and able to fulfill those duties.

This case is a companion to the personal bankruptcy of Thomas P. and Patsy Gibson. There are numerous questions concerning Mr. Gibson's use of funds and the transfer of money among various accounts and individuals. While this information is highly relevant, it has already been

4

provided to the appropriate parties; the Trustees in the two bankruptcies. There has been no suggestion that these parties are unable or unwilling to make a thorough examination of the dealings of Mr. Gibson and Eastern Livestock.

There is simply no benefit to the Estate or the unsecured creditors by Fifth Third's attempt to duplicate this effort. To the contrary, it appears that Fifth Third is simply attempting to use the Rule 2004 examination to further its own claims against third parties. To the extent Fifth Third seeks information regarding these individuals related to any potential claims outside of this bankruptcy, the use of a 2004 examination is generally not proper. *See, e.g.*, *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex 1994)(holding that a party's use of Rule 2004 to obtain information for use in a state suit was not proper); *see, also*, *In re J & R Trucking, Inc.*, 431 B.R. 818, 822 (Bankr. N.D. Ind. 2010) ("movants' desire to identify third parties who may also be liable to them . . . is neither this court's concern nor the purpose of Rule 2004").

**III.    Your Community Bank Objects to Being Subjected to Duplicative and Repetitive Requests.**

Your Community Bank also objects to Fifth Third's Rule 2004 examination as it represents a duplicative and repetitive request for information previously provided to the state court receiver, and the trustees and potentially opens the door for multiple requests. If any creditor can claim that they may conduct a Rule 2004 examination simply because they are a party-in-interest in this action, it appears that there may be no limit to the repetitive requests submitted to Your Community Bank regarding Mr. Gibson's financial accounts. There are numerous banks and claimants in this case. As noted by the Bankruptcy Court for the District of Colorado, while 2004 examinations are broad, the court should be inclined to deny or limit repetitive duplicative requests once the initial information

5

has been provided. In *In re: Buick*, 174 B.R. 299 (Bankr. D. Co. 1994), the court approved a narrowly tailored Rule 2004 examination sought by creditors, but held:

> This Court is *not* approving discovery which is redundant, onerous, unnecessarily costly or unreasonably intrusive, or which usurps the Trustee's authority. This Court is reticent to open the door to Rule 2004 examinations which might be identical to or duplicative of existing discovery needs and activities of other interested parties, such as here with the Trustee.

*Id.* at 305.

In this case, Fifth Third has not issued a narrowly tailored request for a Rule 2004 examination. A review of documents it has requested clearly indicates that it is seeking redundant, identical and/or duplicative discovery with respect to activities started by the receiver, which are currently being performed by the Trustee both in this and in the Gibson bankruptcy. Absent some compelling reason, the Court should set aside its earlier Order granting Fifth Third's Rule 2004 examination requests.

## **CONCLUSION**

For the foregoing reasons, Your Community Bank's Motion to Quash or Set Aside the June 23, 2011 Order should be granted.

This the 1st day of July, 2011.

        /s/ Trevor L. Earl
        Trevor L. Earl
        REED WEITKAMP SCHELL & VICE PLLC
        500 West Jefferson Street, Suite 2400
        Louisville, Kentucky 40202
        Telephone: (502) 589-1000
        Facsimile:  (502) 562-2200
        tearl@rwsvlaw.com

        Counsel for Your Community Bank

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion to Set Aside Order Granting Fifth Third's Request for Rule 2004 Examination of Your Community Bank was served via the Court's ECF System on parties of record on this 1st day of July, 2011.

/s/ Trevor L. Earl
Counsel for Your Community Bank