Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**SCHEDULING ORDER REGARDING CONTESTED MATTER INVOLVING TRUSTEE'S PURCHASE MONEY CLAIMS REPORT AND OBJECTIONS FILED BY SOLM, CRUMPLER BROS., KUEHNY AND THE BANK OF KREMLIN**

This matter came before the Court on the *Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* (docket #501) ("Purchase Money Claims Report")  filed on May 23, 2011 by James A. Knauer, the chapter 11 trustee appointed in this case (the "Trustee"), the *Response And Objection Of Stockman Oklahoma Livestock Marketing, Inc. To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 545] (the "SOLM Objection"), the *Response And Objection Of Crumpler Bros. To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds*

*From Account* [Dock. No. 546] (the "Crumpler Objection"), and the *Response And Objection Of Brent Kuehny d/b/a Dollar K Cattle Co., And The Bank Of Kremlin To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 544] (the "Kuehny/Kremlin Objection" and collectively with the SOLM Objection and Crumpler Objection, the "Objections"). The Objections assert, among other things, that Stockman Oklahoma Livestock Marketing, Inc. ("SOLM"), Crumpler Bros. ("Crumpler") and Brent Kuehny ("Kuehny"; collectively with SOLM and Crumpler, the "Constructive Trust Objectors") are the legal owners of certain proceeds arising from Eastern Livestock Co., LLC's sale of cattle because applicable state law subjects such proceeds to a constructive trust for the benefit of the Constructive Trust Objectors (the "Constructive Trust Issue"). The Kuehny/Kremlin Objection also asserts that certain cattle and proceeds from cattle sales by Eastern Livestock Co., LLC ("Debtor") are subject to the perfected first position security interest created by Kuehny in favor of the The Bank of Kremlin (the "Kremlin Issue").

   The Trustee filed his *Reply To Objections To Purchase Money Claims Report* [Dock. No. 564] ("Reply") on June 23, 2011. The Reply asserts, among other things, that the constructive trust argument asserted by the Constructive Trust Objectors fails as a matter of law.

   On July 1, 2011 the Court entered the *First Order Regarding Trustee's Purchase Money Claims Report* [Dock. No. 587] (the "First Order"). The First Order provided that "[c]ounsel for the Trustee and counsel for each of Joplin Regional Stockyards, Stockman Oklahoma Livestock Marketing, Inc., Piedmont Livestock, Inc., and the creditors listed in Docket No. 556, shall file proposed scheduling orders on or before July 8, 2011 for proposed proceedings to resolve the objections raised by those Objectors." (First Order ¶ 4.) This Order is entered pursuant to the First Order to set forth proceedings to resolve the contested matter

involving the Objections (the "Contested Matter"). The Court having considered all of the pleadings and other papers filed regarding this Contested Matter, and being duly advised in the premises, now ORDERS the following:

        1.        Legal Memoranda on Kremlin Issue. On or before September 30, 2011, the Trustee and any interested party may file a memorandum in opposition to the Kuehny/Kremlin Objection's argument with respect to the Kremlin Issue (the "Kremlin Issue Memorandum"). Any reply to the Kremlin Issue Memorandum must be filed on or before October 14, 2011.

        2.        Oral Argument on Kremlin Issue. The Court shall hear arguments on the Kremlin Issue at the omnibus hearing scheduled for October, 2011.

        3.        Court's Decision Binding. The Court's decision on the Kremlin Issue shall bind, in addition to Kuehny, The Bank of Kremlin, and the Trustee, only those parties who file a written opposition or support of the Kuehny/Kremlin Objection or who assert an interest in specific assets that are the subject of the Kuehny/Kremlin Objection. The Court's decision shall bind the parties only as to the matters set forth in the Kuehny/Kremlin Objection.

        4.        Legal Memoranda on Dispositive Issue. On or before September 30, 2011, the Constructive Trust Objectors, either individually or collectively, shall file, in addition to any "Supplemental Objection" that may be filed pursuant to the First Order, a memorandum (an "Objector's Dispositive Issue Memorandum") that asserts with specificity the legal basis and pertinent facts for the Constructive Trust Objector's position on "whether applicable state law can operate to impose a constructive trust over proceeds of the Debtor's sale of cattle absent a prepetition judicial determination impressing such a constructive trust over Debtor's assets" (the

"<u>Dispositive Issue</u>").  Any response to an Objector's Dispositive Issue Memorandum shall be filed on or before October 14, 2011.

       5.     <u>Oral Argument on Dispositive Issue</u>.  The Court shall hear arguments on the Dispositive Issue at the Omnibus hearing scheduled for October, 2011.

       6.     <u>Court's Decision Binding</u>.  The Court's decision on the Dispositive Issue shall be binding on, in addition to the Constructive Trust Objectors and the Trustee, only those parties who file a written response to an Objector's Dispositive Issue Memorandum or who assert an interest in specific assets that are the subject of the claims of the Constructive Trust Objectors..  The Court's decision shall bind the parties only as to the Dispositive Issue.

       7.     <u>Further Proceedings on the Constructive Trust Issue</u>.  Should the Court's decision find for the Constructive Trust Objectors on the Dispositive Issue (i.e., that the Constructive Trust Objectors may be entitled to the imposition of a constructive trust), the parties shall submit a further scheduling order within fourteen (14) days of the entry of the Court's order on the Dispositive Issue that contemplates deadlines for factual discovery and further evidentiary hearings on the Constructive Trust Objectors' claims to specific cattle sales proceeds.

       8.     <u>No Transfer of Cattle Sales Proceeds</u>.  The Trustee shall not transfer any of the Cattle Sales Proceeds (as that term is defined in the Purchase Money Claims Report) that are the subject of the Objections without further order of the Court. However, nothing herein shall preclude the Trustee from transferring to his general operating account any Cattle Sales Proceeds that are not the subject of the Objections.

###