UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10-93904-BHL-ll |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Debtor. | ) | |

**BRIEF IN SUPPORT OF
MOTION TO QUASH ORDER GRANTING MOTION FOR
2004 EXAMINATION UPON THE UNITED STATES DEPARTMENT OF
AGRICULTURE, GRAIN INSPECTION, PACKERS & STOCKYARDS**

**INTRODUCTION**

On June 30, 2011, counsel for Hilliard-McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collective]y "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc. ("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors") filed a motion for 2004 examination seeking an order from the court compelling production from the United States Department Of Agriculture, Grain Inspection, Packers & Stockyards Administration ("GIPSA") and seeking authorization to depose GIPSA employees in the future, at the Florida Creditors' discretion.  Dkt 588; 594.[1]  The Court granted the Order on July 7, 2011.  Dkt. 594.[2]

---

[1] See copy faxed to USDA Office of General Counsel, attached as Exhibit 1.

[2] Counsel for the Florida Creditors provided a copy of the motion and order on July 21, 2011, by faxing a copy to USDA OGC.  There is no indication in the record that the motion was ever properly served upon the United States.  Further, no representative of the United States was

Because Federal regulations and Supreme Court precedent govern obtaining the testimony of any employee of the Department of Agriculture[3] and the disclosure of any information acquired by an employee as a part of his duties, and the Department of Agriculture has not been granted permission for the release of information or for any employees to testify, the Order should be quashed.

## ARGUMENT

Pursuant to federal regulations published in the Code of Federal Regulations, an employee of the United States Department of Agriculture is prohibited from testifying concerning matters related to the business of the Government or producing any records contained in the files of the Department without the authorization of the proper Department official. 7 C.F.R. § 1.212. In the case of oral testimony, such authorization will only be granted "based upon a determination that such an appearance is in the interest of the USDA." 7 C.F.R. § 1.214(b)(1).

The regulations appearing at 7 C.F.R. 1.210 through 1.219 are mandatory and cannot be dispensed with a simple formality. In *Touhy v. Ragen*, 340 F.2d 462 (1951), the Supreme Court upheld a similar order promulgated by the Department of Justice, holding that the Attorney General of the United States had the power to withdraw authority from his employees to produce documents pursuant to a subpoena. The Supreme Court explained:

> Department of Justice Order No. 3229. . .was promulgated under the authority of 5 U.S.C. § 22. . . When one considers the variety of information contained in the files of any government department

---

included in the distribution list associated with the Order.

[3] The Grain Inspection, Packers & Stockyards ("GIPSA") is a component of the United States Department of Agriculture which is an executive agency of the United States. *See* 5 U.S.C. § 101, 105.

> and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious. Hence it was appropriate for the Attorney General, pursuant to the authority of 5 U.S.C. § 22. . .to prescribe regulations not inconsistent with law for the 'custody, use and preservation of the records, papers, and property appertaining to' the Department of Justice, to promulgate Order 3229.

*Touhy v. Ragen*, 340 U.S. at 468. The Supreme Court determined that it was proper for the Special Agent of the Federal Bureau of Investigation to refuse to comply with the subpoena duces tecum to produce the papers sought by the party to the action. *Touhy v. Ragen*, 340 U.S. at 468.

The regulations governing the release of information, testimony of employees, or materials in Department of Agriculture files, 7 C.F.R. 1.210–1.219, were promulgated in accordance with the current version of 5 U.S.C. § 22, which is now found at 5 U.S.C. § 301. This statute, often referred to as the Federal Housekeeping Statute, provides in pertinent part that the head of an Executive department "may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business and the custody, use, and preservation of its records, papers and property." 5 U.S.C. § 301. The Supreme Court's decision in *Touhy v. Ragen* makes clear that these regulations must be followed in order to seek approval for the release of information sought by the State in the present case.

Where authorization has not been granted, the employee cannot be compelled to testify. The Department of Agriculture regulations instruct the employee:

> Unless an appearance is authorized as provided in paragraphs (b)(1) or (b)(2) of this section, the employee shall appear at the stated time and place (unless advised by the General Counsel or his or her designee that the summons, subpoena, or other process was not validly issued or served), produce a copy of these regulations and respectfully decline to provide any testimony.

7 C.F.R. § 1.214(c). Similarly, requests for records are deemed to be Freedom of Information

Act requests, and employees are instructed to respectfully decline to produce records. 7 C.F.R. § 1.215.

In *Edwards v. Dep't of Justice*, 43 F.3d 312, 317 (7th Cir. 1995), the defendant sought to subpoena Federal Bureau of Investigation ("FBI") reports for use in a state post-conviction relief proceeding. The FBI provided some material in accordance with 28 C.F.R. §§ 16.21-29, but withheld certain reports pursuant to 28 C.F.R. § 16.26(b)(5). *Edwards*, 43 F.3d at 314. After the FBI declined to produce such reports, the state court issued an order to show cause why the FBI failed to produce the material. The FBI removed the subpoena proceedings to the United States District Court pursuant to 28 U.S.C. § 1442 and moved to quash the state court subpoenas. In determining, *inter alia*, that the state court did not have jurisdiction to compel the production of the reports absent authority through the Federal regulatory process, the Seventh Circuit noted that "*Touhy* is part of an unbroken chain of authority that supports the Department's contention that a federal employee cannot be compelled to obey a subpoena, even a federal subpoena, that acts against valid agency regulations." *Edwards*, 43 F.3d at 317. The Seventh Circuit determined that the subpoena had been properly quashed. *See also Smith v. Comer*, 159 F.3d 875, 883 (4th Cir. 1998) ("sovereign immunity bars state compulsory process against federal officers").

Similarly, in *Boron Oil v. Downie*, 873 F.2d 67 (4th Cir. 1989), the plaintiffs in a civil action pending in the Circuit Court of Brooke County, West Virginia, sought to compel the testimony of an employee of the Environmental Protection Agency ("EPA"), contrary to the instructions he had received from his agency superiors pursuant to similar agency regulations promulgated in accordance with 5 U.S.C. § 301. *Boron Oil*, 873 F.2d at 68. After the state court refused to quash the subpoena and ordered the EPA employee to testify, the EPA removed the

subpoena proceedings to United States District Court pursuant to 28 U.S.C. § 1442(a). *Boron Oil*, 873 F.2d at 68. The Fourth Circuit concluded that the doctrine of sovereign immunity would preclude the state court "from exercising jurisdiction to compel [the federal employee] to testify contrary to EPA instructions, and also denies it the authority to review and set aside the EPA's decision and the federal regulations under which it is made." *Boron Oil*, 873 F.2d at 70. *See State of Indiana v. Adams*, 892 F. Supp. 1101, 1103 (S.D. Ind. 1995) ("[t]he Government correctly argues that the regulations in question clearly prohibit [Department of Justice employees] from being deposed until approval for the deposition has been obtained from the appropriate Justice Department official"); *Bosaw v. Nat'l Treasury Empl. Union*, 887 F. Supp 1199, 1211 (S.D. Ind. 1995) ("[u]nder *Touhy*, the subordinate federal officers in this case are protected from court process aimed at directing them to take action contrary to instructions from their superiors"). *See also Swett v. Schenk*, 792 F.2d 1447, 1452 (9th Cir. 1986) (*Touhy* is jurisdictional and precludes state court contempt proceeding to compel testimony contrary to authority of federal regulations); *Lincoln Nat'l Bank v. Lampe*, 421 F. Supp. 346, 346-47 (N.D. Ill. 1976) (regulations appearing at 16.21-16.28 applicable to subpoena *duces tecum* served on Special Agent of FBI; litigants cannot side step Freedom of Information Act through subpoena *duces tecum*). *Cf. Moore v. Armour Pharmaceutical Co.*, 129 F.R.D. 551, 554 (N.D. Ga. 1990) (judicial review of decision under regulations restricting federal employee's testimony available only in federal district court under separate action pursuant to the Administrative Procedures Act and limited to determination of whether such action was "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law") (citing 5 U.S.C. § 706(2)(A)), *aff'd*, 927 F.2d 1194 (11th Cir. 1991)); *see also Davis Enterprises v. United States EPA*, 877 F.2d 1181 (3rd Cir. 1989) (same); *United States v. Williams*, 170 F.3d 431 (4th Cir. 1999) (same).

The records or documents requested through the 2004 motion are deemed, as a matter of law, to be a Freedom of Information Act request. GIPSA employees have not been authorized to testify, nor to provide the documents requested; and under these circumstances, an order quashing the Order is appropriate[4].

        Respectfully Submitted,

        JOSEPH H. HOGSETT
        United States Attorney

By:    /s/ Jeffrey L. Hunter
        Jeffrey L. Hunter
        Assistant United States Attorney

---

[4] The USDA reserves the right to contend in a subsequent motion, *inter alia*, that: 1) as that there was never service of the Motion for 2004 Examination the Order should be set aside; 2) as the USDA was not a creditor in the case the Court did not have the power to enter the Order Granting the Motion for 2004 Examination; and 3) as the Motion for 2004 Examination improperly sought written discovery from a non-party, the Order should be vacated.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2011, a copy of the foregoing BRIEF IN SUPPORT OF MOTION TO QUASH ORDER GRANTING MOTION FOR 2004 EXAMINATION UPON THE UNITED STATES DEPARTMENT OF <u>AGRICULTURE, GRAIN INSPECTION, PACKERS & STOCKYARDS</u> was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Stephen P. Taylor<br>ecfdocket@gmail.com |
| Ann M. DeLaney<br>ecfdelaney@trustee.13.com | David L. Abt<br>davidabt@mwt.net |
| Amelia M. Adams<br>aadams@dlgfirm.com | John W. Ames<br>jwa@gdm.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Christopher E. Baker<br>cbaker@hklawfirm.com |
| T. Kent Barber<br>kbarber@dlgfirm.com | C. R. Bowles, Jr.<br>crb@gdm.com |
| Kent A. Britt<br>kabritt@vorys.com | Lisa K. Bryant<br>courtmail@fbhlaw.net |
| James M. Carr<br>james.carr@bakerd.com | John R. Carr, III<br>jrciii@acs-law.com |
| Deborah Caruso<br>dcaruso@daleeke.com | Jesse Cook-Dubin<br>jcookdubin@cohenkinne.com |
| Kirk Crutcher<br>krutcher@mcs-law.com | Laura Day DelCotto<br>ldelcotto@dlgfirm.com |
| David A. Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com |
| Trevor L. Earl | Jeffrey R. Erler |

tearl@rwsvlaw.com

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Terry E. Hall
terry.hall@bakerd.com

John Huffaker
john.huffaker@sprouselaw.com

Todd J. Johnston
tjohnston@mcjllp.com

James A. Knauer
jak@kgrlaw.com

Randall D. LaTour
rdlatour@vorys.com

David L. LeBas
dlebas@namanhowell.com

Kim Martin Lewis
kim.lewis@dinslaw.com

John Hunt Lovell
john@lovell-law.net

Michael W. McClain
mike@kentuckytrial.com

James E. McGhee, III
mcghee@derbycitylaw.com

Allen Morris
amorris@stites.com

Walter S. Newbern, III
wsnewbern@msn.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

jeffe@bellnunnally.com

Robert H. Foree
robertforee@bellsouth.net

Jeffrey J. Graham
jgraham@taftlaw.com

John D. Hoover
jdhoover@hooverhull.com

James B. Johnston
bjtexas59@hotmail.com

Edward M. King
tking@fbtlaw.com

Theodore A. Konstantinopoulos
ndohbky@jbandr.com

David A. Laird
david.laird@moyewhite.com

Elliott D. Levin
robin@rubin-levin.net

Karen L. Lobring
lobring@msn.com

John F. Massouh
john.massouh@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

William R. Meyer, II
rmeyer@stites.com

Judy H. Morse
judy.morse@crowedunlevy.com

Matthew J. Ochs
matt.ochs@moyewhite.com

Wendy W. Ponader
wendy.ponader@bakerd.com

| | |
|---|---|
| Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Susan K. Roberts<br>skr@stuartlaw.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S. Rogers<br>jeremy.rogers@dinslaw.com |
| Ashley S. Rusher<br>asr@blancolaw.com | Thomas C. Scherer<br>tscherer@binhammchale.com |
| Ivana B. Shallcross<br>ibs@gdm.com | William E. Smith, III<br>wsmith@k-glaw.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | Joshua N. Stine<br>jnstine@vorys.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Stephen A. Weigand<br>sweigand@ficlaw.com | Charles R. Wharton<br>charles.r.wharton@usdoj.gov |
| Sean T. White<br>swhite@hoverhull.com | Jessica E. Yates<br>jyates@swlaw.com |
| James T. Young<br>james@rubin-levin.net | |

/s/ Jeffrey L. Hunter
Jeffrey L. Hunter
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333