Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 1 of 12
07/21/2011  11:22   8508940871                WSNEWBERN                            PAGE  13/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 6 of 16

H. "Document" is defined to be synonymous in meaning and equal in scope to the usage of in Fed. R. Civ. P. 34, and, for avoidance of doubt, includes correspondence. A draft or non-identical copy is a separate document within the meaning of this term.

I. "Florida Creditors" shall mean the following entities or individuals:

    a. Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard, Arcadia, Florida;

    b. Cattlemen's Livestock Market, Inc., Lakeland, Florida;

    c. Columbia Livestock Market, Inc., Lake City, Florida;

    d. Hardee Livestock Market, Inc., Wauchula, Florida;

    e. North Florida Livestock Market, Inc., Lake City, Florida;

    f. Ocala Livestock Market, Inc., Ocala, Florida;

    g. Okeechobee Livestock Market, Inc., Okeechobee, Florida;

    h. Sumter County Farmers Market, Inc., Webster, Florida; and

    i. Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Madison, Florida

    j. Ron Sizemore Trucking, Inc., Webster, Florida;

    k. Oak Lake Cattle Co., Okeechobee, Florida;

    l. Eagle Bay, Inc., Okeechobee, Florida; AND

    m. Daniel M. Byrd, Okeechobee, Florida.

J. "GIPSA" means the United States Department of Agriculture, Grain Inspection, Packers & Stockyards Administration, together with all employees, agents, attorneys, or others purporting to act on its behalf.

K. The term "identify" when used with reference to a natural person means:

1) the full name and address (or, if the current address is not known, the last known address) of the person;

2) the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

3) the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

Case 10-93904-BHL-11 Doc 630-2 Filed 07/26/11 EOD 07/26/11 15:50:57 Pg 2 of 12
07/21/2011 11:22 8508940871 WSNEWBERN PAGE 14/24

Case 10-93904-BHL-11 Doc 586 Filed 06/30/11 EOD 06/30/11 16:08:28 Pg 7 of 16

    4) each position the person has ever held with you and the date such positions were held; and,

    5) such other information sufficient to provide full identification of the person.

L. The term "identify" when used with a reference to any other entity other than a natural person means:

    1) the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

    2) each of the entity's officers, directors, shareholders or other principals; and,

    3) any other available information concerning the existence or identity of the entity.

M. The term "identify" when used with reference to a document or written communication means:

    1) its nature (e.g., letter, telegram, memorandum, charter report or study), date, author, date and place of preparation and the name and address of each addressee;

    2) the identity of each signatory of the document or communication;

    3) the title or heading of the document or communication;

    4) its substance;

    5) its present (or, if the present is not known, the last known) location and custodian;

    6) the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) you, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

    7) the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

N. "Issues" mean the following: (i) the insolvency and bankruptcy of Debtor Eastern Livestock Co., LLC ("Bankruptcy Case") and related proceedings; (ii) the filings, registration, and regulation of Debtor by GIPSA; (iii) the Surety Bond(s) obtained by Debtor pursuant to the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq., including the

Case 10-93904-BHL-11    Doc 630-2    Filed 07/26/11    EOD 07/26/11 15:50:57    Pg 3 of 12
07/21/2011  11:22   8508940871              WSNEWBERN                    PAGE  15/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 8 of 16

financing and Insurance Policies obtained in support of said Bond(s); (iv) the claims filed for payment pursuant to the Stockyards Act and asserted against said Surety Bond(s) of Debtor by the Florida Creditors and others; (v) notices issued by GIPSA to the Florida Creditors and others regarding Debtor and related matters.

O. "Insurance Policies" means the insurance policies, letters of credit, or other financing issued in connection with requirement under the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq.

P. "Liability" means (i) anything required to be reported as a liability, Debt or obligation of the Debtors for financial accounting purposes under generally accepted accounting principals, (ii) all Claims against the Debtors, and/or (iii) an obligation, fixed or contingent requiring the Debtors to pay any amount to any Person.

Q. "Person" shall have the same meaning as set forth in 11 U.S.C. §101(41).

R. "Petition Date" means the date the petition initiating this Bankruptcy Case was filed, December 6, 2010.

S. "Relevant Time Period" refers to the time period from January 1, 2009 to the Present.

T. "Stockyards Act" means the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229a and governing regulations 9 C.F.R. §201, et seq.

U. "You" shall mean the parties to whom these requests are directed, namely GIPSA, including any of your representatives and/or attorneys, receiving and answering these discovery requests. "Your" shall be the possessive of You.

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 4 of 12
07/21/2011  11:22   8508940871              WSNEWBERN                         PAGE  16/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 9 of 16

## EXHIBIT B

### Interrogatories

**NOTES:**

- All Requests for Interrogatories are for the Relevant Time Period unless otherwise stated.
- Refer to the Definitions, which are at **Exhibit A**.
- Refer to the Document Production Requests, which are at **Exhibit C**.
- Refer to the Requests for Admissions, which are at **Exhibit D**.
- These Interrogatories shall be treated as continuing and GIPSA shall supplement its responses thereto in the manner required by Fed. R. Civ. P. Rule 26(e) and Fed. R. Bankr. P. 7026, as if those sections were applicable hereto, UNLESS otherwise agreed to by the Florida Creditors or this Court.

### INTERROGATORY NO. 1

Identify the Person(s) responding to these interrogatories by name and title and, if more than one Person is responding to these interrogatories, state the interrogatories or parts thereof answered by each Person.

RESPONSE:

### INTERROGATORY NO. 2

Identify all Persons by name, title and any contact information known to you that have knowledge regarding the Issues identified herein (Definition "K").

RESPONSE:

### INTERROGATORY NO. 3

Identify all Surety Bonds obtained by Debtor pursuant to the Stockyards Act and regulations and that were in force during the Relevant Time Period, together with the amounts of said bonds and a description of the financing or collateral behind said Surety Bond(s).

RESPONSE:

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 5 of 12
07/21/2011  11:22   8508940871              WSNEWBERN                       PAGE  17/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 10 of 16

INTERROGATORY NO. 4

Indentify with parties who have filed or asserted claims against Debtor and Debtor's Surety Bond(s) with GIPSA, together with the amounts and dates of said filing.

RESPONSE:

INTERROGATORY NO. 5

Explain with particularity the basis for the calculation of the face amount of the Surety Bond required by GIPSA to be obtained by Debtor, including any requirement for additional coverage pursuant to 9 C.F.R. §§201.10 et seq. noticed to Debtor at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:

INTERROGATORY NO. 6

Identify all "Clearees" of Debtor for the last five (5) years or more particularly all "Market Agencies" or "Dealers" as defined pursuant the Stockyards Act or others for whom Debtor Eastern Livestock Co., LLC provided "clearing" services pursuant to 9 C.F.R. §§201.10 et seq. at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:

INTERROGATORY NO. 7

Identify all registered "Clearees" of Debtor Eastern Livestock Co., LLC pursuant to 9 C.F.R. §201.10 as of December 6, 2010.

RESPONSE:

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 6 of 12
07/21/2011  11:22   8508940871                WSNEWBERN                       PAGE  18/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 11 of 16

## EXHIBIT C

### Request For Production Of Information And Documents

NOTES:

- All Request For Production Of Information And Documents are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A**.

- Refer to the Interrogatories, which are at **Exhibit B**.

- Refer to the Requests for Admissions, which are at **Exhibit D**.

---

1. Provide a copy of all Annual Report, together with amendments or changes thereto, filed with GIPAS by Debtor Eastern Livestock Co., LLC for each of the last five (5) years or for the years 2006–2010.

2. Provide a copy of all Surety Bond or Surety Bonds maintained by Debtor Eastern Livestock Co., LLC pursuant to the Stockyards Act and governing regulations and in force for the Relevant Time Period.

3. Provide a complete copy of the claims file and all related documents for all claims filed by "Market Agencies," "Dealers," and all others as defined in and pursuant to the Stockyards Act and governing regulations, including without limitation the claims filed by the Florida Creditors.

4. Provide a copy of all filings, registrations, or other submissions by Oak Lake Cattle Company, Inc.; I.E "Jim" Byrd, Eagle Bay, Inc.; and Daniel M. Byrd of Okeechobee, Florida for each of the last five (5) years or for the years 2006–2010.

5. Provide a copy of all exception reports or other records concerning violations of the Packers and Stockyards Act by Debtor Eastern Livestock Co., LLC for each of the last five (5) years or for the years 2006–2010.

6. Provide a copy of any and all communications, correspondence, email, or other document record exchanged between Debtor Easter Livestock Co., LLC and GIPSA relating to any request for additional bond coverage under the Stockyards Act and governing regulations within the last five (5) years.

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 7 of 12
07/21/2011  11:22  8508940871                WSNEWBERN                              PAGE  19/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 12 of 16

## EXHIBIT D

### Request For Admission

NOTES:

- All Requests For Admission are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A**.

- Refer to the Interrogatories, which are at **Exhibit B**.

- Refer to the Requests for Admissions, which are at **Exhibit C**.

---

1. Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d).

2. Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d) for Oak Lake Cattle Company, Inc., Okeechobee, Florida, wherein Oak Lake Cattle Co., Inc. registered as "Clearee" (See **Exhibit E**).

3. Admit that Debtor operated during and prior to the Relevant Time Period as a market agency or dealer and maintained a Surety Bond or Bonds pursuant to 9 C.F.R. §201.31 under which Debtor's engaged in the activities listed under: (a) Condition Clause No. 1 and (b) Condition Clause No. 2 and (c) Condition Clause No. 3.

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 8 of 12
07/21/2011   11:22   8508940871   WSNEWBERN   PAGE   20/24

Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 13 of 16

# Exhibit E

U.S. Department of Agriculture
Grain Inspection,
Packers and Stockyards
Administration

# ANNUAL REPORT OF DEALER OR MARKET AGENCY BUYING ON COMMISSION

Packers and Stockyards Program

Instructions: If an item's value is zero, enter "0". If an item does not apply, enter "NA". Upon completion please verify that all items have been answered. Return completed form to the P&SP Central Reporting Unit. See separate instructions for complete information about this report.

## GENERAL INFORMATION - SECTION 1

| | | |
|---|---|---|
| 101 | Reporting Period (mm/dd/yy-mm/dd/yy) | a. from 10/1/09    b. to 9/30/10 |
| 102 | Legal Business Name | OAK LAKE CATTLE CO. INC. |
| 103 | Business Name (dba) | |
| 104 | Mailing Address | PO Box 1284 |
| 105 | City, State, Zip | OKEECHOBEE FL. 34973 |
| 106 | Physical Address | 1055 Hwy 98N |
| 107 | City, State, Zip | OKEECHOBEE FL. 34972 |
| 108 | Contact Name | J.E. (Jim) Byrd |
| 109 | Telephone Number | 863-634-1005 |
| 110 | Fax Number | 863.763.7468 |

## ORGANIZATIONAL STRUCTURE - SECTION 2

List owners, officers, partners, and managing members in control of this business:

| | a. Name | b. Title | c. Percentage Ownership |
|---|---|---|---|
| 201 | J.E. BYRD | PRES. | 100 |
| 202 | DAN BYRD | VP | — |
| 203 | | | |
| 204 | | | |
| 205 | | | |

206 Type of organization: ☐ Individual   ☐ Partnership   ☐ Corporation   ☐ LLC   ☐ LLP   ☐ Co-op   ☐ Association   ☐ Other

207 Is this the same organization type reported last year?   ☒ Yes   ☐ No

208 Is this business owned or controlled by another business entity?   ☐ Yes   ☐ No

209 If line 208 is yes, identify the owner/controlling business name and address

210 Does this business own or control other businesses within the livestock-meat sector?   ☐ Yes   ☒ No

If line 210 is yes, then provide the names of businesses that you own or control and percentage of control in items 211-214

| | a. Name of Business | b. Percentage of Control |
|---|---|---|
| 211 | | |
| 212 | | |
| 213 | | |
| 214 | | |

215 Do you own or operate a scale on which you weigh livestock purchased?   ☐ Yes   ☒ No

216 What is the basis of payment made to you for most livestock you sell?   ☒ Liveweight   ☐ Dressed Weight or Carcass Basis

Your response to this form is required under the Packers and Stockyards Act of 1921 (9 CFR 201.97 and 7 U.S.C. 181-229). According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information is 0580-0015. The time required to complete this information collection is estimated to average 2 hour per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection.

P&SP Form 3001      01/30/08      Page 1 of 3

6/21/11

Mar 31 11 03:05p    Oak Lake Cattle Company              863-763-7468          p.3
Case 10-93904-BHL-11   Doc 586   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 15 of 16

## BOND INFORMATION - SECTION 3

| | Livestock Dealer Activity | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|---|
| 301 | Cost of livestock purchased on a dealer basis for registrant's account | $ | $ | $ | $ | $ |
| 302 | Number of head of livestock purchased on a dealer basis for registrant's account | | | | | |

| | Livestock Bought on Commission | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|---|
| 303 | Cost of livestock bought on commission for the account of others regardless of who paid for the livestock | $8,919.59 | $ | $ | $ | $ |
| 304 | Number of head of livestock bought on commission for the account of others regardless of who paid for the livestock | 13,444 | | | | |

305 | What was the dollar value of livestock dealer and BOC purchases in your highest fiscal year quarter? | $

## CLEAREE AND CLEAROR DESIGNATIONS - SECTION 4

| 401 | Are you a clearee (cleared by another business for your livestock purchases)? | ☒ Yes   ☐ No |
| 402 | If you checked yes in Item 401, provide the name of the clearing agent: | EASTERN LIVESTOCK COMPANY LLC |
| 403 | Are you a clearor (provide clearing services for clearees)? | ☐ Yes   ☒ No   If yes provide information for Items 404-412 |

| | Clearee's Name as Registered | | Gross Value of Livestock Purchased |
|---|---|---|---|
| 404 | | 405 | $ |
| 406 | | 407 | $ |
| 408 | | 409 | $ |
| 410 | | 411 | $ |
| | Total Livestock Purchases of all Clearees | 412 | $ |

## BALANCE SHEET - SECTION 5

All clearors and dealers whose line 301e plus 303e plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 5 and 6.

### Assets
**Current Assets**

| | | | |
|---|---|---|---|
| Cash (Enter overdrafts under Current Liabilities - line 315) | | 501 | $ |
| Temporary Cash Investments (Marketable Securities, Certificates of Deposit, Commercial Paper, etc.) | | 502 | $ |
| Accounts Receivable (Due in 1 Year or Less) | | 503 | $ |
| Notes and Loans Receivable (Portion due in 1 Year or Less) | | 504 | $ |
| Inventory | | | |
| Livestock | 505 $ | | |
| Other Inventory | 506 $ | | |
| Total Inventory | | 507 | $ |
| Other Current Assets | | 508 | $ |
| Total Current Assets | | 509 | $ |

**Long-Term Assets**

| | | | |
|---|---|---|---|
| Investments | | 510 | $ |
| Property, Plant, & Equipment net of Depreciation and Amortization | | 511 | $ |
| Other Long-Term Assets | | 512 | $ |
| Total Long-Term Assets | | 513 | $ |
| Total Assets | | 514 | $ |

Continuation of Section 5 Balance Sheet.

**Liabilities and Net Worth**

**Liabilities**

  Current Liabilities

    Bank Overdraft ............................................................................ 515 $

    Accounts Payable

      Livestock Payables ........................................... 516 $

      Other Payables ................................................ 517 $

      Total Accounts Payable ............................................................ 518 $

    Notes and Loans Payable (Demand Notes and Portion of
    Long-Term Notes due in One Year or Less) ................................... 519 $

    Other Current Liabilities ................................................................ 520 $

    Total Current Liabilities ................................................................ 521 $

  Long-Term Liabilities (Due after One Year) .......................................... 522 $

  Total Liabilities ............................................................................... 523 $

**Total Net Worth** .................................................................................. 524 $

**Total Liabilities and Net Worth (Equals Total Assets)** ............................... 525 $

---

**INCOME STATEMENT - SECTION 6**

All dealers and dealers whose line 301a plus 303a plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 6 and 6.

Income Statement

  Gross Dealer Profit (+) or Loss (-) .................................................... 601 $

  Buying Commission ......................................................................... 602 $

  Other Income ................................................................................. 603 $

    Total Income ............................................................................... 604 $

    Total Expenses ............................................................................ 605 $

  Net Profit (+) or Loss (-) before Income Taxes ..................................... 606 $

---

**CERTIFICATION - SECTION 7**

Under the Packers and Stockyards Act any person who willfully makes, or causes any false entry or statements of fact in this report shall be deemed guilty of offense against the United States, and be subject to a fine of $1,000 to $5,000, or to imprisonment for a term of not more than 3 years, or to both fine and imprisonment.

I certify that this report has been prepared by me or under my direction, and to the best of my knowledge and belief correctly reflects reporting entity operations.

| 701 Print Name | 702 Signature (must be signed by a person listed on 201, 205) |
|---|---|
| I. E. Byrd | S. E. Byrd |
| 703 Phone Number | 704 Date | 705 Title |
| 863 634.1005 | 1/21/11 | Pres |

Submitted information is confidential (9 CFR 201.96). Failure to report will result in forfeiture to the United States $110 per day until report received 7 (U.S.C. 222).

The U.S. Department of Agriculture (USDA) prohibits discrimination in programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audio tape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410 or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

Case 10-93904-BHL-11   Doc 630-2   Filed 07/26/11   EOD 07/26/11 15:50:57   Pg 12 of 12
07/21/2011  11:22  8508940871         WSNEWBERN                          PAGE  24/24

Case 10-93904-BHL-11   Doc 586-1   Filed 06/30/11   EOD 06/30/11 16:08:28   Pg 1 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING MOTION FOR 2004 EXAMINATION UPON THE UNITED STATES DEPARTMENT OF AGRICULTURE, GRAIN INSPECTION, PACKERS & STOCKYARDS ADMINISTRATION

THIS MATTER, having come before the Court upon Motion For 2004 Examination, and the Court having reviewed the Florida Creditors Motion for 2004 Examination (the "Motion"), the court record, and being otherwise sufficiently advised, no hearing is required and IT IS HEREBY ORDERED;

1.   The Motion For 2004 Examination is GRANTED and the United States Department Of Agriculture, Grain Inspection, Packers & Stockyards Administration ("GIPSA") shall submit to the 2004 Requests, as defined and described in the Motion.