UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                    )
                                          )
EASTERN LIVESTOCK CO., LLC,               )      CASE NO. 10-93904-BHL-11
                                          )
         Debtor.                          )

**MOTION FOR AN ADDITIONAL EXTENSION OF MAY 2, 2011 BAR DATE
FOR FILING OF THE FIRST BANK AND TRUST COMPANY'S CLAIMS AND
PURCHASE MONEY CLAIMS**

The First Bank and Trust Company ("First Bank"), by counsel, for its Motion for an Additional Extension of May 2, 2011 Bar Date for Filing of The First Bank and Trust Company's Claims and Purchase Money Claims, alleges and states as follows:

I.      INTRODUCTION

1.      As the Court is well aware, this is a complicated bankruptcy involving the movement of millions of dollars of cattle assets that are far from readily identifiable with bar codes or modern data.  The less than substantial record-keeping of Eastern Livestock, coupled with the sudden entrance of a receiver in the height of the market transactions, only added to the difficulty of prompt and facile identification of the various collateral.  Despite extensive discovery efforts, as detailed in the Declaration of Stephen A. Weigand (attached as Exhibit A), First Bank, and the Trustee in the companion Estate of Thomas and Patsy Gibson, have been unable to track completely all of the various cattle transactions.  Although the parties have made substantial progress and can identify some purchase money security interests in the cattle for which the Eastern Livestock Trustee has collected funds, more time is necessary before barring

purchase money claims. Thus, First Bank presents this motion for an additional enlargement of time.

II.     BACKGROUND AND PROCEDURAL POSTURE OF PMSI BAR DATE

2. First Bank is a secured creditor of Thomas and Patsy Gibson (the "Gibsons"). Its collateral includes, inter alia, cattle owned by the Gibsons. The Gibsons have failed to account for the whereabouts of approximately 8,000 head of cattle that collateralized the Gibson's indebtedness to First Bank. Upon information and belief, some of the unaccounted for cattle may have been sold to the Debtor in transactions that were not in the ordinary course of business and First Bank may assert that it has a priority security interest in proceeds of such sale in the possession of the Debtor or with respect to amounts purported to be owing to the Debtor by third parties.

3. The Order Granting Trustee's Emergency Motion Regarding Payments on Debtor's Cattle Sales (the "Order"), dated January 24, 2011 [Docket No. 234] established a bar date of May 2, 2011 provides that all "Purchase Money Claims" must be made to the Court in accordance with the procedures set forth in the Order. Among other things, paragraph I. of the Order provides that any person that holds or wishes to assert a Purchase Money Claim must file a proof of claim, together with all supporting documentation on or before 11:59 P.M. on May 2, 2011.

4. The order authorized the Trustee to complete the sale of cattle free and clear of liens, claims, encumbrances and interests pursuant to Bankruptcy Code § 363 and to accept payment of purchase money "Purchase Money" with all liens, claims, encumbrances and interests attached thereto and to establish a segregated account for the purpose of holding the Purchase Money. The Order defines "Purchase Money Claims" as any lien, claim, encumbrance

2

or interest that may be asserted against the Purchase Money. First Bank believes that the claims it may assert against the Debtor constitute Purchase Money Claims as defined therein.

5. In addition, the Court's Order of March 31, 2011 established a bar date for filing all claims of May 2, 2011. While the Trustee's Motion acknowledges that the Court previously set a bar date for Purchase Money Claims, it does not except Purchase Money Claims from the operation thereof.

6. First Bank filed its Motion for Extension of May 2, 2011 Bar Date for Filing of First Bank and Trust Company's Purchase Money Claims [Docket No. 421] and the Court Entered Order Granting Motion for Extension of May 2, 2011, Bar Date for Filing of the First Bank and Trust Company's Purchase Money Claims on April 19, 2011 [Docket No. 465] extending the deadline for filing the First Bank's Purchase Money Claims and its Proof of Claim to August 1, 2011.

III. DISCOVERY EFFORTS TO DATE

7. First Bank has diligently pursued both formal and informal discovery efforts in an attempt to determine the whereabouts of approximately 8,000 missing head of cattle.

8. Upon information and belief, prior to November of 2010, the Gibsons routinely sold cattle owned by them to or through their wholly owned cattle brokerage business, Eastern Livestock, when the cattle reached the stage in their life cycle that it would be customary for a producer to sell same. Since it is likely that some or all of the missing cattle were sold to or through Eastern Livestock, First Bank has made numerous inquiries to Eastern Livestock's custodian and thereafter, its Trustee, seeking information regarding transactions that may have involved cattle in which it holds a security interest. First Bank has met with representatives of DSI on at least two occasions and reviewed various documents that may be relevant to its ability

3

to determine whether or not it has a claim to funds on deposit in the Trustee's segregated account. DSI and the Trustee's counsel have been cooperative and produced 1083 pages of documents to date; this, however, is a small portion of the total.   On June 23, 2011, counsel for First Bank and the Gibson Trustee visited Eastern Livestock and requested more than two dozen boxes of documents which it confirmed via digital video.   DSI is still in the process of copying a significant number of those documents which are necessary to enable First Bank to be able to determine whether it has a Purchase Money Claim.

   9. First Bank's efforts to locate these missing cattle have also included information requests served on numerous entities, including feedlots like Cactus Growers, Inc., Friona Industries, L.P., and J&F Oklahoma Holdings, Inc., as well as Agri-Beef (Supreme Feeders), Cattlemen's Feedlot, Ltd., Heritage Feeders and Irsik & Doll (including its feed yard Royal Beef).   These efforts are continuing.

IV. ADDITIONAL TIME IS NECESSARY

   10. First Bank's inability to locate these missing cattle to date is indicative of the possibility that the transactions involving these cattle may not have involved routine cattle sales between the Gibsons and Eastern Livestock, but rather, that one or more parties to the transactions involving these cattle may have taken steps to disguise their involvement or the source of cattle involved.   For example, as of the dates of First Bank's September inspections all of the missing cattle were in the possession of third parties who were caring for such cattle on behalf of the Gibsons.   Many of these caretakers owned multiple entities and may have sold cattle (with or without Thomas Gibson's authorization) to feedlots with identification information that differed from the information that First Bank possesses.   In other words, First Bank is likely

4

looking for persons or entities that engaged in self-help who may have desired to conceal from Eastern Livestock or the feedlots any prior affiliation with the Gibsons or Eastern Livestock.

11. This Motion is not being made for purposes of delay or any other improper purpose.

12. Based on the complexities of the transactions involved and the need for additional discovery as set forth above, First Bank requests an extension of ninety (90) days to the deadline to file its Purchase Money Claims previously set in this Court's Orders of January 24, 2011 and March 31, 2011 and previously extended to August 1, 2011.

WHEREFORE, First Bank, by counsel, respectfully, request that the Court enter an Order extending the May 2, 2011 deadlines established by its Orders of January 24, 2011 and March 31, 2011 for it to file its Claims and Purchase Money Claims for an additional period of Ninety (90) days and for all other appropriate relief.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Telecopier:  (513) 632-0319
Email:  ddonnellon@ficlaw.com

Attorneys for The First Bank and Trust Company

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2011, a true and correct copy of the foregoing Motion for Examination and Production of Documents Pursuant to Fed. R. Bankr. P. 2004 was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Robert Hughes Foree<br>robertforee@bellsouth.net | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com |
| C. R. Bowles, Jr<br>crb@gdm.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| John Hunt Lovell<br>john@lovell-law.net | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Jessica E. Yates<br>jyates@swlaw.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Ivana B. Shallcross<br>ibs@gdm.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jesse Cook-Dubin<br>jcookdubin@vorys.com | Deborah Caruso<br>dcaruso@daleeke.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Edward M King<br>tking@fbtlaw.com | Meredith R. Thomas<br>mthomas@daleeke.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | William Robert Meyer, II<br>rmeyer@stites.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | Allen Morris<br>amorris@stites.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| John W. Ames<br>jwa@gdm.com | Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| James M. Carr<br>jim.carr@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | James T. Young<br>james@rubin-levin.net | Walter Scott Newbern<br>wsnewbern@msn.com |
| Terry E. Hall<br>terry.hall@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |

| | | |
|---|---|---|
| Todd J. Johnston<br>tjohnston@mcjllp.com | Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Timothy T. Pridmore<br>tpridmore@mcjllp.com | John M. Rogers<br>johnr@rubin-levin.net | Michael W. McClain<br>mike@kentuckytrial.com |
| Theodore A Konstantinopoulos<br>ndohbky@jbandr.com | Cathy S. Pike<br>cpike@weberandrose.com | David A. Domina<br>ddomina@dominalaw.com |
| Karen L. Lobring<br>lobring@msn.com | John David Hoover<br>jdhoover@hooverhull.com | Kent A Britt<br>kabritt@vorys.com |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Sean T. White<br>swhite@hooverhull.com | Joshua N. Stine<br>jnstine@vorys.com |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | Robert H. Foree<br>robertforee@bellsouth.net | Ashley R. Rusher<br>asr@blancolaw.com |

/s/ Daniel J. Donnellon
Daniel J. Donnellon