**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IN RE: ) | CASE NO.: 10–93904–BHL–11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

### RESPONSE TO MOTION TO QUASH ORDER FOR 2004 EXAMINATION

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc. ("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and responds to the Motions to Quash Order Granting Motion For 2004 Examination Upon The United States Department Of Agriculture, Grain Inspection, Packers & Stockyards and Brief (Docs. 616, 629, and 630) and states as follows:

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 as the Order for 2004 Examination concerns a core proceeding pursuant to 28 U.S.C. § 157(b)(2) involving the ownership rights to and disposition of the cash sale proceeds from livestock sales now held by the Trustee and the performance bonds required to be maintained by Debtor Eastern Livestock Co. LLC purshant to the Stockyards Act. *See also* 11 U.S.C. §§ 506, 541.

2.  Fed. R. Bankr. Proc. 2004 ("Rule 2004") provides, "On motion of any party in interest, the court may order the examination of any entity." A Rule 2004 examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of" the estate.  Fed. R. Bankr. P. 2004(b).

3.  Further, the scope of Rule 2004 is broad, and an examination pursuant to this rule may extend to any entity, including third parties and the government, who have had dealings with the debtor, as is the case here. Section 105 of the Bankruptcy Code provides, in part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title." 11 U.S.C. § 105(a) (1988). *In Re Financial Corporation Of America*, 119 B.R. 728, 733 (C.D. Cal Bkrptcy. 1990) citing *In re Wilcher, 56 Bankr. 428, 433 (Bankr. N.D. Ill. 1985)* (discussing *In re Mittco, 44 Bankr. 35, 36 (Bankr. E.D. Mass. 1984)*; *Chereton v. United States, 286 F.2d 409, 413 (6th Cir. 1961)*. See **Exhibit C**.

4.  The United States Department Of Agriculture, Grain Inspection, Packers & Stockyards (hereinafter "GIPSA") seeks to quash the Order of this Court of July 7, 2011 granting Rule 2004 Examination and delivery of the requested information in the Florida Creditors Motion (Doc. 588). See **Exhibit A**  GIPSA's Motion is based upon limitations to disclosure of information pursuant to the regulations governing the release of information, testimony of employees, and materials in Department of Agriculture files , 7 C.F.R. 1.210–1.219 and 5 U.S.C. § 301. GIPSA seeks to quash the Order in its entirety without limitation or designation of sensitive or privileged information but does

2

allow, however, that the request shall be deemed a "Freedom of Information Act" request (hereinafter :"FOIA")

> § 301. Departmental regulations
> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

5 USCS § 301

5. GIPSA's Motions to Quash seek to cut an inappropriately wide swath without providing the necessary good cause pursuant Rule 26(c), Fed. R. Civ. P. While allowing disclosure pursuant to FOIA, GIPSA has also indicated that the disclosures pursuant FOIA are wholly discretionary to GIPSA and has also failed to provide a time table or other commitment to the full and fair disclosure of the requested information. This is important because previous FOIA requests by the Florida Creditors and by the Livestock Marketing Association, for information over the last several months regarding the Eastern bond(s) have been totally ignored by GIPSA in violation of 5 U.S.C.S. §552 which requires disposition notice within twenty (20) days of receipt of the request. See **Exhibit B**.

> Freedom of Information
> \* \* \*
> (6)(A) Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--
> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of

> such person to appeal to the head of the agency any adverse determination

5 USCS § 552

6. GIPSA has also failed to identify what information contained in the Order's requests is particularly sensitive or should not be disclosed.

7. As noted in the cover letter to GIPSA, the Florida Creditors are more that willing to work with or provide necessary accommodation to GIPSA in delivering the requested information. This invitation has apparently been rejected. The Florida Creditors are only concerned with the disclosure of information held by GIPSA concerning the Debtor's bond(s) under the Packers & Stockyards Act, claims made against the bond(s), and the nature of the Debtor's regulated activity during the period preceding the filing of the petition. **Exhibit A**.

8. Unlike the broad scope afforded Rule 2004, 5 USCS § 301 is relatively narrow and does not create independent privilege to withhold government information or shield federal employees from valid subpoenas; rather, district court should apply federal rules of discovery when deciding on discovery requests made against government agencies. *Exxon Shipping Co. v United States Dep't of Interior (*1994, CA9 Alaska) 34 F3d 774. The Florida Creditors seek only information in support of their claims and objections—information which can be helpful to this Court in defining the nature of Debtor Eastern Livestock Co.'s activities. The Florida Creditors essentially seek regulatory filings and stand clear of any sensitive or investigative information regarding GIPSA that may result or have resulted from a Justice Department investigation into the $81 million in returned checks and the approximate 250 claims totaling $7.4 million against Debtor's bond(s). See **Exhibit D**.

WHEREFORE, the Florida Creditors request that the Motions To Quash filed by The United States Department Of Agriculture, Grain Inspection, Packers & Stockyards be DENIED.

Respectfully submitted this 27th day of July 2011:

s/ Wl Scott Newbern
W. Scott Newbern
W. SCOTT NEWBERN, P.L.
Florida Bar No. 0098108
2982 East Giverny Circle
Tallahassee, Florida 32309
(T)  850.591.1707
(F)  850.894.0824
wsnewbern@msn.com

COUNSEL FOR HILLIARD–McKETTRICK INVESTMENTS, INC. d/b/a ARCADIA STOCKYARD; CATTLEMEN'S LIVESTOCK MARKET, INC.; COLUMBIA LIVESTOCK MARKET, INC.; HARDEE LIVESTOCK MARKET, INC.; NORTH FLORIDA LIVESTOCK MARKET, INC.; OCALA LIVESTOCK MARKET, INC.; OKEECHOBEE LIVESTOCK MARKET, INC.; SUMTER COUNTY FARMERS MARKET, INC.; AND MADISON COUNTY LIVESTOCK MARKET, INC. D/B/A TOWNSEND LIVESTOCK MARKET; RON SIZEMORE TRUCKING, INC.; OAK LAKE CATTLE CO.; EAGLE BAY, INC.; and DANIEL M. BYRD

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27th, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

s/ Wl Scott Newbern
W. SCOTT NEWBERN