# WALTER SCOTT NEWBERN, III
### Attorney–At–Law

<u>**VIA FACSIMILE and U.S. MAIL**</u>          July 21, 2011


Mr. Brett Offutt
Ms. Amy Blechinger
Grain Inspection, Packers & Stockyards Administation
Policy and Litigation Division
Stop 3601, Room 2055-South Building
1400 Independence Avenue, SW
Washington, DC 20250-3601
Direct (202) 720-7363
Fax (202) 690-3207

      RE:    In Re: Eastern Livestock Co., LLC
             S.D. Ind. Bk Case No.: 10—93904-BHL-11

Dear Sir and Mle.:

By way of identification, I represent the group of Florida livestock market agencies and several others in the Eastern Livestock Co., LLC bankruptcy action in the Southern District of Indiana. My clients have not been paid for cattle purchased in October/November last Fall, and they each subsequently filed claims against Eastern's bond(s)—as you may be aware.

To explain, payments due by clients principally from two (2) purchasers have been delivered to the bankruptcy Trustee through a Wisconsin interpleader (Rush Creek Ranch, LLC) and direct payment (Len Miller), but the Florida livestock market agencies' claims are being contested despite Eastern being only the "clearing agency" in these transactions for "clearee" I.E. "Jim" Byrd and Oak Lake Cattle Co., Inc. of Okeechobee, Florida. The purpose of this letter is to get a head start in obtaining information from GIPSA concerning Eastern Livestock Co., LLC bonds, registrations, and audits and regarding the "clearing agency" and "clearee" status between Eastern and I.E. "Jim" Byrd/Oak Lake to substantiate my clients' claims.

Please find attached a copy of the July 7, 2011 Order from the United States Bankruptcy Court, Southern District Of Indiana authorizing disclosure of certain requested information outlined in the Motion, also attached. The Order requires disclosure within twenty (20) days of the July 7, 2011 date, and I apologize for the delay in delivery. Unfortunately, this could not be helped because of a computer malfunction. Should you need

W. SCOTT NEWBERN, P. L.  •  2982 EAST GIVERNY CIRCLE  •  TALLAHASSEE, FLORIDA 32309
T 850.591.1707  •  F 850.894.0871  •  WSNEWBERN @ MSN.COM

Mr. Brett Offutt
Ms. Amy Blechinger

Page 2 of 2

more time to assemble the required information and documents, please advise me. I will be happy to work with you in this regard.

Per my conversation with your office earlier today, please also have a copy of this facsimile and attachments delivered to Ms. Patricia Harps, Esq., Office of the General Counsel, whom I was advised works with your office directly and maintains an office in your building. Also, I am assuming that formal service of process of the Order and Motion For 2004 Examination is not necessary and that this letter and facsimile will suffice. If formal service is required, please contact me at your earliest convenience and I will make the necessary arrangements.

Finally, I realize that the requests for information and documents contained in the Motion and the possible depositions may impose a burden on your office. Hopefully this will not be significant, and I would be pleased to accommodate you in what ever way is possible.

Thank you for your attention to this matter.

Sincerely,

W. Scott Newbern

cc:     Ernest Van Hooser, Esq.
        Florida Market Agencies

**SO ORDERED: July 07, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.:  10—93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION FOR 2004 EXAMINATION UPON THE UNITED
STATES DEPARTMENT OF AGRICULTURE, GRAIN INSPECTION, PACKERS &
STOCKYARDS ADMINISTRATION**

THIS MATTER, having come before the Court upon Motion For 2004 Examination, and

the Court having reviewed the Florida Creditors Motion for 2004 Examination (the "Motion"),

the court record, and being otherwise sufficiently advised, no hearing is required and IT IS

HEREBY ORDERED;

1.     The Motion For 2004 Examination is GRANTED and the United States

Department Of Agriculture, Grain Inspection, Packers & Stockyards Administration ("GIPSA")

shall submit to the 2004 Requests, as defined and described in the Motion.

2.      GIPSA shall respond in full to the 2004 Requests described in the Motion within TWENTY (20) days of entry of this Order, unless such time is extended by the Court or by agreement with the Florida Creditors (as identified in the Motion), delivering GIPSA's responses to the offices of counsel for the Florida Creditors, W. Scott Newbern, Esq., W. SCOTT NEWBERN, P.L., 2982 East Giverny, Tallahassee, Florida 32309.

3.      The Florida Creditors are authorized, if they deem necessary, to conduct an oral examination of the person or persons most knowledgeable as described in the Motion at a time and place to be determined, regarding all matters within the scope of Rule 2004, including the responses by GIPSA to the 2004 Requests.

# Notice Recipients

District/Off: 0756–4                    User: alstarks                    Date Created: 7/8/2011

Case: 10–93904–BHL–11              Form ID: pdfOrder                Total: 74

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | James A. Knauer | jak@kgrlaw.com |
| aty | Allen Morris | amorris@stites.com |
| aty | Andrea L Wasson | andreawassonatty@gmail.com |
| aty | Bret S. Clement | bclement@acs–law.com |
| aty | C. R. Bowles, Jr | crb@gdm.com |
| aty | Christopher E. Baker | cbaker@hklawfirm.com |
| aty | Daniel J. Donnellon | ddonnellon@ficlaw.com |
| aty | David A. Laird | david.laird@moyewhite.com |
| aty | David Alan Domina | dad@dominalaw.com |
| aty | David L. Abt | davidabt@mwt.net |
| aty | David L. LeBas | dlebas@namanhowell.com |
| aty | Deborah Caruso | dcaruso@daleeke.com |
| aty | Dustin R. DeNeal | dustin.deneal@bakerd.com |
| aty | Edward M King | tking@fbtlaw.com |
| aty | Elliott D. Levin | robin@rubin–levin.net |
| aty | Elliott D. Levin | edl@rubin–levin.net |
| aty | Ivana B. Shallcross | ibs@gdm.com |
| aty | James A. Knauer | jak@kgrlaw.com |
| aty | James Bryan Johnston | bjtexas59@hotmail.com |
| aty | James Edwin McGhee, III | mcghee@derbycitylaw.com |
| aty | James M. Carr | james.carr@bakerd.com |
| aty | James T Young | james@rubin–levin.net |
| aty | Jeffrey E. Ramsey | jramsey@hopperblackwell.com |
| aty | Jeffrey J. Graham | jgraham@taftlaw.com |
| aty | Jeffrey R. Erler | jeffe@bellnunnally.com |
| aty | Jerald I. Ancel | jancel@taftlaw.com |
| aty | Jeremy S Rogers | Jeremy.Rogers@dinslaw.com |
| aty | Jessica E. Yates | jyates@swlaw.com |
| aty | John Huffaker | john.huffaker@sprouselaw.com |
| aty | John David Hoover | jdhoover@hooverhull.com |
| aty | John Frederick Massouh | john.massouh@sprouselaw.com |
| aty | John Hunt Lovell | john@lovell–law.net |
| aty | John M. Rogers | johnr@rubin–levin.net |
| aty | John M. Thompson | john.thompson@crowedunlevy.com |
| aty | John R. Carr, III | jrciii@acs–law.com |
| aty | John W Ames | jwa@gdm.com |
| aty | Joshua N. Stine | jnstine@vorys.com |
| aty | Judy Hamilton Morse | judy.morse@crowedunlevy.com |
| aty | Karen L. Lobring | lobring@msn.com |
| aty | Kelly Greene McConnell | lisahughes@givenspursley.com |
| aty | Kent A Britt | kabritt@vorys.com |
| aty | Kim Martin Lewis | kim.lewis@dinslaw.com |
| aty | Kirk Crutcher | kcrutcher@mcs–law.com |
| aty | Laura Day DelCotto | ldelcotto@dlgfirm.com |
| aty | Lisa Koch Bryant | courtmail@fbhlaw.net |
| aty | Mark A. Robinson | mrobinson@vhrlaw.com |
| aty | Matthew J. Ochs | matt.ochs@moyewhite.com |
| aty | Meredith R. Thomas | mthomas@daleeke.com |
| aty | Michael W. McClain | mike@kentuckytrial.com |
| aty | Randall D. LaTour | rdlatour@vorys.com |
| aty | Robert H. Foree | robertforee@bellsouth.net |
| aty | Robert K Stanley | robert.stanley@bakerd.com |
| aty | Ross A. Plourde | ross.plourde@mcafeetaft.com |
| aty | Sandra D. Freeburger | sfreeburger@dsf–atty.com |
| aty | Sarah Stites Fanzini | sfanzini@hopperblackwell.com |
| aty | Sean T. White | swhite@hooverhull.com |
| aty | Stephen A. Weigand | sweigand@ficlaw.com |
| aty | Susan K. Roberts | skr@stuartlaw.com |
| aty | T. Kent Barber | kbarber@dlgfirm.com |
| aty | Terry E. Hall | terry.hall@bakerd.com |
| aty | Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| aty | Thomas C Scherer | tscherer@binghammchale.com |
| aty | Timothy T. Pridmore | tpridmore@mcjllp.com |
| aty | Todd J. Johnston | tjohnston@mcjllp.com |
| aty | Trevor L. Earl | tearl@rwsvlaw.com |
| aty | Walter Scott Newbern, III | wsnewbern@msn.com |
| aty | Wendy W Ponader | wendy.ponader@bakerd.com |
| aty | William E Smith, III | wsmith@k–glaw.com |
| aty | William Robert Meyer, II | rmeyer@stites.com |

TOTAL: 69

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | | |
|---|---|---|---|---|---|
| adb | Eastern Livestock Co., LLC | 135 W. Market Street | New Albany, IN 47150 | | |
| op | National Cattlemen's Beef Association | c/o Alice Devine | 6031 SW 37th St. | Topeka, KA 66610 | |
| cr | Bovine Medical Associates, LLC | 1500 Soper Road | Carlisle, KY 40311 | | |
| op | Greenebaum Doll &McDonald PLLC KY 40202−3103 | 3500 National City Tower | 101 South Fifth Street | ?Louisville, | |
| aty | Ashley S Rusher 27114−5008 | Blanco Tackabery &Matamoros PA | PO Drawer 25008 | Winston−Salem, NC | |

TOTAL: 5

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

IN RE: )   CASE NO.: 10–93904–BHL–11
)
EASTERN LIVESTOCK CO., LLC, )
)   Chapter 11
)
Debtor. )
)
)

## <u>MOTION FOR 2004 EXAMINATION</u>

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc. ("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and moves the Court for entry of an order requiring the immediate and full disclosure of certain information and documents by the United States Department Of Agriculture Grain Inspection, Packers & Stockyards Administration ( hereinafter "GIPSA") maintained pursuant to the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229a and governing regulations (hereinafter "Stockyards Act"), In support thereof, the Florida Creditors state as follows:

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion concerns the ownership rights to and disposition of the cash sale proceeds from livestock sales now held by the Trustee and the performance bonds required to be maintained by Debtor Eastern Livestock Co. LLC pursuant to the Stockyards Act and is, therefore, a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  *See also* 11 U.S.C. §§ 506, 541.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On December 6, 2010, the Debtors filed an involuntary Chapter 11 petition.

4.      Fed. R. Bankr. Proc. 2004 ("Rule 2004") provides, "On motion of any party in interest, the court may order the examination of any entity." A Rule 2004 examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of" the estate.  Fed. R. Bankr. P. 2004(b).

5.      The Florida Creditors believe that a Rule 2004 examination by admissions, interrogatories, and requests for documents, followed if necessary by an oral examination, is the best method to reveal any material information in the possession of GIPSA (the "2004 Request").

6.      The Florida Creditors provide definitions relevant to the 2004 Request attached hereto as **Exhibit A**.

7.      In connection with the 2004 Request, the Florida Creditors seek responses to the Interrogatories attached hereto as **Exhibit B**; to the Request For Production Of Information And Documents attached hereto as **Exhibit C**; and to the Request For Admissions attached hereto as **Exhibit D**.

8.      The Florida Creditors believe that the 2004 Request will greatly assist the ability of parties to determine and resolve the issues raised in the *Objection And Joinder In Objection To The Trustee's Purchase Money Claims Report, Motion For Release Of Fund And Notice Of Release Of Proceeds From Account* (Doc. 556); the *Proofs Of Claims Nos. 181–186, 187–189, 190–199; 225-230*, and *232-233,* as well as be of general assistance to the Court with respect to objections and proofs of claim filed by other Creditors.

9.      The proposed Order sets the deadline for performance under the 2004 Request at TWENTY (20) days after entry, unless extended with the consent of the Florida Creditors.

10.     The proposed Order further sets, if necessary as deemed by the Florida Creditors, the oral examination of the person or persons most knowledgeable representative(s) of GIPSA with respect to the matters identified in the 2004 Request at a time and place to be determined.

11.     The Florida Creditors submits that the relief requested herein is procedural in nature and routinely granted. The Court was also made aware of this request during the course of the hearing held this past Friday, June 24, 2011 concerning Purchase Money Claims, among other matters. Therefore, relief may be granted without a hearing. If the Court deems a hearing necessary, the Florida Creditors requests that the Court set the hearing for attendance telephonically at the Court's earliest convenience within the next TEN (10) business days.

WHEREFORE, the Florida Creditors request that this Court order the United States Grain Inspection, Packers And Stockyards Administration to submit to the 2004 Request as requested herein and described in the attached Order.

Respectfully submitted this 30th day of June 2011:

/s/ W. Scott Newbern
W. Scott Newbern
W. SCOTT NEWBERN, P.L.
Florida Bar No. 0098108
2982 East Giverny Circle
Tallahassee, Florida 32309
(T)  850.591.1707
(F)  850.894.0871
wsnewbern@msn.com

COUNSEL FOR HILLIARD–McKETTRICK INVESTMENTS, INC. d/b/a ARCADIA
STOCKYARD; CATTLEMEN'S LIVESTOCK MARKET, INC.; COLUMBIA
LIVESTOCK MARKET, INC.; HARDEE LIVESTOCK MARKET, INC.; NORTH
FLORIDA LIVESTOCK MARKET, INC.; OCALA LIVESTOCK MARKET, INC.;
OKEECHOBEE LIVESTOCK MARKET, INC.; SUMTER COUNTY FARMERS
MARKET, INC.; AND MADISON COUNTY LIVESTOCK MARKET, INC. D/B/A
TOWNSEND LIVESTOCK MARKET; RON SIZEMORE TRUCKING, INC.; OAK
LAKE CATTLE CO.; EAGLE BAY, INC.; and DANIEL M. BYRD

## CERTIFICATE OF SERVICE

I hereby certify that on June 30th, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System.

Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN

## EXHIBIT A

### (Definitions)

NOTES:

- These Definitions supplement the Requests for Interrogatories, which are at **Exhibit B**.

- These Definitions supplement the Document Production Requests, which are at **Exhibit C**.

- In the event of conflict in the Definitions or if a Definition is unclear, incomplete or missing, the parties and/or the Court shall apply the following: Fed. R. Civ. P. 33 and 34 and Fed. R. Bankr. P. 7033 and 7034.

_____

A.      "2004 Request" has the meaning given in the request for a Rule 2004 examination to which these Definitions are attached.

B.      "Assets" means all property of the Debtors, including but not limited to (i) anything required to be reported as an Asset of the Debtors for financial accounting purposes under generally accepted accounting principles, (ii) anything considered property of the estate of the Debtors for purposes of 11 U.S.C. §541, and (iii) anything owned by the Debtors, or in which the Debtors had any rights or interests, including but not limited to real property, personal property, leasehold interests, intangible property and rights under contracts and agreements.

C.      "Bankruptcy Case" means the Chapter 11 bankruptcy proceeding filed by the Debtors, being Case No. 10–93904–BHL–11 in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division.

D.      "Bond" or "Bonds" or "Surety Bond(s)" mean the Surety Bond required pursuant to 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq. which require bonds from every market agency in connection with its livestock purchasing operations and every other person operating as a dealer.

E.      "Claim" or "Claims" shall have the same meaning as set forth in 11 U.S.C. § 101(5).

F.      "Debt" or "Debts" shall have the same meaning as set forth in 11 U.S.C. § 101(12).

G.      "Debtor" shall mean Eastern Livestock Co., LLC, debtor in this Bankruptcy Case, together with its owners, affiliates, subsidiaries, officers, employees, agents, assigns, or other purporting to act on its behalf.

H.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of in Fed. R. Civ. P. 34, and, for avoidance of doubt, includes correspondence. A draft or non-identical copy is a separate document within the meaning of this term.

I.    "Florida Creditors" shall mean the following entities or individuals:

a.    Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard, Arcadia, Florida;

b.    Cattlemen's Livestock Market, Inc., Lakeland, Florida;

c.    Columbia Livestock Market, Inc., Lake City, Florida;

d.    Hardee Livestock Market, Inc., Wauchula, Florida;

e.    North Florida Livestock Market, Inc., Lake City, Florida;

f.    Ocala Livestock Market, Inc., Ocala, Florida;

g.    Okeechobee Livestock Market, Inc., Okeechobee, Florida;

h.    Sumter County Farmers Market, Inc., Webster, Florida; and

i.    Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Madison, Florida

j.    Ron Sizemore Trucking, Inc., Webster, Florida;

k.    Oak Lake Cattle Co., Okeechobee, Florida;

l.    Eagle Bay, Inc., Okeechobee, Florida; AND

m.    Daniel M. Byrd, Okeechobee, Florida.

J.    "GIPSA" means the United States Department of Agriculture, Grain Inspection, Packers & Stockyards Administration, together with all employees, agents, attorneys, or others purporting to act on its behalf.

K.    The term "identify" when used with reference to a natural person means:

1)    the full name and address (or, if the current address is not known, the last known address) of the person;

2)    the full name and address of each employer, each corporation of which the person is an officer or director, and each business in which the person is a principal;

3)    the person's present (or, if the present is not known, the last known) position and the position or positions at the time of the act to which the interrogatory answer relates;

4)    each position the person has ever held with you and the date such positions were held; and,

5)    such other information sufficient to provide full identification of the person.

L.    The term "identify" when used with a reference to any other entity other than a natural person means:

1)    the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization;

2)    each of the entity's officers, directors, shareholders or other principals; and,

3)    any other available information concerning the existence or identity of the entity.

M.    The term "identify" when used with reference to a document or written communication means:

1)    its nature (e.g., letter, telegram, memorandum, charter report or study), date, author, date and place of preparation and the name and address of each addressee;

2)    the identity of each signatory of the document or communication;

3)    the title or heading of the document or communication;

4)    its substance;

5)    its present (or, if the present is not known, the last known) location and custodian;

6)    the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) you, and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof; and,

7)    the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

N.    "Issues" mean the following: (i) the insolvency and bankruptcy of Debtor Eastern Livestock Co., LLC ("Bankruptcy Case") and related proceedings; (ii) the filings, registration, and regulation of Debtor by GIPSA; (iii) the Surety Bond(s) obtained by Debtor pursuant to the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq., including the

financing and Insurance Policies obtained in support of said Bond(s); (iv) the claims filed for payment pursuant to the Stockyards Act and asserted against said Surety Bond(s) of Debtor by the Florida Creditors and others; (v) notices issued by GIPSA to the Florida Creditors and others regarding Debtor and related matters.

O.    "Insurance Policies" means the insurance policies, letters of credit, or other financing issued in connection with requirement under the Stockyards Act, particularly 7 U.S.C. § 204 and 9 C.F.R. § 201.10, et seq.

P.    "Liability" means (i) anything required to be reported as a liability, Debt or obligation of the Debtors for financial accounting purposes under generally accepted accounting principals, (ii) all Claims against the Debtors, and/or (iii) an obligation, fixed or contingent requiring the Debtors to pay any amount to any Person.

Q.    "Person" shall have the same meaning as set forth in 11 U.S.C. §101(41).

R.    "Petition Date" means the date the petition initiating this Bankruptcy Case was filed, December 6, 2010.

S.    "Relevant Time Period" refers to the time period from January 1, 2009 to the Present.

T.    "Stockyards Act" means the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229a and governing regulations 9 C. F. R. §201, et seq.

U.    "You" shall mean the parties to whom these requests are directed, namely GIPSA, including any of your representatives and/or attorneys, receiving and answering these discovery requests.  "Your" shall be the possessive of You.

# EXHIBIT B

## Interrogatories

NOTES:

- All Requests for Interrogatories are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A**.

- Refer to the Document Production Requests, which are at **Exhibit C**.

- Refer to the Requests for Admissions, which are at **Exhibit D**.

- These Interrogatories shall be treated as continuing and GIPSA shall supplement its responses thereto in the manner required by Fed. R. Civ. P. Rule 26(e) and Fed. R. Bankr. P. 7026, as if those sections were applicable hereto, UNLESS otherwise agreed to by the Florida Creditors or this Court.

_____

INTERROGATORY NO. 1

Identify the Person(s) responding to these interrogatories by name and title and, if more than one Person is responding to these interrogatories, state the interrogatories or parts thereof answered by each Person.

RESPONSE:

INTERROGATORY NO. 2

Identify all Persons by name, title and any contact information known to you that have knowledge regarding the Issues identified herein (Definition "K").

RESPONSE:

INTERROGATORY NO. 3

Identify all Surety Bonds obtained by Debtor pursuant to the Stockyards Act and regulations and that were in force during the Relevant Time Period, together with the amounts of said bonds and a description of the financing or collateral behind said Surety Bond(s).

RESPONSE:

INTERROGATORY NO. 4

Indentify with parties who have filed or asserted claims against Debtor and Debtor's Surety Bond(s) with GIPSA, together with the amounts and dates of said filing.

RESPONSE:

INTERROGATORY NO. 5

Explain with particularity the basis for the calculation of the face amount of the Surety Bond required by GIPSA to be obtained by Debtor, including any requirement for additional coverage pursuant to 9 C.F.R. §§201.10 et seq. noticed to Debtor at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:

INTERROGATORY NO. 6

Identify all "Clearees" of Debtor for the last five (5) years or more particularly all "Market Agencies" or "Dealers" as defined pursuant the Stockyards Act or others for whom Debtor Eastern Livestock Co., LLC provided "clearing" services pursuant to 9 C.F.R. §§201.10 et seq. at anytime within the five (5) years prior to December 6, 2010.

RESPONSE:

INTERROGATORY NO. 7

Identify all registered "Clearees" of Debtor Eastern Livestock Co., LLC pursuant to 9 C.F.R. §201.10 as of December 6, 2010.

RESPONSE:

## EXHIBIT C

### Request For Production Of Information And Documents

NOTES:

- All Request For Production Of Information And Documents are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A.**

- Refer to the Interrogatories, which are at **Exhibit B.**

- Refer to the Requests for Admissions, which are at **Exhibit D.**

————

1.    Provide a copy of all Annual Report, together with amendments or changes thereto, filed with GIPAS by Debtor Eastern Livestock Co., LLC for each of the last five (5) years or for the years 2006–2010.

2.    Provide a copy of all Surety Bond or Surety Bonds maintained by Debtor Eastern Livestock Co., LLC pursuant to the Stockyards Act and governing regulations and in force for the Relevant Time Period.

3.    Provide a complete copy of the claims file and all related documents for all claims filed by "Market Agencies," "Dealers," and all others as defined in and pursuant to the Stockyards Act and governing regulations, including without limitation the claims filed by the Florida Creditors.

4.    Provide a copy of all filings, registrations, or other submissions by Oak Lake Cattle Company, Inc.; I.E "Jim" Byrd, Eagle Bay, Inc.; and Daniel M. Byrd of Okeechobee, Florida for each of the last five (5) years or for the years 2006–2010.

5.    Provide a copy of all exception reports or other records concerning violations of the Packers and Stockyards Act by Debtor Eastern Livestock Co., LLC for each of the last five (5) years or for the years 2006–2010.

6.    Provide a copy of any and all communications, correspondence, email, or other document record exchanged between Debtor Easter Livestock Co., LLC and GIPSA relating to any request for additional bond coverage under the Stockyards Act and governing regulations within the last five (5) years.

# EXHIBIT D

## Request For Admission

<u>NOTES</u>:

- All Requests For Admission are for the Relevant Time Period unless otherwise stated.

- Refer to the Definitions, which are at **Exhibit A.**

- Refer to the Interrogatories, which are at **Exhibit B.**

- Refer to the Requests for Admissions, which are at **Exhibit C.**

_____

1.     Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d).

2.     Admit that Debtor was a registered Market Agency under the Stockyards Act acting as clearing agency pursuant to 9 C.F.R. §201.10(d) for Oak Lake Cattle Company, Inc., Okeechobee, Florida, wherein Oak Lake Cattle Co., Inc. registered as "Clearee" (See **Exhibit E**).

3.     Admit that Debtor operated during and prior to the Relevant Time Period as a market agency or dealer and maintained a Surety Bond or Bonds pursuant to 9 C.F.R. §201.31 under which Debtor's engaged in the activities listed under: (a) Condition Clause No. 1 and (b) Condition Clause No. 2 and (c) Condition Clause No. 3.

Case 10-93904-BHL-11   Doc 586-1   Filed 07/27/11   EOD 07/27/11 16:06:58   Pg 19 of 25

# <u>Exhibit E</u>

For P&SP Use Only

P&SP Bar Code Only

U.S. Department of Agriculture
Grain Inspection,
Packers and Stockyards
Administration

## ANNUAL REPORT OF DEALER OR MARKET AGENCY BUYING ON COMMISSION

Packers and
Stockyards
Program

**Instructions:** If an item's value is zero, enter "0". If an item does not apply, enter "NA". Upon completion please verify that all items have been answered. Return completed form to the P&SP Central Reporting Unit. See separate instructions for complete information about this report.

### GENERAL INFORMATION - SECTION 1

| 101 | Reporting Period (mm/dd/yy-mm/dd/yy) | a. from *10/1/09* | b. to *9/30/10* |
|-----|-----|-----|-----|
| 102 | Legal Business Name | OAK LAKE COTTE CO. INC. | |
| 103 | Business Name (dba) | | |
| 104 | Mailing Address | PO BOB 1284 | |
| 105 | City, State, Zip | OKEECHOBEE, FL. 34973 | |
| 106 | Physical Address | 1055 Hwy 98 N | |
| 107 | City, State, Zip | OKEECHOBEE FL. 34972 | |
| 108 | Contact Name | I.E. (JIM) BYRD | |
| 109 | Telephone Number | 863.634.1005 | |
| 110 | Fax Number | 863.763.7468 | |

### ORGANIZATIONAL STRUCTURE - SECTION 2

List owners, officers, partners, and managing members in control of this business

| | a. Name | b. Title | c. Percentage Ownership |
|-----|-----|-----|-----|
| 201 | I.E. BYRD | PRES. | 100 |
| 202 | DAN BYRD | VP | — |
| 203 | | | |
| 204 | | | |
| 205 | | | |

| 206 | Type of organization: ☐ Individual ☐ Partnership ☐ Corporation ☐ L.L.C. ☐ L.L.P. ☐ Co-op ☐ Association ☐ Other |
|-----|-----|
| 207 | Is this the same organization type reported last year? ☒ Yes ☐ No |
| 208 | Is this business owned or controlled by another business entity? ☐ Yes ☐ No |
| 209 | If line 208 is yes, identify the owner/controlling business name and address |
| 210 | Does this business own or control other businesses within the livestock-meat sector? ☐ Yes ☒ No |

If line 210 is yes, then provide the names of businesses that you own or control and percentage of control in items 211-214

| | a. Name of Business | b. Percentage of Control |
|-----|-----|-----|
| 211 | | |
| 212 | | |
| 213 | | |
| 214 | | |

| 215 | Do you own or operate a scale on which you weigh livestock purchased? ☐ Yes ☒ No |
|-----|-----|
| 216 | What is the basis of payment made to you for most livestock you sale? ☒ Liveweight ☐ Dressed Weight or Carcass Basis |

Your response to this form is required under the Packers and Stockyards Act of 1921 (9 CFR 201.97 and 7 U.S.C. 181-229). According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information is 0580-0015. The time required to complete this information collection is estimated to average 2 hour per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection.

## BOND INFORMATION - SECTION 3

| | Livestock Dealer Activity | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|---|
| 301 | Cost of livestock purchased on a dealer basis for registrant's account | $ | $ | $ | $ | $ |
| 302 | Number of head of livestock purchased on a dealer basis for registrant's account | | | | | |

| | Livestock Bought on Commission | a. Cattle & Calves | b. Hogs | c. Sheep & Goats | d. Horses & Mules | e. Total (a+b+c+d) |
|---|---|---|---|---|---|---|
| 303 | Cost of livestock bought on commission for the account of others regardless of who paid for the livestock | $ 5,849.59 | $ | $ | $ | $ |
| 304 | Number of head of livestock bought on commission for the account of others regardless of who paid for the livestock | 13,444 | | | | |

| | | |
|---|---|---|
| 305 | What was the dollar value of livestock dealer and BOC purchases in your highest fiscal year quarter? | $ |

## CLEAREE AND CLEAROR DESIGNATIONS - SECTION 4

| 401 | Are you a clearee (cleared by another business for your livestock purchases)? | ☒ Yes ☐ No | |
|---|---|---|---|
| 402 | If you checked yes in item 401, provide the name of the clearing agent: | EASTERN LIVESTOCK COMPANY LLC | |
| 403 | Are you a clearor (provide clearing services for clearees)? | ☐ Yes ☒ No | If yes provide information for items 404-412 |

| | Clearee's Name as Registered | | Gross Value of Livestock Purchased |
|---|---|---|---|
| 404 | | 405 | $ |
| 406 | | 407 | $ |
| 408 | | 409 | $ |
| 410 | | 411 | $ |
| | Total Livestock Purchases of all Clearees | 412 | $ |

## BALANCE SHEET - SECTION 5

All clearors and dealers whose line 301a plus 303a plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 5 and 6.

**Assets**

**Current Assets**

| | | | |
|---|---|---|---|
| Cash (Enter overdrafts under Current Liabilities - line 515) | | 501 | $ |
| Temporary Cash Investments (Marketable Securities, Certificates of Deposit, Commercial Paper, etc.) | | 502 | $ |
| Accounts Receivable (Due in 1 Year or Less) | | 503 | $ |
| Notes and Loans Receivable (Portion due in 1 Year or Less) | | 504 | $ |

**Inventory**

| | | | |
|---|---|---|---|
| Livestock | 505 | $ | |
| Other Inventory | 506 | $ | |
| Total Inventory | | 507 | $ |
| Other Current Assets | | 508 | $ |
| Total Current Assets | | 509 | $ |

**Long-Term Assets**

| | | | |
|---|---|---|---|
| Investments | 510 | $ | |
| Property, Plant, & Equipment net of Depreciation and Amortization | 511 | $ | |
| Other Long-Term Assets | 512 | $ | |
| Total Long-Term Assets | | 513 | $ |
| Total Assets | | 514 | $ |

Continuation of Section 5 Balance Sheet.

**Liabilities and Net Worth**

**Liabilities**

  **Current Liabilities**

    **Bank Overdraft**                                                                      515 $ _____

    **Accounts Payable**

      Livestock Payables                              516 $ _____

      Other Payables                                  517 $ _____

    **Total Accounts Payable**                                                              518 $ _____

    Notes and Loans Payable (Demand Notes and Portion of

    Long-Term Notes due in One Year or Less)                                               519 $ _____

    **Other Current Liabilities**                                                           520 $ _____

  **Total Current Liabilities**                                                             521 $ _____

  Long-Term Liabilities (Due after One Year)                                                522 $ _____

**Total Liabilities**                                                                        523 $ _____

**Total Net Worth**                                                                          524 $ _____

**Total Liabilities and Net Worth (Equals Total Assets)**                                    525 $ _____

---

**INCOME STATEMENT - SECTION 6**

*All clearors and dealers whose line 301e plus 303e plus 412 total is below a specified $ amount (see instructions) do not need to complete Sections 5 and 6.*

**Income Statement**

Gross Dealer Profit (+) or Loss (-)                                                          601 $ _____

**Buying Commission**                                                                        602 $ _____

**Other Income**                                                                             603 $ _____

  **Total Income**                                                                      604 $ _____

  **Total Expenses**                                                                    605 $ _____

**Net Profit (+) or Loss (-) before Income Taxes**                                           606 $ _____

---

**CERTIFICATION - SECTION 7**

*Under the Packers and Stockyards Act any person who willfully makes, or causes any false entry or statement of fact in this report shall be deemed guilty of offense against the United States, and be subject to a fine of $1,050 to $5,000, or to imprisonment for a term of not more than 3 years, or to both fine and imprisonment.*

I certify that this report has been prepared by me or under my direction, and to the best of my knowledge and belief correctly reflects reporting entity operations.

| 701 Print Name | 702 Signature (Must be signed by a person listed on 201-205) |
|---|---|
| I. E. Byrd | |
| 703 Phone Number: 863. 634. 1005 | 704 Date: 1/21/11 | 705 Title: PRES |

*Submitted information is confidential (9 CFR 201.96). Failure to report will result in forfeiture to the United States $110 per day until report receipt 7 (U.S.C. 222).*

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, genetic information, political beliefs, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write to USDA, Director, Office of Civil Rights, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, or call (800) 795-3272 (voice) or (202) 720-6382 (TDD). USDA is an equal opportunity provider and employer.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**

IN RE:                                            )        CASE NO.:  10—93904-BHL-11
                                                  )
EASTERN LIVESTOCK CO., LLC,      )        Chapter 11
                                                  )
                    Debtor.                )
_____)

<u>**ORDER GRANTING MOTION FOR 2004 EXAMINATION UPON THE UNITED**</u>
<u>**STATES DEPARTMENT OF AGRICULTURE, GRAIN INSPECTION, PACKERS &**</u>
<u>**STOCKYARDS ADMINISTRATION**</u>

   THIS MATTER, having come before the Court upon Motion For 2004 Examination, and

the Court having reviewed the Florida Creditors Motion for 2004 Examination (the "Motion"),

the court record, and being otherwise sufficiently advised, no hearing is required and IT IS

HEREBY ORDERED;

   1.  The Motion For 2004 Examination is GRANTED and the United States

Department Of Agriculture, Grain Inspection, Packers & Stockyards Administration ("GIPSA")

shall submit to the 2004 Requests, as defined and described in the Motion.

# WALTER SCOTT NEWBERN, III

### ATTORNEY AT LAW

# FACSIMILE

**TO:**   Mr. Brett Offutt
Ms. Amy Blechinger
Grain Inspection, Packers & Stockyards Administration
Policy and Litigation Division
Stop 3601, Room 2055-South Building
1400 Independence Avenue, SW
Washington, DC 20250-3601
Main (202) 720-0219

**Direct: (202) 720-7363**
**Facsimile: (202) 690-3207**

**FROM:**   W. Scott Newbern

**DATE:**   July 21, 2011

**PAGES:** _____ 24 _____   (Including Cover)

**SUBJECT:**   **In Re: Eastern Livestock Co., LLC**
**S.D. Ind. Bk Case No.: 10—93904-BHL-11**

Please see attached. Should you have any questions, please contact me. Thank you.

WSN

This facsimile and all attachments may contain privileged and confidential legal communications/attorney work product intended solely for the use of the addressee. If the reader of this message is not the intended recipient, any reading, distribution, copying or other use of this message is prohibited and you should delete this message from all locations, and advise the sender by telephone at 850.591.1707, by facsimile at 850.894.0871, or by electronic mail. Thank you

W. SCOTT NEWBERN, P. L.  •  2982 EAST GIVERNY CIRCLE  •  TALLAHASSEE, FLORIDA 32309
T 850.591.1707  •  F 850.894.0871  •  WSNEWBERN@MSN.COM

```
                    TRANSMISSION VERIFICATION REPORT
```

```
                                      TIME  : 07/21/2011 11:27
                                      NAME  : WSNEWBERN
                                      FAX   : 8508940871
                                      TEL   : 8508940824
                                      SER.# : M8N870548
```

```
    DATE,TIME                07/21  11:22
    FAX NO./NAME             12026903207
    DURATION                 00:04:45
    PAGE(S)                  24
    RESULT                   OK
    MODE                     STANDARD
                             ECM
```

## WALTER SCOTT NEWBERN, III

### ATTORNEY AT LAW

# FACSIMILE

**TO:**  Mr. Brett Offutt

Ms. Amy Blechinger

Grain Inspection, Packers & Stockyards Administration

Policy and Litigation Division

Stop 3601, Room 2055-South Building

1400 Independence Avenue, SW

Washington, DC 20250-3601

Main (202) 720-0219

**Direct: (202) 720-7363**

**Facsimile: (202) 690-3207**

**FROM:**  W. Scott Newbern

**DATE:**  July 21, 2011

**PAGES:**  24  (Including Cover)

**SUBJECT:**  **In Re: Eastern Livestock Co., LLC**

**S.D. Ind. Bk Case No.: 10—93904-BHL-11**

Please see attached. Should you have any questions, please contact me. Thank you.