WALTER SCOTT NEWBERN, III
Attorney–At–Law

**VIA FACSIMILE**                                          June 23, 2011


Grain Inspection, Packers and Stockyards Administration
Eastern Regional Office
Suite 230
75 Spring Street
Atlanta, GA 30303-3308
T: (404) 562-5840
F: (404) 562-5848
PSPAtlantaGA.GIPSA@usda.gov

    RE:    Request For Information Regarding Payment & Collections On Surety Bonds: EASTERN LIVESTOCK CO., LLC, New Albany, IN

Dear Sir/Mme.:

    This will confirm that I represent the following Florida based claimants on the Eastern Livestock Co., LLC ("Eastern"):

    Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard;
    Cattlemen's Livestock Market, Inc.;
    Columbia Livestock Market, Inc.;
    Hardee Livestock Market, Inc.;
    North Florida Livestock Market, Inc.;
    Ocala Livestock Market, Inc.;
    Okeechobee Livestock Market, Inc.;
    Sumter County Farmers Market, Inc.;
    Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market;
    Ron Sizemore Trucking, Inc.;
    Oak Lake Cattle Co.;
    Eagle Bay, Inc.; AND
    Daniel M. Byrd

    Eastern Livestock Co., LLC filed bankruptcy on or about December 6, 2010. Each of my clients have submitted claims against Eastern's Surety Bond(s), and to date we have

Grain Inspection, Packers and Stockyards Administration
May 27, 2011

Page 2 of 2

received no information on the status of the claims or on the Surety Bond or Bonds which Eastern had in place between October 10, 2010 and the December 6, 2010 filing of their petition in bankruptcy court (S.D.IN Bankruptcy Court Case No.: 10–93904–BHL–11). On behalf of my clients we would like to confirm the amount of claims and the amount of bond coverage for Eastern.

    Additionally, as soon as possible, please forward a copy of any and all bond registration filings from 2009-2010 and of the actual issued bond or bonds for Eastern in effect for 2010. The information contained in these registration filings and on the bonds themselves is important, even critical, is support of my clients' claims in the Bankruptcy Court.

    Thank you for your assistance in this matter. I can be reached at the numbers below should you wish further clarification.

                                  Sincerely,

                                  */s W. Scott Newbern*
                                  W. Scott Newbern

cc:    Florida Markets

W. SCOTT NEWBERN, P. L.  •  2982 EAST GIVERNY CIRCLE  •  TALLAHASSEE, FLORIDA 32309
T 850.591.1707  •  F 850.894.0871  •  WSNEWBERN @ MSN.COM

# Van Hooser & Eftink, P.C.

ATTORNEYS AT LAW

704 W. Foxwood Drive, P.O. Box 1280 • Raymore, Missouri 64083-1280

Telephone (816) 322-8000 • Facsimile (816) 322-8030

Ernest H. Van Hooser
Gerard D. Eftink
James G. Eftink

May 24, 2011

Robert Schmidt
Grain Inspection, Packers & Stockyards Administration
U.S. Department of Agriculture
75 Spring Street, Ste. 230
Atlanta, GA 30303

Via email

RE: Ohio Farmers Insurance Company, et al v. Pulaski County Stockyard, Inc, et al
(Murray L. Edwards)

Dear Mr. Schmidt:

  As noted during our telephone conversation earlier today, I am requesting a copy of the bond analysis spread sheet that GIPSA prepared regarding the Murray L. Edwards bond claims.

  Our firm will be assisting South Central Livestock, Inc. and Bannister & Sons, Inc d/b/a Moultrie Livestock Company (and perhaps other livestock markets who are members of Livestock Marketing Association) in the above captioned law suit. Our hope is that this law suit can be resolved without the claimants having to expend a significant amount of money for attorney's fee and costs.

  I would also appreciate any information you can give me regarding the surety bond/letter of credit issued on behalf of Tommy Hooten and claims filed against his surety bond/letter of credit.

  If you have any questions or need any additional information, please do not hesitate to call me.

Sincerely,

VAN HOOSER & EFTINK, P.C.

By: *Ernest H. Van Hooser* (signature)
Ernest H. Van Hooser

EHV/ab

## United States Code

- **United States Code**
- **TITLE 7 — AGRICULTURE**
- **CHAPTER 9 — PACKERS AND STOCKYARDS**
- **SUBCHAPTER V — GENERAL PROVISIONS**

### 7 U.S.C. § 228a. Authority of Secretary to request temporary injunction or restraining order

Whenever the Secretary has reason to believe that any person subject to this chapter (a) with respect to any transactions subject to this chapter, has failed to pay or is unable to pay for livestock, meats, meat food products, or livestock products in unmanufactured form, or live poultry, or has failed to pay any poultry grower what is due on account of poultry obtained under a poultry growing arrangement, or has failed to remit to the person entitled thereto the net proceeds from the sale of any such commodity sold on a commission basis; or (b) has operated while insolvent, or otherwise in violation of this chapter in a manner which may reasonably be expected to cause irreparable damage to another person; or (c) does not have the required bond; and that it would be in the public interest to enjoin such person from operating subject to this chapter or enjoin him from operating subject to this chapter except under such conditions as would protect vendors or consignors of such commodities or other affected persons, until a complaint under this chapter is issued and dismissed by the Secretary or until an order to cease and desist made thereon by the Secretary has become final and effective within the meaning of this chapter or is set aside on appellate review of the Secretary's order, the Secretary may notify the Attorney General, who may apply to the United States district court for the district in which such person has his principal place of business or in which he resides for a temporary injunction or restraining order. When needed to effectuate the purposes of this section, the court shall, upon a proper showing, issue a temporary injunction or restraining order, without bond. Attorneys employed by the Secretary of Agriculture may, with the approval of the Attorney General, appear in the United States district court representing the Secretary in any action seeking such a temporary restraining order or injunction.

( Aug. 15, 1921, ch. 64, title IV, Sec. 408, as added Pub.L. 94-410, Sec. 5, Sept. 13, 1976, 90 Stat. 1250; amended Pub.L. 100-173, Sec. 8, Nov. 23, 1987, 101 Stat. 919. )

CODIFICATION

A prior section 228a, act Sept. 21, 1944, ch. 412, title I, Sec. 101(c), 58 Stat. 734, which related to inspections of livestock, hides, animal products, etc., was transferred to section **396** of this title.

PRIOR PROVISIONS

A prior section 408 of act Aug. 15, 1921, was renumbered section 416 and is classified to section **229** of this title.

AMENDMENTS

1987— Pub.L. 100-173 inserted "or live poultry, or has failed to pay any poultry grower what is due on account of poultry obtained under a poultry growing arrangement," after "unmanufactured form,".

EFFECTIVE DATE OF 1987 AMENDMENT

Amendment by Pub.L. 100-173 effective 90 days after Nov. 23, 1987, see section 12 of Pub.L. 100-173, set out as a note under section **182** of this title.

Copyright © Copyright © 2011 CCH Incorporated or its affiliates