119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **




Caution
As of: Jul 26, 2011

In re FINANCIAL CORPORATION OF AMERICA, a Delaware corporation d/b/a American Insurance Services, d/b/a FCA Credit Corp., f/d/b/a Oak Insurance Agency, a/k/a FCA, a/k/a Stock Symbol, FIN, Debtor

Case No. SA 88-05405 JW Chapter 7

UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*119 B.R. 728*; *1990 Bankr. LEXIS 2152*

September 24, 1990, Decided
September 24, 1990, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** A trustee in debtor's Chapter 7 bankruptcy proceeding filed a motion to compel discovery, and financial institutions against whom discovery was sought filed a motion for a protective **order.**

**OVERVIEW:** Trustee in bankruptcy filed a motion to compel discovery from certain financial institutions, and the financial institutions responded by filing a motion for a protective **order.** The court stated that, pursuant to *Fed. R. Bankr. P. 2004*, trustee had a duty to examine any **party** in interest. However, the court found that the duty was limited by matters not relating to debtor and appropriate evidentiary privileges. The court further stated that the exemptions listed in the Freedom of **Information** Act, *5 U.S.C.S. § 522*, did not give the financial institutions any protections from discovery. As a result, the court found that any documents protected by the official **information** privilege, attorney-client privilege, and the attorney work-product doctrine were protected from discovery even though the **parties** were not technically involved in litigation. All documents not protected by such privileges were required to be turned over in discovery.

**OUTCOME:** The trustee's motion to compel was granted in part and denied in part, and the financial institutions' motion for a protective **order** was granted in part and denied in part, where evidentiary privileges protected some requested **information** from **disclosure,** but the Freedom of **Information** Act exemptions did not apply.

**CORE TERMS:** disclosure, discovery, savings, protective order, work-product, attorney-client, receiver, withheld, customer, Freedom of Information Act, subsidiary, production of documents, financial institutions, privileged, Privacy Act, official information, anticipation of litigation, nondisclosure, appointed, federal savings, matters of law, bankruptcy estate, financial records, examination reports, privacy rights, competent jurisdiction, confidentiality, confidential, designated, exemption

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Bankruptcy Law > Case Administration > Examiners, Officers & Trustees > Duties & Functions > Liquidations*
*Bankruptcy Law > Debtor Benefits & Duties > General Overview*
[HN1] *11 U.S.C.S. § 704(3)* sets forth the duties of a trustee in a Chapter 7 liquidation. Such duties include the duty to investigate the financial affairs of the debtor.

**Exhibit C**

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 2 of 16

Page 2
119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
[HN2] See *Fed. R. Bankr. P. 2004*.

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
[HN3] The scope of *Fed. R. Bankr. P. 2004* is broad, and an examination pursuant to this **rule** may extend to third **parties** who have had dealings with the debtor. On the other hand, the scope of an examination under *Fed. R. Bankr. P. 2004* is not unlimited; the examination of an entity under this **rule** or of the debtor under *11 U.S.C.S. § 343* may relate only to acts, conduct, or property or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge.

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Civil Procedure > Discovery > Protective Orders*
[HN4] Matters having no relationship to the debtor's affairs, or the administration of the bankruptcy estate are not proper subjects of a *Fed. R. Bankr. P. 2004* examination. Additionally, those seeking to examine witnesses or **records** pursuant to *Fed. R. Bankr. P. 2004* are subject to applicable evidentiary privileges. Accordingly, to preserve the rights of those from whom discovery is sought, the court may issue an appropriate protective **order.**

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
[HN5] See *5 U.S.C.S. § 552(b)*.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
[HN6] *5 U.S.C.S. § 552(a)* states specifically that each **agency** shall make available to the public **information** as follows.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*

*Banking Law > Federal Deposit Insurance Corporation > General Overview*
[HN7] See *12 C.F.R. § 309.5(c)*.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Evidence > Privileges > Government Privileges > Official Information Privilege > Deliberative Process Privilege*
[HN8] The Official **Information** Privilege is recognized as a common law privilege separate from the Freedom of **Information** Act, *5 U.S.C.S. § 522*. The privilege is based on the assumption that effective and efficient governmental decision making requires a free flow of ideas among governmental officials.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
*Evidence > Privileges > Government Privileges > Official Information Privilege > General Overview*
*Evidence > Privileges > Government Privileges > Procedures to Claim Privileges*
[HN9] The Official **Information** Privilege is qualified and protects only opinions and recommendations in intra-governmental documents. Even when the government asserts the official **information** privilege with respect to opinions or recommendations, nondisclosure is not guaranteed. The court must balance the interests in nondisclosure against the interest in document production. Consequently, an in camera examination of disputed documents is generally required, and the court may require that the documents produced be subject to a protective **order** limiting **disclosure.**

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Civil Procedure > Discovery > Privileged Matters > General Overview*
[HN10] The validity of a privilege asserted to prevent production and considerations to limit **disclosure** are determined under Federal Law.

*Administrative Law > Governmental Information > Freedom of Information > General Overview*
*Banking Law > Federal Deposit Insurance Corporation > Supervisory Powers*
*Criminal Law & Procedure > Discovery & Inspection > Discovery by Defendant > Report of Examinations & Tests > Appellate Review & Judicial Discretion*

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 3 of 16

Page 3
119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

[HN11] Although *18 U.S.C.S. § 1906* establishes criminal penalties for unauthorized **disclosure** of bank examination reports, that section provides explicitly that it is **disclosure** without permission from the appropriate authority, like the FDIC, that renders the **disclosure** unauthorized. Furthermore, the statute expressly provides that government employees who disclose examination reports without the written permission of the appropriate authority are not subject to penalties under this section if the **disclosure** was ordered by a court of competent jurisdiction. Since **disclosure** may be made pursuant to FDIC authorization, or by court **order,** *18 U.S.C.S. § 1906* does not prohibit the production of documents to the Chapter 7 Trustee.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Civil Procedure > Discovery > Protective Orders*
[HN12] Although **disclosure** to the Chapter 7 Trustee is not prohibited, the movants have a legitimate interest in preventing the general **disclosure** of customer financial **information.** It is appropriate, therefore, to require a protective **order** permitting **disclosure** of relevant documents containing customer financial **information** to the Chapter 7 Trustee, but limiting the scope of production to avoid the general **disclosure** of such **information.**

*Evidence > Privileges > Attorney-Client Privilege > Waiver*
[HN13] It is by now well established that the attorney-client privilege attaches to corporations as well as to individuals, and the power to exercise, or waive, the privilege rests with a corporation's management. When control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. In comparison, the mere sale of some of a corporation's assets does not necessarily transfer the corporation's attorney-client privilege.

*Business & Corporate Law > Corporations > Directors & Officers > Compensation > General Overview*
*Evidence > Privileges > Attorney-Client Privilege > Waiver*
*Mergers & Acquisitions Law > Sales of Assets > General Overview*
[HN14] When control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. In comparison, the mere sale of some of a corporation's assets does not necessarily transfer the corporation's attorney-client privilege.

*Evidence > Privileges > Attorney-Client Privilege > Waiver*
[HN15] While the presence of third **parties** not needed for the transmittal of the **information** will negate the attorney-client privilege, whether the presence of certain **parties** was reasonable in light of an interest in confidentiality is essentially a factual question the court must determine considering the identity of the **parties** and the context of the communications.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers & Objections > Waiver & Preservation*
*Evidence > Privileges > Attorney-Client Privilege > General Overview*
[HN16] Although **disclosure** to third **parties** of otherwise privileged **information** constitutes a waiver of that privilege, officers, directors and counsel who may have served movants are not necessarily relegated to the status of third **parties.** Without other evidence of waiver, privileged communications disclosed to such **parties** do not lose their privileged character as a matter of law.

*Civil Procedure > Discovery > Methods > Requests for Production & Inspection*
*Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview*
[HN17] See *Fed. R. Civ. P. 26(b).*

*Bankruptcy Law > Case Administration > Examinations of Debtors*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Civil Procedure > Discovery > Methods > Requests for Production & Inspection*
[HN18] *Fed. R. Civ. P. 26(b)(3)* applies to motions under *Fed. R. Bankr. P. 2004* through *Fed. R. Bankr. P. 9014*, and *Fed. R. Civ. P. 26* has not been limited to discovery where litigation has been commenced.

**COUNSEL: [**1]** Rolf S. Woolner, Russell P. Nowell of Milbank, Tweed, Hadley & McCloy, Los Angeles, California, special counsel to David A. Gill, Chapter 7 Trustee.

L. Allan Songstad, Jr., Julia Gail Lance of Meserve, Mumper & Hughes, Irvine, California, counsel for FDIC.

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

Jeffrey R. Fine of Strasburger & Price, Dallas, Texas, counsel for New West Federal Savings & Loan Association.

Thomas A. Pashalides of American Savings Bank, FSB, Irvine, California, counsel for American Savings Bank, FSB.

**JUDGES:** John J. Wilson, United States Bankruptcy Judge.

**OPINION BY:** WILSON

**OPINION**

[*731] MEMORANDUM OF DECISION

JOHN J. WILSON, United States Bankruptcy Judge

This matter comes before the Court on the motion of the Chapter 7 Trustee for Financial Corporation of America ("FCA") to compel the production of documents by New West Federal Savings and Loan Association ("New West") and American Savings Bank, FSB ("ASB"), and on the motion by New West, ASB, and the Federal Deposit Insurance Corporation ("FDIC") for a protective **order**. New West, ASB, and the FDIC opposed the Trustee's motion to compel the production of documents; the Chapter 7 Trustee opposed the FDIC, New West, and ASB motion for a protective **order**.

BACKGROUND

The Debtor, Financial Corporation of America ("FCA"), a corporation organized [**2] under Delaware law, was the parent of American Savings and Loan Association ("Old American"), a stock savings and loan association organized under the laws of California. The accounts of Old American were insured by the Federal Savings and Loan Insurance Corporation ("FSLIC") in its capacity as a corporate instrumentality of the United States.

On September 5, 1988, the Federal Home Loan Bank Board ("Bank Board") appointed the FSLIC receiver for Old American. On September 6, 1988, the FSLIC, as receiver, transferred substantially all the assets of Old American to American Savings, a newly created federal savings and loan association. On September 9, 1988, four days after the Bank Board appointed the FSLIC receiver for Old American, FCA filed for bankruptcy protection under Chapter 11 of Title 11 of the United States Code.

In December 1988, the Bank Board appointed the FSLIC receiver for American Savings. As receiver, the FSLIC entered into an agreement with New West Federal Savings and Loan Association ("New West"), a federally chartered savings and loan association, whereby New West assumed substantially all the liabilities of American Savings. The majority of the assets of American [**3] Savings were transferred to American Savings Bank, FSB ("ASB"), another federal savings and loan association.

FCA's bankruptcy was converted from a Chapter 11 reorganization to a liquidation under Chapter 7 in February 1989. In August 1989, the FSLIC was abolished pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act; accordingly, the FDIC assumed essentially all the duties and responsibilities of the FSLIC.

Following FCA's conversion to Chapter 7, the newly appointed Chapter 7 Trustee initiated an investigation of potential claims of the bankruptcy estate. As part of the [*732] investigation, the Trustee requested **records** in the possession of New West and ASB many of which pertained to the operation of Old American while it was a subsidiary of FCA. Although many documents were produced, a number of **records** were withheld from production under assertions of privilege and other objections. Late in 1989, the FDIC took charge of the document production to the FCA Trustee.

In December 1989, the Trustee brought a motion in the Bankruptcy Court for an **order** authorizing an examination of the custodians of **records** of New West and ASB and compelling the production of documents [**4] pursuant to *Bankruptcy* **Rule 2004**. New West and ASB responded by filing a motion to quash and for a protective **order**.

Prior to the hearing on these matters, the Trustee, New West, and ASB entered into a stipulation and **order** providing for the orderly turnover and production of documents. The stipulation also preserved New West's and ASB's right to raise objections and move the Court for a protective **order**. In the event New West and ASB failed to bring such a motion, the Trustee was authorized to seek a **2004** examination of the custodians of **records** of New West and ASB.

Pursuant to the stipulation, New West and ASB provided the Trustee with transmittal sheets corresponding to approximately 70,000 boxes of **records.** From these indices, the Trustee designated some 800 boxes for copying and physical review. By April 26, 1990, hundreds of boxes of documents were produced or made available to the Trustee; again, however, many documents were withheld from production. The documents withheld were identified, and the grounds for nondisclosure were asserted, in a 165 page report delivered to the Trustee on April 17, 1990.

The **parties** failed to resolve the production dispute through negotiations, [**5] and on April 19, 1990, the Trustee filed a motion to compel the production of

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 5 of 16

Page 5

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

documents. On April 26, 1990, the FDIC, New West, and ASB filed a motion for a protective **order**. A preliminary hearing on the Trustee's motion to compel was held on May 10, 1990, and continued to July 19, 1990 for a final hearing. The hearing on the motion for a protective **order**, originally scheduled for May 17, 1990, was also continued to July 19, 1990, in **order** to be considered with the Trustee's motion.

Because the scope of production was too large to conduct an examination of individual documents, the **parties** have addressed their motions to the following categories of documents:

(1) Documents circulated among the FHLBB, the FDIC, the FSLIC, the Federal Reserve, Old American, American Savings, New West, ASB, and their subsidiaries;

(2) Documents containing confidential customer **information** that are protected by financial privacy rights;

(3) Attorney-client communications involving Old American, American Savings, New West, ASB, their subsidiaries, and their counsel;

(4) Any documents generated by counsel for Old American, American Savings, New West, ASB, and their subsidiaries' which constitute [**6] attorney work-product; and

(5) Documents of Old American, American Savings, New West, ASB, and their subsidiaries which were generated after the date of FCA's bankruptcy filing.

Essentially, the **parties** have asked the Court to **rule** on matters of law; specifically, whether certain privileges are applicable to the enumerated categories of documents.

JURISDICTION

This Court has jurisdiction pursuant to *28 U.S.C. § 1334(a)*, *(d)*; *28 U.S.C. § 157(a)*, *(b)(1)*, *(b)(2)(A)* and *(O)*, and general **order** No. 266 of the United States District Court for the Central District of California.

ISSUES

1. Whether *section 552(b)* of the Freedom of **Information** Act and **agency** regulations issued pursuant to the Act create a privilege available to the FDIC, New West, and ASB to withhold documents [*733] from production to the Chapter 7 Trustee?

2. Whether certain government documents are protected from **disclosure** under the Official **Information** Privilege?

3. Whether customer financial **records** are privileged from **disclosure** under the Right to Financial Privacy Act, *12 U.S.C. § 3401 et seq.,* or privacy rights under State Law?

4. Whether examination reports are prohibited from **disclosure** by *18 U.S.C. § 1906*?

[**7] 5. Whether the FDIC, New West, and ASB may assert the Attorney-Client Privilege of Old American?

6. Whether the employment of certain officers, directors, and counsel by both FCA, the parent company, and Old American, the subsidiary, constituted a waiver of confidentiality and privilege by Old American as to FCA?

7. Whether the FDIC, New West, and ASB may assert the Attorney Work-Product doctrine regarding documents prepared by attorneys for Old American?

8. Whether documents generated after FCA filed its bankruptcy petition can be properly withheld from production to the Chapter 7 trustee?

ANALYSIS

*Bankruptcy Code section 704* [HN1] sets forth the duties of a trustee in a Chapter 7 liquidation. Such duties include the duty to "investigate the financial affairs of the debtor." *11 U.S.C. § 704(3) (1989).* Bankruptcy **Rule 2004** provides, in relevant part, that:

[HN2] (a) On motion of any **party** in interest, the court may examine any entity.

. . . .

(c) The attendance of any person for examination and the production of documentary evidence may be compelled in the manner provided in **Rule** 9016 for the attendance of witnesses at a hearing or trial.

Case 10-93904-BHL-11    Doc 638-3    Filed 07/27/11    EOD 07/27/11 09:49:33    Pg 6 of 16

Page 6
119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

**Rules** Bankr. Proc. **2004**(a) & (c).

[HN3] The scope [**8] of *Rule 2004* is broad, and an examination pursuant to this **rule** may extend to third **parties** who have had dealings with the debtor. *See In re Wilcher, 56 Bankr. 428, 433 (Bankr. N.D. Ill. 1985)* (discussing *In re Mittco, 44 Bankr. 35, 36 (Bankr. E.D. Mass. 1984)*; *Chereton v. United States, 286 F.2d 409, 413 (6th Cir. 1961)*.

On the other hand, the scope of an examination under *Rule 2004* is not unlimited;

> the examination of an entity under this **rule** or of the debtor under *§ 343* of the Code may relate only to acts, conduct, or property or to the liabilities and financial condition of the debtor, or any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge . . . .

**Rules** Bankr. Proc. **2004**(b). [HN4] Matters having no relationship to the debtor's affairs, or the administration of the bankruptcy estate are not proper subjects of a *Rule 2004* examination. *Johns-Manville Corp., 42 Bankr. 362 (D.C. S.D.N.Y. 1984)*. Additionally, those seeking to examine witnesses or **records** pursuant to *Rule 2004* are subject to applicable evidentiary privileges.[1] Accordingly, to preserve the rights of those from whom discovery is sought, the Court may [**9] issue an appropriate protective **order**.[2]

> [1] According to *Bankruptcy Rule 9017*, "the Federal **Rules** of Evidence . . . . apply in cases under the Code." **Rules** Bankr. Proc. 9017.
>
> *Federal **Rule** Evidence 501* provides, in relevant part, that:
>
>> except as otherwise required by the Constitution of the United States or provided by Act of Congress or **rule** prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the Courts of the United States in light of reason and experience . . . .
>
> *Fed. R. Evid. 501*.
>
> [2] *Section 105 of the Bankruptcy Code* provides, in part, that "the court may issue any **order**, process, or judgment that is necessary or appropriate to carry out the provisions of this Title." *11 U.S.C. § 105(a) (1988)*.
>
> *Federal **Rule** of Civil Procedure 26(c)*, applicable to contested matters in bankruptcy through *Bankruptcy **Rule** 9014*, also provides that:
>
>> upon motion by a **party** or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any **order** which justice requires to protect a **party** or person from annoyance, embarrassment, oppression, or under burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the **party** seeking discovery; (4) that certain matters not be inquired into, or that the scope of discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by **order** of the court; (7) that a trade secret or other confidential research, development, or commercial **information** not be disclosed or be disclosed only in a designated way; (8) that the **parties** simultaneously file specified documents or **information** enclosed in sealed envelopes to be opened as directed by the court.
>
>> If the motion for a protective **order** is denied in whole or in

Case 10-93904-BHL-11    Doc 638-3    Filed 07/27/11    EOD 07/27/11 09:49:33    Pg 7 of 16

Page 7

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

part, the court may, on such terms and conditions as are just, **order** that any **party** or person provide or permit discovery . . . .

*Fed. R. Civ. P. 26(c).*

**[**10]** **[*734]** Privilege Claimed Pursuant to the Freedom of **Information** Act, and Applicable Regulations

The FDIC, New West, and ASB contend that certain **records** and documents are protected, or prohibited from **disclosure**, under *5 U.S.C. § 552(b)* and *12 C.F.R. §§ 309.5* and *505.5*. The statutory and regulatory authorities cited, however, do not create evidentiary privileges protecting documents from **disclosure** to the Chapter 7 Trustee.

*Section 552* of Title 5 codifies the Freedom of **Information** Act ("FOIA") and provides for access to **information** and **records** developed or maintained by Federal **Agencies.** *31 C.F.R. §§ 1.1 - 1.7.* [3] *Section 552(b)* exempts from **disclosure** matters which include:

> [HN5] (5) inter-**agency** or intra-**agency** memorandums or letters which would not be available by law to a **party** other than an **agency** in litigation with the **agency;**
>
> . . . .
>
> (8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an **agency** responsible for the regulation or supervision of financial institutions.

*5 U.S.C. § 552(b)(5) & (8) (1988).* Title 12 of the Code of Federal **[**11]** Regulations, part 505, contains regulations issued by the Office of Thrift Supervision supplementing the regulations promulgated by the Department of Treasury under 31 C.F.R. part 1, subpart A. Part 309 of Title 12, issued under the authority of *5 U.S.C. § 552*, sets forth FDIC regulations pertaining to public access to **agency information** and **records.** *12 C.F.R. § 309.1 (1990).*

    3   31 C.F.R. part 1, subpart A, contains the Department of Treasury regulations implementing the Freedom of **Information** Act. *31 C.F.R. § 1.1(a) (1990).*

Subsection (a) [HN6] states specifically that "each **agency** shall make available to the *public* **information** as follows . . . ." *5 U.S.C. § 552(a) (1988)* (emphasis added). In *Kerr v. United States District Court for the Northern District of California, 511 F.2d 192 (9th Cir. 1975), aff'd 426 U.S. 394, 48 L. Ed. 2d 725, 96 S. Ct. 2119 (1976)*, the Court of Appeals determined that the exemptions enumerated in *Section 552(b)* of the Freedom of **Information** Act did not constitute privileges for civil discovery. The Court observed that **[**12]** "the purpose of this act was to expand the access of the public to official **records** of federal **agencies,** subject to stated exceptions." *Kerr, 511 F.2d at 197.* "They were intended only to permit the withholding of certain types of **information** from the public generally." *Id. at 198.*

[HN7] Footnote # 4 to FDIC regulation *12 C.F.R. § 309.5(c)* is consistent with the courts holding in *Kerr* and states in its entirety that:

> classification of a **record** as exempt from **disclosure** under the provisions of § 309(c) shall not be construed as authority to withhold the **record** if it is otherwise subject to **disclosure** under the Privacy Act of 1974 (*5 U.S.C. 552(a)*) or *other Federal Statute,* any applicable regulation of FDIC, or any other Federal **agency** having jurisdiction thereof, or **[*735]** *any directive or **order** of any court of competent jurisdiction.*

*12 C.F.R. § 309.5(c)* (emphasis added).

In sum, the exemptions enumerated in the Freedom of **Information** Act, and the regulations cited by the FDIC, New West, and ASB limit the general public's access to government documents, but do not create privileges applicable to the Chapter 7 Trustee seeking to compel production under *Bankruptcy **Rule** 2004*.

The **[**13]** Official **Information** Privilege

[HN8] In comparison, the Official **Information** Privilege is recognized as a common law privilege separate from the Freedom of **Information** Act. *In re Verrazzano Towers, Inc., 7 Bankr. 648 (Bankr. E.D.N.Y. 1980)*; *In re Franklin National Bank Securities Litigation, 478 F. Supp. 577 (E.D.N.Y. 1979)*; *Denny v. Carey, 78 F.R.D. 370 (E.D. Penn. 1978)*. The privilege is based on the assumption that "effective and efficient governmental decision making requires a free flow of ideas among governmental officials." *Verrazzano, 7 Bankr. at 651* (quoting *Franklin, 478 F. Supp. at 580-81*).

In *Verrazzano Towers,* the Bankruptcy Court analogized the FDIC's interest in protecting its **records** from **disclosure** pursuant to a subpoena duces tecum in a bankruptcy proceeding to the policy supporting the ex-

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 8 of 16

Page 8
119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

emption from **disclosure** under the Freedom of **Information** Act. Bankruptcy Judge Price observed that there are:

> at least three important policies to be served by limiting access to FDIC **records.** These include 1) the promotion of stability of financial institutions, 2) the maintenance of cooperative relationships between banks and their supervising **agencies,** and **[**14]** 3) the protection of confidential **information** relating to bank customers.

*Verrazzano Towers, 7 Bankr. at 652*.

[HN9] Nevertheless, the privilege is qualified and protects only opinions and recommendations in intra-governmental documents. *Franklin, 478 F. Supp. at 581* (citing *Environmental Protection Agency v. Mink, 410 U.S. 73, 35 L. Ed. 2d 119, 93 S. Ct. 827 (1973)*; other citations omitted). "Even when the government asserts the official **information** privilege with respect to opinions or recommendations, nondisclosure is not guaranteed." *Franklin, at 582*. The court must balance the interests in nondisclosure against the interest in document production. *Id.* Consequently, an *in camera* examination of disputed documents is generally required, *Denny, 78 F.R.D. at 373*, and the court may require that the documents produced be subject to a protective **order** limiting **disclosure**. *See Denny, 78 F.R.D. 370*; *Verrazzano Towers, 7 Bankr. 648*.

Assertions of Privilege Under Customer Financial Privacy Rights

In withholding certain documents from production, the FDIC, New West, and ASB also assert the privacy rights of bank customers. The FDIC, New West, and ASB cite the Right to Financial Privacy Act (*12* **[**15]** *U.S.C. §§ 3401-3422*) and *18 U.S.C. § 1906* (Crimes & Criminal Procedure), as well as State Law, as authority for nondisclosure. Although the authority cited does not prohibit production to the Chapter 7 Trustee, **disclosure** should be limited to the Trustee under a protective **order**.

The Trustee seeks to compel production pursuant to Federal Law -- Bankruptcy **Rule 2004**. [HN10] The validity of a privilege asserted to prevent production and considerations to limit **disclosure** are, therefore, determined under Federal Law. See *Kerr, 511 F.2d at 197*.

Next, the Right to Privacy Act governs financial institutions' **disclosure** of customer financial **records** to government authorities. *12 U.S.C. §§ 3401-3422 (1988)*.
4 Since the Chapter 7 Trustee is not a government authority, the Act is inapplicable to the **disclosure** of documents to him.

4   For example, *Section 3403* provides that:

> No financial institution, or officer, employees, or agent of a financial institution, may provide to any *Government* authority access to or copies of, or the **information** contained in, the financial **records** of any customer except in accordance with the provisions of this chapter.

*12 U.S.C. § 3403(a) (1988)* (emphasis added).

**[**16]** Finally, [HN11] although *18 U.S.C. § 1906* establishes criminal penalties for unauthorized **[*736] disclosure** of bank examination reports, that section provides explicitly that it is **disclosure** without permission from the appropriate authority, like the FDIC, that renders the **disclosure** unauthorized.5 Furthermore, the statute expressly provides that government employees who disclose examination reports without the written permission of the appropriate authority are not subject to penalties under this section if the **disclosure** was ordered by a court of competent jurisdiction. Since **disclosure** may be made pursuant to FDIC authorization, or by Court **order,** *Section 1906* does not prohibit the production of documents to the Chapter 7 Trustee.

5   Whoever, being an examiner, public or private, or General Accounting Office employee with access to bank examination report **information** under section 714 of title 31, discloses the names of borrowers or the collateral for loans of any member bank of the Federal Reserve System, or bank insured by the Federal Deposit Insurance Corporation examined by him or subject to General Accounting Office audit under section 714 of title 31 to other than the proper officers of such bank, *without first having obtained the expressed permission in writing from* the Comptroller of the Currency as to a national bank, the Board of Governors of the Federal Reserve System as a State member bank, or *the Federal Deposit Insurance Corporation* as to any other insured bank, or from the board of directors of said bank, except *when ordered to do so by a court of competent jurisdiction,* or by direction of Congress of United States, or either House thereof, or any committee of Congress, or either House duly authorized or as authorized by section 714 of title 31 shall be fined not more than $ 5,000 or imprisoned not more than one year or both.

*18 U.S.C. § 1906 (1988)* (emphasis added).

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 9 of 16

Page 9

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

**[\*\*17]** [HN12] Although **disclosure** to the Chapter 7 Trustee is not prohibited by the authorities discussed above, the FDIC, New West, and ASB have a legitimate interest in preventing the general **disclosure** of customer financial **information.** *Verrazzano Towers, 7 Bankr. at 648*; *see also* 12 C.F.R. § 310. [6] It is appropriate, therefore, to require a protective **order** permitting **disclosure** of relevant documents containing customer financial **information** to the Chapter 7 Trustee, but limiting the scope of production to avoid the general **disclosure** of such **information.**

> 6   According to the Privacy Act Regulations 12 C.F.R., part 10:
>
>> (a) Except as provide in part (b) of this section, the Corporation will not disclose any **record** contained in a designated system of **records** to any person or **agency** except with prior written consent of the individual to whom the **record** pertains.
>>
>> (b) The restrictions on **disclosure** in paragraph (a) of this section do not apply to any of the following **disclosures**:
>>
>> (11) Pursuant to the **order** of a court of competent jurisdiction.
>
> *12 C.F.R. § 310.10(a), (b)(11) (1990).*

**[\*\*18]** Assertions of Privilege Under Attorney-Client Communications

The FDIC, New West, and ASB may properly assert the attorney-client privilege of Old American.

[HN13] "It is by now well established . . . . that the attorney-client privilege attaches to corporations as well as to individuals," *Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 348, 85 L. Ed. 2d 372, 105 S. Ct. 1986 (1985)* (citing *Upjohn v. United States, 449 U.S. 383, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)*; and the power to exercise, or waive, the privilege rests with a corporation's management. *Weintraub, at 348*. [HN14] "When control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well." *Weintraub, at 349*. In comparison, the mere sale of some of a corporation's assets does not necessarily transfer the corporation's attorney-client privilege. See *Federal Deposit Insurance Corp. v. Amundson, 682 F. Supp. 981 (D. Minn. 1988)*.

The Ninth Circuit has also recognized that the FDIC, as receiver, steps into the shoes of an insolvent institution. *Federal Deposit Insurance Corp. v. Glickman, 450 F.2d 416 (9th Cir. 1971)*. Other Courts have held specifically that as a receiver, the FDIC may raise **[\*\*19]** the attorney-client privilege of the insolvent institution. *Federal Deposit Insurance Corp. v. Berry,* Civ. No. 1-85-62, slip op. (E.D. Tenn. June 3, 1985).

When the Bank Board appointed the FSLIC receiver for Old American and **[\*737]** American Savings, the FSLIC succeeded by operation of law to the privileges of the closed corporations. *12 U.S.C. § 1821(d) (1988).* Applicable Federal Law provides that:

> The Corporation shall, as conservator or receiver, and by operation of law, succeed to--
>
> (i) all rights, titles, powers, and *privileges* of the insured depository institution, and of any stockholder, member, account holder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution; and
>
> (ii) title to the books, **records,** and assets of any previous conservator or other legal custodian of such institution.

*12 U.S.C. § 1821(d)(2)(i)* and *(ii) (1988)* (emphasis added).

The purchase agreements between the FSLIC and the successors to Old American indicate that in distributing assets and liabilities to successor institutions, the FSLIC expressly retained rights and duties including claims, causes of action, and judgments against former **[\*\*20]** officers and employees. The agreements also expresses FSLIC's intention to retain rights over unspecified books and **records** of the closed corporations. Accordingly, as successor to the FSLIC, the FDIC succeeded to the privileges possessed by Old American and American Savings at the time these institutions were placed in receivership. The privileges retained by the FDIC, and not otherwise waived, are applicable to the production request of the Chapter 7 Trustee. [7]

> 7   The Chapter 7 Trustee relies in large measure on the authority of *Amundson, 682 F. Supp. 981*. In *Amundson,* the district court held that the FDIC did not succeed to the privileges of the insolvent corporation. In contrast to the proceeding before this Court, in *Amundson,* the FDIC was acting only as a purchaser of assets, and not in its capacity as a receiver.

Case 10-93904-BHL-11   Doc 638-3   Filed 07/27/11   EOD 07/27/11 09:49:33   Pg 10 of 16

Page 10

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

Waiver of Confidentiality and Privilege

The Trustee also argues that since at the time Old American was a subsidiary of FCA, FCA had access to the **records** of Old American, and since [**21] FCA and Old American shared officers, directors, and counsel, communications between Old American and its counsel were never intended to be confidential as to FCA as a matter of law.

[HN15] While "the presence of third **parties** not needed for the transmittal of the **information** will negate the [attorney-client] privilege," *James Julian, Inc v. Raytheon Co., 93 F.R.D. 138, 141 (D.Del. 1982)* (citing *Pitney-Bowes, Inc. v. Mestre, 86 F.R.D. 444, 446 (S.D.Fla. 1980))*, whether the presence of certain **parties** was reasonable in light of an interest in confidentiality is essentially a factual question the court must determine considering the identity of the **parties** and the context of the communications. See *Julian, 93 F.R.D. 138*. For example, confidentiality at a meeting of corporate officers would not be waived simply because some of the officers whose presence was reasonably required at the meeting were also officers of another corporation. *See Upjohn, 449 U.S. at 391, 66 L. Ed. 2d 584, 101 S. Ct. 677*. Likewise, the mere commingling of **records** does not constitute a waiver of otherwise privileged communications. *Julian, 93 F.R.D. 138*.

[HN16] Although **disclosure** to third **parties** of otherwise privileged **information** constitutes [**22] a waiver of that privilege, officers, directors and counsel who may have served FCA as well as Old American are not necessarily relegated to the status of third **parties.** Without other evidence of waiver, privileged communications disclosed to such **parties** do not lose their privileged character as a matter of law.

Assertions of Privilege Under Attorney Work-Product

The unique question raised by the Chapter 7 Trustee is whether documents prepared by attorneys for Old American in preparation for litigation with **parties** other than the FCA can now be withheld from production to the FCA under the Attorney Work-Product Doctrine.

The Supreme Court first recognized the work-product doctrine in *Hickman v. Taylor, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947)*. In *Hickman,* the Court held that to qualify for protection as work-product, the [*738] materials sought must have been prepared by another **party** in anticipation of litigation. *Id.* The doctrine was eventually codified in *Fed. R. Civ. P. 26(b)*. **Rule** *26(b)* provides, in part, that:

> [HN17] subject to the provisions of subdivision (b)(4) of this **rule,** a **party** may obtain discovery of documents under subdivision (b)(1) of this **rule** and prepared in anticipation of litigation [**23] or for trial by or for another **party** representatives . . . . only upon a showing that the **party** seeking discovery has substantial need of the materials in preparation of the **party's** case and that the **party** is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against **disclosure** of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a **party** concerning the litigation.

*Fed. R. Civ. P. 26(b)(3)*.

In holding the work-product doctrine applicable to third **parties** through Exemption 5 of *Section 552(b)* of the Freedom of **Information** Act, the Supreme Court observed that the literal language of the **Rule** protects materials prepared for any litigation or trial as long as the materials were prepared by or for a **party** to the subsequent litigation. *Federal Trade Commission v. Grolier Inc., 462 U.S. 19, 76 L. Ed. 2d 387, 103 S. Ct. 2209 (1983)*. In contrast, the Ninth Circuit held that a third **party** could not invoke the doctrine to defeat the discovery of work-product in litigation unrelated to the **party** from whom the discovery [**24] is sought, *Southern California Edison Co. v. Westinghouse Electric Corp., 892 F.2d 778 (9th Cir. 1989)*; although a third **party** may seek a protective **order** under **Rule** *26(c). Id.; see also* n.2, *supra*.

In the motion to compel production, the Chapter 7 trustee contends that since no adversary action has been commenced in the Bankruptcy Court, the **parties** objecting to **disclosure** under the work-product doctrine are not **parties** to litigation in this Court and are, therefore, unprotected by **Rule** *26(b)(3)*. The Trustee's argument is not persuasive.

*Federal* **Rule** *of Civil Procedure 26(b)(3)* [HN18] applies to motions under *Bankruptcy* **Rule** *2004* through *Bankruptcy* **Rule** *9014*, and **Rule** *26* has not been limited to discovery where litigation has been commenced. Compare *Westinghouse, 892 F.2d 778* (production was sought from a third **party** in litigation unrelated to the third **party).** **Rule** *26(b)* expressly provides protection for materials "prepared in *anticipation* of litigation . . . ." *Fed. R. Civ. P. 26(b)(3)* (emphasis added). Moreover, the Trustee has admittedly sought the production of documents as part of an investigation into potential claims

119 B.R. 728, *; 1990 Bankr. LEXIS 2152, **

and causes of action against entities, including [**25] regulators, in relation to pre- and post bankruptcy transactions with FCA and/or its former principle operating subsidiary Old American. [8] The work-product doctrine is applicable to documents prepared in anticipation of litigation with the Chapter 7 Trustee and to materials prepared by Old American, and its successors in interest, in anticipation of litigation or for trial with third **parties** in related matters relevant to the trustee's investigation of the **parties** asserting this privilege.

> 8  On September 11, 1990, the Chapter 7 Trustee filed Complaints in The Bankruptcy Court to avoid and recover preferential transfers under *Bankruptcy Code §§ 547* and *550*; one of the complaints names American Savings Bank, FSB and New West Federal Savings and Loan Association as defendants.

Documents Generated After FCA's Bankruptcy Filing

Documents generated after FCA filed Bankruptcy are not automatically subject to nondisclosure. As discussed above, the scope of a *Rule 2004* examination is limited to the financial affairs of the [**26] debtor and the administration of the bankruptcy estate. This Court is not persuaded that documents generated after a debtor files his petition cannot be relevant to the debtor's financial condition or the administration of the bankruptcy estate as a matter of law. The FDIC, New West, and ASB [*739] cannot withhold this category of relevant documents, therefore, solely on the ground that such documents were generated post-petition.

Conclusion

The following documents are not privileged from **disclosure** to the Chapter 7 Trustee:

> 1) Documents withheld under the authority of the Freedom of **Information** Act and the regulations promulgated pursuant to the Act;
>
> 2) Customer financial **records** withheld pursuant to *12 U.S.C. § 3401 et seq.* and State law;
>
> 3) Documents withheld pursuant to *18 U.S.C. § 1906*;
>
> 4) Documents withheld because such documents were generated after FCA filed bankruptcy.

Assertions of privilege are properly made with regard to documents withheld under the following theories:
> 1) The Official **Information** Privilege;
>
> 2) Attorney-Client Communications;
>
> 3) The Attorney Work-Product Doctrine.

Finally, Old American's employment of officers, directors, and counsel who were [**27] also associated with FCA, did not necessarily constitute a waiver of privilege.

IT IS SO ORDERED.

Dated: September 24, 1990



Copyright 2011 SHEPARD'S(R) - 42 Citing references

**In re Financial Corp. of Am., 119 B.R. 728, 1990 Bankr. LEXIS 2152 (Bankr. C.D. Cal. 1990)**

Restrictions: *Unrestricted*
FOCUS(TM) Terms: *No FOCUS terms*
Print Format: *FULL*
Citing Ref. Signal Legend:
　🛑 {Warning} -- Negative treatment is indicated
　⚠️ {Warning} -- Negative case treatment is indicated for statute
　🟨 {Questioned} -- Validity questioned by citing references
　⚠️ {Caution} -- Possible negative treatment
　🟢 {Positive} -- Positive treatment is indicated
　🅰️ {Analysis} -- Citing Refs. With Analysis Available
　ℹ️ {Cited} -- Citation information available

**SHEPARD'S SUMMARY**

**Unrestricted *Shepard's* Summary**
No subsequent appellate
history.
**Citing References:**

| | | |
|---|---|---|
| ⚠️ | Cautionary Analyses: | **Distinguished (1)** |
| | Positive Analyses: | Followed (1) |
| | Neutral Analyses: | Explained (1) |
| | Other Sources: | Law Reviews (8), Treatises (5), Court Documents (12) |

**LexisNexis Headnotes:**　　HN3 (2), HN4 (1), HN8 (1), HN9 (1), HN13 (5), HN14 (2), HN16 (3)

**PRIOR HISTORY**  ( 0 citing references )

　　　　*(CITATION YOU ENTERED):*
　　　　*In re Financial Corp. of Am.*, 119 B.R. 728, 1990 Bankr. LEXIS 2152 (Bankr. C.D. Cal. 1990)⚠️

**CITING DECISIONS**  ( 17 citing decisions )

**2ND CIRCUIT - U.S. DISTRICT COURTS**

　　1.　**Cited by:**
　　　*Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 342 B.R. 416, 2006 U.S. Dist. LEXIS 24519 (S.D.N.Y. 2006)⚠️ **LexisNexis Headnotes HN16**
　　　　342 B.R. 416 *p.426*


　　2.　**Cited by:**
　　　*Forstmann Leff Assoc., Inc. v. American Brands, Inc.*, 1991 U.S. Dist. LEXIS 11390 (S.D.N.Y. Aug. 16, 1991)🅰️ **LexisNexis Headnotes HN9**

SHEPARD'S® - 119 B.R. 728 - 42 Citing References

**3RD CIRCUIT - U.S. DISTRICT COURTS**

3. **Cited by:**
   *Graco Children's Prods. v. Regalo Int'l LLC*, 1999 U.S. Dist. LEXIS 11392 (E.D. Pa. July 29, 1999)
   **LexisNexis Headnotes HN13**, **HN14**
   1999 U.S. Dist. LEXIS 11392

4. **Cited by:**
   *Bagdan v. Beck*, 140 F.R.D. 660, 1991 U.S. Dist. LEXIS 20656 (D.N.J. 1991)
   140 F.R.D. 660 *p.666*

**4TH CIRCUIT - U.S. BANKRUPTCY COURTS**

5. **Cited by:**
   *In re Symington*, 209 B.R. 678, 1997 Bankr. LEXIS 881, 9 4th Cir. & D.C. Bankr. Ct. Rep. 288, 38 Collier Bankr. Cas. 2d (MB) 604, 25 Media L. Rep. (BNA) 1993 (Bankr. D. Md. 1997) **LexisNexis Headnotes HN4**, **HN8**
   209 B.R. 678 *p.686*

**5TH CIRCUIT - U.S. DISTRICT COURTS**

6. **Cited by:**
   *Asset Funding Group, LLC v. Adams & Reese, LLP*, 2009 U.S. Dist. LEXIS 130319 (E.D. La. May 22, 2009)
   2009 U.S. Dist. LEXIS 130319

**5TH CIRCUIT - U.S. BANKRUPTCY COURTS**

7. **Cited by:**
   *Brown v. Adams (In re Fort Worth Osteopathic Hosp., Inc.)*, 2008 Bankr. LEXIS 3156 (Bankr. N.D. Tex. Nov. 14, 2008)
   2008 Bankr. LEXIS 3156

8. **Distinguished by:**
   *In re Mirant Corp.*, 326 B.R. 646, 2005 Bankr. LEXIS 1139 (Bankr. N.D. Tex. 2005) **LexisNexis Headnotes HN16**
   326 B.R. 646 *p.653*

**6TH CIRCUIT - U.S. BANKRUPTCY COURTS**

9. **Cited by:**
   *In re Hammond*, 131 B.R. 78, 1991 Bankr. LEXIS 1228, 22 Bankr. Ct. Dec. (LRP) 34 (Bankr. S.D. Ohio 1991)
   131 B.R. 78 *p.82*

**7TH CIRCUIT - U.S. DISTRICT COURTS**

10. **Followed by:**
    *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 2007 U.S. Dist. LEXIS 3025 (N.D. Ill. 2007) **LexisNexis Headnotes HN13**, **HN14**
    240 F.R.D. 401 *p.406*

## 9TH CIRCUIT - U.S. DISTRICT COURTS

11. **Cited by:**
    *Via Techs., Inc. v. SONICBlue Claims LLC*, 2010 U.S. Dist. LEXIS 59709 (N.D. Cal. June 16, 2010) **LexisNexis Headnotes HN13**
    2010 U.S. Dist. LEXIS 59709

12. **Cited by:**
    *City of Rialto v. United States DOD*, 492 F. Supp. 2d 1193, 2007 U.S. Dist. LEXIS 48381 (C.D. Cal. 2007) **LexisNexis Headnotes HN13**
    492 F. Supp. 2d 1193 *p.1201*

13. **Cited by:**
    *In re Palmquist*, 1995 U.S. Dist. LEXIS 9464, 76 A.F.T.R.2d (RIA) 5594, 95 TNT 144-17 (W.D. Wash. 1995) **LexisNexis Headnotes HN3**

14. **Cited by:**
    *In re Palmquist*, 1995 Bankr. LEXIS 9464, 76 A.F.T.R.2d (RIA) 5594 (W.D. Wash. 1995)
    1995 Bankr. LEXIS 9464
    76 A.F.T.R.2d (RIA) 5594 *p.5596*

15. **Explained by:**
    *Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 1993 U.S. Dist. LEXIS 20099, Fed. Sec. L. Rep. (CCH) P98011 (C.D. Cal. 1993) **LexisNexis Headnotes HN16**
    154 F.R.D. 243 *p.247*

    154 F.R.D. 243 *p.247*

## 10TH CIRCUIT - U.S. BANKRUPTCY COURTS

16. **Cited by:**
    *Olsen v. Rupp (In re Olsen)*, 1999 Bankr. LEXIS 791, 16 Colo. Bankr. Ct. Rep. 259 (B.A.P. 10th Cir. 1999) **LexisNexis Headnotes HN3**
    1999 Bankr. LEXIS 791
    16 Colo. Bankr. Ct. Rep. 259 *p.260*

## 11TH CIRCUIT - U.S. DISTRICT COURTS

17. **Cited by:**
    *Ramada Franchise Sys. v. Hotel of Gainesville Assocs.*, 988 F. Supp. 1460, 1997 U.S. Dist. LEXIS 20982 (N.D. Ga. 1997) **LexisNexis Headnotes HN13**
    988 F. Supp. 1460 *p.1464*

SHEPARD'S® - 119 B.R. 728 - 42 Citing References

**LAW REVIEWS AND PERIODICALS ( 8 Citing References )**

18.  *Rule 2004 as a Pre-Litigation Tool in a Post-Twombly/Iqbal World: Part I*, 29-8 ABIJ 28 (Oct. 1, 2010)

19.  *Gone Fishing: The Fundamentals of Rule 2004*, 29-1 ABIJ 46 (Feb. 1, 2010)

20.  *ARTICLE: THE IMPLIED WAIVER SOLUTION TO THE PROBLEM OF PRIVILEGE IN THE INDIVIDUAL BANKRUPTCY CASE*, 20 Bank. Dev. J. 25 (2003)

21.  *COMMENT: DISCOVERY UNDER THE FEDERAL RULES OF BANKRUPTCY PROCEDURE*, 9 Bank. Dev. J. 643 (1993)

22.  *CURRENT DEVELOPMENT 2007-2008: Get Your Own Lawyer! An Analysis of In-House Counsel Advising Across the Corporate Structure After Teleglobe*, 21 Geo. J. Legal Ethics 683 (2008)

23.  *NOTES: An Equitable Approach to Applying the Attorney-Client Privilege to Defunct Lenders*, 19 Iowa J. Corp. L. 69 (1993)

24.  *NOTE: RETHINKING SELECTIVE WAIVER: THE ARGUMENT FOR MANDATORY DISCLOSURE*, 28 Rev. Litig. 629 (2009)

25.  *COMMENT: Parent-Subsidiary Communications and the Attorney-Client Privilege*, 65 U. Chi. L. Rev. 315 (1998)

**TREATISE CITATIONS ( 5 Citing Sources )**

26.  *1-28 Banks & Thrifts: Govt Enforce & Receivership @ 28.14*

27.  *6-34 Business Crime P 34.02*

28.  *9-2004 Collier on Bankruptcy P 2004.02*

29.  *2-20 LENDER LIABILITY LAW AND LITIGATION @ 20.02*

30.  *5B Michie B&B Deposits (Continued) @ 308*

**BRIEFS ( 2 Citing Briefs )**

31.  *HLC PROPS., LTD., & O'SULLIVAN v. SUPERIOR COURT OF LOS ANGELES COUNTY*, 2003 CA S. Ct. Briefs 120332, 2004 CA S. Ct. Briefs LEXIS 66 (Cal. Apr. 6, 2004)

32.  *HLC PROPS., LTD., & O'SULLIVAN v. SUPERIOR COURT OF LOS ANGELES COUNTY*, 2003 CA S. Ct. Briefs 120332, 2004 CA S. Ct. Briefs LEXIS 65 (Cal. Mar. 18, 2004)

**MOTIONS ( 10 Citing Motions )**

33.  *In re GARLOCK SEALING TECHS. LLC*, 2010 U.S. Dist. Ct. Motions 31607, 2011 U.S. Dist. Ct. Motions LEXIS 23 (W.D.N.C. Jan. 6, 2011)

34.  *FAUSTO v. CREDIGY SERVS. CORP.*, 2007 U.S. Dist. Ct. Motions 879176, 2008 U.S. Dist. Ct. Motions LEXIS 61864 (N.D. Cal. Oct. 22, 2008)

35.  *CAMPO v. AMERICAN*, 2001 U.S. Dist. Ct. Motions 561351, 2008 U.S. Dist. Ct. Motions LEXIS 71785

SHEPARD'S® - 119 B.R. 728 - 42 Citing References

(N.D. Cal. Oct. 7, 2008)

36. *OFFICIAL COMM. OF ASBESTOS v. HEYMAN*, 2005 U.S. Dist. Ct. Motions 8539, 2005 U.S. Dist. Ct. Motions LEXIS 17724 (S.D.N.Y. Nov. 2, 2005)

37. *DUFRESNE v. MICROSOFT CORP.*, 2002 U.S. Dist. Ct. Motions 11778, 2004 U.S. Dist. Ct. Motions LEXIS 13820 (D. Mass. Feb. 18, 2004)

38. *DUFRESNE v. MICROSOFT CORP.*, 2002 U.S. Dist. Ct. Motions 11778, 2004 U.S. Dist. Ct. Motions LEXIS 13817 (D. Mass. Jan. 9, 2004)

39. *In re CIRCUIT CITY STORES*, 2008 U.S. Bankr. Ct. Motions 35653, 2009 U.S. Bankr. Ct. Motions LEXIS 762 (Bankr. E.D. Va. Feb. 17, 2009)

40. *In re CIRCUIT CITY STORES*, 2008 U.S. Bankr. Ct. Motions 35653, 2009 U.S. Bankr. Ct. Motions LEXIS 619 (Bankr. E.D. Va. Feb. 16, 2009)

41. *In re TRI-STATE ETHANOL CO., L.L.C.*, 2003 U.S. Bankr. Ct. Motions 10194A, 2007 U.S. Bankr. Ct. Motions LEXIS 49 (Bankr. D.S.D. Mar. 16, 2007)

42. *In re LEAD INDUS. ASS'N*, 2002 U.S. Bankr. Ct. Motions 33514, 2003 U.S. Bankr. Ct. Motions LEXIS 443 (Bankr. D.N.J. July 13, 2003)