UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |

**AMENDED THIRD SUPPLEMENTAL OBJECTION TO TRUSTEE'S MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

The First Bank and Trust Company ("First Bank"), by counsel, for its Amended Third Supplemental Objection to Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds From Account (to correct typographical error) ("Amended Third Supplemental Objection"), respectfully submits this Amended Third Supplemental Objection.  This Amended Third Supplemental Objection is filed in addition to the objection filed by First Bank on May 31, 2011 [Docket No. 519], the Supplemental Objection filed by First Bank on June 17, 2011 [Docket No. 554], the Second Supplemental Objection filed by First Bank on August 1, 2011 [Docket No. 653], and First Bank further states as follows:

1.  The May 23, 2011 motion by the Trustee [Docket No. 501] ("Trustee Motion") created a maelstrom surrounding millions of dollars of funds collected by the Trustee and potentially millions more he continues to collect.  Numerous parties have filed several objections attempting to understand how the Trustee can force parties to assert evidence of a Purchase Money Security Interest in transactions involving cattle Eastern Livestock never "purchased" itself.  Even more perplexing is how Eastern Livestock could have had a valid "account receivable" relating to cattle for which it never paid and was thus in no position to sell.

2. Now, the Trustee apparently wants to use this "objection" process to create a series of mini-trials in contested matters before global, threshold issues of law are resolved. This would result in a war of attrition for smaller claimants and transfer the burdens of persuasion and proof to parties who are not in control of the documentary evidence relating to the "transactions" upon which the Trustee has collected funds. The volume of transactions and the amount of money involved warrant a more reasoned and orderly approach that requires the Trustee to justify his legal position and have legal issues resolved by the Court before such rules are applied to the claims.

3. The Trustee Motion has been adjourned, modified and rescheduled since May, but arises out of a discrete <u>and contested</u> legal position taken by the Trustee. In the original Trustee Motion, the Trustee usurped the Court's authority as the sole arbiter of contested legal issues and took the extraordinary position that the rights of Fifth Third Bank entirely trump the rights of producers, backgrounders and other market agents who sold cattle *through* Eastern Livestock and are still awaiting payment:

> "[T]he Trustee has concluded that no person other than Fifth Third can assert a valid perfected lien in or to the Cattle Sales Proceeds . . . .(the now $8 million collected by the Trustee for payments of cattle sold through Eastern Livestock)." Trustee Motion, p. 1.
>
> "Since entry of the Cattle Payments Order, the Trustee has further researched the facts relating to Debtor's business operations, applicable state law and the PSA and determined that the only Third Party that holds a valid lien in or claim against the Cattle Sales Proceeds is Fifth Third. Other than Fifth Third, no Third Party can assert a valid perfected lien in or to the Cattle Sales Proceeds. **Neither the PSA nor state law provides an unpaid seller of cattle to Debtor with a lien against the proceeds generated from the resale of such cattle.**" Trustee Motion, ¶ 5 (emphasis added).
>
> "The Cattle Sales Proceeds to be transferred to the Trustee's general operating account represent **funds as to which no third**

2

> **party other than Fifth Third can assert a valid lien or claim**." Trustee Motion, ¶ 10 (emphasis added).

4. Several parties have asserted objections that the requirements of the Packers & Stockyards Act do not relegate an unpaid seller to the status of general unsecured creditor. Rather, as plainly stated in the Act, "Payments for livestock are trust funds." 9 C.F.R. § 201.42. Accordingly, payments for cattle made to Eastern Livestock, the Trustee, or payments that were in the depository account of Eastern Livestock at Fifth Third Bank, should be considered "trust funds" under the Packers & Stockyards Act over which no security interest could ever attach.

5. The Trustee has attempted to circumvent this plain language by asserting, in a footnote, that the trust funds provisions of the Packers & Stockyards Act apply only to "packers" and not to "dealers" like Eastern Livestock. Trustee Motion, fn. 4, p. 3. This oversimplifies the Act with a straw man argument. Although the Trustee is correct that "packers" who deal with slaughtered cattle carcasses must hold payments for cash sellers in trust, the Act has other provisions the Trustee overlooks. The packers trust provision deals only with parties who receive payments for the slaughtered cattle carcasses and must hold the funds in trust for the persons who supplied the live cattle. These "packers" are no longer dealing in "livestock" at the time of payment and must have a separate statutory trust imposed from that of 9 C.F.R. § 201.42. The entirety of the Packers & Stockyards Act demonstrates that Congress intended three different forms of "trust" funds: (a) funds held by a packer for payment of slaughtered cattle carcasses are trust funds; (b) funds deposited in custodial accounts are trust funds; and, (c) all payments for livestock are trust funds. The Trustee cannot so dismissively evade his obligation to hold payments on cattle transactions in trust for the unpaid sellers without

3

turning principles of statutory construction on their head.  Justice Scalia succinctly stated the rule for statutory construction: "courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992).  The Supreme Court has continued to abide by this rather simple tenet that courts should apply the plain meaning of statutes and not overlook portions or legislate by adding absent provisions.  Lamie v. U.S. Trustee, 50 U.S. 526, 534 (2004) ("[I]t is well established that 'when a statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not observed—is to enforce it according to its terms.'"); Group Health & Life Ins. Co. v. Royal Drug Co., 440 U.S. 205, 210 (1979) ("The starting point in any case involving the meaning of a statute is the language of the statute itself.").

   6. Still other parties have objected that Eastern Livestock could not pledge a security interest in the entirety of an account receivable, but must be limited to its actual interest in such accounts, which is the small portion of the transaction relating to its commission.  Fifth Third Bank cannot expand its security interest beyond what Eastern Livestock would be legally permitted to pledge.

   7. These competing interests of the creditors under the requirements of the Packers & Stockyards Act and the security interests under the Uniform Commercial Code should be set for briefing and resolution by the Court at the earliest opportunity.

   8. As set forth below, First Bank specifically objects to any transfer relating to transactions relating to Reference Nos. 13, 54, 76, and 87.  First Bank reserves all rights to submit additional evidence and/or briefs relating to such transactions.  First Bank also urges the Court to establish promptly a briefing schedule on threshold issues relating to the Packers & Stockyards Act and the extent of any security that Eastern Livestock could pledge to Fifth Third

4

Bank. First Bank reserves all rights to submit additional evidence and/or briefs on such issues as well.

      WHEREFORE, First Bank respectfully requests that the Court enter an Order (1) denying the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account [Docket No. 501] specifically with respect to Reference Nos. 13, 54, 76, and 87; (2) establish a prompt briefing schedule for the threshold issues relating to the implications of the Packers & Stockyards Act and the extent of Eastern Livestock's ability to pledge security beyond its direct interest in a particular transaction; and (3) for all other appropriate relief.

                                          Respectfully submitted,

                                          /s/ Daniel J. Donnellon
                                          Daniel J. Donnellon, pro hac vice
                                          Stephen A. Weigand, pro hac vice
                                          FARUKI IRELAND & COX P.L.L.
                                          201 East Fifth Street, Suite 1420
                                          Cincinnati, OH   45202
                                          Telephone:   (513) 632-0300
                                          Telecopier:   (513) 632-0319
                                          Email:   ddonnellon@ficlaw.com

                                          Attorneys for The First Bank and Trust Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, a true and correct copy of the foregoing Amended Third Supplemental Objection to Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds From Account was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Jessica E. Yates<br>jyates@swlaw.com |
| C. R. Bowles, Jr<br>crb@gdm.com | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| John Hunt Lovell<br>john@lovell-law.net | Ivana B. Shallcross<br>ibs@gdm.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Deborah Caruso<br>dcaruso@daleeke.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Jesse Cook-Dubin<br>jcookdubin@vorys.com | Meredith R. Thomas<br>mthomas@daleeke.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Edward M King<br>tking@fbtlaw.com | William Robert Meyer, II<br>rmeyer@stites.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | Allen Morris<br>amorris@stites.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com |
| John W. Ames<br>jwa@gdm.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| James M. Carr<br>jim.carr@bakerd.com | James T. Young<br>james@rubin-levin.net | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| Terry E. Hall<br>terry.hall@bakerd.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | John M. Thompson<br>john.thompson@crowedunlevy.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |

| | | |
|---|---|---|
| Karen L. Lobring<br>lobring@msn.com | John M. Rogers<br>johnr@rubin-levin.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Cathy S. Pike<br>cpike@weberandrose.com | Michael W. McClain<br>mike@kentuckytrial.com |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John David Hoover<br>jdhoover@hooverhull.com | David A. Domina<br>ddomina@dominalaw.com |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | Sean T. White<br>swhite@hooverhull.com | Ashley R. Rusher<br>asr@blancolaw.com |
| | Robert H. Foree<br>robertforee@bellsouth.net | |

/s/ Daniel J. Donnellon
Daniel J. Donnellon

534344.2