IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| **In re** § | | |
| § | | |
| **Eastern Livestock Co., LLC** § | Chapter 11 | |
| § | | |
| § | Case No. 10-93904-BHL-11 | |
| **Debtor.** § | | |
| § | Hon. Basil H. Lorch III | |

### THIRD PARTY DEFENDANTS' JOINT RESPONSE TO TRUSTEE'S MOTION TO TRANSFER FUNDS AND TO OBJECTION TO MOTION

J & F OKLAHOMA HOLDINGS, INC. ("J&F"), FRIONA INDUSTRIES, L.P. ("Friona") and CACTUS GROWERS, INC. ("Cactus") (collectively the "Texas Interpleader Plaintiffs"), submit this response to the Trustee's Motion to Transfer Funds and Notice of Release of Proceeds from Account [Doc. No. 501] (the "Motion to Transfer Funds") and to various objections and responses to the Motion to Transfer.

#### Summary of Pleading

1. Parties in interest have filed pleadings in response to the Motion to Transfer that ask the Court to rule that the Packers & Stockyards Act creates a statutory trust that burdens sales proceeds of livestock dealers. As shown below, the Act does not create such a trust.

2. The Texas Interpleader Plaintiffs have an interest in this legal issue although the Motion to Transfer Funds does not affect the Texas Interpleader Case directly. The Motion to Transfer Funds is based on the Order of January 24, 2010 [Doc. No. 234] (the "Cattle Claims Order"). The Cattle Claims Order provides at paragraph W that "no plaintiff, defendant, or intervenor in the Texas Interpleader Case [now AP 11-59093] is required to comply with the Procedures set forth in this Order...." Although specific transactions made the subject of the

Cattle Claims Order will not affect the Texas Interpleader Case, legal issues concerning the Packers and Stockyards Act could have an effect, and this pleading is submitted as a precautionary measure.

### The Packers and Stockyards Act Does Not Require Livestock Dealers to Hold Sales Proceeds in Trust

3. First Bank's Third Supplemental Objection to the Motion to Transfer [Doc. No. 668] argues that the trust fund provisions of the Packers & Stockyards Act apply to livestock dealers "like Eastern Livestock": "The entirety of the Packers & Stockyards Act demonstrates that Congress intended three different forms of "trust' funds: (a) funds held by a packer for payment of slaughtered cattle carcasses are trust funds; (b) funds deposited in custodial accounts are trust funds; and, (c) all payments for livestock are trust funds."

4. The assertion that "all payments for livestock are trust funds" is contrary to the carefully designed structure of the Act.

5. As noted on the official P&S Administration web site, titled "Trust Rights under the P&S Act" (available at www.gipsa.usda.gov), the Packers & Stockyards Act creates a limited statutory trust, not a global one:

> … The P&S Act establishes trust protection for certain producers and growers doing business with packers and live poultry dealers.
>
> Two trusts, a packer trust and a poultry trust, are authorized in the Packers and Stockyards Act (P&S Act). Congress authorized these trusts to remedy the burden placed on public interests by packers' and live poultry dealers' inadequate financing arrangements.

A copy of this publication is attached to this pleading and marked Exhibit 1.

6. Eastern Livestock was not a "packer" or a "live poultry dealer." Therefore, the statutory trust provisions do not apply.

7. As noted in the Objection of Bluegrass Stockyards, LLC, et al to the Motion to

Transfer [Dock. No. 651], and in other pleadings, a "market agency" selling on a commission basis is required by regulation (not by statute) to treat cattle sales proceeds as subject to a trust for sellers. *Id* at paragraph 36. But a "dealer" is not a market agency. "The term "dealer" means any person, <u>not a market agency</u>, engaged in the business of buying or selling in commerce livestock, either on his own account or as the employee or agent of the vendor or purchaser." 7 U.S.C. §201(d) (emphasis added).

8. Case law recognizes the difference between market agencies and dealers. "[T]here is a fundamental difference between one who is engaged in the livestock business in accordance with the statute and a "dealer," i.e., one who speculates in livestock for profit. *Solomon Valley Feedlot, Inc. v. Butz*, 557 F.2d 717 (10th Cir. 1977)." *St. Paul Fire and Marine Ins. Co., Inc. v. Idaho Bank & Trust*, 708 F.Supp. 285, 288 (D. Idaho, 1989).

9. Therefore, it is not correct to say that "all payments for livestock are trust funds." A ruling otherwise would be contrary to statute, regulation, and case law.

>
> Respectfully submitted,
>
> David L. LeBas, SBN 12098600
> NAMAN HOWELL SMITH & LEE, PLLC
> 8310 N. Capital of Texas Highway, Ste. 490
> Austin, Texas 78731
> (512) 479-0300
> FAX (512) 474-1901
>
> By: /s/ David L. LeBas
> Attorneys for J & F Oklahoma Holdings, Inc.

John J. Lovell
LOVELL, LOVELL, NEWSOM & ISERN, LLP
112 West 8th Avenue, Suite 1000
Eagle Centre Building
Amarillo, Texas 79101-2314
(806) 373-1515
FAX (806) 379-7176

By: /s/ John J. Lovell
Attorneys for Cactus Growers, Inc.

John F. Massouh
John T. Huffaker
**SPROUSE SHRADER SMITH, PC**
701 S Taylor, Suite 500
P.O. Box 15008
Amarillo, TX 79105-5008
(806) 468-3300
FAX (806) 373-3454

By: /s/ John F. Massouh
Attorneys for Friona Industries, L.P.

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was served on this the 19th day of August, 2011, via electronic and/or U.S. Mail, upon all parties entitled to receive such notice as provided by the electronic case filing system used by the court.

/s/ David L. LeBas