

You are here: GIPSA Home / Livestock, Meat & Poulty / Rights Under the P&S Act

## Livestock, Meat & Poultry

**Trust Rights under the P&S Act**

Like other segments of the U.S. economy, recent conditions also have impacted members of the livestock and poultry industries. A number of livestock producers and poultry growers have contacted GIPSA with concerns about transactions involving packers and live poultry dealers. Whether the packers and/or live poultry dealers have filed bankruptcy or are suffering financial difficulties resulting in delayed or non-payment for livestock and poultry transactions, the Packers and Stockyards (P&S) Act of 1921 can offer some protection. The P&S Act establishes trust protection for certain producers and growers doing business with packers and live poultry dealers.

Two trusts, a packer trust and a poultry trust, are authorized in the Packers and Stockyards Act (P&S Act). Congress authorized these trusts to remedy the burden placed on public interests by packers' and live poultry dealers' inadequate financing arrangements.

The packer trust protects cash sellers of livestock. It does so by making the cash sellers' rights to specific assets of the packer legally superior to the interests of any secured lenders to whom the packer offered those assets as collateral for loans. Trust claims asserted for purchases of meat food products as purchases of "dead livestock" have been determined invalid. See, *Liberty Mutual Ins. Co. v. Bankers Trust Co., 758 F. Supp. 890 (S.D.N.Y. 1991): Liberty Mutual Insurance Company v. Rotches Pork Packers, 969 F.2d 1384, 1388 (fn 3) (2nd Cir., 1992).* Similarly, the poultry trust protects live poultry growers and cash sellers of live poultry. It does so by making their rights to specific assets of the live poultry dealer legally superior to the interests of any secured lenders to whom the live poultry dealer offered those assets as collateral for loans.

The most important action that sellers and growers must take to preserve their rights is to file timely written notice of their claim against the regulated entity who owes them. This written notice must be provided to GIPSA and the regulated entity who owes the seller or grower within a specified period after the transaction date(s). At a minimum, the written trust claims should include the following information:

* The packer or live poultry dealer's name and contact information;

*The seller or grower's name and contact information;

*The date of the transaction(s) in which the packer or live poultry dealer failed to pay for livestock or poultry;

*The date the seller or grower received notice that one or more payment instruments from the packer or live poultry dealer were dishonored (if applicable);

*The amount of money the packer or live poultry dealer owes the claimant for livestock or poultry; and

**Related Topics**

- Overview
- Payment Protection
- Scales and Weighing
- Regulated Entities
- ● Rights Under the P&S Act
  - Livestock Trust
  - Poultry Trust
- Industry Research
- Enforcement Actions

**I Want To...**

**Report a Violation**

\*Any other information necessary to support the seller or grower's trust claim.

The following publications provide more information about what livestock and poultry sellers and poultry growers must do to preserve their rights under the P&SP trusts:

Live Poultry Growers' and Sellers' Rights Under P&S Trust Provisions

Livestock Sellers' Rights Under P&S Trust Provision

Last updated 08/08/2011

GIPSA Home | USDA.gov | FAQs | Site Map | VIOLATION HOTLINE
FOIA | Accessibility Statement | Privacy Policy | Nondiscrimination Statement | Information Quality | USA.gov | White House

http://www.gipsa.usda.gov/GIPSA/webapp?area=home&subject=lmp&topic=rua                8/17/2011