UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 10-93904-BHL-11 |
| **EASTERN LIVESTOCK, LLC.,** ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**FIFTH THIRD BANK'S REPLY TO FIRST BANK AND TRUST COMPANY'S
OBJECTION TO TRUSTEE'S MOTION TO TRANSFER FUNDS
AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

First Bank and Trust ("First Bank") has made an erroneous objection that clouds the issues, rather than clarifying them. First Bank is wrong for the following reasons:

First, The Packers and Stockyards Act itself provides only two bases (one relating solely to "Packers" and one relating solely to poultry sales) for so-called "custodian funds" to which a "trust" characterization may be imposed.[1] The Code of Federal Regulations, 9 C.F.R. § 201.42,[2] purports to create a third basis to require a custodian account and to impose a trust characterization, in the limited instances of payments made by a livestock buyer to a market agency selling on commission or to funds held in a custodian account owned by a market agency selling on commission. No objecting creditor or party in interest in this case, including First Bank, has ever asserted that Debtor, Eastern Livestock Co., LLC, was a "Packer" or engaged in the purchase of poultry. With respect to the approximately $5.4 million that is the subject of the trustee's motion, no objecting creditor or party in interest, including First Bank, has asserted that it had been a livestock buyer that made payments to Debtor in a transaction in which Debtor was acting as a

---

[1] See 7 U.S.C. §§ 196(b) and 197(b).

[2] See 9 C.F.R. §201.42, a copy of which is attached as Exhibit A.

"market agency selling on commission." Thus, factually, as to the $5.4 million in question, the "custodian fund/trust" issue raised in First Bank's objection is not applicable at all.

Second, First Bank manages to misstate the law three different ways in a single sentence when it said "Rather, as plainly stated in the Act, 'Payments for livestock are trust funds.' 9 C.F.R. § 201.42." While designed to look like a quotation from the Act, it is actually a quotation from a topic heading in the C.F.R.[3] Thus, it is neither a statement of the law from the Act, nor from the regulations. Moreover, the actual regulation says something very different, as follows:

> "*Payments for livestock are trust funds*. Each payment that a livestock buyer makes to a market agency selling on commission is a trust fund. Funds deposited in custodial accounts are also trust funds." 9 C.F.R. 201.42(a)

Because Debtor was acting as a "Dealer" under the Act, and not as a market agency selling on commission, there was no requirement for the existence of a custodial fund and, in fact, no such fund existed. The "trust fund" situation to which First Bank erroneously alludes is for when a buyer pays monies to a market agency selling on commission for livestock that buyer <u>did not</u> get. The instant situation is the exact opposite – these are monies paid by buyers who <u>did</u> get the livestock.

Third, First Bank's claim that Debtor cannot have acquired title to cattle sold to it because it had not paid for them, and consequently could not have sold them, flies in the face of fundamental commercial law. The argument need not be belabored here. Suffice to say that title passes upon delivery. Uniform Commercial Code §2-401. Of more interest is why First Bank, which neither lent money to, holds a guaranty from, or transacted business with, the Debtor is interjecting itself into the disposition of the approximately $5.4 million at all? It is not asserting a purchase money security interest in the cattle and, hence, the proceeds. It has raised a supposition that some of

---

[3] See Ex. A, attached hereto.

Thomas Gibson's cattle have been mixed in with the Debtor's cattle, but the Trustee has already agreed to hold the identifiable "possible" proceeds (approximately $80,000) aside until resolution of that issue by the court. So why make the objection?

The answer appears to be to make a collateral attack upon the Financing Order previously entered by this Court. That order requires that adequate protection payments be made to Fifth Third Bank, but to date no such payments have been made. Ironically, even the Trustee's motion does not seek to make such payments, but only seeks to remove the funds from an "escrow" status to an operating account status. However, First Bank (which is not even a creditor) and others (who are) are seeking to prevent any payment to Fifth Third Bank for any reason and, therefore, seek to prevent monies from moving in any direction towards Fifth Third Bank.

Fifth Third Bank, on a post-petition basis, has given up $2.0 million in a "carve out" and has put another $2.0 million at risk by making a loan to the Trustee. Fifth Third Bank is entitled to have this Court's order enforced and should not be subjected to a procedural "shadow war" in which unfounded, and in First Bank's case inherently inapplicable, allegations can be used to forestall such enforcement. Therefore, the Trustee's motion should be granted.

Respectfully submitted,

/s/ Randall D. LaTour
Randall D. LaTour (OH-0038511)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8290
Facsimile:  (614) 719-4821
Email: rdlatour@vorys.com

Attorneys for Fifth Third Bank

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of August, 2011, a copy of the foregoing *Fifth Third Bank's Reply to First Bank and Trust Company's Objection to Trustee's Motion to Transfer Funds and Notice of Release of Proceeds from Account* was served electronically through the Court's CM/ECF System to the following parties who are listed on the Court's Electronic Mail Notice List:

- John W Ames    jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- C. R. Bowles    crb@gdm.com, shm@gdm.com
- James M. Carr    james.carr@bakerd.com, patricia.moffit@bakerd.com
- Dustin R. DeNeal    dustin.deneal@bakerd.com, patricia.moffit@bakerd.com
- Terry E. Hall    terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.herendeen@bakerd.com
- Jay Jaffe    jay.jaffe@bakerd.com, tracy.whitman@bakerd.com;sarah.herendeen@bakerd.com
- James A. Knauer    jak@kgrlaw.com, hns@kgrlaw.com
- Elliott D. Levin    edl@rubin-levin.net, atty_edl@trustesolutions.com
- Harmony A Mappes    harmony.mappes@bakerd.com, betsy.smith@bakerd.com;sarah.herendeen@bakerd.com
- Christie A. Moore    cm@gdm.com
- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Ivana B. Shallcross    ibs@gdm.com
- Robert K Stanley    robert.stanley@bakerd.com
- Joshua N. Stine    jnstine@vorys.com
- Kevin M. Toner    kevin.toner@bakerd.com, crystal.hansen@bakerd.com;judy.ferber@bakerd.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

    /s/ Randall D. LaTour
    Randall D. LaTour