UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

## JOINT MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY AGREEMENT

Superior Livestock Auction, Inc. ("Superior") and Eastern Livestock Co., LLC ("Eastern"), by and through undersigned counsel, respectfully request that the Court enter the attached Stipulated Confidentiality Agreement (the "Agreement"). The Agreement sets forth these parties' agreed protocols for exchanging confidential documents, testimony, and information. The Agreement also addresses the handling of personal identifying information. Counsel for Friona Industries, L.P., Cactus Growers, Inc., J&F Oklahoma Holdings, Inc., First Bank and Trust Company and Fifth Third Bank also reviewed the Agreement, provided input, and authorized the undersigned to report to the Court that they have no objection to the proposed Agreement.

Superior and Eastern request that the Agreement be entered in all matters related to this chapter 11 case to assist the parties with discovery and with the informal exchange of information and records.

Respectfully submitted,

| | |
|---|---|
| /s/ Christie A. Moore<br>John W. Ames<br>C.R. Bowles, Jr.<br>Christie A. Moore<br>Ivana B. Shallcross<br>GREENEBAUM DOLL & MCDONALD, PLLC<br>3500 National City Tower<br>101 South Fifth Street<br>Louisville, Kentucky 40402<br>Phone: 502-587-3746<br>Facsimile: 502-540-2274<br>e-mail: cm@gdm.com<br>        jwa@gdm.com<br>        crb@gdm.com<br>        ibs@gdm.com<br><br>COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC. | /s/ Kevin M. Toner<br>Kevin M. Toner<br>Shawna Eikenberry<br>BAKER & DANIELS, LLP<br>300 N. Meridian Street<br>Suite 2700<br>Indianapolis, Indiana 46204<br>Phone: 317-237-1200<br>Facsimile: 317-237-1000<br>email: kevin.toner@bakerd.com<br>        Shawna.eikenberry@bakerd.com<br><br>COUNSEL FOR EASTERN LIVESTOCK CO., LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ Christie A. Moore
Christie A. Moore

4507637_2.docx

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC. ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| DEBTOR. ) | CHAPTER 11 |
| ) | |
| SUPERIOR LIVESTOCK AUCTION, INC. ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | A.P. NO. 11-59088 |
| v. ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| DEFENDANT. ) | |

### STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiff Superior Livestock Auction, Inc. and Defendant Eastern Livestock Co., LLC (the "Parties" and each a "Party"), and their respective counsel ("Counsel"), hereby agree that the following provisions of this Stipulated Confidentiality Agreement (the "Agreement") shall govern the designation and handling of information and documents produced or provided in the above-captioned action, including documents or other materials produced by an individual or entity not a party to this action (a "Disclosing Party"). Nothing in this Agreement shall be interpreted to prevent any person or entity from seeking further relief, including but not limited to restrictions on access to information and documents by parties to this litigation (as further described in Paragraph 14 within).

1.    The term "Confidential Material" means any trade secret or other confidential research, development agreement, financial information or commercial document, information or

other material as used in Rules 26(c)(1)(g) and 45(c)(3)(B)(i) of the Federal Rules of Civil Procedure, which is produced in the course of this action by a Party, a non-party possessing a Party's proprietary and confidential information, or a non-party governed by this Agreement pursuant to paragraph 15?of this Agreement and which is designated as "Confidential" under this Agreement, whether contained in or constituting documents, things, materials, testimony, audio and video recordings, computer disks and data stored in other electronic storage media or devices, any copy, duplication, extract or summary of any document, information or other materials so designated.  The term "Receiving Party" shall mean any person or entity who receives or is provided access to any Confidential Information by any Disclosing Party.

2. A Disclosing Party providing documents under subpoena or in response to an order or written request for information, may designate material as "Confidential" by placing the word "Confidential" on each page of the document.

3. Confidential Material disclosed at a deposition shall be designated by a Disclosing Party as "Confidential" by indicating on the record at the deposition, or by informing the Receiving Parties in writing within 30 days of receipt of the relevant transcript excerpt and/or exhibit, or 30 days after entry of this Agreement , whichever date is later, that the document or information is "Confidential" and subject to the provisions of this Agreement.  The Receiving Parties shall treat each deposition transcript and all Confidential Material discussed or used as an exhibit at such deposition as "Confidential" until the period for designation of such transcript as Confidential Material has expired, after which time the Receiving Parties shall honor all designations of Confidential Material in such transcript unless the Court orders otherwise pursuant to paragraph 10.  The Receiving Parties shall exclude from attendance at a deposition,

hearing or other proceeding, during such time as Confidential Material is to be disclosed, any person or entity not entitled to receive such information.

4. Except with the prior written consent of each Disclosing Party, or pursuant to further order of this Court entered after reasonable written notice and opportunity to each Disclosing Party to file objections thereto, Confidential Materials shall not be shown, described or otherwise revealed to any person or entity other than the following:

(a) Outside or in-house attorneys for the Parties in this action employed by the law firms of record in this action.

(b) Paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a Party of record in this action, but only if (1) it is necessary to disclose the Confidential Material to them for purposes of this action.

(c) Consulting experts and testifying experts and their employees with the need to know who have been engaged by outside counsel for a Party in this action for the purpose of assisting in this action, but only if: (1) it is necessary to disclose the Confidential Material to them for purposes of this action; and (2) they have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(d) Deposition court reporters and videographers who have signed an agreement in a form substantially similar to Exhibit A attached hereto;

(e) The Court, including judicial employees and all other necessary personnel, such as court reporters;

(f) The author, addressee, or any other person identified as a recipient of the specified Confidential Material who would otherwise be entitled to receive same; and

3

(g) Corporate Affiliates, Majority Members and Majority Shareholders and their Corporate Affiliates, Trustees, Officers, Directors, Executives, or employees of each Party.

5. In consideration of the disclosure of Confidential Material to the Receiving Party, the Receiving Party shall hold the Confidential Material in trust and confidence and shall refrain from making such information available to others, including posting such information on any website, using the Confidential Material to the competitive disadvantage of the Disclosing Party or for any other purpose other than expressly permitted herein. Confidential Material shall not be used to adversely affect or compete with the business of the Disclosing Party.

6. The Parties intend that the use of Confidential Material shall be restricted to this Chapter 11 Case Number 10-93904-BHL-11 ("ELC Chapter 11") alone and that no Confidential Material shall be provided to any third-party for any purpose not expressly permitted herein without the prior written permission of the Disclosing Party.

7. Any of the Parties giving testimony at trial or during a hearing in this action may, directly or through Counsel, designate testimony or any portion thereof (including exhibits) as "Confidential" by advising the court reporter and the Receiving Party of such fact on the record during the testimony or in writing within ten (10) days following the receipt of the transcript. All transcripts that contain Confidential Material shall be prominently marked "Confidential" on the cover thereof.

8. Within 20 days of receipt of materials designated as "Confidential", the Receiving Party may apply to the Court for a ruling to determine whether a document designated as such is entitled to such status and protection. The Receiving Party shall give written notice of the objection(s) to the Disclosing Party and shall provide the Disclosing Party with an opportunity to respond. If unable to resolve the dispute, the Disclosing Party must file a motion for protective

4

order and demonstrate that there is good cause for the document to have such protection pursuant to the Federal Rules of Civil Procedure. After notice of objection has been given, no disclosure of the Confidential Material in question shall be made unless and until (a) the objection is resolved or (b) the Court authorizes such disclosure.

9. If a Party subpoenas or the Court orders production of any Confidential Material in the possession of a Receiving Party, the Receiving Party shall promptly notify the Counsel for the Disclosing Party of the pendency of such subpoena or order.

10. Subject to the Federal Rules of Evidence, Confidential Material may be offered in evidence at any court hearing and at trial provided that the proponent of the evidence gives advance notice to Counsel for the Disclosing Party (except in the case of an emergency or other exigent circumstances or otherwise upon good cause shown). The Disclosing Party may then request that the Court review the material in camera or under other conditions to prevent unnecessary disclosure.

11. The Parties may use Confidential Material in support of any pleading filed with the Court, but such pleadings, as well as the Confidential Material, shall be filed under seal pursuant to the Local Rules for the Bankruptcy Court, Southern District of Indiana and applicable law.

12. The Receiving Party's failure to challenge the classification of any material designated as Confidential Material shall not be deemed a waiver or admission that any such classification is proper. In addition, a Disclosing Party's failure to designate documents or testimony as "Confidential Information" does not waive that Party's right to later so designate that material.

13. Upon the conclusion of the ELC Chapter 11, all documents marked "Confidential," including any copies of such material, shall be returned to the Disclosing Party within 30 days of the conclusion of the ELC Chapter 11 or destroyed by the Receiving Party accompanied by a certification of such destruction. Counsel for any Receiving Party shall be entitled to retain in their files any material designated as Confidential Information and shall not disclose such Confidential Information without the written consent of the Disclosing Party.

14. Nothing contained in this Agreement shall prejudice in any way or waive in any respect the right of any Disclosing Party to assert the attorney-client privilege, the attorney work product doctrine or Confidential Material status as to any documents, materials or information, and the inadvertent production of any Confidential Material without designation or any document, material or information protected by the attorney-client privilege or attorney work product doctrine shall not be deemed a waiver or an impairment of any claim of such privilege or protection. In the event of any such inadvertent production, the following procedure shall be followed. The Disclosing Party claiming privilege or protection shall make written demand upon the Receiving Party to return the document, material or information for which the privilege or protection is claimed, or in the case of Confidential Material, to designate it as requested. Upon receipt of demand by the Disclosing Party, all such documents, material or information and any copies, duplications, extracts and summaries thereof shall be returned by the Receiving Party to the Disclosing Party within three (3) business days. The Disclosing Party or entity shall maintain the specified documents, material or information for in camera inspection by the Court should a motion to compel production be filed.

15. In addition to the procedure set forth in paragraph 4 of this Agreement, and upon agreement of the Parties and the producing non-party, the provisions of this Order shall apply to documents or other materials produced by an entity that is not a party to the ELC Chapter 11.

16. All Parties and attorneys of record in this action, and all other persons and entities possessing or granted access to Confidential Material under this Agreement shall be bound by this Agreement. The Court may impose sanctions on any person or entity possessing or granted access to Confidential Material under this Agreement who discloses or uses the Confidential Material for any purpose other than as authorized by this Agreement or who otherwise violates the terms of this Agreement.

17. Notwithstanding any provision of this Agreement, the Parties reserve the right to produce and to obtain documents and testimony revealing personal identifying information such as bank account numbers, social security numbers, individuals' physical and e-mail addresses and similar information ("Personal Information"). The Parties agree that all documents or testimony designated as Personal Information shall not be revealed to anyone other than those persons designated in Paragraph 4 above. All Personal Information shall be redacted from documents filed, served or used during proceedings in the ELC Chapter 11, except in those instances where the Personal Information is placed under seal pursuant to the Local Rules for the Bankruptcy Court, Southern District of Indiana and applicable law.

IT IS SO AGREED.

| COUNSEL FOR PLAINTIFF<br>AGREED AND STIPULATED | COUNSEL FOR DEFENDANT<br>AGREED AND STIPULATED |
|---|---|
| This 28th day of September, 2011. | This 28th day of September, 2011 |
| /s/ *Christie A. Moore*<br>Christie A. Moore<br>Greenebaum Doll & McDonald, PLLC<br>101 S. Fifth Street<br>Suite 3500<br>Louisville, KY 40202<br>cm@gdm.com | /s/ *Kevin Toner*<br>Kevin Toner<br>Baker & Daniels, LLP<br>300 N. Meridian Street<br>Suite 2700<br>Indianapolis, IN 46204<br>Kevin.Toner@bakerd.com |

## EXHIBIT A

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC. ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| DEBTOR. ) | CHAPTER 11 |
| ) | |
| ) | |
| SUPERIOR LIVESTOCK AUCTION, INC. ) | |
| ) | |
| PLAINTIFF. ) | |
| ) | A.P. NO. 11-59088 |
| v. ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| DEFENDANT. ) | |

I, _____, have read and understood the Stipulated Confidentiality Order entered by the Court in this case and agree to be bound by the provisions of that order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of that order.

Dated:_____                                   _____

4491904_1.doc