UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION REQUESTING ENTRY OF AN ORDER GRANTING TRUSTEE AUTHORITY TO 1) COLLECT RECEIVABLE, 2) HOLD RECEIVABLE PROCEEDS IN SEGREGATED ACCOUNT PENDING DETERMINATION OF RIGHTS THEREIN, 3) TRANSFER RECEIVABLE PROCEEDS TO OPERATING ACCOUNT AFTER SUCH DETERMINATION AND 4) CONTINUING BRIEFING SCHEDULE ON THE FOREGOING**

James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), with the consent and authority of Brent Kuehny d/b/a Dollar K Cattle Co. ("Kuehny") and The Bank of Kremlin ("Kremlin" and collectively with Kuehny, the "Kremlin Parties"), respectfully moves this Court for an order authorizing the Trustee to collect a $158,494.02 account receivable (the "Receivable") owed pre-petition to Eastern Livestock Co., LLC ("ELC") by Mark Hohenberger ("Hohenberger") that arises from ELC's sale to Hohenberger of 200 head of cattle (the "Subject Cattle") purchased from Kuehny. The Trustee further requests that the Court order that all liens, claims, interests and/or encumbrances in the Receivable attach to the collected proceeds (the "Receivable Proceeds") as they currently exist in the Receivable. The Trustee and the Kremlin Parties desire that the Court thereafter determine the parties' relative rights and interests in and to the Receivable Proceeds in the most expeditious and efficient manner that is convenient for the Court. The Trustee believes that there is not currently a request for relief before the Court that the Court can properly rule upon to resolve interests in the Receivable. The Trustee believes that the parties have not yet asked for relief with respect to either the Receivable or the Receivable Proceeds (which do not yet exist). As a result, the Trustee files this motion (the "Motion") to

present this issue for Court determination and resolution. In further support of this motion, the Trustee respectfully represents the following:

1. On January 6, 2011 the Trustee filed the *Emergency Motion Regarding Payments on Debtor's Cattle Sales* [Dock. No. 141] (the "Cattle Payments Motion") seeking authority to complete cattle sales and collect receivables owing to the Trustee for ELC's sale of cattle. The Cattle Payments Motion also sought authority to provide payors of such receivables with limited indemnification from ELC's estate. The Court entered an order on January 24, 2011 approving the relief requested in the Cattle Payments Motion. (Dock. No. 234.)

2. Despite this order, Hohenberger has thus far refused to pay the Receivable because of the dispute over rights in and to the proceeds of the Subject Cattle.

3. On May 23, 2011, the Trustee filed the *Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 501] ("Purchase Money Claims Report"). The Purchase Money Claims Report asked for authority to transfer specific funds that the Trustee had thus far collected pursuant to the Cattle Payments Motion (the "Cattle Sales Proceeds") to the Trustee's operating account free and clear of liens, claims and encumbrances. Because Hohenberger had and has not paid the Receivable, the Receivable Proceeds were not and could not have been included in the listing of the Cattle Sales Proceeds that the Trustee sought to transfer to his operating account.

4. Desiring to preserve and protect their rights to the Receivable and/or Receivable Proceeds, the Kremlin Parties filed the *Response And Objection Of Brent Kuehny d/b/a Dollar K Cattle Co., And The Bank Of Kremlin To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 544] (the "Kuehny/Kremlin Objection") on June 17, 2011. The Kuehny/Kremlin Objection

argued: "to the extent the Trustee has or subsequently receives the [Receivable] that Hohenberger agreed to pay [ELC] for the cattle…such funds belong to Kuehny subject to the security interest of Kremlin." (Kuehny/Kremlin Objection, ¶ 24.)

5. The Kuehny/Kremlin Objection also argued that the Subject Cattle and Receivable are subject to a constructive trust in favor of Kuehny under Oklahoma law (the "Constructive Trust Issue").

6. Pursuant to orders entered on the Purchase Money Claims Report, and in order to resolve the Kuehny/Kremlin Objection as well as other similar asserted objections regarding actual Cattles Sales Proceeds, the parties uploaded an agreed scheduling order. The Court entered the *Scheduling Order Regarding Contested Matter Involving Trustee's Purchase Money Claims Report and Objections Filed by SOLM, Crumpler Bros., Kuehny and The Bank of Kremlin* [Dock. No. 622] (the "Scheduling Order") on July 25, 2011.

7. The Scheduling Order requires that the Trustee and any interested party file on or before September 30, 2011 a memorandum of law on the issue of whether the Receivable Proceeds are subject to the prior, perfected security interest asserted by Kremlin (the "Kremlin Issue"). Any response thereto must then be filed on or before October 14, 2011, with arguments to be heard by the Court at the October omnibus hearing.

8. The Scheduling Order also requires that on or before September 30, 2011, the Kremlin Parties, either individually or collectively with other specified objectors, shall file a memorandum (an "Objector's Dispositive Issue Memorandum") that asserts with specificity the legal basis and pertinent facts for the objector's position on "whether applicable state law can operate to impose a constructive trust over proceeds of [ELC]'s sale of cattle absent a prepetition judicial determination impressing such a constructive trust over [ELC]'s assets" (the "Dispositive

3

Issue"). Any response to an Objector's Dispositive Issue Memorandum is to be filed on or before October 14, 2011. The Scheduling Order goes on to provide further briefing deadlines regarding the Constructive Trust Issue provided that the Court rules for the objectors on the Dispositive Issue.

9. However, the Trustee believes that no party has yet asked the Court to make any finding or enter any order regarding the Receivable or the Receivable Proceeds. As a result, neither the Kremlin Issue nor the Constructive Trust Issue is yet ripe or properly before the Court and there is nothing for the Court to decide.

10. In light of this, the Trustee asks that the Court grant this Motion so that the "Kremlin Issue" and "Constructive Trust Issue" can properly come before the Court.

11. Nothing contained herein shall waive any party's rights in or claims to the Receivable or the Receivable Proceeds. All liens, claims and encumbrances, including the Trustee's execution lien under 11 U.S.C. § 544, shall attach to the Receivable Proceeds in the same order, extent and validity as such liens, claims and encumbrances currently exist in the Receivable.

WHEREFORE, the Trustee respectfully requests that the Court enter an order 1) authorizing the Trustee to collect the Receivable, 2) directing the Trustee to hold the Receivable Proceeds, after collection, in a segregated account pending determination of rights, claims, interests and liens thereto on the schedule set forth in the Scheduling Order, as continued, and 3) continuing the briefing schedule contained in the Scheduling Order for thirty days. Thereafter, the Trustee asks that the Court enter an order authorizing the Trustee to transfer the Receivable Proceeds to his general operating account free and clear of any liens, claims and/or

4

encumbrances, save those of Fifth Third Bank. The Trustee further asks for such other and further relief as is just and equitable.

                Respectfully submitted,

                BAKER & DANIELS, LLP

                By: /s/ Dustin R. DeNeal

| | |
|---|---|
| James M. Carr (#3128-49) | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| Robert K. Stanley (#1745-49) | |
| Terry E. Hall (#22041-49) | |
| Dustin R. DeNeal (#27535-49) | |
| BAKER & DANIELS, LLP | |
| 300 N. Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| jim.carr@bakerd.com | |
| robert.stanley@bakerd.com | |
| terry.hall@bakerd.com | |
| dustin.deneal@bakerd.com | |

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
wendy.ponader@bakerd.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 30, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |

5

BDDB01 6881363v3

| | | |
|---|---|---|
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com<br>Sean T. White<br>swhite@hooverhull.com | John M. Rogers<br>johnr@rubin-levin.net<br><br>Robert H. Foree<br>robertforee@bellsouth.net | John David Hoover<br>jdhoover@hooverhull.com<br><br>Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | | |

I further certify that on September 30, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Dustin R. DeNeal