IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **In re** § <br> § <br> **Eastern Livestock Co., LLC** § <br> § <br> § <br> **Debtor.** § <br> § | Chapter 11 <br><br> Case No. 10-93904-BHL-11 <br><br> Hon. Basil H. Lorch III |

### J&F OKLAHOMA HOLDINGS INC.'S MEMORANDUM IN OPPOSITION ON KREMLIN ISSUE MEMORANDUM

J & F OKLAHOMA HOLDINGS, INC. ("J&F") submits this Memorandum concerning the Kremlin Issues, as defined in the Scheduling Order of July 25, 2011 [Doc. No. 622] (the "Scheduling Order").

#### Summary of Memorandum

1. The Scheduling Order required interested parties to state their positions concerning the "Kremlin Issue." As applicable to J&F, the Kremlin Issue is whether the Bank of Kremlin has a security interest in 200 steers J&F bought from Mark Hohenberger ("Hohenberger"), who bought them from Eastern Livestock Co., LLC ("ELC"), which bought them from the bank's borrower, Brent Kuehny dba Dollar K Cattle Co. ("Kuehny").

2. This Memorandum identifies fact and legal issues that J&F contends the Bank of Kremlin must address to support its claim against J&F.

#### Facts

3. The Bank of Kremlin alleges that its borrower, Brent Kuehny dba Dollar K Cattle ("Kuehny") sold 200 steers to ELC on 11-01-10 for $158,636.31, that ELC sold the cattle to Mark Hohenberger for $158,494.02, and that Hohenberger sold the cattle to J&F for $167,308.93. Kremlin further alleges that ELC's check to Kuehny did not clear, and that although J&F paid Hohenberger, Hohenberger stopped payment on his check to ELC and now holds the funds. (Doc. 544, paragraphs 7 – 10].

4.  According to the "Purchase Money Proof of Claim" [Claim 242], to which Hohenberger is a party, Hohenberger stopped payment on his check to ELC and is now holding $158,494.02 in escrow.

## Legal Arguments

5.  The Bank of Kremlin apparently asserts that its security interest continues through the sale by Kuehny to ELC to Hohenberger to J&F. It asserted that the state law of Oklahoma governs [Doc. no. 544, paragraph 13], and has cited to UCC § 9.320. Under that statute, a "buyer in ordinary course of business, other then a person buying farm products from a person engaged in farming operations, takes free of a security interest created by the buyer's seller ...."

6.  In the typical lien continuation claim, a bank seeks to collect payment from a buyer who bought farm products from the bank's customer. But in this case, the Bank's loan customer was Brent Kuehny, who did not sell cattle to J&F. Instead, Kuehny sold cattle to ELC, which then sold them to Hohenberger, who then sold them to J&F. Kremlin is therefore making a "thrice removed" lien continuation claim.

7.  Defenses that must be addressed under this claim include the following:

    a.  Was Kuehny a "person engaged in farming operations?

    b.  Did the cattle become "inventory" when Kuehny placed them in the possession of ELC, a dealer?

    c.  Did Bank of Kremlin perfect a security interest in "inventory" under the UCC?

    d.  Did Bank of Kremlin perfect a security interest under the Food Security Act, 7 USC 1631?

    e.  Did Bank of Kremlin waive its interest by authorizing a sale?

    f.  Did Bank of Kremlin waive its interest by course of dealing?

    g.  Is Bank of Kremlin estopped from asserting it security interest?

    h.  Did Bank of Kremlin's acquiescence in allowing Keuhny to deliver the cattle to ELC, a dealer, constitute entrustment to a merchant under UCC 2.403(3)? *See* Official Comment 3, Example 2, to 9.320).

    i.  Does the "created by the seller" exception to the farm products rule of UCC 9.302 apply through the multiple transactions involved here?

j. Do the shelter rules of UCC 2.403, which allows a party with voidable title, such as ELC and Hohenberger, apply to permit them to pass along to a buyer like J&F better title than they did?

8. In addition, the Bank of Kremlin should address whether the doctrine of marshaling of assets applies.

9. The Bank of Kremlin should therefore be required to demonstrate facts to support any claim against J&F.

Respectfully submitted,

David L. LeBas, SBN 12098600
NAMAN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Highway, Ste. 490
Austin, Texas 78731
(512) 479-0300
FAX (512) 474-1901

and

Mark A. Robinson
VALENTI HANLEY & ROBINSON, PLLC
1950 One Riverfront Plaza
401 West Main Street
Louisville, KY 40204
(502) 568-2100
FAX (502) 568-2101
mrobinson@brhlaw.com

By: /s/ David L. LeBas

**ATTORNEYS FOR J & F OKLAHOMA HOLDINGS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing was served on this the 30th day of September, 2011, via electronic and/or U.S. Mail, upon all parties entitled to receive such notice as provided by the electronic case filing system used by the court.

/s/ David L. LeBas