United States Bankruptcy Court
Southern District of Indiana

In re:  
Eastern Livestock Co., LLC  
      Debtor

Case No. 10-93904-BHL  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0756-4     User: edixon     Page 1 of 1     Date Rcvd: Sep 28, 2011  
Form ID: pdfOrder     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 30, 2011.  
aty     +C. R. Bowles, Jr,     Greenbaum Doll & McDonald,     101 S. 5th St.,     Louisville, KY 40202-3197

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.     TOTAL: 0

***** BYPASSED RECIPIENTS *****  
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 30, 2011**          **Signature:** _Joseph Speetjens_

SO ORDERED: September 28, 2011.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**AGREED SCHEDULING ORDER ON CONTESTED MATTER INVOLVING FIRST BANK'S RESERVED OBJECTIONS TO TRUSTEE'S PURCHASE MONEY CLAIMS REPORT**

This matter came before the Court on: (1) *Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 501] ("Purchase Money Claims Report"), (2) *The First Bank and Trust Company's Objection To Trustee's Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 519] ("First Bank Objection"), (3) *[The First Bank and Trust Company] Supplemental Objection To Trustee's Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 554] ("Second First Bank Objection"), (4) *The First Bank and Trust Company's Second Supplemental Objection To Trustee's Motion To Transfer Funds*

*And Notice Of Release Of Proceeds From Account* [Dock. No. 653] ("Third First Bank Objection"), and (5) *The First Bank and Trust Company's Third Supplemental Objection To Trustee's Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 668] as amended by *The First Bank and Trust Company's Amended Third Supplemental Objection To Trustee's Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 669] (the "Fourth First Bank Objection" and collectively with the First Bank Objection, Second First Bank Objection and Third First Bank Objection, the "Objections"). The First Bank and Trust Company ("First Bank") has claimed in the Objections that Eastern Livestock Co., LLC may not be the rightful owner of certain cattle sale proceeds designated in the Purchase Money Claims Report.

On September 1, 2011, the Court entered the *Final Order Regarding Trustee's Purchase Money Claims Report* [Dock. No. 691] ("Final Order"). Paragraph 5 provides that the Trustee and First Bank "shall upload agreed scheduling orders for proceedings to resolve each of the Reserved Objections, if no related adversary proceedings have been filed". (Final Order, ¶5.) The Court, having considered the parties' proposal, their pleadings, and the other papers filed regarding this Contested Matter, and being duly advised in the premises, now ORDERS the following:

1. Initial Disclosures. The Trustee and First Bank shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before November 7, 2011.

2. Discovery. All written discovery shall be served on or before December 5, 2011. All depositions shall be completed no later than January 12, 2012.

3. <u>Stipulated Facts and Simplification of Issues</u>. On or before January 30, 2012, the parties shall file with the Court a stipulation of material facts not in dispute and a notice identifying their suggested fact and legal issues to be decided by the Court.

4. <u>Dispositive Motions</u>. Any dispositive motions shall be filed on or before February 28, 2012. Briefing shall be in accordance with the Federal Rules of Civil Procedure and local rules.

5. <u>Further Hearings on Contested Matter</u>. If no dispositive motion is filed or if issues remain following rulings on dispositive motions, the Court will schedule a final hearing regarding the Contested Matter.

6. <u>Mediation</u>. Nothing contained herein shall prevent the parties from mediating the issues and/or claims between the parties. Should the parties agree to mediate any or all issues, they shall file a "Notice of Mediation" with the Court and request that the Court extend the deadlines set forth herein.

7. <u>Adversary Proceeding</u>. Nothing contained herein shall preclude the parties from commencing an adversary proceeding to resolve these and other matters between the parties. If an adversary proceeding involving the parties is commenced, the deadlines set forth herein may be extended, modified and/or replaced as appropriate.

8. <u>No Transfer of Cattle Sales Proceeds</u>. The Trustee shall not transfer any of the Cattle Sales Proceeds (as that term is defined in the Purchase Money Claims Report) that are the subject of the First Bank Objections without further order of the Court. However, nothing in this Order shall preclude the Trustee from transferring to his general operating account any Cattle Sales Proceeds that are not the subject of the First Bank Objections.

###