IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |
| | ) | |

**JOINT MOTION AND FIRST STIPULATION**
**REGARDING DISCOVERY PROTOCOLS**

James Knauer, Chapter 11 Trustee for Eastern Livestock Company LLC ("Debtor"), and Superior Livestock Auction, Inc. ("Superior"), by their respective counsel (collectively "Movants") hereby stipulate and respectfully move the Court to enter an Order approving the discovery protocols described below.  Movants agree that these proceedings will be assisted by establishing protocols regarding discovery requests and the use and exchange of information, including documents and electronically stored information ("ESI").  These protocols are intended to supplement and clarify the Federal Rules of Civil Procedure, the Bankruptcy Rules for Adversary Proceedings and Contested Matters, and the Court's Local Rules[1], however, any ambiguities in these protocols are intended to be resolved in favor of the standing rules of this Court. Counsel for Friona Industries, L.P., Cactus Growers, Inc., J&F Oklahoma Holdings, Inc., First Bank and Trust Company and Fifth Third Bank also reviewed the Agreement, provided input, and authorized the undersigned to report to the Court that they have no objection to the proposed protocols.

---

[1] United States Bankruptcy Court Southern District of Indiana Local Rules (June 1, 2010) (http://www.insb.uscourts.gov/WebForms/LocalRules.pdf).

1

Pursuant to Fed. R. Civ. P. 26(f)(3), as incorporated in Federal Rules of Bankruptcy Procedure 7026, Movants respectfully request the Court to approve and enforce this initial discovery plan and the protocols set forth below for the current and future proceedings in this Chapter 11, subject to further modifications and orders of the Court.  In further support of their joint motion, Movants stipulate as follows:

1. **DISCOVERY REQUESTS**

    a. These protocols are intended to apply to requests for production of documents, interrogatories, requests for admissions, Federal Rules of Bankruptcy Procedure 2004 examinations, and any subpoena *duces tecum* (collectively "Discovery Requests").

    b. Any party making Discovery Requests ("Requesting Party") on a party or nonparty shall serve a Notice of Discovery Request in both the Debtor's Bankruptcy Case and in each adversary proceeding in which the Discovery Requests are made ("Discovery Notice").

    c. The Requesting Party shall serve the Discovery Notice, by ECF or otherwise, upon parties who have agreed, in writing, to be bound by the provisions of the Stipulated Confidentiality Agreement and have filed the signed Acknowledgement in this case.[2] ("Discovery Notice Parties").  A Requesting Party may serve Discovery Request on any party in this Chapter 11 without first filing a formal motion under Federal Rules of Bankruptcy Procedure 2004.  A Discovery Request is presumed granted unless timely and specific objections are made and resolution cannot be reached under the procedures set forth below in Section 5.

---

[2] The Acknowledgment is attached as Exhibit A to the Stipulated Confidentiality Agreement, also filed with the Court.

2

        d.      For each Discovery Request served prior to the date of this motion, the party that requested discovery shall serve a document captioned "Notice of Pre-Protocols Discovery Requests" in the Debtor's Bankruptcy Case.  The notice shall list the title of each Discovery Request and identify each person or entity on which Discovery Requests previously were served.  Within 20 days of the Court's entry approving these protocols, the notice shall be served, by ECF or otherwise, upon the Notice Parties.  Copies of the Discovery Requests described in the notice shall be provided in response to written requests.  If requested, responses to the Discovery Requests, including hard-copy documents and electronically stored information, shall be made available to any party and produced in accordance with these protocols.

**2.**      <u>**RESPONSES TO DISCOVERY REQUESTS**</u>

        a.      The recipient of a Discovery Request ("Recipient") shall have 30 days from service to respond unless a shorter or longer time is agreed to by the Recipient and the Requesting Party or granted by the Court.

        b.      All responses to Discovery Requests shall be made in accordance with these protocols unless otherwise ordered by the Court.  A Discovery Request served on nonparties shall include a copy of these protocols and the Court's order.

        c.      If a Discovery Request is not made in accordance with these protocols, the Recipient may make a written objection to the Requesting Party within 15 days of service of the Discovery Request.  Following a written objection, the Discovery Request is invalid.  The Requesting Party and Recipient shall attempt to resolve the objection under the procedures set forth below in Section 5 before bringing their dispute before the Court.

**3.     PRODUCTION OF DOCUMENTS AND ESI**

a.     Except as limited in this paragraph, all documents or stored information that currently exists in electronic form shall be produced in electronic form in these proceedings in the manner required by Fed. R. Civ. P. 34(b).  Documents that currently exist in hard copy form may be produced either in hard copy or in electronic image form in these proceedings as provided below.  For documents produced in electronic format, each document's electronic image shall convey the same information as the original document.  Documents shall be produced with alphanumeric Bates numbers to identify the Recipient of the Discovery Requests.  E.g., "ABCBank001234".

b.     Electronic images shall be produced in an electronic, text-searchable format such as PDFs or TIFFs with a corresponding text file wherever possible.  Large document productions of more than 1,000 images generated from native electronic documents shall be saved electronically (or "printed") in a Group 4 compression single-page "TIFF" image format that reflects the full and complete information contained on the original document.  The images shall be produced along with a "load file" to accompany the images, which load file shall include information about where each document begins and ends to facilitate the use of the produced images through a document management or litigation support database system.  The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

c.     No party is required to search back-up storage media for responsive information or documents in the first instance.  The right to request a search of back-up media is

4

preserved and nothing in these protocols is intended to restrict a party's right to seek cost shifting or cost sharing in the event that a search or production of back-up media is required.

      d.      The inadvertent production of material that is subject to the attorney-client privilege, work product doctrine or other privilege, protection or immunity from discovery shall not be deemed to be a waiver of the Recipient's right to assert a claim of privilege, work product or other protection or immunity with respect to the produced materials and/or any materials related to the subject matter thereof.

      e.      The inadvertent disclosure of documents or ESI that are privileged or otherwise immune from discovery shall be disclosed promptly upon discovery of such inadvertent disclosure. Such inadvertently produced documents, including all copies, shall be returned within 10 days of receiving such a written request.  The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

    **4.**    **ACCESS TO AND PRESERVATION OF DOCUMENTS AND ESI**

      a.      Any party who received notice relating to the preservation of documents and electronically stored information does not need to take any extraordinary measures or bear any undue burden or unreasonable expense to comply with such a notice.

      b.      The Eastern Livestock Trustee shall establish a secure file-transfer protocol (FTP) facility with Internet access to be used for storage and preservation of documents and ESI produced in these proceedings.  The Trustee shall maintain and preserve the materials on the FTP site for the duration of these proceedings or further order of the Court.

  c. Access to materials stored on the FTP site will be limited to those who have reviewed and agreed in writing to the restrictions established in the parties' Stipulated Confidentiality Agreement. All materials designated as "Confidential" or "Attorneys Eyes Only" that are stored on the FTP site shall be clearly labeled as such. The Trustee shall not be responsible for enforcing the confidentiality stipulation with respect to the FTP site materials.

  d. Recipients of Discovery Requests and parties may elect to provide copies of their Discovery Requests, Responses, documents, ESI and other materials to the Trustee to make available on the secure FTP site. All materials added to the FTP site shall be Bates-numbered in accordance with Section 3(a) above and the party depositing materials with the Trustee shall be responsible for adding Bates numbers, if necessary.

  e. Materials copied to the Trustee's FTP site need not be copied again in response to Discovery Requests or other requests for information. Copies of any materials produced in discovery that are not provided to the Trustee shall be maintained by the requesting party for the duration of these Chapter 11 proceedings unless otherwise ordered by the Court.

  f. All materials copied to the Trustee's FTP site shall be presumed to be authentic copies of materials as they were produced in response to Discovery Requests.

**5. <u>RESOLUTION OF DISPUTES RELATING TO DISCOVERY REQUESTS</u>**

  a. With respect to any disputes relating to Discovery Requests or these protocols, the Requesting Parties and Recipients will first attempt to resolve the dispute by exhausting extra-judicial efforts as required by S.D. Ind. B-9014 (which incorporates S.D. Ind. L.R. 37.1).

    b.  If agreement cannot be reached through extra-judicial efforts, then the parties may request a telephone conference with the Court to address the dispute. If resolution cannot be reached through a telephone conference with the Court, then, unless the Court directs or orders otherwise, the dispute may be presented to the Court by motion. These protocols shall not control and will have no impact on the resolution of any dispute relating to Discovery Requests in this Chapter 11.

Respectfully submitted,

| */s/ Christie A. Moore* <br> John W. Ames <br> C.R. Bowles, Jr. <br> Christie A. Moore <br> Ivana B. Shallcross <br> GREENEBAUM DOLL & MCDONALD, PLLC <br> 3500 National City Tower <br> 101 South Fifth Street <br> Louisville, Kentucky 40402 <br> Phone: 502-587-3746 <br> Facsimile: 502-540-2274 <br> e-mail: cm@gdm.com <br>    jwa@gdm.com <br>    crb@gdm.com <br>    ibs@gdm.com <br> COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC. | */s/ Kevin M. Toner* <br> Kevin M. Toner <br> Shawna Eikenberry <br> BAKER & DANIELS, LLP <br> 300 N. Meridian Street <br> Suite 2700 <br> Indianapolis, Indiana 46204 <br> Phone: 317-237-1200 <br> Facsimile: 317-237-1000 <br> email: kevin.toner@bakerd.com <br>    Shawna.eikenberry@bakerd.com <br><br> COUNSEL FOR EASTERN LIVESTOCK CO., LLC |
|---|---|

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 5, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

                            */s/ Christie A. Moore*
                            Christie A. Moore

4527675_1.doc