**SO ORDERED: October 26, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER GRANTING TRUSTEE AUTHORITY TO 1) COLLECT RECEIVABLE, 2) HOLD RECEIVABLE PROCEEDS IN SEGREGATED ACCOUNT PENDING DETERMINATION OF RIGHTS THEREIN, 3) TRANSFER RECEIVABLE PROCEEDS TO OPERATING ACCOUNT AFTER SUCH DETERMINATION AND 4) CONTINUING BRIEFING SCHEDULE ON THE FOREGOING**

This matter came before the Court on the *Motion Requesting Entry of an Order Granting Trustee Authority to Collect Receivable, 2) Hold Receivable Proceeds in Segregated Account Pending Determination of Rights Therein, 3) Transfer Receivable Proceeds to Operating Account After Such Determination and 4) Continuing Briefing Schedule on the Foregoing* [Dock. No. 732] ("Motion")[1] filed by James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee") with the consent and authority of Brent Kuehny d/b/a Dollar K Cattle Co. ("Kuehny") and The Bank of Kremlin ("Kremlin" and collectively with Kuehny, the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

BDDB01 6881396v4

"Kremlin Parties").  The Motion requests entry of an order 1) authorizing the Trustee to collect the Receivable with all liens, claims and encumbrances to attach to the proceeds thereof in the same order, extent and validity as they currently exist in the Receivable, 2) directing the Trustee to hold the Receivable Proceeds, after collection, in a segregated account pending determination of rights, claims, interests and liens thereto on the schedule set forth in the Scheduling Order, as modified herein, and 3) continuing the briefing schedule contained in the Scheduling Order for thirty days.  The Motion also asks that the Court enter an order, after determining rights in and to the Receivable Proceeds, authorizing the Trustee to transfer the Receivable Proceeds to his general operating account free and clear of any liens, claims, interests and/or encumbrances, save those of Fifth Third Bank.

Upon the consideration of the Motion, and any objections to the Motion, the Court now being duly advised finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been served and that no other or further notice is necessary; (v) granting the relief requested on an emergency basis is necessary to preserve and maximize assets of the estate and (vi) upon the record in this case and after due deliberation good and sufficient cause exists for the granting of the relief requested.  Accordingly,

IT IS THEREFORE ORDERED that:

A. The Motion is granted and any objections thereto are overruled.

B. The Trustee is authorized to collect the Receivable with all liens, claims interests and encumbrances, including the Trustee's execution lien under 11 U.S.C. § 544,

attaching to the Receivable Proceeds in the same order, extent and validity as such liens, claims and encumbrances currently exist in or against the Receivable.

  C. The Court's granting of the Motion shall not have any impact, legally, factually, equitably or otherwise on any lien, claim, interest or encumbrance that may be asserted against the Receivable Proceeds nor shall it have or be deemed to have any preclusive effect (including but not limited under the doctrines of res judicata, collateral estoppel, law of the case or other similar doctrines).

  D. The Trustee shall hold the Receivable Proceeds in a segregated account pending determination of rights thereto.

  F. After payment of the Receivable, Hohenberger shall be indemnified by the Chapter 11 estate, up to the amount of the Receivable, against any claims by third parties related to Hohenberger's payment of the Receivable to the Trustee.

  G. Third parties are hereby enjoined and estopped from asserting claims that are related to the Receivable or Receivable Proceeds against Hohenberger.  Such claims are stayed pursuant to 11 U.S.C. § 362 and shall be resolved pursuant to this Order.

  H. On or before October 31, 2011, the Trustee and any other party that claims an interest in the Receivable Proceeds may file a memorandum of law setting forth any basis as to why Kremlin does not have a prior perfected security interest in the Receivable Proceeds (the "Kremlin Issue Memorandum").  Any reply to the Kremlin Issue Memorandum must be filed on or before November 14, 2011.

  I. On or before October 31, 2011, the Kremlin Parties, either individually or collectively, shall file a memorandum (a "Dispositive Issue Memorandum") that asserts with specificity the legal basis for the argument that "applicable state law can operate to impose a

constructive trust over proceeds of [ELC]'s sale of cattle absent a prepetition judicial determination impressing such a constructive trust over [ELC]'s assets" (the "Dispositive Issue"). Stockman Oklahoma Livestock Marketing, Inc. ("SOLM") and Crumpler Bros. ("Crumpler") may also participate in the briefing on the Dispositive Issue by joining a Dispositive Issue Memorandum or by filing their own Dispositive Issue Memorandum. Any response to a Dispositive Issue Memorandum shall be filed on or before November 14, 2011.

J. The Court shall hear arguments on rights in or to the Receivable Proceeds, including the Kremlin Issue and the Dispositive Issue, at the November omnibus hearing in this chapter 11 case.

K. The Court's decision on the Kremlin Issue and Dispositive Issue shall bind, in addition to Kuehny, Kremlin, and the Trustee, only those parties who file a Kremlin Issue Memorandum, a response thereto, a Dispositive Issue Memorandum or a response thereto. The Court's decision shall bind the parties only as to the Kremlin Issue and the Dispositive Issue.

L. Should the Court's decision find for the Kremlin Parties on the Dispositive Issue (i.e., that the objectors may be entitled to the imposition of a constructive trust), the parties shall submit a further scheduling order within fourteen (14) days of the entry of the Court's order on the Dispositive Issue that contemplates deadlines for factual discovery and further evidentiary hearings on the Constructive Trust Issue.

M. To the extent that the provision of this Order conflict with the provisions of any previously entered Order, the provisions of this Order shall prevail.

###