United States Bankruptcy Court
Southern District of Indiana

In re:  
Eastern Livestock Co., LLC  
      Debtor

Case No. 10-93904-BHL  
Chapter 11

## CERTIFICATE OF NOTICE

District/off: 0756-4    User: edixon    Page 1 of 1    Date Rcvd: Oct 25, 2011
                         Form ID: pdfOrder    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2011.
aty        +C. R. Bowles, Jr,   Greenbaum Doll & McDonald,  101 S. 5th St.,   Louisville, KY 40202-3197

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.    TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 27, 2011**                    **Signature:**   */s/ Joseph Speetjens*

SO ORDERED: October 24, 2011.



Basil H. Lorch III
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**AGREED SCHEDULING ORDER REGARDING CONTESTED MATTER INVOLVING TRUSTEE'S PURCHASE MONEY CLAIMS REPORT AND OBJECTIONS FILED BY BLUEGRASS STOCKYARDS OF CAMPBELLSVILLE, LLC, BLUEGRASS STOCKYARDS OF RICHMOND, LLC, AND PIEDMONT LIVESTOCK COMPANY, INC.**

This matter came before the Court on the *Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 501) ("Purchase Money Claims Report")  filed on May 23, 2011 by James A. Knauer, the chapter 11 trustee appointed in this case (the "Trustee"), the *Bluegrass Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass-Maysville Stockyards, LLC, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., and Southeast Livestock Exchange, LLC's Objection To The Trustee's Purchase Money Claims Report, Motion*

*To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 539] (the "Initial Objection"), and the *Bluegrass Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass-Maysville Stockyards, LLC, East Tennessee Livestock Center, Inc., Piedmont Livestock Company, Inc., and Southeast Livestock Exchange, LLC's Supplemental Objections To Trustee's Motion Regarding Payment Of Cattle Sale Proceeds* [Dock. No. 651] (the "Supplemental Objection" and collectively with the Initial Objection, the "Objections"). The Objections assert, among other things, that Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC and Piedmont Livestock Company, Inc. (collectively, the "Objectors") possess superior rights in or to certain proceeds arising from Eastern Livestock Co., LLC's sale of cattle that were originally purchased from or through the Objectors.

On September 1, 2011, the Court entered the *Final Order Regarding Trustee's Purchase Money Claims Report* [Dock. No. 691] (the "Final Order"). Paragraph 5 of the Final Order provided that the Trustee and the Objectors "shall upload agreed scheduling orders for proceedings to resolve each of the Reserved Objections, if no related adversary proceedings have been filed". (Final Order, ¶5.) This Order is entered pursuant to the Final Order to set forth proceedings to resolve the contested matter involving the Objections (the "Contested Matter"). The Court having considered all of the pleadings and other papers filed regarding this Contested Matter, and being duly advised in the premises, now ORDERS the following:

1. Initial Disclosures. The Trustee and the Objectors shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before December 7, 2011.

2. <u>Factual Discovery</u>.  All factual discovery shall be served on or before January 9, 2012.  All depositions shall be completed no later than February 20, 2012.

3. <u>Stipulated Facts and Simplification of Issues</u>.  On or before March 5, 2012, the parties shall file with the Court a stipulation of material facts not in dispute and a notice identifying their suggested fact and legal issues to be decided by the Court.

4. <u>Dispositive Motions</u>.  Any dispositive motions shall be filed on or before March 30, 2012.  Briefing shall be in accordance with the Federal Rules of Civil Procedure and local rules.

5. <u>Further Hearings on Contested Matter</u>.  If no dispositive motion is filed or if issues remain following rulings on dispositive motions, the Court will schedule a final hearing regarding the Contested Matter.

6. <u>Mediation</u>.  Nothing contained herein shall prevent the parties from mediating the issues and/or claims between the parties.  Should the parties agree to mediate any or all issues, they shall file a "Notice of Mediation" with the Court and request that the Court extend the deadlines set forth herein.

7. <u>Adversary Proceeding</u>.  Nothing contained herein shall preclude the parties from commencing an adversary proceeding to resolve these and other matters between the parties.  If an adversary proceeding involving the parties is commenced, the deadlines set forth herein shall be extended, modified and/or replaced as appropriate.

8. <u>No Transfer of Cattle Sales Proceeds</u>.  The Trustee shall not transfer any of the Cattle Sales Proceeds (as that term is defined in the Purchase Money Claims Report) that are the subject of the Objections without further order of the Court. However, nothing in this

Order shall preclude the Trustee from transferring to his general operating account any Cattle Sales Proceeds that are not the subject of the Objections.

        9.      <u>Extension of Deadlines.</u>  Nothing herein shall preclude the parties from extending the deadlines set forth herein by agreement, or from requesting an extension from the Court.

###