United States Bankruptcy Court
Southern District of Indiana

In re:
Eastern Livestock Co., LLC
Debtor

Case No. 10-93904-BHL
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0756-4 User: edixon Page 1 of 1 Date Rcvd: Oct 25, 2011
Form ID: pdfOrder Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 27, 2011.

aty +C. R. Bowles, Jr, Greenbaum Doll & McDonald, 101 S. 5th St., Louisville, KY 40202-3197

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****

NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 27, 2011** **Signature:** Joseph Speetjens

**SO ORDERED: October 24, 2011.**



/s/ Basil H. Lorch III

**Basil H. Lorch III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| IN RE: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**AGREED SCHEDULING ORDER ON CONTESTED MATTER INVOLVING JOPLIN'S RESERVED OBJECTIONS TO TRUSTEE'S PURCHASE MONEY CLAIMS REPORT**

This matter came before the Court on: (1) *Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 501] ("Purchase Money Claims Report"), (2) *Joplin Regional Stockyards' Joinder In The Objection To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 515] ("First Joplin Objection"), (3) *Supplemental Objection Of Joplin Regional Stockyards To The Trustee's Purchase Money Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 542] ("Second Joplin Objection"), and (4) *Joplin Regional Stockyards and Superior Livestock Auction, Inc.'s Further Supplemental Objection To The Trustee's Purchase Money*

*Claims Report, Motion To Transfer Funds And Notice Of Release Of Proceeds From Account* [Dock. No. 553] ("Third Joplin Objection") (collectively, the "Objections"). Joplin Regional Stockyards ("Joplin") has claimed in the Objections superior rights to certain cattle sale proceeds arising from Eastern Livestock Co., LLC's sale of cattle originally purchased from or through Joplin's stockyards.

On September 1, 2011, the Court entered the *Final Order Regarding Trustee's Purchase Money Claims Report* [Dock. No. 691] ("Final Order"). Paragraph 5 provides that the Trustee and Joplin "shall upload agreed scheduling orders for proceedings to resolve each of the Reserved Objections, if no related adversary proceedings have been filed". (Final Order, ¶5.) The Court, having considered the parties' proposal, their pleadings, and the other papers filed regarding this Contested Matter, and being duly advised in the premises, now ORDERS the following:

1. Initial Disclosures. The Trustee and Joplin shall exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before December 7, 2011.

2. Discovery. All written discovery shall be served on or before January 9, 2012. All depositions shall be completed no later than February 20, 2012.

3. Stipulated Facts and Simplification of Issues. On or before March 5, 2012, the parties shall file with the Court a stipulation of material facts not in dispute and a notice identifying their suggested fact and legal issues to be decided by the Court.

4. Dispositive Motions. Any dispositive motions shall be filed on or before March 30, 2012. Briefing shall be in accordance with the Federal Rules of Civil Procedure and local rules.

5. Further Hearings on Contested Matter. If no dispositive motion is filed or if issues remain following rulings on dispositive motions, the Court will schedule a final hearing regarding the Contested Matter.

6. Mediation. Nothing contained herein shall prevent the parties from mediating the issues and/or claims between the parties. Should the parties agree to mediate any or all issues, they shall file a "Notice of Mediation" with the Court and request that the Court extend the deadlines set forth herein.

7. Adversary Proceeding. Nothing contained herein shall preclude the parties from commencing an adversary proceeding to resolve these and other matters between the parties. If an adversary proceeding involving the parties is commenced, the deadlines set forth herein may be extended, modified and/or replaced as appropriate.

8. No Transfer of Cattle Sales Proceeds. The Trustee shall not transfer any of the Cattle Sales Proceeds (as that term is defined in the Purchase Money Claims Report) that are the subject of the Joplin Objections without further order of the Court. However, nothing in this Order shall preclude the Trustee from transferring to his general operating account any Cattle Sales Proceeds that are not the subject of the Joplin Objections.

###