UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**FIFTH THIRD'S LIMITED STATEMENT AND MEMORANDUM IN SUPPORT OF TRUSTEE'S OMNIBUS REPLY TO OBJECTIONS TO PURCHASE MONEY CLAIMS REPORT**

Fifth Third Bank ("Fifth Third"), by and through undersigned counsel, hereby files this Limited Statement and Memorandum in Support of Trustee's Omnibus Reply to Objections to Purchase Money Claims Report [Dkt. 564] (the "Trustee's Objection"), and in support thereof, respectfully states as follows:

**Background**

On May 23, 2011, James M. Knauer, chapter 11 trustee ("Trustee") in the above-captioned case (the "Bankruptcy Case") filed the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account [Dkt. 501] (the "Purchase Money Claims Report").

Certain creditors and parties in interest objected to the relief sought by the Trustee in the Purchase Money Claims Report. Specifically, certain creditors and claimants objected to the relief sought in the Purchase Money Claims Report on the grounds that such creditor was the beneficiary of a constructive trust (collectively, the "Litigation Claimants").

On June 23, 2011, the Trustee filed the Trustee's Objection, noting that the Litigation Claimant's constructive trust arguments fail as a matter of law.

1

**Statement of Objection and Support Respecting Constructive Trusts**

    A. <u>Where No Constructive Trust was Imposed Prior to the Petition Date, No Property Interest Exists Which May Survive the Filing of a Petition in Bankruptcy</u>.

The Litigation Claimants would have this Court believe that they retained an equitable interest in certain *res* under a theory of "constructive trust". The Litigation Claimants would have us believe that this retained equitable interest means that the *res* in question never became part of the Debtor's Estate. Here, the Litigation Claimants make a critical error. A constructive trust is an exclusively remedial creature – a constructive trust does not serve to confer or confirm *any* property interest (equitable or otherwise) on or in the alleged trust "beneficiary" unless and until a court has actually ordered such relief. <u>See,</u> <u>Nova Tool & Engineering, Inc. v. Slamin</u>, 228 B.R. 678, 680; 686 (Bankr. N.D. Ind. 1998) (holding that imposition of a constructive trust postpetition is inappropriate where estate assets are insufficient to fully pay the claims of creditors) (citing <u>In re Omegas Group, Inc.</u>, 16 F.3d 1443, 1451 (6th Cir. 1994) ("entitlement to a constructive trust is not an 'equitable interest' in the debtor's estate existing prepetition, excluded from the estate by § 541(d)"); <u>Berger, Shapiro & Davis, P.A. v. Haeling</u>, 183 B.R. 149, 160 (Bankr. N.D. Ill. 1995) ("under Illinois law, constructive trust is a remedy for unjust enrichment, not the basis of a claim to ownership") (holding that imposition of a constructive trust postpetition is improper, as it impermissibly alters the priority and distribution rules of the Bankruptcy Code). Accordingly, without a prior court which imposes a constructive trust over specified and identified assets of the Debtor, no property interest vested in the Litigation Claimants which would survive the filing of a bankruptcy petition.

Imposition of a constructive trust, where no court has ordered such relief, also runs contrary to the purpose of a constructive trust. As an equitable remedy, imposition of a

2

constructive trust is disfavored, and imposed only in limited circumstances in an effort to right an otherwise inequitable result.  See, generally: Fibre Form Corporation v. Slamin (In re Nova Tool & Engineering, Inc.), 228 B.R. 678, (Bankr. N.D. Ind. 1998) (Noting that "A constructive trust…may be imposed only in limited circumstances to prevent unjust enrichment.") (internal citations omitted).  Imposing a constructive trust, without judicial determination of some equitable purpose served thereby, confers an extraordinary benefit upon a claimant who did not have to meet a single evidentiary burden.  Such a result is clearly contrary to law and equity, and must not stand.

Further, imposition of a constructive trust absent an order granting such remedy creates what is effectively a hidden property interest.  Hidden interests run directly contrary to the provisions and purposes of the uniform commercial code, favoring notice and open opportunity to assess title and other property interests.  See, In re Keystone General, Inc., 135 B.R. 275, 279 ("The rationale behind the [UCC] and the caselaw is the prevention of 'hidden-title subterfuge' which would occur if such a reservation of title was permitted.  A main purpose of the [UCC] is its overall scheme favoring notice filing; a hidden title provides no notice.").  More specifically, Section 2-401(1) of the Uniform Commercial Code provides that any attempt to retain title subsequent to delivery results merely in the retention of a security interest.  Any assertion, postpetition, that the Litigation Claimants retained title to assets of the Estate by virtue of an un-adjudicated and un-ordered "constructive trust" constitutes an attempt to retain title in contravention of Section 2-401(1)[1].  To hold otherwise would require that this Court vitiate the

---

[1] Confusion may often arise in the interpretation and application of UCC § 2-401(1) when this provision is read in conjunction with the subsequent provision of § 2-401(1), which states, seemingly contrarily, that: "Subject to these provisions and to the provisions of the Article on Secured Transactions (Article 9), title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed upon by the parties."  While at first blush this second provision appears to grant parties the power to agree that title remains vested in the seller beyond delivery (and, thus, creating a hidden property interest), case law makes clear that "[w]hile the Uniform Commercial Code does permit the parties some power by allowing the parties to agree as

3

provisions of the U.C.C. and adopt a position which recognizes hidden property interest in goods previously delivered to a bankrupt party. Such a result is inconsistent with the current body of law and, accordingly, must be rejected.

> B. "Constructive Trust" is a Remedy, Not an Independent Cause of Action which may be Asserted against the Estate.

A constructive trust is not a claim or an independent cause of action which a plaintiff may assert directly against an entity. See, Chosnek v. Rolley, 668 N.E.2d 202, 211 (Ind. Ct. App. 1997) ("[a] constructive trust…is more in the nature of an equitable remedy than an independent cause of action."); Fibre Form Corporation v. Slamin (In re Nova Tool & Engineering, Inc.), 228 B.R. 678, 685-686 (Bankr. N.D. Ind. 1998) (noting that a constructive trust is an equitable remedy) (internal citations omitted). As case law makes clear, a constructive trust is an equitable remedy which may be judicially imposed to redress a separate claim or cause of action. Berger, Shapiro & Davies, P.A. v. Haeling (In re Saul Foos), 183 B.R. 149, 157 (noting that a constructive trust is a "legal fiction, a common-law remedy in equity that may only exist by the grace of a judicial action.") (internal citations omitted). In the instant case, the Litigation Claims have asserted "constructive trust" as an independent cause of action against the estate and its assets, asking this Court to find that certain assets of the estate were, at all times, impressed with a constructive trust. In so doing, the Litigation Parties seek to circumvent the need to prove an

---

to when title will transfer, the Code and the caselaw place a limitation on this power. In short, if the seller attempts to retain title after delivery, or until paid in full, all the seller gets is a security interest." In re Keystone General, Inc., 135 B.R. 275, 279 (Bankr. S.D. Ohio 1991). An appropriate reading of UCC § 2-401(1) gives effect to both provisions, such that parties may explicitly decide when, where and how title transfers *so long as the parties do not agree that title transfers after delivery to buyer*. See: In re Bosson, 432 F. Supp. 1013, 1020-1021 (D. Conn. 1977) (The Code "negates any attempt to forestall passage of title beyond the moment of final delivery; contract language purporting to do so merely results in a security interest being retained"); In re Continental Fire Trucks, Inc., 33 B.R. 713, 715 (Bankr. D. Mass. 1983) (explicit agreement of parties that title would not pass until payment in full and delivery of documents of title does not prevent title from passing); In re Tom Woods Used Cars, Inc., 21 B.R. 560, 565 (Bankr. E.D. Tenn. 1982) ("It is important to understand that the parties to a sale can agree on when title passes only to a degree. Any retention or reservation of title in seller after delivery to buyer amounts to retention of a security interest").

4

independent cause of action and, further, that such action justifies the imposition of such an extraordinary remedy.  This is akin to a creditor asserting "specific performance" as an independent cause of action, rather than seeking specific performance *as a remedy for an underlying claim* for breach of contract – clearly, permitting a creditor to assert rights to specific performance absent judicial determination of an underlying contractual breach yields a ridiculous result.  The same is true in the instant case.

It is unsurprising that this avenue is attractive to a creditor in the instant case: by asserting the remedy as a claim, a higher claim priority may be asserted than is otherwise possible.  Were the Litigation Claimants to merely press forward on an underlying cause of action related to the alleged cattle sales and transactions with the Debtor, any fixed claim which may result would be an unsecured claim entitled to only the distribution which may be available for such class of creditors.  Asserting a purported "claim" of constructive trust, however, enables the Litigation Claimant to create a separated pool of assets, outside of the Debtor's estate, potentially sufficient to satisfy their otherwise unsecured claim *in full*.  In effect, asserting an independent claim for a "constructive trust" allows a creditor to receive what is in essence a priming priority status over all other creditors.

Such result is inconsistent with the orderly assemblage and distribution provisions and priorities detailed in the Bankruptcy Code.  To the extent that Litigation Claimants may hold claims or causes of action arising out of or related to any alleged cattle transactions, Fifth Third respectfully requests that such claims be addressed on their own merit.  Fifth Third further respectfully requests that any "claim" premised upon a theory of constructive trust be denied, as such claim states no independent grounds for relief.

C. Having Failed to Seek and Obtain the Remedy of Constructive Trust Prior to Entry of the Order for Relief, Objecting Parties May Not Now Seek Imposition of a Constructive Trust.

Fifth Third is aware of no case which would support the post-petition imposition of a constructive trust in a case such as this. See, The Oxford Organisation, Ltd. V. Peterson, 144 B.R. 385, 387 (N.D. Ill. 1992) ("We note initially that we are unaware of any case law supporting the judicial establishment, absent a specific statutory mandate, of a constructive trust upon funds held by a trustee in bankruptcy." Examples of statutory mandates identified by the court include federal income and FICA taxes). Imposition of a post-petition constructive trust effectively takes property which is *presently* part of the estate pursuant to § 541 of the Bankruptcy Code (and thus subject to the automatic stay provisions of § 362 of the Bankruptcy Code), and *removes* such property from the estate without compensation to the estate for such loss, and without protection for any creditor whose lien has attached to such property by virtue of its inclusion in the estate. Property which has become part of the estate under § 541 is not subject to distribution outside the provisions of the Bankruptcy Code. No party in interest has cited any authority for the proposition that property, once considered part of an estate under § 541, can be forcibly divested by a creditor and removed from the reach of the Bankruptcy Code.

Once the estate is created by the filing of a petition or the entry of an order for relief in an involuntary case, creditors of the estate are prohibited from "directing" the resolution of claims against the estate by prosecuting actions for particular relief. See, generally, 11 U.S.C. § 362. Once a bankruptcy proceeding is commenced, a creditor may no longer direct his or her remedy against the estate – this action is pre-empted by the distribution provisions of the Bankruptcy Code. No longer is a creditor permitted to commence or continue litigation, obtain or perfect a judgment, seek specific performance as a remedy on a claim, exercise any self-help remedy on a

6

claim, or engage in any other act to exercise control over property of the estate. 11 U.S.C. § 362. The very instant that this Court entered the Order for Relief in this Bankruptcy Case, creditors, including the Litigation Claimants, lost the ability to pursue independent remedies against the estate and its property. Instead, the Litigation Claimants may seek allowance of their claim(s) against the estate. If allowed, such claims will be treated in accordance with the provisions for treatment of such class of claims and in accordance with the provisions of the Bankruptcy Code.

In fact, as the Trustee correctly states in the Trustee's Objection, the imposition of a constructive trust post-petition is "anathema" to the provisions of the Bankruptcy Code. See: In re Omegas Group, Inc., 16 F.3d 1433 (6th Cir. 1994). See, also, The Oxford Organisation, Ltd. V. Peterson, 144 B.R. 385, 388 (N.D. Ill. 1992) ("…a constructive trust is fundamentally at odds with the general goals of the Bankruptcy Code…The reluctance of Bankruptcy Courts to impose constructive trusts without a substantial reason to do so stems from the recognition that each unsecured creditor desires to have his particular claim elevated above the others. Imposition of a constructive trust clearly thwarts the policy of ratable distribution and should not be impressed cavalierly.") (internal citations omitted). In the instant case, an number of potential claimants assert claims or causes of action arising out of cattle purchases and sales. No claim is particularly unique, no creditor more "worthy" than any other. Fifth Third knows of no party which has asserted that the estate contains sufficient assets to satisfy in full all claims of all creditors in every class. Multiple claimants assert a "constructive trust" over the same, limited pool of assets. Setting aside a discussion of the prior-perfected security interests held by Fifth Third and assuming, *arguendo*, that the limited pool of estate assets was available to satisfy only those claims of the Litigation Claimants, the imposition of a constructive trust in favor of one claimant necessarily reduces the common pool available for distribution to *similarly* and even

*identically* situated creditors. Rather than serve as a remedy and guard *against* an inequitable result, imposition of a constructive trust would *create* an inequitable result. See, Fibre Form Corporation, 228 B.R. at 685 (Where assets are insufficient to fully pay the claims of creditors, the debtor will not be unjustly enriched as no assets are available to distribute to the debtor as a reward for its misconduct. "The only ones who would be deprived of anything will be debtor's other creditors, because their less than complete recovery would be reduced even further by setting aside a significant asset of the estate exclusively for [one creditor's] benefit. This is not a situation in which the court should impose a constructive trust."). Equitable remedies cannot be utilized in such a way as to create a result more inequitable than the wrong sought to be remedied.

As discussed herein above, imposition of a constructive trust post-petition also has the effect of impermissibly altering the distribution provisions of the Bankruptcy Code. See: Berger, Shapiro & Davis, P.A. v. Haeling (In re Saul Foos), 183 B.R. at 161 ("Nothing in the bankruptcy code authorizes the super-priority treatment of creditors whose only claim to such treatment is that they would be entitled to the remedy of the imposition of a constructive trust outside of bankruptcy. As a general rule, bankruptcy courts may not alter the statutory priorities.") (internal citations omitted). Imposition of a constructive trust, by effectively creating a separate pool of assets to satisfy only the claims of a single creditor, elevates what would ordinarily be an unsecured claim (entitled to distribution only on the terms and from the assets available for distribution to such class) to that of a prior-perfected security interest (entitled to distribution equal to 100% of its claims). See: Berger, Shapiro & Davis, P.A. v. Haeling (In re Saul Foos), 183 B.R. at 161 ("Courts that understand the significance of the bankruptcy filing have refused to impose constructive trusts post-bankruptcy. These courts recognize that the imposition of a

constructive trust creates a mechanism by which a creditor may attain a position roughly equivalent to a perfected security interest in proceeds without complying with the usual statutory formalities…and thus tends to undercut the statutory scheme.") (internal citations omitted). There is no basis in the Bankruptcy Code for such a reordering of priorities.

Assuming, *arguendo*, that there were a basis under federal law for the imposition of a constructive trust over assets of a bankruptcy estate post-petition, the Litigation Claimants must still fail. For imposition of a constructive trust to be an appropriate remedy, the claimant seeking such remedy must be able to readily and specifically identify the *res* over which the trust should be imposed. See, The Oxford Organisation, Ltd. V. Peterson (In re Stotler and Co.), 144 B.R. 385, 391 (N.D. Ill. 1992) ("a person seeking a constructive trust must trace the *res* of her property to the assets of the estate") (internal citations omitted). No Litigation Claimant has attempted, let alone succeeded, in sufficiently tracing any *res*. Accordingly, Fifth Third submits that the Litigation Claimants have not and cannot meet their burden and, accordingly, no constructive trust may be imposed.

## Conclusion

No Litigation Claimant has ever produced an order entered prior to the Order for Relief in this Bankruptcy Case imposing a constructive trust over any property of the Debtor. No property interest was ever vested by order in a Litigation Claimant which would survive the entry of the Order for Relief. No Litigation Claimant may assert an independent cause of action for a constructive trust without first successfully asserting an underlying cause of action. No Litigation Claimant may, post-petition, seek and receive the imposition of a remedial constructive trust. Accordingly, the Litigation Parties cannot now state that the estate is

9

obligated to satisfy such remedy. The obligations of the estate, if any, are for distributions[2] regarding allowed general unsecured claims. It is irrelevant what the claimant *may* have received outside of bankruptcy: as with any other litigation claimant, the ability to pursue or seek a specific remedy against the Debtor expired the instant this Court entered an order for relief in this Case. Each Objecting Party is now subject to the automatic stay and limited to the priorities and distribution provisions provided for in the Bankruptcy Code. Accordingly, Fifth Third respectfully requests that any Objection premised upon a theory of "constructive trust" be OVERRULED, and any relief requested thereby be DENIED.

October 28, 2011

Respectfully submitted,
/s/ Randall D. LaTour
Randall D. LaTour (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vorys.com

---

[2] In using the term "distribution", Fifth Third in no way implies or intends to identify any specific treatment of any claim or class of claims under any plan ultimately proposed and/or confirmed in this Case, only that such claims will be required to be treated in conformity with other claims of the same nature in accordance with the provisions of the Bankruptcy Code.

10

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2011, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's ECF system.

- David L. Abt    davidabt@mwt.net
- Amelia Martin Adams    aadams@dlgfirm.com
- John W Ames    jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
- Jerald I. Ancel    jancel@taftlaw.com, ecfclerk@taftlaw.com;krussell@taftlaw.com
- Christopher E. Baker    cbaker@hklawfirm.com, thignight@hklawfirm.com
- T. Kent Barber    kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- Robert A. Bell    rabell@vorys.com, dmchilelli@vorys.com
- C. R. Bowles    crb@gdm.com, shm@gdm.com
- Kent A Britt    kabritt@vorys.com, cbkappes@vorys.com
- Lisa Koch Bryant    courtmail@fbhlaw.net
- James M. Carr    james.carr@bakerd.com, patricia.moffit@bakerd.com
- John R. Carr    jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso    dcaruso@daleeke.com, mthomas@daleeke.com
- Bret S. Clement    bclement@acs-law.com, sfinnerty@acs-law.com
- Jason W. Cottrell    jwc@stuartlaw.com
- Kirk Crutcher    kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com
- Jack S Dawson    jdawson@millerdollarhide.com, jowens@millerdollarhide.com
- Dustin R. DeNeal    dustin.deneal@bakerd.com, patricia.moffit@bakerd.com
- Laura Day DelCotto    ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina    dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon    ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Trevor L. Earl    tearl@rwsvlaw.com
- Shawna M Eikenberry    shawna.eikenberry@bakerd.com, sarah.herendeen@bakerd.com
- Jeffrey R. Erler    jeffe@bellnunnally.com
- Sarah Stites Fanzini    sfanzini@hopperblackwell.com, mroth@hopperblackwell.com
- Robert H. Foree    robertforee@bellsouth.net
- Sandra D. Freeburger    sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
- Jeffrey J. Graham    jgraham@taftlaw.com, ECFClerk@taftlaw.com;krussell@taftlaw.com;aolave@taftlaw.com

- Terry E. Hall   terry.hall@bakerd.com, sharon.korn@bakerd.com;sarah.herendeen@bakerd.com
- John David Hoover   jdhoover@hooverhull.com
- John Huffaker   john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- Jeffrey L Hunter   jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov
- Jay Jaffe   jay.jaffe@bakerd.com, tracy.whitman@bakerd.com;sarah.herendeen@bakerd.com
- James Bryan Johnston   bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston   tjohnston@mcjllp.com
- Jill Zengler Julian   Jill.Julian@usdoj.gov
- Edward M King   tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer   jak@kgrlaw.com, hns@kgrlaw.com
- Erick P Knoblock   eknoblock@daleeke.com
- Theodore A Konstantinopoulos   ndohbky@jbandr.com
- Randall D. LaTour   RDLatour@vorys.com, khedwards@vorys.com;bjtobin@vorys.com
- David A. Laird   david.laird@moyewhite.com, lisa.oliver@moyewhite.com;deanne.stoneking@moyewhite.com
- David L. LeBas   dlebas@namanhowell.com, koswald@namanhowell.com
- Elliott D. Levin   robin@rubin-levin.net, edl@trustesolutions.com;edl@trustesolutions.net
- Elliott D. Levin   edl@rubin-levin.net, atty_edl@trustesolutions.com
- Kim Martin Lewis   kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
- Karen L. Lobring   lobring@msn.com
- John Hunt Lovell   john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
- Harmony A Mappes   harmony.mappes@bakerd.com, betsy.smith@bakerd.com;sarah.herendeen@bakerd.com
- John Frederick Massouh   john.massouh@sprouselaw.com
- Michael W. McClain   mike@kentuckytrial.com, laura@kentuckytrial.com
- Kelly Greene McConnell   lisahughes@givenspursley.com
- James Edwin McGhee   mcghee@derbycitylaw.com, belliott@derbycitylaw.com
- William Robert Meyer   rmeyer@stites.com
- Christie A. Moore   cm@gdm.com, ljs2@gdm.com
- Allen Morris   amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse   judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern   wsnewbern@msn.com
- Shiv Ghuman O'Neill   shiv.oneill@bakerd.com
- Matthew J. Ochs   kim.maynes@moyewhite.com

12

- Michael Wayne Oyler    moyler@rwsvlaw.com
- Ross A. Plourde    ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Wendy W Ponader    wendy.ponader@bakerd.com, sarah.herendeen@bakerd.com
- Timothy T. Pridmore    tpridmore@mcjllp.com, lskibell@mcjllp.com
- Jeffrey E. Ramsey    jramsey@hopperblackwell.com, mhaught@hopperblackwell.com
- Eric C Redman    ksmith@redmanludwig.com, kzwickel@redmanludwig.com
- Susan K. Roberts    skr@stuartlaw.com, lbt@stuartlaw.com
- Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- Jeremy S Rogers    Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com
- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Joseph H Rogers    jrogers@millerdollarhide.com, cdow@millerdollarhide.com
- James E Rossow    jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com
- Thomas C Scherer    tscherer@binghammchale.com, mmcclain@binghammchale.com
- Ivana B. Shallcross    ibs@gdm.com
- James E. Smith    jsmith@smithakins.com, legalassistant@smithakins.com
- William E Smith    wsmith@k-glaw.com, pballard@k-glaw.com
- Robert K Stanley    robert.stanley@bakerd.com
- Joshua N. Stine    jnstine@vorys.com
- Andrew D Stosberg    astosberg@lloydmc.com, bmarks@lloydmc.com
- Meredith R. Thomas    mthomas@daleeke.com
- John M. Thompson    john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
- Kevin M. Toner    kevin.toner@bakerd.com, crystal.hansen@bakerd.com;judy.ferber@bakerd.com
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Andrea L Wasson    andreawassonatty@gmail.com
- Stephen A. Weigand    sweigand@ficlaw.com
- Charles R. Wharton    Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
- Sean T. White    swhite@hooverhull.com, vwilliams@hooverhull.com
- Jessica E. Yates    jyates@swlaw.com, jmilelli@swlaw.com;cswagerty@swlaw.com
- James T Young    james@rubin-levin.net, ATTY_JTY@trustesolutions.com;lemerson@rubin-levin.net;carmen@rubin-levin.net

/s/ Randall D. LaTour