IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | JUDGE BASIL H. LORCH III |
| Debtor. | |

_____

**MOTION FOR AN ADDITIONAL EXTENSION OF MAY 2, 2011 BAR DATE FOR FILING OF THE FIRST BANK AND TRUST COMPANY'S CLAIMS AND PURCHASE MONEY CLAIMS**

_____

The First Bank and Trust Company ("First Bank"), by counsel, for its Motion for an Additional Extension of May 2, 2011 Bar Date for Filing of The First Bank and Trust Company's Claims and Purchase Money Claims, alleges and states as follows:

I.  INTRODUCTION

1. As the Court is well aware, this is a complicated bankruptcy involving the movement of millions of dollars of cattle assets that are far from readily identifiable with bar codes or modern data. The less than substantial record-keeping of Eastern Livestock has only added to the difficulty of prompt and facile identification of the various collateral. Despite extensive discovery efforts, First Bank has been unable to track completely all of the various cattle transactions. Although the parties have made substantial progress and can identify some purchase money security interests in the cattle for which the Eastern Livestock Trustee has collected funds, more time is necessary before barring purchase money claims. Thus, First Bank presents this motion for an additional enlargement of time.

II.     BACKGROUND AND PROCEDURAL POSTURE OF PMSI BAR DATE

2.      First Bank is a secured creditor of Thomas and Patsy Gibson (the "Gibsons").  Its collateral includes, inter alia, cattle owned by the Gibsons.  The Gibsons have failed to account for the whereabouts of approximately 8,000 head of cattle that collateralized the Gibson's indebtedness to First Bank.  Upon information and belief, some of the unaccounted for cattle may have been sold to the Debtor in transactions that were not in the ordinary course of business and First Bank may assert that it has a priority security interest in proceeds of such sale in the possession of the Debtor or with respect to amounts purported to be owing to the Debtor by third parties.

3.      The Order Granting Trustee's Emergency Motion Regarding Payments on Debtor's Cattle Sales (the "Order"), dated January 24, 2011 [Docket No. 234] established a bar date of May 2, 2011 provides that all "Purchase Money Claims" must be made to the Court in accordance with the procedures set forth in the Order.  Among other things, paragraph I. of the Order provides that any person that holds or wishes to assert a Purchase Money Claim must file a proof of claim, together with all supporting documentation on or before 11:59 P.M. on May 2, 2011.

4.      The order authorized the Trustee to complete the sale of cattle free and clear of liens, claims, encumbrances and interests pursuant to Bankruptcy Code § 363 and to accept payment of "Purchase Money" with all liens, claims, encumbrances and interests attached thereto and to establish a segregated account for the purpose of holding the Purchase Money.  The Order defines "Purchase Money Claims" as any lien, claim, encumbrance or interest that may be asserted against the Purchase Money.  First Bank believes that the claims it may assert against the Debtor constitute Purchase Money Claims as defined therein.

2

5. In addition, the Court's Order of March 31, 2011 established a bar date for filing all claims by May 2, 2011. Although the Trustee's Motion acknowledges that the Court previously set a bar date for Purchase Money Claims, it does not except Purchase Money Claims from the operation thereof.

6. First Bank filed its Motion for Extension of May 2, 2011 Bar Date for Filing of First Bank and Trust Company's Purchase Money Claims [Docket No. 421] and the Court entered the Order Granting Motion for Extension of May 2, 2011, Bar Date for Filing of the First Bank and Trust Company's Purchase Money Claims on April 19, 2011 [Docket No. 465] extending the deadline for filing the First Bank's Purchase Money Claims and its Proof of Claim to August 1, 2011. First Bank then filed its Motion for an Additional Extension of May 2, 2011 Bar Date for Filing of the First Bank and Trust Company's Claims and Purchase Money Claims [Doc. No. 633], the Trustee and First Bank agreed to a 90-day extension [Doc. 654], and the Court entered the Order Approving Agreed Entry Granting Motions for Additional Extensions of May 2, 2011 Bar Date for Filing Claims and Purchase Money Claims [Doc. No. 663].

III.   DISCOVERY EFFORTS TO DATE

7. First Bank has diligently pursued both formal and informal discovery efforts in an attempt to determine the whereabouts of approximately 8,000 missing head of cattle.

8. Upon information and belief, prior to November of 2010, the Gibsons routinely sold cattle owned by them to or through their wholly owned cattle brokerage business, Eastern Livestock, when the cattle reached the stage in their life cycle that it would be customary for a producer to sell same. Since it is likely that some or all of the missing cattle were sold to or through Eastern Livestock, First Bank has made numerous inquiries to Eastern Livestock's

3

custodian and thereafter, its Trustee, seeking information regarding transactions that may have involved cattle in which it holds a security interest. First Bank has met with representatives of DSI on at least two occasions and reviewed various documents that may be relevant to its ability to determine whether or not it has a claim to funds on deposit in the Trustee's segregated account.

9. On June 23, 2011, counsel for First Bank and the Gibson Trustee visited Eastern Livestock and requested more than two dozen boxes of documents.[1] DSI made these documents available for scanning and imaging. By October 3, 2011, First Bank had received 31,069 documents (96,428 pages). First Bank has been diligently reviewing and is continuing to review these documents. In addition, First Bank is waiting for two additional boxes from Eastern Livestock's offices that are currently in the possession of the FBI and to which First Bank has not yet obtained access.

10. First Bank has retained a computer forensic specialist to review and analyze the computer hard drive of Patti Turley, who handled much of Thomas Gibson's personal cattle business. Counsel for First Bank contacted AC Forensics for a copy of Ms. Turley's hard drive, and AC Forensics requested some method of identifying Ms. Turley's hard drive. Counsel for First Bank then contacted counsel for the Trustee, who permitted counsel for First Bank to contact Elizabeth Lynch of DSI directly. Ms. Lynch obtained a static photo image of the hard drive (which contained the serial number) and emailed it to counsel for First Bank. First Bank's computer forensic specialist then used to the static photo image (and serial number) to obtain

---

[1] First Bank's efforts to locate these missing cattle have also included information requests served on numerous entities, including feedlots like Cactus Growers, Inc., Friona Industries, L.P., and J&F Oklahoma Holdings, Inc., as well as Agri-Beef (Supreme Feeders), Cattlemen's Feedlot, Ltd., Heritage Feeders and Irsik & Doll (including its feed yard Royal Beef).

4

from AC Forensics a copy of the corresponding imaged hard drive that AC Forensics had created prior to the commencement of this bankruptcy proceeding. On October 31, 2011, First Bank learned from its computer forensic specialist that the image of the hard drive that it received from AC Forensics does not include Patti Turley's profile, but instead includes profile information for another person. First Bank, therefore, will need to obtain a separate hard drive image for Patti Turley that will then need to be analyzed by First Bank's computer forensic specialist.

IV.     ADDITIONAL TIME IS NECESSARY

11.     First Bank's inability to locate these missing cattle to date is indicative of the possibility that the transactions involving these cattle may not have involved routine cattle sales between the Gibsons and Eastern Livestock, but rather, that one or more parties to the transactions involving these cattle may have taken steps to disguise their involvement or the source of cattle involved. For example, as of the dates of First Bank's September inspections all of the missing cattle were in the possession of third parties who were caring for such cattle on behalf of the Gibsons. Many of these caretakers owned multiple entities and may have sold cattle (with or without Thomas Gibson's authorization) to feedlots with identification information that differed from the information that First Bank possesses. In other words, First Bank is likely looking for persons or entities that engaged in self-help who may have desired to conceal from Eastern Livestock or the feedlots any prior affiliation with the Gibsons or Eastern Livestock.

12.     This Motion is not being made for purposes of delay or any other improper purpose.

13.     Based on the complexities of the transactions involved and the need for additional discovery as set forth above, First Bank requests an extension of ninety (90) days to the deadline to file its Purchase Money Claims previously set in this Court's Orders of

5

January 24, 2011, March 31, 2011, and August 11, 2011 and previously extended to October 31, 2011.

WHEREFORE, First Bank, by counsel, respectfully, requests that the Court enter an Order extending the May 2, 2011 deadlines established by its Orders of January 24, 2011, March 31, 2011, and August 11, 2011 for it to file its Claims and Purchase Money Claims for an additional period of Ninety (90) days and for all other appropriate relief.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone:  (513) 632-0308
Telecopier:  (513) 632-0319
Email: ddonnellon@ficlaw.com
          sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

## **CERTIFICATE OF SERVICE**

I certify that on the 31st day of October, 2011, I electronically filed the foregoing Motion for an Additional Extension of May 2, 2011 Bar Date for Filing of The First Bank and Trust Company's Claims and Purchase Money Claims with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John W. Ames<br>jwa@gdm.com | Judy Hamilton Morse<br>judy.morese@crowedunlevy.com |
| C.R. Bowles, Jr<br>crb@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | John M. Thompson<br>john.thompson@crowedunlevy.com |
| John Hunt Lovell<br>john@lovell-law.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Jessica E. Yates<br>jyates@swlaw.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jeffrey R Erler<br>jeffe@bellnunnally.com | Ivana B. Shallcross<br>ibs@gdm.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Edward M King<br>tking@fbtlaw.com | Deborah Caruso<br>decaruso@daleek.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | Meredith R. Thomas<br>mthomas@daleeke.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| John R. Carr, III<br>jrciii@acs-law.com | William Robert Meyer, II<br>rmeyer@stites.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| James M. Carr<br>jim.carr@bakerd.com | Allen Morris<br>amorris@stites.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | Charles R. Warton<br>Charles.R.Wharton@usdoj.gov | Walter Scott Newbern<br>wsnewbern@msn.com |
| Terry E. Hall<br>terry.hall@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Dustin R. DeNeal<br>dustin.deneal@bakerd.com | James T. Young<br>james@rubin-levin.net | Todd J. Johnston<br>tjohnston@mcjllp.com |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | David L. LeBas<br>dlebas@namanhowell.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Karen L. Lobring
lobring@msn.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

Elliott D. Levin
robin@rubin-levin.net
edl@trustesoultions.com

John M. Rogers
johnr@rubin-levin.net

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C Schere
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

/s/ Stephen A. Weigand
Stephen A. Weigand

573083.1