UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |
| ) | |

**DISPOSITIVE ISSUE MEMORANDUM
(CONSTRUCTIVE TRUST) OF STOCKMAN OKLAHOMA
LIVESTOCK MARKETING, INC. REGARDING THE TRUSTEE'S
PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER
FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT**

Stockman Oklahoma Livestock Marketing, Inc. ("SOLM") submits this Memorandum of Law regarding the dispositive legal issue identified in this Court's Scheduling Order Regarding Contested Matter Involving Trustee's Purchase Money Claims Report and Objections Filed by SOLM, Crumpler Bros., Kuehny and The Bank Of Kremlin (the "Scheduling Order") entered herein on July 25, 2011 [Doc No. 622].[1]  Pursuant to the Scheduling Order, SOLM was directed to submit this Memorandum of Law relating specifically to the dispositive issue of "whether applicable state law can operate to impose a constructive trust over proceeds of the Debtor's sale of cattle absent a prepetition judicial determination impressing such a constructive trust over Debtor's assets" (the "Dispositive Issue").  SOLM does not assert that it obtained a court order imposing a constructive trust prior to the commencement of the case but contends that it was not necessary for SOLM to do so in order to preserve its equitable interest in cattle purchased by Eastern Livestock Co., LLC ("Eastern").  The Chapter 11 Trustee, James M. Knauer (the

---

[1] The constructive trust issue was framed by the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account filed by the Trustee on May 23, 2011 [Doc. No. 501] (the "Purchase Money Claims Report") and SOLM's Response and Objection filed June 6, 2011 [Doc. No. 545].

"Trustee") and SOLM have agreed to reserve all other issues for later disposition following the Court's ruling on the Dispositive issue.

## POINTS AND AUTHORITIES

### Statutory Framework

The statutory basis for the assertion of a constructive trust in a bankruptcy case is 11 U.S.C. § 541(d). That section provides in pertinent part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest … becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

The Bankruptcy Code contains no provisions that delineate the standards for determining whether the estate holds "only legal title and not an equitable interest." That determination is left to applicable state law. In *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.,* 549 U.S. 443, 167 L. Ed. 2d 178, 127 S. Ct. 1199 (2007), the Supreme Court reiterated the principle that "'[p]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *Id.*, 167 L. Ed. 2d 186, quoting *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). See also, *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3rd Cir. 1994) ("we look to state law to determine whether the claimant has shown a trust relationship…").

Thus, in the first instance, it is appropriate to look to applicable state law to determine what interest Eastern held in the cattle, the proceeds of which are the subject of the Purchase Money Claims Report, and to determine when Eastern's constructive trust obligation arose.

9095979_1.DOC

**Constructive Trust Under State Law**

The Trustee does not dispute that Eastern acquired the cattle from SOLM in Oklahoma, the cattle were delivered in Oklahoma, and Eastern resold the cattle in Oklahoma. Consequently, Oklahoma law governs the characterization of Eastern's interest in the cattle at the time it acquired them from SOLM.

Under Oklahoma law, Eastern acquired the cattle subject to a constructive trust in favor of SOLM that arose as of the date Eastern acquired the cattle. In *United States Department of Energy v. Seneca Oil Co. (In re Seneca Oil Co.)*, 906 F.2d 1445 (10th Cir. 1990) the Tenth Circuit Court of Appeals, in a case arising under Oklahoma law, noted:

> [T]hese constructive trust funds were never part of the bankruptcy estate, and therefore could not be used by the trustee to pay administrative expenses. The is some dispute conceptually whether a constructive trust arises at the time of the wrongful act or whether it arises only at the time it is so declared by the court, but then applied retroactively to the time of the wrongful act. *Compare* V A. Scott, *The Law of Trusts* § 462.4 (3d ed. 1967) (constructive trust arises at the time of the wrongful act) *with* G. Bogert, *Trusts and Trustees*, § 472 (2d ed. Rev. 1978) (constructive trust arises only after it is imposed by a court, but after it is imposed, the trust relates back to the time of the wrongful act). However, we need not resolve that dispute because under either theory, the *effective* date of the constructive trust is the date the wrongful act occurred.

*Id.* at 1453. *See also, Barnsdall State Bank v. Springer*, 1936 OK 314, 56 P.2d 1445, 176 Okla. 479 (imposing a constructive trust on funds obtained by fraudulent drafts, noting "money so deposited never did belong to the Barnsdall Motor Company; and therefore the bank's lien claimed by the defendant could not attach, as the money, of course, did not belong to the motor company. Consequently, the relationship of debtor and creditor between the Barnsdall State Bank and the Barnsdall Motor Company never came into being.")

Oklahoma's view of when a constructive trust becomes effective comports with prevailing jurisprudence of most jurisdictions. For Example, the Restatement (Third) of Restitution and Unjust Enrichment § 55 (2011) Comment *e*, after quoting 5 Scott, *Law of Trusts* § 462.4, at 323 (Fratcher 4th ed. 1989) ("no foundation whatever for the notion that a constructive trust does not arise until it is decreed by a court"), and Bogert, *Law of Trusts & Trustees* § 472, at 31-32 (rev. 2d ed. 1978) (endorsing the view that the effective date of a constructive trust is the date of the wrongful acquisition of the trust property), observes:

> On the underlying issue of priority, Bogert and Scott are entirely in accord: A may not elect to hold B as trustee. But if A brings suit in equity to obtain the constructive trust and is successful, the decree will establish B as a constructive trustee as of the date of his original wrongful acquisition …

*Id.*

Restatement Comment *c* cites *In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir. 1994), upon which the Trustee relies, noting that it represents a view that conflicts with the "better judicial authorities." Quoting language from *Omegas* that "a constructive trust does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust," the commentators observe that such view is found "almost exclusively in bankruptcy decisions" and derisively note:

> But a court that regards constructive trust as a source of injustice will not be the most reliable exponent of the traditional equitable theory of the remedy.

*Id.*

As the foregoing authorities illustrate, the majority and better reasoned view is that a constructive trust is effective as of the date of the wrongful acquisition of the property.

4

**The Majority View Does Not Require a Pre-Bankruptcy Imposition of a Trust**

Most courts that have considered the issue have not imposed the requirement of a pre-bankruptcy imposition of a constructive trust adopted by the *Omegas* court.  For example, in *In re Poffenbarger*, 281 B.R. 379 (Bankr. S.D.Ala. 2002) the court stated:

> A prior, prebankruptcy judicial determination of "constructive trust" is not required in order for this Court to conclude that the child support monies are not bankruptcy estate property. … In fact, there is ample authority to support the conclusion that prior (i.e., prebankruptcy) judicial imposition of a trust is unnecessary.

*Id.* at 389, citing, *inter alia*, *In re General Coffee Corp.*, 828 F.2d 699, 701-04 (11th Cir. 1987), *cert. denied*, 485 U.S. 1007 (1988); *In re Unicom Computer Corp.*, 13 F.3d 321 (9th Cir. 1994). *See also, Sanyo Electric, Inc. v. Howard's Appliance Corp. (In re Howard's Appliance Corp.)*, 874 F.2d 88 (2nd Cir. 1989); *Official Committee of Unsecured Creditors v. Columbia Gas Systems (In re Columbia Gas Inc.)*, 997 F.2d 1039 (3rd Cir. 1993); *Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111 (5th Cir. 1995); *In re Seneca Oil Co., supra,* 906 F.2d 1445.

Indeed, at least one court has observed that the imposition of a requirement of a prebankruptcy judgment of constructive trust would be "contrary to Congress' intent in enacting 541(d)." *Claybrook v. Consolidated Foods, Inc. (In re Bake-Line Group, LLC)*, 359 B.R. 566, 572 n. 4 (Bankr. D. Del. 2007).  In support of that conclusion, the court quoted the following language from H.R.Rep. No. 95-595, 95th Cong, 1st Sess. 368 (1977); S. Rep. No. 989, 95th Cong. 2d Sess. 82 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 5787, 5868, 6324:

> Situations occasionally arise where property ostensibly belonging to the debtor will actually not be property of the debtor, but will be held in trust for another.  For example, if the debtor has incurred medical bills that were covered by insurance, and the insurance company had sent the payment of the bills to the debtor before the debtor had paid the bill for which the payment was reimbursement, the payment would actually be held in constructive trust for the person to whom the bill was owed.

5

As these authorities illustrate, *Omegas* is a distinctly minority view that has gained little acceptance among the circuits, that ignores with well-established trust jurisprudence, and that conflicts with the legislative history of § 541(d).  When the broader implications of the *Omegas* decision are considered, it also conflicts with common sense.

A constructive trust exists not only where property has been obtained by fraud, but also (at least under Oklahoma law) where the defendant has obtained property "by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means."  *Cacy v. Cacy*, 1980 OK 138, 619 P.2d 200.  The legislative history quoted by the *Claybrook* court above illustrates one non-fraud scenario in which a constructive trust is appropriate but there are countless others.  For example, had one of Eastern's agents stolen cattle from an owner and delivered them to Eastern for no consideration (such that Eastern was not a bona fide purchaser) the day before Eastern's bankruptcy, no one would reasonably assert that Eastern's bankruptcy would be entitled to keep the cattle simply because their true owner hadn't obtained a prepetition judgment imposing a constructive trust.  Yet that is precisely the result *Omegas* would dictate.  Similarly illogical results would occur if money had been accidentally transferred into Eastern's bank account on the eve of bankruptcy.  Again, under state law it would be proper to declare that the money was held by Eastern in constructive trust for the owner, but *Omegas* would frustrate such a result due to the absence of a prebankruptcy judgment.  Only by rejecting the artificial requirement of *Omegas* that a judgment of constructive trust be entered prepetition can such anomalous results be avoided.

**Conclusion**

No reasonable basis exists under the Bankruptcy Code, applicable state law, or well-reasoned bankruptcy decisions to impose a prebankruptcy judgment requirement for the

enforcement of a constructive trust in bankruptcy. Accordingly, SOLM urges this Court to reject the minority view urged by the Trustee and rule that SOLM may pursue its claim based upon constructive trust notwithstanding the absence of a prebankruptcy declaration of constructive trust.

Respectfully submitted,

*/s/ Ross A. Plourde*
ROSS A. PLOURDE, OBA #7213
MCAFEE & TAFT A PROFESSIONAL CORPORATION
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73102
405/235-9621
405/235-0439 (FAX)
Ross.plourde@mcafeetaft.com
*Attorneys for Stockman Oklahoma Livestock Marketing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr.<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jesse Cook-Dubin<br>jcookdubin@vorys.com | Edward M. King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |

7

9095979_1.DOC

| | | |
|---|---|---|
| Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Karen L. Lobring<br>lobring@msn.com |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net | Elliott D. Levin<br>robin@rubin-levin.net |
| John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com | Sean T. White<br>swhite@hooverhull.com |
| Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com | Michael W. McClain<br>mike@kentuckytrial.com |
| William E. Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com | Christopher E. Baker<br>cbaker@hklawfirm.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C. Scherer<br>tscherer@binghammchale.com | Dustin R. DeNeal<br>Dustin.deneal@bakerd.com |
| Kevin M. Toner<br>kevin.toner@bakerd.com | James M. Carr<br>Jim.carr@bakerd.com | Terry E. Hall<br>Terry.hall@bakerd.com |
| Wendy W. Ponader<br>Wendy.ponader@bakerd.com | Amelia Martin<br>aadams@dlgfirm.com | Jerald I. Ancel<br>jancel@taftlaw.com |

| | | |
|---|---|---|
| Robert A. Bell<br>rabell@vorys.com | Kent A Britt<br>kabritt@vorys.com | Jason W. Cottrell<br>jwc@stuartlaw.com |
| Jack S Dawson<br>jdawson@millerdollarhide.com | David Alan Domina<br>dad@dominalaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Shawna M Eikenberry<br>shawna.eikenberry@bakerd.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Jeffrey J. Graham<br>jgraham@taftlaw.com | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Jay Jaffe<br>jay.jaffe@bakerd.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | James A. Knauer<br>jak@kgrlaw.com | Erick P Knoblock<br>eknoblock@daleeke.com |
| David A. Laird<br>david.laird@moyewhite.com | James B. Lind<br>jblind@vorys.com | Harmony A Mappes<br>harmony.mappes@bakerd.com |
| Christie A. Moore<br>cm@gdm.com | Allen Morris<br>amorris@stites.com | Shiv Ghuman O'Neill<br>shiv.oneill@bakerd.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Eric C Redman<br>ksmith@redmanludwig.com |
| Joseph H Rogers<br>jrogers@millerdollarhide.com | James E Rossow<br>jim@rubin-levin.net | James E. Smith<br>jsmith@smithakins.com |
| Robert K Stanley<br>robert.stanley@bakerd.com | Joshua N. Stine<br>jnstine@vorys.com | Andrew D Stosberg<br>astosberg@lloydmc.com |
| U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Andrea L Wasson<br>andreawassonatty@gmail.com | Harmony A Mappes<br>harmony.mappes@bakerd.com |

*/s/ Ross A. Plourde*
ROSS A. PLOURDE

9095979_1.DOC