UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**SECOND INTERIM APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS CONSULTANT FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE**

James A. Knauer, the chapter 11 trustee (the "Trustee") appointed in this case, files this second interim application (the "Application") on behalf of Development Specialists, Inc. ("DSI") for the allowance and payment of DSI's fees as consultant for James A. Knauer, the chapter 11 trustee (the "Trustee") appointed in Eastern Livestock Co., LLC and for reimbursement of out-of-pocket expenses incurred on behalf of the Trustee. In support of this Application, the Trustee states as follows:

1. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102] ("Trustee Order"), approving the United States Trustee's *Notice Of Appointment And Application for Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Court, by order dated February 8, 2011 [Docket #257], approved the Trustee's retention of DSI as the Trustee's consultant.

4. This Application is the second interim application filed on behalf of DSI seeking compensation and reimbursement of out-of-pocket expenses incurred by the consultant for the Trustee for the period May 1, 2011 through and including August 31, 2011.

5. As consultant to the Trustee, DSI performed a variety of services, all of which are described in detail in the time entries attached as <u>Exhibit A</u>. The services performed by DSI for and on behalf of the Trustee include, but are not limited to, the following categories:

a. <u>Case Administration.</u> DSI met or participated in conference calls with the Trustee and/or his counsel to develop strategies on specific areas of the case. DSI spent a total of 2.80 hours at a total cost of $1,213.00 in connection with this category.

b. <u>Fee Application/Client Billing</u>. DSI prepared its monthly fee statements during the period and also prepared the first interim fee application. DSI spent a total of 16.20 hours at a total cost of $7,545.00 in connection with this category.

c. <u>Business Analysis</u>. DSI prepared numerous analyses during the period including:

   i. Maintenance of post-petition books and records of the Debtor;
   ii. Preparation of weekly receipts and disbursements reports;
   iii. Submission of weekly disbursement requests to Fifth Third Bank;
   iv. Preparation of weekly operating and professional fee budgets;
   v. Preparation of estimated range of values of the Debtor's assets, and;
   vi. Analysis of source of cash received by the Debtor, including preparation of support for the purchase money claims report, and distribution of information relating thereto.

DSI spent 249.20 hours at a total cost of $100,091.00 in connection with this category.

d. <u>Monthly Bankruptcy/Semi Annual Reports</u>. DSI prepared monthly operating reports for April, May, June and July of 2011, in accordance with federal and local rules. DSI spent 28.00 hours at a total cost of $10,475.50 in connection with this category.

e. <u>A/R Review/Collection</u>. DSI continued efforts to collect accounts receivable and sell cattle for which the Debtor had an interest. Due to the overlapping nature of the Debtor's accounts receivable and inventory, both of these efforts were

-2-

included in this billing category. DSI also analyzed the Debtor's historical activities identifying additional sale transactions to be invoiced. Through these efforts, the Debtor realized cash receipts of over $1,800,000 during the application period. DSI has analyzed account activity and attempted to contact every customer with a substantial accounts receivable balance. Through these efforts, DSI has identified:

    i. Sales invoices that appear to represent fraudulent transactions;
    ii. Inventory reflected in the books and records that do not appear to represent actual cattle;
    iii. Instances whereby the customer had paid parties other than the Debtor, and;
    iv. Instances whereby customer remittances were diverted from the Debtor.

As a result of these efforts, the Trustee has commenced litigation against a number of third parties and will be filing additional lawsuits in the future. DSI spent 181.30 hours at a total cost of $69,413.00 in connection with this category.

f. <u>Preference Analysis</u>. This category included time spent analyzing disbursement activities in what appear to be a series of kiting schemes, as well as the payments for the 90-day period preceding the filing of this bankruptcy case. DSI spent 107.80 hours for a total cost of $40,012.00 in connection with this category.

g. <u>Lease Analysis/Executory Contracts</u>. DSI continued to analyze issues relating to the Debtor's forward contracts. DSI spent 17.10 hours for a total cost of $6,561.00 in connection with this category.

h. <u>Managing Business Operations</u>. DSI maintained the Debtor's office, supervised remaining staff, and began preparations for sending records to storage during the Second Interim Application Period. DSI spent 53.30 hours for a total cost of $19,893.50 in connection with this category.

 i. <u>Sale of Assets.</u>  DSI analyzed asset values and assisted with negotiations to liquidate selected Debtor assets.  DSI spent 5.00 hours for a total of $2,565.50 in connection with this category.

 j. <u>Secured Lenders/Cash Collateral</u>.  DSI interfaced with representatives from Fifth Third Bank during the Second Interim Application Period through periodic teleconferences and reporting.  DSI provided the secured lenders with the following information on a routine basis:

  i. Weekly budget to actual report
  ii. Weekly request for funding
  iii. 13 Week cash disbursement budget
  iv. Estimated range of potential recoveries
  v. Status of accounts receivable collection efforts
  vi. Litigation strategy
  vii. Forward contract valuation
  viii. Professional fee budgets

DSI spent 37.00 hours for a total cost of $15,676.00 in connection with this category.

 k. <u>Non-Debtor Subsidiary Issues</u>. DSI researched financial statements and other records as well as performed computations to estimate the value of certain affiliated entities.  DSI spent 14.00 hours for a total cost of $5,243.00 for assisting with this category.

 l. <u>Litigation Support</u>.  DSI researched and responded to numerous requests relating to general litigation issues.  DSI spent 9.20 hours for a total cost of $3,525.50 for assisting with this category.

 m. <u>Antitrust</u>. DSI attended meetings and responded to requests from various governmental agencies.  DSI spent 4.00 hours for a total cost of $1,538.50 in connection with this category.

n.  Travel. DSI consultants charged travel time at one-half of the regular hourly rate for travel to and from sites of business. DSI spent 240.50 hours for a total cost at half billing rates of $47,723.75 in connection with this category.

o.  Litigation Support – Superior Livestock. Superior Livestock was a significant supplier to the Debtor and is potentially a major creditor in this case. Superior has filed an Adversary Proceeding against Eastern Livestock. DSI's efforts relating to Superior Livestock litigation relates to reconciling transactions between Superior Livestock and Eastern Livestock and determining whether the underlying supplier had been paid. DSI spent 39.50 hours at a total cost of $15,407.00 in connection with this category.

p.  Litigation Support – Downs/Seals. DSI investigated and documented the alleged conversion of customer remittance checks and provided this information to the Trustee and his counsel. DSI spent 24.20 hours for a total cost of $9,300.50 in connection with this category.

q.  Litigation Support – R. Nichols. DSI reviewed Robert Nichols' transactions to investigate allegedly fraudulent invoices to Robert Nichols. DSI spent 2.50 hours totaling $992.50 in connection with this category.

r.  Litigation Support – E. Edens. DSI reviewed E. Edens' transactions to investigate transactions between E. Edens' controlled entities and third party suppliers to document amounts owed to the Debtor by E. Edens. DSI spent 12.30 hours totaling $4,699.00 in connection with this category.

s.  Litigation Support – Thomas P. Gibson. DSI analyzed documents supporting the allegation of a kiting scheme between the Debtor, Thomas P. Gibson and other insiders, and responded to information requests from T. Gibson's lenders.

        DSI spent 165.20 hours for a total cost of $62,198.00 in connection with this category.

t.    <u>Litigation Support – East West Trucking</u>.  DSI investigated transactions between East West Trucking, Cattleman and the Debtor to identify the Debtor's interest in cattle being held at Cattleman feedlots.   DSI spent 8.90 hours for a total cost of $3,402.50 in connection with this category.

u.    <u>Litigation Support – Interpleaders</u>.  Four interpleader actions were filed in Texas, Kansas, Wisconsin and Colorado.  Each interpleader was researched and reconciled to Eastern's book and records, noting any variances.  Additional research and reconciliation work related to these interpleaders was completed during this period.  DSI spent 40.70 hours for a total cost of $15,564.50 in connection with this category.

v.    <u>Litigation Support – SOLM</u>.  DSI responded to discovery requests relating to SOLM litigation.  DSI spent 11.70 hours for a total cost of $4,461.00 in connection with this category.

w.    <u>Litigation Support – DelCotto Law Clients</u>. DSI participated in discussions with counsel for this group of creditors and attempted to reconcile transactions and outstanding balances.  DSI spent 30.80 hours for a total cost of $11,568.50 in connection with this category.

x.    <u>Litigation Support – Royal Beef</u>. DSI analyzed transactions with Royal Beef to determine amounts owing and evaluate whether there is basis for litigation.  DSI spent 25.60 hours for a total cost of $9,639.00 in connection with this category.

6. DSI has reviewed its detailed time entries, and has attempted to eliminate double billing for conference time between DSI's timekeepers, except where the participation of the timekeepers has demonstrable benefit to the estate. Where possible and efficient, DSI encourages the use of lesser billing rate consultants to perform labor intensive tasks, with oversight and review by more experienced consultants.

7. Exhibit A provides the detail of the time entries for each DSI consultant who has performed services in this case. A summary of the fees requested by DSI for each consultant and the number of hours worked for each individual, the billing rate requested and the total fees claimed is set forth below.

| Consultant | Hours | Hourly Rate | Total |
|---|---|---|---|
| P. O'Malley | 23.00 | $267.50 | $6,152.50 |
| P. O'Malley | 77.60 | 535.00 | 41,516.00 |
| C. M. Pierce | 7.00 | 182.50 | 1,277.50 |
| C. M. Pierce | 16.80 | 365.00 | 6,132.00 |
| A. J. Omori | 115.50 | 185.00 | 21,367.50 |
| A. J. Omori | 560.70 | 370.00 | 207,459.00 |
| J. C. Wheeler | 3.50 | 182.50 | 638.75 |
| J. C. Wheeler | 6.70 | 365.00 | 2,445.50 |
| E. M. Lynch | 88.00 | 192.50 | 16,940.00 |
| E. M. Lynch | 428.00 | 385.00 | 164,780.00 |
|  | 1,326.80 |  | $468,708.75 |

8. DSI has incurred and advanced the sum of $54,610.91 for out-of-pocket expenses incurred in connection with this case on behalf of the Trustee during the period from May 1, 2011 through and including August 31, 2011. A summary of the out-of-pocket expenses incurred by DSI is set forth in Exhibit B.

9. DSI established certain category codes that cause related time to be grouped together to facilitate the review of the firm's requested fees by the Court, the United States Trustee, and creditors. Set forth below is a summary of the aggregate billings under the established category for the period May 1, 2011 through and including August 31, 2011.

-7-

| Category Name | Hours | Value |
|---|---:|---:|
| Case Administration/General | 2.80 | $1,213.00 |
| Fee Application/Client Billing | 16.20 | 7,545.00 |
| Business Analysis | 249.20 | 100,091.00 |
| Monthly Bankruptcy/Semi-Annual Reports | 28.00 | 10,475.50 |
| A/R Review/Collection | 181.30 | 69,413.00 |
| Preference Analysis | 107.80 | 40,012.00 |
| Lease Analysis/Executory Contracts | 17.10 | 6,561.00 |
| Managing Business Operations | 53.30 | 19,893.50 |
| Sale of Assets | 5.00 | 2,565.50 |
| Secured Lenders/Cash Collateral | 37.00 | 15,676.00 |
| Non-Debtor Subsidiary Issues | 14.00 | 5,243.00 |
| Litigation Support – General | 9.20 | 3,525.50 |
| Anti-Trust | 4.00 | 1,538.50 |
| Travel at ½ | 240.50 | 47,723.75 |
| Litigation Support – Superior | 39.50 | 15,407.00 |
| Litigation Support - Seals/Downs | 24.20 | 9,300.50 |
| Litigation Support – Nichols | 2.50 | 992.50 |
| Litigation Support – Edens | 12.30 | 4,699.00 |
| Litigation Support - Thomas P. Gibson | 165.20 | 62,198.00 |
| Litigation Support - East West Trucking | 8.90 | 3,402.50 |
| Litigation Support – Interpleaders | 40.70 | 15,564.50 |
| Litigation Support – SOLM | 11.70 | 4,461.00 |
| Litigation Support – DelCotto Law Clients | 30.80 | 11,568.50 |
| Litigation Support – Royal Beef | 25.60 | 9,639.00 |
| GRAND TOTALS | 1,326.80 | $468,708.75 |

10.     Prior to the filing of the involuntary bankruptcy (November 10, 2010), Eastern Livestock had been placed in a state court receivership. Elizabeth M. Lynch of DSI was named Receiver and DSI was named the Receiver's financial advisor. After the involuntary bankruptcy, Ms. Lynch of DSI was appointed as Custodian until the Trustee was appointed. The Receiver and DSI filed a fee application for the period between the filing of the involuntary bankruptcy and the date of the appointment of the Trustee ("the Custodial Period"). DSI received payment for its fees and out-of-pocket expenses. DSI also filed its First Interim Fee Application on June 2, 2011. Payment for the first interim fee application, comprised of $816,837.00 for fees and reimbursement of $89,422.48 for expenses, has been received by DSI. This Application is the second application of DSI since its appointment as consultant for the Trustee in this case.

-8-

11. No agreement or understanding exists between DSI and any other person or entity for the sharing of compensation received for services rendered in connection with this case.

12. All services rendered and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf of the Trustee and represent necessary and proper financial advisory services in the administration of this chapter 11 case.

WHEREFORE, DSI requests (i) the Court to award an allowance of compensation for consulting fees in the amount of Four Hundred Sixty-Eight Thousand, Seven Hundred Eight and 75/100 Dollars ($468,708.75) plus reimbursement for out-of-pocket expenses incurred in the amount of Fifty-Four Thousand Six Hundred Ten and 91/100 Dollars ($54,610.91), and (ii) grant DSI all other just and proper relief.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ James A. Knauer

*Chapter 11 Trustee on behalf of Consultant, Development Specialists, Inc.*

James A. Knauer
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Telephone: 317-692-9000
Facsimile: 317-777-7451
jak@kgrlaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 11, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |

I further certify that on November 11, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher  
asr@blancolaw.com

Darla J. Gabbitas  
darla.gabbitas@moyewhite.com

/s/ James A. Knauer