UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

## MOTION TO APPROVE AN INFORMAL AD HOC COMMITTEE

Come now Superior Livestock Auction, Inc., Bluegrass Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Piedmont Livestock Company, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, East Tennessee Livestock Center, Inc., First Bank & Trust Company, Arcadia Stockyard, Cattlemen's Livestock Market, Inc., Columbia Livestock Market, Inc., Hardee Livestock Market, Inc., North Florida Livestock Market, Inc., Ocala Livestock Market, Inc., Okeechobee Livestock Market, Inc., Sumter County Farmers Market, Inc., Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Ron Sizemore Trucking, Inc., Oak Lake Cattle Co., Eagle Bay, Inc., Daniel M. Byrd ("Creditors"), by and through their respective undersigned Counsel, and file this Motion ("Motion") requesting that this Court approve the formation of an informal, ad hoc committee of Creditors ("Ad Hoc Committee") in the above-captioned Chapter 11 case. In support of this Motion, the Creditors state as follows:

1.　　In the present case, no formal committee has been appointed by the office of the United States Trustee.

2. The Creditors are not seeking to be appointed as an official Committee in this case or to have any of the duties or powers of an official Committee under 11 U.S.C. §§1102 and 1103. The above Creditors, however, believe it would be efficient and in the best interests of the Debtor and the Bankruptcy Estate if the Creditors were able to establish an Ad Hoc Committee in this case to act jointly to protect the common interests of the Creditor Ad Hoc Members.

3. Allowing the Creditors to act through the proposed Ad Hoc Committee would result in significant savings of time and resources for the Debtor, all creditors and the Court.

4. First, pleadings would be more efficient as the Creditors could act through the proposed Ad Hoc Committee, thereby reducing the number of pleadings to which Debtor, Fifth Third Bank and other parties would have to respond as well as the number of Court hearings on these pleadings.

5. Second, the proposed Ad Hoc Committee would act in a unified manner in seeking information and/or discovery from the Debtor and other parties which (in connection with the discovery protocols that were drafted primarily by counsel for Creditors) should reduce the number and complexity of discovery issues.

6. Finally, by approving this Ad Hoc Committee, this case and the numerous issues before the Court should be able to move forward in a quicker and more organized fashion as it will allow a significant group of Creditors in this case to act in a unified fashion.

7. The Creditors request that this Court approve the formation of the Ad Hoc Committee and order that: (a) all communications, work product and discussions between Ad

Hoc Committee Members and their Counsel[1] will be entitled to the same evidentiary privileges and confidentiality as accorded to members and counsel of official committees; (b) the Ad Hoc Committee be determined to have standing to participate in proceedings in this case; and (c) finding that no additional disclosure under Rule 2019 is necessary over and above the disclosure of multiple clients which have already been made by the counsel for multiple Creditors in this case.[2]

8.   As noted above, Creditors are not seeking: (a) the powers or duties of an officially appointed Creditors Committee, (b) that individual counsel for each of the Creditors be employed as the Ad Hoc Committee's counsel or paid by the estate; and (c) to have any fees and/or expense related to the Ad Hoc Committee reimbursed from the estate under 11 U.S.C. §503(b).

9.   The Creditors believe that limited relief requested in this Motion is appropriate under the facts of this case.  Allowing the Creditors and their counsel to discuss their position, while maintaining attorney-client and work-product privileges will streamline litigation in this case.  Likewise, permitting the Ad Hoc Committee standing will eliminate technical issues in this case and future litigation.

10.   Further, in light of the proof of claims filed by the Creditors and Rule 2019 disclosures already made, no additional Rule 2019 disclosures are necessary in this case.  Unlike many other Rule 2019 cases, all the Creditors who would be members of the proposed Ad Hoc

---

[1] The Creditors and their Counsel have agreed that all of their discussions to date are covered by a Common Interest/Joint Defense Agreement that is currently being reduced to writing.

[2] Greenebaum Doll & McDonald PLLC (Doc. No. 223, 273), Delcotto Law Group PLLC (Doc. No. 538) and W. Scott Newbern, PL (Doc. No. 798) have already filed Rule 2019 statements related to their clients. Faruki Ireland & Cox P.L.L. only represents Creditor The First Bank and Trust Company and no Rule 2019 disclosures are required.

3

Committee have pre-petition claims against the Debtor and have not acquired their claims in the secondary market, therefore, information required by Rule 2019 related to such acquisitions does not exist.

## CONCLUSION

Wherefore, for the reasons set forth above, the Creditors request that this Court: (1) enter an Order approving the formation of the Ad Hoc Committee; (2) hold that the Ad Hoc Committee members' and professionals' discussions, written communications, and work-product be subject to the same evidentiary privileges as afforded to officially appointed committees; (3) hold that the Ad Hoc Committee has standing as a party in interest in this case; and (4) grant any additional and further relief as is just under the circumstances.

Respectfully submitted,

/s/ John W. Ames
John W. Ames
C.R. Bowles, Jr.
Christie Moore
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky  40202
Telephone (502) 589-4200
Facsimile  (502) 587-3695
E-mail jwa@gdm.com
　　　　crb@gdm.com
　　　　cm@gdm.com
　　　　 ibs@gdm.com

/s/ Elliott D. Levin
Elliott D. Levin
John M. Rogers
James E Rossow, Jr.
RUBIN & LEVIN, P.C.
500 Marott Center

4

342 Massachusetts Avenue
Indianapolis, IN 46204
317-634-0300
Email:  edl@rubin-levin.net
        johnr@rubin-levin.net
        jim@rubin-levin.net

Counsel for Superior Livestock Auction, Inc.

And,

*/s/ Laura Day DelCotto*
Laura Day DelCotto
Amelia Martin Adams
DELCOTTO LAW GROUP PLLC
200 North Upper Street
Lexington, KY 40507
859-231-5800
Fax : 859-281-1179
Email: ldelcotto@dlgfirm.com
      aadams@dlgfirm.com

Counsel for Bluegrass Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Piedmont Livestock Company, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, East Tennessee Livestock Center, Inc.,

And,

/s/ *Daniel J. Donnellon*
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Fascimile: (513) 632-0319
Email: ddonnellon@ficlaw.com

Counsel for The First Bank and Trust Company


And,

5

/s/ *Walter Scott Newbern, III, Esq.*
Walter Scott Newbern, III, Esq.
W. Scott Newbern, PL
2982 East Gevemy
Tallahassee, FL 32309
Telephone: 850-591-1707
Facsimile: 850-894-0871
E-mail: wsnewbern@msn.com

Counsel for Arcadia Stockyard, Cattlemen's Livestock Market, Inc., Columbia Livestock Market, Inc., Hardee Livestock Market, Inc., North Florida Livestock Market, Inc., Ocala Livestock Market, Inc., Okeechobee Livestock Market, Inc., Sumter County Farmers Market, Inc., Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Ron Sizemore Trucking, Inc., Oak Lake Cattle Co., Eagle Bay, Inc., Daniel M. Byrd

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ *John W. Ames*
John W. Ames

4531663_1.docx