UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. 11-59093 |
| | ) | |
| v. | ) | |
| | ) | **RESPONSE TO TRUSTEE'S** |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | **MOTION FOR PARTIAL** |
| | ) | **SUMMARY JUDGMENT** |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC. | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO TRUSTEE'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT**

Comes now Superior Livestock Auction, Inc. ("Superior") and files this response ("Response") to the Trustee's Motion for Partial Summary Judgment ("SJ Motion") in this adversary proceeding. In support of this Response, Superior states as follows:

**I.    INTRODUCTION**

On October 24, 2011, the Eastern Livestock Company, LLC ("Debtor"), filed the SJ Motion. Fifth Third Bank has also filed two "limited" pleadings on the issue of constructive trusts (Doc. Nos. 787 and 818 in the main case) ("5th/3rd Pleadings," collectively with the SJ Motion, "Constructive Trust Pleadings").[1]

In the Constructive Trust Pleadings, Fifth Third and the Trustee (collectively, "Parties") argue that constructive trusts cannot be imposed by bankruptcy courts post-petition. Their basis for this position is their contentions that: (1) the "Seventh Circuit has not yet directly addressed the issue of the treatment of constructive trusts in bankruptcy" (SJ Motion at p. 11); and (2) this Court should adopt what they claim to be the Sixth Circuit's position on the post-petition imposition of constructive trusts from its decision of In re Omegas Group, Inc., 16 F.3d 1443 (6th Cir. 1994). The Parties argue that, under Omegas, the imposition of constructive trusts, post-petition, is prohibited as a matter of law. For the reasons discussed in detail below, these arguments must be rejected.

---

[1] Both the SJ Motion and 5th/3rd Statement argue that constructive trusts cannot be imposed in bankruptcy cases as a matter of law.

-2-

## II. LEGAL ARGUMENT

### A. Standard for Summary Judgment

Pursuant to Fed. R. Civ. P. 56(c), the Court should grant summary judgment "if the pleadings, answers, interrogatories, affidavits and other materials demonstrate that there exists no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law." Dick et rel. v. Conseco, 458 F.3d 573, 577 (7th Cir. 2006). Fed. R. Civ. P. 56(c). To defeat a properly supported motion for summary judgment, a factual issue must be both "genuine" and "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual issue is not "genuine" unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. A factual issue is not "material" unless it "might affect the outcome of the suit under the governing law." Id.

If the moving party meets its burden, the burden shifts to the nonmoving party. "The nonmoving party, however, 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R. Civ. P. 56(e).

Here, as no discovery has occurred in this case as the Discovery Protocols were recently entered and the relief requested by the Parties is contrary to controlling Seventh Circuit law concerning Constructive Trusts, the relief requested by the Parties concerning constructive trust issues should be denied.

> B.  **The Seventh Circuit Has Expressly Held That Constructive Trusts Can Be Imposed Post-Petition.**

Despite the Parties' statements in their pleadings, the Seventh Circuit has expressly held that constructive trusts can be imposed post-petition by bankruptcy courts. See Belisle v. Plunkett, 877 F.2d 512 (7th Cir. 1989). In Belisle, the Seventh Circuit was asked to decide whether a bankruptcy trustee could, under 11 U.S.C. § 544(a)(3)[2] avoid a constructive trust in real property, that was allowed under applicable state law but which had not been imposed by prior court decision[3].

Similar to the facts of the present case, Belisle also involved misappropriation of property by a debtor. In 1979, Oliver Plunkett, a real estate developer and later the debtor ("Plunkett") formed five (5) partnerships ("Partnerships") to acquire a 50-year leasehold interest in a shopping center complex in the U.S. Virgin Islands ("Leasehold"). Unfortunately, while Plunkett "used" the money raised by the Partnerships to purchase the Leasehold, he put the Leasehold in his own name in the real property records rather than in the names of the Partnerships. After Plunkett and his wife filed bankruptcy, his trustee claimed that the Leasehold was property of Plunkett's bankruptcy estate. Subsequently, the defrauded partners filed an adversary proceeding in the bankruptcy case to quiet title to the Leasehold in the Partnerships, asserting constructive trust over the Leasehold.

The bankruptcy court recognized that, under Virgin Island law, the Leasehold was subject to a constructive trust in favor of the Partnerships. Given that the property in question was real estate, however, the bankruptcy court held that 11 U.S.C. § 544(a)(3) permitted the Trustee to

---

[2] 11 U.S.C. § 544(a)(3) grants a bankruptcy trustee the "strong arm" powers of a bona fide purchaser of real property.
[3] See 877 F.2d at 513. ("May the trustee in a bankruptcy case bring into the estate property that the debtor holds in constructive trust for victims of fraud?")

avoid any claimed constructive trust ownership interest because, although the defrauded partners were equitable owners of the Leasehold interest under Virgin Island law, that ownership was defeated by the rights of a hypothetical bona fide purchaser of the Leasehold interest. Belisle v. Plunkett, 89 B.R. 776, 783-84 (Bkrtcy. E.D. Wis. 1988). The District Court affirmed the decision of the bankruptcy court and the defrauded partners appealed to the Seventh Circuit.

While the Seventh Circuit affirmed the lower courts' decisions and allowed the avoidance of the Partners' constructive trusts under 11 U.S.C. § 544(a)(3), the Seventh Circuit clearly recognized that of constructive trusts survive bankruptcy. The Seventh Circuit ruled, as part of its decision on the question of whether a "trustee in a bankruptcy case [could] bring into the estate, property that the debtor holds in constructive trust . . .," that:

> Plunkett bamboozled the partners and used for his own benefit the leasehold acquired with partnership funds. Virgin Islands law impresses a constructive trust on the leasehold and its fruits. **A constructive trust ordinarily survives bankruptcy: the property may not be used to satisfy the debtor's obligations to other creditors, and the debts to the victims of the fraud may not be discharged.** 11 U.S.C. § 523(a)(2), (4). See United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 nn. 8, 10, 103 S.Ct. 2309, 2313-14 nn. 8, 10, 76 L.Ed.2d 515 (1983); In re Teltronics, Ltd., 649 F.2d 1236, 1239 (7th Cir. 1981). The Trustee acknowledges all of this but relies on § 544(a)(3) . . . [emphasis added]

Belisle, 877 F.2d at 513 (emphasis added). The Seventh Circuit reached this decision even though no pre-petition litigation or judgment on the issue of constructive trust had occurred.

While two bankruptcy court decisions, In re Nova Tool & Engineering, Inc., 228 B.R. 678 (Bkrtcy. N.D. Ind. 1998) and In re Foos, 183 B.R. 149 (Bkrtcy. N.D. Ill 1995) have called the above language "dicta," these decisions are clearly wrong. As the Belisle court's ruling on constructive trust was clearly necessary for the determination that 11 U.S.C. § 544 allowed the Trustee to bring the Leasehold into the bankruptcy estate, this ruling was clearly not dicta. The Seventh Circuit, in Matter of Cassidy, 892 F.2d 637, 640 (7th Cir. 1990), held that "dicta is only

-5-

that portion of an opinion not necessary to the outcome of the case." Here, the finding on the validity of constructive trusts by the Belisle court was directly necessary for the avoidance decision. As noted above, at the beginning of the Seventh Circuit's opinion, the question before the court was whether the bankruptcy trustee could "bring into the estate, property that the debtor holds in constructive trust."

Therefore, with respect to the validity of constructive trusts in bankruptcy, the Seventh Circuit has conclusively held that constructive trusts can be imposed post-petition. For that reason, the relief sought by the Parties related to constructive trusts must be denied as it is contrary to binding Seventh Circuit precedent. Accordingly, this Court should overrule the Constructive Trust Pleadings.

### C. The Parties' Contentions about Omegas are Incorrect

Even assuming the Belisle case is not binding precedent on the issue of imposition of constructive trusts post-petition, the Parties' primary case in support of their contrary argument, In re Omegas Group, Inc., 16 F.3d 1443 (6th Cir. 1994), has been greatly limited and/or changed by subsequent decisions of the Sixth Circuit interpreting Omegas.

Initially, Omegas involved, at best, a failure to pay and an alleged sale out of trust. The case before the Court clearly involves criminal activity by the Debtor and its principals, (see attached Exhibit A, Indictment of Thomas P. Gibson (the Debtor owner and manager) and Michael S. McDonald (the Debtor's administrator)), which defrauded most, if not all, creditors of the Debtor.

In cases subsequent to Omegas, the Sixth Circuit has held that: (1) in cases involving fraud and embezzlement, parties could be granted stay relief to continue a pre-petition law suit (such as the various interpleader actions in this case) to assert imposition of a constructive trust,

-6-

Newpower v. Boyd, 233 F.3d 922 (6th Cir. 2000);[4] (2) state law controls the imposition of constructive trust.  In re Morris, 260 F.3d 654, 665 (6th Cir. 2001); and (3) that funds misappropriated by the debtor from trust are not property of the estate under Omegas and applicable state law, In re Cannon, 277 F.3d 832, 849-851 (6th Cir. 2002).

The Parties' understanding of Omegas is both incomplete and misleading as it ignores the subsequent decisions of the Sixth Circuit in this issue.  See In re Morris, 260 F.3d at 666 ("Since deciding Omegas Group, we have clarified several relevant points.")  Therefore, even if this Court determined that Belisle is not binding precedent, the Constructive Trust Pleadings contain no meaningful authority to support the Parties' contentions relating to the validity of constructive trusts post-bankruptcy.  As the Constructive Trust Pleadings have no validity even under Omegas, this Court should deny the relief sought therein.

### D.    Constructive Trust Motion is Premature

Finally, only recently have the discovery protocols in the Debtor's case and this proceeding been approved.  Further, no discovery plan or order has been entered in this case.  Therefore, as many factual issues related to constructive trusts that have not been explored by the parties in this case, the Constructive Trust Pleadings should also be denied under Bankruptcy Rule 7056(f).

---

[4] The author of Omegas, Judge Batchelder, in Newpower, noted:
> In re Omegas did not present a situation in which the debtor was a thief, and it did not purport to answer the question of the enforcement of a state court judgment under the circumstances presented by this case.  In re Omegas presented the more common situation in which all the creditors have come to the bankruptcy court after having transferred property to the debtor in the ordinary course of business only to discover that the debtor was unable to pay them back, and was aware of its inability to pay even while engaging in the business transactions.

233 F.3d at 936.

**III.     CONCLUSION**

The Constructive Trust Pleadings are seriously misleading as they ignore mandatory and binding law of the Seventh Circuit on the issue of constructive trust in the context of bankruptcy cases. These pleadings also misstate the case law from the Sixth Circuit from <u>Omegas</u>. The <u>Belisle</u> decision of the Seventh Circuit clearly holds that a constructive trust can be imposed post-petition in appropriate circumstances after a bankruptcy case is filed. Therefore, this Court should: (1) overrule the SJ Motion; (2) dismiss, with prejudice, the $5^{th}/3^{rd}$ Pleadings; and (3) grant Superior such additional relief as is just under the circumstances.

Respectfully submitted,

/s/ *John W. Ames*
John W. Ames
C.R. Bowles, Jr.
Christie Moore
Ivana B. Shallcross
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky  40202
Telephone (502) 589-4200
Facsimile (502) 587-3695
jwa@gdm.com
crb@gdm.com
cm@gdm.com
ibs@gdm.com
COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

- Amelia Martin Adams aadams@dlgfirm.com
- Robert A. Bell rabell@vorys.com, dmchilelli@vorys.com
- Kent A Britt kabritt@vorys.com, cbkappes@vorys.com
- John R. Carr jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso dcaruso@daleeke.com, mthomas@daleeke.com
- Kirk Crutcher kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com
- Laura Day DelCotto ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- Daniel J. Donnellon ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Shawna M Eikenberry shawna.eikenberry@bakerd.com, sarah.herendeen@bakerd.com
- Jeffrey R. Erler jeffe@bellnunnally.com
- Melissa S. Giberson msgiberson@vorys.com
- John Huffaker john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- James Bryan Johnston bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston tjohnston@mcjllp.com
- Erick P Knoblock eknoblock@daleeke.com
- Randall D. LaTour RDLatour@vorys.com, khedwards@vorys.com;bjtobin@vorys.com
- David L. LeBas dlebas@namanhowell.com, koswald@namanhowell.com
- Elliott D. Levin edl@rubin-levin.net, atty_edl@trustesolutions.com
- James B. Lind jblind@vorys.com
- John Hunt Lovell john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
- Harmony A Mappes harmony.mappes@bakerd.com, betsy.smith@bakerd.com;sarah.herendeen@bakerd.com
- John Frederick Massouh john.massouh@sprouselaw.com
- James Edwin McGhee mcghee@derbycitylaw.com, belliott@derbycitylaw.com;patenaude@derbycitylaw.com
- Ross A. Plourde ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Timothy T. Pridmore tpridmore@mcjllp.com, lskibell@mcjllp.com
- Mark A. Robinson mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- John M. Rogers johnr@rubin-levin.net, susan@rubin-levin.net
- James E Rossow jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com
- Ivana B. Shallcross ibs@gdm.com
- James E. Smith jsmith@smithakins.com, legalassistant@smithakins.com
- Joshua N. Stine jnstine@vorys.com
- Kevin M. Toner kevin.toner@bakerd.com, crystal.hansen@bakerd.com;judy.ferber@bakerd.com
- U.S. Trustee ustpregion10.in.ecf@usdoj.gov

- Stephen A. Weigand sweigand@ficlaw.com
- Jessica E. Yates jyates@swlaw.com, jmilelli@swlaw.com;docket_den@swlaw.com
- James T Young james@rubin-levin.net, ATTY_JTY@trustesolutions.com;lemerson@rubin-levin.net;carmen@rubin-levin.net

/s/ *John W. Ames*
John W. Ames

4570084_3.docx