# **EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
VANESSA L. ARMSTRONG, CLERK

SEP 21 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

INDICTMENT

NO. 3:11CR-123-R

18 U.S.C. § 1341
18 U.S.C. § 982(a)(2)

THOMAS P. GIBSON
MICHAEL STEVEN MCDONALD

The Grand Jury alleges:

## BACKGROUND

1. Eastern Livestock Company, LLC (hereinafter, "Eastern Livestock") is a Kentucky limited liability company. It was one of the largest cattle brokerage businesses in the United States until its closure on and around November 2, 2010, processing cattle sales and operating branch facilities in eleven states, including Kentucky. The company's principal office is located in New Albany, Indiana. Defendant, **THOMAS P. GIBSON**, was an owner of Eastern Livestock and manager of the business during all times pertinent to the charges in this Indictment. Defendant, **MICHAEL STEVEN MCDONALD**, was employed in an administrative position with Eastern Livestock. Among the responsibilities assigned to defendant, **MICHAEL STEVEN MCDONALD**, was management and oversight of the line of credit established by Eastern Livestock with Fifth Third Bank on August 9, 2004, as described more fully in paragraph number 3 below.

2. Defendant, **THOMAS P. GIBSON**, maintained an account in his and his spouse's name with Your Community Bank.

3. In order to facilitate its cattle brokerage business, Eastern Livestock entered into credit and security agreements with Fifth Third Bank on August 9, 2004. Under the terms of these agreements, Fifth Third Bank extended a revolving line of credit to Eastern Livestock, initially in the amount of $22,500,000 which the bank secured by receiving security interests in assets owned by Eastern Livestock, including the company's bank accounts, equipment, livestock, and accounts receivable. In or about 2008, Wells Fargo came in as a participant in Fifth Third's loan to Eastern Livestock and the revolving line of credit was increased from $22.5 million to $32,500,000, with Wells Fargo Bank assuming the benefit and liability of $10 million of the $32.5 million line of credit extended to Eastern Livestock. Accessing funds from this line of credit on a daily basis was essential to the operation of Eastern Livestock because the monies were needed by the company to make timely payments for cattle it purchased on a daily basis. Eastern Livestock purchased, on average, $10 to $20 million worth of cattle every day.

4. Under the terms of its credit agreement with Fifth Third Bank, funds were extended to Eastern Livestock based, in part, on the value of the company's outstanding accounts receivable, which were reported by Eastern Livestock to the bank on a daily basis through submission of a Borrowing Base Certificate. Defendant, **MICHAEL STEVEN MCDONALD**, at the direction of defendant, **THOMAS P. GIBSON**, was responsible for causing the preparation and submission of the Borrowing Base Certificates on a daily basis to Fifth Third Bank.

5. Under the terms of its credit agreement with Fifth Third Bank, Eastern Livestock maintained a Cash Collateral Account with the bank, into which the company deposited, on a daily basis, receipts from operation of its business, which was principally comprised of payments received from its sale of cattle. Funds deposited into the Cash Collateral Account were automatically transferred into the company's Line of Credit Account, and used by the bank to make payments against Eastern Livestock's $32.5 million line of credit. Funds from the company's line of credit with Fifth Third Bank were swept into operational accounts maintained by Eastern Livestock and used by the company to conduct its daily cattle brokerage business. The amount of funds released by Fifth Third Bank from the Eastern Livestock's line of credit depended, in part, on the amount of money deposited each day by the company into its Cash Collateral Account. The availability of approximately $10 to $20 million in cash on a daily basis from its line of credit with Fifth Third Bank was essential to the operation of Eastern Livestock's cattle brokerage business.

6. Under the terms of Eastern Livestock's Line of Credit with Fifth Third Bank, it was set to expire on October 15, 2010.

## COUNT 1
## (MAIL FRAUD)

7. From on or about and between August 9, 2004, and November 2, 2010, in the Western District of Kentucky, Nelson County, Kentucky, and elsewhere, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD**, the defendants herein, aided and abetted by one another and others, known and unknown to the Grand Jury, devised and attempted to devise a scheme and artifice to defraud Fifth Third Bank and Wells Fargo Bank, both financial institutions

3

whose deposits were then and there insured by the Federal Deposit Insurance Corporation, and cattle sellers to Eastern Livestock, including approximately 200 sellers located in the Commonwealth of Kentucky, and to obtain money and property from Fifth Third Bank, Wells Fargo Bank, and cattle sellers to Eastern Livestock, by means of false and fraudulent pretenses and representations, knowing that the pretenses and representations were false and fraudulent when made, which scheme is described more fully in paragraphs 8 through 12 below.

### MANNER AND MEANS OF THE FRAUDULENT SCHEME

8. On or about and between the dates indicated in paragraph 7 above, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD**, the defendants herein, aided and abetted by one another and others, known and unknown to the Grand Jury, knowingly and intentionally engaged in a check-kiting scheme by causing billions of dollars of checks issued from various bank accounts, including defendant **THOMAS P. GIBSON'S** personal account with Your Community Bank and bank accounts belonging to agents and business associates of the defendants, in amounts which exceeded available balances in the affected accounts, causing artificially inflated balances in Eastern Livestock's Cash Collateral account. The purpose for the defendants engaging in the check-kiting scheme described above was to induce Fifth Third Bank, through fraud and deceit, to continue the release of funds to Eastern Livestock under the company's line of credit with the bank.

9. It was further a part of the conspiracy that defendant, **MICHAEL STEVEN MCDONALD**, during the time period described in paragraph number 7 above, at the direction and with the consent of defendant, **THOMAS P. GIBSON**, knowingly and intentionally prepared and caused to be prepared and submitted to Fifth Third Bank fraudulent Borrowing

4

Base Certificates, which contained falsely inflated accounts receivable figures, consistent with amounts of check-kiting occurring each day, as described in paragraph number 8 above. The purpose for the preparation and submission to Fifth Third Bank of false and fraudulent Borrowing Base Certificates was to fraudulently induce the bank to continue to release funds to Eastern Livestock under the company's line of credit with the bank.

10. Eastern Livestock's line of credit agreement with Fifth Third Bank expired on October 15, 2010, and was not, thereafter, renewed by the bank. It was further a part of the defendants' scheme and artifice to defraud that, after the company's line of credit agreement with Fifth Third Bank expired, the defendants, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD**, and others known and unknown to the Grand Jury, continued the execution of a check-kiting scheme against Fifth Third Bank by causing deposits of millions of dollars worth of checks issued from various bank accounts, including defendant **THOMAS P. GIBSON'S** personal account with Your Community Bank, and bank accounts belonging to agents and business associates of the defendants, in amounts which exceeded available balances in the affected accounts, into one of Eastern Livestock's operating accounts with Fifth Third Bank, causing artificially inflated balances in this account, until the account was closed by the bank on November 2, 2010. During time periods when these deposits were being made into one of Eastern Livestock's operating accounts, the defendants also caused the issuance of millions of dollars worth of checks from this same account, causing a financial loss to Fifth Third Bank and others.

## MAILING

11. It was further a part of the defendants' scheme and artifice to defraud that the defendants, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD**, knowingly caused checks to be drawn in amounts substantially exceeding available funds from business accounts belonging to agents and associates of the defendants, which checks were, thereafter, deposited into Eastern Livestock's Cash Collateral and operational accounts with Fifth Third Bank. The defendants caused these checks to be deposited into Eastern Livestock's Cash Collateral and operational accounts for the purpose of maintaining the fraudulent check-kiting scheme described in paragraphs 1 through 10 above.

12. In furtherance of the scheme and artifice to defraud, described in paragraphs 1 through 11 above, and in execution thereof, the defendants, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD**, caused checks to be issued from Eastern Livestock's accounts maintained with Fifth Third Bank and delivered by the United States Postal Service from the offices of Eastern Livestock in New Albany, Indiana, to addresses belonging to agents and associates of the defendants whose business account checks were used by the defendant in furtherance of the check-kiting scheme, including two Eastern Livestock checks in the amounts of $94,374.48 and $98,101.93, which were mailed via the United States Postal Service to a designated address in Nelson County, Kentucky, on or about September 5, 2008, which violation affected a financial institution.

In violation of Title 18, United States Code, Section 1341.

## NOTICE OF FORFEITURE

As a result of committing a violation of Title 18, United States Code, Section 1341, as alleged in Count 1 of this Indictment, the defendants, **THOMAS P. GIBSON** and **MICHAEL STEVEN MCDONALD,** shall forfeit to the United States any and all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as a result of the offense alleged in Count 1 of this Indictment, including but not limited to:

1. Contents of Account XXXX6149 in the Name of Eastern Livestock and Thomas P. Gibson, held by MF Global Inc., 440 South LaSalle Street, 20th Floor, Chicago, IL (approximately $26,706.01);

2. Contents of Account XXXXX4113 in the Name of J&L Cattle Co., held by Your Community Bank, 101 W. Spring Street, New Albany, IN (approximately $46,121.11); and

3. Contents of Account XXXXX1841 in the Name of Thomas P. and Patsy Gibson, held by Your Community Bank, 101 W. Spring Street, New Albany, IN (approximately $4,752,721.18).

Pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL.


FOREPERSON


*[signature]*

DAVID J. HALE
UNITED STATES ATTORNEY

DJH:JRL:nbw:092011

7

UNITED STATES v. **THOMAS. P. GIBSON and MICHAEL STEVEN MCDONALD**

## PENALTIES

Count 1:      NM 30 yrs./$1,000,000/both/NM 5 yrs. Supervised Release
Forfeiture

## NOTICE

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  |  |  |  |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|  | $125 per count/other |  | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due _immediately_ unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613
If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN 85

No. _____

# UNITED STATES DISTRICT COURT
### Western District of Kentucky
### Louisville Division

### THE UNITED STATES OF AMERICA
vs.
THOMAS P. GIBSON

MICHAEL STEVEN MCDONALD

## INDICTMENT

**Title 18 U.S.C. § 1341:**
**Mail Fraud.**

*A true bill.*

_____
*Foreman*

*Filed in open court this 21st day, September A.D. 2011.*

_____
*Clerk*

*Bail, $*

**FILED**
VANESSA L. ARMSTRONG, CLERK

SEP 21 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY