IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**SUPPLEMENT TO TRUSTEE'S RESPONSE TO SOLM'S
"DISPOSITIVE ISSUE MEMORANDUM"**

The Trustee submits this supplement to his response filed on November 14, 2011 [Dock. No. 829] (this "Supplement").

The Trustee directs the Court to *Montfort v. Kunkel*, 182 B.R. 1007 (Bankr. D. Minn. 1995) (a copy of which is attached for the Court's convenience). In *Montfort v. Kunkel*, the United States Bankruptcy Court for the District of Minnesota dealt with the same basic fact pattern underlying this dispute and many of the arguments asserted by the Constructive Trust Objectors. That court held that unpaid cattle sellers were not entitled to the imposition of a constructive trust over proceeds resulting from a debtor/buyer's resale of cattle that were purchased from the unpaid sellers. *Id.* at 1024.

*Montfort v. Kunkel* involved a debtor/cattle dealer that was engaged in a "check kiting scheme of epic proportions" prior to its June 10, 1994 bankruptcy filing. *In re Spring Grove Livestock Exchange, Inc.*, 205 B.R. 149, 153 (Bankr. D. Minn. 1997) (adversary proceeding arising out of related bankruptcy case). Beginning on June 3, 1994, the debtor's senior secured lender and depository bank refused to honor checks and began reversing provisional credits charged to debtor's account. *In re Spring Grove Livestock Exchange, Inc.*, 205 B.R. at 153. As a result, many of the cattle sellers who had delivered cattle to debtor in late May and early June of 1994 were left holding dishonored checks and/or were not paid by the

debtor.  *Montfort v. Kunkel*, 182 B.R. at 1011.  On July 7, 1994, a packer that had purchased cattle from the debtor on June 1st and 2nd interpled with the court approximately $670,000 it owed for purchases of cattle from the debtor and asked the court to determine rights in and to the interpled funds.

Various parties asserted claims to the interpled funds based on many of the same theories that have been asserted in this Chapter 11 case, including the theory that the court should impose a constructive trust on the interpled funds in favor of unpaid sellers.[1]  Both the chapter 7 trustee in the case and the debtor's senior secured lender argued that the unpaid cattle sellers did not have rights to the interpled funds.  *Montfort v. Kunkel*, 182 B.R. at 1011.  The bankruptcy court granted the lender's motion for summary judgment, finding that the unpaid cattle sellers had no claim to the interpled funds.  *Montfort v. Kunkel*, 182 B.R. at 1024.  In particular, the court stated:

> Reclamation under 11 U.S.C. § 546(c) remains the exclusive remedy for the unsecured seller…The facts as claimed by the defendants do not reach the level required to impose a constructive trust under state law.  Moreover, even if they did, such a trust would be inconsistent with 11 U.S.C. § 546(c)…The defendants' claim that Firstar would be unjustly enriched is also without merit.  Firstar, as a priority secured creditor of Spring Grove, stands first in line for the proceeds from the cattle.  The defendants had ample opportunity to secure their interests in the cattle but chose not to.  They cannot now try to rectify their failure to obtain secured status and improve their claims by trying to impose a constructive trust.

*Montfort v. Kunkel*, 182 B.R. at 1021-22.

The bankruptcy court in *Montfort v. Kunkel* reasoned that Bankruptcy Code § 546(c)'s reclamation provisions provide the exclusive remedy for an unpaid seller in both cash sale and

---

[1] The unpaid sellers also argued that 1) the interpled proceeds were subject to a statutory trust in the unpaid sellers' favor pursuant to the Packers and Stockyards Act, 7 U.S.C. § 196, 2) the unpaid sellers' had reclamation rights to the proceeds and 3) the unpaid sellers possessed valid agricultural liens in and against the interpled proceeds. *Montfort v. Kunkel*, 182 B.R. at 1012.

2

credit sale transactions. The bankruptcy court denied the sellers' request for the imposition of a constructive trust on cattle sale proceeds. The Minnesota bankruptcy court cited with approval the 6th Circuit's decision in *In re Omegas* that the Trustee cited in support of his opposition to SOLM. The bankruptcy court explained that "the imposition of a constructive trust is inconsistent with the Bankruptcy Code's detailed treatment of creditors and it would be extremely inappropriate for a bankruptcy court to impose a constructive trust." *Montfort v. Kunkel*, 182 B.R. at 1023 (citing for support *Omegas* and other cases, including the 7th Circuit's decision in *Small v. Beverly Bank*, 936 F.2d 945, 949).

        Respectfully submitted,

        BAKER & DANIELS LLP

        By: /s/ Dustin R. DeNeal

| | |
|---|---|
| James M. Carr (#3128-49) | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| Kevin Toner (#11343-49) | |
| Terry E. Hall (#22041-49) | |
| Harmony Mappes (# 27237-49) | |
| Dustin R. DeNeal (#27535-49) | |
| 300 N. Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| Telephone: (317) 237-0300 | |
| Facsimile: (317) 237-1000 | |
| jim.carr@bakerd.com | |
| kevin.toner@bakerd.com | |
| terry.hall@bakerd.com | |
| harmony.mappes@bakerd.com | |
| dustin.deneal@bakerd.com | |

Wendy W. Ponader, (14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@bakerd.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2011, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |

4

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |

I further certify that on November 17, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Dustin R. DeNeal

5

BDDB01 9005008v1