**SO ORDERED: November 21, 2011.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER APPROVING PROPOSED AUCTION SALE OF CERTAIN PERSONAL PROPERTY ASSETS OF THE ESTATE FREE AND CLEAR OF ALL INTERESTS**

This matter is before the Court on the *Motion for Order Approving Proposed Auction Sale of Certain Personal Property Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363* [Dock. No. 758] (the "Motion") filed by James M. Knauer, chapter 11 trustee ("Trustee") in the above-captioned case ("Chapter 11 Case") and the *Gibson Trustee's Limited Objection to Motion for Order Approving Proposed Auction Sale of Certain Personal Property Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363* [Dock. No. 772] (the "Objection") filed by Kathryn L. Pry in her capacity as chapter 7 trustee ("Gibson Trustee") of the bankruptcy estate of Thomas and Patsy Gibson in Case No. 10-93867-BHL-7. The Court finds that i) the Trustee has given due and proper notice of the

Motion, ii) all interested parties were given due and adequate opportunity to be heard at the hearing on the Motion and iii) the Court has jurisdiction over this core proceeding. Therefore, the Court being fully advised in the premises;

IT IS HEREBY ORDERED that:

1. The Trustee's Motion is granted.

2. The Trustee is authorized to enter into the Auction Agreement[1] and sell all of Eastern Livestock Co., LLC's right, title and interest in and to some or all of the Personal Property as the Trustee may select in his sole discretion upon twenty (20) days publication notice to the highest bidder, free and clear of all interests, liens, claims and encumbrances, with such interests, liens, claims and encumbrances, if any, to attach to the proceeds of such sale.

3. To the extent the Gibson Trustee asserts any rights in or to the Personal Property listed on Exhibit B attached to the Motion, the Gibson Trustee shall have thirty (30) days from the date of the entry of this Order to file a pleading asserting with specificity the items of Personal Property that the Gibson Trustee asserts rights to and the basis for such an assertion. If the parties cannot resolve the Gibson Trustee's claims, the parties shall work together and file an agreed scheduling order to resolve the Gibson Trustee's claims. Notwithstanding the foregoing, the Trustee is authorized to sell the Personal Property and hold the relevant proceeds pending determination of the Gibson Trustee's rights thereto.

4. The Trustee shall file with this Court a notice (the "Auction Notice") listing the date, time and location of the auction as well as the items of Personal Property to be sold no less than twenty (20) days prior to the scheduled date of the auction sale.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5.       The Trustee is authorized to take such actions and execute and deliver such instruments, agreements and documents as are necessary to convey the Eastern Livestock Co., LLC's interests in the Personal Property.

###