IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| ) | Chapter 11 |
| ) | |
| Debtor ) | |
| ) | |

**RESPONSE TO FIFTH THIRD BANK'S "LIMITED STATEMENT" ON
PURCHASE MONEY CLAIMS REPORT TRUST ISSUES**

Joplin Regional Stockyards ("Joplin") and Superior Livestock Auction, Inc. ("Superior Livestock"), through counsel, respectfully submit the following response to *Fifth Third's Limited Statement and Memorandum in Support of Trustee's Omnibus Reply to Objections to Purchase Money Claims Report* ("Limited Statement") filed on October 28, 2011 as Docket No. 787:

**Factual Background**

1. On January 6 of this year, the Trustee filed a motion for authority to "complete sales of cattle" with liens and claims to attach to the proceeds of sale. The motion noted the Debtor purchased and sold cattle "on its own behalf and as broker for others." EMERGENCY MOTION REGARDING PAYMENTS ON DEBTOR'S CATTLE SALES ("Cattle Sale Motion"), ¶6.

2. The Court granted the Cattle Sales Motion in an Order entered on January 24, 2011 ("Cattle Sales Order") which (a) required cattle buyers to make payments to the estate; (b) directed that such payments be placed in escrow, subject to all competing claims, liens and interests; (c) required anyone asserting a claim or interest against the escrow Account to file a

"purchase money claim;" and (d) required the Trustee to file a "Claims Report" indicating which claims should be allowed and the legal and factual basis for any objections to claims.

3.  Superior, Joplin and other parties timely filed their Purchase Money Claims. Third Bank ("Fifth Third") did not file a Purchase Money Claim, although it was identified in the Cattle Motion as being one of the parties asserting a secured claim to the escrowed funds.

4.  On May 23, 2011, the Trustee filed his Claims Report, which objected to *all* purchase money claims on the grounds "the Trustee has concluded that no person other than Fifth Third can assert a valid perfected lien in or to the Cattle Sales Proceeds." TRUSTEE'S PURCHASE MONEY CLAIMS REPORT, MOTION TO TRANSFER FUNDS AND NOTICE OF RELEASE OF PROCEEDS FROM ACCOUNT ("Claims Report"), ¶1. The Trustee's Claims Report did not address "interests" in the funds, or any grounds for objection other than secured status,[1] nor was it supported by any evidence demonstrating the funds were property of the estate subject to Fifth Third's secured claim.

5.  The Claims Report nonetheless asked for a determination that the escrowed funds are cash collateral of Fifth Third

6.  Objections to the Claims Report were filed by Joplin, Superior Livestock, and other parties in interest (the "Objections"). The Objections observed, in part, that the funds in escrow may not be property of the estate (and hence not Fifth Third's cash collateral) and may be subject to constructive trusts under federal and state law. As noted, The Trustee's Claims Report did not address any issues other than whether asserted claims were secured.

---

[1] The Trustee stated that "[b]y this Purchase Money Claims Report, the Trustee only objects to the secured classification of the Disputed Purchase Money Claims. . . ." CLAIMS REPORT, ¶11.

2

7. Hearings were held on the Trustee Motion and the Objections on June 24, 2011 and August 22, 2011, after which the Court entered a preliminary order on July 1, 2011, and a *Final Order Regarding Trustee's Purchase Money Claims Report* (the "Final Order") on September 1, 2011.

8. The Final Order:

(a) noted the parties have agreed to litigate specific "reserved objections" in separate contested matters or adversary proceedings;

(b) allowed the Trustee to transfer the "remaining funds" from an escrow account to the Trustee's operating account;

(c) overruled remaining objections without prejudice; and

(d) ordered that all challenges to the remaining funds be brought by adversary proceeding.

### Fifth Third's Limited Statement

9. Notwithstanding the Court's entry of its Final Order two months ago on the Claims Report and all Objections, Fifth Third has now filed its Limited Statement in "support" of a reply brief filed by the Trustee, offering ten pages of additional argument on one of the issues – the law relating to "constructive" trusts – which had only been briefly discussed by the Trustee in responding to some objections. The Limited Statement asserts that the trust theories fail as a matter of law.[2]

---

[2] A related pleading filed by Fifth Third makes the amazing further argument (unsupported by any evidence) that no one but Fifth Third *could* be harmed by check kiting or other fraud that would give rise to a constructive trust. *See* LIMITED RESPONSE OF FIFTH THIRD TO DISPOSITIVE MEMORANDUM OF STOCKMAN OKLAHOMA LIVESTOCK MARKETING, INC. (DOCKET NO. 818), PG. 7 NOTE 12 ("Fifth Third fails to understand how alleged wrongful conduct against *Fifth Third* can constitute a wrong against a cattle seller. . . ."). It is obvious that sellers were harmed when the Debtor purchased cattle with kited checks that Fifth Third dishonored.

**Objection to Limited Statement**

10. Suffice it to say, Fifth Third's Limited Statement regarding the Claims Report is not properly before the Court. As noted, the Court has already issued a *Final* Order on the Claims Report and all Objections, in which the Court expressly stated that all objections were denied *without prejudice* and must be addressed in separate adversary cases or contested matters.

11. Thus, there are no issues before the Court relating to the Claims Report other than individual contested matters. Fifth Third's "support" of the Trustee's reply brief is no longer relevant.

12. The constructive trust issues which Fifth Third has improperly attempted to litigate through its Limited Statement are in fact being addressed in separate adversary proceedings. In Adversary Proceeding No. 11-59093, the Trustee has filed a *Motion For Partial Summary Judgment Concerning Statutory Trusts, Constructive Trusts And Clearing Agency Issues,* to which Superior and Joplin, as well as other interested parties, have responded.

13. Even when the Claims Report *was* before the Court, it did not purport to address anything but the "secured classification of the Disputed Purchase Money Claims." CLAIMS REPORT, ¶11. It is only because the Claims Report asked the Court to declare the funds are "cash collateral" of Fifth Third that parties objecting to the Claims Report responded by noting the Trustee had made no showing that the escrowed funds are property of the estate.

14. Under the circumstances, no further response to the arguments made in Fifth Third's Limited Statement is necessary. Out of an abundance of caution, however, Joplin and Superior further respond to Fifth Third's Limited Statement by incorporating the arguments and authorities filed on behalf of Superior and Joplin in Adversary Proceeding No. 11-59093 with respect to the constructive trust issues.

WHEREFORE, Superior Livestock and Joplin respectfully pray that the Court deny the relief sought by Fifth Third in its Limited Statement, and further pray for such other relief as is proper.

CO-COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC. and JOPLIN REGIONAL STOCKYARDS

*/s/ John M. Rogers*
John M. Rogers
RUBIN & LEVIN, P.C.
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN  46204-2161
Phone:  317-634-0300
Facsimile:  317-263-9411
e-mail:  JohnR@rubin-levin.net

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2011, a copy of the foregoing was served via electronic mail on the following:

| | |
|---|---|
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | jwa@gdm.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles | crb@gdm.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | james.carr@bakerd.com |
| John R. Carr | jrciii@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com |

| | |
|---|---|
| Kirk Crutcher | kcrutcher@mcs-law.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com |
| Shawna M Eikenberry | shawna.eikenberry@bakerd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Terry E. Hall | terry.hall@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com |
| Jay Jaffe | jay.jaffe@bakerd.com |
| James Bryan Johnston | bjtexas59@hotmail.com |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David M. Jones | david.jones@sprouselaw.com |
| James A. Knauer | jak@kgrlaw.com |
| Erick P Knoblock | eknoblock@daleeke.com |
| Randall D. LaTour | RDLatour@vorys.com |
| David L. LeBas | dlebas@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| John Hunt Lovell | john@lovell-law.net |
| Harmony A Mappes | harmony.mappes@bakerd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| James Edwin McGhee | mcghee@derbycitylaw.com |
| Christie A. Moore | cm@gdm.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com |
| Mark A. Robinson | mrobinson@vhrlaw.com |
| John M. Rogers | johnr@rubin-levin.net |
| James E Rossow | jim@rubin-levin.net |
| Ivana B. Shallcross | ibs@gdm.com |
| James E. Smith | jsmith@smithakins.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Joshua N. Stine | jnstine@vorys.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Jessica E. Yates | jyates@swlaw.com |
| James T Young | james@rubin-levin.net |

*/s/ John M. Rogers*

6