UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
FOR NEW ALBANY

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| **EASTERN LIVESTOCK CO., LLC** ) | |
| ) | CASE NO. 10-93904-BHL-11 |
| Debtor ) | |
| ) | Hon. Basil H. Lorch III |

### OBJECTION TO FIRST INTERIM FEE
### APPLICATION OF HOOVER HULL LLP

Superior Livestock Co., LLC ("Superior"), by and through the undersigned counsel, hereby files its objection ("Objection") to the First Interim Fee Application of Hoover Hull LLP (Doc. No. 819) ("HH Application").

In support of this Objection, Superior states:

### BACKGROUND

Hoover Hull LLP's ("HH") retention as special counsel was sought by James A. Knauer ("Trustee") early in this case on January 18, 2011 (Doc. No. 219). The Trustee properly sought the retention of HH to "investigate and prosecute claims and objections against Fifth Third Bank ("Fifth Third") or claims asserted by Fifth Third in this case," because the Debtor's general bankruptcy counsel Baker & Daniels LLP ("B&D") and the Trustee's own law firm each represent Fifth Third in matters unrelated to the case. The Affidavit of Terry E. Hall in support of the Application to Employ B& D as counsel to Chapter 11 Trustee (Doc. 114) states that B&D currently represents Fifth Third in other matters, and that Fifth Third has not consented to the Firm's representation of the Trustee with respect to any adversary proceeding or other action that the Trustee may commence directly against Fifth Third. Mr. Knauer's Affidavit states he believes that despite his firm's representation of Fifth Third in unrelated matters, he and his firm

were nonetheless "disinterested." See Affidavit of Disinterest, Doc. No. 98-20 of the Trustee. HH's Affidavit in support of its application for employment did not disclose any connection with Fifth Third (Doc. No. 219-1) and on February 10, 2011, HH's employment was approved by this Court (Doc. No. 267).

On February 11, 2011, the Debtor filed a Motion for Use of Cash Collateral (Doc. No. 271) ("Cash Collateral Motion"). In this Motion, the Trustee, apparently based on HH's investigation (see Transcript of March 11, 2011 Hearing at p. 60), agreed on behalf of the Debtor, that the amount of Fifth Third's claim was correct and that Fifth Third has filed all necessary documents to perfect its security interest in the value of any assets which the Debtor validly owned and which were subject to the terms of Fifth Third security agreement. The proposed order attached to the Trustee's Motion also stated the Trustee would waive any claims or causes of action against Fifth Third. It provided:

> b. The Trustee waives, releases and affirmatively agrees not to allege or otherwise pursue any or all defenses, affirmative defenses, counterclaims, claims, causes of action, recoupment, setoffs or other rights that it may have (i) to contest any provisions of the Chapter 11 Financing, the Pre-Petition Credit Facilities; or Prepetition Indebtedness; or (ii) to take any actions against Fifth Third under the Chapter 11 Financing or the Pre-Petition Credit Facilities with respect to lender liability theories and pursuant to Sections 510, 544, 547, 548 and 549 of the Bankruptcy Code.

On March 11, 2011, a hearing was on the Cash Collateral Motion and objections filed by various parties, including Superior. The parties ultimately agreed to language in a revised proposed cash collateral order which preserved the Debtor's and all other parties' claims against Fifth Third notwithstanding the allowance of Fifth Third's proof of claim. That Order was entered on March 18, 2011 ("Cash Collateral Order"). The estate has now incurred all or virtually all of the professional fees permitted by either the $2 million "carve out" or the $2

million "loan" described in the Cash Collateral Order. As of the most recently-filed operating report (for September), the fees and expenses were $3.5 million.

Until the recent filing of HH's Application, which sets forth all of HH's work from January 14, 2011 through August 31, 2011, creditors had no information regarding HH's investigations as special counsel for the Trustee. That Application reveals, however, that the firm's investigation of Fifth Third and potential claims was both extremely limited and untimely. According to its Application, HH spent less than 20 hours reviewing Fifth Third's claim prior to the date the Cash Collateral Motion was filed. Further, in the weeks between the filing of the Cash Collateral Motion and the March 11, 2011 hearing on the Motion, HH only interviewed a single witness concerning Fifth Third's actions related to the Debtor, did not seek any discovery from Fifth Third, and only started preparing a memo to the Trustee concerning Fifth Third's claim just ten days before the March 11, 2011 hearing on cash collateral. (See 3/1/2011 and 3/3/2011 entries on HH Application.)

While the deficiencies of HH's analysis of the validity of 5th/3rd's proof of claim are distressing, the almost total lack of investigation by HH of the bankruptcy estate's potential claims *against* Fifth Third demonstrates both a disregard of their duties as special counsel in this case, and a serious lack of understanding of bankruptcy law.

The redacted HH Application shows no factual investigation of 5th/3rd's actions other than its review of the proof of claim filed by Fifth Third and the interview of a single witness. Rather, HH apparently spent most of its time researching a limited number of common law legal theories of possible recovery against Fifth Third, and preparing to attend the hearing on the Cash Collateral Motion. Indeed, both the HH and DSI fee applications for February and March of

2011 show almost no contact between the Trustee's financial adviser and special counsel concerning claims against Fifth Third, and no requests for any factual evidence related to the Fifth Third loan.

After April of 2011, HH essentially abandoned further analysis of the Debtor's potential claims against Fifth Third. See HH Application showing no time spent on this case from April 28 through August 31, 2011. Only in late October of this year, after five months of total inactivity, and almost a year into this massive case did HH belatedly request some documents from Fifth Third. See Notice of Discovery Request filed on November 4, 2011 as Docket No. 803. In the meantime, Fifth Third has continued to receive budgets and action plans from the Trustee that are not shared with other creditors, and has regularly met with the Trustee regarding the course of the case.

## LEGAL ANALYSIS

In the Seventh Circuit, unless otherwise approved in the retention order, fee applications of debtor professionals are reviewed under 11 U.S.C. § 330. See Matter of Taxman Clothing Company, 49 F.3d 310, 312-313 (7th Cir. 1995). In order for a professional to be compensated under 11 U.S.C. § 330, the services rendered by the professional must be "actual and necessary" to the estate and can only be awarded up to the value such services provided to the estate. Id. at 314.

Here, the delay and inaction of HH concerning the investigation of Fifth Third claims rendered any services it states it actually provided to the Debtor of no value to the estate. Indeed, HH's failure to complete the task it was retained to do has rendered the Debtor effectively blind in this case as the Trustee and Baker & Daniels attempt to administer the estate. Any unknown

claims the estate may have against Fifth Third are obviously not being considered. Indeed, as noted in the Baker & Daniels second interim Fee Application, the Trustee has started to draft a plan and to discuss the terms of this proposed plan with Fifth Third -- clearly without having a meaningful investigation of claims which the estate could have against Fifth Third. See Baker & Daniels Fee Application exhibit, Doc. No. 820-1 at p. 63, noting plan discussions with Fifth Third. Given the failure of HH to even attempt a meaningful investigation of the estates' rights against Fifth Third, discussions with Fifth Third about a proposed plan are obviously premature and may not be in the best interests of the estate and its creditors.

## CONCLUSION

THEREFORE, in light of this serious breach of HH's obligations to the Debtor, this Court should either deny the HH Application in full, with prejudice,[1] or delay any consideration of its application until a more detailed investigation of HH's activities can be completed.

        CO-COUNSEL FOR SUPERIOR LIVESTOCK
        AUCTION, INC.

        */s/ John M. Rogers*
        John M. Rogers
        RUBIN & LEVIN, P.C.
        500 Marott Center
        342 Massachusetts Avenue
        Indianapolis, IN  46204-2161
        Phone:  317-634-0300
        Facsimile:  317-263-9411
        e-mail:  JohnR@rubin-levin.net

---

[1] Superior reserves the right to move for the removal of HH as special counsel at a later date.

## CERTIFICATE OF SERVICE

      I certify that on November 23, 2011, a copy of the foregoing was served via electronic mail on the following:

| | |
|---|---|
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | jwa@gdm.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles | crb@gdm.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | james.carr@bakerd.com |
| John R. Carr | jrciii@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com |
| Kirk Crutcher | kcrutcher@mcs-law.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com |
| Shawna M Eikenberry | shawna.eikenberry@bakerd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Terry E. Hall | terry.hall@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com |
| Jay Jaffe | jay.jaffe@bakerd.com |
| James Bryan Johnston | bjtexas59@hotmail.com |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David M. Jones | david.jones@sprouselaw.com |
| James A. Knauer | jak@kgrlaw.com |
| Erick P Knoblock | eknoblock@daleeke.com |
| Randall D. LaTour | RDLatour@vorys.com |
| David L. LeBas | dlebas@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| John Hunt Lovell | john@lovell-law.net |
| Harmony A Mappes | harmony.mappes@bakerd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| James Edwin McGhee | mcghee@derbycitylaw.com |
| Christie A. Moore | cm@gdm.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com |
| Mark A. Robinson | mrobinson@vhrlaw.com |
| John M. Rogers | johnr@rubin-levin.net |
| James E Rossow | jim@rubin-levin.net |
| Ivana B. Shallcross | ibs@gdm.com |
| James E. Smith | jsmith@smithakins.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Joshua N. Stine | jnstine@vorys.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |

| | |
|---|---|
| Jessica E. Yates | jyates@swlaw.com |
| James T Young | james@rubin-levin.net |

      I further certify that on November 23, 2011, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

N/A

                        /s/ John M. Rogers
                        John M. Rogers