UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Case No. 10-93904-BHL-11 |
| | ) |
| Debtor. | ) Hon. Basil H. Lorch III |
| | ) |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) |
| OF EASTERN LIVESTOCK CO., LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary Proceeding No. _____ |
| v. | ) |
| | ) |
| PEOPLES BANK & TRUST COMPANY | ) |
| OF PICKETT COUNTY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT TO AVOID MORTGAGE PURSUANT TO 11 U.S.C. § 544(b)(1)
AND IND. CODE §§ 32-18-2-14, 15 and 17**

James A. Knauer, in his capacity as chapter 11 trustee ("Trustee") for Eastern Livestock Co., LLC ("Debtor"), for his complaint against Peoples Bank and Trust Company of Pickett County ("Bank"), states as follows:

**JURISDICTION AND VENUE**

1. This adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is pending as a case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is filed pursuant to Sections 544 and 551 of the Bankruptcy Code, Ind. Code §§ 32-18-2-14, 15 and 17 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. The Court has power to enter a final judgment on all claims asserted herein.

7. Pursuant to Rule 7004(b)(1) of the Bankruptcy Rules, Bank may be served with process by mailing the summons and a copy of this complaint via United States first class mail, postage prepaid to 19 Courthouse Square, Byrdstown, TN 38549.

## BACKGROUND

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, (the "Petition Date") by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* on December 28, 2010.

9. Debtor operated as a cattle dealer buying and selling cattle and was headquartered in New Albany, Indiana.

10. As of September 30, 2008 and at all times before and after that date that are relevant to this action, Debtor was insolvent.

BDDB01 6905684v3

11. As of September 30, 2008 and at all times before and after that date relevant to this action, Debtor intended to incur, or believed or reasonably should have believed that Debtor would incur debts that would be beyond Debtor's ability to pay as such debts matured.

12. On or around September 30, 2008, Debtor purportedly executed that certain Mortgage and Security Agreement (the "Mortgage"). The Bank recorded the Mortgage with the Harrison County Recorder's Office as Instrument No. 200805809 on September 30, 2008. A copy of the Mortgage is attached hereto as Exhibit A.

13. The Mortgage is signed purportedly by Thomas and Patsy Gibson (the "Gibsons") individually and by Thomas Gibson as president of Debtor.

14. Debtor was organized as a limited liability company under the laws of the Commonwealth of Kentucky. Upon information and belief, the Gibsons were at all times relevant to this action the owners of the membership interests in Debtor.

15. The Mortgage states, "Thomas P. Gibson and SPOUSE, Patsy Gibson has become indebted to [Bank] in the principal sum of One Million Five Hundred Thousand Two Hundred Fifty Two and 00/100 Dollars evidenced by one promissory note of even date herewith in favor of [Bank], said note maturing on 2/02/2009." (Exhibit A, p. 1.)

16. As security for the indebtedness of the Gibsons to Bank, the Mortgage purports to grant Bank a security interest in 89.3 acres of real estate owned by Debtor that is located in Harrison County, Indiana and more commonly referred to as 8394 Tandy Road, Lanesville, IN (the "Real Estate").

17. Based upon information and belief, the Real Estate was worth no less than $750,000 as of September 30, 2008.

18. Based upon information and belief, the Real Estate is currently worth no less than $750,000.

19. The Mortgage also purports to grant Bank a security interest in other real estate owned by the Gibsons.

### **Count I: Claim To Avoid Mortgage Pursuant To Ind. Code § 32-18-2-14**

20. Trustee incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Under Section 544(b)(1) of the Bankruptcy Code, the Trustee may avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

22. The Trustee may avoid the Mortgage under Ind. Code §§ 32-18-2-14 and 17(a)(1).

23. Ind. Code § 32-18-2-17(a)(1) provides that, "In an action for relief against a transfer or an obligation under this chapter, subject to the limitations in section 18 of this chapter, may obtain any of the following: (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim."

24. Ind. Code § 32-18-2-17 provides that:

A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

-4-

(A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

25. Debtor granted the Mortgage with actual intent to hinder, delay and defraud its creditors.

26. Debtor's intent to defraud is demonstrated by the facts and circumstances of the transfer, including but not limited to, the fact the transfer was not in the ordinary course of Debtor's business, there was no consideration required by Debtor for the transfer, it was authorized and conducted by and for the benefit of the owners of Debtor, and it was done on the eve of the preparation of Debtor's financial statements in order to mislead creditors of Debtor.

27. Alternatively, Debtor did not receive reasonably equivalent value for the grant of the Mortgage and intended to incur, or believed or reasonably should have believed that Debtor would incur debts that would be beyond Debtor's ability to pay as such debts matured.

28. Debtor was either insolvent on the date Bank received the Mortgage or became insolvent as a result of the grant of the Mortgage.

29. The Mortgage was granted to Bank within four (4) years of the Petition Date.

30. Accordingly, pursuant to Section 544(a) of the Bankruptcy Code and Ind. Code §§ 32-18-2-14 and 17(a)(1), the Trustee may and hereby seeks to avoid the Mortgage.

31. Upon the avoidance of Bank's Mortgage on the Real Estate, the avoided security interest in the Real Estate will be preserved for the benefit of the estate pursuant to Section 551 of the Bankruptcy Code.

32. All conditions precedent to the Trustee's claims set forth herein have occurred, been waived or have been excused.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Bank and order that the Mortgage is avoided by the Trustee and preserved for the benefit of the Debtor's estate.

### Count II: Claim To Avoid Mortgage Pursuant To Ind. Code § 32-18-2-15

33. Trustee incorporates by reference the allegations contained in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. The Trustee may avoid the Mortgage under Ind. Code §§ 32-18-2-15 and 17(a)(1).

35. Ind. Code § 32-18-2-17(a)(1) provides that, "In an action for relief against a transfer or an obligation under this chapter, subject to the limitations in section 18 of this chapter, may obtain any of the following: (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim."

36. Ind. Code § 32-18-2-15 provides that:

A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:

(1) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and

(2) the debtor:

    (A) was insolvent at that time; or

    (B) became insolvent as a result of the transfer or obligation.

-6-

-7-

37. Debtor received less than reasonably equivalent value in exchange for the grant of the Mortgage to Bank.

38. Debtor was either insolvent on the date Bank received the Mortgage or became insolvent as a result of the grant of the Mortgage.

39. The Mortgage was granted to Bank within four (4) years of the Petition Date.

40. Accordingly, pursuant to Section 544(a) of the Bankruptcy Code and Ind. Code §§ 32-18-2-14 and 17(a)(1), the Trustee may and hereby seeks to avoid the Mortgage.

41. Upon the avoidance of Bank's Mortgage in the Real Estate, the avoided security interest in the Real Estate will be preserved for the benefit of the estate pursuant to Section 551 of the Bankruptcy Code.

42. All conditions precedent to the Trustee's claims set forth herein have occurred, been waived or have been excused.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Bank and order that the Mortgage be avoided and preserved for the benefit of the Debtor's estate. The Trustee further asks for such other relief as the Court deems appropriate.

-8-

BAKER & DANIELS LLP

By: /s/ Dustin R. DeNeal

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Kevin Toner (#11343-49)
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
kevin.toner@bakerd.com
terry.hall@bakerd.com
harmony.mappes@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader, (14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@bakerd.com