UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION TO APPROVE SALE AGREEMENT AND COMPROMISE OF CLAIMS
CONCERNING CATTLEMEN'S FEEDLOT, LTD.**

Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 9019, James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor"), by counsel, hereby files this motion ("Motion") requesting that the Court 1) approve a Partnership Interest Purchase Agreement in substantially the form attached hereto as Exhibit A (the "Sale Agreement") and authorize the Trustee, as manager of Okie Farms, L.L.C. ("Okie"), to execute the Sale Agreement and take all actions required to consummate the transactions provided for therein; 2) authorize the Trustee to take actions on behalf of Okie to settle and release certain claims that Okie and/or the Trustee may have against certain parties as provided in the Sale Agreement; 3) authorize the Trustee to cause the Sale Proceeds (as defined below) to be dividended from Okie to the Debtor's estate subject to a security interest in favor of Fifth Third Bank (the "Bank") and 4) granting all other appropriate relief. In support of this Motion, the Trustee states as follows:

**Introduction and Background**

1. On December 6, 2010, certain petitioning creditors filed an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.. This Court entered the Order For Relief in an Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

2

2. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102], approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

3. Debtor owns all of the limited liability company membership interests in Okie, an Oklahoma limited liability company, and the Trustee is the sole manager of Okie. Okie owns 47.92425% of the issued and outstanding partnership interests of Cattlemen's Feedlot, Ltd., a Texas limited partnership (the "Partnership") and 25% of the issued and outstanding membership interests of Cattlemen's Feedlot Management Company, LLC, a Texas limited liability company and the general partner of the Partnership (the "General Partner"). As a result Okie owns directly and indirectly a little more than 48% of the Partnership.

4. Subject to the terms and conditions of the Sale Agreement, the Partnership or its designee ("Buyer") is willing to purchase all of Okie's right, title and interest in and to the Partnership and the General Partner (the "Purchased Interests") for $3 million (the "Purchase Proceeds") upon the entry of a final order approving this Motion ("Settlement Order").

5. The Bank holds a validly perfected security interest in Debtor's membership interests in and representing the equity ownership of Okie. The Bank consents to the relief requested in this Motion.

6. Debtor owns all of the membership interests in Okie. Those membership interests constitute "general intangible" property interests for purposes of Article 9 of the Uniform Commercial Code ("UCC"). *See* UCC § 9-102(42) as in effect in Kentucky (Ky. Rev. Stat. Ann. § 355.9-102(ap)) where Debtor is organized. Under the security agreement between Debtor and the Bank, the Debtor granted to the Bank a security interest in "all of the assets and

2

property, real and personal, tangible and intangible of Debtor . . . including . . .all General intangibles . . ." *See* Fifth Third Bancorp Bank Security Agreement dated as of August 9, 2004. The Bank's security interest (the "Bank Security Interest") attached to the Purchased Interests and was perfected by the continuous filing of a valid and sufficient financing statement with the Kentucky Secretary of State. *See* UCC § 9-310 and 9-312(b).

## The Settlement

7.     The Trustee requests that the Court approve the Sale Agreement, the major provisions of which include:

a)     Following the Court's entry of the Settlement Order, the Trustee will execute and deliver on behalf of Okie an assignment of the Purchased Interests to Buyer as consideration for the Purchase Proceeds;

b)     Buyer will pay the Purchase Proceeds to Okie in accordance with the terms of the Sale Agreement;

c)     Okie and the Buyer will take any and all necessary actions and secure any necessary approvals, waivers and consents required by the governing documents of the Partnership in order to effectuate a certain "Fifth Amendment" to the Amended Agreement of Limited Partnership of Cattlemen's Feedlot, Ltd. (the "Partnership Agreement").  The "Fifth Amendment" will be effective as of January 1, 2011 and will amend Article IV of the Partnership Agreement to provide that for the 2011 fiscal year a special allocation of up to $8,865,542.00 in Partnership taxable income and gain (the "Allocable Income") be made to Okie. The maximum amount of Allocable Income, $8,865,542, represents the product of 1) the percentage ownership of the Partnership represented by the Purchased

3

BDDB01 9016148v2

Interests multiplied by 2) the dollar amount of the Partnership's "tax roll forward liability". After the special allocation of the Allocable Income to Okie, allocations of profits and distributions of cash shall be made in accordance with the remaining provisions of the Partnership Agreement. Because Okie (and Debtor) are disregarded entities for purposes of state and federal income tax law and therefore are not state or federal income tax return filers, the special allocation of Allocable Income to Okie should not result in any income tax liability for Okie or the Debtor's estate;

  d) Certain claims by and between Buyer on one side and Okie and the Bank on the other will be released upon the closing of the sale of the Purchased Interests and Okie's receipt of the Purchase Proceeds (the "Released Claims"). The Released Claims are those relating to, arising out of or in connection with (i) Cattlemen's Feedlot, Ltd. Motion for Relief from Stay, in case no. 10-93799, in this Court, styled *In re: East West Trucking Co., LLC* (the "East West Case") concerning the proceeds from the sale of cattle fed by the Partnership under the name East West Trucking Co., LLC (the "East West Transaction"), which proceeds are being held in escrow and total $626,563.05 (the "East West Proceeds") and (ii) any prior distributions or dividends made by the Partnership or any characterization related to such distributions or dividends; and

  e) Okie (and Trustee) and the Bank have also agreed that effective as of the entry of the Settlement Order that they will not object to the motion filed in the East West Case on November 21, 2011 seeking approval of a settlement between the bankruptcy trustee appointed in the East West Case and the

4

Partnership. Any objections to that motion must be filed on or before November 12, 2011.

**Basis for Relief**

8. Section 363 of the Bankruptcy Code allows the Trustee, after notice and a hearing, to "use, sell or lease, other than in the ordinary course of business, property of the estate," and Federal Rule of Bankruptcy Procedure 9019 allows this Court to approve a compromise or settlement on motion made by the Trustee after notice and opportunity for a hearing.

9. To approve the use, sale or lease of property outside the ordinary course of business, there must be "some articulated business justification." See Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); see also Stephens Inc., v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986); In re Abbott Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986); In re Telesphere Communications, Inc., 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); and In re Delaware & Hudson Rv. Co., 124 B.R. 169, 175-76 (D. Del. 1991).

10. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. See In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007); Depoister v. Mary M. Holloway Found, 36 F.3d 582, 586 (7th Cir. 1994); Matter of Energy Co-op, Inc. 886 F.2d 921, 927 (7th Cir. 1989).

11. The Trustee believes that the sale and compromise reflected in the Sale Agreement is fair and equitable and in the best interests of the Debtor's estate. The Sale Agreement was negotiated at arms-length over a substantial amount of time and represents a

5

substantial recovery for Debtor's estate with respect to the Purchased Interests. Because provisions of the Partnership Agreement restrict transfer and therefore the marketability of the Purchased Interests, the Trustee believes that the Purchase Proceeds represent fair consideration for the sale of the Purchased Interests to Buyer.

12. In addition, the Purchase Proceeds adequately compensate Debtor's estate for the release of any claims related to the East West Proceeds or prior distributions made by the Partnership. The Trustee believes that the estate's chances of prevailing on such claims do not warrant continued litigation and that continued litigation would likely result in a smaller recovery for the estate than that provided in the Sale Agreement.

13. The Trustee requests that the Court in the Settlement Order authorize 1) a dividend of the Purchase Proceeds from Okie to the Debtor's estate, subject to the Bank Security Interest, and 2) the deposit of the Purchase Proceeds into the Debtor's general operating account as the Bank's cash collateral subject to the Court's orders governing the use of cash collateral by the Trustee. To the best of the Trustee's knowledge and information, Okie has no other significant assets other than its current ownership of the Purchased Interests. Following the closing of the transactions provided for by the Sale Agreement and the dividend of the Purchase Proceeds to Debtor's estate, the Trustee will likely dissolve Okie as a separate entity pursuant to applicable Oklahoma law.

14. The Buyer requires that the transactions provided for in the Sale Agreement must be closed by year end. Therefore to the extent necessary the Trustee asks that the Court shorten notice to provide for a hearing on the Motion at the next omnibus hearing scheduled in this case on December 14, 2011 or as soon thereafter (but before year end) as the Court can schedule the Motion for hearing.

15. If no objection to this Motion is filed, the Trustee requests that the Court enter the Settlement Order approving the Sale Agreement. If any timely objection to this Motion is filed, the Trustee requests that this Motion and any timely filed objection be scheduled for hearing by the Court on December 14 or the earliest other date before year end that is available and convenient to the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order 1) approving the Sale Agreement and authorizing the Trustee, as manager of Okie, to execute the Sale Agreement and take all actions required to consummate the transactions provided for therein; 2) authorizing the Trustee to take actions on behalf of Okie to settle and release certain claims that Okie and/or the Trustee may have against certain parties as provided in the Sale Agreement; 3) authorizing the Trustee to cause the Sale Proceeds to be dividended from Okie to the Debtor's estate subject to a security interest in favor of the Bank and 4) granting all other appropriate relief.

BDDB01 9016148v2

Case 10-93904-BHL-11 Doc 865 Filed 11/30/11 EOD 11/30/11 12:20:02 Pg 8 of 9

          Respectfully submitted,

          BAKER & DANIELS LLP

          By: /s/ Dustin R. DeNeal

James M. Carr (#3128-49)      *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin Toner (#11343-49)
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
kevin.toner@bakerd.com
terry.hall@bakerd.com
harmony.mappes@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
wendy.ponader@bakerd.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 30, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |

BDDB01 9016148v2

| | | |
|---|---|---|
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sab@gdm.com | | |

I further certify that on November 30, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Dustin R. DeNeal

9