UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904 |
| | ) | CHAPTER 11 |
| DEBTOR | ) | |
| | ) | |

**MOTION IN LIMINE
WITH RESPECT TO PROPOSED TESTIMONY OF
PATRICK O'MALLEY**

Comes now Peoples Bank & Trust Company of Pickett County ("Peoples Bank"), a secured creditor herein, by its undersigned counsel, and for its Motion *in Limine* with respect to the proposed testimony of Patrick O'Malley respectfully states as follows:

1. On February 28, 2011, Peoples Bank filed its Motion for Relief from Automatic Stay and Abandonment of Property Stay (the "Stay Relief Motion").[1] The final evidentiary hearing on the Motion is now set for December 14, 2011.

2. The grounds for the Stay Relief Motion are simple and uncomplicated. Peoples Bank is the holder of a Note in the original principal amount of $1,500,000, a copy of which is attached as Exhibit "A". Said Note states on its face that it is for "Business Operation" and is secured in part by a Mortgage (the "Peoples Mortgage") encumbering certain property owned by Eastern Livestock Co., LLC (the "Debtor"). A true copy of said Peoples Mortgage is attached hereto as Exhibit "B". No party disputes that the Peoples Mortgage was properly perfected by recordation with the county recorder and is facially valid.

---

[1] Said Motion was supplemented by Peoples Bank on March 8, 2011 (Docket No. 317).

3. As of the petition date Peoples Bank was owed $1,508,297.87 on the Note. Peoples has obtained an appraisal indicating that the total value of all property pledged as collateral security for the Note is valued at $1,190,000. There is no equity in the subject property and it is not necessary for an effective reorganization. The automatic stay should be terminated pursuant to 11 U.S.C. § 362.

4. The final evidentiary hearing is necessitated because of an objection filed by the chapter 11 trustee (the "Trustee") wherein he asserts that the otherwise facially valid Peoples Mortgage is avoidable because the Trustee theorizes that the Debtor did not receive "reasonably equivalent value" for the Peoples Mortgage. While the Trustee does not dispute that Peoples Bank paid the full proceeds from the Note by means of a $1,500,000 check made payable to a principal of the Debtor, Tommy Gibson (a true copy of the loan proceeds check is attached hereto as Exhibit "C"), and that Tommy Gibson then issued two checks totaling slightly over $1,500,000 *on the exact same day* to the Debtor (true copies of Tommy Gibson's checks are attached hereto as Exhibit "D"), the Trustee nevertheless insists that the Debtor did not receive "reasonably equivalent value" for the Peoples Mortgage.

5. The Trustee must also prove that the Debtor was insolvent at the time it granted the Peoples Mortgage in order to avoid the same under 11 U.S.C. Sec. 544 and I.C. Sec. 32-18-2-14. This is even more problematic for the Trustee since the Debtor had *audited financial statements showing that the Debtor was solvent on the same day that the Debtor granted the Peoples Mortgage*.

6. Thus, as of today, the facts do not support the Trustee's specious allegation that the Peoples Mortgage should be avoided. To get around the facts, the Trustee has retained an "expert" who is expected to testify at the stay relief hearing. That expert has been identified as Patrick O'Malley of Development Specialists, Inc. ("DSI").

7. Peoples Bank seeks an order prohibiting the Trustee from using his so-called expert witness at the hearing. The expert is currently employed by DSI, which has been retained as a professional to assist the Trustee in the administration of the case. As discussed below, this is a clear conflict of interest.

8. Generally speaking, expert witnesses are not considered "professionals" within the meaning of Section 327. This is because Section 327 professionals are those who are "central to the administration of the estate." In re Cyrus II Partnership, 2008 WL 3003824 (Bkrtcy.S.D.Tex. 2008). A "professional" is a person "who play[s] an intimate role in the reorganization of the debtor's estate." Id. For this reason, professionals, such as DSI in the instant case, are required to obtain court approval before being employed by the estate.

9. When determining whether an proposed expert witness is a professional personal as defined under Section 327, Courts have looked to whether the expert is "central to the administration of the estate." Elstead v. Nolden, 168 B.R. 226, 230 (N.D.Cal. 1994). Of particular concern is whether the proposed expert will assist the Trustee with the administration of the estate. In re Napoleon, 233 B.R. 910, 913 (Bkrtcy. D.N.J. 1999). As explained by the Court in Elstead, 168 B.R. at 230: "An expert witness is not in the position to formulate strategy or to manage the estate and the liabilities of the estate."

10. In the instant proceedings, the proffered "expert" is employed by DSI, the same professionals retained by the Trustee to assist him in the administration of the estate. (*See*, Docket No. 117.) Indeed, DSI was previously employed as the state court appointed receiver prior to the involuntary bankruptcy petition and was the custodian when the involuntary petition was filed. DSI has been intimately involved in the administration of the estate, the formulation of strategy, the

management of the estate and the attempts to maximize the assets of the estate. DSI has been a *de facto* trustee.

11.     "Section 327 in general regulates the Trustee's ability to hire professionals and serves the important policy of ensuring that the professional's service presents no conflict of interest." In re Vouzianas, 259 F.3d 103, 107 (2nd Cir. 2001). It is believed that the Trustee has consulted with DSI prior to asserting his objection to the Stay Relief Motion and that DSI may have advised the Trustee to seek avoidance of the Peoples Mortgage. DSI (and its employees) cannot wear two hats at once. Either DSI and its employees are charged with the administration of the estate, and the formulation of strategies to maximize the assets of the estate, or it is an impartial expert witness. It cannot be both.

12.     The Trustee is not prejudiced since the Trustee is free to hire any other expert witness it may choose so long as that expert is not also employed as a professional intimately involved with the administration of the estate.

13.     The Peoples Bank further reserves the right to make a Daubert challenge in any subsequent Adversary Proceeding.

                    Respectfully submitted,

                    /s/ Anthony G. Raluy
                    Anthony G. Raluy
                    Foley Bryant Holloway & Raluy
                    500 West Jefferson Street, Suite 2450
                    Louisville, Kentucky  40202
                    (502) 814-1121
                    COUNSEL FOR PEOPLES BANK
                    OF PICKETT COUNTY

CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing was this 12th day of December 2011, served by electronic mail or regular mail upon the following:

Kevin M. Toner
Baker & Daniels
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204

U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN 46204

              /s/ Anthony G. Raluy
              Anthony G. Raluy