UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**HOOVER HULL LLP'S RESPONSE TO OBJECTIONS TO FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE**

Hoover Hull LLP ("Hoover Hull"), by counsel, respectfully responds to the Objections of First Bank & Trust Company ("First Bank"); Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC., Bluegrass South Livestock Market, LLC, Bluegrass Stockyards of Richmond, LLC, Alton Darnell, East Tennessee Livestock, Inc., Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc. and Southeast Livestock Exchange, LLC (collectively "Bluegrass") and Superior Livestock Co., LLC ("Superior") to Hoover Hull's first interim application ("Application") for the allowance and payment of its attorneys' fees as special counsel for James A. Knauer, the chapter 11 trustee appointed in this case (the "Trustee") and for reimbursement of out-of-pocket expenses advanced on behalf of the Trustee.

The Objections contain several errors regarding Hoover Hull's investigation of potential claims against Fifth Third Bank ("Fifth Third"), its investigation of Fifth Third's Proof of Claim ("POC"), the Trustee's Financing Motion and the hearing on the same. Contrary to the suggestions in the Objections, Hoover Hull has *not* abandoned its investigation of potential claims against Fifth Third nor has the investigation been terminated by the Trustee. Indeed, as the Objections acknowledge Hoover Hull's investigation of Fifth Third continues. *See*, *e.g*.

Notice of Discovery Request filed on Nov. 4, 2011 relating to Subpoena served on Fifth Third. [Docket # 803]  Contrary to the Objections, the investigation includes not only common law claims, but also statutory claims, such as equitable subordination, the Trustee may have against Fifth Third.  The Objections are without merit and should be overruled.

In support of its response and its Application, Hoover Hull states as follows:

1. Hoover Hull was retained as special counsel to (a) to investigate Fifth Third's proof of claim, including whether Fifth Third had a valid, perfected, first priority pre-petition claim as set forth in its POC and whether the amount of Fifth Third's claim was correct; and (b) to investigate and prosecute claims, if any, against Fifth Third.  *Feb. 10, 2011 Order Granting Application to Employ Hoover Hull* [Docket #267].  Working in conjunction with the Trustee's financial advisor, Development Specialists, Inc. ("DSI"), Hoover Hull completed the first task. *See Trustee's Amended Response to Objections to Trustee's Financing Motion* pp. 2-3 [Docket #353].  Hoover Hull's investigation of potential claims against Fifth Third is ongoing.

2. On February 11, 2011, the Trustee filed his Motion to Approve Trustee's Borrowing and Use of Cash Collateral, Modify the Automatic Stay, Provide Adequate Protection Payments, Protect Confidential Information and Schedule Final Hearing (the "Financing Motion")[Docket #271].  The Financing Motion sought the Court's approval of a chapter 11 financing arrangement with Fifth Third.  *Id.*

3. In support of its Objection, Superior erroneously claims:

In this [Financing] *Motion*, the Trustee, apparently based on HH's investigation (see transcript of March 11, 2011 hearing at p. 60) *agreed on behalf of the Debtor, that the amount of Fifth Third's claim was correct and that Fifth Third has filed all necessary documents to perfect its security interest in the value of any assets which the Debtor validly owned and which were subject to the terms of Fifth Third security agreement*.

*Objection, p. 2.*[1] (emphasis added)  However, the Financing Motion unambiguously stated that the Trustee's stipulation to the allowance of Fifth Third's pre-petition secured claim was subject to the "**completion of due diligence by the Trustee and his counsel** [*i.e.* Hoover Hull] **in examining the Prepetition Indebtedness**" "**owing to Fifth Third and the Fifth Third POC**." *Financing Motion pp. 5-6* (emphasis added).[2]  Thus, to the extent the Objections are based upon the amount of time Hoover Hull spent reviewing Fifth Third's POC prior to the filing of the Financing Motion, they are nothing more than a red herring.  Hoover Hull's investigation of Fifth Third's POC was not complete at the time of the Financing Motion nor did the Trustee or Hoover Hull suggest as much.  Rather, Hoover Hull, working with DSI, completed its investigation in advance of the March 11, 2011 hearing on the Financing Motion.

4.      More importantly, none of the Objectors has offered any legal or factual basis for disallowing Fifth Third's POC.

5.      The Objections also mistakenly suggest that the Trustee was waiving any claims or causes of action against Fifth Third in connection with the Financing Motion.  That is not the case.  Although the initial proposed order submitted with the Financing Motion inadvertently included such language, the Trustee, twice in writing before the March 11, 2011 hearing on the Financing Motion, unequivocally stated that the Trustee was *not* releasing claims the Estate may have against Fifth Third.  *See March 2, 2011 Notice of Submission of Revised Exhibit A to*

---

[1] First Bank & Trust incorporates Superior's Objection by reference.  First Bank & Trust's Objection, p. 10.

[2] The Financing Motion provided in pertinent part:
"As a condition precedent to the use of the Carve Out and to the funding of the Trustee Loan, and <u>after completion of due diligence by the Trustee and his counsel in examining the Prepetition Indebtedness . . . owing to Fifth Third and the Fifth Third POC</u> . . ., the Trustee shall stipulate to and the Financing Order shall provide for the allowance of Fifth Third's pre-petition secured claim . . . . "
Financing Motion pp. 5-6 [Doc No. 271] (emphasis added).

*Financing Motion*[3] [Docket #306-1 pp. 14-15]; *Trustee's Amended Response to Objections to Trustee's Financing Motion* p. 4. ("There is no release by the Trustee of claims the Estate may have against Fifth Third.")  Thus, Hoover Hull was not rendering an opinion in advance of the March 11, 2011 hearing on potential claims against Fifth Third.

6. Hoover Hull provided a preliminary assessment of potential claims against Fifth Third and defenses thereto to the Trustee.  In consultation with the Trustee, Hoover Hull issued a subpoena to Fifth Third.  *See Notice of Discovery Request* filed on November 4, 2011 [Docket #803].  Hoover Hull's investigation of Fifth Third is presently focused on a careful review of Fifth Third's responsive documents in light of not only common law claims, but also statutory claims such as equitable subordination, against Fifth Third.

7. The Trustee has not been prejudiced nor impaired by Hoover Hull's investigation.  There has been no waiver of any claims against Fifth Third.  *See* 11 U.S.C. §108.  Nor has any money been distributed.  Hoover Hull will complete its investigation of potential claims against Fifth Third and advise the Trustee of the same.

WHEREFORE, Hoover Hull requests the Court to overrule the Objections and (i) the Court to award compensation by allowing attorneys' fees in the amount of Fifty-Six Thousand Seven Hundred Fifty-Seven Dollars and 50/100 Dollars ($56,757.50) plus order reimbursement for out-of-pocket expenses incurred in the amount of Eight Hundred Forty-Five Dollars and 64/100 Dollars ($845.64), and (ii) grant Hoover Hull all other just and proper relief.

---

[3] *See also Trustee's Amended Response to Objections to Trustee's Financing Motion*, p. 1 ("The terms of the proposed Cash Use and Trustee Loan are set forth in a revised proposed 'Financing Order' that the Trustee submitted to the Court on March 2, 2011.")

Respectfully submitted,

/s/ *Sean T. White*
John David Hoover (#7945-49)
jdhoover@hooverhull.com
Sean T. White (#20428-49)
swhite@hooverhull.com
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234
Special Counsel for James A. Knauer, Chapter 11 Trustee

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th December, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
jwa@gdm.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
robin@rubin-levin.net
edl@trustesolutions.com
Michael W. McClain
mike@kentuckytrial.com

Christopher E. Baker
cbaker@hklawfirm.com

David A. Laird
david.laird@moyewhite.com

Robert K. Stanley
robert.stanley@bakerd.com

C. R. Bowles, Jr
crb@gdm.com

Jesse Cook-Dubin
jcookdubin@vorys.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ibs@gdm.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

Robert H. Foree
robertforee@bellsouth.net

William E Smith
wsmith@k-glaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Dustin R. DeNeal
dustin.deneal@bakerd.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
matt.ochs@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Susan K. Roberts
skr@stuartlaw.com

Thomas C Scherer
tscherer@binghammchale.com

James M. Carr
Jim.carr@bakerd.com

Wendy W. Ponader
wendy.ponader@bakerd.com

I further certify that on the 12th day of December, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

David A. Domina  
ddomina@dominalaw.com

Ashley S. Rusher  
asr@blancolaw.com

/s/ *Sean T. White*

607416-8728-1