UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S OBJECTION TO
MOTION TO APPROVE AN INFORMAL AD HOC COMMITTEE**

James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor"), by counsel, objects to the Motion To Approve An Informal Ad Hoc Committee [Docket No. 828] (the "Ad Hoc Motion") filed jointly by four separate counsel on behalf of their respective clients[1] (the "Ad Hoc Members").  The Trustee does not necessarily object to the formation of ad hoc committees – such are not unusual in complex chapter 11 cases.  However, the Trustee does object to the specific requests in the Ad Hoc Motion as they are neither appropriate nor ripe for determination.

The Ad Hoc Members do not want to be an official committee under Bankruptcy Code sections 1102 or 1103.  The Ad Hoc Members do not want to have any duties of an official committee.  The Ad Hoc Members do not want to engage counsel for the Ad Hoc Committee nor

---

[1] The law firms and their respective clients are:  (1) John W. Ames and the law firm of Greenebaum, Doll & McDonald PLLC and Elliott Levin and the law firm of Rubin and Levin, P.C., as counsel for Superior Livestock Auction, Inc., (2) Laura Day DelCotto and the law firm of Delcotto Law Group PLLC, as counsel for Bluegrass Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Piedmont Livestock Company, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, and East Tennessee Livestock Center, Inc.,(3) Daniel J. Donnellon and the law firm of Faruki Ireland & Cox P.L.L. as counsel for The First Bank and Trust Company, and (4) W. Scott Newbern, III and the law firm of W. Scott Newbern PL, as counsel for Arcadia Stockyard, Cattlemen's Livestock Market, Inc., Columbia Livestock Market, Inc., Hardee Livestock Market, Inc., North Florida Livestock Market, Inc., Ocala Livestock Market, Inc., Okeechobee Livestock Market, Inc., Sumter County Farmers Market, Inc., Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market, Ron Sizemore Trucking, Inc., Oak Lake Cattle Co., Eagle Bay, Inc., and Daniel M. Byrd.

seek any payment from the Debtor's estate.  The Ad Hoc Members do not want to file any additional disclosure as a committee under Bankruptcy Rule 2019.[2]

The Ad Hoc Members want only three things – a sword of standing as a separate entity to participate in this chapter 11 case, a shield protecting all communications among them and among their separate counsel as privileged, and to be excused from complying with the disclosure requirements of Federal Rule of Bankruptcy Procedure 2019 ("FRBP").  The Ad Hoc Members claim that giving them this relief will "streamline litigation," eliminate "technical issues," allow them to "act in a unified manner" in seeking information from the Debtor and other parties.  *Ad Hoc Motion,* ¶¶ 5, 9.

Because there is no statutory basis for this Court to "approve" or appoint a non-statutory committee, and because creating a separate "entity" that has no counsel of its own to appear and be heard will not streamline litigation, and because the Ad Hoc Committee members and their disparate counsel have not complied with FRBP 2019,  and because no controversy currently exists for this Court to determine whether the communications among the Ad Hoc Members and their disparate counsel should be privileged and shielded from discovery, the Trustee objects to the Ad Hoc Motion.

<u>Argument</u>

1.      There is no statutory basis for the Court to "appoint" or "approve" an unofficial committee.  Section 1102(a)(1) provides for the appointment by the United States Trustee of a committee to represent unsecured creditors.  Section 1102(a)(2) allows a court to order the

---

[2] Federal Rule of Bankruptcy Procedure 2019 was significantly amended with such amendments effective on December 1, 2011.  The Order of the Supreme Court on April 26, 2011 adopting the rule provides that it "shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."  No impracticality exists to applying the new rule to this chapter 11 case.

- 2 -

BDDB01 9035088v1

- 3 -

United States Trustee to appoint "additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders." Section 1102(b)(3) sets forth the duties of any committee appointed under 1102(a) to similarly situated creditors and subjects the committee to compulsion by the court to perform those duties. Finally, Section 1103 describes the powers of a committee appointed under Section 1102. The Ad Hoc Motion specifically rejects being appointed under Section 1102 and rejects any duties or responsibilities of an appointed committee under Section 1103. *See Ad Hoc Motion*, ¶ 8.

2. And yet, the Ad Hoc Motion wants this Court to enter an order that recognizes the Ad Hoc Members and their disparate counsel as a "committee," when no such authority exists under the Bankruptcy Code for the Court to issue such an order. It may be that the request to grant the Ad Hoc Members standing as a "group" is within the powers of the Court. However, it is certainly unclear how this grouping of unrelated parties – a bank that was not a lender to the debtor, some cattle auction houses that are being sued by the Trustee, a trucker, some feed lots, and an ELC branch manager/agent – form a group deserving of separate standing. Moreover, since this group is not going to hire or appoint counsel to speak for it, it is unclear how it would actually participate as a group in the chapter 11 case.

3. As set forth in the Ad Hoc Motion, each of the "individual counsel" representing their separate Ad Hoc Members will not represent the Ad Hoc Committee. *See Ad Hoc Motion*, ¶ 8. Given the variety of roles held by the various Ad Hoc Members and the fact that some of them are being sued or will be sued by the Trustee to recover estate assets, rather than "streamline litigation," this amorphous, unrepresented accretion of creditors may inject more complexity into this already complex chapter 11 case. Many of the identified members of this Ad Hoc Committee have participated in the majority of the litigation and the resultant fees and

expenses incurred in this chapter 11 case. None of the individual Ad Hoc Members are reluctant about objecting to any and all matters, appearing and being heard at every hearing, and maintaining robust email and phone communications and demands of the Trustee, his counsel, and his advisors. If each of them wants to now file joint pleadings or engage in joint discovery, each represented separately, there is no current impediment to them taking such actions, and they do not need an order of the Court pre-approving their joint pleadings. However, if they want to participate as an entity, they should be required to identify counsel that represents them as an entity and file an appearance, not seek an order of the Court conferring standing on the lack of facts pled in the Ad Hoc Motion.

4. Unofficial committees that operate in a chapter 11 case are subject to Bankruptcy Rule 2019 disclosures. *See* Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 2019.02 (15th ed. rev. 2006) ("[T]he Code contemplates the possibility of unofficial committees. Any such unofficial committee must comply with Rule 2019 by its terms."). Rule 2019(b), as amended and effective as of December 1, 2011, requires "every group or committee that consists of or represents . . . multiple creditors or equity security holders that are acting in concert to advance their common interests" to file a verified statement concerning the facts and circumstances of its formation including who asked that the committee be formed and for whom it has agreed to act and to state the "disclosable economic interest" each member holds. *See* FRBP 2019(a)(b)(c). Notwithstanding the Ad Hoc Motion's request that the proposed Ad Hoc Committee be excused from filing a verified statement under Rule 2019 on the basis that each of the Ad Hoc Members have individually filed a proof of claim and that some of the disparate counsel have filed individual disclosures related to their individual representations, the Ad Hoc Committee as an "entity" must file its own FRBP 2019 verified statement. *See* FRBP 2019(b).

- 4 -

Without filing an appearance and without filing the FRBP 2019 statement, there is no basis for any party to recognize the Ad Hoc Committee as a "party in interest" in this chapter 11 case under Bankruptcy Code Section 1109(b) or to recognize any standing to file pleadings or engage in discovery.

5.     Ultimately, the Ad Hoc Motion is not a motion to form a committee, but a motion for the Court to grant the Ad Hoc Members attorney-client privileges shielding the members and their disparate counsels' communications from disclosure the same as "as afforded to officially appointed committees." *See Ad Hoc Motion*, p. 4 conclusion.   Whether a privilege exists or should be recognized among a group of litigants is the burden of the parties asserting the privilege. *See In re Rivastigmine Paternt Litig.*, 2005 EL 2319005, at *5 (S.D.N.Y Sept. 22, 2005).  The common interest to be protected must be a legal interest. *See Id. at *2*.  The Ad Hoc Motion lists no facts or circumstances nor does it identify a common legal interest.  While a bankruptcy case itself, as an adversarial proceeding, may provide a sufficient dispute to assert a common interest privilege, there is nothing before this Court other than a bare request to somehow "pre-approve" the privilege for any and all communications as to legal interests that are not described and as to circumstances that are not delineated.  Such determinations are advisory and not favored.

6.     As stated above, the Trustee does not object to the formation of an ad hoc committee, but the Ad Hoc Motion seeks relief and favor from this Court that is not proper and the Trustee objects to that.

WHEREFORE, the Ad Hoc Motion should be denied and the relief requested should not be granted.

- 5 -

BDDB01 9035088v1

                                      Respectfully submitted,

                                      BAKER & DANIELS LLP

                                      By: /s/ *Terry E. Hall*

James M. Carr (#3128-49)                      *Counsel for James A. Knauer, Chapter 11 Trustee*
Terry E. Hall (#22041-49)
Kevin Toner (#11343-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@bakerd.com
kevin.toner@bakerd.com
terry.hall@bakerd.com
harmony.mappes@bakerd.com
dustin.deneal@bakerd.com

Wendy W. Ponader (#14633-49)
Baker & Daniels LLP
600 East 96th Street, Suite 600
Indianapolis, IN 46240
wendy.ponader@bakerd.com

## CERTIFICATE OF SERVICE

       I hereby certify that on December 12, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |

BDDB01 9035088v1

- 8 -

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sab@gdm.com | | |

I further certify that on December 12, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher  
asr@blancolaw.com

Darla J. Gabbitas  
darla.gabbitas@moyewhite.com

/s/ *Terry E. Hall*