UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S RESPONSE TO PEOPLES BANK'S MOTION IN LIMINE WITH RESPECT TO PROPOSED TESTIMONY OF PATRICK O'MALLEY**

James A. Knauer, Chapter 11 Trustee of Eastern Livestock, Co., LLC ("Eastern" or "ELC"), respectfully submits the following response to the Motion in Limine (Dkt. 887) of Peoples Bank & Trust Company of Pickett County ("Peoples Bank"):

1. Peoples Bank's motion seeks, at the very last minute, to prevent the Court from hearing the testimony of Patrick O'Malley, one of the forensic accountants in the firm this Court previously approved to assist and advise the Trustee to maximize the value of all assets of the estate and to advise concerning the wind down of Eastern's operations. *See* Order Granting Application for Approval of Employment of Development Specialists, Inc. ("DSI") as Consultant to Chapter 11 Trustee. (Dkt. 257, Feb. 8, 2011).

2. The Trustee asked Mr. O'Malley to advise him and opine on whether, at the time Thomas P. Gibson caused the Debtor to mortgage real estate to Peoples Bank as part of a 2008 personal $1.5 million loan transaction, Eastern was insolvent, and also to determine whether Eastern received reasonably equivalent value for the mortgage. Mr. O'Malley and others at DSI examined ELC's books and bank account records and concluded that there was strong evidence of insolvency as of September 30, 2008. They also concluded that the money Mr. Gibson received from Peoples Bank at that time was only one portion of larger sums of money that Mr. Gibson was transferring in and out of Eastern's, the Gibsons' and other related

entities' accounts that Mr. Gibson controlled.  Because it was more likely than not that any part of the Peoples Bank loan proceeds that were paid to Eastern were immediately paid right back to Mr. Gibson and his farm operations and real estate company, a fraudulent conveyance of real estate to Peoples Bank had taken place.

3. At the request of Peoples Bank's counsel, Tony Raluy, the Trustee's counsel, Kevin Toner, asked Mr. O'Malley to prepare a written report summarizing his analysis and conclusions.  Even though the Bankruptcy Rules do not require formal expert disclosures in this contested matter (*see* Bankruptcy Rule 9014(c)), it was thought that such a report might eliminate the need for a more expensive deposition.  Mr. Raluy received the written expert report electronically on November 18, 2011.  Thereafter, Mr. Raluy elected not to take Mr. O'Malley's deposition, even though both the witness and the Trustee's counsel offered to travel to Louisville for a deposition at Mr. Raluy's office.

4. Until late today, Peoples Bank took no steps to bar Mr. O'Malley's testimony.  As Peoples Bank is well aware, the Trustee intends to call this expert as his only witness at the hearing presently scheduled for 10 a.m. on December 14, 2011.

5. Peoples Bank argues that a conflict of interest attaches to Mr. O'Malley's role as a Section 327 professional and that this role prevents him from ever testifying here as an expert.  There is no support for the bank's argument in the Code.  Section 327 provides that the "trustee, with the court's approval may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).  Of course, "professional" is a term of art used only for those who play an intimate role in the reorganization of a debtor's estate.  *See, e.g.*,

*In re Artra Group, Inc.*, 308 B.R. 858, 860 (Bankr. N.D. Ill. 2003) ("In determining whether a debtor's employment of a person must be approved under § 327, courts have 'looked beyond labels ... by looking at the role the party played in the administration of the bankruptcy estate. ' A 'professional person' has been interpreted to mean one who plays a central role in the administration of the bankruptcy estate."). Expert witnesses are typically excluded from the definition of professionals, but nothing in the Code says that a professional cannot testify as an expert, a fact witness, or otherwise.

    6.  Not one of the four cases cited in the Bank's motion says that a court-approved "professional" cannot be an expert witness in a bankruptcy proceeding. They discuss whether expert witnesses actually require Section 327 approval in the first place. *Bank's Mot.* ¶¶ 8, 9, 11. The court in *In re Cyrus II Partnership*, 2008 WL 3003824 (Bankr. S.D. Tex. 2008), held that the experts at issue did not qualify as "professionals" under § 327 of the Code. The experts' activities were not "central to the administration of the estate." *Id.* at *5-6. Likewise in *In re That's Entertainment Marketing Group, Inc.*, 168 B.R. 226 (Bankr. N.D. Calif. 1994), the court found that an "accountant who is retained solely to testify as an expert witness in collateral litigation does not assume a 'central role in the administration of the bankruptcy.'" *Id.* at 230; *see also In re Napoleon*, 233 B.R. 910, 913 (Bankr. N.J. 1999) ("Most courts have come to the conclusion that there is no requirement of prior court authorization for retention of an expert witness because an expert is not a 'professional person' within the meaning of § 327".).

    7.  Nor do Mr. O'Malley's expert conclusions render him or DSI "interested" for purposes of this or any other proceeding. "Disinterested" is defined in the Code as a person who

    (A) is not a creditor, an equity security holder, or an insider;

> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14). DSI's service to the Trustee as a consultant and as a testifying expert at the December 14 hearing are entirely consistent with these standards. All of DSI's efforts to date, including Mr. O'Malley's analysis and expected testimony, support the Trustee's efforts to maximize the value of the estate's assets, including the recovery of fraudulently conveyed property.

8. Peoples Bank states that it has no objection to the Trustee hiring a different expert to testify, so long as the witness is not an approved "professional." To do so, however, would prejudice the estate and its creditors by imposing needless expense to duplicate and support Mr. O'Malley's informed conclusions. Nevertheless, if the Court were inclined to grant the motion in limine, the Trustee respectfully requests a continuance of the December 14 hearing so that an additional expert can be hired, can repeat the work already performed and properly prepare to testify regarding the bank's request for relief from the automatic stay.

                Respectfully submitted,

                BAKER & DANIELS LLP

                By:  /s/ *Kevin M. Toner*

Kevin Toner (#11343-49)        *Counsel for James A. Knauer, Chapter 11 Trustee*
Harmony Mappes (# 27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782

Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@bakerd.com
harmony.mappes@bakerd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>crb@gdm.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>jwa@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |

9037066_1.DOCX                5

| | | |
|---|---|---|
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sab@gdm.com | | |

I further certify that on December 12, 2011, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher  
asr@blancolaw.com

Darla J. Gabbitas  
darla.gabbitas@moyewhite.com

/s/ *Kevin M. Toner*