# EXHIBIT 1

A True Copy Attest
This 20 Sept 2011
Tommy A. Garrett
Metcalfe Circuit Clerk

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
43rd JUDICIAL CIRCUIT
CIVIL ACTION 11-CI-00170

JIMMY HENDRICK                                          **PLAINTIFFS**
1030 South Park
Bowling Green, Kentucky 42103

WILLIAM REX ELMORE
1817 Tobacco Road
Glasgow, Kentucky 42141

GLEN HURT
7950 Old Glasgow Road
Scottsville, Kentucky 42164

JAMES CURTIS BRUMMETT and        **COMPLAINT**
JAMES MATTHEW BRUMMETT
d\b\a PINE RIDGE FARM
7594 Hwy 55 South
Glens Fork, Kentucky 42741

JAMES CURTIS BRUMMETT
7594 Hwy 55 South
Glens Fork, Kentucky 42741

ROGER PAYNE
115 Beverly Drive
Glasgow, KY 42141

TIM VIBBERT
444 Jack Brown Road
Glasgow, KY 42141

BILL WARREN
180 Qualls Lane
Livingston, Tennessee 38570

MARTIN FARMS, INC.
3160 N Jackson Highway
Canmer, Kentucky 42722

FILED IN MY OFFICE
THIS 20 DAY OF Sept 2011
TOMMY A. GARRETT CLERK
BY Laurie Butler

AUSTIN MARTIN, a Minor
CHRISTOPHER BRIAN MARTIN,
Father and Next Friend
251 Pond Road
Canmer, Kentucky 42722

GARRETT DENNISON, a Minor
CHASTA MARTIN, Mother and Next Friend
251 Pond Road
Canmer, Kentucky 42722

CAMEN MARTIN, a Minor
CHRISTOPHER BRIAN MARTIN, Father and Next Friend
251 Pond Road
Canmer, Kentucky 42722

CAMEN MARTIN, a Minor
AUSTIN MARTIN, a Minor,
CHRISTOPHER BRIAN MARTIN, Father and Next Friend
251 Pond Road
Canmer, Kentucky 42722

MATTHEW WHITE
577 Jamestown Hwy.
Livingston, Tennessee 38570

JASON HALEY
265 Haley Road
Watertown, Tennessee 37184

MICHAEL WHITE
514 Willow Grove Hwy
Livingston, Tennessee 38570


vs.


FIFTH THIRD BANK, INC.                                        DEFENDANT
38 Fountain Square Plaza
Cincinnati, Ohio 45263.

2

Come the Plaintiffs, by counsel, and for their cause of action, state as follows:

## PARTIES TO ACTION

01.  Jimmy Hendricks resides a 1030 South Park, Bowling Green, Kentucky 42103.

02.  William Rex Elmore resides at 1817 Tobacco Road, Glasgow, Kentucky 42141.

03.  Glen Hurt resides at 7950 Old Glasgow Road, Scottsville, Kentucky 42164.

04.  James Matthew Brummett resides at 1150 Road 900, Glens Fork, Kentucky 42741.  James Curtiss Brummett and James Matthew Brummett do business as Pine Ridge Farm.

05.  James Curtiss Brummett resides at 7594 Hwy 55 South, Glens Fork, Kentucky 42741.

06.  Roger Payne resides at 115 Beverly Drive, Glasgow, Kentucky 42141.

07.  Tim Vibbert resides at 444 Jack Brown Road, Glasgow, Kentucky 42141.

08.  Bill Warren resides at 180 Qualls Lane, Livingston, Tennessee 38570.

09.  Martin Farms, Inc. is a Kentucky corporation with its principal office located at 3160 N Jackson Highway, Canmer, Kentucky 42722.

10.  Austin Martin, a minor, resides with his parents at 251 Pond Road, Canmer, Kentucky 42722.  Christopher Brian Martin is the Father and Next Friend for Austin Martin in this action.

11.  Garrett Dennison, a minor, resides at 251 Pond Road, Canmer, Kentucky 42722.  Chasta Martin is the Mother and Next Friend for Chasata Martin in this action.

3

12. Camen Martin, a minor, resides at 251 Pond Road, Canmer, Kentucky 42722. Christopher Brian Martin is the Father and Next Friend for Camen Martin.

13. Camen Martin, a minor and Austin Martin, a minor, reside at 251 Pond Road, Canmer, Kentucky 42722. Christopher Brian Martin is the Father and Next Friend for Camen Martin and Austin Martin.

14. Matthew White resides at 577 Jamestown Hwy., Livingston, Tennessee 38570.

15. Jason Haley resides at 265 Haley Road, Watertown, Tennessee 37184.

16. Michael White resides at 514 Willow Grove Hwy., Livingston, Tennessee 38570.

17. Fifth Third Bank, Inc. is an Ohio banking corporation with its principal place of business located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263. Fifth Third Bank, Inc. is one of the nation's largest banks, offering commercial and retail banking services, investment advice, cash management, data processing and other services. The agent for service of process for Fifth Third Bank, Inc. is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

## JURISDICTION AND VENUE

18. This Court possesses subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional threshold for this Court.

19. This Court possesses personal jurisdiction over Fifth Third Bank, Inc. by virtue of the following: (1) Fifth Third Bank, Inc. has elected to do business in Kentucky and has multiple locations in Kentucky, including but not limited to offices located in Florence, Lexington, Louisville and Bowling Green, Kentucky; (2) Fifth Third Bank, Inc.

4

contracted with Eastern Livestock Co., LLC to provide a revolving line of credit to facilitate the purchase and brokering of livestock in Kentucky; (3) Fifth Third Bank, Inc. regularly engages in business and solicits business in Kentucky; it derives substantial revenue from financial loans and services rendered in Kentucky and the loss sustained by Plaintiffs in this action arises from acts and\or omissions of Fifth Third Bank, Inc. during the course of providing the referenced loans and services to its commercial customer, Eastern Livestock Co., LLC. for the purchase of cattle in Metcalfe County, Kentucky; and (4) Fifth Third Bank, Inc. intentionally engaged in the wrongful acts set forth herein, the said acts being calculated to cause serious harm to the Plaintiffs who reside in Kentucky and Tennessee and to all of the Plaintiffs that sold livestock at the Edmonton Buying Station in Metcalfe County, Kentucky in September and October of 2010.

20.  This case involves a conversion of the proceeds from the sale of livestock by Fifth Third Bank, Inc. that were sold in Edmonton, Metcalfe County, Kentucky.  The damages sustained by each of the Plaintiffs by virtue of the foregoing conversion exceeds the jurisdictional minimum for the Metcalfe Circuit Court.  Further, venue is proper in Metcalfe County, Kentucky because this is the county in which the livestock were sold.

## FACTUAL ALLEGATIONS

21.  Eastern Livestock Co., LLC is a limited liability company with its headquarters located in New Albany, Indiana.  Eastern Livestock Co., LLC was one of the largest livestock brokerage companies in the United States with operating branch facilities in eleven states.

5

22.  In 2004, a Credit Agreement and a Security Agreement were entered into by and between Fifth Third Bank, Inc. and Eastern Livestock Co., LLC in order to facilitate and fund the livestock brokerage business of Eastern Livestock Co., LLC.

23.  Pursuant to the Credit Agreement and Security Agreement executed by and between Fifth Third Bank and Eastern Livestock Co., LLC, Fifth Third Bank, Inc. was granted a first lien on the assets of Eastern Livestock, including but not limited to its equipment, inventory of livestock, including inventory in transit and accounts receivable from the sale of livestock held by Eastern Livestock Co., LLC.

24.  Pursuant to the terms of the Credit Agreement, Eastern Livestock Co., LLC was required to disclose the Principals of Eastern Livestock Co., LLC and its Affiliates to Fifth Third Bank, Inc.  Section 1.1 of the referenced Credit Agreement defines Affiliate, as (a) any Person which, directly or indirectly, is in control of, is controlled by or is under common control with, Borrower, or (b) any Person who is a director or manager of an LLC, office or employee of Borrower or any Person described in the preceding clause.  As it relates to an Affiliate, the referenced Credit Agreement provides that "Control" means the ability to voice 5% or more of the Ownership interest.

25.  In 2004, Eastern Livestock Co., LLC disclosed the following affiliates of Eastern Livestock Co., LLC unto Fifth Third Bank, Inc.:

| AFFILIATE | OWNERSHIP |
| --- | --- |
| Okie Farms, LLC | 100% Eastern Livestock Co., LLC |
| Eastern Cattle Co., LLC | 66.6% Thomas P. Gibson<br>33.4% John S. Gibson |
| Rocking E Feeders, LLC | 66.6% Thomas P. Gibson<br>33.4% John S. Gibson |

6

| | |
|---|---|
| Crow Hollow, LLC | 66.6% Thomas P. Gibson<br>33.4% John S. Gibson |
| Gibson Farms, LLC | 50% Thomas P. Gibson<br>50% John S. Gibson |
| Olim, LLC | 98% TPG Trust<br>1% Thomas P. Gibson<br>1% Patsy Gibson |
| Taylor County Stockyards, LLC | 100% Thomas P. Gibson |
| West Kentucky Livestock Market, LLC | 66.6% Thomas P. Gibson<br>33.4% John S. Gibson |

Further, the following ownership interests of Eastern Livestock were disclosed unto Fifth

Third Bank, Inc. in 2004:

| MEMBER | LLC UNITS |
|---|---|
| Thomas P. Gibson | 666 2/3 Class A<br>83,357 Class B |
| John S. Gibson | 333 1/3 Class A<br>43,678 Class B |
| Patsy Gibson | 5,698 Class B |
| Thomas P. Gibson Irrevocable Generation Skipping Trust dated December 26, 2000, Nancy G. McDonald and John F. Gibson, Co-Trustees | 1,000 Class<br>136,733 Class B |

26. Pursuant to Section 2 of the Credit Agreement, Revolving Loans were

established with a revolving line of credit extended by Fifth Third Bank, Inc. to Eastern

Livestock Co., LLC for the purpose of funding the purchase of livestock by Eastern

Livestock.

27. In order to fund the purchase of livestock by Eastern Livestock Co., LLC

transfers were made by Fifth Third Bank, Inc. into a non-interest bearing controlled

7

disbursement account maintained by Fifth Third Bank, Inc. for Eastern Livestock Co., LLC, the said account being structured and utilized in accordance with the policies and procedures established by Fifth Third Bank, Inc.

28.   Schedule 1.1 of the referenced Credit Agreement identified eleven separate "Borrower's Facilities" where Eastern Livestock Co., LLC would purchase livestock. The facility of import to this litigation was Branch # 13, Edmonton Buying Station (Lease Location) located at 310 North Main Street, Edmonton, Kentucky 42129.

29.   Eastern Livestock Co., LLC regularly conducted bona fide arms length purchases of livestock at the Edmonton Buying Station on Tuesday of each week during the period of 2004 through November 2, 2010.

30.   In the normal course of its business, Eastern Livestock Co., LLC would issue checks drawn on its controlled disbursement account at Fifth Third Bank, Inc. on Tuesday of each week for the purpose of purchasing livestock from the owners of said livestock.

31.   Following the purchase of livestock on Tuesday of each week, Eastern Livestock Co., LLC would fax or otherwise transmit to Fifth Third Bank, Inc. verification of the livestock purchased and the checks issued for the purchase of livestock at the Edmonton Buying Station.

32.   Upon receipt of the verification of livestock purchased and checks issued by Eastern Livestock Co., LLC at the Edmonton Buying Station on Tuesday of each week, Fifth Third Bank, Inc. would transfer sufficient funds into the controlled disbursement account established for Eastern Livestock Co., LLC at Fifth Third Bank, Inc. to fund the livestock purchased by Eastern Livestock Co., LLC.

33. In 2007, the check kiting detection software maintained by Fifth Third Bank, Inc. indicated that check kiting activity was occurring in the checking account of Eastern Livestock Co., LLC located at Fifth Third Bank, Inc. Thereafter, an internal investigation was conducted by Fifth Third Bank, Inc.

34. In 2009, a second investigation was conducted by Fifth Third Bank, Inc. with regard to check kiting activity in the Eastern Livestock Co., LLC account at Fifth Third Bank, Inc.

35. In 2010, a third investigation was conducted by Fifth Third Bank, Inc. with regard to check kiting activity occurring in the Eastern Livestock Co., LLC account at Fifth Third Bank, Inc.

36. On November 1, 2010, Fifth Third Bank, Inc. unilaterally froze the four checking accounts of Eastern Livestock Co., LLC, including the controlled disbursement account maintained by Fifth Third Bank, Inc. for the purchase of livestock by Eastern Livestock Co., LLC, without Notice to Eastern Livestock Co., LLC, the Principals of Eastern Livestock Co., LLC, or the owners of livestock that had sold their cattle in September and October of 2010.

37. By virtue of failing to honor the check or checks issued to Plaintiffs prior to November 2, 2010, Fifth Third Bank knew Plaintiffs would sustain a loss in the amount of the check issued for the sale of their livestock to Eastern Livestock Co., LLC.

38. Fifth Third Bank, Inc. intentionally failed to honor and fund the checks issued by Eastern Livestock Co., LLC to Plaintiffs for the purchase of livestock at the Edmonton Buying Station prior to November 2, 2010 for the specific purpose of defrauding the owners of said livestock. At the time of sale of their livestock to Eastern

9

Livestock Co., LLC, the first lien of Fifth Third Bank, Inc. attached to Plaintiff's livestock and the receivables of Eastern Livestock Co., LLC arising by virtue of the purchase of said livestock by Eastern Livestock Co., LLC.

39. At the time that Fifth Third Bank, Inc. froze the checking accounts of Eastern Livestock Co., LLC, Fifth Third Bank, Inc. knew that it was not going to honor any checks that had not previously cleared and were issued by Eastern Livestock Co., LLC for the purchase of cattle at the Edmonton Buying Station prior to November 2, 2010.

40. The wrongful actions of Fifth Third Bank, Inc. was for the specific purpose of minimizing and reducing the deficiency balance of the bad loan extended By Fifth Third Bank, Inc. to Eastern Livestock Co., LLC, the said reduction being at the expense of Plaintiffs.

41. The wrongful actions of Fifth Third Bank, Inc. did in fact minimize and reduce the loss incurred by Fifth Third Bank, Inc. by (1) allowing Fifth Third Bank, Inc. to execute upon the first lien on the livestock purchased by Eastern Livestock Co., LLC prior to November 2, 2010; and (2) allowing Fifth Third Bank, Inc. to execute upon a lien on livestock for which the owners had not been compensated for the sale of said livestock.

## COUNT ONE
## ACTION FOR CONVERSION

42. The allegations set forth in paragraphs 01 through 41 are reiterated, adopted and incorporated by reference.

43. Fifth Third Bank, Inc. wrongfully and intentionally exercised dominion and control over the property of Plaintiffs through the following wrongful acts and omissions:

10

A.  Fifth Third Bank, Inc. wrongfully dishonored the checks issued by Eastern Livestock Co., LLC to purchase the livestock of Plaintiffs.

B.  Fifth Third Bank, Inc. asserted a first lien upon the livestock of Plaintiffs and the proceeds from the sale of said livestock.

C.  On November 9, 2010 Fifth Third Bank, Inc. initiated an action for appointment of a Receiver in the Hamilton County Court of Common Pleas in Ohio for the purpose of acting upon its first lien upon the cattle inventory and receivables of Eastern Livestock Co., LLC, including the livestock owned by Plaintiffs.  Fifth Third Bank, Inc. acted with full knowledge that the checks issued to Plaintiffs for their livestock had been dishonored by Fifth Third Bank, Inc.

44.  At the time that Fifth Third Bank, Inc. secretly froze the checking accounts of Eastern Livestock Co., LLC, Fifth Third Bank, Inc. knew the following:

A.  Eastern Livestock Co., LLC had purchased livestock at the Edmonton Buying Station prior to November 2, 2010 and issued checks drawn on its controlled disbursement checking account at Fifth Third Bank, Inc.

C.  The first lien of Fifth Third Bank, Inc. had attached to the livestock of Plaintiffs.

D.  Plaintiffs had surrendered possession of their livestock based upon the premise that Fifth Third Bank would honor the checks issued to Plaintiffs in exchange for their livestock.

45.  The intentional wrongful conduct of Fifth Third Bank, Inc. seriously interfered with the property interest of Plaintiffs in their livestock. With regard to the intentional and wrongful serious interference of Fifth Third Bank, Inc. with the interest of Plaintiffs in

11

their respective livestock, Plaintiffs further state as follows:

A.  Fifth Third Bank, Inc. dishonored the checks issued to Plaintiffs even though the value of Eastern's cattle inventory was enhanced by virtue of the purchase of said cattle by Eastern Livestock Co., LLC;

B.  Fifth Third Bank, Inc. has continuously exercised dominion and control over the livestock and the proceeds from the subsequent sale of the livestock during the period of November 2, 2010 through the date of filing this complaint;

C.  With full knowledge of the interest of the Plaintiffs in their livestock and the fact that Plaintiffs have been unlawfully deprived of the proceeds from the sale of their livestock, Fifth Third Bank, Inc. wrongfully asserted an interest in the livestock and the proceeds from the subsequent sale of the livestock;

D.  The actions of Fifth Third Bank, Inc. were not exercised in good faith;

E.  The extent and duration of the resulting interference by Fifth Third Bank, Inc. with the right of control held by Plaintiffs has been pervasive and continuous since November 2, 2010;

F.  The loss of control of the livestock proceeds of Plaintiffs was accomplished by the wrongful acts of Fifth Third Bank, Inc.;

G.  Fifth Third Bank received each of the respective checks issued to Plaintiffs by Eastern Livestock Co., LLC.  Alternatively, in the event that Fifth did not receive a check in fact, the occasion for the failure to receive said check arose by virtue of the freeze placed upon the accounts of Eastern Livestock Co., LLC by Fifth Third Bank, Inc. Once other banks became aware of the freeze, a number of Banks refused to accept for deposit  the checks issued by Eastern Livestock Co., LLC for the purchase of

12

livestock. By and through this Complaint, formal demand is hereby made that Fifth
Third Bank, Inc. make payment for all checks issued to Plaintiffs for the sale of livestock
to Eastern Livestock Co., LLC.

H. Upon receipt of the referenced checks, Fifth Third Bank, Inc. intentionally and
wrongfully failed to honor the checks that had been issued to Plaintiffs for their
livestock.

I. Fifth Third Bank, Inc. failed and refused to honor the checks issued to
Plaintiffs with knowledge that (1) the referenced checks had been issued by Eastern
Livestock Co., LLC for the purchase of livestock owned by Plaintiffs; (2) that Plaintiffs
had accepted the checks in exchange for their livestock; (3) that the livestock
purchased by Eastern Livestock Co., LLC prior to November 2, 2010 at the Edmonton
Buying Station had become part of the assets and cattle inventory of Eastern Livestock
Co., LLC; (4) that the first lien held by Fifth Third Bank, Inc. had attached to the
livestock sold by Plaintiffs at the Edmonton Buying Station prior to November 2, 2010;
and (5) that by refusing to honor the checks issued by Eastern Livestock Co., LLC for
the purchase of Plaintiff's livestock, Fifth Third Bank, Inc. would wrongfully benefit at the
expense of Plaintiffs.

J. The inconvenience, expense and harm caused unto Plaintiffs by the wrongful
acts of Fifth Third Bank, Inc. has been severe.

46. By virtue of failing to honor the checks issued unto Plaintiffs for their
livestock, the proceeds from the sale of the livestock of Plaintiffs were converted by
virtue of the wrongful acts of Fifth Third Bank, Inc. Accordingly, the interest of the
respective Plaintiffs has been subjected to serious harm.

13

47.  Plaintiffs requested Fifth Third Bank, Inc. to make payment for their livestock upon submission of the their respective checks for payment.  By and through this Complaint, formal demand is further made upon Fifth Third Bank, Inc. to make restitution unto Plaintiffs for the livestock wrongfully taken from Plaintiffs, the said restitution being in the respective amount of the checks issued to Plaintiffs in payment for their livestock.

48.  The acts of Fifth Third Bank, Inc. set forth herein were wrongful, intentional and not privileged.

49.  A Judgment should be entered on behalf of Plaintiffs against Fifth Third Bank, Inc. for the damages incurred by virtue of the wrongful conversion caused by Fifth Third Bank, Inc.

## COUNT TWO
## ACTION FOR UNJUST ENRICHMENT

50.  The allegations set forth in paragraphs 01 through 41 are reiterated, adopted and incorporated by reference.

52.  The livestock purchased from Plaintiffs at the Edmonton Buying Station prior to November 2, 2010 were added to the inventory of assets of Eastern Livestock Co., LLC pursuant to the Credit Agreement and Security Agreement executed by Eastern Livestock Co. and Fifth Third Bank, Inc.

53.  Plaintiffs received checks from Eastern Livestock Co., LLC in exchange for their livestock that Fifth Third Bank, Inc. intentionally and wrongfully failed to fund and honor.

54.  The value of the collateral for which Fifth Third Bank, Inc. held a first lien

14

was increased by the value of the livestock purchased from Plaintiffs. The checks issued to Plaintiffs by Eastern Livestock Co., LLC represent the value of the cattle at the time of sale to Eastern Livestock Co., LLC.

55. Fifth Third Bank, Inc. received a benefit at the expense of Plaintiffs.

56. A resulting appreciation of benefit was received by Fifth Third Bank, Inc.

57. Fifth Third Bank, Inc. has wrongfully and inequitably retained the referenced benefit without payment for its value unto the Plaintiffs.

58. A judgment should be entered on behalf of Plaintiffs against Fifth Third Bank, Inc. by virtue of the unjust enrichment of Fifth Third Bank, Inc.

**COUNT THREE**
**ACTION FOR THEFT BY FAILURE TO MAKE REQUIRED DISPOSITION**
**PURSUANT TO KRS 446.070**

59. The allegations set forth in paragraphs 001 through 041 are reiterated, adopted and incorporated by reference.

60. Pursuant to the Credit and Security Agreements executed by and between Eastern Livestock Co., LLC and Fifth Third Bank, Inc., Fifth Third Bank, Inc. was granted a first lien on the assets of Eastern Livestock, including but not limited to its equipment, inventory of livestock, including inventory of livestock in transit and accounts receivable from the sale of livestock held by Eastern Livestock Co., LLC.

61. Fifth Third Bank, Inc. acquired a first lien on the livestock purchased by Eastern Livestock Co., LLC from Plaintiffs pursuant to the Credit Agreement and Security Agreement executed by and between Fifth Third Bank, Inc. and Eastern Livestock Co., LLC.

62. Fifth Third Bank, Inc. acquired the first lien upon the livestock of Plaintiffs

15

subject to a known legal obligation to fund the checks issued by Eastern Livestock Co., LLC for the purchase of livestock purchased by Eastern Livestock Co., LLC.

63. Fifth Third Bank, Inc. has intentionally dealt with the referenced livestock collateral as its own and failed to fund the checks issued for the subject livestock by Eastern Livestock Co., LLC or otherwise make payment for said livestock.

64. The value of Plaintiffs' livestock is in excess of $10,000.00 pursuant to KRS 514.070(4)(b).

65. The violation of KRS 514.070 is the proximate cause of the damages sustained by Plaintiffs.

66. A judgment for compensatory and punitive damages should be entered on behalf of Plaintiffs pursuant to KRS 446.070.

### COUNT FOUR
### ACTION FOR COMPENSATORY DAMAGES

67. The allegations set forth in paragraphs 01 through 41, 43 through 49, 51 through 58 and 60 through 66 are reiterated, adopted and incorporated by reference.

68. On October 26, 2010 Jimmy Hendricks sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $10,567.29. This check was wrongfully dishonored by Fifth Third Bank, Inc.

69. On October 26, 2010 William Rex Elmore sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a checks drawn on the account of Eastern Livestock Co., in the amount of $25,728.36. This check was wrongfully dishonored by Fifth Third Bank, Inc.

16

70. On October 26, 2010 Glen Hurt sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $5,919.27. This check was wrongfully dishonored by Fifth Third Bank, Inc.

71. On August 10, 2010 James Matthew Brummett and James Curtis Brummett, b\b\a Pine Ridge Farm, sold livestock to Eastern Livestock Co.,-LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $1,123.11. This check was wrongfully dishonored by Fifth Third Bank, Inc.

72. On August 24, 2010 James Matthew Brummett and James Curtis Brummett, d\b\a Pine Ridge Farm, sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $762.60. This check was wrongfully dishonored by Fifth Third Bank, Inc.

73. On September 21, 2010 James Matthew Brummett sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $1,323.71. This check was wrongfully dishonored by Fifth Third Bank, Inc.

74. On September 28, 2010 James Matthew Brummett and James Curtis Brummett, b\b\a Pine Ridge Farm, sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $7,951.95. This check was wrongfully dishonored by Fifth Third Bank, Inc.

17

75. On October 26, 2010 Roger Payne sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $1,300.22. This check was wrongfully dishonored by Fifth Third Bank, Inc.

76. On October 26, 2010 Tim Vibbert sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $799.79. This check was wrongfully dishonored by Fifth Third Bank, Inc.

77. On October 19, 2010 Bill Warren sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $4,732.39. This check was wrongfully dishonored by Fifth Third Bank, Inc.

78. On September 14, 2010 Martin Farms, Inc. sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe.County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $6,005.97. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

79. On September 21, 2010 Martin Farms, Inc. sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of

18

$1,622.60. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

80. On October 26, 2010 Martin Farms, Inc. sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $1,164.99. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

81. On September 14, 2010 Austin Martin sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $688.52. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

82. On September 14, 2010 Garrett Dennison sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and

19

received a check drawn on the account of Eastern Livestock Co., in the amount of $500.00. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

83. On September 14, 2010 Camen Martin sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $500.00. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

84. On September 14, 2010 Austin Martin and Camen Martin sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $2,078.70. By virtue of the freeze placed upon the controlled disbursement account of Eastern Livestock Co., by Fifth Third Bank, Citizens First Bank declined to accept the check issued to Martin Farms, Inc. by Eastern Livestock Co. for deposit to the account of Martin Farms, Inc. By virtue of the freeze effected by Fifth Third Bank, Inc., this check was wrongfully dishonored.

85. On October 26, 2010, Matthew White sold livestock to Eastern Livestock

Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $5,793.12. This check was wrongfully dishonored by Fifth Third Bank, Inc.

86. On October 26, 2010, Jason Haley sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $483.34. This check was wrongfully dishonored by Fifth Third Bank, Inc.

87. On October 26, 2010, Michael White sold livestock to Eastern Livestock Co., LLC at the Edmonton Buying Station in Metcalfe County, Kentucky and received a check drawn on the account of Eastern Livestock Co., in the amount of $2,117.00. This check was wrongfully dishonored by Fifth Third Bank, Inc.

88. By virtue of the wrongful acts and omissions of Fifth Third Bank, Inc. as set forth in Counts One, Two and Three herein, Plaintiffs exchanged their cattle for a check drawn on the account of Eastern Livestock at Fifth Third Bank, Inc. and said Plaintiffs have sustained the following compensatory damages:

| | | |
|---|---|---|
| | Jimmy Hendricks | $10,567.29 |
| | William Rex Elmore | $25,728.36 |
| | Glen Hurt | $5,919.27 |
| | James Curtis Brummett and James Matthew Brummett | $1,123.11 $7,951.95 |
| | James Curtiss Brummett | 762.60 |
| | Roger Payne | $1,300.22 |
| | Tim Vibbert | $799.79 |
| | Bill Warren | $4,732.39 |

| | Martin Farms, Inc. | $6,005.97<br>$1,622.60<br>$1,164.99 |
|---|---|---|
| | Austin Martin | $500.00 |
| | Garrett Dennison | $500.00 |
| | Camen Martin | $500.00 |
| | Camen Martin and<br>Austin Martin | $2,078.70<br>.00 |
| | Matthew White | $5,793.12 |
| | Jason Haley | $483.34 |
| | Michael White | $2,117.00 |

## COUNT FIVE
## ACTION FOR PUNITIVE DAMAGES

89. The allegations set forth in paragraphs 01 through 41, 43 through 49, 51 through 58, 60 through 66, 68 through 88 are reiterated, adopted and incorporated by reference.

90. Fifth Third Bank, Inc., acting by and through its agents within the course and scope of their employment, and with reckless disregard of its duties and responsibilities as set forth in Counts One, Two and Three of this Complaint and with reckless disregard for the lives, safety or property of others including the life, safety and interests of the Plaintiffs in this action, violated the respective duties, responsibilities and legal obligations owed unto Plaintiffs.

91. The conduct of the agent or agents of Fifth Third Bank, Inc. was performed in the course and scope of their employment and said conduct was authorized, ratified, or should have been anticipated by the defendant, Fifth Third Bank, Inc.

22

92. A judgment for punitive damages should be awarded unto each of the Plaintiffs based upon the following factors:

A. The harm caused to each Plaintiff as measured by the compensatory damages sustained by each Plaintiff and the potential for further harm caused by Defendant's failure to comply with its duties as set forth herein;

B. The degree to which the failure of Fifth Third Bank, Inc. to comply with its duties was reprehensible, considering:

1. The likelihood at the time of such misconduct by Fifth Third Bank, Inc. that serious harm would arise from it;

2. The degree of defendant's awareness of the likelihood of the harm that would result from its conduct;

3. The profitability of the misconduct to Fifth Third Bank, Inc.;

4. The duration of the misconduct and any concealment of the misconduct by Fifth Third Bank, Inc.;

5. The degree to which the Fifth Third Bank, Inc.'s conduct represented an indifference to or a reckless disregard of the health, safety and legal interests of Plaintiffs;

6. The degree to which each of the Plaintiffs had financial vulnerability;

7. The degree to which the conduct of Fifth Third Bank, Inc. involved repeated actions as opposed to an isolated incident; and

8. The degree to which the harm to Plaintiffs was the result of intentional malice, trickery, or deceit as opposed to being an accident.

23

93. The total damages for which recovery is sought herein by each of the Plaintiffs exceeds the jurisdictional minimum for the Metcalfe Circuit Court. However, the total damages, including compensatory, pain and suffering, consequential and punitive damages, sustained by each of the Plaintiffs is less than $75,000.00.

**WHEREFORE**, Plaintiffs pray the Court as follows:

01. For entry of a judgment on behalf of Jimmy Hendrick against Fifth Third Bank, Inc. for compensatory damages in the amount of $10,567.29 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

02. For entry of a separate judgment on behalf of William Rex Elmore against Fifth Third Bank, Inc. for compensatory damages in the amount of $25,728.36 and punitive damages, the combined compensatory and punitive damages being less than $57,151.67[1];

03. For entry of a separate judgment on behalf of Glen Hurt against Fifth Third Bank, Inc. for compensatory damages in the amount of $5,919.27 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

04. For entry of a separate judgment on behalf of James Matthew Brummett and James Curtis Brummett, d\b\a Pine Ridge Farm, against Fifth Third Bank, Inc. for compensatory damages in the amount of $8,837.66 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than

---

[1]William Rex Elmore is a party plaintiff in two civil actions filed against Fifth Third Bank, Inc. The total damages to be awarded in both civil actions shall be less than $75,000.00.

24

$75,000.00 for each individual;

05.  For entry of a separate judgment on behalf of James Matthew Brummett against Fifth Third Bank, Inc. for compensatory damages in the amount of $1,323.71 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00[2];

06.  For entry of a separate judgment on behalf of Roger Payne against Fifth Third Bank, Inc. for compensatory damages in the amount of $1,300.22 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

07.  For entry of a separate judgment on behalf of Tim Vibbert against Fifth Third Bank, Inc. for compensatory damages in the amount of $799.79 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

08.  For entry of a separate judgment on behalf of Bill Warren against Fifth Third Bank, Inc. for compensatory damages in the amount of $4,732.39 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

09.  For entry of a separate judgment on behalf of Martin Farms, Inc. against Fifth Third Bank, Inc. for compensatory damages in the amount of $8,793.56 and punitive damages not to exceed $37,000.00, the total compensatory and punitive

---

[2]James Matthew Brummett is a party plaintiff in two separate civil actions filed against Fifth Third Bank, Inc.  The total damages to be awarded unto James Matthew Brummett in both civil actions  shall not exceed $75,000.00.

25

damages being in excess of $5,000.00 but less than $75,000.00[3];

10. For entry of a separate judgment on behalf of Austin Martin against Fifth Third Bank, Inc. for compensatory damages in the amount of $500.00 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

11. For entry of a separate judgment on behalf of Garrett Dennison against Fifth Third Bank, Inc. for compensatory damages in the amount of $500.00 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

12. For entry of a separate judgment on behalf of Camen Martin against Fifth Third Bank, Inc. for compensatory damages in the amount of $500.00 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

13. For entry of a separate judgment on behalf of Austin Martin and Camen Martin against Fifth Third Bank, Inc. for compensatory damages in the amount of $2,078.70 and punitive damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00[4];

14. For entry of a separate judgment on behalf of Matthew White against Fifth Third Bank, Inc. for compensatory damages in the amount of $5,793.12 and punitive

---

[3]Martin Farms, Inc. is a Plaintiff is two civil actions filed against Fifth Third Bank. The total damages to be awarded unto Martin Farms, Inc. in both civil actions filed on behalf of Martin Farms, Inc. against Fifth Third Bank, Inc. shall not exceed $75,000.00.

[4]Austin Martin is a Plaintiff in two civil actions against Fifth Third Bank. The total damages to be awarded unto Austin Martin in both civil actions shall not exceed $75,000.00.

damages, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00;

15.   For entry of a separate judgment on behalf of Jason Haley against Fifth Third Bank, Inc. for compensatory damages in the amount of $483.34 and punitive damages not to exceed $2,530.24, the total compensatory and punitive damages being in excess of $5,000.00 but less than $75,000.00[5];

16.   For trial by jury; and

17.   For their costs herein and for all other proper relief.

> Thomas W. Davis, P.S.C.
> The Times Building
> 135 West Public Square
> Glasgow, Kentucky 42141
> Telephone: 270-651-9100
> Facisimile: 270-651-7130
> Email: tdavispsc@glasgow-ky.com
>
> Attorney for Plaintiffs

---

[5]Jason Haley is a Plaintiff in two civil actions filed against Fifth Third Bank. The total damages to be awarded unto Jason Haley in both civil actions filed on behalf of Jason Haley against Fifth Third Bank, Inc. shall not exceed $75,000.00.

27

# U.S. District Court
## Western District of Kentucky (Bowling Green)
## CIVIL DOCKET FOR CASE #: 1:11-cv-00160-JHM-ERG

Cloyd et al v. Fifth Third Bank, Inc.
Assigned to: Chief Judge Joseph H. McKinley, Jr
Referred to: Magistrate Judge E. Robert Goebel
related Cases:    1:11-cv-00180-JHM-ERG
                  1:11-cv-00179-JHM-ERG
                  1:11-cv-00182-JHM-ERG
                  1:11-cv-00181-JHM-ERG
Cause: 28:1441 Petition for Removal

Date Filed: 10/24/2011
Jury Demand: Plaintiff
Nature of Suit: 370 Fraud or Truth-In-Lending
Jurisdiction: Federal Question

**Plaintiff**

**Marcia Cloyd**                     represented by    **Charles A. Goodman , III**
                                                      Garmon & Goodman
                                                      139 N. Public Sqaure
                                                      P.O. Box 663
                                                      Glasgow, KY 42142-0663
                                                      270-651-8812
                                                      Fax: 270-651-8846
                                                      Email: cgoodman@gglex.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas W. Davis**
                                                      Thomas W. Davis, PSC
                                                      The Times Building
                                                      135 West Public Square
                                                      Glasgow, KY 42141
                                                      270-651-9100
                                                      Fax: 270-651-7130
                                                      Email: tdavispsc@glasgow-ky.com
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joseph Barry Russell**             represented by    **Charles A. Goodman , III**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas W. Davis**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Terry Howard Russell**             represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Wanda Beyer**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leland Glass**                   represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Carol Walden**                   represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Doug Smith**                     represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Doug Browning**                  represented by    **Charles A. Goodman , III**

*also known as*
James D. Browning

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Scott Browning**                    represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bennie Mutter**                    represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Garnett S. Martin, Jr.**           represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Rex Elmore**               represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Read**                       represented by   **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris Barton**                    represented by   **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jerry Bagby**                     represented by   **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jesse R. Brown**                  represented by   **Charles A. Goodman , III**
*also known as*                                      (See above for address)
J. R. Brown                                          *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Cassady**                   represented by   **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Peggy Carey**                     represented by   **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Homer Copeland**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gary S. Bell**                      represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mike Luke**                         represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Neagle**                       represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roger Payne**                       represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leonard Smith**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Thompson**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**C. W. Haines**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brenda Hunt**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dalton Bragg**                    represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Richard Hope**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Froedge**                 represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rita Cravens**                    represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stitches, Inc.**                  represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Terry Williams**                  represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jimmy Manion**                          represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roger Burris**                          represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Arthur Lowhorn**                        represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Joshua Brian Loftis**                   represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Farms, Inc.**                    represented by   **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ben Hoyt Armstrong**                represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Gordon**                represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larry Woody**                represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Phillip Whitlow**                represented by    **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Maydell Whitlow**                represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jesse Whitlow**                    represented by    **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Bob Sawyers**                      represented by    **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Fred Thomas**                      represented by    **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ephriam Wilson**                   represented by    **Charles A. Goodman , III**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Thomas W. Davis**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chad Whithrow**                    represented by    **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jackie E. Young**                    represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charlie Brown**                      represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Russell Spradlin**                   represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Paul George**                        represented by   **Charles A. Goodman , III**
*doing business as*                                     (See above for address)
CV Farms                                                *ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Howard Arnold**                      represented by   **Charles A. Goodman , III**

*doing business as*
Arnold Farms

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Roy Pace**                              represented by  **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Alexander**                      represented by  **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Keith Long**                            represented by  **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Gibson**                          represented by  **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jeff Young**                            represented by  **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jerry Jordan**                    represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steve Callis**                    represented by   **Charles A. Goodman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chris Martin**                    represented by   **Charles A. Goodman , III**
*also known as*                                     (See above for address)
Christopher Brian Martin                            *ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**A.M.**                            represented by   **Charles A. Goodman , III**
*A Minor, Christopher Brian Martin,*                (See above for address)
*Father and Next Friend*                            *ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jason Haley**                     represented by   **Charles A. Goodman , III**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas W. Davis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ed Arterburn**                   represented by   **Charles A. Goodman , III**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Thomas W. Davis**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Fifth Third Bank, Inc.**         represented by   **Eric W. Richardson**
                                    Vorys, Sater, Seymour & Pease LLP
                                    221 E. Fourth Street, Suite 2000
                                    Cincinnati, OH 45202
                                    513-723-4019
                                    Fax: 513-852-7885
                                    Email: ewrichardson@vorys.com
                                    *ATTORNEY TO BE NOTICED*

                                    **James B. Lind**
                                    Vorys, Sater, Seymour & Pease LLP
                                    221 E. Fourth Street, Suite 2000
                                    Cincinnati, OH 45202
                                    513-842-8119
                                    Fax: 513-852-7835
                                    Email: jblind@vorys.com
                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2011 | 1 | NOTICE OF REMOVAL filed by Fifth Third Bank, Inc. from Metcalfe Circuit Court, case number 11-CI-00171. (Filing fee $350, receipt number 0644-1315492). (Attachments: # 1 Exhibit A - SEALED) (TJD) (Additional attachment(s) added on 10/26/2011: # 2 Exhibit A - State Court Complaint (REDACTED), # 3 Cover Sheet) (CDF). Modified on 10/26/2011 (CDF). Modified on 10/26/2011 (CDF). (Attachment 1 |

| | | |
|---|---|---|
| | | replaced on 10/26/2011) (CDF). (Additional attachment(s) added on 10/26/2011: # 4 Exhibit B - Declaration of Anne B. Kelly) (CDF). (Entered: 10/25/2011) |
| 10/24/2011 | 2 | Case Assignment (Random Selection): Case Assigned to Joseph H. McKinley, Jr. (TJD) (Entered: 10/25/2011) |
| 10/25/2011 | 3 | CLERK'S NOTICE to Parties and Metcalfe Circuit Court Clerk re 1 Notice of Removal. (TJD) (Entered: 10/25/2011) |
| 10/25/2011 | 4 | ORDER by Judge Joseph H. McKinley, Jr. (EBOC) on 10/25/2011; Referring Case to Magistrate Judge E. Robert Goebel pursuant to 28:636(b)(1)(A) for disposition of all non-dispositive motions. cc: Counsel, ERG, PH, KL (TJD) (Entered: 10/25/2011) |
| 10/25/2011 | 5 | NOTICE *of Filing Redacted Exhibit A* by Fifth Third Bank, Inc. re 1 Notice of Removal (Attachments: # 1 Exhibit Redacted Exhibit A) (Richardson, Eric) (Entered: 10/25/2011) |
| 10/25/2011 | 6 | NOTICE *of Filing Civil Cover Sheet* re 1 Notice of Removal by Fifth Third Bank, Inc. (Attachments: # 1 Cover Sheet Civil Cover Sheet) (Richardson, Eric) Modified to create link on 10/26/2011 (CDF). (Entered: 10/25/2011) |
| 10/26/2011 | 7 | Corporate Disclosure Statement by Fifth Third Bank, Inc. Corporate Parents - Fifth Third Bancorp and Fifth Third Financial Corporation. (Richardson, Eric) Modified to add corporate parents on 10/27/2011 (CDF). (Entered: 10/26/2011) |
| 10/28/2011 | 8 | ANSWER to Complaint by Fifth Third Bank, Inc.. (Richardson, Eric) (Entered: 10/28/2011) |
| 10/28/2011 | 9 | NOTICE of Appearance by James B. Lind on behalf of Fifth Third Bank, Inc. (Lind, James) (Entered: 10/28/2011) |
| 11/04/2011 | 10 | RESPONSE to 1 *Notice of Removal* filed by A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young. (Attachments: # 1 Exhibit - Hamilton County |

| | | |
|---|---|---|
| | | Clerk of Courts Memorandum) (Davis, Thomas) Modified to add text and link on 11/7/2011 (CDF). (Entered: 11/04/2011) |
| 11/04/2011 | 11 | ATTACHMENT - Hamilton County Clerk of Courts Motion and exhibits re 10 Response,,,, by A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young. (Davis, Thomas) Modified to add text on 11/7/2011 (CDF). (Entered: 11/04/2011) |
| 11/18/2011 | 12 | MOTION for Nathan L. Colvin to Appear Pro Hac Vice Filing fee $ 65, receipt number 0644-1329040.by Defendant Fifth Third Bank, Inc. Responses due by 12/12/2011 (Lind, James) (Additional attachment(s) added on 11/21/2011: # 1 Proposed Order) (PHB). (Entered: 11/18/2011) |
| 11/18/2011 | 13 | MOTION for Kent A. Britt to Appear Pro Hac Vice Filing fee $ 65, receipt number 0644-1329043.by Defendant Fifth Third Bank, Inc. Responses due by 12/12/2011 (Lind, James) (Additional attachment(s) added on 11/21/2011: # 1 Proposed Order) (PHB). (Entered: 11/18/2011) |
| 11/21/2011 | | NOTICE OF DOCKET CORRECTION re 12 MOTION for Nathan L. Colvin to Appear Pro Hac Vice ; Error:Motion and Order filed as one PDF document; Correction:Proposed Order re-docketed by Court as an attachment. (PHB) (Entered: 11/21/2011) |
| 11/21/2011 | | NOTICE OF DOCKET CORRECTION re 13 MOTION for Kent A. Britt to Appear Pro Hac Vice. Error: Motion and Order Filed as one PDF document; Correction: Proposed Order re-docketed by Court as an attachment (PHB) (Entered: 11/21/2011) |
| 11/22/2011 | 14 | MOTION to Remand by Plaintiffs A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, |

| | | |
|---|---|---|
| | | Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young Responses due by 12/16/2011 (Attachments: # 1 Memorandum in Support, # 2 Proposed Order, # 3 Exhibit Fifth Third Annual Report, # 4 Exhibit Fifth Third Secretary of State Information, # 5 Exhibit Tim Spurlock Depo pg 133-134, # 6 Exhibit Fifth Third Proof of Claim doc, # 7 Exhibit First Bank Memo in Opposition of Motion to Stay, # 8 Exhibit Tim Spurlock Depo pg 84-85, # 9 Exhibit Tim Spurlock Depo pg 117, # 10 Exhibit Fifth Third Complaint, # 11 Exhibit Fifth Third Amended Complaint, # 12 Exhibit Fifth Third Kinlsow Complaint, # 13 Exhibit Order Dismissing, # 14 Exhibit Affidavit of Clerk of Metcalfe Circuit Court) (Davis, Thomas) (Entered: 11/22/2011) |
| 11/22/2011 | 15 | ATTACHMENT(s) *2004 Credit Agreement* re 14 Motion to Remand,,,,,, by A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young. (Davis, Thomas) (Entered: 11/22/2011) |
| 11/22/2011 | 16 | ATTACHMENT(s) *Fifth Third Memo in Opposition of Motion to Dismiss pg 1-6* re 14 Motion to Remand,,,,,, by A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, |

| | | |
|---|---|---|
| | | Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young. (Davis, Thomas) (Entered: 11/22/2011) |
| 11/22/2011 | 17 | ATTACHMENT(s) *Fifth Third Memo in Opposition of Motion to Dismiss pg 7-12* re 14 Motion to Remand,,,,,, by A.M., Donald Alexander, Ben Hoyt Armstrong, Howard Arnold, Ed Arterburn, Jerry Bagby, Chris Barton, Gary S. Bell, Wanda Beyer, Dalton Bragg, Charlie Brown, Jesse R. Brown, Doug Browning, Scott Browning, Roger Burris, Steve Callis, Peggy Carey, David Cassady, Marcia Cloyd, Homer Copeland, Rita Cravens, William Rex Elmore, Kenneth Froedge, Paul George, James Gibson, Leland Glass, David Gordon, C. W. Haines, Jason Haley, Richard Hope, Brenda Hunt, Jerry Jordan, Joshua Brian Loftis, Keith Long, Arthur Lowhorn, Mike Luke, Jimmy Manion, Chris Martin, Garnett S. Martin, Jr, Martin Farms, Inc., Bennie Mutter, John Neagle, Roy Pace, Roger Payne, David Read, Joseph Barry Russell, Terry Howard Russell, Bob Sawyers, Doug Smith, Leonard Smith, Russell Spradlin, Stitches, Inc., Fred Thomas, John Thompson, Carol Walden, Chad Whithrow, Jesse Whitlow, Maydell Whitlow, Phillip Whitlow, Terry Williams, Ephriam Wilson, Larry Woody, Jackie E. Young, Jeff Young. (Davis, Thomas) (Entered: 11/22/2011) |