UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

EASTERN LIVESTOCK CO., LLC                    CASE NO. 10-93904
                                              CHAPTER 11
    DEBTOR

**LIMITED OBJECTION TO MOTION TO APPROVE SALE AGREEMENT AND COMPROMISE OF CLAIMS CONCERNING CATTLEMEN'S FEEDLOT, LTD.**

Come Bluegrass Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass-Maysville Stockyards, LLC, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Alton Darnell, and Southeast Livestock Exchange, LLC (collectively, the "Cattle Producers"), by counsel, and hereby file this limited objection (the "Limited Objection") to the Trustee's Motion to Approve Sale Agreement and Compromise of Claims Concerning Cattlemen's Feedlot, Ltd. (the "Motion") [ECF No. 865]. The Limited Objection has to do with the unnecessary admission by the Trustee as part of the Motion that Fifth Third has an allowed, prior, and valid first-priority lien claim on the sale proceeds, which does not need to be adjudicated at this time, and should be reserved for further order of this Court. In support of this Objection, the Cattle Producers respectfully state as follows:

**OBJECTION**

1.  The Motion seeks authority to sell assets that are not held by this bankruptcy Estate. James A. Knauer, Chapter 11 Trustee in the above-captioned bankruptcy case (the "Trustee") does not seek to sell Eastern Livestock Co., LLC's ("Eastern") 100% membership interests in Okie Farms, L.L.C. ("Okie"), but rather, to approve the sale of certain of Okie's assets. Okie has now also filed its own bankruptcy case in conjunction with the Motion, for

some unstated reason, on December 8, 2011, case number 11-93144. The Trustee has represented under oath in the Okie case that Okie has no creditors. Motions to sell assets under 11 U.S.C. § 363 can not be granted earlier than 21 days following a bankruptcy filing, absent a showing of avoidance of immediate and irreparable harm. Fed. R. Bankr. P. 6003.

2. The Motion states that Eastern owns 100% of the limited liability membership interests in Okie, that the Trustee is thus now the sole Manager of Okie, and that Okie owns 47.92425% of the issued and outstanding partnership interests of Cattlemen's Feedlot, Ltd. (the "Partnership"), and 25% of the issued and outstanding membership interests of Cattlemen's Feedlot Management Company, LLC (the "General Partner"), the general partner of the Partnership. Motion, ¶ 3. Against this background, the Motion proposes that the Trustee be authorized to sell Okie's interests in the Partnership and the General Partner (collectively, the "Membership Interests") to the Partnership for a total of $3 million (the "Sale Proceeds"). Tax ramifications apparently are an issue that fall on the Gibson Estate.

3. The Motion also requests an adjudication that Fifth Third Bank ("Fifth Third") "holds a validly perfected security interest in [Eastern's] membership interest in and representing the equity ownership of Okie," Motion, ¶ 5, based on the "facts" stated by the Trustee that (1) Eastern owns all of the membership interests in Okie; (2) those membership interests constitute general intangibles under the Uniform Commercial Code; and (3) Fifth Third has a perfected security interest in those membership interests pursuant to the Fifth Third Bancorp Security Agreement dated August 9, 2004 and "a valid and sufficient financing statement with the Kentucky Secretary of State." Motion, ¶ 6. Therefore, the Motion requests that the Court "authori[ze] the Trustee to cause the Sale Proceeds to be dividended from Okie to the [Eastern's] estate subject to a security interest in favor of [Fifth Third] . . . ." Motion, Final ¶.

4.	The Cattle Producers' limited objection is to the Trustee's definitive statements in the Motion that authorize a "dividend" to be made from Okie to Eastern, subject to what the Trustee calls the "validly perfected" lien of Fifth Third.  Any "dividend" request can be considered at a later time, certainly would have to also be approved in the Okie bankruptcy case upon proper notice and after verification that Okie has no creditors at all, and is completely unnecessary to the Motion.

5.	 First, the Cattle Producers object to these definitive statements regarding Fifth Third's alleged claim, at the very same time that the Trustee is stating in other pleadings that the allowance of the Fifth Third claim remains subject to some kind of ongoing investigation by the Trustee, including possible equitable subordination.

6.	Second, it is not factually proven yet that Fifth Third does, in fact, have a valid, perfected security interest in Eastern's membership interests in Okie, and/or any assets of Okie itself.  The Okie Operating Agreement is not of record, and any Okie membership certificates have not been provided.  While it is certainly possible that a prepetition "general intangibles" lien exists as to Eastern's 100% interests in Okie, it is also possible that membership certificates would need to be in Fifth Third's possession in order to be perfected.  Hoover Hull needs to address these issues to verify perfection.

7.	Third, the sale proceeds are those arising from a sale of assets of *Okie*, i.e., partnership and membership interests owned by Okie, not Eastern, and Fifth Third is not a perfected creditor of Okie.  If some dividend is ever authorized, then at that time, whether Fifth Third's alleged lien on alleged "proceeds," twice-removed from Eastern, can be adequately determined.

8.	The Trustee has stated that his equitable subordination investigation of Fifth Third being conducted by Hoover Hull is ongoing and not concluded.  Other parties in interest have

3

pending equitable subordination claims in adversary proceedings. Very few facts are known in this regard, as seems to be the goal, which has been met with great success to date. To that end, 11 U.S.C. § 552(b) specifically contemplates that "if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, *except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.*" (emphasis added).

9. In light of this statutory directive of § 552(b), and the pending "equitable" investigation by the Trustee, no order should be entered at this time which contains any adjudication as to Fifth Third's rights. As is very often the case, any (timely) sale order of Okie assets can merely provide for a sale free and clear, with all "interests" to attach in the same order of validity, priority and extent as may be determined to exist by further orders of the Court. No sufficient basis for any adjudication on these issues has been shown at this time.

WHEREFORE, the Cattle Producers respectfully request that: (a) any order approving the sale contemplated in the Motion, in whatever pending case such orders are to be entered, include only language to the effect that assets are being sold free and clear of interests, with same to attach to the proceeds to the same extent, validity, and priority as to the assets themselves, as may be determined by further order of the Court; (b) the Court decline to rule on any issues as to the validity, priority and extent of any interests in the Membership Interests and the proceeds thereof at this time, reserving same for further determination; and (c) the Court grant such other and further relief as its deems just and proper.

4

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Laura Day DelCotto, Esq.
Amelia Martin Adams, Esq.
200 North Upper Street
Lexington, Kentucky 40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
ldelcotto@dlgfirm.com
aadams@dlgfirm.com
COUNSEL FOR THE
CATTLE PRODUCERS

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2011, a copy of the foregoing Limited Objection to Motion to Approve Sale Agreement and Compromise of Claims Concerning Cattlemen's Feedlot, Ltd. was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | jwa@gdm.com; shm@gdm.com; tlm@gdm.com |
| | rtowbridge@kslaw.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | crb@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sab@gdm.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | james.carr@bakerd.com; patricia.moffit@bakerd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Jason W. Cottrell | jwc@stuartlaw.com |
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com |
| | cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Dustin R. DeNeal | Dustin.deneal@bakerd.com |
| | Patricia.moffit@bakerd.com |

5

| | |
|---|---|
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@bakerd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@bakerd.com; sharon.korn@bakerd.com sarah.herendeem@bakerd.com |
| John David Hoover | jdhoover@hooverhull.com |
| John Huffaker | john.huffaker@sprouselaw.com lynn.acton@sprouselaw.com rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@bakerd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com; lisa.oliver@moyewhite.com deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net; edl@trustesolutions.com; atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com;lisa.geeding@dinslaw.com patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@bakerd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cm@gdm.com |
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |

| | |
|---|---|
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | Wendy.ponader@bakerd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |
| Susan K. Roberts | skr@stuartlaw.com; lbt@stuartlaw.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr. | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ibs@gdm.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | Robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com; edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

I further certify that on December 13, 2011, a copy of the foregoing Limited Objection to Motion to Approve Sale Agreement and Compromise of Claims Concerning Cattlemen's Feedlot, Ltd. was mailed by first-class U.S. mail, postage prepaid and properly addressed, to the following:

Bovine Medical Associates, LLC  
1500 Soper Road  
Carlisle, KY 40311

National Cattlemen's Beef Association  
c/o Alice Devine  
6031 SW 37th Street  
Topeka, KS 66610

/s/ Laura Day DelCotto, Esq.  
COUNSEL FOR THE  
CATTLE PRODUCERS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Okie-Cattlemen's Sale Obj 20111213.doc