**SO ORDERED: December 19, 2011.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: EASTERN LIVESTOCK CO., LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| In re: OKIE FARMS, L.L.C., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 11-93144-BHL-11 |

**ORDER**

This order is being entered in both of the jointly administered chapter 11 cases for 1) Eastern Livestock Co., LLC ("ELC"), which is Case No. 10-93904-BHL-11 (the "ELC Case"), and 2) Okie Farms, L.L.C. ("Okie"), which is Case No. 11-93144-BHL-11 (the "Okie Case").

This matter came before the Court on 1) the Motion to Approve Sale Agreement and Compromise of Claims Concerning Cattlemen's Feedlot, Ltd. filed in the ELC Case (the "ELC Motion") (ELC Case Docket No. 865) and 2) the Motion to Approve Sale Agreement and Compromise of Claims Concerning Cattlemen's Feedlot, Ltd. (the "Okie Motion") filed in the Okie Case (Okie Case Docket No. 9). James A. Knauer as chapter 11 trustee for ELC (the "ELC

Trustee") filed the ELC Motion. Okie filed the Okie Motion and Mr. Knauer serves as the manager of Okie. The ELC Motion and Okie Motion are referred to jointly as the "Motions". Also before the Court is the Limited Objection To Motion To Approve Sale Agreement And Compromise Of Claims Concerning Cattlemen's Feedlot, Ltd. filed in the ELC Case (the "Objection"). The Court having considered the Motions and the Objection, and being duly advised in the premises, hereby enters the following order:

    1.    The Motions are hereby GRANTED pursuant to terms of this order.

    2.    Okie is hereby authorized (but not required) to execute the Sale Agreement[1] and the proposed Fifth Amendment to the Partnership Agreement described in the Motions and take all other actions reasonably required to close the proposed sale of the Purchased Interests (the "Proposed Sale"). The Proposed Sale is authorized pursuant to 11 U.S.C. § 363(f) to be made free and clear of any interest in the Purchased Interests of any entity (including free and clear of any and all liens, claims, interests or encumbrances in and against the Purchased Interests).

    3.    Following the filing of the ELC Motion and contemporaneous with the filing of the Okie Motion, the ELC Trustee and Okie commenced a certain adversary proceeding (the "Adversary") now pending in the ELC Case against Thomas P. Gibson and others seeking preliminary injunctions and other relief with respect to the preservation of the tax status of Okie and ELC. The Court understands and therefore orders that the request by Okie and the ELC Trustee that the Court grant the Motions and approve the Proposed Sale is contingent upon the timely granting of the relief requested in the Adversary. Absent the timely grant of relief requested in the Adversary, Okie and the ELC Trustee may no longer deem the relief requested by the Motions (including the Proposed Sale) to be in the best interests of the Okie and ELC

---

[1] Capitalized terms that are not defined herein have the meanings ascribed in the Motions.

bankruptcy estates. Therefore, Okie and the ELC Trustee may refrain from proceeding with the execution of the Sale Agreement and closing of the Proposed Sale if they deem it advisable to do so, including if they fail to obtain sufficient timely relief as requested in the Adversary.

4. The Court hereby finds that the Buyer described in the Motions is purchasing the Purchased Interests in good faith and is fully entitled to the protections of 11 U.S.C. § 363(m). The Court also hereby orders that the stay otherwise imposed by Bankruptcy Rule 6004(h) is not applicable and that Okie and the Buyer may close and consummate the Proposed Sale immediately following the entry of this order as may be deemed appropriate by Okie and the ELC Trustee.

5. By the terms of this order the Objection has been resolved.

6. If Okie closes the Proposed Sale, Okie and the ELC Trustee are hereby authorized, but not ordered, to upstream by dividend from Okie to ELC all or part of the Purchase Proceeds. Such Purchase Proceeds upon being dividended to ELC will be subject to a security interest in favor of Fifth Third Bank but subject to all claims and defenses as reserved in and according to the terms of the "Financing Order (I) Approving Chapter 11 Trustee Financing; (II) Authorizing Use Of Cash Collateral And Obtaining Credit Pursuant To Sections 361, 363 And 364 Of The Bankruptcy Code; (III) Modifying The Automatic Stay; (IV) Providing Adequate Protection; And (V) Sealing Certain Documents" (the "Financing Order"); and including but not limited to claims under 11 U.S.C. § 552(b), if any. The Financing Order was entered in the ELC Case. The ELC Trustee may move the Purchase Proceeds to the ELC operating account subject to the terms and provisions of the Financing Order.

7. Upon the closing of the Proposed Sale pursuant to this order, the ELC Trustee and Fifth Third Bank have agreed to withdraw their conditional objections (Docket No.

247 and 248) filed with respect to a settlement proposed by the bankruptcy trustee (the "East-West Trustee") in the East-West Trucking Co., LLC case pending before this Court. They shall promptly advise the East-West Trustee and the Court of such a closing and the withdrawal of their objections.

###