UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                                                      CASE NO. 10-93904

EASTERN LIVESTOCK CO., LLC,                                CHAPTER 11

    DEBTOR                                                          JOINTLY ADMINISTERED

## MOTION TO COMPEL THE TRUSTEE TO
## PRODUCE BUDGETS AND FINANCIAL INFORMATION

Come Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, Piedmont Livestock Company, Inc., and Alton Darnell, ("Movants") parties in interest herein, by counsel, and pursuant to 11 U.S.C. §§ 1107(a) and 1106(a)(1), hereby file their Motion to Compel the Trustee to Produce budgets and financial information and to otherwise perform his duties  under 11 U.S.C. §§ 1107(a) and 1106(a)(1) ("Motion to Compel").  In support of the Motion to Compel, Movants hereby state as follows:

### JURISDICTION

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C § 362.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. § 1334(b).

### BACKGROUND

2.       On December 6, 2010, an involuntary bankruptcy petition was filed against Eastern Livestock Co., LLC (the "Debtor") in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division (the "Bankruptcy Court") under chapter 11 of

Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* as amended (the "Bankruptcy Code"). On December 28, 2010, an Order or Relief was entered in the above case against the Debtor.

3.　　On December 27, 2010, James A Knauer (the "Trustee") was appointed as the chapter 11 Trustee to oversee the Debtor's operations.

4.　　No committee has been appointed or designated in this case. The Trustee objected to the formation of an ad hoc committee composed of various parties in interest.

5.　　On repeated occasions, in and out of Court, numerous interested parties in this case have requested that the Trustee provide copies of the Debtor's ongoing operating budgets (the "Budgets") as contemplated by the Cash Collateral Order. To date, the Trustee has not been forthcoming with complying with these requests.

6.　　This Court recognized the need for increased transparency and sharing of information in this case when, at the September 28, 2011 Hearing, the Court observed:

> "You know, transparency is important in a Chapter 11, and there are certain things that the debtor has to let everybody know; and I do think the financial affairs of what's coming in and what's going on is certainly part of that, but as Mr. Knauer says, I would assume that's included in their monthly reports. But I think that some budgets would be helpful also."

September 28, 2011 Hearing Transcript, p. 62, lines 13-20 (attached as Exhibit A).

7.　　In addition, at the December 14, 2012 hearing, Trustee's counsel promised that the Budgets would be uploaded to the Trustee website on December 14, 2012. Specifically, counsel stated, "…I admit, we did not disclose the budget. And I think a couple of hearings ago we said we would without litigation, disclose in there. And I told everybody that we would do that. So we will get that on the blog today." December 14, 2011 Hearing Transcript, p. 62, lines 24-25 and p. 63, lines 1-3 (attached as Exhibit B).

2

8.      As of the date of the filing of this Motion to Compel, the Trustee has not provided copies of the Budgets to any parties in interest, except ongoing sharing with Fifth Third Bank, nor uploaded the Budgets to Trustee's website.

### RELIEF REQUESTED

9.      Movants  respectfully request entry of an order pursuant to 11 U.S.C. § 1107(a) and 1106(a) compelling the Trustee to immediately provide copies of the Budgets to parties in interest,  or to immediately upload the Budgets to Trustee's website

10.      11 U.S.C. § 1106(a)(1) directs a trustee to perform his/her duties as specified, *inter alia*, in 11 U.S.C. § 704(7), which requires a trustee to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." *See* 11 U.S.C. § 1106(a)(1), 11 USC § 704(7).

11.      Movants and other interested parties in this case have repeatedly requested that the Trustee provide copies of the Budgets, and the Trustee, while first stating resistance to providing same, has promised on several occasions to furnish those Budgets to all interested parties by uploading them to Trustee's website.

12.      Trustee has failed to provide the information requested despite ample time, and therefore has violated his duties under 11 U.S.C. § 1107(a) and 1106(a)(1).   Parties in interest should not be forced to beg for and file motions to receive fundamental financial information.  At this point in time, an order directing same is warranted.

13.      Movants expressly reserve their right to file a Motion for Order Under Bankruptcy Rule 2004 at a later date, if necessary, seeking the aforementioned information.

14.      Upon information and belief, this Motion is supported by numerous other parties in interest, who have made repeated and similar requests.

3

WHEREFORE, Movants respectfully request this Court to enter the proposed order requiring the Trustee to provide copies of the Budgets by posting same on the Trustee's website and by providing to all counsel of record by Friday, January 27, 2012,  and to grant any further relief that the Court deems just and proper.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Laura Day DelCotto, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
ldelcotto@dlgfirm.com
COUNSEL FOR MOVANTS

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | james@bgdlegal.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | cbowles@bgdlegal.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sbrehm@bgdlegal.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | jim.carr@faegrebd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Jason W. Cottrell | jwc@stuartlaw.com |

| | |
|---|---|
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com<br>cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com<br>dlgecfs@gmail.com |
| Dustin R. DeNeal | dustin.deneal@faegrebd.com<br>Patricia.moffit@bakerd.com |
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com<br>efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@faegrebd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@faegrebd.com |
| John David Hoover | jdhoover@hooverhull.com |
| John Huffaker | john.huffaker@sprouselaw.com<br>lynn.acton@sprouselaw.com<br>rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@faegrebd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com;lisa.oliver@moyewhite.com<br>deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net;edl@trustesolutions.com;<br>atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com;lisa.geeding@dinslaw.com<br>patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@faegrebd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |

| | |
|---|---|
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cmoore@bgdlegal.com |
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Shiv G. O'Neill | shiv.oneill@faegrebd.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |
| Anthony Raluy | traluy@fbhlaw.net |
| Susan K. Roberts | skr@stuartlaw.com; lbt@stuartlaw.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ishallcross@bgdlegal.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@faegrebd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin Toner | kevin.toner@faegrebd.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com; edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

I further certify that on January 20, 2012, a copy of the foregoing pleading was mailed by first-class U.S. mail, postage prepaid and properly addressed, to the following:

Bovine Medical Associates, LLC                National Cattlemen's Beef Association
1500 Soper Road                               c/o Alice Devine
Carlisle, KY 40311                            6031 SW 37th Street
                                              Topeka, KS  66610

                                              /s/ Laura Day DelCotto, Esq.
                                              COUNSEL FOR MOVANTS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Compel Financials Mot 20120119.docx

# EXHIBIT A

1          THE COURT:    Well, I'm in favor of all those things.

2          MR. LEVIN:    Okay.

3          THE COURT:    And as long as you're not talking about

4    money, then I don't see that you'll raise a lot of opposition.

5    And I'm -- even so far as informal requests, I'm sure the

6    Trustee would rather get one than four or five, so put it in

7    the form of a motion.   I'll take it up at the 10/25 hearing.

8    Yes, Mr. Donnellon.

9          MR. DONNELLON:    Your Honor, one last issue, and I

10   think it's related to this very notion, is that when we were

11   here at the July omnibus, Mr. Wharton had said, "We haven't had

12   any update on the blog that was communicating to all of the

13   creditors.   We haven't had that since March, and can we have

14   some sort of communication on that?"   And we were promised

15   orally in court, "Yes, we're -- that's going to be updated."

16          And then at the last omnibus there was objections

17   raised about budgets and there's weekly skull sessions with

18   Fifth Third and the Trustee that are reported in the fee

19   applications, and the other creditors are getting no

20   information, and there was a discussion then about, "Let's have

21   some transparency.   You can redact confidential things in the

22   budget, but let's produce and operating budget," and I still

23   haven't seen anything there.

24          And is this something we need to journalize and

25   submit an entry to you that there will be these updates, and we

1  will have some operating budgets.  I would just as soon that we

2  could accept the word that these things will happen, but they

3  haven't; and if we want to file a formal motion, if that's what

4  you'd like, on this issue -- or we can submit a proposed order,

5  because I believe Your Honor was clear in that we want to have

6  some communication from the Trustee and the creditors; we want

7  to have some transparency at least in what's going on with the

8  money that's being used, and neither of those things has

9  happened.

10       MR. KNAUER: (No name on log sheet, low volume,

11  muffled telephone reception) Well, as to what's going on with

12  the money that's being used, there are reports filed every

13  month that shows every single dollar that's disbursed in this

14  case, Mr. Donnellon.

15       THE COURT:  All right --

16       MS. HALL:  Your Honor, this is Terry Hall.  We don't

17  have a problem with providing a budget if the Court would like.

18  And it will be redacted and summarized and filed on that blog,

19  which is what we talked about before.  There is a motion to

20  seal the budget in Fifth Third.  So if the Court would like to

21  give us permission to file a modified redacted budget, we're

22  happy to do that.

23       THE COURT:  I'll give you permission to do that.

24  Run it by Fifth Third.  Make sure that -- I mean, I don't want

25  -- I don't want them to come in here screaming as soon as you

1  post it, but I'll give you permission to do that, number one.

2  Number two, I mean, I think all of you realize that probably

3  blogging has not been at the top of the Trustee's list.  I'm

4  sure you all spend a lot of time blogging, but I doubt if Mr.

5  Knauer does.   But we need to blog more.

6          MR. TONER:   If the litigators can take some of the

7  heat off Mr. Knauer, we have a lot of adversary proceedings

8  going on and --

9          THE COURT:   Right.

10         MR. TONER:   -- we are traditionally cautious about

11 what we say on these subjects.  That may be part of the hold-

12 up.

13         THE COURT:   Well, I do think that's part of the

14 problem here, and we've discussed this a little bit, too.  You

15 know, transparency is important in a Chapter 11, and there are

16 certain things that the debtor has to let everybody know; and I

17 do think the financial affairs of what's coming in and what's

18 going out is certainly part of that, but as Mr. Knauer says, I

19 would assume that's included in their monthly reports.  But I

20 think that some budgets would be helpful also.

21         But also, when you're in an adversarial relationship

22 to -- with a lot of the parties, you don't want to lay out your

23 litigation strategy, and I'm not anticipating that anybody

24 expects you to do that.

25         But you're wearing more than one hat here, you know.

1  You're also a fiduciary for the creditors, and they're entitled

2  to certain information, even if they're defendants.

3        MR. TONER:    And the Trustee is, in addition to

4  what's going on in Court, the Trustee is approaching the point

5  where we could discuss an arrangement where we want to start

6  negotiating with the bank and meeting with trade groups about

7  some things that might simplify what's going on here.  It's

8  preliminary, but there may be a proposal coming soon.

9        THE COURT:    All right.  Mr. Levin.

10        MR. LEVIN:    Thank you, Your Honor.  And I'll just

11  take a second.  Part of the problem that arises is that in

12  pleadings that need to be filed at sometime, there might be

13  actions against Fifth Third.   We don't now what the Trustee is

14  doing relative to Fifth Third.  We don't know if they have a

15  cause of action.  We don't know if they are preparing a cause

16  of action.  We don't know if they are not going to bring a

17  cause of action because there's no money to bring a cause of

18  action, but it's putting all the creditors kind of in a hole

19  until we know what's going on with them; and they won't at this

20  point share any of that information.

21        So I think there has to come a period of time when

22  the Trustee needs to sit down with creditors and tell us what's

23  going on with Fifth Third.

24        THE COURT:    Well, I think that's true.  I don't know

25  if that's -- if we're at that time yet; but I do think

# EXHIBIT B

1  helpful to have a couple weeks (unclear) to file a (unclear)

2              THE COURT:  You can have until January the 3rd.

3              MS. YATES:  Thank you, Your Honor.

4              UNIDENTIFIED FEMALE:  That's for anyone, Your Honor?

5              THE COURT:  Anyone that wants to file that, a

6  surreply to that reply by the Trustee on its motion for

7  summary judgment.  Mr. Rogers.

8              MR. ROGERS:  If I may, Your Honor.  On the general

9  subject of disclosure and information, I know one thing that's

10  come up on a number of occasions that I would request on

11  behalf of Superior relates to the Trustee's budgets.

12              There's been a lot of discussion about what, what

13  has occurred and what has not occurred and what role Fifth

14  Third played in it.  We of course don't know anything other

15  than what we could glean from the time records.  And I know

16  the Court has on occasion indicated surely there's something

17  in there they could give us.  We received nothing in that

18  regard.

19              We also requested the preliminary report from Hoover

20  Hull (unclear).  We never received any answer to that request,

21  whether we can see it or not see it.

22              MS. HALL:  Your Honor, just briefly.  In the second

23  Trustee's status update conference call with all the creditors

24  that we had right before this hearing, we -- I admit, we did

25  not disclose the budget.  And I think a couple hearings ago we

1  said we would without litigation, disclosure in there.  And I

2  told everybody that we would do that.  So we will get that on

3  the blog today.  As to the preliminary report  Mr. Rogers

4  wasn't at the meeting, so maybe he doesn't remember, but I

5  don't know that.

6          MR. ROGERS:  I was not there.  But certainly in

7  responding to the fee applications, information like that

8  would be helpful.

9          THE COURT:  All right.  I want to move through, I

10  want to move through the agenda now.  All right, this is it.

11          MR. LaTOUR:  I just want to give you a hopeful fact,

12  Your Honor.

13          THE COURT:  Go ahead.

14          MR. LaTOUR:  Third Bank did not veto any action

15  taken by or contemplated by the Trustee on the basis of the

16  budget.  There was no action taken with respect to the budget.

17  So the budget is not going to be very insightful to prove the

18  point that Fifth Third's running the case because we had no

19  input at all on it.

20          THE COURT:  All right.  Look, I'm not -- well, I'm

21  not going to get into that because I already made this way too

22  freewheeling already.  But maybe it's been helpful to a

23  certain extent.

24          All right, let's move through the matters on the

25  agenda.  The -- under continued matters, matter (1)(a) is the