UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION


IN RE:                          .     Case No. 10-93904-BHL-11
                                .
                                .
EASTERN LIVESTOCK CO., LLC,     .     110 U.S. Courthouse
                                .     121 West Spring Street
                                .     New Albany, IN 47150
                                .
                       Debtor.  .     January 13, 2012
. . . . . . . . . . . . . . .   .     10:12 a.m.


 TRANSCRIPT OF MOTION TO APPROVE AN INFORMAL AD HOC COMMITTEE
   AND APPLICATION TO EMPLOY PHILLIP L. KUNKEL AS MEDIATOR
             BEFORE HONORABLE BASIL H. LORCH, III
             UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For Your Community          Reed, Weitkamp, Schell & Vice, PLLC
Bank:                       By:  MICHAEL WAYNE OYLER, ESQ.
                            500 West Jefferson St., #2400
                            Louisville, KY 40202-2856

For Superior Livestock:  By:  STEVE BRAND, ESQ.



TELEPHONIC APPEARANCES:

For James A. Knauer:        Faegre, Baker, Daniels, LLP
                            By:  TERRY E. HALL, ESQ.
                                 KEVIN M. TONER, ESQ.
                            300 N. Meridian St., Suite 2700
                            Indianapolis, IN 46204-1750



Audio Operator:             Amy Bruckert

Proceedings recorded by electronic sound recording, transcript
             produced by transcription service
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311   Fax No. (609) 587-3599**

TELEPHONIC APPEARANCES (Cont'd.):

For the U.S. Trustee:      Office of the U.S. Trustee
                           By:  CHARLES R. WHARTON, ESQ.
                           101 West Ohio Street, Suite 1000
                           Indianapolis, IN 46204

For Fifth Third Bank:      Vorys, Sater, Seymour and Pease, LLP
                           By:  RANDALL D. LaTOUR, ESQ.
                           52 East Gay Street, P.O. Box 1008
                           Columbus, OH 43216-1008

For Peoples Bank &         Foley, Bryant, Holloway & Raluy, PLLC
Trust:                     By:  LISA KOCH BRYANT, ESQ.
                                ANTHONY G. RALUY, ESQ.
                           500 West Jefferson St., Suite 2450
                           Louisville, KY 40202-2812

For Phillip Taylor Reed,   Bingham, Greenebaum, Doll, LLP
et al:                     By:  JOHN W. AMES, ESQ.
                           3500 National City Tower
                           101 South Fifth Street
                           Louisville, KY 40202

For Alton Darnell, et      DelCotto Law Group, PLLC
al:                        By:  LAURA DAY DELCOTTO, ESQ.
                           200 North Upper Street
                           Lexington, KY 40507-1017

For Joplin and Superior:   Rubin & Levin, P.C.
                           By:  JOHN M. ROGERS, ESQ.
                           500 Marott Center
                           342 Massachusetts Avenue
                           Indianapolis, IN 46204-2161

For Friona:                Sprouse, Shrader, Smith, PC
                           By:  JOHN FREDERICK MASSOUH, ESQ.
                           701 South Taylor, Suite 500
                           Amarillo, TX 79101

For First Bank:            Faruki, Ireland & Cox, P.L.L.
                           By:  DANIEL J. DONNELLON, ESQ.
                           201 East Fifth Street, Suite 1420
                           Cincinnati, OH 45202

For Arcadia, et al:        Walter Scott Newbern, III
                           By:  W. SCOTT NEWBERN, PL
                           2982 East Gevemy
                           Tallahassee, FL 32309

**WWW.JJCOURT.COM**

TELEPHONIC APPEARANCES (Cont'd.):

For First Bank:              Ayres, Carr & Sullivan, P.C.
                             By:  JOHN R. CARR, III, ESQ.
                             251 East Ohio Street, Suite 500
                             Indianapolis, IN 46204-2184

For Rex Elmore:              Stuart & Branigin, LLP
                             By:  JASON W. COTTRELL, ESQ.
                             300 Main Street, Suite 900
                             P.O. Box 1010
                             Lafayette, IN 47901-1344

For CPC Livestock:           Snell & Wilmer, LLP
                             By:  JESSICA E. YATES, ESQ.
                             1200 Seventeenth St., Suite 1900
                             Denver, CO 80202-5854

For Bank First and           Redman Ludwig, PC
Eric Strickland:             By:  ERIC C. REDMAN, ESQ.
                             151 North Delaware Street, Suite 1106
                             Indianapolis, IN 46204-2573

For Kathryn Pry:             Dale & Eke
                             By:  DEBORAH CARUSO, ESQ.
                             9100 Keystone Crossing, Suite 400
                             Indianapolis, IN 46240-2159

For Agribees:                Givens Pursley, LLP
                             By:  KELLY GREENE McCONNELL, ESQ.
                             601 West Bannock Street
                             Boise, ID 83702

                             Lloyd & McDaniel, PLC
                             By:  ANDREW D. STOSBERG, ESQ.
                             11405 Park Road, Suite 200
                             P.O. Box 23200
                             Louisville, KY 40223-2427

For the Mediator:            Gray, Plant, Mooty
                             By:  PHIL KUNKEL, ESQ.
                             1010 W. St. Germain, Suite 500
                             St. Cloud, MN 56301

For Peoples Bank:            Moye White, LLP
                             By:  DARLA J. GABBITAF, ESQ.
                             16 Market Square, 6th Floor
                             1400 16th Street
                             Denver, CO 80202-1486

**WWW.JJCOURT.COM**

4

1        (Difficult to discern telephone participants)

2        THE COURT:  All right.  We're on the record in

3  Eastern Livestock.  I have a list of the appearances by phone.

4  Would the attorneys in the courtroom state the appearances,

5  please?

6        MR. OYLER:  Mike Oyler, Your Community Bank.

7        MR. BRAND:  Steve Brand, Superior Livestock.

8        THE COURT:  We have a proposed agenda that we're

9  working from.  I would ask all attorneys who are appearing by

10  phone to -- and in the courtroom -- to state your name before

11  you speak so that we can have a clear record.  And, as always,

12  if you put us on hold -- don't put us on hold especially if

13  your phone plays music.  And it's helpful if you keep your

14  phone on mute until you speak.

15        Who wants to take me through the agenda?

16        MS. HALL:  This is Terry Hall, Your Honor, for the

17  trustee and short of (indiscernible) I'm happy to start today.

18        THE COURT:  All right.

19        MS. HALL:  We would move down to Item Roman Numeral

20  II the matter of the employment application filed by the

21  trustee to employ Phillip L. Kunkel as a mediator in these

22  proceedings, and Mr. Kunkel is on the line.  The application

23  was filed on January 3rd.  No objections have been received --

24  have been filed or received by the trustee, and we'd ask that

25  the application be approved.

1    THE COURT:  Anyone else want to be heard on that

2  matter?

3                     (No audible response)

4    THE COURT:  I'll show that that application is

5  approved.

6    MS. HALL:  The next item, Your Honor, is an adversary

7  proceeding which is the Superior Livestock Auction versus

8  Eastern Livestock.  At this point there was simply I think a

9  suggestion at the last hearing that the parties may want to

10  address a briefing and argument schedule on Fifth Third's

11  motion.  I believe Mr. LaTour is on the line.

12    MR. LATOUR:  Yes, Your Honor, this is Randall LaTour.

13  I am on the line.

14    THE COURT:  All right.

15    MS. HALL:  And I believe (indiscernible) is on the

16  line and I believe somebody for Superior is in the courtroom.

17    MR. ROGERS:  Also, John Rogers is on the line for

18  Superior.

19    THE COURT:  All right.  And so -- well I thought the

20  briefing schedule was already -- oh, no, is that the one we

21  held?  Yes, we delayed the briefing schedule pending the

22  briefing in the other matters, didn't we?

23    MR. LATOUR:  Your Honor, this is Randall LaTour from

24  Fifth Third.  What your order actually says is that you grant

25  the order -- or grant the motion of Superior.  Accordingly all

1 deadlines for briefing and arguments are tolled until further

2 order of the Court.  The parties may address the briefing

3 argument schedule related to Fifth Third's motion at the

4 omnibus hearing on January 13.  So, you have it on hold and

5 apparently invited comment today if somebody was so moved.

6          THE COURT:  Are you so moved?

7          MR. LATOUR:  I'm at the pleasure of the Court, Your

8 Honor.

9          THE COURT:  Well, you know, we're still -- I mean, I

10 don't know that I really care.  I'm not going to get to it

11 right away even if you start briefing it because I'm still in

12 the middle of the other matters that have been briefed.

13          MR. LATOUR:  Well, Your Honor, I've already briefed

14 mine and the other one is simply on -- you know, the response

15 is on hold.

16          THE COURT:  Right.

17          MR. ROGERS:  Your Honor, this is John Rogers.  I

18 actually filed the motion on behalf of Superior.  And of course

19 the main reason for doing it was the matters that have already

20 been briefed that are before the Court pretty much simplify or

21 perhaps moot the issues related to this motion (indiscernible)

22 So, the other pending motion and the fact that it doesn't

23 really make sense.

24          THE COURT:  All right.  I think what I'll do is, I'll

25 leave it as it is until the February 13th omnibus and I hope to

1  have some orders out before then which will maybe clarify

2  things or certainly advance matters to a certain degree.

3          MR. ROGERS:  Thank you, Your Honor.

4          THE COURT:  So, we'll leave that as it is until the

5  next omnibus which is on February 13th at 10 a.m.

6          All right.  Moving on.

7          MS. HALL:  The last item, Your Honor, is a related

8  case of Thomas and Patsy Gibson and it's a motion by Peoples

9  Bank & Trust with various objections by the trustee.  Mr. Raluy

10 is on the phone representing Peoples Bank & Trust.  And Mr.

11 Toner is here on the phone with me.  Our understanding is that

12 the parties have reached an agreement and will file an agreed

13 entry on this matter.

14         MR. RALUY:  Yes and no.  And this is Anthony Raluy,

15 Your Honor, and basically the trustee in the Gibson case and

16 ourselves and the other objector which is Fifth Third Bank all

17 have reached agreement on an agreed order.

18         There is one party missing and that's Mr. Gibson and

19 his bankruptcy counsel has informed us that they don't have an

20 objection to it, but he can't get authorization -- he can't get

21 a hold of this client to get authorization to sign the

22 agreement.

23         MS. CARUSO:  Excuse me.  Debbie Caruso.  We're in the

24 adversary proceeding that's pending in the Gibson case.  Mr.

25 Gibson is being deposed next week.  Perhaps you could show up

1  and make a record that he has no objection to the agreed entry.

2           MR. RALUY:  I suppose we can do that.

3           THE COURT:  All right.  Well, then why don't you just

4  let us know after that takes place, if in fact that is what

5  took place.

6           MR. RALUY:  Okay.

7           MR. TONER:  This is Kevin Toner, Your Honor.

8  Assuming the status moves over, this will eliminate the need

9  for that February 1st trial.

10          THE COURT:  Okay.  Right.  That's what I was

11  assuming, but I'm glad you made that clear.

12          MR. TONER:  Yes, Your Honor.  If you have a minute I

13  was going to inform the Court that we have settled the stay

14  relief and the trial on February 1st in the Eastern case, as

15  well.

16          THE COURT:  Okay.  Very good.  That was the one with

17  the bank from Kentucky, is that right?

18          MR. TONER:  Tennessee, Your Honor.

19          THE COURT:  Oh, Tennessee.  One of those southern

20  states.

21          MR. TONER:  Yes.

22          THE COURT:  All right.  Okay.

23          MR. RALUY:  Your Honor, Mr. Toner and I are going to

24  be filing a motion to approve the settlement.  But, the terms

25  that we've reached basically involve the 363 sale of the

1  property, the estate will receive 20 percent of the net sale

2  proceeds and the bank will receive 80 percent of the proceeds.

3          THE COURT:  All right.

4          CALL OPERATOR:  Joining the meeting.

5          MS. BRYANT:  Lisa Bryant here.

6          THE COURT:  I think that was -- I think we just

7  talked about Ms. Bryant's -- isn't she Peoples Bank?

8          MR. RALUY:  Yes, Your Honor.

9          MS. BRYANT:  Good morning, Your Honor.  I'm sorry I

10  -- Mr. (indiscernible) probably told you I had a doctor's

11  appointment.

12          THE COURT:  Well, I was just being told that that

13  matter is settled.  There is a detail of getting Mr. Gibson's

14  consent that's still hanging, and they're going to ask him

15  about that at the deposition next week.

16          MS. BRYANT:  I'm sorry.  What was that, Your Honor?

17          THE COURT:  The parties were just reporting that the

18  matter is settled, but they have not been able to get explicit

19  authority from Mr. Gibson to sign off, but that at his

20  deposition next week they're going to ask him if he consents to

21  the settlement.

22          MS. BRYANT:  Is this on the agreed entry on stay from

23  relief on abandonment?

24          THE COURT:  Yes.

25          MR. TONER:  Yes.

1    MS. BRYANT:  Fred -- is Fred Simon appearing today?

2    THE COURT:  No.

3    MS. BRYANT:  Your Honor, I did get an e-mail from

4 Fred last night stating that even though he hasn't been able to

5 get in touch with the Gibsons, he was not aware of any

6 objections that they could raise.  So, he told me I was

7 authorized to tell you that and if you wanted to go ahead and

8 approve the agreed entry without Fred's signature, Debbie

9 Caruso has authorized me to sign, Ted King has authorized me to

10 sign.

11    So, Fred said he would -- you know, he had no

12 objection to you entering the -- approving the agreed entry

13 without his signature if the Court is okay with that.

14    MR. LATOUR:  Your Honor, this is Randall LaTour from

15 Fifth Third.  We may be talking about two separate motions,

16 both involving Peoples Bank.  There is an adversary proceeding

17 in the Eastern case involving Peoples Bank.

18    THE COURT:  Right.

19    MR. LATOUR:  There's a separate motion for relief

20 from stay on abandonment in the Gibson case regarding different

21 property.  There is an agreed order in each of those instances.

22    THE COURT:  Right.  No, I'm aware of that.  At this

23 particular moment I was addressing the Gibson case because as I

24 understood it that's the one that a moment ago, Ms. Caruso, you

25 indicated that you were going to try to get Mr. Gibson's

1  consent on the record at his deposition, is that correct?

2  MS. CARUSO:  Yeah, I would be happy to ask.  Although

3  the deposition that has been noted in the adversary pending in

4  the Gibson case relateding to other properties, I would be

5  happy to question Mr. Gibson with respect to his consent to the

6  agreed entry we're discussing right now.

7  THE COURT:  All right.  Well, I mean, let -- from the

8  Court's standpoint, if the parties are satisfied with the

9  agreed entry I'll approve it.  The -- you know, I don't know

10 that -- I mean I think Mr. Gibson -- the trustee can sign on

11 behalf of Mr. Gibson, can't they?

12 MS. CARUSO:  I think you're right on that, Your

13 Honor.  And in light of Ms. Bryant's appearance and

14 presentation to the Court regarding her discussions with Mr.

15 Simon, I do think that it would be appropriate.

16 THE COURT:  All right.  Well get me the entry and an

17 order approving and I'll sign an order approving.

18 MS. BRYANT:  All right.  Thank you all very much.

19 THE COURT:  All right.

20 MS. CARUSO:  Late, but very helpful.

21 THE COURT:  Okay.  In Eastern a couple things that

22 are not on the agenda and maybe you can status me on these

23 matters.  What about this Rush Creek Ranch adversary?

24 MR. NEWBERN:  Your Honor, this is Scott Newbern.

25 THE COURT:  Yes?

1      MR. NEWBERN:  I represent one of the defendants in

2 that matter.  It is being consolidated with another matter that

3 is before the Court involving a payment into the court,

4 directly into the -- under the fund by a Lynn Miller.

5      Along with several other matters, I'm drafting the

6 motion today and I will hopefully get counsel's approval and

7 we'll file a stipulated motion for the consolidation.  That's

8 what we talked about, and the holidays interfered with getting

9 it done.

10      THE COURT:  Okay.  That's fine.  I'll be looking for

11 that.  Then also in Eastern we had an objection, a supplemental

12 objection to the purchase money claims report filed by

13 Hillard-McKettrick, et cetera.

14      MR. NEWBERN:  That's me, Your Honor, again Scott

15 Newbern.

16      THE COURT:  Yes.

17      MR. NEWBERN:  The objection basically asks for the

18 Court to look at the role in which Eastern acted as a means of

19 narrowing the activity before the Court making rulings on what

20 happens if Eastern acts as a broker, what happens when Eastern

21 acts for their own account, what happens when Eastern acts as a

22 clearing agency.

23      I haven't done anything with that motion, Your Honor,

24 because I got the feeling from the last hearing that the Court

25 was going in a different direction.

1          THE COURT:  All right.

2          MR. NEWBERN:  I'm happy to refile it or, you know,

3  ask the Court to address it.  There have been no responses that

4  I know of.

5          THE COURT:  Well, that's what was brought to my

6  attention that it's just kind of hanging there.  I think I'll

7  status that for February also and see if -- I mean, you may

8  want to refine, or amend that or abandon it depending on the

9  orders that are issued prior to February 13th.

10          MR. NEWBERN:  All right.  Very well, Your Honor.

11  Thank you.

12          THE COURT:  And then I believe also in Eastern in

13  Friona I have a motion pursuant to Rule 56(d) to defer

14  consideration or ruling upon the summary judgment motion until

15  necessary discovery is completed.  So, I do think we need to

16  address that because that's one of the two orders that we're

17  working on.

18          MS. GABBITAF:  Yes, Your Honor, this is Darla

19  Gabbitaf on behalf of Peoples Bank from Coldwater, Kansas.  I

20  believe that's our motion for summary judgment that we're

21  discussing and I --

22          MR. TONER:  I don't think -- this is Kevin Toner.

23  I'm not sure that's right.

24          THE COURT:  No, it's the --

25          MS. GABBITAS:  Oh, my apologies then.  My apologies.

1          THE COURT:  It's the Friona.  I think it's the

2  trustee's motion that we're talking about, isn't it, Mr. Toner?

3          MR. TONER:  Yes, I think it was about the response of

4  the trustee's summary judgment motion.

5          THE COURT:  Right.

6          MR. TONER:  If you'd like the trustee to get the

7  response I would be happy to do that.  As you know, the motion

8  presents (indiscernible) the matters of law, but we'd be happy

9  to lay that out in short (indiscernible).

10          THE COURT:  All right.  I think Ms. Delcotto filed

11  that.  I don't know if she's on or not.

12          MS. DELCOTTO:  Your Honor, I am on and I don't know

13  how to address that today.  I have begun to address with the

14  trustee for instance and some of the discovery we're starting

15  to see, clearly there are documents that are material to the

16  statutory trust issue that perhaps the trustee did not know

17  about before he filed his motion.

18          So, I'm just -- this is more confusion, ongoing

19  confusion, on my part of the scope of some of these motions for

20  partial summary judgment.  I mean, I do think the Court, as we

21  discussed last time, can rule on this issue of whether

22  (indiscernible) is an absolute bar, regardless of any evidence

23  at all.

24          But, when we start saying -- when we start going

25  beyond that, then I guess I'm saying we're just now in the

1 midst of this discovery protocol and no discovery has really

2 been done. And we're starting to actually see documents that

3 are very relevant and I think for them questions of fact.

4       THE COURT: So is basically what you're saying -- I

5 mean, I looked through this and it did look to me like when you

6 start listing some of the issues of material fact -- first of

7 all, I think what you just said is something that I stated last

8 time and I agree with is that if you find that -- I mean, if I

9 find that a constructive trust -- there can be no constructive

10 trust then that ends the inquiry as a matter of law. If I find

11 that a constructive trust can exist, it's fact sensitive and

12 more discovery is needed. Is that what you're saying?

13       MS. DELCOTTO: Yes, Your Honor, and it's basically

14 the same on a statutory trust.

15       THE COURT: All right. Now some of the things that

16 you seem to raise though as to the status of Fifth Third, their

17 actions in resulting the return to maker checks and all that, I

18 mean it seemed to me like that's kind of outside the scope of

19 this particular question.

20       I mean, it might go to a later claim that they're --

21 they should be equitably subordinated or whatever, but it

22 doesn't seem to -- it didn't seem to me at first glance that it

23 was necessarily relevant to the pending motion.

24       MS. DELCOTTO: One of the -- we believe the trustee

25 is saying two things. They're saying you can just never have

1  one period as a matter of law in bankruptcy.

2          THE COURT:  Right.

3          MS. DELCOTTO:  And they also say, well, there's

4  another tool which says look at the effect and the unjust

5  enrichment and look at some other things and by saying what

6  Fifth Third knew and when they knew it is directly relevant to

7  whether someone is going to be unjustly enriched.

8          MR. LATOUR:  Your Honor --

9          THE COURT:  Well, let me -- before we get into a long

10  discussion of this, let me say this.  I'm already far enough

11  into this to say that if I rule that there can be a

12  constructive trust, I understand that there's going to have to

13  be further discovery on the particularized circumstances.

14          So, I think, you know, when I issue an order it's

15  either going to say no that you can't have a constructive

16  trust, or under these circumstances you can't have a

17  constructive trust or we're going to have to have further

18  proceedings to determine whether or not such a constructive

19  trust could apply under these circumstances.

20          So, I don't know if that helps your anxiety or not,

21  but I --

22          MS. DELCOTTO:  I think you understand what I'm

23  saying, Your Honor, and I'm willing to I guess take my chances

24  on what these rulings are going to say for now.  But, I just

25  want to make sure you understand that there has been very

1   little discovery done in this case.

2          THE COURT:  All right.

3          MR. TONER:  Your Honor, this is Kevin Toner.  I hate

4   to leave the statutory trust comment just hanging because I

5   just didn't comment on it a few seconds ago.  The trustee's

6   position is that because there are no pre-petition judgments,

7   as a matter of law that doesn't happen.

8          Specifically on our summary judgment motion as far as

9   the need for discovery, if these parties in the Friona case

10  have evidence about the trustee's -- I'm sorry -- about

11  Eastern's status, if they're in the possession of evidence,

12  their clients know those transactions and none of them

13  responded to this particular (indiscernible) responses to date,

14  really comes back on the summary judgment motion as to that.

15         So that would be our written response to the points

16  she's making in the motion you've raised just now.  If you'd

17  like us to lay that out in writing we'd be happy to.

18         THE COURT:  I don't --

19         MS. DELCOTTO:  Judge, I would just say you haven't

20  really told us yet whether you're ruling on the statutory trust

21  motion or whether that's just one that's going to sit there a

22  little while longer.

23         I think some of the evidence that's beginning to come

24  out in Fifth Third's possession specifically is (indiscernible)

25  that talk about packers and stockyards and its implications.

1 And I don't want to get into a big argument, but there are

2 clearly (indiscernible) that begin to talk about Packers and

3 Stockyards Act.

4          I don't know whether the trustee had that before he

5 filed to say it's a matter of summary judgment, but I disagree

6 with that.

7          MR. LATOUR:  Your Honor, this is Randall LaTour for

8 Fifth Third.

9          First of all, the question of constructive trust or

10 statutory trusts are issues that go to whether a particular

11 fund is property of the bankruptcy estate or not.

12          What happens to that money after that determination

13 is still going to be subject to a lot of debate, I'm quite

14 sure.  And I think your earlier point that a lot of the

15 discussion really goes to that latter question and not to the

16 additional question whether it's the property of the estate or

17 not.

18          Whether the documents of Fifth Third's credit

19 agreements have anything to say about packers and stockyards

20 does not remotely change what the federal statute says.  The

21 federal statute makes clear that there is no statutory trust,

22 and that's been fully briefed by everybody.  So, there is no

23 need for discovery on the statutory trust that comes from

24 packers and stockyards.

25          MS. DELCOTTO:  I disagree, Your Honor, but I don't

1 know that now is when we need to be arguing about this.

2          MR. LATOUR:  Well, I certainly didn't expect the

3 issue to arise.  The agenda was to the contrary.

4          THE COURT:  All right.  Well, I've opened up the

5 agenda somewhat, but I'm going to -- I'm just going to continue

6 working on the motions that are in front of me.  To the extent

7 that that motion asks the Court to defer consideration, I'm

8 going to deny the motion.

9          I do think -- you know, I will help expedite

10 discovery with particularized motions and, you know, I'll

11 consider a request to file anything in addition that any party

12 puts forward.

13          I think we've just had recently a surreply in one of

14 these matters.  So, I'm not foreclosing other considerations,

15 but I'm not going to defer consideration because as I said last

16 time and I think the time before, I think it's time for the

17 Court to start issuing some orders and that's my intent within

18 the next few weeks.

19          MR. ROGERS:  Your Honor, very briefly.  This is John

20 Rogers.  If I could just briefly add one thing.  There are of

21 course a number of us who have framed arguments similar to the

22 one raised by Ms. Delcotto today regarding the need for

23 discovery and its bearing on the pending motion.  I think she's

24 kind of dealing with who filed the motion to defer

25 consideration, but certainly what she has indicated brings a

1  relevance onto the discovery matter (indiscernible) posture.

2          THE COURT:  Yes, I saw that there was -- some parties

3  I think joined her motion.

4          All right.  Anything else today?

5          MR. TONER:  Your Honor, this is Kevin Toner again.  I

6  can report that on the Okie matter and the Cattlemen's

7  transaction, $3 million was declared last week and that has

8  been wrapped up.

9          THE COURT:  Yes, I was told that.  That's good.

10         MR. TONER:  Okay.

11         THE COURT:  Anything else?

12         MS. BRYANT:  Your Honor, this is Lisa Bryant again,

13 and again I do apologize that I got here late.  But, I don't

14 know if Debbie Caruso brought this up earlier, but I'm hearing

15 that Debbie wants to file a report of sale with regard to the

16 Pfrimmers Road property and the other property that she

17 auctioned.

18         And I did review her proposed report of sale and her

19 tendered order of what my client (indiscernible) on the

20 Pfrimmers property.  And I have been authorized by my client to

21 advise the Court that we have no legal basis to object.  We

22 hate that it's happening, but we have no legal basis to object

23 to Debbie's report of sales and tendered order of

24 (indiscernible) on the Pfrimmers property.

25         THE COURT:  All right.

1      MS. CARUSO:  Thank you.  I appreciate that.  I don't
2  believe -- I haven't filed it yet, Lisa --
3      MS. BRYANT:  I think (indiscernible) --
4      MS. CARUSO:  He did?
5      MS. BRYANT:  -- take a look at it and --
6      MS. CARUSO:  Good.
7      MS. BRYANT:  -- (indiscernible).
8      MS. CARUSO:  And I appreciate that.  Your Honor, we
9  did complete an auction of some real estate in the Gibson case
10 and received somewhere over $200,000 from that sale, and now
11 that is free and clear based on Ms. Bryant's representation on
12 consent to the avoidance.  So we'll be filing that, Lisa, and,
13 Your Honor, sometime today or tomorrow.
14     THE COURT:  All right.  Very good.  Thank you.
15 Anything else from anyone?  All right.  We're adjourned.
16     THE ATTORNEYS:  Thank you.
17                    *  *  *  *  *
18
19
20
21
22
23
24
25

**C E R T I F I C A T I O N**

       I, JANET D. PERSONS, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.


/s/ Janet D. Persons

JANET D. PERSONS

J&J COURT TRANSCRIBERS, INC.    DATE:  January 17, 2012