## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |
| RUSH CREEK RANCH, LLLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK COMPANY, LLC, ARCADIA STOCKYARD, CATTLEMEN'S LIVESTOCK MARKET, COLUMBIA LIVESTOCK MARKET OF LAKE CITY, INC., HARDEE LIVESTOCK MARKET, INC., NORTH FLORIDA LIVESTOCK MARKET, OCALA LIVESTOCK MARKET, INC., OKEECHOBEE LIVESTOCK MARKET, SUMTER COUNTY FARMER'S MARKET, INC., TOWNSEND LIVESTOCK MARKET, FIFTH THIRD BANK, JAMES BYRD, a/k/a I.E. BYRD, OAK LAKE CATTLE COMPANY, INC., D&R TRUCKING, RON SIZEMORE TRUCKING, INC., BANKS 1-25, and DOES 25-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FLORIDA CREDITORS RULE 7042 MOTION TO CONSOLIDATE**

COMES NOW Defendants Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc.

("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and pursuant to Rule 7042, Fed. R. Bankr. P., moves this Court to consolidate the into the above adversary proceeding all matters involving the unpaid livestock sales from Florida based livestock auction markets purchased by I.E. "Jim" Byrd as Order Buyer for, in addition to Rush Creek Ranch, LLLP ('Rush Creek"), the following purchasers during the period from approximately October 10, 2010 to November 10, 2010: Len Miller, D. R. Daniels, Tommy Berend, Jacob Larson, and Tom Hermann and in support the Florida Creditors state as follows:

1. Rule 7042, which applies Rule 42(a), Fed. R. Civ. P., to adversary proceedings within bankruptcy, allows this court to consolidate for hearing or trial actions involving common questions of law or fact and to issue any other orders to avoid the unnecessary cost or delay of separate proceedings.

2. The matters sought to be consolidated involve exclusively the unpaid purchases of livestock from the Florida livestock auction markets and related issues of unpaid hauling fees, commissions and yardage. All parties to the transactions in question were and are fully subject to the terms and conditions the Packers and Stockyards Act of 1921, 7 U.S.C. §§181 et seq. ("Stockyards Act") and governing regulations, 9 C.F.R. §201 et seq. The main issues for consolidated consideration by the Court involve in large part the Parties' respective rights and interests in transactions governed by the Stockyards Act.

*Common Questions Of Fact*

3. The common matters for which this Motion applies are unpaid amounts due on livestock purchases made in Florida: (1) Florida livestock auction market Claims Nos. 191, 192, 193, 194, 195, 196, 197, 198, and 199 that seek recovery and distribution of the $178,233.29 amount interplead by Rush Creek Ranch, LLC with the Wisconsin state court (Vernon Cty., WI,

2

Cir. Ct. Case No. 10-cv-317); (2) Florida livestock auction market Claims Nos. 181, 182, 183, 184, 185, and 186 that seek recovery and distribution of the $148,432.14 amount paid into the Trustee by Len Miller ("Miller") as a purchase money; (3) a related Claim No. 190 for unpaid trucking services from the Florida auction markets to the buyers' premises or designated locations; AND (4) related claims for Order Buyer commissions, account reconciliation, and other services rendered by Oak Lake Cattle Co., Inc., Eagle Bay, Inc., and Daniel Byrd, Claims Nos. 187, 188, and 189.

4. In each of the transactions represented by the above numbered claims, I.E. "Jim" Byrd or Daniel Byrd acting through Oak Lake Cattle Co., Inc. served as "Order Buyers"[1] on a commission basis for Rush Creek and Len Miller.

5. In each of the transactions represented by the above numbered claims, Debtor Eastern acted as "Clearing Agency" pursuant to the Stockyards Act and regulations for Oak Lake as "clearee."[2]

6. Additionally, the Trustee has asserted amounts due on receivables from cattle buyers D. R. Daniels, Tommy Berend, Jacob Larson, and Tom Hermann, among others. These "receivables" are disputed by the Florida Creditors since the transactions were voided by the Florida markets following non-payment by Debtor Eastern in breach of the purchase terms at auction and in violation of the Stockyards Act and governing regulations. This non-payment

---

[1] "Order Buyer" is a term of art and common practice in the cattle industry referring to a "Market Agency," as defined under the Stockyards Act, that buys cattle on commission for others. 7 U.S.C. §201(c).

[2] Oak Lake Cattle Co., Inc. a/k/a Oaklake Cattle Co., Inc. appears as one of thirteen "Clearees of Eastern Livestock Co., LLC" as of January 27, 2005 on Surety Bond No. 785636, effective April 26, 2002 and issued by Capitol Indemnity Corporation. See 9 C.F.R. §§201.10(d); 201.29(c); 201.30(c); 201.31(c).

occurred after the cattle had been shipped to the buyer's facilities, and, consequently, payment for cattle delivered to and in possession of the buyer was rendered directly to the Florida auction markets through the buyers' Order Buyer, Oak Lake.

7.      Finally, Fifth Third Bank claims rights to the Rush Creek and Miller funds based on its asserted priority lien on all assets of Debtor Eastern. On information and belief, the Trustee supports this view, although he has yet to come forward with evidence or law beyond what has been described as a "colorable claim."

### *Common Questions Of Law*

8.      The common questions of law sought by this Motion for consolidated consideration center around the rights and interests of the claimants to the interpled Rush Creek and purchase money Miller funds when Debtor Eastern acted as "Clearing Agency" for the transactions in question with Oak Lake acting as Order Buyer and "clearee." The Florida Creditors assert that under these circumstances the funds in question, except when Eastern actually rendered payment, are not part of the bankruptcy estate, are not subject to title interests of the Debtor, and thus not subject to lien by Fifth Third Bank.[3]

9.      The Trustee and presumably Fifth Third Bank have taken the contrary view that Eastern acted solely as a "Dealer" under the Stockyards Act, buying and selling for its own account and that the interpled and purchase money funds are estate property and subject to Fifth Third Bank's asserted priority lien.

10.     As noted previously to the Court, at all times Debtor Eastern's activities in the cattle business were governed by the Stockyards Act and regulations and the same can be said

---

[3]    At most the Florida Creditors assert that Eastern may be entitled to a "clearing" commission at $.50 per 100 lbs. wt. of livestock bought and sold but since Eastern did not actually clear the transactions and render payment, the Florida Creditors contest this also.

4

for the activities of most of the parties with whom Debtor transacted business. As such Debtor Eastern was required to carry a surety bond naming it as principal. The Stockyards Act and regulations authorize three (3) capacities in which Debtor Eastern is alleged to have engaged by one or more of the claimants and parties in these bankruptcy proceedings:[4]

    (i)    "Market Agency," where Debtor bought or sold livestock on a commission basis or furnished stockyard services for others (7 U.S.C. §201(c));

    (ii)    "Dealer," where Debtor bought and sold livestock on its own account or as employee or agent of the purchaser (7 U.S.C. §201(d)); and

    (iii)    "Clearing Agency" where Debtor on a commission basis "cleared" the transactions for others that acted as the "Market Agency" or "Dealer" and was responsible for safekeeping and proper disbursement of funds received in payment of the livestock purchased for accounts of these other Market Agencies or Dealers (9 C.F.R. §201.31(c)).

11.    Finally, the extent to which the Court finds one or more of these capacities applies may also give rise to additional assertions such as "constructive trust" which is pending as a threshold matter before the Court and "equitable subordination" which has yet to be fully briefed and considered. There are also issues that may arise regarding provisions of: (i) the Uniform Commercial Code ("UCC"); (ii) the Bankruptcy Code and Bankruptcy Rules; and potentially

---

[4] The Stockyards Act and regulations certainly recognize other activities, including that of meat "Packer" which is not relevant to Eastern's activities in this matter. Including "Packer," 9 C.F.R. §201.31 identifies four (4) categories of activity termed "Condition Clause Nos. 1-4" in which the surety bond principal or clearee engages:

*(a) Condition Clause No. 1: When the principal sells livestock for the accounts of others. . . .*
*(b) Condition Clause No. 2: When the principal buys livestock for his own account or for the accounts of others. . . .*
*(c) Condition Clause No. 3: When the principal clears other registrants buying livestock and thus is responsible for the obligations of such other registrants. . . .*
*(d) Condition Clause No. 4: When the principal buys livestock for his own account as a packer. . . .*

5

(iii) various other federal and state laws that could impact directly the rights and interests of the Debtor Eastern, Fifth Third Bank and the Florida creditors.

12. The Court's consolidated consideration of the common questions of fact and law outlined above should help greatly to resolve the competing claims surrounding the unpaid Florida livestock auction market purchases by Oak Lake as Order Buyer for Rush Creek and Miller, and others.

WHEREFORE the Florida Creditors request that Claims Nos. 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, and 199 for recovery of the Rush Creek Ranch, LLLP interplead funds, the Len Miller purchase money funds, and related claims for trucking, yardage, and commission be consolidated for consideration by this Court, together with Fifth Third Bank's assertion of lien rights and the Trustee's preference claims, if any, regarding D. R. Daniels, Tommy Berend, Jacob Larson, and Tom Hermann and such other related matter as may be brought before the Court in the interests of judicial economy and cost savings.

Respectfully submitted,

/s/ W. Scott Newbern,
W. Scott Newbern, PL
2982 East Gevemy
Tallahassee, FL 32309
Telephone: 850-591-1707
Facsimile: 850-894-0871
wsnewbern@msn.com

COUNSEL FOR FLORIDA LIVESTOCK
MARKETS AND CREDITORS

6

**CERTIFICATE OF CONFERENCE**

I hereby certify that via email exchange beginning on January 19, 2012 undersigned counsel conferred with counsel for the Trustee, Kevin M. Toner and counsel for Third Bank, Randall D. LaTour regarding the filing of the above Motion To Consolidate. Although unopposed to the consolidation, both the Trustee and Fifth Third Bank are OPPOSED to the filing of this Motion as drafted with respect to paragraphs 10 and 11.

*/s/ W. Scott Newbern*
W. SCOTT NEWBERN

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2012 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ W. Scott Newbern*
W. SCOTT NEWBERN