UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al.,[1] | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |

**TRUSTEE'S MOTION TO APPROVE CERTAIN PREFERENCE AVOIDANCE PROTOCOLS AND TERMS OF SETTLEMENT**

James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("ELC" or the "Debtor"), hereby files this motion seeking entry of an order in this chapter 11 case (the "Chapter 11 Case") approving certain preference avoidance and recovery protocols, including settlement authority, to facilitate fair and efficient resolution by settlement or adjudication of the Trade Preferences (as defined herein), reducing dissipation of estate assets, costs to Trade Preference Transferees (as defined herein), and resulting in a more equitable distribution (the " Motion"). In support of this Motion, the Trustee states as follows:

**Jurisdiction**

1.  Certain petitioning creditors commenced the Chapter 11 Case against ELC on December 6, 2010 ("ELC Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2.  On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102], approving the United

---

[1] The Debtor entities are Eastern Livestock Co., LLC and Okie Farms, L.L.C.

States Trustee's *Notice Of Appointment And Application For Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are Sections 105, 547 and 550 of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule B-9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Indiana (the "Local Bankruptcy Rules").

5. Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The preference recovery protocols as applied to the Trade Preferences (as defined herein) proposed by this Motion are expected to facilitate fair and efficient resolution by settlement or adjudication of the Trade Preferences, reducing dissipation of estate assets, costs to Trade Preference Transferees (as defined herein), and resulting in a more equitable distribution.

## Background

6. ELC's books and records indicate that in the 90-day period prior to the ELC Petition Date (September 7, 2010 through December 5, 2010, inclusive, hereafter, the "Preference Period"), ELC transferred directly from its accounts the aggregate sum of several hundred million dollars to no fewer than eight hundred fifty (850) transferees (collectively, the "Direct Transfers"). The Trustee also has determined that during the Preference Period to satisfy ELC antecedent debts, ELC caused property of ELC (largely payments on ELC accounts payable and for the purchase of cattle by ELC) to be transferred to certain ELC creditors, often through

third parties to whom ELC had diverted such money or property (collectively, the "Directed Transfers," together hereafter with the Direct Transfers, sometimes referred to as the "Transfers").

7. The transferees of the Transfers include statutory and non-statutory insiders of ELC under 11 U.S.C. §101(31) (collectively, the "Insiders"), Fifth Third Bank ("Fifth Third"), and unrelated, third party vendors or trade creditors of ELC (collectively, the "Trade Preference Transferees").  At this time, the Trustee seeks approval of the preference recovery protocols and settlement authority described herein only with respect to the prosecution and recovery of Transfers to Trade Preference Transferees (collectively, the "Trade Preferences," each a "Trade Preference Transfer"), not recovery of Transfers to Insiders or Fifth Third.

8. The Trustee has undertaken a review of the Trade Preferences based on data researched and compiled by Development Specialists, Inc. ("DSI") that indicates generally the date of each Trade Preference Transfer, the clearing date of each Trade Preference Transfer, terms applicable to each Trade Preference Transfer as reflected by ELC records, and the date(s) of delivery of the services or goods provided in connection each Trade Preference Transfer where identifiable.  Where available, the Trustee has also reviewed the form of contract or agreements between ELC and Trade Preference Transferees, as well as customary industry standards and applicable law that would govern any particular Trade Preference Transfer, e.g., Packers and Stockyards Act with respect to the terms of ELC's purchases of cattle.  The Trustee has further undertaken review of the proofs of claims filed in the Chapter 11 Case by each of the Trade Preference Transferees, as applicable. (Hereafter, the Trustee's undertakings as described in this paragraph 8 shall be referred to as the "Preliminary Preference Analyses").

3

9. The Preliminary Preference Analyses have permitted the Trustee in the vast majority of cases to determine estimates of the sums of the likely net preference exposure (the "<u>Estimated Net Exposure</u>"), if any, that each Trade Preference Transferee may have to the ELC Chapter 11 estate,[2] taking into account the Trustee's determination of any such Trade Preference Transferee's possible defenses under Section 547(c) of the Bankruptcy Code , e.g. chiefly, "contemporaneous exchange" under Section 547(c)(1), "ordinary course" under Section 547(c)(2) and "subsequent new value" under Section 547(c)(4). The Trustee's objectives in performing these Preliminary Preference Analyses and calculating the Estimated Net Exposures *prior to* sending any demand letters or filing any adversary proceedings to recover the Trade Preferences under Sections 547 and 550 of the Bankruptcy Code were to avoid (i) incurring sizable, potentially unnecessary litigation expenses on the part of the Chapter 11 estate, especially in the face of filing perhaps 800+ adversary proceedings; and (ii) burdening unnecessarily the Trade Preference Transferees with defending a preference adversary in those cases where prior analysis by the Trustee would indicate the likely Estimated Net Exposure of any such any Trade Preference Transferee to be zero ($0.00).

10. The Trustee's business judgment is that the ELC Chapter 11 estate ultimately stands to yield the greatest net recovery on account of the Trade Preferences, and will begin to recover avoidable preferential transfers sooner, if the Trustee is authorized to send demand letters to Trade Preference Transferees that have identified Estimated Net Exposure and, under the protections of Rule 408 of the Federal Rules of Evidence, offering to settle in the sum of each such Trade Preference Transferee's Estimated Net Exposure. Mindful of the costs of this potential litigation to not only the Chapter 11 estate, but the other parties as well, this

---

[2] The Preliminary Preference Analyses done by the Trustee to date are for approximately the top 250 largest Transferees in terms of dollars transferred during the Preference Period. The Trustee is in the process of continuing his analyses with respect to remaining Transferees.

approach avoids the more typical preference recovery scenario whereby the Trustee would send demand letters to literally hundreds Trade Preference Transferees demanding the return of the Trade Preferences to the ELC Chapter 11 estate in the aggregate or an arbitrary percentage of the Trade Preferences, followed by the seemingly inevitable commencement of hundreds of adversary proceedings to recover those same Trade Preferences where no settlement has been reached.  The efficiencies and cost savings the Trustee foresees by targeting demand letters and the potential litigation against those Trade Preference Transferees that have an Estimated Net Exposure using the guidelines which the Trustee and his counsel have developed are borne out by the results of the Preliminary Preference Analyses.  With respect to approximately the top 150 Trade Preference Transferees, fewer than approximately one-third are determined to have some sum of Estimated Net Exposure.

## RELIEF REQUESTED

### Summary of Relief

11.     The Trustee seeks authority to send demand letters under Rule 408 of the Federal Rules of Evidence to Trade Preference Transferees with Estimated Net Exposure proposing settlement in the amounts of the Estimated Net Exposure and, if agreed, settle in the amount of the Estimated Net Exposure, without further order of the Court.[3]  A copy of the form of demand letter is attached hereto as Exhibit A.

### Basis for Relief

12.     The Court has authority to approve settlement under Bankruptcy Rule 9019 so long as a settlement is in the best interests of the estate. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).  The Trustee believes settlement of Trade

---

[3]     The Trustee intends to send the demand letters in staggered "batches" to better manage his professionals time in responding, following up and taking action as warranted.

5

Preferences in the sums of the Estimated Net Exposures is in the best interest of the Debtor and this Chapter 11 estate. Settlement of Trade Preferences in the sums of the Estimated Net Exposures respectively will allow the Trustee to avoid incurring the costs of discovery and litigation, which could be substantial. Further, settlement allows the Trustee (and Trade Preference Transferees) to avoid the uncertainty which is attendant in any litigation. The Trustee is obligated to prudently determine whether to eliminate the risks and costs of litigation through settlement if augmenting the estate otherwise would involve protracted investigation or costly litigation, with no guarantee of success and collection. See *In re Mailman Steam Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir), *cert. denied*, 531 U.S. 8960, 120 S. Ct. 2661 (2000). Having undertaken the Preliminary Preference Analyses as the basis for determining estimates of the aggregate likely net recoveries to this Chapter 11 estate on account of the Trade Preferences, the Trustee views proposed settlement of the Trade Preferences in the sums of the Estimated Net Exposures to be efficient, fair and cost-effective, while insulating the Chapter 11 estate from otherwise potentially counter-productive costs of litigation and discovery.

    13.  Except as expressly provided herein, nothing proposed by this Motion shall compel, restrict or otherwise effect any of the Trustee's rights as provided under the Bankruptcy Code, including, but not limited to, (i) seeking to apply at a later date similar preference recovery procedures to settle or pursue recovery of transfers to Insiders (inclusive of the transfers for the one year "look back" under 11 U.S.C. § 547(b)(4)(B)) and Fifth Third, all of which transfers and related claims and causes of action are also under review by the Trustee, (ii) declining with respect to any Trade Preference Transferee to send a demand letter offering to settle in the sum of Trade Preference Transferee's Estimated Net Exposure if the Trustee's judgment is that settling for Estimated Net Exposure would not be in the best interests of the

6

Chapter 11 estate; (iii) seeking to recover Trade Preferences from those Trade Preference Transferees (or any other Transferees) that the Trustee does not presently plan to pursue under the terms of this Motion, if at a later date additional information is received or new facts emerge altering any conclusions under the Preliminary Preference Analyses, or (iv) pursuing pending or threatened litigation with various parties in interest where the Trustee's claims and causes of action include, but are not limited to, the potential avoidance of Transfers.

## No Prior Request

13.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Trustee requests that the Court enter an order (i) approving the preference recovery protocols described herein as applied to the Trade Preferences under the terms of this Motion, (ii) authorizing the Trustee to settle the Trade Preferences in the sums of the Estimated Net Exposure respectively; and (iii) granting the Trustee such other and further relief as the Court deems appropriate.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Wendy W. Ponader

Wendy Wright Ponader (#14633-49)   *Counsel for James A. Knauer, Chapter 11 Trustee*
600 E. 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

James M. Carr (#3128-49)
Kevin M. Toner (#11343-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@faegrebd.com
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
dustin.deneal@faegrebd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |

| | | |
|---|---|---|
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | Christopher E. Baker<br>cbaker@hklawfirm.com |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cmoore@bgdlegal.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Andrea L. Wasson<br>andreawassonatty@gmail.com | | |

I further certify that on January 25, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Wendy W. Ponader

9