Exhibit A

**WENDY W. PONADER**
Counsel
wendy.ponader@FaegreBD.com
**Direct** 1 317 569 4683

Faegre Baker Daniels LLP
600 East 96th Street ▼ Suite 600
Indianapolis ▼ Indiana 46240-3789
Phone **1 317 569 9600**
Fax **1 317 569 4800**

_____ \_\_, 2012

[Addressee]

Re:   In re Eastern Livestock Co., LLC
      Case No. 10-93904-BHL-11
      United States Bankruptcy Court, Southern District of Indiana, New Albany Division

Dear Madam/Sir:

This firm represents James A. Knauer, the chapter 11 bankruptcy trustee (the "Trustee") for Eastern Livestock Co., LLC ("Eastern").

You may be aware that federal bankruptcy law (the "Bankruptcy Code") contemplates that many types of payments made by companies prior to bankruptcy that occurred within 90 days before the bankruptcy filing can be recovered by a bankruptcy trustee. Such payments are generally described as "preferences." Eastern's bankruptcy was filed on December 6, 2010. The ninety (90) day period immediately prior to the filing of the case is September 7, 2010 through December 5, 2010 (the "Preference Period").

The fact that your company received a payment we have identified as a "preference" does not necessarily mean that you committed any wrongdoing, nor is any wrongdoing required to establish a preference. The fact that your company may have legitimately been paid for goods or services supplied to Eastern also is not necessarily a defense to a preference action. Preferential transfers that are recovered in Eastern's bankruptcy ultimately will be redistributed among all creditors in accordance with the Bankruptcy Code, including to those that are required to repay the preferences.

In this case, Eastern's records show payments to your company totaling $_____ (the "Payments") were made within the Preference Period. A schedule of the Payments is attached as Exhibit A. Because the Payments were made when Eastern was insolvent and otherwise meet

BDDB01 6754983v5

-2-                                                                 _____ ___, 2012

the criteria for establishing a preferential payment under the Bankruptcy Code, the Payments can be recovered by the Trustee on behalf of Eastern's bankruptcy estate.

In investigating the circumstances surrounding the Payments and the terms of the obligations owed by Eastern to your company, we considered that you may have certain defenses available to the recovery of the Payments by the Trustee. In assessing your possible defenses, the Trustee has made a number of assumptions favorable to you which will not necessarily be applicable if a suit is filed to recover the Payments.

In the interest of avoiding the costs and delays of litigation, the Trustee has authorized us to settle the amount of the preference claim against you in exchange for payment by _____ in the amount of $_____ (the "Settlement"). Upon your written acceptance of this demand, by (i) signing in the space provided below and returning a signed copy to us, and (ii) paying the Settlement in full, _____ [you] shall be released by the Trustee and the Eastern bankruptcy estate from all liability on account of any preferential transfers.

The original, executed copy of this demand letter and _____'s [your] payment check should be sent to the attention of Wendy W. Ponader, Esq., Faegre Baker Daniels LLP, 600 East 96th Street, Suite 600, Indianapolis, IN 46240-3788. All checks must be payable to "Faegre Baker Daniels Trust Account."

In the absence of a consensual settlement, the Trustee may file a lawsuit against you. Accordingly, if we do not receive payment or hear from you by _____, 2011, we may commence litigation against _____ [your company] [you] for the full amount of the preference payments we have identified. In that case, the amount claimed may be materially higher in that we will require you to prove the applicability of each of the favorable assumptions we made in determining the amount of the demand in this letter. We will also seek interest and costs of suit. In that regard, this offer of settlement is made pursuant to the provisions of Federal Rules of Evidence 408.

Finally, absent settlement, should discovery or further investigation reveal the existence of claims related to other or additional transfers, the Trustee will seek recovery for those "new" transfers as preferences or under other theories of recovery permitted by bankruptcy law.

If you have any questions respecting this matter, please contact me by telephone or in writing, with email being the preferred route of delivery for written correspondence (wendy.ponader@faegrebd.com). Thank you.

Very truly yours,


Wendy W. Ponader, Esq.

BDDB01 6754983v5

-3- _____ \_\_\_, 2012

WWP/sr:

**The foregoing settlement proposal is unconditionally accepted, and the required settlement payment is being paid in full contemporaneously herewith.**

**By:** _____

**Its authorized agent**

**Name:** _____

**Title/Representative Capacity:** _____

**Dated:** _____