UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO COMPEL TRUSTEE TO FILE MANDATORY REPORT REQUIRED BY 11 U.S.C. §1106(a), TO AMEND SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, AND PRODUCE BUDGETS**

Superior Livestock Auction, Inc. ("Superior"), a creditor in the above-captioned proceeding, by counsel, pursuant to 11 U.S.C. §§ 105(a), 704(a), and 1106(a), respectfully moves the Court enter an Order (1) compelling the Trustee to promptly file the report required by §1106(a)(4) of the Bankruptcy Code; (2) compelling the Trustee to produce operating budgets, on a periodic basis, to Superior and other parties in interest requesting same; and (3) compelling the Trustee to amend the schedules of assets and liabilities and statements of financial affairs of the Debtor to reflect current and accurate information, all on the following grounds:

**JURISDICTION**

1.  On December 6, 2010, an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") was filed against Eastern Livestock Co., LLC (the "Debtor") in the United States Bankruptcy Court for the Southern District of Indiana. An Order for Relief was entered on December 28, 2011.

2.  On December 16, 2010, this Court entered an Order Approving Motion for Trustee under Section 1104 of the Bankruptcy Code. Thereafter, the United States Trustee filed Notice of Appointment of James Knauer as Trustee of this case, which appointment was

approved by an Order entered on December 27, 2010.

3.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).

4.   The statutory predicates for relief are §§ 105, 704(a) and 1106(a)of the Bankruptcy Code.

## BACKGROUND FACTS

5.   As stated by the Trustee, the Debtor "[was] one of the largest cattle brokerage companies in the United States, with operations and assets located in at least eleven states. Debtor generated revenue through the purchase and sale of cattle at auctions throughout the country, both on its own behalf and as broker for others." TRUSTEE'S MOTION TO EXTEND DEADLINE FOR FILING DEBTOR'S CREDITOR MATRIX, STATEMENT AND SCHEDULES PURSUANT TO 105(a), 521 AND FED. R. BANKR. P. 1007(c), ¶5 (Doc. No. 140).

6.   The Debtor's massive enterprise imploded in late 2010, after Eastern issued over $80,000,000.00 in bad checks, and its management became the subject of criminal investigations which culminated in federal and state indictments.

7.   Immediately after the filing of an involuntary bankruptcy petition, three of the petitioning creditors filed an *Emergency Motion Under 11 U.S.C. §§ 303(f), 105 and 1104(a) for an Order Appointing an Interim Trustee* ("Emergency Motion") in light of the obvious evidence of impropriety and mismanagement. Following an evidentiary hearing, the Court entered an Order appointing a Chapter 11 trustee for "cause " on December 16, 2010.

8.   On March 8, 2011, the Trustee filed Schedules of Assets and Liabilities ("Schedules") and a Statements of Financial Affairs ("SOFA").

9.    Very understandably at that juncture of the case, the majority of information

provided in the Schedules and SOFA was described as being incomplete, unknown, or "subject to change." For example, the account balance of the Debtor's operating bank account was shown on Schedule "B" as "unknown," and descriptions of the Debtor's accounts receivable, cattle inventory, and other assets and liabilities were highly qualified. For example, Schedule "B" indicates that of $35 million of "inventory" reflected in the Debtor's books, $20 million involved "unsupported transactions." Schedule B-16 simply states that "[w]e have not had the chance to verify the validity of these accounts receivable." The Trustee's Declaration regarding all of the Schedules stated::

> These Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("SOFA") were prepared based upon the books and records of Eastern Livestock Co., LLC ("ELC" or "Debtor") that the Trustee and his representatives have been able to locate. The Trustee cannot vouch for the completeness and/or accuracy of the ELC books and records located to date. Therefore, information recorded in these Schedules and SOFA may be inaccurate or incomplete and may suffer from material omissions.

10. Similar caveats accompany the Trustee's responses to questions in the SOFA. For example, the response to Question 13 (seeking a description of all bank set-offs within 90 days of the filing) simply states the Trustee is "aware of numerous instances of diverted payments, assets and contract rights," and that he is investigating account set-offs. SOFA, ¶13.

11. In the 10 months subsequent to filing the Schedules and SOFA, the Trustee has retained counsel, financial advisors and other professionals who have collectively sought payment for nearly $4 million of fees for investigating and assessing the Debtor's financial affairs.

12. On information and belief, such efforts have produced far more accurate information regarding the Debtor's assets and liabilities than that set forth in the Schedules and

3

SOFA, which have not been amended. In addition, the Trustee has not filed any report setting forth the results of his investigations.

13. On January 20, 2012, Bluegrass Stockyards East, LLC and other creditors filed as Document No. 971 a *Motion to Compel the Trustee to Produce Budgets and Financial Information* ("Motion to Compel") which describes repeated requests for the Trustee to provide budgets and financial information, and the Trustee's failure to do so. As stated in ¶12 of that Motion to Compel, "[p]arties in interest should not be forced to beg for and file motions to receive fundamental financial information."

## RELIEF REQUESTED

14. By this Motion, Superior seeks an Order of the Court requiring the Trustee to:

(a) File the Report required by 11 U.S.C. §1106(a)(4);

(b) Supplement and amend the Schedules and SOFA to provide the most accurate information currently known to the Trustee; and

(c) Furnish the Budgets and financial information described in the Motion to Compel.

## GROUNDS FOR RELIEF

15. Where a Trustee is appointed in a Chapter 11 case for cause , 11 U.S.C. §1106(a) provides, in part, that in addition to filing the Schedules and SOFA and performing other duties of a Trustee specified in §704, he *shall*—

. . .

    (3) except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

> (4) *as soon as practicable—*
>
> > (A) *file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate;* and
> >
> > (B) transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates; . . .

(emphasis added). The obligation to file a report the report contemplated under §1106(a) is "mandatory" under the Bankruptcy Code. *See United States v. Schilling* (In re Big Rivers Elec. Corp.), 355 F.3d 415, 429 (6th Cir. Ky. 2004); *see also In re Carnegie International Corp.,* 51 BR 252 (Bkrtcy. S.D. Ind. 1984). The trustee's investigation and reporting duties "provide a mechanism for full disclosure of the state of affairs to enable parties in interest to protect their rights and obtain successful reorganization or liquidation of the debtor." *7-1106 Collier on Bankruptcy P 1106.01* Collier on Bankruptcy (2011). Since there is no creditors' committee in this case, the report should be provided to Superior and all other parties requesting the same.

16.     The mandatory report is of paramount importance in the present case, where the specific facts relating to Debtor fraud, assets and causes of action, are all directly relevant to legal issues pending before the Court (often pursuant to motions filed by the Trustee) such as

- what assets are property of the estate;
- the possible grounds for constructive trusts;
- whether inventory and accounts receivable shown by the Debtors' books actually

- existed;
- the various capacities in which the Debtor participated in the purchase or sale of cattle on its own account or as "broker," "clearing agent" or "market agent" for others, and the extent to which the Debtor's books and records appear to accurately reflect those roles; and
- the Debtor's causes of action not set forth in the Schedules.

Having been appointed to investigate precisely these issues, and having apparently incurred $4 million of estate liability for such investigations, the Trustee is required by §1106 to report the results of his work in detail for the benefit of all parties, rather than merely reciting his conclusions on selected issues in connection with motions filed by the Trustee.

17. Similarly, §1106(a) requires the Trustee to comply with the duties of a trustee under Section 704(a)(7) to "furnish such information concerning the estate and the estate's administration as is requested by a party in interest." The duty under §704(a)(7)

> is fairly extensive, as § 704(7) places the burden of providing requested information on the trustee, and reflects the overriding duty to keep parties in interest informed. Courts have interpreted the trustee's responsibilities broadly, making a request for information difficult for the trustee to avoid, in the absence of a court order to the contrary.

*Pineiro v. Pension Benefit Guaranty Corporation*, 318 F. Supp.2d 67, 102 (S.D.N.Y. 2003). *See also In re Robert Landau Assocs., Inc.,* 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985) ("The policy of open inspection, established in the Code itself through section 704(7) and F.R.B.P. 5005 and 5007, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised"); *In re Sports Accessories, Inc.*, 34 B.R. 80, 82 (Bankr. D. Md. 1983) (discussing importance of trustee's duty to disclose). For this

reason, the Trustee should be required to provide the promised Budgets and financial information described in the Motion to Compel, which Superior adopts by reference.

18. Finally, the Court should order the Trustee to amend the preliminary SOFA and Schedules with updated and accurate information. A purpose of the requirement of filing a statement of financial affairs is to furnish creditors with detailed information about the debtor's financial condition, thereby saving the expense of long and protracted examination for the purpose of soliciting the information. 4 COLLIER'S ON BANKRUPTCY, 15TH ED., P 521.09 AT PAGE 521-34.

19. Pursuant to 11 U.S.C. §1009(a), the Court may order amendment of the Schedules and SOFA upon motion by any party in interest. Such amendment is clearly appropriate here where the initial lists were understandably qualified and incomplete, substantial estate resources have been expended to obtain more accurate information by the Trustee appointed for such purpose, and the results are of universal significance.          .

WHEREFORE,  Superior respectfully requests that the Court (1) enter an Order (a) compelling the Trustee to immediately file the detailed report required by §1106(a)(4) of the Bankruptcy Code; (b) compelling the Trustee to produce operating budgets, on a periodic basic, to Superior and other parties in interest requesting same; and (c) compelling the Trustee to amend the schedules of assets and liabilities and statements of financial affairs to reflect current and accurate information; and (2) grant all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By: /s/ John M. Rogers
John M. Rogers
Christopher M. Trapp
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300; FAX (317) 453-8601
johnr@rubin-levin.net

ONE OF COUNSEL FOR SUPERIOR
LIVESTOCK AUCTION, INC.

CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, a copy of the foregoing *Motion to Compel Trustee to File Mandatory Report Required by 11 U.S.C. §1106(a), to Amend Schedules and Statement of Financial Affairs, and Produce Budgets* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Foree | robertforee@bellsouth.net |

| | |
|---|---|
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

I further certify that on January 27, 2012, a copy of the foregoing *Motion to Compel Trustee to File Mandatory Report Required by 11 U.S.C. §1106(a), to Amend Schedules and Statement of Financial Affairs, and Produce Budgets* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610                    /s/ John M. Rogers

                                                John M. Rogers

G:\WP80\GENLIT\Farm Credit West-Eastern Livestock-85021201\Motion to Compel Trustee to produce documents.wpd