UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| EASTERN LIVESTOCK CO., LLC, et al.,[1] | : | Case No.: 10-93904-BHL-11 |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**MOTION OF FIFTH THIRD BANK, N.A. TO LIMIT DISCOVERY OR,
ALTERNATIVELY, FOR A PROTECTIVE ORDER**

Pursuant to Rules 26(b)(2)(C) and 26(c) of the Federal Rules of Civil Procedure as incorporated by Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, Fifth Third Bank, N.A. ("Fifth Third") respectfully moves this Court for an order preventing the parties in the above captioned bankruptcy action (the "Bankruptcy Case") and related adversary proceedings (collectively, with the Bankruptcy Case, the "Eastern Livestock Litigation") from deposing the same witnesses multiple times and limiting the parties to one deposition per witness. Alternatively, Fifth Third asks this Court for a protective order, limiting the parties to one deposition for each of the eleven current and former Fifth Third employees that special counsel for the Trustee ("Special Counsel") is currently seeking to depose. Unless some limits are provided on the number of times and hours that these witnesses can be deposed, they are likely to be deposed on identical issues in each of the eleven cases within the Eastern Livestock Litigation, resulting in each witness being subjected to as many seventy-seven hours of deposition time. Fifth Third also asks that the Court not permit any depositions to proceed while this motion is pending. A supporting memorandum of law is attached.

---

[1] The Debtor entities are Eastern Livestock Co., LLC and Okie Farms, L.L.C.

-3-

Respectfully submitted,

/s/  Randall D. LaTour
Randall D. LaTour (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43216
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vorys.com

Kent A. Britt (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, Ohio 45202
Telephone: (513) 723-4488
Facsimile:  (513) 852-7818
Email: kabritt@vorys.com

*Attorneys for Fifth Third Bank*

## MEMORANDUM IN SUPPORT

### I.  Preliminary Statement

Fifth Third respectfully requests that the Court limit the number of depositions and deposition hours to which its witnesses will be subjected in the Eastern Livestock Litigation, so as to prevent expensive, oppressive, and duplicative investigations of the same subject matter, and the potential harassment of the witnesses.

Currently, Special Counsel has identified eleven witnesses for depositions in the Bankruptcy Case, and other creditors who have served written discovery on Fifth Third—including but not limited to First Bank and Trust Co. and Superior Livestock Auction, Inc.—will undoubtedly seek to depose these same witnesses as well.  Given that counsel and parties to the Eastern Livestock Litigation would have access to all of the deposition transcripts of these witnesses for their use in the various adversary proceedings, Fifth Third requests that its witnesses not be subjected to duplicative depositions on the same topics in each of the eleven related actions.

Without an order from this Court stating that each witness shall be deposed once—and only once—on matters that are common to all proceedings (such as dealings with Eastern Livestock and its principals, the accounts of Eastern Livestock, and the discovery of the fraud), the same witnesses could be deposed on the same facts and issues multiple times in the various adversary proceedings.  In total, each witness could be subjected to as many as seventy-seven hours of depositions.  Such redundant depositions are precisely the sort of costly and burdensome discovery that the Federal Rules are designed to avoid and that this Court has the power to prevent.  As such, Fifth Third asks the Court to exercise its authority and limit the parties in the Eastern Livestock Litigation to one deposition per witness.

-4-

## II. Relevant Factual Background

The Chapter 11 involuntary petition that initiated the Eastern Livestock Litigation was filed on December 6, 2010. (Dkt. #1.)  Since that time, at least ten related adversary proceedings have been filed under the umbrella of the Bankruptcy Case.[2]

On January 10, 2012, Special Counsel wrote to Fifth Third and informally requested the depositions[3] of eleven current and former Fifth Third employees.[4]  After contacting the eleven witnesses, Fifth Third reached out to Special Counsel in order to clarify the scope of the depositions.  Specifically, in a phone call on January 26, 2012, counsel for Fifth Third asked Special Counsel to notice the depositions in the Bankruptcy Case as well as in each of the adversary proceedings within the Eastern Livestock Litigation, so that all interested parties would be on notice of the depositions.  Special Counsel, however, indicated that he would notice the depositions *only* in the Bankruptcy Case, thereby leaving the parties free to re-depose Fifth Third's witnesses in each of the adversary proceedings at a later time.

On January 30, 2012, Fifth Third contacted Special Counsel and asked if he would reconsider his plan to issue narrow deposition notices, explaining Fifth Third's concern about

---

[2]     See Knauer v. Gibson, Case No. 10-93904-BHL-11, Adversary No. 11-59135; Knauer v. Peoples Bank and Trust Company of Pickett County, Case No. 10-93904-BHL-11, Adversary No. 11-59134; Fredin Brothers, Inc. v. Bankers Bank, Case No. 10-93904-BHL-11, Adversary No. 11-59108; Rush Creek Ranch, LLP. v. Knauer, Case No. 10-93904-BHL-11, Adversary No. 11-59104; Innovative Livestock Services, Inc. v. Eastern Livestock Co., LLC, Case No. 10-93904-BHL-11, Adversary No. 11-59098; Knauer v. Atkinson Livestock Market, Case No. 10-93904-BHL-11, Adversary No. 11-59094; Friona Industries, LP v. Eastern Livestock Co., LLC, Case No. 10-93904-BHL-11, Adversary No. 11-59093; Superior Livestock Auction, Inc. v. Eastern Livestock Co., LLC, Case No. 10-93904-BHL-11, Adversary No. 11-59088; Cactus Growers v. Nichols, Case No. 10-93904-BHL-11, Adversary No. 11-59087; Knauer v. Downs, Case No. 10-93904-BHL-11, Adversary No. 11-59086.

[3]     Fifth Third presumes that Special Counsel's intention is to conduct these depositions pursuant to Fed. R. Bankr. P. 7030 and Fed. R. Civ. P. 30 given that Rule 2004 examinations are no longer appropriate.  See In re Lang, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989) ("Once an actual adversary proceeding has been initiated, 'the discovery devices provided for in Rules 7026-7037. . . apply and Rule 2004 should not be used.'") (quoting 8 Collier on Bankruptcy ¶ 2004.03[1] at pp. 2004-5-2004-6 (15th Ed. 1989)); see also In re Bennett Funding Group, Inc., 203 B.R. 24, 30 (Bankr. N.D.N.Y. 1996) (limiting discovery to the provisions of Fed. R. Bankr. P. 7026 *et seq.*, and precluding the use of Fed. R. Bankr. P. 2004 where an adversary proceeding had been initiated).

[4]     January 10, 2012 Letter from Sean T. White, Esq., to Kent A. Britt, Esq., attached hereto as Exhibit A.

-5-

being exposed to serial depositions down the road.[5]  To date, Fifth Third has not yet received a response.  Because Special Counsel hopes to depose the witnesses as soon as February 14, 2012, however, Fifth Third brings this motion so as to resolve the matter now before any depositions have been taken.

### III. Argument

#### A.  The Court should limit the number of depositions to one deposition per witness.

Rules 7026-7037 of the Federal Rules of Bankruptcy Procedure incorporate Rules 26-37 of the Federal Rules of Civil Procedure.  Under Fed. R. Civ. P. 26(b)(2)(C), a court "must limit the frequency or extent of discovery" if:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery had ample opportunity to obtain the information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii); see Fed. R. Bankr. P. 7026.  To allow the parties to depose the same witnesses more than once in the Eastern Livestock Litigation would run afoul of each of these considerations.

This is particularly true for the eleven current and former Fifth Third employees identified by Special Counsel.  As each witness's knowledge is limited to the same set of facts relating to the line of credit that Fifth Third extended to Eastern Livestock, the subject of their testimony will remain the same in each of the various proceedings within the Eastern Livestock Litigation.  As such, subjecting those witnesses to multiple depositions on the same facts would undoubtedly be "unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2)(C)(i) ; see

---

[5]     January 30, 2012 Email from Kent A. Britt, Esq., to Sean T. White, Esq., attached hereto as Exhibit B.

Fed. R. Bankr. P. 7026.   Furthermore, as all interested parties will be given notice of the depositions pursuant to Fed. R. Civ. P. 30(b)(1), they will all have "ample opportunity to obtain the information" they seek by attending the one scheduled deposition of each witness.   Fed. R. Civ. P. 26(b)(2)(C)(ii); see Fed. R. Bankr. P. 7026.

And finally, because the subject matter of the witnesses' testimony—Fifth Third's business relationship with Eastern Livestock, Eastern Livestock's accounts at Fifth Third, and Fifth Third's discovery of the fraud—will remain the same throughout the Eastern Livestock Litigation, the burden and expense of conducting multiple depositions of the same witnesses would far outweigh any conceivable benefit of such an inefficient process.   Fed. R. Civ. P. 26(b)(2)(C)(iii); see Fed. R. Bankr. P. 7026.   As one court explained, the burden imposed by serial depositions is significant:

> [E]ach new deposition requires the deponent to spend time preparing for the deposition, traveling to the deposition, and providing testimony.   In addition, allowing for serial depositions, whether of an individual or organization, provides the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last.

State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc., 254 F.R.D. 227, 235 (E.D. Pa. 2008). Indeed, the benefit of limiting the number of depositions would be enjoyed by every party to the Eastern Livestock Litigation, not just Fifth Third.   See Tucker v. American Int'l Group, Inc., 2011 U.S. Dist. LEXIS 139086, at *32 (D. Conn. Dec. 2, 2011) ("In the event that each witness may be examined with respect to all relevant issues by being deposed once, the recall of a witness for further testimony may be obviated.  *It should thus be beneficial to all parties involved, saving both time and expense, not to require multiple depositions where one deposition per witness might suffice*." (emphasis added)).   Consequently, in accordance with Fed. R. Civ. P. 26(b)(2)(C) (made applicable to this proceeding by Fed. R. Bankr. P. 7026), this

Court should limit the number of depositions of the Fifth Third employees—and all other witnesses—to one deposition per witness.

The more specifically focused language of Fed. R. Civ. P. 30 also supports such an order from the Court; the rule limits depositions to "1 day of 7 hours." As each witnesses testimony would be limited to the same general topics, the requirement that a deposition of any given witness be confined to a single day should be sufficient in this matter. Indeed, parties are required to obtain leave to continue a deposition beyond one day, unless the parties have agreed otherwise. Fed. R. Civ. P. 30(a)(2)(ii); see Fed. R. Bankr. P. 7030. Yet, without an order from the Court limiting the parties to one deposition per witness, this protection will be obviated. Each witness in the Eastern Livestock Litigation could be subjected to redundant depositions on various dates, providing duplicative testimony and wasting significant time, money and resources. Accordingly, Fifth Third asks that the Court limit the parties to one deposition per witness.

**B. The Court should grant a protective order for Fifth Third's employees.**

Alternatively, Fifth Third asks the Court to grant a protective order stating that the eleven current and former Fifth Third employees whose depositions Special Counsel is seeking shall be deposed only once in the Eastern Livestock Litigation. Fed. R. Civ. P. 26(c)(1)(B) indicates that the Court may specify the terms—including the time and the place—of discovery, in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. There is no reason why the parties cannot coordinate their schedules and conduct a single deposition for each of the witnesses; Fifth Third will produce the witnesses on mutually convenient dates and times so that this can be accomplished for each party.

-8-

Unless the Court takes action to preclude the parties from engaging in serial depositions, Fifth Third and the eleven witnesses that Special Counsel has identified will be exposed to the undue burden and expense of preparing for and participating in multiple, repetitive depositions. In order to avoid this prejudicial situation, Fifth Third asks that the parties only be permitted to depose these witnesses once and respectfully requests a protective order so providing.

### IV. Conclusion

For the reasons stated above, Fifth Third respectfully requests that this Court exercise its authority under Fed. R. Civ. P. 26(b)(2)(C) and Fed. R. Bankr. P. 7026 and enter an order limiting the parties in the Eastern Livestock Litigation to one deposition per witness. Alternatively, Fifth Third requests that this Court grant a protective order pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Bankr. P. 7026 limiting the parties to one deposition for each of the eleven Fifth Third witnesses whose depositions Special Counsel is currently seeking. Finally, Fifth Third asks that the Court not permit the parties to conduct any depositions while this motion is pending.

Respectfully submitted,

/s/ Randall D. LaTour_____
Randall D. LaTour (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43216
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vorys.com

Kent A. Britt (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, Ohio 45202
Telephone: (513) 723-4488
Facsimile:  (513) 852-7818
Email: kabritt@vorys.com

*Attorneys for Fifth Third Bank*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 3, 2012, a copy of the foregoing Motion was filed and served electronically through the Court's CM/ECF System to the following parties who are listed on the Court's Electronic Mail Notice List:

- David L. Abt     davidabt@mwt.net
- Amelia Martin Adams     aadams@dlgfirm.com
- John W Ames     james@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
- Jerald I. Ancel     jancel@taftlaw.com, ecfclerk@taftlaw.com;krussell@taftlaw.com
- Christopher E. Baker     cbaker@hklawfirm.com, thignight@hklawfirm.com
- T. Kent Barber     kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
- Robert A. Bell     rabell@vorys.com, dmchilelli@vorys.com
- C. R. Bowles     cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com
- Steven A. Brehm     sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com
- Kent A Britt     kabritt@vorys.com, cbkappes@vorys.com
- Lisa Koch Bryant     courtmail@fbhlaw.net
- James M. Carr     jim.carr@faegrebd.com, sarah.herendeen@faegrebd.com;patricia.moffit@faegrebd.com
- John R. Carr     jrciii@acs-law.com, sfinnerty@acs-law.com
- Deborah Caruso     dcaruso@daleeke.com, mthomas@daleeke.com
- Bret S. Clement     bclement@acs-law.com, sfinnerty@acs-law.com
- Jason W. Cottrell     jwc@stuartlaw.com
- Kirk Crutcher     kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com
- Jack S Dawson     jdawson@millerdollarhide.com, jowens@millerdollarhide.com;receptionist@millerdollarhide.com

- Dustin R. DeNeal    dustin.deneal@faegrebd.com,
  patricia.moffit@faegrebd.com;sarah.herendeen@faegrebd.com
- Laura Day DelCotto    ldelcotto@dlgfirm.com,
  dlgecf@dlgfirm.com;dlgecfs@gmail.com
- David Alan Domina    dad@dominalaw.com,
  KKW@dominalaw.com;efiling@dominalaw.com
- Daniel J. Donnellon    ddonnellon@ficlaw.com, knorwick@ficlaw.com
- Trevor L. Earl    tearl@rwsvlaw.com
- Shawna M Eikenberry    shawna.eikenberry@faegrebd.com,
  sarah.herendeen@faegrebd.com
- Jeffrey R. Erler    jeffe@bellnunnally.com
- Sarah Stites Fanzini    sfanzini@hopperblackwell.com, mroth@hopperblackwell.com
- Robert H. Foree    robertforee@bellsouth.net
- Sandra D. Freeburger    sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
- Melissa S. Giberson    msgiberson@vorys.com
- Jeffrey J. Graham    jgraham@taftlaw.com,
  ECFClerk@taftlaw.com;krussell@taftlaw.com;aolave@taftlaw.com
- Terry E. Hall    terry.hall@faegrebd.com,
  sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com
- John David Hoover    jdhoover@hooverhull.com
- John Huffaker    john.huffaker@sprouselaw.com,
  lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
- Jeffrey L Hunter    jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov
- Jay Jaffe    jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
- James Bryan Johnston    bjtexas59@hotmail.com, bryan@ebs-law.net
- Todd J. Johnston    tjohnston@mcjllp.com
- Jill Zengler Julian    Jill.Julian@usdoj.gov
- Edward M King    tking@fbtlaw.com, dgioffre@fbtlaw.com
- James A. Knauer    jak@kgrlaw.com, hns@kgrlaw.com
- Erick P Knoblock    eknoblock@daleeke.com
- Theodore A Konstantinopoulos    ndohbky@jbandr.com
- Randall D. LaTour    RDLatour@vorys.com,
  khedwards@vorys.com;bjtobin@vorys.com
- David A. Laird    david.laird@moyewhite.com,
  lisa.oliver@moyewhite.com;deanne.stoneking@moyewhite.com
- David L. LeBas    dlebas@namanhowell.com, koswald@namanhowell.com

- Elliott D. Levin    robin@rubin-levin.net, edl@trustesolutions.com;edl@trustesolutions.net
- Elliott D. Levin    edl@rubin-levin.net, atty_edl@trustesolutions.com
- Kim Martin Lewis    kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
- James B. Lind    jblind@vorys.com
- Karen L. Lobring    lobring@msn.com
- John Hunt Lovell    john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
- Harmony A Mappes    harmony.mappes@faegrebd.com, judith.gilliam@faegrebd.com;sarah.herendeen@faegrebd.com
- John Frederick Massouh    john.massouh@sprouselaw.com
- Michael W. McClain    mike@kentuckytrial.com, laura@kentuckytrial.com
- Kelly Greene McConnell    lisahughes@givenspursley.com
- James Edwin McGhee    mcghee@derbycitylaw.com, belliott@derbycitylaw.com;patenaude@derbycitylaw.com
- William Robert Meyer    rmeyer@stites.com
- Christie A. Moore    cm@gdm.com, ljs2@gdm.com
- Allen Morris    amorris@stites.com, dgoodman@stites.com
- Judy Hamilton Morse    judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
- Walter Scott Newbern    wsnewbern@msn.com
- Shiv Ghuman O'Neill    shiv.oneill@faegrebd.com
- Matthew J. Ochs    kim.maynes@moyewhite.com
- Michael Wayne Oyler    moyler@rwsvlaw.com
- Ross A. Plourde    ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com
- Wendy W Ponader    wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com
- Timothy T. Pridmore    tpridmore@mcjllp.com, lskibell@mcjllp.com
- Anthony G. Raluy    traluy@fbhlaw.net
- Jeffrey E. Ramsey    jramsey@hopperblackwell.com, mhaught@hopperblackwell.com
- Eric C Redman    ksmith@redmanludwig.com, kzwickel@redmanludwig.com
- Joe T. Roberts    jratty@windstream.net
- Susan K. Roberts    skr@stuartlaw.com, lbt@stuartlaw.com
- Mark A. Robinson    mrobinson@vhrlaw.com, dalbers@vhrlaw.com
- Jeremy S Rogers    Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com

- John M. Rogers    johnr@rubin-levin.net, susan@rubin-levin.net
- Joseph H Rogers    jrogers@millerdollarhide.com, cdow@millerdollarhide.com
- James E Rossow    jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com
- Thomas C Scherer    tscherer@bgdlegal.com, mmcclain@bgdlegal.com
- Ivana B. Shallcross    ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
- James E. Smith    jsmith@smithakins.com, legalassistant@smithakins.com
- William E Smith    wsmith@k-glaw.com, pballard@k-glaw.com
- Robert K Stanley    robert.stanley@FaegreBD.com
- Joshua N. Stine    kabritt@vorys.com
- Andrew D Stosberg    astosberg@lloydmc.com, bmarks@lloydmc.com
- Meredith R. Thomas    mthomas@daleeke.com
- John M. Thompson    john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
- Kevin M. Toner    kevin.toner@faegrebd.com, judy.ferber@faegrebd.com;crystal.hansen@faegrebd.com
- Christopher M. Trapp    ctrapp@rubin-levin.net
- U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
- Andrea L Wasson    andrea@wassonthornhill.com
- Stephen A. Weigand    sweigand@ficlaw.com
- Charles R. Wharton    Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
- Sean T. White    swhite@hooverhull.com, vwilliams@hooverhull.com
- Jessica E. Yates    jyates@swlaw.com, jmilelli@swlaw.com;docket_den@swlaw.com;mmccleery@swlaw.com
- James T Young    james@rubin-levin.net, ATTY_JTY@trustesolutions.com;lemerson@rubin-levin.net;carmen@rubin-levin.net

/s/ Randall D. LaTour_____
Randall D. LaTour

-13-