## Vickie K. Williams

| | |
|---|---|
| **From:** | Sean T. White |
| **Sent:** | Tuesday, February 07, 2012 3:43 PM |
| **To:** | John Rogers; 'Britt, Kent A.'; Donnellon, Daniel J.; Weigand, Stephen A.; Chris Trapp |
| **Cc:** | LaTour, Randall D.; Richardson, Eric W.; Hine, David F. |
| **Subject:** | RE: Fifth Third Discovery [IWOV-DMS.FID81085] |

I am available for a call as well. As stated, the Trustee has no objection to the depositions being noticed in the bankruptcy case and the adversary proceedings. However, we cannot agree to a limit of one deposition of seven hours. It is unreasonable to agree in advance to a seven hour time limit that restricts all parties and requires complete coordination among them for the limited time. As special counsel we would go first and make every effort to make the deposition efficient. I am certain that other counsel would agree to make similar representations. But as Dan and others have pointed out, it is premature to agree in the abstract that everyone will be able to complete all of their questions in seven hours. Moreover, we do not have a complete production of documents from Fifth Third. Finally, Fifth Third did not even raise this issue until you after informed us that its employees were unavailable the week of Jan. 31. We need to get these depositions scheduled so that we can complete our investigation.

**From:** John Rogers [mailto:JohnR@rubin-levin.net]
**Sent:** Tuesday, February 07, 2012 3:16 PM
**To:** 'Britt, Kent A.'; Donnellon, Daniel J.; Sean T. White; Weigand, Stephen A.; Chris Trapp
**Cc:** LaTour, Randall D.; Richardson, Eric W.; Hine, David F.
**Subject:** RE: Fifth Third Discovery [IWOV-DMS.FID81085]

I too believe a call is appropriate.

It's certainly true I have not been directly involved in scheduling of depositions by the Trustee's counsel, though we intend to be present on behalf of our client, Superior, at the same. Of course, the motion filed by Fifth Third directly seeks to affect our discovery rights, and to limit those rights with regard to depositions in a manner tied to the depositions scheduled by the Trustee, and hence we have an obvious interest.

As Dan has said, we have no desire to repeatedly depose the same witnesses about the same subjects, and do not intend to do so.

I do not see any need for the parties to "stipulate" to what the rules provide. What you are seeking, however, goes beyond what the rules state. While the relevant rule presumptively provides for depositions limited to 1 day for 7 hours, it also notes that the court "must allow" additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent. It is further unclear how the rule applies where there are multiple adversary proceedings with different issues.

As you know, Sean White is operating under a time frame established by the Court for submission of a report. While many of us are interested in deposing witnesses regarding the same matters which are the subject of that report, it is certainly possible there will be additional issues not pertinent to that report for which depositions may be needed in other adversary cases. As you also know, we have not yet received all of the documents requested from Fifth Third.

Under all of these circumstances, we certainly cannot agree that the depositions scheduled by Sean White will necessarily be the only depositions of those witnesses for all matters connected with the case, nor do the rules so require.

**From:** Britt, Kent A. [mailto:KABritt@vorys.com]
**Sent:** Tuesday, February 07, 2012 2:55 PM
**To:** Donnellon, Daniel J.; Sean T. White; Weigand, Stephen A.; John Rogers; Chris Trapp

1

**Cc:** LaTour, Randall D.; Richardson, Eric W.; Hine, David F.
**Subject:** RE: Fifth Third Discovery [IWOV-DMS.FID81085]

Dan,

How about we speak today at 4:30 pm? If that works, please circulate a call-in number. Thank you.

Kent

**From:** Donnellon, Daniel J. [mailto:ddonnellon@ficlaw.com]
**Sent:** Tuesday, February 07, 2012 2:47 PM
**To:** Britt, Kent A.; Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net
**Cc:** LaTour, Randall D.; Richardson, Eric W.; Hine, David F.
**Subject:** RE: Fifth Third Discovery [IWOV-DMS.FID81085]

I personally think a call would be helpful. Indeed, I think it is required under local rule 37.1 which Fifth Third ignored. There are many parties to these proceedings, I have no idea how many will show up. I also think Sean has been tasked by the judge with an "investigation" of claims and their "potential availability" to the Estate. Therefore, any notion that we should agree in advance to one and only one visit with each witness, for a duration of no more than 7 hours, is very premature. I can certainly agree to reasonable restrictions and the federal rules provide guidance. But, when we still do not have all the relevant documents from Fifth Third, and I am not the one in charge of the "investigation," I am in no position to execute any stipulation and do not believe we should be called upon to do so.

If you want to proceed with arguing the demerits of your motion, then I will file an objection and we will proceed. But, to file for a protective order before document production is complete, before even one deposition is noticed, before having a conference mandated by the rules, and in response to an investigation ordered by the Court, seems quite brazen.

**From:** Britt, Kent A. [mailto:KABritt@vorys.com]
**Sent:** Tuesday, February 07, 2012 2:37 PM
**To:** Donnellon, Daniel J.; Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net
**Cc:** LaTour, Randall D.; Richardson, Eric W.; Hine, David F.
**Subject:** RE: Fifth Third Discovery [IWOV-DMS.FID81085]

Gentlemen,

2

I write in response to your emails below. As an initial matter, Fifth Third has been served with discovery requests by distinct and separate parties and will respond accordingly. The only common issue is the subject of depositions, which we address herein. We will respond to the individual discovery assertions by separate email with the parties who served those requests.

As for the eagerness to discuss the depositions and Fifth Third's pending motion, we are admittedly a little perplexed. Mr. Donnellon takes offense to the notion that counsel in this case would subject Fifth Third's witnesses to 77 hours of depositions, but is silent as to any representation that he will agree that Fifth Third's witness will be deposed only once for seven hours per the Federal Rules of Civil Procedure. Likewise, Mr. Rogers (who, until today, did not appear to be involved in the Trustee's discussion of depositions) has also not indicated that he will agree that Fifth Third's witnesses shall be deposed only once for seven hours. Finally, though Mr. White mentioned in his letter of February 6, 2012, that the Trustee would agree to notice the depositions in the main bankruptcy proceeding and in the related adversary proceedings, this representation was made only after Fifth Third filed its motion and had attempted to resolve the issue on this point. Fifth Third had previously requested the stipulation in a phone call, an email, and a formal letter, but Mr. White never responded with the Trustee's position.

At this point, if you are willing to stipulate that Fifth Third's witnesses will only be subjected to one deposition each, we will promptly circulate a stipulation to all other counsel of record. Assuming that they, too, are willing to enter into such a stipulation, Fifth Third will withdraw its motion, and we can proceed with scheduling the depositions. If, however, you will not enter into such a stipulation, you will need to respond to Fifth Third's motion.

Please advise as to whether you plan to oppose Fifth Third's motion, or whether you are agreeable to a stipulation that each of Fifth Third's witnesses will be deposed only once. If you believe that a telephone conference on the issue of depositions is required, we will arrange our schedules this afternoon to accommodate such a call.

We await your response.

Kent



**Kent A. Britt**
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street | Suite 2000,
Atrium Two
Cincinnati, Ohio 45202

Direct: 513.723.4488
Fax: 513.852.7818
Email: kabritt@vorys.com
*www.vorys.com*

**From:** Donnellon, Daniel J. [mailto:ddonnellon@ficlaw.com]
**Sent:** Tuesday, February 07, 2012 8:58 AM
**To:** Britt, Kent A.; Hine, David F.; LaTour, Randall D.
**Cc:** Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net
**Subject:** Fifth Third Discovery [IWOV-DMS.FID81085]

Kent and David

I am a little distressed by the lack of progress in obtaining discovery from Fifth Third after our meeting on January 19. First, it took more than 2 weeks to generate a simple letter that said nothing more than the YCB "Jack Henry Associates" documents in the 2009 investigation were not generated by YCB's Yellow Hammer software and that you are "working on" everything else. Second, you filed a motion for a protective order blaming Mr. White for being difficult and requiring court intervention. Mr. White's letter of February 6, however, completely disabuses any notion that he was being uncooperative and even states that there was no mandatory discovery conference. I agree with Mr. White that Fifth Third should withdraw the motion immediately. It is preposterous to think that the fine lawyers in these cases, all officers of the court, would subject any Fifth Third witness to 77 hours of deposition testimony.

We have serious issues with the lack of production of documents which, I thought, we addressed amicably when we met in my office. I would like to arrange another meeting, or at the very minimum, a conference call among, Mr. White, the Vorys lawyers, the FIC lawyers, and the Rubin Levin lawyers to discuss and resolve the discovery issues. Please consider this the Rule 37.1 conference that you avoided before filing your motion. If Special Counsel and the other creditors are required to file opposition papers to your motion, which you have asked to be heard on Monday, February 13, then, under the local rules our objections may arguably be due today, or at the latest tomorrow.

4

Accordingly, could everyone please give me times you are available TODAY for the conference. As long as the conference is before 5, I will rearrange my schedule to accommodate yours.

**Daniel J. Donnellon, Esq.| Faruki Ireland & Cox P.L.L. | Email: ddonnellon@ficlaw.com**
**Tel:** 513.632.0308 | **Fax:** 513.632.0319

201 East Fifth St., Ste. 1420 | Cincinnati, OH 45202
500 Courthouse Plaza, S.W. | Dayton, OH 45402

**Trusted Wisdom | Extraordinary Results | Web:** www.ficlaw.com

The information contained in this e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, attorney's work product and/or exempt from disclosure under applicable law. If the reader of this

message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by replying to this message and then delete it, in its entirety,

from your system. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is

accepted by Faruki Ireland & Cox P.L.L. for any loss or damage arising in any way from its use.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE: In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please

contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

The information contained in this e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, attorney's work product and/or exempt from disclosure under applicable law.  If the reader of this

message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us by replying to this message and then delete it, in its entirety,

from your system.  Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is

accepted by Faruki Ireland & Cox P.L.L. for any loss or damage arising in any way from its use.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

IRS CIRCULAR 230 DISCLOSURE:  In order to ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing, or recommending to another person, any transaction or other matter addressed herein.

---

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.