IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et. al., | ) | |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |
| | ) | |

## OBJECTION TO TRUSTEE'S MOTION TO APPROVE CERTAIN PREFERENCE AVOIDANCE PROTOCOLS AND TERMS OF SETTLEMENT

Superior Livestock Auction, Inc. ("Superior"), by and through undersigned counsel, hereby files this Objection to Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement (the "Objection"). In support of the Objection, Superior states as follows:

### JURISDICTION VENUE AND BACKGROUND

1. On December 6, 2010 (the "Petition Date"), an involuntary bankruptcy petition was filed against the Debtor in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division (the "Bankruptcy Court") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended (the "Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). On December 28, 2010, an Order or Relief was entered in the above case against the Debtor.

2. On December 27, 2010, James A Knauer (the "Trustee") was appointed as the chapter 11 Trustee to oversee the Debtor's operations.

3.  No committee has been appointed or designated in this case.

4.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5.  On January 25, 2012, the Trustee filed Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement (the "Motion") (Doc. No. 977) seeking court approval of "certain preference avoidance and recovery protocols, including settlement authority, to facilitate fair and efficient resolution by settlement or adjudication of the Trade Preferences[1], reducing dissipation of estate assets, costs to Trade Preference Transferees, and resulting in a more equitable distribution."  Motion at p. 1.

6.  A hearing on the Motion is set for February 13, 2012 at 10:00 AM EST at the United States Bankruptcy Court for the Southern District of Indiana, Lee H. Hamilton Federal Building and United States Courthouse, 121 West Spring Street, 1st Floor, New Albany, Indiana 47150.

**RELIEF REQUESTED**

7.  As the relief sought in the Motion is neither fair nor would result in a more equitable distribution, Superior respectfully objects to the Motion on grounds that are more fully discussed below and asks that this Court overrule the Motion.

8.  The Trustee spends considerable time touting the "protocol" as a device that will save time and expense in this already very expensive bankruptcy case, however, the Trustee

---

[1] Capitalized terms not specifically defined herein shall have the same meaning given to them in the Motion.

2

wastes both time and expense by asking for special authority to send demand letters and to engage in settlement discussions (Motion at ¶¶ 10 -11) when the Bankruptcy Code clearly authorizes the Trustee to do so without Court approval (*See generally* 11 U.S.C. §704 and Rule 9019 of the Federal Rules of Bankruptcy Procedure).

9. In reality, Trustee's main purpose behind the Motion is to circumvent the provisions of Rule 9019 of the Federal Rules of Bankruptcy Procedure and avoid disclosing the terms of any of the settlements to the Court and to other interested parties. The Trustee provides no reasons (except a general cite to 11 U.S.C. § 105) as to why he should be allowed to settle claims without disclosing the terms or obtaining Court approval, sending a message that no other party, including this Court, should have any say in the matter.[2]

10. The approval of settlements can be accomplished efficiently and economically. Secret settlement protocols in a case that already lacks transparency[3] will not, in any way, reduce discovery unless the letter recipient simply surrenders. The Bankruptcy Code should not be utilized to beat the transferees into submission.

11. Likewise, the entire premise of the Motion is highly objectionable because Trustee's position with respect to "transfers" is that they were property of the Debtor's estate.

---

[2] Although not addressed in this Objection, in light of Fifth Third Bank's extensive involvement in this case, another question that arises is whether Fifth Third Bank would have the power to approve settlements. Fifth Third Bank, by its financing order may have the right to review all settlements of these actions as, per the Cash collateral and Financing Order, Fifth Third Bank has "a super-priority administrative expense claim, and valid, binding, enforceable and first perfected liens and security interests in the Chapter 5 Actions to secure the Trustee Loan".  Interestingly, the "Trustee Loan" has not been made because "no net recoveries by Fifth Third from its collateral" have yet been made.  Therefore, it is a possibility that the Trustee discussed the relief sought in the Motion with Fifth Third Bank prior to the filing of the Motion.

[3] This Court stressed the importance of transparency at the September 28, 2011 omnibus hearing. The Court observed: "Well, I do think that's part of the problem here, and we've discussed this a little bit, too. You know, transparency is important in a Chapter 11, and there are certain things that the debtor has to let everybody know…" Transcript of Hearing at p. 62, lines 13-16.

3

This argument utterly ignores the fact that this Court has not yet ruled on the issue of constructive trusts or on the issues of ownership and attempts to influence the Court into ruling that the Debtor "owned the property" by approving the "protocol." Therefore, if the Court allowed this "procedure" by granting the Motion, the Court would effectively eliminate all ownership positions that can be made against the Debtor. Frankly, the Court must not allow the Trustee to utilize the bankruptcy process in this manner.

12.     It is also important to note that the preference "protocol" discussed in the Motion is extremely different than most preference protocols, which provide that settlements of claims under a certain amount do not need formal court approval. Not limiting the settlement amount allows the Trustee total discretion in choosing "his" settlement amount. Having such "pre-determined" settlement amounts only discourages settlements for lesser amounts and is also an inflexible and an inefficient way of handling the settlement efforts in this case.

13.     This case involves numerous farmers and others who may be subject to preference actions. Trustee's tactics have the potential to intimidate these unsophisticated defendants in this case, because they will inevitably be told that the Court has already approved "Trustee's settlement figure" as the appropriate settlement amount. This maneuver is compounded by the language of the sample demand letter, attached to the Motion as Exhibit A, that states:

> "In investigating the circumstances surrounding the Payments and the terms of the obligations owed by Eastern to your company, we considered that you may have certain defenses available to the recovery of the Payments by the Trustee. In assessing your possible defenses, the Trustee has made a number of assumptions favorable to you which will not necessarily be applicable if a suit is filed to recover the Payments."

4

14. If this Court allows the Trustee to make a "number of assumptions," without requiring some type of accountability and transparency, the only objectives that are going to be served in this case are the Trustee's, which is in direct contravention of the aims of the Bankruptcy Code (equity and fairness).

15. After all, although the Motion technically seeks approval to "settle" claims, if approved, the Motion will also give the Trustee the power to sue anyone. Specifically, the Motion provides:

> Except as expressly provided herein, nothing proposed by this Motion shall compel, restrict or otherwise effect any of the Trustee's rights as provided under the Bankruptcy Code, including, but not limited to…(iii) seeking to recover Trade Preferences from those Trade Preference Transferees (or any other Transferees) that the Trustee does not presently plan to pursue under the terms of this Motion, if at a later date additional information is received or new facts emerge altering any conclusions under the Preliminary Preference Analyses, or (iv) pursuing pending or threatened litigation with various parties in interest where the Trustee's claims and causes of action include, but are not limited to, the potential avoidance of Transfers."

Motion at ¶ 13.

16. Essentially then, the main import of the Motion is that 800+ entities (primarily farmers and cattle producers) will be sued for all payments they received within 90 days of the Bankruptcy Case unless they pay the Trustee the exact sum he demands. Although the Trustee alludes that there are transferees whose preference exposure is zero under the preference analysis, interestingly, the Trustee does not seek permission **not** to sue these transferees. If the Court approves the Motion, these "zero" transferees remain at risk.

17. Simply put, the proposed "protocol" is a waste of time and a perversion of the Bankruptcy Code. The Trustee seeks approval of settlements without: (1) disclosing the terms of these settlements; (2) explaining how he intends to arrive at the "Estimated Preference Exposure" figure; or (3) providing a list of transferees at risk of being sued. Moreover, the "protocol," even if approved, is entirely optional because the Trustee is not required to send demand letters if **he** chooses not to do so. The Bankruptcy Code should not be a vehicle for such a "secret" process and the Court should prevent the Trustee from succeeding in his endeavor to use the bankruptcy process for an improper purpose.

18. The "relief" sought in the Motion will not be embraced by the cattle industry because its only goal is to intimidate thousands of innocent parties and usurp assets that are not property of Debtor's estate. Hence, this Court should overrule the Motion in its entirety.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Superior respectfully requests that this Court enter an order overruling the Motion in its entirety and granting such other relief that is just and appropriate under the circumstances.

Respectfully submitted,

/s/ John W. Ames
John W. Ames
C.R. Bowles, Jr.
Ivana B. Shallcross
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower

6

        101 South Fifth Street
        Louisville, Kentucky, 40202
        Telephone (502) 589-4200
        Facsimile (502) 540-2211
        james@bgdlegal.com
        crbowles@bgdlegal.com
        ishallcross@bgdlegal.com
        COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

## CERTIFICATE OF SERVICE

    I hereby certify that on February 8, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

        */s/ John Ames*
        COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

4658779_2.docx