UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                              )
                                    )
EASTERN LIVESTOCK CO., LLC,         )        CASE NO. 10-93904-BHL-11
                                    )
        Debtor.                     )

## OBJECTION TO
### *MOTION OF FIFTH THIRD BANK TO LIMIT DISCOVERY OR , ALTERNATIVELY, FOR A PROTECTIVE ORDER*

Come now Joplin Regional Stockyards ("Joplin") and Superior Livestock Auction, Inc. ("Superior Livestock"), through counsel, and respectfully submit this Objection (" Objection") to the *Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order* ("Discovery Motion") filed on February 3, 2012 (Doc. No. 1005).  In support hereof, Joplin and Superior Livestock state:

### BACKGROUND FACTS

In the Discovery Motion, Fifth Third Bank ("Fifth Third") seeks an order 1) limiting all parties in the bankruptcy case and all adversary proceedings to one deposition of each witness; no longer than  seven (7) hours in duration; and 2) staying all depositions until a ruling is made and depositions can be scheduled at convenient times.

The Discovery Motion was apparently filed on the eve of proposed depositions of Fifth Third employees and former employees (the "witnesses") which had been scheduled by Hoover Hull LLP ("Hoover Hull"). On information and belief, Fifth Third did not contact or attempt to contact any party other than Hoover Hull regarding the issues raised by the Discovery Motion before it was filed.

One year ago the Court approved the Trustee's retention of Hoover Hull as special counsel to investigate potential claims against Fifth Third pertaining to the bankruptcy case of Eastern Livestock Co., LLC ("Eastern"). At the omnibus hearing on December 14, 2011, the Court instructed Hoover Hull "to submit a preliminary report within 90 days as to equitable subordination and/or any other causes of action" relating to Fifth Third.

Thereafter, Hoover Hull apparently contacted counsel for Fifth Third on January 10, 2012 regarding scheduling of depositions in late January and early February of the witnesses as part of its investigation. *See  Motion for Expedited Hearing and Motion for Rule 2004 Examinations* filed on February 7, 2012. On January 26, 2012, Fifth Third supplied dates in February when seven of the witnesses were available, and promised to provide dates for the remaining four witnesses. *Id.* at ¶9. On the same date, Fifth Third also apparently asked if Hoover Hull would serve notices of the proposed depositions not only in the main bankruptcy case, but also in all adversary cases. *Id. at* ¶¶10, 11. According to Hoover Hull, it was willing to serve the requested notices for all adversary cases, but counsel for Fifth Third filed the Discovery Motion without returning phone calls from Hoover Hull or further discussion of the issue. *Id* at ¶¶13-14.

Joplin and Superior have not served any deposition notices and have yet to determine which Fifth Third employees they may depose. To date, Fifth Third  has not produced the documents it has agreed to produce in response to discovery requests served by Superior on November 7, 2011.  It has produced some documents, and has indicated additional documents will be produced at some unspecified time under its "rolling" production. Fifth Third has also withheld documents or redacted portions of documents under claims of privilege, but has not produced a privilege log or otherwise identified the documents it is withholding. Fifth Third has

also withheld some documents and has refused to respond to Interrogatories based on other objections (such as alleged undue burden) which have been challenged by Superior and have not been resolved.

## ARGUMENT AND
## GROUNDS FOR OBJECTION

1.      The Discovery Motion was precipitously filed, is unsupported by law, and based on pure speculation. The request for protective order should not even be considered because Fifth Third has made no attempt to meet the threshold requirement of including "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." BANKRUPTCY RULE 7026(C)(1).[1]

2.       Without any attempt to contact the parties whose discovery rights it seeks to limit, Fifth Third first claims the witnesses "could be" deposed on the same facts and issues "multiple times," and proceeds to conclude (for no apparent reason) "they are *likely* to be deposed on identical issues in each of the eleven cases within the Eastern Livestock Litigation." DISCOVERY MOTION AT 2, ¶1, AND 4, ¶3 (EMPHASIS ADDED).

3.      Fifth Third's cynical assumption is without basis. Superior and other parties have already demonstrated their desire to avoid such pointless duplication by drafting and submitting the Discovery Protocol filed on October 5, 2011 as Docket No. 738. Why would parties who have already incurred huge expense in this case decide to increase their costs by gratuitously

---

[1]Bankruptcy Rule 7026(g)(3) further provides that where a certification violates the rule without substantial justification, the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both."

taking unnecessary depositions of the same witnesses on the same issues? To put financial pressure on a bank?  In the remote event someone did, appropriate relief could be sought.

4.     At the same time, there may be legitimate reasons for more than one deposition of a witness. Not all parties are faced with the same time considerations as Sean White with Hoover Hull, who requested the scheduled examinations as part of the investigation for which he has been directed to file a report in mid-March. By contrast, the  many adversary cases currently pending in the Eastern case – involving roughly 40 distinct parties – do not involve identical issues, or identical parties, and many are likely to proceed for months or years. In the general bankruptcy case, there are approximately 50 parties in interest represented by counsel. An arbitrary rule limiting all parties and counsel to one seven- hour deposition of a witness taken as part of Hoover Hull's investigation would be an unfair and  dubious "solution" to a hypothetical problem. Fifth Third does not even attempt to explain how its proposed limitations would be applied to *new* adversary cases or parties.

5.     In any event, Rules 26(b)(2)(C) and 26(c) and the cases cited by Fifth Third do not support its ill-conceived request. While both rules authorize protective orders where a discovery request is unreasonably cumulative, duplicative, or otherwise unreasonable, neither provides for what amounts to an injunction against parties who have not sought depositions and are not even in a position to know what depositions they may need.  As noted, Superior and others have not received documents from Fifth Third which may well be relevant to their deposition plans. Furthermore, the limitation provisions of Rule 30, cited on page 8 of the Discovery Motion, regarding the length and frequency of depositions, pertain to individual

adversary proceedings,[2] not to the aggregate of all such proceedings in a bankruptcy case. In the

case cited by Fifth Third, *State Farm Mut. Auto Ins. Co. v. New Horizon, Inc.,* 254 F.R.D. 227

(E.D. Pa. 2008), the court granted a protective order against multiple depositions of a witness

(already deposed twice) by the same parties in the same lawsuit, not a prohibition of multiple

depositions in separate adversary proceedings involving different parties and issues.

6.     Given the timing of Fifth Third's Discovery Motion and the wholly speculative

"basis" for its argument, the conclusion seems inescapable that its true goal is simply delay

and/or a desire to prevent parties from questioning witnesses regarding documents that Fifth

Third has yet to produce.  Whatever the motive, the Discovery Motion is wholly without merit.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By:   /s/ John M. Rogers
John M. Rogers
Christopher M. Trapp
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300; FAX (317) 453-8601
johnr@rubin-levin.net

ONE OF COUNSEL FOR SUPERIOR
LIVESTOCK AUCTION, INC. and
JOPLIN REGIONAL STOCKYARDS

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2012, a copy of the foregoing *Objection to Motion of
Fifth Third Bank to Limit Discovery, or, Alternatively, for a Protective Order* was filed

---

[2]Bankruptcy Rule 7030 provides that Rule 30 "applies in adversary proceedings," as defined by
Rule 7001.

5

electronically.  Notice of this filing will be sent to the following parties through the Court's
Electronic Case Filing System.  Parties may access this filing through the Court's system:

David L. Abt                    davidabt@mwt.net
John W Ames                     jwa@gdm.com,
                                shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com
T. Kent Barber                  kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
C. R. Bowles                    crb@gdm.com, shm@gdm.com;lgw@gdm.com
Lisa Koch Bryant                courtmail@fbhlaw.net
James M. Carr                   james.carr@bakerd.com, patricia.moffit@bakerd.com
John R. Carr                    jrciii@acs-law.com, sfinnerty@acs-law.com
Deborah Caruso                  dcaruso@daleeke.com,
                                lharves@daleeke.com;mthomas@daleeke.com
Bret S. Clement                 bclement@acs-law.com, sfinnerty@acs-law.com
Jesse Cook-Dubin                jcookdubin@vorys.com, vdarmstrong@vorys.com
Kirk Crutcher                   kcrutcher@mcs-law.com, jparsons@mcs-
                                law.com;cmarshall@mcs-law.com
Dustin R. DeNeal                dustin.deneal@bakerd.com, patricia.moffit@bakerd.com
Laura Day DelCotto              ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
David Alan Domina               dad@dominalaw.com,
                                KKW@dominalaw.com;efiling@dominalaw.com
Daniel J. Donnellon             ddonnellon@ficlaw.com, knorwick@ficlaw.com
Robert Hughes Foree             robertforee@bellsouth.net
Sandra D. Freeburger            sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
Terry E. Hall                   terry.hall@bakerd.com, sharon.korn@bakerd.com
John Huffaker                   john.huffaker@sprouselaw.com,
                                lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
James Bryan Johnston            bjtexas59@hotmail.com, bryan@ebs-law.net
Todd J. Johnston                tjohnston@mcjllp.com
Edward M King                   tking@fbtlaw.com, dgioffre@fbtlaw.com
James A. Knauer                 jak@kgrlaw.com, hns@kgrlaw.com
Theodore A Konstantinopoulos    ndohbky@jbandr.com
Randall D. LaTour               rdlatour@vorys.com, khedwards@vorys.com
David L. LeBas                  dlebas@namanhowell.com, koswald@namanhowell.com
Elliott D. Levin                edl@rubin-levin.net
Kim Martin Lewis                kim.lewis@dinslaw.com,
                                lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
Karen L. Lobring                lobring@msn.com
John Hunt Lovell                john@lovell-law.net, sabrina@lovell-law.net
John Frederick Massouh          john.massouh@sprouselaw.com
Kelly Greene McConnell          lisahughes@givenspursley.com
William Robert Meyer            rmeyer@stites.com
Allen Morris                    amorris@stites.com, dgoodman@stites.com

| | |
|---|---|
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

I further certify that on February 9, 2012, a copy of the foregoing *Objection to Motion of Fifth Third Bank to Limit Discovery, or, Alternatively, for a Protective Order* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610                    /s/ John M. Rogers

                                     John M. Rogers

G:\WP80\GENLIT\Farm Credit West-Eastern Livestock-85021201\Pleadings\Objection to Fifth Third Motion to Limit Discovery.wpd