## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10–93904–BHL–11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

### JOINDER IN OBJECTION TO THE TRUSTEE'S MOTION FOR RELEASE OF PROCEEDS FROM ACCOUNT

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc. ("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and joins in the Objection (Doc. 1021) of Joplin Regional Stockyards ("Joplin") and Superior Livestock Auction, Inc. ("Superior") *Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order* ("Discovery Motion") filed on February 3, 2012 (Doc. No. 1005), and in support state as follows:

1.   The Florida Creditors adopt the arguments advanced by creditors Joplin and Superior in response and objection to the Discovery Motion of Fifth Third Bank, N.A. ("Fifth Third") and particularly with respect to the premature, precipitous, and speculative nature of the filing.

1

2. The Florida Creditors, along with other small creditors in this proceeding, believe that the suggested limits to deposition and related discovery suggested by Fifth Third's Discovery Motion would inappropriately disadvantage them in the adversary proceedings and the main case. For instance, the deposition limitation proposed for Fifth Third's personnel could easily be "used up" well prior to covering issues not common to the investigation by Hoover Hull in the adversary proceedings involving approximately 40 separate parties or the approximately 50 parties in the general case.

3. Further, the Hoover Hull investigation has been unnecessarily delayed by Fifth Third's obfuscation and refusal to make personnel available for deposition with this latest artifice. The Hoover Hull investigation should proceed immediately without further delay. Should additional depositions of Fifth Third personnel be needed subsequently by parties to either the adversary proceedings or the general case, then a protective order may be entertained by the Court at that time upon a necessary showing under the Federal Rules of Civil Procedure. To do so now or seek to artificially limit the deposition time is both premature and not proper under the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons outlined herein the Florida Creditors request that the *Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order* be DENIED.

Respectfully submitted this 10th day of February 2012,

/s/ W. Scott Newbern
W. Scott Newbern
W. SCOTT NEWBERN, P.L.
Florida Bar No. 0098108
2982 East Giverny Circle
Tallahassee, Florida 32309
(T)  850.591.1707
(F)  850.894.0824
wsnewbern@msn.com

COUNSEL FOR HILLIARD–McKETTRICK INVESTMENTS, INC. d/b/a ARCADIA STOCKYARD; CATTLEMEN'S LIVESTOCK MARKET, INC.; COLUMBIA LIVESTOCK MARKET, INC.; HARDEE LIVESTOCK MARKET, INC.; NORTH FLORIDA LIVESTOCK MARKET, INC.; OCALA LIVESTOCK MARKET, INC.; OKEECHOBEE LIVESTOCK MARKET, INC.; SUMTER COUNTY FARMERS MARKET, INC.; AND MADISON COUNTY LIVESTOCK MARKET, INC. D/B/A TOWNSEND LIVESTOCK MARKET; RON SIZEMORE TRUCKING, INC.; OAK LAKE CATTLE CO.; EAGLE BAY, INC.; and DANIEL M. BYRD

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN

3