UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |

**OBJECTION TO MOTION OF FIFTH THIRD BANK, N.A. TO LIMIT DISCOVERY OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER**

The First Bank and Trust Company ("First Bank"), by and through its undersigned counsel, files this objection to Fifth Third Bank, N.A.'s Motion to Limit Discovery or, Alternatively, for a Protective Order [Doc. No. 1005] in support of the objection, First Bank states as follows:

1. First Bank was the very first party to object to the actions of Fifth Third Bank ("Fifth Third"), which lead to the collapse of Eastern Livestock, when First Bank filed a motion to intervene in the Ohio state court receivership proceeding on December 3, 2010. As the secured lender of a cash seller of cattle, First Bank asserted that any security interest in the assets of Eastern Livestock claimed by Fifth Third would be subordinate to the millions of dollars advanced by First Bank.

2. In its motion to intervene, First Bank cautioned that the actions Fifth Third had taken would result in dissipation of the live cattle assets, and parties with whom Eastern Livestock engaged in business would have no assurance of payment for assets in which they maintained an interest. These predictions have now come true as Fifth Third has claimed a 100% perfected security interest in each and every account receivable of Eastern Livestock, even

in situations where Eastern Livestock was to receive a small fee on the account as a commission as a market agent or clearing agent, and even though the extent of Eastern Livestock's interest in its accounts receivable was limited to gross margins ranging generally between 0.3% and 0.6%. Moreover, even though Fifth Third was fully aware in 2010 that Eastern acted as both a dealer and a market agent, and that any security interest Fifth Third had was lower in priority than the sellers of cattle and their secured lenders, Fifth Third has asserted, and continues to assert, that it has a 100% perfected security interest in the full amount of the accounts receivable generated by Eastern Livestock's sale of cattle.

3. First Bank sought some threshold discovery on the events leading up to the receivership. On June 28, 2011, counsel for First Bank took the deposition of Timothy S. Spurlock, Fifth Third's Assistant Vice President of Special Investigations and the individual who signed the verification to Fifth Third's Verified Complaint in the state court action. First Bank then promptly submitted interrogatories and request for production of documents to which Fifth Third refused to respond. Counsel for Fifth Third, the same counsel who filed the instant motion, told counsel for First Bank: "get it in the bankruptcy."

4. After many months, First Bank has received a partial document production from Fifth Third which includes, for example, an arbitrary production of email correspondence from only three Fifth Third representatives for an arbitrary period of time a few months prior to and after the collapse of Eastern Livestock.

5. First Bank, through counsel, has made every effort to provide assistance to the Trustee's Special Counsel, Sean White of Hoover Hull. Indeed, it was counsel for First Bank who provided the Trustee's Special Counsel with the documents and audio witness statements made part of the public record in connection with the proceedings in relation to the indictments

of four former Eastern Livestock employees. To coordinate discovery efforts, First Bank arranged an in-person conference with counsel for Fifth Third on Thursday, January 19 and arranged for Special Counsel to participate via telephone. The parties attempted to resolve the issues relating to outstanding document requests. But, Fifth Third has not yet produced documents promised at the conference.

6. In turn, Special Counsel has professionally and cooperatively kept First Bank's counsel advised of the efforts to schedule depositions of Fifth Third employees. Special Counsel has advised First Bank's counsel and counsel for other creditors of his efforts to obtain deposition dates for several Fifth Third employees. First Bank was deferring to Special Counsel to notice the depositions in accordance with the dates provided him in order to avoid any potential interference with his investigation. On January 30, 2012 counsel for First Bank wrote to Special Counsel encouraging him to issue deposition notices "across all bankruptcy and adversary proceedings."

7. On Monday, February 6, 2012, counsel for First Bank received Special Counsel's letter in response to the instant motion "to limit" discovery from the Fifth Third witnesses or for protective order. Special Counsel agreed in that letter to notice the depositions across all bankruptcy and adversary proceedings – addressing the only issue Fifth Third had raised with Special Counsel prior to filing the motion – and Special Counsel requested that Fifth Third withdraw the motion so the Trustee (and other parties) would not be required to waste resources by having to respond.

8. On February 7, 2012, counsel for First Bank wrote Special Counsel, Fifth Third's counsel, counsel for Superior Livestock, counsel for the Kentucky stockyards and counsel for the Florida stockyards inviting a conference call under Southern District of Indiana

Local Rule 37.1 to discuss the discovery issues. Counsel for First Bank pointed out that any constraints on Special Counsel's investigation or the participation of other interested creditors assisting the investigation was premature. First Bank's counsel stated that all counsel would likely be amenable to "reasonable restrictions" on the duration of depositions and that Fifth Third's suggestion that skilled attorneys who are officers of the court would depose any witness for 77 hours was preposterous. First Bank's counsel offered to arrange a toll-free dial-in for the conference and added that it was inappropriate "to file for a protective order before document production is complete, before even one deposition is noticed, before having a conference mandated by the rules, and in response to an investigation ordered by the Court."

9. The conference call took place at 4:30 pm on February 7, 2012. Even though Special Counsel and Fifth Third's counsel had agreed upon dates for the depositions of eleven witnesses, Fifth Third's counsel suddenly stated that all depositions of Fifth Third witnesses were now canceled until such time as the Court rules on the pending motion, even though the motion raised discovery issues never previously discussed with any of the counsel who may participate in the depositions. First Bank's counsel protested that lead counsel and other members of his law firm had blocked off those dates on their calendars and rearranged other appointments and engagements in reliance upon the representations Fifth Third's counsel made to Special Counsel relating to the witness scheduling. First Bank's counsel further inquired when precisely Fifth Third's witnesses were told that they need not be available on the previously-communicated dates for depositions as part of Special Counsel's investigation. Fifth Third's counsel refused to respond.

10. Several counsel on the phone conference urged Fifth Third's counsel to adopt a more reasonable approach to allow the depositions to go forward as scheduled and later,

if any parties sought discovery of the same witness on duplicative matters, then Fifth Third could move for an appropriate protective order. Fifth Third's counsel refused and unfortunately suggested the parties "agree to disagree" and leave the matter to the Court.

11. There is no legitimate reason, and no support in the Civil Rules, to preemptively limit deposition discovery particularly where, as here, the discovery is part of an important investigation of potential claims.

WHEREFORE, First Bank urges the Court to deny the Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order in its entirety and to impose sanctions including, but not limited to, reasonable attorneys fees for the inconvenience caused to counsel and the wasted resources responding to a frivolous discovery motion that did not comply with the S.D. Ind. Local Rules.

Respectfully submitted,

/s/ Daniel J. Donnellon

Daniel J. Donnellon (*pro hac vice)*
Stephen A. Weigand (*pro hac vice)*
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0308
Telecopier: (513) 631-0319
Email: ddonnellon@ficlaw.com
sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2012, a true and correct copy of the foregoing Objection to Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

C.R. Bowles, Jr
crb@gdm.com

James A. Knauer
jak@kgrlaw.com

John Hunt Lovell
john@lovell-law.net

Mark A. Robinson
mrobinson@vhrlaw.com

Jeffrey R Erler
jeffe@bellnunnally.com

Edward M King
tking@fbtlaw.com

Randall D. LaTour
rdlatour@vorys.com

Bret S. Clement
bclement@acs-law.com

John R. Carr, III
jrciii@acs-law.com

James M. Carr
jim.carr@bakerd.com

Robert K. Stanley
robert.stanley@bakerd.com

Terry E. Hall
terry.hall@bakerd.com

Dustin R. DeNeal
dustin.deneal@bakerd.com

John Frederick Massouh
john.massouh@sprouselaw.com

John W. Ames
jwa@gdm.com

Robert Hughes Foree
robertforee@bellsouth.net

Kim Martin Lewis
kim.lewis@dinslaw.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Ivana B. Shallcross
ibs@gdm.com

Deborah Caruso
decaruso@daleek.com

Meredith R. Thomas
mthomas@daleeke.com

William Robert Meyer, II
rmeyer@stites.com

Christie A. Moore
cm@gdm.com

Allen Morris
amorris@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

James T. Young
james@rubin-levin.net

David L. LeBas
dlebas@namanhowell.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John M. Thompson
john.thompson@crowedunlevy.com

Jessica E. Yates
jyates@swlaw.com

Matthew J. Ochs
matt.ochs@moyewhite.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Kelly Greene McConnell
lisahughes@givenspursley.com

T. Kent Barber
kbarber@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Walter Scott Newbern
wsnewbern@msn.com

Kirk Crutcher
kcrutcher@mcs-law.com

Todd J. Johnston
tjohnston@mcjllp.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Karen L. Lobring
lobring@msn.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

Elliott D. Levin
robin@rubin-levin.net
edl@trustesoultions.com

John M. Rogers
johnr@rubin-levin.net

Jeremy S. Rogers
Jeremy.rogers@dinslaw.com

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E. Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C. Scherer
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

Christopher E. Baker
cbaker@hklawfirm.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

Andrea L. Wasson
andreawassonatty@gmail.com

Anthony G. Raluy
traluy@fbhlaw.net

Harmony A. Mappes
Harmony.mappes@faegrebd.com

James B. Lind
jblind@vorys.com

James E. Rossow, Jr.
jim@rubin-levin.net

Jeffrey R. Erler
jeffe@bellnunnally.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Kevin M. Toner
Kevin.toner@faegrebd.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Melissa S. Giberson
msgiverson@vorys.com

John Huffaker
John.huffaker@sprouselaw.com

Shawna M. Eikenberry
Shawna.eikenberry@faegrebd.com

Wendy W. Ponader
Wendy.ponader@faegrebd.com

/s/ Daniel J. Donnellon
Daniel J. Donnellon

593370.2