UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| EASTERN LIVESTOCK CO., LLC, et al.,[1] | : | Case No.: 10-93904-BHL-11 |
| Debtors. | : | |

**<u>INDEX TO EXHIBITS TO FIFTH THIRD BANK, N.A.,'S RESPONSE AND BRIEF IN OPPOSITION TO THE TRUSTEE'S MOTION FOR EXPEDITED HEARING AND MOTION FOR RULE 2004 EXAMINATIONS</u>**

| Exhibit Number | Description |
|---|---|
| A | Excerpts from Transcript of December 14, 2011 Omnibus Hearing |
| B | January 10, 2012, Letter from Sean T. White to Kent A. Britt |
| C | January 30, 2012, Email from Kent A. Britt to Sean T. White |
| D | February 2, 2012, Letter from David F. Hine to Sean T. White |
| E | February 6, 2012, Letter from Sean T. White to Randall D. LaTour, Kent A. Britt, and David F. Hine |
| F | February 7, 2012, Letter from David F. Hine to Sean T. White |
| G | February 7, 2012, Email from Daniel J. Donnellon to Randall D. LaTour, Kent A. Britt, and David F. Hine |
| H | February 7, 2012, Email from Kent A. Britt to Daniel J. Donnellon, Sean T. White, Stephen A. Weigand, John M. Rogers, and Christopher M. Trapp |

---

[1] The Debtor entities are Eastern Livestock Co., LLC and Okie Farms, L.L.C.

Respectfully submitted,

/s/  Randall D. LaTour
Randall D. LaTour (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43216
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vorys.com

Kent A. Britt (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, Ohio 45202
Telephone: (513) 723-4488
Facsimile:  (513) 852-7818
Email: kabritt@vorys.com

*Attorneys for Fifth Third Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA - NEW ALBANY

```
=============================
IN THE MATTER OF:              .  Case #10-93904-BHL-11
                               .
EASTERN LIVESTOCK CO., LLC     .  New Albany, Indiana
                               .  December 14, 2011
                   Debtor      .  10:10:58 a.m.
=============================
```

TRANSCRIPT OF TELEPHONIC HEARINGS RE:
CONTINUED TELEPHONIC HEARING ON:
(#317) FINAL HEARING RE: MOTION TO ABANDON, CORRECTED MOTION FOR RELIEF FRO STAY, FILED BY CREDITOR PEOPLES BANK & TRUST COMPANY OF PICKETT COUNTY; (#867) TRUSTEE'S SUPPLEMENTAL OBJECTION TO CORRECTED MOTION TO ABANDON, CORRECTED MOTION FOR RELIEF FROM STAY;
FEE APPLICATIONS:
(#816) TRUSTEE JAMES KNAUER'S APPLICATION FOR COMPENSATION AND/OR REIMBURSEMENT OF EXPENSES PURSUANT TO §330;
(#905) OBJECTIONS BY VARIOUS CREDITORS;
(#857) FIRST INTERIM APPLICATION OF HOOVER HULL, LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE CHAPTER 11 TRUSTEE, JAMES KNAUER;
(#895) OBJECTIONS BY VARIOUS CREDITORS;
(#820) APPLICATION FOR COMPENSATION AND/OR REIMBURSEMENT OF EXPENSES FOR JAMES CARR, TRUSTEE'S COUNSEL, PURSUANT TO §330;
(#896, #903, #904) OBJECTIONS BY VARIOUS CREDITORS;
----------continued--------------->
BEFORE THE HONORABLE BASIL H. LORCH, III, J.U.S.B.C.

APPEARANCES: (See Next Page)

Electronic Sound Recording Operator:   Amy Bruckert

Proceedings Recorded by FTR Gold Digital Sound Recording
Transcript Produced by Certified Transcription Service

---

**GCI TRANSCRIPTION SERVICES**
210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
1-609-927-0299       FAX 1-609-927-9768       1-800-471-0299
e-mail - irwingloria@comcast.net

EXHIBIT A

Page 2 Cover
#10-93904
12-14-2011

**CAPTION - CONTINUED**

(#821) APPLICATION FOR COMPENSATION AND/OR REIMBURSEMENT OF EXPENSES FOR DEVELOPMENT SPECIALISTS, INC. CONSULTANT, FILED BY CHAPTER 11 TRUSTEE JAMES KNAUER, PURSUANT TO §330;
(#828) MOTION TO APPROVE AN INFORMAL AD HOC COMMITTEE;
(#879) OBJECTION BY U.S. TRUSTEE;
(#865) TRUSTEE'S MOTION TO COMPROMISE ND SETTLE UNDER FRBP 9019 MOTION TO APPROVE SALE AGREEMENT AND COMPROMISE OF CLAIMS CONCERNING CATTLEMEN'S FEED LOT, LTD.;
(#871) TRUSTEE'S MOTION FOR JOINT ADMINISTRATION OF CASES #10-93904 AND #11-93144;
(#887) MOTION IN LIMINE WITH RESPECT TO PROPOSED TESTIMONY OF PATRICK O'MALLEY, FILED BY CREDITOR PEOPLES BANK AND TRUST CO. OF PICKETT COUNTY; (#893) RESPONSE IN OPPOSITION, FILED BY TRUSTEE; CONTINUED ORAL ARGUMENT RE: TRUSTEE'S PURCHASE MONEY CLAIMS REPORT/ DISPOSITIVE MOTION (CONSTRUCTIVE TRUST;
CONTINUED ORAL ARGUMENT RE: TRUSTEE'S PURCHASE MONEY CLAIMS REPORT/KREMLIN ISSUE
BEFORE THE HONORABLE BASIL H. LORCH, III, J.U.S.B.C.

**APPEARANCES:**

For Chapter 11 Trustee, James Knauer:
TERRY E. HALL, ESQ.
KEVIN TONER, ESQ.
HARMONY MAPPES, ESQ.
DUSTIN R. DENEAL, ESQ. *(Via phone)*
Baker & Daniels
300 N. Meridian Street Suite 2700
Indianapolis, IN 46204
---------continued---------->

Electronic Sound Recording Operator: Amy Bruckert

Proceedings Recorded by FTR Gold Digital Recording
Transcript Produced by Certified Transcription Service

GCI TRANSCRIPTION SERVICES
210 Bayberry Avenue
Egg Harbor Township, NJ 08234-5901
1-609-927-0299  FAX 1-609-927-9768  1-800-471-0299
e-mail - irwingloria@comcast.net

1    So this -- there's interesting decisions going both
2 ways.  And I'll -- I'll get you an answer on that question.
3    So here's what I think we ought to do in terms of
4 moving this case along.  I'm going to issue an order on the
5 constructive trust issue.  That will probably be issued
6 sometime in January, no later than early February.  It depends
7 on how delayed we get by the holidays and et cetera.
8    As I've indicated today, that could lead -- that
9 could lead to other things, or it could be an order saying
10 that you're not -- I don't think there are constructive trusts
11 in Bankruptcy Court.  Maybe not quite that broad, but it could
12 be a No for a variety of reasons.
13    The other issue is the information.  I'd like for
14 the Hoover Hull firm to file within 90 days a preliminary
15 report to the Court as to its position on equitable
16 subordination.
17    I'd like any party -- and I assume this is already
18 going on.  But as documents have been conveyed to the
19 Trustee's counsel, Hoover Hull, I assume they're -- are they
20 made immediately available to other parties or how does that
21 work?
22    MR. WHITE: (not near microphone) We just got
23 permission from Fifth Third that the documents we have will be
24 delivered to Baker & Daniels so they can be uploaded to the
25 Trustee's data(unclear).

```
 1              THE COURT:    All right.
 2              MR. WHITE:    And any further documents that we
 3   receive, we'll do that as well, Your Honor.
 4              THE COURT:    So all documents that you receive are
 5   going to be uploaded and available for purview by other
 6   parties, so that they can come in here at a status, or a
 7   hearing that we have in about 90 days, and we can discuss your
 8   preliminary -- I understand you said you needed 120 days.
 9   That's why I said preliminary --
10              MR. WHITE:    Your Honor, is that report filed and
11   cleared -- is that available to anyone or is that just for the
12   Court?    (Pause)   Can I make a suggestion?
13              THE COURT:  You can make a suggestion.   I was
14   thinking that it would be available.  But I understand that if
15   there is going to be litigation, you don't want to give away
16   your --
17              MR. WHITE:    Exactly.
18              THE COURT:    -- litigation strategies.
19              MR. WHITE:    Exactly.  What theor -- we had in mind
20   that their investigation was going to lead to was of course a
21   disclosure statement, so that people could make an intelligent
22   decision with regard to this plan.
23              The --
24              THE COURT: Well, I don't know.  I mean, let's put it
25   this way.  I think if the conclusion is that you don't think
```

**HOOVER HULL LLP**

January 10, 2012

SEAN T. WHITE
swhite@hooverhull.com
317.822.4400 x 109

**VIA E-MAIL**

Kent Britt
Vorys, Sater, Seymour and Pease LLP
221 E. Fourth St.
Suite 2000, Atrium Two
Cincinnati, OH 45202

    Re:   In re: Eastern Livestock Co., LLC
            United States Bankruptcy Court; Southern District of Indiana
            Case No. 10-93904-BHL

Dear Kent:

    I write to requests dates that the following Fifth Third Bank employees are available to be deposed in connection with the above referenced matter:

1. Anne Kelly, Relationship Manager for Eastern Livestock;
2. Dave Fuller, Vice President, Structured Finance Group Team Lead, initial relationship manager for Eastern Livestock;
3. Lori Hart, Operations Manager, Structured Finance Group;
4. Timothy Spurlock, Investigator in the Bank Protection Department;
5. Sean Kelly, Field Exam Department;
6. Devon Morse, Investigator;
7. Sara Chapman;
8. Amber Whitehouse;
9. Shannon Hughes;
10. Patty Voss; and
11. Darren Steinmann.

    We would like to take the depositions January 31-February 3. In the event these individuals are not available, our alternative would be February 14-17. If you have any questions regarding this matter that you wish to discuss, please do not hesitate to call.

                                  Very truly yours,

                                  Sean T. White

**EXHIBIT B**

STW/vkw
611077_1.DOCX/8728-1

HOOVER HULL LLP    ATTORNEYS AT LAW
111 MONUMENT CIRCLE SUITE 4400    P.O. BOX 44989    INDIANAPOLIS, IN 46244-0989
PHONE 317.822.4400    FAX 317.822.0234    WEB www.hooverhull.com

**From:** Britt, Kent A.
**Sent:** Monday, January 30, 2012 4:16 PM
**To:** Sean T. White
**Cc:** Richardson, Eric W.; Morgenstern, Daniel C.
**Subject:** Eastern Livestock

Sean,

When we spoke last week, Eric Richardson and I asked you if you would be willing to notice the requested depositions in each of the adversary proceedings. You indicated, however, that you were inclined to notice the depositions *only* for the main bankruptcy case. Our hope is to avoid a situation where creditors can conduct multiple depositions of each of Fifth Third's employees, and such a limited notice would not accomplish that goal. Please let us know if your position has changed so that we can proceed with scheduling the depositions, or if you plan to proceed with the narrow deposition notices.

Kent



**Kent A. Britt**
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street | Suite 2000, Atrium Two
Cincinnati, Ohio 45202

Direct: 513.723.4488
Fax: 513.852.7818
Email: kabritt@vorys.com
*www.vorys.com*

**EXHIBIT C**

1



**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

221 East Fourth St.
Suite 2000, Atrium Two
PO Box 0236
Cincinnati, OH 45201-0236

513-723-4000 | www.vorys.com

Founded 1909

David F. Hine
Direct Dial (513) 723-4078
Direct Fax (513) 852-7833
Email dfhine@vorys.com

February 2, 2012

**VIA EMAIL AND OVERNIGHT CARRIER**

Sean T. White, Esq.
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

      Re:   *In Re: Eastern Livestock Co., LLC*, Case No. 10-93904-BHL
              United States Bankruptcy Court, Southern District of Indiana

Dear Sean:

      I am writing for two reasons: (1) to memorialize our January 30, 2012, telephone conversation regarding your letter of January 11, 2012; and (2) to respond to your letter of February 1, 2012.

      First, with regard to our January 30 conversation, the following list summarizes the issues that we discussed:

- Privilege Concerns: We are in the process of creating a privilege log. The log will describe the nature of the documents that we are withholding, as well as the basis for our assertion of privilege.

- 2007 Investigation File: You asked for documents created on or after November 1, 2007, but Fifth Third closed the 2007 investigation file about four months before that point in time. Once you stated that you were interested in seeing this earlier material, I indicated that Fifth Third will produce non-privileged documents contained within the investigation file.

- Other Responsive Documents: You requested that Fifth Third confirm that it "is not withholding any other responsive documents." I confirmed that the only responsive documents Fifth Third is "withholding" are those documents that are privileged and that will be identified in our privilege log. I also explained, however, that we have been

Columbus | Washington | Cleveland | Cincinnati | Akron | Houston

**EXHIBIT D**


Legal Counsel

Sean T. White
February 2, 2012
Page 2

engaged in a rolling production that is not yet complete, that we are still in the process of reviewing the 2007, 2009 and 2010 investigation files for privilege and/or work product, and that additional responsive documents were forthcoming.

- Discovery Procedures: You asked if you needed to send a subpoena in order to obtain additional documents. I responded that you would need to serve a subpoena or other formal discovery requests for any new documents that you were requesting, but that, as a courtesy, we would provide you a copy of any materials otherwise being produced to parties in the bankruptcy litigation. To that end, the five discs enclosed herewith make up the balance of the documents that we have produced to any other parties in the bankruptcy litigation, other than those documents that we have previously produced to you.

- Stoffel Subpoenas: I confirmed that, per your request and as a further courtesy to you, we had accepted service of the subpoenas you prepared for Wayne Stoffel; Stoffel Consulting Services, Inc.; and Agribusiness Consulting Group, LLC. Our responses to these subpoenas will be served in a timely fashion.

Second, with regard to the letter that you sent yesterday, we are disappointed at the unfounded and accusatory tone in your letter. We will not engage in a debate over the scope of your prior subpoena and the responsiveness of the document to which you refer. Although you suggest some attempt to conceal the referenced document, Fifth Third had already produced that document to multiple other parties in this action, and it is included on one of the enclosed CDs, which was already being burned when we received your letter. Also, as you note, the document itself had already been previously produced to the Kentucky AG, the document is filed as a matter of public court record, and you had already obtained the document from the public record when you complained about having not received it earlier from us. Again, given the number of professional courtesies and cooperation we have offered to you, your accusation is disappointing.

As for the deposition dates, Kent Britt and Eric Richardson spoke with you a full week ago, on January 26, 2012, to request that the Trustee notice the upcoming depositions in both the main bankruptcy case and in the related adversary proceedings so as to avoid our witnesses being subjected to multiple depositions. You stated you would inquire of your client and let us know your client's position on our request, but you never did so. Thereafter, Kent Britt emailed you on January 30, 2012, to once again request your agreement to notice the depositions in all of the related cases, but you again failed to respond. We are puzzled by your apparent reluctance to agree to notice the depositions for all of the cases, or even to confirm your client's position. Please advise as to your client's position and whether it will be necessary for



Legal Counsel

Sean T. White
February 2, 2012
Page 3

us to seek an order from the court to protect our witnesses from serial depositions in these matters.

Very truly yours,

David F. Hine

Enclosures

cc:　Randall D. LaTour, Esq.
　　　Eric W. Richardson, Esq.
　　　Kent A. Britt, Esq.

# HOOVER HULL LLP

SEAN T. WHITE
swhite@hooverhull.com
317.822.4400 x 109

February 6, 2012

**VIA E-MAIL**

Randall D. LaTour
Kent A. Britt
David F. Hine
Vorys, Sater Seymour and Pease, LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, OH 45202

    RE:    In re: Eastern Livestock Co., LLC
               United States Bankruptcy Court; Southern District of Indiana
               Case No. 10-93904-BHL

Dear Gentlemen:

    I was disappointed to receive Fifth Third's Motion to Limit Discovery or Alternatively for a Protective Order (the "Discovery Motion"). I had made calls and left messages for Kent and David last week to discuss the depositions of Fifth Third employees. However, for whatever reason, no one returned my calls to discuss this issue. Moreover, there was no attempt to comply with the Southern District of Indiana's Local Rule 37.1 that requires a discovery conference before filing a motion relating to depositions. Had any of you returned my calls, Fifth Third would have known filing the Discovery Motion was unnecessary. Let me be clear, the Trustee agrees to notice the depositions in the bankruptcy case and each adversary proceeding. The Trustee therefore, requests you to withdraw the Discovery Motion so that he does not have to waste resources responding to it.

    Please be advised that we will be noticing the depositions of Darren Steinmann, Lori Hart, Anne Kelly, Timothy Spurlock, Shannon Hughes and Amber Whitehouse tomorrow on the dates Kent previously provided to me. Kent was to confirm them in writing but to date I have received no such correspondence. Likewise, we will notice on Wednesday the depositions of the other Fifth Third employees for which dates were not yet provided unless provided. Unless you advise us before Wednesday concerning different availability of these witnesses, we intend to depose them according to the following schedule:

**EXHIBIT E**

Randall D. LaTour
Kent A. Britt
David F. Hine
February 6, 2012
Page 2

| DEPONENT | DEPOSITION DATE |
|---|---|
| Darren Steinmann | February 14, 2012 |
| Lori Hart | February 14 or 15, 2012 |
| Anne Kelly | February 14 or 15, 2012 |
| David Fuller | February 16, 2012 |
| Sean Kelly | February 17, 2012 |
| Timothy Spurlock | February 21 or 22, 2012 |
| Shannon Hughes | February 21 or 22, 2012 |
| Amber Whitehouse | February 22, 2012 |
| Devon Morse | February 23 or 24, 2012 |
| Patty Voss | February 24, 2012 |
| Sara Chapman | February 24 or 25, 2012 |

Very truly yours,

*[signature]*

Sean T. White

STW/vkw
cc:   James A. Knauer
      John David Hoover
      Daniel J. Donnellon
      Laura Day DelCotto
      John M. Rogers
      Claude R. Bowles, Jr.
      John Ames
      Ivana B. Shallcross
      W. Scott Newbern
614737_1.DOCX/8728-1



**Vorys, Sater, Seymour and Pease LLP**
Legal Counsel

221 East Fourth St.
Suite 2000, Atrium Two
PO Box 0236
Cincinnati, OH 45201-0236

513-723-4000 | www.vorys.com

Founded 1909

David F. Hine
Direct Dial (513) 723-4078
Direct Fax (513) 852-7833
Email dfhine@vorys.com

February 7, 2012

**VIA E-MAIL**

Sean T. White, Esq.
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

Re:    In Re: *Eastern Livestock Co., LLC*, Case No. 10-93904-BHL
United States Bankruptcy Court; Southern District of Ohio

Dear Sean:

Thank you for your letter of February 6, 2012. We are pleased that the Trustee has agreed to notice the depositions in the bankruptcy case *and* each of the adversary proceedings. We wish that you would have notified us sooner so that the motion could have been avoided.

As you know, Fifth Third's motion requests an order preventing any depositions from proceeding while the motion is pending. In order to allow other parties to appear and participate, we need to set a schedule that allows the other parties to do so before we can withdraw our motion. Unless *all* of the interested parties—not just the Trustee and the handful of creditors who have actively pursued discovery from Fifth Third to this point—are notified of the depositions and given an opportunity to prepare for them, Fifth Third will remain vulnerable to repeated requests for additional depositions of these same witnesses. Because a one-week notice of deposition is not adequate notice for the vast majority of the parties, we respectfully request that the depositions be noticed far enough out that others can appear and participate at the depositions.

Moreover, many of the witnesses are no longer available on those tentative dates that we discussed several weeks ago before the dispute over serial depositions was raised with you. Several weeks passed after we initially presented those dates as options we were pursuing with the witnesses, and there was no confirmation on your part that the depositions would be noticed in all cases and, thus, could proceed. As such, many of the witnesses are no longer available during the two-week period you proposed.

Columbus | Washington | Cleveland | Cincinnati | Akron | Houston

**EXHIBIT F**



**VORYS**
Legal Counsel

Sean T. White
February 7, 2012
Page 2

Because we certainly need to discuss the deposition schedule, and because we have had some difficulty reaching each other by telephone in the past, we believe it would be helpful to schedule a time when we can discuss the matter. To that end, please let us know if you are available for a conference call tomorrow, February 8, 2012, at 1:00 pm.

Very truly yours,

David F. Hine

DFH/dfh

cc: Randall D. LaTour, Esq.
    Eric W. Richardson, Esq.
    Kent A. Britt, Esq.

| | |
|---|---|
| **From:** | Donnellon, Daniel J. [ddonnellon@ficlaw.com] |
| **Sent:** | Tuesday, February 07, 2012 8:58 AM |
| **To:** | Britt, Kent A.; Hine, David F.; LaTour, Randall D. |
| **Cc:** | Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net |
| **Subject:** | Fifth Third Discovery [IWOV-DMS.FID81085] |

Kent and David

I am a little distressed by the lack of progress in obtaining discovery from Fifth Third after our meeting on January 19. First, it took more than 2 weeks to generate a simple letter that said nothing more than the YCB "Jack Henry Associates" documents in the 2009 investigation were not generated by YCB's Yellow Hammer software and that you are "working on" everything else. Second, you filed a motion for a protective order blaming Mr. White for being difficult and requiring court intervention. Mr. White's letter of February 6, however, completely disabuses any notion that he was being uncooperative and even states that there was no mandatory discovery conference. I agree with Mr. White that Fifth Third should withdraw the motion immediately. It is preposterous to think that the fine lawyers in these cases, all officers of the court, would subject any Fifth Third witness to 77 hours of deposition testimony.

We have serious issues with the lack of production of documents which, I thought, we addressed amicably when we met in my office. I would like to arrange another meeting, or at the very minimum, a conference call among, Mr. White, the Vorys lawyers, the FIC lawyers, and the Rubin Levin lawyers to discuss and resolve the discovery issues. Please consider this the Rule 37.1 conference that you avoided before filing your motion. If Special Counsel and the other creditors are required to file opposition papers to your motion, which you have asked to be heard on Monday, February 13, then, under the local rules our objections may arguably be due today, or at the latest tomorrow.

Accordingly, could everyone please give me times you are available TODAY for the conference. As long as the conference is before 5, I will rearrange my schedule to accommodate yours.

Daniel J. Donnellon, Esq.| Faruki Ireland & Cox P.L.L. | Email: ddonnellon@ficlaw.com
Tel: 513.632.0308 | Fax: 513.632.0319
201 East Fifth St., Ste. 1420 | Cincinnati, OH 45202
500 Courthouse Plaza, S.W. | Dayton, OH 45402
Trusted Wisdom | Extraordinary Results | Web: www.ficlaw.com

The information contained in this e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, attorney's work product and/or exempt from disclosure under applicable law. If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by replying to this message and then delete it, in its entirety,
from your system. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is
accepted by Faruki Ireland & Cox P.L.L. for any loss or damage arising in any way from its use.

**EXHIBIT G**

| | |
|---|---|
| **From:** | Britt, Kent A. |
| **Sent:** | Tuesday, February 07, 2012 2:37 PM |
| **To:** | Donnellon, Daniel J.; Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net |
| **Cc:** | LaTour, Randall D.; Richardson, Eric W.; Hine, David F. |
| **Subject:** | RE: Fifth Third Discovery [IWOV-DMS.FID81085] |

Gentlemen,

I write in response to your emails below. As an initial matter, Fifth Third has been served with discovery requests by distinct and separate parties and will respond accordingly. The only common issue is the subject of depositions, which we address herein. We will respond to the individual discovery assertions by separate email with the parties who served those requests.

As for the eagerness to discuss the depositions and Fifth Third's pending motion, we are admittedly a little perplexed. Mr. Donnellon takes offense to the notion that counsel in this case would subject Fifth Third's witnesses to 77 hours of depositions, but is silent as to any representation that he will agree that Fifth Third's witness will be deposed only once for seven hours per the Federal Rules of Civil Procedure. Likewise, Mr. Rogers (who, until today, did not appear to be involved in the Trustee's discussion of depositions) has also not indicated that he will agree that Fifth Third's witnesses shall be deposed only once for seven hours. Finally, though Mr. White mentioned in his letter of February 6, 2012, that the Trustee would agree to notice the depositions in the main bankruptcy proceeding and in the related adversary proceedings, this representation was made only after Fifth Third filed its motion and had attempted to resolve the issue on this point. Fifth Third had previously requested the stipulation in a phone call, an email, and a formal letter, but Mr. White never responded with the Trustee's position.

At this point, if you are willing to stipulate that Fifth Third's witnesses will only be subjected to one deposition each, we will promptly circulate a stipulation to all other counsel of record. Assuming that they, too, are willing to enter into such a stipulation, Fifth Third will withdraw its motion, and we can proceed with scheduling the depositions. If, however, you will not enter into such a stipulation, you will need to respond to Fifth Third's motion.

Please advise as to whether you plan to oppose Fifth Third's motion, or whether you are agreeable to a stipulation that each of Fifth Third's witnesses will be deposed only once. If you believe that a telephone conference on the issue of depositions is required, we will arrange our schedules this afternoon to accommodate such a call.

We await your response.

Kent



**Kent A. Britt**
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street | Suite 2000, Atrium Two
Cincinnati, Ohio 45202

Direct 513.723.4488
Fax 513.852.7818
Email kabritt@vorys.com
*www.vorys.com*

**EXHIBIT H**

1

**From:** Donnellon, Daniel J. [mailto:ddonnellon@ficlaw.com]
**Sent:** Tuesday, February 07, 2012 8:58 AM
**To:** Britt, Kent A.; Hine, David F.; LaTour, Randall D.
**Cc:** Sean T. White; Weigand, Stephen A.; johnr@rubin-levin.net; ctrapp@rubin-levin.net
**Subject:** Fifth Third Discovery [IWOV-DMS.FID81085]

Kent and David

I am a little distressed by the lack of progress in obtaining discovery from Fifth Third after our meeting on January 19. First, it took more than 2 weeks to generate a simple letter that said nothing more than the YCB "Jack Henry Associates" documents in the 2009 investigation were not generated by YCB's Yellow Hammer software and that you are "working on" everything else. Second, you filed a motion for a protective order blaming Mr. White for being difficult and requiring court intervention. Mr. White's letter of February 6, however, completely disabuses any notion that he was being uncooperative and even states that there was no mandatory discovery conference. I agree with Mr. White that Fifth Third should withdraw the motion immediately. It is preposterous to think that the fine lawyers in these cases, all officers of the court, would subject any Fifth Third witness to 77 hours of deposition testimony.

We have serious issues with the lack of production of documents which, I thought, we addressed amicably when we met in my office. I would like to arrange another meeting, or at the very minimum, a conference call among, Mr. White, the Vorys lawyers, the FIC lawyers, and the Rubin Levin lawyers to discuss and resolve the discovery issues. Please consider this the Rule 37.1 conference that you avoided before filing your motion. If Special Counsel and the other creditors are required to file opposition papers to your motion, which you have asked to be heard on Monday, February 13, then, under the local rules our objections may arguably be due today, or at the latest tomorrow.

Accordingly, could everyone please give me times you are available TODAY for the conference. As long as the conference is before 5, I will rearrange my schedule to accommodate yours.

Daniel J. Donnellon, Esq.| Faruki Ireland & Cox P.L.L. | Email: ddonnellon@ficlaw.com
**Tel:** 513.632.0308 | **Fax:** 513.632.0319
201 East Fifth St., Ste. 1420 | Cincinnati, OH  45202
500 Courthouse Plaza, S.W. | Dayton, OH  45402
**Trusted Wisdom | Extraordinary Results | Web:** www.ficlaw.com

The information contained in this e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, attorney's work product and/or exempt from disclosure under applicable law.  If the reader of this
message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us by replying to this message and then delete it, in its entirety,
from your system.  Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is
accepted by Faruki Ireland & Cox P.L.L. for any loss or damage arising in any way from its use.