SO ORDERED: February 15, 2012.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al.,[1] | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| | ) | JOINTLY ADMINISTERED |
| Debtors. | ) | Hon. Basil H. Lorch III |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE**
**CERTAIN PREFERENCE PROTOCOLS AND TERMS OF SETTLEMENT**

This matter came before the Court on the *Trustee's Motion To Approve Certain Preference Protocols And Terms of Settlement* (the "Preference Protocols Motion") (docket #977) filed on January 25, 2012 by James A. Knauer, the chapter 11 trustee appointed in this case (the "Trustee").  Superior Livestock Auction, Inc. filed an Objection to the Preference Protocols Motion on February 8, 2012 (the "Superior Objection") (docket 1015).

A hearing on the Preference Protocols Motion and Superior Objection was conducted on February 13, 2012 (the "Hearing").  Having considered the pleadings filed regarding this matter,

---

1   The Debtor entities are Eastern Livestock Co., LLC and Okie Farms, L.L.C.

and the arguments and representations of counsel at the Hearing, due notice having been given to all parties entitled thereto, and being duly advised in the premises, the Court now HEREBY ORDERS the following:

    1.    The relief requested by the Trustee in the Preference Protocols Motion is granted.

    2.    The Superior Objection is overruled.

    3.    The Court (i) approves the preference recovery protocols implemented by the Trustee as applied to the Trade Preferences[2] under the terms of the Preference Protocols Motion, and (ii) authorizes the Trustee to settle the Trade Preferences in the sums of the Estimated Net Exposure respectively without further order of this Court.

    4.    Nothing herein shall compel, restrict or otherwise effect any of the Trustee's rights as provided under the Bankruptcy Code, including, but not limited to, (i) seeking to apply at a later date similar preference recovery procedures to settle or pursue recovery of transfers to Insiders (inclusive of the transfers for the one year "look back" under 11 U.S.C. § 547(b)(4)(B)) and Fifth Third, (ii) declining with respect to any Trade Preference Transferee to send a demand letter offering to settle in the sum of Trade Preference Transferee's Estimated Net Exposure if the Trustee's judgment is that settling for Estimated Net Exposure would not be in the best interests of the Chapter 11 estate; (iii) seeking to recover Trade Preferences from those Trade Preference Transferees (or any other Transferees) that the Trustee does not presently plan to pursue under the terms of this Motion, if at a later date additional information is received or new facts emerge altering any conclusions under the Preliminary Preference Analyses, or (iv)

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Preference Protocols Motion.

pursuing pending or threatened litigation with various parties in interest where the Trustee's claims and causes of action include, but are not limited to, the potential avoidance of Transfers.

###