UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

### AFFIDAVIT OF JOHN J. PETR IN SUPPORT OF TRUSTEE'S APPLICATION TO EMPLOY KROGER, GARDIS & REGAS, LLP AS SPECIAL COUNSEL TO THE CHAPTER 11 TRUSTEE

Comes now John J. Petr, and being duly sworn upon his oath, deposes and states, under penalty of perjury, that:

1. I am an attorney admitted to practice before the United States District Court for the Southern District of Indiana and a partner in the law firm of Kroger, Gardis & Regas, LLP (hereinafter "KGR").

2. In preparing this Affidavit, I submitted for review pursuant to KGR's conflicts check system the names of the parties identified to me by James A. Knauer, the duly appointed Chapter 11 Trustee appointed in this case ("Trustee"), as makers of certain Promissory Notes payable to Eastern Livestock Co., LLC, and the names of individuals and companies which have been identified as potential recipients of avoidable preferential transfers pursuant to 11 U.S.C. §547.

3. Based upon an examination of KGR's records, to the best of my knowledge, neither KGR nor I, nor any other member, associate or professional employee of KGR, owns or represents any interest materially adverse to:

    a. the estate of the above-captioned debtor and debtor-in-possession ("Debtor"),

Exhibit A

  b.  the identified Promissory Note makers; and/or

  c.  the identified potential preferential transfer recipients.

  4.  Further, to the best of my knowledge, other than as disclosed herein, the Firm has no present connection with Debtor's estate.

  5.  Notwithstanding the disclosures herein, the Trustee, James A. Knauer, is a partner of KGR. While I do not believe it to be likely, if a controversy arises in this Chapter 11 case regarding the disinterestedness of KGR and/or the Trustee, thereby creating a contested matter under Bankruptcy Rule 9014, or the need to assert or defend an adversary proceeding under Bankruptcy Rule 7001 et seq., KGR will not represent either the Trustee or the opposing party in such contested matter or adversary proceeding absent consent that resolves any prohibition for such representation under the Rules of Professional Conduct and any applicable statute or rules relating to this case.

  6.  Other than the disclosure above concerning the Trustee being a partner of KGR, neither KGR nor I have any connections (as contemplated in FRBP 2014) with the creditors of this estate, or any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

  7.  To the best of my knowledge, no member or associate of KGR is a relative of any judge of this Court.

  8.  To the best of my knowledge, KGR is not and has not been connected with any judge of this Court so as to render improper the employment of KGR as requested in the Trustee's Application.

9. The Firm has not received any compensation for services to be rendered in this case. I have advised the Trustee of the willingness of the Firm to serve as counsel in connection with this case based upon the terms set forth in the Engagement Letter attached to the Trustee's Application.

10. In view of the foregoing, I believe that KGR (i) does not hold or represent an interest adverse to the estate, and (ii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. KGR understands its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtor's bankruptcy estate and case as they appear or become recognized during the case.

FURTHER YOUR AFFIANT SAITH NAUGHT.

DATED 2/21/12

_____
John J. Petr

STATE OF INDIANA   )
                   ) SS:
COUNTY OF MARION   )

Before me, a Notary Public, in and for said County and State, personally appeared John Petr who, having been duly sworn, acknowledged the execution of the foregoing document.

Witness my hand and Notarial Seal this 21st day of February, 2012.

Signature: Suzanne Turpin

My commission expires:
March 31, 2016
My county of residence:
Hendricks

Suzanne Turpin
Notary Public