

JAMES A. KNAUER
JOHN J. PETR
JAMES G. LAUCK
JAY P. KENNEDY
BRIAN C. BOSMA
GREGORY P. CAFOUROS
MADALYN S. KINSEY
WILLIAM BOCK, III
TRICIA A. LEMINGER
JEFFREY L. LOGSTON
HARLEY K. MEANS
STEVEN E. RUNYAN
LINDA M. BATTEN
KEVIN D. KOONS
RYAN C. HALL
RYAN B. BOWERS
ANNE M. HAMILTON
MATTHEW R. ST. LOUIS
JENNIFER WATT

Senior Counsel
SYDNEY L. STEELE
DAVID E. WRIGHT
MELISSA J. DeGROFF
HEATHER McPHERSON

Retired
WILLIAM J. REGAS

R.M. KROGER
(1912 - 2002)
JOHN E. GARDIS
(1908 - 2001)

February 21, 2012

James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125

ENGAGEMENT LETTER

Dear Jim:

  Thank you for the opportunity to submit a proposal whereby Kroger, Gardis & Regas, LLP  ("KGR"), acting as special counsel, would assist you in collection of certain types of claims as the Chapter 11 Trustee for Eastern Livestock Co., LLC. KGR will look forward to this engagement.

  It is our understanding that you desire to retain KGR's services to collect certain Promissory Note obligations due and owing to Eastern Livestock, and to represent the Trustee in actions seeking avoidance and recovery of pre-petition preferential transfers  pursuant to 11 U.S.C. §§547 and 550. Excluded from the scope of our representation would be:

  1. Any note or avoidance claims that are presently pending or required to be brought as counterclaims, cross claims or setoffs in regard to the litigation of other claims by the estate against the targeted person or entity such as account receivable collections or claims in pending interpleader actions; and

  2. Any claims against Fifth Third Bank, as such claims are being pursued by the law firm of Hoover Hull, LLP.  We understand that this representation would be subject to the terms of employment set forth in a Bankruptcy Court Order pursuant to §§327 and 328 of the Bankruptcy Code, and that any compensation would be payable only pursuant to §330 of the Bankruptcy Code.

  This letter sets forth the basis upon which KGR would agree to provide legal services to you as the Trustee, and the proposal of a fee arrangement.

KROGER, GARDIS & REGAS, LLP
111 MONUMENT CIRCLE, SUITE 900
INDIANAPOLIS, INDIANA 46204-5125
(317) 692-9000  FAX (317) 264-6832  www.kgrlaw.com

Exhibit ____B____



James A. Knauer
February 21, 2012
Page 2

As we have discussed, KGR proposes a "blended rate" structure, composed of reduced hourly rates and a contingent incentive based fee, which would be capped. This fee proposal is based upon our analysis of the time and labor required, the novelty and difficulty of the questions presented, the skill necessary to perform the legal services properly, the preclusion of other employment by the attorneys requesting fees due to their acceptance of the case, the customary fee for similar work in the community, the time limitations imposed in the case or the circumstances of the case, the experience, reputation, and the ability of the attorneys requesting fees, the undesirability of the case, the nature and length of the professional relationship with the client, and finally, the awards granted in similar cases.  The proposal is as follows:

1.     Regardless of years of practice, all KGR attorneys would seek compensation at an hourly rate of $175.00 (the "Hourly Fee") for the work performed on each individual matter.

2.     Additionally, in the event of a recovery, KGR would seek compensation equal to the greater of the Hourly Fee amount or a contingency fee of 25% of any and all recoveries for each separate matter in which KGR is employed (the "Contingent Fee").

3.     The maximum recovery of KGR under the Contingent Fee arrangement as to any individual matter will be limited to 2 ½ times its standard hourly rates.

In addition to the Hourly Fee proposed above, KGR would seek reimbursement for expenses for filing fees, photocopying, postage, travel and any other necessary expenses incurred on your behalf.

While we cannot guarantee the success of any given claim, we will do our best to represent your interests vigorously and efficiently.  As part of our duties, KGR will consult with you concerning potential settlements of the claims that we are pursuing, and evaluate those settlement offers.  You will agree to seriously consider recommendations for settlement made by KGR, and we understand that any settlement must be approved by the Bankruptcy Court.

We will retain our files for a period of six (6) years following the conclusion of each engagement.  We decline responsibility for record retention beyond that time period and we reserve the right to destroy our records after that period without further notice.



James A. Knauer
February 21, 2012
Page 3

      You will have the right to terminate our representation at any time, subject to KGR seeking application for payment of the fees and expenses incurred before termination. We will have the same right, subject to an obligation to give you reasonable notice to arrange alternative representation if the same is necessary.

      It is a sincere pleasure to have the opportunity to work with you. Please sign the enclosed copy of this letter and return it in the enclosed self addressed, stamped envelope to indicate your agreement to the terms of our engagement. I look forward to hearing from you with any questions.

      Very truly yours,

      KROGER, GARDIS & REGAS, LLP

      John J. Petr

ACCEPTED AND AGREED:

By: _____
    James A. Knauer, Trustee