UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF FILING

Please take NOTICE that, on February 24, 2012, Counsel for Superior Livestock Auction, Inc. ("Superior"), filed a Motion (the "Motion") to Alter or Amend the February 10, 2012 Order on Trustee's Motion for Partial Summary Judgment (the "Constructive Trust Order"), issued by this Court in the case styled, *Friona Industries, LP v. Eastern Livestock Co., LLC et al*, Adversary Proceeding No. 11-59093 (the "Texas Interpleader"). *See* Doc. No. 379 in the Texas Interpleader. The Motion is attached hereto as Exhibit A.

Respectfully submitted,

/s/ *John W. Ames*
John W. Ames
C.R. Bowles, Jr.
Christie Moore
Ivana B. Shallcross
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone (502) 589-4200
Facsimile (502) 587-3695
james@bgdlegal.com
cbowles@bgdlegal.com
cmoore@bgdlegal.com
ishallcross@bgdlegal.com

COUNSEL FOR SUPERIOR LIVESTOCK
AUCTION, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ *John W. Ames*
John W. Ames

# **EXHIBIT A**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 11 |
| EASTERN LIVESTOCK CO., LLC | ) |
| | ) CASE NO. 10-93904-BHL-11 |
| Debtor | ) |
| | ) Hon. Basil H. Lorch III |
| | ) |
| FRIONA INDUSTRIES, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Adversary Proceeding No. 11-59093 |
| EASTERN LIVESTOCK CO., LLC, et. al., | ) |
| | ) |
| Defendants. | ) |
| and | ) |
| | ) |
| CACTUS GROWERS, INC., | ) |
| | ) |
| Intervenor, | ) |
| v. | ) |
| | ) |
| EASTERN LIVESTOCK, CO., LLC, et al. | ) |
| | ) |
| and | ) |
| | ) |
| J & F OKLAHOMA HOLDINGS, INC., | ) |
| | ) |
| Intervenor, | ) |
| v. | ) |
| | ) |
| EASTERN LIVESTOCK CO., et. al., | ) |
| | ) |
| Defendants. | ) |

## MOTION TO ALTER OR AMEND THE FEBRUARY 10, 2012 ORDER
## ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Superior Livestock Auction, Inc. ("Superior"), by and through counsel, hereby files this Motion pursuant to Rules 7052, 9023 and 9024 of the Federal Rules of Bankruptcy Procedures to Alter and Amend the February 10, 2012 Order on Trustee's Motion for Partial Summary Judgment (the "Motion"). In support of its Motion, Superior states as follows:

### JURISDICTION AND VENUE

1.  On December 6, 2010, an involuntary bankruptcy petition was filed against Eastern Livestock Co., LLC (the "Debtor") in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division (the "Bankruptcy Court") under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code"). On December 28, 2010, an Order or Relief was entered in the above case against the Debtor.

2.  On December 27, 2010, James A. Knauer ("Trustee") was appointed as the chapter 11 Trustee to oversee the Debtor's operations.

3.  No committee has yet been appointed or designated in this case.

4.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

5.  On October 24, 2011, the Trustee filed the Motion for Partial Summary Judgment concerning statutory trusts, constructive trusts and clearing agency issues and a Brief in support

2

thereof (the "Partial S.J. Motion" and the "Brief," respectively) [Doc. Nos. 248 and 249]. The Trustee also filed his Affidavit in support of the Partial S.J. Motion ("Affidavit") [Doc. No. 250].

6. In the Partial S.J. Motion and the Brief, the Trustee requested that the Court rule, as a matter of law, that creditors cannot seek to impose a constructive trust on assets when a constructive trust has not been established by a judgment prior to bankruptcy.

7. The only fact alleged in the Partial S.J. Motion and Brief, relevant to the constructive trust issue, was the uncontested fact that no party had obtained a pre-petition judgment of constructive trust prior to this Chapter 11 case. See Brief at ¶ 9 and Affidavit at ¶ 6.

8. On February 10, 2012, the Court entered the Order on Trustee's Motion for Partial Summary Judgment ("Constructive Trust Order") [Doc. No. 379], adopting the Sixth Circuit case of In re Omegas Group, Inc., 16 F.3d 1443 (6th Cir. 1994) and foreclosing claims based on the proposition that any unpaid seller of cattle has a constructive trust or similar equitable interest derived from common law. See Constructive Trust Order at p. 2. The Court deferred ruling on the issue of classification of the Debtor under the Packers and Stockyards Act of 1921, 7 U.S.C. §181-229(b). Id.

9. The Background section of the Constructive Trust Order contains certain factual determinations that were not raised by the Partial S.J. Motion or related pleadings.

3

## LEGAL DISCUSSION

10. By this Motion at this time, Superior is not requesting that this Court reconsider or alter and amend its conclusions of law made in the Constructive Trust Order. Rather, Superior simply requests that this Court clarify or amend two aspects of the Constructive Trust Order.[1]

11. As noted above, the only factual issues raised before the Court in the Partial S.J. Motion and Brief, relating to constructive trusts, were whether judgments awarding constructive trusts were entered in favor of claimants pre-bankruptcy. Therefore, the Background section of the Constructive Trust Order, which contains additional findings of fact, did not seem necessary to reach the conclusions of law set forth in the Court's order.

12. As much of the facts in this case, especially those relating to the Debtor and Debtor's business, are highly contested and the Court took no evidence or proof regarding these facts in deciding the legal issues relating to constructive trusts, Superior has assumed that the facts set forth in the Background section of the Constructive Trust Order do not constitute factual findings by the Court that are binding on all parties. Out of an abundance of caution, however, Superior seeks a clarification from the Court as to those facts.

13. Superior, therefore, requests that this Court modify the Constructive Trust Order and clarify that the Background section of the Constructive Trust Order does not constitute factual findings by the Court, that it is not binding on all parties and that it will have no impact on the Court's future factual determinations in this case.

---

[1] Superior reserves its right to appeal or otherwise challenge the legal conclusions and rulings made in the Constructive Trust Order at such time as the Constructive Trust Order becomes a final and appealable order.

4

14. In the alternative, Superior requests that this Court amend the Constructive Trust Order to eliminate all factual determinations other than a finding of the lack of any pre-petition constructive trust judgments.

15. Superior also seeks a clarification from this Court that the Constructive Trust Order is not a final order under the standards set forth by 28 U.S.C. §158, Bankruptcy Rule of Procedure 8002, and Seventh Circuit precedent. See e.g., In re McKinney, 610 F.3d 399, 402 (7th Cir. 2010).

16. As noted by the Seventh Circuit in In re Goldblatt Bros, Inc. 758 F.2d 1248, 1250-51 (7th Cir. 1985), orders resolving motions for partial summary judgment are final orders. Here, Superior believes that the Constructive Trust Order is not a final order and therefore is currently not subject to an appeal as a matter of right. However, as the Court did not indicate its position on finality, Superior seeks a clarification of this issue out of an abundance of caution.

## **CONCLUSION**

Wherefore, for the reasons set forth above, Superior requests that this Court alter and amend the Constructive Trust Order to address the above issues and grant Superior such additional and further relief as is appropriate under the circumstances.

Dated: February ___, 2012

Respectfully submitted,

/s/ C.R. Bowles
C.R. Bowles
Christie M. Moore
Ivana B. Shallcross
Bingham Greenebaum Doll LLP
3500 National City Tower
101 South 5th Street
Louisville, KY  40202
502-589-4200

5

Fax: 502-587-3695
Email: cbowles@bgdlegal.com
       cmoore@bgdlegal.com
       ishallcross@bgdlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on February ___, 2012 the foregoing was filed electronically. Notice of this filing was sent to all counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's System.

/s/ C.R. Bowles

4678177_4.docx