UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |

**NOTICE OF FILING**

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market; Ron Sizemore Trucking, Inc.; Oak Lake Cattle Co.; Eagle Bay, Inc.; and Daniel M. Byrd ("Florida Creditors"), by and through undersigned counsel, and give Notice Of Filing of the *Motion To Clarify, Alter, Or Amend Court's Order On Trustee's Motion For Partial Summary Judgment* on February 24, 2012 in the adversary proceeding *Friona Industries, LP v. Eastern Livestock Co., LLC, et al.,* a copy of which is attached hereto as **Exhibit A**. (see Doc. 394)

Respectfully submitted this 27th day of February 2012,

W. SCOTT NEWBERN, PL

/s/ Walter Scott Newbern
W. Scott Newbern
2982 East Geverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.8940871
wsnewbern@msn.com

COUNSEL FOR FLORIDA LIVESTOCK
MARKETS AND CREDITORS

1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system. See Below.

/s/ W. Scott Newbern
W. SCOTT NEWBERN

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Hon. Basil H. Lorch, III |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRIONA INDUSTRIES, L.P., *et al.*, | ) | Adv. Pro. No. 11-59093 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK COMPANY, LLC, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO CLARIFY, ALTER, OR AMEND COURT'S ORDER ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market; Ron Sizemore Trucking, Inc.; Oak Lake Cattle Co.; Eagle Bay, Inc.; and Daniel M. Byrd ("Florida Creditors") file this Motion under Bankruptcy Rules 7052, 9023 and 9024 for this Court ("Motion") to clarify, alter, or amend the Court's *Order On Trustee's Motion For Partial Summary Judgment* (Doc. 379) entered February 10, 2012 in the subject case ("*PSJ Order*"). In support of the Motion, the Florida Creditors state as follows:

1. As noted in their *Notice Of Appearance And Motion to Intervene* (Doc. 383), the Florida Creditors have sought permissive intervention in the subject proceeding based on their claims in the main action and the Rush Creek Ranch, L.L.L.P. adversary proceeding (Case No. 4:11-ap-5904).

2. The Florida Creditors share common questions of law and fact in the above-styled matter with their claims in the main Eastern bankruptcy action and the Rush Creek Ranch, L.L.L.P. adversary proceeding.[1] In seeking to intervene, the Florida Creditors are specifically concerned with the Court's pending consideration the two (2) questions raised in the Trustee's Motion For Summary Judgment relating to the application of the Packers and Stockyards Act of 1921 and governing regulations: (i) whether unpaid sellers of livestock may state a claim to a statutory trust and (ii) whether Eastern acted as "clearing agent" for certain transactions at issue.

3. Additionally, in the *Order On Trustee's Motion For Partial Summary Judgment* the Court has made certain statements of fact or reached conclusions of law for which the Florida Creditors request clarification or modification. Although the statements of fact may not bear directly on the Court's ruling on Constructive Trusts, the statements do impact directly matters to be considered by the Court but were not actually raised by were not raised by the Trustee's Motion For Partial Summary Judgment (Docs. 249 and 249).

4. The Court comments expressly suggests that Eastern typically took "title to but often not possession of its cattle" when in the record is unclear as to what role Eastern played in each of the myriad of livestock transactions in which it engaged.

---

[1] The Florida Creditors has submitted claims for interpled and purchase money funds (Claim Nos. 181-186, 190-199), together with claims for a long series of transactions as Clearee or Market Agency (Claim Nos. 187-189) and separate Florida state law claims for dishonored checks (Claim Nos. 225-230, 232-233). The Florida Creditor claims are in the process of being updated and amended in light of more recent information.

2

> Though Eastern was active at other points in the supply chain and in other capacities, its primary business was the buying and selling of immature cattle. Though Eastern is frequently referred to in these proceedings as a *broker*, it typically purchased relatively small lots of dozens or hundreds of cattle from ranchers, *taking title to but often not possession of its cattle*. Eastern then consolidated those lots into larger groups, and sold the aggregate lots to feedlots to be raised until fit for slaughter. Eastern transacted business in great volume, frequently buying and selling cattle the same day and paying for its purchases by paper check.

*PSJ Order*, at 2. [Emphasis added]

5.  Taking title to the livestock is a lynchpin question relating to what is and is not an estate asset. If Eastern did not take title in a particular transaction, then the livestock were not part of the estate and not subject to Fifth Third Bank, Inc.'s ("Fifth Third") lien. Conversely, if Eastern did take title in a particular transaction, then the livestock may or may not be part of the estate depending on the timing and other aspects of the transactions. Further, when Eastern did take title, the lien of Fifth Third may apply but could be subject to other considerations such as subordination or the Packers and Stockyards Act of 1921 yet to be considered by the Court.

6.  At one time or another, parties to the main case and the subject proceeding have asserted that Eastern certainly did act as a "Dealer" buying and selling livestock on its own account or as employee or agent of the actual purchaser. 7 U.S.C. §201(d) In such circumstances, Eastern would take title when acting for its own account but would not when acting as an employee or agent of purchaser, except possibly in circumstances when Eastern's agency was totally undisclosed. *See* Restatement (Third) Agency, §§6.01, 6.02, 6.03; Restatement (Second) Agency, §§140, 144.

7.  It has also been asserted that Eastern acted as a "Market Agency" in transactions with the industry, buying and selling livestock for other on commission or providing stockyard

3

services. 7 U.S.C. §201(c) As an agency in such circumstances Eastern would not have acquired title. Eastern is known to have served as a commission "Market Agency" or agent dealer for certain large account buyers that include Continental Grain Company. This is a capacity in the livestock business that can be described as "Broker" but is significantly different from that described by the Court in the excerpt above.[2] Eastern widely advertised its business as one of the largest cattle "brokers" in the country.

8.  Finally, the Florida Creditors have asserted that almost exclusively in Florida, and certainly in the transactions in question, Eastern acted as a "Clearing Agency," clearing on a commission basis the transactions for I.E. "Jim" Byrd's company, Oak Lake Cattle Company, as "Clearee." 9 C.F.R. §201.31(c) Again, as agency, title would not have passed to Eastern in such transactions.

9.  The Court noted in the *PSJ Order* that its ruling was a matter of law not dependent upon factual findings. However, the Florida Creditors experience with Eastern as a Clearing Agency differs markedly from that described by the Court in its *PSJ Order* at page 2 excerpted above, and this Clearing Agency status characterized almost exclusively the Oak Lake/Eastern transactions in Florida and those at issue. The relative proportion of these Florida clearing transactions to the totality of Eastern's business is unknown, but Florida is the second largest cattle producing state in the country. Whether this means anything at all in these proceedings is also unknown.

10. It is only out of an abundance of caution that the Florida Creditors have sought permissive intervention in the Friona Industries interpleader, since no interest in the interpled

---

[2] The description of "Broker" plainly suggests an agency relation to a principal buyer or seller and would constitute at a minimum a presumption of at least partial disclosure of principal, if not full disclosure.

4

funds is claimed, and it is out of an abundance of caution that the Florida Creditors seek clarification in the present circumstance. Although the Court's factual statements at page 2 and elsewhere were qualified, the Florida Creditors would like clarification that these factual statements were not findings of fact and are not binding on all parties. The Florida Creditors are continuing to gather information and records in support of their claims in the main and adversary proceedings. Much of this documentation is contrary to positions taken by the Trustee and Fifth Third and would be within the qualifications in the Court's statements of fact in the *PSJ Order*.

　　　　WHEREFORE for the reasons outlined above the Florida Creditors request that this Court clarify, alter, or amend the *PSJ Order* to address the above issues and grant such additional relief as is appropriate.

　　　　Respectfully submitted this 24th day of February 2012,

　　　　　　　　　　　　　　　　　　　　　　W. SCOTT NEWBERN, PL

　　　　　　　　　　　　　　　　　　　　　　 /s/ Walter Scott Newbern
　　　　　　　　　　　　　　　　　　　　　　W. Scott Newbern
　　　　　　　　　　　　　　　　　　　　　　2982 East Geverny
　　　　　　　　　　　　　　　　　　　　　　Tallahassee, FL 32309
　　　　　　　　　　　　　　　　　　　　　　(T) 850.591.1707
　　　　　　　　　　　　　　　　　　　　　　(F) 850.8940871
　　　　　　　　　　　　　　　　　　　　　　wsnewbern@msn.com

　　　　　　　　　　　　　　　　　　　　　　COUNSEL FOR FLORIDA LIVESTOCK
　　　　　　　　　　　　　　　　　　　　　　MARKETS AND CREDITORS

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN