## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |
| RUSH CREEK RANCH, LLLP, | ) | |
| | ) | Adv. Pro. No. 11-59104 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK COMPANY, LLC, ARCADIA STOCKYARD, CATTLEMEN'S LIVESTOCK MARKET, COLUMBIA LIVESTOCK MARKET OF LAKE CITY, INC., HARDEE LIVESTOCK MARKET, INC., NORTH FLORIDA LIVESTOCK MARKET, OCALA LIVESTOCK MARKET, INC., OKEECHOBEE LIVESTOCK MARKET, SUMTER COUNTY FARMER'S MARKET, INC., TOWNSEND LIVESTOCK MARKET, FIFTH THIRD BANK, JAMES BYRD, a/k/a I.E. BYRD, OAK LAKE CATTLE COMPANY, INC., D&R TRUCKING, RON SIZEMORE TRUCKING, INC., BANKS 1-25, and DOES 25-50, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### RENEWED FLORIDA CREDITORS RULE 7042 MOTION TO CONSOLIDATE

COMES NOW Defendants Hilliard–McKettrick Investments, Inc. d/b/a Arcadia Stockyard; Cattlemen's Livestock Market, Inc.; Columbia Livestock Market, Inc.; Hardee Livestock Market, Inc.; North Florida Livestock Market, Inc.; Ocala Livestock Market, Inc.; Okeechobee Livestock Market, Inc.; Sumter County Farmers Market, Inc.; and Madison County Livestock Market, Inc. d/b/a Townsend Livestock Market (collectively "Florida Markets"); Ron Sizemore Trucking, Inc. ("Sizemore"); Oak Lake Cattle Co. ("Oak Lake"); Eagle Bay, Inc.

("Eagle"); and Daniel M. Byrd ("D. Byrd") (and collectively "Florida Creditors"), by and through undersigned counsel, and pursuant to Rule 7042, Fed. R. Bankr. P., moves this Court to consolidate the into the above adversary proceeding all matters involving the unpaid livestock sales from Florida based livestock auction markets purchased by I.E. "Jim" Byrd as Order Buyer during the period from approximately October 10, 2010 to November 10, 2010 and for which the Florida creditors are unpaid. In support the Florida Creditors state as follows:

1. Rule 7042, which applies Rule 42(a), Fed. R. Civ. P., to adversary proceedings within bankruptcy, allows this court to consolidate for hearing or trial actions involving common questions of law or fact and to issue any other orders to avoid the unnecessary cost or delay of separate proceedings. The Florida Creditors claims for which consolidation is being sought have recently been updated with the filing of *Florida Creditors Supplemental Attachment To Proof Of Claim*s (Docs. 1079 and 43 in Eastern bankruptcy and Rush Creek adversary proceedings respectively). Specifically this includes the Rush Creek interpled funds and the payment of funds by Len Miller as purchase money to the Trustee in January/February 2011, and other related claims as outlined herein.

2. All claimants to the funds in the proposed consolidated action are already claimants to the funds interpled by Rush Creek Ranch, LLLP ("Rush Creek") in the Wisconsin state court and are Parties in the subject adversary proceeding. All anticipated parties to the proposed consolidated action are already parties in the subject adversary proceeding.

3. The matters sought to be consolidated involve exclusively the unpaid purchases of livestock from the Florida livestock auction markets, for which the Florida Creditors assert Debtor Eastern acted exclusively as a "Clearing Agency," and related issues of unpaid hauling fees, commissions and yardage services. All parties to the transactions in question were and are fully subject to the terms and conditions the Packers and Stockyards Act of 1921, 7 U.S.C. §§181

et seq. ("Stockyards Act") and governing regulations, 9 C.F.R. §201 et seq. The main issues for consolidated consideration by the Court involve in large part the Parties' respective rights and interests in transactions governed by the Stockyards Act.

4. Additionally, the Florida Creditors intend to file an Amended Answer to the Rush Creek Interpleader Complaint and such other proceedings being consolidated.

*Common Questions Of Fact*

5. The common matters for which this Motion applies are unpaid amounts due on livestock purchases made in Florida: (1) Florida livestock auction market Claims Nos. 191, 192, 193, 194, 195, 196, 197, 198, and 199 that seek recovery and distribution of the $178,233.29 amount originally interplead by Rush Creek with the Wisconsin state court (Vernon Cty., WI, Cir. Ct. Case No. 10-cv-317) that comprise the funds in the subject adversary proceeding; (2) Florida livestock auction market Claims Nos. 181, 182, 183, 184, 185, and 186 that seek recovery and distribution of the $148,432.14 amount paid into the Trustee by Len Miller ("Miller") as a purchase money; (3) a related Claim No. 190 for unpaid trucking services from the Florida auction markets to the buyers' premises or designated locations in the Rush Creek and Miller transactions; AND (4) related claims for Order Buyer commissions, account reconciliation, yardage and other services rendered by Oak Lake Cattle Co., Inc., Eagle Bay, Inc., and Daniel Byrd, Claims Nos. 187, 188, and 189.

6. In each of the transactions represented by the above numbered claims, I.E. "Jim" Byrd or Daniel Byrd acting through Oak Lake Cattle Co., Inc. served as "Order Buyers"[1] on a commission basis for livestock buyers Rush Creek and Len Miller.

---

[1] "Order Buyer" is a term of art and common practice in the cattle industry referring to a "Market Agency," as defined under the Stockyards Act, that buys cattle on commission for others. 7 U.S.C. §201(c).

7. In each of the transactions represented by the above numbered claims, Debtor Eastern acted as "Clearing Agency" pursuant to the Stockyards Act and regulations for Oak Lake as "Clearee."[2]

8. Additionally, the Trustee has asserted amounts due on receivables from cattle buyers D. R. Daniels, Tommy Berend, Jacob Larson, and Tom Hermann, among others. These "receivables" are disputed by the Florida Creditors since the transactions giving rise to the receivables were voided by the Florida markets following non-payment by Debtor Eastern in breach of the purchase terms at auction and in violation of the Stockyards Act and governing regulations. This non-payment occurred after the cattle had been shipped to the buyer's facilities. Payment for cattle delivered to and in possession of the buyer was rendered directly to the Florida auction markets through the buyers' Order Buyer, Oak Lake. Although the Trustee has more recently advised otherwise, the payments to the Florida Markets through Oak Lake have been described as the subject of preference actions.

9. Finally, Fifth Third Bank claims rights to the Rush Creek and Miller funds based on its asserted priority lien on all assets of Debtor Eastern. The Trustee has supported this view.

*Common Questions Of Law*

10. The common questions of law sought by this Motion for consolidation center around the rights and interests of the claimants to the interpled Rush Creek and purchase money Miller funds and when Debtor Eastern acted as "Clearing Agency" for the transactions in question with Oak Lake acting as "Order Buyer" and "Clearee." The Florida Creditors assert that

---

[2] Oak Lake Cattle Co., Inc. a/k/a Oaklake Cattle Co., Inc. appears as one of thirteen "Clearees of Eastern Livestock Co., LLC" as of January 27, 2005 on Surety Bond No. 785636, effective April 26, 2002 and issued by Capitol Indemnity Corporation. *See* 9 C.F.R. §§201.10(d), 201.29(c), 201.30(c), and 201.31(c).

4

Oak Lake acted as "Clearee" in virtually all business transactions with the Florida auction markets and for which Debtor Eastern served as "Clearing Agency." The Florida Creditors assert that under these circumstances the funds in question are not part of the bankruptcy estate, are not subject to title interests of the Debtor, and, thus, not subject to lien by Fifth Third Bank.[3]

11. The Trustee and presumably Fifth Third Bank have taken the contrary view that Eastern acted solely as a "Dealer" under the Stockyards Act, buying and selling for its own account and that the interpled and purchase money funds are estate property and subject to Fifth Third Bank's asserted priority lien. More recently, counsel for the Trustee has advised that Debtor Eastern may have acted as a "Clearing Agency" in certain circumstances.

12. As noted previously to the Court, at all times Debtor Eastern's activities in the cattle business were governed, at least in some measure, by the Stockyards Act and regulations and the same can be said for the activities of most of the parties with whom Debtor transacted business. Issues involving the Stockyards Act such as "statutory trust" and "clearing agency" will necessarily impact directly the rights and interests of the Parties to the consolidated proceedings. The same can certainly be said of Parties' actions during the relevant time period.

13. Finally, there are also issues that may arise regarding provisions of: (i) the Uniform Commercial Code ("UCC"); (ii) the Bankruptcy Code and Bankruptcy Rules; and potentially (iii) various other federal and state laws that could impact directly the rights and interests of the Debtor Eastern, Fifth Third Bank and the Florida creditors. For example, the Florida Creditors have asserted claims 225, 226, 227, 228, 229, 230, 232, and 233 under Florida

---

[3] At most the Florida Creditors assert that Eastern may be entitled to a "clearing" commission at $.50 per 100 lbs. wt. of livestock bought and sold but since Eastern did not actually clear the transactions and render payment, the Florida Creditors contest this also.

5

state law governing dishonored checks. The Parties have not had the opportunity to confer on these claims as yet.

WHEREFORE the Florida Creditors request that Claims Nos. 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, and 199 for recovery of the Rush Creek Ranch, LLLP interplead funds, the Len Miller purchase money funds, and related claims for trucking, yardage, and commission be consolidated for consideration by this Court, together with Fifth Third Bank's assertion of lien rights and the Trustee's preference claims, if any, regarding D. R. Daniels, Tommy Berend, Jacob Larson, and Tom Hermann and such other related matters as may be brought before the Court in the interests of judicial economy and cost savings.

Respectfully submitted,

/s/ W. Scott Newbern,
W. Scott Newbern, PL
2982 East Gevemy
Tallahassee, FL 32309
Telephone: 850-591-1707
Facsimile:  850-894-0871
wsnewbern@msn.com

COUNSEL FOR FLORIDA LIVESTOCK
MARKETS AND CREDITORS

**CERTIFICATE OF CONFERENCE**

I hereby certify that via email exchange and telephone conversation on March 12, 2012 undersigned counsel conferred with counsel for the Trustee, Kevin M. Toner, and counsel for Fifth Third Bank, Randall D. LaTour, regarding the filing of the Motion To Consolidate the Florida Creditors actions. Both the Trustee and Fifth Third Bank are UNOPPOSED to such consolidation of claims.

*/s/ W. Scott Newbern*
W. SCOTT NEWBERN

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2012 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ W. Scott Newbern*
W. SCOTT NEWBERN