Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO.  10-93904 |
| | ) | CHAPTER  11 |
| DEBTOR | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of this _____ day of January, 2012 by and between James A. Knauer, Trustee for Eastern Livestock Co., LLC, (the "Trustee") and Peoples Bank & Trust Company of Pickett County ("Peoples").

## RECITALS

WHEREAS, on February 11, 2011, Peoples filed its Motion for Relief from Automatic Stay and Abandonment of Property (the "Stay Relief Motion"), which Stay Relief Motion was supplemented by Peoples on March 8, 2011 (Docket No. 317); and

WHEREAS, the Stay Relief Motion asserts that Eastern Livestock Co., LLC ("Eastern") granted Peoples a mortgage (the "Mortgage") on a parcel of real property located in Harrison County, Indiana commonly known as 8394 Tandy Road, Lanesville, Indiana (the "Property") as security for obligations of Thomas and Patsy Gibson (the "Gibsons") to Peoples; and

WHEREAS, the Trustee filed objections to the Stay Relief Motion [Docket Nos. 334, 454 and 867] wherein the Trustee asserted that the Mortgage on the Property is avoidable pursuant to 11 U.S.C. § 544(b)(1) and the applicable provisions of the Indiana Code; and

WHEREAS, on November 30, 2011, the Trustee filed his Amended Complaint to avoid

1

Mortgage pursuant to 11 U.S.C. §544 (b)(1) and I.C. §32-18-2-14, 15 and 17 (the "Adversary Proceeding"); and

WHEREAS, Peoples duly filed its Answer in the Adversary Proceeding on December 21, 2011, wherein Peoples alleged that Eastern did, in fact, give "reasonably equivalent value" for the Mortgage of the Property, and further that Eastern was not insolvent on the day of the transfer; and

WHEREAS, the parties now desire to resolve their differences.

NOW THEREFORE, and in consideration of the covenants and promises set forth herein, the parties hereby covenant and agree as follows:

1. The above recitals are incorporated by reference herein and are made a part of this Settlement Agreement.

2. The Trustee agrees to file a motion seeking Court authority to sell the Property free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §363 at a public auction to be conducted on Saturday, March 3, 2012 or as soon thereafter as practicable. Subject to the authority and orders of the Court, the parties agree that the Property may be sold as a single parcel or in separate tracts as necessary and in the sole discretion of Peoples to maximize the sale proceeds.

3. The Trustee shall file a motion seeking Court authorization to employ Lee J. Amonett and Ken Byrd, Realty & Auction, Inc. (collectively the "Auctioneer") as professionals for the purpose of conducting the public auction provided for in paragraph two (2).

4. As compensation for his services, the Auctioneer will receive a five percent (5%) commission from the public auction of the Property which shall be paid from the gross sale

2

proceeds. Furthermore, the Auctioneer will receive a five percent (5%) buyer's premium to be collected from the Buyer following the sale. The Auctioneer will pay all advertising expenses, cooperating commissions, internet commissions, etc… out of his commission and buyer's premium with none of these expenses to be incurred by Eastern's estate.

5.  The gross sale proceeds realized from the sale of the Property will be disbursed as follows: (a) first to satisfy the five percent (5%) commission of the Auctioneer; then (b) to pay all real estate taxes and assessments outstanding and unpaid at the date of sale. The remaining sale proceeds ("Net Sale Proceeds") shall be divided between the Trustee and Peoples as follows: (a) the Trustee shall receive twenty percent (20%) of the Net Sale Proceeds for the benefit of Eastern's estate and (b) Peoples shall receive eighty percent (80%) of the Net Sale Proceeds.

6.  Pursuant to 11 U.S.C. §363(k), Peoples shall be entitled to "credit bid" at the auction up to the amount of its claim in the case of *In re Thomas P. Gibson and Patsy M. Gibson*, U.S.B.C. S.D.IN. Case No. 10-93687-BHL-7 up to the amount of $1,508,297.89 and subject to credit for proceeds realized by Peoples from the sale of any other properties or collateral securing the Gibsons' obligations to Peoples, provided that should Peoples be the successful bidder, then it shall pay the direct expenses of the sale and would further pay the Trustee twenty percent (20%) of the Net Sale Proceeds.

7.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement

3

Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order").  The date the Settlement Order becomes final shall be referred to herein as the "Effective Date".  The parties shall file such additional information as the Court may require to obtain Court approval of the Settlement Motion.  The parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

8. The parties agree that each shall bear his or its own attorneys' fees, and other costs incurred (including, without limitation, statutory trustee fees of the Trustee) in connection with the sale of the Property (excluding Auctioneer fees and real estate taxes which shall be paid in accordance with paragraph five (5) above), negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any orders authorizing the sale of the Property as described herein, including the preparation and filing of, and hearings for, all related motions.  The Trustee expressly agrees that he shall not assess, charge, or collect a commission, statutory fee, or other administrative expense from the eighty percent (80%) of the Net Sale Proceeds to be received by Peoples as provided for in paragraph five (5).

9. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date, each of the parties and its respective officers, directors, employees, shareholders, attorneys, insurers and agents hereto forever **RELEASE AND DISCHARGE** each other and each's respective officers, directors, employees, shareholders, attorneys, insurers and agents in their official capacities as officers, directors, employees, shareholders, attorneys, insurers and agents from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether

4

known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement.  This release does not apply to any claims the Trustee may have against Ernie Elder.

10. Within ten (10) days of the Effective Date, the parties shall file all pleadings necessary to withdraw the Stay Relief Motion and dismiss the Adversary Proceeding with prejudice.  This is a settlement of a disputed claim.  The Trustee acknowledges and agrees that, as of the Effective Date of this Settlement Agreement he will release all claims or off-sets against, or defenses or counter-claims to, the terms and provisions of the Mortgage, the granting of the lien contained therein, or the enforceability of the Mortgage.

11. This Settlement Agreement represents the entire agreement of the parties and shall be binding upon the heirs, assigns and successors of the parties herein.  Further, this Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all which shall constitute one and the same Settlement Agreement and the signature page from any counterpart may be appended to any other counterpart to assemble a fully executed Settlement Agreement.  This Settlement Agreement may not be modified unless it is in writing and signed by the parties.

WITNESS WHEREFORE, the parties hereto have caused this Settlement Agreement to be duly executed on or about the day and year first written above.

                PEOPLES BANK & TRUST COMPANY OF PICKETT COUNTY

By:_____

Printed Name:_____

Title: _____


_____
James A. Knauer as Chapter 11 Trustee for Eastern Livestock Co., LLC

6