UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |

_____

**MOTION FOR EXTENSION OF TIME AND FOR CLARIFICATION
OF DEPOSITION DISCOVERY PROTOCOL**
_____

The First Bank and Trust Company ("First Bank"), by and through its undersigned counsel, moves the Court for an extension of time to respond to the Court's order of February 10, 2012:

> The objecting defendants shall have ninety (90) days from the date this order is entered on the docket to submit designations of evidence and additional briefs in opposition to the portions of the Trustee's motion concerning the classification of Eastern Livestock under the PSA (Packers & Stockyards Act).

Friona Industries, L.P. v. Eastern Livestock Co., LLC, Adv. Proc. No. 11-59093 [Doc. No. 370, p. 20.]

Moreover, First Bank seeks a clarification from the Court on the requirement of Fifth Third Bank to produce witnesses for discovery depositions in the various adversary proceedings pursuant to a discovery protocol suggested by the Court to which counsel for Fifth Third Bank has as of yet refused to respond.  As set forth more fully below, both the extension and clarification are necessary due to the current status of the lack of meaningful discussion in connection with Special Counsel's investigation and the slow pace of discovery in general.

1.	On February 3, 2012, Fifth Third Bank filed the first of its motions and objections to limit reasonable inquiry into its role in the collapse of Eastern Livestock.  Motion of Fifth Third Bank NA to Limit Discovery or Alternatively for a Protective Order [Doc. No. 1005].  Although the Court had quite plainly instructed the Trustee's Special Counsel to conduct discovery the Trustee believed was necessary to fully investigate any claims the Estate may have against Fifth Third Bank, and while Special Counsel had been trying to arrange mutually convenient depositions, Fifth Third requested the Court to impose blanket prior restraints on any such examinations.  This forced the Trustee's Special Counsel to respond with the Trustee's own Motion for Rule 2004 Examinations on February 7, 2012 [Doc. No. 1013].

2.	At the Omnibus hearing on, February 13, 2012, the Court addressed the discovery motions and ordered the examinations to commence at Special Counsel's request as Rule 2004 examinations.  Counsel for First Bank raised the notion that the parties affected by the Court's order limiting the time frame to submit evidence supporting Packers & Stockyards Act claims may need additional deposition discovery from representatives of Fifth Third Bank beyond the investigation being conducted by Special Counsel.  At that time, the Court orally suggested that such an extension was likely warranted and instructed counsel for First Bank to circulate a draft proposed deposition discovery protocol to address the timing and scope of such discovery:

> "And here's what I'll do.  If you need me to I'll extend the Packers and Stockyards deadline.  But I think it needs to be done separately.  I think trying to jam it all together or trying to have him ask your questions is not going to work, it's not going to be fair to you.  I still want you to work on a protocol for the second round of depositions.  But on a simple motion you let me know when you're able to get that scheduled and I'll extend the Packers and Stockyards deadline."

Transcript of February 13, 2012 Omnibus hearings, p. 67.

2

       3.     The Court later journalized the oral instruction on the discovery protocol on February 21, 2012 at [Doc. No. 1051] and instructed:

> (5) that counsel for First Bank and Trust, Co. shall prepare and distribute a proposed deposition discovery protocol for the other parties' review and agreement, ensuring that deposition discovery in the above captioned case and related adversary proceedings is as efficient and inexpensive as reasonably possible, (6) that any disagreements over the terms of the protocol will be resolved by the Court via telephone, and (7) that the proposed deposition discovery protocol will be submitted to the Court before the next Omnibus hearing on March 12, 2012.

Counsel for First Bank promptly complied with that instruction and circulated such a discovery protocol which was modified and approved by Special Counsel and sent to counsel for Fifth Third.

       4.     After First Bank received no comments to the protocol whatsoever from Fifth Third's counsel, and mindful of the Court's instruction that First Bank was to circulate a proposal for "in the above captioned case and related adversary proceedings," First Bank contacted the Court for a telephonic hearing to address the protocol as directed in the order. At that time, the Court inquired whether Special Counsel needed any additional order to facilitate the commencement of the discovery, which he stated he did not. Accordingly, although the original journalized order addressed both Special Counsel's examinations <u>and</u> the potential depositions under the PSA issues, the Court was inclined to allow Special Counsel to proceed to focus on concluding the Trustee's investigation, and then to take up what the Court described as the "second round" of deposition discovery after Special Counsel concluded his examinations.

       5.     No discovery protocol was presented to the Court at the March 12, 2012 Omnibus hearings because counsel for Fifth Third had approached counsel for First Bank just prior to the hearing and suggested that since Special Counsel was still conducting the

investigation, the parties table the presentation of a protocol until the April Omnibus. First Bank's counsel acceded to what appeared to be a reasonable request. But, neither First Bank, nor Special Counsel knew at that time, Fifth Third planned to make yet another plea to halt the discovery. Prior to the March 12, 2012 Omnibus hearings, Special Counsel had made a written request of Fifth Third's counsel to complete the Rule 2004 examinations of three Fifth Third witnesses and to depose just five additional witnesses to complete his investigation into a very elaborate check kiting scheme that had gone on for over a year. As of the March Omnibus hearing, Fifth Third had not yet responded to Special Counsel's letter. And, even though Fifth Third had one lawyer present in the courtroom and two more participating by phone, no one raised the notion, contrary to the pre-hearing statements made about the discovery protocol, that Fifth Third believed "Special Counsel ought not to be permitted to take the additional examinations." [Doc. No. 1113, p. 3]. Accordingly, even though resolution at the Omnibus hearings would have been quite facile, Fifth Third forced Special Counsel to involve the Court in yet another telephonic hearing to break a self-created log jam.

      6.      During the oral telephonic conference on March 29, 2012, the Court made the eminently reasonable suggestion that Special Counsel proceed to complete the necessarily extended three Rule 2004 examinations and to elect two additional examinations rather than the five requested. The Court further instructed Special Counsel to determine whether the Trustee believed any additional examinations were necessary and file a motion <u>prior to the April 23, 2012 Omnibus hearings</u> to show a reasonable basis to support the further discovery. Of course, First Bank's counsel, and upon good faith belief Special Counsel as well, believed the ordered discovery would take place in the several weeks between the telephonic hearing and the April

4

Omnibus in order for the Trustee to evaluate sufficiently whether additional examinations were warranted. Unfortunately, Fifth Third's counsel professed no such understanding. Despite prompt requests for mutually convenient dates, Fifth Third has agreed only to produce one witness prior to the end of April, and after the Omnibus date, and suggested dates for two of the other four examinations in the first week of May.

7. All of these actions have made the ability to comply with the 90-day period of the February 10, 2012 order of the Court impossible – designations of evidence and additional briefs are due May 10, 2012. In addition, what should have been a professional dialogue about a deposition protocol has never materialized. At first, Fifth Third took the position that the protocol was unnecessary prior to the commencement of Special Counsel's examinations because any remaining adversary discovery would be "phase 2" after Special Counsel completed his work. Then, Fifth Third took the position that the parties should table the presentation of the protocol at the March 12 Omnibus – even though the order directed the parties to present it then – because Special Counsel had not completed the examinations. Immediately thereafter, Fifth Third took the position that Special Counsel's investigation should be deemed complete, but still had not responded to what should happen in the second phase of the deposition protocol. Finally, even though one could reasonably conclude that the Court's instruction to Special Counsel to raise the notion of any additional examinations at the April 23 Omnibus would contemplate the other five depositions would have been completed by then, Fifth Third has not agreed to make the witnesses available even prior to the May 10, 2012 deadline of the February 10 Order.

WHEREFORE, First Bank requests the Court extend the deadline to submit designations of evidence and additional briefs in opposition to the portions of the

Trustee's motion concerning the classification of Eastern Livestock under the PSA (Packers & Stockyards Act), with a new deadline of 90 days after the Special Counsel files a final report or 90 days after this Court approves a deposition protocol, whichever occurs later; and First Bank requests that the Court clarify any existing obligations of any party to create or submit to the Court a discovery deposition protocol.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon (*pro hac vice*)
Stephen A. Weigand (*pro hac vice*)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0308
Telecopier:  (513) 631-0319
Email:  ddonnellon@ficlaw.com
              sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2012, a true and correct copy of the foregoing Motion of First Bank and Trust Company for extension of Time and for Clarification of Deposition Discovery Protocol was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Dustin R. DeNeal<br>dustin.deneal@bakerd.com | James T. Young<br>james@rubin-levin.net |
| C.R. Bowles, Jr<br>crb@gdm.com | John Frederick Massouh<br>john.massouh@sprouselaw.com | David L. LeBas<br>dlebas@namanhowell.com |
| James A. Knauer<br>jak@kgrlaw.com | John W. Ames<br>jwa@gdm.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com |
| John Hunt Lovell<br>john@lovell-law.net | Robert Hughes Foree<br>robertforee@bellsouth.net | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Jessica E. Yates<br>jyates@swlaw.com |
| Jeffrey R Erler<br>jeffe@bellnunnally.com | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Edward M King<br>tking@fbtlaw.com | Ivana B. Shallcross<br>ibs@gdm.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | Deborah Caruso<br>decaruso@daleek.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Bret S. Clement<br>bclement@acs-law.com | Meredith R. Thomas<br>mthomas@daleeke.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| John R. Carr, III<br>jrciii@acs-law.com | William Robert Meyer, II<br>rmeyer@stites.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| James M. Carr<br>jim.carr@bakerd.com | Christie A. Moore<br>cm@gdm.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | Allen Morris<br>amorris@stites.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Terry E. Hall<br>terry.hall@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Todd J. Johnston<br>tjohnston@mcjllp.com |

Timothy T. Pridmore
tpridmore@mcjllp.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Karen L. Lobring
lobring@msn.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

Elliott D. Levin
robin@rubin-levin.net
edl@trustesoultions.com

John M. Rogers
johnr@rubin-levin.net

Jeremy S. Rogers
Jeremy.rogers@dinslaw.com

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E. Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C. Scherer
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

Christopher E. Baker
cbaker@hklawfirm.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

Andrea L. Wasson
andreawassonatty@gmail.com

Anthony G. Raluy
traluy@fbhlaw.net

Harmony A. Mappes
Harmony.mappes@faegrebd.com

James B. Lind
jblind@vorys.com

James E. Rossow, Jr.
jim@rubin-levin.net

Jeffrey R. Erler
jeffe@bellnunnally.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Kevin M. Toner
Kevin.toner@faegrebd.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Melissa S. Giberson
msgiverson@vorys.com

John Huffaker
John.huffaker@sprouselaw.com

Shawna M. Eikenberry
Shawna.eikenberry@faegrebd.com

Wendy W. Ponader
Wendy.ponader@faegrebd.com

/s/ Daniel J. Donnellon
Daniel J. Donnellon

610133.1