UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                    :        CASE NO. 10-93904-BHL-11

EASTERN LIVESTOCK CO., LLC,    :        (Judge Basil H. Lorch III)

Debtor.                              :
                                          :        **MOTION TO REMOVE PUBLICLY**
                                          :        **FILED DOCUMENTS FROM**
                                          :        **STRICTURES OF ORDER GRANTING**
                                          :        **MOTION FOR ENTRY OF**
                                          :        **STIPULATED CONFIDENTIALITY**
                                          :        **AGREEMENT**

                                          :

The First Bank and Trust Company ("First Bank"), by and through its

undersigned counsel, moves the Court for permission to remove publicly filed documents from

the strictures of the Order Granting Motion for Entry of Stipulated Confidentiality Agreement

(Doc. No. 731). As set forth below, the Metcalfe Circuit Court, in connection with the criminal

proceedings against Thomas Gibson and other former participants in Eastern Livestock Co.,

LLC, has ordered thousands of pages of Eastern Livestock banking records from Fifth Third

Bank to be released to the public. As such, there is no reason to apply the strictures of this

Court's Order (Doc. No. 731) to such records and the Court should immediately order that they

are exempted.

1.        The United States justice system prides itself on open access to the public.

Certainly, there are some limited circumstances in which the public's right to know is

outweighed by the clear and convincing risk of harm potentially caused by the disclosure of

highly protected trade secrets. Accordingly, Fed. R. Civ. P. 26(c) carves out an exception for

trade secrets and allows courts to fashion protective orders restricting the way in which such information is to be revealed. On September 30, 2011, this Court entered an Order Granting Motion for Entry of Stipulated Protective Order to facilitate the open exchange of discovery in these proceedings while still preserving the rights of the parties to protect sensitive information (the "Protective Order"). The actions of Fifth Third Bank ("Fifth Third"), however, have abused this Order and Fifth Third is now attempting to use it in a way that unfairly restricts and prejudices the parties.

2.    Specifically, Fifth Third Bank ("Fifth Third") has stamped tens of thousands of pages of documents it produced with the legend "confidential" and has designated virtually every page of testimony given by its witnesses as "confidential." Fifth Third is improperly attempting to cloak all of its conduct under a shroud of secrecy even though a "significant public interest exists" with respect to the losses resulting from the collapse of Eastern Livestock,. See December 22, 2011, Order Designating Certain Discovery Materials a Matter of Public Record; Order Designating Certain Discovery Materials as Confidential, and Protected by a Protective Order; and Order Designating Certain Discovery Materials as Confidential Pending Trial and Subject Only to Disclosure by Counsel for Defendants Pursuant to RCr 5.24, Commonwealth of Kentucky v. Gibson, et al., Nos. 11-CR-00048, 11-CR-00049, 11-CR-00050, 11-CR-00051 (Metcalfe Cir. Ct.) ("Metcalfe Order") (attached as Exhibit A), p. 1.

3.    Fifth Third's misuse of the Protective Order has already resulted in harm to First Bank, and needless expenditure of judicial resources. In this regard, First Bank has recently commenced a direct action against Fifth Third in state court in Hamilton County, Ohio. In connection with that action, Fifth Third has taken the extraordinary measure of moving the Ohio court for an order to "seal" the complaint in its entirety – even though the allegations

disclose no trade secret of Fifth Third and attach no documents stamped "confidential" – simply because Fifth Third "believes" the evidence pleaded came in large part from documents produced in discovery pursuant to this Court's Protective Order. Of course, the Ohio state court will address this motion after an appropriate hearing under Ohio Rule of Superintendence 45 governing the procedure for filing court materials "under seal."[1] But, this demonstrates the lengths to which Fifth Third will go to conceal its activity and the misuses of this Court's Protective Order. Moreover, on May 31, 2012, Trustee James Knauer posted a blog entry on his Eastern Livestock Bankruptcy website to bring the state court complaint to the attention of all of Eastern Livestock's creditors and included a link to a PDF version of the complaint. This certainly supports the notion that the allegations of the complaint contain no violation of this Court's Protective Order as the Trustee endorses at least the public disclosure of the allegations for his constituents.

4.      For purposes of this Motion, First Bank reserves its right to compel public disclosure of *all* of the documents improperly designated by Fifth Third as "confidential" and to require Fifth Third to meet its burden of proving that the information contained therein should be protected from disclosure under Fed. R. Civ. P. 26(c). But, at the very minimum, this Court should now exempt from the strictures of its September 30, 2011 Protective Order the numerous documents that the Metcalfe Circuit Court has already deemed open to the public domain, as described below.

5.      In this regard, on December 22, 2011, Metcalfe Circuit Court Judge Phil Patton ordered the Kentucky Attorney General to produce two separate sets of documents: (1)

---

[1] First Bank has requested the state court to schedule such a hearing promptly as it does not believe Fifth Third can meet its burden of clear and convincing evidence to seal any portion of the Complaint.

redacted versions of some 18,000 pages of Eastern Livestock banking records from Fifth Third

that would be made available to the public and (2) the remaining documents to be categorized as

confidential and subject to the protective order contained in the Metcalfe Order.  Metcalfe Order,

pp. 2-3.  Paragraph 1 of the Metcalfe Order states, in relevant part, that "[a]ll bank records of

Eastern Livestock Co., LLC at Fifth Third Bank contained in the discovery materials identified

by the Commonwealth herein shall be redacted as soon as practical by the Commonwealth . . .

and made a matter of public record."  Metcalfe Order, p. 2 (emphasis added).  In March, 2012,

the Kentucky Attorney General tendered to the Metcalfe Circuit Clerk of Courts versions of

those documents, with private banking information redacted.[2]  Paragraph 4 of the Metcalfe

Order, which specifically addresses confidential materials, applies only to the "remaining

discovery documents and all audio recordings of non-defendants."  Id. at p. 3 (emphasis added).

In January, 2012, the Kentucky Attorney General tendered to the Metcalfe Circuit Clerk of

Courts these "remaining" documents, which are subject to the protective order under paragraph 5

of the Metcalfe Order.  On May 30, 2012, counsel for First Bank contacted Jeffrey R. Prather, a

Kentucky Assistant Attorney General involved in the Metcalfe County Circuit Court case,

seeking clarification regarding the documents made available pursuant to paragraphs 1 and 4 of

the Metcalfe Order.  Mr. Prather confirmed that the materials produced in January, 2012,

consisting of audio recordings and other documents, were considered "confidential" under the

terms of the Metcalfe Order as they were produced pursuant to paragraph 4.  Asst. A.G. Prather

also confirmed that all of the documents that were produced in March, 2012, were provided

---

[2] The documents contain redactions made by the Kentucky Attorney General as well as redactions originally made by Fifth Third under claims of attorney-client privilege and attorney work product.  First Bank does not concede that Fifth Third's redactions are appropriate and Fifth Third must meet its burden of proving privilege and work product. But, for the limited purposes of this motion, the documents, as redacted by both Fifth Third and the Kentucky Attorney General, should be exempted from the Court's Protective Order.

pursuant to paragraph 1, and were made a matter of public record. The March, 2012, production

consisted of redacted versions of documents with alphanumeric labels FT000001 through

FT018355. These documents are available to the public through Metcalfe Circuit Clerk of

Courts Laura Rigdon without any restriction or requirement to consent to limitations on their use

or viewing.

      6.    At least forty-five of the documents marked as exhibits by Special

Counsel to the Trustee and used in the Rule 2004 Examinations have been made a matter of

public record pursuant to this production under the Metcalfe Order. <u>See</u> Chart: Rule 2004

Examination Exhibits v. Documents Made a Matter of Public Record in Commonwealth of

Kentucky v. Thomas Gibson, et al. (Metcalfe County Circuit Court) (attached as Exhibit B).

Accordingly, this Court should find that these documents that have already been made a matter

of public record and should exempted from any procedures set forth in the September 30, 2011

Protective Order.

      7.    Even though the Court can address this motion based solely on the public

disclosure ordered by Hon. Judge Patton, a review of the terms of the Protective Order and Fifth

Third's misplaced reliance upon it bears analysis. The Protective Order addresses "Confidential

Material" and requires such to be filed under seal. The Protective Order then specifically defines

"Confidential Material" as meeting a two part, conjunctive test. It must be "trade secret…or

protected by Rule 26(c)(1)(g) and 45(c)(3)(B)(i)" <u>and</u> be "designated as 'Confidential' under this

Agreement." Simply placing the confidential legend on the face of the document, thus

designating it as "Confidential," does not automatically mean that the information is covered by

the Agreement or subject to the terms of the Protective Order.

8.      In its April 20, 2012 response to the Florida Creditors' request to remove the "confidential" seal from a limited number of specific documents, Fifth Third challenged the Florida Creditors' request as "untimely," relying on a 20 day window within which to challenge the designation set forth in the Stipulation.  But, the Agreement and Order also states in paragraph 12, "the Receiving Party's failure to challenge the classification of any material designated as Confidential Material shall not be deemed a waiver or admission that any such classification is proper."  Thus, before Fifth Third can assert that any of the documents it has produced with the "confidential" legend are actually subject to the terms of the September 30, 2011 Protective Order, it must meet its burden of specifying that the information contained therein falls within the Rule 26(c) limitations.  It is simply inconceivable that each and every page of 30,000 documents, including benign emails and vague Outlook appointment schedules, reveals trade secrets of Fifth Third which would somehow jeopardize the bank's competitive advantage.  Rather, the rote designation of every document and virtually every line of testimony as "confidential" is nothing more than an attempt to hamstring the Receiving Parties and to make it difficult to expose the bank's conduct to the public scrutiny it deserves.

**WHEREFORE**, First Bank requests an immediate order that all of the documents made available to the public pursuant to the Metcalfe County Order, specifically including, but not limited to, the Exhibits identified in Attachment 2 of this Motion, are exempt from any restrictions imposed by this Court's September 30, 2011 Protective Order.

Respectfully submitted,


/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Telecopier: (513) 632-0319
Email: ddonnellon@ficlaw.com
         sweigand@ficlaw.com

Attorneys for The First Bank and Trust
Company

## CERTIFICATE OF SERVICE

I certify that on the 5th day of June, 2012, I electronically filed the foregoing

Motion to Remove Publicly Filed Documents from Strictures of Order Granting Motion for

Entry of Stipulated Confidentiality Agreement with the Clerk of Courts using the CM/ECF

system, which will send notification of such filing to CM/ECF participants:

David L. Abt
davidabt@mwt.net

C.R. Bowles, Jr
crb@gdm.com

James A. Knauer
jak@kgrlaw.com

John Hunt Lovell
john@lovell-law.net

Mark A. Robinson
mrobinson@vhrlaw.com

Jeffrey R Erler
jeffe@bellnunnally.com

Edward M King
tking@fbtlaw.com

Randall D. LaTour
rdlatour@vorys.com

Bret S. Clement
bclement@acs-law.com

John R. Carr, III
jrciii@acs-law.com

James M. Carr
jim.carr@bakerd.com

Robert K. Stanley
robert.stanley@bakerd.com

Terry E. Hall
terry.hall@bakerd.com

Dustin R. DeNeal
dustin.deneal@bakerd.com

John Frederick Massouh
john.massouh@sprouselaw.com

John W. Ames
jwa@gdm.com

Robert Hughes Foree
robertforee@bellsouth.net

Kim Martin Lewis
kim.lewis@dinslaw.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Ivana B. Shallcross
ibs@gdm.com

Deborah Caruso
decaruso@daleek.com

Meredith R. Thomas
mthomas@daleeke.com

William Robert Meyer, II
rmeyer@stites.com

Christie A. Moore
cm@gdm.com

Allen Morris
amorris@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

James T. Young
james@rubin-levin.net

David L. LeBas
dlebas@namanhowell.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John M. Thompson
john.thompson@crowedunlevy.com

Jessica E. Yates
jyates@swlaw.com

Matthew J. Ochs
matt.ochs@moyewhite.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Kelly Greene McConnell
lisahughes@givenspursley.com

T. Kent Barber
kbarber@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Walter Scott Newbern
wsnewbern@msn.com

Kirk Crutcher
kcrutcher@mcs-law.com

Todd J. Johnston
tjohnston@mcjllp.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Karen L. Lobring
lobring@msn.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

Elliott D. Levin
robin@rubin-levin.net
edl@trustesoultions.com

John M. Rogers
johnr@rubin-levin.net

Jeremy S. Rogers
Jeremy.rogers@dinslaw.com

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E. Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C. Scherer
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

Christopher E. Baker
cbaker@hklawfirm.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

Andrea L. Wasson
andreawassonatty@gmail.com

Anthony G. Raluy
traluy@fbhlaw.com

Harmony A. Mappes
Harmony.mappes@faegrebd.com

James B. Lind
jblind@vorys.com

James E. Rossow, Jr.
jim@rubin-levin.net

Jeffrey R. Erler
jeffe@bellnunnally.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Kevin M. Toner
Kevin.toner@faegrebd.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Melissa S. Giberson
msgiverson@vorys.com

John Huffaker
John.huffaker@sprouselaw.com

Shawna M. Eikenberry
Shawna.eikenberry@faegrebd.com

Wendy W. Ponader
Wendy.ponader@faegrebd.com

/s/ Daniel J. Donnellon
Daniel J. Donnellon

623742.2

9

# Exhibit A

# Case numbers –

## Tommy Gibson – 11-CR-00048

Attorney – Hon. Brian Butler
600 West Main Street – Suite 500
Louisville, Kentucky 40202
phone – 502-882-5192

## Stephen McDonald – 11-CR-00049

Attorney – Hon. Scott Cox
600 West Main Street – Suite 300
Louisville, Kentucky 40202
phone – 502-589-6190   fax-502-584-1744

## Grant Gibson – 11-CR-00050

Attorney – Hon. Ben Dusing
312 Walnut Street – Suite 3200
Cincinnati, Ohio  45202-4074
phone – 513-929-3400   fax-513-929-0303

## Darren Branger – 11-CR-00051

Attorney – Hon. Steven Romines
600 WEst Main Street – Suite 100
Louisville, Kentucky 40202
phone– 502-587-8822

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
CASE NOS: 11-CR-00048
11-CR-00049
11-CR-00050
11-CR-00051

COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF

ORDER DESIGNATING CERTAIN DISCOVERY MATERIALS
A MATTER OF PUBLIC RECORD;
ORDER DESIGNATING CERTAIN DISCOVERY MATERIALS AS CONFIDENTIAL
AND PROTECTED BY A PROTECTIVE ORDER;
vs.                                    AND
ORDER DESIGNATING CERTAIN DISCOVERY MATERIALS AS CONFIDENTIAL
PENDING TRIAL AND SUBJECT ONLY TO DISCLOSURE BY COUNSEL FOR
DEFENDANTS PURSUANT TO RCr 5.24

THOMAS GIBSON
STEPHEN MCDONALD
GRANT GIBSON
DARREN BRANGER
                                                                        DEFENDANTS

This matter came before the Court on December 13, 2011 with regard to making

certain discovery documents a matter of public record.   It has been the customary

practice of this Court in both Barren and Metcalfe Counties for the Commonwealth to file

all discovery documents with the Circuit Clerk.   Pursuant to the recent adoption of CR

7.03, it appears that records made a matter of public record should redacted to exclude

the social-security number, taxpayer-   identification number, birth date and

financial-account number or an individual or other entity.   Information protected by 18

U.S.C. ' 5318 should also be redacted.

The Court recognizes that a number of individuals may have sustained losses on

November 2, 2010 as a result of checks issued for the purchase of cattle on behalf of

Eastern Livestock Co., LLC.   A significant public interest exists with regard to the

ENTERED IN MY OFFICE
THIS _22_ DAY OF _Dec 2011_
TOMMY A. GARRETT, CLERK
BY _____ DC

discovery materials identified by the Commonwealth.  The Court has carefully weighed the public's right to know and the right of the defendants to receive a fair trial.  The Court being otherwise sufficiently advised,

Pursuant to RCr 5.24(1), **IT IS HEREBY ORDERED**, sua sponte, as follows:

1.  All bank records of Eastern Livestock Co., LLC at Fifth Third Bank contained in the discovery materials identified by the Commonwealth herein shall be redacted as soon as practical by the Commonwealth pursuant to CR 7.03, and three copies thereof shall be filed with the Metcalfe Circuit Court on CDs or DVDs, and made a matter of public record. Three copies of the un-redacted bank records along with the un-redacted records, materials and audio recordings identified in paragraph 4 herein shall within 20 days be filed by the Commonwealth with the Metcalfe Circuit Court Clerk on CDs or DVDs, the said records to be held under seal pursuant to CR 7.03(3) and released only subject to the terms and conditions set forth in this Order.

2   A copy of the bank records of Eastern Livestock Co., LLC at Fifth Third Bank may be accessed by any member of the public at such time as redaction is completed by the Commonwealth.   An un-redacted copy of the bank records, materials and recordings identified in paragraph 4 may be secured by a licensed attorney who subjects himself to the jurisdiction of this Court and executes the Protective Order entered by this Court with regard thereto.  Any attorney who secures a copy of any un-redacted records, materials or recordings shall redact said records in compliance with CR 7.03.   Further, any material protected by 18 U.S.C. ' 5318 shall also be redacted by any attorney receiving these records.   Failure to comply with this Order shall subject the offending attorney to sanctions for contempt or other sanctions deemed appropriate by the Court.

2

3.  The discovery materials, including the Grand Jury recordings on 08-16-11 and 09-22-11, audio or transcribed statements of defendants, witness summaries, law enforcement reports and three CDs containing proprietary software of Fifth Third Bank to search checks, shall remain confidential, except that counsel for the defendants in the above styled action may divulge such information as may be necessary in preparing their case for trial or other disposition.   The Court notes that while the case is pending these items are not considered subject to open record requests.

4.  The remaining discovery documents and all audio recordings of non-defendants referenced in the Commonwealth=s Response to the Court=s Order of Discovery filed in the above styled actions on November 7, 2011, including all emails, other documents and records of Fifth Third Bank, Community Trust, Town and Country, Your Community and applicable passwords to access said documents, shall be designated as confidential and three copies thereof filed by the office of the Kentucky Attorney General with the Metcalfe Circuit Clerk on CDs or DVDs, the said materials and audio recordings to be held by the Clerk under seal.   A copy of these documents, records and audio recordings may be secured by a member of the public by and through their attorney who acknowledges and executes the Protective Order set forth herein.

5.  The discovery materials identified as confidential in paragraph 4 of this Order shall be subject to the following Protective Order:

A.  Access to and disclosure of information and/or documents designated as confidential shall be limited to:

(1)  An attorney representing an individual or other legal entity that alleges a loss from the sale of livestock on or about November 2, 2011 at the Edmonton Buying Station

3

of Eastern Livestock Co., LLC.

(2)   Outside experts or outside consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for the litigation or the litigation of an action to collect claimed damages referenced herein;

(3)   A witness, deponent, or potential witness or deponent, and his/her counsel, during the course of or in preparation for this litigation;

(4)   The Court, court reporters, or other Court personnel involved in the adjudicative process; and

(5)   Copy or computer services for the purpose of copying or indexing documents, provided that all documents are retrieved by the Receiving Party upon completion of service.

B.   Experts or other witnesses who are granted access to this confidential information shall be required to execute a copy of this Protective Order.   Counsel shall retain the signed Protective Order, and, upon reasonable demand, shall permit opposing counsel to have a copy thereof.

C.   Any confidential materials so designated pursuant to this Order are to be used only for the specific purpose of rendering advice or prosecuting an action or actions against any potential defendants to recover alleged losses arising from the sale of livestock to Eastern Livestock Co., LLC.   Any disclosure of these records for any other purpose shall subject the disclosing party to sanctions by this Court.

D.   All confidential documents, audio recordings or other information received by counsel shall be retained by such counsel and shall not be delivered or disclosed, specifically or in substance, to anyone other than the individuals set forth in paragraph A

4

that comes into possession of these confidential documents or information by virtue of this Order.

    H.   Any attorney who receives a copy of records and confidential materials pursuant to this Order shall execute the Acknowledgment appended hereto and pay a reasonable fee reimbursing the Commonwealth for the costs incurred for providing a copy of said materials.

    I.   Any member of the public who receives a copy of records pursuant to this Order shall pay a reasonable fee reimbursing the Commonwealth for the costs incurred in providing a copy of said materials.

    This the 22 day of December, 2011.

                         HON. PHIL PATTON
                         JUDGE, METCALFE CIRCUIT COURT

## **ACKNOWLEDGMENT**

6

I, _____, a licensed attorney admitted to practice in the

Commonwealth of Kentucky, Bar # _____, residing at

_____, hereby acknowledge that I have carefully read the

foregoing Protective Order and further certify as follows:

    1. I submit myself to the jurisdiction of the Metcalfe Circuit Court.

    2. I acknowledge my professional obligation to redact all records received

pursuant to CR 7.03 and to further redact any information protected by 18 U.S.C. ' 5318.

    3. I agree to honor the terms and conditions of this Protective Order and render

myself subject to the sanctions imposed by the Court for any violation of this Order.

    Witness my signature hereto this the _____.

_____

COMMONWEALTH OF KENTUCKY

COUNTY OF _____

    ACKNOWLEDGED to before me by _____ this the ____

day of _____, 20____.

                                    _____
                                    Notary Public
                                    State at Large Kentucky
                                    My Comm Exp: _____

DISTRIBUTION:

Hon. F. Todd Lewis
Assistant Attorney General
Office of Attorney General
1024 Capital Center Drive

7

Frankfort, Kentucky 40601

Hon. Benjamin G. Dusing
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074

Hon. Scott C. Cox
600 West Main Street
Suite 300
Louisville, Kentucky 40202

Hon. Steven Romines
600 West Main Street
Suite 100
Louisville, Kentucky 40202

Hon. Brian Butler
600 West Main Street, Suite 500
Louisville, Kentucky 40202

Hon. Thomas W. Davis
The Times Building
135 West Public Square
Glasgow, Kentucky 42141

Hon. Eric W. Richardson
Hon. J.B. Lind
VORYS, SATER, SEYMOUR AND PEASE LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio 45202

Hon. Marisa Ford
Asst. U.S. Attorney
510 W. Broadway, 10th Floor
Louisville, KY 40202

8

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
JUDGE PHILLIP PATTON
INDICTMENT NOS.  11-CR-00048, 11-CR-00049, 11-CR-00050, 11-CR-00051

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

V.          **COMMONWEALTH'S RESPONSE TO MOTION
            TO DISCLOSE DISCOVERY MATERIALS**

THOMAS GIBSON, ET AL                                        DEFENDANT

----------------

Comes now the Commonwealth, by counsel, Assistant Attorney General F. Todd Lewis,

and for its Response to a Motion to Disclose Discovery Materials, brought by counsel for certain

named victims; and for its Response to Defendant Grant Gibson's Opposition to that Motion,

states as follows:

**INTRODUCTION**

The Commonwealth wishes only to clarify herein the state of the law on this subject. The

issue appears to be so highly discretionary with the trial court, within certain guidelines. The

Commonwealth does not wish to be a party to over-publicizing the evidence in the case, in order

to abide by its ethical obligations[1]; nor to unduly deprive the victims of information about the

case and proceedings. It appears that the Court could legitimately deny the request: but that also,

if granted, the disclosure should be narrowly tailored to balance the interests involved.

---

[1] The ethical restrictions involved include SCR 3.130 (Rule 3.6: Trial Publicity). There is no indication in this rule
that interactions with victims, even numerous victims, involves a "public communication."

1

FILED IN MY OFFICE
THIS ___9___ DAY OF _____ 2011
TOMMY A. GARRETT, CLERK
BY _____ DC

## BACKGROUND

On November 16, 2011, counsel for various named victims in this case filed a Motion seeking an Order directing that all documents and recordings "referenced in" the Commonwealth's Response to the Court's Order of Discovery, be made public. At a regularly-scheduled pretrial conference in this action on November 22, 2011, the Motion was referenced by the Court, and all parties were given an opportunity to state a position on the matter. Three Defendants (Tommy Gibson, Steve McDonald and Darren Branger) stated no objection to the Motion. Defendant Grant Gibson, at that time, stated an objection essentially seeking to exclude a single investigative report which contained statements made to investigators by Grant Gibson's counsel. The Commonwealth stated it would review the law and respond, but that should the Motion be well-taken or have no opposition, the Commonwealth would seek at least a protective order with regard to matters which may be required to be redacted or confidential pursuant to

Later, in a pleading received by the Commonwealth on November 28, 2011[2], Defendant Grant Gibson stated a general opposition to granting any part of the victims' requested relief, essentially stating that the movants have no standing, that the Court has no authority to disclose the records, and that Grant Gibson will be denied a fair trial if the material is disclosed.

## LEGAL FRAMEWORK

Defendant Grant Gibson cites <u>Courier-Journal v. McDonald Burkman</u>, 298 S.W.3d 846 (Ky. 2009) for a simplistic, blanket proposition that discovery documents "are not subject to public disclosure," but this is not exactly what the Supreme Court held. In <u>McDonald-Burkman</u>,

---

[2] The Certificate on this pleading states that it was mailed on November 19, 2011—before the pretrial conference of November 22, 2011—but it was not received by the Commonwealth until November 28, 2011.

2

a trial court had sealed from public disclosure discovery documents in perhaps the most notorious and widely-publicized case of child rape and murder in modern Louisville history. The largest newspaper in the state then sought a writ against the trial court, claiming a special First Amendment right, and a common law right, to public disclosure of the documents.

The Supreme Court's decision in McDonald-Burkman could have been clearer, but it did provide some guidance. The Court first noted that it was not going to recognize a special right of the media, rooted in the First Amendment, to access pretrial discovery documents. That, of course, is no issue here since the media is not the requestor.

The Court also discussed, however, the fact that the common law did recognize some "right of access [which] includes the right to inspect and copy public records and documents. Documents accessible under this common law right may, however, be 'sealed if the right to access is outweighed by the interests favoring non-disclosure.'" McDonald-Burkman, 298 S.W.3d at 849, citing Noble, 92 S.W.3d at 731 (internal citations omitted). The Court further explained that the decision was one largely for the discretion of the trial court, in which the trial court must first decide whether the documents sought belong in a category of those documents which play "a great role in determine the substantive rights of the parties, or only a minor or negligible such role:"

> This Court, in Noble, outlined a sliding-scale approach to determine how much weight to give the presumption of access to court documents and records. Documents and records that play a great role in determining the substantive rights of parties are afforded the greatest weight, and only compelling reasons can deny access to the public. Id. at 732. Those that play only a "minor or negligible role in adjudicating the rights of the litigants" are accordingly offered little weight. Id.

The conclusion of the Supreme Court in McDonald-Burkman, then, was that discovery documents which were not pleadings or had not attained any evidentiary value by yet being

3

offered to the Court as any kind of exhibit, were to be given less weight as public documents, at least as weighed against the countervailing interests in keeping the documents sealed. This would be in comparison to items like pleadings or exhibits already offered in court, which the Court saw as weighing heavily in favor of disclosure.

The countervailing interests against disclosure, on the other hand, included a Defendant's claim, where legitimate, that the disclosure would harm his ability to seat a fair jury. This was seen as heightened importance in the case of the criminal Defendant Cecil New, against whom the Commonwealth was seeking the death penalty. Additionally, it was noted that <u>none</u> of the evidence against New had been made public at the time the Court was deciding the <u>McDonald-Burkman</u> case[3]. Finally, the Court noted that the evidence in question, related to the abduction, rape and murder of a four-year-old child, was "inflammatory, graphic, and possibly irrelevant." Id.

Here, it is not exactly clear how the court should weigh the interests in question. It is not quite as clear as Grant Gibson contends, however. First, this is definitely a case that has been widely publicized, although the several related non-criminal proceedings probably garner as much or more attention than this indictment. Those other cases include:

(1) There is a bankruptcy case pending for the principle corporation, Eastern Livestock, and against the Defendant Tommy Gibson, in the United States Bankruptcy Court in the Southern District of Indiana.

(2) There is, or was, a state-court receivership case pending in Hamilton County Common Pleas Court in Cincinnati, Ohio, sought at the behest of Fifth Third Bank.

---

[3] The actual Defendant in the <u>McDonald-Burkman</u> case, Cecil New, entered an open guilty plea on the eve of trial and was ultimately sentenced by the Court to life without possibility of parole, rather than the death sentence sought by the Commonwealth.

Because the requestor in <u>McDonald-Burkman</u> was a media outlet and not a member of the Bar, there obviously was no opportunity to consider how a trial court may limit disclosure in this manner.

WHEREFORE, the Commonwealth respectfully requests that any ordered disclosure of the discovery documents and recordings in this case be ordered only with suitable protective provisions restricting the use of such items, so as to protect against any undue publication of such items outside the course of judicial proceedings.

Respectfully submitted,

JACK CONWAY
ATTORNEY GENERAL

F. Todd Lewis
Assistant Attorney General
Executive Dir. Special Prosecutions

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered via hand delivery this 7th day of December, 2011 to:

(Original)
Metcalfe Circuit Clerk
Mr. Tommy Garrett
201 E. Stockton Street
Edmonton, KY 42129

Hon. Phillip R. Patton
Metcalfe Circuit Judge
300 Courthouse Square
Glasgow, KY 42141

Hon. Brian Butler
Counsel for Tommy Gibson
600 W. Main Street, Ste #500
Louisville, KY 40202

Hon. Scott C. Cox
Counsel for Steve McDonald
600 W. Main Street, Ste. #300
Louisville, KY 40202

Hon. Steve Romines
Counsel for Darren Brangers
600 W. Main Street
Louisville, KY 40202

Hon. Benjamin Dusing
Counsel for Grant Gibson
Baker & Hostetler
312 Walnut Street, Ste. #3200
Cincinnati, OH 45202-4074

Hon. Thomas W. Davis
The Times Building
135 West Public Square
Glasgow, KY 42141

_____
ASSISTANT ATTORNEY GENERAL

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
CASE NOS:   11-CR-00048
11-CR-00049
11-CR-00050
11-CR-00051

COMMONWEALTH OF KENTUCKY                                      PLAINTIFF

VS.            COMMONWEALTH'S SECOND SUPPLEMENTAL
RESPONSE TO THE COURT'S ORDER OF DISCOVERY

THOMAS GIBSON
STEPHEN MCDONALD
GRANT GIBSON
DARREN BRANGER                                               DEFENDANTS

* * * * *

Comes now the Commonwealth of Kentucky, by counsel, Jeffrey R. Prather, Assistant

Attorney General, for its Second Supplemental Response to the Court's Order of Discovery; and

gives notice of the following discoverable materials obtained from Fifth-Third Bank:

Three Disks titled *In re: Eastern Livestock Co., LLC; Case No: 10-93904-BHL-11*:

1. Disk 1 of 2. Production by Your Community Bank 8/11/2011
   2011YCB0001-07167
2. Disk 2 of 2. Loan Information Tom, Grant and John Gibson Production by
   Your Community Bank 8/11/2011
   YCB-07168-09639
3. Disk 3. Letters, emails; Production by Your Community Bank 8/23/2011
   YCB-09640-09787

These Disks were received by the Commonwealth in September, 2011, but were

overlooked in the first discovery production.

The attorneys for the Commonwealth acknowledge a continuing duty to disclose all

exculpatory evidence coming within their knowledge or possession.

1

FILED IN MY OFFICE
THIS___9___ DAY OF _Jan 2012_
TOMMY A. GARRETT, CLERK
BY _Laura Ragles_ DC

Respectfully submitted,

JEFFREY R. PRATHER
Assistant Attorney General
Office of Attorney General
1024 Capital Center Drive
Frankfort, KY 40601


## CERTIFICATION

This is to certify that the foregoing Second Supplemental Response was sent via first-class prepaid mail to:

Tommy A. Garrett
Circuit Court Clerk
Metcalfe County Courthouse
P.O. Box 27
Edmonton, Ky. 42129-0485

And, that that the foregoing Second Supplemental Response and the items listed therein were sent via first-class prepaid mail to:

Hon. Brian Butler
600 West Main Street
Suite 500
Louisville, KY 40202

Hon. Scott C. Cox
600 West Main Street
Suite 300
Louisville, KY 40202

Hon. Benjamin G. Dusing
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

Hon. Steven Romines
600 West Main Street
Suite 100
Louisville, KY 40202

On this the _6th_ day of January, 2012.

Assistant Attorney General

2

# Exhibit B

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

**CHART:  RULE 2004 EXAMINATION EXHIBITS V. DOCUMENTS MADE A MATTER OF PUBLIC RECORD IN COMMONWEALTH OF KENTUCKY V. THOMAS GIBSON, ET AL. (METCALFE COUNTY CIRCUIT COURT)**

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 10 | FT014104 - FT014105 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 15 | FT016210 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 17 | FT014286 - FT014288 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 21 | FT018318 - FT018320 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 22 | FT017363 - FT017372 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 23 | FT015154 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 24 | FT014764 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 25 | FT018313 - FT018314 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 41 | FT013050 - FT013065 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; February 11, 2011; VCIN000099 |
| 43 | FT014693 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 54 | FT013804 - FT013837 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 56 | FT013775 - FT013788 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 58 | FT013728 - FT013760 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 64 | FT018296 - FT018297 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 68 | FT016661 - FT016666 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 73 | FT013637 - FT013666 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 74 | FT017301 - FT017309 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 75 | FT017364 - FT017372 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 77 | FT014767 - FT014773 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 78 | FT016221 - FT016222 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 81 | FT014728 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 82 | FT016601 - FT016637 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 83 | FT014726 - FT014727 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 84 | FT004160 - FT004166 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; 1/26/11; VCIN000091 |
| 86 | FT016659 - FT016660 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 87 | FT014709 - FT014712 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 97 | FT015443 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 98 | FT015485 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 108 | FT016991 - FT016995 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 109 | FT016107 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 110 | FT016105 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 111 | FT014774 - FT014775 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 112 | FT014088 - FT014095 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |
| 115 | FT004777 - FT004779 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; 1/26/11; VCIN000091 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 117 | FT004760 - FT004782 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; 1/26/11; VCIN000091 |
| 137 | FT014729 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 138 | FT018322 - FT018323 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 144 | FT017484 - FT017485 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 163 | FT016223 - FT016224 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 164 | FT014735 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 165 | FT014721 - FT014722 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |

*Prepared by Faruki Ireland & Cox P.L.L.*
*June, 2012*

| Rule 2004 Examination Exhibit # | Bates # | Produced in March, 2012? | Vorys/Fifth Third Bank Disk Name |
|---|---|---|---|
| 166 | FT012057 - FT012075 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; February 11, 2011; VCIN000099 |
| 167 | FT014315 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 168 | FT014961 - FT014962 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT014312 - FT018355; VCIN000176 |
| 169 | FT013595 - FT013599 | Yes | VORYS: Documents Responsive to Kentucky Attorney General Subpoena; FT013595 - FT014308; FTWD0000001 - FTWD0001985; VCIN000175 |

624201.1