UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**PRELIMINARY OBJECTION TO REPORT OF THE TRUSTEE, JAMES A. KNAUER REGARDING INVESTIGATION AND ANALYSIS OF POTENTIAL CLAIMS AGAINST FIFTH THIRD BANK**

Superior Livestock Auction, Inc. ("Superior"), a creditor in the above-captioned proceeding, by counsel, hereby submits its Preliminary Objection ("Objection") to the *Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* ("the Report"), and respectfully states in support of its Objection:

1. For reasons to be more fully described in a detailed objection and request for affirmative relief to be filed in the near future, Superior believes the Report and the "investigation" described therein is contrary to both the spirit and letter of this Court's directive, and is yet another significant example of the lack of transparency and failure to meaningfully evaluate claims against Fifth Third Bank ("Fifth Third") which has characterized actions of the Trustee in these proceedings. This preliminary Objection is being filed out of an abundance of caution to avoid any suggestion of waiver, and to provide prompt notice of the fundamental flaws with the handling of the investigation and the Report.

2. The deficiencies of the Report and investigation include the following: (1) First and foremost, the Report is not a report by independent special counsel Hoover Hull as ordered by the Court and promised by such special counsel for months, and does not even indicate the extent to which Hoover Hull was involved in reaching the conclusions or making some of the

investigations which are described; (2) the Report acknowledges it was prepared to some undisclosed extent with the assistance of Faegre Baker Daniels ("FBD"), notwithstanding the fact that the Trustee hired Hoover Hull specifically because FBD had direct conflicts of interest, and thus could not be "disinterested," with respect to investigation of claims against Fifth Third; and (3) in most if not all discussions of potential claims, the Report simply sets forth the Trustee's opinions about the viability of claims against Fifth Third, without providing the facts or legal analysis needed by creditors to evaluate the claims or the Trustee's conclusions.

3. It will be recalled that Hoover Hull was directed to investigate claims and file a report because FBD had conflicts of interest. When The Trustee filed his *Application to Employ FBD* on December 30, 2010, Paragraph 5 of the Affidavit of Terry E. Hall in support of the application, filed on that same day, states:

> FBD currently represents Fifth Third in matters unrelated to the chapter 11 case or the Debtor. Fifth Third is a creditor of the estate and has consented to FBD's representation of the Trustee. However, Fifth Third has not consented to FBD's representation of the Trustee with respect to any adversary proceeding or other action that the Trustee may commence directly against Fifth Third. The Firm has advised the Trustee of this exception to the consent received from Fifth Third and the Trustee accepts this exception. Notwithstanding the foregoing, FBD does not believe that its representations of Fifth Third in unrelated matters will create a conflict of interest in this chapter 11 case. *In the event a conflict develops, FBD will assist the Trustee in hiring conflicts counsel and will notify the Court and the U.S. Trustee.*

(Emphasis added).

4. Thereafter, on January 18, 2011, the Trustee filed his *Application to Employ Hoover Hull LLP as Special Counsel to Chapter 11 Trustee* (the "Application", Paragraph 3 of which states that "Hoover Hull's primary role as special counsel to the Trustee will be to investigate and prosecute claims and objections against Fifth Third . . ."

5.  On January 24, 2011, Terry Hall of FBD filed an Amended Affidavit, Paragraph 10 of which states, in pertinent part:

> In preparation for any potential conflict that may arise, the Trustee has filed an application to employ as special counsel the firm of Hoover Hull LLP, with respect to the investigation and prosecution of any claims or objections that may be asserted by the Trustee against Fifth Third or to any claim that may be asserted by Fifth Third in the case.

6.  For these reasons, the Court approved the Application to employ Hoover Hull as special counsel to investigate all claims and objections relating to Fifth Third, in an Order entered on February 10, 2011.

7.  Thereafter, in late 2011, numerous creditors including Superior raised questions regarding the independence of the Trustee and his counsel, after discovering that Hoover Hull had been directed to suspend its investigation of claims against Fifth Third as part of a "cost benefit analysis." These issues were addressed at the hearing on December 14, 2011 regarding fee applications filed by the Trustee, FBD, and Hoover Hull, in which it was *first* revealed that Hoover Hull had taken no action to investigate claims against Fifth Third for many months, during which time the Trustee was negotiating a proposed plan of reorganization with Fifth Third.

8.  At the December 14, 2011 hearing, the Court directed Hoover Hull to file a report regarding potential causes of action against Fifth Third. This Court made it clear at the hearing that the purpose of the report would be 1) to assure a disinterested investigation of potential claims against Fifth Third; and 2) to provide creditors with the results of that investigation by disinterested counsel, in a form similar to the information typically contained in a disclosure statement. *See* TRANSCRIPT OF DECEMBER 14, 2011 HEARING, pages 58-61.  The Court rejected

3

the suggestion that such disclosure could await the filing of a disclosure statement. *Id.* Indeed, 11 U.S.C. §1106(a)(4)(A) requires a Chapter 11 Trustee to file such a report "as soon as practicable."

9.  Hoover Hull filed a preliminary report on March 16, 2012 summarizing discovery actions which had been taken or were planned, concluding that "Special Counsel expects that the additional discovery can be completed and a full and final report can be prepared within 30 days." On the same date, the Trustee filed his *First Report of James A. Knauer, Trustee Pursuant to 11 U.S.C. 1106(a)(3),(4),* which stated that "details related to the Debtor's relationship and financial interaction with Fifth Third Bank will be reported *in the reports of Hoover Hull LLP, the Trustee's special counsel charged with investigating the same.*" (Emphasis added). Similar assertions were made in a "Status Report" filed by Hoover Hull on April 22, 2012,[1] and a Request for Extension of Time filed by Hoover Hull on May 31, 2012.

10.  Notwithstanding these assertions and the Court's clear directive, the long-awaited report of Hoover Hull has not been filed, and apparently never will be. Instead, the Trustee filed *his* Report on June 5, 2012, which vaguely recites, in Paragraph 14, that:

> Based on the foregoing, Special Counsel, with the assistance of DSI *and Faegre Baker Daniels, LLP*, Trustee's general counsel, analyzed and advised the Trustee concerning potential claims against Fifth Third . . .

(Emphasis added). It is impossible to tell from the Report to what extent, if any, Hoover Hull participated in the drafting of the Report, the conclusions, or even the "investigations" described therein.

---

[1] Paragraph 10 of the Status Report recited that "*Special Counsel* intends to file *its* Final Report on or before May 31, 2012."

4

11. The Report also blatantly disregards the Court's directive, and the Trustee's obligation, to disclose the facts and law necessary to understand potential claims against Fifth Third and the Trustee's conclusion that such claims will not be litigated but will be addressed in a proposed settlement and plan. One striking example of the Trustee's failure to provide *any* meaningful information is the "analysis" of a potential claim under §547 against Fifth Third for "improvement in position," which Superior believes is one of the largest assets in this estate. The Report devotes a few paragraphs to this issue, describing the claim as being very "very difficult to assess," and offering the Trustee's opinion about the "good faith" of an analysis allegedly performed by DSI, which the Report does not incorporate, summarize, or meaningfully describe.[2] The Report states:

> [Development Specialists, Inc. ("DSI"), the Trustee's financial advisor] prepared an analysis of Fifth Third's secured position on the two relevant dates [the petition date, and 90 days preceding the petition date]. DSI attempted in good faith to account for many of the apparent differences discussed above. Reasoned arguments can be made that Fifth Third's position did - or did not - improve during the 90 days prior to bankruptcy. The outcome of the Superior Livestock litigation by itself could sway the conclusion on improvement in position on way or another.

On information and belief, the analysis being described involved DSI's application of data to a framework of assumptions designed by counsel (other than Hoover Hull), where the data without the assumptions suggested a *prima facie* claim of many millions of dollars.

---

[2]The only attempt at factual description involves speculation about how the analysis might be affected "had a bankruptcy been filed on September 7 without an intervening receivership." Superior does not believe this vague speculation is informative or even relevant to an analysis of the test under §547, which merely refers to the "value" of collateral and the debt on two dates, and does not require the presumption of a bankruptcy on either date for purposes of arriving at a value.

12. The Trustee's statements, fairly paraphrased as "opinions may vary," does nothing to enlighten the Court, the creditors, or other interested parties on the merits of this potential claim or any relevant facts. Although the Trustee's discussion of the claim suggests he is uncertain whether a claim exists, he obviously has reached his own conclusion not to litigate any claim, to settle with Fifth Third, and not to share analysis mentioned in his Report with the Court and all creditors. Indeed, notwithstanding the Court's directive to file a report from special counsel, the Trustee suggests in his Report that the analysis and opinions of "his" advisors (paid by the estate) are strictly confidential. *See* Report, page 1, footnote 1.

Respectfully submitted,

RUBIN & LEVIN, P.C.

By:  /s/ John M. Rogers
      Elliott D. Levin, Atty. No. 8785-49
      John M. Rogers, Atty. No. 6182-49
      Christopher M. Trapp, Atty. No. 27367-53
      RUBIN & LEVIN, P.C.
      342 Massachusetts Avenue
      Indianapolis, IN 46204
      (317) 634-0300; FAX (317) 453-8601
      johnr@rubin-levin.net

ONE OF COUNSEL FOR SUPERIOR
LIVESTOCK AUCTION, INC.

CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2012, a copy of the foregoing *Preliminary Objection to Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |

| | |
|---|---|
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

   I further certify that on June 8, 2012, a copy of the foregoing *Preliminary Objection to Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610

               /s/ John M. Rogers
               John M. Rogers

G:\WP80\GENLIT\Farm Credit West-Eastern Livestock-85021201\Pleadings\Preliminary Objection to Report.wpd