UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |
| | : | **OBJECTION OF THE FIRST BANK AND TRUST COMPANY TO FIFTH THIRD BANK'S MOTION TO SEAL APPENDICES TO FIFTH THIRD BANK'S MOTION FOR CONTEMPT** |
| | : | |
| | : | |
| | : | |

_____

*"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."*

In re Specht, 622 F. 3d 697, 701 (7th Cir. 2010) (citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 (7th Cir. 2002); Union Oil Co. of California v. Leavell, 220 F.3d 562 (7th Cir. 2000)).

Creditor The First Bank and Trust Company ("First Bank") respectfully submits its objection to Fifth Third Bank's ("Fifth Third") Motion to Seal Appendices to Fifth Third Bank's Motion for Contempt ("Motion to Seal"). Fifth Third puts the cart before the horse. Fifth Third is now asking this Court to override the presumptive right of public access to court records without requiring Fifth Third to demonstrate that the appendices that Fifth Third wishes to file in support of its Motion for Contempt are in fact confidential. Mere reliance upon this Court's previously approved stipulated confidentiality agreement as some sort of safe harbor does not permit Fifth Third to submit documents to this Court under seal without proper justification. Keen v. Nestle Waters N. Am., Inc., No. 1:10-cv-1075, 2011 U.S. Dist. LEXIS 148874, *2-3

(S.D. Ind. Dec. 28, 2011) (denying plaintiff's motion seeking to file various documents, including deposition testimony and other documents, under seal; finding unpersuasive plaintiff's reliance on "a previously approved protective order as some sort of safe harbor that automatically permits all documents marked confidential to be filed under seal").

I.        INTRODUCTION AND SUMMARY

On September 28, 2011, Superior Livestock Auction, Inc. and the Trustee filed a motion for the entry of a Stipulated Confidentiality Agreement [Dkt. No. 722], which First Bank had reviewed prior to its submission to the Court.  On September 30, 2011, this Court entered an Order Granting Motion for Entry of Stipulated Confidentiality Agreement [Dkt. No. 731], in which this Court stated that the Stipulated Confidentiality Agreement was intended "to assist the parties with discovery and with the informal exchange of information and records."

Fifth Third's Motion to Seal indicates that Fifth Third wishes to seal the following documents:  (1) excerpts from Fed. R. Bankr. P. 2004 examinations of Fifth Third's employees in the above-captioned case; (2) documents produced by Fifth Third in these Chapter 11 proceedings; and (3) other documents that quote, cite, or otherwise reveal Fifth Third's purported confidential information.

Fifth Third's Motion to Seal relies solely upon the Stipulated Confidentiality Agreement for the notion that the documents should be filed under seal without any showing that the documents submitted are in fact confidential.  Under Seventh Circuit caselaw, however, mere labeling of information as confidential, and even agreements that permit information to be stamped confidential, does not and cannot limit the public's access to information filed with the courts.

II.        FIFTH THIRD'S DOCUMENTS ARE PRESUMED TO BE OPEN TO PUBLIC ACCESS UNDER SEVENTH CIRCUIT CASELAW, AND FIFTH THIRD HAS NOT PROVIDED LEGAL JUSTIFICATION FOR THE NOTION THAT THE DOCUMENTS SHOULD BE SEALED FROM PUBLIC ACCESS

    A.     <u>Documents Filed with the Court are Presumptively Open to the Public</u>

"What happens in federal courts is presumptively open to public scrutiny." <u>Hicklin Eng'g, L.C. v. Bartell</u>, 439 F.3d 346, 348 (7th Cir. 2006). "Information that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." <u>United States v. Foster</u>, 564 F.3d 852, 853 (7th Cir. 2009). "In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret . . . ." <u>Baxter Int'l, Inc. v. Abbott Labs.</u>, 297 F.3d 544, 547 (7th Cir. 2002).

    B.     Fifth Third Must Provide Some Legal Justification that Supports the Notion that its Documents are Confidential

The U.S. Court of Appeals for the Seventh Circuit has consistently declined to place documents under seal where there is no legal justification. <u>In re Specht</u>, 622 F. 3d 697, 700 (7th Cir. 2010) (denying motion to seal confidential language in certain documents, including an indemnity agreement); <u>Foster</u>, 564 F.3d at 855 (addressing problems related to a motion to have documents filed under seal, and holding that an affidavit could not be maintained under seal simply because it might cause potential embarrassment); <u>Baxter</u>, 297 F.3d at 545 (denying a renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal); <u>Jepson, Inc. v. Makita Elec. Works</u>, 30 F.3d 854, 860 (7th Cir. 1994) (reversing the district court's imposition of sanctions against appellant's counsel for purported violates of a stipulated protective order, finding that there was no finding of 'good cause' for the protective order; "[Appellee] has tried to use the stipulated protective

3

order and the [agreed interim protective order] as shields to prevent highly relevant and nonconfidential information from reaching the [International Trade Commission].").

In <u>Foster</u>, the Seventh Circuit provided a list of the types of legal justification that would permit documents to be filed under seal:

> "Statutes, yes; privileges, yes; trade secrets, yes; risk that disclosure would lead to retaliation against an informant, yes; <u>a witness's or litigant's preference for secrecy, no</u>. The law could not be clearer."

<u>Foster</u>, 564 F.3d at 854-55 (emphasis added) (finding unpersuasive plaintiffs' argument that the affidavit should be filed under seal because it would potentially cause embarrassment; requiring plaintiffs to justify confidentiality by a statute or privilege).

Fifth Third's fear of potential embarrassment that may result from the disclosure of its documents to the public and Fifth Third's preference for secrecy are insufficient reasons to justify that the documents should be filed under seal. Fifth Third must demonstrate with some legal justification that its documents are in fact confidential. Fifth Third has made no such demonstration nor has it provided any legal justification beyond pointing to the Stipulated Confidentiality Agreement to support the notion that documents produced by Fifth Third are in fact confidential.

        C.        <u>Fifth Third's Reliance Upon the Stipulated Confidentiality Agreement is Insufficient for Purposes of Filing Documents Under Seal</u>

Numerous district courts in the Seventh Circuit have stated that mere reliance upon a previously approved protective order to file under seal is insufficient; the designation of documents as confidential must be made in good faith. <u>Keen v. Nestle Waters N. Am., Inc.</u>, No. 1:10-cv-1075, 2011 U.S. Dist. LEXIS 148874, *2-3 (S.D. Ind. Dec. 28, 2011) (denying plaintiff's

motion seeking to file various documents, including deposition testimony and other documents, under seal; finding unpersuasive plaintiff's reliance on "a previously approved protective order as some sort of safe harbor that automatically permits all documents marked confidential to be filed under seal"); Bodemer v. Swanel Bev. Inc., No. 2:09 CV 090, 2011 U.S. Dist. LEXIS 10195, *4-6 (N.D. Ind. Feb. 1, 2011) (denying defendant's motion to file documents under seal, which relied solely upon the court's protective order; finding that the defendant provided no "legal citations supporting its request to keep the 'other confidential and propriety information, research, development, and commercial information' under seal."); KnowledgeAZ, Inc. v. Jim Walter Res., Inc., No. 1:05-cv-1019, 2006 U.S. Dist. LEXIS 84080, *4-5, 7 (S.D. Ind. June 28, 2006) (denying plaintiff's motion for leave to file various documents, such as non-confidential notes, routine change orders, invoices, and letters to third-party vendors, under seal; finding that documents containing confidential information, such as pricing/cost information, should be redacted prior to being filed with the court); Containment Techs. Group, Inc. v. Am. Soc'y of Health Sys. Pharmacists, No. 1:07-cv-997, 2008 U.S. Dist. LEXIS 80688, *8-9, 18 (S.D. Ind. Oct. 10, 2008) (stating that documents may be marked as confidential "if done so in good faith;" noting the difference between a protective order issued for purposes of discovery only and one issued for purposes of sealing documents filed with the court).

Contrary to Fifth Third's belief that everything that Fifth Third produced is confidential, Fifth Third has the burden of showing that such documents were stamped 'confidential' in good faith. Here, Fifth Third has not met its burden of showing good faith in stamping all of the documents 'confidential,' regardless of the content of the documents.

Even if Fifth Third is able to demonstrate good faith, a review of the terms of the Protective Order shows that Fifth Third misplaces its reliance upon it. The Protective Order

5

addresses "Confidential Material" and requires such to be filed under seal. The Protective Order then specifically defines "Confidential Material" as meeting a two part, conjunctive test. It must be "trade secret…or protected by Rule 26(c)(1)(g) and 45(c)(3)(B)(i)" and be "designated as 'Confidential' under this Agreement." Simply placing the confidential legend on the face of the document, thus designating it as "Confidential," does not automatically mean that the information is covered by the Agreement or subject to the terms of the Protective Order.

Accordingly, Fifth Third's Motion to Seal should be denied as there is no evidence that the documents contain information that warrants sealing the documents and restricting public access.

III.     CONCLUSION

For the foregoing reasons, this Court should deny Fifth Third's Motion to Seal.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Telecopier:  (513) 632-0319
Email:  ddonnellon@ficlaw.com
            sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

6

## CERTIFICATE OF SERVICE

I certify that on the 11th day of June, 2012, I electronically filed the foregoing Objection of The First Bank and Trust Company to Fifth Third Bank's Motion to Seal Appendices to Fifth Third Bank's Motion For Contempt with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

David L. Abt
davidabt@mwt.net

C.R. Bowles, Jr
crb@gdm.com

James A. Knauer
jak@kgrlaw.com

John Hunt Lovell
john@lovell-law.net

Mark A. Robinson
mrobinson@vhrlaw.com

Jeffrey R Erler
jeffe@bellnunnally.com

Edward M King
tking@fbtlaw.com

Randall D. LaTour
rdlatour@vorys.com

Bret S. Clement
bclement@acs-law.com

John R. Carr, III
jrciii@acs-law.com

James M. Carr
jim.carr@bakerd.com

Robert K. Stanley
robert.stanley@bakerd.com

Terry E. Hall
terry.hall@bakerd.com
Dustin R. DeNeal
dustin.deneal@bakerd.com

John Frederick Massouh
john.massouh@sprouselaw.com

John W. Ames
jwa@gdm.com

Robert Hughes Foree
robertforee@bellsouth.net

Kim Martin Lewis
kim.lewis@dinslaw.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Ivana B. Shallcross
ibs@gdm.com

Deborah Caruso
decaruso@daleek.com

Meredith R. Thomas
mthomas@daleeke.com

William Robert Meyer, II
rmeyer@stites.com

Christie A. Moore
cm@gdm.com

Allen Morris
amorris@stites.com

James Bryan Johnston
bjtexas59@hotmail.com
James T. Young
james@rubin-levin.net

David L. LeBas
dlebas@namanhowell.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John M. Thompson

john.thompson@crowedunlevy.com

Jessica E. Yates
jyates@swlaw.com

Matthew J. Ochs
matt.ochs@moyewhite.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Kelly Greene McConnell
lisahughes@givenspursley.com

T. Kent Barber
kbarber@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Walter Scott Newbern
wsnewbern@msn.com

Kirk Crutcher
kcrutcher@mcs-law.com

Todd J. Johnston
tjohnston@mcjllp.com
Timothy T. Pridmore
tpridmore@mcjllp.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Karen L. Lobring
lobring@msn.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

7

| | | |
|---|---|---|
| Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesoultions.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Robert A. Bell<br>rabell@vorys.com |
| John M. Rogers<br>johnr@rubin-levin.net | Thomas C. Scherer<br>tscherer@binghammchale.com | Andrea L. Wasson<br>andreawassonatty@gmail.com |
| Jeremy S. Rogers<br>Jeremy.rogers@dinslaw.com | David A. Laird<br>david.laird@moyewhite.com | Anthony G. Raluy<br>traluy@fbhlaw.net |
| John David Hoover<br>jdhoover@hovverhull.com | Jerald I. Ancel<br>jancel@taftlaw.com | Harmony A. Mappes<br>Harmony.mappes@faegrebd.com |
| Sean T. White<br>swhite@hooverhull.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | James B. Lind<br>jblind@vorys.com |
| Robert H. Foree<br>robertforee@bellsouth.net | Trevor L. Earl<br>tearl@rwsvlaw.com | James E. Rossow, Jr.<br>jim@rubin-levin.net |
| Michael W. McClain<br>mike@kentuckytrial.com | Christopher E. Baker<br>cbaker@hklawfirm.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com |
| William E. Smith<br>wsmith@k-glaw.com | David Alan Domina<br>dad@dominalaw.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Susan K. Roberts<br>skr@stuartlaw.com | Kent A Britt<br>kabritt@vorys.com | Kevin M. Toner<br>Kevin.toner@faegrebd.com |
| | Joshua N. Stine<br>jnstine@vorys.com | Kim Martin Lewis<br>Kim.lewis@dinslaw.com |
| | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Melissa S. Giberson<br>msgiverson@vorys.com |
| | Jeffrey L. Hunter<br>jeff.hunter@usdoj.gov | John Huffaker<br>John.huffaker@sprouselaw.com |
| | Amelia Martin Adams<br>aadams@gldfirm.com | Shawna M. Eikenberry<br>Shawna.eikenberry@faegrebd.com |
| | Michael Wayne Oyler<br>moyler@rwsvlaw.com | Wendy W. Ponader<br>Wendy.ponader@faegrebd.com |
| | Jason W. Cottrell<br>jwc@stuartlaw.com | |

/s/ Daniel J. Donnellon
Daniel J. Donnellon

625219.1