**SO ORDERED: June 11, 2012.**



_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| EASTERN LIVESTOCK CO., LLC., | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER APPOINTING MEDIATOR**

This matter having come before the Court for a hearing on June 11, 2012, on a dispute between Fifth Third Bank and The First Bank and Trust Company as to the confidentiality of certain documents[1], the Court now FINDS that such dispute is amenable to resolution by and through mediation. The Court, therefore, by consent of the parties, refers such dispute to mediation and appoints the following to serve as mediator:

Chief Bankruptcy Judge Joan A. Lloyd
Western District of Kentucky
Office phone 502.627.5525

---

[1] Fifth Third Bank filed a Motion for Contempt [Docket No. 1171] on June 6, 2012, seeking to hold The First Bank and Trust Company, and its counsel, in contempt for allegedly violating a Stipulated Confidentiality Agreement that had been approved by this Court on or about September 30, 2011.

The parties shall contact the aforesaid mediator within seven (7) days of the entry of this Order to establish mediation protocol and schedule a mutually agreeable time and place for the mediation conference.

The mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, evidence pertaining to any aspect of the mediation effort, including but not limited to: (a) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (b) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator; (c) proposals made or views expressed by the mediator; (d) statements or admissions made by a party in the course of the mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the mediation. In addition, without limiting the foregoing, Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, common law or other alternative dispute resolution procedure shall apply. Information otherwise discoverable or admissible in evidence, however, does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in a mediation.

If a settlement is reached at the mediation, a party designated by the mediator shall submit a fully executed stipulation and proposed order to the court within twenty (20) days of the conclusion of the mediation. Promptly after the mediation conference, the mediator shall notify this court as to whether or not a settlement has been reached. If the mediation conference does not result in a resolution of all the disputes in the assigned matter, the matter shall proceed to a hearing before this Court pursuant to such further scheduling orders as may be appropriate.

###