# EXHIBIT A

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
INDICTMENT #11-CR-00048

JUDGMENT ON A GUILTY PLEA

COMMONWEALTH OF KENTUCKY                          PLAINTIFF

VS

THOMAS "TOMMY" P. GIBSON                          DEFENDANT
D.O.B. 1-1-1940

    COUNT 1:  CRIMINAL SYNDICATION; ENGAGING IN ORGANIZED CRIME.
        KRS 506.120, CLASS B FELONY
    COUNTS 2 THRU 18:  COMPLICITY TO THEFT BY DECEPTION OVER $10,000
        (FALSE IMPRESSION). KRS 514.040(1)(A), KRS 502.020, CLASS C
        FELONY
    COUNTS 19 THRU 162:  COMPLICITY TO THEFT BY DECEPTION    OVER
        $500 BUT LESS THAN $10,000 (FALSE IMPRESSION). KRS 514.040(1)(A),
        KRS 502.020, CLASS D FELONY
    COUNTS 163 THRU 173:  COMPLICITY TO THEFT BY DECEPTION UNDER
        $500 (FALSE IMPRESSION). KRS 514.040(1)(A), KRS 502.020, CLASS
        A MISDEMEANOR

        The defendant at arraignment entered a plea of not guilty to the following charges contained in the indictment:  Count 1:  Criminal Syndication; Engaging in Organized Crime. Counts 2 thru 18: Complicity to Theft by Deception Over $10,000 (False Impression). Counts 19 thru 162:  Complicity to Theft by Deception Over $500 But Less Than $10,000 (False Impression) and Counts 163 thru 173: Complicity to Theft by Deception Under $500 (False Impression). which offenses were committed between January of 2009 and November of 2010.

        On the 27th day of March, 2012, the defendant, Thomas P. Gibson, appeared in open Court with his Attorney, Hon. Brian Butler, and the Commonwealth being represented by Assistant Attorney General, Hon. F. Todd Lewis.  Upon recommendation of the Commonwealth, the defendant, with the advice of counsel, waived further proceedings and **ENTERED A PLEA OF GUILTY TO:**

    **Count 1:  Criminal Syndication; Engaging in Organized Crime**

    **Counts 2 thru 18:  Complicity to Theft by Deception Over $10,000 (False Impression)**

    **Counts 19 thru 162:  Complicity to Theft by Deception Over $500 But Less Than**

ENTERED IN MY OFFICE
THIS___*11*_DAY OF_*April 2012*_
TOMMY A. GARLETT, CLERK
BY___*[signature]*___

$10,000 (False Impression)

Counts 163 thru 173:  Complicity to Theft by Deception Under $500

The Court finds that the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right of confrontation, right to trial by jury, privilege against self incrimination, and right to appeal, and that there is a factual basis for the defendant's plea.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as prayed.  The Court inquired of the defendant and his counsel whether they had any legal cause to show why Judgment should not be pronounced, and the Court having afforded the defendant and his counsel an opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment, and no sufficient cause was shown why Judgment should not be pronounced.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is guilty of the crimes of:

Count 1:  Criminal Syndication; Engaging in Organized Crime

Counts 2 thru 18:  Complicity to Theft by Deception Over $10,000 (False Impression)

Counts 19 thru 162:  Complicity to Theft by Deception Over $500 But Less Than $10,000 (False Impression)

Counts 163 thru 173:  Complicity to Theft by Deception Under $500

The Court notes of record the Commonwealth's recommendation of sentence of:

Count 1:  TEN (10) YEARS

Counts 2 thru 18:  FIVE (5) YEARS on each count, concurrent

Counts 19 thru 162:  ONE (1) YEAR on each count, concurrent

Counts 163 thru 173:  TWELVE (12) MONTHS on each count, concurrent

Total:  All counts concurrent for a total of TEN (10) YEARS

The Commonwealth further recommends a fine of $210,000 to be probated.  The Commonwealth has no objection to the sentence being probated.  Time shall be concurrent to any federal sentence received in federal case 03:11CR-123-R.  Should the defendant receive time to serve, the Commonwealth recommends shock probation upon motion and

after 30 days service.  **Probation shall be revoked and sentence imposed, concurrent to any federal sentence, upon request of the defendant at any time.  Additional conditions of probation shall include that the defendant shall continue to fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.**

However, sentencing is hereby postponed and suspended pending a presentence investigation.  A hearing shall be held on June 26, 2012 for purpose of determining whether the defendant should receive a sentence of probation, a sentence of imprisonment, or a sentence of conditional discharge, and the Division of Probation and Parole is hereby **ORDERED** to prepare a written report of its presentence investigation of the defendant.  The same terms and conditions of bail apply pending the ruling of the Court on the **26th day of June, 2012 at 9:00 A.M.**

This the 27th day of March, 2012.

_____
HON. PHIL PATTON
METCALFE CIRCUIT JUDGE

Cc:/Attorney General's Office
     Hon. Brian Butler

| AOC-491.1<br>Rev. 9-03<br>Page 1 of 2<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net | Doc. Code: COPG<br>03/27/2012 09:50 am<br>Ver. 1.01<br><br>COMMONWEALTH'S OFFER<br>ON A PLEA OF GUILTY | Case No. 11-CR-00048<br>Court    CIRCUIT<br>County    Metcalfe |

COMMONWEALTH OF KENTUCKY                                                    PLAINTIFF

VS.

THOMAS P. GIBSON                                                           DEFENDANT

**1.  *Charges and Penalties:***

Charge  CRIMINAL SYNDICATION: ORGANIZED CRIME                UOR Code 70240

Penalty  10 TO 20 YEARS, Fine of $1000 to $10,000 or double the gain

Charge  THEFT BY DECEPTION OVER $10,000 (COMP) (17 cts)     UOR Code 23302-5

Penalty  5 TO 10 YEARS, Fine per KRS 534 (EACH COUNT)

Charge  THEFT BY DECEPTION OVER $500 UNDER $10,000 (144 cts)  UOR Code 23301-5

Penalty  1 TO 5 YEARS, Fine per KRS 534 (EACH COUNT)

Charge  THEFT BY DECEPTION UNDER $500 (11 COUNTS) (COMP)     UOR Code 23300-5

Penalty  Up to 12 months jail and/or up to $500 fine

Charge  _____     UOR  Code _____

Penalty  _____

Charge  _____     UOR  Code _____

Penalty  _____

**2.  *Amended Charges (if any):***

Amended Charge  _____     UOR  Code _____

Penalty  _____

Amended Charge  _____     UOR  Code _____

Penalty  _____

Amended Charge  _____     UOR  Code _____

Penalty  _____

Amended Charge  _____     UOR  Code _____

Penalty  _____

Amended Charge  _____     UOR  Code _____

Penalty  _____

Amended Charge  _____     UOR  Code _____

Penalty  _____

FILED IN MY OFFICE

THIS ___11___ DAY O: _April 2012_

TOMMY A. GARRETT, CLERK

BY _____ DC

AOC-491.1
Rev. 9-03
Page 2 of 2

**3.    Reason(s) for** ~~amended charge(s) and UOR Code(s) (if applicable)~~:

Reason for recommendations: Defendant Tommy Gibson waived his right to remain silent and offered substantial and ongoing truthful cooperation with investigators and prosecutors prior to any indictment or plea agreement being discussed. Gibson's cooperation was instrumental in the law enforcement investigation in this matter and instrumental to the successful indictment, conviction, and obtaining of restitution in this action on behalf of all victims. Gibson will also receive punishment in connection with his federal indictment stemming from these events. For all these reasons, the Commonwealth does not object to this Defendant's sentence being probated.

**4.    Facts of the Case:**

The Indictment and Bill of Particulars are incorporated here, and Defendant states his agreement with same. Between at least January 1, 2009 and continuing until approximately November 10, 2010, Defendant Thomas P. Gibson collaborated with five or more other persons on a continuing basis, knowing that the unlawful purpose of this collaboration was to obtain property or services of another by means of deception. Thomas P. Gibson was the primary owner and CEO of Eastern Livestock, LLC, which was the corporate entity used by Gibson and to hold accounts at Fifth Third bank for the purpose of buying and selling cattle in Kentucky. The balances of these accounts were falsely inflated by various deceptive and fraudulent acts of the collaborators in this scheme (set forth more fully in the Bill of Particulars and discovery), and Defendant knew this. These falsely inflated accounts in turn made it possible for the Defendant and co-Defendants to obtain the property of each victim named in the indictment by deception, by means of a check which was, in fact, worthless as a result of these acts. These checks were issued as a result of sales at the Edmonton, Kentucky buying station of Eastern Livestock, and thus venue lay in Metcalfe County. The total loss to victims named in the indictment, directly resulting from this theft by deception, is $842,457.05.

**5.    Recommendations on a Plea of Guilty (Plea Agreement):**

Criminal Syndication: 10 years. Theft by Deception over $10,000: 5 years, each count, concurrent; Theft by Deception *(cont)* over $500: 1 year, each count, concurrent; Theft by Deception under $500: 12 months, each count, concurrent; and all counts concurrent to one another for (10) years. The Commonwealth recommends a fine of $210,000, probated. The Commonwealth has no objection to the sentence being probated. Time shall be concurrent to any federal sentence received in United States V. Thomas Gibson 03:11CR-123-R. Should Defendant receive time to serve, Commonwealth recommends shock probation upon motion and after thirty (30) days' service. Probation shall be revoked and sentence imposed, concurrent to any federal sentence, upon request of the Defendant at any time. Additional conditions of probation shall include: Defendant shall continue to fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

**6.    Offered this** _27_ th **day of** _March_, 2012.

x _____
Defendant

_____
Commonwealth's Attorney or
Assistant Commonwealth's Attorney    *Attorney General*

_____
Defense Attorney

_____
Prosecuting Witness

_____
Police Officer

_____
Prosecuting Witness

_____
Police Officer

| AOC-491          Doc. Code: EGP | | Case No. | *11-CR-00048* |
| Rev. 2-03      03/26/2012 05:32 pm | **MOTION TO ENTER GUILTY PLEA** | Court | *Circuit* |
| Page 1 of 2        Ver. 1.01 Commonwealth of Kentucky Court of Justice    www.kycourts.net RCr 8.08, 8.10 | | County | *Metcalfe* |

COMMONWEALTH OF KENTUCKY

**PLAINTIFF**

VS.

*Thomas Gibson*

**DEFENDANT**

      Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him/her to withdraw his/her former plea of **"NOT GUILTY"** and enter a plea of **"GUILTY"** as set forth below. In support of this motion, the Defendant states as follows:

    *DoB: 1-1-1940*

1. My full name is *Thomas Parrish Gibson*     *Divorced*
   I am the same person named in the indictment.    *Address: 7536 Tandy Road*
         *Lanesville, IN 47136*

2. My judgment is not now impaired by drugs, alcohol or medication.

3. I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case. We have fully discussed, and I understand, the charges and any possible defenses to them.

4. I understand that I may plead **"NOT GUILTY"** or **"GUILTY"** to any charge against me.

5. I further understand the Constitution guarantees to me the following rights:

   **(a) The right not to testify against myself;**
   **(b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;**
   **(c) The right to confront and cross-examine all witnesses called to testify against me;**
   **(d) The right to produce any evidence, including attendance of witnesses, in my favor;**
   **(e) The right to appeal my case to a higher court.**

   I understand that if I plead **"GUILTY,"** I waive these rights.

5. I understand that if I plead **"GUILTY,"** the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it. The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty (AOC-491.1)" which I have reviewed and signed.

6. I understand that if the Court rejects the plea agreement, it must so inform me. If this occurs, I may either persist in my guilty plea and possibly receive harsher treatment than I bargained for, or I may withdraw my guilty plea and proceed to trial. I further understand the Court shall not impose a sentence for a felony, other than a capital offense, without first ordering a presentence investigation. The Court will consider a written report of the presentence investigation before it informs me whether it will accept the plea agreement.

FILED IN MY OFFICE

THIS _*11*_ DAY OF *April 2012*

TOMMY A. GARRETT, CLERK

BY *Julia Leader* DC

AOC-491
Rev. 2-03
Page 2 of 2

7.  In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead **"GUILTY."**

8.  Because I am **GUILTY**, and make no claim of innocence, I wish to plead **"GUILTY"** in reliance on the attached "Commonwealth's Offer on a Plea of Guilty."

9.  I declare my plea of **"GUILTY"** is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defenses to them; and that I understand the nature of this proceeding and all matters contained in this document.

10. I understand that because of my conviction here today, **I may be subject to greater/enhanced penalties if found guilty and/or convicted of any future criminal offenses.** I understand that if I am not a United States citizen, I may be subject to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. I understand the complete terms of this plea and all the obligations imposed upon me by its terms.

Signed in open court in the presence of my attorney this ___26ᵗ___ day of ___March___, 2_012_.

_____
**Defendant's Signature**

---

### CERTIFICATE OF COUNSEL

1.  To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe he/she fully understands the charges and possible defenses. I have reviewed with defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty," and I believe he/she understands these documents.

2.  To the best of my knowledge and belief, his/her plea of **"GUILTY"** is made freely, knowingly, intelligently and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3.  The plea of **"GUILTY"** as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this ___26ᵗ___ day of ___March___, 2_012_.

_____
**Attorney for Defendant**

# EXHIBIT B

**COMMONWEALTH OF KENTUCKY**
**METCALFE CIRCUIT COURT**
**INDICTMENT #11-CR-00049**

**JUDGMENT ON A GUILTY PLEA**

**COMMONWEALTH OF KENTUCKY**                                    **PLAINTIFF**

**VS**

**STEPHEN MCDONALD**                                                **DEFENDANT**
D.O.B. 12-28-1951

> COUNT 1: CRIMINAL SYNDICATION; ENGAGING IN ORGANIZED CRIME.
>     KRS 506.120. CLASS B FELONY
> COUNTS 2 THRU 18: COMPLICITY TO THEFT BY DECEPTION OVER $10.000
>     (FALSE IMPRESSION). KRS 514.040(1)(A). KRS 502.020, CLASS C
>     FELONY
> COUNTS 19 THRU 162: COMPLICITY TO THEFT BY DECEPTION   OVER
>     $500 BUT LESS THAN $10,000 (FALSE IMPRESSION). KRS 514.040(1)(A).
>     KRS 502.020, CLASS D FELONY
> COUNTS 163 THRU 173: COMPLICITY TO THEFT BY DECEPTION UNDER
>     $500 (FALSE IMPRESSION). KRS 514.040(1)(A). KRS 502.020. CLASS
>     A MISDEMEANOR

The defendant at arraignment entered a plea of not guilty to the following charges contained in the indictment: Count 1: Criminal Syndication; Engaging in Organized Crime. Counts 2 thru 18: Complicity to Theft by Deception Over $10.000 (False Impression). Counts 19 thru 162: Complicity to Theft by Deception Over $500 But Less Than $10,000 (False Impression) and Counts 163 thru 173: Complicity to Theft by Deception Under $500 (False Impression). which offenses were committed between January of 2009 and November of 2010.

On the 27th day of March. 2012. the defendant. Stephen McDonald. appeared in open Court with his Attorney, Hon. Scott Cox. and the Commonwealth being represented by Assistant Attorney General, Hon. F. Todd Lewis. Upon recommendation of the Commonwealth, the defendant, with the advice of counsel. waived further proceedings and **ENTERED A PLEA OF GUILTY TO:**

> **Count 1: Criminal Syndication; Engaging in Organized Crime**
>
> **Counts 2 thru 18: Complicity to Theft by Deception Over $10,000 (False Impression)**
>
> **Counts 19 thru 162: Complicity to Theft by Deception Over $500 But Less Than**

ENTERED IN MY OFFICE
THIS _11_ DAY OF _April 2012_
TOBEY A GAYLE H. CLERK
BY_____ _Jalila Keagle_ _WC_

$10,000 (False Impression)

Counts 163 thru 173:  Complicity to Theft by Deception Under $500

The Court finds that the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right of confrontation, right to trial by jury, privilege against self incrimination, and right to appeal, and that there is a factual basis for the defendant's plea.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as prayed.  The Court inquired of the defendant and his counsel whether they had any legal cause to show why Judgment should not be pronounced, and the Court having afforded the defendant and his counsel an opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment, and no sufficient cause was shown why Judgment should not be pronounced.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is guilty of the crimes of:

Count 1:  Criminal Syndication; Engaging in Organized Crime

Counts 2 thru 18:  Complicity to Theft by Deception Over $10,000 (False Impression)

Counts 19 thru 162:  Complicity to Theft by Deception Over $500 But Less Than $10,000 (False Impression)

Counts 163 thru 173:  Complicity to Theft by Deception Under $500

The Court notes of record the Commonwealth's recommendation of sentence of:

Count 1:  TEN (10) YEARS

Counts 2 thru 18:  FIVE (5) YEARS on each count, concurrent

Counts 19 thru 162:  ONE (1) YEAR on each count, concurrent

Counts 163 thru 173:  TWELVE (12) MONTHS on each count, concurrent

Total:  All counts concurrent with one another for a total of TEN (10) YEARS

The Commonwealth further recommends a fine of $210,000 to be probated.  The Commonwealth has no objection to the sentence being probated.  Time shall be concurrent to any federal sentence received in federal case 03:11CR-123-R(2).  Should the defendant receive time to serve, the Commonwealth recommends shock probation upon motion and

after 30 days service. Probation shall be revoked and sentence imposed, concurrent to any federal sentence, upon request of the defendant at any time. Additional conditions of probation shall include that the defendant shall divulge, upon request and under oath, complete information about any remaining involvement in the cattle industry and shall take lawful steps to divest himself of the involvement and that he continue to fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

However, sentencing is hereby postponed and suspended pending a presentence investigation. A hearing shall be held on June 12, 2012 for purpose of determining whether the defendant should receive a sentence of probation, a sentence of imprisonment, or a sentence of conditional discharge, and the Division of Probation and Parole is hereby **ORDERED** to prepare a written report of its presentence investigation of the defendant. The same terms and conditions of bail apply pending the ruling of the Court on the **12th day of June, 2012 at 9:00 A.M.**

This the 27th day of March, 2012.

HON. PHIL PATTON
METCALFE CIRCUIT JUDGE

Cc: Attorney General's Office
Hon. Scott Cox

| AOC-491          Doc. Code: EGP | | Case No. | 11-CR-00049 |
| Rev. 2-03      03/26/2012 04:51 pm | | Court | CIRCUIT |
| Page 1 of 2        Ver. 1.01 | | | |
| Commonwealth of Kentucky | | County | Metcalfe |
| Court of Justice   www.kycourts.net | **MOTION TO ENTER** | | |
| RCr 8.08, 8.10 | **GUILTY PLEA** | | |

COMMONWEALTH OF KENTUCKY                                                    **PLAINTIFF**

VS.

STEPHEN                M.                MCDONALD                    **DEFENDANT**

Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him/her to withdraw his/her former plea of "**NOT GUILTY**" and enter a plea of "**GUILTY**" as set forth below. In support of this motion, the Defendant states as follows:

1. My full name is _Stup Michal Steven McDonald_
   I am the same person named in the indictment.

2. My judgment is not now impaired by drugs, alcohol or medication.

3. I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case. We have fully discussed, and I understand, the charges and any possible defenses to them.

4. I understand that I may plead "**NOT GUILTY**" or "**GUILTY**" to any charge against me.

5. I further understand the Constitution guarantees to me the following rights:

   (a) The right not to testify against myself;
   (b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;
   (c) The right to confront and cross-examine all witnesses called to testify against me;
   (d) The right to produce any evidence, including attendance of witnesses, in my favor;
   (e) The right to appeal my case to a higher court.

   I understand that if I plead "**GUILTY**," I waive these rights.

5. I understand that if I plead "**GUILTY**," the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it. The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty (AOC-491.1)" which I have reviewed and signed.

6. I understand that if the Court rejects the plea agreement, it must so inform me. If this occurs, I may either persist in my guilty plea and possibly receive harsher treatment than I bargained for or I may withdraw my guilty plea and proceed to trial. I further understand the Court shall not impose a sentence for a felony, other than a capital offense, without first ordering a presentence investigation. The Court will consider a written report of the presentence investigation before it informs me whether it will accept the plea agreement.

FILED IN MY OFFICE
THIS ___11___ DAY OF _April 2012_
TOMMY A. GARRETT, CLERK
BY _Sause Highto DC_

AOC-491
Rev. 2-03
Page 2 of 2

7. In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead "GUILTY."

8. Because I am GUILTY, and make no claim of innocence, I wish to plead "GUILTY" in reliance on the attached "Commonwealth's Offer on a Plea of Guilty."

9. I declare my plea of "GUILTY" is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defenses to them; and that I understand the nature of this proceeding and all matters contained in this document.

10. I understand that because of my conviction here today, **I may be subject to greater/enhanced penalties if found guilty and/or convicted of any future criminal offenses**. I understand that if I am not a United States citizen, I may be subject to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. I understand the complete terms of this plea and all the obligations imposed upon me by its terms.

Signed in open court in the presence of my attorney this _27_ day of _March_, 2 _012_

_Michael S. McDaniel_
**Defendant's Signature**

---

### CERTIFICATE OF COUNSEL

1. To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe he/she fully understands the charges and possible defenses. I have reviewed with defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty," and I believe he/she understands these documents.

2. To the best of my knowledge and belief, his/her plea of "GUILTY" is made freely, knowingly, intelligently and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3. The plea of "GUILTY" as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this _27_ day of _MARCH_, 2 _012_.

**Attorney for Defendant**

| AOC-491.1<br>Rev. 9-03<br>Page 1 of 2<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net | Doc. Code: COPG<br>03/26/2012 03:54 pm<br>Ver. 1.01 | <br>COMMONWEALTH'S OFFER<br>ON A PLEA OF GUILTY | Case No.  11-CR-00048 49<br>Court  Circuit<br>County  Metcalfe |
| --- | --- | --- | --- |

COMMONWEALTH OF KENTUCKY                                              PLAINTIFF

VS.

                                                                     DEFENDANT

STEPHEN MCDONALD

**1.    Charges and Penalties:**

Charge  CRIMINAL SYNDICATION: ORGANIZED CRIME        UOR  Code 70240

Penalty  10 TO 20 YEARS, Fine of $1000 to $10,000 or double the gain

Charge  THEFT BY DECEPTION OVER $10,000 (COMP) (17 cts)    UOR  Code 23302-5

Penalty  5 TO 10 YEARS, Fine per KRS 534 (EACH COUNT)

Charge  THEFT BY DECEPTION OVER $500 UNDER $10,000 (144 cts)  *(COMP)*  UOR  Code 23301-5

Penalty  1 TO 5 YEARS, Fine per KRS 534 (EACH COUNT)

Charge  THEFT BY DECEPTION UNDER $500 (11 COUNTS) *(COMP)*    UOR  Code 23300-5

Penalty  Up to 12 months jail and/or up to $500 fine

Charge  _____    UOR  Code _____

Penalty  _____

Charge  _____    UOR  Code _____

Penalty  _____

**2.    Amended Charges (if any):**

Amended Charge  _____    UOR  Code _____

Penalty  _____

Amended Charge  _____    UOR  Code _____

Penalty  _____

Amended Charge  _____    UOR  Code _____

Penalty  _____

Amended Charge  _____    UOR  Code _____

Penalty  _____

Amended Charge  _____    UOR  Code _____

Penalty  _____

Amended Charge  _____    UOR  Code _____

Penalty  _____

FILED IN MY OFFICE

THIS _11_ DAY OF _April 2012_

_____ GARRETT, CLERK

BY _Laura Linda_ DC

AOC-491.1
Rev. 9-03
Page 2 of 2

3.    **Reason(s) for** ~~amended charge(s) and UOR Code(s) (if applicable):~~

Reason for recommendation: Defendant Steve McDonald waived his right to remain silent and offered substantial and ongoing truthful cooperation with investigators and prosecutors prior to any indictment or plea agreement being discussed. McDonald's cooperation was instrumental in the law enforcement investigation in this matter and instrumental to the successful indictment, conviction, and obtaining of restitution in this action on behalf of all victims. McDonald will also receive punishment in connection with his federal indictment stemming from these events. For all these reasons, the Commonwealth does not object to this Defendant's sentence being probated.

4.    **Facts of the Case:**

The Indictment and Bill of Particulars are incorporated here, and Defendant states his agreement with same. Between at least January 1, 2009 and continuing until approximately November 10, 2010, Defendant Stephen McDonald knowingly collaborated with five or more other persons on a continuing basis, the unlawful purpose of this collaboration being to obtain property or services of another by means of deception. Defendant McDonald was the Chief Financial Officer of Eastern Livestock, LLC, which was the corporate entity used by McDonald and other collaborators to hold accounts at Fifth Third bank for the purpose of buying and selling cattle in Kentucky. The balances of these accounts were falsely inflated by various deceptive and fraudulent acts of the collaborators in this scheme (set forth more fully in the Bill of Particulars and discovery herein), and Defendant knew this. These falsely inflated accounts in turn made it possible for the Defendant and co-Defendants to obtain the property of each victim named in the indictment by deception, by means of a check which was, in fact, worthless as a result of these acts. These checks were issued as a result of sales at the Edmonton, Kentucky buying station of Eastern Livestock, and thus venue lay in Metcalfe County. The total loss to victims named in the indictment, directly resulting from this theft by deception, is $842,457.05.

5.    **Recommendations on a Plea of Guilty (Plea Agreement):**

Criminal Syndication: 10 years. Theft by Deception over $10,000: 5 years, each count, concurrent; Theft by Deception (concur) over $500: 1 year, each count, concurrent; Theft by Deception under $500: 12 months, each count, concurrent; and all counts concurrent to one another for (10) years. The Commonwealth recommends a fine of $210,000, probated. The Commonwealth has no objection to the sentence being probated. Time shall be concurrent to any federal sentence received in United States V. McDonald 03:11CR-123-R(2). Should Defendant receive time to serve, Commonwealth recommends shock probation upon motion and after thirty (30) days' service. Probation shall be revoked and sentence imposed, concurrent to any federal sentence, upon request of the Defendant at any time. Additional conditions of probation shall include: (1) Defendant shall divulge, upon request and under oath, complete information about any remaining involvement in the cattle industry and shall take lawful steps to divest himself of that involvement; (2) Defendant shall continue to fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

6.    Offered this 27th day of March , 2012

_____
Commonwealth's Attorney or
Assistant ~~Commonwealth's Attorney~~ Attorney General

_____
Defendant

_____
Defense Attorney

_____
Prosecuting Witness

_____
Police Officer

_____
Prosecuting Witness

_____
Police Officer

# EXHIBIT C

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
INDICTMENT #11-CR-00050

JUDGMENT ON A GUILTY PLEA

COMMONWEALTH OF KENTUCKY                                          PLAINTIFF

VS

GRANT GIBSON                                                      DEFENDANT
D.O.B. 12-28-1962

COUNT 1:  CRIMINAL SYNDICATION; ENGAGING IN ORGANIZED CRIME,
KRS 506.120, CLASS B FELONY-**AMENDED TO FACILITATION TO
CRIMINAL SYNDICATION, KRS 506.120, KRS 506.080, CLASS D
FELONY**
COUNTS 2 THRU 18:  COMPLICITY TO THEFT BY DECEPTION OVER $10,000
(FALSE IMPRESSION), KRS 514.040(1)(A), KRS 502.020, CLASS C
FELONY-**AMENDED TO FACILITATION TO THEFT BY DECEPTION
OVER $10,000, KRS 514.040(1)(A), KRS 506.080, CLASS A MISDE-
MEANOR**
COUNTS 19 THRU 162:  COMPLICITY TO THEFT BY DECEPTION OVER
$500 BUT LESS THAN $10,000 (FALSE IMPRESSION), KRS 514.040(1)(A),
KRS 502.020, CLASS D FELONY-**AMENDED TO FACILITATION TO
THEFT BY DECEPTION OVER $500 BUT LESS THAN $10,000,
KRS 514.040(1)(A), KRS 506.080, CLASS A MISDEMEANOR**
COUNTS 163 THRU 173:  COMPLICITY TO THEFT BY DECEPTION UNDER
$500 (FALSE IMPRESSION), KRS 514.040(1)(A), KRS 502.020, CLASS
A MISDEMEANOR-**AMENDED TO THEFT BY DECEPTION UNDER
$500, KRS 514.040(1)(A), CLASS A MISDEMEANOR**

The defendant at arraignment entered a plea of not guilty to the following charges contained
in the indictment:  Count 1:  Criminal Syndication; Engaging in Organized Crime, Counts 2 thru 18:
Complicity to Theft by Deception Over $10,000 (False Impression), Counts 19 thru 162:  Complicity to
Theft by Deception Over $500 But Less Than $10,000 (False Impression) and Counts 163 thru 173:
Complicity to Theft by Deception Under $500 (False Impression), which offenses were committed
between January of 2009 and November of 2010.

On the 27th day of March, 2012, the defendant, Grant Gibson, appeared in open Court with
his Attorney, Hon. Benjamin Dusing, and the Commonwealth being represented by Assistant Attorney
General, Hon. F. Todd Lewis.  The prosecution amended the charges in the plea agreement as follows:

ENTERED IN MY OFFICE
THIS 26 DAY OF *April 2012*
TOMMY A. GARRETT, CLERK
BY _____ DC

Count 1-Facilitation to Criminal Syndicate. Counts 2 thru 18-Facilitation to Theft by Deception Over $10,000. Counts 19 thru 162-Facilitation to Theft by Deception Over $500 and Counts 163 thru 173-Theft by Deception Under $500.   Upon recommendation of the Commonwealth, the defendant, with the advice of counsel, waived further proceedings and **ENTERED A PLEA OF GUILTY TO:**

**Count 1:  Facilitation to Criminal Syndication; Engaging in Organized Crime**

**Counts 2 thru 18:  Facilitation to Theft by Deception Over $10,000 (False Impression)**

**Counts 19 thru 162:  Facilitation to Theft by Deception Over $500 But Less Than $10,000 (False Impression)**

**Counts 163 thru 173:  Theft by Deception Under $500**

The Court finds that the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right of confrontation, right to trial by jury, privilege against self incrimination, and right to appeal, and that there is a factual basis for the defendant's plea.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as prayed.  The Court inquired of the defendant and his counsel whether they had any legal cause to show why Judgment should not be pronounced, and the Court having afforded the defendant and his counsel an opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment, and no sufficient cause was shown why Judgment should not be pronounced.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is guilty of the crimes of:

**Count 1:  Facilitation to Criminal Syndication; Engaging in Organized Crime**

**Counts 2 thru 18:  Facilitation to Theft by Deception Over $10,000 (False Impression)**

**Counts 19 thru 162:  Facilitation to Theft by Deception Over $500 But Less Than $10,000 (False Impression)**

**Counts 163 thru 173:  Theft by Deception Under $500**

The Court notes of record the Commonwealth's recommendation of sentence of:

**Count 1:  FIVE (5) YEARS**

**Counts 2 thru 18:  TWELVE (12) MONTHS on each count, concurrent**

**Counts 19 thru 162:  TWELVE (12) MONTHS on each count, concurrent**

**Counts 163 thru 173:  TWELVE (12) MONTHS on each count, concurrent**

**Total:  All counts concurrent with one another for a total of FIVE (5) YEARS**

The Commonwealth will recommend pretrial diversion of the felony count, upon the following conditions: 1) defendant pay $680,000 of restitution to the Kentucky Attorney General for distribution to the victims ($250,000 to be paid within 2 months, $250,000 to be paid within 8 months of the plea and the final $180,000 due within 12 months of the plea). The defendant shall also fully and truthfully cooperate with state, local or federal authorities investing or prosecuting events related to the events of this indictment.

However, sentencing is hereby postponed and suspended pending a presentence investigation.  A hearing shall be held on June 12, 2012 for purpose of determining whether the defendant should receive a sentence of probation, a sentence of imprisonment, or a sentence of conditional discharge, and the Division of Probation and Parole is hereby **ORDERED** to prepare a written report of its presentence investigation of the defendant.  The same terms and conditions of bail apply pending the ruling of the Court on the 12th day of **June, 2012 at 9:00 A.M.**

This the 24 day of April, 2012.

HON. PHIL PATTON
METCALFE CIRCUIT JUDGE

Cc:  Attorney General's Office
        Hon. Benjamin Dusing

NO. 11-CR-00050

METCALFE CIRCUIT COURT
JUDGE PHILLIP R. PATTON

COMMONWEALTH OF KENTUCKY

PLAINTIFF

V.    **AGREED ORDER AMENDING COMMONWEALTH'S**
**OFFER AND RECOMMENDATIONS ON PLEA OF GUILTY**

GRANT GIBSON

DEFENDANT

-------------

Comes now the parties undersigned, Commonwealth, by counsel, Assistant Attorney General F. Todd Lewis, and Defendant Grant Gibson, by counsel, Hon. Ben Dusing, and hereby state and agree as follows:

1. The Commonwealth's Offer on a Plea of Guilty, together with sentence recommendations (and Defendant Grant Gibson's acceptance of same by his signature and proceedings before this Court on March 23, 2012), incorrectly recites in paragraph 5, "Recommendations on a Plea of Guilty (Plea Agreement)" certain sentences for the charges as amended.

2. Paragraph 5 should read as follows (amendments underlined):

*5. Recommendations on a Plea of Guilty (Plea Agreement):*

Facilitation to Criminal Syndication; 5 years. Facilitation to Theft by Deception over $10,000 (17 counts): 12 months, each count, concurrent. Facilitation to Theft by Deception over $500 (144 counts): 12 months, each count, concurrent; Complicity to Theft by Deception under $500 (11 counts): 12 months, each count, concurrent; and all counts concurrent for a total of five (5) years. Commonwealth recommends misdemeanors to be probated. The Commonwealth will recommend pretrial diversion of the felony count strictly upon the following conditions: Payment of restitution of at least $680,000 to Kentucky Attorney General for distribution to victims, $250,000 shall be due in two months, $250,000 due in 8 months from plea; final $180,000 due 12 months from plea. Additional conditions of diversion (and misdemeanor probation) shall include: Defendant shall fuly and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

ENTERED IN MY OFFICE
THIS _26_ DAY OF _April 2012_
TOMMY A. GARRETT, CLERK
BY _Dana Higdon_ DC

1

SO ORDERED this 25 day of April, 2012

_____
HON. PHIL PATTON
JUDGE, METCALFE CIRCUIT COURT
43D JUDICIAL DISTRICT

Agreed:

_____
F. Todd Lewis
Assistant Attorney General
Executive Dir, Special Prosecutions
Office of Special Prosecutions

1024 Capital Center Drive
Frankfort, KY 40601
(502) 696-5337

Benjamin G. Dusing
Angela Hayden
Attorneys for Grant Gibson
Adams, Stpener, Woltermann
& Dusing, PLLC
40 W. Pike Street
PO Box 861
Covington, KY 41012-0861
(859) 394-6200

2



COMMONWEALTH OF KENTUCKY
## OFFICE OF THE ATTORNEY GENERAL

JACK CONWAY
ATTORNEY GENERAL

1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KENTUCKY 40601

April 18, 2012

Hon. Phil Patton
Judge, Metcalfe/Barren Circuit Court
300 Courthouse Square
Glasgow, KY 42141

RE:     **Agreed Order Amending Plea**
**Commonwealth v. Grant Gibson**
**Metcalfe Circuit No. 11-CR-00050**

Your Honor:

Enclosed please find an Agreed Order mutually executed by counsel for the parties, reflecting changes in the above plea agreement necessary to comport with existing penalty levels on the charges, as amended. A scanned PDF copy was sent via email earlier today.

Sincerely,

F. Todd Lewis
Assistant Attorney General
Office of Attorney General
1024 Capital Center Drive
Frankfort, KY 40601
(502) 696-5337.

Cc:     Hon. Ben Dusing
Counsel for Grant Gibson

encl

An Equal Opportunity Employer M/F/D

| | | |
|---|---|---|
| AOC-491        Doc. Code: EGP<br>Rev. 2-03    03/26/2012 04:51 pm<br>Page 1 of 2    Ver. 1.01<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net<br>RCr 8.08, 8.10 | <br>**MOTION TO ENTER<br>GUILTY PLEA** | Case No.  11-CR-00050<br><br>Court    CIRCUIT<br><br>County    Metcalfe |

COMMONWEALTH OF KENTUCKY

                                                                                    **PLAINTIFF**

VS.

GRANT                                        GIBSON                          **DEFENDANT**

Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him/her to withdraw his/her former plea of "NOT GUILTY" and enter a plea of "GUILTY" as set forth below. In support of this motion, the Defendant states as follows:

1. My full name is  *GRANT Parrish GIBSON*
   I am the same person named in the indictment.

2. My judgment is not now impaired by drugs, alcohol or medication.

3. I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case. We have fully discussed, and I understand, the charges and any possible defenses to them.

4. I understand that I may plead "NOT GUILTY" or "GUILTY" to any charge against me.

5. I further understand the Constitution guarantees to me the following rights:

   (a) The right not to testify against myself;
   (b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;
   (c) The right to confront and cross-examine all witnesses called to testify against me;
   (d) The right to produce any evidence, including attendance of witnesses, in my favor;
   (e) The right to appeal my case to a higher court.

   I understand that if I plead "GUILTY," I waive these rights.

5. I understand that if I plead "GUILTY," the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it. The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty (AOC-491.1)" which I have reviewed and signed.

6. I understand that if the Court rejects the plea agreement, it must so inform me. If this occurs, I may either persist in my guilty plea and possibly receive harsher treatment than I bargained for or I may withdraw my guilty plea and proceed to trial. I further understand the Court shall not impose a sentence for a felony, other than a capital offense, without first ordering a presentence investigation. The Court will consider a written report of the presentence investigation before it informs me whether it will accept the plea agreement.

FILED IN MY OFFICE
THIS  26  DAY OF April 2012
TOMMY A. GARRETT, CLERK
BY  *Laura Hinton* DC

AOC-491
Rev. 2-03
Page 2 of 2

7.  In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead "GUILTY."

8.  Because I am GUILTY, and make no claim of innocence, I wish to plead "GUILTY" in reliance on the attached "Commonwealth's Offer on a Plea of Guilty."

9.  I declare my plea of "GUILTY" is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defenses to them; and that I understand the nature of this proceeding and all matters contained in this document.

10. I understand that because of my conviction here today, I may be subject to greater/enhanced penalties if found guilty and/or convicted of any future criminal offenses. I understand that if I am not a United States citizen, I may be subject to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. I understand the complete terms of this plea and all the obligations imposed upon me by its terms.

Signed in open court in the presence of my attorney this _27th_ day of _March_, 2010.

_____
**Defendant's Signature**

---

**CERTIFICATE OF COUNSEL**

1.  To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe he/she fully understands the charges and possible defenses. I have reviewed with defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty," and I believe he/she understands these documents.

2.  To the best of my knowledge and belief, his/her plea of "GUILTY" is made freely, knowingly, intelligently and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3.  The plea of "GUILTY" as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this _27th_ day of _March_, 2012.

_____
**Attorney for Defendant**

| AOC-491.1<br>Rev. 9-03<br>Page 1 of 2<br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.net | Doc. Code: COPG<br>03/27/2012 09:53 am<br>Ver. 1.01 | **COMMONWEALTH'S OFFER<br>ON A PLEA OF GUILTY** | Case No. | 11-CR-00050 |
|---|---|---|---|---|
| | | | Court | CIRCUIT |
| | | | County | Metcalfe |

COMMONWEALTH OF KENTUCKY                                                          PLAINTIFF

VS.

                                                                                 DEFENDANT

GRANT GIBSON

**1.    *Charges and Penalties:***

Charge    CRIMINAL SYNDICATION: ORGANIZED CRIME                UOR Code 70240

Penalty    10 TO 20 YEARS, Fine per KRS Chapter 534

Charge    THEFT BY DECEPTION OVER $10,000 (COMP) (17 cts)      UOR Code 23302-5

Penalty    5 TO 10 YEARS, Fine per KRS 534 (EACH COUNT)    *(comp)*

Charge    THEFT BY DECEPTION OVER $500 UNDER $10,000 (144 cts) UOR Code 23301-5

Penalty    1 TO 5 YEARS, Fine per KRS 534 (EACH COUNT)

Charge    THEFT BY DECEPTION UNDER $500 (11 COUNTS) *(comp)*  UOR Code 23300-5

Penalty    Up to 12 months jail and/or up to $500 fine

Charge    _____    UOR Code _____

Penalty    _____

Charge    _____    UOR Code _____

Penalty    _____

**2.    *Amended Charges (if any):***

Amended Charge    Facilitation to Criminal Syndication        UOR Code _____

Penalty    1 to 5 years, Fine per KRS Chapter 534

Amended Charge    Facilit to Theft by Deception o/ $10000 (cts 2-18)   UOR Code _____

Penalty    Up to 12 months jail and/or $500 fine

Amended Charge    Facilit to Theft by Deception o/$500 (cts 19-163) *162*   UOR Code _____

Penalty    Up to 12 months jail and/or $500 fine

Amended Charge    Theft by Deception under $500 (cts 164-176) *163-173*   UOR Code _____

Penalty    Up to 12 months and/or $500 fine

Amended Charge    _____    UOR Code _____

Penalty    _____

Amended Charge    _____    UOR Code _____

Penalty    _____

FILED IN MY OFFICE

THIS _26_ DAY Oi _April 2012_

TOMMY A. GARRETT, CLERK

BY _Laura Siegler DC_

AOC-491.1
Rev. 9-03
Page 2 of 2

**3.    Reason(s) for amended charge(s) and UOR Code(s) (if applicable):**

Defendant is contributing a very substantial portion of total restitution, in as close to a lump sum as possible, such that with his co-Defendant Branger, 100% of restitution will be returned in this case. NOTE: Restitution portion for co-Defendants Steve McDonald and Tommy Gibson is $222,500 each. Accordingly, Grant Gibson is funding his own portion of restitution ($222,500), plus the portion for Tommy Gibson and for Steve McDonald.

**4.    Facts of the Case:**

The Indictment and Bill of Particulars are incorporated here, and Defendant states his agreement with same. Between at least January 1, 2009 and continuing until approximately November 10, 2010, Defendant Grant Gibson knowingly provided assistance (facilitated) an ongoing collaboration of five or more other persons, knowing that the unlawful purpose of this collaboration was to obtain property or services of another by means of deception. Defendant Grant Gibson is the son of Thomas P. Gibson, the primary owner and CEO of Eastern Livestock, LLC, and was involved in operating Eastern Livestock. Eastern Livestock was the corporate entity used by co-Defendants and collaborators to hold accounts at Fifth Third bank for the purpose of buying and selling cattle in Kentucky. The balances of these accounts were falsely inflated by various deceptive and fraudulent acts of the collaborators in this scheme (set forth more fully in the Bill of Particulars and discovery), and Defendant knew this. These falsely inflated accounts in turn made it possible for the Defendant and co-Defendants to obtain the property of each victim named in the indictment by deception, by means of a check which was, in fact, worthless as a result of these acts. Defendant Grant Gibson acted in complicity with the acts of Theft by Deception set forth in the indictment including, but not limited to, issuing many of the checks.

**5.    Recommendations on a Plea of Guilty (Plea Agreement):**

Facilitation to Criminal Syndication:  5 years. Facilitation to Theft by Deception over $500 (161 counts): 5 years, each count, concurrent to one another but consecutive to Count 1, for a total of ten (10) years; Theft by Deception under $500: 12 months, concurrent. The Commonwealth will recommend pretrial diversion of the felony count, strictly upon the following conditions:  Payment of restitution of $680,000 to Kentucky Attorney General for distribution to victims. $250,000 shall be due in two months, $250,000 due in 8 months from plea; final $180,000 due 12 months from plea.  Additional conditions of diversion shall include: Defendant shall fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

*Cts 2 thru 18- penalty not icc in this agreement*
*Cts 19 thru 162 - Class A Misd - recom penalty does not fit class*

**6.    Offered this 27th day of March, 2012.**

_____                    _____
Defendant                                                          Commonwealth's Attorney or
                                                                          Assistant Commonwealth's Attorney *Attorney*
                                                                                                                              *General*

                                                                          _____
_____                    Defense Attorney
Prosecuting Witness

                                                                          _____
_____                    Police Officer
Prosecuting Witness

                                                                          _____
                                                                          Police Officer

# EXHIBIT D

COMMONWEALTH OF KENTUCKY
METCALFE CIRCUIT COURT
INDICTMENT #11-CR-00051

## JUDGMENT ON A GUILTY PLEA

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

VS

DARREN BRANGERS                                            DEFENDANT
D.O.B. 3-27-1968

> COUNT 1:  CRIMINAL SYNDICATION; ENGAGING IN ORGANIZED CRIME,
> KRS 506.120, CLASS B FELONY-AMENDED TO FACILITATION TO
> CRIMINAL SYNDICATION, KRS 506.120, KRS 506.080, CLASS D
> FELONY
> COUNTS 2 THRU 18:  COMPLICITY TO THEFT BY DECEPTION OVER $10,000
> (FALSE IMPRESSION), KRS 514.040(1)(A), KRS 502.020, CLASS C
> FELONY-AMENDED TO FACILITATION TO THEFT BY DECEPTION
> OVER $10,000, KRS 514.040(1)(A), KRS 506.080, CLASS A MISDE-
> MEANOR
> COUNTS 19 THRU 162:  COMPLICITY TO THEFT BY DECEPTION OVER
> $500 BUT LESS THAN $10,000 (FALSE IMPRESSION), KRS 514.040(1)(A),
> KRS 502.020, CLASS D FELONY-AMENDED TO FACILITATION TO
> THEFT BY DECEPTION OVER $500 BUT LESS THAN $10,000,
> KRS 514.040(1)(A), KRS 506.080, CLASS A MISDEMEANOR
> COUNTS 163 THRU 173:  COMPLICITY TO THEFT BY DECEPTION UNDER
> $500 (FALSE IMPRESSION), KRS 514.040(1)(A), KRS 502.020, CLASS
> A MISDEMEANOR

The defendant at arraignment entered a plea of not guilty to the following charges contained in the indictment:  Count 1:  Criminal Syndication; Engaging in Organized Crime, Counts 2 thru 18: Complicity to Theft by Deception Over $10,000 (False Impression), Counts 19 thru 162:  Complicity to Theft by Deception Over $500 But Less Than $10,000 (False Impression) and Counts 163 thru 173: Complicity to Theft by Deception Under $500 (False Impression), which offenses were committed between January of 2009 and November of 2010.

On the 27th day of March, 2012, the defendant, Darren Brangers, appeared in open Court with his Attorney, Hon. Steven Romines, and the Commonwealth being represented by Assistant Attorney General, Hon. F. Todd Lewis.  The prosecution amended the charges in the plea agreement as

ENTERED IN MY OFFICE
THIS ___4___ DAY OF _May 2012_
TOMMY A. GARRETT, CLERK
BY_____ DC

follows:   Count 1-Facilitation to Criminal Syndication, Counts 2 thru 18-Facilitation to Theft by Deception Over $10,000, and Counts 19 thru 162-Facilitation to Theft by Deception Over $500.   Upon recommendation of the Commonwealth, the defendant, with the advice of counsel, waived further proceedings and **ENTERED A PLEA OF GUILTY TO:**

**Count 1:  Facilitation to Criminal Syndication; Engaging in Organized Crime**

**Counts 2 thru 18:  Facilitation to Theft by Deception Over $10,000 (False Impression)**

**Counts 19 thru 162:  Facilitation to Theft by Deception Over $500 But Less Than**
**    $10,000 (False Impression)**

**Counts 163 thru 173:  Complicity to Theft by Deception Under $500**

The Court finds that the defendant understands the nature of the charges against him, that the defendant's plea is voluntary, that the defendant knowingly and voluntarily waives his right of confrontation, right to trial by jury, privilege against self incrimination, and right to appeal, and that there is a factual basis for the defendant's plea.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as prayed.  The Court inquired of the defendant and his counsel whether they had any legal cause to show why Judgment should not be pronounced, and the Court having afforded the defendant and his counsel an opportunity to make statements in the defendant's behalf and to present any information in mitigation of punishment, and no sufficient cause was shown why Judgment should not be pronounced,

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant is guilty of the crimes of:

**Count 1:  Facilitation to Criminal Syndication; Engaging in Organized Crime**

**Counts 2 thru 18:  Facilitation to Theft by Deception Over $10,000 (False Impression)**

**Counts 19 thru 162:  Facilitation to Theft by Deception Over $500 But Less Than**
**    $10,000 (False Impression)**

**Counts 163 thru 173:  Complicity to Theft by Deception Under $500**

The Court notes of record the Commonwealth's recommendation of sentence of:

**Count 1:  FIVE (5) YEARS**

**Counts 2 thru 18:  TWELVE (12) MONTHS on each count, concurrent**

**Counts 19 thru 162:** TWELVE (12) MONTHS on each count, concurrent

**Counts 163 thru 173:** TWELVE (12) MONTHS on each count, concurrent

**Total:** All counts concurrent with one another for a total of FIVE (5) YEARS

The Commonwealth will recommend pretrial diversion of the felony count, upon the following conditions: 1) defendant pay at least $100,000 of restitution to the Kentucky Attorney General for distribution to the victims before sentencing and pay an additional balance to the total of $210,000 within 12 months of sentencing, 2) defendant fully and truthfully cooperate with state, local or federal authorities investing or prosecuting events related to the events of this indictment.

However, sentencing is hereby postponed and suspended pending a presentence investigation. A hearing shall be held on June 12, 2012 for purpose of determining whether the defendant should receive a sentence of probation, a sentence of imprisonment, or a sentence of conditional discharge, and the Division of Probation and Parole is hereby **ORDERED** to prepare a written report of its presentence investigation of the defendant. The same terms and conditions of bail apply pending the ruling of the Court on the **12th day of June, 2012 at 9:00 A.M.**

This the __3__ day of __May__, 2012.

HON. PHIL PATTON
METCALFE CIRCUIT JUDGE

Cc: Attorney General's Office
Hon. Steve Romines

| AOC-491.1<br>Rev. 9-03<br>Page 1 of 2<br>Commonwealth of Kentucky<br>Court of Justice   *www.kycourts.net* | Doc. Code: COPG<br>03/26/2012 03:42 pm<br>Ver. 1.01 | <br>**COMMONWEALTH'S OFFER<br>ON A PLEA OF GUILTY** | Case No. **11-CR-00051**<br>Court   CIRCUIT<br>County   Metcalfe |

COMMONWEALTH OF KENTUCKY

PLAINTIFF

VS.

DEFENDANT

DARREN BRANGERS

**Charges and Penalties:**

| | | |
|---|---|---|
| Charge | CRIMINAL SYNDICATION: ORGANIZED CRIME | UOR Code 70240 |
| Penalty | 10 TO 20 YEARS, Fine per KRS Chapter 534 | |
| Charge | THEFT BY DECEPTION OVER $10,000 (COMP) (17 cts) | UOR Code 23302-5 |
| Penalty | 5 TO 10 YEARS, Fine per KRS 534 (EACH COUNT) | |
| Charge | THEFT BY DECEPTION OVER $500 UNDER $10,000 (144 cts) *(COMP)* | UOR Code 23301-5 |
| Penalty | 1 TO 5 YEARS, Fine per KRS 534 (EACH COUNT) | |
| Charge | THEFT BY DECEPTION UNDER $500 (11 COUNTS) *(COMP)* | UOR Code 23300-5 |
| Penalty | Up to 12 months jail and/or up to $500 fine | |
| Charge | | UOR Code |
| Penalty | | |
| Charge | | UOR Code |
| Penalty | | |

2. **Amended Charges (if any):**

| | | |
|---|---|---|
| Amended Charge | Facilitation to Criminal Syndication | UOR Code |
| Penalty | 1 to 5 years, Fine per KRS Chapter 534 | |
| Amended Charge | Facilit toTheft by Deception o/ $10000 (cts 2-18) | UOR Code |
| Penalty | Up to 12 months jail and/or $500 fine | |
| Amended Charge | Facilit to Theft by Deception o/$500 (cts 19-163) | UOR Code |
| Penalty | Up to 12 months jail and/or $500 fine | |
| Amended Charge | Theft by Deception under $500 (cts 164-176) | UOR Code |
| Penalty | Up to 12 months and/or $500 fine | |
| Amended Charge | | UOR Code |
| Penalty | | |
| Amended Charge | | UOR Code |
| Penalty | | |

FILED IN MY OFFICE

THIS __4__ DAY OF __May 2012__

TOMMY A. GARRETT, CLERK

BY __Laura Regdon DC__

AOC-491.1
Rev. 9-03
Page 2 of 2

**3.    Reason(s) for amended charge(s) and UOR Code(s) (if applicable):**

Defendant had a somewhat lesser role in these events than the co-Defendants, and is funding a substantial portion of restitution.

**4.    Facts of the Case:**

The Indictment and Bill of Particulars are incorporated here, and Defendant states his agreement with same. Between at least January 1, 2009 and continuing until approximately November 10, 2010, Defendant Darren Brangers knowingly provided assistance (facilitated) an ongoing collaboration of five or more other persons, knowing that the unlawful purpose of this collaboration was to obtain property or services of another by means of deception. Defendant Darren Branger is the Accountant for Eastern Livestock, LLC, and was involved in operating Eastern Livestock. Eastern Livestock was the corporate entity used by co-Defendants and collaborators to hold accounts at Fifth Third bank for the purpose of buying and selling cattle in Kentucky. The balances of these accounts were falsely inflated by various deceptive and fraudulent acts of the collaborators in this scheme (set forth more fully in the Bill of Particulars and discovery), and Defendant knew this. These falsely inflated accounts in turn made it possible for the Defendant and co-Defendants to obtain the property of each victim named in the indictment by deception, by means of a check which was, in fact, worthless as a result of these acts. Defendant Darren Brangers acted in complicity with the acts of Theft by Deception set forth in the indictment including, but not limited to, issuing many of the checks. (Continued in Attachment.)

**5.    Recommendations on a Plea of Guilty (Plea Agreement):**

Facilitation to Criminal Syndication:  5 years. Facilitation to Theft by Deception over $500 (161 counts)· 5 years, each count, concurrent to one another but consecutive to Count 1, for a total of ten (10) years; Theft by Deception under $500: 12 months, concurrent, probated. The Commonwealth will recommend pretrial diversion of the felony count, strictly upon the following conditions: (1) Payment of restitution of at least $100,000 to Kentucky Attorney General for distribution to victims, before sentencing; and, payment of an additional balance to a total of $210,00 to the same, due within 12 months of sentencing.  Additional conditions of diversion shall include: Defendant shall fully and truthfully cooperate with state, local or federal authorities investigating or prosecuting events related to the events of this indictment.

*Cts 2 thru 15 - penalty not rec. in this agreement*
*Cts 14 thru 162 - Class A Misd. rec. on penalty does not fit class*

**6.    Offered this** 27 **day of** March **, 20 12.**

_____
Commonwealth's Attorney or
Assistant Commonwealth's Attorney

_____
Defendant

_____
Defense Attorney

_____
Prosecuting Witness

_____
Police Officer

_____
Prosecuting Witness

_____
Police Officer

| AOC-491        Doc. Code: EGP<br>Rev. 2-03   03/26/2012 04:57 pm<br>Page 1 of 2        Ver. 1.01<br>Commonwealth of Kentucky<br>Court of Justice   www.kycourts.net<br>RCr 8.08, 8.10 | <br>**MOTION TO ENTER<br>GUILTY PLEA** | Case No. 11-CR-00050  51<br>Court   CIRCUIT<br>County   Metcalfe |
| --- | --- | --- |

**COMMONWEALTH OF KENTUCKY**                                                                 PLAINTIFF

**VS.**

**DARREN**                                           **BRANGERS**                            **DEFENDANT**

     Comes the Defendant, in person and with aid of counsel, and respectfully moves this Court to allow him/her to withdraw his/her former plea of **"NOT GUILTY"** and enter a plea of **"GUILTY"** as set forth below.  In support of this motion, the Defendant states as follows:

1. My full name is *Darren Brangers   3/27/68   SS#   7296*
   I am the same person named in the indictment.

2. My judgment is not now impaired by drugs, alcohol or medication.

3. I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges. I believe he/she is fully informed about my case.  We have fully discussed, and I understand, the charges and any possible defenses to them.

4. **I understand that I may plead "NOT GUILTY" or "GUILTY" to any charge against me.**

5. **I further understand the Constitution guarantees to me the following rights:**

   **(a) The right not to testify against myself;**
   **(b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;**
   **(c) The right to confront and cross-examine all witnesses called to testify against me;**
   **(d) The right to produce any evidence, including attendance of witnesses, in my favor;**
   **(e) The right to appeal my case to a higher court.**

   I understand that if I plead **"GUILTY,"** I waive these rights.

5. I understand that if I plead **"GUILTY,"** the Court may impose any punishment within the range provided by law and that although it may consider the Commonwealth's recommendation, the Court may reject it.  The legal penalty ranges are set forth on the attached "Commonwealth's Offer on a Plea of Guilty (AOC-491.1)" which I have reviewed and signed.

6. I understand that if the Court rejects the plea agreement, it must so inform me.  If this occurs, I may either persist in my guilty plea and possibly receive harsher treatment than I bargained for or I may withdraw my guilty plea and proceed to trial.  I further understand the Court shall not impose a sentence for a felony, other than a capital offense, without first ordering a presentence investigation.  The Court will consider a written report of the presentence investigation before it informs me whether it will accept the plea agreement.

FILED IN MY OFFICE
THIS _4_ DAY OF _May 2012_
TOMMY A. GARRETT, CLERK
BY _Dana Regan DC_

AOC-491
Rev. 2-03
Page 2 of 2

7. In return for my guilty plea, the Commonwealth has agreed to recommend to the Court the sentence(s) set forth in the attached "Commonwealth's Offer on a Plea of Guilty." Other than that recommendation, no one, including my attorney, has promised me any other benefit in return for my guilty plea nor has anyone forced or threatened me to plead "GUILTY."

8. Because I am GUILTY, and make no claim of innocence, I wish to plead "GUILTY" in reliance on the attached "Commonwealth's Offer on a Plea of Guilty."

9. I declare my plea of "GUILTY" is freely, knowingly, intelligently and voluntarily made; that I have been represented by counsel; that my attorney has fully explained my constitutional rights to me, as well as the charges against me and any defenses to them; and that I understand the nature of this proceeding and all matters contained in this document.

10. I understand that because of my conviction here today, I **may be subject to greater/enhanced penalties if found guilty and/or convicted of any future criminal offenses**. I understand that if I am not a United States citizen, I may be subject to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. I understand the complete terms of this plea and all the obligations imposed upon me by its terms.

Signed in open court in the presence of my attorney this ___27___ day of ___MArch___, 2 0_12_.

_____
**Defendant's Signature**

---

### CERTIFICATE OF COUNSEL

1. To the best of my knowledge and belief, the defendant understands the allegations contained in the indictment and/or any amendments thereto. I have fully discussed with the defendant the charges and any possible defenses to them and I believe he/she fully understands the charges and possible defenses. I have reviewed with defendant the attached "Commonwealth's Offer on a Plea of Guilty" and the foregoing "Motion to Enter a Plea of Guilty," and I believe he/she understands these documents.

2. To the best of my knowledge and belief, his/her plea of "GUILTY" is made freely, knowingly, intelligently and voluntarily. I have fully explained the defendant's constitutional rights to him/her and I believe that he/she understands them.

3. The plea of "GUILTY" as offered by the defendant is consistent with my advice to him/her, and I recommend to the Court that his/her plea be accepted.

Signed by me in open court in the presence of the Defendant this ___27___ day of ___MArch___, 20_12_.

_____
**Attorney for Defendant**

NO. 11-CR-00051                                    METCALFE CIRCUIT COURT
                                                   JUDGE PHILLIP R. PATTON

COMMONWEALTH OF KENTUCKY                                          PLAINTIFF

V.        **AGREED ORDER AMENDING COMMONWEALTH'S**
          **OFFER AND RECOMMENDATIONS ON PLEA OF GUILTY**

DARREN BRANGERS                                                  DEFENDANT

-------------

      Comes now the parties undersigned, Commonwealth, by counsel, Assistant Attorney

General F. Todd Lewis, and Defendant Darren Brangers, by counsel, Hon. Steve Romines, and

hereby state and agree as follows:

1. The Commonwealth's Offer on a Plea of Guilty, together with sentence recommendations
   (and Defendant Darren Brangers' acceptance of same by his signature and proceedings
   before this Court on March 23, 2012), incorrectly recites in paragraph 5,
   "Recommendations on a Plea of Guilty (Plea Agreement)" certain sentences for the
   charges as amended.

2. Paragraph 5 should read as follows (amendments underlined):

   *5. Recommendations on a Plea of Guilty (Plea Agreement):*

   Facilitation to Criminal Syndication; 5 years. <u>Facilitation to Theft by Deception over
   $10,000 (17 counts): 12 months, each count, concurrent. Facilitation to Theft by
   Deception over $500 (144 counts): 12 months, each count, concurrent; Complicity to
   Theft by Deception under $500 (11 counts): 12 months, each count, concurrent; and all
   counts concurrent for a total of five (5) years. Commonwealth recommends
   misdemeanors to be probated.</u> The Commonwealth will recommend pretrial diversion of
   the felony count strictly upon the following conditions: Payment of restitution of at least
   $100,000 to Kentucky Attorney General for distribution to victims, before sentencing;
   and payment of an additional balance to a total of $210,000, to same, due within 12
   months of sentencing. Additional conditions of diversion (<u>and misdemeanor probation</u>)
   shall include: Defendant shall fully and truthfully cooperate with state, local or federal
   authorities investigating or prosecuting events related to the events of this indictment.

ENTERED IN MY OFFICE
THIS___3___DAY OF___*May 2012*___
TOMMY A. GARRETT, CLERK
BY_____ DC

1

**SO ORDERED** this ___ day of April, 2012

HON. PHIL PATTON
JUDGE, METCALFE CIRCUIT COURT
43D JUDICIAL DISTRICT

Agreed:

F. Todd Lewis
Assistant Attorney General
Executive Dir, Special Prosecutions
Office of Special Prosecutions
1024 Capital Center Drive
Frankfort, KY 40601
(502) 696-5337

Steve Romines
Attorney for Darren Brangers
600 W. Main Street
Louisville, KY 40202
(502) 587-8822

2