UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO STRIKE** *REPORT OF THE TRUSTEE, JAMES A. KNAUER REGARDING INVESTIGATION AND ANALYSIS OF POTENTIAL CLAIMS AGAINST FIFTH THIRD BANK*

Superior Livestock Auction, Inc. ("Superior"), a creditor in the above-captioned proceeding, by counsel, respectfully moves the Court pursuant to 11 U.S.C. §§105(a) and 1125(b), to strike the *Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* filed on June 5, 2012 as Docket No. 1166 ("the Trustee's Report"), on the grounds it is a misleading and improper attempt to solicit plan support in violation of §1125(b), and in support of this Motion states:

1. The Trustee's Report was ostensibly filed "at the direction of the Court" to provide an assessment of the estate's assessment of potential claims against Fifth Third Bank ("Fifth Third"). TRUSTEE'S REPORT, PG. 1, NOTE 1. At a hearing on December 14, 2011 this Court had directed Special Counsel Hoover Hull to file a report after creditors raised questions regarding the independence of the Trustee and his counsel, following the Trustee's decision in April, 2011 to suspend investigation of claims against Fifth Third as part of a "cost benefit analysis."

2. For the reasons stated in Superior's previously-filed Preliminary Objection, the Trustee's Report is neither an independent report by Special Counsel as directed by the Court, nor a meaningful assessment of claims. The Trustee's Report was filed by the Trustee rather than

Hoover Hull, and was prepared with the advice and analysis of Faegre Baker Daniels, the same counsel whose conflict of interest lead to the appointment of Hoover Hull as Special Counsel. It is unclear to what extent Special Counsel even participated in preparing the Trustee's Report, or agrees with its conclusions.

3. In fact, the evident purpose of the Trustee's Report is merely to garner support for a settlement and plan to be filed by the Trustee, without disclosure of any plan terms, based on a misleading assessment of claims and alternatives.

4. Almost without exception, the Trustee's Report offers only the Trustee's opinions about potential claims, along with arguments and alleged evidence which the Trustee contends could be used by Fifth Third to defend against them. Similarly, the Trustee's Report advocates settlement of potential claims, but says little or nothing about possible recoveries. A prime example is the "assessment" of a claim for "improvement in position" under 11 U.S.C. §547, with respect to which the Trustee says only "it is a very difficult claim to assess at this time." His analysis cites no authorities and no relevant facts. He nonetheless urges settlement of this and other potential claims through nebulous boilerplate reference to "the likelihood of success" and "the amount of damages." TRUSTEE'S REPORT, ¶46.

5. Because it is fundamentally a misleading solicitation of support for the Trustee's proposed plan, the Trustee's Report directly violates 11 U.S.C. §1125(b), which states:

> *An acceptance or rejection of a plan may not be solicited* after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, *unless, at the time or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.*

*Id.* (emphasis added).

6. While it is true that the Trustee's Report does not explicitly urge creditors to "vote" in favor of the Trustee's plan, such support for the plan is the obvious goal of the Trustee's misleading analysis of the estate's claims, and his representations that

- his settlement and plan contain "meaningful concessions" by Fifth Third;

- such alleged concessions should result in a "significant distribution to creditors,"

- his undisclosed settlement is preferable to pursuing any claims against Fifth Third because it will allegedly avoid "years of delay and cost."

7. It can hardly be said the intent of these statements is merely to inform creditors, rather than influence them, since the report not only fails to independently assess claims in the manner ordered by the Court, but also includes no description of the settlement and plan being touted, which were negotiated before the investigation by Special Counsel was even completed. It obviously does not satisfy the requirements of §1125(b) that solicitations be accompanied by a copy of the plan and a disclosure statement approved by the Court.

8. The Trustee's objective may also be gleaned from the fact that on June 8, 2012, the same date Superior filed its Preliminary Objection to the Trustee's Report, the Trustee posted a notice on his internet website "blog" with a link to his report, and the statement that

> Several creditors have inquired whether Eastern Livestock has claims against Fifth Third Bank. At the direction of the Court, the Trustee has conducted an investigation over many months and the Report on the results of the investigation was recently filed with the Court. You can review the report by clicking here.

As of today's date, no mention has been made on the "blog" of the Preliminary Objection and the hearing set for August 20, 2012 with regard to the Trustee's Report and the Preliminary Objection.

  9. The rules regarding improper solicitation are not confined to formal disclosure statements and hearings, but apply to the entire process, beginning "on day one, with the filing of the Chapter 11 petition." *In re Momentum Mfg. Corp.,* 25 F.3d 1132 (2nd Cir. 1994), quoting *In re V. Savino Oil & Heating Co.*, 99 Bankr. 518, 526 (Bankr. E.D.N.Y. 1989).

  10. Common sense tells us that creditors will be influenced in voting not just by the documents they receive in a formal voting packet, but by other documents such as a report, posted on the internet, from the Trustee which states it is being filed "at the direction of the Court."

  11. While §1125(b) does not contain its own remedy for improper plan solicitations, 11 U.S.C. §1105(a) authorizes any action or order needed to implement the provisions of the Bankruptcy Code, including the important prohibitions against improper solicitation of a plan. *E.g., In re Gulph Woods Corp.,* 83 B.R. 339 (Bkrtcy. E.D. Pa. 1988) (§105(a) authorizes court to enjoin debtor's principal from sending communications about competing plans to creditors in violation of §1105(a)).

  WHEREFORE, for the reasons stated herein, the Court should strike the Trustee's Report and grant such further relief as is proper.

4

Respectfully submitted,

RUBIN & LEVIN, P.C.

By:  /s/ John M. Rogers
    Elliott D. Levin, Atty. No. 8785-49
    John M. Rogers, Atty. No. 6182-49
    RUBIN & LEVIN, P.C.
    342 Massachusetts Avenue
    Indianapolis, IN 46204
    (317) 634-0300; FAX (317) 453-8601

ONE OF COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2012, a copy of the foregoing *Motion to Strike Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |

| | |
|---|---|
| Daniel J. Donnell on | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Free | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |

| | |
|---|---|
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

    I further certify that on June 18, 2012, a copy of the foregoing *Motion to Strike Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association

c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610

                          /s/ John M. Rogers
                          John M. Rogers

G:\WP80\GENLIT\Farm Credit West-Eastern Livestock-85021201\Pleadings\Revised Motion to Strike.wpd