## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of June 18ᵗʰ 2012 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor"), Gary Seals d/b/a Gary Seals Livestock ("Seals") and Fifth Third Bank, N.A. ("Fifth Third") (collectively, the "Parties") for the purpose of settling the Parties' claims as described herein.

### Recitals

A.  Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  The Trustee and Fifth Third contend that claims now exist against Seals pursuant to Chapter 5 of the Bankruptcy Code and pursuant to other federal and state law causes of action, including but not limited to directed transfers of checks payable to Debtor, avoidance of preferential transfers to Seals, fraudulent conveyances to Seals, unpaid accounts and invoices, bank fraud and other wrongful conduct.

D.  Seals disputes the claims made by the Trustee and Fifth Third and contends that claims now exist against the Debtor and Fifth Third for services related to the purchase and delivery of cattle prior to the Petition Date, for setoffs, for check deception, and for other wrongful conduct.

E.  The Parties deny that any of these asserted or threatened claims against them are valid and will vigorously dispute and defend them if pursued.

F.  The Trustee and Seals, along with their counsel, participated in a confidential mediation in Louisville, Kentucky on April 23, 2012. Philip Kunkel, the Court-approved mediator in the Chapter 11 Case, conducted the mediation and supervised the drafting and execution of the Confidential Mediation Term Sheet ("Term Sheet") memorializing the parties desire to settle their disputes as set forth in this Settlement Agreement and Mutual Release.

G.  Fifth Third and its counsel thereafter reviewed the Term Sheet and Fifth Third has approved those settlement terms without objections.

H.  The Parties now desire to fully and finally settle upon the terms and conditions set forth below their known and anticipated future disputes involving Gary Seals.

BDDB01 9295722v1

NOW THEREFORE, incorporating the foregoing Recitals, the provisions of the Term Sheet and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Settlement Amount</u>. Seals will pay the Trustee the sum of One Million Six Hundred Thousand and No/100 Dollars ($1,600,000.00) (the "<u>Settlement Amount</u>"), as follows:

    a. $250,000.00 of the Settlement Amount (the "<u>Deposit</u>"), has been delivered by Seals to the trust account of his counsel, Mark Sandlin, to be held there pending the occurrence of the Effective Date (as defined in Paragraph 3 below). Within fourteen (14) business days of the occurrence of the Effective Date, the Deposit shall be disbursed by counsel for Seals to the Trustee at the Closing; and

    b. The remaining $1,350,000.00 of the Settlement Amount shall be satisfied by Seals' execution and delivery to the Trustee, within fourteen (14) buiness days of the Effective Date at the Closing, a non-interest bearing promissory note (the "<u>Note</u>") in a form and content as the prosposed note attached hereto, which Note shall be payable in eighteen (18) consecutive monthly principal installments of $75,000 beginning on the later of (i) July 1, 2012 or (ii) the first day of the first full calendar month following the Effective Date.

2. <u>Credit for Timely Payments</u>. Notwithstanding any other terms of this Settlement Agreement, Seals shall be entitled to a credit of $225,000.00 if all payments required by the Note are made on the payment dates set forth in the Note or within ten (10) business days of such payment dates. In addition, Seals shall be entitled to such $225,000 credit if the balance of the Note is fully prepaid and only if no prior monthly installments required by the Note were late by more than ten (10) business days. The Note may be prepaid at any time by Seals without penalty or premium.

3. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order becomes final and nonappealable shall be referred to herein as the "<u>Effective Date</u>". The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2

9295722 BDDB01

4. <u>Releases</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date, the Parties agree as follows:

(a) *Release of Claims Against Seals.* The Debtor, the Trustee, and Fifth Third, for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs, forever **RELEASE AND DISCHARGE** Seals and his employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under the Note.

(b) *Release of Claims Against the Trustee and Debtor.* Seals, for himself and on behalf of Gary Seals Livestock, and its respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs, forever **RELEASES AND DISCHARGES** the Debtor, the Trustee, and their respective officers, directors, employees, attorneys, insurers, agents and affiliates, predecessors, successors, past present and future parents, subsidiaries, assigns and heirs, from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement, including without limitation claims arising pursuant to 11 U.S.C. § 502(h).

(c) *Release of Claims Against Fifth Third.* Seals, for himself and on behalf of Gary Seals Livestock, and its respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs, forever **RELEASES AND DISCHARGES** Fifth Third and its officers, directors, employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns, past, present and future parents, subsidiaries, assigns and heirs, from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement.

3

9295722 BDDB01

5. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the mediation and mediator and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

7. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

8. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

9. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

10. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

13. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

[Signature page to follow]

4

9295722 BDDB01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the 18th day of June, 2012.

_____
Gary Seals d/b/a Gary Seals Livestock

_____
James A. Knauer as Chapter 11 Trustee for Eastern Livestock Co., LLC

FIFTH THIRD BANK, N.A.

By:_____

Printed Name:_____

Title:_____

5

9295722 BDDB01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the 18th day of June, 2012.

_____
Gary Seals d/b/a Gary Seals Livestock

_____
James A. Knauer as Chapter 11 Trustee for Eastern Livestock Co., LLC

FIFTH THIRD BANK, N.A.
By: _____
Printed Name: JAMES A. BOSCO
Title: Sr. V.P.

5

9295722 BDDB01