UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |
| | : | **MOTION OF THE FIRST BANK AND TRUST COMPANY TO STRIKE TRUSTEE'S REPORT** |
| | : | |

_____

The First Bank and Trust Company ("First Bank"), a creditor in the above-captioned proceeding, by counsel, moves the Court pursuant to Fed. R. Civ. P. 12(f), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012(b), to strike the Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank filed on June 5, 2012 (Dkt. No. 1166) ("Trustee's Report"), and in support of this Motion respectfully states:

**Introduction**

1. From the outset of this Chapter 11 proceeding, First Bank objected to the Trustee's retention of the law firm of Baker & Daniels LLP (now, Faegre Baker Daniels LLP) ("FBD") due to the conflict of interest in the firm's representation of a major creditor, Fifth Third Bank ("Fifth Third"). First Bank had intervened in the state court action orchestrated by Fifth Third that led to the <u>ex parte</u> appointment of a Receiver with broad powers. First Bank cautioned that the appointment of a Receiver may impair the ability of sellers of cattle and their secured lenders to recover the value of cattle assets after the collapse of Eastern Livestock.

2.  First Bank was highly critical of the actions of Fifth Third in regard to the Receivership preceding this bankruptcy and believed only truly "disinterested counsel" could effectively assist the Trustee in this Chapter 11.  In direct response to First Bank's objection, the Trustee brought in the skilled litigation firm of Hoover Hull LLP ("Hoover Hull") to address all claims and defenses relating to Fifth Third.  And, in direct reliance upon those representations, First Bank withdrew its objection.

3.  In November, 2011, the Trustee informed several creditors that, in April, 2011, he had discontinued all investigatory work by Hoover Hull, essentially before it began.  Those creditors, including First Bank, filed objections to the fee applications of FBD, the Trustee, and Hoover Hull.  At the time of the hearing scheduled on those fee application objections, the Court entered an interim order approving the fee applications, but also ordered Hoover Hull to undergo a full investigation and to file a report with the Court at the conclusion of that process.

4.  Hoover Hull conducted an extensive document review and examined several witnesses.  Hoover Hull also prepared and filed a Preliminary Report of Special Counsel for the Trustee, James A. Knauer Regarding Investigation of Fifth Third Bank's Proof of Claim and Potential Claims Against Fifth Third Bank ("Preliminary Report") [Dkt. No. 1098] and Special Counsel for the Trustee, James A. Knauer's Motion for Enlargement of Time to File Report Regarding Investigation of Potential Claims Against Fifth Third Bank ("Motion for Enlargement of Time") [Dkt. No. 1161].  In its Motion for Enlargement of Time, Hoover Hull stated that "**Special Counsel's Report** is due on May 31, 2012" and that "Special Counsel is working diligently to complete the Report, but needs additional time to confer with the Trustee to finalize the Report."  Motion for Enlargement of Time, ¶¶ 2-3 (emphasis added).  To date,

however, Hoover Hull has submitted no written report in accordance with its Motion for Enlargement of Time, the Court's order, and in response to the objections raised by First Bank, which date back to the origin of this proceeding. Rather, the Trustee signed and submitted his own "Report" – which states it was done in conjunction with FBD – that essentially provides conclusions no different than the Trustee had suggested in November, 2011, at the time he had already told Hoover Hull to discontinue its work months earlier.

5. As discussed more fully below, the creditors, including First Bank, are entitled to a Report from disinterested counsel, based upon independent examination, research and analysis, and the "Report of the Trustee" [Dkt. No. 1166] should be rejected and stricken.

**Factual Background**

6. On December 30, 2010, Trustee James A. Knauer ("Trustee") filed an application to employ FBD as Trustee's counsel [Dkt. No. 113]. On January 10, 2011, First Bank objected to the Trustee's application due to questions as to whether FBD was disinterested within the meaning of Bankruptcy Code § 327(a) because of the relationship between Fifth Third Bank and FBD [Dkt. No. 181]. As noted in that filing, the fundamental precept for the objection was the fact that FBD turned down a request by First Bank to serve as its counsel due to a conflict with the firm's representation of Fifth Third. The objection was rather straightforward: if FBD had a significant enough conflict to reject the representation of First Bank, then how could that conflict free the firm from the high standard of "disinterestedness" under the bankruptcy rules?[1]

---

[1] A "disinterested person" is defined, in relevant part, as one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest, in the debtor, or . . . for any other reason." 11 U.S.C. § 101(14). This definition of "disinterested person" is "sufficiently broad to include any professional with an 'interest or relationship that would even faintly color the independence and impartial attitude required by the Code.'" Kravit, Gass & Weber, S.C. v. Michel (In re Crivello), 134 F.3d 831, 835 (7th Cir. 1998) (citations omitted). In addition to the requirement
(footnote cont'd…)

3

7.       The Trustee thereafter filed an application to hire Hoover Hull as special counsel on January 18, 2011.  Application to Employ Hoover Hull LLP as Special Counsel to Chapter 11 Trustee ("Application to Employ Hoover Hull") [Dkt. No. 219]. And, FBD filed on January 24, 2011, an amended affidavit with additional disclosures in support of the application to hire FBD [Dkt. No. 235].  On January 27, 2011, First Bank withdrew its objection to the Trustee's application to employ FBD **"[i]n reliance upon the amended affidavit and the retention of Hoover Hull as special counsel."**  The First Bank and Trust Company's Withdrawal of Objection to Employment of Baker & Daniels LLP as Counsel to Chapter 11 Trustee [Dkt. No. 241] (emphasis added).

8.       In his application to employ Hoover Hull, filed on January 18, 2011 and upon which First Bank expressly relied in withdrawing its objection, the Trustee stated, "Hoover Hull's primary role as special counsel to the Trustee will be to investigate and prosecute claims and objections against Fifth Third or claims asserted by Fifth Third in this case."  Application to Employ Hoover Hull, ¶ 3.  In addition, the Trustee explained that Hoover Hull would "serve as Trustee's special counsel with respect to the investigation and prosecution of any and all claims

---

(…cont'd)
of disinterestedness, a trustee's employment of a professional requires that the professional "not hold or represent an interest adverse to the estate." 11 U.S.C. § 327(a).  This phrase may include an instance where a professional "possess[es] a predisposition under circumstances that render such a bias against the estate." Crivello, 134 F.3d at 835 (citation omitted).

"Together, the statutory requirements of disinterestedness and no interest adverse to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." Id. at 836 (quoting Rome v. Braunstein, 19 F.3d 54, 58 (1st Cir. 1994)).

Although disqualification may not be appropriate if a conflict is solely due to the professional's prior representation of a creditor, a creditor's "deep involvement in [a] case" and a law firm's "dependence on [that creditor's] present and future law business" could involve a conflict that is not exempted under 11 U.S.C. 327(c). In re Am. Printers & Lithographers, Inc., 148 B.R. 862 , 867 (Bankr. N.D. Ill. 1992).

4

or objections that may be asserted by the Trustee against Fifth Third, N.A. . . . or with respect to any claim that may be asserted herein by Fifth Third." Id. (introductory paragraph).

9. The Application to Employ Hoover Hull was filed because FBD, general counsel for the Trustee, serves as counsel to Fifth Third in other matters and the bank "has not consented to [FBD's] representation of the Trustee with respect to any adversary proceeding or other action that the Trustee may commence directly against Fifth Third." Affidavit of Terry E. Hall in Support of Application to Employ Baker & Daniels LLP as Counsel to Chapter 11 Trustee [Dkt. No. 114], ¶5; Amended Affidavit of Terry E. Hall in Support of Application to Employ Baker & Daniels LLP as Counsel to Chapter 11 Trustee [Dkt. No. 235], ¶10.

10. On, December 7, 2011, First Bank filed Objections [Dkt. No. 870] to the fee applications of FBD, Hoover Hull, and the Trustee based primarily upon: (a) the fact that First Bank relied upon the representations Hoover Hull would "serve as Trustee's special counsel with respect to the investigation and prosecution of any and all claims or objections that may be asserted by the Trustee against Fifth Third, N.A. . . . or with respect to any claim that may be asserted herein by Fifth Third"[2] and (b) despite these representations, the Trustee had directed Hoover Hull to discontinue its investigation, and made tremendous concessions to the benefit of Fifth Third, as early as April, 2011 before any substantive investigation had been conducted, much less completed.[3]

---

[2] Application to Employ Hoover Hull, p. 1.

[3] Objection to Professional's Applications for Compensation and Reimbursement of Expenses [Dkt. No. 870] ("Hoover Hull's investigation of Fifth Third had been limited and was ostensibly on at least a four-month hiatus, as no time was billed between April 28, 2011 and August 31, 2011[;]" "[t]he Trustee promised such an investigation [by Hoover Hull] to all his other constituents, then terminated it, before it began, in April, 2011, for his own, undisclosed reasons.")

5

11.     At the Omnibus hearing on December 14, 2011, the objections to the fee applications were on the agenda for hearing.[4]  Two important events occurred at the December Omnibus hearing that are noteworthy for this Motion.  First, lead counsel for the Trustee from FBD announced – quite contrary to the Trustee's representations in the application to employ Hoover Hull – that "[t]he only limitation that was imposed upon [his firm] is that [his firm] couldn't sue [Fifth Third]."  December 14, 2011, Transcript of Telephone Hearings [Dkt. No. 931], p. 53.  First Bank believed, and continues to believe, this is a misapprehension not only of the Seventh Circuit standards for "disinterestedness," but also of the Employment Application to Retain Hoover Hull [Dkt. No. 219].  Second, this Court directed Hoover Hull to conduct a complete investigation and to file a report regarding potential causes of action against Fifth Third, in response to questions raised by creditors regarding potential claims and the independence of the Trustee and his counsel.  December 14, 2011, Transcript of Telephone Hearings [Dkt. No. 931].  Specifically, the Court asked Hoover Hull when the investigation would be complete, to which Hoover Hull responded "we would try and complete the investigation within the next 120 days."  Id. at p. 44.  Accordingly, the Court journalized a minute entry [Dkt. No. 910] stating that the "Court orders Hoover Hull to submit a preliminary report within 90 days as to equitable subordination and/or any other causes of action.  Any party will be able to review documents on the Trustee's website."

---

[4] The Court entertained various discussions surrounding the role of FBD and Hoover Hull as well as a potential "concession" counsel for Fifth Third claimed the Trustee extracted from Fifth Third to move toward a Plan of Reorganization.  Transcript of Telephonic Hearings ("December 2011 Hearings") [Dkt. No. 931].  Notably, however, Hoover Hull had done virtually no investigation of Fifth Third at that time to evaluate the propriety or strength of such a "concession."  The Court granted *interim orders* approving the fee applications.

6

12. Thereafter, Hoover Hull began a somewhat tumultuous investigation that included Rule 2004 Examinations of several Fifth Third witnesses.[5] The parties, if not the Court, were certainly led to believe Hoover Hull was conducting an independent investigation that would result in an independent report. As mentioned earlier, on May 31, 2012, Hoover Hull filed a Motion for Enlargement of Time, in which Hoover Hull stated that "**Special Counsel's Report** is due on May 31, 2012" and that "Special Counsel is working diligently to complete the Report, but needs additional time to confer with the Trustee to finalize the Report." Motion for Enlargement of Time, ¶¶ 2-3 (emphasis added). The Court granted the motion, and stated "**Special Counsel for the Trustee** has to and including June 5, 2012, to file his report regarding the investigation of potential claims against Fifth Third Bank." Order Granting Special Counsel for the Trustee, James A. Knauer's Motion for Enlargement of Time to File Report Regarding Investigation of Potential Claims Against Fifth Third Bank ("Order Granting Motion for Enlargement of Time") [Dkt. No. 1162] (emphasis added).

13. Ultimately, no independent report of such an independent investigation ever materialized. Although the Trustee's Report states it was filed "at the direction of the Court," it was not presented, filed, or even signed by Hoover Hull which is a departure from the Preliminary Report [Dkt. No. 1098], Status Update [Dkt. No. 1137], and Request for Additional Time [Dkt. No. 1161], which were, in fact, signed by Hoover Hull. In the Preliminary Report, Hoover Hull mentioned that it "determined how and when Fifth Third began suspecting that ELC

---

[5] The tumult arose out of Fifth Third's efforts to limit and then to truncate the investigation of its witnesses. First, Fifth Third filed a motion for a protective order before even one witness was sworn. Motion of Fifth Third Bank, N.A. to Limit Discovery or, Alternatively, for a Protective Order [Dkt. No. 1005]. After Hoover Hull filed a Motion for Rule 2004 Examinations [Dkt. No. 1022], and prior to the completion of all Rule 2004 examinations, Fifth Third filed a Response to Trustee's Motion for Expedited Telephone Conference to Discuss Completion of Rule 2004 Examinations [Dkt. No. 1113], in which it stated that Hoover Hull's request for additional Rule 2004 examinations was "not justified."

7

was conducting a complex check kite operation and at the same time misrepresenting accounts receivable and cattle inventories."  Curiously, however, in **the Trustee's Report**, there is virtually no mention of the role of Fifth Third in the investigation of the check kite, any resulting permissions or approvals, any subsequent alerts relating to similar activity in the account or even Eastern Livestock's actions in misrepresenting the accounts receivable and cattle inventories.

14. Moreover, the Trustee's Report specifically notes – virtually identical to his comments in November, 2011 – due to potential defenses of the doctrine of in pari delicto, he is barred from suing, or has no desire to sue, Fifth Third.  Accordingly, when counsel from FBD believes the only constraint of disinterestedness is an inability to sue Fifth Third, and the Trustee has professed no desire to sue Fifth Third, the work of Hoover Hull was largely meaningless. This is confirmed by both the lack of Hoover Hull's signature to the final Report and the dearth of factual analysis of the weeks of "investigation."  Rather, the Trustee relegated Hoover Hull to be a passive observer despite its charge of "investigation and prosecution of any and all claims or objections that may be asserted by the Trustee against Fifth Third, N.A. . . . or with respect to any claim that may be asserted herein by Fifth Third"[6] and the Order of the Court to conduct and file a complete report.[7]

15. The Trustee's Report describes the Trustee's conclusions about the estate's potential claims, based on analysis performed by the Trustee, perhaps in consultation with Hoover Hull, but definitely in consultation with FBD.  See Trustee's Report, ¶¶14, 32-50, pp. 26-27.

---

[6] Application to Employ Hoover Hull, p. 1.

[7] Order Granting Motion for Enlargement of Time.

8

16. The Trustee's Report concludes "it is in the best interest of the ELC estate to pursue approval of a chapter 11 plan containing the material terms negotiated with Fifth Third which will include a settlement of any ELC estate claims" in return for what the Trustee believes are "meaningful concessions" by Fifth Third Bank. Trustee's Report, pp. 26-27. Such "meaningful concessions" are not described and the creditors are left to ponder whether they are any different whatsoever from the "concessions" Fifth Third claimed the Trustee managed to extract at the time of the December Omnibus hearings before Hoover Hull had done any significant investigation, reviewed the Fifth Third records, or took sworn testimony from any Fifth Third witness.[8] Moreover, it stands to reason that counsel who believes they are constrained by an inability to sue Fifth Third should not be in the position to negotiate with Fifth Third regarding any "meaningful concessions." In short, the Report submitted by the Trustee is meaningless window dressing and of no value in its current form.

## Relief Requested

17. By this Motion, First Bank asks the Court to strike the Trustee's Report in its entirety.

---

[8] During the hearing on December 14, 2011, counsel for Fifth Third stated that "the Trustee and I have been in negotiations for quite a long time, and the Trustee has exacted from [Fifth Third] an agreement in principle to allow the concession of millions of dollars to be available for distribution to allow the claims for unsecured creditors in this case." December 2011 Hearings, pp. 31-32.

9

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0300
Telecopier: (513) 632-0319
Email: ddonnellon@ficlaw.com
       sweigand@ficlaw.com

Attorneys for The First Bank and Trust
Company

## **CERTIFICATE OF SERVICE**

I certify that on the 21st day of June, 2012, I electronically filed the foregoing The First Bank and Trust Company's Motion to Strike Trustee's Report with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John W. Ames<br>jwa@gdm.com | Jessica E. Yates<br>jyates@swlaw.com |
| C.R. Bowles, Jr<br>crb@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| James A. Knauer<br>jak@kgrlaw.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| John Hunt Lovell<br>john@lovell-law.net | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Ivana B. Shallcross<br>ibs@gdm.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Jeffrey R Erler<br>jeffe@bellnunnally.com | Deborah Caruso<br>decaruso@daleek.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| Edward M King<br>tking@fbtlaw.com | Meredith R. Thomas<br>mthomas@daleeke.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| Randall D. LaTour<br>rdlatour@vorys.com | William Robert Meyer, II<br>rmeyer@stites.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Bret S. Clement<br>bclement@acs-law.com | Christie A. Moore<br>cm@gdm.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| John R. Carr, III<br>jrciii@acs-law.com | Allen Morris<br>amorris@stites.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| James M. Carr<br>jim.carr@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | James T. Young<br>james@rubin-levin.net | Karen L. Lobring<br>lobring@msn.com |
| Terry E. Hall<br>terry.hall@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com |
| Dustin R. DeNeal<br>dustin.deneal@bakerd.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Lisa Kock Bryant<br>courtmail@fbhlaw.net |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | John M. Thompson<br>john.thompson@crowedunlevy.com | Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesoultions.com |

11

John M. Rogers
johnr@rubin-levin.net

Jeremy S. Rogers
Jeremy.rogers@dinslaw.com

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E. Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C. Scherer
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

Christopher E. Baker
cbaker@hklawfirm.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

Andrea L. Wasson
andreawassonatty@gmail.com

Anthony G. Raluy
traluy@fbhlaw.net

Harmony A. Mappes
Harmony.mappes@faegrebd.com

James B. Lind
jblind@vorys.com

James E. Rossow, Jr.
jim@rubin-levin.net

Jeffrey R. Erler
jeffe@bellnunnally.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Kevin M. Toner
Kevin.toner@faegrebd.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Melissa S. Giberson
msgiverson@vorys.com

John Huffaker
John.huffaker@sprouselaw.com

Shawna M. Eikenberry
Shawna.eikenberry@faegrebd.com

Wendy W. Ponader
Wendy.ponader@faegrebd.com

/s/ Daniel J. Donnellon
Daniel J. Donnellon

627202.1