**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**DEFENDANT CPC LIVESTOCK'S JOINDER TO OBJECTIONS TO TRUSTEE'S REPORT REGARDING CLAIMS AGAINST FIFTH THIRD BANK**

**TO THE HONORABLE JUDGE OF SAID COURT:**

CPC Livestock ("CPC") hereby submits this Joinder to the Preliminary Objection to Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank, as well as the Supplemental Objection to Trustee's Report on Claims, both filed by Superior Livestock Auction, Inc. (Docs. # 1177, # 1206), the Objection of the First Bank and Trust Company to Trustee's Report (Doc. # 1201), and the Motion of the First Bank and Trust Company to Strike Trustee's Report (Doc. # 1204), respectfully stating as follows:

1. CPC agrees with First Bank and Superior Livestock Auction that the Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank (Doc. # 1166) cannot be a substitute for the final report of special counsel Hoover Hull, LLP, given that the very reason special counsel was employed was due to the conflict of interest the Trustee's counsel has in being able to assert claims against Fifth Third Bank.

2. CPC joins with the arguments and analyses set forth by First Bank and Superior Livestock Auction.

3. Notably, the Trustee resists asserting some claims, such as equitable subordination, mostly because of the perceived difficulty of success in most <u>other</u> cases. The Trustee makes little attempt to explain why equitable subordination would not succeed in <u>this</u> case, nor does the Trustee cite any authority to support the suggestion that a trustee can simply sit back and avoid the challenge of raising equitable subordination arguments when tens of millions of dollars hang in the balance. The Trustee's discussion of the improvement of position claim similarly suggests that the Trustee is prematurely rejecting a viable cause of action based on preliminary information. Indeed, the analysis of Superior Livestock shows that an effective rebuttal can be made to the Trustee's initial analysis.

4. The Trustee asserted that he "has not found any reported decision that has ever held that a secured lender's security interest can be avoided on the theory that the lender needed to qualify as a good faith purchaser for value." (Doc. # 1166 at 26.) This statement is an example of how the Trustee's analysis is incomplete, and the Trustee's conclusion that he should not pursue any claims against Fifth Third Bank is based on error. <u>See, e.g., Iola State Bank v. Bolan</u>, 679 P.2d 720, 729-31 (Kan. 1984) (where bank knew borrower "had never been able to make a payment on principal or interest due on the note," "knew" that borrower "would not be financially able to pay the note," and knew that funds set off in borrower's account for payment of the note were funds from sales of grain harvested by farmers, bank's security interest did not attach against farmers as bank was not good faith purchaser).

Dated this 25th day of June, 2012.

                Respectfully submitted,

                SNELL & WILMER L.L.P.

        By: /s/*Jessica E. Yates*
                Jessica E. Yates
                1200 Seventeenth Street, Suite 1900
                Denver, Colorado 80202-5854
                Phone: (303) 634-2097
                Fax: (303) 634-2020
                Email:  jyates@swlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 25, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties listed on the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

               /s/Martha McCleery
               For Snell & Wilmer L.L.P.

15337135