UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-93904 |
| EASTERN LIVESTOCK CO., LLC, | CHAPTER 11 |
| DEBTOR | JOINTLY ADMINISTERED |

**JOINDER IN OBJECTIONS TO TRUSTEE'S
REPORT AND REQUEST FOR EXPEDITED HEARING**

Come Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, and Piedmont Livestock Company, Inc. ("Creditors") parties in interest herein, by counsel, and respectfully join in support of The First Bank and Trust Company ("First Bank") and Superior Livestock ("Superior") Objections and Motions to Strike the Trustee's Report [ECF No. 1166], and for expedited hearing, as follows:

1.  As this Court is well aware, virtually all constituencies in this case have in the past and continue to express serious concerns about the Trustee's actions and inactions in this Chapter 11 proceeding and related matters. The Trustee's Report is merely the latest example which supports the concerns already expressed.

2.  Trustees are fiduciaries for the estate. The "Estate" in this case is made up of a large number of different creditors, from large and sophisticated financial institutions to the smallest of unsophisticated cattle industry claimants. The Trustee is required to act impartially and objectively for all of his constituents.

1

3. This Court ordered Hoover Hull to file a report. It did not order the Trustee to file a report. It did not order Faegre Baker Daniels ("FBD") to file a report. The Trustee and his "general" bankruptcy counsel continue to side step the legitimate concerns raised by all of the creditors in this case, with the exception of Fifth Third Bank, about a perceived lack of impartiality and lack of objectivity. The Report and its contents is just the latest example, and is already being used to support a Trustee plan.

4. These creditors reiterate in full the statements contained in their prior Objections to Fee Applications [ECF No. 873]. FBD has disclosed that it has a "conflict" and cannot sue Fifth Third Bank ("Fifth Third") no matter what the circumstances. The exact terms have never been disclosed, despite a request by these creditors. The Trustee has never made any disclosure at all about his prior or current (who knows?) representation of Wells Fargo, again, despite a request to do so. This ongoing failure is inappropriate.

5. It is axiomatic that a law firm who cannot sue a party cannot settle litigation claims against that very same party. It taints the process and creates an appearance of partiality. *See e.g. In re Granite Partners*, *L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y 1998) (adverse interest is "any interest or relationship, however slight, that would even faintly color the independent and impartial attitude required by the Code and Bankruptcy Rules."). The requirements of 11 U.S.C. § 327(a) "serves the important policy of insuring that all professionals appointed pursuant to § 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Beal Bank, S.S.B. v. Waters Edge Ltd. Partnership*, 248 B.R. 668, 695 (Bankr. D. Mass. 2000).

6. Unfortunately, the other constituents in the case are left only with the lingering

2

and continuing appearance that independent judgment and impartiality have been and continue to be compromised.  The urgency is that the Trustee now wants to move ahead with a plan process that he already knows lacks any support at all, and for which he has never tried to garner any support.   The entire genesis of the Trustee's plan is a settlement by the "Estate" with Fifth Third, as it has been for about a year now and before any investigation was even done—leaving all others with a *fait accompli*.   This counsel has always supported a coordinated process to minimize costs to all.  So long as there is a coordinated timeline for competing plans, adequate disclosure issues, and other routine matters, perhaps there is no great "urgency" to deal with the current lack of any Report of Hoover Hull,  but the concern is that the Report is only the precursor of  things to come, and the Report itself and its contents support the concerns over an ongoing lack of impartiality.  It basically says — no matter what  the facts, I, the Trustee, the fiduciary for all, in consultation with both FBD (who has a conflict) and Hoover Hull, already settled.   I can't even figure out preference exposure against Fifth Third on $26 million plus, and I don't think Fifth Third had any duty to act in good faith in connection with its claim.   The process is irreparably tainted.   The "independent" conflicts counsel has said nothing at all.

7. Professionals with connections to the potential target of an investigation cannot conduct the investigation, weigh in on the investigation, write the report on the investigation, and settle the claims that are the subject of the investigation.  How can anyone else in the case feel any other way than they do?  *In re Granite Partners, L.P.*, 219 B.R. 22 (Bankr. S.D.N.Y. 1998) (denial of fees charged by counsel retained under § 327(a) investigation of claims into matters where law firm represented potential target of investigation in other matters); *In re Jore Corp.*, 298 B.R. 703 (Bankr. D. Mont. 2003) (retention order by professionals vacated because counsel

3

failed to disclose "no litigation" exceptions and conflict waiver by debtor's postpetition lenders). *See also In re Project Orange Assocs. LLC*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) a case almost exactly on point (retention of general counsel denied despite presence of conflicts counsel to handle issues relating to General Electric ("GE"), a major creditor, and despite limited conflicts waiver from GE in favor of general counsel, where proposed general counsel represented GE in unrelated matters, debtor and GE were clearly adverse, and general counsel could not threaten litigation against GE nor handle plan negotiations); *In re WorldCom, Inc.*, 311 B.R. 151, 163 (Bankr. S.D.N.Y. 2004) (adverse interest analysis includes consideration of whether it is "plausible that another interest may cause the professional to act differently than they would without that other interest…"); *In re American Printers & Lithographers, Inc.*, 148 B.R. 862 (Bankr. N.D. Ill. 1992) (court must consider whether professionals can negotiate credibly with major creditor on an estate's behalf, for example, regarding a plan).

8. The very facts of how this Report has been completed and filed in noncompliance with the Court's directive and minute Order are beyond telling.

>
> Respectfully submitted,
>
> DELCOTTO LAW GROUP PLLC
>
> /s/ Laura Day DelCotto, Esq.
> 200 North Upper Street
> Lexington, KY  40507
> Telephone:  (859) 231-5800
> Facsimile:   (859) 281-1179
> ldelcotto@dlgfirm.com
> COUNSEL FOR CREDITORS

4

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 26, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | james@bgdlegal.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | cbowles@bgdlegal.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sbrehm@bgdlegal.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | jim.carr@faegrebd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Jason W. Cottrell | jwc@stuartlaw.com |
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com |
| | cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Dustin R. DeNeal | dustin.deneal@faegrebd.com |
| | Patricia.moffit@bakerd.com |
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com |
| | efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@faegrebd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@faegrebd.com |
| John David Hoover | jdhoover@hooverhull.com |

| | |
|---|---|
| John Huffaker | john.huffaker@sprouselaw.com |
| | lynn.acton@sprouselaw.com |
| | rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@faegrebd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com;lisa.oliver@moyewhite.com |
| | deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net;edl@trustesolutions.com; |
| | atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com;lisa.geeding@dinslaw.com |
| | patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@faegrebd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cmoore@bgdlegal.com |
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Shiv G. O'Neill | shiv.oneill@faegrebd.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |

6

| | |
|---|---|
| Anthony Raluy | traluy@fbhlaw.net |
| Eric W. Richardson | ewrichardson@vorys.com |
| Susan K. Roberts | skr@stuartlaw.com; lbt@stuartlaw.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ishallcross@bgdlegal.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@faegrebd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin Toner | kevin.toner@faegrebd.com |
| Christopher M. Trapp | ctrapp@rubin-levin.net |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com; edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

   I further certify that on June 26, 2012, a copy of the foregoing pleading was mailed by first-class U.S. mail, postage prepaid and properly addressed, to the following:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311

National Cattlemen's Beef Association
c/o Alice Devine
Devine & Donley, LLC
534 S Ks Avenue, Ste 1420
Topeka, KS  66603

/s/ Laura Day DelCotto, Esq.
COUNSEL FOR CREDITORS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Joinder Obj to Trustee Rprt 20120626.docx