UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |
| | : | **REPLY MEMORANDUM OF THE FIRST BANK AND TRUST COMPANY TO MEMORANDUM IN OPPOSITION TO MOTION FOR EXPEDITED HEARING** |
| | : | |
| | : | |

_____

The Trustee's Response to Motions to Expedite Hearing on Trustee's Report and Motions to Strike ("Trustee's Response") [Dkt. No. 1210] contends that the various motions and objections relating to the Trustee's Report are best addressed at the omnibus hearing in August, particularly so that the Trustee, and his lead bankruptcy counsel, Faegre Baker Daniels LLP, can propose and recommend a Chapter 11 plan.  The Trustee's Response, however, overlooks a fundamental threshold raised in the motion to strike the report that supports an advancement of the hearing date regardless of whether the Trustee is currently at work on a Plan.  Among the concerns raised by First Bank, virtually since the inception of this case, is whether the Trustee and his primary counsel <u>should</u> propose any Chapter 11 plan based on numerous conflict of interest issues that have been ignored, disregarded, and as just recently discovered – <u>never disclosed</u>.  These issues go to the heart of whether the Trustee's Report should be stricken and should not wait an additional month before they are addressed.

   1.  On June 26, 2012, the various Bluegrass entities and other creditors filed a Joinder in Objections to Trustee's Report and Request for an Expedited Hearing ("Bluegrass

Request") [Dkt. No. 1211].  In addition to detailing the concerns of numerous creditors relating to the appearance of the lack of impartiality and objectivity of both the Trustee as well as his primary counsel, the Bluegrass Request stated: "The Trustee has never made any disclosure at all about his prior or current (who knows?) representation of Wells Fargo, again, despite a request to do so."  Bluegrass Request, p. 2.

2. In response to this statement, **on June 26, 2012**, First Bank conducted a preliminary investigation regarding the Trustee's purported relationship with Wells Fargo – the $10 million participant with Fifth Third Bank that provided a $32.5 million line of credit to the Debtor and with whom the Trustee and his counsel have interacted numerous times over the course of this proceeding.  First Bank confirmed that the Trustee had been actively representing Wells Fargo in a separate bankruptcy proceeding in relation to Wells Fargo's $87 million interest, while participating in his role as Trustee in this case.  First Bank has reviewed several documents relating to the Trustee's representation of Wells Fargo in In re: Lauth Investment Properties, LLC, Case No. 09-06065-BHL-11, in the United States Bankruptcy Court for the Southern District of Indiana:  (1) Appearance of James A. Knauer for Wells Fargo Bank, NA (filed August 3, 2009) (attached as Exhibit 1); (2) Joint Motion for Entry of Agreed Protective Order (filed September 2, 2009) (attached as Exhibit 2), which was entered by parties represented by James A. Knauer and James M. Carr; and (3) Wells Fargo, National Association's Limited Response to Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (filed May 13, 2011) (attached as Exhibit 3).

3. In Lauth, the Trustee was representing Wells Fargo in relation to its $87 million interest in the Debtor.  This representation of Wells Fargo coincided with the Trustee's role in this case, and even pre-dated the Trustee's hiring of Special Counsel which was

represented to First Bank to allegedly deal with issues relating to Fifth Third.  Neither the Trustee, nor his counsel at Faegre Baker & Daniels LLP, have ever disclosed the Trustee's prior, and ongoing, representation of Wells Fargo.  Moreover, there has never been an updated disclosure of whether Wells Fargo is a client of any significance of the new Faegre Baker & Daniels LLP, firm which continues to act as primary counsel to the Trustee.

4. In the Trustee's Affidavit of Disinterest [Dkt. No. 98-2], the Trustee stated that "[n]either the affiant, his law firm or any other member, associate or professional employee of his law firm has any connection with the Debtor, the creditors, any other party in interest . . . except as discussed herein."  (emphasis added).  Although the Trustee's Affidavit of Disinterest referenced his firm's representation of Fifth Third, the Trustee's Affidavit of Disinterest made no mention of Wells Fargo.  The Trustee has never disclosed the relationship with, connections with, or conflicts of interest related to, Wells Fargo which directly contravenes the governing standard.  In re Granite Partners, L.P., 219 B.R. 22, 35 (S.D.N.Y. Bankr. 1998) ("The applicant and the professional must disclose all connections and not merely those that rise to the level of conflicts. . . . The professional must disclose all facts that bear on its disinterestedness, and cannot usurp the court's function by choosing, ipse dixit, which connections impact disinterestedness and which do not.  The existence of an arguable conflict must be disclosed if only to be explained away.  The professional's duty to disclose is self-policing. . . . [S]ection 327(a) implies a duty of continuing disclosure, and requires professionals to reveal connections that arise after their retention. . . . Continuing disclosure is necessary to preserve the integrity of the bankruptcy system by ensuring that the trustee's professionals remain conflict free." (citations omitted)); In re Crivello, 134 F.3d 831, 835 (7th Cir. 1998) (stating that the scope of "disinterested person" is "sufficiently broad to include any professional with an 'interest or

relationship that would even faintly color the independence and impartial attitude required by the Code.'" (citations omitted)).

      5.      Despite this complete lack of disclosure, the Trustee and Faegre Baker & Daniels LLP had close communications with Wells Fargo and Fifth Third Bank as reflected in the billing records of Faegre Baker & Daniels LLP [Dkt. Nos. 520-1 and 820-1] that have been made available to creditors:[1]

- 12/28/2010 Hall, Terry E. 2.00 $ 700.00 Draft letter to obtain consent from Wells Fargo regarding loan participant with Fifth Third and coordinate conflict waiver

- 12/28/2010 Foster, David A. 0.30 $ 123.00 Telephone call with J. Knauer regarding Wells Fargo's role in case

- 12/28/2010 Foster, David A. 1.60 $ 656.00 Coordinate obtaining consents from Wells Fargo for B&D engagement

- 12/28/2010 Foster, David A. 0.50 $ 205.00 Draft consent letter

- 12/29/2010 Foster, David A. 0.20 $ 82.00 Review revised Wells Fargo consent letter

- 12/29/2010 Foster, David A. 0.20 $ 82.00 Correspondence with G. Heck regarding same

- 1/4/2011 Carr, James M. Partner 1.80 $ 990.00 Telephone calls representatives Fifth Third and Wells Fargo regarding conduct of case and funding of administrative expenses

- 1/11/2011 Carr, James M. 0.60 $ 330.00 Telephone calls J. Knauer regarding status and January 12 hearings and request by Wells Fargo for conference

- 1/11/2011 Carr, James M. 0.50 $ 275.00 Conference telephone call with Wells Fargo and counsel regarding forensic accounting and other issues

---

[1] Baker & Daniels LLP's billing records [Dkt. No. 820-1] (filed on November 11, 2011) that represent time billed through August 31, 2011, are the most recent records that have been made available to creditors (these are actually only time records of the former Baker & Daniels firm).  Likewise, the Trustee's time records [Dkt. No. 816-1] (filed on November 10, 2011) that represent time billed through September 30, 2011, are the most recent records that have been made available to creditors.

4

- 3/3/2011 Ponader, Wendy W. 2.60 $ 1,079.00 Conference call with R. LaTour. J. Bosco, DSI and W. Ponader regarding review of Budget, bank issues, questions (.7); prepare e-mail to J. Carr and J. A. Knauer regarding providing Wells Fargo with copy of Budget (.2) . . . .

- 3/21/2011 Carr, James M. 0.50 $ 275.00 Review report from Wells Fargo forensic account and J. Knauer email regarding possible claim against auditors

- 4/18/2011 Hall, Terry E. 0.10 $ 37.00 Telephone call with Wells Fargo attorney regarding RSI

- 5/23/2011 Hall, Terry E. 0.3 $ 111.00 Telephone call with Wells Fargo counsel regarding forfeiture action

- 7/7/2011 Hall, Terry E. Partner 0.1 $ 37.00 Return telephone call to J. Wegner (Wells Fargo) regarding update on case

- 7/19/2011 Toner, Kevin M. 0.7 $ 308.00  Prepare for and participate in conference call with Wells Fargo, Trustee, DSI regarding status and expected developments in adversary proceedings

As noted, the review of these time entries is exceedingly limited as neither the Trustee, nor Faegre Baker Daniels LLP, has filed any time records with the Court in several months – a practice First Bank finds highly unusual in a Chapter 11 proceeding of this magnitude. Accordingly, although the Trustee resists the advancement of the hearing on the motions to strike on the grounds of continued time necessary to negotiate and develop a Plan of Reorganization, the creditors are completely in the dark relating to the activities regarding such negotiations and Plan work and the potential role of Fifth Third and Wells Fargo in that process.

6. Similarly, the Trustee's own time records [Dkt. Nos. 525-1 and 816-1] reflect communications with Wells Fargo, despite the absence of any disclosure regarding the Trustee's active and direct representation of Wells Fargo:

- 1/11/2001     JAK    Conference call with Wells Fargo counsel and Jim Carr. 435.00 0.50

- 1/18/2011	JAK	Conference call with 5/3 and Wells Fargo and DSI to give status report.   435.00 4.80

- 1/24/2011	JAK	Call with Jeffrey Wegner to discuss forensic accounting.   435.00 2.70

- 1/28/2011	JAK	Call with Jeff Wegner (Wells Fargo counsel) concerning additional forensic accounting assistance.   435.00 1.10

- 2/01/2011	JAK	Conference call with Fifth Third, DSI and Wells Fargo to discuss case status.   435.00 1.00

- 2/08/2011	JAK	Meeting with DSI staff at the behest of Wells Fargo.   435.00 12.50

- 2/16/2011	JAK	Update status call with Fifth Third and Wells Fargo and DSI.   435.00 1.60

- 3/22/2011	JAK	Conference call with Wells Fargo, Fifth Third and L. Lynch.   435.00 0.50

- 3/31/2011	JAK	Wells Fargo/Fifth Third status conference call. 435.00   0.70

- 4/12/2011	JAK	Participate in update call with 5/3 Bank and Wells Fargo.   435.00 0.70

- 4/26/2011	JAK	Bank call with Fifth Third and Wells Fargo and DSI.   435.00 1.00

- 4/27/2011	JAK	E-mail correspondence with Wells Fargo concerning the civil forfeiture action.  435.00 0.20

- 5/12/2011  JAK  Status call with DSI and 5/3 Bank and Wells Fargo   435.00   1.30

    7.    The time entries of Faegre Baker & Daniels LLP reflect that the firm was addressing "conflict waiver[s]," "Wells Fargo's role in case," "obtaining consents from Wells Fargo," "[d]raft consent letter," and "[r]eview revised consent letter."  These conflicts of interest issues were important enough for the Trustee's primary bankruptcy counsel to address in a consent letter with Wells Fargo, but for whatever reason, that same counsel saw no need to

6

disclose such a conflict of interest to the creditors in this case.[2]  Moreover, counsel for the Trustee was addressing its own potential conflict with Wells Fargo at the same time that it was amending its affidavit of disinterestedness to address the objection raised by First Bank relating to the lack of disclosure of the conflict with Fifth Third that allegedly prevented the firm from representing First Bank.

8.  As First Bank raised in the Motion of The First Bank and Trust Company to Strike Trustee's Report [Dkt. No. 1204], First Bank was relying on the Trustee's retention of Hoover Hull LLP as "conflicts counsel" to resolve the conflicts of interest issue that First Bank raised regarding the Trustee's retention of then-Baker & Daniels LLP.  Terry Hall submitted an Amended Affidavit that finally disclosed Baker & Daniel LLP's relationship with Fifth Third Bank.  In direct reliance upon the Trustee's retention of Hoover Hull LLP as Special Counsel -- and without any knowledge of the Trustee's or counsel's relationship with Wells Fargo -- First Bank withdrew its objection to the retention of Baker & Daniels.[3]

9.  In December, 2011 – long after the Trustee had terminated the investigative work of Hoover Hull which occurred while he was actively representing Wells Fargo – this Court ordered Hoover Hull LLP to conduct an investigation of Fifth Third Bank and to submit a report to the Court regarding its findings.  No report has ever been submitted to the Court.  These newly-discovered facts show that the conflicts pervading this bankruptcy proceeding abound even more.  Now, however, without ever addressing these issues, the Trustee, through counsel, even opposes a simple, advancement of the hearing on the motion to strike in order to allow more time to negotiate a Plan in which both a conflicted counsel and a potentially conflicted Trustee should not be engaging in the first place. In re Big Rivers Elec. Corp., 355

---

[2] The Trustee's time entries do not reflect an attempt to address conflict of interest issues with Wells Fargo.

F.3d 415  355 F.3d 415, 434 (6th Cir. 2004) ("the Code does not merely prohibit trustees and examiners from <u>acting</u> upon materially adverse interests, it prohibits trustees and examiners from <u>having</u> them." (emphasis in original)).

WHEREFORE, The First Bank and Trust Company requests the Court to enter an Order setting a prompt hearing on the motions to strike the Trustee's Report and any other related filings regarding conflicts of interest, and to grant it all other just and proper relief.

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Telecopier:  (513) 632-0319
Email:  ddonnellon@ficlaw.com
              sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

---

[3] First Bank reserves its right to renew its objection to the retention of Baker & Daniels, now Faegre Baker Daniels, and additional other objections relating to the never-disclosed conflict with Wells Fargo.

8

## **CERTIFICATE OF SERVICE**

I certify that on the 29th day of June, 2012, I electronically filed the foregoing Reply Memorandum in Support of Motion for Expedited Hearing with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John W. Ames<br>jwa@gdm.com | Jessica E. Yates<br>jyates@swlaw.com |
| C.R. Bowles, Jr<br>crb@gdm.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| James A. Knauer<br>jak@kgrlaw.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| John Hunt Lovell<br>john@lovell-law.net | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Ivana B. Shallcross<br>ibs@gdm.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Jeffrey R Erler<br>jeffe@bellnunnally.com | Deborah Caruso<br>decaruso@daleek.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| Edward M King<br>tking@fbtlaw.com | Meredith R. Thomas<br>mthomas@daleeke.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| Randall D. LaTour<br>rdlatour@vorys.com | William Robert Meyer, II<br>rmeyer@stites.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Bret S. Clement<br>bclement@acs-law.com | Christie A. Moore<br>cm@gdm.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| John R. Carr, III<br>jrciii@acs-law.com | Allen Morris<br>amorris@stites.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| James M. Carr<br>jim.carr@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | James T. Young<br>james@rubin-levin.net | Karen L. Lobring<br>lobring@msn.com |
| Terry E. Hall<br>terry.hall@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com |
| Dustin R. DeNeal<br>dustin.deneal@bakerd.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Lisa Kock Bryant<br>courtmail@fbhlaw.net |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | John M. Thompson<br>john.thompson@crowedunlevy.com | Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesoultions.com |

| | | |
|---|---|---|
| John M. Rogers<br>johnr@rubin-levin.net | Christopher E. Baker<br>cbaker@hklawfirm.com | James E. Rossow, Jr.<br>jim@rubin-levin.net |
| Jeremy S. Rogers<br>Jeremy.rogers@dinslaw.com | David Alan Domina<br>dad@dominalaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com |
| John David Hoover<br>jdhoover@hovverhull.com | Kent A Britt<br>kabritt@vorys.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Sean T. White<br>swhite@hooverhull.com | Joshua N. Stine<br>jnstine@vorys.com | Kevin M. Toner<br>Kevin.toner@faegrebd.com |
| Robert H. Foree<br>robertforee@bellsouth.net | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Kim Martin Lewis<br>Kim.lewis@dinslaw.com |
| Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com | Jeffrey L. Hunter<br>jeff.hunter@usdoj.gov | Melissa S. Giberson<br>msgiverson@vorys.com |
| Michael W. McClain<br>mike@kentuckytrial.com | Amelia Martin Adams<br>aadams@gldfirm.com | John Huffaker<br>John.huffaker@sprouselaw.com |
| William E. Smith<br>wsmith@k-glaw.com | Michael Wayne Oyler<br>moyler@rwsvlaw.com | Shawna M. Eikenberry<br>Shawna.eikenberry@faegrebd.com |
| Susan K. Roberts<br>skr@stuartlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Wendy W. Ponader<br>Wendy.ponader@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Robert A. Bell<br>rabell@vorys.com | |
| Thomas C. Scherer<br>tscherer@binghammchale.com | Andrea L. Wasson<br>andreawassonatty@gmail.com | |
| David A. Laird<br>david.laird@moyewhite.com | Anthony G. Raluy<br>traluy@fbhlaw.net | |
| Jerald I. Ancel<br>jancel@taftlaw.com | Harmony A. Mappes<br>Harmony.mappes@faegrebd.com | |
| Jeffrey J. Graham<br>jgraham@taftlaw.com | James B. Lind<br>jblind@vorys.com | |
| Trevor L. Earl<br>tearl@rwsvlaw.com | | |

        /s/ Daniel J. Donnellon
        Daniel J. Donnellon

635539.3