# EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LAUTH INVESTMENT PROPERTIES, LLC, et al.,[1] | ) | Case No. 09-06065-BHL-11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## WELLS FARGO BANK, NATIONAL ASSOCIATION'S LIMITED RESPONSE TO SECOND AMENDED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Wells Fargo Bank, National Association ("Wells Fargo") on its own behalf and as successor, by merger, to Wachovia Bank, National Association,[2] respectfully submits this Limited Response to the Debtors' Seconded Amended Joint Plan of Reorganization Pursuant to Chapter of the Bankruptcy Code, filed on May 5, 2011, [Docket Number 1967] (hereinafter, the "Plan")

---

[1] The Debtors who are parties to the Plan are limited to Lauth Investment Properties, LLC (09-06065)("LIP"); LIP Development, LLC (09-06066)("LIP-D"); and LIP Investment, LLC (09-06067)("LIP-I").. The term "Debtors" is defined in the Plan as collectively Lauth Investment Properties, LLC, LIP Development, LLC and LIP Investment, LLC. See Plan, p. 3. The Wells Fargo Borrowers, defined below, are not the subject of the pending Plan and thus no provision of the Plan may alter or modify the rights of Wells Fargo with respect to any of the Wells Fargo Borrowers.

Other debtors who are not parties to the Plan include: Brier Creek Medical Associates Two, LLC (09-12760); Brier Creek Medical Associates, LLC (09-12761); Brier Creek Medical Partners Two, LLC (09-12762); Brier Creek Medical Partners, LLC (09-12763); Brownsburg Station Partners, LLC (09-12764); MCP Partners Three, LLC (09-12765); Meridian Medical Associates Two, LLC (09-12766); Meridian Medical Partners Two, LLC (09-12767); Middleburg Heights Medical Associates, LLC (09-12768); Middleburg Heights Medical Partners, LLC (09-12769); Moores Chapel Partners, LLC (09-12656); Virginia Beach Medical Associates, LLC (09-12770); and Virginia Beach Medical Partners, LLC (09-12771).

[2] Effective March 20, 2010 Wells Fargo and Wachovia merged.

1. On May 1, 2009, certain of the Debtors in these consolidated proceedings filed their voluntary petitions for relief commencing the Chapter 11 cases in this Bankruptcy Court (the "Original Chapter 11 Cases").

2. Wells Fargo was at the beginning of these proceedings the holder of approximately $87 million in existing, outstanding secured debt on eight commercial properties, owned by eight separate Debtors in these proceedings (the "Wells Fargo Borrowers").[3] The eight loans went into default on different dates ranging from late 2008 through mid 2009 and all of such loans remain in default as of the date hereof.[4]

3. The loans made to the Wells Fargo Borrowers were personally guaranteed by the owners and controlling parties of the Debtors (the "Principals").[5]

4. On August 27, 2009, Moores Chapel Partners, LLC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On August 29, 2009, Brownsburg Station Partners, LLC, Meridian Medical Partners Two, Middleburg Heights Medical Partners, LLC, Virginia Beach Medical Partners, LLC, Brier Creek Medical Partners, LLC, Brier Creek and Medical Partners Two, LLC filed voluntary petitions under Chapter 11 of the Bankruptcy Code .

---

[3] The Wells Fargo Borrowers are: Brownsburg Station Partners, LLC; Meridian Medical Partners Two; Middleburg Heights Medical Partners, LLC; Virginia Beach Medical Partners, LLC, Brier Creek Medical Partners, LLC; Brier Creek Medical Partners Two, LLC and Moore's Chapel Partners, LLC.

[4] The exact dates of the events of default are set forth in Objection of Wells Fargo Bank, National Association to Motion of the Debtors for Entry of (A) An Order Approving Marketing Process and Break Up Fee: And (B) Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing and Granting Liens and Superpriority Claims, filed on August 3, 2009, Docket Number 332, p. 9 et seq.

[5] The managing Member of LIP is Lauth Investment Management, which in turn is wholly owned by Lauth Group, Inc., The ownership of Lauth Group Inc was initially as follows: Robert Lauth (57%); Gregory Gurnick (23.75%); Lawrence Palmer (14.25%) and Michael Curless (5%). However, on February 17, 2011 Vernon Back testified that Michael Curless is no longer an owner of the Debtors. (Back Dep. p. 118).

2

5. As of this date, there are seven remaining Debtors who are borrowers and obligors of Wells Fargo under various mortgage documents (the "<u>Wells Fargo Loans</u>").

6. On September 16, 2009, the Court entered an order jointly administering the Original Chapter 11 Cases and the Wells Fargo Borrowers' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

## The Global Settlement Agreement

7. On February 28, 2011 the Debtors filed Motion of the Debtors For Entry of an Order Approving Global Settlement Between (A) Debtors, (B) Wells Fargo Bank and (c) Certain Guarantors, [Docket No. 1736](the "<u>Global Settlement Agreement</u>") and a Motion of the Debtors For Entry of an Order Authorizing Debtors to File Under Seal Confidential Term Sheet [Docket No. 1737]. (As used herein, and as defined in the Plan, the phrase "Global Settlement Agreement" includes "all documents executed pursuant thereto." <u>See</u> Plan, p, 5.

8. On March 11, 2011, the Court entered an order authorizing the Debtors to file the Confidential Term Sheet under seal [Docket No. 1761](the "<u>Term Sheet</u>").

9. On March 14, 2011 the Debtors filed the initial Disclosure Statement, as well as the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code (which has since been amended), the current versions of which may be found at Docket 1967 through Docket 1970, including blacklined versions.

10. On April 6, 2011 the Court approved the Global Settlement Agreement, pursuant to an oral decision rendered from the Bench.[6]

11. On April 19, 2011 this Court entered its Findings of Fact and Conclusions of Law setting forth its basis for the approval of the Global Settlement Agreement (the

---

[6] See Minute Order, docket number 1826.

3

"Settlement Order") [Docket No. 1871]. Among other things, the Court ordered that the Debtors take all actions necessary to effectuate the relief granted pursuant to the Settlement Order including but not limited to "entering into any and all documents or agreements necessary to implement the agreement," (Settlement Order, ¶ 46) and further, that "The Debtors and the Guarantors are ordered to comply in good faith with the terms of the Confidential Term Sheet and to execute all documents reasonably requested by Wells Fargo effectuate the terms thereof." Settlement Order, ¶47.

12.     The documents and agreements necessary to implement the Global Settlement Agreement, as set forth in the Settlement Order, are in the process of being negotiated by and among the parties. It is likely that the completion of such documents, and a final "closing" will not occur until sometime after the Confirmation Hearing and the entry of a Confirmation Order.

13.     Wells Fargo is thus filing this Limited Response to request certain provisions in any Confirmation Order, and to reserve its rights with respect to the Global Settlement Agreement and the on-going process related thereto.

### Survival of the Global Settlement Agreement and Wells Fargo Loan Documents and Rights

14.     The first purpose of this limited response is to request incorporation into any final order of confirmation (the "Confirmation Order") of those provisions of the Plan which state that the terms of the Global Settlement Agreement, and all documents to be executed thereunder, shall survive the Confirmation Order, and to further insure that any Confirmation Order states that the Plan is not intended to, and shall not in any way modify, limit, supersede or override any of the obligations of any of the parties to the Global Settlement Agreement, nor

4

otherwise modify or impair any of the underlying loan obligations of the Wells Fargo Borrowers in connection with Wells Fargo Loans.

15. For example, the Plan provides that "no provision of the Plan or any document executed pursuant to the plan shall either extinguish, alter, amend, modify, discharge or release any Claim, debt, obligation or duty of (i) any party as set forth in the Global Settlement Agreement, or any document executed pursuant thereto, . . . (iii). . . and that Wells Fargo. . .shall not be required to file a Proof of Claim or motion in order for any such obligation to survive Confirmation of the Plan. . . " Plan, Section III. E., "Discharge of Claims." Further, this section provides that, "The Confirmation Order shall so expressly provide for the preservation of all such rights under the Global Settlement Agreement." Id. Various other provisions of the Plan contain similar requirements.

16. Further, the Plan provides that in the event of any inconsistency between the Plan and the Global Settlement Agreement, that the terms of the Global Settlement Agreement shall prevail, as set forth in Section IV. H. of the Plan and at various points in the Plan.

17. Wells Fargo is thus requesting that the Confirmation Order include all necessary provisions to insure that the terms of the Global Settlement Agreement shall survive the Confirmation, that the terms of the Global Settlement Agreement shall govern in the event of any inconsistency, and that the Plan shall not alter, modify or change any of the rights of Wells Fargo under either its Loan Documents or the Global Settlement Agreement.

**Unfiled Plan Documents and Plan Supplement**

18. The second basis for this Limited Response is to preserve the rights of Wells Fargo to address other issues with respect to documents not yet filed by the Debtors. The Plan states that the Debtors contemplate filing, "prior to the Confirmation Hearing" certain other

5

documents, schedules and exhibits to the Plan. See Plan, page 7 (the "<u>Plan Supplement</u>"). The documents to be filed as part of the Plan Supplement may affect the rights of Wells Fargo, and to that extent, Wells Fargo reserves all rights to address such issues. [7]

19. For example, the Plan provides that the Debtors contemplate entering into a certain "Exit Term Loan" (see definition, Plan, p. 4), which shall be in an amount equal to the balance owed under the DIP Credit Agreement. Further, the Plan provides that, "Confirmation shall be deemed approval of the Exit Term Loan." Article IV.B. None of the documents which evidence the Exit Term Loan have been provided to any of the parties in interest in this proceeding. However, the Plan further provides that the terms of the Exit Term Loan shall "be consistent with the terms of the Global Settlement Agreement." <u>Id</u>. Because the documents which will evidence the Exit Term Loan have yet to be circulated to Wells Fargo, Wells Fargo reserves all rights to review and object to the terms of the Exit Term Loan and to request any additional time which may be needed with respect to such terms.

20. The Debtors may file other documents as part of the Plan Supplement, which may or may not affect the rights of Wells Fargo. The M&I Settlement Agreement is to be filed as part of the Plan Supplement, and along with all documents shall survive the plan. See Disclosure Stmt, p. 24. Wells Fargo has not seen the M&I Settlement Agreement, and thus reserves its rights to address any issues related thereto at the time of the Confirmation Hearing.

---

[7] Under the terms of the Global Settlement Agreement, the Debtors, LIP-I, LIP-D and LIP have agreed to guarantee certain obligations related to the Wells Fargo Borrowers and the Wells Fargo Loans. Wells Fargo reserves all rights with respect to any provision in the Plan Supplement which is inconsistent with the guaranty obligations of the Debtors or the Global Settlement Agreement generally.

## Subordination Provisions

21. The third basis for this Limited Response is to preserve the rights of Wells Fargo with respect to the terms of the Global Settlement Agreement which will give rise to certain post Confirmation obligations due and owing to Wells Fargo, which in turn must be coordinated with certain other rights, including the Exit Loan. As this Court's Settlement Order specifies, the Global Settlement will restructure the loans for Meridian, Virginia Beach and Brier One (the "Retained Properties") (Settlement Order, ¶31) and places a monetary cap on any deficiency claim arising from the sale of certain other properties (the "Return Properties"), Settlement Order, ¶39.

22. The relationship between the post confirmation obligations due to Wells Fargo and certain other obligations due to other parties is currently being negotiated. Under the proposed Plan, the DIP Loan is to be converted into an Exit Facility.[8] The terms of the Exit Loan have not been filed with the Court by the Debtors, or have only recently been filed. Because the Debtors are seeking approval of various documents, including the Exit Loan prior to the Closing on the Global Settlement, and because the terms of the definitive documents evidencing the Global Settlement Agreement may not be finally negotiated at the time of the Confirmation Hearing, Wells Fargo reserves its rights with respect to obtaining any required modification, adjustment or subordination, as may be required, to conform any the Exit Loan documents to the terms of the Global Settlement Agreement.

23. Wells Fargo anticipates that the issues surrounding the relative relationship between the post confirmation obligations will be resolved by the parties. However,

---

[8] The Disclosure Statement provides as follows: "Holders of Class A-1 DIP Agreement Claims held against Lauth Investment Properties, LLC (or their assignee) will receive, in full and final satisfaction, settlement, release and discharge and in exchange for each Allowed Class A-1 DIP Agreement Claim held against Lauth Investment Properties, LLC, (a) their Pro Rata share of the Exit Term Loan and (b) all Equity Interests in the Debtors shall be reinstated." Disc. Stmt, p. 5.

7

because the parties have not concluded their negotiations, Wells Fargo reserves all rights with respect to such issues, including any possible inter-creditor or subordination rights, and by not voicing any objection at the Confirmation hearing, does not intend to waive any such rights should the parties be unable hereafter to reach mutual agreement on the final closing documents under the Global Settlement Agreement.

### Reservation of Rights

24.     Because the Confirmation Hearing may occur prior to the finalizing of the documents which govern and evidence the Global Settlement Agreement, Wells Fargo contends that no provision of the Plan or the Confirmation Order shall be interpreted or applied hereafter as in any way modifying, amending, altering or limiting the rights under the Global Settlement Agreement and all documents executed pursuant thereto.  Wells Fargo reserves all rights to seek amendments or changes hereafter if needed to comply with the terms of the Global Settlement Agreement.

25.     In addition, because certain key documents have yet to be filed, and because the parties are still actively negotiating the terms of the Global Settlement Agreement, Wells Fargo reserves its right to supplement this Limited Response at the Confirmation Hearing.

26.     THEREFORE, Wells Fargo respectfully requests the following relief:

(a)     That the Confirmation Order expressly state that, "No term of this Confirmation Order shall be interpreted or applied so as to supersede, modify or otherwise limit the Global Settlement Agreement, and all documents executed in connection therewith;" and

(b)     that the Confirmation Order, "Nothing contained herein shall be deemed to modify, limit or alter the existing contractual rights of Wells Fargo under the terms of any of the Wells Fargo Loan Documents, including but not limited to any

8

personal guarantees, pending law suits, claims or causes of actions, whether asserted or pending, or not asserted;" and

    (c)  that the Confirmation Order expressly provide for the preservation of all rights under the Global Settlement Agreement and contain a statement that "no provision of the Plan or any document executed pursuant to the Plan, shall either extinguish, alter, amend, modify, discharge or release any Claim, debt, obligation or duty of any party as set forth in the Global Settlement Agreement, or any document executed or to be executed pursuant thereto, and that none of the Guaranty obligations issued or created under the Global Settlement Agreement shall be affected, altered, released, discharged, or otherwise modified by the Plan or any document executed pursuant thereto," and

    (d)  that the Confirmation Order shall expressly provide that in the event of any inconsistency between the Plan and the Global Settlement Agreement, that the terms of the Global Settlement Agreement shall prevail, as set forth in Section IV.H. of the Plan; and

    (e)  that the Confirmation Order expressly recognize that Wells Fargo has reserved all rights with respect to any issues pertaining to the relative priority or subordination of the post confirmation obligations set forth in the Global Settlement Agreement and that approval of any such documents, including the Exit Term loan shall not be deemed a waiver of any such right;

    (f)  For such additional relief as may be presented at the time of the Confirmation Hearing including any additional terms to be proposed for the Confirmation Order.

9

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP


/s/ James A. Knauer
James A. Knauer
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Telephone: 317.777.7440
Facsimile: 317.250.6554
Email: jak@kgrlaw.com


David R. Kuney (SBN 228734)
Sidley Austin LLP
1501 K. St. N.W.
Washington, D.C. 20005
Telephone: 202-736-8650
Facsimile: 202-736-8711
Email: dkuney@sidley.com



Attorneys For Wells Fargo Bank, National
Association

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2011, copy of the foregoing WELLS FARGO BANK, NATIONAL ASSOCIATION'S LIMITED RESPONSE TO SECOND AMENDED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| Name | Role | Email |
|---|---|---|
| Alwin, Janice A. | Creditor, Bank of America, N.A. | janice.alwin@bfkn.com |
| Ancel, Jerald I. | Debtors | jancel@taftlaw.com |
| | | ecfclerk@taftlaw.com |
| | | krussell@taftlaw.com |
| | | docket@taftlaw.com |
| Barrett, William J. | Creditor, Bank of America, N.A. | william.barrett@bfkn.com |
| Borenstein, Particia A. | Creditor, Bank of America, N.A. | pborenstein@milesstockbridge.com |
| | | lschweig@MilesStockbridge.com |
| Burke, Jason R. | Creditor, M&I Marshall & Ilsley Bank f/k/a First Indiana Bank, N.A. | jburke@hopperblackwell.com |
| | | kellis@hopperblackwell.com |
| Carr, James M. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | james.carr@bakerd.com |
| | | sarah.laughlin@bakerd.com |
| Caruso, Deborah | Creditor, First Financial Bank | dcaruso@daleeke.com |
| | | lharves@daleeke.com |
| | | mthomas@daleeke.com |
| Caughey, Ben T. | Creditor, Robin S. Lauth and Julie Gurnik | ben.caughey@icemiller.com |
| Cody, Mark A. | Creditor, Charter One Bank | macody@jonesday.com |
| Cohen, Howard Russell | Creditor, The Huntington National Bank | hcohen@fbtlaw.com |
| | Creditor, The Huntington Real Estate Investment Company | dacree@fbtlaw.com |
| Correa, Michaeline | Creditor, Charter One Bank | mcorrea@jonesday.com |
| deLa Cruz, Sheila | Creditors, Bon Secours Hampton Roads Health System, Inc., Bon Secours DePaul Medical Center, Inc. and Bon Secours Surgery Center LLC | sdelacruz@hf-law.com |
| | | mfalzone@hf-law.com |

11

| | | |
|---|---|---|
| | | jbsmith@hf-law.com |
| Donhauser, Linda Vojik | Creditor, Bank of America, N.A. | ldonhauser@milesstockbridge.com |
| Drobny, Stephen Paul | Creditor, Sun Trust Bank | sdrobny@shutts.com |
| | | mvandenbosch@shutts.com |
| Drummond, Mark Alan | U.S. Trustee | mad@hostetler-kowalik.com |
| | | sdw@hostetler-kowalik.com |
| | | hkecfbackup@yahoo.com |
| Dunn, Jeremy M. | Creditor, LIP Holdings, LLC | jmd@hostetler-kowalik.com |
| | | sdw@hostetler-kowalik.com |
| Falk, Andrew Rudolph | Creditor, Wells Fargo Bank, N.A. | arf@kgrlaw.com |
| | | pad@kgrlaw.com |
| Gouveia, Gordon Elliot | Mediator Robert Fishman | ggouveia@shawgussis.com |
| | | rfishman@shawgussis.com |
| Graham, Jeffrey J. | Debtors | jgraham@taftlaw.com |
| | | ecfclerk@taftlaw.com |
| | | krussell@taftlaw.com |
| | | docket@taftlaw.com |
| | | aolave@taftlaw.com |
| Hinds, Melissa M. | Creditor, LIP Holdings, LLC | mhinds@jenner.com |
| | | cchilders@jenner.com |
| Hokanson, Jeffrey A. | Creditor, LIP Holdings, LLC | jeff.hokanson@hostetler-kowalik.com |
| | | jlw@hostetler-kowalik.com |
| Hopper, George W. | Creditor, M&I Marshall & Ilsley Bank | ghopper@hopperblackwell.com |
| | f/k/a First Indiana Bank, N.A. | mroth@hopperblackwell.com |
| Hurley, Ryan M. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | ryan.hurley@bakerd.com |
| Irving, James R. | Creditor Inland American Charlotte Lender, L.L.C. | jim.irving@dlapiper.com |

| | | |
|---|---|---|
| Jacobson, Christine K. | Creditor, Charter One Bank | cjacobson@katzkorin.com |
| | | dyoung@katzkorin.com |
| Jewell, John J. | Creditor Duke Energy Indiana, Inc. | jewell@evv-law.net |
| | | colleen@trimble-jewell.net |
| Kenney, Brian Francis | Creditor, Bank of America, N.A. | bkenney@milesstockbridge.com |
| King, Daniel Patrick. | Creditor, The Huntington National Bank | dking@fbtlaw.com |
| | | sgregoire@fbtlaw.com |
| Kleiman, David H. | Creditor, UCM/TCA – Distribution Center, LLC and UCM/TCA – Land, LLC | dkleiman@beneschlaw.com |
| | | jsnell@beneschlaw.com |
| | | ccanny@beneschlaw.com |
| | | ecf@beneschlaw.com |
| | | docket@beneschlaw.com |
| Knauer, James A. | Creditor, Wells Fargo Bank, N.A. | jak@kgrlaw.com |
| | | hns@kgrlaw.com |
| Knoblock, Erick P. | Creditor, First Financial Bank | eknoblock@daleeke.com |
| Koppel, Steven C. | Creditor, Charter One Bank | skoppel@jonesday.com |
| Koroglu, Harris J. | Creditor, SunTrust Bank | hkoroglu@shutts.com |
| | | jgoodwin@shutts.com |
| Kuney, David R. | Creditor, Wells Fargo Bank, N.A. | dkuney@sidley.com |
| Levitt, Peter H. | Creditor, Sun Trust Bank | plevitt@shutts.com |
| Mappes, Harmony A. | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | harmony.mappes@bakerd.com |
| Matthews, James Michael | Creditor, Irwin Union Bank and Trust | jmatthews@fbtlaw.com |
| | | dacree@fbtlaw.com |
| McCrory, Michael K. | Creditor, Geneva Capital Group and | mmccrory@btlaw.com |
| | Creditor, Geneva Capital Corporation | bankruptcyindy@btlaw.com |
| Mills, Alan K. | Creditor, Salen Bank and Trust Company | alan.mills@btlaw.com |

| | | | |
|---|---|---|---|
| | | | bragle@btlaw.com |
| | | | bankruptcyindy@btlaw.com |
| Moloy, James P. | | Creditor, Regions Bank | jmoloy@boselaw.com |
| | | | dlingenfelter@boselaw.com |
| Neal, Guy S. | | Creditor, Wells Fargo Bank, N.A. | gneal@sidley.com |
| Ponader, Wendy W. | | Creditor, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless, and Gregory C. Gurnik | wendy.ponader@bakerd.com |
| Smila, Mark S. | | Creditor Piedmont Piping Mechanical Contracting, Inc. | msamila@kddk.com |
| Stanley, Robert K. | | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | robert.stanley@bakerd.com |
| Steege, Catherine L. | | Creditor, LIP Holdings, LLC | csteege@jenner.com |
| | | | mhinds@jenner.com |
| | | | thooker@jenner.com |
| U.S. Trustee | | | ustpregion10.in.ecf@usdoj.gov |
| Wharton, Charles R. | | U.S. Trustee | Charles.R.Wharton@usdoj.gov |
| Yeager, Joseph H. | | Creditors, LIP Lenders, LLC, Robert L. Lauth, Jr., Lawrence B. Palmer, Michael S. Curless and Gregory C. Gurnik | joseph.yeager@bakerdaniels.com jan.davis@bakerd.com |
| Bon Secours Hampton Roads Health System, Inc., Bon Secours Surgery Center LLC & Bon Secours DePaul Medical Center, Inc.c/o Falzone, Michael P. | | Creditors | mfalzone@hf-law.com |
| Carpet Concepts, Inc. Attn: Ruth Ann Rheinfrank | | Creditor | RRheinfrank@carpetconcepts.net |
| CT Corporation Attn: Tammie Bennett | | Creditor | Tammie.Bennett@wolterskluwer.com |
| Duke Energy Carolinas & Midwest Attn: Yvonne C. Crenshaw | | Creditor | Yvonne.Crenshaw@duke-energy.com |
| Duke Energy Indiana, Inc., Duke Energy Carolinas, LLC and Carolina Power & Light Company d/b/a Progress Energy Carolinas c/o Johnson III, Russell R. | | Creditors | russj4478@aol.com |
| Fishman, Robert M. c/o Glantz, Robert W. | | Mediator | rglantz@shawgussis.com |
| Fishman, Robert M. c/o Gouveia, Gordon E. | | Mediator | ggouveia@shawgussis.com |

14

| | | |
|---|---|---|
| Garthwaite, Leslie S. | Debtors | leslie.garthwaite@kirkland.com |
| Hackney, Stephen C. | Debtors | stephen.hackney@kirkland.com |
| James River Grounds Mgmt. Attn: D. Johnson | Creditor | djohnson@jrgm.com |
| Koorsen Fire & Security, Inc. | Creditor | jkfromme99@koorsen.com |
| Koorsen Fire & Security, Inc. Attn: Kyle Rich | Creditor | ktrich99@koorsen.com |
| Kurichety, Arun | Debtors | arun.kurichety@kirkland.com |
| Kwasteniet, Ross M. | Debtors | ross.kwasteniet@kirkland.com |
| LIP Holdings, LLC c/o Pelz, Joel L. | Creditor, | jpelz@jenner.com |
| LIP Holdings, LLC c/o Reyes, Eliza Marie | Creditor | ereyes@vonbriesen.com |
| LIP Holdings, LLC c/o Stroebel, Christopher J.K. | Creditor | cstroebel@vonbriesen.com |
| Mainscape, Inc. Attn: Jason Lee | Creditor | jlee@lewiswagner.com |
| Mainscape, Inc. Attn: Richard Blaiklock | Creditor | rblaiklock@lewiswagner.com |
| Major Clean, Inc. | Creditor | tempmajorclean@bellsouth.net |
| Marcus, Micah E. | Debtors | micah.marcus@kirkland.com |
| Masters Architectural Graphics, Inc. dba ASI-Modulex Attn: Cathy Fair | Creditor | cathy.fair@asisignage.com |
| Nirider, Matthew E. | Debtors | matt.nirider@kirkland.com |
| Piedmont Door Automation LLC Attn: Barbara Grant | Creditor | bgrant@automaticdoorscarolina.com |
| RAM Pavement Services, Inc. Attn: Alice | Creditor | alice@rampavement.com |
| Robin S. Lauth and Julie Gurnik c/o Richard A. Smikle | Parties-in-interest | Richard.smikle@icemiller.com |
| SiteStuff, Inc. | Creditor | kristina.seek@sitestuff.com |
| ST CDE IV LLC c/o Harrington, Lee | Creditor | lharrington@nixonpeabody.com |
| ST CDE IV LLC c/o Horn, Alexander S. B. | Creditor | ahorn@nixonpeabody.com |
| ST CDE IV LLC c/o Milione, Victor G. | Creditor | vmilione@nixonpeabody.com |
| Stempel, James A. | Debtors | james.stempel@kirkland.com |
| The Brickman Group, Ltd. Attn: Sarah Keller | Creditor | Sarah.Keller@brickmangroup.com |
| The Budd Group Inc. Attn: Tim Hillen | Creditor | thillen@buddgroup.com |
| UCM/TCA – Distribution Center, LLC and UCM/TCA – Land, | Creditors | Becker@BlankRome.com |

| | | |
|---|---|---|
| LLC c/o Becker, Samuel H. | | |
| UCM/TCA – Distribution Center, LLC and UCM/TCA – Land, LLC c/o Lucian, John E. | Creditors | Lucian@BlankRome.com |
| UCM/TCA-Distribution Center Loan c/o Trinity Capital Advisors, LLC, Attn: C. Walker Collier | Creditor | cwc@trinitycapitaladvisors.com |
| Virginia Lake Management Attn: Ellen Stace | Creditor | estace@vlmc.net |
| Wells Fargo Bank, N.A. c/o Kelly, Gerard D. | Creditor | gkelly@sidley.com |

KROGER, GARDIS & REGAS, LLP

/s/ James A. Knauer
James A. Knauer
Kroger, Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
Telephone: 317.777.7440
Facsimile: 317.777.7451
Email: jak@kgrlaw.com

16