**Exhibit 1**

Case 10-93904-BHL-11    Doc 1220-1    Filed 06/29/12    EOD 06/29/12 16:50:11    Pg 1 of 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**PROPOSED ORDER**
**ESTABLISHING DEPOSITION PROTOCOLS**

These protocols are intended to supplement and clarify deposition procedures in this case under the Federal Rules of Civil Procedure, the Bankruptcy Rules for Adversary Proceedings and Contested Matters, and the Court's Local Rules[1], however, any ambiguities in these protocols are intended to be resolved in favor of the standing rules of this Court. This discovery plan applies to all depositions upon oral examination in pending adversary proceedings and contested matters and in any future adversary proceedings or contested matters in this chapter 11 case. The protocols set forth below shall apply to all depositions upon oral examination taken pursuant to

---

[1] United States Bankruptcy Court Southern District of Indiana Local Rules (June 1, 2010) (http://www.insb.uscourts.gov/WebForms/LocalRules.pdf).

1

Fed. R. Civ. P. 30 and to all oral examinations under Fed. R. Bankr. P. 2004 (collectively "Depositions").

**1.** **DEPOSITION NOTICES**

a. Any party taking a Deposition shall file a written Notice of Deposition at least fourteen calendar days prior to the commencement of the Deposition. The Notice of Deposition shall be filed in the Debtor's main Bankruptcy Case. The Notice of Deposition shall comply with all of the formal requirements of Fed. R. Civ. P. 30(b). If the Deposition concerns a document custodian deposition or subpoena duces tecum and no live testimony is anticipated, the Notice of Deposition shall disclose this.

b. Each Notice of Deposition shall be served electronically on all parties listed on a Master Service List maintained and updated by the Trustee. The Trustee shall use best efforts to include on the Master Service List all counsel of record who have appeared in the the Debtor's main Bankruptcy Case and in all pending adversary proceedings. The Trustee's counsel shall make the Master Service available on request of any party or their counsel and shall distribute it through the Trustee's electronic repository or other reasonable means.

c. The parties shall use their best efforts in good faith to schedule Depositions on consecutive days not to exceed seven hours of testimony per day. The Court encourages the parties and their counsel to cooperate in good faith concerning the scheduling and location of depositions and in waiving the requirement for personal service of subpoenas where appropriate.

d. If a Notice of Deposition is not made in accordance with these protocols, a written objection may be made no later than five calendar days following service of the Notice of

Deposition. Counsel shall attempt in good faith to resolve the objection under the procedures set forth below in Section 3 before bringing their dispute before the Court.

   e.  If the need arises to cancel or reschedule a previously noticed Deposition, prompt and ample written notice shall be provided to all parties in the Debtor's Bankruptcy Case.

  **2.**  **PROCEDURES FOR ORAL EXAMINATIONS**

   a.  Those intending to examine a witness during a Deposition shall promptly contact the party who served the Notice of Deposition. Examiners shall attempt in good faith to designate a Lead Examiner who will be the first to examine the witness. If no agreement can be reached on who should be the Lead Examiner, then the counsel who first served the Notice of Deposition shall be the Lead Examiner unless otherwise ordered by the Court.

   b.  The Lead Examiner shall examine the witness for no more than six total hours unless all other examiners or the Court agree to allow the Lead Examiner additional time. The Lead Examiner may reserve a portion of the six hours of examination time to use later in the same Deposition. However, the Lead Examiner may not reserve more than three hours for further examination. If the Lead Examiner elects to use less than six hours for examination of the witness, this shall not shorten the availability of the witness for examination by others during the same Deposition.

   c.  No oral examinations of any witness shall exceed fourteen hours of total testimony without the mutual express consent of all participating counsel and the witness, or an order of the Court. Nothing in these Protocols is intended to prohibit completing a Deposition in fewer than fourteen hours. Nothing in these Protocols is intended to prohibit a party from seeking leave to continue a deposition beyond fourteen hours for good cause.

        d.     Any motion to extend, resume, or reopen a Deposition requires a showing of good cause and the motion must identify the subjects on which additional testimony is requested. The motion shall also identify the particular adversary proceedings and contested matters in which the additional testimony will be taken.

     3.     **RESOLUTION OF DISPUTES RELATING TO DEPOSITIONS**

        a.     With respect to any disputes relating to Depositions or these protocols, the participants will first attempt to resolve the dispute by exhausting extra-judicial efforts as required by S.D. Ind. B-9014 (which incorporates S.D. Ind. L.R. 37-1).

        b.     If agreement cannot be reached through extra-judicial efforts, then the participants may request a telephone conference with the Court to address the dispute. If resolution cannot be reached through a telephone conference with the Court, then, unless the Court directs or orders otherwise, the dispute may be presented to the Court by motion. In the event no order of the Court that resolves the dispute has been entered before the date noticed for the deposition, the deposition shall not proceed as noticed.

###