UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**COMMENTS AND ADOPTION BY HOOVER HULL LLP, OF REPORT OF THE TRUSTEE, JAMES A. KNAUER, REGARDING INVESTIGATION AND ANALYSIS OF <u>POTENTIAL CLAIMS AGAINST FIFTH THIRD BANK</u>**

Hoover Hull LLP, special counsel for the Trustee ("Special Counsel"), respectfully submits Its Comments and Adoption by Hoover Hull, LLP of Report of Trustee, James A Knauer, Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank (the "Trustee's Report"). In support thereof, Special Counsel states as follows:

1. On February 10, 2011, the Court entered its "Order Granting Application to Employ Hoover Hull LLP as Special Counsel" [Dk #267] (the "Special Counsel Order"). The Special Counsel Order approved the Trustee's employment of Hoover Hull, LLP (hereafter "Hoover Hull" or "Special Counsel") (a) to provide legal advice and litigation analysis to the Trustee regarding the proof of claim filed by Fifth Third Bank ("Fifth Third"), including whether Fifth Third has a valid, perfected, first priority pre-petition claim in the amount asserted in the proof of claim; and (b) to represent the Trustee in the prosecution of claims, if any, asserted against Fifth Third. From the time it was hired, Special Counsel understood it was counsel for the Trustee. Special Counsel did not act independently of the Trustee. Rather, Special Counsel understood it was to work with the Trustee and advise him with respect to potential claims against Fifth Third.

2. Special Counsel at no time understood that it was constrained from receiving any

assistance from Faegre Baker Daniels LLP ("FBD").  It was, however, at the discretion of Special Counsel, in consultation with the Trustee, to determine whether and to what extent to utilize such assistance.  At no time did FBD attorneys interfere with or hinder Special Counsel's investigation or advice to the Trustee.

3. On December 14, 2011, the Court ordered Special Counsel to submit a preliminary report as to equitable subordination and/or any other causes of action.  *See* Dk #908, December 14, 2011, Minute Entry/Order ("Court orders Hoover Hull to submit a preliminary report as to equitable subordination and/or any other causes of action.").

4. On June 5, 2012, the Trustee filed the Trustee's Report (Dk #1166).

5. The Trustee's Report described in great length Special Counsel's investigation of the potential claims against Fifth Third, including the review of more than fifty thousand (50,000) pages of documents, thirteen (13) Rule 2004 examinations and the analysis of:  (i) potential bankruptcy causes of action, including equitable subordination and preferences such as the improvement imposition test; (ii) state law claims; and (iii) the impact of standing and *in pari delicto* on those claims.[1]  With that detailed discussion of Special Counsel's investigation, Special Counsel believed that the Trustee's Report fulfilled its obligations to report on potential claims against Fifth Third.  To avoid any misunderstanding and remove any doubts, it should be known that Special Counsel was a full and active participant with the Trustee in drafting the Trustee's Report, and the factual and legal analysis giving rise to the Trustee's Report.  Special Counsel agrees with the Report in its entirety and hereby expressly incorporates and adopts it by reference.

---

[1] The Trustee's Report reveals that Special Counsel was hardly a passive observer.  Special Counsel's hourly billings presently exceed $400,000. Likewise, Special Counsel did not suspend or discontinue its investigation of potential claims against Fifth Third nor did the Trustee provide such instruction.  Special Counsel made a preliminary assessment of potential claims in conjunction with its analysis of Fifth Third's proof of claim.  Special Counsel then obtained documents and conducted the Rule 2004 Examinations as part of its investigation.

6. As stated in the Report, Special Counsel conducted twelve (12) Rule 2004 Examinations of Fifth Third former and current personnel - six (6) members of the "bank protection" business unit; three (3) members of the "line of business" business unit; one (1) member of the credit department; and two (2) members of the field examination group. Specifically Special Counsel conducted Rule 2004 examinations of: (i) Sean Kelly, national field exam manager – February 23, 2012; (ii) Shannon Hughes, investigative analyst – February 24, 2012; (iii) Tim Spurlock, investigator – February 24, 2012 and April 27, 2012; (iv) David Fuller, Team Lead Structured Finance Group – February 27, 2012; (v) Sara Chapman, fraud manager – February 28, 2012; (vi) Amber Whitehouse, former fraud detection and prevention manager – February 29, 2012; (vii) Darrin Steinmann, Director of Investigations – February 29, 2012; (vii) Anne Kelly, Relationship Manager – March 1, 2012 and May 6, 2012; (ix) Lori Hart, manager of account coordinators – March 2, 2012; (x) Devon Morse, former loss mitigation investigator – March 5, 2012; (xi) Patty Voss, field exam manager – March 6, 2012 and April 27, 2012; and (xii) Doug Hoffner, Vice President, Credit Officer – May 15, 2012.

7. In addition, Special Counsel conducted a Rule 2004 examination of Wayne Stoffel, an independent consultant who performed field exams on Eastern Livestock, LLC ("ELC") in the spring and fall of 2010.

8. Special Counsel participated in discussions and meetings with DSI regarding a potential improvement in position claim against Fifth Third, including the methodology utilized by DSI in analyzing the claim. Special Counsel reviewed and analyzed DSI's analysis of the potential claim.

9. Special Counsel also reviewed and analyzed in excess of 50,000 pages of documents produced by Fifth Third, Mr. Stoffel, Wells Fargo and documents received from

3

Metcalfe County, Kentucky. With the exception of the documents received from Metcalfe County Court[2] (which are subject to a confidentially order) all of the documents are available on the Trustee's shared website repository, http://easternlivestock.brickftp.com. Moreover, all of the transcripts to the Rule 2004 examinations and exhibits thereto are posted on the Trustee's repository. Thus, contrary to the claims of Superior and First Bank & Trust, the creditors have access to the information from Special Counsel's investigation.

10. Superior and First Bank and Trust are well aware of the documents and information obtained during the course of Special Counsel's investigation. Mr. Donnellon and Mr. Rogers (or their colleagues), counsel for First Bank & Trust and Superior respectively, attended each of the Rule 2004 Examinations and when time permitted even questioned the witnesses. In addition, Mr. Donnellon and Mr. Rogers suggested specific areas of inquiry as well as legal theories to pursue. Attorneys Donnellon and Rogers met with and corresponded with Special Counsel, the Trustee, and/or attorneys from FBD from time to time during Special Counsel's investigation. Their professional advice and legal analysis of potential claims informed the investigation and were carefully considered in preparing the Trustee's Report. Finally, First Bank & Trust filed suit against Fifth Third on May 16, 2012, one day after the last Rule 2004 examination of Fifth Third's witnesses.

---

[2] Metcalfe County is where the criminal proceedings against Thomas and Grant Gibson, Stephen McDonald and Darren Brangers are pending.

WHEREFORE, Special Counsel respectfully tenders its Comments and Adoption of Report of Trustee, James A Knauer, Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank.

Respectfully submitted,

 /s/ *Sean T. White*
John David Hoover (#7945-49)
jdhoover@hooverhull.com
Sean T. White (#20428-49)
swhite@hooverhull.com
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234

Special Counsel for James A. Knauer, Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to counsel of record through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

 /s/ *Sean T. White*

628972_1/8728-1

5