UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT
WITH SAND MOUNTAIN STOCKYARD PURSUANT TO RULE 9019**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC (the "Debtor"), by counsel, hereby files this motion (the "Settlement Motion") requesting the Court's approval of a compromise and settlement of claims between the Trustee and Sand Mountain Stockyard ("Sand Mountain") pursuant to the terms and conditions set forth in the Settlement Agreement and Mutual Release substantially in the form attached hereto as **Exhibit A** (the "Settlement Agreement").  In support of this Settlement Motion, the Trustee respectfully represents the following:

**Introduction and Background**

1.    Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010, by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code.  This Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing [Doc. No. 110] on December 28, 2010.

2. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] pursuant to 11 U.S.C. § 1104.

3. On January 25, 2012, the Trustee filed the Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement [Doc. No. 977] (the "<u>Preference Protocol Motion</u>").  The Court entered its Order Granting Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement on February 15, 2012 [Doc. No. 1035]  (the "<u>Preference Protocol Order</u>"), pursuant to which the Court authorized the Trustee to settle the Trade Preferences[1] in the sums of the Estimated Net Exposure without further order of the Court.

4. Based on his investigation, the Trustee has concluded that Sand Mountain received not less than $324,976.38 in transfers from the Debtor (collectively, the "<u>Transfers</u>").  On May 4, 2012, the Trustee made demand on Sand Mountain for avoidance and recovery of the Transfers (the "<u>Preference Claim</u>") and offered to settle the Preference Claim in the sum of $15,000.00, representing Sand Mountain's Estimated Net Exposure as calculated by the Trustee.

5. The Trustee commenced Adversary Proceeding No. 12-59028 against Sand Mountain on June 8, 2012 to avoid and recover the Transfers.  Subsequent to June 8, 2012, Sand Mountain has provided information to the Trustee that arguably reduces Sand Mountain's Estimated Net Exposure to the sum of $12,000.00.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Preference Protocol Motion.

6.  To avoid the cost, expense, and delay of litigation, Sand Mountain is willing to make immediate payment of $12,000.00 (the "Settlement Amount") in satisfaction of the Preference Claim, provided the Court enters a final, non-appealable order approving this Settlement Motion (the "Settlement Order").  Sand Mountain has, in fact, tendered this amount to the Trustee to be held in a trust account controlled by the Trustee while this matter is pending.

7.  In the exercise of his sound business judgment, the Trustee has determined that a settlement of the Preference Claim in the Settlement Amount is in the best interests of the Debtor's estate and its creditors.

**The Settlement**

8.  The Trustee requests that the Court approve the compromise and settlement of claims between the Trustee and Sand Mountain pursuant to the terms and conditions set forth in the Settlement Agreement.  The Trustee is seeking court approval of the Settlement Agreement because the Settlement Amount is less than the sum of the Estimated Net Exposure as approved by the Preference Protocol Order.

**Basis for Relief**

9.  Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve a compromise or settlement after notice and opportunity for a hearing.  Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate.  *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re*

*Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The Seventh Circuit has offered the following guidance to courts in making such determinations:

> The linchpin of the "best interests of the estate" test is a comparison of the value of the settlement with the probable costs and benefits of litigating. Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets."

*In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426 (citations omitted).

10. Although the Trustee believes there is legal and factual support for the Preference Claim, settlement avoids the costs, expense, delay, and uncertainties of litigation. Litigation creates additional costs and expenses for the Debtor's estate and will thereby further deplete the estate. When evaluating the proposed settlement, the Trustee considered (i) the expenses the Debtor's estate would incur in litigating the Preference Claim, (ii) the probability of success in prosecuting the Preference Claim in light of the asserted defenses, and (iii) the best interests of the Debtor's estate and its creditors.

11. Pursuant to the exercise of his sound business judgment, the Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the estate.

12. Notice of this Settlement Motion will be provided to all creditors, the United States Trustee, all counsel of record, and any other entity that the Court may direct, as provided in Bankruptcy Rules 2002 and 9019.

**WHEREFORE**, if no objections to this Settlement Motion are filed, the Parties request that the Court enter the Settlement Order approving the Settlement Agreement.

A proposed form of order is attached as **Exhibit B**.  If any objections to this Settlement Motion are filed, the parties request that this Settlement Motion and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.  The Trustee requests that any notice of this motion include language that any objection to this Settlement Motion set forth with specificity any claim that the objecting party has to the Settlement Amount.

                                              Respectfully submitted,

                                              KROGER, GARDIS & REGAS, LLP

                                              By: /s/  Jay P. Kennedy

Jay P. Kennedy (#5477-49)          *Counsel for James A. Knauer, Chapter 11*
Kroger, Gardis & Regas, LLP         *Trustee*
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
Telephone: (317) 777-7428
jpk@kgrlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net<br>Mark A. Robinson<br>mrobinson@vhrlaw.com | C. R. Bowles, Jr<br>crb@gdm.com<br>Jesse Cook-Dubin<br>jcookdubin@vorys.com | John Hunt Lovell<br>john@lovell-law.net<br>Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com<br>John W. Ames<br>jwa@gdm.com | Stephen A. Weigand<br>sweigand@ficlaw.com<br>Robert Hughes Foree<br>robertforee@bellsouth.net | John Frederick Massouh<br>john.massouh@sprouselaw.com<br>Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com<br>Meredith R. Thomas<br>mthomas@daleeke.com | Ivana B. Shallcross<br>ibs@gdm.com<br>William Robert Meyer, II<br>rmeyer@stites.com | Deborah Caruso<br>dcaruso@daleeke.com<br>Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov<br>David L. LeBas<br>dlebas@namanhowell.com<br>Jessica E. Yates<br>jyates@swlaw.com<br>Laura Day Delcotto<br>ldelcotto@dlgfirm.com<br>Ross A. Plourde<br>ross.plourde@mcafeetaft.com<br>Kirk Crutcher<br>kcrutcher@mcs-law.com<br>Theodore A Konstantinopoulos<br>ndohbky@jbandr.com<br>Lisa Koch Bryant<br>courtmail@fbhlaw.net | James Bryan Johnston<br>bjtexas59@hotmail.com<br>Judy Hamilton Morse<br>judy.morse@crowedunlevy.com<br>John Huffaker<br>john.huffaker@sprouselaw.com<br>Kelly Greene McConnell<br>lisahughes@givenspursley.com<br>Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com<br>Todd J. Johnston<br>tjohnston@mcjllp.com<br>Karen L. Lobring<br>lobring@msn.com<br><br>Elliott D. Levin<br>robin@rubin-levin.net<br>edl@trustesolutions.com | James T. Young<br>james@rubin-levin.net<br>John M. Thompson<br>john.thompson@crowedunlevy.com<br>Matthew J. Ochs<br>matt.ochs@moyewhite.com<br>T. Kent Barber<br>kbarber@dlgfirm.com<br>Walter Scott Newbern<br>wsnewbern@msn.com<br>Timothy T. Pridmore<br>tpridmore@mcjllp.com<br>Sandra D. Freeburger<br>sfreeburger@dsf-atty.com<br><br>John M. Rogers<br>johnr@rubin-levin.net |
| Cathy S. Pike<br>cpike@weberandrose.com | John David Hoover<br>jdhoover@hooverhull.com | Sean T. White<br>swhite@hooverhull.com |

| | | |
|---|---|---|
| Robert H. Foree<br>robertforee@bellsouth.net<br>William E Smith<br>wsmith@k-glaw.com | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com | Michael W. McClain<br>mike@kentuckytrial.com |

/s/ Jay P. Kennedy