UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | | |
| SUPERIOR LIVESTOCK AUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 11-59088 |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| Defendant. | ) | |
| JAMES KNAUER, AS CHAPTER 11 | ) | |
| TRUSTEE FOR DEBTOR EASTERN | ) | |
| LIVESTOCK CO., LLC, | ) | |
| Counterclaimant and Third-Party | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| SUPERIOR LIVESTOCK AUCTION, INC., | ) | |
| FIFTH THIRD BANK, | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| CACTUS GROWERS, INC., and | ) | |
| J&F OKLAHOMA HOLDINGS, INC., | ) | |
| Counterclaim and /or Third-Party | ) | |
| Defendants. | ) | |
| | | |
| FRIONA INDUSTRIES, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| EASTERN LIVESTOCK CO., LLC, et. al., | ) | |
| Defendants, | ) | |
| and | ) | |
| CACTUS GROWERS, INC., | ) | |
| Intervenor, | ) | |
| v. | ) | |
| EASTERN LIVESTOCK CO., INC., et. al., | ) | |
| Defendants, | ) | |
| and | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| Intervenor, | ) | |
| v. | ) | |
| EASTERN LIVESTOCK CO., et. al., | ) | |
| Defendants. | ) | |

**TRUSTEE'S MOTION FOR RULE 26(C)
PROTECTIVE ORDER AND RULE 45 OBJECTIONS**

Superior Livestock Auction, Inc. ("Superior") filed and served its Second Amended Notice of Deposition of James Knauer and Subpoena Duces Tecum ("Subpoena") on July 19, 2012,[1] reattached hereto for the Court's convenience as Exhibit A.  The Trustee's deposition is scheduled to begin at 9:30 a.m. on July 27 in Indianapolis.  A protective order for that deposition unfortunately is urgently required.  The Subpoena concerns the objections and motions to strike the Trustee's report concerning possible claims against Fifth Third Bank that have been mooted and superseded by the Trustee's Chapter 11 plan and disclosure statement.

This discovery exercise is an unnecessary waste of Estate resources.  The Court should intercede to rein in Superior's discovery, which are litigation tactics intended to break down the Trustee's attorney-client privilege and work-product protections.  The Trustee asserts here his written objections as required by Federal Rule of Civil Procedure 45(c)(2)(B), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016.  As more fully stated below, the Trustee respectfully moves the Court for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), made applicable to these proceedings pursuant to Federal Rule of Bankruptcy Procedure 7026 and 9014, with respect to the documents and deposition sought pursuant to the Subpoena.

**A. The Trustee's Report was rendered moot by the filing of the plan and disclosure statement, and therefore the deposition and document requests are pointless and wasteful.**

The Trustee recently filed a Chapter 11 plan and lengthy disclosure statement.  *See* Doc. Nos. 1255 & 1256, Case No. 10-93904.  The Trustee's Report Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank (the "Report") is now of little import in

---

[1] *See* Case No. 10-93904 (Doc. No. 1252), AP No. 11-59088 (Doc. No. 137), and AP No. 11-59093 (Doc. No. 451).

2

light of the plan and disclosure statement. The proper focus and the critical matters at issue are whether the plan (which incorporates a proposed settlement with Fifth Third) should be confirmed and whether the disclosure statement contains adequate information. The disclosure statement hearing has been set for September 4, 2012. (Doc. No. 1261.) The Estate should not expend its limited resources on this deposition and the resolution of extraneous issues such as whether it was more appropriate for the Trustee or his Special Counsel to report on the investigation to the Court. Superior's demands for far reaching, time consuming, and extraordinarily expensive document productions on such matters are unduly burdensome and far afield from what is important to the true creditors of this Estate.

Accordingly, the Trustee respectfully requests a Protective Order eliminating altogether or, at a minimum, significantly narrowing the scope of the inquiry of the requested deposition of the Trustee and Subpoena.

**B. The Subpoena seeks confidential documents and testimony that are protected from discovery.**

Superior's document requests and, likewise, the bulk of testimony the Trustee anticipates Superior will seek to elicit during the Trustee's deposition are aimed at the legal analysis by the Trustee and his professionals and support for his legal and professional opinions about whether to litigate or settle the Estate's claims against Fifth Third Bank. Such matters are core work product and also involve information protected by the attorney-client privilege. Additionally, Superior continues to seek budget information concerning the Trustee's claims assessments despite this Court's long-standing protective order. *Compare* Subpoena ¶ D, p. 2 *with* Financing Order ¶25, p. 20 (Doc. 400).

The apparent impetus for the deposition of the Trustee and the Subpoena is the Trustee's Report and the Comments and Adoption by Hoover Hull LLP of the Report (the "Hoover Hull

3

Comments"). Superior and other parties have filed objections and motions to strike the Report. The Court has set August 13 as the deadline for the Trustee to brief these issues in advance of the August 20 omnibus hearing. The Trustee and his counsel will provide briefs and will address at the hearing the points raised in the objections and motions to strike the Report. This deposition, however, adds nothing to the Court's resolution of whether Faegre Baker Daniels ("FaegreBD") appropriately advised the Trustee or his Special Counsel in connection with the investigation or preparation of his Report. There is no factual dispute. The Trustee freely concedes that FaegreBD provided legal analysis with respect to the Report and participated in negotiating the proposed settlement with Fifth Third that is set forth in the plan. The resolution of the objections and motions to strike will be based purely on applicable law. Superior's attempts to obtain privileged information and work product in advance of the Trustee's briefing deadline is extraordinary and inappropriate.

Superior's discovery maneuver is akin to asking for all documents supporting or relating to an opponent's brief or legal position. The requests for and inquiries about all of the lawyers' materials relating to the Report or to the Hoover Hull Comments invariably and inappropriately seek work product and privileged material. To be clear, the Trustee is not withholding discoverable *facts*. Indeed the underlying factual documents have already been made available on the Trustee's online discovery repository. But Superior is not pursuing any narrowly targeted requests for some missing facts. Instead, Superior appears determined to explore in depth the thinking of the Trustee and his counsel with respect to the preparation of the Report,[2] and continues to attempt to engage in contentious motion practice on that basis. Thus, in every practical respect Superior is making direct requests for the Trustee's and his counsel's notes and

---

[2] *See, e.g.*, Subpoena ¶ A, p. 2 (demanding "The analysis prepared by DSI, which is referenced in either the Report and/or [the Comments] and all drafts thereof and supporting documentation relating thereto.").

4

litigation strategy. Such confidential material is protected from discovery. *See, e.g.*, *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir.1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research.... We believe [counsel's] selective review of [her clients'] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (same); *Amax Coal Co. v. Adams*, 597 N.E.2d 350, 355 (Ind. Ct. App. 1992) ("The requests at issue here ask [the responding party], obviously through its attorneys, to select from all the documents properly discoverable in this case those which [the responding party's] attorneys have determined contain, discuss, or relate to the various pleading responses it advanced on [their client's] behalf. Clearly, the selection process the group requests is inextricably interwoven and an inseparable part of the mental impressions, conclusions, opinions, [and] legal theories of [ ] attorneys which T.R. 26(B)(3) mandates we protect from forced disclosure.").

The Court has already made clear in this case that certain documents sought by Superior are not discoverable. Many of the documents responsive to request D, for instance, relate to discussions with Fifth Third regarding settlement negotiations and estimated recoveries. These materials are inadmissible pursuant to Fed. R. Evid. 408. Many, if not all, of these discussions expressly and implicitly relate to budget issues. In the Financing Order, however, the Court ordered that "all subsequent Budgets submitted by the Trustee to Fifth Third for approval are hereby protected from disclosure to any person (other than the Trustee and his professionals, Fifth Third and its authorized employees, representatives and professionals and the United States Trustee) or discovery by any third parties from the Trustee or Fifth Third without a further authorizing order of this Court." *See* Financing Order, ¶ 25 (Doc. No. 400, Case No. 10-93904).

5

Therefore, the Trustee requests a Protective Order foreclosing the above-described avenue of discovery—whether documentary or testimonial—including inquiry into any drafts, supporting documents, expert analysis, underlying mental impressions of counsel or the Trustee, estimations of recoveries, and any other information implicating the Trustee's strategy, legal analysis, or request for legal advice in any way pertaining to this Chapter 11 case. The underlying factual documentation has been made available, and the Trustee's position, analysis, and legal authority have been outlined in his Report and incorporated into the Disclosure Statement.  Superior is entitled to nothing more.

### C. The Trustee has not waived any privilege by filing the Report.

There is no viable argument that the Trustee has "waived" his attorney-client or work-product privileges as to the documents or information at issue. The requested documents and information Superior seeks include the Trustee's counsel's analysis of litigation currently ongoing with Superior and other parties asking for the information.  Just because a party makes an argument, produces the results of an expert's analysis, or takes a position in a brief – *drafted and signed by counsel* – does not waive or otherwise compel a client to produce all work product that gave rise to the brief or the conclusions therein.

Likewise, conducting an investigation and crafting a report with findings and recommendations does not alter the applicability of the work-product doctrine or the attorney-client privilege in any respect. *See Allen v. Better Government Bureau, Inc.*, 106 F.3d 582, 605 (4th Cir. 1997) (holding that an outside attorney retained to conduct an investigation did not have to respond to questions regarding the substance of her communications with the client or produce notes or summaries of certain interviews or her draft report); *see also Sandra T.E. v. South Berwyn School District 100*, 600 F.3d 612, 622 (7th Cir. 2010) ("Work-product protection

6

applies to attorney-led investigations when the documents at issue 'can fairly be said to have been prepared or obtained because of the prospect of litigation.'").

The Court spoke to issues related to this controversy previously.[3] At the December 2011 Omnibus Hearing, the Court addressed Special Counsel's concern regarding the privilege and the Report that the Court directed him to prepare. The Court noted that the Trustee would not want to "give away … litigation strategies," and that the information the Court expected to be included and disclosed with the Report would be the "same kind of information that you would anticipate would be in your disclosure statement anyway." *See* Transcript at 59-60, Omnibus Hearing 12/14/2011. The Trustee seeks now to enforce that understanding and disclose only the factual information necessary to permit the Court's consideration of the proposed Chapter 11 plan, while protecting what is rightly privileged work-product.

### D. The Subpoena improperly seeks discovery outside the Trustee's possession, custody, or control.

The Subpoena is also overly and objectionably broad in that it appears to impose upon the Trustee an obligation to locate, identify and/or produce documents that are not within his possession, custody or control. The Subpoena specifically demands that the Trustee "and his counsel" bring documents to the deposition. And the enumerated requests specifically ask for documents of his counsel, financial advisors, and representatives. The Trustee objects specifically to the extent the Subpoena seeks production of documents in the possession of

---

[3] Consistent with the Court's comments, Trustee expressly preserved his attorney-client privilege and work-product protections in the first footnote of his Report:

> This Report is filed at the direction of the Court. Although this Report discusses topics on which advice was provided to the Trustee by his counsel and professional advisors, it is not the Trustee's intention to waive in full or in any part the attorney-client or other privileges or protections from disclosure provided to the Trustee regarding those communications or to waive or prejudice in any manner "work product" or other protections provided to the Trustee's counsel or other professional advisors.

7

Development Specialists, Inc. ("DSI"), Hoover Hull, FaegreBD, or any other person or entity other than the Trustee.

Only one subpoena duces tecum was served in connection with today's deposition—*on the Trustee*. Requesting documents in the possession, custody, or control of other entities improperly seeks to impose obligations on the Trustee beyond those allowed by the applicable Rules.[4] *See, e.g.*, *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006). In *Hobley*, the Seventh Circuit reiterated that "[i]t is well-established that the work-product privilege may be invoked by either the client or the attorney." The Court further explained that a subpoena under Rule 45 is the appropriate way to seek production from a nonparty, including "work product held by a nonparty attorney." *See also Federal Practice and Procedure § 2208* (explaining that Rule 34 does "not … apply directly to counsel for a party").

The Trustee seeks a Protective Order providing that he is not obligated to produce the requested documents or information of his counsel and other advisors or retained experts.

### E. Superior's Subpoena improperly invokes Rule 45 and impermissibly attempts to shorten a party's response time under Rule 34 without prior leave of the Court.

The Subpoena is an improper attempt to circumvent the Federal Rules governing discovery from a party to litigation or a contested matter. The Subpoena purports to require the Trustee to bring to the deposition documents responsive to five broad categories, presumably pursuant to Rule 45.[5] Subpoenas under Rule 45, however, are tools designed to obtain discovery from non-parties, *not parties*. *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 99 (D. Mass 1996)

---

[4] Superior has similarly objected, in response to the Trustee's Rule 34 requests, to producing pre-litigation documents in its outside lawyer's files as imposing an obligation to produce documents beyond Superior's possession, custody, or control.

[5] Given the label "subpoena duces tecum" and the demand to bring documents to the deposition, the Trustee can only reasonably surmise that the Subpoena is intended to be a Rule 45 subpoena. The Subpoena, however, itself is somewhat ambiguous in this regard as Superior cited Rule 34 and Bankruptcy 7034 in additional to Rule 45 and Bankruptcy Rule 9016 as authority pursuant to which the Subpoena was issued. The Trustee objects to this vague and ambiguous invocation of the Rules.

8

("*[D]iscovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45 (emphasis in original)); *Contardo v. Merrill Lynch, et al.*, 119 F.R.D. 622 (D. Mass. 1988) (holding that Rule 45 "governs discovery of documents in the possession, custody and/or control of non-parties. Discovery of documents from parties is governed by Rule 34."); *see also Neal v. Dana Corp.*, 2002 WL 32144315, at *1 (N.D. Ind. 2002) ("We begin with the observation that under Fed. R. Civ. P. 45, *supboenas duces tecum* generally apply to non-parties (i.e. "persons") as opposed to parties, like defendants.").

The Trustee, as a party to the adversary proceedings and to the (as yet unidentified) contested matters in which the Trustee's deposition was noticed, should not be confronted with a wide-ranging subpoena duces tecum as a means to obtain documents far in advance of the response time afforded in Rule 34. Indeed, Superior's Subpoena expressly refers to Rule 34 in the first sentence but nevertheless commands the Trustee to appear with all requested documents on July 27 under Rule 45.

Superior improperly purports to reduce the time for the Trustee to respond to the document requests by more than three fold. Under Rule 34, any party has at least 30 days to respond to a request for documents unless otherwise ordered by the Court. In contrast, Superior demands the Trustee produce the requested documents at his deposition today – a mere eight days from the issuance of the Subpoena. Not only is this shortened time frame contrary to the Rules, it is impractical, if not impossible, given the breadth of the requests and the burden of reviewing Trustee's voluminous records and email traffic in this litigation to-date. Indeed, if the Court were to uphold Superior's demand that the Trustee produce at deposition all of DSI's materials potentially responsive to the document requests, there are more than 4,000 e-mails and attachments to be processed and reviewed for relevance, privilege, and work product immunity.

9

Subject to the Court's rulings on the Trustee's other requests for Protective Order herein, the Trustee objects pursuant to Rules 45 and 26 and intends to treat the Subpoena as a Rule 34 request. In further support, the Trustee requests a Protective Order expressly permitting him to respond more fully in due course in accord with the deadlines imposed by Rule 34 on parties, rather than comply with the unreasonable and illegitimate demands made in the Subpoena.

### F. No detailed privilege log should be required.

It is wholly unreasonable and an enormous waste of Estate funds to expect the Trustee to collect, review, and log all privileged communications with his counsel and advisors over the course of this bankruptcy case. The burdens of privilege logs are vividly illustrated by the fact that Superior itself produced its first privilege log in response to October 2011 written discovery requests just last Friday, July 20, 2012.

Only a subset of the Trustee's emails (and those of his counsel and advisors) would be responsive to the Subpoena, but given the massive volume of email generated in this case to date, it will require extraordinary attorney time to collect, review, and analyze these communications for relevancy and privilege. The burden and expense of gathering, reviewing, and logging 19 months worth of communications across multiple law firms and other professionals far outweighs the likely benefit under the considerations outlined in Fed. R. Civ. P. 26(b)(2)(C)(iii). At most the Trustee should be required only to assert the privilege categorically and in the timeframe afforded by Rule 34. *See Cmts to 1993 Amendments to Rule 26* ("Details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

10

The Trustee therefore seeks a Protective Order exempting him from any obligation to produce a privilege log, especially in light of the impermissibly shortened time frame, the mootness of these issues, and the other objections raised above.

## Conclusion

This attempt by Superior (and others) to discover confidential protected work that attorneys produced while in the midst of hotly contested litigation serves to harass the Trustee and his counsel, exhaust the Estate's assets, and unnecessarily distract the parties and the Court from the merits and the recently filed plan and disclosure statement.[6] *Cf. M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper."). The Court should exercise its authority under Rule 26 to protect the Estate from these time-consuming and costly distractions.

Given the timing of this filing, the Trustee did not have an opportunity to have the usual attorneys' conference regarding the specific relief requested herein. The Trustee represents, however, in light of the previous communications in conference calls, emails, and correspondence regarding both his deposition and the scheduled deposition of Sean White, the parties remain unable to resolve these disputes without Court intervention.

In addition, the Trustee in an attempt to cooperate and enable a meaningful deposition to occur on the agreed-upon date, has, subject to and without waiving the foregoing objections, agreed to both appear for his July 27 deposition and to produce at that time certain responsive

---

[6] Superior has also served a deposition notice and subpoena seeking discovery from the Trustee's Special Counsel, Sean White of Hoover Hull on August 3.

11

documents (totaling 948 pages) in his possession, custody and control that fall within the wide universe of materials Superior seeks to obtain.

WHEREFORE, the Trustee respectfully requests that the Court enter a Protective Order (1) precluding Superior or any other party from inquiring about any drafts, supporting documents, expert analysis, underlying mental impressions of counsel or the Trustee, estimations of recoveries, and any other information implicating the Trustee's strategy, legal analysis, or request for legal advice in any way pertaining to this Chapter 11 case, including but not limited to the information underlying the Report and Hoover Hull Comments, whether via document requests or deposition questions; (2) exempting the Trustee from any demand to produce documents belonging to his counsel or advisors/experts; (3) exempting the Trustee from any obligation to produce a privilege log; and (4) to the extent the Subpoena otherwise survives, permitting the Trustee to treat the Subpoena as a request for documents pursuant to Rule 34 and expressly preserving the Trustee's right to respond to the document requests and assert his objections according to the time frame set forth Rule 34, and (5) all other appropriate relief.

                Respectfully submitted,

                FAEGRE BAKER DANIELS LLP


                By:   /s/ Kevin M. Toner

James M. Carr (#3128-49)             *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Terry E. Hall (#27535-49)
Harmony Mappes (#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@FaegreBD.com
kevin.toner@FaegreBD.com
terry.hall@FaegreBD.com
harmony.mappes@FaegreBD.com

**CERTIFICATE OF SERVICE**

        I hereby certify that on July 27, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt on behalf of Other Professional David Abt
davidabt@mwt.net

Amelia Martin Adams on behalf of Creditor Alton Darnell dba Darnell Alton Barn
aadams@dlgfirm.com

John W Ames on behalf of Creditor Joplin Regional Stockyards
james@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com

Jerald I. Ancel on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
jancel@taftlaw.com, ecfclerk@taftlaw.com;krussell@taftlaw.com;dwineinger@taftlaw.com

T. Kent Barber on behalf of Creditor Blue Grass Maysville Stockyards, LLC
kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

Robert A. Bell on behalf of Counter-Defendant Fifth Third Bank
rabell@vorys.com, dmchilelli@vorys.com

C. R. Bowles on behalf of Creditor Joplin Regional Stockyards
cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com

Steven A. Brehm on behalf of Cross Defendant Hohenberger Cattle
sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com

Kent A Britt on behalf of Counter-Defendant Fifth Third Bank
kabritt@vorys.com, cbkappes@vorys.com;dfhine@vorys.com;tbfinney@vorys.com

Lisa Koch Bryant on behalf of Creditor Peoples Bank & trust Co. of Pickett County
courtmail@fbhlaw.net

John R. Burns on behalf of Plaintiff James Knauer, Chapter 11 Trustee
john.burns@faegrebd.com, sandy.rhoads@faegrebd.com;oliana.nansen@faegrebd.com

John R. Carr on behalf of Creditor First Bank and Trust Company, The
jrciii@acs-law.com, sfinnerty@acs-law.com

James M. Carr on behalf of Intervenor James Knauer, Trustee
jim.carr@faegrebd.com, sarah.herendeen@faegrebd.com;becky.turner@faegrebd.com

Deborah Caruso on behalf of Other Professional Kathryn Pry

dcaruso@daleeke.com, mthomas@daleeke.com

Bret S. Clement on behalf of Creditor First Bank and Trust Company, The
bclement@acs-law.com, sfinnerty@acs-law.com

Jason W. Cottrell on behalf of Creditor Rex Elmore
jwc@stuartlaw.com

Kirk Crutcher on behalf of Counter-Defendant Gene Shipman
kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com

Jack S Dawson on behalf of Defendant Jane, LLC
jdawson@millerdollarhide.com,
jowens@millerdollarhide.com;receptionist@millerdollarhide.com

Dustin R. DeNeal on behalf of Intervenor James Knauer, Trustee
dustin.deneal@faegrebd.com, becky.turner@faegrebd.com;sarah.herendeen@faegrebd.com

Laura Day DelCotto on behalf of Creditor Alton Darnell dba Darnell Alton Barn
ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

David Alan Domina on behalf of Creditor Bellar Feed Lots, Inc.
dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com

Daniel J. Donnellon on behalf of Creditor First Bank and Trust Company, The
ddonnellon@ficlaw.com, knorwick@ficlaw.com

Trevor L. Earl on behalf of Creditor Your Community Bank
tearl@rwsvlaw.com

Shawna M Eikenberry on behalf of Counter-Claimant James Knauer
shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com

Jeffrey R. Erler on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
jeffe@bellnunnally.com

Robert H. Foree on behalf of Creditor Kentucky Cattlemen's Association
robertforee@bellsouth.net

Sandra D. Freeburger on behalf of Creditor Estate of John S. Gibson, Anna Gayle Gibson, Execu
sfreeburger@dsf-atty.com, smattingly@dsf-atty.com

Peter M Gannott on behalf of Counter-Claimant Laurel Livestock Market, INC.
pgannott@gannottlaw.com,
mkeane@gannottlaw.com;jemerson@gannottlaw.com;paralegal@gannottlaw.com

Melissa S. Giberson on behalf of Counter-Defendant Fifth Third Bank
msgiberson@vorys.com

Jeffrey J. Graham on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
jgraham@taftlaw.com, ECFClerk@taftlaw.com;krussell@taftlaw.com;aolave@taftlaw.com

Terry E. Hall on behalf of Intervenor James Knauer, Trustee
terry.hall@faegrebd.com, sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com

John David Hoover on behalf of Trustee James Knauer
jdhoover@hooverhull.com

John Huffaker on behalf of Creditor Friona Industries, LP
john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com

Jeffrey L Hunter on behalf of Joined Party United States Department of Agriculture, Grain Ins
jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov

Jay Jaffe on behalf of Intervenor James Knauer, Trustee
jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com

Todd J. Johnston on behalf of Counter-Claimant Gabriel Moreno
tjohnston@mcjllp.com

James Bryan Johnston on behalf of Creditor Bynum Ranch Co.
bjtexas59@hotmail.com, bryan@ebs-law.net

Jill Zengler Julian on behalf of Joined Party United States Department of Agriculture, Grain Ins
Jill.Julian@usdoj.gov

Jay P. Kennedy on behalf of Plaintiff James A. Knauer, Trustee
jpk@kgrlaw.com, tfroelich@kgrlaw.com;ads@kgrlaw.com

Edward M King on behalf of Creditor Fifth Third Bank
tking@fbtlaw.com, dgioffre@fbtlaw.com

James A. Knauer
jak@kgrlaw.com, hns@kgrlaw.com

James A. Knauer on behalf of Plaintiff James Knauer, Trustee
jak@kgrlaw.com, hns@kgrlaw.com

Erick P Knoblock on behalf of Cross-Claimant Kathryn Pry
eknoblock@daleeke.com

Theodore A Konstantinopoulos on behalf of Creditor General Electric Capital Corporation

16

ndohbky@jbandr.com

Randall D. LaTour on behalf of Counter-Defendant Fifth Third Bank
RDLatour@vorys.com, khedwards@vorys.com;bjtobin@vorys.com

David A. Laird on behalf of Creditor Peoples Bank of Coldwater Kansas
david.laird@moyewhite.com, lisa.oliver@moyewhite.com;deanne.stoneking@moyewhite.com

David L. LeBas on behalf of Counter-Defendant J&F Oklahoma Holdings, Inc.
dlebas@namanhowell.com, koswald@namanhowell.com

Elliott D. Levin on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
edl@rubin-levin.net, atty_edl@trustesolutions.com

Elliott D. Levin on behalf of Petitioning Creditor Superior Livestock Auction, Inc.
robin@rubin-levin.net, edl@trustesolutions.com;edl@trustesolutions.net

Kim Martin Lewis on behalf of Other Professional Elizabeth Lynch
kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com

James B. Lind on behalf of Counter-Defendant Fifth Third Bank
jblind@vorys.com

Karen L. Lobring on behalf of Creditor Deere & Company
lobring@msn.com

John Hunt Lovell on behalf of Counter-Defendant Cactus Growers, Inc.
john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net

Harmony A Mappes on behalf of Counter-Claimant James Knauer
harmony.mappes@faegrebd.com, judith.gilliam@faegrebd.com;sarah.herendeen@faegrebd.com

John Frederick Massouh on behalf of Counter-Defendant Cactus Growers, Inc.
john.massouh@sprouselaw.com

Michael W. McClain on behalf of Creditor Grant Gibson
mike@kentuckytrial.com, laura@kentuckytrial.com

Kelly Greene McConnell on behalf of Creditor Supreme Cattle Feeders, L.L.C.
lisahughes@givenspursley.com

James Edwin McGhee on behalf of Creditor Vermilion Ranch Corporation
mcghee@derbycitylaw.com, belliott@derbycitylaw.com;patenaude@derbycitylaw.com

William Robert Meyer on behalf of Creditor Republic Bank and Trust Company
rmeyer@stites.com

Christie A. Moore on behalf of Counter-Defendant Superior Livestock Auction, Inc.
cm@gdm.com, ljs2@gdm.com

Allen Morris on behalf of Creditor Republic Bank and Trust Company
amorris@stites.com, dgoodman@stites.com

Judy Hamilton Morse on behalf of Creditor Heritage Feeders LP
judy.morse@crowedunlevy.com,
ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com

Walter Scott Newbern on behalf of Creditor Arcadia Stockyard
wsnewbern@msn.com

Shiv Ghuman O'Neill on behalf of Plaintiff James Knauer, Trustee
shiv.oneill@faegrebd.com, amanda.castor@faegrebd.com

Matthew J. Ochs on behalf of Creditor Peoples Bank of Coldwater Kansas
kim.maynes@moyewhite.com

Michael Wayne Oyler on behalf of Creditor Your Community Bank
moyler@rwsvlaw.com

Ross A. Plourde on behalf of Creditor Crumpler Bros.
ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com

Wendy W Ponader on behalf of Trustee James Knauer
wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com

Timothy T. Pridmore on behalf of Counter-Claimant Gabriel Moreno
tpridmore@mcjllp.com, lskibell@mcjllp.com

Anthony G. Raluy on behalf of Creditor Peoples Bank & trust Co. of Pickett County
traluy@fbhlaw.net

Eric C Redman on behalf of Defendant Bankfirst Financial Services
ksmith@redmanludwig.com, kzwickel@redmanludwig.com;myecfmailrl@gmail.com

Eric W. Richardson on behalf of Creditor Fifth Third Bank
ewrichardson@vorys.com, bjtobin@vorys.com

Joe T. Roberts on behalf of Counter-Claimant Laurel Livestock Market, INC.
jratty@windstream.net

Mark A. Robinson on behalf of Creditor Cactus Growers, Inc.
mrobinson@vhrlaw.com, dalbers@vhrlaw.com

John M. Rogers on behalf of Creditor Joplin Regional Stockyards
johnr@rubin-levin.net, susan@rubin-levin.net

Joseph H Rogers on behalf of Defendant Nichols Livestock
jrogers@millerdollarhide.com, cdow@millerdollarhide.com

Jeremy S Rogers on behalf of Other Professional Elizabeth Lynch
Jeremy.Rogers@dinslaw.com

James E Rossow on behalf of Counter-Defendant Superior Livestock Auction, Inc.
jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com

Thomas C Scherer on behalf of Creditor Cullman Stockyard, Inc.
tscherer@bgdlegal.com, mmcclain@bgdlegal.com

Ivana B. Shallcross on behalf of Creditor Joplin Regional Stockyards
ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com;acoates@bgdlegal.com

William E Smith on behalf of Creditor Coffeyville Livestock Market, LLC
wsmith@k-glaw.com, pballard@k-glaw.com

James E. Smith on behalf of Cross Defendant Diamond B Ranches
jsmith@smithakins.com, legalassistant@smithakins.com

Robert K Stanley on behalf of Defendant Eastern Livestock Co., LLC
robert.stanley@FaegreBD.com

Joshua N. Stine on behalf of Counter-Defendant Fifth Third Bank
kabritt@vorys.com

Andrew D Stosberg on behalf of Defendant Willie Downs
astosberg@lloydmc.com

Meredith R. Thomas on behalf of Other Professional Kathryn Pry
mthomas@daleeke.com

John M. Thompson on behalf of Creditor Heritage Feeders LP
john.thompson@crowedunlevy.com,
jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com

Kevin M. Toner on behalf of Counter-Claimant James Knauer
kevin.toner@faegrebd.com, judy.ferber@faegrebd.com;crystal.hansen@faegrebd.com

Christopher M. Trapp on behalf of Petitioning Creditor Superior Livestock Auction, Inc.
ctrapp@rubin-levin.net

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Andrea L Wasson on behalf of Creditor Lytle Street Development
andrea@wassonthornhill.com

Stephen A. Weigand on behalf of Creditor First Bank and Trust Company, The
sweigand@ficlaw.com

Charles R. Wharton on behalf of U.S. Trustee U.S. Trustee
Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov

Sean T. White on behalf of Trustee James Knauer
swhite@hooverhull.com, vwilliams@hooverhull.com

Jessica E. Yates on behalf of Creditor CPC Livestock, LLC
jyates@swlaw.com, docket_den@swlaw.com;mmccleery@swlaw.com;msadams@swlaw.com

James T Young on behalf of Intervenor Michael Walro
james@rubin-levin.net, lemerson@rubin-levin.net;carmen@rubin-levin.net

  I further certify that on July 27, 2012, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

                /s/ Kevin M. Toner