UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-93904 |
| EASTERN LIVESTOCK CO., LLC, | CHAPTER 11 |
| DEBTOR | JOINTLY ADMINISTERED |

**CREDITORS' JOINDER IN THE FIRST BANK AND TRUST COMPANY'S OBJECTION TO EMPLOYMENT OF BAKER & DANIELS, LLP (n/k/a FAEGRE BAKER DANIELS LLP) AS COUNSEL TO CHAPTER 11 TRUSTEE AND FIRST BANK'S REQUEST FOR ORDER TERMINATING EMPLOYMENT**

Come Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc. and Alton Darnell ("Creditors"), creditors and parties in interest herein, by counsel, and hereby join in the Objection of The First Bank and Trust Company ("First Bank") to Application to Employ Baker & Daniels, LLP (n/k/a Faegre Baker Daniels LLP) As Counsel to Chapter 11 Trustee [ECF No. 1238] (the "Objection"), and join in First Bank's request that the Court enter an order terminating the employment of Faegre Baker Daniels, LLP ("FBD"), with a hearing on allowance and disgorgement of fees at a later time. In support of this Joinder to Objection, and this Request for Order Terminating Employment, the Creditors respectfully state as follows:

## BACKGROUND

1.      On January 10, 2011, approximately one month in to this unique and complex chapter 11 proceeding, First Bank filed its Objection to Application to Employ Baker & Daniels LLP ("B&D") as Counsel to the Chapter 11 Trustee [ECF No. 181].

2.      B&D had full and complete opportunity to respond to the Objection, which it did by submitting a supplemental declaration in addition to its initial declaration.

3.      At no time has B&D or FBD made any further written responses or disclosures to long-running verbal and written comments, questions, and objections, both inside and outside of Court, about the day-to-day activities and conduct of (i) B&D/FBD's client, the Trustee acting as the fiduciary representative of the Estate, and (ii) the overstepping by B&D/FBD of its stated ability to act, take positions, and give advice on matters in the case and adversary proceedings in regards to the purported division of labor between general and conflicts counsel.  B&D did verbally state on the record that it can act on all matters in the case except for "suing Fifth Third."

4.      Surprisingly, in response to the numerous objections to the B&D (and Trustee) second interim fee applications that were filed in December 2011, B&D stood silent in the Court record. As of the date of this filing, they continue to remain mute on the non-disclosures, lack of disinterestedness, and material adverse interests/conflicts issues.

5.      On July 10, 2012, First Bank filed its Renewal of its prior Objection, asking the Court to enter an order disallowing the employment with a subsequent hearing regarding allowed fees, if any, including disgorgement.

6.      The Creditors join in and reiterate the Objection of First Bank.

2

7. The Creditors agree with First Bank's statements that both the Trustee and his primary general bankruptcy Counsel have broad and continuing disclosure obligations which have not been met in this case.

8. The Creditors agree, based on what is now known, that actual and potential conflicts and material adverse interests have existed in this case since its inception, as well as a lack of disinterestedness, all of which was known to Counsel since the case inception, yet kept hidden from the Court and the constituents in this case, despite multiple *direct* opportunities to address them in addition to Counsel's ongoing general disclosure obligations.

9. The ongoing denial of, and the arrogant blindness towards, the conflicts, the lack of disinterestedness, and the continuing non-disclosure can no longer be allowed to continue, even though the Creditors are sure that the Trustee and his Counsel will insist that the case is so far along now, these matters should just continue to be swept under the rug as they have been since day one. This cannot happen in these circumstances and in this chapter 11 case and multiple related litigation matters. The taint is too strong and reaches too far in all directions.

10. Federal Rule of Bankruptcy Procedure 2014 provides in relevant part the following:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys, and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

3

Counsel's ongoing apparent insistence that it has done nothing wrong or worthy of disclosure, and its instructions in the deposition of the Trustee not to answer certain questions, is, to be kind, an extreme misjudgment on Counsel's part in this particular case.

11. The overwhelming evidence shows that both the Trustee and his lead bankruptcy counsel, B&D/FBD, each knowingly chose not to disclose a material connection, which has continued unabated through this date. Any "choice" about disclosing information and details regarding both FBD's *and* the Trustee's ongoing representations and "longstanding relationship" with Wells Fargo, including waiver letters each obtained with Wells Fargo, is not theirs to make, as they well know. *See* attached documents produced after Motions to remove were filed.[1] All they do now is try to shift the blame to others, but that does not work. Counsel lacks disinterestedness, holds material adverse interests, has engaged in knowing nondisclosures. The Creditors join in First Bank's motion for an order terminating their employment immediately, and reserve all rights as to fees, not only of B&D/FBD, but also for the costs of being forced to bring these matters to the Court themselves, which should have been unnecessary from the very beginning had Counsel and the Trustee simply followed their statutory obligations.

For the foregoing reasons, Creditors join in the First Bank Objection and Motion to Remove Counsel.

---

[1] Certain of these attachments, while marked "Confidential" for the data room, do not appear to have any valid assertion of confidentiality in these circumstances involving mandatory disclosure obligations under the Bankruptcy Code or under any applicable rules regarding privilege, work product, or trade secret. A request to remove the confidential legend has been made and is pending.

4

       Respectfully submitted,

       DELCOTTO LAW GROUP PLLC


       /s/ Laura Day DelCotto, Esq.
       200 North Upper Street
       Lexington, KY  40507
       Telephone:  (859) 231-5800
       Facsimile:   (859) 281-1179
       ldelcotto@dlgfirm.com
       COUNSEL FOR CREDITORS


### **CERTIFICATE OF SERVICE**

       I hereby certify that on July 30, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | james@bgdlegal.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | cbowles@bgdlegal.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sbrehm@bgdlegal.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | jim.carr@faegrebd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Jason W. Cottrell | jwc@stuartlaw.com |
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com |
| | cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Dustin R. DeNeal | dustin.deneal@faegrebd.com |
| | Patricia.moffit@bakerd.com |
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com |
| | efiling@dominalaw.com |

5

| | |
|---|---|
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@faegrebd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@faegrebd.com |
| John David Hoover | jdhoover@hooverhull.com |
| John Huffaker | john.huffaker@sprouselaw.com |
| | lynn.acton@sprouselaw.com |
| | rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@faegrebd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com;lisa.oliver@moyewhite.com |
| | deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net;edl@trustesolutions.com; |
| | atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com;lisa.geeding@dinslaw.com |
| | patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@faegrebd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cmoore@bgdlegal.com |
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |

| | |
|---|---|
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Shiv G. O'Neill | shiv.oneill@faegrebd.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |
| Anthony Raluy | traluy@fbhlaw.net |
| Eric W. Richardson | ewrichardson@vorys.com |
| Susan K. Roberts | skr@stuartlaw.com; lbt@stuartlaw.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ishallcross@bgdlegal.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@faegrebd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin Toner | kevin.toner@faegrebd.com |
| Christopher M. Trapp | ctrapp@rubin-levin.net |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com; edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

I further certify that on July 30, 2012, a copy of the foregoing pleading was mailed by first-class U.S. mail, postage prepaid and properly addressed, to the following:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311

7

National Cattlemen's Beef Association
c/o Alice Devine
Devine & Donley, LLC
534 S Ks Avenue, Ste 1420
Topeka, KS  66603

/s/ Laura Day DelCotto, Esq.
COUNSEL FOR CREDITORS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Joinder to First Bank Mot to Remove B&D   20120730.doc



BAKER & DANIELS
EST. 1863

**TERRY E. HALL**
Partner
Direct 317.237.1230
terry.hall@bakerd.com

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204-1782
Tel 317.237.0300   Fax 317.237.1000
www.bakerdaniels.com

December 29, 2010

**Via Email (Gary.A.Heck@wellsfargo.com)**

Mr. Gary Heck
Senior Counsel
Wells Fargo Legal Department

Dear Mr. Heck:

      I am writing to request your specific consent to our representation of a party in a matter which could result in a conflict of interest that is not covered by any of the general consents contained in the current *Wells Fargo & Company Policy Regarding Legal Conflicts of Interest* (the "Policy"). Baker & Daniels LLP has been approached to serve as counsel to an appointed chapter 11 trustee in a liquidating chapter 11 case. The debtor in the case is a borrower under certain loans held by Fifth Third Bank, N.A. in which we have been made aware that Wells Fargo Capital Finance ('Wells Fargo") has a participatory interest, though we are not informed as to the specifics of the participation agreement. More particular details are below.

      James Knauer is the appointed Chapter 11 Trustee ("Trustee" or "Adverse Party") for Eastern Livestock Co., LLC ("Debtor"), the debtor in a chapter 11 case pending before the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, Case No. 10-93904-BHL-11("Chapter 11 Case"). Our initial understanding is that the debtor is a producer/broker of cattle. The Chapter 11 Case was originally filed as an involuntary case by certain creditors following the earlier appointment of a state court receiver. The Trustee is seeking to engage Baker &Daniels LLP to represent his interests as Trustee in the Chapter 11 Case. Based upon information the Trustee provided today, Wells Fargo is a participant in the Fifth Third loan to the Debtor or an affiliated entity. Thus, such an engagement by the Trustee, although not directly adversarial in nature, would constitute a Dispute under the Policy.

      It is anticipated that the following attorneys would handle the engagement within the firm: Jim Carr, Terry Hall, Dustin DeNeal, Harmony Mappes and Robert Stanley. None of those attorneys is actively involved in the representation of any Wells Fargo Line of Business in any current engagements.

      If you consent to our representation of the Adverse Party in this matter, we acknowledge and agree that the representation will be subject to all applicable rules of professional conduct and that the Firm will not (1) disclose to an Adverse Party any confidential information concerning Wells Fargo or its businesses (including, without limitation, trade

BDDB01 6476540v2

CONFIDENTIAL                                                                                                   WF012642

Mr. Gary Heck                              2                         December 29, 2010

secrets, matters covered by the attorney-client privilege and matters covered by the attorney work product privilege), or (2) use such information in any matter or proceeding without Wells Fargo's consent. Further, and specifically for this representation, the Firm would not represent the Trustee in any adversary proceeding or other action that the Trustee may commence directly against Wells Fargo or against Fifth Third Bank.

        If you agree that the Firm may represent the Adverse Party in the referenced matter subject to these conditions, please send me a confirmation by e-mail.

        Sincerely,

        */s/ Terry E. Hall*

        Terry E. Hall

cc:   Jeffrey Wegner <jeffrey.wegner@kutakrock.com>
     David Foster <david.foster@bakerd.com>
     Jim Carr <james.carr@bakerd.com>
     James Knauer <JKnauer@kgrlaw.com'>

CONFIDENTIAL                                                                                 WF012643

BDDB01 6476540v2

| | |
|---|---|
| From: | Heck, Gary A. |
| Sent: | Wednesday, December 29, 2010 10:02 AM |
| To: | Stewart, John M. (WFBC MIL); Stoeberl, Mark J. (WFBC MIL); Yandry, Ronald (WFBC MIL); Whitfield, Eric D.; Wegner, Jeffrey T.; Fitzpatrick, Brian F. (WFBC Mpls) |
| Cc: | Skinner, Hallie |
| Subject: | FW: Response to re: Eastern Livestock - Request for consent to conflict waiver |

REDACTED    REDACTED    REDACTED

-----Original Message-----
From: Hall, Terry E. [mailto:Terry.Hall@bakerd.com]
Sent: Wednesday, December 29, 2010 9:50 AM
To: Heck, Gary A.
Cc: JKnauer@kgrlaw.com; Jeffrey.Wegner@KutakRock.com; Carr, James M.; Foster, David A.; Hall, Terry E.
Subject: Response to re: Eastern Livestock - Request for consent to conflict waiver

Gary,

I have revised the letter (last sentence of the partial paragraph on page 2 of the letter) to include Fifth Third Bank. We had earlier agreed with Fifth Third that we would not represent the Trustee in any action or adversary
proceeding against it.

We appreciate your favorable consideration of our request. Again, if you have any questions please call me at your convenience.

Terry E. Hall |Partner| T: 317.237.1230 | F: 317.237.8418 | C: 317.370.7583 Baker & Daniels LLP | www.bakerdaniels.com | 300 N. Meridian Street, Suite 2700 | Indianapolis, IN 46204


-----Original Message-----
From: Gary.A.Heck@wellsfargo.com [mailto:Gary.A.Heck@wellsfargo.com]
Sent: Wednesday, December 29, 2010 10:34 AM
To: Hall, Terry E.; Foster, David A.
Cc: JKnauer@kgrlaw.com; Jeffrey.Wegner@KutakRock.com; Carr, James M.
Subject: RE: Eastern Livestock - Request for consent to conflict waiver

Terry and David,
I have one issue with this request at present. While it is clear Baker & Daniels would not bring any action against Wells Fargo, I believe we would also need that condition to include a prohibition on bringing any actions against 5th 3rd Bank as well, since we could be directly impacted by such claims to the extent they effect the loan/collateral rights in which we are a participant. In those instances, the trustee would need to retain alternate counsel. If you are willing to include that in the conditions as well, I would look favorably on agreeing to the waiver.

CONFIDENTIAL                                                                                       WF012639

Gary Heck, Senior Counsel
Wells Fargo Legal Department
(612) 667-3971

-----Original Message-----
From: Hall, Terry E. [mailto:Terry.Hall@bakerd.com]
Sent: Tuesday, December 28, 2010 4:59 PM
To: Heck, Gary A.
Cc: JKnauer@kgrlaw.com; Wegner, Jeffrey T.; Carr, James M.
Subject: Eastern Livestock - Request for consent to conflict waiver

Dear Mr. Heck:

Please find attached our request to Wells Fargo to consent to and /or waive conflicts related to the request of James Knauer, in his capacity as chapter
11 trustee in the chapter 11 case of Eastern Livestock Co. LLC, to employ Baker & Daniels LLP as counsel.

Please feel free to call me with any questions you may have.  My cell phone is 317-370-7583.

Terry E. Hall |Partner| T: 317.237.1230 | F: 317.237.8418 | C: 317.370.7583 Baker & Daniels LLP |
www.bakerdaniels.com | 300 N. Meridian Street, Suite 2700 | Indianapolis, IN 46204


-----Original Message-----
From: Wegner, Jeffrey T. [mailto:Jeffrey.Wegner@KutakRock.com]
Sent: Tuesday, December 28, 2010 3:00 PM
To: Hall, Terry E.
Cc: 'Gary.A.Heck@wellsfargo.com'; 'JKnauer@kgrlaw.com'; 'Bedree, Melvin A.'; 'LaTour, Randall D.'
Subject: Eastern Livestock

Ms. Hall,

We are representing Wells Fargo in connection with its participation interest in the Credit Agreement dated as of August 9, 2004, as amended, between Fifth Third Bank and Eastern Livestock Co., LLC.  It is my understanding that: (i) the Trustee, James Knauer, is in process of engaging your firm in the Eastern Livestock matter and has apprised you of Wells Fargo's interests in the case;
(ii) your firm has a longstanding relationship with Wells Fargo and has current, active engagements with Wells Fargo; and (iii) you or one of your partners is pursuing a written conflict waiver from Wells Fargo.

To expedite the conflict waiver communications, I respectfully suggest that you contact Gary Heck at Wells Fargo.  Gary is Senior Counsel with Wells Fargo and has been actively involved in the Eastern Livestock matter.

Gary's contact information is:

Gary Heck, Senior Counsel
Wells Fargo Legal Department
(612) 667-3971
Gary.A.Heck@wellsfargo.com

Thank you.


Jeff Wegner
Kutak Rock LLP

CONFIDENTIAL

WF012640

The Omaha Building
1650 Farnam Street
Omaha, NE 68102
402.231.8814 (Telephone)
402.346.1148 (Facsimile)
jeffrey.wegner@kutakrock.com<mailto:jeffrey.wegner@kutakrock.com>

################################################################################
##################################
ANY FEDERAL TAX ADVICE CONTAINED IN THIS MESSAGE SHOULD NOT BE USED OR REFERRED TO IN THE PROMOTING, MARKETING OR RECOMMENDING OF ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT, AND SUCH ADVICE IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY A TAXPAYER FOR THE PURPOSE OF AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE.
################################################################################
##################################
This E-mail message is confidential, is intended only for the named
recipient(s) above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.
################################################################################
##################################

----------------------------
ATTENTION:

To ensure compliance with applicable Internal Revenue Service Regulations, we inform you that any tax advice contained in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.


This message and all its attachments are PRIVATE and may contain information that is CONFIDENTIAL and PRIVILEGED.

If you received this message in error, please notify the sender by reply e-mail and delete the message immediately.

----------------------------
ATTENTION:

To ensure compliance with applicable Internal Revenue Service Regulations, we inform you that any tax advice contained in this electronic message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code.


This message and all its attachments are PRIVATE and may contain information that is CONFIDENTIAL and PRIVILEGED.

If you received this message in error, please notify the sender by reply e-mail and delete the message

Letter to Gary
Heck.pdf

immediately.

CONFIDENTIAL WF012641

## James Knauer

**From:** Gary.A.Heck@wellsfargo.com
**Sent:** Tuesday, December 28, 2010 5:43 PM
**To:** James Knauer
**Cc:** watsonm1@wellsfargo.com
**Subject:** RE: Eastern Livestock, LLC Bankruptcy

Jim,
Thank you for calling me on this. On behalf of Wells Fargo I agree to waive the conflict subject to the terms described in your email below.

**Gary Heck, Senior Counsel**
**Wells Fargo Legal Department**
**(612) 667-3971**

---

**From:** James Knauer [mailto:JAK@kgrlaw.com]
**Sent:** Tuesday, December 28, 2010 4:05 PM
**To:** Heck, Gary A.; Watson, J. Michael
**Subject:** Eastern Livestock, LLC Bankruptcy

Gentlemen;

I am writing to request your specific consent to my service as a bankruptcy trustee in a bankruptcy proceeding which could result in an indirect conflict of interest. The debtor in the case is a borrower under certain loans held by Fifth Third Bank, N.A. I have been become aware that Wells Fargo & Co. has a participatory interest, though I am not presently informed concerning specifics of the participation agreement. More particular details are below.

I was appointed Trustee last Friday, December 24, 2010 for Eastern Livestock Co., LLC ("Debtor"), the debtor in a chapter 11 case pending before the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, Case No. 10-93904-BHL-11("Chapter 11 Case"). My review of the pleadings and available information did not disclose to me the involvement of Wells Fargo. I learned of it yesterday.

The debtor is a producer/broker of cattle. The Chapter 11 Case was originally filed as an involuntary case by certain creditors following the earlier appointment of a state court receiver. Since Wells Fargo is a participant in the secured loan to the Debtor, my appointment, although not directly adversarial in nature, could ultimately result in my being adverse to Fifth Third and in turn to the interests of Wells Fargo.

If you consent to my service as bankruptcy trustee in this matter, I acknowledge and agree that the service will be subject to all applicable rules of professional conduct and that I will not disclose any confidential information concerning Wells Fargo or its businesses (including, without limitation, trade secrets, matters covered by the attorney-client privilege and matters covered by the attorney work product privilege), or (2) use such information in any matter or proceeding without Wells Fargo's consent. Given its role as a loan participant, there appears to be no circumstance in which I, as a bankruptcy trustee, could initiate any adversary proceeding or other action against Wells Fargo.

If you agree to waive any conflict for my service as Trustee, subject to the foregoing conditions, please send me a confirmation by e-mail.

Sincerely,

James A. Knauer



**Kroger, Gardis & Regas, LLP**
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
(317) 692-9000 · Fax (317) 777-7440
jak@kgrlaw.com   www.kgrlaw.com

James Knauer
Attorney at Law

---

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail transmissions attached to it, contain information that is confidential and may be legally privileged. If you are not the intended recipient of this transmission, or a person responsible for delivering it to the intended recipient, you are notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving or forwarding it in any manner. Thank you for your consideration.

JAK 418