# HOOVER HULL LLP

JOHN DAVID HOOVER
jdhoover@hooverhull.com
317.822.4400 x 101

July 9, 2012

<u>Via E-Mail and First Class Mail</u>

John M. Rogers, Esq.
RUBIN & LEVIN
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204

Re:   In re: Eastern Livestock, LLC

Dear John:

    On July 2, less than an hour after the Court denied Superior Livestock's motion to expedite, you requested dates on which the Trustee's special counsel, Sean White, would be available for deposition. On July 5, Superior filed a subpoena directing Sean to appear for deposition on July 23 at your office. Superior Livestock is the cattle auction to which Tom Gibson sought to transfer hundreds of cattle contracts and a direct adversary of the Trustee in two adversary proceedings in this chapter 11 case. The subpoena does not reference those adversary proceedings. Instead, it directs Sean to testify regarding our firm's legal advice to the Trustee, Jim Knauer, and to reveal all manner of details regarding our investigation and assessment of potential claims against Fifth Third Bank, the prime lien holder.

    You or your colleague, Chris Trapp, were present at all of the thirteen Rule 2004 exams of former or current Fifth Third employees and Wayne Stoffel. You have access to all transcripts and exhibits which have been posted to the Trustee's shared repository http://eastlivestock.brick.ftp.com. Likewise, the records that Special Counsel requested, received and reviewed from Fifth Third, Wells Fargo[1] and Mr. Stoffel have been posted to the Trustee's shared repository. Thus, virtually all of our work, other than work product and our advice to the Trustee, has been disclosed to Superior.

    Because no one could reasonably conclude that Superior is a true creditor of Eastern's estate, it appears to us that you seek this deposition as some sort of litigation tactic to further delay these proceedings or to frustrate the Trustee's efforts to recover estate assets from your client. Nothing about Superior's deposition request or the papers Superior has presented to the Court suggests to us that it has a valid claim or that this deposition is necessary to protect it or pursue it.

---

[1] We will respond to your July 5, 2012 letter concerning Wells Fargo's production by separate letter.

John M. Rogers, Esq.
July 9, 2012
Page 2

Superior's attempt to depose counsel for the Trustee is unwarranted and improper. Such depositions of litigation counsel are disfavored, and are typically barred absent special and unusual circumstances. It is often held that a party seeking to depose opposing counsel must show "that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (citations omitted). Even when that rule is not followed rigidly, the courts will typically require the use of an available alternative means of obtaining the information sought, such as interrogatories to the party, rather than allowing a deposition of opposing counsel. *E.g.*, *Phillips v. Indianapolis Life Ins. Co.*, 2009 WL 1564384, No. 1:06-cv-1544-WTL-JMS (S.D. Ind. June 3, 2009).

Apart from seeking to deter harassment of counsel and to avoid a chilling effect on counsel's representation of his or her client, the obvious reasons for this general reluctance to allow depositions of opposing counsel include the fact that most or all relevant information in counsel's possession will be protected by the attorney-client privilege or the attorney work product doctrine. Accordingly, our district court has "cautioned counsel to 'think carefully before noticing such a deposition [of opposing counsel]' because sanctions would be readily employed 'if, in retrospect, it is apparent that the deponent had so little relevant, non-privileged information that the deposition was no more than a waste of everyone's time.'" *Phillips*, 2009 WL 1564384, at *3 (quoting *Cook Inc. v. C.R. Bard, Inc.*, 2003 WL 23009047, at *2 (S.D. Ind. 2003)).

As the Trustee explained during the hearing on Superior's unsuccessful motion, any relevant information Sean might possess would almost certainly be protected by the attorney-client privilege or the attorney work product doctrine. As Special Counsel for the Trustee, the Trustee, this firm, and Sean White have no intention to waive the attorney-client privilege and/or the attorney work product doctrine. Moreover, following his receipt of a copy of Superior's subpoena, the Trustee instructed us that we are not permitted to waive the attorney-client privilege or divulge attorney work product. Therefore, we request that Superior withdraw the Notice of Deposition and Subpoena immediately. Under these circumstances and without any explanation of how Superior could reasonably expect to obtain nonprivileged information relevant to the pending adversary proceedings with your client, it is difficult to see how Superior's attempt to depose counsel in this matter could be viewed as anything other than harassment.

For the reasons set forth, until you can establish specifically what non-privileged information Superior reasonably expects to be able to elicit in a proper deposition proceeding in one of the adversary matters, and you explain why any such information could not equally well be obtained in another manner, we respectfully object to this tactic and will protect the Trustee's interests and any further wasting of the estate's assets by Superior.

John M. Rogers, Esq.
July 9, 2012
Page 3

    In the event that Superior does not withdraw the Notice of Deposition and Subpoena, we request a discovery conference pursuant to S.D.Ind.L.R. 37.1, made applicable hereto by S.D.Ind.B-9014-1, to discuss this matter. Finally, we are not available on July 23, 2012 for Sean's deposition. In the event that the deposition goes forward, we are available July 24, 2012.

Very truly yours,

*[signature]*

John David Hoover

STW/lbl/629549_1

cc: Sean T. White
     James A. Knauer
     James M. Carr
     Kevin M. Toner

HOOVER HULL LLP   ATTORNEYS AT LAW
111 MONUMENT CIRCLE SUITE 4400   P.O. BOX 44989   INDIANAPOLIS, IN 46244-0989
PHONE 317.822.4400   FAX 317.822.0234   WEB www.hooverhull.com