**RUBIN & LEVIN**
A Professional Corporation
LAWYERS
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300
email: law@rubin-levin.net

John M. Rogers, Esq.
email: johnr@rubin-levin.net
Direct Dial: (317) 860-2923
Fax No. (317) 453-8623

July 12, 2012

*Via Email and First Class Mail*

Mr. John D. Hoover
Hoover Hull, LLP
111 Monument Circle, Suite 4400
Indianapolis, IN 46204

       Re: *In re Eastern Livestock, LLC*
          Your Letter of July 9, 2012 regarding
          Notice of Deposition of Sean T. White

Dear Mr. Hoover:

  We have received your letter of July 9, 2012 regarding the Notice of Deposition of Sean White (the "Notice"), and are writing to advise that we do not intend to withdraw the Notice. The Notice involves legitimate discovery on matters before the Court from a party with personal knowledge who has opined on the issues. The grounds for opposition stated in your letter arise from unfounded assumptions and are not supported by law.

  We are frankly amazed by the letter's unsupported contentions that Superior is not "a true creditor of Eastern's estate," and that the Notice is "some sort of litigation tactic" to "frustrate the Trustee's efforts to recover estate assets from your client." Such gratuitous attacks are not only groundless, but have nothing to do with your firm's role as independent counsel hired to investigate claims against Fifth Third Bank ("Fifth Third").

  Suffice it to say, litigation between Superior and the Trustee is in no way impeded by our request for a deposition of Mr. White, who is not acting as trial counsel in any proceeding, and represents that he has completed the work for which he was engaged. As a member of the firm retained as Special Counsel due to the conflict of interest of Faegre Baker Daniels ("FBD"), Mr. White was directed by the Court to file a report regarding his investigations of Fifth Third. The Trustee instead filed his own Report, with assistance of FBD, to which Superior and others objected. Some three weeks later, and one day before a telephone conference with the Court regarding the Report and objections, Mr. White filed the *Comments and Adoption by Hoover Hull LLP of Report of the Trustee, James A. Knauer, Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* ("Comments") offering his opinions and conclusions about the various roles served by Hoover Hull, FBD and DSI, and the objections filed by our firm and others, and adopting the Trustee's Report.

Page 2 of 4

As the Notice suggests, the primary purpose of deposing Mr. White is simply to understand the factual basis for the statements he makes and the matters he describes in his volunteered Comments. Superior's objective, as is evident from the pleadings it has filed regarding potential claims against Fifth Third, is simply to insure that Superior and other creditors, as well as the Court, are given a full understanding of potential claims against Fifth Third. Any litigation "tactic" would appear to be the filing of Comments intended to influence rulings by the Court in conjunction with your letter's attempt to prohibit discovery regarding those Comments, coupled with groundless accusations about Superior's status as a creditor.[1]

On the latter point, and to put to rest the "issue" of Superior's status as a creditor, we direct your attention to: (1) the Proof of Claim filed by Superior on April 29, 2011, to which are attached invoices and millions of dollars of checks written to Superior by the Debtor which were dishonored by Fifth Third Bank; (2) the Schedules *filed by the Trustee*, which identify Superior as a creditor for "cattle payables"; and (3) the fact that the Court expressly authorized Superior to participate in 2004 exams conducted by your firm, without opposition, as acknowledged by Mr. White in his Comments. Do you have *any* evidence to support your claim that "no one could reasonably believe" Superior is a creditor?

Your letter also incorrectly implies that the Notice would only be proper if we provided an "explanation" to you of how Superior "reasonably expected to obtain nonprivileged evidence relevant to the pending adversary proceedings with your client." As you are surely aware, depositions are appropriate in contested matters as well as adversary proceedings, and there are currently contested matters set for hearing which directly concern the Report filed by the Trustee and the Comments thereto filed by Sean White. The Notice complies with all appropriate procedures.

With this background, we will address the contentions of your July 9 letter regarding privilege and waiver. First, we consider it obvious there are a great many questions which can be posed to Mr. White which are relevant to the contested matters and do not even potentially involve matters of privilege, such as descriptions of what Mr. White did and did not do, and his understanding of your firm's engagement. The same is true of documents such as your firm's billing records which as you know must be filed with the Court before your firm could be paid. Claims of privilege are especially tenuous where, as here, the services being provided by counsel are for the express purpose of preparing a report summarizing investigations and conclusions which is to be made available to third parties. *See, e.g., U.S. v. White,* 950 F.2d 426 (7th Cir. 1991) (information imparted to counsel without expectation of confidentiality is not privileged). We are obviously entitled to inquire about what was done or not done by professionals hired by the estate,[2] and are not required to provide a list of questions and intended uses. Moreover,

---

[1] Your letter also misstates the facts relating to the Notice. You incorrectly state, for example, that the Notice "directs Sean to testify regarding our firm's legal advice to the Trustee," The Notice says no such thing, although the Court did direct Mr. White to file a report describing his investigations, his conclusions, and the reasons for those conclusions.

[2] While you note that the Trustee mentioned his claims of "privilege" during our telephone conference with the Court, you fail to acknowledge that in the same conference, the Court did not even

virtually everything mentioned in the Report, the Comments, and the documents requested by the Notice would be relevant to the proposed Plan and Disclosure Statement which we understand will be filed prior to Mr. White's deposition.

It is very surprising that you cite *Shelton v. American Motors Corp.* 805 F.2d 1323 (8th Cir. 1986) as support for the showing you contend must be made to permit Mr. White's deposition – particularly in light of your quotation in the same paragraph of *Cook Inc. v. C.R. Bard, Inc.*, 2003 U.S. Dist. LEXIS 20779, No. IP 00-1791-C(B/S) (S.D. Ind. Sept. 18, 2003). We say this is surprising not only because the facts of *Shelton* are completely distinguishable, but also because in *Bard* our District Court expressly *rejected* the rigid rule of *Shelton* which you contend is controlling. Consistent with the decisions of many other courts which have also rejected the *Shelton* test, the court in *Bard* concluded the more appropriate method is to allow a deposition to be taken and to permit the attorney to claim privilege in the face of certain questions, if necessary. *See, e.g., Marco Island Partners v. Oak* Dev. Corp., 117 F.R.D. 418 (N.D. Ill. 1987). A claim of privilege must be made and sustained on a document-by-document or question-by-question basis, and must be construed narrowly to protect the search for truth. *U.S. v. White, supra; United States v. Lawless,* 709 F.2d 485, 487 (7th Cir.1983). This is obviously the approach suggested by Judge Lorch's comments during our telephone conference when the Trustee raised the privilege "issue." The scope of the privilege is narrow, because it is in "derogation of the search for truth." *In re Walsh*, 623 F.2d 489, 493 (7th Cir.), *cert. denied*, 449 U.S. 994 (1980). In fact, as the court in the *Bard* case also recognized, even the Eighth Circuit has limited the holding of *Shelton* to situations involving depositions of trial counsel regarding their knowledge about the particular case in which they served as trial counsel. *Cook*, 2003 U.S. Dist. LEXIS 20779, 2003 WL 23009047; s*ee Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002) (holding that the *Shelton* rule does not apply to depositions of attorneys about matters separate from the matter in which the attorney is serving as trial counsel).

As noted earlier, Mr. White is not acting as trial counsel in any proceeding and according to his own statements in the Comments, he and your firm have completed the work for which you were hired, which was to render an opinion on potential causes of action, to be made available to third parties. It is obvious his knowledge does not involve confidential litigation strategy, both because it was acquired for a report to be given to others, and because the Report which he adopts concludes that any potential causes of action should be settled rather than litigated on terms which have already been negotiated and will soon be set forth in a plan and disclosure statement. *See U.S. v. White, supra.*

In addition, and not surprisingly, even as to matters which *are* privileged, courts have universally held that parties and counsel may not alternately use privileged matter as both a

---

suggest that a deposition would be improper. To the contrary, the judge simply instructed the parties to attempt to resolve any issues and to phone the Court if necessary

sword and a shield, offering comments and evidence where it helps achieve a strategic goal, while refusing to submit to questioning which might be harmful by invoking the shroud of privilege. *See, e.g., Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("The implicit waiver rule applies 'when the client asserts claims or defenses that put his attorney's advice at issue in the litigation'"); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095 (7th Cir. 1987); *Chivers v. Central Noble Community Schools*, 2005 U.S. Dist. LEXIS 16057 (Aug. 4, 2005 D. N.D. Ind.).

In this regard, the Comments volunteered by Mr. White a day before the scheduled court conference do offer opinions and conclusions about some matters which are arguably privileged, such as what Mr. Knauer did or did not say to him about suspending his investigations, his adoption of the Report and its conclusions, and his opinions about whether contributions made by FBD to his investigations and the Report did or did not "interfere." These comments were obviously offered for the purpose of influencing the Court and supporting the Trustee's responses to objections made by Superior and others regarding the Report. It is equally apparent, however, that the Court and parties opposing the Trustee's positions are not required to simply accept Mr. White's views without inquiry.[3] Needless to say, the only method to learn the basis for Mr. White's opinions is to question Mr. White. In this context, it is also noteworthy that the work-product privilege is a qualified privilege which may be overcome in such circumstances. *Chivers v. Central Noble Community Schools, supra.*

For all of these reasons, we see absolutely no basis for your demand that we withdraw the Notice. We are, however, happy to discuss scheduling issues and any particularized concerns you may have as opposed to your blanket objection, and to confer as required by the applicable court rules. Any conference should appropriately include Dan Donnellon, who responded to our Notice indicating his intent to participate in the deposition.

                                            Sincerely yours,

                                            RUBIN & LEVIN, P.C.

                                            John M. Rogers

cc:     Sean T. White
        James A. Knauer
        James M. Carr
        Kevin M. Toner

---

[3] It is also noteworthy that the opposition to deposing Mr. White is not accompanied by any withdrawal of his Comments or statements that Mr. White would not be called as a witness (or his Comments used as an exhibit) at the hearing on objections to the Report.