# HOOVER HULL LLP

JOHN DAVID HOOVER
jdhoover@hooverhull.com
317.822.4400 x 101

July 16, 2012

<u>Via E-Mail</u>

John M. Rogers, Esq.
RUBIN & LEVIN
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204

    Re:    In re: Eastern Livestock, LLC

Dear John:

    Thank you for your letter, but I still do not understand your request to depose Sean White with respect to Special Counsel's investigation of Fifth Third. You seek to justify Superior's Notice of Deposition and Subpoena *Duces Tecum* by claiming "[a]s the Notice suggests, the primary purpose of deposing Mr. White is to understand the factual basis for the statements he makes and the matters he describes in his volunteered Comments." The Notice offers no such suggestion. The subpoena duces tecum section of the Notice, however, plainly establishes that you seek to obtain information protected by the attorney/client privilege or work product doctrine. Notwithstanding Superior's newly stated purpose for the deposition, you or your colleague, Chris Trapp, were present when the "factual basis" was obtained during the course of the Rule 2004 exams. The transcripts and exhibits from the 2004 exams, along with the documents received from Fifth Third, Wells Fargo and Stoffel are available to you and the other creditors on the Trustee's shared repository. Thus, please explain what further factual basis Superior seeks from the deposition of Mr. White.

    While Superior's claimed status as a "creditor" of Eastern Livestock may or may not be relevant to our investigation of Fifth Third, it is relevant to Superior's lack of standing to proceed with the deposition of Special Counsel. With knowledge of Eastern's insolvency, Superior convinced Tom Gibson to execute an assignment of Eastern's buy contracts with regard to some 27,500 head of cattle. Superior immediately began collecting millions of dollars from Eastern's customers for those cattle. Superior's proof of claim, however, seeks $13.6 million from Eastern on the theory that it stands in the shoes of all of its unpaid auction sellers. You assert this in your letter even though it was Superior who agreed to perform Eastern's payment obligations on all of the assigned buy contracts. Thus, Superior continues to act under a logical disconnect whereby it has not disgorged any monies that were payable to Eastern or the value of livestock it seized and yet at the same time seeks payment from the estate for the very same cattle contracts it promised to perform as buyer. Superior owes millions to the estate and has no standing to comment on the estate's claims against Fifth Third Bank. Please identify what contested matters are set for

John M. Rogers, Esq.
July 16, 2012
Page 2

hearing which directly concern the Trustee's Report and Comments and explain how the deposition of Mr. White is relevant thereto.

Contrary to your assertion, Mr. White is not a "party with personal knowledge" who has publicly opined on the issues Superior is now litigating with the Trustee. Mr. White is not a party in Eastern's chapter 11 case, rather he is one of the Special Counsel to the Trustee and thus shares a confidential attorney-client relationship with the Trustee.

We understand that you are prepared to depose Mr. Knauer on August 3 or July 24 if Mr. White's deposition does not go forward on that date. As stated in my prior letter, Mr. White has no intention of waiving the attorney/client privilege or divulging attorney work product. We have also been instructed by the Trustee not to waive the attorney/client privilege or divulge attorney work product. Given these circumstances, it would appear to be a much better use of the parties' time and resources to move forward with Mr. Knauer's deposition as opposed to wasting time trying to invade the attorney/client privilege or work product doctrine when the Trustee has instructed us not to waive either. Moreover, we have not implicitly waived the privilege or used it as a sword.

The settlement with Fifth Third is subject to bankruptcy court approval. Therefore, it is tentative. Until the settlement is final, Mr. White's work is not complete. Finally, we are all attorneys of record in the bankruptcy case and Superior has taken action directly adverse to the Trustee. Thus, the rule in the *Shelton* case and its progeny are applicable to your proposed deposition of Mr. White.

The issue of Mr. White's deposition was not before the court during the July 9 telephone hearing nor did the Judge rule on it. Towards the conclusion of that hearing, you raised the prospect of deposing Mr. White for the first time. You had not raised the need for this deposition previously, notwithstanding your motion to expedite the hearing. Judge Lorch said that if the parties could not agree about the deposition, they could call him. He did not agree with or rule as to any approach suggested by you nor did he indicate that another call with him is a prerequisite to filing a motion.

To comply with S.D.Ind.L.R. 37.1, made applicable hereto by S.D.Ind.B-9014-1, we are available to discuss this matter on Tuesday, July 17, 2012 at 1:30 p.m.

Very truly yours,

John David Hoover

JDH/vkw
cc:   Sean T. White
      James A. Knauer
      James M. Carr
      Kevin M. Toner
630171_1/8728-1