# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IN RE: ) | CASE NO.: 10-93904–BHL–11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

## RENEWED OBJECTION TO THE TRUSTEE REPORT AND JOINDER IN MOTION TO CONTINUE HEARING

COMES NOW CPC Livestock, LLC ("CPC"), by and through counsel, and renews its earlier objection to the *Report Of The Trustee, James A. Knauer Regarding Investigation And Analysis Of Potential Claims Against Fifth Third Bank* (Doc. # 1209) ("*Trustee's Report*") and joins in support of Superior Livestock Auction, Inc. ("Superior"); First Bank and Trust Company ("First Bank"); and Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, and Piedmont Livestock Company, Inc. (collectively "Bluegrass") with respect to Superior's *Motion To Continue Hearing* (Doc. # 1271) on the Trustee's Disclosure Statement and states:

1.  After advising the Court and creditors that a plan of settlement with Fifth Third Bank ("Fifth Third") for the benefit of the estate was in the works for nearly a year, on July 23, 2012 James Knauer, the Chapter 11 Trustee, filed the *Trustee's Chapter 11 Plan of Liquidation* (Doc. 1255) ("*Plan*") and the *Disclosure Statement For Trustee's Chapter 11 Plan Of Liquidation* (Doc. 1256) ("*Disclosure Statement*").

1

2. The Plan and Disclosure Statement were filed immediately following discovery of significant non-disclosures regarding conflicts on the part of the Trustee and Trustee's counsel, Faegre Baker Daniels, LLP (f/k/a Baker & Daniels, LLP). The discovery of the Trustee's and Faegre Baker Daniels' non-disclosure directly undermines the credibility and viability of the Plan and Disclosure Statement and further led directly to well-founded motions for removal of both the Trustee and his counsel pursuant to 11 U.S.C. §§324 and 1104 (Docs. # 1237, 1238, 1239, and 1278).

3. As noted the Plan and Disclosure Statement were also filed subsequent to the submission of the *Trustee Report* (Doc. # 1166) on claims against Fifth Third and incorporated many of the same flawed conclusion regarding the viability of potential claims against Fifth Third.  As noted above, CPC previously joined with other creditors to object to the Trustee's Report (Doc. # 1209) and renews this objection.[1]

4. The Trustee has characterized CPC as holding assets belonging to the Estate and has targeted and threatened CPC with litigation to recover payment and to continue to contest CPC rights to interpleader funds.  The simple truth is that CPC, like so many other livestock creditors in the Eastern bankruptcy, had done business with Eastern for many years and sold livestock for which it was not paid in breach of the Packers and Stockyards Act of 1921 and governing regulations, as well as other applicable law. Whatever monies were collected by CPC for unpaid amounts due on

---

[1] For example, paragraph 4 to CPC's objection identifies case law directly contrary to conclusions of in the Trustee's Report concerning "good faith purchaser for value" and would form at least one (1) basis to deny application of Fifth Third's security interest to Estate assets. Another example can be found in the priority of security interest given to the sale of encumbered livestock as "farm products" under 7 U.S.C. §1631(7). In this instance the livestock lien would enjoy priority over Fifth Third's security interests.

livestock sales followed breach with dishonored checks and/or rescission by Eastern and was simply an effort to mitigate.

5. A year after the Trustee and his counsel first suggested a settlement plan with Fifth Third, the question is not whether the Plan and Disclosure Statement should be considered with such limited review time as would be available to all creditors prior to September 6, 2012, but whether it should be considered at all given the very clear lack of arms-length negotiation.

6. The actions by the Trustee and his counsel in violation of the disinterestedness standard and of full and complete disclosure required pursuant to 11 U.S.C. §§324 and 1104 have added significantly to the confusion and injury caused by the Debtor to the cattle business in this country.

CPC Livestock, LLC renews its earlier objection to the *Trustee's Report* and joins with Superior, First Bank, and Bluegrass in moving this Court to continue the September 6, 2012 scheduled hearing on the Trustee's Disclosure Statement.

Respectfully submitted this 2nd day of August 2012:

SNELL & WILMER L.L.P.

*/s/Jessica E. Yates*
Jessica E. Yates
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202-5854
Phone: (303) 634-2097
Fax: (303) 634-2020
Email: jyates@swlaw.com

*Counsel For CPC Livestock, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/Martha McCleery*
Martha McCleery