UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

## REPLY TO COMMENTS AND ADOPTION BY HOOVER HULL LLP OF REPORT OF THE TRUSTEE, JAMES A. KNAUER, REGARDING INVESTIGATION AND ANALYSIS OF POTENTIAL CLAIMS AGAINST FIFTH THIRD BANK

Comes now Superior Livestock Auction, Inc. ("Superior"), and submits the following reply[1] to the *Comments and Adoption by Hoover Hull LLP of Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* ("Comments") filed by Special Counsel Hoover Hull LLP ("HH") on June 29, 2012 as Docket No. 1221:

1.  In early 2011, because the Trustee and his general counsel, Faegre Baker Daniels ("FBD"), both represent Fifth Third Bank ("Fifth Third") in other matters, the Trustee retained the law firm of Hoover Hull as Special Counsel to investigate the claim of Fifth Third and the estate's potential causes of action against the bank. Though not disclosed, the Trustee and FBD also represent Wells Fargo, a $10 million participant in Fifth Third's $32 million loan to the Debtor, and had obtained conflict waivers from Wells Fargo around the time the Trustee and FBD were employed in this case.

---

[1] This reply is submitted in further support of Superior's Objection and Supplemental Objection filed on June 8, 2012 and June 22, 2012 respectively with regard to the *Report of the Trustee Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* filed on June 5, 2012.

2. On December 14, 2011, this Court directed Hoover Hull to file a report describing its investigations and ultimate "position" regarding Fifth Third's claim and the estate's potential causes of action. Hoover Hull did not file such a report. Instead, on June 5, 2012 the Trustee filed his *Report of the Trustee Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* ("Trustee's Report"), which states it was a collaborative effort of the Trustee, FBD, DSI and Hoover Hull.

3. Thereafter, Superior objected to the Report on the grounds there had not been an independent investigation and report as ordered by the Court, and substantial estate claims had not been properly investigated and disclosed. *See* Preliminary Objection and Supplemental Objection filed by Superior on June 8, 2012 and June 22, 2012 respectively. Similar objections were filed by other creditors.

4. Three weeks after the Trustee's Report was filed, Hoover Hull filed its Comments, for the apparent purpose of persuading the Court that the Trustee's Report does provide an independent review of potential claims against Fifth Third Bank ("Fifth Third"), untainted by the conflicts of interest of the Trustee and his counsel.

5. Neither the Comments nor Hoover Hull's "adoption" of the Trustee's Report cure the fact that no report was filed by Special Counsel, and no investigation was done which did not involve parties who actively represent Fifth Third and participant Wells Fargo. Indeed, the Comments acknowledge that Special Counsel performed his analysis with "assistance" from FBD as well as the Trustee, and that "at no time understood that it was restrained from receiving any assistance from Faegre Baker Daniels LLP ('FBD'). Comments, ¶2.

6. Many of the statements made in the Comments are self-serving, vague, unsworn factual assertions regarding issues on which the Trustee and Hoover Hull have refused to permit discovery, on the grounds they involve "work product" or "attorney-client privilege." For example, at his deposition on August 1, 2012, Sean White (who filed the Comments) refused to answer numerous questions relating to his statements in the Comments that FBD did not "interfere with or hinder" Special Counsel's investigation, that he was a "full and active participant with the Trustee in drafting the Trustee's Report," and the claim in the Comments that the Trustee had not instructed Hoover Hull to "stand down" in 2011 when the firm performed no investigation for a number of months.[2]

7. The Court should disregard these and all other statements in the Comments regarding matters for which the Trustee or Special Counsel have invoked attorney-client or work product privilege. The law is well-settled that parties and counsel may not alternately use privileged matter as both a sword and a shield, offering comments and evidence where it helps achieve a strategic goal, while refusing to submit to questioning which might be harmful. *See, e.g., Garcia v. Zenith Elecs. Corp.,* 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("The implicit waiver rule applies 'when the client asserts claims or defenses that put his attorney's advice at issue in the litigation'"); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095 (7th Cir. 1987); *Chivers v. Central Noble Community Schools,* 2005 U.S. Dist. LEXIS 16057 (Aug. 4, 2005 D. N.D. Ind.). It would hardly be equitable to conclude the court and creditors must simply accept the attorney's own self-serving declarations.

---

[2] Mr. White would only confirm testimony by the Trustee that a "misunderstanding" had occurred, but otherwise refused to provide details of any communications.

8.       For these reasons, the Comments add nothing to the issues raised by the objections to the Trustee's Report filed by Superior and others, and do not insulate the report from the problems caused by the conflicts of interest of the Trustee and his counsel with regard to claims against Fifth Third and its loan participant.

        Respectfully submitted,

        RUBIN & LEVIN, P.C.

        By:   /s/ John M. Rogers
            Elliott D. Levin,  Atty. No. 8785-49
            John M. Rogers, Atty. No. 6182-49
            Christopher M. Trapp, Atty. No. 27367-53

        RUBIN & LEVIN, P.C.
        342 Massachusetts Avenue
        Indianapolis, IN 46204
        (317) 634-0300; FAX (317) 453-8601
        johnr@rubin-levin.net

        ONE OF COUNSEL FOR SUPERIOR
        LIVESTOCK AUCTION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, a copy of the foregoing *Preliminary Objection to Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |

| | |
|---|---|
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |

| | |
|---|---|
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

I further certify that on August 3, 2012, a copy of the foregoing *Preliminary Objection to Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
c/o Alice Devine
6031 SW 37th St.
Topeka, KA 66610

/s/ John M. Rogers
John M. Rogers

C:\Users\susan\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\KPOKAYG9\Reply to Comments.wpd