UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S OBJECTION TO MOTIONS TO CONTINUE**
**DISCLOSURE STATEMENT HEARING**

The Court should deny the motions ("Motions") filed by Superior, Bluegrass, First Bank, and CPC Livestock[1] ("Movants") asking the Court to postpone the September 4, 2012 hearing on the disclosure statement. The Movants have been raising, investigating, researching and arguing the issues in the disclosure statement for at least seven months. They have had access to the entire document repository in this case. Some of them have written legal memoranda on the same causes of action discussed in the disclosure statement. At least two of the Movants' lawyers participated in *every* deposition of Fifth Third personnel. One of them has filed its own thirty-nine page lawsuit in Ohio against Fifth Third. To now assert that the Movants would not have sufficient time to review and object is specious.

The disclosure statement and plan is an offer to settle with Fifth Third and to provide the over 500 creditors of ELC that are not the Movants with a choice to consider the plan and being paid from the settlement. If the settlement is not approved, the Trustee will have only a short time to negotiate or consider other options prior to the expiration of the statute of limitations.[2] The Movants have consumed much more than their fair share of the estate's

---

[1] The Movants are Superior Livestock Auction, Inc., First Bank & Trust, 11 creditors referred to in the numerous filings in this case as "Bluegrass" and represented by one law firm, and CPC Livestock, LLC.

[2] Ironically, the Movants have previously used the immediacy of the statute of limitations deadline as a means to press the Trustee. Now they seek delay of the case.

resources, the Trustee's time, the efforts of the estate's professionals, and the Court's attention. It is time to move forward.

The Trustee filed his chapter 11 plan and disclosure statement on July 23, 2012. (Doc. Nos. 1255 and 1256). The Court set the disclosure statement hearing for September 4, 2012. (Doc. No. 1261). Superior filed a motion on July 27th requesting a continuance of that hearing, quickly followed by "me too" motions from Bluegrass and First Bank on July 31st and a somewhat tardy "me too" by CPC Livestock on August 2, 2012 (Doc. No. 1293) (Doc. Nos. 1271, 1280 and 1281). The Court set the Motions[3] for an expedited hearing on August 6, 2012. (Doc. No. 1288).

Listed below are the Movants' reasons why they can't be ready or should not have to be ready for a disclosure statement hearing some thirty days from now.

- Superior states that Mr. Ames, its lead lawyer for litigation with the estate, is not able to attend the hearing on September 4.

- Superior states that it will not have enough time to evaluate the disclosure statement because it does not plan to start evaluating until after the August 20 hearing and the disposition of other motions to remove the Trustee and his counsel.

- Superior states that it is consumed by the discovery and depositions it launched related to its objections to the Trustee's Report, and that what it might find out in the discovery and depositions will directly impact its position with respect to the disclosure statement and plan.

---

[3] It is unclear if all of the Movants properly requested the expedited hearing or as to which of the Motions are scheduled for the expedited hearing. The Trustee has assumed that all the Motions are to be heard and is responding to all the Motions.

2

- Bluegrass states that it will not expend any time to even consider the disclosure statement (and nor should anyone else) until after the August 20 hearing, and if it loses on its motions at that hearing it will only have ten days to decide what to do and to do it.

- First Bank states that everything should stop until after the August 20 hearing and September 4 is too soon after August 20 for it to evaluate and file objections.

- CPC Livestock is distressed that the Trustee will be seeking to recover for the benefit of ELC's creditors preferential payments received by CPC Livestock, and also believes that no creditors should have the opportunity to consider the disclosure statement and proposed plan given certain of the Movants' assertions against the Trustee and counsel.

None of the Movants' statements is a compelling reason to continue the hearing. It is no secret that the Trustee believes the Movants are holding significant monies that should be recovered and paid to the creditors of the ELC estate (or in the case of First Bank, disallowing its claims against the ELC estate). The Trustee is currently litigating against Superior and Bluegrass; is preparing additional preference actions including one against CPC Livestock; and has opened an investigation into new evidence that First Bank may be the recipient of significant fraudulent transfers from ELC.

The Trustee and his counsel take seriously the assertions recently made against them by certain of the Movants. However, at the end of the day, objections to the disclosure statement will likely take the form of disagreements with the legal conclusions as to the viability of the Trustee's claims against Fifth Third and the Trustee's reasonable judgment that the

3

proposed settlement will result in faster, larger and more certain payments to creditors than lengthy, costly litigation that the Trustee might lose.  As stated earlier, the documents and depositions related to the Trustee's claims against Fifth Third are all available; have been all available to the Movants for some time; and the Movants assisted in locating, creating and analyzing some of that factual repository.  Neither the Trustee nor his counsel has hidden any law that the Movants may wish to examine, argue, or dispute while evaluating the disclosure statement.   The Trustee's Report has been subsumed by the disclosure statement making the current spat over who filed it moot. There is no good reason to delay the disclosure statement hearing.  No matter what the Court may determine on August 20 regarding motions related to the Trustee's Report or to the employment of the Trustee and his counsel, there are 500 creditors who deserve the right to consider the plan based on their own circumstances and not restricted by the circumstances of the Movants.

       The Trustee is well aware that the Movants disagree and will likely continue to disagree with the results of the Trustee's investigation and the conclusions and proposal in the disclosure statement and plan, no matter the outcome on August 20 or what may arise in the discovery or depositions they are currently conducting.  But those disagreements are a *disclosure* issue not a *timing* issue.  *When* the hearing occurs will likely have no bearing on the Movants' legal positions and does not have any effect on their access to information.  The Movants have been preparing for at least seven months as to their positions on the estate's claims against Fifth Third.  This history, plus the next 30 days, is plenty of time to file whatever written submission they deem appropriate.

       Only two points of potential merit were raised and those can be simply addressed. Superior identified that two exhibits from the plan had not been filed.  The Trustee will file those

4

next week.  Superior also indicated that its lead attorney, John Ames, is unable to participate if the hearing is held on September 4th.  The Trustee respectfully submits that any of Superior's numerous other able counsel, most all of whom have been present at most all of the previous hearings, should suffice.

The Movants have ample time and information to participate meaningfully in a hearing on September 4, 2012. The 500 creditors who are not the Movants should not have to wait further to consider the proposed plan.  With all due respect, the Motions should be denied.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Kevin M. Toner (#11343-49)
Terry E. Hall (#27535-49)
Harmony Mappes (#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@FaegreBD.com
kevin.toner@FaegreBD.com
terry.hall@FaegreBD.com
harmony.mappes@FaegreBD.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

HOOVER HULL LLP
John David Hoover (#7945-49)
Sean T. White (#20428-49)
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234
jdhoover@hooverhull.com
swhite@hooverhull.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |

| | | |
|---|---|---|
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Robert H. Foree<br>robertforee@bellsouth.net | Sarah Stites Fanzini<br>sfanzini@hopperblackwell.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Susan K. Roberts<br>skr@stuartlaw.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@binghammchale.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>jnstine@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | Christopher E. Baker<br>cbaker@hklawfirm.com |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cmoore@bgdlegal.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Jeffrey E. Ramsey<br>jramsey@hopperblackwell.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Andrea L. Wasson<br>andreawassonatty@gmail.com | Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com |

I further certify that on August 3, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Terry E. Hall

7