UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| _____ | | |
| | ) | |
| SUPERIOR LIVESTOCK AUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADVERSARY PROCEEDING |
| vs. | ) | |
| | ) | NO. 11-59088 |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |
| FRIONA INDUSTRIES, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| vs. | ) | |
| | ) | NO. 11-59093 |
| EASTERN LIVESTOCK CO., LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO TRUSTEE'S MOTION FOR PROTECTIVE ORDER**

Superior Livestock Auction, Inc. ("Superior"), a creditor in the above-captioned proceeding, by counsel, responds to the *Trustee's Motion for Rule 26(C) Protective Order and Rule 45 Objections* (the "Motion for Protective Order"), which was filed at 9:06 A.M. on July 27, 2012, **24 minutes** before the scheduled start of the deposition of James A. Knauer (the "Trustee") as follows:

## Summary of Argument

The Trustee's Motion for Protective Order should be denied for the following reasons:

(1) Notwithstanding the requirements of Fed. R. Civ. P. 26(c), S.D. Ind. B-9014 (incorporating S.D. Ind. L.R. 37.1), and paragraph 3 of the Order Establishing Deposition Protocols (the "Protocols") entered in this case, the Trustee made no attempt to confer in good faith regarding any alleged discovery dispute;

(2) The Trustee failed to file a certification that he engaged in a good faith discovery conference (because no conference occurred);

(3) A major portion of the Trustee's objection argues that Superior's supboena requests privileged documents, and case law is clear that privilege objections must be made on a "document-by-document" basis, not on a "blanket basis"; and

(4) The discovery requested by Superior is reasonably calculated to lead to the discovery of admissible evidence on, *in addition to* objections to the T*rustee's Report Regarding Investigation and Analysis of Potential Claims Against Fifth Third* (the "Report") and Motions to Strike the Report, several other matters including: (a) Motions to Remove Trustee filed by other creditors; (b) the pending plan and disclosure statement filed by the Trustee; and (c) several motions likely to be filed in the near future stemming from the failure of the Trustee and his Special Counsel to provide an independent investigation and analysis of claims against Fifth Third.

Moreover, Superior vigorously disputes the contentions in the Motion for Protective Order that the Report is now "moot" in light of the plan and disclosure statement. The plan is not confirmed. Absent an unbiased investigation and independent assessment of claims against Fifth Third by Special Counsel, untainted by the conflicts of interest of the Trustee and his counsel, Faegre Baker Daniels ("FBD"), neither the Court nor creditors can evaluate parties' respective rights or the merits of the pending disclosure statement and plan.

Notwithstanding the Motion for Protective Order, the Trustee appeared and was deposed on July 27, 2012 and August 3, 2012. Ostensibly, the Trustee is using the mere fact the Motion for Protective Order was filed as justification for the Trustee withholding certain

2

documents responsive to Superior's *Subpoena Duces Tecum* without producing a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A). The Trustee cannot use the filing of the Motion for Protective Order as an excuse to bypass the requirements of the Federal Rules of Civil Procedure and become the sole arbiter over what is or is not privileged.

**Argument**

A.  **The Trustee failed to comply with Fed. R. Civ. P. 26(c), S.D. Ind. B-9014 (incorporating S.D. Ind. L.R. 37.1), and paragraph 3 of the Protocols. Additionally, because no conference occurred, no certification that a conference occurred was filed with the Motion for Protective Order. Accordingly, the Motion for Protective Order should be summarily denied.**

The Trustee ambushed Superior by filing the Motion for Protective Order a mere 24 minutes before the scheduled start of the Trustee's deposition. Notably, Superior's counsel invited the Trustee's counsel to discuss objections regarding document production in advance of that date, but the invitation was declined. Specifically, on July 25, 2012, one of counsel to Superior, John Rogers, wrote an e-mail to Kevin Toner of FBD, the Trustee's counsel, stating the following:

> I am writing with regard to the document subpoena accompanying our Notice of Deposition for Jim Knauer which is set for this Friday. Needless to say, I believe it would expedite the deposition if you could indicate which of the requested documents will be voluntarily produced, and which may be the subject of objections, and forward electronic copies today or tomorrow of the documents which will be produced, so we can identify proposed exhibits, mark them, and make appropriate copies.

In response to this e-mail, Mr. Toner wrote back an e-mail declining any discussion. That e-mail states:

> Documents requested in connection with Jim Knauer's deposition are still being reviewed and won't be available ahead of Friday. We will address the notice/subpoena/requests for production in accordance with the rules.

3

The Trustee's failure to comply with the Local Rules, Federal Rules of Civil Procedure, and the Protocol is a fatal error that mandates summarily denying the Motion for Protective Order. First, paragraph 3 of the Protocols provides the following:

3. RESOLUTION OF DISPUTES RELATING TO DEPOSITIONS

a. With respect to any disputes relating to Depositions or these protocols, the participants will first attempt to resolve the dispute by exhausting extra-judicial efforts as required by S.D. Ind. B-9014 (which incorporates S.D. Ind. L.R. 37-1).

b. If agreement cannot be reached through extra-judicial efforts, then the participants may request a telephone conference with the Court to address the dispute. If resolution cannot be reached through a telephone conference with the Court, then, unless the Court directs or orders otherwise, the dispute may be presented to the Court by motion. In the event no order of the Court that resolves the dispute has been entered before the date noticed for the deposition, the deposition shall not proceed as noticed.

As noted in the Protocol, S.D. Ind. L.R. 37.1 requires a party seeking court intervention in a discovery dispute to confer. The Rule provides that "parties must confer in a good faith effort" to resolve a discovery dispute before involving the Court. (Emphasis added). Additional restrictions on filing a motion for protective order are set forth in Fed. R. Civ. P. 26(c)(1), which provides the following:

The motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

(Emphasis added).

"A good faith effort to resolve a discovery dispute requires that counsel converse, confer, compare views, consult and deliberate." *Imbody v. C & R Plating Corp.*, 2010 U.S. Dist. LEXIS 81531, (N.D. Ind. Aug. 10, 2010); *Ellis v. CCA of Tenn., LLC*, 2009 U.S. Dist. LEXIS 7322 (S.D. Ind. Feb. 2, 2009) (citation omitted). The requirement to meet and confer must be taken

4

seriously, because before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves. *Imbody*, 2010 U.S. Dist. LEXIS 81531 (quoting *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006)).

The Trustee argues that "given the timing of this filing, the Trustee did not have an opportunity to have the usual attorneys' conference regarding the specific relief requested herein." (Motion for Protective Order, p. 11). It is wholly unclear what the Trustee means by the statement, "given the timing of this filing." There was ample time to engage in a discovery conference; presumably, it would have taken a lot less time than preparing a 12 page brief. In any event, a discovery conference is not merely "usual," it is an absolute prerequisite to filing a motion seeking Court intervention. Additionally, a certification that a conference occurred is required. Because the Trustee failed to comply, the Court has no alternative but to deny the Motion.

> **B.     The Report is not moot especially in light of the current Motions to Remove Trustee filed by other creditors.**

A plan and disclosure statement, negotiated with Fifth Third by a Trustee and his counsel, both of whom have a conflict of interest with Fifth Third and cannot sue it, are not adequate substitutes for an independent assessment of claims prepared by conflicts-counsel. The creditors have long understood that the Court ordered the Report *in addition to* any disclosure statement, and that a disclosure statement was not a substitute for the Report.

It is no secret that the Trustee and Fifth Third have been negotiating the terms of a chapter 11 plan for almost a year, perhaps longer, and well before Special Counsel conducted a single deposition of any Fifth Third employee. In fact, at the December 14, 2011 Omnibus

5

Hearing, one of counsel to the Trustee, Mr. James Carr, made it abundantly clear that a plan was on the horizon. [Transcript of Dec. 14, 2012 Hearing, 36:18 - 37:17]. Nevertheless, in response to a question posed by Special Counsel of whether Special Counsel's analysis should be publically filed, the Court noted the following:

> I was thinking that the report would be [publically] available. But I understand that if there is going to be litigation, you don't want to give away your litigation strategies. . . I think if its your conclusion that you don't think you should pursue that or you don't think the Trustee should pursue that, then I think you can explain why. . . . Because that would be the same kind of information that you would anticipate would be in your disclosure statement anyway.

(*Id*. at 59:14 - 60:6).

Thus, it is clear that the Court, like the creditors in this case, understood that a disclosure statement and plan were not a substitute for the Report. The same problems that existed last December, which the Court found necessitated an independent report and not just information in a disclosure statement, persist today. How can a law firm negotiate at arms-length a chapter 11 plan with its own client(s)? Regardless of the facts of his investigation, how can the Trustee fairly assess claims, or advocate for bringing claims against Fifth Third, when he and his counsel have already agreed he will not take any "adverse action" against Fifth Third? He cannot. This is precisely why the Court ordered *Hoover Hull* - - which the creditors have always understood would be "conflicts counsel," and not "co-counsel" to FBD - - to file its report, not the Trustee. The issues regarding the preparation of the Report are still critical today. The Trustee cannot silence the objections of creditors by merely claiming the disclosure statement and plan "moot" or somehow supersede the Court's previous orders *to Special Counsel* to file a Report.

Additionally, there are pending motions to remove the trustee. A not insignificant portion of the discovery requested is reasonably calculated to lead to the discovery of admissible

6

evidence regarding the scope and extent of the Trustee's conflicts, both disclosed and undisclosed. § 1121 of the Bankruptcy Code restricts who may propose a plan. It goes without saying, but if the Trustee is removed, he cannot be the proponent of a plan. At that point, the *plan*, not the Report, will be moot.

>    C.    **The discovery requested from the Trustee is reasonably calculated to lead to the discovery of admissible evidence on contested matters involving the plan and disclosure statement itself.**

Aside from being relevant to the pending Motions to Strike, Objections to Report, and Motions to Remove as Trustee, the discovery requested is reasonably calculated to lead to the discovery of admissible evidence for potential contested matters regarding the plan and disclosure statement itself. As the Court is well aware, there are several requirements to confirming a plan under the Bankruptcy Code, including, *inter alia*: (a) the plan must comport with the requirements under title 11 (§ 1129(a)(1)); (b) the plan proponent must have complied with the requirements of title 11 (§ 1129(a)(2)); (c) the plan must be proposed in good faith (§ 1129(a)(3)); and (d) if a class of creditors does not accept the plan, each class must receive more than they would in a liquidation under chapter 7 (§ 1129 (a)(7)(A)(ii)).

The scope and extent of potential claims against Fifth Third are highly relevant to the adequacy and confirmability of any plan, especially under the "liquidation test" of § 1129 (a)(7)(A)(ii) of the Code. *How* the Report was prepared, including whether it was tainted by conflicted counsel, is directly relevant to whether the Trustee has complied with title 11, specifically those provisions concerning conflicts of interest. *See, e.g.* 11 U.S.C. §§ 321-330. These are just a few examples out of many.

>    D.    **The Motion improperly seeks a "blanket" protective order.**

7

The party relying on the attorney-client privilege or work product doctrine bears the burden of establishing that it applies. *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 534, 539 (N.D. Ill. 2000). A blanket claim of privilege is insupportable; the claim of privilege must be made and sustained on a "case-by-case or question-by-question basis." *United States v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982). The scope of the privilege should be "strictly confined within the narrowest possible scope limits." 8 John Henry Wigmore, EVIDENCE IN TRIALS AT COMMON LAW § 2291 (John T. McNaughton rev. 1961); *United States v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964); *In re Shapiro*, 381 F. Supp. 21 (N.D. Ill.1974). Stated differently, the scope of the privilege is narrow, because it is in "derogation of the search for truth." *In re Walsh*, 623 F.2d 489, 493 (7th Cir. 1980), *cert. denied*, 449 U.S. 994 (1980).

The Trustee's blanket objection is not permitted under the Rules. The Trustee is not exempt from the requirements of the Federal Rules of Civil and Bankruptcy Procedure that mandate a privilege log, made so that all parties and the Court can form a position as to whether the privilege objection is meritorious.

**E.     The Trustee and his counsel have waived claims to the attorney-client privilege with respect to the preparation of the Report.**

In addition, and not surprisingly, even as to matters which *are* privileged, courts have universally held that parties and counsel may not alternately use privileged matter as both a sword and a shield, offering comments and evidence where it helps achieve a strategic goal, while refusing to submit to questioning which might be harmful by invoking the shroud of privilege. *See, e.g., Garcia v. Zenith Elecs. Corp.,* 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("The implicit waiver rule applies 'when the client asserts claims or defenses that put his attorney's advice at issue in the litigation'"); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095 (7th Cir. 1987).

8

In this regard, the Comments volunteered by Special Counsel a day before a scheduled court conference offer opinions and conclusions about some matters which are arguably privileged, such as (1) what the Trustee did or did not say to him about suspending his investigations, (2) Special Counsel's adoption of the Report and its conclusions, and (3) Special Counsel's opinions about whether contributions made by FBD to his investigations and the Report did or did not "interfere."

These comments were obviously offered for the purpose of influencing the Court and supporting the Trustee's responses to objections made by Superior and others regarding the Report. It is equally apparent, however, that the Court and parties opposing the Trustee's positions are not required to simply accept Mr. White's views without inquiry. The Court should not permit the Trustee to use the privilege objection as both a sword and shield and force all creditors to take Mr. White's Comments at face value, immune from impeachment.

## Conclusion

The Motion for Protective Order should be summarily denied because the Trustee did not attempt any good faith discussion prior to filing the Motion. In any event, the Motion for Protective Order lacks merit. The Trustee simply asks for a blanket protective order based on privilege, which is in violation of the rules. The discovery sought is relevant and reasonably calculated to lead to the discovery of admissible evidence on numerous matters pending before the Court.

9

        By:   /s/ John M. Rogers
John M. Rogers, Atty. No. 6182-49
Christopher M. Trapp, Atty. No. 27367-53
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300; FAX (317) 453-8601
johnr@rubin-levin.net

ONE OF COUNSEL FOR SUPERIOR LIVESTOCK AUCTION, INC.

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2012 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |

| | |
|---|---|
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

11

I further certify that on August 8, 2012, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
   c/o Alice Devine
   6031 SW 37th St.
   Topeka, KA 66610

                        /s/ John M. Rogers
                        John M. Rogers

F:\WP80\ctrapp\Response to Protective Order FINAL 8 8.wpd