UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | | |
| SUPERIOR LIVESTOCK AUCTION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 11-59088 |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| Defendant. | ) | |
| JAMES KNAUER, AS CHAPTER 11 | ) | |
| TRUSTEE FOR DEBTOR EASTERN | ) | |
| LIVESTOCK CO., LLC, | ) | |
| Counterclaimant and Third-Party | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| SUPERIOR LIVESTOCK AUCTION, INC., | ) | |
| FIFTH THIRD BANK, | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| CACTUS GROWERS, INC., and | ) | |
| J&F OKLAHOMA HOLDINGS, INC., | ) | |
| Counterclaim and /or Third-Party | ) | |
| Defendants. | ) | |
| | | |
| FRIONA INDUSTRIES, L.P., | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| EASTERN LIVESTOCK CO., LLC, et. al., | ) | |
| Defendants, | ) | |
| and | ) | |
| CACTUS GROWERS, INC., | ) | |
| Intervenor, | ) | |
| v. | ) | |
| EASTERN LIVESTOCK CO., INC., et. al., | ) | |
| Defendants, | ) | |
| and | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| Intervenor, | ) | |
| v. | ) | |
| EASTERN LIVESTOCK CO., et. al., | ) | |
| Defendants. | ) | |

**TRUSTEE'S MOTION FOR RULE 26(C)
PROTECTIVE ORDER AND RULE 45 OBJECTIONS**

Superior Livestock Auction, Inc. ("Superior") filed and served its Second Amended Notice of Deposition of James Knauer and Subpoena Duces Tecum ("Subpoena") on July 19, 2012,[1] reattached hereto for the Court's convenience as Exhibit A. The Trustee's deposition is scheduled to begin at 9:30 a.m. on July 27 in Indianapolis. A protective order for that deposition unfortunately is urgently required. The Subpoena concerns the objections and motions to strike the Trustee's report concerning possible claims against Fifth Third Bank that have been mooted and superseded by the Trustee's Chapter 11 plan and disclosure statement.

This discovery exercise is an unnecessary waste of Estate resources. The Court should intercede to rein in Superior's discovery, which are litigation tactics intended to break down the Trustee's attorney-client privilege and work-product protections. The Trustee asserts here his written objections as required by Federal Rule of Civil Procedure 45(c)(2)(B), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9016. As more fully stated below, the Trustee respectfully moves the Court for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), made applicable to these proceedings pursuant to Federal Rule of Bankruptcy Procedure 7026 and 9014, with respect to the documents and deposition sought pursuant to the Subpoena.

**A. The Trustee's Report was rendered moot by the filing of the plan and disclosure statement, and therefore the deposition and document requests are pointless and wasteful.**

The Trustee recently filed a Chapter 11 plan and lengthy disclosure statement. *See* Doc. Nos. 1255 & 1256, Case No. 10-93904. The Trustee's Report Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank (the "Report") is now of little import in

---

[1] *See* Case No. 10-93904 (Doc. No. 1252), AP No. 11-59088 (Doc. No. 137), and AP No. 11-59093 (Doc. No. 451).

2

light of the plan and disclosure statement. The proper focus and the critical matters at issue are whether the plan (which incorporates a proposed settlement with Fifth Third) should be confirmed and whether the disclosure statement contains adequate information. The disclosure statement hearing has been set for September 4, 2012. (Doc. No. 1261.) The Estate should not expend its limited resources on this deposition and the resolution of extraneous issues such as whether it was more appropriate for the Trustee or his Special Counsel to report on the investigation to the Court. Superior's demands for far reaching, time consuming, and extraordinarily expensive document productions on such matters are unduly burdensome and far afield from what is important to the true creditors of this Estate.

Accordingly, the Trustee respectfully requests a Protective Order eliminating altogether or, at a minimum, significantly narrowing the scope of the inquiry of the requested deposition of the Trustee and Subpoena.

**B. The Subpoena seeks confidential documents and testimony that are protected from discovery.**

Superior's document requests and, likewise, the bulk of testimony the Trustee anticipates Superior will seek to elicit during the Trustee's deposition are aimed at the legal analysis by the Trustee and his professionals and support for his legal and professional opinions about whether to litigate or settle the Estate's claims against Fifth Third Bank. Such matters are core work product and also involve information protected by the attorney-client privilege. Additionally, Superior continues to seek budget information concerning the Trustee's claims assessments despite this Court's long-standing protective order. *Compare* Subpoena ¶ D, p. 2 *with* Financing Order ¶25, p. 20 (Doc. 400).

The apparent impetus for the deposition of the Trustee and the Subpoena is the Trustee's Report and the Comments and Adoption by Hoover Hull LLP of the Report (the "Hoover Hull

3

Comments"). Superior and other parties have filed objections and motions to strike the Report. The Court has set August 13 as the deadline for the Trustee to brief these issues in advance of the August 20 omnibus hearing. The Trustee and his counsel will provide briefs and will address at the hearing the points raised in the objections and motions to strike the Report. This deposition, however, adds nothing to the Court's resolution of whether Faegre Baker Daniels ("FaegreBD") appropriately advised the Trustee or his Special Counsel in connection with the investigation or preparation of his Report. There is no factual dispute. The Trustee freely concedes that FaegreBD provided legal analysis with respect to the Report and participated in negotiating the proposed settlement with Fifth Third that is set forth in the plan. The resolution of the objections and motions to strike will be based purely on applicable law. Superior's attempts to obtain privileged information and work product in advance of the Trustee's briefing deadline is extraordinary and inappropriate.

     Superior's discovery maneuver is akin to asking for all documents supporting or relating to an opponent's brief or legal position. The requests for and inquiries about all of the lawyers' materials relating to the Report or to the Hoover Hull Comments invariably and inappropriately seek work product and privileged material. To be clear, the Trustee is not withholding discoverable *facts*. Indeed the underlying factual documents have already been made available on the Trustee's online discovery repository. But Superior is not pursuing any narrowly targeted requests for some missing facts. Instead, Superior appears determined to explore in depth the thinking of the Trustee and his counsel with respect to the preparation of the Report,[2] and continues to attempt to engage in contentious motion practice on that basis. Thus, in every practical respect Superior is making direct requests for the Trustee's and his counsel's notes and

---

[2] *See, e.g.*, Subpoena ¶ A, p. 2 (demanding "The analysis prepared by DSI, which is referenced in either the Report and/or [the Comments] and all drafts thereof and supporting documentation relating thereto.").

4

litigation strategy.  Such confidential material is protected from discovery.  *See, e.g.*, *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir.1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research.... We believe [counsel's] selective review of [her clients'] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986) (same); *Amax Coal Co. v. Adams*, 597 N.E.2d 350, 355 (Ind. Ct. App. 1992) ("The requests at issue here ask [the responding party], obviously through its attorneys, to select from all the documents properly discoverable in this case those which [the responding party's] attorneys have determined contain, discuss, or relate to the various pleading responses it advanced on [their client's] behalf.  Clearly, the selection process the group requests is inextricably interwoven and an inseparable part of the mental impressions, conclusions, opinions, [and] legal theories of [ ] attorneys which T.R. 26(B)(3) mandates we protect from forced disclosure.").

The Court has already made clear in this case that certain documents sought by Superior are not discoverable.  Many of the documents responsive to request D, for instance, relate to discussions with Fifth Third regarding settlement negotiations and estimated recoveries.  These materials are inadmissible pursuant to Fed. R. Evid. 408.  Many, if not all, of these discussions expressly and implicitly relate to budget issues.  In the Financing Order, however, the Court ordered that "all subsequent Budgets submitted by the Trustee to Fifth Third for approval are hereby protected from disclosure to any person (other than the Trustee and his professionals, Fifth Third and its authorized employees, representatives and professionals and the United States Trustee) or discovery by any third parties from the Trustee or Fifth Third without a further authorizing order of this Court."  *See* Financing Order, ¶ 25 (Doc. No. 400, Case No. 10-93904).

5

Therefore, the Trustee requests a Protective Order foreclosing the above-described avenue of discovery—whether documentary or testimonial—including inquiry into any drafts, supporting documents, expert analysis, underlying mental impressions of counsel or the Trustee, estimations of recoveries, and any other information implicating the Trustee's strategy, legal analysis, or request for legal advice in any way pertaining to this Chapter 11 case. The underlying factual documentation has been made available, and the Trustee's position, analysis, and legal authority have been outlined in his Report and incorporated into the Disclosure Statement. Superior is entitled to nothing more.

### C. The Trustee has not waived any privilege by filing the Report.

There is no viable argument that the Trustee has "waived" his attorney-client or work-product privileges as to the documents or information at issue. The requested documents and information Superior seeks include the Trustee's counsel's analysis of litigation currently ongoing with Superior and other parties asking for the information. Just because a party makes an argument, produces the results of an expert's analysis, or takes a position in a brief – *drafted and signed by counsel* – does not waive or otherwise compel a client to produce all work product that gave rise to the brief or the conclusions therein.

Likewise, conducting an investigation and crafting a report with findings and recommendations does not alter the applicability of the work-product doctrine or the attorney-client privilege in any respect. *See Allen v. Better Government Bureau, Inc.*, 106 F.3d 582, 605 (4th Cir. 1997) (holding that an outside attorney retained to conduct an investigation did not have to respond to questions regarding the substance of her communications with the client or produce notes or summaries of certain interviews or her draft report); *see also Sandra T.E. v. South Berwyn School District 100*, 600 F.3d 612, 622 (7th Cir. 2010) ("Work-product protection

6

applies to attorney-led investigations when the documents at issue 'can fairly be said to have been prepared or obtained because of the prospect of litigation.'").

The Court spoke to issues related to this controversy previously.[3]  At the December 2011 Omnibus Hearing, the Court addressed Special Counsel's concern regarding the privilege and the Report that the Court directed him to prepare.  The Court noted that the Trustee would not want to "give away … litigation strategies," and that the information the Court expected to be included and disclosed with the Report would be the "same kind of information that you would anticipate would be in your disclosure statement anyway."  *See* Transcript at 59-60, Omnibus Hearing 12/14/2011.  The Trustee seeks now to enforce that understanding and disclose only the factual information necessary to permit the Court's consideration of the proposed Chapter 11 plan, while protecting what is rightly privileged work-product.

> **D. The Subpoena improperly seeks discovery outside the Trustee's possession, custody, or control.**

The Subpoena is also overly and objectionably broad in that it appears to impose upon the Trustee an obligation to locate, identify and/or produce documents that are not within his possession, custody or control.  The Subpoena specifically demands that the Trustee "and his counsel" bring documents to the deposition.  And the enumerated requests specifically ask for documents of his counsel, financial advisors, and representatives.  The Trustee objects specifically to the extent the Subpoena seeks production of documents in the possession of

---

[3] Consistent with the Court's comments, Trustee expressly preserved his attorney-client privilege and work-product protections in the first footnote of his Report:

> This Report is filed at the direction of the Court. Although this Report discusses topics on which advice was provided to the Trustee by his counsel and professional advisors, it is not the Trustee's intention to waive in full or in any part the attorney-client or other privileges or protections from disclosure provided to the Trustee regarding those communications or to waive or prejudice in any manner "work product" or other protections provided to the Trustee's counsel or other professional advisors.

7

Development Specialists, Inc. ("DSI"), Hoover Hull, FaegreBD, or any other person or entity other than the Trustee.

Only one subpoena duces tecum was served in connection with today's deposition—*on the Trustee*. Requesting documents in the possession, custody, or control of other entities improperly seeks to impose obligations on the Trustee beyond those allowed by the applicable Rules.[4] *See, e.g.*, *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006). In *Hobley*, the Seventh Circuit reiterated that "[i]t is well-established that the work-product privilege may be invoked by either the client or the attorney." The Court further explained that a subpoena under Rule 45 is the appropriate way to seek production from a nonparty, including "work product held by a nonparty attorney." *See also Federal Practice and Procedure § 2208* (explaining that Rule 34 does "not … apply directly to counsel for a party").

The Trustee seeks a Protective Order providing that he is not obligated to produce the requested documents or information of his counsel and other advisors or retained experts.

### E. Superior's Subpoena improperly invokes Rule 45 and impermissibly attempts to shorten a party's response time under Rule 34 without prior leave of the Court.

The Subpoena is an improper attempt to circumvent the Federal Rules governing discovery from a party to litigation or a contested matter. The Subpoena purports to require the Trustee to bring to the deposition documents responsive to five broad categories, presumably pursuant to Rule 45.[5] Subpoenas under Rule 45, however, are tools designed to obtain discovery from non-parties, *not parties*. *See Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 99 (D. Mass 1996)

---

[4] Superior has similarly objected, in response to the Trustee's Rule 34 requests, to producing pre-litigation documents in its outside lawyer's files as imposing an obligation to produce documents beyond Superior's possession, custody, or control.

[5] Given the label "subpoena duces tecum" and the demand to bring documents to the deposition, the Trustee can only reasonably surmise that the Subpoena is intended to be a Rule 45 subpoena. The Subpoena, however, itself is somewhat ambiguous in this regard as Superior cited Rule 34 and Bankruptcy 7034 in additional to Rule 45 and Bankruptcy Rule 9016 as authority pursuant to which the Subpoena was issued. The Trustee objects to this vague and ambiguous invocation of the Rules.

8

("*[D]iscovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45 (emphasis in original)); *Contardo v. Merrill Lynch, et al.*, 119 F.R.D. 622 (D. Mass. 1988) (holding that Rule 45 "governs discovery of documents in the possession, custody and/or control of non-parties.  Discovery of documents from parties is governed by Rule 34."); *see also Neal v. Dana Corp.*, 2002 WL 32144315, at *1 (N.D. Ind. 2002) ("We begin with the observation that under Fed. R. Civ. P. 45, *supboenas duces tecum* generally apply to non-parties (i.e. "persons") as opposed to parties, like defendants.").

      The Trustee, as a party to the adversary proceedings and to the (as yet unidentified) contested matters in which the Trustee's deposition was noticed, should not be confronted with a wide-ranging subpoena duces tecum as a means to obtain documents far in advance of the response time afforded in Rule 34.  Indeed, Superior's Subpoena expressly refers to Rule 34 in the first sentence but nevertheless commands the Trustee to appear with all requested documents on July 27 under Rule 45.

      Superior improperly purports to reduce the time for the Trustee to respond to the document requests by more than three fold.  Under Rule 34, any party has at least 30 days to respond to a request for documents unless otherwise ordered by the Court.  In contrast, Superior demands the Trustee produce the requested documents at his deposition today – a mere eight days from the issuance of the Subpoena.  Not only is this shortened time frame contrary to the Rules, it is impractical, if not impossible, given the breadth of the requests and the burden of reviewing Trustee's voluminous records and email traffic in this litigation to-date.  Indeed, if the Court were to uphold Superior's demand that the Trustee produce at deposition all of DSI's materials potentially responsive to the document requests, there are more than 4,000 e-mails and attachments to be processed and reviewed for relevance, privilege, and work product immunity.

Subject to the Court's rulings on the Trustee's other requests for Protective Order herein, the Trustee objects pursuant to Rules 45 and 26 and intends to treat the Subpoena as a Rule 34 request. In further support, the Trustee requests a Protective Order expressly permitting him to respond more fully in due course in accord with the deadlines imposed by Rule 34 on parties, rather than comply with the unreasonable and illegitimate demands made in the Subpoena.

### F. No detailed privilege log should be required.

It is wholly unreasonable and an enormous waste of Estate funds to expect the Trustee to collect, review, and log all privileged communications with his counsel and advisors over the course of this bankruptcy case. The burdens of privilege logs are vividly illustrated by the fact that Superior itself produced its first privilege log in response to October 2011 written discovery requests just last Friday, July 20, 2012.

Only a subset of the Trustee's emails (and those of his counsel and advisors) would be responsive to the Subpoena, but given the massive volume of email generated in this case to date, it will require extraordinary attorney time to collect, review, and analyze these communications for relevancy and privilege. The burden and expense of gathering, reviewing, and logging 19 months worth of communications across multiple law firms and other professionals far outweighs the likely benefit under the considerations outlined in Fed. R. Civ. P. 26(b)(2)(C)(iii). At most the Trustee should be required only to assert the privilege categorically and in the timeframe afforded by Rule 34. *See Cmts to 1993 Amendments to Rule 26* ("Details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").

10

The Trustee therefore seeks a Protective Order exempting him from any obligation to produce a privilege log, especially in light of the impermissibly shortened time frame, the mootness of these issues, and the other objections raised above.

## Conclusion

This attempt by Superior (and others) to discover confidential protected work that attorneys produced while in the midst of hotly contested litigation serves to harass the Trustee and his counsel, exhaust the Estate's assets, and unnecessarily distract the parties and the Court from the merits and the recently filed plan and disclosure statement.[6] *Cf. M & R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992) ("Deposing an opponent's attorney is a drastic measure. It not only creates a side-show and diverts attention from the merits of the case, its use also has a strong potential for abuse. Thus, a motion to depose an opponent's attorney is viewed with a jaundiced eye and is infrequently proper."). The Court should exercise its authority under Rule 26 to protect the Estate from these time-consuming and costly distractions.

Given the timing of this filing, the Trustee did not have an opportunity to have the usual attorneys' conference regarding the specific relief requested herein. The Trustee represents, however, in light of the previous communications in conference calls, emails, and correspondence regarding both his deposition and the scheduled deposition of Sean White, the parties remain unable to resolve these disputes without Court intervention.

In addition, the Trustee in an attempt to cooperate and enable a meaningful deposition to occur on the agreed-upon date, has, subject to and without waiving the foregoing objections, agreed to both appear for his July 27 deposition and to produce at that time certain responsive

---

[6] Superior has also served a deposition notice and subpoena seeking discovery from the Trustee's Special Counsel, Sean White of Hoover Hull on August 3.

11

documents (totaling 948 pages) in his possession, custody and control that fall within the wide universe of materials Superior seeks to obtain.

WHEREFORE, the Trustee respectfully requests that the Court enter a Protective Order (1) precluding Superior or any other party from inquiring about any drafts, supporting documents, expert analysis, underlying mental impressions of counsel or the Trustee, estimations of recoveries, and any other information implicating the Trustee's strategy, legal analysis, or request for legal advice in any way pertaining to this Chapter 11 case, including but not limited to the information underlying the Report and Hoover Hull Comments, whether via document requests or deposition questions; (2) exempting the Trustee from any demand to produce documents belonging to his counsel or advisors/experts; (3) exempting the Trustee from any obligation to produce a privilege log; and (4) to the extent the Subpoena otherwise survives, permitting the Trustee to treat the Subpoena as a request for documents pursuant to Rule 34 and expressly preserving the Trustee's right to respond to the document requests and assert his objections according to the time frame set forth Rule 34, and (5) all other appropriate relief.

                Respectfully submitted,

                FAEGRE BAKER DANIELS LLP

                By:   /s/ Kevin M. Toner

James M. Carr (#3128-49)         *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Terry E. Hall (#27535-49)
Harmony Mappes (#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@FaegreBD.com
kevin.toner@FaegreBD.com
terry.hall@FaegreBD.com
harmony.mappes@FaegreBD.com

13

# CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
james@bgdlegal.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
edl@rubin-levin.net

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mike@kentuckytrial.com

James Edwin McGhee
mcghee@derbycitylaw.com

Jerald I. Ancel
jancel@taftlaw.com

David Alan Domina
dad@dominalaw.com

C. R. Bowles, Jr
cbowles@bgdlegal.com

Jeffrey R. Erler
jeffe@bellnunnally.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ishallcross@bgdlegal.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

Jay P. Kennedy
jpk@kgrlaw.com

William E Smith
wsmith@k-glaw.com

Thomas C Scherer
tscherer@bgdlegal.com

Jeffrey J. Graham
jgraham@taftlaw.com

Kent A Britt
kabritt@vorys.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
kim.maynes@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

John David Hoover
jdhoover@hooverhull.com

John R. Burns
john.burns@faegrebd.com

Kayla D. Britton
kayla.britton@faegrebd.com

David A. Laird
david.laird@moyewhite.com

Trevor L. Earl
tearl@rwsvlaw.com

Joshua N. Stine
kabritt@vorys.com

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |

I further certify that on August 14, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

Darla J. Gabbitas
darla.gabbitas@moyewhite.com

I further certify that on August 14, 2012, a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

/s/ Kevin M. Toner