UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S RESPONSE TO MOTION IN LIMINE AND TO COMPEL**

Trustee James A. Knauer respectfully objects to the August 14, 2012 Motion of Joint Creditors in Limine[1] and to Compel Testimony and Production of Documents (Docket 1339) ("Motion"). No response is required or presently due, however, the Movants[2] seek an order compelling testimony and additional document productions prior to the August 20, 2012 omnibus hearing. Because they claim a state of urgency, the Trustee has acted swiftly to respond. Because the Motion contains so many misstatements about the state of the discovery the Trustee provided, the Trustee is highly motivated to set the record straight. For the following reasons the Motion should be summarily denied:

1.  The Movants are in no position to compel this discovery or to complain. None of them served a subpoena on the Trustee. None of them served a Rule 34 document request on the Trustee or his counsel. None of them noticed the Trustee's deposition. Only Superior Livestock served the Trustee with discovery, and it is worth noting that Superior did not

---

[1] The Motion nowhere explains the "in limine" aspect of the document's title. One can only wonder what potentially inflammatory evidence the Movants hope to exclude from the August 20 proceeding. This is all the more puzzling because the relief requested on the first two pages of the Motion appears intended to *obtain* evidence for the hearing not to *exclude* it.

[2] The Motion was signed by Daniel J. Donnellon on behalf of The First Bank and Trust Company, W. Scott Newbern on behalf of CPC Livestock, LLC, and Laura Day DelCotto on behalf of the Bluegrass Parties and her other clients. All of them are referred to collectively here as the "Movants."

file or join the Motion.[3]  Despite every opportunity to do so during the Trustee's two days of testimony, attorneys DelCotto and Newbern asked no questions and requested no documents. They have made no record to support their clients' requests for an order compelling additional discovery.  Counsel for First Bank, however, did ask questions at the deposition that the Trustee refused to answer on the basis of the attorney-client privilege and the work product immunity. And unlike counsel for the other Movants, First Bank's counsel did call the Court during the deposition to try to resolve those issues.  His requests to pierce the Trustee's privilege and work product protections were largely overruled by the Court, and after some additional questioning, First Bank's counsel elected to ask no further questions at that time.  Having already addressed the protestations of First Bank's counsel about the Trustee's assertion of the privilege, there is no good reason now for the Court to revisit these matters.

2. The Motion is also deficient because it contains no statement setting forth the efforts taken to resolve the discovery dispute via attorneys' conferences nor does it explain why counsel elected not to make additional calls to the Court during the Trustee's two days of deposition.  Accordingly, the Court has discretion to deny the request under S.D. Ind. Rule 37-1(a) and (b) and should do so.

3. The Court also should not feel compelled to rush to Movants' aid to gather yet more discovery from the Trustee.  Contrary to statements in the Motion, any time crunch is the Movants' own doing.  Movants seem to have forgotten when their concerns about the asserted nondisclosure of Wells Fargo Business Credit, Inc. ("WFBC") and the disinterestedness of the Trustee "came to light" when the issue was raised previously with the Court.[4]  The Motion

---

[3] Superior also has not moved to remove the Trustee or to object to his counsel continuing in the case.

[4] *See Trustee's Response to Motions to Remove Trustee*, pp. 3-6 [Docket 1329] for a fuller discussion of this topic and how these concerns previously were raised with the Court.

claims the nondisclosure issues have come to light "only recently." *Motion*, p. 2. Yet, Ms. DelCotto on behalf of the Bluegrass Parties discussed this on December 8, 2011 in the Bluegrass Parties' *Objection to Professional Fee Applications of (1) James A. Knauer, Chapter 11 Trustee; (2) Hoover Hull LLP; and (3) Baker & Daniels LLP.* [Docket 873]. It is misleading for them to state in Motion that the Trustee's prior representation was discovered "[o]nly in late June." *Motion*, p. 2. The Movants also state that until the exhibits to the Trustee's proposed Plan were filed, they had not been told that the release of claims against Fifth Third would include the Trustee. *Motion*, p. 3. Again, this is not true. The release language, including the release of the Trustee, is found in section 7.3 of the Plan and was plainly printed there on the day the Plan was filed on July 23, 2012.

    4. References in the Motion to "Wells Fargo" and supposed actions taken by "Wells Fargo" are also inaccurate. Movants make no effort to distinguish among Wells Fargo Business Credit, Inc. ("WFBC") (the participant in Fifth Third's revolving loan to the Debtor), and affiliate companies represented by the Trustee and his counsel. The Motion incorrectly calls "Wells Fargo" a "creditor."[5] The Motion also falsely claims that documents exist "showing the very active role of Wells Fargo in the proceedings." *Motion*, p. 3. There is no basis for that assertion. No Wells Fargo & Company related entity ever has appeared in this case. None is a creditor. None has a "role" in the case in this Court. What the Movants actually learned in discovery is that the Trustee and one or two of his counsel provided several conference call updates last year to representatives of Fifth Third Bank (the DIP lender) who asked for permission to include a representative of WFBC on the calls to avoid the need to repeat the same

---

[5] Movants have not cited (and cannot point to) any legal authority or Code section that would permit Wells Fargo & Company or any of its affiliates to be a "creditor" in this case. *See Trustee's Response to Motions to Remove Trustee*, pp. 6-9 [Docket 1329] for a full discussion of why WFBC is not a creditor or a party in interest.

information twice.  All written communications the Trustee had in connection with those calls were already produced to the Movants in response to Superior's subpoena duces tecum.[6]  Likewise, the Trustee already testified about what was discussed in those conference calls.  In other words, there is nothing left to compel about those conference calls.

5. The Motion is also incorrect about the Trustee's privilege to talk to prospective counsel in confidence about legal advice.  *U.S. v. White*, 950 F.2d 426 (7th Cir.), cited in the Motion on p. 4, is not contrary authority.  That decision concerns communications between a debtor and his counsel to prepare a bankruptcy petition and schedules.  Such communications about financial information and draft petitions setting forth such information are of course not protected from discovery.  And of course, those are not the sorts of questions that the Trustee refused to answer during his deposition.  As shown in the transcript excerpts that Movants quote in their Motion, what they are actually trying to compel from the Trustee is to explain what his legal analysis was when he prepared his disclosure statement, what exactly he discussed with Baker & Daniels about that subject, his mental impressions about the particular words he used in his written request for a waiver, etc.  *Motion*, pp. 7-8.  Those questions seek legal advice and core work product and are protected from discovery.

6. It is of no matter that the legal advice and the work product that the Trustee received and generated occurred early in the case or that it concerned whether and how to make particular disclosures.  It is still privileged.  The "venerable rule" is that confidential communications made in the course of preliminary discussions with counsel are protected even if no employment of the attorney ever takes place.  *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992) (citing *Denver Tramway Co. v. Owens*, 20 Colo. 107, 36 P. 848 (1894)) ("No person could ever

---

[6] The Motion at page 2 mentions documents "which had been redacted from view" but fails to mention that it was WFBC, the third party who produced those documents in discovery, which chose to redact them, not the Trustee.  WFBC revisited those production issues in July and removed the redactions in response to First Bank's request.

9408254_2.DOCX                    -4-

safely consult an attorney for the first time . . . if the privilege depended on the chance of whether the attorney after hearing the statement of facts decided to accept employment or decline it."); *Newmarkets Partners, LLC v. Sal Oppenheim Jr. & Cie. S.C.A.,* 258 F.R.D. 95, 100 (S.D.N.Y. 2009) ("An attorney-client relationship can arise prior to formal engagement."); *Barton v. United States District Court*, 410 F.3d 1104, 1110 (9th Cir. 2005) (holding that responses from potential clients to attorney questionnaire that stated no attorney-client relationship was formed were nevertheless privileged and protected from discovery).

       7.     Nor are the citations and quotations in the Motion from *United States v. Gellene*, 182 F.3d 578 (7th Cir. 1999) at all instructive on these issues.  For one thing, there is no mention of an attorney-client privilege or work product issue anywhere in that decision.  The case involved the *criminal* prosecution of debtor's counsel for bankruptcy fraud and perjury.  The jury's verdict was upheld because ample evidence established that the defendant lied about his firm's ongoing representation of some of the debtor's largest creditors in his two disclosure affidavits and again in his live testimony in support of his firm's fee application.  He also lied to his law partners about the status of the case, he falsified documents, and for years he lied about his status as a member of the bar.  We are unable to determine from the opinion whether the defendant made any attempt to shield from discovery his discussions with his law partners about the need to revise his prior affidavits.  Certainly no general rule abolishing the privilege with respect to legal advice about disclosure obligations in bankruptcy proceedings appears anywhere in the decision.

       8.     Movants also cite to *In Re Eddy,* 304 B.R. 591 (Bankr. D. Mass 2004) ("*Eddy I*") in support of their proposition that <u>all</u> communications between the Trustee and his counsel related to retention and compensation are not privileged or attorney work product.

*Motion*, p. 4. *Eddy I* does not stand for that. The issue in *Eddy I* was whether the chapter 7 trustee who took over when Eddy's chapter 11 case was converted, could waive the *debtor's* attorney client privilege so the secured creditor of Eddy could depose attorney Lupan, who had never appeared for the debtor in her chapter 11 case nor filed an application to be employed, but who had apparently provided legal services to Eddy during the chapter 11 case including appearing in non-bankruptcy proceedings and assisting her in creating a new company without notice to or approval of the court. Eddy also had listed a prepetition malpractice claim against Lupan in her schedules as an asset of the estate. *Eddy I*, 304 B.R. at 594-595. The court construed Supreme Court and circuit precedent to hold that communications about the *existence* of an attorney-client relationship and the attorney *compensation arrangement* are outside the privilege. Thus, Eddy's chapter 7 Trustee was permitted to waive the attorney-client privilege so that Eddy's secured creditor could ask questions about Eddy's retention and compensation of Lupan. These facts and this holding do not support the Movant's proposition. Not only does *Eddy I* not stand for the broad holding that the Movant's propose, but the same court does not even describe its holding as Movants do here. *See In re Eddy, 339 B.R. 8* (Bankr. D. Mass 2006) ("*Eddie II*") (the second in the Eddy cases wherein the court stated that it had held in the earlier case that the "attorney-client privilege did not apply to attorney compensation discussions.") In fact, the court in *Eddy I,* in refusing to extend the waiver further than the two narrow topics above, mused that to do so might make it "standard practice for creditors to schedule an examination of debtor's counsel in conjunction with any contested matter." *Id.* at 598.

    9.  Finally, there is no denying that Movants' tactics continue to cause great difficulty for the Trustee and his counsel concerning the disclosure of information. Attempts to be forthcoming with information are too often characterized by this group as admissions against

interest or waivers of the Trustee's privileges and immunities.  This Motion shows how the Trustee's attempts to carefully protect his privilege likewise are attacked via streams of correspondence, challenges on the record, and now a motion to compel.  Thus, it appears likely that these particular parties will continue to complain about the circumstances they have worked so very hard to create.

   WHEREFORE, the Court should deny the Motion of Joint Creditors in Limine and to Compel Testimony and Production of Documents [Docket 1339], and in light of the burdens imposed on the Trustee and on the bankruptcy estate by the Movants' motion to compel, the Trustee requests the Court to provide all other just and appropriate relief.

             Respectfully submitted,

             FAEGRE BAKER DANIELS LLP

             By: /s/ Kevin M. Toner

| | |
|---|---|
| James M. Carr (#3128-49) | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| Kevin M. Toner (#11343-49) | |
| Terry E. Hall (#22041-49) | |
| 300 N. Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| Telephone: (317) 237-0300 | |
| Facsimile: (317) 237-1000 | |
| jim.carr@faegrebd.com | |
| kevin.toner@faegrebd.com | |
| terry.hall@faegrebd.com | |

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |

I further certify that on August 16, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Kevin M. Toner