UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

EASTERN LIVESTOCK CO., LLC,

    DEBTOR

CASE NO. 10-93904
CHAPTER 11

**CREDITORS' REPLY TO RESPONSES REGARDING MOTIONS TO REMOVE TRUSTEE and TRUSTEE LEAD COUNSEL**

Come Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC, Alton Darnell, East Tennessee Livestock Center, Inc., Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., and Southeast Livestock Exchange, LLC (collectively, the "Creditors"), creditors and parties in interest herein, by counsel, and for their Reply to Responses regarding Motions to Remove hereby state as follows:

### I. STATEMENT OF FACTS

The diametrically opposed viewpoints are already made very clear in prior papers and throughout the Court record. The bottom line is this:

#### A. Removal of Trustee

1. James A. Knauer, in the exercise of his business and professional judgment, in December, 2010, felt the need to obtain a conflict waiver agreement from Wells Fargo, since Wells Fargo was a current client of his firm at the time he was selected to be trustee for this Estate.

2. James A. Knauer, in the exercise of his business and professional judgment, obtained a written conflict waiver agreement with Wells Fargo. The written agreement between Mr. Knauer, his firm, and Wells Fargo speaks for itself. [See ECF No. 1279, p. 14-15]. Further, Rule 1.7 of the Indiana Code of Professional Responsibility expressly speaks to and governs these matters, i.e., conflicts and conflict waivers.

3. James A. Knauer, in the exercise of his business and professional judgment, advised and discussed with his proposed counsel Baker and Daniels regarding the matter. Mr. Knauer and Counsel have asserted attorney/client privilege over those discussions and any documents and emails related thereto, which is currently disputed by a Motion in Limine and not resolved at present as to whether that privilege is properly asserted in these circumstances.

4. James A. Knauer, in the exercise of his business and professional judgment, spoke to the United States Trustee's Office about these matters.

5. James A. Knauer, in the exercise of his business and professional judgment, elected not to voluntarily disclose, in writing or otherwise, the existence of, or the contents of, his written waiver agreement with Wells Fargo. It is unknown whether Mr. Knauer has any written waiver agreement with Fifth Third. If so, none has been produced.

6. James A. Knauer, in the exercise of his business and professional judgment, elected not to voluntarily disclose (i) the existence of, or the contents of, a written conflict waiver agreement his lead bankruptcy Counsel entered into with Wells Fargo, or (ii) the exact contents of a written conflict waiver agreement his lead bankruptcy Counsel entered into with Fifth Third.

7. The existence of, and scope of, certain of the written agreements were discovered through third party discovery. Neither the Court nor the parties have the written agreement

between Counsel and Fifth Third, which is known to exist, or any written agreement between the Trustee and Fifth Third, which is unknown whether one exists.

8. James A. Knauer is exercising his business judgment and professional judgment in all matters related to Eastern Livestock as a fiduciary for the Estate and as the chapter 11 trustee for the Estate.

### B. Removal of Counsel

9. Faegre Baker Daniels LLP, in the exercise of its business and professional judgment including the judgment of its partners involved in this matter and other partners at the firm (collectively, "Counsel") felt the need to obtain written conflict waiver agreements with (i) Fifth Third and (ii) Wells Fargo, since each financial institution was a current client of the firm.

10. Counsel, in the exercise of its business and professional judgment, obtained written conflict waiver agreements with (i) Fifth Third and (ii) Wells Fargo. The written agreements speak for themselves. [See ECF No. 1279, p. 9-13]. The Court and the parties do not have a copy of the Counsel/Fifth Third agreement. Further, Rule 1.7 of the Code of Professional Responsibility speaks to these matters directly, i.e., conflicts and conflict waivers.

11. Counsel, in the exercise of its business and professional judgment, spoke with its proposed "client" the Estate, acting through its Trustee Mr. Knauer, regarding the matters. These discussions and any related documents are asserted to be covered by attorney/client privilege, currently subject to challenge under the pending Motion in Limine.

12. It is unknown what other discussions may have occurred with the United States Trustee's Office about these matters. The United States Trustee has not addressed any of these matters in writing to date, and has refused to do so informally.

13. Counsel, in the exercise of its business and professional judgment, elected not to voluntarily disclose the existence of, or the contents of, the written waiver agreement Counsel entered into with Wells Fargo. Counsel made some disclosure about having some agreement with Fifth Third, but the exact contents and terms of the written agreement are not known and have never been voluntarily disclosed.

14. The existence of, and the scope of, the written Wells Fargo agreement was discovered through third party discovery. The written Fifth Third agreement has never been produced.

15. There is a split of legal authority about whether counsel for a chapter 11 DIP or a chapter 11 Trustee also owes its own fiduciary duties to the Estate and whether Counsel also acts as a fiduciary to the Estate.

16. There is no split of authority that nondisclosure matters are of the utmost importance to the bankruptcy system, that any close calls regarding disclosure and ramifications of nondisclosures must sway in favor of disclosure, and that nondisclosures carry with them all of the gravest of consequences possible.

C. Other Parties in Interest, Stakeholders, Constituents, and Beneficiaries of the Estate

17. Fifth Third Bank has known throughout the proceedings of the existence of, and the scope of, its own written conflict waiver agreements with Counsel. Fifth Third has known of the existence of, and the scope of, Counsel's and the Trustee's written waiver agreements with Wells Fargo, its loan participant. If there is a Fifth Third/Trustee Agreement, which is unknown, Fifth Third is knowledgeable of it.

18. Wells Fargo has known throughout the proceedings of the existence of, and the scope of, its own written conflict waiver agreements with Counsel and with the Trustee. Upon

4

information and belief, Wells Fargo also has known throughout the proceedings some information about the existence of and scope of Counsel (and Trustee's, if any) written agreements with Fifth Third.

19. Upon information and belief, no one besides Counsel, the Trustee, and the banks who are the parties to the conflict waiver agreements have previously had access to the written conflict waiver agreements, some of which were recently obtained through third party discovery from Wells Fargo.

20. Each of the (i) Trustee and (ii) the Counsel for the Trustee and the Estate, state their respective ongoing business and professional judgments that they each have always, and continue to, act in accordance with all laws, all rules, all fiduciary duties, and all equities in all matters herein.

21. Several creditors, parties-in-interest, stakeholders, constituents, and beneficiaries of the Estate, including each of the undersigned's clients, respectfully disagree.

## II.  Memorandum of Law

These issues affect three areas of law:  mandatory bankruptcy rules, mandatory ethics rules, and fiduciary duties owed to the Estate.  Under all of these three implicated areas of law, the actions are violative of the law and it is required, as a matter of law, that the consequences are severe under the circumstances.

### A. Bankruptcy Rules

Counsel submits that it has not violated Rule 2014.  The Trustee submits that he has not violated Rule 2007.1.  Counsel and the Trustee admit that they failed to disclose their connections with Wells Fargo, intentionally and in the exercise of their respective judgments. They submit in their Responses to the Motions to remove each of them that they have committed

5

no violations of any bankruptcy rules, and their only remorse, in hindsight, is that had they disclosed, it would have avoided the current "sideshow" imposed upon the Estate by other parties. They cite no law involving FRBP 2014 or FRBP 2007.1, other than to argue that Wells Fargo does not rise to the level of being a "party-in-interest" worthy of disclosure.

Right, wrong or indifferent, all bankruptcy professionals know, as a matter of law, that it is not within their province to make such a decision, but entirely within the province of the Court, after full notice and opportunity to be heard. *See, e.g., U.S. v. Gellene*, 182 F.3d 578, 588 (7th Cir. 1999) (disclosure requirements are not discretionary); *In re Kappy Investments, Inc.*, 465 B.R. 839, 842 (Bankr. D. Minn. 2012) (consultation with U.S. Trustee over potential conflicts not enough to satisfy disclosure requirements as "[p]roper disclosure belongs in the application filed of record for the Court and all interested parties in the case to see"); *In re Micro-Time Management Systems, Inc.*, 102 B.R. 602, 606 (Bankr. E.D. Mich. 1989) (it is the court's decision whether professional has conflict that warrants prophylactic action such as disqualification) (quoting *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987)).

Professionals are not entitled, as a matter of law, to "pick and choose" which connections are worthy of disclosure. *See*, *e.g.*, *Gellene*, 182 F.3d at 588 (an applicant "cannot pick and choose which connections are irrelevant or trivial."); *In re Gluth Bros. Const., Inc.*, 459 B.R. 351, 364 (Bankr. N.D. Ill. 2011) ("No 'matter how trivial a connection appears to the professional seeking employment, it must be disclosed.'") (citation omitted); *In re Leslie Fay Cos.*, 175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994) (stating any reasonable doubts regarding relevance of a connection should be resolved in favor of disclosure); *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 236 (Bankr. E.D. Cal. 1988) ("Appearances count. Even conflicts more theoretical than real will be scrutinized.")

Any party with whom a bankruptcy professional has a written conflict waiver agreement is, as a matter of law, a connection worthy of disclosure, including all of the details necessary for the Court and all parties to fully understand the scope and precise nature of the limitations created by any such agreements. *See, e.g., In re Jore Corp.*, 298 B.R. 703, 726 (Bankr. D. Mont. 2003); *In re Lewis Road, LLC*, No. 09-37672, 2011 WL 6140747, *10 (Bankr. E.D. Va. Dec. 9, 2011) ("Any waiver of the conflict required written notice to all parties in interest in the case and the approval of the bankruptcy court.").

Belated and after-the-fact explanations and partial disclosures which continue to be incomplete do not, and can not, unring the bell. *See, e.g, In re Tomczak*, 283 B.R. 730, 734 (Bankr. E.D. Wis. 2002) ("It is the professional's responsibility to make a full, candid, and complete disclosure."); *In re Bennett Funding Group, Inc.*, 226 B.R. 331 (Bankr. N.D.N.Y. 1998) (citing *Martin*, 817 F.2d at 182, as stating, "there must be at a minimum full and timely disclosure of the details of any given arrangement. *** he has a *responsibility* to leave no reasonable stone unturned in bringing the matter to a head *at the earliest practical moment*.") (emphasis added). *See also* S.D. Ind. B-2014-1(a) (local rule emphasizing "prompt" disclosure of material information and ongoing nature of obligations).

The non-disclosures are admittedly intentional. To this very date, the nondisclosures have never been rectified with sworn declarations attaching all of the relevant and pertinent written conflict waiver agreements for the Court's full review and understanding of them. Being given direct opportunities to do so, they have, on multiple occasions and still continuing, stood silent, evaded, and denied outright any unfulfilled obligations. Their actions appear fully intentional and willful and, as a matter of law, demand the severest of consequences. *See, e.g.,*

*In re Crivello*, 134 F.3d 831, 835 (7th Cir. 1998) (intentional failure to disclose connections should be punished as severely as an attempt to put forth a fraud upon the court).

To insist even now that Wells Fargo does not rise to a disclosure-worthy level, that it never did, and day after day still doesn't, with all the facts in this case, is not at all viable. *See, e.g., In re Project Orange Assoc., Inc.*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010) (law firm with conflict waiver who is barred from bringing suit cannot negotiate with full efficacy without at least being able to hint at the possibility of litigation); *In re Adam Furniture Indus., In*c., 158 B.R. 291, 299 (Bankr. S.D. Ga. 1993) (while not defined by Code, "party in interest" for purposes of disclosures is "construed broadly" in order to effectuate the purposes of disclosure and let court determine whether professional is qualified to serve or if more inquiry is needed).

### B.  Ethical Obligations

The non-disclosures to the Court and to the Estate are violations of Rule of Professional Conduct 1.7.[1] If a professional is seeking a conflict waiver in a matter, it must be sought from both of the clients affected, each of whom must give an informed consent. Some conflicts are incapable of even being waived. Counsel has written conflict waiver agreements with Fifth Third and with Wells Fargo which materially limit and directly affect their representation of the Estate, yet the Estate has never given its informed consent to also agree to such limitations. The Estate never even knew about it due to the lack of disclosures and the mandatory process of notice, opportunity, and Court order. It is questionable whether the Counsel's conflicts and limitations were even capable of waiver by the Estate, but in any event, the Estate was never given the information to make that decision.

The Trustee has a written conflict waiver agreement with Wells Fargo which materially limits and directly affects his representation as the Estate representative, yet the Estate has never

---

[1]  There are other ethical rule violations which are implicated. They are reserved.

given its informed consent. It is still unclear whether there is any writing between the Trustee and Fifth Third that further limits the Trustee's abilities. It is highly questionable whether the Trustee's conflicts and limitations are even capable of conflict waiver in light of his role as Estate representative and fiduciary.

The reasons for Rule 1.7 are fully explained in the Comments to the Indiana Rules of Professional Conduct 1.7. The lack of informed consent on the part of the Estate, and the lack of a Court record so that the Court could have understood the exact nature of the terms, scope, limitations, and the "advantages and risks" involved, are violations which continue unabated to this very day, and are fatal. At this stage, they can never be cured.

### C. Fiduciary Duties

Trustees owe the highest duties of care to their Estates. *See, e.g. Commodity Futures Trading Comm'n v. Weintraub*, 105 S.Ct. 1986 (1985); *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008). These include the duties of candor and loyalty. *See, e.g., In re In re Big Rivers Electric Corp.*, 355 F.3d 415 (6th Cir. 2004); *In re Jackson*, 388 B.R. 40, 42 (Bankr. W.D.N.Y. 2008) ("Every trustee is a fiduciary, and as such, owes the duties of good faith, trust, confidence, and candor."). The integrity of the administration of a bankruptcy estate rests on the concepts of disclosure and disinterestedness, *Gellene*, 182 F.3d at 588, which should be construed "against a backdrop of the equitable duties that apply to positions of trust," *Big Rivers*, 355 F.3d at 431.

The non-disclosure of the limitations upon the Trustee were never brought to the Court or to the Estate's knowledge, either by the Trustee himself or his Counsel. The non-disclosures under Rule 2007.1, and the lack of informed consent to the Estate under Ethics Rule 1.7, both through the Court approval process, appear to at least rise of the level of a potential colorable

claim of a breach of the duties of candor and of loyalty towards the Estate. Counsel's role, as to its own fiduciary duties owed to the Estate, is more unclear under the law, but what is crystal clear is that counsel must give untainted advice to a trustee that he or she is required to act in full and complete compliance with all duties, and to err on the side of caution. Each had duties here, and they have failed.

The reasons for full disclosure under Bankruptcy laws, the reasons for informed consent under ethics rules, and the reasons for duties of candor by a fiduciary are all the same, and run directly to the heart of both the public's and represented persons' confidence in and integrity of the judicial system. All affected parties involved are entitled to be assured of a full and honest understanding of their rights, risks and advantages: in private settings, to make fully "informed decisions" (as that term is defined by law) about whether they will agree that they are comfortable that there is can still be full loyalty with the limitations, and to either consent or refuse; and in public settings like this one, to have the c*ourt* decide what the *court* will approve, after full disclosure, notice and opportunity for hearing. This can never happen here. The taint invades the process from its inception to today, and will continue to do so in the future.

Unfortunately, the issues now before the Court have created additional issues in and of themselves, in a case with enough issues already. There now exists the direct issue of "personal interest conflicts" because the propriety of Counsel's and Trustee's actions and inactions are directly in question, and are gravely serious. *See*, Ind. Rule of Prof. Conduct 1.7, comment 10. There are now issues of disgorging Estate assets and possible Estate claims arising in relation to these matters. There are adverse interests.

It is beyond human nature that either Counsel or the Trustee will be able to currently and into the future give impartial and detached advice to, and make impartial and fiduciary decisions

10

on behalf of, the Estate at this juncture. Thus, the best interests of the Estate, all of its constituents, and the public interests demand removal in order for these matters to proceed to some reasoned conclusion. While counsel has been belittled by the Trustee and Counsel for calls to "get everyone in a room" for attempts at a global resolution, which will clearly require a Court order, it continues to be one viable option among many.

WHEREFORE, the Creditors pray for the relief previously requested and all other relief as may appear warranted herein.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC


/s/ Laura Day DelCotto, Esq.
200 North Upper Street
Lexington, KY  40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
ldelcotto@dlgfirm.com
COUNSEL FOR CREDITORS


**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | james@bgdlegal.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | cbowles@bgdlegal.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sbrehm@bgdlegal.com |
| Kent A. Britt | kabritt@vorys.com |

11

| | |
|---|---|
| James M. Carr | jim.carr@faegrebd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Joshua E. Clubb | joshclubb@gmail.com |
| Jason W. Cottrell | jwc@stuartlaw.com |
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com |
| | cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Dustin R. DeNeal | dustin.deneal@faegrebd.com |
| | Patricia.moffit@bakerd.com |
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com |
| | efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@faegrebd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@faegrebd.com |
| John David Hoover | jdhoover@hooverhull.com |
| John Huffaker | john.huffaker@sprouselaw.com |
| | lynn.acton@sprouselaw.com |
| | rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@faegrebd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com;lisa.oliver@moyewhite.com |
| | deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net;edl@trustesolutions.com; |
| | atty_edl@trustesolutions.com |

| | |
|---|---|
| Kim Martin Lewis | kim.lewis@dinslaw.com;lisa.geeding@dinslaw.com |
| | patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@faegrebd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cmoore@bgdlegal.com |
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Shiv G. O'Neill | shiv.oneill@faegrebd.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |
| Anthony Raluy | traluy@fbhlaw.net |
| Eric W. Richardson | ewrichardson@vorys.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ishallcross@bgdlegal.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@faegrebd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin Toner | kevin.toner@faegrebd.com |
| Christopher M. Trapp | ctrapp@rubin-levin.net |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |

13

| | |
|---|---|
| Sean T. White | swhite@hooverhull.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

    I further certify that on August 16, 2012, a copy of the foregoing pleading was served by first-class U.S. mail, postage prepaid, or by electronic mail as indicated, to the following:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311
*VIA US MAIL*

Clifford J. White, III, Director
Executive Office for U. S. Trustees
Clifford.J.White@usdoj.gov
*VIA EMAIL*

National Cattlemen's Beef Assoc.
c/o Alice Devine
allie@devineanddonley.com
*VIA EMAIL*

Nancy Gargula
Region 8, UST Office
nancy.gargula@usdoj.gov
*VIA EMAIL*

                                                     /s/ Laura Day DelCotto, Esq.
                                                     COUNSEL FOR CREDITORS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Remove Trustee\Mot to Remove - Reply to Responses 20120816 VF.doc