UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**RESPONSE TO MOTION TO QUASH OR MODIFY THIRD AMENDED NOTICE
OF DEPOSITION OF SEAN WHITE AND SUBPOENA DUCES TECUM**

Superior Livestock Auction, Inc. ("Superior"), a creditor in the above-captioned proceeding, by counsel, responds as follows to the *Motion to Quash or Modify Third Amended Notice of Deposition of Sean White and Subpoena Duces Tecum* (the "Motion to Quash"), filed at 9:15 A.M. on August 1, 2012, 15 minutes after the scheduled start of the deposition of Sean White ("Mr. White") of Hoover Hull LLP, the "Special conflicts counsel" to the Trustee ("Hoover Hull"):

**Summary of Argument**

Preliminarily, it is important to note that the Motion to Quash is moot as to some issues, and premature as to others. Mr. White did appear for his deposition and was examined, and so the request that he not be required to appear is moot. The Motion to Quash is premature as to questions which Mr. White refused to answer and documents he did not produce. The law is clear that an anticipatory blanket Motion to Quash is improper, because claims of privilege must be made on a question-by-question and document-by-document basis. At this point, there are no pending motions before the Court seeking to compel answers to questions or production of documents.

It is certainly troubling, however, that the Motion to Quash was nonetheless filed based on arguments which are unsupported, or which counsel for Superior had previously

demonstrated to opposing counsel are contrary to binding authority. In this regard, the Motion to Quash identifies two reasons why Special Counsel believes the subpoena should be quashed:

(i) "Any relevant, non-privileged information Mr. White might possess, if any, may be discovered from a variety of sources, including the transcripts and documents posted on the Trustee's online shared repository, or through alternative means, such as interrogatories or the deposition of the Trustee which Superior is in the process of taking; and

(B) "The Subpoena almost exclusively seeks information protected from discovery via the work product doctrine and/or attorney/client privilege."

With respect to the first argument, Superior disagrees that information in the possession of Mr. White can be obtained from other sources, nor does the Motion to Quash provide details. However, even if this claim were true, it would not support the Motion to Quash. Superior has previously demonstrated to Mr. White's counsel that the so-called "Shelton test" from the Eighth Circuit's decision in *Shelton v. Am Motors Corp*. 805 F.2d 1323, 1329 (8th Cir. 1986)), which provides that a deposition of "opposing counsel" may not be taken unless the party requesting the deposition demonstrates there are no other means to obtain the information, has been expressly rejected by our District Court. Moreover, Special Counsel is not "opposing counsel" within the meaning of that case.

Similarly, counsel for Superior has also previously provided counsel for Mr. White with Seventh Circuit authority for the rule that work product and attorney-client privilege objections must be made and decided on a question-by-question or document-by-document basis, rather than by a "blanket" request of the type made by Special Counsel's second argument. In addition, the allegedly "privileged" matters were either not privileged at all, or the privilege was waived

when Special Counsel elected to file self-serving, non-sworn statements about the very subjects he claims are privileged.[1]

### Argument

A.  **A party is permitted to depose an attorney. The Southern District of Indiana Rejects the *Shelton* Test.**

In *Phillips v. Indianapolis Life Ins. Co*., 2009 U.S. Dist. LEXIS 46800, 9-10 (S.D. Ind. June 3, 2009), the Honorable Jane Magnus-Stinson (then a magistrate) left no room for argument that the *Shelton* test is viable in the Southern District of Indiana:

> The Seventh Circuit has never addressed Shelton's propriety. The only decision from this District to have done so, *Cook Inc. v. C.R. Bard, Inc*., 2003 U.S. Dist. LEXIS 20779, 2003 WL 23009047 (S.D. Ind. 2003) (Barker, J.), rejected it . . . The Court likewise rejects Shelton.

In *Phillips,* the Court reasoned that *Shelton's* heightened burden-of-proof rule finds no support in the plain text of the Federal Rules of Civil Procedure. *Id.* at *10 (citing Fed. R. Civ. P. 30(a)(1), which permits a party to "depose any person" by issuing a notice of deposition and, if necessary, a subpoena). The Federal Rules have the force of statute, *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc*., 313 F.3d 385, 392 (7th Cir. 2002), and like any statute, the Court must "give the Federal Rules of Civil Procedure their plain meaning." *Pavelic & LeFlore v. Marvel Entertain. Group*, 493 U.S. 120, 123, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989) (citation omitted).

B.  **The Motion to Quash improperly seeks a "blanket" protective order.**

---

[1]The additional argument made in the Motion to Quash that the discovery itself is "moot" because the Trustee has filed a proposed Plan and Disclosure Statement is addressed in Docket No. 1348 filed by Superior on August 16, 2012, and incorporated herein by reference.

As noted, it is also well-settled that because the party relying on the attorney-client privilege or work product doctrine bears the burden of establishing the privilege, a blanket claim of privilege is insupportable; the claim of privilege must be made and sustained on a "case-by-case or question-by-question basis." *United States v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982). With regard to such analysis, the scope of the privilege should be "strictly confined within the narrowest possible scope limits." 8 John Henry Wigmore, EVIDENCE IN TRIALS AT COMMON LAW § 2291 (John T. McNaughton rev. 1961); *United States v. Goldfarb*, 328 F.2d 280 (6th Cir. 1964); *In re Shapiro*, 381 F. Supp. 21 (N.D. Ill.1974). Stated differently, the scope of the privilege is narrow, because it is in "derogation of the search for truth." *In re Walsh*, 623 F.2d 489, 493 (7th Cir. 1980), *cert. denied*, 449 U.S. 994 (1980).

Thus, Hoover Hull's blanket objection is not permitted under the Rules. In addition, Hoover Hull is not exempt from the requirements of the Federal Rules of Civil and Bankruptcy Procedure that mandate a privilege log, made so that all parties and the Court can form a position as to whether the privilege objection is meritorious.

### C. The Trustee and his counsel have waived claims to the attorney-client privilege with respect to the preparation of the Report.

In addition, and not surprisingly, even as to matters which *are* privileged, courts have universally held that parties and counsel may not alternately use privileged matter as both a sword and a shield, offering comments and evidence where it helps achieve a strategic goal, while refusing to submit to questioning which might be harmful by invoking the shroud of privilege. *See, e.g., Garcia v. Zenith Elecs. Corp.,* 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("The implicit waiver rule applies 'when the client asserts claims or defenses that put his attorney's advice at issue in the litigation'"); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095 (7th Cir. 1987).

4

In this regard, the Comments volunteered by Special Counsel a day before a scheduled court conference offer opinions and conclusions about some matters which are arguably privileged, such as (1) what the Trustee did or did not say to him about suspending his investigations, (2) Special Counsel's adoption of the Report and its conclusions, and (3) Special Counsel's opinions about whether contributions made by FBD to his investigations and the Report did or did not "interfere."

These comments were obviously offered for the purpose of influencing the Court and supporting the Trustee's responses to objections made by Superior and others regarding the Report. It is equally apparent, however, that the Court and parties opposing the Trustee's positions are not required to simply accept Mr. White's views without inquiry. The Court should not permit the Trustee to use the privilege objection as both a sword and shield and force all creditors to take Mr. White's Comments at face value, immune from impeachment.

## **Conclusion**

For the foregoing reasons, the Motion to Quash should be summarily denied, and the Court should grant to Superior such other relief as is proper.

By: /s/ John M. Rogers
John M. Rogers, Atty. No. 6182-49
Christopher M. Trapp, Atty. No. 27367-53
RUBIN & LEVIN, P.C.
342 Massachusetts Avenue
Indianapolis, IN 46204
(317) 634-0300; FAX (317) 453-8601
johnr@rubin-levin.net

ONE OF COUNSEL FOR SUPERIOR
LIVESTOCK AUCTION, INC.

5

## CERTIFICATE OF SERVICE

      I hereby certify that on August 17, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| John W Ames | jwa@gdm.com, shm@gdm.com;tlm@gdm.com;rtrowbridge@kslaw.com |
| T. Kent Barber | kbarber@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| C. R. Bowles | crb@gdm.com, shm@gdm.com;lgw@gdm.com |
| Lisa Koch Bryant | courtmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com, patricia.moffit@bakerd.com |
| John R. Carr | jrciii@acs-law.com, sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com, lharves@daleeke.com;mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com, sfinnerty@acs-law.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com, vdarmstrong@vorys.com |
| Kirk Crutcher | kcrutcher@mcs-law.com, jparsons@mcs-law.com;cmarshall@mcs-law.com |
| Dustin R. DeNeal | dustin.deneal@bakerd.com, patricia.moffit@bakerd.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com |
| David Alan Domina | dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com, knorwick@ficlaw.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com, smattingly@dsf-atty.com |
| Terry E. Hall | terry.hall@bakerd.com, sharon.korn@bakerd.com |
| John Huffaker | john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com |
| James Bryan Johnston | bjtexas59@hotmail.com, bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Edward M King | tking@fbtlaw.com, dgioffre@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com, hns@kgrlaw.com |
| Theodore A Konstantinopoulos | ndohbky@jbandr.com |
| Randall D. LaTour | rdlatour@vorys.com, khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com, koswald@namanhowell.com |
| Elliott D. Levin | edl@rubin-levin.net |
| Kim Martin Lewis | kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net, sabrina@lovell-law.net |
| John Frederick Massouh | john.massouh@sprouselaw.com |

| | |
|---|---|
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com, dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com, kim.maynes@moyewhite.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com, erin.clogston@mcafeetaft.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com, lskibell@mcjllp.com |
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com, mhaught@hopperblackwell.com |
| Mark A. Robinson | mrobinson@vhrlaw.com, dalbers@vhrlaw.com |
| Jeremy S Rogers | Jeremy.Rogers@dinslaw.com, joyce.jenkins@dinslaw.com |
| Ivana B. Shallcross | ibs@gdm.com |
| Robert K Stanley | robert.stanley@bakerd.com |
| Meredith R. Thomas | mthomas@daleeke.com, kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov |
| Jessica E. Yates | jyates@swlaw.com, edufficy@swlaw.com |
| James T. Young | james@rubin-levin.net, ATTY_JTY@trustesolutions.com;kim@rubin-levin.net;lemerson@rubin-levin.net |

I further certify that on August 17, 2012 a copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

National Cattlemen's Beef Association
   c/o Alice Devine
   6031 SW 37th St.
   Topeka, KA 66610

                                /s/ John M. Rogers
                                John M. Rogers

G:\WP80\GENLIT\Farm Credit West-Eastern Livestock-85021201\Pleadings\Revised Response to Hoover Hull.wpd