UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S OBJECTION TO MOTION TO APPEAR PRO HAC VICE
OF KENTUCKY CATTLEMEN'S ASSOCIATION**

James A. Knauer, as Chapter 11 trustee (the "<u>Trustee</u>") for the debtor, Eastern Livestock Co., LLC (the "<u>Debtor</u>"), objects to the Motion to Appear Pro Hac Vice (the "<u>Appearance Motion</u>") filed by Kentucky Cattlemen's Association ("<u>KCA</u>") on August 10, 2012 [Docket No. 1323]. The Trustee had originally filed his objection to the Appearance Motion in his objection [Docket No. 1332] to KCA's Motion to Remove the Trustee Pursuant to 11 U.S.C. § 324 and to Terminate Employment of the Trustee's Lead Counsel (the "<u>Removal Motion</u>") [Docket No. 1324]. The Clerk, having issued a deficiency notice for objecting to two Motions in one pleading, the Trustee is filing his objection to the Appearance Motion separately to cure the deficiency and standing on his originally filed objection to serve as the Trustee's objection to the Removal Motion.

KCA is not a creditor. KCA is not a party in interest. KCA does not have standing to appear in this chapter 11 case. The Trustee objects and requests that the Appearance Motion be denied.

Section 1109 of the Bankruptcy Code (11 U.S.C. 101 *et seq.*) governs the rights of persons to appear and be heard in a chapter 11 case. To claim standing to appear and be heard in a chapter 11 case, the party must have a legally protected interest. *See In re James Wilson*

*Assoc.*, 965 F.2d 160, 169 (7th Cir. 1992).  KCA has no legally protected interest in this chapter 11 case. KCA has not filed a claim in this chapter 11 case.  KCA may be interested in this chapter 11 case, but being interested does not confer legal standing and to seek to enforce legal rights or positions.

The Bankruptcy Code limits the right to be heard in Chapter 11 cases to parties in interest, "including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  11 U.S.C. § 1109. KCA is none of the enumerated parties.  While the enumerated list is not exclusive, it is not infinitely expansive either.  *See In re Ionosphere Clubs, Inc.*, 101 B.R. 844 (S.D.N.Y. 1989).

In *Ionosphere*, the bankruptcy court determined that the Consumers Union, a public service organization purporting to represent the flying public (Ionosphere was part of the Eastern Airlines bankruptcy) was not a party in interest under 1109 and had no standing in the case.  In explaining why CU was not a party in interest, the *Ionsophere* court stated that the "party requesting standing must either be a creditor of a debtor to invoke the court's jurisdiction or be able to assert an equitable claim against the estate." *Id.* at 849.  The *Ionosphere* court was not persuaded that CU's "status as protector of consumers" gave it the right to "step into the shoes of the consumer ticket holders, and receive their status as party in interest." *Id.*  The *Ionosphere* court concluded that "the real party in interest is the party that has the right to bring suit." *Id.*  After also finding that as an organization, CU, was not a party interest as it was not a creditor and held no right to payment, the court went on to chastise CU for not complying with Federal Rule of Bankruptcy Procedure 2019 when it entered an appearance.  *Id.*  at 852.  Finally, holding that CU was not a party in interest, not a creditor, and had not standing to interfere or intervene in the debtor's chapter 11 case, the *Ionosphere* court cautioned that "[I]t is important

that a bankruptcy court is not too facile in granting applications for standing. Overly lenient standards may potentially over-burden the reorganization process by allowing numerous parties to interject themselves into the case on every issue, thereby thwarting the goal of a speedy and efficient reorganization. …Granting peripheral parties status as parties in interest thwarts the traditional purpose of bankruptcy laws . . .." *Id.* at 850-51.

Standing under 11 U.S.C. § 1109 is co-extensive with Article III standing. *In re Global Indus. Tech., Inc.,* 645 F.3d 201, 211 (3d Cir. 2011). To have Article III standing, a party must demonstrate (i) a concrete injury in fact to it; (ii) the injury can be traced to the challenged action; and (iii) the injury is able to be redressed by a favorable decision. *Id.* KCA has no concrete injury of its own to be redressed within this chapter 11 Case.

A chapter 11 case is intended as a means by which debtors and creditors may resolve their claims. Judicial resources and the resources of the Debtor's estate should be conserved for the resolution of claims by and against the estate. A bankruptcy case is a legal proceeding. It is not open mike night. Adjudication of pleadings filed by parties with no legally cognizable stake in the outcome of the case is a waste of resources.

The Trustee is not unsympathetic to the costs faced by many of the victims of the Debtor's demise and fraud. The Trustee notes that many of the Kentucky victims of ELC's fraud have been represented by counsel, have sued Fifth Third Bank in Kentucky state courts, and have been or will be the recipients of restitution orders and payments. Counsel for KCA's inference that it (and he) "represents" the interests of KCA's members raise concerns related to the legal representation of clients and call the propriety of KCA's appearance into doubt. If KCA is

allowed to appear and be heard in this chapter 11 case, at the very least KCA should be required to comply with FRBP 2019 and provide all the information required.

For all of the foregoing reasons, the Appearance Motion should be denied and the Trustee and the ELC estate granted all just and proper relief.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) denying KCA's Motion to Appear Pro Hac Vice, and (ii) granting the Trustee and the ELC estate all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By:  /s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Kevin M. Toner (#11343-49)
Terry E. Hall (#22041-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@faegrebd.com
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

   I hereby certify that on August 17, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |

I further certify that on August 17, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

Darla J. Gabbitas
darla.gabbitas@moyewhite.com


/s/  Terry E. Hall