# EXHIBIT 3

**James Knauer**

**From:** Gary.A.Heck@wellsfargo.com
**Sent:** Tuesday, December 28, 2010 5:43 PM
**To:** James Knauer
**Cc:** watsonm1@wellsfargo.com
**Subject:** RE: Eastern Livestock, LLC Bankruptcy

Jim,
Thank you for calling me on this. On behalf of Wells Fargo I agree to waive the conflict subject to the terms described in your email below.

*Gary Heck, Senior Counsel*
*Wells Fargo Legal Department*
*(612) 667-3971*

---

**From:** James Knauer [mailto:JAK@kgrlaw.com]
**Sent:** Tuesday, December 28, 2010 4:05 PM
**To:** Heck, Gary A.; Watson, J. Michael
**Subject:** Eastern Livestock, LLC Bankruptcy

Gentlemen;

I am writing to request your specific consent to my service as a bankruptcy trustee in a bankruptcy proceeding which could result in an indirect conflict of interest. The debtor in the case is a borrower under certain loans held by Fifth Third Bank, N.A. I have been become aware that Wells Fargo & Co. has a participatory interest, though I am not presently informed concerning specifics of the participation agreement. More particular details are below.

I was appointed Trustee last Friday, December 24, 2010 for Eastern Livestock Co., LLC ("Debtor"), the debtor in a chapter 11 case pending before the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, Case No. 10-93904-BHL-11("Chapter 11 Case"). My review of the pleadings and available information did not disclose to me the involvement of Wells Fargo. I learned of it yesterday.

The debtor is a producer/broker of cattle. The Chapter 11 Case was originally filed as an involuntary case by certain creditors following the earlier appointment of a state court receiver. Since Wells Fargo is a participant in the secured loan to the Debtor, my appointment , although not directly adversarial in nature, could ultimately result in my being adverse to Fifth Third and in turn to the interests of Wells Fargo.

If you consent to my service as bankruptcy trustee in this matter, I acknowledge and agree that the service will be subject to all applicable rules of professional conduct and that I will not disclose any confidential information concerning Wells Fargo or its businesses (including, without limitation, trade secrets, matters covered by the attorney-client privilege and matters covered by the attorney work product privilege), or (2) use such information in any matter or proceeding without Wells Fargo's consent. Given its role as a loan participant, there appears to be no circumstance in which I, as a bankruptcy trustee, could initiate any adversary proceeding or other action against Wells Fargo.

If you agree to waive any conflict for my service as Trustee, subject to the foregoing conditions, please send me a confirmation by e-mail.

Sincerely,

1

JAK 417

James A. Knauer



**KROGER GARDIS & REGAS**
ATTORNEYS AT LAW

James Knauer
Attorney at Law

**Kroger, Gardis & Regas, LLP**
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
(317) 692-9000 · Fax (317) 777-7440
jak@kgrlaw.com   www.kgrlaw.com

CONFIDENTIALITY NOTICE - This e-mail transmission, and any documents, files or previous e-mail transmissions attached to it, contain information that is confidential and may be legally privileged. If you are not the intended recipient of this transmission, or a person responsible for delivering it to the intended recipient, you are notified that you must not read this transmission and that any disclosure, copying, printing, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender by telephone or return e-mail and delete the original transmission and its attachments without reading or saving or forwarding it in any manner. Thank you for your consideration.