United States Bankruptcy Court
Southern District of Indiana

In re:                                                                    Case No. 10-93904-BHL
Eastern Livestock Co., LLC                                                Chapter 11
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0756-4          User: tballard          Page 1 of 4          Date Rcvd: Aug 31, 2012
                              Form ID: pdfOrder       Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2012.
cr              +Bovine Medical Associates, LLC,   1500 Soper Road,   Carlisle, KY 40311-8083
adb             +Eastern Livestock Co., LLC,   135 W. Market Street,   New Albany, IN 47150-3561
op              +Greenebaum Doll & McDonald PLLC,   3500 National City Tower,   101 South Fifth Street,
                 ?Louisville, KY 40202-3157
ptcrd           +Ike's Trucking, Inc.,   Ike and Cherie Jacobs,   3087 Ervin Town Rd.,   Castlewood, VA 24224-9686
op               National Cattlemen's Beef Association,   Alice Devine,   Devine & Donley, LLC,
                 534 S KS Ave Suite 1420,   Topeka, KA  66603
op              +Southeastern Livestock Network LLC,   176 Pasadena Drive,   Lexington, KY 40503-2900

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty              E-mail/Text: asr@btcmlaw.com Aug 31 2012 23:27:25     Ashley S Rusher,
                 Blanco Tackabery & Matamoros PA,   PO Drawer 25008,   Winston-Salem, NC  27114-5008
                                                                                          TOTAL: 1

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 02, 2012**                    **Signature:**          _Joseph Speetjens_

```
District/off: 0756-4        User: tballard          Page 2 of 4              Date Rcvd: Aug 31, 2012
                            Form ID: pdfOrder        Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2012 at the address(es) listed below:

              Allen  Morris    on behalf of Creditor  Republic Bank and Trust Company amorris@stites.com,
               dgoodman@stites.com
              Amelia Martin Adams    on behalf of Creditor  Alton Darnell dba Darnell Alton Barn
               aadams@dlgfirm.com
              Andrea L Wasson    on behalf of Creditor  Lytle Street Development andrea@wassonthornhill.com
              Andrew D Stosberg    on behalf of Defendant Willie Downs astosberg@lloydmc.com
              Anthony G. Raluy    on behalf of Creditor  Peoples Bank & trust Co. of Pickett County
               traluy@fbhlaw.net
              Bret S. Clement    on behalf of Creditor  First Bank and Trust Company, The bclement@acs-law.com,
               sfinnerty@acs-law.com
              C. R. Bowles    on behalf of Creditor  Joplin Regional Stockyards cbowles@bgdlegal.com,
               smays@bgdlegal.com;cjenkins@bgdlegal.com
              Charles R. Wharton    on behalf of U.S. Trustee  U.S. Trustee Charles.R.Wharton@usdoj.gov,
               Charles.R.Wharton@usdoj.gov
              Christie A. Moore    on behalf of Counter-Defendant  Superior Livestock Auction, Inc. cm@gdm.com,
               ljs2@gdm.com
              Christopher M. Trapp    on behalf of Cross Defendant  Superior Livestock Auction, Inc.
               ctrapp@rubin-levin.net,  carmen@rubin-levin.net
              Daniel J. Donnellon    on behalf of Creditor  First Bank and Trust Company, The
               ddonnellon@ficlaw.com,  knorwick@ficlaw.com
              David A. Laird    on behalf of Creditor  Peoples Bank of Coldwater Kansas
               david.laird@moyewhite.com,  lisa.oliver@moyewhite.com;deanne.stoneking@moyewhite.com
              David Alan Domina    on behalf of Creditor  Bellar Feed Lots, Inc. dad@dominalaw.com,
               KKW@dominalaw.com;efiling@dominalaw.com
              David L. Abt    on behalf of Other Professional David Abt davidabt@mwt.net
              David L. LeBas    on behalf of Counter-Defendant  J&F Oklahoma Holdings, Inc.
               dlebas@namanhowell.com,  koswald@namanhowell.com
              Deborah  Caruso    on behalf of Other Professional Kathryn Pry dcaruso@daleeke.com,
               mthomas@daleeke.com
              Dustin R. DeNeal    on behalf of Intervenor James Knauer, Trustee dustin.deneal@faegrebd.com,
               becky.turner@faegrebd.com;sarah.herendeen@faegrebd.com
              Edward M King    on behalf of Creditor  Fifth Third Bank tking@fbtlaw.com,  dgioffre@fbtlaw.com
              Elliott D. Levin    on behalf of Petitioning Creditor  Superior Livestock Auction, Inc.
               robin@rubin-levin.net,  edl@trustesolutions.com;edl@trustesolutions.net
              Elliott D. Levin    on behalf of Cross Defendant  Joplin Regional Stockyards, Inc.
               edl@rubin-levin.net,  atty_edl@trustesolutions.com
              Eric C Redman    on behalf of Defendant  Bankfirst Financial Services ksmith@redmanludwig.com,
               kzwickel@redmanludwig.com;myecfmailrl@gmail.com
              Eric W. Richardson    on behalf of Creditor  Fifth Third Bank ewrichardson@vorys.com,
               bjtobin@vorys.com
              Erick P Knoblock    on behalf of Cross-Claimant Kathryn Pry eknoblock@daleeke.com
              Harmony A Mappes    on behalf of Counter-Claimant James Knauer harmony.mappes@faegrebd.com,
               judith.gilliam@faegrebd.com;sarah.herendeen@faegrebd.com
              Ivana B. Shallcross    on behalf of Creditor  Joplin Regional Stockyards ishallcross@bgdlegal.com,
               smays@bgdlegal.com;tmills@bgdlegal.com;acoates@bgdlegal.com
              Jack S Dawson    on behalf of Defendant  Jane, LLC jdawson@millerdollarhide.com,
               jowens@millerdollarhide.com;receptionist@millerdollarhide.com
              James A. Knauer    on behalf of Plaintiff James Knauer, Trustee jak@kgrlaw.com,  hns@kgrlaw.com
              James A. Knauer    jak@kgrlaw.com,  hns@kgrlaw.com
              James B. Lind    on behalf of Counter-Defendant  Fifth Third Bank jblind@vorys.com
              James Bryan Johnston    on behalf of Creditor  Bynum Ranch Co. bjtexas59@hotmail.com,
               bryan@ebs-law.net
              James E Rossow    on behalf of Counter-Defendant  Superior Livestock Auction, Inc.
               jim@rubin-levin.net,  susan@rubin-levin.net;ATTY_JER@trustesolutions.com
              James E. Smith    on behalf of Cross Defendant  Diamond B Ranches jsmith@smithakins.com,
               legalassistant@smithakins.com
              James Edwin McGhee    on behalf of Creditor  Vermilion Ranch Corporation mcghee@derbycitylaw.com,
               belliott@derbycitylaw.com;patenaude@derbycitylaw.com
              James M. Carr    on behalf of Intervenor James Knauer, Trustee jim.carr@faegrebd.com,
               sarah.herendeen@faegrebd.com;becky.turner@faegrebd.com
              James T Young    on behalf of Intervenor Michael Walro james@rubin-levin.net,
               lemerson@rubin-levin.net;carmen@rubin-levin.net
              Jason W. Cottrell    on behalf of Creditor Rex Elmore jwc@stuartlaw.com
              Jay  Jaffe    on behalf of Intervenor James Knauer, Trustee jay.jaffe@faegrebd.com,
               sarah.herendeen@faegrebd.com
              Jay P. Kennedy    on behalf of Plaintiff  James A. Knauer, Trustee jpk@kgrlaw.com,
               tfroelich@kgrlaw.com;ads@kgrlaw.com
              Jeffrey J. Graham    on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
               jgraham@taftlaw.com,  ECFClerk@taftlaw.com;dwineinger@taftlaw.com;aolave@taftlaw.com
              Jeffrey L Hunter    on behalf of Joined Party  United States Department of Agriculture, Grain Ins
               jeff.hunter@usdoj.gov,  USAINS.ECFBankruptcy@usdoj.gov
              Jeffrey R. Erler    on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
               jeffe@bellnunnally.com
              Jennifer  Watt    on behalf of Trustee James Knauer jwatt@kgrlaw.com,
               pad@kgrlaw.com;ads@kgrlaw.com
              Jerald I. Ancel    on behalf of Creditor Russell DeCordova d/b/a deCordova Cattle Company
               jancel@taftlaw.com,  ecfclerk@taftlaw.com;krussell@taftlaw.com
              Jeremy S Rogers    on behalf of Other Professional Elizabeth Lynch Jeremy.Rogers@dinslaw.com

District/off: 0756-4          User: tballard          Page 3 of 4          Date Rcvd: Aug 31, 2012
                             Form ID: pdfOrder         Total Noticed: 7

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
            Jessica E. Yates   on behalf of Plaintiff  Fredin Brothers, Inc. jyates@swlaw.com,
              docket_den@swlaw.com;mmccleery@swlaw.com;msadams@swlaw.com
            Jill Zengler Julian   on behalf of Joined Party  United States Department of Agriculture, Grain
              Ins Jill.Julian@usdoj.gov
            Joe T. Roberts   on behalf of Counter-Claimant  Laurel Livestock Market, INC.
              jratty@windstream.net
            John Huffaker   on behalf of Creditor  Friona Industries, LP john.huffaker@sprouselaw.com,
              lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com
            John David Hoover   on behalf of Special Counsel  Hoover Hull LLP jdhoover@hooverhull.com
            John Frederick Massouh   on behalf of Counter-Defendant  Cactus Growers, Inc.
              john.massouh@sprouselaw.com
            John Hunt Lovell   on behalf of Counter-Defendant  Cactus Growers, Inc. john@lovell-law.net,
              sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
            John M. Rogers   on behalf of Creditor  Joplin Regional Stockyards johnr@rubin-levin.net,
              susan@rubin-levin.net
            John M. Thompson   on behalf of Creditor  Heritage Feeders LP john.thompson@crowedunlevy.com,
              jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
            John R. Burns   on behalf of Plaintiff James Knauer, Chapter 11 Trustee john.burns@faegrebd.com,
              sandy.rhoads@faegrebd.com;oliana.nansen@faegrebd.com
            John R. Carr   on behalf of Creditor  First Bank and Trust Company, The jrciii@acs-law.com,
              sfinnerty@acs-law.com
            John W Ames   on behalf of Creditor  Joplin Regional Stockyards james@bgdlegal.com,
              smays@bgdlegal.com;tmills@bgdlegal.com
            Joseph H Rogers   on behalf of Defendant  Nichols Livestock jrogers@millerdollarhide.com,
              cdow@millerdollarhide.com
            Joshua Elliott Clubb   on behalf of Other Professional  Kentucky Cattlemen's Association
              joshclubb@gmail.com
            Joshua N. Stine   on behalf of Counter-Defendant  Fifth Third Bank kabritt@vorys.com
            Judy Hamilton Morse   on behalf of Creditor  Heritage Feeders LP judy.morse@crowedunlevy.com,
              ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com;karol.brown@crowedunlevy.com
            Karen L. Lobring   on behalf of Creditor  Deere & Company lobring@msn.com
            Kayla D. Britton   on behalf of Plaintiff James Knauer, Trustee kayla.britton@faegrebd.com,
              becky.turner@faegrebd.com;sarah.herendeen@faegrebd.com
            Kelly Greene McConnell   on behalf of Creditor  Supreme Cattle Feeders, L.L.C.
              lisahughes@givenspursley.com
            Kent A Britt   on behalf of Counter-Defendant  Fifth Third Bank kabritt@vorys.com,
              cbkappes@vorys.com;dfhine@vorys.com;tbfinney@vorys.com
            Kevin M. Toner   on behalf of Counter-Claimant James Knauer kevin.toner@faegrebd.com,
              judy.ferber@faegrebd.com;crystal.hansen@faegrebd.com
            Kim Martin Lewis   on behalf of Other Professional Elizabeth Lynch kim.lewis@dinslaw.com,
              lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
            Kirk Crutcher   on behalf of Counter-Defendant Gene Shipman kcrutcher@mcs-law.com,
              jparsons@mcs-law.com
            Laura Day DelCotto   on behalf of Counter-Defendant  Bluegrass Stockyards of Richmond, LLC
              ldelcotto@dlgfirm.com,  dlgecf@dlgfirm.com;dlgecfs@gmail.com
            Lisa Koch Bryant   on behalf of Creditor  Peoples Bank & trust Co. of Pickett County
              courtmail@fbhlaw.net
            Mark A. Robinson   on behalf of Creditor  Cactus Growers, Inc. mrobinson@vhrlaw.com,
              dalbers@vhrlaw.com
            Matthew J. Ochs   on behalf of Creditor  Peoples Bank of Coldwater Kansas kim.maynes@moyewhite.com
            Melissa S. Giberson   on behalf of Counter-Defendant  Fifth Third Bank msgiberson@vorys.com
            Meredith R. Thomas   on behalf of Other Professional Kathryn Pry mthomas@daleeke.com
            Michael W. McClain   on behalf of Creditor Grant Gibson mike@kentuckytrial.com,
              laura@kentuckytrial.com
            Michael Wayne Oyler   on behalf of Creditor  Your Community Bank moyler@rwsvlaw.com
            Peter M Gannott   on behalf of Counter-Claimant  Laurel Livestock Market, INC.
              pgannott@gannottlaw.com,  mkeane@gannottlaw.com;jemerson@gannottlaw.com;paralegal@gannottlaw.com
            Randall D. LaTour   on behalf of Counter-Defendant  Fifth Third Bank RDLatour@vorys.com,
              khedwards@vorys.com;bjtobin@vorys.com
            Robert A. Bell   on behalf of Counter-Defendant  Fifth Third Bank rabell@vorys.com,
              dmchilelli@vorys.com
            Robert H. Foree   on behalf of Creditor  Kentucky Cattlemen's Association
              robertforee@bellsouth.net
            Robert K Stanley   on behalf of Defendant  Eastern Livestock Co., LLC robert.stanley@FaegreBD.com
            Ross A. Plourde   on behalf of Creditor  Crumpler Bros. ross.plourde@mcafeetaft.com,
              afton.shaw@mcafeetaft.com
            Sandra D. Freeburger   on behalf of Creditor  Estate of John S. Gibson, Anna Gayle Gibson, Execu
              sfreeburger@dsf-atty.com,  smattingly@dsf-atty.com
            Sean T. White   on behalf of Trustee James Knauer swhite@hooverhull.com,  vwilliams@hooverhull.com
            Shawna M Eikenberry   on behalf of Counter-Claimant James Knauer shawna.eikenberry@faegrebd.com,
              sarah.herendeen@faegrebd.com
            Shiv Ghuman O'Neill   on behalf of Plaintiff James Knauer, Trustee shiv.oneill@faegrebd.com,
              amanda.castor@faegrebd.com
            Stephen A. Weigand   on behalf of Creditor  First Bank and Trust Company, The sweigand@ficlaw.com
            Steven A. Brehm   on behalf of Cross Defendant  Hohenberger Cattle sbrehm@bgdlegal.com,
              bbaumgardner@bgdlegal.com;smays@bgdlegal.com
            T. Kent Barber   on behalf of Creditor  Blue Grass Maysville Stockyards, LLC kbarber@dlgfirm.com,
              dlgecf@dlgfirm.com;dlgecfs@gmail.com

```
District/off: 0756-4          User: tballard          Page 4 of 4           Date Rcvd: Aug 31, 2012
                              Form ID: pdfOrder        Total Noticed: 7
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)

          Terry E. Hall    on behalf of Intervenor James Knauer, Trustee terry.hall@faegrebd.com,
           sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com
          Theodore A Konstantinopoulos   on behalf of Creditor  General Electric Capital Corporation
           ndohbky@jbandr.com
          Thomas C Scherer    on behalf of Creditor  Cullman Stockyard, Inc. tscherer@bgdlegal.com,
           mmcclain@bgdlegal.com
          Timothy T. Pridmore    on behalf of Counter-Claimant Gabriel Moreno tpridmore@mcjllp.com,
           lskibell@mcjllp.com
          Todd J. Johnston    on behalf of Counter-Claimant Gabriel Moreno tjohnston@mcjllp.com
          Trevor L. Earl    on behalf of Creditor  Your Community Bank tearl@rwsvlaw.com
          U.S. Trustee    ustpregion10.in.ecf@usdoj.gov
          Walter Scott Newbern    on behalf of Creditor  Arcadia Stockyard wsnewbern@msn.com
          Wendy W Ponader    on behalf of Plaintiff James Knauer, Trustee wendy.ponader@faegrebd.com,
           sarah.herendeen@faegrebd.com
          William E Smith    on behalf of Creditor  Coffeyville Livestock Market, LLC wsmith@k-glaw.com,
           pballard@k-glaw.com
          William Robert Meyer    on behalf of Creditor  Republic Bank and Trust Company rmeyer@stites.com
                                                                                      TOTAL: 99

**SO ORDERED: August 31, 2012.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER DENYING MOTIONS TO REMOVE TRUSTEE**

This matter is before the Court on (1) the Motion of The First Bank and Trust Company to Remove Trustee Pursuant to 11 U.S.C. § 324 [Doc. 1239] (the "First Bank Motion") and (2) the Motion to Remove Trustee Pursuant to 11 U.S.C. § 324 [Doc. 1237] (the "Motion of Bluegrass, et al.").[1] The First Bank Motion and the Motion of Bluegrass, et al. will be referred to

---

[1] Also before the Court is the "Motion of the Kentucky Cattlemen's Association to Remove the Trustee Pursuant to 11 U.S.C. § 324 and to Terminate Employment of the Trustee's Lead Counsel" [Doc. 1324] (the "KCA Motion"). The KCA Motion was filed by the Kentucky Cattlemen's Association ("KCA"). From the face of the KCA Motion and based upon the comments made by KCA's counsel in open court on August 20, 2012 it is clear that KCA is not a creditor or a party in interest in this chapter 11 case and that its counsel has not been authorized to represent any creditor in this case. The Court determines that KCA has no standing to file the KCA Motion. *See* 11 U.S.C. § 1109; *In re the Matter of James Wilson Associates,* 965 F2d 160 (7th Cir. 1992). In addition, the KCA Motion raises no legal or factual issue in addition to issues raised by the Motions to Remove the Trustee and therefore the

hereafter as the "Motions to Remove the Trustee." The parties filed a variety of objections and replies with regard to the Motions to Remove the Trustee. After appropriate notice, the Court held a hearing on the Motions to Remove the Trustee on August 20, 2012 (the "Hearing"), wherein the movants presented evidence and argument on the matters discussed in this Order and stipulated to the admission of deposition testimony and associated exhibits. On the facts and the law as found and concluded herein, the Court now **DENIES** the Motions to Remove the Trustee, subject to the adjustment of fees for which the chapter 11 trustee, James A. Knauer (the "Trustee"), may apply in the future. The Court makes the following findings of fact and conclusions of law in support of its Order.

## Findings of Fact

A.    Eastern Livestock Co., LLC ("ELC" or "Debtor") was for many years until November of 2010 engaged in cattle transactions. ELC's principal owner, Thomas P. Gibson, and another employee of ELC were indicted by a federal grand jury and charged with mail fraud; they remain under indictment in the United States District Court for the Western District of Kentucky. Further, Mr. Gibson and others pled guilty to and were convicted of criminal syndication and many dozen counts of theft in the Metcalfe (Ky.) Circuit Court in connection with the check kiting scheme and other wrongful actions they caused ELC to commit.

B.    Prior to ELC's demise, ELC's principal lender was Fifth Third Bank ("Fifth Third"). Fifth Third extended credit to ELC by way of a secured revolving line of credit ("Loan"). The Loan was and is evidenced by and secured pursuant to a promissory note, security agreement and certain other loan documents (the "Loan Documents"). The Loan was secured by ELC's grant to Fifth Third of security interests in ELC's inventory, accounts receivable and

---

KCA Motion would have been denied by the Court were the KCA Motion presented by a party in interest with standing in this case.

2

generally all of ELC's assets ("Collateral").  Under the Loan Documents and as part of the Loan, Fifth Third had extended to ELC the maximum principal credit of $32.5 million as of the cessation of ELC's normal business operations in early November 2010.

    C.    On February 9, 2005, Fifth Third and Wells Fargo Business Credit, Inc. ("WFBC") entered into the Participation Agreement By and Between Wells Fargo Business Credit, Inc. and Fifth Third dated as of February 9, 2005 (the "Participation Agreement").  This Court has reviewed the Participation Agreement.  Under the Participation Agreement, WFBC purchased from Fifth Third an "undivided fractional and continuing participation interest (the 'Participation') equal to…" a certain dollar amount.  That dollar amount is calculated by multiplying 30.76923% times the "Participated Credit Amount."  The dollar amount of the Participation was capped at $10 million.  The Court understands that, as of the petition date, the Participated Credit Amount was $32.5 million dollars; therefore, the amount of the Participation was, on that date, $10 million.  In the Participation Agreement, Fifth Third is denominated as the "Lead" and WFBC is denominated as the "Participant."  Fifth Third solely holds the Loan and, as the Lead, retains the exclusive right to decide how to service, administer and manage the Loan and is authorized to use its sole discretion in exercising or failing to exercise any right or in taking any action to enforce rights or remedies under the Loan Documents.  Fifth Third, as the Lead, is empowered to take all actions it deems necessary to collect any obligations of ELC, as borrower, including foreclosing against the Collateral.  The Participation Agreement does not include any assignment from Fifth Third to WFBC, as Participant, of any interest in any of the Loan Documents or the Collateral.  Fifth Third, as Lead, is not obligated to segregate any funds collected from ELC or to hold any such collections in trust for the Participant.  Instead, the Participation Agreement creates a contractual obligation by Fifth Third, as Lead, to pay to the

3

Participant dollar amounts calculated by multiplying the Participation percentage by the amount of money collected by Fifth Third from ELC or realized by Fifth Third from the Collateral. The Participant has no right to assert any claim against ELC or enforce any lien rights in or against any assets of ELC that serve as the Collateral. The Participation Agreement expressly provides that,

> The Participant will have no standing with respect to the Participation in any proceeding involving Borrower [ELC] under the United States Bankruptcy Code, any state insolvency laws or which otherwise involve the Borrower, and no claim, dispute, accounting or other issue pertaining to the Participant's relationship with the Lead under this Agreement shall be heard or disposed of in any such proceeding relating to the Borrower.

D.      This chapter 11 case ("Chapter 11 Case") was commenced some twenty months ago by the filing of an involuntary petition under § 303[2] against ELC on December 6, 2010. Prior to the filing, Mr. Gibson and all other officers of ELC had resigned, and ELC was controlled by a receiver appointed by an Ohio Court in an action commenced by Fifth Third. On December 7, 2010, certain petitioning creditors filed an Emergency Motion to Appoint Trustee and Authorizing and Directing a Trustee to Operate Business [Doc. 27]. On December 16, 2010 the Court granted that motion and directed the United States Trustee for Region 10 ("UST") to appoint a trustee in the Chapter 11 Case pursuant to § 1104 [Doc. 77]. On December 23, 2010, the UST filed its Notice of Submission of Notice of Appointment and Application for Order Approving Appointment of Trustee [Doc. 98] ("UST Application").

E.      Mr. Knauer was then and is now a lawyer and partner in the Indianapolis firm of Kroger, Gardis & Regas LLP ("KGR"). The UST and the Court were then and are now familiar with Mr. Knauer and know him to be an experienced practitioner in bankruptcy, commercial law,

---

[2] All statutory citations herein are to the Bankruptcy Code.

creditors rights, and financial reorganization who has served in the past as a court-appointed receiver, a trustee, and an examiner[3] in this Court and in other courts.

       F.     As part of the UST Application, Mr. Knauer submitted his Affidavit of Disinterestedness ("Knauer Affidavit") pursuant to Fed. R. Bankr. P. 2007.1(c). In the Knauer Affidavit, Mr. Knauer disclosed that KGR then represented Fifth Third in five open matters, three of which had been opened during the preceding twelve months, but that none of those representations related to either ELC or the Chapter 11 Case.

       G.     Mr. Knauer testified that he obtained from Fifth Third a consent and conflict waiver (the "Fifth Third Conflict Waiver") authorizing him to serve as Trustee notwithstanding the past, existing, and potential future KGR representations of Fifth Third. Under that Fifth Third Conflict Waiver, Mr. Knauer, as the Trustee, is free to be adverse to Fifth Third and to commence any action he deems advisable against Fifth Third.

       H.     On December 27, 2010, the Court entered its Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee (the "Appointment Order") [Doc. 102].

       I.     On or around December 27, 2010, the Trustee became aware that WFBC or its assignee was the Participant in the Loan under the Participation Agreement. The Trustee was advised that the Participant was then WFBC or another affiliate of Wells Fargo & Company (hereafter "Wells Participant").[4] The Trustee and KGR were then representing, as local counsel

---

[3] This Court appointed Mr. Knauer as an examiner under § 1104 in *In re Onestar Long Distance, Inc.,* Case No. 03-72697-BHL.

[4] The Participation Agreement identifies WFBC as the owner of the Participation. There are dozens, if not hundreds, of subsidiaries and affiliates of Wells Fargo & Company. The term "Wells Fargo" is not used precisely in the Wells Conflict Waiver, which does not distinguish among Wells Fargo entities. The evidence showed that it was Wells Fargo's policy to require such ambiguity in conflict waivers executed for the benefit of its outside counsel. At some point, WFBC was either merged into another Wells Fargo entity or the participation was assigned or sold to another Wells Fargo affiliate. Because it is not relevant to this Court's reasons for denying the relief sought by the Objectors, the Court will simply refer to the Participant as the Wells Participant.

for the Sidley Austin LLP law firm, Wells Fargo Bank NA ("Wells Fargo Bank") in chapter 11 cases that were then pending in this Court, and jointly administered under the caption *In re Lauth Investment Properties, LLC*, Case No. 09-06065-BHL-11, and in related litigation (the "Lauth Cases"). The Court will refer to KGR's engagement in the Lauth Cases as the "KGR/Wells Representation." Other than the Lauth Cases, KGR has not represented any Wells Fargo affiliate during the past 3 years[5]. According to an affidavit filed by the Trustee [Doc. 1330], in 2010, KGR generated fee revenue from the KGR/Wells Representation that constituted less than 1.5% of KGR's revenues, while in 2011 the KGR/Wells Representation generated less than 1% of KGR's fee revenues. KGR has never represented WFBC and, because the identity of the current Wells Participant is uncertain, the Trustee does not know whether KGR has ever represented the Wells Participant. However, the Trustee sought and received from one of Wells Fargo's designated "conflicts counsel" a consent and conflict waiver (the "Wells Conflict Waiver") which authorized the Trustee to continue to serve as the Trustee in the Chapter 11 Case and, to the extent that he later decided to do so, to become directly adverse to and commence litigation against Fifth Third and/or the Wells Participant. Mr. Knauer testified at his deposition that he sought the waiver from Wells Fargo to "avoid the possibility that Wells Fargo might assert there was a conflict when in fact I did not believe that one existed."

J.    On April 19, 2011, this Court approved a "Global Settlement" between Wells Fargo Bank and the debtors and affiliated principals in the Lauth Cases. On June 30, 2011, the Court entered in the Lauth Cases an order dismissing the matters upon the closing of the Global Settlement. The proceedings and actions between Wells Fargo Bank and the Lauth Debtors and

---

[5]  Mr. Knauer explained in his supplemental affidavit filed on August 13, 2012 [Doc. 1330] that KGR has been engaged by certain "special servicers" to represent certain lender trusts for which Wells Fargo Bank serves as trustee. However, KGR has no interaction with Wells Fargo Bank and Wells Fargo Bank is not KGR's client in those engagements.

6

principals constituting the Lauth Cases were duly dismissed as a result of that Global Settlement. Thereafter, the KGR/Wells Representation ended. At that point, Wells Fargo Bank became a "former client" of KGR for purposes of the application of conflict rules under the Indiana Rules of Professional Conduct. *See* Rule 1.9 of the Indiana Rules of Professional Conduct.

K.    On or about December 27, 2010, the Trustee advised the UST that the Wells Participant was a $10 million participant in the Loan; and that KGR was then representing Wells Fargo Bank in the Lauth Cases. The Trustee advised the UST that he had obtained the Wells Conflict Waiver and that he did not intend to make any additional disclosure regarding the KGR/Wells Representation under Bankruptcy Rule 2007.1(c) because he had concluded that the Wells Participant was not a party in interest or creditor in the Chapter 11 Case. The UST was represented by counsel at the Hearing and did not refute Mr. Knauer's testimony concerning this matter.

L.    On February 4, 2011, Fifth Third filed its proof of claim [Claim No. 13] (the "Fifth Third POC") asserting a claim, as the sole and exclusive holder of the claim, with respect to the Loan and the Loan Documents. The Fifth Third POC does not purport to assert any claim on behalf of the Wells Participant in any agency or other representative capacity. The firm of Vorys, Sater, Seymour and Pease LLP has appeared for Fifth Third and has been continuously active in the Chapter 11 Case, representing Fifth Third as the sole holder of the claims asserted based on the Loan.

M.    Two minute entries on December 7 and 13, 2010 [Docs. 28 and 68], reflect the telephonic attendance of a lawyer for Wells Fargo Capital, in two public hearings that took place early in the Chapter 11 Case before the Trustee was appointed. No lawyer has filed a formal appearance in the Chapter 11 Case on behalf of the Wells Participant or any Wells Fargo entity.

The Wells Participant has not filed a proof of claim and the Wells Participant has not sought to raise or be heard on any matter in the Chapter 11 Case.

N.      The First Bank Motion was filed by The First Bank and Trust Company ("First Bank").  First Bank did not make any loan to or otherwise do business with ELC.  First Bank has filed two proofs of claim in the Chapter 11 Case asserting two secured claims.  The Trustee has taken the position that First Bank is not a secured creditor of ELC, and, in fact, the Trustee contends that First Bank is not a creditor of ELC at all

O.      Bluegrass Stockyards and a variety of related entities (who are referred to as the "Bluegrass Entities") are some of the movants that filed the Motion of Bluegrass et al..  The Bluegrass Entities are defendants in a pending adversary proceeding commenced by the Trustee seeking to avoid and recover from the Bluegrass Entities alleged fraudulent preferential transfers under §§ 547, 548 and 550 (the "Bluegrass Avoidance Action").  The Trustee contends that proofs of claims filed by the Bluegrass Entities (the "Bluegrass POCs") that assert unsecured claims in the Chapter 11 Case cannot be allowed because of the effect of § 502(d) of the Bankruptcy Code.  The Bluegrass Entities contest the Trustee's claims described in the Bluegrass Avoidance Action but they have not argued with the principle that if the Trustee is successful with respect to the Bluegrass Avoidance Action, then the Bluegrass POCs will not be allowable unless and until the Bluegrass Entities disgorge the amounts adjudged to be owing to the ELC estate.

P.      The Trustee has been serving in this Chapter 11 Case for more than nineteen months since his appointment and has commenced over nineteen adversary proceedings by which he is seeking to recover millions of dollars on behalf of the ELC estate.  The Trustee is

8

now holding significant funds, constituting millions of dollars, as to which the rights of various parties are yet to be determined.

## Conclusions of Law

Incorporating the foregoing findings of fact as if fully restated herein, the Court issues the following conclusions of law.

1.      The Motions to Remove the Trustee generally assert as alleged bases for removal of the Trustee that (i) the Trustee was required by Bankruptcy Rule 2007.1(c) to disclose the KGR/Wells Representation and the Trustee failed to do so (the "Non-Disclosure Basis"); (ii) the Trustee is not disinterested because of the KGR/Wells Representation (the "Lack of Disinterestedness Basis"); and (iii) the Trustee has done something wrong or has wrongly engendered animosity or "discord" among creditors of ELC which will interfere with the appropriate resolution of the Chapter 11 Case (the "Discord Basis").

2.      Fed. R. Bankr. P. 2007.1(c) establishes the disclosure requirements with regard to the appointment of a chapter 11 trustee.  That rule provides:

> The application shall state the name of the person appointed and, to the best of the applicant's knowledge all person's connections with the debtor, creditors and other parties in interest, their respective attorneys and accountants, the United States Trustee, or persons employed in the office of the United States Trustee….   The application shall be accompanied by a verified statement of the person appointed setting forth the person's connections with the debtor, *creditors*, any other *party in interest*, their respective attorneys, accountants, the United States Trustee or any persons employed in the office of the United States Trustee

(emphasis added).

3.      Convincing precedents, including case law from the Seventh Circuit, suggest that a secondary participant in a loan like the Loan, where the rights of the secondary participant are entirely derivative of the right of the lead participant, is neither a creditor nor a party in interest in a bankruptcy case. *See, e.g.*, *In re Auto Style Plastics, Inc.*, 269 F.3d 726 (6th Cir. 2001); *In re*

9

*James Wilson Assocs.*, 965 F.2d 160 (7th Cir. 1992); *First Nat'l Bank of Louisville v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466 (7th Cir. 1991); *In re Okura & Co. (America), Inc.*, 249 B.R. 596 (Bankr. S.D.N.Y. 2000).

4.    However, given (i) the advanced procedural posture of this Chapter 11 Case, (ii) the unique circumstance of the subsumption of Wells Fargo's interest in the Loan by Fifth Third's, (iii) the timely and adequate disclosure of KGR's relationship with Fifth Third, and (iv) the determination the Court made in the Appointment Order that Mr. Knauer is qualified to serve as Trustee despite KGR's relationship with Fifth Third, it is unnecessary for the Court to determine whether Mr. Knauer was required to disclose the KGR/Wells Representations and the Wells Conflict Waiver when he was initially considered as a candidate for trustee.  Having considered the precedents interpreting Fed. R. Bankr. P. 2007.1, the Court concludes that the question is not explicitly controlled by binding precedent and sees no imperative to attempt to establish a bright-line rule at this juncture.

5.    Even if there was a violation of Fed. R. Bankr. P. 2007.1 by the Trustee, the requested relief is not warranted on the record in this case.  In these circumstances, the representation by KGR of Fifth Third, the Debtor's sole lender, was disclosed.  The Trustee could not bring any action against the Participant that would not as a threshold matter have to be brought first against Fifth Third.

6.    The Trustee is a disinterested person.  The term "disinterested person" is defined as one who

> (A) is not a creditor, an equity holder, or an insider; (B) is not and was not within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the debtor or for any other reason.

10

§ 101(14).  The Trustee meets the definition of disinterestedness in this Chapter 11 Case.  The Trustee has no connection with ELC and holds no interest adverse to the estate or to any class of creditors or security holders.

7.    Movants have argued that language in the Wells Conflict Waiver that requires KGR to continue to honor its obligations under the Rules of Professional Conduct would prohibit the Trustee from commencing and prosecuting an action against the Wells Participant under § 550.  The Court does not find any such prohibition in the Wells Conflict Waiver.  Moreover, even if any such prohibition did exist, because Wells Fargo Bank is now a "former client" of KGR (following the termination of KGR's representation of Wells Fargo Bank in the Lauth Cases after the Global Settlement) the Trustee may sue or otherwise become adverse to the Wells Participant without relying on the Wells Conflict Waiver.  KGR (and therefore the Trustee) now would only need to satisfy the test set forth in Rule 1.9 of the Rules of Professional Conduct to represent a client in an action against the Wells Participant (as an affiliate of Wells Fargo Bank)[6].  Because any action against the Wells Fargo Participant, whether under § 550 or based on some other theory, would have no relationship to the Wells/KGR Representation, the Trustee (and KGR) would be free to assert such an action without regard to any limitations or prohibitions in the Wells Conflict Waiver.

8.    The Trustee fully disclosed the connections of KGR to Fifth Third.  By virtue of the Fifth Third Conflict Waiver, Wells Conflict Waiver, and the fact that Wells Fargo Bank is now a "former client" of KGR the Trustee has been able to and may now commence any action available to the ELC estate against Fifth Third or the Wells Participant.  If the Trustee concludes

---

[6]  It is not at all clear that the conflict restrictions of the Rules of Professional Conduct would apply to an action that the Trustee would commence as a plaintiff or other party against the Wells Participant, as contrasted with an action in which the Trustee would act as counsel representing a party adverse to the Wells Participant.  The conflict restrictions in the Rules of Professional Conduct only speak to the limitations on attorneys acting as counsel not to an attorney who happens to be a party in litigation.

11

that it is in the best interests of the ELC estate to commence an action against Fifth Third, take other adverse action with respect to Fifth Third, or seek to avoid the Fifth Third POC, the Trustee may do so.  Therefore, the Lack of Disinterestedness Basis is not a valid basis to grant the Motions to Remove the Trustee.

9.      First Bank cites *In re Hub Business Forms Inc*., 146 B.R. 315 (Bankr. D. Mass. 1992) for the proposition that a lawyer's representation of a participant in a loan to a debtor may form a basis to determine that the lawyer is not disinterested.  That case does not support that proposition.   Instead, the objection to the lawyer's employment and the basis for his disqualification in the *Hub Business Forms* case was that the lawyer served as a trustee on the debtor's board of trustees.  *Id.* at 322.

10.     The Court has not witnessed any conduct by the Trustee, or his professionals, that was egregious or wrongful so as to support the asserted Discord Basis as a valid basis to grant the Motions to Remove the Trustee.  It is unclear what has engendered "discord" or animosity between the Trustee and movants or other "creditors" (that is asserted by the movants to exist). It may well be that any "discord" is the result of the litigation and adversity between the Trustee and movants and other persons against whom the Trustee has asserted avoidance or other actions.[7]  The Discord Basis is not a valid basis to grant the Motions to Remove the Trustee.

11.     The Trustee has filed a proposed chapter 11 plan and disclosure statement.  The disclosure statement is scheduled to be heard by the Court on September 7, 2012.  In his proposed disclosure statement, the Trustee projects that under the proposed plan unsecured creditors who "opt in" and release their claims against Fifth Third could receive a distribution of

---

[7]  The Court notes that no official committee of unsecured creditors was appointed in this Chapter 11 Case.  The Movants, along with other parties the Trustee is litigating with have at times attempted to assume  that mantle.  The problem with this is that their interests are not aligned in significant part with the interests of general unsecured creditors in this case.

12

$0.40 on the dollar or more.  The Court believes that unsecured creditors in this case may have a keen interest in receiving a substantial payment on account of their claims in as prompt a fashion as is feasible.  The Court believes that granting the Motions to Remove the Trustee would delay by many months the opportunity for creditors to consider and vote on a Chapter 11 plan of the kind proposed by the Trustee.  The delay involved in removal of the Trustee and securing his replacement would be severely prejudicial to the interests of creditors in this Chapter 11 Case.

### Conclusion and Order

The Court has balanced the interests of creditors in this case with respect to both (i) the removal of the Trustee and (ii) the continued service of the Trustee.  The Court concludes that balance is clearly in favor of continuation of the service of the Trustee and that no significant harm will result from the continuance of the Trustee's service in this Chapter 11 Case.  Removing the Trustee would significantly delay the resolution of this case, entail massive administrative expenses and impair the ability of the Trustee to bring and prosecute recovery actions.  Ultimately, the relief requested would significantly impair creditor recoveries.

Nevertheless, the Court is convinced that the estate should not bear the burden of the Trustee's deliberations over his disclosure obligations or his efforts to defend himself in the disputes addressed in this Order.  Accordingly, in his next fee application, the Trustee shall (i) seek no compensation for such matters, and (ii) shall deduct the amount equal to the compensation the Court has already approved for such matters from the fees he would otherwise be eligible to receive.

###