UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-bhl-11 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**PEOPLES BANK'S OBJECTION TO TRUSTEE'S DISCLOSURE STATEMENT**

Peoples Bank ("Peoples Bank"), of Coldwater, Kansas, by and through its undersigned counsel, for its Objection to the Trustee's July 23, 2012 Disclosure Statement (Docket No. 1256), states as follows:

### I.   PRELIMINARY STATEMENT

Section 1125 of Title 11, United States Code (the "Bankruptcy Code") provides that a court may only approve a disclosure statement if it contains adequate information to allow a hypothetical investor to make an informed judgment about the plan.

### II.   FACTUAL BACKGROUND

1.   Peoples Bank has a perfected security interest in certain interpleaded funds (the "Funds") at issue in Adversary Proceeding No., 11-59108, *Fredin Brothers, Inc. v. Bankers Bank, et al.* (the "Colorado Interpleader Action.")

2.   Peoples Bank has filed a counterclaim and cross claims in the Colorado Interpleader Action seeking judgment and an order for payment of the Funds in its favor. The Trustee and Fifth Third Bank have also filed claims in the Colorado Interpleader Action for the Funds.

3. On October 21, 2011, Peoples Bank filed Motion for Summary Judgment in the Colorado Adversary Action seeking judgment and order for payment of the Funds in its favor.

4. The Trustee and Fifth Third have filed briefs in opposition to Peoples Bank's Motion for Summary Judgment. In sum, the Trustee and Fifth Third argued, incorrectly, that under the Food Security Act of 1985, Peoples Bank has no security interest in the Funds.

5. The Motion for Summary Judgment has been fully briefed and is awaiting ruling from the Court.

6. No trial date has been set in the Colorado Interpleader Action, no case management conference has been conducted, and the case has been at a virtual standstill since December of 2011.

### III.   ARGUMENT

The Disclosure Statement provides that creditors may share in up to 20% of Fifth Third's collateral recovery by "opting in" and waiving third claims against Fifth Third. (Disclosure Statement, p. 85.) On August 10, 2012, the Trustee submitted his proposed Exhibit A to his Chapter 11 Plan which serves as the proposed "Opt In" form which creditors would need to sign to receive a share of Fifth Third's recovery (the "Opt In Form"). The Opt In Form provides that in order to share in the Fifth Third recovery, creditors would need to waive and release any claims that they may have against not only Fifth Third, but also the Trustee.

The Disclosure Statement contains inadequate information because it fails to address how the Opt In procedure will affect creditors who claim an interest in interplead funds. Peoples Bank, the Trustee and Fifth Claim all claim an interest in the Funds. By claiming an interest in Funds, Peoples Bank necessarily has claims against the Trustee and Fifth Third. It is apparent

(but not stated in the Disclosure Statement), that if Peoples Bank (and similarly situated creditors) should choose to "Opt In" and share in Fifth Third's recovery, it would necessarily waive its claim against the Trustee and Fifth Third for the Funds and thus waive its claim to the Funds.  The Disclosure Statement does not address who will then recover the interpleaded funds - - the Trustee, Fifth Third, another claimant?  Assuming the interpleaded funds would go to Fifth Third, the Disclosure Statement fails to address why said funds should be released to Fifth Third.  The Food Security Act of 1985 (on which both the Trustee and Fifth Third rely to claim an interest in the Funds), does not serve to protect creditors of buyers in the ordinary course of business.  Battle Creek State Bank v. Mart Preusker and Phyllis Preusker, 571 N.W.2d 294, 300 (Neb. 1997); Farmer's Bank v. Dykes Tobacco Inc., 945 S.W.2d 433 (Ky. App. 1997); Food Services v. Royal Heights, 69 Wash. App. 784, 850 P.2d 585 (1993), *aff'd* 123 Wash. 2d 779, 871 P.2d 590 (1994).  *See also* American Leasing, Inc. v. Harry & Larry Maronde Partnership, 2002 Bankr. LEXIS 1780, 16-17 (Bankr. Neb. 2002).  In other words, as a purported secured creditor of the Debtor, Fifth Third is not entitled to the benefit of The Food Security Act of 1985.[1]  Thus, the Disclosure Statement fails to address why Fifth Third should, as a matter of fact and law, be entitled to recover the Funds (or any other interpleaded funds).

**WHEREFORE**, Peoples Bank objects to the Disclosure Statement, requests that the Court deny approval of the Disclosure Statement and for such other and further relief as this Court deems just and proper.

---

[1] See also *Peoples Bank's Reply to Fifth Third's Objection to Peoples Bank's Verified Motion for Summary Judgment* filed in the Colorado Interpleader Action.

DATED this 5th day of September, 2012.

       Respectfully submitted,

       **MOYE WHITE LLP**

       By: */s/ David A. Laird*
          David A. Laird
          1400 16th Street, 6th Floor
          Denver, Colorado 80202-1486
          Telephone:  (303) 292-2900
          Fax:  (303) 292-4510
          Email:  david.laird@moyewhite.com

## **CERTIFICATE OF SERVICE**

      I hereby certified that on September 5th, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

                                          */s/Lisa Oliver*
                                          Lisa Oliver