**SO ORDERED: September 17, 2012.**



**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER ON TRUSTEE'S MOTION TO ESTABLISH MEDIATION PROTOCOL ON THE PROPOSED PLAN AND DISCLOSURE STATEMENT**

This matter is before the Court on the motion (the "Motion") of James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC (the "Debtor"), requesting that the Court establish a protocol for the parties to engage in non-binding mediation ("Mediation") of the issue of the reasonableness of the proposed settlement with Fifth Third Bank as contained in the Plan[1] (the "Mediation Issue"). The Trustee represents that he circulated the proposed Motion with the parties involved prior to filing. The Court having considered the Motion, heard

---

[1] The Trustee filed his Chapter 11 Plan of Liquidation ("Plan") and his Disclosure Statement with Regard to the Trustee's Chapter 11 Plan of Liquidation ("Disclosure Statement") on July 23, 2012 [Docket Nos. 1255 and 1256].

arguments from parties at a September 7, 2012 hearing, finding good cause exists to grant the Motion as modified by this Order, and being otherwise advised of the proceedings in this case now ORDERS:

      1.      The Trustee and certain parties agree to negotiate in good faith as to differences related to the Disclosure Statement and the proposed Plan, and the Court encourages the following parties to engage in non-binding mediation: the Trustee, Fifth Third Bank, Superior Livestock Auction, Inc., Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Blue South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., Alton Darnell, The First Bank And Trust, CPC Livestock, LLC, Alabama Livestock Auction, Inc., Sealy And Sons Livestock, LLP, Athens Stockyard, LLC, Billingsley Auction Sale, Inc., Tennessee Valley Livestock, LLC, Robert Rawls d/b/a Robert Rawls Livestock, Edwin A. Strickland, Macon Stockyard, Inc., E4 Cattle Co., LLC, and Edward J. Edens, IV (collectively, the "Mediation Parties"). The Mediation Parties shall participate in person by counsel and with a client representative with authority to bind the client to any agreement reached.

      2.      In addition to the Mediation Parties, the following non-parties are encouraged to participate in the Mediation due to their particular interests in this industry: local, state, regional, and national cattlemen's trade associations ("Non-party Associations"). Participation by the Non-party Associations shall not confer standing nor party-in-interest status on the Non-party Associations, but is consistent with this Court's usual practice to allow concerned non-parties citizens to be heard where appropriate. Other parties in interest or creditors who wish to

participate in the Mediation as a Mediation Party should contact the Trustee. The Mediation Parties and the Non-party Associations who agree to participate may be referred to as the "Participants."

3. The Participants in the Mediation shall be bound by the local rules of this Court governing mediation, *see* Local Rule B-9019-2, including the confidentiality of both the process and the information except as expressly modified by this Order.

4. The Participants may agree on a mediator who meets the eligibility requirements under the Local Rule. The Participants have notified the Court that they have agreed to Robert M. Fishman of Shaw Gussis Fishman Glantz Wolfson & Towbin, LLC.

5. The Mediation shall be completed in two days and not less than 5 business days prior to the rescheduled hearing set for October 19, 2012.

6. The reasonable fees and expenses of the mediator will be paid by the estate as administrative expenses. The Trustee shall file a motion to employ Mr. Fishman pursuant to the Local Rules. As it is expected that the mediator may be employed more than fifteen hours, the Trustee shall include in the motion an estimate of the expected fees and costs of the mediator for the Court's consideration. Each of the Participants shall be responsible for its own fees and costs. For clarity, the fees and costs incurred by the Trustee and his counsel shall be eligible for payment from the estate as part of their fee applications to the Court.

7. Consistent with any directions by the mediator to the Participants, the Participants may draft and deliver to the mediator and exchange among themselves, mediation statements ("Mediation Statements") outlining the issues and concerns with the Disclosure Statement and/or Plan including the factual basis and legal reasoning supporting the position of the Participant. The Mediation Statements are subject to the confidentiality restrictions in the Local Rules and

are confidential to the Mediation and shall not be filed with the Court nor exchanged or provided to any non-Participant.  Any Participant that so wishes may deliver a second mediation statement ("<u>Non-Exchanged Mediation Statement</u>") to the mediator that is not to be shared by the mediator with the other Participants unless the authoring Participant consents.  Such Non-Exchanged Mediation Statements may only be submitted to the mediator if the Participant has in fact produced a Mediation Statement that was exchanged with the other Participants.

       8.     The Court shall retain jurisdiction to resolve any procedural disputes among the Participants that are not able to be resolved by the mediator.

###