UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Bankruptcy Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE ) | |
| OF EASTERN LIVESTOCK CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adv. Proc. No. 12-_____ |
| v. ) | |
| ) | |
| FIRST BANK AND TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ADVERSARY COMPLAINT**
**(INCLUDING OBJECTION TO ALLOWANCE OF PROOFS OF CLAIMS)**

James A. Knauer, as chapter 11 trustee for Eastern Livestock Co., LLC, for his complaint against First Bank and Trust Company, states:

**Jurisdiction and Parties**

1. This adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. The Adversary Proceeding includes objections to the allowance of proofs of claim pursuant to Rule 3007(b) of the Federal Rules of Bankruptcy Procedure.

- 2 -

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (C) and (H).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States. ELC was headquartered in New Albany, Indiana, with operations and assets located in several states.

7. Certain petitioning creditors of ELC commenced the Chapter 11 Case on December 6, 2010, (the "Petition Date") by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

8. On December 27, 2010, James A. Knauer ("Trustee") was appointed as the chapter 11 trustee for ELC.

9. Defendant First Bank and Trust Company ("First Bank") is a diversified financial services firm with offices primarily in Virginia and Tennessee, and a member of the Federal Home Loan Bank of Atlanta.

10. All of the following allegations of facts are made as of all times relevant to the facts, acts, transactions and circumstances that give rise to this Adversary Proceeding.

BDDB01 9411954v6

**Allegations Applicable to All Counts**

11. Thomas P. Gibson ("Tommy") was the principal owner of ELC. Tommy served as a Manager of ELC. In exchange for his service to ELC, Tommy received compensation from ELC (collectively, "Tommy Wages").

12. As a Manager of ELC, Tommy was entrusted with the management of ELC. As a Manager of ELC, Tommy owed fiduciary obligations of honesty and fair dealing to ELC.

13. Tommy also owned, bought, and sold cattle for himself, on his own account. These transactions included purchases from and sales to ELC of certain cattle (the "Actual Tommy/ELC Cattle Transactions"). In connection with the Actual Tommy/ELC Cattle Transactions, and in those circumstances when ELC purchased cattle from Tommy, ELC paid Tommy (the "Actual Tommy Cattle Sales to ELC").

14. Fifth Third Bank ("Fifth Third") provided a revolving secured lending facility which ELC used to finance ELC's business operations as a cattle dealer. Fifth Third extended loan availability to ELC based, in part, upon a "Borrowing Base" consisting of ELC's changing daily level of eligible accounts receivable and inventory of cattle.

15. Tommy, his son Grant P. Gibson ("Grant"), and various other individuals affiliated with Tommy in various ways conducted a large-scale check kiting scheme utilizing their personal bank accounts and ELC's bank accounts at Fifth Third. In addition, Tommy, Grant and Michael Steven McDonald ("McDonald"), along with other ELC insiders, orchestrated and participated in a large scale accounts receivable and cattle inventory scheme designed to falsely inflate ELC's purported Borrowing Base to appear to create loan availability.

16. The scheme involved almost daily bogus purchases and sales of non-existent cattle (the "False Cattle Transactions"). The False Cattle Transactions included falsifying and churning bogus sales of non-existent cattle by Tommy to ELC for which ELC paid Tommy from funds drawn against it credit facility at Fifth Third (the "False Tommy Cattle Sales to ELC").

17. Tommy, Grant, McDonald, and Darren Brangers have pled guilty to charges made by a Kentucky prosecutor and were convicted by a Kentucky court of criminal syndication, engaging in organized crime, and theft. Tommy and McDonald are also under federal indictment for mail fraud.

18. On June 24, 2010, ELC transferred to Tommy: (i) the sum of $799,061.84 ("Transfer 1") and (ii) the sum of $111,327.22 ("Transfer 2"). On June 25, 2010, ELC transferred to Tommy the sum of $783,607.24 ("Transfer 3," together with Transfer 1 and Transfer 2, the "Transfers"). True and correct copies of the ELC checks payable to Tommy and evidencing the Transfers are attached as Group Exhibit A.

19. The Transfers are not Tommy Wages. The Transfers are not the purported proceeds of Actual Tommy Cattle Sales to ELC. Upon information and belief, the Transfers are the purported proceeds of certain of the False Tommy Cattle Sales to ELC.

20. On June 24, 2010, Tommy deposited the funds that ELC transferred to Tommy as Transfer 1 and Transfer 2 into a personal bank account that Tommy controlled at Your Community Bank, account number xxxxx1841 (the "YCB Account").

21. On June 25, 2010, Tommy deposited funds that ELC transferred to Tommy as Transfer 3 into the YCB Account.

22. Tommy immediately used the funds from the Transfers deposited into the YCB Account to cover personal checks that he issued to First Bank. Tommy wrote checks payable to First Bank as follows: (i) Check no. 30192, dated June 24, 2010, in the sum of $799,061.84; (ii) Check no. 30193, dated June 24, 2010, in the sum of $111,327.22; and (iii) Check no. 30203, dated June 25, 2010, in the sum of $783,607.24. True and correct copies of the checks evidencing these three transfers by Tommy to First Bank are attached as <u>Group Exhibit B</u>.

### COUNT I - Fraudulent Transfer (Bankruptcy Code)

23. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. Under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the Transfers that were made by ELC with actual intent to hinder, delay, or defraud any entity to which ELC was or became indebted, on or after the date that each of such Transfers was made.

25. Acting with actual intent to hinder, delay or defraud, Tommy directed and caused ELC to make the Transfers to himself. The intent to hinder, delay, or defraud, is evidenced by the nature and circumstances of the Transfers. The Transfers were transfers of property of ELC by ELC directed by Tommy purportedly on account of certain of the False Tommy Cattle Sales, to benefit Tommy. Upon information and belief ELC received no consideration in exchange for the Transfers.

26. Alternatively, under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the Transfers if ELC received less than reasonably equivalent value in exchange for the Transfers and (i) was insolvent at the time of each of the Transfers or became

insolvent as a result of the Transfers, (ii) was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with ELC was an unreasonably small capital, (iii) intended to incur or believed that ELC would incur debts that would be beyond ELC's ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

27. ELC received less than reasonably equivalent value in exchange for each of the Transfers.

28. ELC was insolvent when ELC made each of the Transfers.

29. Tommy transferred the funds received as each of the Transfers to First Bank.

30. Each of the Transfers was made within two (2) years of the Petition Date.

31. Pursuant to §§ 548 and 550 of the Bankruptcy Code, the Trustee can avoid the Transfers and recover the value of the Transfers from First Bank.

## Count II – Fraudulent Transfer (Indiana)

32. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. The funds Tommy received as each of the Transfers were ELC's property and such funds were transferred for less than reasonably equivalent value under I.C. § 32-18-2-15 and in violation of I.C. § 32-18-2-14, because Tommy received the property with the intent to hinder, delay, or defraud ELC's creditors.

34. Under Ind. Code § 32-18-2-14, transfers made by a debtor are fraudulent as to present and future creditors if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor or without receiving a reasonably equivalent value in exchange for

the transfer and the debtor (i) was engaged or was about to be engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

35.     Under Ind. Code § 32-18-2-15, transfers made by a debtor are fraudulent as to present creditors if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was insolvent at that time or (ii) became insolvent as a result of the transfer.

36.     Acting with actual intent to hinder, delay or defraud, Tommy caused ELC to make the Transfers to himself.  The intent to hinder, delay, or defraud, is evidenced by the nature and circumstances of the Transfers.  Each of the Transfers was a transfer of property of ELC by ELC directed by Tommy purportedly on account of certain of the False Tommy Cattle Sales, premised on a scheme of fabricated transactions intended to defraud ELC's bank, Fifth Third, and to benefit Tommy.  Upon information and belief ELC received no consideration in exchange each of the Transfers.

37.     ELC received less than reasonably equivalent value in exchange for each of the Transfers.

38.     ELC was insolvent when ELC made each of the Transfers.

39.     Tommy transferred the funds representing each of the Transfers to First Bank.

40.     Each of the Transfers was made within four (4) years of the Petition Date.

41. Pursuant to Indiana Code §§ 32-18-2-14 and -15, the Trustee can avoid the Transfers and recover the value of the Transfers from First Bank.

42. All conditions precedent to the actions set forth in Counts I and II herein have been performed or excused.

WHEREFORE, the Trustee requests that the Court enter judgment on Counts I and II in the Trustee's favor and against First Bank as follows:

(a) Declaring that the Transfers identified herein are avoided and set aside (and any other transfers within the meaning of §101(54) of the Bankruptcy Code discovered after the date of this Complaint);

(b) Awarding the Trustee a money judgment based upon Counts I and II above (and any other transfers within the meaning of §101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided);

(c) Awarding the Trustee prejudgment interest on the amounts determined to be owed under Counts I and II above at the appropriate statutory rate;

(d) Awarding the Trustee reasonable attorneys' fees; and

(e) Awarding the Trustee all other just and appropriate relief.

### Count III – Objection To The Allowance Of Claims Pursuant To 11 U.S.C. §§ 502(b) and (d) and Bankruptcy Rule 3007(b)

43. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. First Bank asserts and has filed purported secured claims against the Debtor's estate by the Proofs of Claim nos. 251-1, 253-1 and 253-2 (the "First Bank Claims").

45. Based upon the foregoing and pursuant to § 502(d) of the Bankruptcy Code, the First Bank Claims and any and all other claims against the Debtor's estate that may be

asserted by First Bank must be disallowed until such time as First Bank pays to the Trustee an amount equal to the aggregate of the Transfers, plus interest thereon and costs.

46. Pursuant to § 502(d) of the Bankruptcy Code, the Trustee requests that the First Bank Claims, as may be amended, and any other claim that may be asserted by First Bank be disallowed for the failure to repay the Transfers.

47. The First Bank Claims also should be disallowed because the asserted claims against Debtor's estate are not valid and enforceable against Debtor under applicable law and facts.

48. All conditions precedent to this objection have been performed or excused.

WHEREFORE, the Trustee requests that the Bankruptcy Court enter judgment in its favor and against First Bank as follows:

(a) Disallowing under § 502(d) of the Bankruptcy Code the First Bank Claims and any and all other claims of First Bank against the Debtor's estate until First Bank pays the Trustee an amount equal to the aggregate of the Transfers, plus interests thereon and costs;

(b) Disallowing under § 502(b)(1) the First Bank Claims in their entirety; and

(c) Awarding the Trustee all other just and appropriate relief.

- 9 -

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

/s/ Wendy W. Ponader

Wendy Wright Ponader (#14633-49)  *Counsel for James A. Knauer, Chapter 11 Trustee*
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240-3789
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

James M. Carr (#3128-49)
Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
james.carr@faegrebd.com
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com