**EXHIBIT A**

**EASTERN LIVESTOCK CO., LLC MEDIATION**

1. Disclosure

   Robert M. Fishman (the "Mediator") and/or other members of his firm do not hold or represent, as of the date of the *Application To Employ Robert M. Fishman as Mediator*, an interest adverse to the estate on the matters on which the Mediator is to be employed, except as disclosed by the Mediator.

2. Scope of Mediation

   The reasonableness of the proposed settlement with Fifth Third Bank as contained in the Chapter 11 Plan of Liquidation (the "Plan") and the Disclosure Statement with Regard to the Trustee's Chapter 11 Plan of Liquidation (the "Disclosure Statement") filed by James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC (the "Debtor") on July 23, 2012.

3. Fees and Expenses

   The Mediator's services will be billed at a cost of $650.00 per hour plus reasonable expenses with an estimated total cost of $75,000.00.  The Mediator may use associates or paralegals with Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis"), the Mediator's firm, to assist the Mediator with the organization of documents, review of mediation submissions, research, and drafting documents for the Mediator.  One of the Mediator's Shaw Gussis colleagues may attend the actual mediation to assist the Mediator in performance of his duties hereunder.  Charges for that colleague's time shall be reasonably calculated but in no event shall exceed $650 per hour.

4. Responsibility for Fees and Expenses

   The Debtor's estate will pay the Mediator's fees and expenses up to the initial $75,000.00.  Fees and expenses will be paid within 15 days of the submission by the Mediator of an itemized invoice to the Trustee's counsel following the conclusion of the mediation.

5. Mediation Procedures

   The Mediator will establish procedures for submission of mediation statements, scheduling of mediation meetings, location of mediation meetings, and other procedures.  The mediation must conclude no later than five (5) business days prior to October 19, 2012.

6. Attendees and Authority

   The following parties have agreed to the mediation including the following:  the Trustee, Fifth Third Bank,  Superior Livestock Auction, Inc., CPC Livestock, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards, LLC, Bluegrass-Maysville Stockyards,

LLC, Bluegrass Stockyards of Richmond, LLC, Blue South Livestock Market, LLC, Bluegrass Stockyards of Campbellsville, LLC, East Tennessee Livestock Center, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., Alton Darnell, The First Bank And Trust, CPC Livestock, LLC; Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Athens Stockyard, LLC; Billingsley Auction Sale, Inc.; Tennessee Valley Livestock, LLC; Robert Rawls d/b/a Robert Rawls Livestock; Edwin A. Strickland; Macon Stockyard, Inc.; E4 Cattle Co., LLC; and Edward J. Edens, IV (collectively, the "Mediation Parties).

In addition to the Mediation Parties, the Trustee invited the state, regional, and national cattlemen's trade associations ("Non-party Associations") to participate in the mediation.

The Mediation Parties and the Non-party Associations who agree to participate may be referred to as the "Participants."  Any creditor or party in interest of the Debtor's estate may request and agree to participate in the mediation as a Participant.  Such request shall be made to the Trustee so that the Mediator may be informed.

The Participants will send representatives to attend the mediation who have full authority to settle all issues. All Participants will negotiate in good faith.

7. Settlement

Any settlement or agreement reached in the mediation will not be legally binding until it has been reduced to writing and signed by, or on behalf of, each of the Participants, subject to any necessary Court approval.

8. Confidentiality

Confidential information disclosed to the Mediator in this case by the Participants or witnesses in the course of the mediation will not be divulged by the Mediator.  All discussions, representations, and statements made during mediation will be privileged as settlement negotiations.  All records, reports, or other documents received by the Mediator while serving in such capacity shall be confidential. No document provided in mediation which is not otherwise discoverable will be admissible by any of the Participants in any legal proceedings for any purpose, including impeachment.  The Mediator shall not be compelled to divulge such records or testify in regard to the mediation in any adversary proceeding or judicial forum.

The Participants shall maintain the confidentiality of the mediation and shall not rely on or introduce into evidence, in any arbitral, judicial, or other proceedings:

    (a) views expressed or suggestions made by another party with respect to a possible settlement of the dispute;

    (b) admissions made by any party in the course of the mediation proceedings;

    (c) proposals made or views expressed by the Mediator; or

    (d) the fact that another party had or had not indicated a willingness to accept any settlement proposals made by either party.

The obligation to keep communications confidential will remain in effect after the completion of the mediation process, regardless of whether or not the Participants reach an agreement or settlement.

Pursuant to the Court's *Order On Trustee's Motion To Establish Mediation Protocol On The Proposed Plan And Disclosure Statement*, the Participants to the mediation shall each produce and exchange with each other and deliver to the Mediator a statement ("Mediation Statements") outlining the issues and concerns with the Disclosure Statement and/or Plan including the factual basis and legal reasoning supporting the position of the Participant.  The Mediation Statements are subject to the confidentiality restrictions in the Local Rules and are confidential to the mediation and shall not be filed with the Court nor exchanged or provided to any non-Participant.  Any Participant that so wishes may deliver a second mediation statement ("Non-Exchanged Mediation Statement") to the Mediator that is not to be shared by the Mediator with the other Participants unless the authoring Participant consents.  Such Non-Exchanged Mediation Statements may only be submitted to the Mediator if the Participant has in fact produced a Mediation Statement that was exchanged with the other Participants.  Mediation Statements and Non-Exchanged Mediation Statements must be delivered to the Mediator no later than 5:00 p.m. CDT on October 1, 2012.