# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**VERIFIED STATEMENT OF ROBERT M. FISHMAN PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a) IN SUPPORT OF APPLICATION OF THE TRUSTEE**

Robert M. Fishman, pursuant to 28 U.S.C. § 1746, hereby deposes and states, under penalty of perjury, as follows:

1. I am an attorney duly licensed and authorized to practice law in the State of Illinois. I am admitted to practice in the United States District Courts for the Northern District of Illinois, the Eastern District of Wisconsin, the District of Minnesota, and the United States Courts of Appeals for the Seventh and Eighth Circuits. I am also a member of the Trial Bar of the United States District Court for the Northern District of Illinois.

2. I have been selected by the parties and am seeking approval by the Court to serve as a mediator (the "Mediator") in the above-entitled case (the "Case"). I am a member of the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC ("Shaw Gussis"). In that capacity, I am authorized to submit this affidavit in support of the Application (the "Application") of James A. Knauer, not individually, but as chapter 11 trustee (the "Trustee") of Eastern Livestock, LLC (the "Debtor"), for authority to employ me as Mediator in this Case.

3. As set forth in the Application, the Trustee proposes that I be retained to provide mediation services to the parties in the Case with regard to the reasonableness of the proposed settlement with Fifth Third Bank as contained in the Plan filed by the Trustee and certain related

issues (the "Mediation"). The Application further requests that my law firm, Shaw Gussis, be authorized to provide services in furtherance of the Mediation.

4. To the best of my knowledge, information and belief, Shaw Gussis is a "disinterested person" within the scope of 11 U.S.C. § 101(14) and as required pursuant to 11 U.S.C. § 327(a). Shaw Gussis has no connections with the Debtor, its creditors or any other party in interest herein and neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed except as follows:

   a. Shaw Gussis represents (and has previously represented) Wells Fargo Bank, National Association ("Wells"), as trustee under certain master trust indentures, in two chapter 11 cases in Chicago. One of the cases is concluded and one of the cases is on-going. Shaw Gussis serves as local counsel to Wells, with lead counsel being the Mintz Levin firm from Boston. In conjunction with these cases, Wells granted Shaw Gussis a prospective waiver of conflicts respecting future cases involving Wells.

   b. Approximately ten (10) years ago, Shaw Gussis represented Greenebaum Doll & McDonald, predecessor firm to Bingham Greenebaum & Doll, in the American General bankruptcy case with respect to a dispute about the Greenebaum Doll & McDonald fee application.

   c. I am personal friends with several of the counsel involved in the Mediation, most notably John Ames and Jim Carr.

   d. From time to time, Shaw Gussis in the past may have represented other creditors of the Debtor in matters unrelated to the Debtor.

5. The Mediator and Shaw Gussis understand that any and all reasonable compensation for mediation and legal services rendered on behalf of the Mediator up to a total of $75,000.00 shall be billed directly to the Trustee and paid by the Trustee without further Court order. My normal hourly rate is $650. The Mediator and Shaw Gussis further understand that the sole source of such compensation shall be funds of the Debtor's estate.

6.  Other than as set forth herein, no party in interest has agreed to compensate either the Mediator or Shaw Gussis for either services rendered or expenses incurred by Shaw Gussis in connection with the Case.

7.  Neither the Mediator or Shaw Gussis have entered into any agreement to share such compensation as they may receive herein except as permitted under 11 U.S.C. § 504(b).

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 20, 2012

_____
Robert M. Fishman