**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC. | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| DEBTOR. | ) | CHAPTER 11 |
| | ) | |

**OBJECTION TO DISCLOSURE STATEMENT FOR TRUSTEE'S CHAPTER 11 PLAN OF LIQUIDATION**

Joplin Regional Stockyards, Inc. ("Joplin"), by and through counsel, hereby files its Objection to Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation (the "Objection"). In support of the Objection, Joplin states as follows:

**BACKGROUND**

1. On December 6, 2010, an involuntary petition was filed against Eastern Livestock Co. LLC (the "Debtor"). The Order for Relief was entered on December 28, 2010.

2. On December 16, 2010, this Court ordered the appointment of a Chapter 11 Trustee. On December 23, 2010, the Office of the United States Trustee ("UST") appointed James Knauer as Chapter 11 Trustee in this case (the "Trustee").

3. On July 23, 2012, the Trustee filed Trustee's Chapter 11 Plan of Liquidation [Doc. No. 1255] (the "Plan") and the Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation [Doc. No. 1256] (the "Disclosure Statement"). A hearing on the adequacy of the Disclosure Statement is scheduled for October 19, 2012 before this Court.

**LEGAL ARGUMENT**
**The Disclosure Statement Fails to Meet the Disclosure Statement Standard of 11 U.S.C. § 1125**

4. Joplin objects to the Disclosure Statement because the Disclosure Statement does not provide sufficient information to allow creditors to make an informed decision as to whether to accept or reject the Plan. *See* 11 U.S.C. §1125.

5. Disclosure is a fundamental concept in Chapter 11 bankruptcy cases. Specifically, disclosure statements are the primary source upon which creditors rely to make informed decisions regarding debtors' plans of reorganization/liquidation. Further:

> If adequate disclosure is provided to all creditors and stock holders whose rights are to be affected, then they should be able to make an informed judgment on their own rather than having a court or the Securities and Exchange Commission inform them in advance whether the proposed plan is a good plan. Therefore the key to the consolidated chapter is the disclosure section.

7-1125 Collier on Bankruptcy ¶ 1125.02 (16th ed. 2012) (internal citations omitted).

6. 11 U.S.C. §1125 requires that a disclosure statement provide "adequate information." *See Monroe County Oil Co., Inc. v. Amoco Oil Co.*, 75 B.R. 158, 162 (S.D. Ind. 1987) ("…the debtor must file a disclosure statement which contains 'adequate information'"). The Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor... that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan...to allow a hypothetical investigation to make an informed judgment about a plan of reorganization.

11 U.S.C. §1125(a).

7. After reviewing the Disclosure Statement, Joplin is unable to determine what the Plan is actually proposing and how Joplin, as an unsecured creditor involved in settlement negotiations with the Trustee, will be treated under the Plan.

8. Here, the Disclosure Statement should be amended and resubmitted by the Trustee because the Disclosure Statement fails to satisfy the burden imposed by 11 U.S.C. §1125.

9. Specifically, the Disclosure Statement:

    (a) is vague as to what claims are being released through the Plan and should be modified to clearly define and explain these released claims;

    (b) should contain more information as to how the monies in Recovery and Collateral Funds are calculated and how they will be allocated under the Plan, including a clear statement as to how much of the money that Fifth Third Bank is allegedly giving up under the settlement will actually be available for distribution to unsecured creditors;

    (c) should fully explain the benefits of "opting-in" versus of "opting-out" of the Fifth Third settlement, including but not limited to, whether: (1) "opt-in" creditors would be required to pay any Estate expenses; and (2) there is a correlation between value of claims being released versus the benefits received;

    (d) does not disclose whether the Trustee intends to object to individual claims filed in the Debtor's bankruptcy case and does not identify specific claims that he will object to;

    (e) should clearly reconcile footnote 9 that states that "[t]he Trustee has not found any substantial evidence that, in the Trustee's opinion, would support a finding that Fifth Third was a participant in ELC's fraud." (Disclosure Statement at p. 9.), with Trustee's Report where the Trustee indicates that he found significant evidence that Fifth Third Bank knew of and allowed the Debtor to continue with the check kite operation (Trustee's Report at ¶ 15);

    (f) should clearly explain how the Plan intends to treat Joplin's

3

     claim and whether the Estate intends to file suit against Joplin or against any other creditor;

(g) should clearly disclose the nature of the disputed cattle sale proceeds currently held in escrow and describe in detail the various claims of ownership to those proceeds. Disclosure Statement at pp. 38-39;

(h) should describe the consideration given to the Estate in exchange of the release of Fifth Third Bank and describe the benefits granted to Fifth Third under the Plan in exchange for the settlement with the Estate;

(i) should disclose whether the broad release of Fifth Third Bank by the Debtor prevents Fifth Third from asserting the broad release as a defense to any claims brought against it by third parties outside of the bankruptcy case;

(j) should explain why the Plan grants full blanket releases to the Trustee, FBD and other professionals;

(k) should explain why the release language in the Plan does not contain a carve-out exception for any "opt-out" creditors to prevent the released parties from asserting the release as a defense in any potential subsequent litigation brought by the "opt-out" creditors against the released parties; and

(l) should inform the creditors in detail whether the Plan distribution to holders of claims is more than these holders would receive in a Chapter 7 liquidation scenario.

## **CONCLUSION**

10. Based on the foregoing, the Disclosure Statement should provide a more detailed explanation to creditors so that they can make informed decisions as to whether to accept or reject the Plan. Until the Trustee amends the Disclosure Statement to provide this crucial additional information, the Court should not approve the Disclosure Statement.

4

WHEREFORE, Joplin respectfully requests that the Court direct the Trustee to amend the Disclosure Statement and provide the information requested above and grant such further and additional relief as is just and proper under the circumstances.

Respectfully submitted,

*/s/ Michael G. Shaikun*
Michael G. Shaikun
Ivana B. Shallcross
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3656
Facsimile: 502-540-2211
E-mail: mshaikun@bgdlegal.com
         ishallcross@bgdlegal.com

COUNSEL FOR JOPLIN REGIONAL STOCKYARDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2012 the foregoing was filed electronically. Notice of this filing was sent to all counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's System.

*/s/ Michael G. Shaikun*
Michael G. Shaikun

4859366_3.docx