UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |

**RESPONSE OF FIFTH THIRD BANK TO OBJECTIONS TO DISCLOSURE STATEMENT FOR THE TRUSTEE'S CHAPTER 11 PLAN OF LIQUIDATION**

Fifth Third Bank ("Fifth Third"), by and through undersigned counsel, hereby files its Response to Objections to Disclosure Statement for the Trustee's Chapter 11 Plan of Liquidation (this "Response") and in support thereof, respectfully states as follows:

**Background**

On July 23, 2012, the Trustee filed its Chapter 11 Plan of Liquidation [Dkt 1255] (the "Plan") and Proposed Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation [Dkt. 1256] (the "Disclosure Statement").

On September 5, 2012, Peoples Bank of Coldwater, Kansas ("Peoples Bank") filed its Objection to Trustee's Disclosure Statement [Dkt 1401]. On October 15, 2012, Peoples Bank filed its Renewed Objection to Trustee's Disclosure Statement [Dkt 1468]. Docket Nos. 1401 and 1468 are collectively referred to herein as the "Peoples Bank Objection".

On October 15, 2012, Superior Livestock Auction, Inc. ("Superior") filed its Objection to Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation [Dkt 1469] (the "Superior Objection").

On October 15, 2012, Joplin Regional Stockyards, Inc. ("Joplin") filed its Objection to Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation [Dkt 1470] (the "Joplin Objection").

On October 16, 2012, Livestock Creditors[1] filed their Objection to Disclosure Statement for the Trustee's Chapter 11 Plan of Liquidation [Dkt 1473] (the "Livestock Objection", and together with the Peoples Bank Objection, the Superior Objection, and the Joplin Objection, the "Objections").

On October 26, 2012, the Trustee filed its First Amended Chapter 11 Plan of Liquidation [Dkt 1490] (the "Amended Plan") and its Proposed First Amended Disclosure Statement for Trustee's First Amended Chapter 11 Plan of Liquidation [Dkt. 1489] (the "Amended Disclosure Statement") to account for certain settlement and other developments occurring in the intervening months between the filing of the Plan and Disclosure Statement and the Amended Plan and Amended Disclosure Statement.

## Legal Standard

Section 1125(a)(1) of the Bankruptcy Code defines adequate information, in relevant part, as follows:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . .

11 U.S.C. § 1125(a)(1).

---

[1] Collectively, (a) Alabama Livestock Auction, Inc., (b) Sealy and Sons Livestock, LLP, (c) Athens Stockyard, LLC, (d) Billingsley Auction Sale, Inc., (e) CPC Livestock, LLC, (f) Carrol County Livestock Sales Barn, Inc., (g) E4 Cattle Co., LLC, (h) Edward J. Edens, IV, (i) Macon Stockyards, Inc., (j) Edwin A. Strickland, and (k) Robert Rawls d/b/a Robert Rawls Livestock.

In making a determination of whether a disclosure statement contains adequate information as required by Section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

    a) the events which led to the filing of a bankruptcy petition;
    b) the relationship of the debtor with its affiliates;
    c) a description of the available assets and their value;
    d) the anticipated future of the company;
    e) the source of information stated in the disclosure statement;
    f) the present condition of the debtor while in chapter 11;
    g) claims asserted against the debtor;
    h) the estimated return to creditors under a chapter 7 liquidation;
    i) the chapter 11 plan or a summary thereof;
    j) financial information, valuations, and projections relevant to the creditors' decision to accept or reject the chapter 11 plan;
    k) information relevant to the risks posed to creditors under the plan;
    l) the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;
    m) litigation likely to arise in a non-bankruptcy context; and
    n) tax attributes of the debtor.

*See: In re U.S. Brass Corp.,* 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996); *see also: In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-171 (Bankr. S.D. Ohio 1988) (noting, also, that disclosure process should not be "overly technical" or "doomed by meaningless disclosure paperwork"). Disclosure regarding all of the aforementioned topics is not necessary in every case. *U.S. Brass*, 194 B.R. at 424. Rather, the court is provided with extensive discretion in considering whether a disclosure statement contains adequate information, and any such decision is to be made on a case-by-case basis. *See*: *In re Brandon Mills Farms*, *Ltd.*, 37 B.R. 190, 192 (Bankr. N.D. Ga. 1984).

In the instant case, a review of the Disclosure Statement and the Amended Disclosure Statement clearly indicates that the Trustee has provided adequate information as required by 11 U.S.C. 1125. The Trustee has provided in excess of 120 pages of disclosure and exhibits providing extensive detail regarding the history of the debtor and the case, assets available or which may become available for distribution, a detailed analysis of claims which may potentially be brought by or against the Trustee on behalf of the estate, detailed information regarding pending or proposed settlements, and detailed financial information which clearly provides source material for the Trustee's projected distributions.

The Objections, by contrast, do not assert that the lack of specified information prevents an evaluation of the Plan and instead focus on minutia contained therein. Far from indicating that significant information is missing which prevents an *evaluation* of the plan, the Objections indicate that creditors have actually completed an analysis of the Plan, and simply bear a fundamental dislike of the treatment *proposed* by the Plan and the Amended Plan. Where there is clearly no confusion as to the content or impact of the Plan, and where creditors merely disagree with the proposed treatment, such creditors have clearly been provided information sufficient to conduct the evaluation contemplated by 11 U.S.C. § 1125. The Objections, to the extent not consensually resolved, are thus more appropriately characterized as objections to *confirmation* which are premature and ill-advised at this stage of the proceeding.

## Conclusion

As both the Disclosure Statement and the Amended Disclosure Statement clearly contain adequate information as contemplated by 11 U.S.C. 1125, Fifth Third respectfully requests that this Court enter an order OVERRULING the each of the Objections, to the extent such

Objections are not consensually resolved or withdrawn in advance of any hearing to approve the Disclosure Statement/Amended Disclosure Statement.

Dated: October 29, 2012                                  Respectfully submitted,

/s/ Randall D. LaTour
Randall D. LaTour (admitted *pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Telephone: (614) 464-8290
Facsimile:   (614) 719-4821
Email: rdlatour@vorys.com

*Counsel for Fifth Third Bank, N.A*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, a copy of the foregoing *Response of Fifth Third Bank to Objections to Disclosure Statement for the Trustee's Chapter 11 Plan of Liquidation* was filed and served electronically through the Court's CM/ECF System to the parties who are listed on the Court's Electronic Mail Notice List. Parties may access this filing through the Court's ECF System.

/s/ Randall D. LaTour
Randall D. LaTour (admitted *pro hac vice*)