UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S RESPONSE TO OBJECTIONS TO DISCLOSURE STATEMENT**

James A. Knauer, the Chapter 11 Trustee appointed in this case ("Trustee"), by counsel, files his response ("Response") to the following objections (collectively, the "Objections") to the *Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation* filed on July 23, 2012 [Docket No. 1256] ("Disclosure Statement")[1]:

    a.    *Peoples Bank's Renewed Objection to Trustee's Disclosure Statement* filed Oct 15, 2012 [Docket No. 1468] by Peoples Bank of Coldwater Kansas ("Peoples Bank");

    b.    *Objection to Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation.* filed October 15, 2012 [Docket No. 1470] by Joplin Regional Stockyards, Inc. ("Joplin"); and

    c.    *Objection to Disclosure Statement For the Trustee's Chapter 11 Plan of Liquidation* filed Oct. 16, 2012 [Docket No. 1473] by Alabama Livestock Auction, Inc., Sealy And Sons Livestock, LLP, Athens Stockyard, LLC, Billingsley Auction Sale, Inc., CPC Livestock, LLC, Carroll County Livestock Sales Barn, Inc., E4 Cattle Co., LLC, Edward J. Edens, IV, Macon Stockyards, Inc., Edwin A. Strickland, and Robert Rawls d/b/a Robert Rawls Livestock (collectively, "Alabama Et Al.").[2]

The Trustee filed the *First Amended Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation* ("Amended Disclosure Statement") and the *Trustee's First Amended Chapter 11 Plan of Liquidation* ("Amended Plan") on October 26, 2012 [Docket Nos. 1489 and 1490]

---

[1] The Trustee is not responding in this filing to the objection to the Disclosure Statement filed by Superior Livestock Auction, Inc. as the Trustee and Superior have reached a settlement agreement that is or will be submitted to the Court for approval. A summary of the settlement is included in the amended disclosure statement and plan filed by the Trustee on October 26, 2012.

[2] The objection deadline set by order of this Court was October 15, 2012.

accompanied by a notice filing of blackline versions [Docket No. 1491] to the July 23, 2012 filed *Disclosure Statement and Trustee's Chapter 11 Plan of Liquidation* ("Plan") [Docket Nos. 1255 and 1256]. The Trustee believes that the Amended Disclosure Statement and Amended Plan address the material, substantive concerns raised in the Objections.

## Peoples Bank Objection

Peoples Bank has asserted a lien claim against certain funds in the Interpleader Action[3] originally filed in Colorado ("Colorado Interpleader"). Peoples Bank first raises a concern that the Disclosure Statement did not adequately inform creditors who may choose to "Opt In" as to the types of claims they may be releasing by executing the Opt In Agreement. To the extent this is a concern, the Trustee believes he has remedied that concern in the Amended Disclosure Statement by making it clear that all claims that an "opt-in" creditor has against Fifth Third, such as a priority lien claim and whether asserted in the Chapter 11 Case or asserted or assertable in a different legal proceeding, will be released against Fifth Third if a creditor opts in. An Opt In Creditor will not be releasing any claim that is against the Debtor's Estate itself, such as a claim that a certain asset is not property of the Debtor's Estate. However, in order to bring some certainty to the process, the Trustee has also stated in the Amended Disclosure Statement, that any claim of a creditor related to whether an asset is property of the Estate must be formally asserted in the Chapter 11 Case (in an adversary proceeding or in one of the existing Interpleader Actions) before the creditor executes the Opt In Agreement.

Peoples Bank also raises a concern as to what entity might receive the funds claimed by Peoples Bank in the Colorado Interpleader should Peoples Bank release its claims to the funds. The Trustee submits that the funds would be awarded pursuant to this Court's determination of the remaining claims in the Colorado Interpleader. The Trustee believes that the funds in the

---

[3] Capitalized terms not defined in this Response shall have the meaning given them in the Amended Plan.

51001688_1.DOCX

Colorado Interpleader, to the extent that they have not already been determined by decision or by settlement, represent the proceeds of the Debtor's accounts receivable and are therefore property of the Debtor's Estate. The Amended Disclosure Statement and Amended Plan are not designed to determine any current litigation except to the extent an Opt In Creditor executes an Opt In Agreement and releases its claims against Fifth Third (and the Trustee, but not the Debtor's Estate). While certain settlements are described in the Amended Disclosure Statement, the settlements themselves will be presented by Motion to this Court for approval separate from the Amended Disclosure Statement.

Joplin Objection

Joplin raises a series of issues, one of which is similar to that raised by Peoples Bank and addressed above. Joplin states that there should be more information related to the determination of monies estimated in the Recovery Fund and Collateral Fund and how they will be allocated in the Plan. The amount of each of the Recovery Fund and the Collateral Fund is based on the Trustee's estimates of the outcome of certain current and to be filed litigation. As a result, the Trustee cannot provide more detailed information without revealing litigation strategy. Unlike some liquidations where assets in the possession of the Trustee are being or have been sold, the recoveries in this Chapter 11 Case are nearly all resulting from litigation and/or settlement with third parties and/or creditors that are holding property of the Estate and/or avoidance actions. The Trustee has set forth in the Disclosure Statement (as updated in the Amended Disclosure Statement) the monies already collected and the costs and expenses already paid from those assets. The Trustee has also provided gross estimates of the monies he expects to collect and accrued and estimated expenses. The amount of funds being made available by Fifth Third in consideration of settling the Estate's claims and the claims of Opt In Creditors is a percentage of

3

the proceeds Fifth Third would receive from the liquidation/collection of its collateral. Until all the collateral is collected and liquidated, the exact dollar amount of the consideration will remain an unknown. In the Amended Plan, Fifth Third is paying ten percent of its Net Collateral Funds in settlement of the Estate's claims and up to ten percent of its Net Collateral Funds in settlement of the claims of Opt In Creditors. The aggregate claim value of the creditors choosing to Opt In will further determine the final settlement amount to Opt In Creditors.

Joplin also states that the Trustee should more fully explain the benefits of opting in and any correlation between the value to be received by opting in and the value of the creditor's claims that would be released. The Trustee is not able to provide a cost benefit analysis to each creditor of opting in because the Trustee does not know what claims any one creditor might assert. The items creditors may want to consider in evaluating options would be the risk of winning or losing on the creditor claim, the cost of prosecuting a claim (including upfront expenses charged on any contingency fee and the percent of contingency fee), and the time any litigation may take. Should the Amended Plan be confirmed, the Trustee believes that the first distribution (an initial distribution) would be sent to creditors in the first quarter of 2013. As claims are resolved and litigation is completed, further distributions may occur quarterly.

Joplin seeks information as to whether any individual claim may be allowed or be objected to. The Trustee will be filing an Exhibit C that will list with some specificity, but not to the exclusion of any general description, the current and additional retained causes of action that the Trustee may file in connection with the Chapter 11 Case. As to objections to individual claims that have been filed in the Chapter 11 Case, the Trustee is continuing to investigate those claims.

51001688_1.DOCX

Joplin asks the Trustee to reconcile the Trustee's determination that it has not found substantial evidence that Fifth Third participated in the fraud perpetrated by Tommy Gibson using the Debtor and the statement in the Trustee's Report that indicates that Fifth Third may have appeared to ignore internal and external warnings that a check kiting operation was going on.  The Trustee believes that the Disclosure Statement, as amended, adequately sets forth the Trustee's reasoning as to why the Trustee has determined to settle claims against Fifth Third.  In addition, actual evidence of engaging in fraud is different in kind and degree from inferred evidence of ignoring potential signs that a check kite may be taking place.

Joplin raises issues related to certain aspects of the releases in the Plan.  The Trustee, by law, can release only the Estate's claims and no others, and the Trustee believes that the releases in the Plan comply with the law.  The Trustee has added additional language to the releases in clarification.  *See Amended Exhibits A and B* to the Plan.  The Trustee is not in a position to opine how some other court may rule should Fifth Third attempt to use the release as a waiver of non-Estate claims.  As to the releases provided by the Plan to the Trustee and his professionals, an exculpation clause is usual and customary in nearly every chapter 11 case.  The release of the Trustee and his professionals given by the Opt In Creditors is a recognition that the Trustee and his professionals are not in a position to advise any creditor on the relative merits of any individual creditor's claim nor the relative value of releasing that claim and opting in.

Finally, Joplin asks the Trustee to provide detail to creditors that the liquidating Plan, as amended, will provide more than a liquidation under chapter 7.  As stated in the Disclosure Statement, this Plan and a liquidation under chapter 7 are both liquidations.  If the Chapter 11 Case were to be converted, the same costs would be involved and may be more if a new investigation was launched into the business dealings and claims of the Debtor.  Moreover, there

5

would be substantial administrative claims that would have to be paid prior to paying the administrative claims arising in the chapter 7 case. Finally, if the chapter 7 trustee determined to sue Fifth Third rather than settle, the delay in creditors receiving any payment may be significant, and could result in a lesser return or no return at all. Under the proposed Plan, creditors that Opt In are expected to receive 36 cents on the dollar. Among many large liquidating chapter 11 cases, the payments are usually in the single cent range.

<u>Alabama Et Al.</u>

First, about half of the Alabama Et Al. group are not creditors of the Estate. They are in fact defendants in preference actions that have been filed or will be filed. Second, the Alabama Et Al. objection was filed after the deadline set by this Court to file and serve objections.

The eight page filing asserts two objections. The first objection is that the Disclosure Statement and Plan are premature because all the legal issues in the Chapter 11 Case have not been resolved. This objection is without merit. The Plan, as amended, is not intended to, nor does it, resolve all the litigation in the Chapter 11 Case – it only resolves the Estate's claims against Fifth Third, and on a voluntary basis, it resolves the claims against Fifth Third of any creditor who chooses to opt in. Existing litigation that is not one of the two instances above are not affected by the Plan. The Plan essentially sets up a format for paying creditors of the Debtor's Estate by distributing settlement funds and non-collateral assets. It also provides an opportunity, for those creditors who choose, to be paid an additional amount by Fifth Third for settling individual claims.

The second objection faults the Trustee for not providing certain information related to the events surrounding the freezing of the Debtor's accounts on or about November 2, 2010. First, the Trustee is unable to discern what Alabama Et Al means by wanting information on

6

certain dates that would allow creditors to complete a "cash flow analysis of the Debtor's, Fifth Third's and Creditor's interests." Information related to the freezing of the Debtor's accounts, including deposits, returned checks and dishonored deposits was posted on the Trustee's blog in February 2012. Counsel for Alabama Et Al. also has access to the evidentiary database. In addition, Exhibit 6, as updated and amended, to the Disclosure Statement sets forth the obligations, assets, and collateral on dates relevant to the Trustee's analysis of the Estate's claims against Fifth Third.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court overrule the Objections and find that the Disclosure Statement as amended provides adequate and sufficient information as required by the Bankruptcy Code.

Respectfully submitted,

FAEGRE BAKER DANIELS, LLP

By: /s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Kevin Toner (#11343-49)
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@faegrebd.com
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

7

51001688_1.DOCX

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@ bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |

| | | |
|---|---|---|
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | | |

I further certify that on October 29, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

/s/ Terry E. Hall

9

51001688_1.DOCX