UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY BETWEEN
EASTERN LIVESTOCK CO., LLC AND FIRST BANK AND TRUST COMPANY**

James A. Knauer, the Chapter 11 Trustee appointed in this case ("Trustee"), by counsel, respectfully moves this Court for an Order approving a proposed compromise (the "Motion") with First Bank and Trust Company ("First Bank"). The proposed settlement liquidates disputes over funds claimed by the Trustee and First Bank and resolves other controversies and litigation pending in this case ("Chapter 11 case"). The proposed compromise, set forth below, is a just and efficient means of settling the matters between the parties. In support of the Motion, the Trustee respectfully represents the following:

**PRELIMINARY BACKGROUND**

1.      Certain petitioning creditors commenced the above-captioned Chapter 11 case against the Debtor on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. This Court entered an Order For Relief in An Involuntary Case and Order to Complete Filing [Dkt. No. 110] on December 28, 2010.

2.      On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] (the "Trustee Order") pursuant to 11 U.S.C. § 1104.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and

FED. R. BANKR. P. 9019.

**BACKGROUND**

5.      First Bank was a lender to Thomas P. Gibson ("Gibson"), the Debtor's principal

and managing member.  Gibson filed a voluntary petition for relief under chapter 7 of the

Bankruptcy Code (the "Gibson Case") with the Court on December 1, 2010.  Kathryn Pry is the

duly appointed and acting chapter 7 trustee (the "Gibson Trustee") in the Gibson Case.  First

Bank and the Trustee have each filed a proof of claim in the Gibson Case.

6.      The Trustee, the Gibson Trustee, and First Bank all assert interests in $4,700,000

in funds (the "Seized Funds") that were seized from a Gibson-controlled account and that are in

the process of being forfeited from a Gibson controlled bank account at Your Community Bank

by the Department of Justice/United States Attorney for the Western District of Kentucky ("US

Attorney").

7.      First Bank has been an active participant in the Chapter 11 Case and the Gibson

Case.  First Bank has asserted various claims against Debtor, the Seized Funds, the Trustee, and

the Trustee's professionals.  On or about September 13, 2012, First Bank filed a notice of appeal

from an order of the Court denying a motion filed by First Bank to remove the Trustee,

commencing an appeal to the United States District Court (the "Appeal").

8.      The Trustee initiated an adversary proceeding in the Chapter 11 Case (Adv. Proc.

No. 12-59077) and now pursues various claims against First Bank (the "Adversary").

9.      First Bank, the Trustee and other parties participated in a Court-authorized two-day mediation session on October 9 and October 10, 2012 in Louisville, Kentucky.  As a result of that mediation and further negotiations, the Parties have agreed to settle their disputes as more fully set forth in the Settlement Agreement and Mutual Release attached hereto as Exhibit 1.

10.      Trustee believes the proposed compromise as set forth in Exhibit 1 is in the best interest of Debtor's estate and Debtor's creditors.

**BRIEF IN SUPPORT**

**A.    The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

11.      Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

12.      Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt,

3

especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

13.     It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

14.     As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

15.     The Settlement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its estate.  As set forth more specifically in Exhibit 1, the Settlement resolves pending litigation, avoids a dispute concerning a proposed objection to the proposed Chapter 11 Plan of Liquidation, helps coordinate the efficient distribution of the Seized Funds, resolves further controversy over distribution of certain purchase money funds now held in escrow by the Trustee, releases First Bank's proofs of claim in this Chapter 11 case, and it provides for a release of claims between First Bank, Debtor, Trustee, and the Trustee's professionals.

16.     For these reasons, the Settlement maximizes the value of the Debtor's assets and minimizes the burden to its estate while providing First Bank greater certainty as to its rights and its collateral.  The Settlement should be approved pursuant to Bankruptcy Rule 9019.

4

**NOTICE**

17.     The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P.

2002(a)(3) or as otherwise directed by this Court.  The Notice shall include a definitive time in

which any party claiming an interest in the funds to be distributed to First Bank and to the

Trustee pursuant to the Settlement will be required to file and serve an objection stating with

specificity its objection and the basis for asserting a claim.

**NO PRIOR REQUEST**

18.     No prior motion for the relief requested herein has been made to the Court in this

case.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully request that this Court enter an order

approving the proposed compromise, as it is in the best interests of the Debtor and the estate.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


By: /s/ Kevin M. Toner

James M. Carr (#3128-49)              *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin Toner (#11343-49)
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@faegrebd.com
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Mark A. Robinson
mrobinson@vhrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

John W. Ames
james@bgdlegal.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com

Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

David L. LeBas
dlebas@namanhowell.com

Jessica E. Yates
jyates@swlaw.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Todd J. Johnston
tjohnston@mcjllp.com

Karen L. Lobring
lobring@msn.com

Elliott D. Levin
edl@rubin-levin.net

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mike@kentuckytrial.com

C. R. Bowles, Jr
cbowles@bgdlegal.com

Jeffrey R. Erler
jeffe@bellnunnally.com

John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com

Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ishallcross@bgdlegal.com

William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

John Huffaker
john.huffaker@sprouselaw.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Walter Scott Newbern
wsnewbern@msn.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

John M. Rogers
johnr@rubin-levin.net

Jay P. Kennedy
jpk@kgrlaw.com

William E Smith
wsmith@k-glaw.com

John Hunt Lovell
john@lovell-law.net

Edward M King
tking@fbtlaw.com

Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com

Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

John M. Thompson
john.thompson@crowedunlevy.com

Matthew J. Ochs
kim.maynes@moyewhite.com

T. Kent Barber
kbarber@dlgfirm.com

Kirk Crutcher
kcrutcher@mcs-law.com

Theodore A Konstantinopoulos
ndohbky@jbandr.com

Lisa Koch Bryant
courtmail@fbhlaw.net

John David Hoover
jdhoover@hooverhull.com

John R. Burns
john.burns@faegrebd.com

Kayla D. Britton
kayla.britton@faegrebd.com

James Edwin McGhee
mcghee@derbycitylaw.com

Jerald I. Ancel
jancel@taftlaw.com

David Alan Domina
dad@dominalaw.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Michael Wayne Oyler
moyler@rwsvlaw.com

James E. Rossow
jim@rubin-levin.net

Steven A. Brehm
sbrehm@ bgdlegal.com

James M. Carr
james.carr@faegrebd.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

James A. Knauer
jak@kgrlaw.com

Christie A. Moore
cm@gdm.com

Peter M. Gannott
pgannott@gannottlaw.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Andrew D. Stosberg
astosberg@lloydmc.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Jennifer Watt
jwatt@kgrlaw.com

Thomas C Scherer
tscherer@bgdlegal.com

Jeffrey J. Graham
jgraham@taftlaw.com

Kent A Britt
kabritt@vorys.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Jason W. Cottrell
jwc@stuartlaw.com

James B. Lind
jblind@vorys.com

Anthony G. Raluy
traluy@fbhlaw.net

Jack S. Dawson
jdawson@millerdollarhide.com

Terry E. Hall
terry.hall@faegrebd.com

Erick P. Knoblock
eknoblock@daleeke.com

Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

James E. Smith
jsmith@smithakins.com

Kevin M. Toner
kevin.toner@faegrebd.com

Eric W. Richardson
ewrichardson@vorys.com

David A. Laird
david.laird@moyewhite.com

Trevor L. Earl
tearl@rwsvlaw.com

Joshua N. Stine
kabritt@vorys.com

Amelia Martin Adams
aadams@dlgfirm.com

Robert A. Bell
rabell@vorys.com

Melissa S. Giberson
msgiberson@vorys.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Jay Jaffe
jay.jaffe@faegrebd.com

Harmony A. Mappes
harmony.mappes@faegrebd.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Joe T. Roberts
jratty@windstream.net

Robert K. Stanley
robert.stanley@faegrebd.com

Andrea L. Wasson
andrea@wassonthornhill.com

Joshua Elliott Clubb
joshclubb@gmail.com

I further certify that on October 30, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

Darla J. Gabbitas
darla.gabbitas@moyewhite.com

/s/ Kevin M. Toner