**SO ORDERED: November 2, 2012.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**ORDER APPROVING DISCLOSURE STATEMENT, SCHEDULING CONFIRMATION HEARING, AND FIXING FILING DEADLINES**

This matter is before the Court on the *Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation* filed on July 23, 2012 [Docket No. 256], as amended by the *First Amended Disclosure Statement for Trustee's First Amended Chapter 11 Plan of Liquidation* filed on October 26, 2012 [Docket No. 1489] (the "Disclosure Statement") filed by James A. Knauer, as Trustee (the "Trustee") for the estate of Eastern Livestock Co., LLC (the "Debtor") and the plan proponent in the above captioned chapter 11 case (the "Chapter 11 Case"). The *Trustee's Chapter 11 Plan of Liquidation* was filed on July 23, 2012 [Docket No. 1255], as amended by the *Trustee's First Amended Chapter 11 Plan of Liquidation* filed on October 26, 2012 [Docket No. 1490] (the "Plan").

The following objections to the Disclosure Statement were filed (collectively, the "Objections"): (a) Peoples Bank Objection [Docket No. 1401] and People's Bank Renewed Objection [Docket No. 1468]; (b) Superior Livestock Auction, Inc. Objection [Docket No. 1469]; (c) Joplin Regional Stockyards, Inc. Objection [Docket No. 1470]; and (d) Alabama Livestock Auction, Inc., Sealy And Sons Livestock, LLP, Athens Stockyard, LLC, Billingsley Auction Sale, Inc., CPC Livestock, LLC, Carroll County Livestock Sales Barn, Inc., E4 Cattle Co., LLC, Edward J. Edens, IV, Macon Stockyards, Inc., Edwin A. Strickland, and Robert Rawls d/b/a Robert Rawls Livestock Objection [Docket No. 1473] (collectively, "Alabama Et Al."). The Trustee and Fifth Third Bank filed responses to the Objections [Docket Nos. 1496 and 1494, respectively].

A hearing to consider the Disclosure Statement was held after proper notice on October 31, 2012 (the "Hearing"). Peoples Bank withdrew its objections prior to the Hearing [Docket No. 1495]. Each of Superior Livestock Auction, Inc., and Joplin Regional Stockyards, Inc. withdrew its objection at the Hearing, reserving on the record the right to object to confirmation of the Plan on the same or similar grounds as may be applicable or relevant.

The Court, considering and being apprised of the record in this Chapter 11 Case, the Disclosure Statement, the statements and arguments of counsel at the Hearing, and being otherwise advised now **FINDS AND ORDERS**:

1. The Disclosure Statement contains adequate information as required by 11 U.S.C. § 1125 and is **APPROVED.**

2. Except as set forth herein, all objections are overruled to the extent not withdrawn. The objection filed by Alabama Et Al. is granted only as follows: the Trustee shall include a statement within the introduction of the Disclosure Statement (the "Litigation Statement") stating that there are current disputes as to whether certain assets are property of the

Estate and whether Fifth Third has a prior and valid security interest in any such asset; that the proposed plan does not resolve these current disputes; and that the return to creditors described in the plan could vary greatly based on the outcomes of the disputes and creditors are directed to Article IV, Section C of the Disclosure Statement describing current litigation.

3.   A hearing to consider confirmation of the Plan, and any objections or modifications thereto, is set for: **December 7, 2012 at 10:00 A.M. EST in Room 103, U.S. Courthouse, New Albany, IN 47150.**

4.   On or before **November 7, 2012**, the Trustee shall mail the Disclosure Statement, the Plan, a ballot in a form substantially similar to that set forth in Official Form No. 14 identifying the date by which a vote accepting or rejecting the Plan must be received (the "Ballot"), and a copy of this Order to all creditors entitled to vote on the Plan, equity security holders entitled to vote on the Plan, the United States Trustee, and the Internal Revenue Service in accordance with Fed. R. Bankr. P. 3017(d).  Bar dates for asserting claims in this Chapter 11 Case by all governmental and non-governmental creditors having been set as May 2, 2011 and June 30, 2011 and all such bar dates having passed, "creditors entitled to vote on the Plan" shall be (a) those persons that filed a proof of claim in the Chapter 11 Case and the claim has not been disallowed or withdrawn, (b) persons whose claims were scheduled on the Debtor's Schedule of Assets and Liabilities and were not marked as contingent, disputed, or unliquidated;  and (c) persons who were listed as counterparties to executory contracts or unexpired leases.  To the extent there are persons on the creditor matrix maintained by the claims agent in this case that are not "creditors entitled to vote on the Plan" as described above, the Trustee shall serve by mail or the Court's ECF system if applicable, a short notice (the "Notice of Plan Mailing and Confirmation Hearing") that states substantially the following: the Disclosure Statement, Plan, Ballot, and this Order (the "Solicitation Packet") have been mailed to creditors entitled to vote on

the Plan; that the person receiving this notice is not identified as a creditor entitled to vote on the Plan; and who to contact if the person believes he/she/it is entitled to vote on the Plan and did not receive a Solicitation Packet or if the person would like to receive a copy of the Plan and Disclosure Statement. Within 14 days of the date of this Order, the Trustee shall file a certificate of service identifying the persons (including addresses) that received a Solicitation Packet and the persons who received the Notice of Plan Mailing and Confirmation Hearing only. The Trustee may mail a CD-ROM version of the Plan and Disclosure Statement accompanied by a paper Ballot and a paper copy of this Order to creditors entitled to vote on the Plan and/or parties that receive the Notice of Plan Mailing and request a copy of the Plan and Disclosure Statement that are companies, associations, and institutions as identified by the Trustee; *provided however*, that any such CD-ROM so mailed is accompanied by instructions on how to receive a paper copy of the Disclosure Statement and Plan. All creditors entitled to vote on the Plan who are individuals must receive a paper copy of the entire Solicitation Packet.

5. Any objections to the confirmation of the Plan must be filed and served in accordance with Fed. R. Bankr. P. 3020(b)(1) on or before **December 4, 2012**.

6. Any ballots accepting or rejecting the plan shall be delivered to the Trustee or his agent at the address on the Ballot and must be received on or before **5:00 p.m. EST on November 28, 2012**. Unless waived by the Trustee, no Ballots may be accepted that are transmitted by facsimile or email. On or before **December 5, 2012**, the Trustee shall tabulate and certify the ballot report, and file the ballot report and the certification in accordance with S.D. Ind. B−3018−1.

###