**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT AMONG TRUSTEE, ESTATE, SUPERIOR LIVESTOCK AUCTION, INC., AND FIFTH THIRD BANK

This matter is before the Court on the *Motion To Approve Settlement Agreement Among Trustee, the Estate, Superior Livestock Auction, Inc., and Fifth Third Bank* [Docket # ___] ("Settlement Motion"). Pursuant to the shortened notice granted by this Court on November ___, 2012, the Settlement Motion was heard by the Court on November 19, 2012 ("Hearing"). The Court having found that all notices required under the Bankruptcy Code and Rules of Bankruptcy Procedure concerning the Settlement Motion were given, that all creditors and other parties in interest had adequate notice and opportunity to object to the Settlement Motion at the hearing, having reviewed and considered the pleadings related to the Settlement Motion and

related matters in this case, having conducted the hearing on the Settlement Motion and approval of the Settlement Agreement, having made the following findings of fact and conclusions of law as set forth in this Order in support of its approval of the Settlement Motion and Settlement Agreement, and being otherwise sufficiently advised:

IT IS HEREBY ORDERED that the Settlement Motion is GRANTED and the Settlement Agreement, a copy of which is attached to this Order as <u>Exhibit 1</u>, is APPROVED in all respects [and the objection(s) thereto are overruled.] The Parties to the Settlement Agreement are authorized, directed and ORDERED to perform all of their respective obligations under the Settlement Agreement, including but not limited to, making the Superior Payment;[1]

IT IS FURTHER ORDERED that to the extent that Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure may be deemed to be applicable, this Order approving the Settlement Agreement shall not be stayed for 14 days after the entry of this Order and shall be effective immediately upon entry.

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter comes before the Court on the Settlement Motion to approve the Settlement Agreement. The Court having reviewed and considered the pleadings related to the Settlement Motion, the record in this case, [no objection to the Motion having been timely filed] or [and having considered the objection(s) thereto], and being otherwise sufficiently advised, makes the following findings of fact and conclusions of law related to the Motion pursuant to Fed. R. Civ. P. 52(a) as incorporated herein by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).

---

[1] Capitalized terms not otherwise defined in this order ("Order") shall have the meaning given them in the Settlement Agreement.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Chapter 11 case and this adversary proceeding under 28 U.S.C. § 157. This matter arising under Federal Rule of Bankruptcy Procedure 9019(a) constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.  Venue for the Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## FINDINGS OF FACT

3.  The Trustee, on behalf of the Estate, has fully investigated the claims and causes of action involving the Debtor, the Estate, and Superior.

4.  All Parties to the Settlement Agreement negotiated its terms in a good faith and in an arms-length manner.

5.  The Settlement Agreement is both fair and equitable and in the best interests of the Estate, its creditors and other parties in interest.

## CONCLUSIONS OF LAW

6.  Under Bankruptcy Rule 9019(a), the Bankruptcy Court must determine whether a proposed compromise is "fair and equitable," Prot. Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), and "in the best interests of the estate," Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of

the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."); see also In re Doctors Hospital of Hyde Park, Inc., 474 F3d 421, 427 (7th Cir. 2007); In re Amer. Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987).

7. Under Bankruptcy Rule 9019(a), the Bankruptcy Court must determine whether a proposed compromise is "fair and equitable."

8. Approval of a proposed settlement is within the sound discretion of the Court. See In re Commercial Loan Corp., 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004). A settlement proposed by a debtor or trustee should be approved unless it "falls below the lowest point in the range of reasonableness." In re Doctors Hospital of Hyde Park, Inc., 474 F.3d at 426; In re Energy Cooperative, Inc., 886 F.2d 921, 929 (7th Cir. 1989) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)).

9. A court need not decide each question of law and fact raised by the settlement, or conduct a "mini trial" of the issues on the underlying claims, but rather should "canvass the issues" so that the reasonableness of the settlement may be evaluated. Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988); Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary hearing not required to approve settlement agreement under Bankruptcy Rule 9019); In re Energy Co-op, Inc., 886 F.2d 921, 928 (7th Cir. 1989) ("Nor is this Court required to try the underlying case and determine who would have prevailed"); In re Heissinger Resources Ltd., 67 B.R. 378, 383 (C.D. Ill. 1986) ("we reject the notion that a mini trial on the merits of the claim sought to be compromised is required").

10. While a court should not rubber stamp a trustee's settlement proposal, it may rely on the judgment of the trustee or debtors in possession in reviewing a proposed settlement. In re Amer. Reserve, 841 F.2d at 161. See also In re Teknek LLC, 402 B.R. 257, 261 (Bankr. N.D. Ill. 2009) (noting settlements are generally favored on contested claims and rejecting the debtor's former special counsel's objection to the proposed settlement).

11. Here, the Court finds that the Trustee made a detailed factual investigation and analysis of the issues related to the matters resolved by the Settlement Agreement and properly exercised his business judgment by entering into the Settlement Agreement on behalf of the Estate. The Settlement Agreement in this case is fair and equitable and meets the Rule 9019 standard for approval and is in the best interests of the estate, its creditors and other parties in interest.

12. The Court shall retain jurisdiction over the enforcement of this Settlement Agreement.

**SO ORDERED.**