UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | Adv. Pro. No. 11-59093 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK COMPANY, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY
BETWEEN EASTERN, FRIONA, CACTUS, J&F AND FIFTH THIRD**

James A. Knauer, the Chapter 11 Trustee appointed in this case ("Trustee"), by counsel, respectfully moves the Court to approve a compromise of controversy between Eastern Livestock Co., LLC ("Eastern" or "ELC"), Friona Industries, L.P. ("Friona"), Cactus Growers, Inc. ("Cactus"), J&F Oklahoma Holdings, Inc. ("J&F")[1] and Fifth Third Bank ("Fifth Third"), substantially in the form attached hereto as <u>Exhibit 1</u>. The proposed compromise and settlement (the "Settlement") resolves the claims of the Texas Feedyards over funds interpleaded in connection with Adversary Proceeding No. 11-59093 ("*Texas Interpleader*") as well as other controversies and claims involving the Texas Feedyards pending in this case ("Chapter 11 Case"). The proposed Settlement is a just and efficient means of settling the controversy between the parties. In support of the Motion, the Trustee states:

---

[1] Friona, Cactus, and J&F are referenced collectively hereafter as the "Texas Feedyards."

1.      Certain petitioning creditors commenced the above-captioned Chapter 11 case against the Debtor on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code.  This Court entered an Order For Relief In An Involuntary Case And Order To Complete Filing [Dkt. No. 110] on December 28, 2010.

2.      On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] (the "Trustee Order") pursuant to 11 U.S.C. § 1104.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

## BACKGROUND

5.      The Texas Feedyards own, or are associated with entities that own, cattle feedyards, many of which are located in Texas.  They each purchased and received large numbers of cattle from Eastern on a regular basis.  As the news of Eastern's business failure began to circulate during early November 2010, the Texas Feedyards began receiving demands from Eastern's suppliers and from others for the return of cattle and for transfers of sales proceeds.  Each of the Texas Feedyards stopped payment to Eastern for deliveries, cancelled their open contracts with Eastern, and held the sales proceeds in abeyance in the hope that the problem would work itself out.  After it became clear that Eastern's business had failed, but before the Chapter 11 Case was filed, the Texas Feedyards initiated the interpleader claims that are currently pending in the *Texas Interpleader*.

6.      On November 11, 2010, Friona filed a Complaint in the Nature of an Interpleader, assigned Case No. 2:10-cv-00266-J, styled *Friona Industries, L.P. vs. Eastern Livestock Co.,*

*Inc., et al*, in the United States District Court for the Northern District of Texas, Amarillo Division. On November 19, 2010, Cactus intervened and filed a Complaint in the Nature of an Interpleader. On November 30, 2010, J&F intervened and filed a Complaint in the Nature of an Interpleader. In connection with those claims, the Texas Feedyards interpleaded substantial funds which were subsequently transferred into the Court's registry. The current principal balance of the interpleader funds (the "Interpleader Funds") is $7,218.995.65.

7. Each of the Texas Feedyards named ELC and Fifth Third Bank as defendants in the *Texas Interpleader*. Many other parties were joined or intervened, including cattle sellers who claimed rights to part of the Interpleader Funds because they delivered cattle to ELC without payment.

8. On February 4, 2011 Fifth Third filed Claim No. 13 in the Chapter 11 Case seeking recovery from a first position lien on all of ELC's receivables, inventory, and other assets.

9. The Texas Feedyards respectively filed Claim No. 237 (J&F), Claim No. 239 (apparently duplicated in the Claims Register also as Claim No. 240) (Friona), and Claim No. 248 (Cactus) based on prepetition losses they incurred based on the business failure of ELC. These parties claimed more than $1,755,445 by way of recoupment and/or offset plus attorneys' fees under applicable interpleader statutes or rules.[2]

10. The Trustee, Texas Feedyards, Fifth Third, and other parties participated in a Court-authorized two-day mediation session on October 9 and October 10, 2012 in Louisville, Kentucky. As a result of that mediation and further negotiations, they have agreed to settle their disputes as more fully set forth in the Settlement Agreement and Mutual Release attached hereto as <u>Exhibit 1</u> (the "Settlement Agreement").

---

[2] Friona seeks $784,915.62. Cactus seeks $641,053.22. J&F seeks $329,477.08.

51001296_1.DOCX                                       3

11. Trustee believes the proposed compromise as set forth in the Settlement Agreement is in the best interest of Debtor's estate and Debtor's creditors.

## BRIEF IN SUPPORT

**A. The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

12. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

13. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

14. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

15. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

16. The Settlement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its estate. As set forth more specifically in the Settlement Agreement, the Settlement resolves material components of pending litigation, resolves disputes and except for the Reserved Claims(as defined in the Settlement Agreement), provides for a mutual release of claims between each of the Texas Feedyards, Fifth Third, the Debtor, Trustee, and the Trustee's professionals.

17. The Trustee anticipates that the proposed settlement will not affect the final resolution of any of the claims still pending in the *Texas Interpleader*. The current balance of the Interpleader Funds ($7,218.995.65) vastly exceeds the Settlement Amounts to be paid to the Texas Feedyards pursuant to Section 1 of the Settlement Agreement. The compromise of these claims along with other settlements the Trustee has negotiated with Superior Livestock Auction, Inc. and other parties has dramatically reduced the amounts still in controversy in the adversary proceeding.

18. For these reasons, the Settlement maximizes the value of the Debtor's assets and minimizes the burden to its estate. The Settlement should be approved pursuant to Bankruptcy Rule 9019.

## NOTICE

19. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in which any party claiming an interest in the funds to be distributed to First Bank and to the Trustee pursuant to the Settlement will be required to file and serve an objection stating with specificity its objection and the basis for asserting a claim.

## NO PRIOR REQUEST

20. No prior motion for the relief requested herein has been made to the Court in this case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the proposed compromise, as it is in the best interests of the Debtor and the estate.

Respectfully submitted,

FAEGRE BAKER DANIELS, LLP


By: /s/ Kevin M. Toner

*Counsel for James A. Knauer, Chapter 11 Trustee*

James M. Carr (#3128-49)
Kevin Toner (#11343-49)
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
jim.carr@faegrebd.com
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@ bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |

| | | |
|---|---|---|
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |

9

| | | |
|---|---|---|
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | | |

   I further certify that on November 14, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

                   /s/ Kevin M. Toner