UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**THIRD INTERIM APPLICATION OF DEVELOPMENT SPECIALISTS, INC. FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS CONSULTANT FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE**

James A. Knauer, the chapter 11 trustee (the "Trustee") appointed in this case, files this third interim application (the "Application") on behalf of Development Specialists, Inc. ("DSI") for the allowance and payment of DSI's fees as consultant for James A. Knauer, the chapter 11 trustee (the "Trustee") appointed in Eastern Livestock Co., LLC and for reimbursement of out-of-pocket expenses incurred on behalf of the Trustee. In support of this Application, the Trustee states as follows:

1. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). This Court entered the *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102] ("Trustee Order"), approving the United States Trustee's *Notice Of Appointment And Application for Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Court, by order dated February 8, 2011 [Docket #257], approved the Trustee's retention of DSI as the Trustee's consultant.

4. This Application is the third interim application filed on behalf of DSI seeking compensation and reimbursement of out-of-pocket expenses incurred by the consultant for the Trustee for the period September 1, 2011 through and including October 31, 2012.

5. As consultant to the Trustee, DSI performed a variety of services, all of which are described in detail in the time entries attached as <u>Exhibit A</u>. The services performed by DSI for and on behalf of the Trustee include, but are not limited to, the following categories:

    a. <u>Fee Application/Client Billing</u>.  DSI prepared the second interim fee application. DSI spent a total of 9.80 hours at a total cost of $4,484.00 in connection with this category.

    b. <u>Attend Court Hearings</u>. DSI attended a number of Bankruptcy Court hearings telephonically that related to litigation, fee applications, Plan of Reorganization and motion to remove the Trustee.  DSI spent a total of 2.00 hours at a total cost of $852.50 in connection with this category.

    c. <u>Business Analysis</u>.  DSI prepared numerous analyses during the period including:

        i. Maintenance of post-petition books and records of the Debtor;
        ii. Preparation of weekly receipts and disbursements reports;
        iii. Submission of weekly disbursement requests to Fifth Third Bank;
        iv. Preparation of weekly and monthly operating and professional fee budgets;
        v. Preparation of estimated range of values of the Debtor's assets, and;
        vi. Analysis of source of cash received by the Debtor, including investigation of purchase money claims.

DSI spent 118.10 hours at a total cost of $44,641.00 in connection with this category.

    d. <u>Plan of Reorganization</u>.  DSI reviewed and provided commentary on draft Disclosure Statements and provided lists of potential causes of action to be preserved in a Plan of Reorganization.  DSI spent 25.00 hours at a total cost of $9,875.00 in connection with this category.

e. <u>Bankruptcy Schedules</u>. DSI accumulated updated information and performed analyzes to file amended Schedules and Statements of Financial Affairs. DSI spent 6.50 hours at a total cost of $2,498.50 in connection with this category.

f. <u>Monthly Bankruptcy/Semi Annual Reports</u>. DSI prepared monthly operating reports in accordance with federal and local rules. DSI spent 91.30 hours at a total cost of $34,468.50 in connection with this category.

g. <u>A/R Review/Collection</u>. DSI continued efforts to collect accounts receivable and sell cattle for which the Debtor had an interest. Due to the overlapping nature of the Debtor's accounts receivable and inventory, both of these efforts were included in this billing category. As a result of these efforts, the Trustee has commenced litigation against a number of third parties and will be filing additional lawsuits in the future. DSI spent 158.20 hours at a total cost of $60,679.50 in connection with this category.

h. <u>Preference Analysis</u>. DSI analyzed transactions and disbursements preceding the filing of this bankruptcy case for ninety days for non-insiders and for one year for insiders. DSI's analysis provided the support for preference demands and litigation to be filed. DSI spent 127.70 hours for a total cost of $48,641.00 in connection with this category.

i. <u>Claims Analysis</u>. DSI reconciled claims filed in the bankruptcy case compared to liabilities per the company's records and then compared both to the Grain Inspection, Packers & Stockyards Administration (GIPSA) bond claims. DSI spent 29.30 hours for a total cost of $11,199.50 in connection with this category.

j. <u>Tax Issues</u>. DSI provided the tax preparer with financial information adjusted for the fraudulent activities so the Debtor could file its 2010 and 2011 tax returns.

        DSI spent 13.60 hours for a total cost of $5,104.00 in connection with this category.

k.    <u>Managing Business Operations</u>. DSI maintained the Debtor's office, supervised remaining staff, provided for record storage, coordinated disbursements and oversaw the vacating of the New Albany office. DSI spent 235.60 hours for a total cost of $88,148.00 in connection with this category.

l.    <u>Auction Preparation</u>. DSI staged building contents for sale through an auction process and provided supervision of same. DSI spent 14.60 hours for a total cost of $5,464.00 in connection with this category.

m.    <u>Sale of Assets.</u> DSI analyzed values of miscellaneous assets including notes receivable and assisted with negotiations to liquidate selected Debtor assets. DSI spent 62.80 hours for a total of $24,219.00 in connection with this category.

n.    <u>Secured Lenders/Cash Collateral</u>. DSI interfaced with representatives from Fifth Third Bank through periodic teleconferences and reporting. DSI provided the secured lenders with the following information on a routine basis:

      i.   Weekly budget to actual report
      ii.  Weekly request for funding
      iii. 13-Week cash disbursement budget
      iv. Estimated range of potential recoveries
      v.  Status of accounts receivable collection efforts
      vi. Litigation strategy
      vii. Contract valuation
      viii. Professional fee budgets

DSI spent 18.30 hours for a total cost of $7,439.00 in connection with this category.

o.    <u>Creditors/Creditors Committee Contact.</u> DSI participated in conference calls with the Creditors to discuss the status of the case. DSI spent 14.50 hours for a total cost of $5,621.50 in connection with this category.

p. <u>Litigation Support</u>. DSI researched and responded to numerous requests from counsel relating to general litigation and responding to subpoena requests unrelated to specific litigation matters segregated below. DSI spent 141.40 hours for a total cost of $54,600.00 for assisting with this category.

q. <u>Travel at one-half</u>. DSI consultants charged travel time at one-half of the regular hourly rate for travel to and from sites of business. DSI spent 132.00 hours for a total cost at half billing rates of $25,703.75 in connection with this category.

r. <u>Litigation Support – Superior Livestock</u>. Superior Livestock was a significant supplier to the Debtor. Superior has filed an Adversary Proceeding against Eastern Livestock. DSI's efforts relating to Superior Livestock litigation relates to reconciling transactions between Superior Livestock and Eastern Livestock and determining whether the underlying supplier had been paid. In addition, DSI responded to a subpoena request. DSI spent 268.60 hours at a total cost of $102,213.00 in connection with this category.

s. <u>Litigation Support – Seals/Downs</u>. DSI investigated and documented potential causes of action and amounts due from these former branch managers. DSI spent 6.60 hours for a total cost of $2,491.50 in connection with this category.

t. <u>Litigation Support – R. Nichols</u>. DSI investigated and documented potential causes of action and amounts due from this former branch manager. DSI spent 48.50 hours totaling $18,774.50 in connection with this category.

u. <u>Litigation Support – E. Edens</u>. DSI investigated and documented potential causes of action and amounts due from this former branch manager. DSI spent 223.00 hours totaling $86,814.50 in connection with this category.

v. <u>Litigation Support – Thomas P. Gibson</u>. DSI analyzed documents supporting the allegation of a kiting scheme between the Debtor, Thomas P. Gibson and

-5-

|     | other insiders, and responded to information requests from T. Gibson's lenders. DSI also analyzed potential beneficiaries of the inappropriate transfers made to T. Gibson bank accounts. DSI spent 242.50 hours for a total cost of $87,798.00 in connection with this category. |
|-----|---|
| w.  | <u>Litigation Support – East West Trucking</u>. DSI investigated potential transfers to East West Trucking during the preference period and provided documentation of amounts due from East West Trucking notes receivable. DSI spent 19.70 hours for a total cost of $7,346.00 in connection with this category. |
| x.  | <u>Litigation Support – Interpleaders</u>. Four interpleader actions were filed in Texas, Kansas, Wisconsin and Colorado. Each interpleader was researched and reconciled to Eastern's book and records, noting any variances. DSI spent 28.40 hours for a total cost of $10,969.00 in connection with this category. |
| y.  | <u>Litigation Support – SOLM</u>. DSI provided analysis and documentation relating to SOLM litigation. DSI spent 11.20 hours for a total cost of $4,285.00 in connection with this category. |
| z.  | <u>Litigation Support – DelCotto Law Clients</u>. DSI participated in discussions with counsel for this group of creditors and attempted to reconcile transactions and outstanding balances. DSI spent 18.80 hours for a total cost of $7,109.50 in connection with this category. |
| aa. | <u>Litigation Support – Royal Beef</u>. DSI analyzed transactions with Royal Beef to determine amounts owing and evaluate whether there is basis for litigation. DSI spent 39.40 hours for a total cost of $15,349.50 in connection with this category. |

bb. <u>Litigation Support – Peoples Bank</u>. DSI issued a report opining on whether Eastern Livestock was insolvent as of September 2008 in support of pending litigation with Peoples Bank. DSI spent 151.40 hours for a total cost of $62,639.00 in connection with this category.

cc. <u>Litigation Support – Fifth Third preference</u>. DSI performed an analysis of the value of Fifth Third Bank's collateral in relation to its outstanding loans as of the petition date compared to 90 days previous. DSI spent 237.50 hours for a total cost of $96,393.00 in connection with this category.

6. DSI has reviewed its detailed time entries, and has attempted to eliminate double billing for conference time between DSI's timekeepers, except where the participation of the timekeepers has demonstrable benefit to the estate. Where possible and efficient, DSI encourages the use of lesser billing rate consultants to perform labor intensive tasks, with oversight and review by more experienced consultants.

7. <u>Exhibit A</u> provides the detail of the time entries for each DSI consultant who has performed services in this case. A summary of the fees requested by DSI for each consultant and the number of hours worked for each individual, the billing rate requested and the total fees claimed is set forth below.

| Consultant | Hours | Hourly Rate | Total |
|---|---|---|---|
| P. O'Malley | 2.00 | $267.50 | $535.00 |
| P. O'Malley | 6.00 | 275.00 | 1,650.00 |
| P. O'Malley | 43.50 | 535.00 | 23,272.50 |
| P. O'Malley | 49.10 | 550.00 | 27,005.00 |
| A. J. Omori | 31.50 | 185.00 | 5,827.50 |
| A. J. Omori | 42.00 | 187.50 | 7,875.00 |
| A. J. Omori | 331.70 | 370.00 | 122,729.00 |
| A. J. Omori | 790.80 | 375.00 | 296,550.00 |
| S. L. Farrell | 54.80 | 215.00 | 11,782.00 |
| E. M. Lynch | 31.50 | 192.50 | 6,063.75 |
| E. M. Lynch | 19.00 | 197.50 | 3,752.50 |

| | | | |
|---|---:|---:|---:|
| E. M. Lynch | 350.90 | 385.00 | 135,096.50 |
| E. M. Lynch | 743.50 | 395.00 | 293,682.50 |
| | 2,496.30 | | $935,821.25 |

8.DSI has incurred and advanced the sum of $40,787.03 for out-of-pocket expenses incurred in connection with this case on behalf of the Trustee during the period from September 1, 2011 through and including October 31, 2012. A summary of the out-of-pocket expenses incurred by DSI is set forth in Exhibit B.

9.DSI established certain category codes that cause related time to be grouped together to facilitate the review of the firm's requested fees by the Court, the United States Trustee, and creditors. Set forth below is a summary of the aggregate billings under the established categories for the period September 1, 2011 through and including October 31, 2012.

| Category Name | Hours | Value |
|---|---:|---:|
| Fee Application/Client Billing | 9.80 | $4,484.00 |
| Attend Court Hearings/Review Pleadings | 2.00 | 852.50 |
| Business Analysis | 118.10 | 44,641.00 |
| Plan of Reorganization/Disclosure Stmts. | 25.00 | 9,875.00 |
| Bankruptcy Schedules | 6.50 | 2,498.50 |
| Monthly Bankruptcy/Semi-Annual Reports | 91.30 | 34,468.50 |
| A/R Review/Collection | 158.20 | 60,679.50 |
| Preference Analysis | 127.70 | 48,641.00 |
| Claims Analysis/Objections | 29.30 | 11,199.50 |
| Tax Issues | 13.60 | 5,104.00 |
| Managing Business Operations | 235.60 | 88,148.00 |
| Auction Preparation | 14.60 | 5,464.00 |
| Sale of Assets | 62.80 | 24,219.00 |
| Secured Lenders/Cash Collateral | 18.30 | 7,439.00 |
| Creditors/Creditors' Committee Contact | 14.50 | 5,621.50 |
| Litigation Support – General | 141.40 | 54,600.00 |
| Travel at ½ | 132.00 | 25,703.75 |
| Litigation Support – Superior | 268.60 | 102,213.00 |
| Litigation Support - Seals/Downs | 6.60 | 2,491.50 |
| Litigation Support – Nichols | 48.50 | 18,774.50 |
| Litigation Support – Edens | 223.00 | 86,814.50 |
| Litigation Support - Thomas P. Gibson | 242.50 | 87,798.00 |
| Litigation Support - East West Trucking | 19.70 | 7,346.00 |
| Litigation Support – Interpleaders | 28.40 | 10,969.00 |
| Litigation Support – SOLM | 11.20 | 4,285.00 |
| Litigation Support – DelCotto Law Clients | 18.80 | 7,109.50 |

-8-

| | | |
|---|---:|---:|
| Litigation Support – Royal Beef | 39.40 | 15,349.50 |
| Litigation Support – Peoples Bank | 151.40 | 62,639.00 |
| Litigation Support – 5/3 Preference | 237.50 | 96,393.00 |
| GRAND TOTALS | 2,496.30 | $935,821.25 |

1.      Prior to the filing of the involuntary bankruptcy Eastern Livestock had been placed in a state court receivership (November 10, 2010), Elizabeth M. Lynch of DSI was named Receiver and DSI was named the Receiver's financial advisor.  After the involuntary bankruptcy, Ms. Lynch of DSI was appointed as Custodian until the Trustee was appointed.  The Receiver and DSI filed a fee application for the period between the filing of the involuntary bankruptcy and the date of the appointment of the Trustee ("the Custodial Period") on February 9, 2011. Payment for the Custodial Period fee application, comprised of $160,023.50 for fees and reimbursement of $15,699.30 for expenses, has been received by DSI.

2.      DSI filed its First Interim Fee Application on June 2, 2011.  Payment for the first interim fee application, comprised of $816,837.00 for fees and reimbursement of $89,422.48 for expenses, has been received by DSI.

3.      DSI filed its Second Interim Fee Application on November 11, 2011.  Payment for the second interim fee application, comprised of $468,708.75 for fees and reimbursement of $54,610.91 for expenses, has been received by DSI.

4.      This Application is the third application of DSI since its appointment as consultant for the Trustee in this case.

5.      No agreement or understanding exists between DSI and any other person or entity for the sharing of compensation received for services rendered in connection with this case.

6.      All services rendered and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf of the Trustee and represent necessary and proper financial advisory services in the administration of this chapter 11 case.

WHEREFORE, DSI requests (i) the Court to award an allowance of compensation for consulting fees in the amount of Nine Hundred Thirty-Five Thousand, Eight Hundred Twenty-One and 25/100 Dollars ($935,821.25) plus reimbursement for out-of-pocket expenses incurred in the amount of Forty Thousand Seven Hundred Eighty-Seven and 03/100 Dollars ($40,787.03), and (ii) grant DSI all other just and proper relief.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By:  /s/ James A. Knauer

James A. Knauer  *Chapter 11 Trustee on behalf of Consultant,*
111 Monument Circle, Suite 900  *Development Specialists, Inc.*
Indianapolis, Indiana 46204-5125
Telephone:   317-692-9000
Facsimile:  317-777-7451
jak@kgrlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on November 21, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

-12-

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | | |

      I further certify that on November 21, 2012, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher        Darla J. Gabbitas
asr@blancolaw.com    darla.gabbitas@moyewhite.com

                                                            /s/ James A. Knauer