UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**SECOND INTERIM APPLICATION OF HOOVER HULL LLP FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE**

Hoover Hull LLP ("Hoover Hull") hereby makes its second interim application ("Application") for the allowance and payment of its attorneys' fees as special counsel for James A. Knauer, the chapter 11 trustee appointed in this case (the "Trustee") and for reimbursement of out-of-pocket expenses advanced on behalf of the Trustee. In support of this Application, Hoover Hull states as follows:

1. Petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). This Court entered its *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2. On December 27, 2010, the Court entered its *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102] ("Trustee Order"), approving the United States Trustee's *Notice Of Appointment And Application for Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Court, by order dated February 1, 2011 [Docket #248], approved the Trustee's retention of Hoover Hull as the Trustee's special counsel. The Order approved the Trustee's employment of Hoover Hull (a) to provide legal advice and litigation analysis to the Trustee regarding the proof of claim filed by Fifth Third Bank ("Fifth Third"), including whether Fifth Third has a valid, perfected, first priority pre-petition claim in the amount asserted in the proof of claim; and (b) to represent the Trustee in the prosecution of claims, if any, asserted against Fifth Third.

4. This Application is the second interim application filed by Hoover Hull seeking compensation and reimbursement of out-of-pocket expenses advanced by special counsel for the Trustee for the period September 1, 2011 through and including October 31, 2012.

5. In the course of its representation of the Trustee, Hoover Hull has performed a variety of services related to the investigation of claims and objections asserted by or against Fifth Third Bank, N.A., all of which are described in detail in the billing statements attached as **Exhibit A**. Among other things, Special Counsel conducted twelve (12) Rule 2004 Examinations of Fifth Third former and current personnel - six (6) members of the "bank protection" business unit; three (3) members of the "line of business" business unit; one (1) member of the credit department; and two (2) members of the field examination group. In addition, Special Counsel conducted a Rule 2004 examination of Wayne Stoffel, an independent consultant who performed field exams on Eastern Livestock, LLC ("ELC") in the spring and fall of 2010. Special Counsel also reviewed and analyzed in excess of 60,000 pages of documents produced by Fifth Third, Mr. Stoffel, Wells Fargo and documents received from Metcalfe County, Kentucky. Special Counsel researched and analyzed potential statutory and common law claims that the Estate may have against Fifth Third including but not limited to, preferences,

equitable subordination and aiding and abetting fraud and breach of fiduciary duty. Special Counsel also examined the effect standing and *in pari delicto* may have on such claims.

6.  Hoover Hull has reviewed its detailed summary of time, and has attempted to eliminate double billing for conference time between Hoover Hull's timekeepers, except where the participation of the timekeepers has demonstrable benefit to the estate. The designation of "NC" or "$0.00" after a description of services means that no time has been charged for those services. Where possible and efficient, Hoover Hull encourages the use of lesser billing rate attorneys to perform labor intensive tasks, with oversight and review by more experienced attorneys.

7.  Hoover Hull has redacted its invoices to preserve the applicable attorney client privilege and attorney work product and to otherwise avoid prejudice to the interests of the Trustee. **Exhibit A** provides the detail of the time and hourly billing rate for each attorney, law clerk or paralegal of Hoover Hull who has performed services in this case. A summary of the fees requested by Hoover Hull for each such attorney, law clerk or paralegal and the number of hours worked for each individual, the billing rate requested and the total fees claimed is set forth below, segregated into separate matters for accounting and billing purposes:

| Attorney/Paralegal Name | Hours | Rate | Total Fee |
|---|---|---|---|
| JD Hoover | 110.5 | $390 | $43,095.00 |
| ST White | 1,122.0 | $310 | $347,820.00 |
| MB Millis | 27.2 | $310 | $8,432.00 |
| JT Walton | 137.7 | $275 | $37,867.50 |
| **TOTALS** | 1397.4 | | $437,214.50 |

6.  Hoover Hull has advanced the sum of $39,043.16 for out-of-pocket expenses incurred in connection with this case on behalf of the Trustee during the period from September

1, 2011 through and including October 31, 2012. A summary of the out-of-pocket expenses incurred by Hoover Hull is set forth in **Exhibit A**.

7. On December 19, 2011, this Court granted Hoover Hull's First Interim Application for Compensation and Reimbursement of Expenses as Special Counsel for the Trustee allowing $56,757.50 in attorneys' fees and out of pocket expenses in the amount of $845.64 for the period January 14, 2011 through and including August 31, 2011.

8. No agreement or understanding exists between Hoover Hull and any other person or entity for the sharing of compensation received for services rendered in connection with this case.

9. All services rendered and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively on behalf of the Trustee and represent necessary and proper legal assistance in the administration of this chapter 11 case.

WHEREFORE, Hoover Hull requests (i) the Court to award compensation by allowing attorneys' fees in the amount of Four Hundred Thirty-Seven Thousand Two Hundred Fourteen Dollars and 50/100 Dollars ($437,214.50) plus order reimbursement for out-of-pocket expenses incurred in the amount of Thirty-Nine Thousand Forty-Three Dollars and 16/100 Dollars ($39,043.16), and (ii) grant Hoover Hull all other just and proper relief.

Respectfully submitted,

/s/ *Sean T. White*
John David Hoover (#7945-49)
jdhoover@hooverhull.com
Sean T. White (#20428-49)
swhite@hooverhull.com
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN  46244-0989
Telephone: (317) 822-4400
Facsimile: (317) 822-0234

Special Counsel for James A. Knauer, Chapter 11 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2012 the foregoing was filed electronically.  Notice of this filing was sent to all counsel of record through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's System.

/s/ *Sean T. White*
Sean T. White

639266_1/8728-1