UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**THIRD INTERIM APPLICATION OF JAMES A. KNAUER FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS CHAPTER 11 TRUSTEE**

James A. Knauer, the Chapter 11 Trustee appointed in this case ("Trustee") hereby makes his second interim application ("Application") for the allowance and payment of his fees incurred as Trustee and for reimbursement of out-of-pocket expenses advanced by the Trustee. In support of this Application, the Trustee states as follows:

1. Petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). This Court entered its *Order For Relief In An Involuntary Case And Order To Complete Filing* [Docket #110] on December 28, 2010.

2. On December 27, 2010, the Court entered its *Order Approving The Appointment Of James A. Knauer As Chapter 11 Trustee* [Docket #102] ("Trustee Order"), approving the United States Trustee's *Notice Of Appointment And Application for Order Approving Appointment of Trustee* [Docket #98] pursuant to 11 U.S.C. § 1104.

3. This Application is the third interim application filed by the Trustee seeking compensation for actual, necessary services rendered by the Trustee and reimbursement of out-of-pocket expenses advanced by the Trustee for the period October 1, 2011 through and including October 31, 2012.

4. Following his appointment by the United States Trustee, the Trustee has performed a variety of services, all of which are described in detail in the billing statements attached as Exhibit A.

5. Exhibit A provides the detail of the time and hourly billing rate for the Trustee. A summary of the fees requested by the Trustee and the number of hours worked, the billing rate requested and the total fees claimed is set forth below:

| Task Description | Hours | Value |
|---|---|---|
| 1 -Asset Analysis and Recovery | 28.60 | $12,077.00 |
| 2 -Asset Disposition | 8.60 | $3,781.00 |
| 3 -Business Operations | 0 | 0 |
| 4 - Case Administration | 196.1 | $91,755.00 |
| 5 -Claims Administration And Objections | 1.00 | $468.00 |
| 6 - Fee/Employment Applications | 4.90 | $2,239.50 |
| 7 -Financing | 1.40 | $693.00 |
| 8 -Litigation | 104.60 | $48,117.00 |
| 9 -Relief from Stay Proceedings | 2.30 | $1,012.25 |
| 10 -Litigation Consulting | 89.90 | $42,490.50 |
| 11 -Travel | 18.00 | $8,470.00 |
| No Charge | (75.20) | ($35,720.00) |
| Total | 455.40 | $211,103.25 |

6. The Trustee has advanced the sum of $2,608.92 for out-of-pocket expenses incurred in connection with this case during the period from October 1, 2011 through and including October 31, 2012. A summary of the out-of-pocket expenses incurred by the Trustee is set forth at the end of Exhibit A.

7.      Exhibit A provides the detail of the time and hourly billing rate charged by the Trustee for his services in this case during the third period. who has performed services in this case during the Third Period. On or about July 10, 2012, certain parties in interest filed motions to remove James A. Knauer as trustee for the estate of the Debtor. See Docket Nos. 1237, 1239, 1248, and 1377 (collectively, the "Trustee Removal Motions"). On August 31, 2012, the Court entered orders denying the Trustee Removal Motions (Docket Nos. 1388). Though denying the relief sought by the parties in interest, the Court ordered that the Trustee should seek no compensation for matters related to the Trustee Removal Motion. The Trustee has reviewed this Third Interim Application in light of the Court's order and has identified the sum of $35,720.00 as fee charges to which the Trustee believes the Court Order applies. Those fee items are identified on Exhibit A by an "N/C" next to the time entry.

8.      The Trustee has maintained a very large website which includes all of the pleadings filed in this case as well as all of the pleadings filed in the related cases of East West Trucking, Inc. and the Thomas and Patsy Gibson bankruptcy estates. This website additionally contains hearing transcripts, a blog of case developments, the pleadings filed in significant adversary proceedings, including inter-pleader cases, a listing of current events, links to news articles and information on filing of claims, links to claim forms and filing deadlines. The site also contained information for the filing of bond claims related to the Debtor's USDA bond. Primary responsibility for maintenance and posting to the website rests with the Trustee's Paralegal whose normal hourly billing rate is $115 per hour. From October 1, 2011 through October 31, 2012, the work of the Trustee's Paralegal in maintaining the Eastern Livestock website, based upon her

normal hourly rates, equals $115.00 as depicted on <u>Exhibit B</u>.[1]  Recognizing that the website overlaps with certain ministerial functions that would ordinarily be required to be performed by the Trustee's Paralegal, the Trustee seeks to recover what he believes is a reasonable cost of providing the services related to the website of 50% of the Paralegal's time, or the sum of $16,666.57 which approximates a cost of $1,282.04 per month.

9. The Trustee previously submitted his First Application for Interim Compensation as allowed the sum of $128,673.00, plus reimbursement for expenses of $17,755.65.  Following the Trustee's Second Application for Interim Compensation, he was allowed the sum of $48,328.50 as fees and reimbursement of expenses of $8,420.15.  This Application is the third interim application of the Trustee.

10. No agreement or understanding exists between the Trustee and any other person or entity for the sharing of compensation received for services rendered in connection with this case, except his law firm.

11. All services rendered and all expenses incurred for which compensation or reimbursement is sought have been rendered or incurred exclusively by the Trustee and represent necessary and proper services rendered in the administration of this Chapter 11 Case.

THEREFORE, the Trustee requests (i) the Court award compensation to the Trustee on account of his work in the case in the amount of $211,103.25 plus

---

[1] The Trustee's Paralegal has devoted many hours to assisting the Trustee which are not reflected on the entries related to the website in Exhibit "B" which is solely the website.  The cost of the non-website time is subsumed in the Trustee's fee application.

-4-

reimbursement for out-of-pocket and website expenses incurred in the amount of $2,608.92 and $16,666.57 and (ii) grant the Trustee all other just and proper relief.

          Respectfully submitted,

          KROGER, GARDIS & REGAS, LLP

     By: /s/ James A. Knauer

          James A. Knauer, Chapter 11 Trustee
          111 Monument Circle, Suite 900
          Indianapolis, Indiana 46204-5125
          Telephone: 317-692-9000
          Facsimile: 317-777-7451
          jak@kgrlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2012, a copy of the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James A. Knauer
James A. Knauer,
Chapter 11 Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Telephone: 317-692-9000
Facsimile: 317-777-7451
jak@kgrlaw.com