**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC. | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| DEBTOR. | ) | CHAPTER 11 |
| | ) | |

**OBJECTION TO CONFIRMATION OF TRUSTEE'S CHAPTER 11 PLAN OF**
**LIQUIDATION**

Taylor Reed and Ron Reed (the "Movants"), by and through counsel, hereby file their Objection to Confirmation of Trustee's Chapter 11 Plan of Liquidation (the "Objection"). In support of the Objection, the Movants state as follows:

**BACKGROUND**

1.      On December 6, 2010, an involuntary petition was filed against Eastern Livestock Co. LLC (the "Debtor").  The Order for Relief was entered on December 28, 2010.

2.      On December 16, 2010, this Court ordered the appointment of a Chapter 11 Trustee. On December 23, 2010, the Office of the United States Trustee ("UST") appointed James Knauer (the "Trustee") as Chapter 11 Trustee in this case. The Court approved Faegre Baker Daniels LLP ("FBD") as general bankruptcy counsel for the Debtor's estate (the "Estate").

3.      On July 23, 2012, the Trustee filed Trustee's Chapter 11 Plan of Liquidation [Doc. No. 1255], as amended, (the "Plan") and the Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation, as amended [Doc. No. 1256] (the "Disclosure Statement").

4.      The Disclosure Statement was approved on November 2, 2012, with the confirmation hearing set for December 7, 2012 [Doc. No. 1516].

5.      Taylor Reed filed a timely proof of claim in the amount of $391,155.40 [POC No. 153].

6.      Ron Reed filed a timely proof of claim in the amount of $175,044.18 [POC No. 152].

7.      The Movants are classified as Class 2 Claimants under the Plan and according to the terms of the Plan are not entitled to vote on the Plan because they are deemed "unimpaired." *See* Plan, Section 4.2.  Class 2 Claims consist of "all Allowed Secured Claims other than the Allowed Secured Claim of Fifth Third. *Id*.

8.      The Movants object to confirmation of the Plan because, as currently written, the Plan violates 11 U.S.C. §1129(a)(1), §1129 (a)(7), and  §1129 (b)(1).

## ARGUMENT

9.      A chapter 11 plan can be confirmed if all of the confirmation requirements set forth in § 1129(a) of the Bankruptcy Code are satisfied.  *See generally* 11 U.S. C. § 1129(a).

10.      In this case, the Plan's treatment of holders of Class 2 Claims violates 1129(a)(7) because it fails to provide for any payment of the unsecured portion of Class 2 claims, and thereby provides less than the holder would receive in a chapter 7 liquidation.[1] Further, as the Plan does not provide for full payment of Class 2 claims, the

_____

[1] Such unsecured portion of a Class 2 claim might consist of a deficiency claim or the entirety of the claim in the event it is determined the claim is not secured.

2

Plan improperly characterizes the Class 2 claim holders as unimpaired.

11.    Section 4.2 of the Plan provides:

> Plan Treatment: In full and complete satisfaction and release of a Class 2 Claim, the Holder of an Allowed Class 2 Claim, shall receive, at the option of the Trustee, either (i) the proceeds of the sale or disposition of the collateral securing the Allowed Class 2 Claim to the extent of the value of the Holder's Secured Claim in such collateral, net of the costs of disposition of such collateral, (ii) such other distribution as necessary to satisfy the requirements of the Bankruptcy Code, including the surrender of any such collateral, or (iii) such other treatment as the Trustee and the Holder of an Allowed Class 2 Claim may agree. Class 2 is not Impaired under the Plan, is deemed to have accepted the Plan and is therefore not entitled to vote on the Plan.

12.    While this section includes the language "such other distribution as necessary to satisfy the requirements of the Bankruptcy Code, including the surrender of any such collateral," this provision merely represents one of several "options" given to the Trustee, each of which is described as being "in full and complete satisfaction and release of a Class 2 Claim."

13.    Likewise, surrender of collateral[2] does not provide for any payment of an unsecured deficiency.  Under the requirements of the Bankruptcy Code, anything other than payment in full renders a claim impaired, and under 1129(a)(7) any treatment of a claim must provide at least what the holder would receive in a chapter 7 liquidation.

14.    The Plan also discriminates unfairly in its treatment of similar claims, by providing for payment of any unsecured deficiency claim of Fifth Third Bank in the same manner as other unsecured claims, while failing to provide similar treatment for payment

---

[2] It is important to note that, in the context of this case, the term "collateral" is ambiguous. "Collateral" in this case is cattle. The Movants are unsure how the Trustee proposes to surrender the collateral when the cattle at issue are, in all likelihood, dead.

of unsecured deficiency claims of other secured creditors, such as the Movants. Pursuant to §1129 (b)(1), a Plan which discriminates unfairly in its treatment of claims may not be confirmed under the "cram down" rules of §1129 (b)(1) as requested by the Trustee.

15.    In light of the foregoing, the Plan clearly fails to comply with all applicable provisions of the Bankruptcy Code as required by 11 USC §1129(a)(1) and cannot be confirmed in its current version.

16.    The Movants purpose in filing the Objection, however, is not to derail or impede the confirmation of the Plan. The Movants believe that the Plan's fatal errors set forth herein can be corrected by immaterial modifications, assuming that Class 2 claimants are properly advised they may vote because their claims are impaired. Once the Trustee corrects the errors outlined above, the Movants believe that the Plan can be confirmed.

WHEREFORE, the Movants respectfully request that the Court: (1) direct the Trustee to amend the Plan to comply with the provisions of the Bankruptcy Code or, in the alternative, to deny confirmation of the Plan; and (2) grant such further and additional relief as is just and proper under the circumstances.

Respectfully submitted,

/s/ Ivana B. Shallcross
Ivana B. Shallcross
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3656
Facsimile: 502-540-2211
E-mail: ishallcross@bgdlegal.com
COUNSEL FOR TAYLOR REED AND RON
REED

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December, 4 2012 the foregoing was filed electronically. Notice of this filing was sent to all counsel of record through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's System.

/s/ *Ivana B. Shallcross*
Ivana B. Shallcross

14227836_1.docx