UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

EASTERN LIVESTOCK CO., LLC

    DEBTOR

CASE NO. 10-93904
CHAPTER 11

## RESERVATION OF RIGHTS IN CONNECTION WITH TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

Come Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC,[1] Alton Darnell, East Tennessee Livestock Center, Inc., Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., and Southeast Livestock Exchange, LLC (collectively, the "Creditors"), by counsel, and with regard to the Trustee's First Amended Chapter 11 Plan of Liquidation [ECF No. 1490] as may be subsequently amended (the "Trustee Plan"), hereby affirmatively state their respective intent to fully preserve all rights on substantive matters left for proceedings following any confirmation of the Trustee Plan as follows:

### INFORMATION ON CREDITORS

1.    Bluegrass Stockyards, LLC filed a timely proof of claim in the amount of $528,367.44 [POC No. 219].

---

[1] The Bluegrass creditors have entered in to a written settlement agreement with the Estate, acting by and through the Trustee, which includes among other things a waiver of any distribution from the Estate on their respective claims, and a full release of the Trustee and his professionals, but does not release any claims against and/or recovery from other third parties not being released. Because the settlement has not yet been presented or approved, the Bluegrass creditors join in this reservation of rights at this time, pending such approval.

2. Bluegrass Stockyards of Campbellsville, LLC filed a timely proof of claim in the amount of $283,274.75 [POC No. 221].

3. Bluegrass Stockyards East, LLC filed a timely proof of claim in the amount of $26,796.22 [POC No. 220].

4. Bluegrass-Maysville Stockyards, LLC filed a timely proof of claim in the amount of $35,831.99 [POC No. 218].

5. Bluegrass Stockyards of Richmond, LLC filed a timely proof of claim in the amount of $181,440.99 [POC No. 217].

6. Bluegrass South Livestock Market, LLC filed a timely proof of claim in the amount of $279,988.34 [POC No. 216]. Collectively, the Bluegrass entities' claims total approximately $1.3 million.

7. Alton Darnell filed a timely proof of claim in the amount of $154,536.60 [POC No. 159].

8. East Tennessee Livestock Center, Inc. filed a timely proof of claim in the amount of $415,930.45 [POC No. 172].

9. Moseley Cattle Auction, LLC filed a timely proof of claim in the amount of $670,948.88 [POC No. 157].

10. Piedmont Livestock Company, Inc. filed a timely proof of claim in the amount of $365,407.48 [BMC POC No. 317].

11. Southeast Livestock Exchange, LLC filed a timely proof of claim in the amount of $774,513.54 [POC No. 179].

Case 10-93904-BHL-11 Doc 1575 Filed 12/04/12 EOD 12/04/12 16:04:32 Pg 2 of 10

## **RESERVATION OF RIGHTS**

12.  In an abundance of caution, the Creditors file this reservation of all rights to assure clarity in the record regarding their respective non-consent to any third party releases contained in the Trustee Plan, as well as to reserve to the fullest extent provided by law and equity the Creditors' respective substantive and procedural rights regarding their claims and any claims, defenses, and objections to other parties' claims in the bankruptcy of Eastern Livestock Co., LLC ("Eastern"), related adversary proceedings and appeals, and any and all other claims that these Creditors may have with regard to all matters related to and involving Eastern in this forum or otherwise.

13.  The Creditors each voted against the Trustee Plan, intending that these votes be affirmative statements of non-consent, to reserve all of their respective rights to the fullest extent permitted by law and equity, and not to have any silence in voting or otherwise to be later argued to be construed against them by any party.

14.  The major import of the Trustee's Plan is to settle and release *Estate* claims against Fifth Third Bank, held and controlled solely by the Trustee as the sole fiduciary of the Estate, and for the allowance of Fifth Third's claim, which is subject to later determination as to how much of such claim is an allowed secured vs. allowed unsecured claim, in exchange for certain "contributions" by Fifth Third to the Estate.  Section 7.3 of the Trustee Plan contains the provision for an optional *individual creditor* third-party release of Fifth Third, the Trustee, and Superior for all claims of each such consenting creditor, only by those who affirmatively execute and return an Opt-In Agreement post-confirmation.  Any party who does not opt-in under the Trustee Plan terms preserves all such claims that they hold, which are not held or controlled by the Trustee or the Estate.

15. Out of an abundance of caution and to avoid doubt, the Creditors state that they are not releasing any party from the claims that they hold, and reserve any and all claims against such parties for contemplated post-confirmation proceedings to the full extent provided by law and equity. Specifically, the Creditors have and do assert and preserve all claims that they hold against Fifth Third, including but not limited to those claims at issue in the pending Allen (Ky.) Circuit Court action styled *CPC Livestock, LLC, et al. v. Fifth Third Bank, Inc., et al.*, Case No. 12-CI-00462.

16. Out of an abundance of caution and to avoid doubt, for reasons previously stated in the record, these Creditors also reserve all objections and claims regarding the Trustee and certain of his professionals, and do not consent to any release of same at this time. Pursuant to the Trustee Plan, it appears that the vast majority, if not all, of any funds "contributed" by Fifth Third under its settlement with the Estate, acting by and through the Trustee, will go to the Estate to pay any allowed administrative claims, which the Trustee estimates currently exceed $8 million dollars through confirmation, plus all post-confirmation amounts so allowed.

17. At the same time, the Trustee Plan also preserves Estate claims against 382 stakeholders/creditors named in the Amended Exhibit C, which claims are still at this stage of the case being investigated by the Trustee, and which apparently will be brought (or not) at some unspecified later time within the looming statutory deadline, with the proceeds to such recoveries also being used to fund payment of allowed administrative claims of the Trustee and the Estate professionals.

18. Section 3.1 of the Trustee Plan provides that any "Professional Fee Claims" will not be paid except as authorized by a final order of this Court, after notice and opportunity, and the Disclosure Statement (Sec. VII C) provides that all parties will retain all rights to object to

any allowance and payment of all administrative claims. However, to the extent that the exculpation provision contained in Section 7.4 of the Trustee Plan might be construed to limit objections to such administrative claims sought by the Trustee, on his own behalf and of any of his professionals, or to otherwise assert any claims or relief against the Trustee, his bond, and any Estate professionals, these Creditors specifically reserve all such rights to object to the final allowance of any administrative claim applications of the Trustee and certain of his professionals or otherwise. The Creditors reserve all rights to continue to pursue the appeal of this Court's Order Denying Motions to Remove Trustee [ECF No. 1388], which is currently pending before the United States District Court for the Southern District of Indiana as Case No. 4:12-cv-00126-TWP-WGH.

19.   The exculpation provision contained in the Trustee Plan is unnecessarily broad and violates Seventh Circuit authority. Further, it is not necessary to any effective reorganization, and may be read to be contrary to the optional opt-in provisions where each creditor may choose (or not) to release the Trustee, the Estate professionals, and others. The Trustee cannot exculpate and release himself or any Estate professionals in his own Trustee Plan from any willful misconduct or grossly negligent conduct. Because these Creditors do not consent to any third party releases, the third party releases in the exculpation provision are not binding on them, and they request that the confirmation order so provide. Out of an abundance of caution, the Court should order that the exculpation clause either be stricken from the Trustee Plan or be modified to comply with Seventh Circuit law which provides that there can be no release of a trustee or any professionals of an estate for willful misconduct or gross negligence. *See, e.g., In re Airadigm Communications, Inc.*, 519 F.3d 640 (7th Cir. 2008) (releases must be narrow and essential to a reorganization. Any limited plan releases cannot apply to willful

misconduct. Any release at all must be found necessary to reorganization); *In re Specialty Equipment Companies, Inc.*, 3 F.3d 1043 (7th Cir. 1993) (creditors voting for plan may be deemed to release debtor's management, but creditors abstaining or voting to reject plan do not give such release).

20.  According to Section 6.4(E) of the Trustee Plan, the Trustee is "retaining" causes of action against almost all of these Creditors, as the Trustee is still investigating whether the Estate has claims against each of the foregoing. To the extent that the Trustee intends to treat the Creditors' claims as provisionally "disallowed" pursuant to 11 U.S.C. § 502(d) or otherwise, which would be subject to further orders of this Court, the Creditors fully reserve all rights to prosecute their claims for "allowance" in the Estate and reserve all claims and defenses in connection therewith, in addition to all other rights as described herein.

21.  Section 6.3(G) of the Plan discusses objections to claims and references a deadline to file such an objection. The Creditors hereby reserve all rights to later file any objections to proofs of claims, or otherwise file adversary proceedings related thereto, within the time periods provided by the Plan.

22.  For absence of doubt, this reservation of rights shall not be construed as an exhaustive list or as limiting in any respect the rights, claims, and defenses of the Creditors with regard to Eastern's bankruptcy proceeding, related adversary proceedings, appeals, the Allen Circuit Court suit against Fifth Third and others, or any other matters involving these Creditors and any party to Eastern's bankruptcy case.

        Respectfully submitted,

        DELCOTTO LAW GROUP PLLC


        /s/ Laura Day DelCotto, Esq.
        Amelia Martin Adams, Esq.
        200 North Upper Street
        Lexington, KY 40507
        Telephone: (859) 231-5800
        Facsimile: (859) 281-1179
        ldelcotto@dlgfirm.com
        aadams@dlgfirm.com
        COUNSEL FOR CREDITORS


**CERTIFICATE OF SERVICE**

      I hereby certify that on December 4, 2012, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| David L. Abt | davidabt@mwt.net |
| Amelia Martin Adams | aadams@dlgfirm.com |
| John W. Ames | james@bgdlegal.com |
| Jerald I. Ancel | jancel@taftlaw.com; krussell@taftlaw.com |
| | ecfclerk@taftlaw.com |
| T. Kent Barber | kbarber@dlgfirm.com;dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Robert A. Bell | rabell@vorys.com |
| C. R. Bowles, Jr. | cbowles@bgdlegal.com |
| Lisa Koch Bryant | courtmail@fbhlaw.com |
| Steven A. Brehm | sbrehm@bgdlegal.com |
| Kent A. Britt | kabritt@vorys.com |
| James M. Carr | jim.carr@faegrebd.com |
| John R. Carr, III | jrciii@acs-law.com; sfinnerty@acs-law.com |
| Deborah Caruso | dcaruso@daleeke.com; lharves@daleeke.com |
| | mthomas@daleeke.com |
| Bret S. Clement | bclement@acs-law.com; sfinnerty@acs-law.com |
| Joshua E. Clubb | joshclubb@gmail.com |
| Jason W. Cottrell | jwc@stuartlaw.com |
| Kirk Crutcher | kcrutcher@mcs-law.com;jparson@mcs-law.com |
| | cmarshall@mcs-aw.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com; dlgecf@dlgfirm.com |
| | dlgecfs@gmail.com |
| Dustin R. DeNeal | dustin.deneal@faegrebd.com |

| | |
|---|---|
| | Patricia.moffit@bakerd.com |
| David Alan Domina | dad@dominalaw.com; KKW@dominalaw.com |
| | efiling@dominalaw.com |
| Daniel J. Donnellon | ddonnellon@ficlaw.com; knorwich@ficlaw.com |
| Jesse Cook-Dubin | jcookdubin@vorys.com; vdarmstrong@vorys.com |
| Trevor L. Earl | tearl@rwsvlaw.com |
| Shawna M. Eikenberry | shawna.eikenberry@faegrebd.com |
| Jeffrey R. Erler | jeffe@bellnunnally.com |
| Robert Hughes Foree | robertforee@bellsouth.net |
| Sandra D. Freeburger | sfreeburger@dsf-atty.com; smattingly@dsf-atty.com |
| Darla J. Gabbitas | Darla.gabbitas@moyewhite.com |
| Melissa S. Giberson | msgiberson@vorys.com |
| Jeffrey J. Graham | jgraham@taftlaw.com |
| Terry E. Hall | terry.hall@faegrebd.com |
| John David Hoover | jdhoover@hooverhull.com |
| John Huffaker | john.huffaker@sprouselaw.com |
| | lynn.acton@sprouselaw.com |
| | rhonda.rogers@sprouselaw.com |
| Jeffrey L. Hunter | Jeff.Hunter@usdoj.com |
| Jay Jaffee | jay.jaffe@faegrebd.com |
| James Bryan Johnston | bjtexas59@hotmail.com; bryan@ebs-law.net |
| Todd J. Johnston | tjohnston@mcjllp.com |
| David Jones | david.jones@sprouselaw.com |
| Jill Z. Julian | Jill.Julian@usdoj.com |
| Edward M. King | tking@fbtlaw.com; dgioffe@fbtlaw.com |
| James A. Knauer | jak@kgrlaw.com; hns@kgrlaw.com |
| Erick P. Knoblock | eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com;lisa.oliver@moyewhite.com |
| | deanne.stoneking@moyewhite.com |
| Randall D. LaTour | rdlatour@vorys.com; khedwards@vorys.com |
| David L. LeBas | dlebas@namanhowell.com; koswald@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net;edl@trustesolutions.com; |
| | atty_edl@trustesolutions.com |
| Kim Martin Lewis | kim.lewis@dinslaw.com; lisa.geeding@dinslaw.com |
| | patrick.burns@dinslaw.com |
| James B. Lind | jblind@vorys.com |
| Karen L. Lobring | lobring@msn.com |
| John Hunt Lovell | john@lovell-law.net; sabrina@lovell-law.net |
| Harmony A. Mappes | harmony.mappes@faegrebd.com |
| John Frederick Massouh | john.massouh@sprouselaw.com |
| Michael W. McClain | mike@kentuckytrial.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James E. McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer, II | rmeyer@stites.com |
| Christie A. Moore | cmoore@bgdlegal.com |

8

| | |
|---|---|
| Allen Morris | amorris@stites.com; dgoodman@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com; ecf@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com; |
| | karol.brown@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com; kim.maynes@moyewhite.com |
| Shiv G. O'Neill | shiv.oneill@faegrebd.com |
| Michael W. Oyler, Esq. | moyler@rwsvlaw.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| | erin.clogston@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@faegrebd.com |
| | Sarah.henderson@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com; lskibell@mcjllp.com |
| Anthony Raluy | traluy@fbhlaw.net |
| Eric W. Richardson | ewrichardson@vorys.com |
| Mark A. Robinson | mrobinson@vhrlaw.com; dalbers@vhrlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com; Joyce.jenkins@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net; susan@rubin-levin.net |
| James E. Rossow, Jr | jim@rubin-levin.net |
| Ashley S. Rusher, Esq. | asr@blancolaw.com |
| Thomas C. Scherer, Esq. | tscherer@binghammchale.com |
| Ivana B. Shallcross | ishallcross@bgdlegal.com |
| James E. Smith | jsmith@smithakins.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@faegrebd.com |
| Meredith R. Thomas | mthomas@daleeke.com; kmark@daleeke.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| | jody.moore@crowedunlevy.com |
| | donna.hinkle@crowedunlevy.com |
| Kevin Toner | kevin.toner@faegrebd.com |
| Christopher M. Trapp | ctrapp@rubin-levin.net |
| U.S. Trustee | ustpregion10.in.ecf@usdoj.gov |
| Jennifer Watt | jwatt@kgrlaw.com |
| Stephen A. Weigand | sweigand@ficlaw.com |
| Charles R. Wharton | Charles.R.Wharton@usdoj.gov |
| Sean T. White | swhite@hooverhull.com |
| James T. Young | james@rubin-levin.net; ATTY_JTY@trusteesolutions.com |
| | kim@rubin-levin.com; lemerson@rubin-levin.com |

I further certify that on December 4, 2012, a copy of the foregoing pleading was served by first-class U.S. mail, postage prepaid, or by electronic mail as indicated, to the following:

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY 40311
*VIA U.S. MAIL*

National Cattlemen's Beef Assoc.
c/o Allie Devine, Esq.
allie@devineanddonley.com
*VIA EMAIL*

Clifford J. White, III, Director
Executive Office for U. S. Trustees
Clifford.J.White@usdoj.gov
*VIA EMAIL*

Nancy Gargula
Region 8, UST Office
nancy.gargula@usdoj.gov
*VIA EMAIL*

Tennessee Department of Revenue
c/o TN Attorney General's Office
Bankruptcy Division
P. O. Box 20207
Nashville, TN  37202-0207
*VIA U.S. MAIL*

/s/ Laura Day DelCotto, Esq.
COUNSEL FOR CREDITORS

Z:\Clients\ELC-Gibson\Bankr 10-93904 Eastern Livestock\Pleadings\Plan-DS\Plan Reserve Rights 20121204.docx