UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC. ) | CASE NO. 10-93904-BHL-11 |
| ) | |
| DEBTOR. ) | CHAPTER 11 |
| ) | |

**RESERVATION OF RIGHTS RELATED TO TRUSTEE'S FIRST AMENDED
CHAPTER 11 PLAN OF LIQUIDATION**

Joplin Regional Stockyards, Inc. ("Joplin"), by counsel, hereby files its reservation of rights with respect to the Trustee's First Amended Chapter 11 Plan of Liquidation [Doc No. 1490] as may be subsequently amended (the "Plan"). In support of its intent to fully preserve all of its rights following any confirmation of the Plan, Joplin states as follows:

**BACKGROUND**

1. On December 6, 2010, an involuntary petition was filed against Eastern Livestock Co. LLC (the "Debtor"). The Order for Relief was entered on December 28, 2010.

2. On December 16, 2010, this Court ordered the appointment of a Chapter 11 Trustee. On December 23, 2010, the Office of the United States Trustee ("UST") appointed James Knauer (the "Trustee") as Chapter 11 Trustee in this case. The Court approved Faegre Baker Daniels LLP ("FBD") as general bankruptcy counsel for the Debtor's estate (the "Estate").

3. On July 23, 2012, the Trustee filed Trustee's Chapter 11 Plan of Liquidation [Doc. No. 1255], as amended, and the Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation, as amended [Doc. No. 1256] (the "Disclosure Statement").

4. The Disclosure Statement was approved on November 2, 2012, with the

1

confirmation hearing set for December 7, 2012 [Doc. No. 1516].

5. Joplin filed a timely proof of claim in the amount of $1,276,925.76 [Claim No. 352].

## **RESERVATION OF RIGHTS**

6. Joplin hereby adopts the arguments advanced by the creditors (the "Creditors") in the Reservation of Rights in Connection with Trustee's First Amended Chapter 11 Plan of Liquidation, filed with the Court on December 4, 2012 (the "Reservation") [Doc. No. 1575][1].

7. Much like the Reservation, by filing this reservation of rights, Joplin seeks to preserve its rights with respect to its non-consent to any third party releases contained in the Plan and its rights regarding its claim and any claims, defenses, and objections to other parties' claims in the Debtor's bankruptcy case, the related adversary proceedings, and any and all other claims that Joplin may have with regard to all matters related to and involving the Debtor in this forum or otherwise.

8. Joplin voted against the Plan, intending to make an affirmative statement of non-consent, to reserve all of its respective rights to the fullest extent permitted by law and equity, and not to have any silence in voting or otherwise to be later argued to be construed against it by any party.

9. Joplin does not release any person from the claims that it holds, and reserves any and all claims against such parties for the contemplated post-confirmation proceedings to the full extent provided by law and equity.

10. Joplin specifically intends to preserve all claims against Fifth Third, including but

---

[1] Joplin understands that some of the arguments advanced in the Reservation, such as those related to the appeal of the orders denying motions to remove Trustee, do not apply to Joplin.

2

not limited to the claims such as those asserted in the pending Allen (Ky.) Circuit Court action styled *CPC Livestock, LLC, et al. v. Fifth Third Bank, Inc., et al.*, Case No. 12-CI-00462. Likewise, Joplin hereby reserves all objections and claims regarding the Trustee and certain of his professionals, and does not consent to any release of same at this time. Joplin reserves all rights to later file any objections to proofs of claims, or otherwise file adversary proceedings related thereto, within the time periods provided by the Plan.

11. Similar to the Reservation, Joplin takes issue with the effect of Section 7.4 of the Plan (exculpation provision) on Section 3.1 of the Plan (dealing with "Professional Fee Claims") and Section VII C of the Disclosure Statement (addressing objections to administrative claims). Joplin specifically reserves all rights to object to the final allowance of any administrative claim applications of the Trustee and certain of his professionals or otherwise.

12. Joplin agrees with the Creditors' argument that the exculpation provision contained in the Plan is unnecessarily broad and violates Seventh Circuit authority. The third party releases in the exculpation provision are not binding Joplin and the confirmation order should provide so.

13. Moreover, Joplin hereby fully reserves its rights to prosecute its claim for "allowance" in the Estate and reserves all claims and defenses in connection therewith, in the event that the Trustee intends to treat the Joplin's claims as provisionally "disallowed" pursuant to 11 U.S.C. § 502(d) or otherwise, which would be subject to further orders of this Court.

14. Joplin's reservation of rights shall not be construed as an exhaustive list or as limiting in any respect Joplin's rights, claims, and defenses with regard to Debtor's bankruptcy proceeding, related adversary proceedings, or any other matters involving Joplin and any party to Debtor's bankruptcy case.

Respectfully submitted,

/s/ *Ivana B. Shallcross*
Michael G. Shaikun
Ivana B. Shallcross
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40402
Phone: 502-587-3656
Facsimile: 502-540-2211
E-mail: mshaikun@bgdlegal.com
ishallcross@bgdlegal.com
COUNSEL FOR JOPLIN REGIONAL
STOCKYARDS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December, 4 2012 the foregoing was filed electronically. Notice of this filing was sent to all counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's System.

/s/ *Ivana B. Shallcross*
Ivana B. Shallcross

14229523_1.docx