**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| IN RE: | ) CASE NO. 10-93904-BHL-11 |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Hon. Basil H. Lorch, III |
| | ) |
| Debtor. | ) |

**OBJECTION AND JOINDER IN RESERVATION OF RIGHTS RELATED TO THE TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION**

COME NOW Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Athens Stockyard, LLC; CPC Livestock, LLC; Edwin A. Strickland; and Strickland Farms (collectively "Livestock Creditors"), by and through undersigned counsel, and file their *Objection And Joinder In Reservation Of Rights Related To The Trustee's First Amended Chapter 11 Plan Of Liquidation* ("Objection"), and in support state as follows:

## BACKGROUND

1. On December 6, 2010, an involuntary petition was filed against Eastern Livestock Co. LLC (the "Debtor"). The Order for Relief was entered on December 28, 2010.

2. On December 16, 2010, this Court ordered the appointment of a Chapter 11 Trustee. On December 23, 2010, the Office of the United States Trustee appointed James Knauer ("Trustee") as Chapter 11 Trustee in the subject case case. The Court approved the law firm n/k/a Faegre Baker Daniels LLP ("FBD") as general bankruptcy counsel for the Debtor's estate ("Estate").

3. On July 23, 2012, the Trustee filed Trustee's Chapter 11 Plan of Liquidation (Doc. 1255), as amended, ("Plan") and the Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation, as amended (Doc. 1256) ("Disclosure Statement").

4. The Disclosure Statement was approved on November 2, 2012, with the confirmation hearing set for December 7, 2012 (Doc. 1516).

5. Livestock Creditors represent claimants to the Debtor's bankruptcy estate and in the adversary proceeding *Fredin Brothers, Inc. v. Bankers Bank, et al.*, Case No. 11-59108 ("Fredin Interpleader"). Livestock Creditors filed timely proofs of claims and have asserted defenses as follows:

    A. On March 7, 2011 Athens Stockyard, LLC filed Proof Of Claim No. 55 in the amount of $680,072.62.

    B. On March 9, 2011 Sealy And Sons Livestock, LLP on its own behalf and on behalf of Alabama Livestock Auction, Inc. filed Proof Of Claim No. 82 in the amount of $155,669.96.

    C. On April 6, 2011 CPC Livestock, LLC filed Proof Of Claim No. 132 in the amount of $631,045.07.

    D. On March 24, 2011, Edwin A. Strickland was named a defendant in the Fredin Interpleader. On November 03, 2011 Strickland Farms filed a Motion To Intervene. On November 15, 2011 Edwin A. Strickland filed a timely Answer to the First Amended Complaint for Interpleader. On November 29, 2011 Strickland Farms filed a timely Answer to the First Amended Complaint for Interpleader. Strickland Farms and Edwin A. Strickland have claimed losses in the Fredin Interpleder in the amount of $155,790.23.

## RESERVATION OF RIGHTS

6. Livestock Creditors hereby join with and adopt the arguments advanced by the creditors (the "Creditors") in the *Reservation of Rights In Connection With The Trustee's First Amended Chapter 11 Plan of Liquidation,* ("Creditor Reservation") (Doc. 1575) and with Joplin

Regional Stockyards, Inc. in the *Reservation of Rights Related To The Trustee's First Amended Chapter 11 Plan of Liquidation,* ("Joplin Reservation") (Doc. 1576)

7. Much like the Creditors' and Joplin's Reservations Of Rights, by filing this reservation of rights, Livestock Creditors seek to preserve any and all rights with respect to their non-consent to any third party releases contained in the Plan and their rights regarding their claims and any claims, defenses, and objections to other parties' claims in the Debtor's bankruptcy case, the related adversary proceedings, and any and all other claims that Livestock Creditors may have with regard to all matters related to and involving the Debtor in this forum or otherwise.

8. Livestock Creditors have consistently objected to the Disclosure Statement and Plan and where applicable voted against the Plan, intending to make an affirmative statement of nonconsent, to reserve all of their respective rights to the fullest extent permitted by law and equity, and not to have any silence in voting or otherwise to be later argued to be construed against them by any party.

9. Livestock Creditors does not release any person from the claims that they hold, and reserve any and all claims against such parties for the contemplated post-confirmation proceedings to the full extent provided by law and equity.

10. Livestock Creditors specifically intend to preserve all claims against Fifth Third, Bank, Inc. ("Fifth Third") including those pending in the Allen (Ky.) Circuit Court action styled *CPC Livestock, LLC, et al. v. Fifth Third Bank, Inc., et al.,* Case No. 12-CI-00462. Likewise, Livestock Creditors hereby reserve any and all objections and claims regarding the Trustee and certain of his professionals, and do not consent to any release of same at this time. Livestock

3

Creditors reserves all rights to later file any objections to proofs of claims, or otherwise file adversary proceedings related thereto, within the time periods provided by the Plan.

11. Similar to the Creditors' and Joplin's Reservations, Livestock Creditors take issue with the effect of Section 7.4 of the Plan (exculpation provision) on Section 3.1 of the Plan (dealing with "Professional Fee Claims") and Section VII C of the Disclosure Statement (addressing objections to administrative claims). Livestock Creditors specifically reserve any and all rights to object to the final allowance of any administrative claim applications of the Trustee and certain of his professionals or otherwise.

12. Livestock Creditors agree with the Creditors' and Joplin's argument that the exculpation provision contained in the Plan is unnecessarily broad and violates Seventh Circuit authority. The third party releases in the exculpation provision are not binding on Livestock Creditors and the confirmation order should provide so.

13. Moreover, Livestock Creditors hereby fully reserve their rights to prosecute their claims for "allowance" in the Estate and reserves any and all claims and defenses in connection therewith, in the event that the Trustee intends to treat the Livestock Creditors' claims as provisionally "disallowed" pursuant to 11 U.S.C. § 502(d) or otherwise, which would be subject to further orders of this Court.

14. Livestock Creditors' reservation of rights shall not be construed as an exhaustive list or as limiting in any respect Livestock Creditors' rights, claims, and defenses with regard to Debtor's bankruptcy proceeding, related adversary proceedings, or any other matters involving Livestock Creditors and any party to Debtor's bankruptcy case.

## **OBJECTION**

15. Finally, Livestock Creditors object to the Trustee's First Amended Chapter 11 Plan Of Liquidation as deeply and fundamentally flawed—ignoring as it does the limitations of

reach and scope of Debtor's ownership interests in alleged Estate assets and accordingly Fifth Third's lien against same and the decided lack of "arms length" in the Trustee's negotiations with and release of Fifth Third at the Plan's core.

Respectfully submitted this 4th day of November 2012,

                                                W. SCOTT NEWBERN, PL

                                                /s/ W. Scott Newbern
W. Scott Newbern
2982 East Giverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.8940871
wsnewbern@msn.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

                                               /s/ W. Scott Newbern
                                               W. SCOTT NEWBERN