**SO ORDERED: December 5, 2012.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSY
BETWEEN EASTERN LIVESTOCK CO., LLC AND
FIRST BANK & TRUST COMPANY**

This matter is before the Court on the *Motion To Approve Compromise of Controversy Between Eastern Livestock Co., LLC and First Bank & Trust Company* [Docket #1498] ("Settlement Motion").  Pursuant to the shortened notice granted by this Court, the Settlement Motion was heard by the Court on November 19, 2012 ("Hearing").  The Court having found that all notices required under the Bankruptcy Code and Rules of Bankruptcy Procedure concerning the Settlement Motion were given, that all creditors and other parties in interest had adequate notice and opportunity to object to the Settlement Motion at the hearing, having reviewed and considered the pleadings related to the Settlement Motion and related matters in

this case, having conducted the hearing on the Settlement Motion and approval of the Settlement Agreement, having made the following findings of fact and conclusions of law as set forth in this Order in support of its approval of the Settlement Motion and Settlement Agreement, and being otherwise sufficiently advised:

IT IS HEREBY ORDERED that the Settlement Motion is GRANTED and the Settlement Agreement, a copy of which is attached to this Order as <u>Exhibit 1</u>, is APPROVED in all respects. The Parties to the Settlement Agreement are authorized, directed and ORDERED to perform all of their respective obligations under the Settlement Agreement;

IT IS FURTHER ORDERED that to the extent that Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure may be deemed to be applicable, this Order approving the Settlement Agreement shall not be stayed for 14 days after the entry of this Order and shall be effective immediately upon entry.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on the Settlement Motion to approve the Settlement Agreement.  The Court having reviewed and considered the pleadings related to the Settlement Motion, the record in this case, no objection to the Motion having been timely filed, and being otherwise sufficiently advised, makes the following findings of fact and conclusions of law related to the Motion pursuant to Fed. R. Civ. P. 52(a) as incorporated herein by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Chapter 11 case and this adversary proceeding under 28 U.S.C. § 157.  This matter arising under Federal Rule of Bankruptcy Procedure 9019(a) constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      Venue for the Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## FINDINGS OF FACT

3.      The Trustee, on behalf of the Estate, has fully investigated the claims and causes of action involving the Estate[1] and First Bank.

4.      All Parties to the Settlement Agreement negotiated its terms in a good faith and in an arms-length manner.

5.      The Settlement Agreement is both fair and equitable and in the best interests of the Estate, its creditors and other parties in interest.

## CONCLUSIONS OF LAW

6.      Under Bankruptcy Rule 9019(a), the Bankruptcy Court must determine whether a proposed compromise is "fair and equitable," Prot. Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), and "in the best interests of the estate," Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule

---

[1] Capitalized terms not otherwise defined in this order ("Order") shall have the meaning given them in the Settlement Agreement.

9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); <u>In re Energy Co-op, Inc.</u>, 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."); <u>see also</u> <u>In re Doctors Hospital of Hyde Park, Inc.</u>, 474 F3d 421, 427 (7th Cir. 2007); <u>In re Amer. Reserve Corp.</u>, 841 F.2d 159, 161 (7th Cir. 1987).

7.      Under Bankruptcy Rule 9019(a), the Bankruptcy Court must determine whether a proposed compromise is "fair and equitable."

8.      Approval of a proposed settlement is within the sound discretion of the Court. <u>See</u> <u>In re Commercial Loan Corp.</u>, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004).  A settlement proposed by a debtor or trustee should be approved unless it "falls below the lowest point in the range of reasonableness."  <u>In re Doctors Hospital of Hyde Park, Inc.</u>, 474 F.3d at 426; <u>In re Energy Cooperative, Inc.</u>, 886 F.2d 921, 929 (7th Cir. 1989) (<u>quoting</u> <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699 F.2d 599, 608 (2d Cir. 1983)).

9.      A court need not decide each question of law and fact raised by the settlement, or conduct a "mini trial" of the issues on the underlying claims, but rather should "canvass the issues" so that the reasonableness of the settlement may be evaluated.  <u>Bauer v. Commerce Union Bank</u>, 859 F.2d 438, 441 (6th Cir. 1988); <u>Depoister v. Mary M. Holloway Foundation</u>, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary hearing not required to approve settlement agreement under Bankruptcy Rule 9019); <u>In re Energy Co-op, Inc.</u>, 886 F.2d 921, 928 (7th Cir. 1989) ("Nor is this Court required to try the underlying case and determine who would have prevailed"); <u>In re Heissinger Resources Ltd.</u>, 67 B.R. 378, 383 (C.D. Ill. 1986) ("we reject the notion that a mini trial on the merits of the claim sought to be compromised is required").

10.     While a court should not rubber stamp a trustee's settlement proposal, it may rely on the judgment of the trustee or debtors in possession in reviewing a proposed settlement.  In re Amer. Reserve, 841 F.2d at 161.  See also In re Teknek LLC, 402 B.R. 257, 261 (Bankr. N.D. Ill. 2009) (noting settlements are generally favored on contested claims and rejecting the debtor's former special counsel's objection to the proposed settlement).

11.     Here, the Court finds that the Trustee investigated and analyzed the issues related to the matters resolved by the Settlement Agreement and properly exercised his business judgment by entering into the Settlement Agreement on behalf of the Estate.  The Settlement Agreement in this case is fair and equitable and meets the Rule 9019 standard for approval and is in the best interests of the Estate, its creditors and other parties in interest.

12.     First Bank made claims to funds escrowed in the Trustee's escrow account that are designated as Fund No. 13, Fund No. 54, Fund No. 76 and Fund No. 87 (collectively, the "Subject Escrowed Funds").  No other party made claims to the Subject Escrowed Funds.  The Subject Escrowed Funds total $640,693.76.  The Trustee is authorized to pay $350,000 of the Subject Escrowed Funds to First Bank pursuant to the terms of the Settlement Agreement and transfer the remaining $290,693.76 in Subject Escrow Funds to the Trustee's operating account for use in the Chapter 11 Case.

13.     The Court shall retain jurisdiction over the enforcement of the Settlement Agreement.

###

**<u>Exhibit 1</u>**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of October ___, 2012 by and between James A. Knauer as chapter 11 trustee ("Trustee") for Eastern Livestock Co., LLC ("ELC") and First Bank and Trust Company ("First Bank").  The Trustee and First Bank are collectively referred to as the "Parties."

## Recitals

A.     Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against ELC on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.     On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.     First Bank was a lender to Thomas P. Gibson ("Gibson").  Gibson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Gibson Case") with the Court on December 1, 2010.  Kathryn Pry is the duly appointed and acting chapter 7 trustee (the "Gibson Trustee") in the Gibson Case.  First Bank and the Trustee have each filed a proof of claim in the Gibson Case.

D.     The Trustee, the Gibson Trustee and First Bank all assert interests in $4,700,000 in funds (the "Seized Funds") that were seized from a Gibson-controlled account and that are in the process of being forfeited from a Gibson controlled bank account at Your Community Bank by the Department of Justice/United States Attorney for the Western District of Kentucky ("US Attorney").

E.     First Bank has been an active participant in the Chapter 11 Case and has asserted various claims against Debtor, the Seized Funds, the Trustee, and the Trustee's professionals.  On or about September 13, 2012, First Bank filed a notice of appeal from an order of the Court denying a motion filed by First Bank to remove the Trustee, commencing an appeal to the United States District Court (the "Appeal").

F.     The Trustee initiated an adversary proceeding in the Chapter 11 Case and asserts various claims against First Bank (the "Adversary").

G.     First Bank, the Trustee and various other parties participated in a Court-authorized two-day mediation session on October 9 and October 10, 2012 in Louisville, Kentucky.  As a result of that mediation, the Parties have agreed to settle their disputes as more fully set forth below.

H.    It is the Trustee's understanding that Fifth Third Bank does not plan to object to the Trustee's Settlement Motion (as defined below) for court approval of this Settlement Agreement.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.    <u>Modification of Plan</u>.  The Trustee will modify the *Trustee's Chapter 11 Plan of Liquidation* [Dock. No. 1255] (as may be subsequently amended, the "<u>Plan</u>") in Section 7.2 and 7.3 (and all of the appropriate places that refer to the release of claims against Fifth Third Bank) to add the following release terms (as to Section 7.2):

> The foregoing Trustee Release does not release or discharge any claim of a creditor who fails to opt-in or of any non-creditor.

(as to Section 7.3):

> The foregoing Third Party Release does not release or discharge any claim of a creditor who fails to opt-in or of any non-creditor.

This modification may be accomplished by an immaterial modification to the Plan or in an appropriate manner to include the foregoing terms.

2.    <u>Distribution of Seized Funds</u>.  First Bank and the Trustee will support, advocate, and take all reasonable actions necessary to cause the Seized Funds to be forfeited to a victim restoration and remission fund established for the benefit of victims of crimes of Thomas P. Gibson and Steve McDonald, and who may be creditors of the ELC estate or the Gibson Estate.  First Bank and the Trustee will take such further action as may be reasonably necessary to cause (a) $700,000 of the Seized Funds to be distributed to victims/creditors of the Gibson Case in a manner as recommended by the Gibson Trustee, and (b) $4,000,000 to be distributed to victims/creditors of the Chapter 11 Case in a manner as recommended by the Trustee.  The distributions will be agreed upon as between each of the Gibson Trustee and the US Attorney, and the Trustee and US Attorney, respectively as they relate to the distributions to victim/creditors of the two bankruptcy estates.  If and only if a Chapter 11 Plan in substantial conformity with the Plan approved by Fifth Third Bank is confirmed and pursuant to this Agreement, the Seized Funds will be "forfeited" and distributed with (1) no claim asserted by First Bank as to the $4,000,000 of Seized Funds allocated to the victims/creditors of the Chapter 11 Case, and (2) no claim asserted by Trustee as to the $700,000 of Seized Funds allocated to the victims/creditors of the Gibson Case.  First Bank's and the Trustee's obligations under this Section 2 are contingent on the Court's approval of the Plan in the Chapter 11 Case and the absence of ownership claims to the Seized Funds.  First Bank and the Trustee will not assert an ownership claim to any of the Seized Funds.  However, if the Plan is not confirmed or if any person claims ownership to prevent the forfeiture and distribution of the Seized Funds as provided above, then First Bank and the Trustee are not obligated by any promises or representations of this provision.

2

3.    <u>Release of Escrowed Funds to First Bank</u>.  Within twenty-one (21) days of the Court's entry of the Settlement Order (as defined in paragraph 5 below), and subject to the occurrence of the Effective Date, as defined below, the Trustee will pay First Bank $350,000 from funds currently held in escrow pursuant to the *Final Order Regarding Trustee's Purchase Money Claims Report* [Dock. No. 691].

4.    <u>Court Approval of Settlement; Effective Date</u>.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within three (3) days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>").  The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>").  The date the Settlement Order becomes final and non-appealable shall be referred to herein as the "<u>Effective Date</u>".  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

5.    <u>Assignment to Trustee</u>.  At the request of the Trustee, within ten (10) days of the entry of the Settlement Order and subject to the occurrence of the Effective Date, First Bank shall execute an assignment of all of First Bank's claims, counterclaims, and crossclaims (the "<u>Assigned Claims</u>") in the Chapter 11 Case to the Trustee.  The Assigned Claims include only those claims, counterclaims, and crossclaims that were asserted in the Chapter 11 Case either against or to property of the ELC estate.  The Assigned Claims do not include, release, discharge, or otherwise adversely affect the claims asserted by First Bank against Fifth Third in the action styled <u>The First Bank and Trust Company v. Fifth Third Bank, et al.</u>, Case No. A1203855 (Hamilton County Court of Common Please, Ohio) (the "<u>Hamilton County Case</u>").  First Bank agrees that neither First Bank nor its successors or assigns shall appear or otherwise participate in the Chapter 11 Case, including but not limited to the Appeal and the Adversary, from and after the Effective Date other than as necessary to fully implement this Settlement Agreement.

6.    <u>Dismissal/Withdrawal of all Adversary Proceedings, Appeals and Contested Matters</u>. Except to the extent the Trustee requests an assignment of one or more of the Assigned Claims under paragraph 5 above, within ten (10) days of the Effective Date, the Parties shall file all pleadings necessary to dismiss or withdraw with prejudice any and all claims, appeals, litigation and proceedings pending between the Parties.  Such withdrawals shall not affect the Trustee's ability to assert the Assigned Claims.  At the request of the Trustee, First Bank shall promptly withdraw any motion or objection previously filed in the Chapter 11 Case. From and after execution of this Settlement Agreement and pending the Effective Date, First Bank will not file any motion, objection or other pleading in the Chapter 11 Case without the consent of Trustee or leave of Court.  Pending the Effective Date, the Parties will continue and request the Court to extend any and all pleading or other deadlines in the Adversary and the Appeal.

7.    <u>Mutual Release</u>.  In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date, each of the Parties and their officers,

3

directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement (the "Released Claims").  This mutual release shall not affect the Trustee's ability to assert the Assigned Claims. The Released Claims include any and all claims or objections asserted by First Bank as to the Trustee and/or his counsel's qualifications to serve as Trustee and/or counsel in the Chapter 11 Case.  The Released Claims do not include any and all claims held by First Bank in its individual capacity that it now asserts or may in the future assert directly against Fifth Third Bank.

8.     Cooperation.  The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

9.     Qualification; Authority.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

10.     Each of the Parties Bears Own Costs.  Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

11.     Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

12.     Court Jurisdiction.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

13.     Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

14.     Merger of Prior Agreements.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements,

whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

15.     Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

16.     Severability.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Section 2 (Distribution of Seized Funds) is severable from all other provisions of this Settlement Agreement.  Except for Section 2, every other provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein.  Provisions should be read together so as to harmonize the whole.

17.     No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

18.     No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the _____ day of October, 2012.

[Remainder of page intentionally left blank.  Signature page to follow.]

5

BDDB01 9521147v1

FIRST BANK & TRUST COMPANY

By:_____

Printed Name:_____

Title: _____


COUNSEL FOR FIRST BANK & TRUST COMPANY

By:_____

Printed Name:_____

Title: _____


_____
James A. Knauer as Chapter 11 Trustee for Eastern
Livestock Co., LLC


COUNSEL FOR TRUSTEE

By:_____

Printed Name:_____

Title: _____


6