Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

### AFFIDAVIT OF JAMES A. KNAUER IN SUPPORT OF CONFIRMATION OF THE TRUSTEE'S FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION

I, James A. Knauer, affirm under penalties of perjury the following:

1. On December 27, 2010, the Court appointed me as the chapter 11 trustee for the debtor, Eastern Livestock Co., LLC ("ELC"). Since that date, I have served as the trustee in this chapter 11 case.

2. As trustee, I am the proponent of the Trustee's First Amended Chapter 11 Plan of Liquidation [Doc. No. 1490] (the "Plan")[1].

3. I have reviewed the Brief in Support of the Trustee's First Amended Chapter 11 Plan of Liquidation (the "Brief"). The facts set forth therein are true to the best of my information, knowledge and belief.

4. I and my counsel negotiated in good faith and at arms' length with representatives of Fifth Third Bank ("Fifth Third") to arrive at the proposed settlement (the "Fifth Third Settlement") that is the centerpiece of the proposed Plan. My legal and factual analyses of the estate's potential claims against Fifth Third and the terms of the Fifth Third Settlement are discussed in detail on pages 48 through 94 of the Disclosure statement [Doc. No. 1489] and also

---

[1] Capitalized terms that are not defined herein have the meanings ascribed by the Plan.

DMS_US 51192334v1

in the Report of the Trustee, James A. Knauer Regarding Investigation and Analysis of Potential Claims Against Fifth Third Bank filed herein on June 5, 2012 [Doc. No. 1166)]. I and my professional advisors have investigated and analyzed thoroughly the legal and factual bases of potential claims assertable by the ELC Estate against Fifth Third. In the exercise of my professional and business judgment, I have come to the conclusion that the provisions of the Fifth Third Settlement provide for a greater likely recovery for creditors of the ELC Estate than they would receive were a representative of the Estate to litigate such potential claims against Fifth Third to conclusion. The Fifth Third Settlement is therefore in the best interests of the Estate.

5. I have prepared with the assistance of my attorneys and forensic accountants the projected recoveries and distributions to unsecured creditors set forth at pages 17 and 18 of the Disclosure Statement. I believe to the best of my knowledge and professional and business judgment that those projections are accurate.

6. I have proposed the Plan in good faith. Based on my business judgment, knowledge, and professional experience and expertise, I believe the Plan provides for recoveries for unsecured creditors in Class IV that are greater than those that would be realized if ELC were liquidated under chapter 7 of the Bankruptcy Code.

7. The Plan has been structured to maximize recovery to unsecured creditors and to treat fairly and equitably the potential returns to all stakeholders.

8. I believe the discharge and exculpatory releases as set forth in the Plan are (i) fair, equitable and reasonable under the facts and circumstances of this Chapter 11 case, (ii) integral elements of the Plan and essential to obtain the higher returns to unsecured creditors promised by

the Plan, (iii) necessary for confirmation of the Plan, and (iv) supported by reasonable consideration.

9. I believe that the confirmation of the Plan is in the best interests of the Estate of ELC and of all creditors of ELC.

Dated 12/6/12

_____
James A. Knauer

STATE OF INDIANA     )
                     )
COUNTY OF Marion     )

Sworn to before me, a Notary Public in and for said county and state this 6th day of December, 2012.

Becky J. Turner
_____, Notary Public

My Commission Expires
April 24, 2016

My County of Residence:
Marion



BECKY J. TURNER
Marion County
My Commission Expires
April 24, 2016

DMS_US 51192334v1