# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 10-93904-BHL-11 |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Hon. Basil H. Lorch, III |
| | ) |
| Debtor. | ) |

## OBJECTION AND JOINDER IN RESERVATION OF RIGHTS RELATED TO THE THIRD INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES DEVELOPMENT SPECIALISTS, INC.

COME NOW Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Athens Stockyard, LLC; CPC Livestock, LLC; Edwin A. Strickland; Strickland Farms; Ashville Stockyard, Inc.; Billingsley Auction Sale, Inc.; Carroll County Livestock Sales Barn, Inc.; Macon Stockyard, Inc.; Peoples Livestock Auction, Inc.; Robert Rawls d/b/a Robert Rawls Livestock; E4 Cattle Co., LLC; and Ed Edens (collectively "Livestock Creditors"), by and through undersigned counsel, and file their *Objection And Joinder In Reservation Of Rights Related To The Third Interim Application For Compensation And Reimbursement Of Expenses By Development Specialists, Inc.* ("Joinder"), and in support state as follows:

### BACKGROUND

1. On December 6, 2010, an involuntary petition was filed against Eastern Livestock Co. LLC (the "Debtor"). The Order for Relief was entered on December 28, 2010.

2. On December 27, 2010, the Court entered the Order approving the appointment of James A. Knauer as Chapter 11 Trustee ("Trustee") in the subject bankruptcy case (Doc. 102).

3. On February 1, 2011 the Court approved the appointment of the law firm n/k/a Faegre Baker Daniels LLP ("FBD") as General Bankruptcy Counsel for the Debtor's estate (Doc. 248).

1

4.      On February 8, 2011 the Court approved the employment of Development Specialist, Inc. ("DSI") as Consultant to Chapter 11 Trustee (Doc. 257).

5.      On February 10, 2011 the Court approved the appointment of the law firm of Hoover Hull, LLP ("Hoover Hull") as Special Counsel to the Chapter 11 Trustee (Doc. 267).

6.      On February 12, 2012 Court approved the appointment of the law firm of Kroger, Gardis & Regas, LLP ("Kroger") as Special Counsel to the Chapter 11 Trustee (Doc. 1084).

## JOINDER IN OBJECTION AND RESERVATION OF RIGHTS

*7.*      Livestock Creditors hereby join with and adopt the arguments advanced by the creditors (the "Creditors") in their filings of *Reservation Of Rights And Objection To Third Interim Application Of Development Specialists, Inc. For Compensation And Reimbursement Of Expenses As Consultant For James A. Knauer, Chapter 11 Trustee* (Doc. 1616).

8.      Livestock Creditors renew their objections to the continued appointment of the Trustee in the face of significant and previously undisclosed conflicts of interest with major creditors to the Estate. Livestock Creditors further join with the above referenced "Creditors" in the objections to the allowance and further payment of fees and expenses for the Trustee, FBD, DSI, Hoover Hull, and Kroger on both an interim and final basis.

9.      For these reasons and those previously stated regarding the conduct of the Trustee and others, the Livestock Creditors reserve objections to the allowance and payment of fees and expenses on both an interim and final basis . To the extent of limitations upon the Trustee as the sole representative of the Estate, some of the services provided by DSI may have been unnecessary and not beneficial to the Estate, as futile activities.

10.     To the extent that the Court enters an order approving the interim application referenced herein, the orders will not be final approvals of the fees or expenses. *See Matter of Taxman Clothing Co.*, 49, F.3d 310, 312 (7th Cir. 1995) ("The law is clear . . . that all interim

awards of attorney's fees in bankruptcy cases are tentative.") (citations omitted); *In re Eckert*, 414 B.R. 404, 409 (Bankr. N.D. Ill. 2009) ("Interim fee awards under 11 U.S.C. § 331 are discretionary and are subject to reexamination and adjustment during the course of the case . . . . The Court may review the case at its conclusion and take into account the results obtained in making a final allowance.") (citations omitted); *In re Gibson*, 2010 WL 774573, *10 (Bankr. C.D. Ill. 2010) (interim orders allowing fee applications are subject to further review and modification by court) (citations omitted).

11. Lengthy objection to the Third Interim Application by DSI for compensation and expenses incurred are not necessary at this stage of the proceedings. Livestock Creditors reserve any and all rights to object to the final fee application filed by DSI in this Bankruptcy Case.

Respectfully submitted this 12th day of December 2012,

W. SCOTT NEWBERN, PL

/s/ W. Scott Newbern

W. Scott Newbern
2982 East Giverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.8940871
wsnewbern@msn.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

                                                /s/ W. Scott Newbern
                                                W. SCOTT NEWBERN