Exhibit A

## Settlement Agreement and Limited Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of __November 26__, 2012 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor") and C & M Catttle ("C&M"). The Trustee and C&M shall collectively be referred to herein as the "Parties."

### Recitals

A.  Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  Based on his investigation, the Trustee has concluded that C&M owes the Debtor $378,198.68 on account of 802 head of cattle delivered to C&M by Debtor from and after August 27, 2010 and as evidenced by Debtor's invoice numbers 13314934, 13315133, 14314219, 14314251, 31310923, 31316083 and 31316245 (collectively, the "Invoices"). C&M disputes that $378,198.68 is the true amount owing to Debtor and asserts that C&M is entitled to set-off the amount of $172,901.97 (the "Set-off Amount") against any amounts owed to Debtor because Debtor allegedly owes the Set-off Amount to C&M for 1) 202 head of cattle that C&M delivered to Debtor on October 28, 2010 and November 11, 2010 and 2) an unpaid feed bill from October of 2010 (collectively, the "Set-off Claim"). True and accurate copies of the Invoices are attached hereto as Attachment 1.

D.  Both Parties, in an effort to avoid the significant cost and expense of litigating the dispute set forth above, desire to settle the dispute upon the terms and conditions set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Payment by C&M. C&M shall pay the amount of $205,296.71(the "Settlement Amount") to the Trustee in full and final satisfaction of the Released Claims (as defined in paragraph 4 herein). Payment of the Settlement Amount shall be made payable to "Faegre Baker Daniels Trust Account" and shall be delivered together with an executed copy of this Settlement Agreement to the Trustee's counsel, Kayla D. Britton, Esq., Faegre Baker Daniels LLP, 300 N. Meridian St., Suite 2700, Indianapolis, Indiana 46204.

2.  Assignment of Claims by C&M. Upon the occurrence of the Effective Date (as defined in paragraph 3 herein), C&M assigns to the Trustee all claims it has or may

DMS_US 51115743v1

have in connection with the following adversary proceeding in the Chapter 11 Case: *Friona Industries, LP v. Eastern Livestock Co., LLC, et al.*, Adversary Proceeding No. 11-59093.

3. <u>Court Approval of Settlement; Effective Date.</u> This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within ten (10) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order becomes a final, nonappealable order shall be referred to herein as the "<u>Effective Date</u>". The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Court refuses to approve this Settlement Agreement, the Trustee will promptly return the Settlement Amount to C&M within ten (10) business days of the entry of an order denying the Settlement Motion.

4. <u>Limited Mutual Release</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and C&M's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which have accrued as of the date of this Settlement Agreement, related to the Invoices, the Set-off Claim, and any feed bills or other amounts Debtor may owe to C&M, including without limitation, any claim C&M may assert in the Chapter 11 Case (collectively, the "<u>Released Claims</u>").

5. <u>Scope of Release.</u> The Parties agree that this Settlement Agreement is never to be construed to apply to any other transactions or dealings between or involving the Parties other than those expressly described above as the Released Claims. For clarification, this Settlement Agreement shall not apply to, and the Parties reserve all rights in connection with, claims related to invoices, cattle and receivables related to Superior Lot Nos. 9491B and 7456A.

6. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and

preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. **Successors and Assigns.** This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

10. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. **Counterparts; Facsimile Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. **Agreement Nonseverable and Mutually Dependent.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. **No Admission of Fault or Liability.** This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

14. **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

DMS_US 51115743v1

C&M Cattle

By: _Chuck Murdock_, 11/26/12

Printed Name: Chuck Murdock

Title: Owner

James A Knauer as Chapter 11 Trustee for Eastern Livestock Co., LLC

_[signature: James Knauer]_