**SO ORDERED: December 17, 2012.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO APPROVE COMPROMISE OF CONTROVERSY
BETWEEN EASTERN, FRIONA, CACTUS, J&F AND FIFTH THIRD**

This matter is before the Court on the *Motion To Approve Compromise of Controversy Between Eastern, Friona, Cactus, J&F and Fifth Third* [Docket # 1529] ("Settlement Motion"). The Settlement Motion seeks approval of a settlement agreement that was attached to the Settlement Motion as Exhibit 1. Pursuant to proper and sufficient notice, the Settlement Motion was heard by the Court on December 7, 2012 (the "Hearing"). At the Hearing, counsel for the parties to the settlement agreement informed the Court that they had agreed to one correction to the settlement agreement. After discussion and with no objection from any party present at the Hearing, the Court found and determined that the modification was not material. A true and

accurate copy of the corrected settlement agreement, as immaterially modified, is attached hereto as Exhibit A (the "Settlement Agreement").

The Court having found that all notices required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure concerning the Settlement Motion were given, that all creditors and other parties in interest had adequate notice and opportunity to object to the Settlement Motion and the modification at the hearing, having reviewed and considered the pleadings related to the Settlement Motion and related matters in this case, having conducted the hearing on the Settlement Motion and approval of the Settlement Agreement, having made the following findings of fact and conclusions of law as set forth in this Order in support of its approval of the Settlement Motion and Settlement Agreement, and being otherwise sufficiently advised:

IT IS HEREBY ORDERED that the Settlement Motion is GRANTED and the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, is APPROVED in all respects. The Parties to the Settlement Agreement are authorized, directed and ORDERED to perform all of their respective obligations under the Settlement Agreement;

IT IS FURTHER ORDERED that to the extent that Rules 6004(h) or 6006(d) of the Federal Rules of Bankruptcy Procedure may be deemed to be applicable, this Order approving the Settlement Agreement shall not be stayed for 14 days after the entry of this Order and shall be effective immediately upon entry.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on the Settlement Motion to approve the Settlement Agreement.  The Court having reviewed and considered the pleadings related to the Settlement

Motion, the record in this case, no objection to the Settlement Motion having been timely filed, and being otherwise sufficiently advised, makes the following findings of fact and conclusions of law related to the Settlement Motion pursuant to Fed. R. Civ. P. 52(a) as incorporated herein by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Chapter 11 case and this adversary proceeding under 28 U.S.C. § 157.  This matter arising under Federal Rule of Bankruptcy Procedure 9019(a) constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1335 as this case is an interpleader proceeding originally filed in Texas by Friona Industries, Cactus Growers and J&F Oklahoma Holdings.  There are two or more claimants of diverse citizenship claiming, or who may claim to be entitled, to the interpleaded funds.  Two of the claimants to the interpleaded funds are James Knauer, Trustee of the Bankruptcy Estate of Eastern Livestock Co., LLC, and Fifth Third Bank.  Friona Industries, Cactus Growers and J&F Oklahoma Holdings have properly invoked the jurisdiction of this Court by interpleading all sums due under the obligations which are the subject matter of the interpleader claims of Friona Industries, Cactus Growers and J&F Oklahoma, as well as interpleading any additional sums which are or might be claimed by other claimants to the interpleaded stake.  This Court has jurisdiction over the stake, the subject matter of the contracts under which Friona Industries, Cactus Growers and J&F Oklahoma Holdings interpleaded funds, the parties to this adversary proceeding, and the claims of the parties to the stake, and the subject cattle.

3.      Venue for the Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408

and 1409, and under 28 U.S.C. §1397.

## FINDINGS OF FACT

4.    The Trustee has fully investigated the claims, defenses, and causes of action involving the Debtor[1], Friona, J&F and Cactus.

5.    All Parties to the Settlement Agreement negotiated its terms in a good faith and in an arms-length manner.

6.    The Settlement Agreement is both fair and equitable and in the best interests of the Debtor's estate, its creditors and other parties in interest.

## CONCLUSIONS OF LAW

7.    Under Bankruptcy Rule 9019(a), the Court must determine whether a proposed compromise is "fair and equitable," Prot. Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), and "in the best interests of the estate," Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."); see also In re Doctors Hospital of Hyde Park, Inc., 474 F3d 421, 427 (7th Cir. 2007); In re Amer. Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987).

---

[1] Capitalized terms not otherwise defined in this order ("Order") shall have the meaning given them in the Settlement Agreement.

8.    Approval of a proposed settlement is within the sound discretion of the Court. See In re Commercial Loan Corp., 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004).  A settlement proposed by a debtor or trustee should be approved unless it "falls below the lowest point in the range of reasonableness."  In re Doctors Hospital of Hyde Park, Inc., 474 F.3d at 426; In re Energy Cooperative, Inc., 886 F.2d 921, 929 (7th Cir. 1989) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983)).

9.    A court need not decide each question of law and fact raised by the settlement, or conduct a "mini trial" of the issues on the underlying claims, but rather should "canvass the issues" so that the reasonableness of the settlement may be evaluated.  Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988); Depoister v. Mary M. Holloway Foundation, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary hearing not required to approve settlement agreement under Bankruptcy Rule 9019); In re Energy Co-op, Inc., 886 F.2d 921, 928 (7th Cir. 1989) ("Nor is this Court required to try the underlying case and determine who would have prevailed"); In re Heissinger Resources Ltd., 67 B.R. 378, 383 (C.D. Ill. 1986) ("we reject the notion that a mini trial on the merits of the claim sought to be compromised is required").

10.    While a court should not automatically approve a trustee's settlement proposal, it may rely on the judgment of the trustee or debtors in possession in reviewing a proposed settlement.  In re Amer. Reserve, 841 F.2d at 161.  See also In re Teknek LLC, 402 B.R. 257, 261 (Bankr. N.D. Ill. 2009) (noting settlements are generally favored on contested claims and rejecting the debtor's former special counsel's objection to the proposed settlement).

11.    The Court finds that the Trustee investigated and analyzed the issues related to the matters resolved by the Settlement Agreement and properly exercised his business judgment by

entering into the Settlement Agreement on behalf of the Debtor's estate, subject to Court approval. The Settlement Agreement is fair and equitable, meets the standard for approval under Bankruptcy Rule 9019 and is in the best interests of the Debtor's estate, its creditors and other parties in interest in this chapter 11 case.

12.     The Court shall retain jurisdiction over the enforcement of the Settlement Agreement.

13.     The Interpleader Plaintiffs, Friona Industries, Cactus Growers, and J&F Oklahoma Holdings, have interpleaded sufficient funds to pay all claims of all parties, have invoked the jurisdiction of this court, and are hereby, pursuant to the terms of the Settlement Agreement, released of and discharged from all claims of all parties to this adversary proceeding in regard to the cattle and proceeds which are the subject of this adversary proceeding.

###

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No.:  10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | Adv. Pro. No. 11-59093 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK COMPANY, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CORRECTED SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Corrected Settlement Agreement And Mutual Release is entered into as of this ___ day of November, 2012, by and among: (i) JAMES A. KNAUER, chapter 11 Trustee for Debtor EASTERN LIVESTOCK CO., LLC ("Trustee"); (ii) Debtor EASTERN LIVESTOCK CO., LLC ("Eastern" or "Debtor"); (iii) Friona Industries, L.P., Cactus Growers, Inc., and J&F Oklahoma Holdings, Inc. (collectively "Plaintiffs"); and (iv) FIFTH THIRD BANK ("Fifth Third"); (collectively, the "Parties"), for the purpose of settling certain claims that have been asserted or could have been asserted by and among Plaintiffs, Debtor, and Fifth Third.

## RECITALS

**WHEREAS**, on December 6, 2011 certain petitioning creditors commenced a chapter 11 case ("Chapter 11 Case") against Eastern by filing in the United States Bankruptcy Court, Southern District of Indiana, New Albany Division (the "Court") an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. The Court

entered the *Order for Relief in an Involuntary Case and Order to Complete Filing* [Doc. No. 110] on December 28, 2010;

**WHEREAS**, on December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Doc. No. 102] approving the *United States Trustee Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Doc. No. 98] pursuant to 11 U.S.C. § 1104;

**WHEREAS**, Plaintiffs own or are associated with entities that own cattle feedyards, many of which are located in Texas. Plaintiffs were large customers of Eastern Livestock who received cattle on a regular basis. As the news of Eastern Livestock's business failure began to circulate, Plaintiffs began receiving demands from Eastern's suppliers, and others, for cattle and for sales proceeds which would have been paid to Eastern. Plaintiffs stopped payment for deliveries, cancelled their open contracts, and held the sales proceeds in abeyance in the hope that the problem would work itself out. After it became clear that the business had failed, but before the bankruptcy case was filed, Plaintiffs filed interpleader suits;

**WHEREAS**, on November 11, 2010, Friona filed a Complaint in the Nature of an Interpleader, assigned Case No. 2:10-cv-00266-J, styled Friona Industries, L.P. vs. Eastern Livestock Co., Inc., et al, in the United States District Court for the Northern District of Texas, Amarillo Division (the "Texas Interpleader Suit"). On November 19, 2010, Cactus Growers, Inc. ("Cactus") intervened and filed a Complaint in the Nature of an Interpleader, and on November 30, 2010, J&F Oklahoma Holdings, Inc. ("J&F") also intervened and filed a Complaint in the Nature of an Interpleader. In these cases, Plaintiffs paid substantial funds into the Court Registry. The current principal balance of the interpleader funds (the "Interpleader Funds") is $7,218.995.65;

**WHEREAS**, all of the Plaintiffs named Eastern Livestock, and Fifth Third Bank as Defendants in the Texas Interpleader Suit.  Many other parties also were joined, including cattle sellers who claimed rights because they delivered cattle to Eastern Livestock without payment;

**WHEREAS**, on March 1, 2011, the Court approved the removal of the Texas Interpleader Suit to this case, where it was assigned Adversary Proceeding No. 11-59093.  [Doc. No. 301 in Case No. 10-93904-BHL-11];

**WHEREAS**, in response to losses sustained in transactions with Eastern, on or about February 4, 2011 Fifth Third filed Claim No. 13 in the Chapter 11 Case seeking recovery from a first position lien on all of Eastern's receivables, inventory, and other assets;

**WHEREAS,** in response to losses sustained in transactions with Eastern, the Plaintiffs filed Claim No. 237 (J&F Oklahoma Holdings, Inc.), Claim No. 239 (apparently duplicated in the Claims Register also as Claim No. 240) (Friona Industries, L.P.), and Claim No. 248 (Cactus Growers, Inc.) based on prepetition losses they incurred based on the business failure of Eastern Livestock, and seeking recovery of their claims and attorneys fees, from the Interpleader Fund;

**WHEREAS**, on May 25, 2012, in response to the May 3, 2012 Order of the Honorable Basil H. Lorch, III, [Doc. 435] Cactus Growers, Inc. interpled into the Court registry an additional $37,066.33, which Cactus Growers, Inc. contends is not owed to any other claimant in Adversary Proceeding No. 11-59093, and which sum Cactus Growers, Inc. contends exceeds the sum properly to be interpleaded;

**WHEREAS**, Friona Industries, L.P. seeks recovery of $784,915.62 from the Interpleader Fund by way of recoupment and/or offset, plus recovery of attorney fees under the applicable interpleader statutes and rules;

**WHEREAS**, Cactus Growers, Inc. seeks recovery of $641,053.22 from the Interpleader Fund by way of recoupment and/or offset, plus recovery of attorney fees under the applicable interpleader statutes and rules;

WHEREAS, Cactus Growers, Inc. seeks recovery of the "Disputed Stake" of $37,066.33, which Cactus Growers, Inc. interpleaded on May 25, 2012, and contends is not owed to any party in this proceeding except Cactus Growers, Inc., and which Cactus Growers, Inc. contends is not property of the bankruptcy estate of Eastern Livestock Co., LLC;

**WHEREAS**, J&F Oklahoma Holdings, Inc. seeks recovery of $329,477.08 from the Interpleader Fund by way of recoupment and/or offset, plus recovery of attorney fees under the applicable interpleader statutes and rules;

**NOW THEREFORE**, in consideration of the foregoing recitals, and without admitting or denying each others assertions regarding the aforementioned claims, and in consideration of the risks and costs of litigating and of collecting on any judgment rendered on said claims, and for other good and valuable consideration the sufficiency of which is hereby acknowledged, the Parties to this Settlement Agreement do covenant and agree as follows:

## **DEFINITIONS**

As used herein, the terms below are defined as follows:

a.     *"Settlement Agreement"* shall mean this Settlement Agreement and Mutual Release;

b.     *"Settlement Date"* shall mean the date first mentioned above the execution date of this Settlement Agreement;

c.     *"Settlement Motion"* shall mean the motion filed by the Trustee within three (3) business days of the Settlement Date seeking Court approval of the Settlement Agreement and

seeking an order releasing and discharging Plaintiffs from any liability to any other party to the Texas Interpleader;

        d.        "*Settlement Order*" shall mean the entry of the order sought in the Settlement Motion approving the Settlement Agreement and releasing and discharging the Plaintiffs from any liability to any other party to the Texas Interpleader;

        e.        "Disputed Stake" shall mean the $37,066.33 which Cactus Growers, Inc. interpleaded on May 25, 2012 [Doc. 443];

        f.        "*Effective Date*" shall mean the date the Court's final nonappealable order approving the Settlement Motion becomes enforceable;

        g.        "*Texas Interpleader Suit*" shall mean the adversary proceeding (Case No. 11-59093) encompassing any and all of the Plaintiffs' claims and the Trustee's and Fifth Third's responses to these claims;

        h.        "*Plaintiffs' Claims*" shall mean any and all claims and objections the Plaintiffs asserted or could have asserted in the Chapter 11 Case, the Texas Interpleader Suit or in another court (whether state or federal) against the Trustee, Debtor, or Fifth Third;

        i.        "*Fifth Third Claims*" shall mean any and all objections and claims Fifth Third asserted or could have asserted against the Plaintiffs in the Chapter 11 Case, the Texas Interpleader Suit or in another court (whether state or federal);

        j.        "*Eastern's Claims*" shall mean any and all objections and claims Eastern asserted or could have asserted against the Plaintiffs in the Chapter 11 Case, the Texas Interpleader Suit or in another court (whether state or federal);

k.      "*Trustee Claims*" shall mean any and all objections and claims the Trustee asserted or could have asserted against the Plaintiffs in the Chapter 11 Case, the Texas Interpleader Suit or in another court (whether state or federal); and

l.      "*Released Claims*" shall mean collectively the Plaintiffs' Claims, Fifth Third Claims, Eastern's Claims, and Trustee Claims.

<u>**AGREEMENT AND RELEASES**</u>

1.      **Settlement Amount**.  Subject to and conditioned upon the occurrence of the *Effective Date*, the Plaintiffs shall receive the following sums, representing a discount of five percent (5%) of the Plaintiffs' prepetition or priority recoupment and offset claims and an agreement by the Plaintiffs to waive their right to recovery of their attorney fees and costs from the Interpleader Fund:   Friona Industries, L.P. – $745,669.84, Cactus Growers, Inc. – $609,000.56, and J&F Oklahoma Holdings, Inc. – $313,003.23 (the "**<u>Settlement Amounts</u>**"), said payments to be made from the Interpleader Funds and delivered in a manner acceptable to the Parties within five (5) business days of the *Effective Date*.

2.      **Court Approval of Settlement***; Effective Date*.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within three (3) business days following execution of this Settlement Agreement on behalf of all of the Parties, the Trustee shall file with the Court the Settlement Motion requesting the Court's approval of this Settlement Agreement, entry of final judgment in the Texas Interpleader Suit dismissing with prejudice any claims against Plaintiffs by any parties to the Texas Interpleader, and requesting disbursement of the Settlement Amounts.  The effectiveness of this Settlement Agreement is contingent upon the Court's final and nonappealable entry of the Settlement Order and the release of the Settlement Funds consistent with Section 1 above.  The Parties shall file

such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion and the disbursement of the Settlement Amounts. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3.      **Releases**. In exchange for the promises contained herein, and conditioned upon entry of the Settlement Order, the disbursement of the Settlement Amounts to Plaintiffs, and occurrence of the Effective Date, each of the Parties and their parents, subsidiaries, affiliates, principals, officers, directors, employees, agents, heirs, and assigns hereto forever **RELEASE AND DISCHARGE** their claims as follows:

(i)      The Plaintiffs, except for the Reserved Claims (defined below) as to Eastern, hereby release and forever discharge Eastern, the Trustee, and Fifth Third, including their respective parents, subsidiaries, affiliates, principals, officers, directors, employees, agents, attorneys, heirs, and assigns, from the *Plaintiffs' Claims*, including any and all actions, suits, claims, causes of action, administrative proceedings, claims for debts, rights, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued between the Parties as of the *Effective Date* of this Settlement Agreement.

(ii)      Fifth Third hereby releases and forever discharges the Plaintiffs, including their respective parents, subsidiaries, affiliates, principals, officers, directors, employees, agents, attorneys, heirs, and assigns, from the *Fifth Third Claims*, including any and all actions, suits, claims, causes of action, administrative proceedings, claims for debts, rights, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the Effective Date of this Settlement Agreement.

(iii)    Eastern and the Trustee hereby release and forever discharge the Plaintiffs, including their respective parents, subsidiaries, affiliates, principals, officers, directors, employees, agents, attorneys, heirs, and assigns, from the *Trustee Claims*, including any and all actions, suits, claims, causes of action, administrative proceedings, claims for debts, rights, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued between the Parties as of the Effective Date of this Settlement Agreement.

4.    **Reserved Claims.**    Notwithstanding the releases of Plaintiffs stated above in paragraph 3, Plaintiffs hereby reserve, set aside, and except the five percent (5%) discount that each Plaintiff is granting from its recoupment and/or offset claim, which shall be converted to an allowed unsecured claim in the chapter 11 case.  These claims (the "*Reserved Claims*") shall be reflected in amended proofs of claim the Plaintiffs agree to file upon their receipt of the Settlement Amounts.  Eastern, Fifth Third, and the Trustee agree not to contest the amended proofs of claim as to the *Reserved Claims*, and Plaintiffs agree to support the Bankruptcy Plan promulgated by the Trustee, to the extent it is consistent with this Settlement Agreement.

5.    **The J&F Mistaken Payment Claim.**  Notwithstanding the releases of J&F, Fifth Third, Eastern, and the Trustee stated above in paragraph 3, J&F Fifth Third, Eastern and the Trustee agree that funds represented by J&F's payment identified in its live pleadings as derived from a check in the amount of $52,227.60 paid into the Interpleader Fund should be withdrawn from the Interpleader Fund as mistakenly paid, because the funds were not property of the estate, and returned to J&F, by payment to be made from the Interpleader Funds and delivered in a manner acceptable to the Parties within five (5) business days of the *Effective Date*.

6.      **The Cactus Disputed Stake.**  Notwithstanding the releases of J&F, Fifth Third, Eastern, and the Trustee stated above in paragraph 3, Cactus, Fifth Third, Eastern, and the Trustee agree that $37,066.33 of the Disputed Stake which Cactus interpleaded into the Court Registry on May 25, 2012, has not been claimed by Fifth Third or the Trustee, and such funds therefore are not property of the Estate.  Cactus will remain a party to Adv. Pro. No. 11-59093 only to assert its claims to the $37,066.33 as to other parties in Adv. Pro. No. 11-59093.  Cactus reserves its claims to the $37,066.33 from the releases granted in this Settlement.

7.      **Dismissals.**  Within three (3) business days following the *Effective Date*, the parties shall file with the Court all joint motions, stipulations or other documents reasonably necessary to release and pay out the *Settlement Amounts* consistent with Section 1 of this Settlement Agreement, and for all other orders and relief necessary and appropriate to finally and fully conclude the agreements made in this Settlement Agreement.

8.      **Qualification; Authority**.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

9.      **Each of the Parties Bears Own Costs**.  Each of the Parties agrees that it or he shall bear its or his own attorney fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

10.      **Successors and Assigns; Governing Law**.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in

interest. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11.     **Merger of Prior Agreements**.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12.     **Severability.**   The provisions of this Settlement Agreement are severable. If a court of competent jurisdiction rules that any portion of this Settlement Agreement is invalid or unenforceable, such ruling will not and shall not affect the validity and enforceability of other provisions of this Settlement Agreement.

13.     **No Presumption Against Drafter**.   This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

14.     **No Admission of Fault or Liability**.   This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

15.     **Counterparts; Facsimile or E-Mail Delivery.**  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile or e-mail and such signatures shall be binding upon the party delivering same as if they were originals.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the Settlement Date, the day and year first set forth above, as indicated below.

**[SIGNATURE PAGES FOLLOW]**

**[SIGNATURE PAGES]**

Acknowledged and agreed as to *Fifth Third Bank*

_____
NAME                                   Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                                   Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas                    Date

Friona Industries, LP

_____  11/29/12
By: John Massouh                      Date

Cactus Growers, Inc.

_____
By: John H. Lovell                    Date

Settlement Agreement and Mutual Release - Page 12                    34275-501 2126699v3

**[SIGNATURE PAGES]**

Acknowledged and agreed as to *Fifth Third Bank*

_James A. Bosco_ 12/6/12
NAME                          Date
JAMES A. BOSCO S.V.P.

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_James Knauer_ 12/6/12
NAME                          Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas                Date

Friona Industries, LP

_____
By: John Massouh                  Date

Cactus Growers, Inc.

_____
By: John H. Lovell                Date

34275-501 2126699v3

**[SIGNATURE PAGES]**

Acknowledged and agreed as to *Fifth Third Bank*

_____
NAME                                    Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                                    Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas              Date

Friona Industries, LP

_____
By: John Massouh                Date

Cactus Growers, Inc.

_____
By: John H. Lovell              Date

**[SIGNATURE PAGES]**

Acknowledged and agreed as to *Fifth Third Bank*

_____
NAME                                    Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                                    Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas                      Date

Friona Industries, LP

_____
By: John Massouh                        Date

Cactus Growers, Inc.

_____
By: John H. Lovell                      Date

Settlement Agreement and Mutual Release - Page 12          34275-501  2126699v3

### [SIGNATURE PAGES]

Acknowledged and agreed as to *Fifth Third Bank*

_____
NAME                                    Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                                    Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas                    Date

Friona Industries, LP

_____
By: John Massouh                    Date

Cactus Growers, Inc.

_____
By: John H. Lovell                    Date

**[SIGNATURE PAGES]**

Acknowledged and agreed as to *Fifth Third Bank*

_____
NAME                                    Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                                    Date

Acknowledged and agreed as to the individual Plaintiffs as follows:

J&F Oklahoma Holdings, Inc.

_____
By: David L. LeBas                Date

Friona Industries, LP

_____
By: John Massouh                  Date

Cactus Growers, Inc.

*[signatures]* 11-29-2012
11-29-2012
By: John H. Lovell                 Date

34275-501 2126699v3