UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |
| _____ ) | |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 ) | |
| TRUSTEE OF EASTERN LIVESTOCK CO., ) | |
| LLC ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No. |
| ) | |
| v. ) | |
| ) | |
| BRADBURY & YORK and ) | |
| MIKE BRADBURY, ) | |
| ) | |
| Defendant. | |

**COMPLAINT TO (I) AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS AND TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502 (d)**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his complaint against Bradbury & York and Mike Bradbury states as follows:

**Jurisdiction & Parties**

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

7. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, (the "Petition Date") by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

8. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

9. Defendants Bradbury & York and Mike Bradbury ("Defendants") is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

10. At all relevant times material hereto, Defendant was a vendor, supplier or otherwise maintained a business relationship with ELC or its affiliates.

11. On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Defendant sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale (the "Cattle Transactions").

**Allegations Common To All Claims For Relief**

12. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

13. Plaintiff is informed and believes and, based thereon, alleges, that in satisfaction of ELC obligations to Defendant on account of the Cattle Transactions, ELC made transfers of property from ELC deposit accounts and/or accounts under the control of ELC and/or the transfer of cattle or other personal property to the Defendant on or within ninety (90) days on before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, in the aggregate sum of $241,597.74 (the "Preference Period Transfers") with respect to which one or more of such Preference Period Transfers were made in the form of payments and/or transfers to the Defendant (the "Transfers"), in the sums, form of payment, and on or around the dates as reflected on **Exhibit A**, attached hereto and made part hereof.

14. The Transfers identified in **Exhibit A** are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547 (c).

15. The Transfers to the Defendant identified in **Exhibit A** were transfers of interests of ELC's property.

16. The Transfers to the Defendant were made while ELC was insolvent.

### Count I
### Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b))

17. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to the Defendant for the benefit of the Defendant, who was a creditor of Debtor at the time of the Transfers on account of the Cattle Transactions, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

19. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were transfers of interests of the Debtor in property.

20. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made for or on account of one or more antecedent debts owed by the Debtor to the Defendant on account of the Cattle Transactions prior to the date on which the Transfers respectively were made.

21. Plaintiff is informed and believes and, based thereon, alleges at the time of each of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by the Debtor.

22. As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts. As a result of the Transfers, the Defendant received more than it would have received if (a) the Debtor's

4

bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective Transfers had not been made; and (c) the Defendant had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

23. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Transfers.

## Count II
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))

24. This Count II is in the alternative to Count I.

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23, inclusive, as if fully set forth herein.

26. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Transfers to the Defendant with the actual intent to hinder, delay, or defraud on or more of Debtor's creditors.

27. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from the Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## Count III
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

28. This Count III is in the alternative to Counts I and II.

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive, as if fully set forth herein.

30. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time

of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

31.  ELC received less than reasonably equivalent value in exchange for the Transfers.

32.  Debtor was insolvent on the date Defendant received each of the Transfers.

33.  The Transfers were made within two (2) years of the Petition Date.

34.  Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from the Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

**Count IV**
**Recovery of Avoided Transfers (11 U.S.C. § 550)**

35.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, as if fully set forth herein.

36.  Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers under Sections 544, 547 (b) and 548(a)(1)(A) of the Bankruptcy Code, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers from the Defendant or any immediate or mediate transferee of the Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

WHEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

ON COUNTS I, II AND III

1. Declaring that the Transfers identified herein are avoided and set aside as preferences under Section 547, or as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B) of the Bankruptcy Code;

ON COUNT IV

2. Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full sum of the proceeds or value of the Transfers (and any other transfers within the meaning of Section 101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided) pursuant to Section 550 of the Bankruptcy Code;

3. Awarding judgment against the Defendant and in favor of the Plaintiff in an amount of not less than $241,597.74.

ON COUNTS I THROUGH IV

5. Pre-judgment interest at the maximum legal rate running from the time of the Transfer(s) until the date of judgment herein;

6. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

7. Fees and costs incurred by the Plaintiff in this suit;

8. Such other and further relief as is necessary proper.

### Count V
### Complaint For Disallowance Of Claim
### Pursuant To 11 U.S.C. § 502(D)

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35, inclusive, as if fully set forth herein.

38. Plaintiff is informed and believes, and based thereon, alleges that the Defendant has or may assert a claim against the Debtor's estate.

39. Pursuant to Section 502 (d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Defendant be disallowed for the failure to repay the Transfers.

WHEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

1. Disallowing any and all claims of the Defendant against the Plaintiff's estate under Section 502(d) of the Bankruptcy Code; and

2. Such other and further relief as is necessary proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Counsel for James A. Knauer, Trustee

**Kroger, Gardis & Regas, LLP**
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
(317) 692-9000