UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 12-_____ |
| v. | ) | |
| | ) | |
| RUSSELL D. GARWOOD, MONTE HAIAR, | ) | |
| TIM T. HEINE and JANOUSEK FARMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ADVERSARY COMPLAINT**

For his complaint against Russell D. Garwood, Monte Haiar, Tim T. ("Bud") Heine and Janousek Farms, Inc., James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

**Preliminary Statement**

Among other things, this complaint seeks payment or recovery of certain property identified herein as the "Heine Receivable," in Count I directed against Tim T. Heine, and the "Preference Period Transfers," in Counts IV, V and VI directed against Janousek Farms, Inc. Counts I, IV, V and VI herein reflect alternative theories or causes of action on which such demand for payment or recovery is based. The Trustee recognizes he is entitled, however, to a single recovery with respect to the claims asserted in Counts I, IV, V and VI.

Also, this complaint seeks payment or recovery of certain property identified herein as the "Garwood Receivable," in Count II directed against Russell D. Garwood; the "ELC Converted Property," in Count III directed against Monte Haiar; and the "Post Petition Transfer," in Count VII directed against Janousek Farms, Inc. Counts II, III and VII herein reflect alternative theories or causes of action on which such demand for such payment or recovery is based. The Trustee recognizes he is entitled, however, to a single recovery with respect to the claims asserted in Counts II, III and VII.

## Jurisdiction & Parties

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"), presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2.      This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.      Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final order or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Russell D. Garwood ("Garwood") is a Nebraska resident, residing at 47951 901st Rd., Butte, Nebraska 68722.

11. Defendant Monte Haiar ("Haiar") is a South Dakota resident, residing at 501 Randall St., Fairfax, South Dakota 57335.

12. Defendant Tim T. Heine ("Heine") is a South Dakota resident, residing at 412 Sterling Street, Vermillion, South Dakota 57069.

13. Defendant Janousek Farms, Inc. ("Janousek") is a South Dakota corporation with its principal place of business in Fairfax, South Dakota. Defendant's registered agent is Douglas Janousek with an address of 36982 Hwy 18E, Fairfax, SD 57335.

14. Garwood is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

15. Haiar is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

16. Janousek is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

17. At all relevant times material hereto, Garwood was a vendor, supplier, or customer of ELC, or otherwise maintained a business relationship with ELC or its affiliates.

18. At all relevant times material hereto, Haiar was the branch manager of ELC Branch 7 located in Fairfax, South Dakota ("ELC Branch 7"), or otherwise maintained a business relationship with ELC or its affiliates.

19. At all relevant times material hereto, Heine was a vendor, supplier or customer of ELC, or otherwise maintained a business relationship with ELC or its affiliates.

20. At all relevant times material hereto, Janousek was a vendor, supplier or customer of ELC, or otherwise maintained a business relationship with ELC or its affiliates.

## Count I
## Breach of Contract – Heine

21. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22. On at least one occasion and/or from time to time, ELC and Heine entered into business transactions, whereby Heine purchased cattle from ELC and agreed to pay ELC for such cattle. On or around August 9, 2010, ELC entered into that certain "Cattle Sales Contract Confirmation," whereby ELC agreed to sell to Heine and Heine agreed to purchase from ELC 160 head of cattle for delivery between October 20, 2010 and November 2, 2010 (the "ELC/Heine Sales Contract"). A true and correct copy of the ELC/Heine Sales Contract is attached as Exhibit A. On or around November 3, 2010, ELC delivered the total of approximately 161 head of cattle to Heine (the "Heine Cattle Purchases") and delivered to Heine an invoice reflecting the aggregate sum of $108,731.62 owed to ELC for the Heine Cattle

DMS_US 51258159v1

4

Purchases (the "Heine Invoice").  A true and accurate copy of the Heine Invoice is attached hereto as Exhibit B and made part hereof.

23. The Heine Cattle Purchases occurred through ELC Branch 7.

24. The Heine Invoice evidences an accounts receivable owed by Heine to ELC (the "Heine Receivable").

25. Plaintiff is informed and believes and, based thereon, alleges despite receiving the Heine Invoice, Heine has refused to pay ELC or the Trustee for the full amount due and owing under the Heine Invoice for such purchases of cattle from ELC.

26. Heine is in breach of the contract between the parties for failing to pay amounts when due.  The amount still due and owing is equal to $108,731.62, plus interest.

27. ELC's estate has been damaged as a direct result of Heine's breach.

28. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

### Count II
### Breach of Contract – Garwood

29. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 28, as if fully set forth herein.

30. On at least one occasion and/or from time to time, ELC and Garwood entered into business transactions, whereby Garwood purchased cattle from ELC and agreed to pay ELC for such cattle.  On or around October 4, 2010, October 22, 2010, and October 25, 2010, ELC delivered the total of approximately 150 head of cattle to Garwood (the "Garwood Cattle Purchases") and delivered to Garwood invoices reflecting the aggregate sum of $74,173.20 owed to ELC for the Garwood Cattle Purchases (the "Garwood Invoices").  True and accurate copies of the Garwood Invoices are attached hereto as Group Exhibit C and made part hereof.

DMS_US 51258159v1

31. The Garwood Cattle Purchases occurred through ELC Branch 7.

32. The Garwood Invoices evidence an accounts receivable owed by Garwood to ELC (the "Garwood Receivable").

33. Plaintiff is informed and believes and, based thereon, alleges despite receiving the Garwood Invoices, Garwood has refused to pay ELC or the Trustee for the full amount due and owing under the Garwood Invoices for such purchases of cattle from ELC.

34. Garwood is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing is equal to $74,173.20, plus interest.

35. ELC's estate has been damaged as a direct result of Garwood's breach.

36. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

## Count III
## Conversion – Haiar

37. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. Plaintiff is informed and believes and, based thereon, alleges Haiar received payment from Garwood on the Garwood Invoices in purported satisfaction of the Garwood Receivable by check #3849, dated January 24, 2011, in the sum of $72,860.70, made payable to "Haiar Cattle Co." (the "Garwood Payment"). A copy of the Garwood Payment is attached hereto and made part hereof as Exhibit D.

39. Plaintiff is informed and believes and, based thereon, alleges after receipt of the Garwood Payment, Haiar deposited the Garwood Payment into an account maintained by Haiar at Butte State Bank (the "ELC Converted Property").

40. The ELC Converted Property and proceeds of the ELC Converted Property in Haiar's possession, custody or control are property of ELC's bankruptcy estate.

41. Plaintiff is informed and believes and, based thereon, alleges Haiar tortiously and unlawfully converted ELC's property to the detriment of ELC.

42. Plaintiff is informed and believes and, based thereon, alleges Haiar exerted unauthorized control over and continues to possess the ELC Converted Property.

43. The Court should order Haiar to turn over to the Trustee the ELC Converted Property and any and all other property of the ELC bankruptcy estate Haiar has unlawfully converted.

44. Haier committed criminal conversion under Indiana Code Section 35-3-4-1, *et seq.*, and/or other applicable States' statutes regarding conversion.

45. Pursuant to the Crimes Victim Act, Indiana Code Section 34-23-3-1, and as may be permitted by other applicable States' statutes, the Trustee is entitled to treble damages, costs and attorneys' fees.

## Allegations Common to Counts IV – IX

46. On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Janousek sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale (the "Janousek Cattle Sales").

47. As and when the Janousek Cattle Sales occurred, Janousek always or nearly always transacted business with ELC through ELC Branch 7.

48. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or

involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

49.    Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property to the Janousek or caused to be made transfers of property of ELC to Janousek on or within ninety (90) days on before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, in the aggregate sum of $108,731.62 (the "Preference Period Transfers").  One or more of such Preference Period Transfers were made in the form of payments to the Janousek in the sums, form of payment, and on or around the dates reflected on Exhibit E attached hereto and made part hereof, as further evidenced by Heine's check #21317, dated November 4, 2010, payable to Janousek, in the sum of $108,731.62, a copy of which is attached hereto and made part hereof as Exhibit F.

50.    The Preference Period Transfers identified in Exhibit E are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547(c).

51.    The Preference Period Transfers indentified in Exhibit E were transfers of interests of ELC's property.

52.    Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made while ELC was insolvent.

53.    Plaintiff is informed and believes and, based thereon, alleges purportedly on behalf of ELC and the ELC bankruptcy estate, and as property of the ELC bankruptcy estate, Haiar received the Garwood Payment.

54.    Plaintiff is informed and believes and, based thereon, alleges Haiar transferred the sum of $60,343.23 of the purported proceeds of the Garwood Payment to Janousek by a cashier's check in the sum of $60,343.23 dated February 15, 2011 (the "Post Petition Transfer") in

satisfaction of obligations owed by ELC to Janousek on account of certain of the Janousek Cattle Sales. A copy of the check evidencing the Post Petition Transfer is attached hereto and made part hereof as <u>Exhibit G</u>.

**Count IV**
**Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b)) – Janousek**

55.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56.     Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made to the Janousek for the benefit of the Janousek, who was a creditor of Debtor at the time of the Preference Period Transfers, respectively, as the term "creditor" is defined by Section 101(10) of the Bankruptcy Code.

57.     Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were transfers of interests of the Debtor in property.

58.     Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made for or on account of one or more antecedent debts owed by the Debtor to the Janousek prior to the date on which the Preference Period Transfers respectively were made.

59.     At the time of each of the Preference Period Transfers, Janousek had a right to payment on account of an obligation owed to the Janousek by the Debtor.

60.     As a result of the Preference Period Transfers, the Janousek received more than it would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective Preference Period Transfers had not been made; and (c) the

Janousek had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

61. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Preference Period Transfers.

## Count V
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A)) – Janousek

62. This Count V is in the alternative to Count IV.

63. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

64. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Preference Period Transfers to the Janousek or caused the Transfers to be made to the Janousek with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

65. Plaintiff is entitled to avoid the Preference Period Transfers and recover the value of the Preference Period Transfers from the Janousek under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## Count VI
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B)) – Janousek

66. This Count VI is in the alternative to Counts IV and V.

67. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 65, inclusive, as if fully set forth herein.

68. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Preference Period Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Preference Period Transfers or became insolvent as a result of any of the Preference Period Transfers, (ii)

DMS_US 51258159v1

10

was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

69. ELC received less than reasonably equivalent value in exchange for the Preference Period Transfers.

70. Debtor was insolvent on the date Janousek received each of the Preference Period Transfers.

71. The Transfers were made within two (2) years of the Petition Date.

72. Plaintiff is entitled to avoid the Preference Period Transfers and recover the value of the Preference Period Transfers from the Janousek under Section 548(a)(1)(B) of the Bankruptcy Code.

**Count VII**
**Avoidance of Transfer As Unauthorized Post Petition Transfer (11 U.S.C. § 549) – Janousek**

73. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, inclusive, as if fully set forth herein.

74. Plaintiff is informed and believes and, based thereon, alleges that the Post Petition Transfer occurred after the commencement of the Chapter 11 Case.

75. Plaintiff is informed and believes and, based thereon, alleges that the Post Petition Transfer was authorized, if at all, only under Section 303(f) or 542 of the Bankruptcy Code.

76. Plaintiff is informed and believes and, based thereon, alleges that the Post Petition Transfer was not authorized by the Bankruptcy Code or by order of the Bankruptcy Court.

77. Plaintiff is entitled to an order and judgment under Section 549(a) of the Bankruptcy Code avoiding the Post Petition Transfer.

## Count VIII
### Recovery of Avoided Transfers (11 U.S.C. § 550) – Janousek

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, inclusive, as if fully set forth herein.

79. Hereafter, the Preference Period Transfers and Post Petition Transfer together may sometimes be referred to as the "Transfers."

80. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers under Sections 547(b), 548(a)(1)(A), 548(a)(1)(B) or 549(a) of the Bankruptcy Code, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers from the Janousek or any immediate or mediate transferee of the Janousek, or any of them, under Section 550(a) of the Bankruptcy Code.

## Count IX
### For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d) - Janousek

81. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 80, inclusive, as if fully set forth herein.

82. Plaintiff is informed and believes, and based thereon, alleges that the Janousek may assert a claim against the Debtor's estate.

83. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Janousek be disallowed for the failure to repay the Transfers.

## Count X
### Breach of Contract - Janousek

84. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

DMS_US 51258159v1

85. In October of 2010 and, on information and belief, prior thereto, ELC and Janousek entered into business transactions, whereby Janousek purchased cattle from ELC and agreed to pay ELC for such cattle.

86. On October 29, 2010, ELC delivered certain purchased cattle to Janousek and delivered to Janousek an invoice reflecting the sum of $9,675.00 owed to ELC for the purchased cattle (the "Janousek Invoice"). A true and accurate copy of the Invoice is attached hereto as Exhibit H and made part hereof.

87. On information and belief, Janousek delivered to ELC a check made payable to ELC in the sum of $9,675.00 in purported satisfaction of the Janousek Invoice. Thereafter, Janousek stopped payment on this check, and despite receiving the Janousek Invoice, Janousek has refused to pay ELC or the Trustee for the full amount due and owing under the Janousek Invoice for such purchase of cattle from ELC.

88. Janousek is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing is equal to $9,675.00, plus interest.

89. ELC's estate has been damaged as a direct result of Janousek's breach.

90. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

WHEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

## ON THE FIRST CLAIM FOR RELIEF

1. Awarding judgment in the Trustee's favor and against Heine and award the Trustee appropriate damages in the amount of $108,731.62.

**ON THE SECOND CLAIM FOR RELIEF**

2.      Awarding judgment in the Trustee's favor and against Garwood and award the Trustee appropriate damages in the amount of $74,173.20.

**ON THE THIRD CLAIM FOR RELIEF**

3.      Awarding judgment in the Trustee's favor and against Haiar and award the Trustee appropriate damages as a result of Haiar's unlawful conversion of the ELC Converted Property.

**ON THE FOURTH CLAIM FOR RELIEF**

4.      Declaring that the Preference Period Transfers identified herein are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

**ON THE FIFTH CLAIM FOR RELIEF**

5.      Declaring that the Preference Period Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code;

**ON THE SIXTH CLAIM FOR RELIEF**

6.      Declaring that the Preference Period Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code.

**ON THE SEVENTH CLAIM FOR RELIEF**

7.      Declaring that the Post Petition Transfer identified herein is avoided and set aside as an unauthorized post-petition transfer under Section 549 of the Bankruptcy Code.

**ON THE EIGHTH CLAIM FOR RELIEF**

8.      Directing and ordering that the Janousek, or any immediate or mediate transferee of the Janousek, turn over to the Plaintiff the full sum of the proceeds or value of the Transfers

(and any other avoided Transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

9. Awarding judgment against the Janousek and in favor of the Plaintiff in an amount of not less than $169,074.85.

## ON THE NINTH CLAIM FOR RELIEF

10. Disallowing any and all claims of the Janousek against the ELC bankruptcy estate under Section 502(d) of the Bankruptcy Code;

## ON THE TENTH CLAIM FOR RELIEF

11. Awarding judgment in the Trustee's favor and against Janousek and award the Trustee appropriate damages in the amount of $9,675.00.

## ON ALL CLAIMS FOR RELIEF

12. Pre-judgment interest at the maximum legal rate running from the time of the Transfer(s) until the date of judgment herein;

13. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

14. Fees and costs incurred by the Plaintiff in this suit;

15. Such other and further relief as is necessary and proper.

                Respectfully submitted,

                FAEGRE BAKER DANIELS LLP

                By: /s/ Wendy W. Ponader

Shiv Ghuman O'Neill (#23280-53A)      *Counsel for James A. Knauer, Chapter 11 Trustee*
Shawna Meyer Eikenberry (#21615-53)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@faegrebd.com
shawna.eikenberry@faegrebd.com
kayla.britton@faegrebd.com

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569.9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com