UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 12- |
| v. | ) | |
| | ) | |
| MATT ELLER, | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT

For his complaint against Matt Eller ("Defendant"), James A. Knauer ("Trustee"), as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

### Jurisdiction & Parties

1.  The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"), presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2.  This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant is an individual and a resident of Mississippi. Defendant's address is P.O. Box 570, Okolona, MS 38680.

11. Defendant is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

12. At all relevant times material hereto, Defendant was a vendor, supplier, customer, or otherwise maintained a business relationship with ELC or its affiliates.

## Count I
## Breach of Contract

13. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 12, as if fully set forth herein.

14. In September of 2010, ELC and Defendant entered into multiple business transactions, whereby Defendant purchased cattle from ELC and agreed to pay for such cattle.

15. ELC delivered the purchased cattle to Defendant and sent Defendant invoices reflecting amounts owed for the purchases (the "Invoices"). True and accurate copies of the Invoices are attached hereto as Exhibit A and made part hereof.

16. Despite receiving the Invoices, Defendant has refused to pay ELC or the Trustee for the full amounts due and owing under the Invoices for such purchases.

17. Defendant is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing is equal to $177,285.70, plus interest.

18. ELC's estate has been damaged as a direct result of Defendant's breach.

19. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

### Allegations Common to Counts II – VI

20. On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Defendant provided goods or services to ELC or its affiliates.

21. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

DMS_US 51294059v1

3

22. Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property to Defendant or caused to be made transfers of property of ELC by a third party to the Defendant on or within ninety (90) days on before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, in the aggregate sum of $16,667.79 (the "Preference Period Transfers") with respect to which one or more of such Preference Period Transfers were made in the form of payments to Defendant (the "Transfers") in the sums, form of payment, and on or around the dates reflected on Exhibit B attached hereto and made part hereof.

23. The Transfers identified in Exhibit B are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547(c).

24. The Transfers indentified in Exhibit B were transfers of interests of ELC's property.

25. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made while ELC was insolvent.

## Count II
**Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b))**

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to Defendant for the benefit of Defendant, who was a creditor of Debtor at the time of the Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

28. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were transfers of interests of the Debtor in property.

29. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made for or on account of one or more antecedent debts owed by the Debtor to Defendant prior to the date on which the Transfers respectively were made.

30. At the time of each of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

31. As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts. As a result of the Transfers, Defendant received more than they would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective Transfers had not been made; and (c) Defendant had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

32. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Transfers.

### Count III
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))

33. This Count III is in the alternative to Count II.

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Transfers to Defendant or caused the Transfers to be made to Defendant with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

36. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

DMS_US 51294059v1

5

## Count IV
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

37. This Count IV is in the alternative to Counts II and III.

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37, inclusive, as if fully set forth herein.

39. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

40. ELC received less than reasonably equivalent value in exchange for the Transfers.

41. Debtor was insolvent on the date Defendant received each of the Transfers.

42. The Transfers were made within two (2) years of the Petition Date.

43. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

## Count V
## Recovery of Avoided Transfers (11 U.S.C. § 550)

44. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers under Sections 547(b), 548(a)(1)(A) or 548(a)(1)(B) of the

Bankruptcy Code, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers from Defendant or any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count VI
## For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

46.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47.     Plaintiff is informed and believes, and based thereon, alleges that Defendant may assert a claim against the Debtor's estate.

48.     Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Defendant be disallowed for the failure to repay the Transfers.

WHEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.     Awarding judgment in the Trustee's favor and against Defendant and award the Trustee appropriate damages in the amount of $177,285.70, plus interest;

### ON THE SECOND CLAIM FOR RELIEF

2.     Declaring that the Transfers identified herein are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

### ON THE THIRD CLAIM FOR RELIEF

3. Declaring that the Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code;

### ON THE FOURTH CLAIM FOR RELIEF

4. Declaring that the Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code;

### ON THE FIFTH CLAIM FOR RELIEF

5. Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full sum of the proceeds or value of the Transfers (and any other avoided Transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

6. Awarding judgment against the Defendant and in favor of the Plaintiff in an amount of not less than $16,667.79.

### ON THE SIXTH CLAIM FOR RELIEF

7. Disallowing any and all claims of the Defendant against the Plaintiff's estate under Section 502(d) of the Bankruptcy Code; and

### ON ALL CLAIMS FOR RELIEF

8. Pre-judgment interest at the maximum legal rate running from the time of the Transfer(s) until the date of judgment herein;

9. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

10. Fees and costs incurred by the Plaintiff in this suit; and

11. Such other and further relief as is necessary and proper.

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP

        By: /s/ Shiv Ghuman O'Neill

Shiv Ghuman O'Neill (#23280-53A)   *Counsel for James A. Knauer, Chapter 11 Trustee*
Shawna Meyer Eikenberry (#21615-53)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@faegreBD.com
shawna.eikenberry@faegreBD.com
kayla.britton@faegreBD.com

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569.9600
Facsimile: (317) 569-4800
wendy.ponader@faegreBD.com

DMS_US 51294059v1