UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 12- |
| v. | ) | |
| | ) | |
| CHAD HOUCK, | ) | |
| FLYING M RANCH, | ) | |
| ANDY LOLLEY, | ) | |
| ROYCE STALLCUP, and | ) | |
| S&S CATTLE, | ) | |
| | ) | |
| Defendants. | ) | |

**ADVERSARY COMPLAINT**

For his complaint against Chad Houck, Flying M Ranch, Andy Lolley, Royce Stallcup, and S&S Cattle (collectively "Defendants"), James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

**Preliminary Statement**

Among other things, this complaint seeks payment or recovery of certain property identified herein as the "S&S Receivable" in Count I directed against S&S Cattle (as defined below) and seeks the recovery of payment that Houck (as defined below) received for the S&S Receivable in Counts IV, V, VI, and VII directed against Houck. With respect to that portion of the Counts I, IV, V, VI and VII that seek recovery for the S&S Receivable, these counts reflect

DMS_US 51290296v1

alternative theories or causes of action on which such demand for payment of the S&S Receivable is based. The Trustee recognizes, however, that he is entitled to a single recovery for the S&S Receivable with respect to the claims in Counts I, IV, V, VI and VII.

Additionally, this complaint seeks payment or recovery of certain property identified as the "Lolley Receivable" in Count II directed against Andy Lolley and seeks the recovery of the payment that Houck received for the Lolley Receivable in Counts IV, V, VI, and VII directed against Houck. With respect to that portion of Counts II, IV, V, VI and VII that seek recovery for the Lolley Receivable, these count reflect alternative theories or causes of action on which demand for payment of the Lolley Receivable is based. The Trustee recognizes, however, that he is entitled to a single recovery for the Lolley Receivable with respect to Counts II, IV, V, VI and VII.

## Jurisdiction & Parties

1. The above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") arises in and is related to the above-captioned bankruptcy case (the "<u>Chapter 11 Case</u>"), which is currently pending under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "<u>Court</u>").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Chad Houck ("Houck") is an individual and resident of Alabama. Houck's address is 409 County Rd 6, Black, AL 36314.

11. Houck does or did business under the name of "Flying M Ranch." Flying M Ranch can be served c/o Chad Houck at 409 County Rd 6, Black, AL 36314.

12. Houck and Flying M Ranch are individually and collectively referred to herein as "Houck."

13. Royce Stallcup ("Stallcup") is an individual and resident of Texas. Stallcup's address is 8329 Plainview Rd., Seymour, TX 76380.

14. Stallcup does or did business under the name of S&S Cattle Company. S&S Cattle Company can be served c/o Royce Stallcup at 8329 Plainview Rd., Seymour, TX 76380.

15. Stallcup and S&S Cattle Company are hereinafter referred to as "S&S Cattle."

16. Andy Lolley is an individual and resident of Alabama. Lolley's address is 2037 Iron Bridge Rd., Samson, AL 36477.

17. Defendants are persons as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

## Count I
## Breach of Contract (Against S&S Cattle)

18. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. In October of 2010, S&S Cattle purchased cattle from ELC and agreed to pay for such cattle.

20. Plaintiff is informed and believes, and based thereon, alleges that ELC delivered the purchased cattle to S&S Cattle and provided S&S Cattle an invoice reflecting amounts owed for the purchases (the "S&S Invoice"). A true and accurate copy of the S&S Invoice is attached hereto as Exhibit A and made part hereof.

21. The S&S Invoice evidences an accounts receivable owed by S&S to ELC (the "S&S Receivable").

22. Plaintiff is informed and believes, and based thereon, alleges that despite receiving the S&S Invoice, S&S has not paid ELC or the Trustee the amount due and owing under the S&S Invoice for the purchase of cattle from ELC.

23. S&S is in breach of the contract between the parties for failing to pay the amount owed to ELC for the cattle that S&S purchased. The amount still due and owing is equal to $18,789.29, plus interest.

24. ELC's estate has been damaged as a direct result of S&S's breach.

25. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

## Count II
## Breach of Contract (Against Lolley)

26. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 25, inclusive, as if fully set forth herein.

27. In September of 2010, Lolley purchased cattle from ELC and agreed to pay for such cattle.

28. Plaintiff is informed and believes and, based thereon, alleges that ELC delivered the purchased cattle to Lolley and provided Lolley an invoice directed to Lolley, reflecting amount owed for the purchase (the "Lolley Invoice"). A true and accurate copy of the Lolley Invoice is attached hereto as Exhibit B and made part hereof.

29. The Lolley Invoice evidences an accounts receivable owed by Lolley to ELC (the "Lolley Receivable").

30. Plaintiff is informed and believes and, based thereon, alleges that despite receiving the Lolley Invoice, Lolley has not paid ELC or the Trustee for the amount due and owing under the Lolley Invoice for the purchase of cattle from ELC.

31.     Lolley is in breach of the contract between the parties for failing to pay the amount owed to ELC for the cattle that Lolley purchased. The amount still due and owing is equal to $36,086.21, plus interest.

32.     ELC's estate has been damaged as a direct result of Lolley's breach.

33.     All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

## Count VIII
## Breach of Contract – Houck

34.     Plaintiff incorporates by reference the allegations contained in paragraph 1 through 33, inclusive, as if fully set forth herein.

35.     In September of 2010, Houck purchased cattle from ELC and agreed to pay for such cattle.

36.     Plaintiff is informed and believes and, based thereon, alleges that ELC delivered the purchased cattle to Houck and provided Houck invoices reflecting the amount owed for the purchases (the "Houck Invoices"). A true and accurate copy of the Houck Invoices is attached hereto as Exhibit C and made part hereof.

37.     Plaintiff is informed and believes and, based thereon, alleges that despite receiving the Houck Invoices, Houck has not paid ELC or the Trustee for the full amounts due and owing under the Houck Invoices for the purchase of cattle from ELC.

38.     Houck is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing is equal to $42,725.45, plus interest.

39.     ELC's estate has been damaged as a direct result of Houck's breach.

40.     All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

DMS_US 51290296v1

6

**Allegations Common to Counts IV-VII**

41.     The Trustee incorporates by reference the allegations contained in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.     On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Houck sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale (the "Houck Cattle Sales").

43.     Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceedings defines "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or partying with property or with an interest in property, including retention of title as a security interest and foreclosure of debtor's equity of redemption."

44.     Plaintiff is informed and believes and, based thereon, alleges that on or within ninety (90) days before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, Houck received payment from S&S on the S&S Invoices and in purported satisfaction of the S&S Receivable, in the sum of $18,789.29 (the "S&S Payment").

45.     Plaintiff is informed and believes and, based thereon, alleges that on or within ninety (90) days before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, Houck received payment from Lolley on the Lolley Invoices and in purported satisfaction of the Lolley Receivables, in the sum of $36,086.27 (the "Lolley Payment").

46.     Plaintiff is informed and believes and, based thereon, alleges that after receipt of the S&S Payment and the Lolley Payment, Houck retained the funds for the benefit of Houck (the "S&S and Lolley Proceeds").

DMS_US 51290296v1

7

47. In addition, Plaintiff is informed and believes and, based thereon, alleges that ELC made additional transfers of property to Houck or caused to be made transfers of property of ELC by a third party to Houck on or within ninety (90) days before the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive, in the aggregate sum of $7,681.12 in the form of payments to Houck (the "Transfers") in the sums, form of payment, and on or around that dates reflected in Exhibit D attached hereto and made part hereof.

48. Houck's seizure of the S&S and Lolley Proceeds and the Transfers identified in Exhibit D constituted the transfer of interest of ELC's property and occurred within ninety (90) days of the Petition Date, that is between September 7, 2010 and December 5, 2010, inclusive (the "Preference Period Transfers"). The total amount of the Preference Period Transfers is equal to $62,556.68.

49. The Preference Period Transfers are not subject to the defense of avoidance as set forth in U.S.C. §547(c).

50. The Preference Period Transfers were made while ELC was insolvent.

### Count IV
### Conversion – Houck

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. The S&S and Lolley Proceeds in the possession, custody or control of Houck are property of ELC's bankruptcy estate.

53. Plaintiff is informed and believes and, based thereon, alleges that Houck tortiously and unlawfully converted ELC's property to the detriment of ELC.

54. Plaintiff is informed and believes and, based thereon, alleges that Houck exerted unauthorized control over and continues to possess the S&S and Lolley Proceeds.

DMS_US 51290296v1

8

55. The Court should order Houck to turn over to the Trustee the S&S and Lolley Proceeds and any and all other property of the ELC bankruptcy estate that Houck has unlawfully converted.

56. Houck has committed criminal conversion under Indiana Code Section 35-3-4-1, *et. seq.*, and /or other applicable States' statutes regarding conversion.

57. Pursuant to the Crimes Victim Act, Indiana Code Section 34-23-3-1, and as may be permitted by other applicable States' statutes, the Trustee is entitled to treble damages, costs and attorneys' fees.

**Count V**
**Avoidance of Preference Period Transfers as Preferential Transfers (11 U.S.C. §547(c))**

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 57, inclusive, as if fully set forth herein.

59. Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made for the benefit of Houck, who was a creditor of Debtor at the time of the Preference Period Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

60. Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were transfers of interests of Debtor in property.

61. Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made for or on account of one or more antecedent debts owed by Debtor to Houck prior to the date on which the Preference Period Transfers were made.

62.     Plaintiff is informed and believes and, based thereon, alleges at the time of the Preference Period Transfers, Houck had a right to payment on account of an obligation owed to Houck by Debtor.

63.     As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the Preference Period Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the Preference Period Transfers, Houck received more than it would have received if (a) Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Preference Period Transfers had not been made; and (c) Houck had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

64.     Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Preference Period Transfers.

### Count VI
### Avoidance of Transfers as Fraudulent Transfers (11 U.S. C. §548(a)(1)(A))

65.     This Count VI is the alternative to Count V.

66.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 64, inclusive, as if fully set forth herein.

67.     Plaintiff is informed and believes and, based thereon, alleges that the Preference Period Transfers were made to Houck with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

68.     Plaintiff is entitled to avoid the Preference Period Transfers from Houck under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code

## Count VII
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

69. This Count VII is in the alternative to Counts V and VI.

70. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 68, inclusive, as if fully set forth herein.

71. Under Section 548(a)(1)(B) of the Bankruptcy Code, Plaintiff may avoid the value of the Preference Period Transfers made if Debtor received less than reasonably equivalent value in exchange for the Preference Period Transfers and Debtor (i) was insolvent at the time of the Preference Period Transfers or became insolvent as a result of the Preference Period Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

72. ELC received less than reasonably equivalent value in exchange for the Preference Period Transfers.

73. Debtor was insolvent on the date Houck effected the Preference Period Transfers.

74. The Preference Period Transfers were made within two (2) years of the Petition Date.

75. Plaintiff is entitled to avoid the Preference Period Transfers and recover the value of the Preference Period Transfers from Houck under Section 548(a)(1)(B) of the Bankruptcy Code.

## Count VIII
### Recovery of Avoided Transfers (11 U.S.C. § 550)

76. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, inclusive, as if fully set forth herein.

77. Plaintiff is informed and believes and, based thereon, alleges that Plaintiff is entitled to avoid the Preference Period Transfer under Sections 544, 547(b), or 548(a)(1)(B) of the Bankruptcy Code, and recover for the benefit of Debtor's estate, the proceeds or the value of the Preference Period Transfers from Houck or any immediate or mediate transferee of the Houck, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count IX
### For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

78. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 77, inclusive, as if fully set forth herein.

79. Plaintiff is informed and believes, and based thereon, alleges that the Houck may assert a claim against the Debtor's estate.

80. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Houck be disallowed for the failure to repay the Preference Period Transfers.

WHEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. Awarding judgment in the Trustee's favor and against S&S and award the Trustee appropriate damages in the amount of $18,789.29;

## ON THE SECOND CLAIM FOR RELIEF

2.Awarding judgment in the Trustee's favor and against Lolley and award the Trustee appropriate damages in the amount of $36,086.21.

## ON THE THIRD CLAIM FOR RELIEF

3.Awarding judgment in the Trustee's favor and against Houck and award the Trustee appropriate damages in the amount of $42,725.45.

## ON THE FOURTH CLAIM FOR RELIEF

4.Awarding judgment in the Trustee's favor and against Houck and award the Trustee appropriate damages as a result of Houck's unlawful conversion of the S&S and Lolley Proceeds.

## ON THE FIFTH CLAIM FOR RELIEF

5.Declaring that the Preference Period Transfers identified herein are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

## ON THE SIXTH CLAIM FOR RELIEF

6.Declaring that the Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code;

## ON THE SEVENTH CLAIM FOR RELIEF

7.Declaring that the Transfers identified herein are avoided and set aside as fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code.

## ON THE EIGHTH CLAIM FOR RELIEF

8.Directing and ordering that the Houck, or any immediate or mediate transferee of the Houck, turn over to the Plaintiff the full sum of the proceeds or value of the Preference

Period Transfers (and any other avoided Transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

9. Awarding judgment against Houck and in favor of the Plaintiff in an amount of not less than $62,556.68 as the value of the Preference Period Transfers.

## ON THE NINTH CLAIM FOR RELIEF

10. Disallowing any and all claims of Houck against the Plaintiff's estate under Section 502(d) of the Bankruptcy Code; and

## ON ALL CLAIMS FOR RELIEF

11. Pre-judgment interest at the maximum legal rate running from until the date of judgment herein;

12. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

13. Fees and costs incurred by the Plaintiff in this suit;

14. Such other and further relief as is necessary and proper.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Shawna Meyer Eikenberry

*Counsel for James A. Knauer, Chapter 11 Trustee*

Shiv Ghuman O'Neill (#23280-53A)
Shawna Meyer Eikenberry (#21615-53)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@faegrebd.com
shawna.eikenberry@faegrebd.com
kayla.britton@faegrebd.com
DMS_US 51290296v1


Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569.9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com