Exhibit B

11/9/10

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

FILED
2010 NOV -9 A 4: 43

FIFTH THIRD BANK

    Plaintiff,

v.

EASTERN LIVESTOCK CO., LLC, et al.

    Defendants.

Case No. A1010267

CLERK OF COURTS
CRIMINAL TRAFFIC DIV
HAMILTON COUNTY OHIO
CRIMINAL

Judge ROBERT WINKLER

ENTERED
NOV 10 2010

---

**ORDER FOR THE IMMEDIATE APPOINTMENT OF RECEIVER**

---

Upon motion of plaintiff, Fifth Third Bank ("Fifth Third" or "Plaintiff"), for the Appointment of Receiver (the "Motion"), which included a request for the immediate appointment of a receiver for all of the personal property, general intangibles, and other assets of defendant Eastern Livestock Co., LLC ("Eastern Livestock") of whatever kind or nature, and the Court having considered the motion, and being duly advised in the premises, the Court now finds as follows:

    A.    Fifth Third filed a Verified Complaint for conversion, unjust enrichment, fraud, preliminary and permanent injunctive relief, and emergency appointment of a receiver against Eastern Livestock, among others, on November 9, 2010.

    B.    Eastern Livestock is in default of its obligations to Fifth Third and is at great risk of insolvency.

    C.    Eastern Livestock is indebted to Fifth Third in an amount in excess of $32,500,000.00 under the parties' Credit Agreement and Eastern Livestock's Eleventh Amended and Restated Revolving Credit Promissory Note to Fifth Third.

D90816469

D. Fifth Third has a security interest in all of Eastern Livestock's assets and property, real and personal, tangible and intangible, including but not limited to, all of Eastern Livestock's Accounts, Inventory, Equipment, Investment Property, and General Intangibles as defined under Fifth Third's Security Agreement with Eastern Livestock.

E. Pursuant to Eastern Livestock's Credit Agreement and Eleventh Amended and Restated Revolving Credit Promissory Note with Fifth Third, Eastern Livestock has expressly consented to this Court's jurisdiction.

F. Fifth Third has provided to Defendants of its intend to the seek the appointment of a receiver and served a copy of the motion for appointment of receiver on Defendants' counsel by email.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

1. Elizabeth M. Lynch of Development Specialists, Inc. (the "Receiver") is hereby appointed receiver for all of the real and personal property, general intangibles, and all other assets of Eastern Livestock of whatever kind or nature, and the Receiver shall have all authority and power of a receiver under Ohio law and as ordered by this Court.

2. The Receiver shall take immediate possession, control, management, operation and charge of Eastern Livestock's businesses. Pursuant to Ohio Revised Code Section 2735.04 and under the control of this Court, the Receiver shall have all authority and power of a receiver under Ohio law, including the following powers and duties:

a) The Receiver shall take immediate possession, control, management, and charge of Eastern Livestock's accounting books and records of whatever nature and wherever located, in the possession of Eastern Livestock or any other person or entity, including all information regarding the assets, liabilities, equity, income, and expenses of Eastern Livestock.

The Receiver shall take immediate possession, control, management, and charge of all of Eastern Livestock's financial statements, ledgers and journals, balance sheets, trial balances, statements of cash flows, income statements, statements of retained earnings, accounting journals and books of original entry, including, but not limited to, (1) accounts receivable agings and any other documentation which indicate the amounts owing from customers on accounts receivable and from whom such amounts are or were owing and when any amounts were collected and deposited, and the use, application or disposition thereof; (2) fixed asset ledgers, schedules or records documentation and/or appraisals of Eastern Livestock's equipment, inventory, furnishings, and supplies; (3) inventory listings or other detail; (4) all lists, schedules or records pertaining to Eastern Livestock's stocks, bonds, shares or interests in any mutual fund, proprietorship, general or limited partnership, or corporation, all notes or other instruments owing to Eastern Livestock, and information regarding any other intangibles of Eastern Livestock; (5) all information and documentation which relates or pertains to any checking, saving, banking and money management accounts of any kind or nature of Eastern Livestock, or into which any proceeds of the collection or sale of any asset (including accounts receivable) of Eastern Livestock has been deposited; (6) all accounts payable and receivable documentation and information and all correspondence or written documents regarding negotiations with current accounts or proposed accounts; (7) all information of whatever type or nature, regarding the payroll and benefits of the owners, management, officers and employees of Eastern Livestock, including wage or salary information, expense reimbursement information, medical insurance information, or other employee deductions withheld or to be withheld, and all information regarding the trust fund or withholding taxes whether federal, state, or local and any information regarding any and all of the employer matching obligations or the employer payroll tax

-3-

obligations; (8) all information and documentation of any asset transfers by Eastern Livestock in the past four years; (9) all information and documentation regarding the federal, state and local tax liabilities of Eastern Livestock, including any and all federal, state and local tax returns filed or unfiled, and any documents generated during the preparation and filing of tax returns; (10) all contracts (including, without limitation, insurance policies) and leases to which Eastern Livestock is a party or has been a party; (11) all information and documentation of any other financial transaction or interest in and to any asset of Eastern Livestock which may be necessary or pertinent to the Receiver's operation and management of Eastern Livestock's assets; and (12) any documentation that relates or pertains to Eastern Livestock and is kept in the ordinary course of its business in connection with the record-keeping or accounting. The information described in this subparagraph shall hereinafter be referred to as the "Books and Records."

    b)    The Receiver shall take immediate possession, control, management and charge of all assets and property of Eastern Livestock of whatever nature or kind (the "Property"), consisting of all personal property and all real property (including leasehold interests) and all cash or cash equivalents including, but not limited to, rights, title and interest in and to all bank accounts of Eastern Livestock, all interests under insurance policies and proceeds thereof, all accounts and notes receivable, all inventory of any type or nature, all furniture, fixtures, equipment, tooling, computers (hardware and software), and all general intangibles of Eastern Livestock, all claims, choses in action and causes of action, including, but not limited to, avoidance actions for transfers of any of the assets of Eastern Livestock for less than equivalent value or other improper transfers against the transferees of those assets, and any other asset or interest owned by Eastern Livestock or in which Eastern Livestock asserts an interest which has

any value, and the Books and Records and the Property are hereby placed in *custodia legis* and are subject to the exclusive jurisdiction of this Court.

  c) The Receiver shall have the authority to operate and manage the business of Eastern Livestock as he deems prudent in her sole discretion throughout this litigation, subject any applicable regulations or laws, such as The Packers and Stockyards Act of 1921 (7 U.S.C. §§ 181-229b, the Livestock Mandatory Reporting Act of 1999, and any amendments to this acts, and further order of this Court. The Receiver shall preserve and care for any and all of the Property and utilize any and all of the Property to preserve and maximize the value of the Property.

  d) The Receiver is authorized to collect all profits, rents, proceeds and revenues of any nature whatsoever generated from the Property and/or the business operations of Eastern Livestock (including, without limitation, insurance proceeds) and to pay all necessary expenses including the reasonable and necessary expenses of the receivership relating to said operations, as he deems prudent in her sole discretion.

  e) The Receiver shall have the authority to maintain or purchase insurance from any agent or carrier, of any type reasonably necessary or desirable, on all the Property, subject to maintaining adequate coverage appropriately assigned to Fifth Third and naming Fifth Third as a loss payee thereof.

  f) The Receiver is authorized to establish or maintain one or more bank accounts in the Receiver's name for her operations as Receiver in this matter at any federally insured bank with offices in Ohio. The Receiver shall keep a true and accurate account of any and all receipts and disbursements which the Receiver shall receive or make as Receiver in the course of the operation of Eastern Livestock's business.

g) Subject to the terms of this Order, the Receiver is authorized to negotiate and effect an orderly sale, transfer, or assignment of all or a portion of any of the Property (including collection of accounts receivable and proceeds of available insurance) in or outside of the ordinary course of business of Eastern Livestock or of all or a portion of Eastern Livestock's business as a going concern and, from the proceeds thereof, to pay the secured and unsecured indebtedness of Eastern Livestock, including indebtedness which arises during the course of the Receiver's operation of Eastern Livestock's business, in accordance with the respective priorities of such obligations. The Receiver is authorized to conduct such a sale of the Property (or undertake such collection) in any manner which he, in her good faith and reasonable discretion, believes will maximize the proceeds received from the sale (or collection) including, without limitation, by conducting a secured party sale in conjunction with Fifth Third and/or by retaining the services of an auctioneer.

h) Any sale of Property consummated by the Receiver pursuant to the authority granted by this Order shall be free and clear of all liens, claims and interests of any nature or kind with such liens, claims or interests, if any, attaching to the proceeds of sale. Upon receipt of sale proceeds, the Receiver shall be authorized, without further order of this Court, to disburse such proceeds to those entities having valid liens on the Property sold, in accordance with the priority of such liens. In the event there is a dispute regarding such lien priorities or if the Receiver is unable to determine the holders and/or priority of such liens, then so much of the sale proceeds that are subject to dispute shall be retained in escrow by the Receiver pending the further order of this Court.

i) Any sale of Property (unless the proceeds thereof will satisfy Eastern Livestock's obligations to Fifth Third in full), outside the ordinary course of Eastern Livestock's

-6-

business during the operation thereof by the Receiver under this Order, shall be subject to the prior approval of Fifth Third.

j) The Receiver is authorized to institute, prosecute, or intervene in any lawsuit, summary proceeding or investigation against any other person(s) or entity(ies) to preserve and/or maximize the value of the Property or to obtain possession of any of the Property unlawfully in the possession of third parties. Pursuant to Ohio law and to the Barton Doctrine,[1] no action may be commenced or maintained against the Receiver without Leave of this Court being first obtained.

k) The Receiver is authorized but not required to defend actions against Eastern Livestock and may incur expenses to defend such actions to the extent that he believes, in her sole discretion, that it will protect and preserve the Property.

l) The Receiver is authorized but not required to perform pursuant to the terms of any existing contracts (including leases) executed by Eastern Livestock in connection with Eastern Livestock's businesses or to reject such contracts (or leases) to the extent that the Receiver determines, in her sole discretion, that such performance or rejection will preserve and maximize the value of the Property.

m) The Receiver is authorized to negotiate with any and all interested person(s) concerning the use, assignment, sale, collection, or lease of any of the Property.

n) The Receiver shall be compensated based upon her normal billing rate of $375.00 per hour. The Receiver shall be reimbursed for all reasonable and necessary out of pocket costs and expenses. With respect to seeking compensation and reimbursement of costs and expenses for the Receiver, her agents or legal counsel, the Receiver shall describe such

---

[1] *See* Barton v. Barbour, 104 U.S. 126, 129 (1881).

-7-

compensation, expenses and reimbursements in applications which will be submitted to the Court for approval prior to payment.

    o)    The Receiver is authorized to employ any assistants, servants, agents, counsel or other persons deemed necessary or desirable to assist the Receiver in diligently executing the duties imposed upon the Receiver by this Order and Ohio law.

    p)    The Receiver is hereby authorized to take any and all actions, not specifically enumerated herein, which are necessary to properly and adequately manage, control, operate, maintain and protect the business operations and assets of Eastern Livestock during the pendency of this action.

    q)    The Receiver shall file with this Court and serve on all parties a monthly report summarizing its expenses and revenues. The Receiver and its counsel shall also file on a monthly basis applications specifically itemizing all of their respective fee charges and expenses. Such report of expenses and revenues and such fee applications shall be filed within twenty days of the end of each month and shall be served on all parties to this action together with a notice providing for a twenty-day period for objections and the opportunity for a hearing in the event that a timely objection is filed, and further providing that unless a timely objection is filed, such report and fee applications shall be deemed approved by this Court and all parties, and the Receiver shall then be authorized to pay itself and its counsel from funds of the receivership estate. It is understood that this Court may, *sua sponte*, schedule a hearing on any such report or fee application.

    3.    Notwithstanding the foregoing, the Receiver and the Receivership estate shall not be liable for the payment of taxes, assessments or utility charges pre-dating the date of this Order. Any individual or entity receiving a copy of this Order is hereby enjoined and

restrained from discontinuing service to the Receiver or the Receivership estate based upon the non-payment of such taxes or utilities prior to the date of this Order and from attempting to collect taxes and utility charges from the Receiver pre-dating the date of this Order.

4. Eastern Livestock and any persons, firms or entities acting under the direction of Eastern Livestock, and any third parties, persons, firms or entities, shall, upon presentation of a copy of this Order, identify the location of and deliver to the Receiver, any and all receivership property, both the Books and Records and the Property, in the possession or under the control of such parties; and all persons are enjoined and restrained (a) from payment of any amounts owing to Eastern Livestock to anyone other than the Receiver and (b) from in any way disturbing or interfering with the collection, management or sale of any of the Property.

5. All creditors, claimants, bodies politic, parties in interest, and their respective attorneys, servants, agents, and employees, and all other persons, firms, and corporations be, and they hereby are, jointly and severally, enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against Eastern Livestock or its Books and Records or Property, or against the Receiver in any court. The parties are further stayed from executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any property owned by or in the possession of Eastern Livestock or the Receiver, and from doing any act or thing whatsoever to interfere with the Receiver in the discharge of her duties in these proceedings, or with the exclusive jurisdiction of this Court over Eastern Livestock, its Books and Records and Property and the

said Receiver. Eastern Livestock and its agents and employees, and any other party shall immediately turn over to the Receiver any and all Books and Records and Property.

6. Eastern Livestock and its agents and employees, and any other party shall immediately turn over to the Receiver, all sums in existence on the date hereof that are related or pertain to, or derived from the Property, including, but not limited to (a) all cash on hand; (b) all cash equivalents and negotiable instruments (such as checks, notes, drafts or other related documents or instruments); and (c) all sums held in accounts in any financial institutions, including but not limited to, all sums of any kind relating to the use, enjoyment, possession, improvement or occupancy of all or any portion of the Property.

7. Except as directed by the Receiver, Eastern Livestock, its affiliates, agents, officers, directors, shareholders, members, employees, representatives or creditors, and all other persons or entities, are hereby prohibited from undertaking any act for or on behalf of Eastern Livestock, interfering in any way with the acts of the Receiver, and from in any way, manner or means, wasting, disposing of, transferring, selling, assigning, pledging, canceling, concealing, interfering with, or hypothecating any of the Books and Records or the Property. Upon the request of the Receiver, the foregoing persons and entities shall cooperate and affirmatively assist the Receiver in making available to the Receiver or her agents, the Books and Records and the Property. Nothing in this paragraph shall be construed to require a waiver of any attorney-client privilege.

8. The Receiver, and her agents, including her counsel and any accountants that are appointed by the Court, shall be entitled to reasonable compensation for services rendered and reimbursement for expenses (a) related to the Receiver's duties, rights, and obligations under this Order or any future orders of the Court and applicable law; (b) related to

the administration, management, protection or liquidation of the Property; or (c) related to the defense or prosecution of any claim or suit brought against the Receiver or by the Receiver against any person or entity. Such compensation of the Receiver and her agents, her counsel and her accountants shall be reviewed by the Court and awarded from the Receivership estate and/or pursuant to Ohio Revised Code Section 2333.27.

9. The Receiver shall have full and unrestricted access to all of the Property, and Eastern Livestock and its officers, directors, shareholders, employees and agents, and any other party are directed to take all steps necessary to give the Receiver access to the premises and to give the Receiver all keys to the facilities.

10. In carrying out the duties as set forth herein, the Receiver is entitled to act in the exercise of her own sound business judgment as he deems appropriate within her sole discretion. The Receiver shall not be liable for any action taken or not taken by him in good faith and shall not be liable for any mistake of fact or error of judgment or for any acts or omissions of any kind unless caused by the willful misconduct or gross negligence on the part of the Receiver.

11. Nothing in this Order shall be read or interpreted as requiring Fifth Third, and its successors and assigns, to continue to extend credit to Eastern Livestock, and Fifth Third, and its successors and assigns, shall continue to have all rights and remedies to which it is entitled under its agreements with Eastern Livestock and pursuant to Ohio law, subject to the terms of this Order. Additionally, the Receiver may enter into borrowing transactions with Fifth Third (if Fifth Third so permits) on such terms and in such amounts as are necessary in the Receiver's judgment to continue operating or liquidating Eastern Livestock, and; such terms and conditions shall provide that Fifth Third retains a first and best lien and priority upon all the

assets of Eastern Livestock and that any Receiver borrowing, without need for further action, is immediately secured, in favor of Fifth Third, by all of the Property.

12. The Receiver may, from time to time, make payments to Fifth Third, and its successors and assigns, from realization of its collateral, including, but not limited to collection of accounts receivable and insurance proceeds and sale of the real and personal property in which Fifth Third, and its successors and assigns, has a perfected mortgage and/or security interest, provided however, that no sale of the Fifth Third collateral shall take place without the express consent and authorization of Fifth Third, and its successors and assigns.

13. The Bond of the Receiver is set at $ 5000.00.

14. This Order shall be effective immediately upon entry.

15. The terms of this Order shall continue in full force and effect unless and until further order of this Court.

16. The Receiver shall serve a copy of this Order upon defendant, Eastern Livestock Co., LLC, by facsimile, by overnight mail delivery, or by any other method authorized by the Ohio Rules of Civil Procedure at 135 West Market Street, New Albany, IN 47150.

IT IS SO ORDERED.

_11/9/10_            _Robert Winkler_
Date                   Judge

-12-