UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. |
| v. | ) | |
| | ) | |
| NANCY G. MCDONALD AND JOHN F. | ) | |
| GIBSON, OR THEIR SUCCESSORS, IN | ) | |
| THEIR CAPACITIES AS CO-TRUSTEES OF | ) | |
| THE THOMAS P. GIBSON IRREVOCABLE | ) | |
| GENERATION SKIPPING TRUST DATED | ) | |
| DECEMBER 26, 2000, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO 1) AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS, 2) AVOID UNLAWFUL DISTRIBUTIONS AND 3) RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his complaint against the Nancy G. McDonald and John F. Gibson, in their capacities as co-trustees of the Thomas P. Gibson Irrevocable Generation Skipping Trust dated December 26, 2006, states as follows:

**Jurisdiction & Parties**

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2.  This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.  This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.  Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7.  Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8.  Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9.  On December 27, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Upon information and belief, John F. Gibson and Nancy G. McDonald are co-trustees of the Thomas P. Gibson Irrevocable Generation Skipping Trust dated December 26,

2006 ("Defendant"), which is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

11. Upon information and belief, the Defendant is a trust organized under the laws of the Commonwealth of Kentucky.

12. Defendant may be served c/o Nancy G. McDonald, Co-Trustee of Thomas P. Gibson Irrevocable Generation Skipping Trust, 8000 Shenandoah Lane, Lanesville, IN 47136 or c/o John F. Gibson, Co-Trustee of Thomas P. Gibson Irrevocable Generation Skipping Trust, 3975 Turley Road, Corydon, IN 47112.

13. Defendant is an insider within the meaning of Section 101(31) of the Bankruptcy Code.

14. Defendant is a member of ELC.

### Allegations Common to All Claims for Relief

15. Section 101(54) of the Bankruptcy Code defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

16. Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property from ELC deposit accounts and/or accounts under the control of ELC to Defendant on or within one year prior to the Petition Date, that is between December 6, 2009 and December 5, 2010, inclusive, in the aggregate sum of $63,869.01 (the "One Year Transfers") in the sums, form of payment, and on or around the dates as reflected on Exhibit A, attached hereto and made a part hereof.

17. Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property from ELC deposit accounts and/or accounts under the control of ELC to Defendant on or within two years prior to the Petition Date, that is December 7, 2008 and December 5, 2010, inclusive, in the aggregate sum of no less than $164,294.17 (the "Transfers") in the sums, form of payment, and on or around the dates as reflected on Exhibit A attached hereto and made a part hereof.

18. The Transfers identified in Exhibit A are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547(c).

19. The Transfers indentified in Exhibit A were transfers of interests of ELC's property.

20. The Transfers to Defendant were made while ELC was insolvent.

21. Plaintiff does not believe that ELC received any consideration from Defendant in exchange for the Transfers.

## Count I
## Avoidance of Transfers as Preferential Transfers (11 U.S.C. § 547(b))

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made to the Defendant for the benefit of Defendant, who was either an equity security holder or creditor of Debtor at the time of the One Year Transfers, respectively, as such terms are defined by Section 101 of the Bankruptcy Code.

24. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were transfers of interests of Debtor in property.

25. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made for or on account of Defendant's membership interests in Debtor and/or one or more antecedent debts owed by Debtor to Defendant prior to the date on which the One Year Transfers respectively were made.

26. Plaintiff is informed and believes and, based thereon, alleges at the time of each of the One Year Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by Debtor.

27. Plaintiff is informed and believes, and based thereon, alleges the One Year Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the One Year Transfers, Defendant received more than it would have received if (a) Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective One Year Transfers had not been made; and (c) Defendant had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

28. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the One Year Transfers.

## Count II
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))

29. This Count II is in the alternative to Count I.

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29, inclusive, as if fully set forth herein.

31. Plaintiff is informed and believes and, based thereon, alleges that Debtor made the Transfers to Defendant or caused the Transfers to be made to Defendant with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

32. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## Count III
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

33. This Count III is in the alternative to Counts I and II.

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. Under Section 548(a)(1)(B) of the Bankruptcy Code, Plaintiff may avoid the value of Transfers made if Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with Debtor was unreasonably small; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

36. ELC received less than reasonably equivalent value in exchange for the Transfers.

37. Debtor was insolvent on the date Defendant received each of the Transfers because the value of ELC's assets at a fair valuation was less than the sum of its debts on the date of each of the Transfers.

38. The Transfers were made within two (2) years of the Petition Date.

39. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

## Count IV
### Recovery of Avoided Transfers (11 U.S.C. § 550)

40.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41.     Plaintiff is informed and believes and, based thereon, alleges that Plaintiff is entitled to avoid the Transfers under Sections 544, 547(b), 548(a)(1)(A) or 548(a)(1)(B) of the Bankruptcy Code, and recover for the benefit of Debtor's estate, the proceeds or the value of the Transfers from Defendant or any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count V
### Unlawful Distributions under K.Y. Rev. Stat. § 275.225

42.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43.     K.Y. Rev. Stat. § 275.230 provides that a member of a limited liability company "shall be personally liable to the limited liability company for the amount of [a] distribution that exceeds the amount that could have been distributed without violating KRS 275.225 or an operating agreement if it is established that the member or manager did not comply with KRS 275.170."

44.     K.Y. Rev. Stat. § 275.225(1) disallows any distribution if the distribution was made while the limited liability company was insolvent or if the distribution violated the limited liability company's operating agreement.

45.     K.Y. Rev. Stat. § 275.170 exempts a member or manager from liability unless the "act or omission [taken on behalf of the limited liability company] constitutes wanton or reckless misconduct."

DMS_US 51282507v1

7

46.     To the extent that Transfers constituted distributions to the Defendant, Plaintiff has reason to believe that the Transfers were made in violation of K.Y. Rev. Stat. § 275.225(1).

47.     ELC was insolvent at the time each of the Transfers was made because the value of ELC's assets at a fair valuation was less than the sum of its debts.

48.     The Trustee has reason to believe, and therefore alleges, that ELC's decision to make the Transfers, and Defendant's consent to the distributions, constituted wanton or reckless misconduct in violation of K.Y. Rev Stat. § 275.170.

49.     Plaintiff is entitled to recover the value of the Transfers from Defendant pursuant to K.Y. Rev. Stat. § 275.230.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendant as follows:

## ON COUNTS I, II AND III

A.     Declaring that the One Year Transfers (and any other transfers within the meaning of §101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided) are avoided and set aside as preferences under Section 547 of the Bankruptcy Code, and/or that the Transfers (and any other transfers within the meaning of §101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided) are avoided and set aside as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B);

## ON COUNT IV

B.     Directing and ordering that Defendant, or any immediate or mediate transferee of Defendant, turn over to Plaintiff the full sum of the proceeds or value of the Transfers (and any other avoided transfers within the meaning of Section 101(54) of the Bankruptcy Code

discovered after the date of this Complaint and avoided) pursuant to Section 550 of the Bankruptcy Code;

      C.      Awarding judgment against Defendant and in favor of Plaintiff in an amount of not less than $164,294.17;

## ON COUNT V

      D.      Declaring that the Transfers identified herein are avoided as unlawful distributions and directing and ordering Defendant to turn over to the Plaintiff an amount not less than $164,294.17;

## ON COUNTS I THROUGH IV

      E.      Pre-judgment interest at the maximum legal rate running from the time of the Transfer(s) until the date of judgment herein;

      F.      Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

      G.      Fees and costs incurred by Plaintiff in this suit; and

      H.      Such other and further relief as is necessary and proper.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Dustin R. DeNeal

*Counsel for James A. Knauer, Chapter 11 Trustee*

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569.9600
Facsimile: (317) 569-4800
DMS_US 51282507v1

wendy.ponader@faegreBD.com

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Dustin R. DeNeal (#27535-49)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com
kayla.britton@faegrebd.com