UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | |
| | ) | |
| JOHN F. GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT TO (I) AVOID PREFERENTIAL AND FRAUDULENT TRANSFERS
AND TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. §§ 544, 547, 548 AND 550;
AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for

his complaint against John F. Gibson, states as follows:

**Jurisdiction & Parties**

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in

and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently

pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the

"Court") pending before the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2.      This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules

of Bankruptcy Procedure.

3.      This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.      Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7.      Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states.  ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8.      Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code.  The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9.      On December 27, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10.      Defendant John F. Gibson ("Defendant") is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States. Upon information and belief, Defendant's address is 3975 Turley Road, Corydon, Indiana 47112.

11.      Defendant is an insider within the meaning of Section 101(31) and 547 of the Bankruptcy Code.

12.      Defendant is the son of Thomas P. Gibson ("TPG") and Patsy M. Gibson ("PMG").  TPG is the President of ELC.  Further, TPG and PMG are the managers of ELC.  TPG

owns approximately 66.67% of ELC's Class A membership units and approximately 61% of ELC's Class B membership units.  PMG owns 0.04% of the Class B membership units.  The remaining membership units of ELC are owned by The Thomas P. Gibson Irrevocable Generation Skipping Trust dated as of December 26, 2000 (the "GST").  Defendant is co-trustee for the GST.

13.    Defendant was a cattle buyer for ELC.  In such capacity, Defendant bought and sold cattle on ELC's behalf and thereby had authority to make business decisions for ELC and had access to insider information.

14.    At all relevant times material hereto, Defendant was also a vendor, supplier, customer, or otherwise maintained a business relationship with ELC or its affiliates.

### Allegations Common to Counts I – III and VI

15.    On at least one occasion and/or from time to time and occurring within one year prior to the Petition Date, Defendant (i) sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale, and (ii) provided other goods and services to ELC or its affiliates.

16.    Section 101(54) of the Bankruptcy  Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

17.    Plaintiff is informed and believes and, based thereon, alleges that in satisfaction of ELC obligations to Defendant, ELC made transfers of property from ELC deposit accounts and/or accounts under the control of ELC and/or the transfer of cattle or other personal property to Defendant on or within one year prior to the Petition Date, that is between December 6, 2009

DMS_US 51257495v2

3

and December 5, 2010, inclusive, in the aggregate sum of not less than $232,191.82 (the "Preference Period Transfers") with respect to which one or more of such Preference Period Transfers were made in the form of payments and/or transfers to Defendant (the "Transfers") in the sums, form of payment, and on or around the dates as reflected on Exhibit A, attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional transfers.

18.      The Transfers identified in Exhibit A are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547(c).

19.      The Transfers indentified in Exhibit A were transfers of interests of ELC's property.

20.      The Transfers to Defendant were made while ELC was insolvent.

### Count I
### Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b))

21.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to the Defendant for the benefit of Defendant, who was a creditor of Debtor at the time of the Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

23.      Plaintiff is informed and believes and, based thereon, alleges that the Transfers were transfers of interests of Debtor in property.

DMS_US 51257495v2

4

24.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made for or on account of one or more antecedent debts owed by Debtor to Defendant prior to the date on which the Transfers respectively were made.

25.     Plaintiff is informed and believes and, based thereon, alleges at the time of each of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by Debtor.

26.     As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the Transfers, Defendant received more than it would have received if (a) Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective Transfers had not been made; and (c) Defendant had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

27.     Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Transfers.

**Count II**
**Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))**

28.     This Count II is in the alternative to Count I.

29.      Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, as if fully set forth herein.

30.     Plaintiff is informed and believes and, based thereon, alleges that Debtor made the Transfers to Defendant or caused the Transfers to be made to Defendant with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

DMS_US 51257495v2

5

31.     Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## Count III
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

32.     This Count III is in the alternative to Counts I and II.

33.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 31, inclusive, as if fully set forth herein.

34.     Under Section 548(a)(1)(B) of the Bankruptcy Code, Plaintiff may avoid the value of Transfers made if Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

35.     ELC received less than reasonably equivalent value in exchange for the Transfers.

36.     Debtor was insolvent on the date Defendant received each of the Transfers.

37.     The Transfers were made within two (2) years of the Petition Date.

38.     Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

## Allegations Common to Counts IV - VI

39.     Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers from ELC deposit accounts and/or accounts under the control of ELC to Defendant on or within two years prior to the Petition Date, that is between December 6, 2008 and December

DMS_US 51257495v2

6

5, 2010, inclusive, in the aggregate sum of not less than $804,934.04 (the "Two Year Transfers"), with respect to which one or more of such Two Year Transfers were made in the form of payment and/or transfers to Defendant (the "548 Transfers") in the sums, form of payment, and on or around the dates as reflected on Exhibit B, attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional transfers.

40.     Plaintiff is informed and believes and, based thereon, alleges that ELC received no consideration in exchange for the 548 Transfers.

## Count IV
## Fraudulent Transfers (11 U.S.C. § 548(a))

41.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42.     Under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfers that were made by ELC with actual intent to hinder, delay, or defraud any entity to which ELC was or became indebted, on or after the date that each of such 548 Transfers was made.

43.     Acting with actual intent to hinder, delay or defraud, ELC made the 548 Transfers or caused the 548 Transfers to be made.  The intent to hinder, delay, or defraud is evidenced by the nature and circumstances of the 548 Transfers.  Debtor's books and records do not provide any documentation or other support for the basis for the 548 Transfers. Upon information and belief, ELC received no consideration in exchange for the 548 Transfers.

44.     Alternatively, under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfers if ELC received less than reasonably equivalent value in exchange for the 548 Transfers and (i) was insolvent at the time of each of the 548 Transfers or

DMS_US 51257495v2

became insolvent as a result of the 548 Transfers, (ii) was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with ELC was an unreasonably small capital, (iii) intended to incur or believed that ELC would incur debts that would be beyond ELC's ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

45.     ELC received less than reasonably equivalent value in exchange for each of the 548 Transfers.

46.     ELC was insolvent when ELC made each of the 548 Transfers.

47.     Each of the 548 Transfers was made within two (2) years of the Petition Date.

48.     Pursuant to §§ 548 and 550 of the Bankruptcy Code, Plaintiff is entitled to avoid the 548 Transfers and recover the value of the 548 Transfers from Defendant.

## Count V – Fraudulent Transfer (I.C. § 32-18-2 et seq.)

49.     This Count V is in the alternative to Count IV.

50.     The Trustee incorporates by reference the allegations contained in paragraphs 1 through 48, inclusive, as if fully set forth herein.

51.     The funds Defendant received as each of the 548 Transfers were ELC's property and such funds were transferred for less than reasonably equivalent value under I.C. § 32-18-2-15 and in violation of I.C. § 32-18-2-14, because ELC transferred the property with the intent to hinder, delay, or defraud ELC's creditors.

52.     Under Ind. Code § 32-18-2-14, transfers made by a debtor are fraudulent as to present and future creditors if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor or without receiving a reasonably equivalent value in exchange for the

DMS_US 51257495v2

8

transfer and the debtor (i) was engaged or was about to be engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

53.     Under Ind. Code § 32-18-2-15, transfers made by a debtor are fraudulent as to present creditors if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was insolvent at that time or (ii) became insolvent as a result of the transfer.

54.     Acting with actual intent to hinder, delay or defraud, ELC made the 548 Transfers to Defendant.   The intent to hinder, delay, or defraud is evidenced by the nature and circumstances of the 548 Transfers.   The Debtor's books and records do not provide any documentation or other support for the basis for the 548 Transfers. Upon information and belief, ELC received no consideration in exchange for the 548 Transfers.

55.     ELC received less than reasonably equivalent value in exchange for each of the 548 Transfers.

56.     ELC was insolvent when ELC made each of the 548 Transfers.

57.     Each of the 548 Transfers was made within four (4) years of the Petition Date.

58.     Pursuant to Indiana Code §§ 32-18-2-14 and -15, Plaintiff is entitled to avoid the 548 Transfers and recover the value of the 548 Transfers from Defendant.

59.     All conditions precedent to the actions set forth in Count V herein have been performed or excused.

**Count VI**
**Recovery of Avoided Transfers and Avoided 548 Transfers (11 U.S.C. § 550)**

60.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 59, inclusive, as if fully set forth herein.

61.     Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers and the 548 Transfers under Sections 544, 547(b), 548(a)(1)(A) or 548(a)(1)(B) of the Bankruptcy Code  or Indiana Code §§ 32-18-2-14 and -15, and recover for the benefit of the Debtor's estate the proceeds or value of the Transfers and the 548 Transfers from Defendant or any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

**Count VII**
**For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)**

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, inclusive, as if fully set forth herein.

63.     Plaintiff is informed and believes, and based thereon, alleges that Defendant may assert a claim against Debtor's estate.

64.     Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Defendant be disallowed for the failure to repay the Transfers and the 548 Transfers.

**WHEREFORE**, Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

A.      Declaring that the Transfers identified herein are avoided and set aside as preferences under Section 547 of the Bankruptcy Code, or as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B);

B.      Declaring that the 548 Transfers identified herein are avoided and set aside as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B) or under Indiana Code §§ 32-18-2-14 and -15;

C.      Directing and ordering that Defendant, or any immediate or mediate transferee of Defendant, turn over to Plaintiff the full sum of the proceeds or value of the Transfers and the 548 Transfers (and any other avoided Transfers or avoided 548 Transfers within the meaning of Section 101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided) pursuant to Section 550 of the Bankruptcy Code;

D.      Awarding judgment against Defendant and in favor of Plaintiff on Count VI in an amount of not less than $707,488.96;

E.      Disallowing any and all claims of Defendant against Debtor's estate under Section 502(d) of the Bankruptcy Code;

F.      Awarding pre-judgment interest at the maximum legal rate running from the time of the Transfers and the 548 Transfers until the date of judgment herein;

G.      Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

H.      Awarding fees and costs incurred by Plaintiff in this suit; and

I.      Granting Plaintiff all other just and proper relief.

DMS_US 51257495v2

11

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


By: /s/ Kayla D. Britton _____

*Counsel for James A. Knauer, Chapter 11 Trustee*

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegreBD.com

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
kayla.britton@faegrebd.com

DMS_US 51257495v2

**EXHIBIT A**

| Check Number | Check Date | Clear Date | Amount Paid |
|---|---|---|---|
| 105030 | 01/29/2010 | 02/01/2010 | $5,000.00 |
| 105686 | 02/11/2010 | 02/16/2010 | $24,860.11 |
| 106501 | 02/25/2010 | 02/26/2010 | $6,000.00 |
| 107415 | 03/11/2010 | 03/15/2010 | $117,587.80 |
| 110593 | 04/28/2010 | 04/29/2010 | $1,577.02 |
| 110594 | 04/28/2010 | 04/29/2010 | $338.67 |

$155,363.30

DMS_US 51257495v2

**EXHIBIT B**

| Check Number | Check Date | Amount Paid |
|---|---|---|
| 95253 | 08/12/09 | $552,125.66 |