UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 ) | |
| TRUSTEE OF EASTERN LIVESTOCK CO., ) | |
| LLC ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. |
| ) | |
| v. ) | |
| ) | |
| EASTERN CATTLE CO., LLC and OLIM, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his complaint against Eastern Cattle Co., LLC and OLIM, L.L.C., states as follows:

**Jurisdiction and Parties**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Eastern Cattle Co., LLC is a Kentucky limited liability company that has been administratively dissolved ("ECC"). On information and belief, Thomas P. Gibson and Patsy Gibson were its members at the time of dissolution.

11. ECC is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

12. Defendant OLIM, L.L.C is a Kentucky limited liability company that has been administratively dissolved ("OLIM"). On information and belief, Thomas P. Gibson and Patsy Gibson were its members at the time of dissolution.

13. OLIM is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

14. ECC and OLIM are collectively referred to herein as "Defendants."

15. Defendants are insiders within the meaning of Section 101(31) of the Bankruptcy Code.

16. Thomas P. Gibson was the President of ELC. Further, Thomas P. Gibson and Patsy Gibson were the managers of ELC. Thomas P. Gibson owned approximately 66.67% of ELC's Class A membership units and approximately 61% of ELC's Class B membership units.

17. At all relevant times material hereto, Defendants were vendors, suppliers, or otherwise maintained business relationships with ELC or its affiliates.

**Transfers**

18. On at least one occasion and/or from time to time and occurring within two years prior to the Petition Date, ECC (i) sold one or more head of cattle to ELC or its affiliates either directly to ELC as the owner of the cattle or through the terms of a consigned sale, and/or (ii) provided other goods or services to ELC or its affiliates.

19. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in

3

property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

20.     Plaintiff is informed and believes and, based thereon, alleges, that ELC made transfers of property to ECC or caused to be made transfers of property of ELC to ECC on or within one year before the Petition Date, that is between December 6, 2009 and December 6, 2010, inclusive, in the aggregate sum of no less than $220,272.61 (the "One Year Transfers").  Applicable One Year Transfers for August through October 2010 are reflected on Exhibit "A" attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional One Year Transfers.

21.     Plaintiff is informed and believes and, based thereon, alleges, that ELC made transfers of property to ECC or caused to be made transfers of property of ELC to ECC on or within two years before the Petition Date, that is between December 6, 2008 and December 6, 2010, inclusive, in the aggregate sum of no less than $220,272.61 (the "Transfers").  Applicable Transfers for August through October 2010 are reflected on Exhibit "A" attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional Transfers made within the two year period prior to the Petition Date.

22.     The Transfers are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547 (c).

23.     The Transfers were transfers of interests of ELC's property.

24.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to ECC while ELC was insolvent.

**240K Note**

25. On or about September 30, 2006, the Defendants executed and delivered to ELC a Promissory Note whereby the Defendants promised to pay to ELC the original principal sum of $240,000.00 ("240K Note").

26. The extension of credit pursuant to the 240K Note is hereinafter known as the "240K Loan."

27. The 240K Loan was further evidenced by certain documents including, but not limited to the following:

   a. An accounting dated September 30, 2008. A true and accurate copy of the accounting is attached hereto as Exhibit "B".

   b. A letter dated October 30, 2008 from ELC to the Defendants and signed by Thomas P. Gibson confirming the amount of the 240K Loan. (The 240K Note amount and the 700K Note amount, both balances as of September 20, 2008, were combined on the October 30, 2008 letter to reach the unpaid principal amount of $1,186,604.00.) A true and accurate copy of the October 30, 2008 letter is attached hereto as Exhibit "C".

28. The Trustee is entitled to enforce the payment of the 240K Note on behalf of the bankruptcy estate of ELC.

29. As of the date of the filing of this Complaint, the Trustee has been unable to obtain possession of the 240K Note at no fault of the Trustee.

30. As of September 30, 2009, the amount due and owing to ELC under the 240K Note is as follows:

| | | |
|---|---|---:|
| Principal Balance: | $ | 240,000.00 |
| 06/19/2008 Management Fee: | $ | 246,604.00 |
| 09/30/2009 Management Fee: | $ | 18,031.00 |
| **TOTAL:** | **$** | **504,635.00** |

plus all interest accruing after September 30, 2009, and all expenses and attorneys' fees incurred by the Trustee ("240K Note Balance").

### 700K Note

31. On or about September 30, 2006, the Defendants executed and delivered to ELC a Promissory Note whereby the Defendants promised to pay to ELC the original principal sum of $700,000.00 ("700K Note").

32. The extension of credit pursuant to the 700K Note is hereinafter known as the "700K Loan."

33. The 700K Loan was further evidenced by certain documents including, but not limited to the following:

　　a.　An accounting dated September 30, 2008. A true and accurate copy of the accounting is attached hereto as Exhibit "D".

　　b.　A letter dated October 30, 2008 from ELC to the Defendants and signed by Thomas P. Gibson confirming the amount of the 700K Loan owed by the Defendants (Exhibit "C").

34. The Trustee is entitled to enforce the payment of the 700K Note on behalf of the bankruptcy estate of ELC.

35. As of the date of the filing of this Complaint, the Trustee has been unable to obtain possession of the 700K Note at no fault of the Trustee.

36. As of October 30, 2008, the amount due and owing to ELC under the 700K Note is an unpaid principal balance of $700,000.00 plus all interest accruing after

October 30, 2008, and all expenses and attorneys' fees incurred by the Trustee ("700K Note Balance").

## COUNT I – COMPLAINT ON 240K NOTE

37. The Trustee incorporates the preceding paragraphs by reference.

38. The Defendants have not paid any part of the 240K Note or the interest due thereon.

39. The Defendants are in default of payment of the 240K Note for failure to pay as described above.

40. The Trustee demands immediate payment in full.

41. Defendants have failed or neglected to pay the indebtedness as evidenced by the 240K Note.

42. As a result of Defendants' default, ELC has suffered damages.

## COUNT II – COMPLAINT ON 700K NOTE

43. The Trustee incorporates the preceding paragraphs by reference.

44. The Defendants have not paid any part of the 700K Note or the interest due thereon.

45. The Trustee demands immediate payment in full.

46. The Defendants have failed or neglected to pay the indebtedness as evidenced by the 700K Note.

47. As a result of Defendants' default, ELC has suffered damages.

## COUNT III – RECOVERY ON LOANS AND ADVANCES AND UNJUST ENRICHMENT

48. This Count III is in the alternative to Counts I and II.

7

49. The Trustee incorporates the preceding paragraphs by reference.

50. From September 30, 2006 to on or about September 30, 2009, ELC made certain loans and advances to Defendants or made payments on Defendants' behalf, which Defendants agreed to repay to ELC.

51. Defendants have failed to repay all amounts that ELC has advanced and/or paid on the Defendants' behalf.

52. The Trustee demands immediate payment in full of all amounts due and owing for such unpaid loans, advances, and payments.

53. The outstanding balance of loans and advances that ELC made to Defendants and/or payments made on behalf of the Defendants is $1,204,635.00.

54. The Defendants have been unjustly enriched in an amount not less than $1,204,635.00 at ELC's expense and detriment by refusing to repay the funds to the Trustee.

55. The Trustee is entitled to recover the outstanding balance from the Defendants, plus interest.

## COUNT IV – AVOIDANCE OF TRANSFERS AS PREFERENTIAL TRANSFERS ( 11 U.S.C. § 547(b))

56. The Trustee incorporates the preceding paragraphs by reference.

57. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made to ECC for the benefit of ECC, who was an "Insider" and a creditor of the Debtor at the time of the One Year Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

58. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were transfers of interests of the Debtor in property.

59. Plaintiff is informed and believes and, based thereon, alleges that the One Year Transfers were made for or on account of one or more antecedent debts owed by the Debtor to ECC prior to the date on which the One Year Transfers respectively were made.

60. At the time of each of the One Year Transfers, ECC had a right to payment on account of an obligation owed to ECC by the Debtor.

61. As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the One Year Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the One Year Transfers, ECC received more than it would have received if (a) the Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (b) the respective One Year Transfers had not been made; and (c) ECC had received payment on such debt owed to it by Debtor to the extent provided by Chapter 7 of the Bankruptcy Code.

62. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the One Year Transfers.

### **COUNT V – AVOIDANCE OF TRANSFERS AS FRAUDULENT TRANSFERS (11 U.S.C. § 548(a)(1)(A))**

63. This Count V is in the alternative to Count IV.

64. The Trustee incorporates the preceding paragraphs by reference.

65. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Transfers to ECC with the actual intent to hinder, delay, or defraud on or more of Debtor's creditors.

66. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from ECC under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

## COUNT VI – AVOIDANCE OF TRANSFERS AS FRAUDULENT TRANSFERS (11 U.S.C. § 548(a)(1)(B))

67. This Count VI is in the alternative to Counts IV and V.

68. The Trustee incorporates the preceding paragraphs by reference.

69. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

70. ELC received less than reasonably equivalent value in exchange for the Transfers.

71. Debtor was insolvent on the date ECC received each of the Transfers.

72. The Transfers were made within two (2) years of the Petition Date.

73. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from ECC under Section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT VII – RECOVERY OF AVOIDED TRANSFERS (11 U.S.C. § 550)

74. The Trustee incorporates the preceding paragraphs by reference.

10

75. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers under Sections 544, 547(b), 548(a)(1)(A), and 548(a)(1)(B) of the Bankruptcy Code, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers from ECC or any immediate or mediate transferee of ECC, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

### COUNT VIII –DISALLOWANCE OF CLAIM PURSUANT TO 11 U.S.C. § 502(D)

76. The Trustee incorporates the preceding paragraphs by reference.

77. Plaintiff is informed and believes, and based thereon, alleges that ECC has or may assert a claim against the Debtor's estate.

78. Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by ECC be disallowed for the failure to repay the Transfers.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

### ON COUNT I

A. Enter judgment against Defendants in the amount of the 240K Note Balance of $504,635.00 as of September 30, 2009, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 240K Note;

### ON COUNT II

B. Enter judgment against Defendants in the amount of the 700K Note Balance of $700,000.00 as of October 30, 2008, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 700K Note;

11

**ON COUNT III**

C.    Awarding judgment in the Trustee's favor and against the Defendants and award the Trustee appropriate damages in an amount not less than $1,204,635.00; and/or in an amount commensurate with the extent to which Defendants have been unjustly enriched to the detriment of ELC;

**ON COUNTS IV, V, AND VI**

D.    Declaring that the One Year Transfers (and any other transfers within the meaning of 11 U.S.C. § 101(54) discovered after the date of this Complaint and avoided) are avoided and set aside as preferences under Section 547 of the Bankruptcy Code, and/or that the Transfers (and any other transfers within the meaning of 11 U.S.C. § 101(54) discovered after the date of this Complaint and avoided) are avoided as fraudulent conveyances under Sections 544 and 548(a)(1)(A) and (B) of the Bankruptcy Code;

**ON COUNT VII**

E.    Directing and ordering that ECC, or any immediate or mediate transferee of ECC, turn over to the Plaintiff the full sum of the proceeds or value of the Transfers (and any other avoided transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

F.    Awarding judgment against ECC and in favor of the Plaintiff in an amount not less than $220,272.61;

**ON COUNT VIII**

G.    Disallowing any and all claims of ECC against the ELC bankruptcy estate under Section 502(d) of the Bankruptcy Code;

12

## ON ALL CLAIMS FOR RELIEF

H. Pre-judgment interest at the maximum legal rate running from the time of the Transfers until the date of judgment herein;

I. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

J. Fees and costs incurred by the Plaintiff in this suit;

K. Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
(317) 692-9000