UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | |
| | ) | |
| 2Z CATTLE COMPANY and | ) | |
| VERNON INMAN II, | ) | |
| | ) | |
| Defendants. | ) | |

## ADVERSARY COMPLAINT

For his complaint against 2Z Cattle Company and Vernon Inman II, James A. Knauer ("Trustee"), as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

### Jurisdiction & Parties

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Vernon Inman II is an individual and resident of Tennessee. Defendant's address is Route 2, Box 121, Culleoka, TN 38451.

11. Vernon Inman II does or did business under the name "2Z Cattle Company." 2Z Cattle Company Ranch can be served c/o Vernon Inman II at 4460 Pulaski Highway, Culleoka, TN 38451.

12. Vernon Inman II and 2Z Cattle are individually and collectively referred to herein as "Defendant."

13. Defendant is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

14. At all relevant times material hereto, Defendant was a vendor, supplier, customer, or otherwise maintained a business relationship with ELC or its affiliates.

### Allegations Common to All Claims for Relief

15. Plaintiff is informed and believes and, based thereon, alleges that ELC made a transfer from an ELC deposit account and/or an account under the control of ELC to Defendant on or within two years prior to the Petition Date, that is between December 6, 2008 and December 5, 2010, inclusive, in the sum of no less than $68,343.13 (the "Two Year Transfers"), with respect to which one or more of such Two Year Transfers were made in the form of payment and/or transfer to Defendant (the "548 Transfer") in the sums, forms of payment, and on or around the dates as reflected in Exhibit A, attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional transfers.

16. Plaintiff is informed and believes and, based thereon, alleges that ELC received no consideration in exchange for the 548 Transfer.

17. Upon information and belief, Debtor's books and records do not reflect any obligation owing by ELC to Defendant as related to the 548 Transfer.

### Count I
### Fraudulent Transfer (11 U.S.C. §548(a)

18. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. Under §§548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfer that was made to ELC with actual intent to hinder, delay, or defraud any entity to which ELC was or became indebted to after the date that the 548 Transfer was made.

20. Acting with actual intent to hinder, delay or defraud, ELC made the 548 Transfer or caused the 548 Transfer to be made.  The intent to hinder, delay, or defraud is evidenced by the nature and circumstance of the 548 Transfer.  ELC's books and records do not provide any documentation or other support for the basis of the 548 Transfer.  Upon information and belief, ELC received no consideration in exchange for the 548 Transfer.

21. Alternatively, under §§548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfer if ELC received less than reasonably equivalent exchange for the 548 Transfer and (i) was insolvent at the time of the 548 Transfer or became insolvent as a result of the 548 Transfer, (ii) was engaged in a business or transaction, or was about the engage in a business or transaction, for which any property remaining with ELC was an unreasonably small capital; (iii) intended to incur or believed that ELC would incur debts that would be beyond ELC's ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

22. ELC received less than equivalent value in exchange for the 548 Transfer.

23. The 548 Transfer was made within two (2) years of the Petition Date.

24. Pursuant to §§548 and 550 of the Bankruptcy Code, Plaintiff is entitled to avoid the 548 Transfer and recover the value of the 548 Transfer from Defendant.

## Count II
### Fraudulent Transfer (I.C. § 32-18-2-1, *et. seq.*)

25. This Count II is in the alternative to Count I.

DMS_US 51305366v1

4

26.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 24, inclusive, as if fully set forth herein.

27.     The funds Defendant received as a result of the 548 Transfer was ELC's property and such funds were transferred for less than equivalent value under I.C. §32-18-2-15 and in violation of I.C. §23-18-2-14, because ECL transferred the property with the intent to hinder, delay, or defraud ELC's creditors.

28.     Under I.C. §32-18-2-14, transfers made by a debtor are fraudulent as to present and future creditors if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor or without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was engaged or was about to be engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

29.     Under I.C. §32-18-2-15, transfers made by a debtor are fraudulent as to present creditors if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was insolvent at that time or (ii) became insolvent as a result of the transfer.

30.     Acting with intent to hinder, delay or defraud, ELC made the 548 Transfer to Defendant.  The intent to hinder, delay or defraud is evidenced by the nature and circumstances of the 548 Transfer.  ELC's books and records do not provide any documentation or other support for the basis for the 548 Transfer.  Upon information and belief, ELC received no consideration in exchange for the 548 Transfer.

31. ELC received less than reasonably equivalent value in exchange for the 548 Transfer.

32. ELC was insolvent when ELC made or caused to be made the 548 Transfer.

33. Pursuant to I.C. §§32-18-2-14 and -15, Plaintiff is entitled to avoid the 548 Transfer and recover the value of the 548 Transfer from Defendant.

34. All conditions precedent to the actions set forth in Count II herein have been performed or excused.

## Count III
### Recovery of Avoided Transfers and Avoided 548 Transfers (11 U.S.C. §550)

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the 548 Transfer under Sections 544, 548(a)(1)(A), and/or 548(a)(1)(B) of the Bankruptcy Code or I.C. §§32-18-2-14 and -15 and recover for the benefit of ELC's estate the proceeds or value of the 548 Transfer (or other avoided 548 Transfer) from Defendant and any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count IV
### For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 36, inclusive, as if fully set forth herein.

38. Plaintiff is informed and believes, and based thereon, alleges that the Defendant may assert a claim against the Debtor's estate.

39.     Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that any claim asserted by Defendant be disallowed for the failure to repay the 548 Transfer.

**WHEREFORE**, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

A.  Declaring that the 548 Transfer identified herein is avoided and set aside as a fraudulent transfer under Section 544 and 548(a)(1)(A) and (B) or under I.C. §§32-18-2-14 and -15;

B.  Directing and ordering that Defendant, or any immediate or mediate transferee of Defendant, turn over to Plaintiff the full sum of the proceeds or value of the 548 Transfer (or any other avoided 548 Transfer within the meaning of Section 101(54) of the Bankruptcy Code discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

C.  Awarding judgment against Defendant and in favor of Plaintiff on Count III in an amount of not less than $53,060.68;

D.  Disallowing any and all claims of Defendant against Debtor's estate under Section 502(d) of the Bankruptcy Code;

E.  Awarding pre-judgment interest at the maximum legal rate running from the time of the 548 Transfer until the date of judgment herein;

F.  Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

G.  Awarding fees and costs incurred by Plaintiff in this suit; and

H.  Granting Plaintiff all other just and proper relief.

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP

        By: /s/ Shawna Meyer Eikenberry

| | |
|---|---|
| Shiv Ghuman O'Neill (#23280-53A) | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| Shawna Meyer Eikenberry (#21615-53) | |
| Kayla D. Britton (#29177-06) | |
| 300 N. Meridian Street, Suite 2700 | |
| Indianapolis, IN 46204-1782 | |
| Telephone: (317) 237-0300 | |
| Facsimile: (317) 237-1000 | |
| shiv.oneill@faegreBD.com | |
| shawna.eikenberry@faegreBD.com | |
| kayla.britton@faegreBD.com | |

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569.9600
Facsimile: (317) 569-4800
wendy.ponader@faegreBD.com

**EXHIBIT A**

| *Check Number* | *Check Date* | *Amount* |
|---|---|---|
| 108917 | 4/05/2010 | $53,060.68 |

**Total:     $53,060.68**