UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | |
| | ) | |
| BILL CHASE, a/k/a WILLIAM CHASE a/k/a | ) | |
| BILLY DONALD CHASE | ) | |
| | ) | |
| Defendant. | ) | |

**ADVERSARY COMPLAINT**

For his complaint against Bill Chase, a/k/a William Chase, a/k/a Billy Donald Chase ("Chase"), James A. Knauer ("Trustee"), as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

**Jurisdiction & Parties**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

DMS_US 51288420v2

3.  This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.  This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6.  Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7.  Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8.  Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9.  James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Bill Chase, a/k/a William Chase, a/k/a Billy Donald Chase ("Defendant") is an individual and resident of Kentucky. Defendant's address is 1157 Harry King Road, Glasgow, Kentucky 42142-2038.

11. Defendant is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

12. Defendant is an insider within the meaning of Section 101(31) and Section 547 of the Bankruptcy Code. Defendant was the manager of ELC Branch 10 located in Glasgow, Kentucky that reported to Thomas P. Gibson. As branch manager, Defendant had authority to

make business decisions for ELC, had access to insider information, and was entrusted by ELC with field checks that he could complete and sign on ELC's behalf.

13.     In his capacity as branch manager for ELC Branch 10, Defendant bought and sold cattle on ELC's behalf.  Defendant, personally and through his companies, also bought and sold cattle for himself, on his own account.  These transactions included purchases from and sales to ELC.

14.     At all relevant times material hereto, Defendant was a vendor, supplier, customer, or otherwise maintained a business relationship with ELC or its affiliates.

## Count I
## Breach of Contract

15.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

16.     In October and November 2010, ELC and Defendant entered into multiple business transactions, whereby Defendant purchased cattle from ELC and agreed to pay for such cattle.

17.     ELC delivered the purchased cattle to Defendant and sent Defendant invoices reflecting amounts owed for the purchases (the "Invoices").  True and accurate copies of the Invoices are attached hereto as Exhibit A and made part hereof.

18.     Despite receiving the Invoices, Defendant has refused to pay ELC or the Trustee for the full amounts due and owing under the Invoices for such purchases.

19.     Defendant is in breach of the contract between the parties for failing to pay amounts when due.  The amount still due and owing is equal to $11,627.06, plus interest.

20.     ELC's estate has been damaged as a direct result of Defendant's breach.

21. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

## Count II
## Recovery on Money Advanced

22. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. ELC made certain advances to Defendant, largely comprised of draws by Defendant against commissions not yet earned and other payments for employment related expenses and benefits, which Defendant agreed to repay ELC.

24. Defendant has failed to repay all amounts that ELC has advanced and paid on Defendant's behalf.

25. The Trustee demands immediate payment in full of all amounts due and owing for such unpaid advances and payments.

26. The outstanding balance of payments and advances that ELC made on Defendant's behalf and that Defendant has not repaid is not less than $6,105.56.

27. All conditions precedent to the Trustee's claims in this Count II have been performed, have occurred, or have been excused.

28. The Trustee is entitled to recover the outstanding balance from Defendant, plus interest.

## Count III
## Unjust Enrichment

29. This Count III is in the alternative to Count II.

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive, as if fully set forth herein.

31. As described above, ELC made certain advances to Defendant, which Defendant agreed to repay ELC.

32. ELC conferred a benefit on Defendant by advancing funds, expenses, and commissions to Defendant.

33. ELC advanced the funds at Defendant's request.

34. Defendant accepted the benefit of the advanced funds by accepting such funds.

35. Defendant has failed to repay all amounts that ELC has advanced and paid on Defendant's behalf.

36. Defendant has been unjustly enriched, to the detriment of the Debtor, in the amount of not less than $6,105.56, plus interest thereon.

37. Plaintiff is entitled to recover an amount of no less than $6,105.56 from Defendant, plus interest thereon.

**Allegations Common to Counts IV, V, VI, and IX**

38. On at least one occasion and/or from time to time and occurring within one year prior to the Petition Date, Defendant provided goods or services to ELC or its affiliates.

39. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

40. Plaintiff is informed and believes and, based thereon, alleges that ELC made transfers of property to Defendant or caused to be made transfers of property of ELC by a third party to the Defendant on or within one year before the Petition Date, that is between December 6, 2009 and December 5, 2010, inclusive, in the aggregate sum of not less than $225,732.78 (the

"Preference Period Transfers") with respect to which one or more of such Preference Period Transfers were made in the form of payments to Defendant (the "Transfers") in the sums, form of payment, and on or around the dates reflected on Exhibit B attached hereto and made part hereof, and as such exhibit may hereafter be amended, supplemented, or replaced to include additional transfers.

41.     The Transfers identified in Exhibit B are not subject to the defenses to the avoidance of the Transfers as set forth in 11 U.S.C. § 547(c).

42.     The Transfers indentified in Exhibit B were transfers of interests of ELC's property.

43.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made while ELC was insolvent.

## Count IV
## Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b))

44.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made to Defendant for the benefit of Defendant, who was a creditor of Debtor at the time of the Transfers, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

46.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were transfers of interests of the Debtor in property.

47. Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made for or on account of one or more antecedent debts owed by the Debtor to Defendant prior to the date on which the Transfers respectively were made.

48. At the time of each of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

49. As of the Petition Date, Plaintiff is informed and believes, and based thereon, alleges the Transfers were made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts.  As a result of the Transfers, Defendant received more than it would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the respective Transfers had not been made; and (c) Defendant had received payment on such debt owed to it by Debtor to the extent provided by chapter 7 of the Bankruptcy Code.

50. Plaintiff is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Transfers.

## Count V
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))

51. This Count V is in the alternative to Count IV.

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, inclusive, as if fully set forth herein.

53. Plaintiff is informed and believes and, based thereon, alleges that the Debtor made the Transfers to Defendant or caused the Transfers to be made to Defendant with the actual intent to hinder, delay, or defraud one or more of Debtor's creditors.

54. Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

DMS_US 51288420v2

7

## Count VI
## Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

55.     This Count VI is in the alternative to Counts IV and V.

56.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, inclusive, as if fully set forth herein.

57.     Under Section 548(a)(1)(B) of the Bankruptcy Code, the Plaintiff may avoid the value of Transfers made if the Debtor received less than reasonably equivalent value in exchange for the Transfers and Debtor (i) was insolvent at the time of the Transfers or became insolvent as a result of any of the Transfers, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

58.     ELC received less than reasonably equivalent value in exchange for the Transfers.

59.     Debtor was insolvent on the date Defendant received each of the Transfers.

60.     The Transfers were made within two (2) years of the Petition Date.

61.     Plaintiff is entitled to avoid the Transfers and recover the value of the Transfers from Defendant under Sections 544 and 548(a)(1)(B) of the Bankruptcy Code.

### Allegations Common to Counts VII, VIII, and IX

62.     Upon information and belief, in the month of August 2009, ELC, at the direction of Thomas P. Gibson ("Tommy"), transferred to or for the immediate benefit of Defendant an amount of not less than $265,000.00 (together with any additional avoided transfers identified by the Trustee, the "548 Transfer").

63. Plaintiff is informed and believes and, based thereon, alleges that Defendant executed a promissory note dated as of August 2009 in the principal sum of $265,000.00 (the "Note") in favor of Tommy and that the Note is secured by a Mortgage dated as of September 9, 2009 in favor of Tommy (the "Mortgage").  Upon information and belief, the Mortgage granted Tommy a security interest in Defendant's personal residence and the surrounding real estate.

64. Upon information and belief, Tommy transferred funds from ELC deposit accounts and/or accounts under the control of ELC in order to make a loan to Defendant in the amount of the 548 Transfer.  Upon information and belief, the Note evidences the loan to Defendant funded by ELC's funds.

65. Plaintiff is informed and believes and, based thereon, alleges that the Note and Mortgage were made payable to Tommy in his individual capacity and were not in favor of ELC.

66. Accordingly, Plaintiff is informed and believes and, based thereon, alleges that ELC received no consideration in exchange for the 548 Transfer.

67. Upon information and belief, Debtor's books and records do not reflect any obligation owing by ELC to Defendant as related to the 548 Transfer.

## Count VII
### Avoidance of the 548 Transfer as Fraudulent Transfer under 11 U.S.C. § 548(a)

68. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67, inclusive, as if fully set forth herein.

69. Under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfer that was made by ELC with actual intent to hinder, delay, or defraud any entity to which ELC was or became indebted, on or after the date that the 548 Transfer was made.

70. Acting with actual intent to hinder, delay or defraud, ELC made the 548 Transfer or caused the 548 Transfer to be made. The intent to hinder, delay or defraud is evidenced by the nature and circumstances of the 548 Transfer. Upon information and belief, ELC funds were used in the 548 Transfer, yet the Note and Mortgage were made in favor of Tommy, not ELC. Upon information and belief, ELC received no consideration in exchange for the 548 Transfer.

71. Alternatively, under §§ 548 and 550 of the Bankruptcy Code, the Trustee may recover the value of the 548 Transfer if ELC received less than reasonably equivalent value in exchange for the 548 Transfer and (i) was insolvent at the time of the 548 Transfer or became insolvent as a result of the 548 Transfer, (ii) was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with ELC was an unreasonably small capital; (iii) intended to incur or believed that ELC would incur debts that would be beyond ELC's ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

72. ELC received less than reasonably equivalent value in exchange for the 548 Transfer.

73. ELC was insolvent when ELC made the 548 Transfer.

74. The 548 Transfer was made within two (2) years of the Petition Date.

75. Pursuant to §§548 and 550 of the Bankruptcy Code, Plaintiff is entitled to avoid the 548 Transfer and recover the value of the 548 Transfer from Defendant.

### Count VIII
### Avoidance of the 548 Transfer as Fraudulent Transfer under I.C. § 32-18-2-1, *et. seq.*

76. This Count VIII is in the alternative to Count VII.

77. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, inclusive, as if fully set forth herein.

DMS_US 51288420v2

78. The funds Defendant received as a result of the 548 Transfer was ELC's property and such funds were transferred for less than equivalent value under I.C. §32-18-2-15 and in violation of I.C. §23-18-2-14, because ELC transferred the property with the intent to hinder, delay, or defraud ELC's creditors.

79. Under I.C. §32-18-2-14, transfers made by a debtor are fraudulent as to present and future creditors if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor or without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was engaged or was about to be engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur or believed or reasonably should have believed that the debtor would incur debts beyond the debtor's ability to pay as the debts became due.

80. Under I.C. §32-18-2-15, transfers made by a debtor are fraudulent as to present creditors if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor (i) was insolvent at that time or (ii) became insolvent as a result of the transfer.

81. Acting with intent to hinder, delay or defraud, ELC made the 548 Transfer to Defendant. The intent to hinder, delay or defraud is evidenced by the nature and circumstances of the 548 Transfer. Upon information and belief, ELC funds were used in the 548 Transfer, yet the Note and Mortgage were made in favor of Tommy, not ELC. Upon information and belief, ELC received no consideration in exchange for the 548 Transfer.

82. ELC received less than reasonably equivalent value in exchange for the 548 Transfer.

83. ELC was insolvent when ELC made or caused to be made the 548 Transfer.

84. Pursuant to I.C. §§32-18-2-14 and -15, Plaintiff is entitled to avoid the 548 Transfer and recover the value of the 548 Transfer from Defendant.

85. All conditions precedent to the actions set forth herein have been performed or excused.

## Count IX
## Recovery of Avoided Transfers and 548 Transfer (11 U.S.C. § 550)

86. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 85, inclusive, as if fully set forth herein.

87. Plaintiff is informed and believes and, based thereon, alleges that the Plaintiff is entitled to avoid the Transfers and the 548 Transfer under Sections 544, 547(b), 548(a)(1)(A) or 548(a)(1)(B) of the Bankruptcy Code and I.C. §§32-18-2-14 and -15, and recover for the benefit of the Debtor's estate, the proceeds or the value of the Transfers and the 548 Transfer from Defendant or any immediate or mediate transferee of Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count X
## For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

88. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, inclusive, as if fully set forth herein.

89. Defendant filed a claim in the Chapter 11 Case as Proof of Claim No. 265 (the "Chase Claim").

90. Plaintiff is informed and believes, and based thereon, alleges that Defendant may assert additional claims against the Debtor's estate.

91.     Pursuant to Section 502(d) of the Bankruptcy Code, Plaintiff requests that the Chase Claim and any additional claims asserted by Defendant be disallowed for the failure to repay the Transfers and the 548 Transfer.

**WHEREFORE**, Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

A.     Declaring that the Transfers identified herein are avoided and set aside as preferences under Section 547 of the Bankruptcy Code, or as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B);

B.     Declaring that the 548 Transfers identified herein are avoided and set aside as fraudulent transfers under Sections 544 and 548(a)(1)(A) and (B) or under Indiana Code §§ 32-18-2-14 and -15;

C.     Directing and ordering that Defendant, or any immediate or mediate transferee of Defendant, turn over to Plaintiff the full sum of the proceeds or value of the Transfers and the 548 Transfer (and any other avoided Transfers or avoided 548 Transfer within the meaning of Section 101(54) of the Bankruptcy Code discovered after the date of this Complaint and avoided) pursuant to Section 550 of the Bankruptcy Code;

D.     Awarding judgment against Defendant and in favor of Plaintiff on Count I in an amount of not less than $11,627.06;

E.     Awarding judgment against Defendant and in favor of Plaintiff on Counts II and III in an amount of not less than $6,105.56;

F.     Awarding judgment against Defendant and in favor of Plaintiff on Count IX in an amount of not less than $363,599.42;

G. Disallowing any and all claims of Defendant against Debtor's estate, including without limitation, the Chase Claim, under Section 502(d) of the Bankruptcy Code;

H. Awarding pre-judgment interest at the maximum legal rate running from the time of the Transfers and the 548 Transfers until the date of judgment herein;

I. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

J. Awarding fees and costs incurred by Plaintiff in this suit; and

K. Granting Plaintiff all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


By: /s/ Kayla D. Britton

*Counsel for James A. Knauer, Chapter 11 Trustee*

Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegreBD.com

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
kayla.britton@faegrebd.com

DMS_US 51288420v2