UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION OF JAMES A. KNAUER, TRUSTEE FOR EASTERN
LIVESTOCK CO., LLC TO APPROVE COMPROMISE AND SETTLEMENT
OF CONTROVERSIES BETWEEN AND AMONG THE TRUSTEE,
EASTERN LIVESTOCK CO., LLC, JOPLIN REGIONAL
STOCKYARDS, INC. AND FIFTH THIRD BANK**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed for Eastern Livestock Co., LLC (the "Debtor") in this case, by counsel, respectfully moves this Court for an Order approving a proposed compromise (the "Motion") by and among Joplin Regional Stockyards, Inc. d/b/a B&M Cattle Co. and d/b/a Joplin Stockyards Video ("Joplin"), Fifth Third Bank ("Fifth Third") and Trustee, individually and in his capacity as representative of the Debtor's estate (the "Estate"). The Debtor, the Estate, The Trustee, Fifth Third and Joplin are collectively referred to as the "Parties," and each, a "Party." The proposed settlement and compromise (the "Settlement") liquidates disputes over funds claimed by the Trustee, Joplin and Fifth Third, resolves preference claims asserted by the Trustee against Joplin, and resolves other controversies and litigation pending in this case ("Chapter 11 Case"). The proposed Settlement is a just and efficient means of settling the matters between the Parties. In support of the Motion, the Trustee respectfully represents the following:

**PRELIMINARY BACKGROUND**

1. Certain petitioning creditors commenced the above-captioned Chapter 11 case against the Debtor on December 6, 2010 (the "Petition Date") by filing an involuntary petition

for relief under Chapter 11 of the Bankruptcy Code. This Court entered an Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

2.     On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] (the "Trustee Order") pursuant to 11 U.S.C. § 1104.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

## BACKGROUND

5.     Fifth Third is the secured lender to Debtor, having extended credit both prior to and subsequent to the commencement of this Chapter 11 Case as set forth in that certain *Financing Order (I) Approving Chapter 11 Trustee Financing; (II) Authorizing Use of Cash Collateral and Obtaining Credit Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay; (IV) Providing Adequate Protection; and (V) Sealing Certain Documents* [Dock. No. 400] and the proof of claim filed by Fifth Third [Claim No. 13].

6.     Joplin historically engaged in certain livestock transactions involving the Debtor, for which Joplin filed a proof of claim in this Chapter 11 Case in the amount of $1,276,925.76 [Claim No. 352] (the "Joplin Proof of Claim").

7.     Joplin also asserted a claim of $1,664,206.36 against a bond with the United States Department of Agriculture, Grain Inspection Packers and Stockyards Administration (the "Bond"), of which $1,661,697.23 was approved (the "Bond Claim").

8. On August 9, 2011 and May 4, 2012, the Trustee sent preference demand letters to Joplin, seeking recovery of approximately $1,720,132.86 in alleged preferences (the "<u>Alleged Preference Claim</u>").

9. The Parties all assert interests in: (1) funds in the amount of $97,868.78 presently held in escrow by the Trustee (the "<u>Trustee Escrow</u>"); (2) $4,700,000 in funds (the "<u>Seized Funds</u>") in the process of being seized from a bank account controlled by Thomas P. Gibson at Your Community Bank by the Department of Justice/United States Attorney for the Western District of Kentucky; (3) the Alleged Preference Claim; and (4) portions of the approximately $7,237,810 (the "<u>Texas Interpleaded Funds</u>") interpleaded into the court registry in connection with Adversary Proceeding 11-59093 (the "<u>Interpleader Action</u>"). Joplin has asserted a claim of approximately $158,657.97 to the Texas Interpleaded Funds.

10. Joplin collected certain funds related to the Debtor and/or the Estate ("<u>Joplin Collected Funds</u>"), which included direct cattle payments from Kenny Ogden, Bo Chastain, J&S Feedlot and Supreme Feeders and the value of rejected cattle from Massey Livestock (collectively, "<u>Third Parties</u>"). In addition, Joplin took possession of certain cattle belonging to the Debtor, which are identified in the Joplin Proof of Claim as "cattle came from farm" (the "<u>Joplin Collected Cattle</u>"). The Parties, in addition to asserting interests in, also assert claims against each other with respect to, the Joplin Proof of Claim, the Trustee Escrow, the Alleged Preference Claim, the Texas Interpleaded Funds, the Interpleader Action, the Joplin Collected Funds, and the Joplin Collected Cattle.

11. The Parties have agreed to settle their disputes as more fully set forth in the Settlement Agreement and Mutual Release attached hereto as <u>Exhibit 1</u> (the "Settlement Agreement").

12. As set forth more specifically in the Settlement Agreement, the Settlement a) resolves pending litigation, b) avoided a dispute concerning a proposed objection to the proposed Chapter 11 Plan of Liquidation, c) helps coordinate the efficient distribution of the Seized Funds, d) resolves further controversy over distribution of a portion of the funds now held in the Trustee Escrow and a portion of the Texas Interpleaded Funds, e) eliminates further litigation against the Third Parties related to Joplin Collected Funds, f) releases all of Joplin's claims against the Estate and property claimed by the Estate, g) provides for narrowly tailored releases between and among Fifth Third, Joplin, Debtor, Trustee, and the Trustee's professionals, h) results in a recovery to Fifth Third of $46,526.75 from the Trustee Escrow and Texas Interpleaded Funds, and i) results in a recovery to the Estate's Recovery Fund in the amount of $410,000. The foregoing is intended as a summary of the provisions of the Settlement Agreement. In the event of any conflict or inconsistency between the statements in this Motion and the Settlement Agreement, the terms and provisions of the Settlement Agreement shall govern.

13. Trustee believes the proposed compromise as set forth in the Settlement Agreement is in the best interest of the Estate and Debtor's creditors.

## BRIEF IN SUPPORT

**A. The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

14. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In

conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

15. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

16. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

17. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

18. The Settlement, negotiated at arm's length and in good faith, provides multiple benefits to the Estate and thereby achieves a result that is in the best interest of the Debtor and its estate.

19. For these reasons, the Settlement maximizes the value of the Estate's assets and minimizes the burden to the Estate while providing Joplin relief from the uncertainty of litigation, and Fifth Third with certain recovery as to portions of its collateral previously impaired by Joplin's asserted interests. The Settlement should be approved pursuant to Bankruptcy Rule 9019.

## NOTICE

20. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in which any party claiming an interest in the funds to be distributed to Fifth Third and to the Trustee pursuant to the Settlement will be required to file and serve an objection stating with specificity its objection and the basis for asserting a claim.

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to the Court in this case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the proposed compromise, as it is in the best interests of the Debtor and the estate.

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP

        By: /s/ Kevin M. Toner

Kevin Toner (#11343-49)     *Counsel for James A. Knauer, Chapter 11 Trustee*
Terry E. Hall (#22041-49)
Harmony Mappes (# 27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Jay Jaffe (#5037-98)
Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
jay.jaffe@faegrebd.com
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

       I hereby certify that on January 10, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | | |

I further certify that on January 10, 2013, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

Darla J. Gabbitas
darla.gabbitas@moyewhite.com

/s/ Kevin M. Toner

51290503_2.DOCX

9