# EXHIBIT 1

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of December ___, 2012 by and among James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), and on behalf of his counsel ("Trustee's Counsel"); Fifth Third Bank ("Fifth Third"); and Joplin Regional Stockyards, Inc.[1] ("Joplin"). The Debtor, the Estate, the Trustee, Fifth Third and Joplin are collectively referred to as the "Parties," and each, a "Party."

### RECITALS

A.    Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.    On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.    Fifth Third is the secured lender to Debtor, having extended credit both prior to and subsequent to the commencement of this Chapter 11 Case as set forth in that certain *Financing Order (I) Approving Chapter 11 Trustee Financing; (II) Authorizing Use of Cash Collateral and Obtaining Credit Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay; (IV) Providing Adequate Protection; and (V) Sealing Certain Documents* [Dock. No. 400] and the proof of claim filed by Fifth Third [Claim No. 13].

D.    Joplin historically engaged in certain livestock transactions involving the Debtor, for which Joplin filed a proof of claim in this Chapter 11 Case in the amount of $1,276,925.76 [Claim No. 352] (the "Joplin Proof of Claim").

E.    Joplin also asserted a claim of $1,664,206.36 against a bond with the United States Department of Agriculture, Grain Inspection Packers and Stockyards Administration (the "Bond"), of which $1,661,697.23 was approved (the "Bond Claim").

F.    On August 9, 2011 and May 4, 2012, the Trustee sent preference demand letters to Joplin, seeking recovery of approximately $1,720,132.86 in alleged preferences (the "Alleged Preference Claim").

G.    The Parties all assert interests in: (1) funds in the amount of $97,868.78 presently held in escrow by the Trustee (the "Trustee Escrow"); (2) $4,700,000 in funds (the "Seized Funds") in the process of being seized from a bank account controlled by Thomas P. Gibson at Your Community Bank by the Department of Justice/United States Attorney for the Western

---

[1] Joplin Regional Stockyards, Inc. includes Joplin Regional Stockyards, Inc. d/b/a B&M Cattle Co. and d/b/a Joplin Stockyards Video.

District of Kentucky; (3) the Alleged Preference Claim; and (4) portions of the approximately $7,237,810 (the "Texas Interpleaded Funds") interpleaded into the court registry in connection with Adversary Proceeding 11-59093 (the "Interpleader Action"). Joplin has asserted a claim of approximately $158,657.97 to the Texas Interpleaded Funds.

      H.      Joplin collected certain funds related to Eastern Livestock Co., LLC and/or the Estate ("Joplin Collected Funds"), which included direct cattle payments from Kenny Ogden, Bo Chastain, J&S Feedlot and Supreme Feeders and the value of rejected cattle from Massey Livestock (collectively, "Third Parties"). In addition, Joplin took possession of certain cattle belonging to the Debtor, which are identified in the Joplin Proof of Claim as "cattle came from farm" (the "Joplin Collected Cattle"). The Parties, in addition to asserting interests in, also assert claims against each other with respect to, the Joplin Proof of Claim, the Trustee Escrow, the Alleged Preference Claim, the Texas Interpleaded Funds, the Interpleader Action, the Joplin Collected Funds, and the Joplin Collected Cattle (hereinafter referred to collectively as the "Controversy").

      I.      The Trustee filed his proposed *Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation* [Dock No. 1256] on July 23, 2012 and his *First Amended Disclosure Statement For Trustee's Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock No.1489] (as it may be subsequently amended or modified, the "Disclosure Statement"). The Trustee filed his proposed *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and his Trustee's *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] as it may be subsequently amended or modified, (the "Plan"). On or about October 15, 2012, Joplin filed its *Objection to Disclosure Statement for Trustee's Chapter 11 Plan of Liquidation* [Dock. No. 1470] (the "Disclosure Statement Objection"). On October 30, 2012, Joplin withdrew its Disclosure Statement Objection on the record, while reserving its right to bring the same or similar claims as objections ("Reserved Objections") to the Plan. Joplin voted against the Plan and, on December 4, 2012, also filed its reservation of rights ("Reservation of Rights") with respect to the Plan.

      J.      On December 6, 2012, the Parties executed a term sheet ("Term Sheet") outlining an anticipated settlement of claims. In light of the settlement, on December 6, 2012, Joplin withdrew its ballot rejecting the Plan and submitted a ballot accepting the Plan. Likewise, on December 7, 2012, Joplin withdrew its Reservation of Rights on the record during a hearing on the confirmation of the Trustee's Plan. The Plan was confirmed on the record on December 7, 2012, and the Court entered its Confirmation Order on December 17, 2012 (the "Confirmation Order").

      K.      The Parties desire to resolve and settle all issues, disputes, claims and causes of actions between and among Joplin, the Trustee, the Debtor and the Estate, and also between Joplin and Fifth Third without resorting to further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action as set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. Notice of the Settlement Motion shall be served as provided in Bankruptcy Rule 2002, except insofar as time is shortened by order of the Court as allowed under Bankruptcy Rule 9006(c)(1).

2.      Modification of Plan and Disclosure Statement. The following immaterial modification was made to the Plan and included in the Confirmation Order: "If and to the extent the Joplin Settlement is approved by the Court pursuant to Bankruptcy Rule 9019, the Joplin Defendants will be included as parties being released as third parties in Article 7.3 of the Plan." ("Joplin Plan Release").

3.      Settlement. On the Effective Date, or within three (3) business days thereafter, Joplin will pay $200,000.00 to the Trustee for the benefit of the Estate (the "Joplin Payment"). The Joplin Payment shall become part of the Recovery Fund (as that term is defined in the Plan). Immediately following receipt of the Joplin Payment, Trustee, the Debtor, the Estate and Fifth Third agree that the Alleged Preference Claim shall be deemed satisfied and the Trustee, the Trustee's Counsel, the Debtor and the Estate shall be barred from recovering the funds in any way related to the Alleged Preference Claim.

4.      Joplin Collected Funds. Immediately following receipt of the Joplin Payment, Fifth Third, the Debtor, the Trustee, and Trustee's Counsel and the Estate shall be deemed to withdraw, waive and release any and all claims or assertions of interest in or to the Joplin Collected Funds and shall be barred from recovering the Joplin Collected Funds from the Third Parties.

5.      Dismissal/Withdrawal of all Adversary Proceedings, Appeals and Contested Matters. On the Effective Date, or within three (3) business days thereafter, the Parties shall file all pleadings necessary to dismiss or withdraw with prejudice any and all claims, appeals, pleadings, litigation and proceedings pending among the Parties.

6.      Prosecution of Bond Claims. Joplin shall not be deemed to release its Bond Claim pursuant to this Settlement Agreement. Further, the Parties stipulate that no term or provision of this Settlement Agreement can be used by or against Joplin in connection with its Bond Claim. Notwithstanding anything herein to the contrary, this Settlement Agreement shall not prohibit or limit Joplin's right to proceed solely as against the Bond nor the right of the Bond Administrator to object thereto.

7. <u>Mutual Releases</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date:

(a)    Joplin and its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto (the "<u>Joplin Releasing Parties</u>") forever **RELEASE AND DISCHARGE** each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, Trustee's Counsel, and Fifth Third, and the respective officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents or subsidiaries, affiliates, predecessors, successors and assigns of each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, Trustee's Counsel and Fifth Third (the "<u>Joplin Released Parties</u>") from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the date of this Settlement Agreement (the "<u>Joplin Released Claims</u>").

(b)    The Debtor, the Estate, Trustee and Trustee's Counsel and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto (the "<u>Trustee Releasing Parties</u>") forever **RELEASE AND DISCHARGE** Joplin and also solely and in their representative capacities, its officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns (the "<u>Trustee Released Parties</u>") from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising under or in any way related to the Controversy (the "<u>Trustee Released Claims</u>"). The Trustee Released Claims include, without limitation, any and all claims, objections or other assertions made by the Debtor, the Estate, Trustee or Trustee's Counsel that Joplin acted in any way improperly concerning or related to its relationship or transactions with the Debtor.

(c)    Fifth Third and also solely in their capacity as representatives of Fifth Third, its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto (the "<u>Fifth Third Releasing Parties</u>")

4

forever **RELEASE AND DISCHARGE** Joplin and also solely in their representative capacities, its officers, directors, employees, shareholders, attorneys, professionals insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns (the "Fifth Third Released Parties") from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising under or in any way related to the Controversy (the "Fifth Third Released Claims"). The Fifth Third Released Claims include, without limitation, any and all claims, objections or other assertions made by Fifth Third that Joplin acted in any way improperly concerning or related to its relationship or transactions with the Debtor.

8.    Effect of Releases and Satisfaction of Claims. Consistent with the releases set forth in Section 7 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Joplin shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to: (a) the Trustee Escrow; (b) the Texas Interpleaded Funds; (c) the Seized Funds, (d) property of the Estate; and (e) the Joplin Proof of Claim ("Joplin Released Funds"). On or prior to the Effective Date, Joplin shall prepare and file in the Chapter 11 Case, a disclaimer of interest with respect to the Trustee Escrow in form and substance the same as Exhibit A hereto, and a Motion to Dismiss and disclaimer of interest in the Interpleader Action with respect to that portion of the Texas Interpleaded Funds subject to Joplin's asserted claim in form and substance the same as Exhibit B hereto.    The Trustee Escrow and Joplin's interest in the Texas Interpleaded Funds ($256,526,75 in the aggregate) will be split $210,000 to the Recovery Fund and the balance, in the amount of $46,526.75, to the Collateral Fund (as that term is defined in the Plan), with no further deductions from Fifth Third's share. Releases and payments under this Settlement Agreement shall satisfy and discharge in full all claims asserted by Joplin/Trustee/Fifth Third Released Parties or which may be asserted by Joplin/Trustee/Fifth Third Released Parties against the Joplin/Trustee/Fifth Third Releasing Parties. Notwithstanding any of the releases set forth herein, nothing in the Settlement Agreement shall release the Parties from their obligations under the Settlement Agreement.

9.    Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

10.    Qualification; Authority.    Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has

5

sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

   11. <u>Each of the Parties Bears Own Costs</u>.  Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

   12. <u>Successors and Assigns</u>.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates and successors in interest.

   13. <u>Court Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

   14. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

   15. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

   16. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile or electronic mail and such signatures shall be binding upon the party delivering same as if they were originals.

   17. <u>Severability</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein.  Provisions should be read together so as to harmonize the whole.

   18. <u>Amendment</u>.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

   19. <u>No Admission of Fault or Liability</u>.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

   20. <u>No Presumption Against Drafter</u>.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

DMS_US 51237700v3

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the _____ day of December, 2012.

[Remainder of page intentionally left blank. Signature pages to follow.]

7

JOPLIN REGIONAL STOCKYARDS, INC.

By: _Jackie B. Moore_____

Printed Name: _Jackie B Moore_____

Title: _President_____

COUNSEL FOR JOPLIN REGIONAL STOCKYARDS, INC.

By: _Ivana S_____

Printed Name: _Ivana Shallcross_____

Title: _Counsel for Joplin Regional Stockyards, Inc._

TRUSTEE'S COUNSEL

By:_____

Printed Name:_____

Title: _____


JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By:_____

Printed Name:_____

Title: _____

8

JOPLIN REGIONAL STOCKYARDS, INC.

By: _____

Printed Name: _____

Title: _____

COUNSEL FOR JOPLIN REGIONAL STOCKYARDS, INC.

By: _____

Printed Name: _____

Title: _____

TRUSTEE'S COUNSEL

By: _____

Printed Name: _____ JAY JAFFE _____

Title: _____ ATTORNEY _____

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By: _____

Printed Name: _____ JAmes Knauer ____

Title: _____ Trustee _____

8

FIFTH THIRD BANK

By: _Jenn R. Bosco_

Printed Name: _JAMES A. BOSCO_

Title: _Sr. V. P._

COUNSEL FOR FIFTH THIRD BANK

By: _Randall D. Latan_

Printed Name: _RANDALL D. LATAR_

Title: _ATTORNEY AT LAW_

14231177_4.docx

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

## JOPLIN REGIONAL STOCKYARDS, INC.'S
## DISCLAIMER OF INTEREST IN PURCHASE MONEY PROCEEDS IN ESCROW

Joplin Regional Stockyards, Inc. ("Joplin"), by counsel, hereby DISCLAIMS all interest and rights in the cattle sale proceeds the Trustee is holding in escrow pursuant to the Trustee's Purchase Money Claims Report, Motion to Transfer Funds and Notice of Release of Proceeds from Account ("Trustee Escrow") [Doc. No. 501]. Joplin previously initiated a contested matter asserting an interest in **$97,868.78** of the Trustee Escrow funds. Joplin subsequently settled all controversies with the Trustee and Fifth Third Bank concerning those funds and has resolved this contested matter with prejudice. Accordingly, Joplin disclaims any interest in the Trustee Escrow and withdraws all of its objections to transfer funds from escrow to the Trustee's operating account.

Respectfully submitted,

[COUNSEL FOR JOPLIN]

## CERTIFICATE OF SERVICE

I hereby certify that on January __, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Amelia Martin Adams on behalf of Cross Defendant Blue Grass Stockyards, LLC
aadams@dlgfirm.com

John W Ames on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
james@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com

Robert A. Bell on behalf of Counter-Defendant Fifth Third Bank, N.A.
rabell@vorys.com, dmchilelli@vorys.com

C. R. Bowles on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com

Steven A. Brehm on behalf of Cross Defendant Superior Livestock Auction, Inc.
sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com

Kent A Britt on behalf of Counter-Defendant Fifth Third Bank, N.A.
kabritt@vorys.com, cbkappes@vorys.com;dfhine@vorys.com;tbfinney@vorys.com

John R. Carr on behalf of Intervenor The First Bank and Trust Company
jrciii@acs-law.com, sfinnerty@acs-law.com

Deborah Caruso on behalf of Third Party Defendant Kathryn Pry
dcaruso@daleeke.com, mthomas@daleeke.com

Kirk Crutcher on behalf of Counter-Defendant Gene Shipman
kcrutcher@mcs-law.com, jparsons@mcs-law.com

Jack S Dawson on behalf of Defendant Jane, LLC
jdawson@millerdollarhide.com,
jowens@millerdollarhide.com;receptionist@millerdollarhide.com

Laura Day DelCotto on behalf of Counter-Defendant Bluegrass Stockyards of Richmond, LLC
ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

Daniel J. Donnellon on behalf of Cross Defendant First Bank & Trust Company
ddonnellon@ficlaw.com, knorwick@ficlaw.com

Shawna M Eikenberry on behalf of Counter-Claimant James Knauer
shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com

2

Jeffrey R. Erler on behalf of Cross-Claimant DeCordova Cattle Company
jeffe@bellnunnally.com

Melissa S. Giberson on behalf of Counter-Defendant Fifth Third Bank, N.A.
msgiberson@vorys.com

John Huffaker on behalf of Plaintiff Friona Industries, LP
john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com

Todd J. Johnston on behalf of Counter-Claimant Gabriel Moreno
tjohnston@mcjllp.com

James Bryan Johnston on behalf of Cross Defendant Bynum Ranch Company
bjtexas59@hotmail.com, bryan@ebs-law.net

Erick P Knoblock on behalf of Cross-Claimant Kathryn Pry
eknoblock@daleeke.com

Randall D. LaTour on behalf of Counter-Defendant Fifth Third Bank, N.A.
RDLatour@vorys.com, khedwards@vorys.com;bjtobin@vorys.com

David L. LeBas on behalf of Counter-Defendant J&F Oklahoma Holdings, Inc.
dlebas@namanhowell.com, koswald@namanhowell.com

Elliott D. Levin on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
edl@rubin-levin.net, atty_edl@trustesolutions.com

James B. Lind on behalf of Counter-Defendant Fifth Third Bank, N.A.
jblind@vorys.com

John Hunt Lovell on behalf of Counter-Defendant Cactus Growers, Inc.
john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net

Harmony A Mappes on behalf of Counter-Claimant James Knauer
harmony.mappes@faegrebd.com, judith.gilliam@faegrebd.com;sarah.herendeen@faegrebd.com

John Frederick Massouh on behalf of Counter-Defendant Cactus Growers, Inc.
john.massouh@sprouselaw.com

James Edwin McGhee on behalf of Third Party Defendant Vermilion Ranch Corp.
mcghee@derbycitylaw.com, belliott@derbycitylaw.com;patenaude@derbycitylaw.com

Christie A. Moore on behalf of Cross Defendant Superior Livestock Auction, Inc.
cm@gdm.com, ljs2@gdm.com

3

Walter Scott Newbern on behalf of Cross Defendant CPC Livestock, LLC
wsnewbern@msn.com

Ross A. Plourde on behalf of Third Party Defendant Stockman Oklahoma Livestock Marketing, Inc.
ross.plourde@mcafeetaft.com, afton.shaw@mcafeetaft.com

Timothy T. Pridmore on behalf of Counter-Claimant Gabriel Moreno
tpridmore@mcjllp.com, lskibell@mcjllp.com

Mark A. Robinson on behalf of Intervenor J&F Oklahoma Holdings, Inc.
mrobinson@vhrlaw.com, dalbers@vhrlaw.com

John M. Rogers on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
johnr@rubin-levin.net, susan@rubin-levin.net

James E Rossow on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com

Ivana B. Shallcross on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com;acoates@bgdlegal.com

James E. Smith on behalf of Cross Defendant Diamond B Ranches
jsmith@smithakins.com, legalassistant@smithakins.com

Joshua N. Stine on behalf of Counter-Defendant Fifth Third Bank, N.A.
kabritt@vorys.com

Kevin M. Toner on behalf of Counter-Claimant James Knauer
kevin.toner@faegrebd.com, judy.ferber@faegrebd.com;crystal.hansen@faegrebd.com

Christopher M. Trapp on behalf of Cross Defendant Superior Livestock Auction, Inc.
ctrapp@rubin-levin.net, carmen@rubin-levin.net

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Stephen A. Weigand on behalf of Intervenor The First Bank and Trust Company
sweigand@ficlaw.com

James T Young on behalf of Intervenor Michael Walro
james@rubin-levin.net, lemerson@rubin-levin.net;carmen@rubin-levin.net

DMS_US 51227440v3

I further certify that on November 29, 2012, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

/s/ _____

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOPLIN REGIONAL STOCKYARDS, INC.'S
## MOTION TO DISMISS AND DISCLAIMER OF INTEREST

Defendant and counterclaim/crossclaim plaintiff Joplin Regional Stockyards, Inc. ("Joplin"), by counsel, hereby disclaims all interest in the funds interpleaded in the Court's registry in this action and respectfully moves the Court to dismiss with prejudice all of Joplin's claims, causes of action, affirmative defenses, and rights of recovery in this adversary proceeding pursuant to Fed. R. Civ. P. 41(a)(2) and 41(c). In support of this motion, Joplin states as follows:

1.    Joplin is a party to the Settlement Agreement And Mutual Release attached as Exhibit 1 to the Trustee's Motion To Approve Compromise Of Controversy Between Eastern Livestock Co., LLC And Joplin Regional Stockyards, Inc. [Doc. No. ___]. The Court scheduled the Trustee's settlement motion for hearing and approved the settlement on January __, 2013 [Doc. No. __]. As part of that settlement, Joplin, the Trustee, and Fifth Third Bank have released claims against one another, including all of Joplin's claims in this adversary proceeding.

2.    Joplin previously asserted counterclaims and crossclaims [Doc. No. 138] seeking approximately $158,657.97 from the funds interpleaded by J&F Oklahoma Holdings, Inc., in the Court's registry. Having settled and released its claims, Joplin now disclaims all interest in or rights to recover any portion of the interpleaded funds.

3.    Joplin is authorized to report to the Court that Trustee James Knauer and Fifth Third Bank have reviewed this motion and have no objections to the relief requested.

WHEREFORE, Joplin Regional Stockyards, Inc. respectfully requests the Court for an order of dismissal with prejudice, each party to bear its or his own costs and expenses.

Respectfully submitted,

[COUNSEL FOR JOPLIN]

2

## CERTIFICATE OF SERVICE

I hereby certify that on January __, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Amelia Martin Adams on behalf of Cross Defendant Blue Grass Stockyards, LLC
aadams@dlgfirm.com

John W Ames on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
james@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com

Robert A. Bell on behalf of Counter-Defendant Fifth Third Bank, N.A.
rabell@vorys.com, dmchilelli@vorys.com

C. R. Bowles on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com

Steven A. Brehm on behalf of Cross Defendant Superior Livestock Auction, Inc.
sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com

Kent A Britt on behalf of Counter-Defendant Fifth Third Bank, N.A.
kabritt@vorys.com, cbkappes@vorys.com;dfhine@vorys.com;tbfinney@vorys.com

John R. Carr on behalf of Intervenor The First Bank and Trust Company
jrciii@acs-law.com, sfinnerty@acs-law.com

Deborah Caruso on behalf of Third Party Defendant Kathryn Pry
dcaruso@daleeke.com, mthomas@daleeke.com

Kirk Crutcher on behalf of Counter-Defendant Gene Shipman
kcrutcher@mcs-law.com, jparsons@mcs-law.com

Jack S Dawson on behalf of Defendant Jane, LLC
jdawson@millerdollarhide.com,
jowens@millerdollarhide.com;receptionist@millerdollarhide.com

Laura Day DelCotto on behalf of Counter-Defendant Bluegrass Stockyards of Richmond, LLC
ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com

Daniel J. Donnellon on behalf of Cross Defendant First Bank & Trust Company
ddonnellon@ficlaw.com, knorwick@ficlaw.com

Shawna M Eikenberry on behalf of Counter-Claimant James Knauer
shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com

3

DMS_US 51227440v3

Jeffrey R. Erler on behalf of Cross-Claimant DeCordova Cattle Company
jeffe@bellnunnally.com

Melissa S. Giberson on behalf of Counter-Defendant Fifth Third Bank, N.A.
msgiberson@vorys.com

John Huffaker on behalf of Plaintiff Friona Industries, LP
john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com;rhonda.rogers@sprouselaw.com

Todd J. Johnston on behalf of Counter-Claimant Gabriel Moreno
tjohnston@mcjllp.com

James Bryan Johnston on behalf of Cross Defendant Bynum Ranch Company
bjtexas59@hotmail.com, bryan@ebs-law.net

Erick P Knoblock on behalf of Cross-Claimant Kathryn Pry
eknoblock@daleeke.com

Randall D. LaTour on behalf of Counter-Defendant Fifth Third Bank, N.A.
RDLatour@vorys.com, khedwards@vorys.com;bjtobin@vorys.com

David L. LeBas on behalf of Counter-Defendant J&F Oklahoma Holdings, Inc.
dlebas@namanhowell.com, koswald@namanhowell.com

Elliott D. Levin on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
edl@rubin-levin.net, atty_edl@trustesolutions.com

James B. Lind on behalf of Counter-Defendant Fifth Third Bank, N.A.
jblind@vorys.com

John Hunt Lovell on behalf of Counter-Defendant Cactus Growers, Inc.
john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net

Harmony A Mappes on behalf of Counter-Claimant James Knauer
harmony.mappes@faegrebd.com, judith.gilliam@faegrebd.com;sarah.herendeen@faegrebd.com

John Frederick Massouh on behalf of Counter-Defendant Cactus Growers, Inc.
john.massouh@sprouselaw.com

James Edwin McGhee on behalf of Third Party Defendant Vermilion Ranch Corp.
mcghee@derbycitylaw.com, belliott@derbycitylaw.com;patenaude@derbycitylaw.com

Christie A. Moore on behalf of Cross Defendant Superior Livestock Auction, Inc.
cm@gdm.com, ljs2@gdm.com

4

Walter Scott Newbern on behalf of Cross Defendant CPC Livestock, LLC
wsnewbern@msn.com

Ross A. Plourde on behalf of Third Party Defendant Stockman Oklahoma Livestock Marketing, Inc.
ross.plourde@mcafeetaft.com, afton.shaw@mcafeetaft.com

Timothy T. Pridmore on behalf of Counter-Claimant Gabriel Moreno
tpridmore@mcjllp.com, lskibell@mcjllp.com

Mark A. Robinson on behalf of Intervenor J&F Oklahoma Holdings, Inc.
mrobinson@vhrlaw.com, dalbers@vhrlaw.com

John M. Rogers on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
johnr@rubin-levin.net, susan@rubin-levin.net

James E Rossow on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
jim@rubin-levin.net, susan@rubin-levin.net;ATTY_JER@trustesolutions.com

Ivana B. Shallcross on behalf of Cross Defendant Joplin Regional Stockyards, Inc.
ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com;acoates@bgdlegal.com

James E. Smith on behalf of Cross Defendant Diamond B Ranches
jsmith@smithakins.com, legalassistant@smithakins.com

Joshua N. Stine on behalf of Counter-Defendant Fifth Third Bank, N.A.
kabritt@vorys.com

Kevin M. Toner on behalf of Counter-Claimant James Knauer
kevin.toner@faegrebd.com, judy.ferber@faegrebd.com;crystal.hansen@faegrebd.com

Christopher M. Trapp on behalf of Cross Defendant Superior Livestock Auction, Inc.
ctrapp@rubin-levin.net, carmen@rubin-levin.net

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Stephen A. Weigand on behalf of Intervenor The First Bank and Trust Company
sweigand@ficlaw.com

James T Young on behalf of Intervenor Michael Walro
james@rubin-levin.net, lemerson@rubin-levin.net;carmen@rubin-levin.net

5

I further certify that on November 29, 2012, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

/s/ _____

6