UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO COMPROMISE AND SETTLE
AND NOTICE OF OBJECTION DEADLINE**
(Joplin Regional Stockyards, Inc.)

The *Motion of James A. Knauer, Trustee for Eastern Livestock Co, LLC to Approve Compromise and Settlement of Controversies Between and Among the Trustee, Eastern Livestock Co., LLC, Joplin Regional Stockyards, Inc., and Fifth Third Bank* (the "Motion") was filed by James A. Knauer, as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC (the "Debtor") on January 10, 2013 in the above-captioned Chapter 11 case (the "Chapter 11 Case").

The Motion seeks court approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, of the compromise and settlement entered into between the Trustee and Joplin Regional Stockyards, Inc. d/b/a B&M Cattle Co. and d/b/a Joplin Stockyards Video ("Joplin") and Fifth Third Bank ("Fifth Third"). The Trustee, the Debtor, Joplin, Fifth Third, and the Debtor's bankruptcy estate (the "Estate") are collectively referred to herein as the "Parties." A summary of the Motion follows:

1. On August 9, 2011 and May 4, 2012, the Trustee sent preference demand letters to Joplin, seeking recovery of approximately $1,720,132.86 in alleged preferences (the "Alleged Preference Claim").

2. The Parties all assert interests in: (1) funds in the amount of $97,868.78 presently held in escrow by the Trustee (the "Trustee Escrow"); (2) $4,700,000 in funds (the "Seized Funds") seized from a bank account controlled by Thomas P. Gibson at Your Community Bank by the Department of Justice/United States Attorney for the Western District of Kentucky; (3) the Alleged Preference Claim; and (4) portions of the approximately $7,237,810 (the "Texas Interpleaded Funds") interpleaded into the court registry in connection with Adversary Proceeding 11-59093 (the "Interpleader Action"). Joplin has asserted a claim of approximately $158,657.97 to the Texas Interpleaded Funds.

3. Joplin collected certain funds related to the Debtor and/or the Estate ("Joplin Collected Funds"), which included direct cattle payments from Kenny Ogden, Bo Chastain, J&S Feedlot and Supreme Feeders and the value of rejected cattle from Massey Livestock (collectively, "Third Parties"). In addition, Joplin took possession of certain cattle belonging to the Debtor (the "Joplin Collected Cattle"). The Parties, in addition to asserting interests in, also assert claims against each other with respect to, the Joplin Proof of Claim, the Trustee Escrow, the Alleged Preference Claim, the Texas Interpleaded Funds, the Interpleader Action, the Joplin Collected Funds, and the Joplin Collected Cattle.

4. The key terms of the proposed settlement are as follows:
    a. Joplin will pay $200,000 to the Trustee for the benefit of the Estate.
    b. Joplin will be deemed to withdraw, waive and release any and all claims or assertions of interest related to the Chapter 11 Case, the Debtor, and the Estate, including without

        limitation, the Trustee's Escrow, the Texas Interpleaded Funds, the Seized Funds, property of the Estate, and the proof of claim filed by Joplin in the Chapter 11 Case.

    c. The Trustee's Escrow and Joplin's interest in the Texas Interpleaded Funds ($256,526.75) will be split $210,000 to the Estate Recovery Fund (as defined in the Motion) and the balance, in the amount of $46,526.75 to the Collateral Fund (as defined in the Motion), with no further deductions from Fifth Third's share.

    d. The Alleged Preference Claim will be deemed satisfied.

    e. Fifth Third, the Debtor, the Trustee, Trustee's counsel, and the Estate shall be deemed to withdraw, waive and release any and all claims or assertions of interest in or to the Joplin Collected Funds and shall be barred from recovering the Joplin Collected Funds from the Third Parties.

5. In the event of any conflict or inconsistency between the statements in this Notice or the Motion and the Settlement Agreement (as defined in the Motion), the terms of the Settlement Agreement shall govern.

6. Copies of the Motion can and will be made available upon request directed to counsel for the Trustee at the address noted below.

NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **21 days** from date of service (February 1, 2013). Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

        Clerk, U.S. Bankruptcy Court
        110 U.S. Courthouse
        121 W. Spring St.
        New Albany, IN 47150

The objecting party must ensure delivery of the objection to the party filing the motion. **If an objection is NOT timely filed, the requested relief may be granted.**

WHEREFORE, the Trustee moves the Court for an order approving the compromise and settlement as filed in this matter.

        FAEGRE BAKER DANIELS LLP

        By: /s/ Kevin M. Toner

| | |
|---|---|
| Kevin M. Toner (#11343-49) | Wendy W. Ponader (#14633-49) |
| Terry E. Hall (#22041-49) | 600 East 96th Street, Suite 600 |
| Dustin R. DeNeal (#27535-49) | Indianapolis, IN 46240 |
| 300 N. Meridian Street, Suite 2700 | Telephone: (317) 569-9600 |
| Indianapolis, IN 46204-1782 | Facsimile: (317) 569-4800 |
| Telephone: (317) 237-0300 | wendy.ponader@faegrebd.com |
| Facsimile: (317) 237-1000 | |
| kevin.toner@faegrebd.com | *Counsel for James A. Knauer, Chapter 11 Trustee* |
| terry.hall@faegrebd.com | |
| dustin.deneal@faegrebd.com | |

51386971_1.DOC