# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO. 10-93904-BHL |
| | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**<u>ORDER ESTABLISHING PROCEDURES
FOR CERTAIN ADVERSARY PROCEEDINGS</u>**

Upon the Motion for Order Establishing Procedures for Certain Adversary Proceedings ("Motion") of James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, ("Trustee"); the Court finding that the Motion having been served on each of the Defendants (as defined herein) and all other parties in interest, adequate notice having been given; it appearing that the relief requested in the Motion is in the best interest of all parties in interest; and the Court having reviewed the Motion and the Court, being duly advised in the premises, it is hereby ORDERED as follows:

1

1. The Motion is GRANTED. All capitalized terms used herein not otherwise defined shall have the meanings set forth in the Motion.

2. **Pretrial Procedures.** The procedures outlined in the Motion for the Preference Actions as defined and identified in the Motion[1] are hereby approved as follows:

    A. The Court shall hold a series of telephonic omnibus pretrial conferences for all Preference Actions on May 9, 2013 with approximately ten (10) Preference Actions to be heard in one-half hour blocks of time ("Pretrial Conference").

    B. Not later than ten (10) days prior to the Pretrial Conference, the Trustee shall file and serve a notice to the defendant in each of the Preference Actions (each, a "Defendant"). The Notice shall include a toll free call-in number and a proposed agenda for the Pretrial Conference.

    C. The parties to Preference Actions are <u>not</u> required to provide a pretrial statement prior to the Pretrial Conference.

    D. Within forty-five (45) days following the entry of this Order:

        i. **The Trustee shall provide each Defendant with:**

            a. the dates and amounts of each transfer that the Trustee claims is preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547, 548, and 550; and

---

[1] The procedures set forth in the Motion and this Order shall not apply in any adversary proceeding where at least one defendant is asserted to be an "insider" of the Debtor.

2

      b.    information related to invoices which the Trustee believes relate to such transfers to the extent possible based on the Debtor's records, and, upon written request.

    ii.    **Each Defendant shall provide the Trustee with:**

      a.    a written statement with the amount of the transfers, if any, which the Defendant believes to be preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547, 548, and 550; and

      b.    a summary of each defense which the Defendant believes to be applicable.

E.    Prior to the Pretrial Conference, the Trustee shall be entitled to seek the entry of a default judgment against any Defendant who has been properly served, but fails to file an answer or a responsive pleading (each, a "Defaulting Defendant"), as follows:

    i.    the Trustee shall serve each applicable Defaulting Defendant with a notice substantially in the form of **Exhibit "C"** to the Motion ("Default Notice");

    ii.    the Court shall enter a default judgment without further notice or hearing if any Defaulting Defendant fails to respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice; and

    iii.    for those Defaulting Defendants which respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice, the Court shall conduct a hearing for the purpose of allowing such

    Defaulting Defendants to show cause why a default judgment should not be entered; provided, however, that the Trustee may elect to withdraw its request for default judgment as against any Defaulting Defendant and elect to settle or mediate the Preference Action as provided below.

3. **Discovery Procedures.**

    A.    Formal Discovery (as defined below) is stayed until May 1, 2013 in order to allow for the prompt mediation of the Preference Actions.

    B.    <u>Informal Discovery</u>. During the period from the entry of this Order through the date of the Pretrial Conference, and for additional periods if the Court so orders, the parties to the Preference Actions shall be entitled to conduct limited informal discovery ("Informal Discovery") prior to the commencement of Formal Discovery (as defined below) as follows:

    i.    To the extent not required by Paragraphs 2(D)(i) and (ii) above, Parties may provide to each other a written request for information or documentation directly related to the allegations in the Trustee's complaint and matters that may give rise to the Defendant's defenses;

    ii.    The Defendant or the Trustee shall respond to the Informal Discovery request within thirty-five (35) days from receipt of such request;

    iii.    During the Informal Discovery period, no party shall be entitled to take a deposition of the other party without written consent from such party or leave of this Court; and

4

iv. This Court shall hear any disputes as to the scope of any contested Informal Discovery request on an expedited basis, generally via a telephonic conference.

C. <u>Formal Discovery</u>. In addition to the Informal Discovery procedures set forth above, the following formal discovery procedures are hereby approved as follows:

i. Effective as of the date hereof, except as explicitly authorized in this Order, all formal discovery ("Formal Discovery") in all Preference Actions shall be stayed until May 1, 2013.

ii. To facilitate the Preference Action Mediations (as defined below), all proceedings, including dispositive motions, in each Preference Action in which the Defendant has filed any responsive pleading are stayed. In addition, all proceedings, including dispositive motions, in each Preference Action in which the Defendant files a responsive pleading in the future are stayed upon such filing.

iii. The Trustee shall have the right to request from this Court an order that further stays Formal Discovery and/or establishes uniform discovery procedures in the event that it believes such procedures would be beneficial.

4. **Settlement Negotiations.** The Trustee, through its counsel and other agents, shall communicate with and engage in settlement negotiations with the Defendants in an effort to settle the Preference Actions. Not later than twenty-one (21)

5

days prior to the Pretrial Conference the Trustee shall respond to any outstanding settlement offers.

5. **Mediation Procedures.**  S.D. Ind. B-9019-2 shall be applicable except to the extent that it conflicts with this Order.  For those Preference Actions which the Trustee is unable to settle, the Trustee or Defendant may elect mandatory mediation (each a "Preference Action Mediation").  The procedures for all Preference Action Mediations are hereby approved as follows:

   A. <u>Election of Preference Action Mediation</u>.  Preference Action Mediation shall be elected as follows:

   i. After the twenty-eight (28) day period immediately following the Pretrial Conference, any party may elect a Preference Action Mediation by providing the Court and the opposing party or its counsel with a notice of election of mediation, which shall include:

   a. a copy of this Order,
   b. the name and contact information of at least one proposed mediator;
   c. a proposed location; and
   d. three (3) proposed dates for the Preference Action Mediation ("Election Notice").

   ii. A party to a Preference Action which receives an Election Notice shall respond to such notice in writing within fourteen (14) days from the service date of the Election Notice.  The response shall:

6

      a. accept a mediator proposed in the Election Notice or propose an alternative mediator,

      b. accept the proposed location or propose an alternative location; and

      c. accept one of the proposed dates for the Preference Action Mediation or propose a different date.

    B.    <u>Selection of a Preference Action Mediator</u>. Mediators for Preference Action Mediations shall be selected as follows:

      i.    If the parties agree upon a mediator, then they shall submit such mediator for approval by this Court pursuant to S.D. Ind. B-9019-2.

      ii.    If the parties are unable to agree upon a mediator within twenty-eight (28) days after the date of service of the Election Notice or if a party which received an Election Notice fails to respond within (14) days from the date of service of such notice, then the mediator shall be Phillip L. Kunkel ("Kunkel") with Gray, Plant & Moody, LLC.

      iii.    Except as provided for by this Order, any person selected as a mediator for a Preference Action Mediation shall comply with the requirements of S.D Ind. B-9019-2 (b)(3) & (5).

      iv.    Kunkel is hereby approved as mediator in the Preference Action Mediations and may be compensated as requested in the Order Granting Application to Approve Phillip L. Kunkel as Mediator filed herein on January 17, 2012, without need of filing an affidavit, or further notice or hearing.

v. Upon selection of the mediator as provided in Section 5(B)(i) and (ii) of this Order, the Trustee shall then send the Election Notice and any response thereto to the selected mediator.

C. <u>Conduct of Preference Action Mediations</u>. Preference Action Mediations shall be conducted as follows:

i. Except as otherwise provided in this Order, the mediator shall control all procedural aspects of the Preference Action Mediation, including: finalizing dates, times, and locations for conducting sessions of the mediation; requiring the submission of confidential statements; authorizing any pre-mediation discovery, designing and conducting the mediation sessions; designating representatives to appear in person and/or be available by telephone during the mediation session; and establishing a deadline for the parties to act upon a settlement proposal.

ii. Once approved by this Court, the mediator selected to conduct a Preference Action Mediation shall, within a reasonable amount of time after approval, send written notice ("Mediation Notice") to the Trustee and appropriate Defendant which (a) identifies the mediator, (b) schedules the exchange of documents and other evidentiary items including any limited depositions, (c) summarizes the format and procedures of the mediation, (d) confirms the date, time and location of the mediation and (e) details the standard for any written submissions for the mediation.

iii. The Trustee and each Defendant receiving a Mediation Notice shall have fourteen (14) days to respond to the mediator and opposing party with a request to (a) change the date, time or location of the mediation and propose a primary and secondary date, time or location and (b) request any modifications to the discovery schedule.

iv. The parties shall cooperate with the mediator in the scheduling of the Preference Action Mediation and the mediator shall resolve all scheduling matters.

v. Other than as provided for in S.D. Ind. B-9019-2(d), the rules of evidence shall not apply to the Preference Action Mediations.

vi. The Trustee and Defendants shall participate in facilitative mediation, as scheduled and presided over by the appointed mediator, in good faith and with a view toward reaching a consensual resolution. Attendance in person at the Preference Action Mediation is required of counsel for each party and of a representative of each party having sufficient authority to negotiate and settle all disputed issues and amounts, except that (a) parties may mutually consent with the mediator's approval to participate by telephone and (b) in a Preference Action Mediation where the amount in controversy is less than $100,000, the parties' representatives with sufficient settlement authority may participate by telephone.

vii.   Parties shall share equally in the cost of the Preference Action Mediation, including the mediator's fees and allocated expenses of the mediator.

viii.   Willful failure to attend any Preference Action Mediation or any other material violation of this Order, shall be reported to the Court by the mediator and may result in the imposition of sanctions by the Court, including the reimbursement of the non-violating party's fees, costs and expenses, including attorneys' fees, resulting from such violation.

D.   <u>Conclusion of Preference Action Mediations</u>.   Preference Action Mediations shall be concluded as follows:

i.   All Preference Action Mediations shall be concluded by **October 21, 2013.**  This deadline may be extended upon motion and for good cause.

ii.   The mediator shall within seven (7) days from the conclusion of a Preference Action Mediation file a report, signed by all parties to the Preference Action and their counsel, advising the Court whether or not the matter has been settled.

iii.   If a Preference Action Mediation results in a settlement, then the parties shall submit to this Court a stipulation of dismissal of the Preference Action pursuant to the terms of the settlement.

iv.   If any Preference Action Mediation fails to result in a settlement, then counsel for the Trustee shall submit a proposed scheduling order for an omnibus status hearing in the unsettled

10

        Preference Actions ("Omnibus Status Hearing"). At least seven (7) days prior to the Omnibus Status Hearing, the parties shall submit a joint pre-trial report which summarizes the contested factual and legal issues.

6. Nothing in this Order shall be construed to prohibit the Trustee from seeking a default judgment against a Defendant which fails to respond in a timely manner as provided for in the Bankruptcy Code or the applicable procedural rules.

7. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #