UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. ___ |
| v. | ) | |
| | ) | |
| TODD ROSENBAUM, | ) | |
| | ) | |
| Defendant. | ) | |

**ADVERSARY COMPLAINT**

For his complaint against Todd Rosenbaum, James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

**Jurisdiction & Parties**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

DMS_US 39233693v1

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer ("Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Todd Rosenbaum ("Defendant") is an individual with an address of P.O. Box 411, Glade Spring, VA 24340.

### Factual Circumstances

11. In or around September of 2010, Defendant entered into multiple business transactions with ELC, whereby Defendant purchased cattle from ELC and agreed to pay for such cattle.

12. ELC delivered the purchased cattle to Defendant and sent Defendant invoices reflecting amounts owed for the purchases (the "Invoices"). True and accurate copies of the

Invoices are attached hereto as <u>Exhibit A</u>.  The total amount owed for the purchased cattle reflected in the Invoices is $207,216.14.

13. In addition to the amounts reflected in the Invoices, Defendant received an additional 68 head of cattle from ELC for which for which he has not paid and for which he owes $31,571.35.

14. Defendant has not paid ELC or the Trustee the amounts due and owing for the cattle delivered to Defendant.

### Count I – Breach of Contract

15. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. Defendant is in breach of the contract for failing to pay amounts when due.  The amount due and owing is equal to $238,787.49, plus interest.

17. ELC's estate has been damaged as a direct result of Defendant's breach of contract.

18. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

WHEREFORE, the Trustee requests that this Court enter judgment in the Trustee's favor and against Defendant, and award the Trustee appropriate damages in the amount of $238,787.49, plus interest, and all other just and proper relief.

### Count II – Unjust Enrichment and Quantum Meruit

19. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive, as if fully set forth herein.

20. Defendant impliedly or expressly requested ELC to deliver the cattle that ELC delivered to Defendant.

21. Defendant's retention of the cattle without reimbursing ELC or the Trustee would constitute unjust enrichment.

22. The reasonable value of the cattle that ELC delivered to Defendant is equal to $238,787.49.

WHEREFORE, the Trustee requests that this Court enter judgment in the Trustee's favor and against Defendant, and award the Trustee appropriate damages in the amount of $238,787.49, plus interest, and all other just and proper relief.

### Count III -- Conversion

23. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24. Defendant has claimed that he did not request or otherwise agree to purchase the cattle that ELC delivered to him. Defendant, however, has admitted to mixing the cattle that ELC delivered to him with other cattle, and such cattle were subsequently sold to third parties.

25. By retaining cattle that Defendant claims he did not purchase and subsequently selling them and receiving the proceeds therefrom, Defendant knowingly exerted unauthorized control of the property of another, thus committing conversion.

26. ELC's estate has been damaged by Defendant's conversion of the cattle that ELC delivered or caused to be delivered to him.

WHEREFORE, the Trustee requests that this Court enter judgment in the Trustee's favor and against Defendant, and award the Trustee appropriate damages in the amount of $238,787.49, plus interest, and all other just and proper relief.

DMS_US 39233693v1

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP


        By: /s/ Shawna Meyer Eikenberry

Shiv Ghuman O'Neill (#23280-53A)     *Counsel for James A. Knauer, Chapter 11 Trustee*
Shawna Meyer Eikenberry (#21615-53)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@faegrebd.com
shawna.eikenberry@faegrebd.com

DMS_US 39233693v1