UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. ___ |
| v. | ) | |
| | ) | |
| THOMAS R. GLOVER d/b/a GLOVER FARMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ADVERSARY COMPLAINT

For his complaint against Thomas R. Glover d/b/a Glover Farms, James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, states as follows:

### Jurisdiction & Parties

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

DMS_US 39217704v1

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Pursuant to S.D.Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer ("Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Thomas R. Glover d/b/a Glover Farms ("Defendant") is an individual who does business under the name of Glover Farms and/or Thomas R. Glover Farms. Defendant resides in Arkansas and his address is P.O. Box 5664, Pine Bluff, AR 71611. Defendant did business with ELC.

**Factual Circumstances**

11. In October and November of 2010, ELC and Defendant entered into multiple business transactions, whereby Defendant purchased cattle from ELC and agreed to pay for such cattle.

12. ELC delivered the purchased cattle to Defendant and sent Defendant invoices reflecting amounts owed for the purchases (the "Invoices"). True and accurate copies of the Invoices are attached hereto as Exhibit A.

13. Despite receiving these invoices, as well as subsequent demand for payment, Defendant has refused to pay ELC or the Trustee for the full amounts due and owing under the Invoices for such purchases. The total amount still due and owing for the cattle reflected in the Invoices is equal to $228,922.24.

14. In addition, Defendant also received an additional load of cattle from ELC for which he has an obligation to pay ELC. Despite that obligation, Defendant did not pay ELC for this additional load of cattle. The amount owed for this additional load of cattle is equal to $65,630.84.

15. Defendant has not paid ELC or the Trustee for the amounts due and owing for cattle that ELC delivered to Defendant.

**Count I – Breach of Contract**

16. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. Defendant is in breach of its contracts with ELC for failing to pay amounts when due. The amount due and owing ELC is equal to $294,553.08.

18. ELC's estate has been damaged as a direct result of Defendant's breach of contract.

19. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

WHEREFORE, the Trustee requests that this Court enter judgment in the Trustee's favor and against Defendant and award the Trustee appropriate damages in the amount of $294,553.08, plus interest, and all other just and proper relief.

### Count II – Unjust Enrichment and Quantum Meruit

20. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive, as if fully set forth herein.

21. Defendant impliedly or expressly requested ELC to deliver the cattle that ELC delivered to Defendant.

22. Defendant's retention of the cattle without reimbursing ELC or the Trustee would constitute unjust enrichment.

23. The reasonable value of the cattle that ELC delivered to Defendant is equal to $294,553.08.

WHEREFORE, the Trustee requests that this Court enter judgment in the Trustee's favor and against Defendant, and award the Trustee appropriate damages in the amount of $294,553.08, plus interest, and all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Shawna Meyer Eikenberry

Shiv Ghuman O'Neill (#23280-53A)  *Counsel for James A. Knauer, Chapter 11 Trustee*
Shawna Meyer Eikenberry (#21615-53)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@faegrebd.com
shawna.eikenberry@faegrebd.com