Exhibit A

Case 10-93904-BHL-11   Doc 1757-1   Filed 02/05/13   EOD 02/05/13 14:30:41   Pg 1 of 11

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of January 29, 2013 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC (the "Debtor") and Vermilion Ranch Corporation d/b/a Northern Livestock Video Auction ("NLVA").  The Trustee and NLVA shall collectively be referred to herein as the "Parties."

## Recitals

A.  Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] (as it may be subsequently amended or modified, the "Plan").  The Court entered an Order on December 17, 2012 [Dock. No. 1644] (the "Confirmation Order") confirming the Plan.  Pursuant to the Plan and the Confirmation Order, general unsecured creditors of Debtor's estate may choose to "opt in" and receive a distribution from the "Fifth Third Claim Settlement Fund" (as that term is defined in the Plan). Choosing to "opt-in" affects such creditor's rights to and amount of distributions under the Plan, waives certain of the creditor's claims against non-Debtor entities and has other and further effects that are more particularly described in the Plan and the Confirmation Order.

D.  Prior to the filing of the Chapter 11 Case, Debtor contracted to purchase cattle from or through NLVA.  Debtor made partial payments to NLVA (the "Down Money") to be applied towards the purchase price of certain cattle at time of delivery.  As of December 6, 2010, some of the cattle had already been delivered, some of Debtor's checks payable to NLVA were returned to NLVA unpaid, some of the cattle had been delivered to Debtor's customers, and some of the cattle had been delivered to others.  **Exhibit A**, attached hereto and incorporated herein, more specifically identifies these cattle transactions as the Schedule 1 Cattle, the Schedule 2 Cattle, the Schedule 3 Cattle and the Schedule 4 Cattle.

E.  Proceeds of certain of the Schedule 1 Cattle (the "Interpled Funds") were interpled with the Court and are involved in Adversary Proceeding No. 11-59093 (the "Adversary").  Proceeds of certain of the Schedule 3 Cattle (the "Lot 975 Proceeds") were collected by the Trustee after the filing of the Chapter 11 Case.

F.  On May 2, 2011, NLVA filed a proof of claim (the "NLVA POC") in the Chapter

1

11 Case. The NLVA POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 456. The NLVA POC asserts a total claim against Debtor in the amount of $1,252,040.49, comprised of an alleged secured claim in the amount of $594,467.27 and an alleged unsecured claim in the amount of $657,573.22.

G. The Trustee contends that claims now exist on behalf of the estate to recover from NLVA certain transfers of cattle proceeds. NLVA disputes the Trustee's allegations and insists that it is entitled to retain all Down Money, the Interpled Funds, the Lot 975 Proceeds, and the other proceeds of the cattle identified in **Exhibit A**.

H. The Parties now desire to resolve and settle all issues, disputes, claims and causes of actions between the Trustee and NLVA without the delays and expense of formal litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. Settlement. As of the Effective Date, NLVA releases, disclaims and waives any and all rights, claims, or interests in or to the Schedule 1 Cattle, the Schedule 2 Cattle, the Lot 975 Proceeds and any and all proceeds of the Schedule 1 Cattle and Schedule 2 Cattle. The Trustee, on behalf of Debtor's estate and as of the Effective Date, releases, disclaims and waives any and all rights, claims or interests in or to the Down Money for the Schedule 1, Schedule 2 and Lot 975 cattle, the Schedule 3 Cattle, the Schedule 4 Cattle, and any and all proceeds of the Schedule 3 Cattle and Schedule 4 Cattle (excepting only the Lot 975 Proceeds in excess of the Down Money relating thereto).

3. NLVA POC. Within five (5) business days of the Effective Date, NLVA shall amend the NLVA POC to assert an unsecured claim in the total amount of $564,965.60 (the "NLVA Allowed Claim"). The NLVA Allowed Claim represents the amount owed NLVA on account of NLVA's delivery to Debtor (or Debtor's designee) of the Schedule 1 Cattle, the Schedule 2 Cattle and the cattle that gave rise to the Lot 975 Proceeds reduced for the setoff of the Down Money held by NLVA. NLVA shall be authorized to setoff the Down Money without

2

further application to or approval from the Court.  The Trustee agrees not to contest the amount or validity of the NLVA Allowed Claim.

4.  <u>Opt-In</u>.  NLVA agrees that it shall execute and return an "Opt-In Agreement" (as defined in the Plan) on or before the applicable deadline set in the Plan and Confirmation Order on account of the NLVA Allowed Claim.  NLVA's decision to "Opt-In" is conditioned upon the occurrence of the Effective Date; the Trustee agrees to hold the executed NLVA Opt-In Agreement in trust pending the occurrence of the Effective Date.  The NLVA Opt-In Agreement is hereby deemed to be amended to equal the NLVA Allowed Claim amount upon the Effective Date without further action by NLVA.  The NLVA Allowed Claim shall be treated in the same manner accorded to the Allowed Claims of other Opt-in unsecured creditors pursuant to the terms of the Plan and the terms of the Opt-In Agreement.

5.  <u>Interpled Funds</u>.  Within five (5) business days of the Effective Date, NLVA shall file in the Adversary a disclaimer of interest and motion to dismiss with respect to the Interpled Funds in form and substance the same as **Exhibit B** attached hereto.  NLVA and the Trustee shall file such further pleadings as necessary to dismiss NLVA from the Adversary with prejudice.

6.  <u>Mutual Release</u>.  Conditioned upon the occurrence of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract or Title 11 of the Bankruptcy Code), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the cattle listed on attached **Exhibit A**, any proceeds thereof and/or the Down Money (the "<u>Released Claims</u>").  Nothing contained herein shall preclude NLVA from setting off and retaining the Down Money and collecting and/or retaining proceeds of the Schedule 3 Cattle and the Schedule 4 Cattle nor shall this release affect NLVA's Allowed Claim.

7.  <u>Cooperation; Modification of Automatic Stay</u>.  The Parties agree and covenant that they will cooperate and take all reasonable actions to assist one another in collecting the proceeds of the Schedule 1 Cattle, Schedule 2 Cattle, Schedule 3 Cattle and Schedule 4 Cattle to the extent such proceeds have not already been collected.  The Settlement Motion shall ask that the Court modify the automatic stay of 11 U.S.C. § 362 to the extent necessary to allow NLVA to collect proceeds of Schedule 3 Cattle and Schedule 4 Cattle and affect a setoff of the Down Money.  The Parties further agree and covenant to execute further documents that may be necessary to implement this Settlement Agreement and to authenticate those business records reasonably necessary to collect the unpaid proceeds for the cattle identified in **Exhibit A**.

8. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

9. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

10. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

11. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

12. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

13. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

15. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

16. <u>Amendment</u>. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

17. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

18. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Vermilion Ranch Corporation d/b/a Northern Livestock Video Auction

By: *Joseph L. Goggins*

Printed Name: Joseph L. Goggins

Title: Vice President

Date: 1-29-13

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock, LLC

*James Knauer*   1/29/13
Date

5

# EXHIBIT A

**Schedule 1**

| NLVA Lot # | Down Money | Value of Delivered Cattle |
|---|---|---|
| 903 | $3,320.00 | $48,337.95 |
| 1183 | $3,400.00 | $52,588.82 |
| 529 or 592 | $7,440.00 | $109,540.14 |
| 892 | $3,600.00 | $173,929.24 |
| 945 | $3,600.00 | $57,361.20 |
| 938 | $3,200.00 | Included with check for Lot 892 |
| 1220 | $3,600.00 | Included with check for Lot 892 |
| 525 | $3,600.00 | $52,140.45 |
| 1046 | $2,600.00 | $46,856.05 |
| Total | $34,360.00 | $540,753.85 |

**Schedule 2**

| NLVA Lot # | Down Money | Value of Delivered Cattle |
|---|---|---|
| 960 | $3,920.00 | $53,713.42 |

**Schedule 3**

| NLVA Lot # | Down Money | Value of Delivered Cattle |
|---|---|---|
| 1182 | $3,200.00 | $50,010.01 |
| 1723 | $3,400.00 | $69,500.25 |
| 1191 | $3,920.00 | $56,937.15 |
| 1724 | $3,400.00 | $39,638.65 |
| 1725 | $3,200.00 | $99,149.71 |
| 1441 | $6,720.00 | $111,589.04 |
| 975 | $4,400.00 | $63,099.36 |
| Total | $28,240.00 | $489,924.17 |

**Schedule 4**

| NLVA Lot # | Down Money | Value of Delivered Cattle |
|---|---|---|
| 1683 | $5,000.00 | $69,500.25 |
| 1463 | $3,560.00 | $56,937.15 |
| 567 | $3,360.00 | $49,957.69 |
| 1521 | $10,000.00 | $192,092.63 |
| Total | $21,920.00 | $368,487.72 |

6

# **EXHIBIT B**
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FRIONA INDUSTRIES, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ADV. PROC. NO.11-59093 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC. | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC. | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **DISCLAIMER OF INTEREST AND MOTION TO DISMISS**

Vermilion Ranch Corporation d/b/a Northern Livestock Video Auction

("NLVA"), by counsel, hereby amends its answer to the Amended Complaint of Friona

Industries, L.P. (Document No. 34) and answers any other pleadings herein that assert a claim

7

against NLVA as follows:

1. NLVA neither asserts nor claims any interest or right in the issues described in this litigation.

2. NLVA is a general unsecured creditor in this case, and only looks to the receipt of its distributive share therefrom for any recovery in this case.

WHEREFORE, NLVA respectfully requests that NLVA be dismissed as a party and that this Court approve NLVA's disclaimer of interest as to the issues involved in this litigation, and for all other relief just and proper.

Respectfully submitted,

By: /s/_____

## CERTIFICATE OF SERVICE

I hereby certify that on January ___, 2013, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| Michael J. Walro | mwalro@madi.twcbc.com |
| Bret S. Clement | bclement@acs-law.com |
| John R. Carr III | jrciii@acs-law.com |
| James Knauer | jak@kgrlaw.com |
| Terry Hall | terry.hall@bakerd.com |
| Deborah Caruso | dcaruso@daleeke.com |
| Kim Lewis | kim.lewis@dinslaw.com |
| John Massouh | john.massouh@sprouselaw.com |

8

| | |
|---|---|
| Meredith Thomas | mthomas@daleeke.com |
| Charles R. Wharton | ustpregion10.in.ecf@usdoj.gov |
| Mark Robinson | mrobinson@vhrlaw.com |
| Jon Huffaker | john.huffake@sprouselaw.com |
| John Hunt Lovell | john@lovell-law.net |
| Jesse Cook-Dubin | jcookdubin@vorys.com |
| Randall LaTour | rdlatour@vorys.com |
| Edward M. King | tking@fbtlaw.com |
| Robert Stanley | robert.stanley@bakerd.com |
| Daniel Donnellon | ddonnellon@ficlaw.com |
| Stephen Wiegand | sweigand@ficlaw.com |
| Dustin DeNeal | dustin.deneal@bakerd.com |
| Sandra Freeburger | sfreeburger@dsf-atty.com |
| David M. Jones | bankruptcy.docs@sprouselaw.com |
| David L. Abt | davidabt@mwt.net |
| John W. Ames | wa@gdm.com |
| Christopher E. Baker | cbaker@hklawfirm.com |
| T. Kent Barber | kbarber@dlgfirm.com |
| C.R. Bowles | crb@gdm.com |
| Lisa Koch Bryant | courmail@fbhlaw.net |
| James M. Carr | james.carr@bakerd.com |
| Kirk Crutcher | kcrutcher@mcs-law.com |
| Laura Day DelCotto | ldelcotto@dlgfirm.com |
| David Alan Domina | dad@dominalaw.com |
| Sarah Stites Fanzini | sfanzini@hopperblackwell.com |
| Robert H. Foree | robertforee@bellsouth.net |
| John David Hoover | jdhoover@hooverhull.com |
| James Bryant Johnston | bjtexas59@hotmail.com |
| Todd J. Johnston | tjohnston@mcjllp.com |
| Theodore A. Konstantinopoulos | ndohbky@jbandr.com |
| David A. Laird | david.laird@moyewhite.com |
| David L. LeBas | dlebas@namanhowell.com |
| Elliott D. Levin | robin@rubin-levin.net |
| Karen L. Lobring | lobring@msn.com |
| Michael W. McClain | mike@kentuckytrail.com |
| Kelly Greene McConnell | lisahughes@givenspursley.com |
| James Edwin McGhee, III | mcghee@derbycitylaw.com |
| William Robert Meyer | rmeyer@stites.com |
| Allen Morris | amorris@stites.com |
| Judy Hamilton Morse | judy.morse@crowedunlevy.com |
| Walter Scott Newbern | wsnewbern@msn.com |
| Matthew J. Ochs | matt.ochs@moyewhite.com |
| Cathy S. Pike | cpike@weberandrose.com |
| Ross A. Plourde | ross.plourde@mcafeetaft.com |
| Wendy W. Ponader | wendy.ponader@bakerd.com |
| Timothy T. Pridmore | tpridmore@mcjllp.com |

9

| | |
|---|---|
| Jeffrey E. Ramsey | jramsey@hopperblackwell.com |
| Susan K. Roberts | skr@stuartlaw.com |
| Jeremy S. Rogers | Jeremy.Rogers@dinslaw.com |
| John M. Rogers | johnr@rubin-levin.net |
| Ashley S. Rusher | asr@blancolaw.com |
| Thomas C. Scherer | tscherer@binghammchale.com |
| Ivana B. Shallcross | ibs@gdm.com |
| William E. Smith, III | wsmith@k-glaw.com |
| Robert K. Stanley | robert.stanley@bakerd.com |
| John M. Thompson | john.thompson@crowedunlevy.com |
| Andrea L. Wasson | andreawassonatty@gmail.com |
| Sean T. White | swhite@hooverhull.com |
| Jessica E. Yates | jyates@swlaw.com |

/s/ _____