UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERN LIVESTOCK CO., LLC, | Case No. 10-93904-BHL-11 |
| Debtor. | |

### LIMITED OBJECTION OF INTRUST BANK TO MOTION FOR ORDER ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS

Intrust Bank ("Intrust"), defendant in *Knauer v. Intrust Bank*, Adv. No. 12-59149 (the "Intrust Adversary"), submits the following limited objection to the Motion for Order Establishing Procedures for Certain Adversary Proceedings (the "Motion"), filed by James A. Knauer as Chapter 11 Trustee (the "Trustee") for Eastern Livestock Co. LLC (the "Debtor"). *See* Dkt. 1741. In support, Intrust states as follows:

While Intrust generally supports the settlement and mediation protocol outlined in the Motion, there are two provisions in the proposed order to which Intrust objects, and/or which require additional clarification.

1. **The Ground Rules for the Informal Discovery Response Obligation Require Clarification.** Section 3(B)(ii) of the Proposed Order states that the recipient of an Informal Discovery request "shall respond" to such request within thirty-five days. Intrust submits that the Informal Discovery provisions in the Order should be revised to clarify that (i) the scope of Informal Discovery is limited to the scope set forth in Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026; and (ii) the answering party is entitled to assert objections to Informal Discovery requests, to the extent appropriate.

2. **The Stay of Dispositive Motions Requires Clarification.** Section 3(C)(ii) states that "dispositive motions" are stayed. To the extent this language would prohibit Intrust from

filing a Motion to Dismiss, Intrust objects.[1]  To the extent that it merely stays such a motion upon filing (i.e., staying additional briefing/argument) pending the mediation, Intrust does not object.  In addition, the duration of the dispositive motion stay needs to be defined.  Intrust suggests that the dispositive motion stay terminate on the date the mediator submits his or her report at the conclusion of the subject mediation, as described in Section 5(D)(ii).

## CONCLUSION

**WHEREFORE**, Intrust respectfully requests that the Court clarify the issues set forth above in the proposed order, and grant such further relief as the Court may deem equitable and just.

February 19, 2013                               Respectfully submitted,


/s/ Brian H. Meldrum
Brian H. Meldrum
Allen L. Morris
W. Robert Meyer
Brian R. Pollock
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
bmeldrum@stites.com
amorris@stites.com
rmeyer@stites.com
bpollock@stites.com

COUNSEL FOR INTRUST BANK

---

[1] Intrust has already filed a Motion to Dismiss, on February 14, 2012.

## CERTIFICATE OF SERVICE

      The undersigned certifies that he caused a copy of the foregoing objection to be filed via the Court's ECF system, which shall simultaneously cause electronic service to be made on all parties requesting such service in this proceeding including the Trustee and U.S. Trustee and served by U.S. Mail, postage prepaid the parties below:

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150

- 

                                                */s/ Brian H. Meldrum*
                                                COUNSEL FOR INTRUST BANK

917577:2:LOUISVILLE