UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERN LIVESTOCK CO., LLC, | Case No. 10-93904-BHL-11 |
| Debtor. | |

**OBJECTION OF MONTY KOLLER TO MOTION FOR ORDER ESTABLISHING
PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS**

Monty Koller ("Mr. Koller"), defendant in *Knauer v. Koller*, Adv. No. 12-59150 (the "Koller/Knauer Adversary"), objects to the Motion for Order Establishing Procedures for Certain Adversary Proceedings (the "Motion"), filed by James A. Knauer as Chapter 11 Trustee (the "ELC Trustee") for Eastern Livestock Co. LLC (the "Debtor"). *See* Dkt. 1741. In support, Mr. Koller states as follows:

Mr. Koller has been sued by two different bankruptcy trustees to avoid and recover the same alleged transfers. On November 30, 2012, Kathryn Pry, as Chapter 7 Trustee in *In re Gibson*, No. 10-93867 (the "Gibson Trustee") filed *Pry v. Koller*, Adv. No. 12-59104 (the "Koller/Pry Adversary"). In the Koller/Pry Adversary, the Gibson Trustee seeks to avoid and recover the sum of $546,000.00 from Mr. Koller as the initial transferee of alleged constructive and/or actually fraudulent conveyances made in 2010. Mr. Koller answered the Gibson Trustee's complaint and filed a motion to withdraw the reference on January 2, 2013.

On December 22, 2012, the ELC Trustee filed the Koller/Knauer Adversary. In the Koller/Knauer Adversary, among other things, the ELC Trustee seeks to avoid and recover the *same* $546,000.00 in allegedly fraudulent transfers from Mr. Koller.[1] Whereas the Gibson Trustee is pursuing Mr. Koller as an initial transferee of the transfers, the ELC Trustee is

---

[1] The ELC Trustee also seeks to recover $300,000 in transfers made in 2009. The Gibson Trustee elected not to sue to recover these alleged transfers.

pursuing Mr. Koller solely as a subsequent transferee.[2]  Mr. Koller filed a motion to dismiss, along with a motion to withdraw the reference, on February 14, 2013.

Because Mr. Koller is defending claims to the same transfers being asserted by two different trustees in two different cases, a purely bilateral mediation approach is highly likely to be a waste of time and resources.  It is simply not possible for Mr. Koller to settle with only one of the two trustees, only to face continued claims from the other trustee relating to the same alleged underlying conduct.   Accordingly, while Mr. Koller is in favor of a sensible, comprehensive mediation with both Trustees, he asserts the following objections:

1.      **The Court Should Require Both Trustees to Participate in Mr. Koller's Mediation.**  As noted above, common sense and efficiency counsel in favor of a consolidated mediation of the claims by the ELC Trustee and the Gibson Trustee against Mr. Koller.  A bilateral mediation will be a waste of time and resources, and to the extent the claims cannot be jointly mediated, the instant Motion should be denied as to Mr. Koller.

2.      **The Ground Rules for the Informal Discovery Response Obligation Require Clarification.**  Section 3(B)(ii) of the Proposed Order states that the recipient of an Informal Discovery request "shall respond" to such request within thirty-five days.  Mr. Koller submits that the Informal Discovery provisions in the Order should be revised to clarify that (i) the scope of Informal Discovery is limited to the scope set forth in Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026; and (ii) the answering party is entitled to assert objections to Informal Discovery requests, to the extent appropriate.

3.      **The Stay of Dispositive Motions Requires Clarification.**  Section 3(C)(ii) states that "dispositive motions" are stayed.  To the extent this language would prohibit Mr. Koller's

---

[2] The ELC Trustee has filed a proof of claim in *In re Thomas & Patsy Gibson*, Case No. 10-93867 (the "Gibson Bankruptcy"), alleging that ELC transferred to Gibson in excess of $1 billion in fraudulent transfers.  *See* Gibson Bankruptcy, Claim 48-1.

already filed Motion to Dismiss, Mr. Koller objects.  To the extent that it merely stays such a motion upon filing (i.e., staying additional briefing/argument) pending the mediation, Mr. Koller does not object.  In addition, the duration of the dispositive motion stay needs to be defined.  Mr. Koller suggests that the dispositive motion stay terminate on the date the mediator submits his or her report at the conclusion of the subject mediation, as described in Section 5(D)(ii).

4.      **Mr. Koller Objects to Bearing the Costs of the Mediation.**  Mr. Koller is an individual with limited resources, not a large corporation, and being forced to pay for the cost of the mediator will constitute an undue hardship on Mr. Koller.  Mr. Koller has already been forced to hire counsel to defend two separate lawsuits over the same alleged transfers, and to the extent the instant Motion is granted, will have to pay for his own expenses to attend a mediation session.  Moreover, requiring Mr. Koller to pay for the mediation—a process initiated by the ELC trustee—will diminish the already limited funds Mr. Koller has available for any settlement.

**WHEREFORE**, Mr. Koller respectfully requests that the Court modify the proposed order as to him to address the four objections above, or, to the extent the Court is unable to do so, deny the instant Motion and grant Mr. Koller such additional relief as the Court deems equitable and just.

February 19, 2013                          Respectfully submitted,


                                           /s/ Brian H. Meldrum
                                           Brian H. Meldrum
                                           W. Robert Meyer
                                           Brian R. Pollock
                                           STITES & HARBISON, PLLC
                                           400 West Market Street
                                           Suite 1800
                                           Louisville, KY  40202-3352
                                           Telephone: (502) 587-3400
                                           bmeldrum@stites.com
                                           rmeyer@stites.com
                                           bpollock@stites.com

                                           COUNSEL FOR MONTY KOLLER

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing objection to be filed via the Court's ECF system, which shall simultaneously cause electronic service to be made on all parties requesting such service in this proceeding including the Trustee and U.S. Trustee and served by U.S. Mail, postage prepaid the parties below:

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN 47150


                                           /s/ Brian H. Meldrum
                                           COUNSEL FOR MONTY KOLLER


918416:2:LOUISVILLE