UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Hon. Basil H. Lorch, III |
| | ) | |
| Debtor. | ) | |
| | ) | |

**JOINDER IN THE OBJECTION AND LIMITED OBJECTION TO THE TRUSTEE'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR CERTAIN ADVERSARY PROCEEDINGS**

COME NOW Tennessee Valley Livestock; Robert Rawls d/b/a Robert Rawls Livestock, Macon Stockyard, Inc.; Billingsley Auction Sale, Inc.; Carroll County Livestock Sale Barn, Inc.; Ashville Stockyard, Inc.; Alabama Livestock Auction, Inc.; Peoples Livestock Auction, Inc.; Clark Christensen; and Matt Eller, (collectively "Livestock Creditors") by and through undersigned counsel, and submits this joinder ("Joinder") in the Limited Objections and Joinders of Intrust Bank ("Intrust") [Doc. 1769], Cornelison Farms, LLC [Doc. 1771] and Francis J. Madison, Jeffrey Madison, and Madison Cattle, Randy Hoover & Sons, Gary Bell, and Northwest Alabama Livestock Auction [Doc. 1772] (collectively "Objectors") to the Trustee's Motion for Order Establishing Procedures for Certain Adversary Proceedings ("Trustee's Motion") [Doc. 1741].

1. Livestock Creditors adopt all of the arguments advanced by the Objectors in their Limited Objections and Joinders as if fully set forth herein.

2. Livestock Creditors further object to the stay of discovery to the extent it would perpetuate the various preference actions brought by the Trustee without submission in the Complaints of the sufficient detail and disclosure of "evidence" to satisfy the barest of minimum

1

pleading requirements Rule 12(b)(6), Fed. R. Civ. P.[1] The Trustee's complaints constitute "mere conclusory statements" and to stay as requested would prolong the litigation without disclosure of the substance of the Trustee's claims and potentially disadvantage Livestock Creditors, and others similarly situated, at mediation. *Id.* Further, the potential cost in time and resources of being asked to respond to discovery requests from numerous defendants is an issue that should have been considered prior to expending Estate funds in filing preference actions with so little substance. The relief requested prejudices Livestock Creditors and others similarly situated.

3.    Livestock Creditors also object to potentially being forced perhaps prematurely to mediate at their own expense at a mediator's location and to the splitting of mediation costs.

WHEREFORE, the Livestock Creditors request entry of an order: (i) denying the requested stay of discovery or in the alternative an order clarifying the rules for the informal discovery process and limited stay, (ii) denying Trustee's proposed order to split mediation costs, and (iii) providing such other relief as the Court deems proper.

Respectfully submitted this 20th day of February 2013,

W. SCOTT NEWBERN, PL

/s/ Walter Scott Newbern
W. Scott Newbern
2982 East Giverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.8940871
wsnewbern@msn.com

---

[1]    "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(*citing Twombly*, 550 U.S. at 555).

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN