UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 ) | |
| TRUSTEE OF EASTERN LIVESTOCK CO., ) | |
| LLC ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. |
| ) | |
| v. ) | |
| ) | |
| BRIAN MCALLISTER, ) | |
| CNH CAPITAL AMERICA LLC, ) | |
| ANTHONY L. GREGORY, ) | |
| PERSONAL FINANCE COMPANY, AND ) | |
| LOREN L. KONKLE, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his Complaint ("Complaint") against Brian McAllister ("McAllister") states as follows:

**Jurisdiction and Parties**

1.  The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. McAllister is an individual, residing in Switzerland County, Indiana.

11. McAllister is a "person" as defined in 11 U.S.C. § 101(41).

12. Defendant CNH Capital America LLC is a Delaware limited liability company authorized to do business in the State of Indiana.

13. CNH Capital America LLA is a "person" as defined in 11 U.S.C. § 101(41).

14. Defendant Anthony L. Gregory is an individual, residing in Switzerland County, Indiana.

15. Anthony L. Gregory is a "person" as defined in 11 U.S.C. § 101(41).

16. Defendant Personal Finance Company is an Indiana limited liability company with a place of business in Switzerland County, Indiana.

17. Personal Finance Company is a "person" as defined in 11 U.S.C. § 101(41).

18. Defendant Loren L. Konkle is an individual, residing in Switzerland County, Indiana.

19. Loren L. Konkle is a "person" as defined in 11 U.S.C. § 101(41).

## General Allegations

### Loan Documents

20. On or about August 28, 2007, McAllister executed and delivered to ELC a Promissory Note ("Note") in the original principal sum of Twenty-Two Thousand Two Hundred Eight and 24/100 Dollars ($22,248.24).

21. The loan to McAllister was further evidenced and secured by certain loan documents and instruments including, but not limited to, a Security Agreement dated August 28, 2007.

22. A true and accurate copy of the Note is attached hereto as **Exhibit A**; a true and accurate copy of the Security Agreement is attached hereto as **Exhibit B**; and each such exhibit is incorporated herein by reference.

**Demand:**

23.     The Trustee is entitled to enforce the payment of the Note on behalf of the bankruptcy estate of ELC.

24.     The Note is payable "On Demand" and the Trustee hereby demands payment of the Note with interest.

25.     Pursuant to the demand, the Note has matured and the entire Note Balance (as defined below) is immediately due and payable.

26.     As of March 25, 2013, the amount due and owing to ELC under the Note is as follows:

| | |
|---|---:|
| Current Principal | $22,248.24 |
| Contract Interest through March 25, 2013 | $16,580.97 |
| **TOTAL DUE** | **$38,829.21** |

plus all interest accruing after March 25, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "Note Balance").

## COUNT I – COMPLAINT ON NOTE

27.     The Plaintiff incorporates the preceding paragraphs by reference.

28.     McAllister is in default of payment of the Note for failure to pay upon demand as described above.

29.     The Plaintiff demands immediate payment in full.

30.     McAllister has failed or neglected to pay the indebtedness as evidenced by the Note.

31.     As a result of McAllister's default, ELC has suffered damages.

4

## **COUNT II – REPLEVIN**

32. The Plaintiff incorporates the preceding paragraphs by reference.

33. Pursuant to the Security Agreement, ELC has a security interest in all Collateral ("Collateral") listed in the Security Agreement, including, but not limited to cattle and any interest in cattle, farm products, inventory, and crops.

34. Paragraph 7(b) of the Security Agreement provides as follows:

> **Rights and Remedies**. If any Event of Default will occur, then, in each and every such case, Secured Party [ELC] may . . . (1) take possession or control of, store, lease, operate, manage, sell or instruct any Agent or Broker to sell or otherwise dispose of, all or any part of the Collateral.

35. McAllister has defaulted under the Note for failure to pay the indebtedness as evidenced by the Note.

36. By reason of the defaults of McAllister, Plaintiff is entitled to immediate possession of the Collateral and is entitled to all the rights and remedies provided in the Security Agreement and/or conferred upon the Plaintiff by applicable law.

37. To the Plaintiff's knowledge, McAllister is in possession of the subject Collateral.

38. McAllister has a valid and subsisting security interest in the Collateral.

39. McAllister is unlawfully detaining the Collateral, and the Plaintiff is entitled to sell the Collateral and apply the net proceeds to the indebtedness due under the Note.

40. Plaintiff is entitled to damages by reason of McAllister's wrongful detention of the subject Collateral.

41. McAllister shall remain liable for any deficiency in fully satisfying its obligations after possession of the Collateral is given to Plaintiff.

42. Defendant Anthony L. Gregory is named as a Defendant herein so as to answer and assert any interest he may have in the Collateral.

43. CNH Capital America LLC is named as a Defendant herein so as to answer and assert any interest it may have in the Collateral.

44. Personal Finance Company is named as a Defendant herein so as to answer and assert any interest it may have in the Collateral.

45. Loren L. Konkle is named as a Defendant herein so as to answer and assert any interest he/she may have in the Collateral.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

## ON COUNT I

A.  Enter judgment against McAllister in the amount of the Note Balance of $38,829.21 as of March 25, 2013, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the Note;

B.  Fees and costs incurred by the Plaintiff in this suit; and

C.  Such other and further relief as is necessary and proper.

## ON COUNT II

D.  Enter judgment against McAllister;

E.  Award Plaintiff immediate possession of the Collateral, or the value thereof, as against McAllister and any other party;

F. Award Plaintiff damages for McAllister's wrongful detention of the Collateral;

G. Declare that the Plaintiff's secured interest in the Collateral to be a valid interest that is superior to any interests in the Collateral claimed by defendants or any other party; or, in the alternative, to determine the respective priority of each interest claimed by defendants or any other party;

H. Fees and costs incurred by the Plaintiff in this suit; and

I. Such other and further relief as is necessary and proper.

Respectfully Submitted,

KROGER, GARDIS & REGAS, LLP

/s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Attorney for James A. Knauer Chapter 11
Trustee of Eastern Livestock Co., LLC
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
jpk@kgrlaw.com
ads@kgrlaw.com
(317) 692-9000 Telephone
(317) 264-6832 Fax