SO ORDERED: April 3, 2013.



_____
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO. 10-93904-BHL |
| | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

### ORDER ESTABLISHING PROCEDURES
### FOR CERTAIN ADVERSARY PROCEEDINGS

This matter came on for hearing, pursuant to notice, on the Motion for Order Establishing Procedures for Certain Adversary Proceedings[1] ("<u>Motion</u>") of James A. Knauer, Chapter 11 Trustee for Eastern Livestock Co., LLC ("<u>Trustee</u>"); and objections thereto filed by (1) Intrust Bank,[2] (2) Monty Koller,[3] (3) Cornelison Farms, LLC,[4] (4)

---

[1] Jan. 22, 2013, ECF No. 1741.
[2] Limited Objection of Intrust Bank to Mot. for Order Establishing Procedures for Certain Adversary Proceedings, Feb. 19, 2013, ECF No. 1769.
[3] Objection of Monty Koller to Mot. for Order Establishing Procedures for Certain Adversary Proceedings, Feb. 19, 2013, ECF No. 1770.
[4] Joinder in Objection of Intrust Bank, N.A. to Mot. for Order Establishing Procedures for Certain Adversary Proceedings, Feb. 19, 2013, ECF No. 1771.

1

Francis J. Madison, Jeffrey Madison, Madison Cattle, Randy Hoover & Sons, Gary Bell, and Northwest Alabama Livestock Auction,[5] (5) Tennessee Valley Livestock, Robert Rawls d/b/a Robert Rawls Livestock, Macon Stockyard, Inc., Billingsley Auction Sale, Inc., Peoples Livestock Auction, Inc., Clark Christenson, and Matt Eller,[6]

And the Court, being duly advised in the premises, now finds that the Motion, as amended by the terms of this Order, is hereby granted. It is therefore,

ORDERED, ADJUDGED AND DECREED as follows:

1. All capitalized terms used herein not otherwise defined shall have the meanings set forth in the Motion.

2. Exhibit "A" attached to the Motion is hereby amended to exclude *Knauer v. Koller*, Adv. Proc. No. 12-59150 (Bankr. S.D. Ind. Dec. 22, 2012).

3. **Pretrial Procedures.** The procedures outlined in the Motion for the Preference Actions as defined and identified in the Motion[7] are hereby approved as follows:

   A. The Court shall hold a series of telephonic omnibus pretrial conferences for all Preference Actions on May 9, 2013 with approximately ten (10) Preference Actions to be heard in one-half hour blocks of time ("Pretrial Conference").

   B. Not later than ten (10) days prior to the Pretrial Conference, the Trustee shall file and serve a notice to the defendant in each of the Preference Actions (each, a "Defendant"). The Notice shall include a toll free call-in number and a proposed agenda for the Pretrial Conference.

---

[5] Joinder in the Objection and Limited Objection to the Trustee's Mot. for Order Establishing Procedures for Certain Adversary Proceedings, Feb. 19, 2013, ECF No. 1772.
[6] Joinder in the Objection and Limited Objection to the Trustee's Mot. for Order Establishing Procedures for Certain Adversary Proceedings, Feb. 20, 2013, ECF No. 1773.
[7] The procedures set forth in the Motion and this Order shall not apply in any adversary proceeding where at least one defendant is asserted to be an "insider" of the Debtor.

2

C. The parties to Preference Actions are not required to provide a pretrial statement prior to the Pretrial Conference.

D. Within forty (40) days following the entry of this Order:

i. The Trustee shall provide each Defendant with:

a. the dates and amounts of each transfer that the Trustee claims is preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547, 548, and 550; and

b. information related to invoices which the Trustee believes relate to such transfers to the extent possible based on the Debtor's records, and, upon written request.

ii. Each Defendant shall provide the Trustee with:

a. a written statement with the amount of the transfers, if any, which the Defendant believes to be preferential, avoidable, and recoverable pursuant to 11 U.S.C. §§ 547, 548, and 550; and

b. a summary of each defense which the Defendant believes to be applicable.

E. Prior to the Pretrial Conference, the Trustee shall be entitled to seek the entry of a default judgment against any Defendant who has been properly served, but fails to file an answer or a responsive pleading (each, a "<u>Defaulting Defendant</u>"), as follows:

i. the Trustee shall serve each applicable Defaulting Defendant with a notice substantially in the form of **Exhibit "C"** to the Motion ("<u>Default Notice</u>");

    ii. the Court shall enter a default judgment without further notice or hearing if any Defaulting Defendant fails to respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice; and

    iii. for those Defaulting Defendants which respond to a Default Notice within twenty-eight (28) days from the date of service of the Default Notice, the Court shall conduct a hearing for the purpose of allowing such Defaulting Defendants to show cause why a default judgment should not be entered; provided, however, that the Trustee may elect to withdraw its request for default judgment as against any Defaulting Defendant and elect to settle or mediate the Preference Action as provided below.

4. **<u>Discovery Procedures.</u>**

    A. Formal Discovery (as defined below) is stayed until May 1, 2013 in order to allow for the prompt mediation of the Preference Actions.

    B. **Informal Discovery**. During the period from the entry of this Order through the date of the Pretrial Conference, and for additional periods if the Court so orders, the parties to the Preference Actions shall be entitled to conduct limited informal discovery ("<u>Informal Discovery</u>") prior to the commencement of Formal Discovery (as defined below) as follows:

    i. To the extent not required by Paragraphs 3(D)(i) and (ii) above, Parties may provide to each other a written request for information or documentation directly related to the allegations in the Trustee's

4

complaint and matters that may give rise to the Defendant's defenses.

ii. The Defendant or the Trustee shall respond to the Informal Discovery request within thirty-five (35) days from the receipt of such request.

iii. The responding party is entitled to assert objections to the Informal Discovery requests to the extent appropriate.

iv. <u>Scope of Informal Discovery</u>. The scope of Informal Discovery is limited to the scope set forth in Fed. R. Civ. P. 26(b)(1) and Fed. R. Bankr. P. 7026.

v. <u>Depositions during Informal Discovery</u>. During the Informal Discovery period, no party shall be entitled to take a deposition of the other party without written consent from such other party or leave of this Court.

vi. <u>Disputes</u>.

    a. Any disputes as to the scope of any contested Informal Discovery shall be governed by S.D. Ind. B-7037.

    b. If the Informal Discovery dispute is not resolved at the conference pursuant to 7037-1(a), the party asserting the dispute may file a motion in accordance with B-7037-1(b), setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The moving party shall file the motion in the applicable adversary proceeding and serve the motion on all parties

5

to the adversary.

c. Any response to such a motion must be filed with the Court within seven (7) days of service of the motion.

d. The motion and any objections shall be heard by way of telephonic conference on an expedited basis on a date and time to be set by the Court at its convenience.

C. **Formal Discovery.** In addition to the Informal Discovery procedures set forth above, the following formal discovery procedures are hereby approved as follows:

i. Effective as of the date hereof, except as explicitly authorized in this Order, all formal discovery ("Formal Discovery") in all Preference Actions shall be stayed until May 1, 2013.

ii. State of Dispositive Motions. To facilitate the Preference Action Mediations (as defined below),

a. All proceedings, including dispositive motions (except Motions to Dismiss brought under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012), in each Preference Action in which the Defendant has filed any responsive pleading are stayed; and

b. All proceedings, including dispositive motions (except Motions to Dismiss brought under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012), in each Preference Action in which the Defendant files a responsive pleading in the future are stayed upon such filing ("Stay of Dispositive Motions").

   iii. <u>Termination of Stay of Dispositive Motions</u>.

    a. If parties elect for the Preference Action to go to mediation, the Stay of Dispositive Motions will terminate upon the earlier of:

     (1) The filing of the mediator's report as described in Paragraph 6(E)(ii) of this Order; or

     (2) At the conclusion of the Omnibus Status Hearing as defined and described in Paragraph 6(E)(iv) of this Order.

    b. If the parties do not elect for a Preference Action to go to mediation, the Stay of Dispositive Motions will terminate upon the earlier of:

     (1) Sixty (60) days after the Pretrial Conference as defined in Paragraph 3(A) of this Order, or

     (2) At the conclusion of the Omnibus Status Hearing as defined and described in Paragraph 6(E)(iv) of this Order.

    c. The Trustee and any party shall have the right to request from this Court an order that further stays Formal Discovery and/or establishes uniform discovery procedures in the event that it believes such procedures would be beneficial.

 5. **<u>Settlement Negotiations.</u>** The Trustee, through its counsel and other agents, shall communicate with and engage in settlement negotiations with the Defendants in an effort to settle the Preference Actions. Not later than twenty-one (21) days prior to the Pretrial Conference the Trustee shall respond to any outstanding settlement offers.

7

6. **Mediation Procedures**. S.D. Ind. B-9019-2 shall be applicable except to the extent that it conflicts with this Order. For those Preference Actions which the Trustee is unable to settle, the Trustee or Defendant may elect mandatory mediation (each a "Preference Action Mediation"). The procedures for all Preference Action Mediations are hereby approved as follows:

A. **Election of Preference Action Mediation**. Preference Action Mediation shall be elected as follows:

i. Election Notice. After the twenty-eight (28) day period immediately following the Pretrial Conference, any party may elect a Preference Action Mediation by providing the Court and the opposing party or its counsel with a notice of election of mediation, which shall include:

   a. a copy of this Order,

   b. the name and contact information of at least one proposed mediator,

   c. a proposed location, and

   d. three (3) proposed dates for the Preference Action Mediation ("Election Notice").

ii. Response to Election Notice. A party to a Preference Action which receives an Election Notice shall respond to such notice in writing within fourteen (14) days from the service date of the Election Notice. The response shall:

   a. accept a mediator proposed in the Election Notice or propose an alternative mediator,

8

  b. accept the proposed location or propose an alternative location, and

  c. accept one of the proposed dates for the Preference Action Mediation or propose a different date.

B. **Location of Preference Action Mediation**. If after the Election Notice process, the parties do not agree on a location, the Preference Action Mediation shall take place in Louisville, Kentucky.

C. **Selection of Preference Action Mediator**.  Mediators for Preference Action Mediations shall be selected as follows:

 i. If the parties agree upon a mediator, then they shall submit such mediator for approval by this Court pursuant to S.D. Ind. B-9019-2.

 ii. If the parties are unable to agree upon a mediator within twenty-eight (28) days after the date of service of the Election Notice or if a party which received an Election Notice fails to respond within (14) days from the date of service of such notice, then the mediator shall be Phillip L. Kunkel ("Kunkel") with Gray, Plant & Moody, LLC.

 iii. Except as provided for by this Order, any person selected as a mediator for a Preference Action Mediation shall comply with the requirements of S.D Ind. B-9019-2 (b)(3) & (5).

 iv. Kunkel is hereby approved as mediator in the Preference Action Mediations subject to further order of this Court approving  Kunkel's compensation.

  v.  Upon selection of the mediator as provided in Paragraphs 5(C)(i) and 5(C)(ii) of this Order, the Trustee shall then send the Election Notice and any response thereto to the selected mediator.

 D. **Conduct of Preference Action Mediations**.  Preference Action Mediations shall be conducted as follows:

  i.  Except as otherwise provided in this Order, the mediator shall control all procedural aspects of the Preference Action Mediation, including: finalizing dates and times for conducting sessions of the mediation; requiring the submission of confidential statements; authorizing any pre-mediation discovery, designing and conducting the mediation sessions; designating representatives to appear in person and/or be available by telephone during the mediation session; and establishing a deadline for the parties to act upon a settlement proposal.

  ii.  Once approved by this Court, the mediator selected to conduct a Preference Action Mediation shall, within a reasonable amount of time after approval, send written notice ("Mediation Notice") to the Trustee's respective counsel and appropriate Defendant which (a) identifies the mediator, (b) schedules the exchange of documents and other evidentiary items including any limited depositions, (c) summarizes the format and procedures of the mediation, (d) confirms the date, time and location of the mediation and (e) details the standard for any written submissions for the mediation.

  iii.  The Trustee and each Defendant receiving a Mediation Notice shall have fourteen (14) days to respond to the mediator and opposing party with a request to (a) change the date or time of the mediation and propose a primary and secondary date or time, and (b) request any modifications to the discovery schedule.

  iv.  The parties shall cooperate with the mediator in the scheduling of the Preference Action Mediation and the mediator shall resolve all scheduling matters.

  v.  Other than as provided for in S.D. Ind. B-9019-2(d), the Federal Rules of Evidence shall not apply to the Preference Action Mediations, with the exception that Rule 408 of the Federal Rule of Evidence specifically applies.

  vi.  The Trustee and Defendants shall participate in facilitative mediation, as scheduled and presided over by the appointed mediator, in good faith and with a view toward reaching a consensual resolution. Attendance in person at the Preference Action Mediation is required of counsel for each party and of a representative of each party having sufficient authority to negotiate and settle all disputed issues and amounts, except that

    a.  parties may mutually consent with the mediator's approval to participate by telephone; and

    b.  in a Preference Action Mediation where the amount in controversy is less than One Hundred Thousand and 00/100

11

        Dollars ($100,000.00), the parties' representatives with sufficient settlement authority may participate by telephone.

vii. <u>Payment of Fees and Expenses</u>.

    a. **<u>Fees</u>**.

       (1)   The bankruptcy estate of ELC shall pay seventy-five percent (75%) of the mediator's fees.

       (2)   The Defendant(s) shall pay twenty-five percent (25%) of the mediator's fees.

    b. **<u>Mediator's Expenses</u>**.

       (1)   The bankruptcy estate of ELC and the Defendant(s) shall share equally in the payment of the expenses, subject to the following exception in Paragraph D(vii)(b)(2) below.

       (2)   For Preference Actions where the amount in controversy is less than or equal to Twenty Thousand and 00/100 Dollars ($20,000), the Defendant(s) may file a Report to Court not later than thirty (30) days after the date of the Preference Action Mediation, setting forth the Defendant(s)' actual expenses incurred in attending the Preference Action Mediation.  Upon filing of the Defendant(s)' Report to Court, the Court will reconsider the presumptive 50/50 split in payment of the mediator's costs and expenses (as stated in Paragraph D(vii)(b)(1) above).

12

   viii. Willful failure to attend any Preference Action Mediation or any other material violation of this Order, shall be reported to the Court by the mediator and may result in the imposition of sanctions by the Court, including the reimbursement of the non-violating party's fees, costs and expenses, including attorneys' fees, resulting from such violation.

E. **Conclusion of Preference Action Mediations**.  Preference Action Mediations shall be concluded as follows:

   i. All Preference Action Mediations shall be concluded by October 21, 2013.  This deadline may be extended upon motion and for good cause.

   ii. The mediator shall within seven (7) days from the conclusion of a Preference Action Mediation file a report, signed by all parties to the Preference Action and their counsel, which report shall only advise the Court whether or not the matter has been settled.

   iii. If a Preference Action Mediation results in a settlement, then the parties shall submit to this Court a stipulation of dismissal of the Preference Action pursuant to the terms of the settlement.

   iv. If any Preference Action Mediation fails to result in a settlement, then counsel for the Trustee shall submit a proposed scheduling order for an omnibus status hearing in the unsettled Preference Actions ("<u>Omnibus Status Hearing</u>").  At least seven (7) days prior to the Omnibus Status Hearing, the parties shall submit a joint pre-trial report which summarizes the contested factual and legal issues.

7. Nothing in this Order shall be construed to prohibit the Trustee from seeking a default judgment against a Defendant which fails to respond in a timely manner as provided for in the Bankruptcy Code or the applicable procedural rules.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

# # #