# EXHIBIT "A"
## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of April ___, 2013 by and between James A. Knauer as Chapter 11 Trustee ("Trustee") for Eastern Livestock Co., LLC ("Debtor") and Animal Profiling International, Inc. ("API"). The Trustee and API shall collectively be referred to herein as the "Parties."

### Recitals

A.  Certain petitioning creditors commenced a Chapter 11 case against Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. ECF No. 110.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 98] pursuant to 11 U.S.C. § 1104. ECF No. 98.

C.  On December 3, 2012, the Trustee initiated an adversary proceeding against API in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59105 ("Adversary Proceeding"). On February 28, 2013, the Trustee filed his Amended Complaint in the Adversary Proceeding.

D.  The Trustee's Amended Complaint in the Adversary Proceeding seeks to enforce payment on an Unsecured Convertible Promissory Note executed by API and delivered to the Debtor on or about June 10, 2006 in the principal amount of $50,000.00 ("Note").

E.  The Trustee's Amended Complaint also seeks, in the alternative to enforcement of the Note, to avoid the conversion of the Note into equity of API as a fraudulent transfer pursuant to Indiana Code §§ 32-18-2-14 and 15.

F.  On or about March 1, 2009, the Note was converted into equity of API (the "Note Conversion"). Upon the Note Conversion, the Debtor received 62,997 shares of common stock ("Stock"), evidenced by Stock Certificate #25 ("Stock Certificate").

G.  The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, the accounting records

provided by API, and the inherent uncertainty in any litigated matter.

H.  API desires to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Payment by API. API shall pay to the Trustee the total sum of $6,299.70 (the "Settlement Amount"), in full and final settlement and satisfaction of the Released Claims (as hereinafter defined) and as consideration for the stock transfer described in Section 2 below.  In payment of the Settlement Amount, API shall pay to the Trustee one lump sum payment in the amount of $3,149.85 ("Initial Payment") upon API's execution of the Settlement Agreement.  The remaining balance of $3,149.85 (the "Settlement Balance") shall be paid as follows:

Prior to the Maturity Date, the Settlement Balance shall be paid in six monthly installments as follows: Five monthly installments in the amount of Five Hundred Twenty-Four and 98/100 Dollars ($524.98) and the final installment due on the Maturity Date, as defined bleow, in the amount of Five Hundred Twent-Four and 95/100 Dollars ($524.95), which installments shall be due and payable commencing on the first (1st) day of May, 2013, and continuing thereafter on the first (1st) day of each month thereafter until the Maturity Date, herein defined as being October 1, 2013, on which the entire unpaid Settlement Balance shall be due and payable in full.

It shall be considered an "Event of Default" if API shall default in the payment when due of any installment of the Settlement Balance due under this Settlement Agreement if such Default remains uncured for ten (10) days.  Upon any Event of Default, then the Trustee may, at his option and without notice, declare the entire remaining amount of the Settlement Balance Note, along with interest as set forth below, to be immediately due and payable ("Acceleration").  Interest on any amount not paid when due shall be payable, from the due date, at a rate of twelve percent (12%) per annum (the "**Default Rate**").

All payments to be made under this Settlement Agreement shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and the Initial Payment of $3,149.85 shall be delivered, together with an executed copy of this Settlement Agreement, to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2.  Stock Transfer. The Trustee agrees to sell, assign, and transfer the Stock to API. The Trustee shall execute and deliver to counsel for API, Andrew Ognall, Lane Powell PC, 601 SW Second Avenue, Suite 2100, Portland, OR 97204-3158 an Affidavit of Loss of Stock Certificate and Indemnity Agreement and an Irrevocable Stock

Power. The Trustee shall deliver the foregoing documents upon receipt of the Initial Payment and an executed copy of the Settlement Agreement from API.

3. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days of the Trustee's receipt of the Initial Payment and an executed copy of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "<u>Effective Date</u>." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by API within five (5) business days of the entry of an order denying the Settlement Motion.

4. <u>Stipulation of Dismissal</u>. Within five (5) business days following the Trustee's receipt of the Initial Payment and the executed Settlement Agreement from API, the Trustee shall file with the Court a Notice of Dismissal in the Adversary Proceeding, dismissing all acclaims against API with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement.

5. <u>Mutual Release</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and API's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which the Trustee and API ever had, now have, or may claim to have against each other arising out of, related to, or based on the Adversary Proceeding, the Note, and the Note Conversion (the "**Released Claims**"). Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall preclude the Trustee or API from exercising their respective rights in the event the other party breaches any of its obligations under this Settlement Agreement.

6  <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party

and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

10. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

14. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

15. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

16. **THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.**

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**Animal Profiling International, Inc..**

By: _____

Name: _____

Title: _____

Date: _____


**James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock Co., LLC**

_____
James A. Knauer, Trustee for Debtor

Date: _____

# AFFIDAVIT OF LOSS OF STOCK CERTIFICATE
# AND INDEMNITY AGREEMENT

The undersigned, James A. Knauer ("Trustee"), Chapter 11 Trustee for Eastern Livestock Co., LLC, (the "Stockholder"), represents, warrants, and agrees as follows:

1. Stockholder is the lawful owner and was entitled to possession of stock certificate number 25 (the "Certificate") representing 62,997 shares (the "Shares") of the common stock of Animal Profiling International, Inc., a Delaware corporation (the "Company").

2. The Certificate has been lost, stolen or destroyed.

3. To the Trustee's knowledge, neither the Certificate nor the rights of Stockholder in the Shares have, in whole or in part, been sold, assigned, transferred, hypothecated, pledged, deposited under any agreement or otherwise disposed of. To the Trustee's knowledge, no person has a claim of right, title or interest adverse to Stockholder in or to the Certificate or the Shares.

4. Stockholder has made a diligent search for the Certificate, has been unable to find or recover it. Stockholder agrees to surrender immediately the Certificate to the Company for cancellation should the Certificate at any future time come into the possession or custody of Stockholder.

5. Stockholder, on behalf of the itself and its successors, assigns, and legal and personal representatives, agrees to indemnify, defend, and hold harmless the Company, its directors, officers, employees, and agents, from any and all liabilities, losses, claims, damages, and expenses (including attorneys' fees) arising in connection with the lost, stolen or destroyed Certificate or anyone asserting any interest in or claim to the Shares, but such indemnity shall be limited to the amount of the consideration paid to the Stockholder for the Shares.

  April 9    , 2013

                                  _____
                                  James A. Knauer, Chapter 11 Trustee for Eastern Livestock Co., LLC

WITNESS:

_____

_____

201234.0001/5633972.1

# IRREVOCABLE STOCK POWER

FOR VALUE RECEIVED, the undersigned hereby sells, assigns and transfers 62,997 shares of common stock (the "Shares") of Animal Profiling International, Inc., a Delaware corporation (the "Company"), standing in his, her or its name in the books and records of the Company and represented by certificate # 25 issued March 1, 2009, to and does hereby irrevocably constitute and appoint the Company attorney-in-fact with full power of substitution to transfer said stock on the books and records of the Company.

The undersigned represents and warrants to the Company that (i) to the undersigned's knowledge, Eastern Livestock Co., LLC owns the Shares (ii) he, she or it has full power and authority to transfer the Shares, and the signature below evidence of the foregoing, and (iii) there are no judicial or administrative actions, proceedings or investigations pending, or to his, her or its knowledge threatened that question the validity of the sale of the Shares or with respect to the Shares.

Dated __April 9_____, 2013

_____
James A. Knauer, Chapter 11 Trustee for
Eastern Livestock Co., LLC