**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IN RE: ) | CASE NO.: 10–93904–BHL–11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

**LIVESTOCK CREDITORS' JOINDER IN RESERVATION OF RIGHTS AND OBJECTION TO THIRD INTERIM APPLICATION OF HOOVER HULL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE**

COME NOW CPC Livestock, LLC; Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Ashville Stockyard, Inc.; Athens Stockyard, LLC; Billingsley Auction Sale, Inc.; Carroll County Livestock Sales Barn, Inc.; E4 Cattle Co., LLC; Ed Edens; Macon Stockyards, Inc.; Edwin A. Strickland d/b/a Strickland Farms; Robert Rawls d/b/a Robert Rawls Livestock; Peoples Livestock Auction, Inc.; Ernie Elder; Vernon Inman; 2Z Cattle; and Glen Franklin (collectively, "Livestock Creditors"), by and through undersigned counsel, and submit this Joinder in the *Reservation Of Rights And Objection To Third Interim Application Of Hoover Hull LLP For Compensation And Reimbursement Of Expenses As Special Counsel To Chapter 11 Trustee* [Doc. 1927] (hereinafter "Reservation Of Rights") filed by Alton Darnell, East Tennessee Livestock Center, Inc., Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., and Southeast Livestock Exchange, LLC (collectively "Creditors").[1] In support of the Joinder and Objection, Livestock Creditors state as follows:

---

[1]   Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass South Livestock Market, LLC (collectively

1

## JOINDER IN OBJECTION AND RESERVATION OF RIGHTS

1.  Livestock Creditors consist of seventeen (17) "market agencies" and "dealers" as defined pursuant to the Packers and Stockyards Act of 1921, 7 U.S.C. §§181, et seq. and regulations 9 C.F.R §§201, et seq. (hereinafter "Stockyards Act").

2.  Livestock Creditors hereby join with and adopt the arguments advanced by the "Creditors" in the filing of their Reservation Of Rights [Doc. 1927] as if fully set forth herein.

3.  Livestock Creditors renew their objections to the continued appointment of the Trustee in the face of significant and previously undisclosed conflicts of interest with major creditors to the Estate. Livestock Creditors further join with the above referenced "Creditors" in the objections to the allowance and further payment of fees and expenses for the Trustee, FBD, DSI, Hoover Hull, and Kroger on both an interim and final basis.

4.  For these reasons and those previously stated regarding the conduct of the Trustee and others, the Livestock Creditors reserve objections to the allowance and payment of fees and expenses on both an interim and final basis. To the extent of limitations upon the Trustee as the sole representative of the Estate, some of the services provided by DSI may have been unnecessary and not beneficial to the Estate, as futile activities.

5.  To the extent that the Court enters an order approving the interim application referenced herein, the orders will not be final approvals of the fees or

---

"Bluegrass") have entered in to a written settlement agreement with the Estate, which would release any claims against the Trustee and his professionals and waive any right to a distribution from the Estate. Because the settlement has not yet been presented or approved, Bluegrass has reserved all rights at this time, pending such approval.

expenses. *See Matter of Taxman Clothing Co.*, 49, F.3d 310, 312 (7th Cir. 1995) ("The law is clear . . . that all interim awards of attorney's fees in bankruptcy cases are tentative.") (citations omitted); *In re Eckert*, 414 B.R. 404, 409 (Bankr. N.D. Ill. 2009) ("Interim fee awards under 11 U.S.C. § 331 are discretionary and are subject to reexamination and adjustment during the course of the case . . . . The Court may review the case at its conclusion and take into account the results obtained in making a final allowance.") (citations omitted); *In re Gibson*, 2010 WL 774573, *10 (Bankr. C.D. Ill. 2010) (interim orders allowing fee applications are subject to further review and modification by court) (citations omitted).

6. Lengthy objection to the Fourth Interim Application for compensation and expenses incurred are not necessary at this stage of the proceedings.

WHEREFORE in light of the foregoing, Livestock Creditors reserve any and all rights to object to the final fee application filed by Hoover Hull LLP For Compensation And Reimbursement Of Expenses As Special Counsel To Chapter 11 Trustee.

Respectfully submitted this 10th day of April 2013,

                                                       W. SCOTT NEWBERN, PL

                                                       /s/ Walter Scott Newbern
                                                       W. Scott Newbern
                                                       2982 East Giverny
                                                       Tallahassee, FL 32309
                                                       (T) 850.591.1707
                                                       (F) 850.8940871
                                                       wsnewbern@msn.com

                                                       COUNSEL FOR LIVESTOCK
                                                       CREDITORS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

    /s/ W. Scott Newbern
    W. SCOTT NEWBERN

4