IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |

**RESPONSE TO TRUSTEE'S OBJECTION
TO CLAIM 89 FILED BY DENNIS NEAT**

Dennis Neat ("Mr. Neat"), a creditor in the above-captioned Chapter 11 case, by counsel, hereby files this response (the "Response") to Trustee's Objection to Claim 89 Filed by Mr. Neat (the "Objection"). In support of this Response, Mr. Neat states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this matter in accordance with 28 U.S.C. §§1408 and 1409. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2. On or about December 6, 2010 (the "Petition Date"), certain creditors filed an involuntary bankruptcy petition against Eastern Livestock Co., LLC (the "Debtor") in the New Albany Division of the United States Bankruptcy Court for the Southern District of Indiana (this "Court").

3. This Court entered an order approving the appointment of the Trustee, James A. Knauer (the "Trustee"), on December 27, 2010 and entered an order for relief on December 28, 2010.

4. On March 9, 2011, Mr. Neat filed a proof of claim for his secured claim in the amount of $6,891.98 (the "Claim").

5. The Claim arises from the Debtor's failure to pay Mr. Neat for cattle purchased from him on November 2, 2010 (the "Sale"). The total amount owed by the Debtor to Mr. Neat for its purchase of the cattle was $6,981.98.

6. That same day, the Debtor issued a check to Mr. Neat in the amount of $6,891.98 to complete its obligation for payment to Mr. Neat. Mr. Neat attempted to deposit the funds represented by the check into a checking account, but the check was dishonored by the issuing bank, Fifth Third Bank, and returned marked "refer to maker."

7. Because Mr. Neat holds a constructive trust in the cattle for the amount owed by the Debtor, and because he has not received, nor has the Trustee alleged he has received, payment from any other source in satisfaction of the Claim, Mr. Neat had a secured claim against the Debtor in the amount of $6,891.98.

## ARGUMENT

8. The cattle, and the proceeds from the Sale, are subject to a constructive trust in favor of Mr. Neat under Kentucky law.

9. The Trustee fails to address or consider the nature and type of title that the Debtor may have possessed prior to its sale of the cattle to third-party purchasers. The Trustee does not assert any facts that show the third-party purchaser(s) were in fact "good faith purchasers for value" as to transfer full title and ownership of the cattle to the third-part(ies). In fact, it appears that the Debtor's title in the cattle was, at best, "voidable" title within the meaning of KRS § 355.2-403.

2

10. While the Trustee has argued that Fifth Third bank is the only party that may assert a valid or perfected lien in proceeds received from the Debtor's fraudulent cattle sales, Fifth Third Bank was not a good faith purchaser for value of the cattle and accordingly does not have any superior rights to Mr. Neat's constructive trust in the proceeds from the Debtor's sale of the cattle. *See* KRS § 355.2-403.

11. Under Kentucky law, a constructive trust will result when, in equity and good conscience, one who has obtained property, or holds the legal right to property, by fraud, duress, abuse of confidence, commission of wrong, or by any form of unconscionable conduct should not be permitted to hold and enjoy that property. *See, e.g. Peter v. Gibson*, 336 S.W.3d 2, 7 (Ky. 2010) (citing *Keeney v. Keeney*, 223 S.W.3d 843, 849 (Ky. App. 2007).

12. On the same day as the Sale, the Debtor purported to pay Mr. Neat with a check.

13. The Debtor "purchased" the cattle from Mr. Neat under fraudulent pretenses with knowledge that it lacked the ability to pay for the cattle and, because of that fraud, received possession of 7 steers valued at $6,981.98. Because the Debtor acted fraudulently in obtaining possession and ownership of the cattle, a constructive trust resulted in Mr. Neat's favor.[1]

14. Upon information and belief, the Debtor subsequently sold the steers received from Mr. Neat pursuant to the Sale and retained the payment received for that subsequent sale.

15. Upon the Debtor's sale of the cattle received from Mr. Neat, the Debtor's right to the proceeds from the sale became subject to the constructive trust in favor of Mr. Neat. *See, e.g. McCracken Cnty. v. Lakeview Country Club*, 70 S.W.2d 938, 942 (Ky. 1934) ("[I]n these and all similar cases equity impresses a constructive trust upon the new form or species of property, not only while it is in the hands of the original wrongdoer, but as long as it can be followed . . .").

---

[1] This court recognized the widespread nature of the Debtor's fraud by directing that the state court receiver act as a caretaker in this case and, later, through the appointment of the Trustee. *See* D.E. 35, 77.

3

16. Accordingly, Mr. Neat has a constructive trust for the monies owed to him for the value of the cattle fraudulently obtained by the Debtor for $6,981.98, or the amount the Debtor owed him pursuant to the Sale.

17. Finally, the Trustee argues that the Claim should be reclassified as a general unsecured claim because he believes that Mr. Neat might receive payments from alternative sources. However, the Trustee has not alleged that anyone has attempted, or is attempting, to pay the Claim on his behalf. The potential for restitution based upon civil or criminal judgments that have not occurred, and might never occur, is not a basis for reclassifying Mr. Neat's Claim.

## CONCLUSION

18. Mr. Neat respectfully requests that this Court dismiss the Trustee's Objection to Claim 89 filed by Mr. Neat, and reject the Trustee's request to reclassify Mr. Neat's claim as a general unsecured claim.

Respectfully submitted,

*/s/ C.R Bowles, Jr.*
C.R. Bowles, Jr.
Natalie D. Montell
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky, 40202
Telephone (502) 589-4200
Facsimile (502) 540-2211
crbowles@bgdlegal.com
ishallcross@bgdlegal.com

COUNSEL FOR CREDITOR DENNIS NEAT

4

## CERTIFICATE OF SERVICE

    I hereby certify that on April 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

                                                */s/ C.R. Bowles, Jr.*
                                                COUNSEL FOR CREDITOR DENNIS NEAT

14514129_1.docx