IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |

**RESPONSE TO TRUSTEE'S OBJECTION
TO CLAIM 355 FILED BY PHILLIP TAYLOR REED**

Phillip Taylor Reed ("Mr. Reed"), a creditor in the above-captioned Chapter 11 case, by counsel, hereby files this response (the "Response") to Trustee's Objection to Claim 355 Filed by Mr. Reed (the "Objection"). In support of this Response, Mr. Reed states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this matter in accordance with 28 U.S.C. §§1408 and 1409. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2. On or about December 6, 2010 (the "Petition Date"), certain creditors filed an involuntary bankruptcy petition against Eastern Livestock Co., LLC (the "Debtor") in the New Albany Division of the United States Bankruptcy Court for the Southern District of Indiana (this "Court").

3. This Court entered an order approving the appointment of the Trustee, James A. Knauer (the "Trustee"), on December 27, 2010 and entered an order for relief on December 28, 2010.

4. On April 26, 2011, Mr. Reed filed a proof of claim for his secured claim in the amount of $391,155.40 (the "Claim").

5. The Claim arises from the June 22, 2010 forward contract between Mr. Reed and the Debtor for future delivery of cattle (the "Forward Contract"). Upon execution of the Forward Contract, the Debtor provided earnest money to Mr. Reed in the amount of $32,000. Pursuant to that contract, Mr. Reed delivered 787 steers to the Debtor on October 25-26, 2010.

6. On October 27, 2010, the Debtor issued a check to Mr. Reed in the amount of $577,742.25 to complete its obligations for payment under the future contract. Mr. Reed received the check the following day, and attempted to deposit the funds represented by the check into a checking account with RCB Bank on October 29, 2010.

7. The check was dishonored by the issuing bank, and returned to RCB Bank marked "refer to maker."

8. The remaining amount owed by the Debtor to Mr. Reed is $391,155.40.

9. Because Mr. Reed holds a constructive trust in the cattle for the amount owed by the Debtor, and because he has not received, nor has the Trustee alleged he has received, payment from any other source in satisfaction of the Claim, Mr. Reed had a secured claim against the Debtor in the amount of $391,155.40.

## ARGUMENT

10. The cattle, and the proceeds from sale of the cattle, are subject to a constructive trust in favor of Mr. Reed under Oklahoma law.

11. The Trustee appears to agree that Mr. Reed sold cattle to the Debtor (Objection at ¶ 7) but fails to address or consider the nature and type of title that the Debtor may have possessed prior to its sale of the cattle to third-party purchasers. The Trustee does not assert any

facts that show the third-party purchaser(s) were in fact "good faith purchasers for value" as to transfer full title and ownership of the cattle to the third-part(ies).  In fact, it appears that the Debtor's title in the cattle was, at best, "voidable" title within the meaning of OKLA. STAT. 12A, § 2-403.

12.     While the Trustee has argued that Fifth Third bank is the only party that may assert a valid or perfected lien in proceeds received from the Debtor's fraudulent cattle sales, Fifth Third Bank was not a good faith purchaser for value of the cattle and accordingly does not have any superior rights to Mr. Reed's constructive trust in the proceeds from the Debtor's sale of the cattle delivered under the Forward Contract.  *See* OKLA. STAT. 12A, § 2-403.

13.     Under Oklahoma law, a constructive trust will result when, in equity and good conscience, one who has obtained property, or holds the legal right to property, by fraud, duress, abuse of confidence, commission of wrong, or by any form of unconscionable conduct should not be permitted to hold and enjoy that property.  *See In re Estate of Pardee*, 112 P.3d 308, 316 (Okla. Ct. App. 2004) (citing *Cacy v. Cacy*, 619 P.2d 200, 202 (Okla. 1980).

14.     One day after Mr. Reed satisfied his obligations under the Forward Contract by completing delivery of the cattle to the Debtor and before the Petition Date, the Debtor purported to pay Mr. Reed for the Forward Contract deliveries with its October 27, 2010 check.

15.     The Debtor entered into the Forward Contract with Mr. Reed under fraudulent pretenses with knowledge that it lacked the ability to pay for the deliveries and, because of that fraud, received possession of 787 steers valued at approximately $600,000.  Because the Debtor acted fraudulently in obtaining possession and ownership of the cattle, a constructive trust resulted in Mr. Reed's favor.[1]

---

[1] This court recognized the widespread nature of the Debtor's fraud by directing that the state court receiver act as a caretaker in this case and, later, through the appointment of the Trustee.  *See* D.E. 35, 77.

3

16. Upon information and belief, the Debtor subsequently sold the steers received from Mr. Reed under the Forward Contract and retained the payment received for that sale.

17. Upon the Debtor's sale of the cattle received from Mr. Reed, the Debtor's right to the proceeds from the sale became subject to the constructive trust in favor of Mr. Reed. *See, e.g. Fourth Nat'l Bank v. Eidson*, 236 P.2d 491 (Okla. 1947) ("[W]here property is impressed with a trust, a change in the state or form does not divest the property of its trust character . . . ").

18. Accordingly, Mr. Reed has a constructive trust for the monies owed to him for the value of the cattle fraudulently obtained by the Debtor for $391,155.40, or the amount the Debtor owed him under the Forward Contract.

19. The Claim is not duplicative of claim number 354 filed by Ron P. Reed. As addressed in Ron P. Reed's Response, filed concurrently herewith, Ron P. Reed's claim arises from the assignment of a promissory note previously held by the assignor, RCB Bank. Mr. Reed's Claim, as discussed above, arose from his sale of cattle to the Debtor for which the Debtor never paid. Accordingly, Mr. Reed's claim is wholly separate from, and not duplicative of, the proof of claim filed by Ron P. Reed.

20. Finally, the Trustee argues that the Claim should be reclassified as a general unsecured claim because he believes that Mr. Reed might receive payments from alternative sources. However, the Trustee has not alleged that anyone has attempted, or is attempting, to pay the Claim on his behalf. The potential for restitution based upon civil or criminal judgments that have not occurred, and may never occur, is not a basis for reclassifying Mr. Reed's Claim.

4

## CONCLUSION

21. Mr. Reed respectfully requests that this Court dismiss the Trustee's Objection to Claim 355 filed by Mr. Reed, and reject the Trustee's request to reclassify Mr. Reed's claim as a general unsecured claim.

Respectfully submitted,

/s/ C.R Bowles, Jr.
C.R. Bowles, Jr.
Natalie D. Montell
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky, 40202
Telephone (502) 589-4200
Facsimile (502) 540-2211
crbowles@bgdlegal.com
ishallcross@bgdlegal.com

COUNSEL FOR CREDITOR PHILLIP TAYLOR REED

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ C.R. Bowles, Jr.

COUNSEL FOR CREDITOR
PHILLIP TAYLOR REED

14512294_1.docx