IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |

**RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 354 FILED BY RON P. REED**

Ron P. Reed ("Mr. Reed"), a creditor in the above-captioned Chapter 11 case, by counsel, hereby files this response (the "Response") to Trustee's Objection to Claim 354 Filed by Mr. Reed (the "Objection"). In support of this Response, Mr. Reed states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this matter in accordance with 28 U.S.C. §§1408 and 1409. This matter is a core proceeding as defined under 28 U.S.C. § 157(b)(2).

**BACKGROUND**

2. On or about December 6, 2010 (the "Petition Date"), certain creditors filed an involuntary bankruptcy petition against Eastern Livestock Co., LLC (the "Debtor") in the New Albany Division of the United States Bankruptcy Court for the Southern District of Indiana (this "Court").

3. This Court entered an order approving the appointment of the Trustee, James A. Knauer (the "Trustee"), on December 27, 2010 and entered an order for relief on December 28, 2010.

4. On April 26, 2011, Mr. Reed filed a proof of claim for his secured claim of $175,044.18, plus post-petition interest (the "Claim").

5. The Claim arises from the June 30, 2010 Promissory Note between Phillip Taylor Reed, as Borrower, and Home National Bank, as Lender (the "Promissory Note"). RCB Bank, successor in interest to Home National Bank, assigned the Promissory Note to Mr. Reed by the Assignment of Promissory Note and Release, attached as Exhibit B to the Claim (the "Assignment"). The Assignment transferred all RCB Bank's rights, title, and interest in the Promissory Note to Mr. Reed. As consideration for the Assignment, Mr. Reed paid RCB Bank $175,044.18, or the full balance owed on the Promissory Note as of December 27, 2010.

6. Home National Bank secured the Promissory Note by filing a financing statement with the Oklahoma County Clerk, in the state of Oklahoma, on July 8, 2010 (the "Financing Statement"). The Financing Statement perfected a security interest in farm products and livestock owned by Phillip Taylor Reed. It states that the Promissory Note is secured by:

> All Farm Products and Livestock (including all increase and supplies); whether any of the foregoing is owned now or acquired later; whether any of the foregoing is now existing or hereafter born or grown; all accessions, additions, replacements, and substitutions relating to any of the foregoing (including all entitlements, rights to payment, and payments, in whatever form received, including but not limited to, payments under any governmental agricultural diversion programs, governmental agricultural assistance programs, the Farm Services Agency Wheat Feed Grain Program, and any other such program of the United States Department of Agriculture, or any other general intangibles or programs); all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and accounts proceeds).

7. Pursuant to the Assignment, Mr. Reed received all of RCB Bank's rights, title, and interests in the Promissory Note, including any security interest held by RCB Bank securing the Promissory Note. Accordingly, Mr. Reed received a security interest in all farm products and livestock owned by Phillip Taylor Reed, including proceeds and rights to payment therefrom.

8. The Debtor purchased cattle from Phillip Taylor Reed and provided a check as payment of the cattle that was subsequently dishonored. The Debtor then sold the purchased cattle and was paid for that sale, but did not pay Phillip Taylor Reed from the proceeds resulting from the subsequent sale.

9. Mr. Reed has a security interest, as evidenced by the Promissory Note and the Financing Statement, in the cattle sold to the Debtor by Phillip Taylor Reed. As Phillip Taylor Reed never received payment for the cattle, even though the Debtor subsequent sold the cattle and received payment, he had a "right to payment" for those cattle. Accordingly, Mr. Reed, as assignee of the Promissory Note has a fully secured purchase money claim for the cattle that were sold by Phillip Taylor Reed and "purchased" by the Debtor.

## ARGUMENT

10. Mr. Reed has a valid and enforceable secured claim in the amount of $175,044.18. The Promissory Note and the Financing Statement evidence a security interest in "all Farm Products and Livestock," including, among other things, proceeds and rights to payment therefrom. When RCB Bank assigned the Promissory Note to Mr. Reed, it assigned not only the Promissory Note, but its entire bundle of rights associated with its interest in the Promissory Note.

11. Mr. Reed's Claim is not duplicative of claim number 355 filed by Phillip Taylor Reed. If the Assignment had not occurred, RCB Bank would have a secured claim against the Debtor for $175,044.18. As discussed above, when RCB Bank assigned the Promissory Note to Mr. Reed, it assigned all of its rights in same. Accordingly, Mr. Reed's Claim is wholly separate from, and not duplicative of, the proof of claim filed by Phillip Taylor Reed.

12. Additionally, the Debtor took subject to RCB Bank's security interest in the cattle, and subsequently Mr. Reed's security interest, because RCB Bank never released the security interest it held in the cattle. Under Oklahoma's Uniform Commercial Code, a buyer of farm products "takes subject to a security interest in the farm products" if one of three requirements is met. *See* OKLA. STAT. tit. 12A, § 1-9-320.4(a).[1]

13. This statute provides that the buyer, here, the Debtor, takes subject to a security interest if:

> (a) (i) the buyer of the farm products, commission merchant, or selling agent has failed to register with the Secretary of State prior to the purchase of the farm products and the secured party has filed an effective financing statement that covers the farm products being sold; or
>
> (ii) the buyer of farm products, commission merchant or selling agent receives from the Secretary of State written notice as provided in paragraph (d) or (f) of subsection (4) of Section 1-9-320.6 of this title, and the buyer of farm products, commission merchant or selling agent does not secure a waiver or release of the security interest specified in an effective financing statement from the secured party by performing any payment obligation or otherwise . . .

*Id.*

14. The cattle sold by Phillip Taylor Reed to the Debtor are considered "farm products" under Oklahoma's Uniform Commercial Code. *See* OKLA. STAT. tit. 12A, § 1-9-102(a)(34)(B).

15. Here, RCB Bank had filed an effective financing statement that covered the cattle and did not provide the Debtor with a release of the security interest. The Debtor did not secure

---

[1] Oklahoma law applies to determine whether Mr. Reed has a secured claim against the Debtor because Eastern acquired the cattle in Oklahoma, the cattle were delivered in Oklahoma, and were resold by the Debtor in Oklahoma. As such, the Financing Statement was filed in Oklahoma pursuant to Oklahoma law.

a waiver or release of the security interest in the cattle. Accordingly, the Debtor took subject to Mr. Reed's security interest in the cattle, as transferred to him pursuant to the Assignment.

## CONCLUSION

16. Mr. Reed respectfully requests that this Court dismiss the Trustee's Objection to Claim 354 filed by Mr. Reed, and reject the Trustee's request to disallow and expunge Mr. Reed's Claim in its entirety.

Respectfully submitted,

*/s/ C.R Bowles, Jr.*
C.R. Bowles, Jr.
Natalie D. Montell
BINGHAM GREENEBAUM DOLL LLP
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky, 40202
Telephone (502) 589-4200
Facsimile (502) 540-2211
crbowles@bgdlegal.com
ishallcross@bgdlegal.com

COUNSEL FOR CREDITOR RON P. REED

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

*/s/ C.R. Bowles, Jr.*

COUNSEL FOR CREDITOR RON P. REED

14509249_1.docx