FILED
U.S. BANKRUPTCY COURT
NEW ALBANY DIVISION

APR 15 2013

SOUTHERN DISTRICT OF INDIANA
KEVIN P. DEMPSEY, CLERK

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | Case No.10-93904-BHL-11 |
| | ) | |
| Debtor | ) | Hon. Basil H. Lorch III |
| | ) | |

### RESPONSE OF TENNESSEE LIVESTOCK PRODUCERS, INC. TO TRUSTEE'S OBJECTION TO CLAIM 326 FILED BY TENNESSEE LIVESTOCK PRODUCERS, INC.

Tennessee Livestock Producers, Inc. ("TLP") sold cattle to Eastern Livestock Co., LLC ("Eastern Livestock") in October and November 2010 for which TLP has not received payment from Eastern. TLP timely filed a proof of claim in this case for the total amount unpaid of $162,831.58 as a secured claim.

TLP's claim is secured by the cattle delivered to Eastern Livestock by TLP, pursuant to a statutory trust created by federal law. See 7 U.S.C. § 196; *In re Frosty Morn Meats, Inc.*, 7 B.R. 988 (M.D. Tenn. 1980). The statute explains the reason for the creation of the statutory trust as follows:

> It is hereby found that a burden on and obstruction to commerce in livestock is caused by <u>financing arrangements under which packers encumber, give lenders security interest in, or place liens on, livestock</u> purchased by packers in cash sales, or on inventories of or receivables or proceeds from meat, meat food products, or livestock products therefrom, <u>when payment is not made for the livestock</u> and that <u>such arrangements are contrary to the public interest</u>. This section is intended to remedy such burden on and obstruction to commerce in livestock and protect the public interest.

7 U.S.C. § 196(a) (emphasis added). Under this statute, the cattle delivered to Eastern by TLP were to be held in trust until the unpaid cash seller, here TLP, received full payment for them. Eastern does not qualify for exemption under 7 U.S.C. § 196(b) because its annual purchases

exceeded $500,000. TLP preserved its trust under 7 U.S.C. § 196(b) by providing notice to the United States Department of Agriculture and to the receiver for Eastern, as shown in the exhibits attached to TLP's claim filed in this case.

Courts have found that the statutory trust created by this chapter was intended to satisfy claims of unpaid cash sellers of livestock from the packer's assets *before* satisfying any security interest perfected under the Uniform Commercial Code in those assets. *In re Frosty Morn Meats, Inc.*, 7 B.R. 988 (M.D. Tenn. 1980); *Hedrick v. S Bonaccurso & Sons, Inc.*, 466 F. Supp. 1025, 1030 (E.D. Penn. 1978); *In re Gotham Provision Company, Inc., First State Bank of Miami v. Gotham Provision Company, Inc.*, 669 F.2d 1000, 1008-1012 (5th Cir. 1982).

The Fifth Circuit Court of Appeals explained the rationale for this legislation well in *In re Gotham*. 669 F.2d at 1008-1012. The purpose of the 1976 amendments to the Packers and Stockyards Act t was to provide protection for livestock sellers against the type of serious loss that they experienced when major meat packers went bankrupt in the early 1970s. *Id.* In 1975, many farmers delivered their entire year's output of cattle to American Beef Packers and did not receive payment. *Id.* At that time, lenders enjoyed priority over cattlemen by virtue of secured interests in the cattle. *Id.* The Senate Agriculture and Forestry Committee explained the need for this legislation:

> Under present law, a packer is able to offer as security for a loan the livestock, meat, meat food products, or receivables or proceeds therefrom, <u>which he has not paid for. The producer, who was responsible for raising, feeding, and caring for the livestock is left unpaid, while secured creditors reap the reward of his labors</u>....
>
> What is needed to prevent future producer tragedies, as occurred following the ABP bankruptcy, is legislation that will afford a measure of protection to the livestock producer and feeder and yet not be so restrictive as to reduce competition in the livestock slaughtering business. H.R. 8410 accomplishes this dual objective.

S.Rep. No. 932, 94th Cong., 2d Sess. 5-6, reprinted in (1976) U.S.Code Cong. & Ad.News 2271, 2272 (emphasis added).

When cattle have been resold or slaughtered, and the proceeds thereof have been intermingled with other assets, all of those assets become subject to the statutory trust until the unpaid cash sellers are paid. In *In re Gotham*, the court held that

> so long as cash sellers remain unpaid for their livestock sold to a packer subject to s 206, that packer must hold his inventories, accounts receivable and proceeds derived from cash sales for the benefit of the cash sellers until such time as they are fully paid. Where the packer has given a lender a security interest in inventories or receivables that are subject to the s 206 trust, the unpaid cash sellers have priority over those assets and may recover the proceeds of those receivables to the extent of the outstanding balance on the cash sales.

669 F.2d at 1010. In addition, the court found that the cash sellers were not required to trace the assets they had sold to the packer because

> where there is a commingling of livestock products such that it is impossible to determine whether a packer's inventories and accounts receivable have been derived from livestock purchased by the packer in a cash sale or credit sale, <u>all of the packer's inventories, accounts receivable and proceeds attributable to livestock sales are subject to the s 206 trust to the extent of the amount owed to the unpaid cash seller</u>.

669 F.2d at 1011 (emphasis added).

To the extent TLP is entitled to payments from Eastern's GIPSA bond, nothing in the Packers and Stockyards Act requires TLP to first receive payment from the bond to be entitled to recovery through the statutory trust. *In re Agriprocessors, Inc.*, 2009 WL 290475, *3 (N.D. Iowa Bankr. 2009).

For the reasons set forth herein, TLP respectfully opposes the Trustee's objection to its claim as a secured creditor in this case.

Respectfully submitted,

*/s/ Darrell Ailshie*

Tennessee Livestock Producers, Inc.

Darrell Ailshie
Manager, Tennessee Livestock Producers, Inc.
PO Box 313
Columbia, TN 38402
T: 931-388-7872 ext. * 2235
F: 931-840-8689

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing pleading was served upon the following by United States Mail postage prepaid:

Faegre Baker Daniels LLP
ATTN Dustin DeNeal
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204

This 12th day of April, 2013.

*[signature: Darrell Ailshie]*

Darrell Ailshie
Manager, Tennessee Livestock Producers, Inc.
PO Box 313
Columbia, TN 38402
T: 931-388-7872 ext. * 2235
F: 931-840-8689