UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |

**MOTION TO APPROVE AGREEMENT FOR JOINT PROSECUTION AND SHARED RECOVERY BETWEEN GIBSON TRUSTEE AND ELC TRUSTEE REGARDING PROSECUTION OF CLAIMS AGAINST MONTY KOLLER**

Pursuant to Section 105 of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), James A. Knauer, as chapter 11 trustee (the "ELC Trustee") for the debtor, Eastern Livestock Co., LLC (the "Debtor"), by counsel, hereby files this motion (the "Motion") requesting the Court's approval of an agreement between the ELC Trustee and Kathryn L. Pry as chapter 7 trustee of the bankruptcy estate of Thomas and Patsy Gibson (the "Gibson Trustee")[1] governing 1) the joint prosecution of claims that the Trustees assert respectively against Monty Koller, individually and d/b/a Koller Livestock ("Koller"); 2) an allocation between the ELC and Gibson estates of costs incurred in connection with the joint prosecution; and 3) the distribution of any net recoveries realized from the Koller Adversaries (as defined below) between the ELC and Gibson estates. A copy of the proposed Joint Prosecution And Shared Recovery Agreement is attached hereto and made part hereof as Exhibit A (the "Agreement"). The ELC Trustee advises the Gibson Trustee concurrently is filing her motion seeking the same relief (the "Gibson Trustee Motion") in the Gibson Case (as defined below).

In support of this Motion, the ELC Trustee states as follows:

---

[1] The ELC Trustee and Gibson Trustee are referred to collectively herein as the "Trustees".

## Introduction and Background

1. On December 1, 2010, Thomas P. and Patsy Gibson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Gibson Trustee was appointed as the trustee in the Gibsons's chapter 7 case (the "Gibson Case").

2. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

3. Thomas P. Gibson ("Tommy") was the principal owner of the Debtor and served as a Manager of the Debtor.

4. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

5. On November 30, 2012, the Gibson Trustee initiated adversary proceeding number 12-59104 against Koller in the Gibson Case (the "Gibson Adversary") by filing a complaint (as it may have been or will be amended, the "Gibson Complaint") that seeks to avoid and recover pursuant to sections 548 and 550 of the Bankruptcy Code approximately $546,000 of transfers made by Tommy to Koller (or a Koller d/b/a) in 2010 (the "Gibson/Koller 2010 Transfers") pursuant to Sections 548 and 550 of the Bankruptcy Code.

2

6. On December 22, 2012, the ELC Trustee initiated adversary proceeding number 12-59150 against Koller in the Chapter 11 Case (the "ELC Adversary") by filing a complaint (as it may have been or will be amended, the "ELC Complaint") that seeks to avoid pursuant to Section 548 of the Bankruptcy Code certain transfers in 2009 and 2010 from ELC to Tommy (the "ELC/Gibson Transfers"), and recover from Koller pursuant to Section 550 of the Bankruptcy Code that portion of the purported proceeds of such avoided ELC/Gibson Transfers that funded payment of the Gibson/Koller 2010 Transfers and comparable 2009 transfers from Tommy to Koller aggregating $300,000 (the "Gibson/Koller 2009 Transfers").  In all, the ELC Trustee seeks to recover $846,000 from Koller as Tommy's immediate transferee (the "ELC/Koller Claims").  Hereafter the Gibson Adversary and the ELC Adversary together may be referred to as the "Koller Adversaries."

7. The Gibson Trustee sought leave to amend the Gibson Complaint to include the Gibson/Koller 2009 Transfers.  Dock. No. 21 in the Gibson Adversary.  With such amendment, the aggregate sums of the transfers at issue in the ELC Adversary and the Gibson Adversary will be fully aligned.

8. Koller has asserted in pleadings that the Gibson/Koller 2009 Transfers and Gibson/Koller 2010 Transfers he is or expects to defend in the Gibson Adversary are the same claims as the ELC/Koller Claims he is defending in the ELC Adversary.  While Koller's contention is not completely accurate as the bases for recovery asserted by the ELC Trustee and the Gibson Trustee, respectively, are not identical, the Trustees agree and acknowledge that Koller received the disputed aggregate sum of $846,000 from Tommy only once.

9. Given the nature of the alleged claims, disputes, and purported defenses in the Koller Adversaries, the Trustees have determined the estates have a mutual interest in

3

collaborating in the prosecution of the Koller Adversaries to achieve cost saving efficiencies and to avoid disputes between the estates as the result of settlement or judgment in either of the Koller Adversaries, including any "rush to judgment" to gain possible advantage over each other. Further, the Trustees each have filed several million dollar claims against the other bankruptcy estate and stand to gain as a creditor of the other estate to the extent of allowance of their respective claims (however, the Agreement is without prejudice to the right of the Trustees to object to their claims filed in the other estate).

10. Accordingly, as set forth in greater detail in the Agreement, the Trustees have agreed to: a) jointly prosecute the Koller Adversaries, with formal consolidation of the adversaries assuming the parties do not reach a settlement; b) split equally between the estates, the costs of prosecution of the Koller Adversaries incurred from and after the entry of an order approving this Motion and the comparable motion to be filed in the Gibson Case; and c) split equally between the estates, any net recoveries on account of the Koller Adversaries, whether realized through settlement or judgment. The Trustees believe that this arrangement will conserve costs for both bankruptcy estates, simplify litigation and potential settlement, and evenly distribute both the risks and rewards of litigating the Koller Adversaries.

### Request for Relief

11. The ELC Trustee requests that the Court enter an order, substantially in the form of attached Exhibit B, approving the Agreement.

### Basis for Relief

12. Pursuant to Rule 9019 of the Bankruptcy Rules, this Court has authority to approve a compromise or settlement on motion made by the ELC Trustee after notice and opportunity for a hearing.

4

13. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. See In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007); Depoister v. Mary M. Holloway Found, 36 F.3d 582, 586 (7th Cir. 1994); Matter of Energy Co-op, Inc. 886 F.2d 921, 927 (7th Cir. 1989).

14. The ELC Trustee believes that the agreement with the Gibson Trustee is fair and equitable and in the best interests of the Debtor's estate. As set forth in the Agreement, the terms preserve the Trustee's rights to recover on the ELC/ Koller Claims (either directly from Koller or as a creditor of the Gibsons's estate) and minimizes the costs of litigation. In the absence of this the proposed Agreement, the ELC Trustee may not be able to recover anything more than his distributive share from the Gibson Case, to the extent of an allowed claim. Even assuming that the ELC Trustee fully succeeded in the ELC Adversary in obtaining judgment in his favor on the ELC/ Koller Claims, Koller conceivably could re-pay the Gibson/Koller 2009 Transfers and the 2010 Transfers to the Gibson Trustee (either as a result of litigation or settlement), which may have the effect of compromising or mooting the ELC Trustee's ability to recover from Koller that portion of the ELC/Gibson Transfers ultimately received by Koller, thereby limiting the ELC Trustee's recovery to a distributive share from the Gibson Case. Further, the ELC Trustee will incur substantial litigation costs prior to that result. The ELC Trustee therefore believes that the agreement with the Gibson Trustee is in the best interests of the Debtor's estate.

15. If no objections to this Motion are filed, the ELC Trustee requests that the Court enter an order granting this Motion and approving the Agreement. If any objections to this Motion are filed, the ELC Trustee requests that this Motion and any timely filed objection be

5

scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.

   WHEREFORE, the ELC Trustee respectfully requests that the Court enter an order, substantially in the form of attached Exhibit B, approving the Agreement between the Trustees regarding the joint prosecution and sharing agreement on, the Koller Adversaries. The ELC Trustee asks for all other just and proper relief.

           Respectfully submitted,

           FAEGRE BAKER DANIELS LLP


           By: /s/ Dustin R. DeNeal

Terry E. Hall (#22041-49)     *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com
kayla.britton@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 17, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

DMS_US 51796456v3

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | |

      I further certify that on April 17, 2013, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

                                                                /s/ Dustin R. DeNeal

DMS_US 51796456v3