Exhibit A

Case 10-93904-BHL-11   Doc 2052-1   Filed 04/17/13   EOD 04/17/13 14:32:29   Pg 1 of 6

**JOINT PROSECUTION AND SHARED RECOVERY AGREEMENT BETWEEN GIBSON TRUSTEE AND ELC TRUSTEE REGARDING PROSECUTION OF CLAIMS AGAINST MONTY KOLLER, INDIVIDUALLY, AND d/b/a KOLLER LIVESTOCK**

This Joint Prosecution and Shared Recovery Agreement ("**Agreement**") ") is entered into by and between Kathryn L. Pry, as Chapter 7 Trustee of the bankruptcy estate of Thomas P. and Patsy M. Gibson (the "**Gibson Trustee**") and James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC (the "**ELC Trustee**"),[1] as of _____, 2013, regarding the prosecution of claims against Monty Koller, individually and doing business as Koller Livestock ("**Koller**"), and governs the joint prosecution of claims that the Trustees assert in their respective bankruptcy estate against Koller and recoveries obtained therein.

RECITALS

A.     On November 30, 2012, the Gibson Trustee initiated adversary proceeding 12-59104, against Koller in the Chapter 7 bankruptcy case of Tommy P. and Patsy M. Gibson, case number 10-93867, currently pending before the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "**Gibson Adversary**"), by filing a complaint that seeks to avoid and recover approximately $546,000.00 in transfers made by Thomas P. Gibson ("**Tommy**") to Koller in 2010 pursuant to §§548 and 550 of the Bankruptcy Code (the "**Gibson / Koller 2010 Transfers**").

B.     The Gibson Trustee has sought leave of the Court to amended her adversary Complaint against Koller in order to seek recovery of an additional $300,000.00 in transfers made by Tommy to Koller in 2009 (the "**Gibson / Koller 2009 Transfers**"). [Gibson Adversary, Dkt. 21].

C.     On December 22, 2012, the ELC Trustee initiated adversary proceeding 12-59150 against Koller in the Chapter 11 bankruptcy case of Eastern Livestock Co., LLC ("**ELC**"), case number 10-93904, currently pending before the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "**ELC Adversary**"), by filing a complaint that seeks to avoid pursuant to §548 of the Bankruptcy Code certain transfers made in from ELC to Tommy in 2009 and 2010 (the "**ELC / Gibson Transfers**"), and to recover from Koller pursuant to §550 of the Bankruptcy Code as Tommy's immediate transferee those portions of the purported proceeds of the ELC/ Gibson Transfers Tommy transferred to Koller as the Gibson / Koller 2009 Transfers and Gibson / Koller 2010 Transfers, aggregating $846,000.00. [2]

D.     The Trustees share a common interest in the prosecution of the claims asserted by

---

[1] The ELC Trustee and the Gibson Trustee are referred to collectively here as the "**Trustees**."

[2] Hereafter, the Gibson Adversary and the ELC Adversary together may be referred to as the "**Koller Adversaries**."

them as well as any recoveries from Koller related to the Koller Adversaries.

      E.      The Trustees believe it is in their best interest to continue to pursue their separate, yet common, interests and to avoid any suggestion of waiver of confidentiality of privileged communications or documents; and, therefore, the Trustees wish to enter into this Agreement.

## AGREEMENT

      1.      **Common Interest**: The Trustees have concluded it is in the individual and mutual best interests of their respective bankruptcy estates to share certain information related to the prosecution of the Koller Adversaries consisting of written and oral communications, the disclosures of documents, factual and legal analyses and memoranda, interviews of potential witnesses, and interviews and reports of experts, consultants or investigators, all of which is included within the term "**Litigation Materials**" used herein.

      2.      **Privilege Not Waived**: Some or all of the Litigation Materials may be privileged from disclosure to adverse parties as a result of the attorney-client privilege, the work product doctrine, or other applicable privileges or protections. It is the desire, intention and mutual understanding of the Trustees that:

      a.      The sharing of Litigation Materials among the Trustees and the respective legal counsel is not intended to, and shall not, waive or diminish in any way, the confidentiality of such materials or their continued protection under the attorney-client privilege and / or the work product doctrine; and

      b.      All Litigation Materials provided pursuant to this Agreement that are entitled to protection under the attorney-client privilege, the work product doctrine or other applicable privileges or protections shall remain entitled to such protection under the joint defense doctrine or any similar doctrine, and may not be disclosed to persons other than those described in paragraph 2(a) without the mutual, written consent of the Trustees and / or the Trustees' legal counsel.

      3.      **Limited Use of Defense Materials**: Any shared Litigation Materials, and the information contained therein, are to be used by each person receiving them solely in connection with the prosecution of the Koller Adversaries. Neither the Litigation Materials nor the information contained therein may be used by any person or party receiving them for any other purpose whatsoever.

      4.      **Disclosure of Litigation Materials**: If any person or entity requests or demands access to Litigation Materials provided pursuant to this Agreement, by subpoena or otherwise, the party receiving the demand or subpoena shall immediately notify the party who supplied the sought after Litigation Materials.

5. **Joint Prosecution of Claims**: In addition to the foregoing Agreement with regard to the use in protection of Litigation Materials, the Trustees agree to jointly prosecute the Koller Adversaries, and, assuming the parties do not reach a mediated settlement, to seek authority from the presiding court to formally consolidate the Koller Adversaries.

6. **Costs of Prosecution**: The Trustees agree to split equally between their respective bankruptcy estates the costs of the prosecution of the Koller Adversaries incurred from and after the entry of a final, non-appealable Order approving any motion allowing the parties to enter into this Agreement.

7. **Spilt of Net Recoveries**: The Trustees agree to split equally between their respective bankruptcy estates any net recoveries on account of the Koller Adversaries realized through settlement or judgment, without attribution to one or the other adversary in the event consolidation has not yet occurred.  It is the considered opinion of the Trustees that this Agreement will conserve costs for both bankruptcy estates, simplify litigation and potential settlement, and evenly distribute both risks and rewards of litigating the Koller Adversaries.

8. **Withdrawal from the Agreement**: Upon approval of this Agreement, neither party may withdraw from the Agreement except upon approval by any court in which the Koller Adversaries are being prosecuted or by mutual agreement of the Trustees and their respective legal counsel.

9. **Effect of Modification, Withdraw, or Cessation of Agreement**: Notwithstanding any modification, withdrawal or cessation of this Agreement, this Agreement shall remain operative as to all previously furnished Litigation Materials.  Any such withdrawal or cessation of this Agreement will be solely on a prospective basis and any Litigation Materials provided pursuant to this Agreement prior to such withdrawal shall continue to be governed by the terms of this Agreement.

10. **Prior Agreements or Understandings**: This Agreement memorializes and supersedes any prior oral understanding among the Trustees and their respective legal counsel and applies to any and all communications and other exchanges of information (whether written or oral) among the parties related to this Agreement prior to the execution of this Agreement.

11. **Counterparts**: The respective signatories may execute this Agreement in separate counterparts. All executed counterparts shall comprise the entire Agreement.

12. **Disclosure of Litigation Materials**:: This Agreement shall be governed by and construed and enforced by the laws of the State of Indiana, without reference to principals of choice or conflict of laws.

GIBSON TRUSTEE


By: _____
Kathryn L. Pry, solely in her capacity as the Trustee for the bankruptcy estate of Thomas P. and Patsy M. Gibson


ELC TRUSTEE


By: _____
James A. Knauer, solely in his capacity as the Trustee for the bankruptcy estate of Eastern Livestock Co., LLC.


HAVING BEEN SEEN AND APPROVED:

RUBIN & LEVIN, P.C.

Counsel for Gibson Trustee


Dated:_____                By: _____
                                           John C. Hoard

RUBIN & LEVIN, P.C.
500 Marott Center
342 Massachusetts Ave.
Indianapolis, IN  46204-2161
(317) 634-0300
fax (317) 263-9410

4

FAEGRE BAKER DANIELS LLP

Counsel for ELC Trustee

Dated:_____                By: _____

_____
Printed Name/Title

Terry E. Hall
Kevin M. Toner
Harmony Mappes
Dustin R. DeNeal
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204-1782
(317) 237-0300
(fax) (317) 237-1000

Wendy W. Ponader
Kayla D. Britton
FAEGRE BAKER DANIELS LLP
600 E. 96th Street, Suite 600
Indianapolis, Indiana 46240-3789
(317) 569-9600
(fax) 569-4800

g:\wp80\trustee\pry\gibson-81317501\preferences\koller, monty 81317550\joint prosecution agrmnt.04.12.13.doc