Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING MOTION TO APPROVE AGREEMENT BETWEEN GIBSON TRUSTEE AND ELC TRUSTEE REGARDING PROSECUTION OF CLAIMS AGAINST MONTY KOLLER**

This matter is before the Court on the *Motion To Approve Agreement For Joint Prosecution And Shared Recovery Between Gibson Trustee and ELC Trustee Regarding Prosecution of Claims Against Monty Koller* [Docket # _____] (the "Motion") filed by James A. Knauer as chapter 11 trustee (the "ELC Trustee") in the above-captioned case (the "Chapter 11 Case"). The Motion asks the Court to approve the Agreement between the ELC Trustee and Kathryn L. Pry as chapter 7 trustee (the "Gibson Trustee" and collectively with the ELC Trustee, the "Trustees") of the bankruptcy estate of Thomas P. and Patsy Gibson (the "Gibsons") governing 1) the joint prosecution of claims that the Trustees assert respectively against Monty

Koller, individually and d/b/a Koller Livestock ("Koller"); 2) an allocation between the ELC and Gibson estates of costs incurred in connection with the joint prosecution; and 3) the distribution of any net recoveries realized from the Koller Adversaries (as defined below) between the ELC and Gibson estates.

The Court, having considered the Motion and having found that no objection was filed to the Motion after adequate notice and opportunity was provided, and being duly advised in the premises, now finds that the proposed Agreement (i) is in the best interests of the estate; (ii) provides tangible benefits to the estate and the creditors thereof; and (iii) should be approved. Accordingly, the Court finds that the relief requested in the Motion should be granted pursuant to Bankruptcy Rule 9019(a).

IT IS THEREFORE ORDERED that:

1. The Motion is hereby approved. The Trustees are authorized to take any and all actions necessary to document or otherwise close the Agreement as described in the motion and attached thereto as Exhibit A and to perform the obligations required thereby.

2. The Trustees shall equally split all costs of litigation of the Koller Adversaries incurred from and after the entry of this Order.

3. The Gibson estate and the Debtor's estate shall share equally in any recovery on the Koller Adversaries.

4. The Court shall retain jurisdiction to hear and determine any disputes arising from the entry of this Order.

###