UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE OF
CONTROVERSY AMONG EASTERN LIVESTOCK CO., LLC,
WILLIE DOWNS, AND WILLIE DOWNS LIVESTOCK, INC.**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above captioned case ("Chapter 11 Case") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by counsel, respectfully moves the Court for an Order approving the proposed compromise attached as Exhibit 1 ("Settlement Agreement") with William O. Downs ("Willie Downs"), and Willie Downs Livestock, Inc. ("Downs Livestock") (together, "Downs"). The Settlement Agreement resolves the Downs claims against the Debtor's Estate and the Trustee's claims against Downs, as well as other controversies and litigation pending in the Chapter 11 Case. In support of this motion, the Trustee says:

**Jurisdiction**

1. Certain petitioning creditors commenced the above-captioned Chapter 11 case against the Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. This Court entered an *Order for Relief in an Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010. On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] pursuant to 11 U.S.C. § 1104. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The

statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

## Settlement

2.      Downs historically represented Debtor in cattle purchase and sale transactions for which Downs was paid commissions. Downs Livestock filed a proof of claim in this Chapter 11 Case in the amount of $56,000 [Claim No. 279] (the "Downs Proof of Claim"). Downs contends that Debtor owes more than $800,000 in unpaid Downs commissions and has expressed an intention to amend Claim No. 279.

3.      On March 22, 2011, the Trustee commenced adversary proceeding no. 11-59086 (the "Adversary Proceeding") against Willie Downs asserting preference and fraudulent transfer claims and seeking recovery in connection with the transfer of checks made payable to Debtor which totaled roughly $1 million. On September 26, 2011, the Trustee amended his complaint to add defendants Bluegrass Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Richmond, LLC, and Laurel Livestock Market, Inc. Willie Downs filed an answer in which he denied all liability and wrongdoing.

4.      The Trustee and Downs desire to resolve and settle all issues, disputes, claims, and causes of action between and among Downs, Trustee, Debtor and Estate without further litigation and without admission of any fault or liability. As a result of good faith settlement negotiations, the parties have agreed to settle and resolve all such issues, disputes, claims and causes of action as summarized below but fully set forth in the Settlement Agreement.

5.      Under the proposed Settlement Agreement, Downs will pay $10,000 to the Trustee for the benefit of the Estate and Downs will withdraw and release any and all claims and causes of action against the Debtor's Estate, Trustee, and Trustee's Professionals including but

51827342_1.DOCX

not limited to the Downs Proof of Claim. The Trustee will dismiss the Adversary Proceeding. Downs and Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, direct or indirect, related to the Chapter 11 Case.

6. The result of the Settlement Agreement will be a reduction in the total amount of unsecured claims in the Chapter 11 Case, thus increasing any percentage payment to the remaining unsecured claims. The Settlement Agreement will also resolve expensive and time consuming litigation.

7. The proposed Settlement will be effective upon the entry of a final, non-appealable order ("Effective Date") approving the Settlement.

8. The Trustee believes the proposed compromise as set forth in Exhibit 1 is in the best interest of the creditors of the Estate. Downs has provided financial disclosures to the Trustee which confirm his inability to make a more substantial cash payment to the Estate. In the Trustee's professional judgment, the proposed settlement is a reasonable alternative to continuing with litigation that likely would not produce a better financial outcome for the Estate and its creditors.

**BRIEF IN SUPPORT**

**A. The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

9. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414,

51827342_1.DOCX

424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

10. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

11. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

12. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

13. The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Estate and its creditors. As set forth more specifically in Exhibit 1, the Settlement Agreement resolves pending litigation, withdraws the Downs Proof of Claim in this Chapter 11 case and avoids any amendment of such claim, and provides for a release of all other potential claims among Downs, the Estate, the Trustee, and the Trustee's professionals.

14. For these reasons, the Settlement Agreement increases the value of the Estate's assets and reduces the burdens on the Estate. In the Trustee's professional judgment, the Court should approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## NOTICE

15. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice will include a definitive time in which any party will be required to file and serve an objection stating with specificity its objection.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to the Court in this case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the Settlement Agreement, because it is in the best interests of the Estate and its creditors.

51827342_1.DOCX

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Kevin M. Toner

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@ bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |

51827342_1.DOCX

| | | |
|---|---|---|
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |

51827342_1.DOCX

| | | |
|---|---|---|
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | |

   I further certify that on April 18, 2013, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Ashley S. Rusher
asr@blancolaw.com

              /s/ Kevin M. Toner