**Exhibit 1**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and among James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"); William O. Downs ("Willie Downs"); and Willie Downs Livestock, Inc. ("Downs Livestock," together with Willie Downs, "Downs"). The Debtor, the Estate, the Trustee, Downs Livestock, and Downs are collectively referred to as the "Parties," and each, a "Party."

### RECITALS

A.    Certain petitioning creditors commenced a chapter 11 case against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Doc. No. 110] on December 28, 2010.

B.    On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee [Doc. No. 98] pursuant to 11 U.S.C. § 1104.

C.    Downs Livestock historically engaged in certain livestock transactions involving the Debtor, for which Downs Livestock filed a proof of claim in this Chapter 11 Case in the amount of $56,000 [Claim No. 279] (the "Downs Proof of Claim").

D.    On March 22, 2011, the Trustee commenced adversary proceeding no. 11-59086 (the "Adversary Proceeding") against Willie Downs asserting preference and fraudulent transfer claims and seeking recovery in connection with the transfer of roughly $1 million worth of checks made payable to the Debtor. On September 26, 2011, the Trustee amended his complaint to add defendants Bluegrass Stockyards, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Richmond, LLC, and Laurel Livestock Market, Inc. (the "Adversary Defendants"). Willie Downs filed an answer in which he denied all liability and wrongdoing.

E.    The Parties desire to resolve and settle all issues, disputes, claims, and causes of action between and among Downs, the Trustee, the Debtor and the Estate without resorting to further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action as set forth below.

### AGREEMENT

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five business days following execution of this Settlement Agreement, the Trustee will file with the

Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court will be referred to herein as the "Effective Date." The Parties will file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties will, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. Notice of the Settlement Motion will be served as provided in Bankruptcy Rule 2002, except insofar as time is shortened by order of the Court as allowed under Bankruptcy Rule 9006(c)(1).

2. Settlement. Within fourteen days of the Effective Date, Downs will pay $10,000 to the Trustee for the benefit of the Estate (the "Downs Payment").

3. Representation. Downs expressly represents and warrants that neither Willie Downs nor Downs Livestock has had a material change in or transfer of assets since the Petition Date, except for transactions made by Downs or Downs Livestock in the ordinary course of business or financial affairs of their businesses or made according to ordinary business terms.

4. Dismissal of Adversary Proceeding. The Trustee is entering into settlement agreements with each of the Adversary Defendants. Within a reasonable time after obtaining the Downs Payment and after receiving the Court approvals in connection with the Trustee's settlements with the Adversary Defendants, the Parties and the Adversary Defendants will cooperate to file all papers necessary to dismiss the Adversary Proceeding in its entirety.

5. Mutual Releases. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date:

    (a) Downs and its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and the respective officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents or subsidiaries, affiliates, predecessors, successors and assigns of each of the Debtor, the Estate, and the Trustee individually and in his capacity as chapter 11 trustee for the Estate from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the date of this Settlement Agreement.

    (b) The Debtor, the Estate, and the Trustee and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates,

predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Downs and also solely in their representative capacities, its officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising under or in any way related to the Adversary Proceeding, the Chapter 11 Case, the Estate, and the Debtor.

6. Effect of Releases and Satisfaction of Claims. Consistent with the releases set forth in Section 4 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Downs will be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to the Downs Proof of Claim. Notwithstanding any of the releases set forth herein, nothing in the Settlement Agreement will release the Parties from their obligations under the Settlement Agreement.

7. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

8. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

9. Each of the Parties Bears Own Costs. Each of the Parties agrees that it or he will bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

10. Successors and Assigns. This Settlement Agreement will inure to the benefit of the Parties and their respective heirs, affiliates and successors in interest.

11. Court Jurisdiction. The Court will retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

3

12. **Governing Law.** This Settlement Agreement will be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

13. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. **Counterparts; Facsimile Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed will constitute one agreement binding on all Parties. Signatures may be delivered by facsimile or electronic mail and such signatures will be binding upon the party delivering same as if they were originals.

15. **Severability.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

16. **Amendment.** This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

17. **No Admission of Fault or Liability.** This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

18. **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and there will be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the dates shown below.

WILLIAM O. DOWNS

Date: 4-12-2013    *William O. Downs* (signature)

WILLIE DOWNS LIVESTOCK, INC.

Date: 4-12-2013    By: *Willie Downs* (signature)
Printed Name: WILLIE DOWNS
Title: PRESIDENT

COUNSEL FOR DOWNS

Date: _____    By: *Andy Stosberg* (signature)
Printed Name: Andrew Stosberg
Title: Attorney for Downs

TRUSTEE'S COUNSEL

Date: 4/12/2013    By: *Kevin Toner* (signature)
Printed Name: KEVIN M. TONER
Title: Partner – Faegre Baker Daniels, LLP

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

Date: _____    By: _____
Printed Name: _____
Title: _____

5

DMS_US 51918590v1

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the dates shown below.

WILLIAM O. DOWNS

Date: 4-12-2013    *William O. Downs* (signature)

WILLIE DOWNS LIVESTOCK, INC.

Date: 4-12-2013    By: *Willie Downs* (signature)
Printed Name: WILLIE DOWNS
Title: PRESIDENT

COUNSEL FOR DOWNS

Date: _____    By: *Andw Stosby* (signature)
Printed Name: Andrew Stosberg
Title: Attorney for Downs

TRUSTEE'S COUNSEL

Date: 4/12/2013   By: (signature)
Printed Name: KEVIN M. TONER
Title: Partner - Faegre Baker Daniels, LLP

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

Date: 4/17/13    By: *James Knauer* (signature)
Printed Name: James Knauer
Title: Trustee

5

DMS_US 51918590v1