UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO APPROVE COMPROMISE OF CONTROVERSY BETWEEN EASTERN LIVESTOCK CO., LLC AND BLUEGRASS ENTITIES**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above captioned case ("Chapter 11 Case") for the estate of Eastern Livestock Co., LLC ("Debtor"), by counsel, moves this Court for an Order approving the proposed Settlement Agreement and Mutual Release and the related First Amendment to Settlement Agreement and Mutual Release, both attached as Exhibit 1 (together, the "Settlement Agreement"), with Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass South Livestock Market, LLC (collectively "Bluegrass"). The Settlement Agreement resolves all of the claims of Bluegrass against the Debtor's estate and all of the claims of the Trustee against Bluegrass as well as other controversies and litigation pending in the Chapter 11 Case. In support of this motion, the Trustee says:

**Jurisdiction**

1.      Certain petitioning creditors commenced the above-captioned Chapter 11 case against the Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. This Court entered an *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010. On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee

[Dkt. No. 102] pursuant to 11 U.S.C. § 1104.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

### Settlement

2.     Bluegrass is a group of related companies involved with live cattle auctions.  Bluegrass filed proofs of claims in the Chapter 11 Case totaling $1,335,600.54 ("<u>Bluegrass Claims</u>").  Bluegrass also filed pleadings asserting claims to collected funds held in escrow by the Trustee ("<u>Escrow Funds</u>"), asserting claims to funds that are the subject of certain interpleader adversary proceedings ("<u>Interpleader Funds</u>"), and asserting claims against the Trustee and the Trustee's professionals ("<u>Removal Motions</u>"). Bluegrass also stated an intention to assert claims to certain monies preliminarily seized from a bank account in the name of Thomas Gibson at Your Community Bank ("<u>Seized Funds</u>").  Bluegrass is also an appellant in an appeal commenced in the United States District Court for the Southern District of Indiana on or about September 13, 2012 related to the denial of the Removal Motions ("<u>Appeal</u>").

3.     The Trustee filed a claim against Bluegrass in an adversary proceeding against Willie Downs and others (*see* Adv. Proc. No. 11-59086) ("<u>Adversary Proceeding</u>") seeking return of an estimated $702,000 that the Trustee asserts was a preferential transfer and/or a fraudulent transfer ("<u>Transfer Claim</u>").  Bluegrass disputed the claims of the Trustee in the Adversary Proceeding.

4.     Bluegrass, the Trustee, and other parties participated in a mediation session on October 9 and October 10, 2012 in Louisville, Kentucky.  As a result of that mediation and further negotiations, Bluegrass and the Trustee agreed to settle their disputes as summarized below and as fully set forth in the Settlement Agreement attached hereto as <u>Exhibit 1</u>, the terms

of which Settlement Agreement shall control over any terms to the contrary stated in this Motion or subsequent court Order approving this Motion.

5. Under the proposed Settlement Agreement, Bluegrass will withdraw and waive distribution on all claims and causes of action against the Debtor's estate, the Trustee, and the Trustee's Professionals including but not limited to the Proofs of Claim, the Seized Funds, the Escrow Funds, the Interpleader Funds, the Removal Motions and the Appeal.  The Trustee will withdraw and release the Transfer Claim and any other claims that the Trustee or the Estate might have, if any, against Bluegrass.  Bluegrass and the Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, direct or indirect, related to the Chapter 11 Case.  The Settlement Agreement expressly reserves all claims that Bluegrass may assert against parties that are not Released Parties in connection with the amounts evidenced by its Proofs of Claim and other claimed damages, including but not limited to direct claims between Bluegrass and Fifth Third Bank and direct claims Bluegrass may have against parties that are not Released Parties.  The Settlement Agreement does not obligate the Trustee to indemnify Bluegrass or any other party in this Chapter 11 case regarding any reserved claims.  The Settlement Agreement also does not affect any right that Bluegrass may have to receive payment on the claims it has filed against the Debtor's USDA bond.

6. The settlement will provide significant benefits to the estate and its creditors.  The settlement will reduce the total amount of unsecured claims in the Chapter 11 Case, thus increasing any percentage payment to the remaining unsecured claims.  The settlement will

resolve contentious litigation.  The settlement will also remove obstacles to distributing certain Escrow Funds, Interpleader Funds, and Seized Funds in accordance with the Chapter 11 Plan.

7. The proposed settlement will be effective upon the entry of a final, non-appealable order ("<u>Effective Date</u>").  The Trustee has agreed that pending the Effective Date, the Trustee will continue to hold in escrow the amount of $49,176.37 received from the Trustee's settlement with Heritage Feeders, L.P. (*See Motion to Approve Compromise of Controversy Between Eastern Livestock Co., LLC and Heritage Feeders, L.P.* [Dkt. No. 1466]; *Agreed Entry regarding Motion to Approve Compromise between Eastern Livestock Co., LLC and Heritage Feeders, L.P. [Dkt. No. 1522]*).  Those funds are related to the sale of 72 head of cattle by Debtor to Heritage Feeders, L.P., that Bluegrass Stockyards, LLC ("<u>BG Lexington</u>") asserts were purchased through one of its auctions ("<u>Heritage Escrow</u>").  If the Settlement Agreement between Bluegrass and the Trustee is not approved, the Trustee has agreed that BG Lexington would have 30 days from the entry of an order denying this Motion within which to amend the current contested matter involving certain of the Bluegrass companies and the Trustee related to cattle sale proceeds (the "<u>Contested Matter</u>") and assert an interest in the Heritage Escrow.  This agreement by the Trustee is not an admission of any kind that the claim against the Heritage Escrow is valid.  On the Effective Date, all claims of BG Lexington to the Heritage Escrow will be waived and released.  This agreement between the Trustee and BG Lexington as to the Heritage Escrow is set forth here for informational purposes and is not contingent on this Motion being approved.

8. The Trustee has agreed that, through and including May 8, 2013, the Trustee will hold in escrow the amount of $32,355.13 (the "<u>C&M Funds</u>")  received from the Trustee's settlement with C&M Cattle (*See Motion to Approve Compromise and Settlement with C&M*

51975584_1.DOCX                                                  4

*Cattle* [Dkt. No. 1626]; related Agreed Entries [Dkt Nos. 1716, 1904). Those funds are related to the sale of 70 head of cattle by Debtor to C&M Cattle that BG Lexington asserts were purchased through one of its auctions ("C&M Escrow"). The Trustee has also agreed that in the event the settlement between Bluegrass and the Trustee were not approved, then BG Lexington would have through Wednesday, May 8, 2013 to amend the Contested Matter and assert an interest in the C&M Escrow, and if such an amendment is made, that the Trustee shall continue to hold the C&M Funds in the C&M Escrow. This agreement by the Trustee is not an admission of any kind that the claim against the C&M Escrow is valid. This agreement between the Trustee and BG Lexington as to the C&M Escrow is set forth here for informational purposes and is not contingent on this Motion being approved.

9. The Trustee has further agreed that, to the extent necessary, the May 8, 2013 deadline relating to the C&M Escrow described in paragraph 8 shall be extended until such time as an order is entered by this Court approving or denying the Settlement Agreement. If the Settlement Agreement is not approved, the Trustee has agreed that BG Lexington would have 30 days from the entry of an order denying this Motion to amend the Contested Matter and assert an interest in the C&M Escrow. On the Effective Date, all claims of BG Lexington to the C&M Escrow will be waived and released.

10. The Trustee has participated in the negotiations with Bluegrass and has reviewed Exhibit 1. In the Trustee's professional judgment, the proposed compromise set forth in Exhibit 1 is in the best interests of the estate and the creditors of the estate.

## BRIEF IN SUPPORT

**A.   The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

11. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

12. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

13. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

14. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

15. The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interests of the Debtor and its estate. As set forth in Exhibit 1, the Settlement Agreement resolves pending litigation, facilitates prompt implementation of the Chapter 11 Plan, helps coordinate the efficient distribution of the Seized Funds, resolves further controversy over distribution of certain purchase money funds now held in escrow by the Trustee, waives any distribution from the Estate on Bluegrass' proofs of claim, and achieves releases of claims among Bluegrass, the estate, the Trustee, and the Trustee's professionals, while preserving fully all claims Bluegrass asserts against parties that are not Released Parties.

16. For these reasons, the Settlement Agreement maximizes the value of the estate's assets and minimizes the burden to the estate. The Court should therefore approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## NOTICE

17. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in

which any party will be required to file and serve an objection stating with specificity its

objection.

## NO PRIOR REQUEST

18.    No prior motion for the relief requested herein has been made to the Court in this

case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully request that this Court enter an order

approving the Settlement Agreement, as it is in the best interests of the Estate and its creditors.

                Respectfully submitted,

                FAEGRE BAKER DANIELS LLP


                By: /s/ Harmony Mappes

Terry E. Hall (#22041-49)        *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April __, 2013, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |

51975584_1.DOCX                 9

| | | |
|---|---|---|
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | |

/s/ Harmony Mappes