**Exhibit 1**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of October ___, 2012 by and between James A. Knauer as chapter 11 trustee ("Trustee") for Eastern Livestock Co., LLC ("Debtor") and Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass South Livestock Market, LLC ("collectively, Bluegrass"). The Trustee and Bluegrass are collectively referred to as the "Parties."

### Recitals

A.  Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  Thomas P. Gibson ("Gibson") was the principal of the Debtor. Gibson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Gibson Case") with the Court on December 1, 2010. Kathryn Pry is the duly appointed and acting chapter 7 trustee (the "Gibson Trustee") in the Gibson Case. Bluegrass has asserted claims in the Gibson Case.

D.  The Trustee and the Gibson Trustee all assert interests in $4,700,000 in funds (the "Seized Funds") that have been seized from a Gibson controlled bank account at Your Community Bank by the Department of Justice/United States Attorney for the Western District of Kentucky ("US Attorney").

E.  Bluegrass has been an active participant in the Chapter 11 Case and has asserted various claims against Debtor, the Trustee, and the Trustee's professionals. On or about September 13, 2012, Bluegrass filed a notice of appeal from an order of the Court denying a motion filed by Bluegrass to remove the Trustee, commencing an appeal to the United States District Court (the "Appeal").

F.  The Trustee initiated an adversary proceeding in the Chapter 11 Case and asserts various claims against Bluegrass (the "Adversary").

G.  Bluegrass has asserted claims to certain escrowed funds and to monies in certain interpleader actions in the Chapter 11 case ("Contested Matters").

H.  Bluegrass, the Trustee and various other parties participated in a Court-authorized two-day mediation session on October 9th and October 10th, 2012 in Louisville, Kentucky. As a

BDDB01 9510570v2

result of that mediation, the Parties have agreed to settle their disputes as more fully set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes final and non-appealable shall be referred to herein as the "Effective Date". The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. Waiver of Claims, Dismissal/Withdrawal of all Adversary Proceedings, Appeals and Contested Matters. Within ten (10) days of the Effective Date, the Parties shall file all pleadings necessary to waive, dismiss or withdraw with prejudice any and all claims, including all proofs of claim, appeals, litigation and proceedings pending between the Parties, including without limitation the Appeal, the Adversary Proceeding and the Contested Matters. Such withdrawal and waiver of claims by Bluegrass includes any and all claims of Bluegrass to the Seized Funds. At the request of the Trustee, Bluegrass shall promptly withdraw any motion or objection previously filed in the Chapter 11 Case or the Appeal. From and after execution of this Settlement Agreement and pending the Effective Date, Bluegrass will not file any motion, objection or other pleading in or related to the Chapter 11 Case without the consent of Trustee. Pending the Effective Date, the Parties will continue and request the Court to extend any and all pleading or other deadlines in the Adversary, the Appeal and the Contested Matters.

3. Mutual Release. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys and professionals, insurers, agents and affiliates, predecessors, successors and assigns (collectively the "Released Parties") from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement (the "Released Claims"). The Released Claims include any and all claims or objections asserted by Bluegrass as to the Trustee and/or his counsel's qualifications to serve as Trustee and/or counsel in the Chapter 11 Case. The Released Claims do not include any claims held by Bluegrass in their respective individual capacities that they now assert or may in the future assert directly against Fifth Third Bank,

which are expressly preserved. The withdrawal or waiver of any proof of claim or right to any distribution from the Estate shall not act to release any claims held by Bluegrass in their individual capacities directly against Fifth Third Bank or any party that is not a Released Party..

       4.       <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

       5.       <u>Qualification: Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

       6.       <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

       7.       <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

       8.       <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

       9.       <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

       10.       <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

       11.       <u>Counterparts: Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

       12.       <u>Severability</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

14. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the ____ day of October, 2012.

[Remainder of page intentionally left blank. Signature page to follow.]

BLUEGRASS STOCKYARDS, LLC

By: _____

Printed Name: Jim Akers

Title: COO

BLUEGRASS STOCKYARDS OF CAMPBELLSVILLE, LLC

By: _____

Printed Name: Jim Akers

Title: COO

BLUEGRASS STOCKYARDS EAST, LLC

By: _____

Printed Name: Jim Akers

Title: COO

BLUEGRASS-MAYSVILLE STOCKYARDS, LLC

By: _____

Printed Name: Jim Akers

Title: COO

BDDB01 9510570v2

BLUEGRASS STOCKYARDS OF RICHMOND, LLC

By: _[signature]_

Printed Name: Jim Akers

Title: COO

BLUEGRASS SOUTH LIVESTOCK MARKET, LLC

By: _[signature]_

Printed Name: Jim Akers

Title: COO

COUNSEL FOR THE ABOVE BLUEGRASS ENTITIES

By: _[signature]_

Printed Name: Laura Day DelCotto

Title: Counsel for Bluegrass Entities

_[signature]_
James A. Knauer as Chapter 11 Trustee for Eastern Livestock Co., LLC

COUNSEL FOR TRUSTEE

By: _[signature]_

Printed Name: Terry Hall

Title: Faegre Baker Daniels LLP, Counsel for the Trustee

BDDB01 9510570v2

# FIRST AMENDMENT TO SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This First Amendment to Settlement Agreement and Mutual Release (the "Amendment") is made by and among James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"); Bluegrass Stockyards, LLC; Bluegrass Stockyards of Campbellsville, LLC; Bluegrass Stockyards East, LLC; Bluegrass-Maysville Stockyards, LLC; Bluegrass Stockyards of Richmond, LLC; and Bluegrass South Livestock Market, LLC (collectively, "Bluegrass"). The Debtor, the Estate, the Trustee, and Bluegrass are collectively referred to as the "Parties," and each, a "Party."

## RECITALS

A.   On or about November 2, 2012, the Parties executed a certain Settlement Agreement and Mutual Release ("Settlement Agreement") resolving and settling all issues, disputes, claims and causes of action between and among the Parties.

B.   The Parties desire to clarify and amend the release contained in the Settlement Agreement to expressly cover certain Bluegrass affiliates and to clarify the intended scope of the release.

## AGREEMENT

In consideration of the foregoing Recitals, the Parties agree as follows:

1.   The language contained in paragraph 2 herein supplements and clarifies paragraph 3 of the Settlement Agreement. The Settlement Agreement otherwise remains unchanged and in full force and effect, and all other provisions in the Settlement Agreement apply as if fully restated herein. All capitalized terms not otherwise defined in this Amendment have the same meaning given to those terms in the Settlement Agreement.

2.   **Mutual Releases.** The following language shall be added at the end of paragraph 3 of the Settlement Agreement to supplement said paragraph:

(a)   The Released Claims released by the Trustee (the "Trustee Released Claims") expressly include a release of the following individuals and entities as to their interactions with Eastern Livestock on or before the Petition Date: The Animal Hospital, Eric Barber, Scott Bucher, Eugene Barber and Sons, Inc., Eugene Barber and Sons Livestock Co., Inc., Peoples Bank of Kentucky, Inc., S&B Cattle Co., S&B Farm, Taylor County Stockyard, and Cornelison Farm Service, LLC, and Farm Credit Services of Mid America. The Trustee Released Claims also include any claims that the Trustee may have against Willie Downs. Notwithstanding the above, the Trustee Released Claims expressly do not include any actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising under

or in any way related to Adversary Proceeding No. 12-59096 or to *Knauer v. Phillips, et al.*, Cause No. 88C01-1210-MF-000740, Circuit Court, Washington County, Indiana, neither of which legal proceeding involves Bluegrass.

3. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Amendment.

4. Qualification; Authority. Each individual executing this Amendment on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Amendment on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Amendment to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Amendment.

5. Counterparts; Facsimile Delivery. This Amendment may be executed in several counterparts, and all so executed will constitute one agreement binding on all Parties. Signatures may be delivered by facsimile or electronic mail and such signatures will be binding upon the party delivering same as if they were originals.

[Remainder of page intentionally left blank. Signatures begin on the next page.]

2

IN WITNESS WHEREOF, the Parties have executed this Amendment as of the dates shown below.

BLUEGRASS STOCKYARDS, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

BLUEGRASS STOCKYARDS OF CAMPBELLSVILLE, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

BLUEGRASS STOCKYARDS EAST, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

BLUEGRASS-MAYSVILLE STOCKYARDS, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

BLUEGRASS STOCKYARDS OF RICHMOND, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

3

BLUEGRASS SOUTH LIVESTOCK MARKET, LLC

Date: 4-22-2013

By: *[signature]*

Printed Name: Gene Barber

Title: Manager

COUNSEL FOR BLUEGRASS

Date: _____

By: *[signature]*

Printed Name: Laura Day DelCotto

Title: Counsel for Bluegrass parties

TRUSTEE'S COUNSEL

Date: _____

By: *[signature]*

Printed Name: KEVIN M. TONER

Title: Counsel for Trustee James Knauer

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

Date: _____

By: _____

Printed Name: _____

Title: _____

4

DMS_US 51953407v1

**BLUEGRASS SOUTH LIVESTOCK MARKET, LLC**

Date: 4-22-2013

By: _/s/ Gene Barber_

Printed Name: Gene Barber

Title: Manager

**COUNSEL FOR BLUEGRASS**

Date: _____

By: _/s/ Laura Day DelCotto_

Printed Name: Laura Day DelCotto

Title: Counsel for Bluegrass parties

**TRUSTEE'S COUNSEL**

Date: _____

By: _/s/ Kevin M. Toner_

Printed Name: KEVIN M. TONER

Title: Counsel for Trustee James Knauer

**JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY**

Date: 4/22/13

By: _/s/ James Knauer_

Printed Name: James Knauer

Title: Trustee

4

DMS_US 51953407v1