UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> EASTERN LIVESTOCK CO., LLC, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> JAMES A. KNAUER, CHAPTER 11 ) <br> TRUSTEE OF EASTERN LIVESTOCK ) <br> CO., LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOBIN M. PARKER, individually and ) <br> d/b/a TOBIN M. PARKER INTERESTS, ) <br> PAINT ROCK CATTLE MANAGEMENT, ) <br> LLC, ) <br> PAINT ROCK CATTLE COMPANY, LP, ) <br> and ) <br> PLATEAU PRODUCTION COMPANY, ) <br> ) <br> Defendants. ) | Case No. 10-93904-BHL-11 <br><br><br><br><br><br><br><br> Adv. Proc. No. |

## **COMPLAINT**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his Complaint against Tobin M. Parker, individually and d/b/a Tobin M. Parker Interests, Paint Rock Cattle Management, LLC, Paint Rock Cattle Company, LP, and Plateau Production Company (collectively "Defendants") states as follows:

**Jurisdiction and Parties**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief

2

under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Tobin M. Parker ("Parker") is a Texas resident, residing in Kerrville, Texas with a mailing address of P.O. Box 290099, Kerrville, Texas 78029-0099.

11. Parker is a "person" as defined in Section 101(41) of the Bankruptcy Code.

12. At all relevant times material hereto, Parker did business as Tobin M. Parker Interests.

13. Paint Rock Cattle Management, LLC is a Texas limited liability company.

14. Paint Rock Cattle Management, LLC is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

15. Paint Rock Cattle Company, LP is a Texas limited partnership.

16. Paint Rock Cattle Company, LP is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

17. Parker is the general partner of Paint Rock Cattle Company, LP.

3

18. Plateau Production Company is a Texas corporation with an office at P.O. Box 290099, Kerrville, Texas 78029-0099.

19. Plateau Production Company is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

## 103K Note

20. On or about May 30, 2009, Defendant, Parker, individually, and on behalf of Tobin M. Parker Interests, Paint Rock Cattle Management, LLC, Paint Rock Cattle Company, LP, and Plateau Production Company, executed and delivered to ELC a Promissory Note whereby the Defendants promised to pay to ELC the original principal sum of $103,562.23 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the prime rate per annum ("103K Note"). A true and accurate copy of the unexecuted 103K Note is attached hereto as **Exhibit A**.

21. The Trustee is entitled to enforce the payment of the 103K Note on behalf of the bankruptcy estate of ELC.

22. As of the date of the filing of this Complaint, the Trustee has been unable to obtain possession of a fully executed copy of the 103K Note at no fault of the Trustee.

23. The 103K Note is payable "ON DEMAND", and the Trustee hereby demands payment of the 103K Note with interest.

4

24. Pursuant to the demand, the 103K Note has matured and the entire 103K Note Balance (as defined below) is immediately due and payable.

25. As of April 19, 2013, the amount due and owing to ELC under the 103K Note is a current principal balance of $103,562.23, accrued interest of $17,348.84, totaling $120,911.07, plus all interest accruing after April 19, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "103K Note Balance").

### 97K Note

26. On or about May 30, 2009, Defendant, Parker, individually, and on behalf of Tobin M. Parker Interests, Paint Rock Cattle Management, LLC, Paint Rock Cattle Company, LP, and Plateau Production Company, executed and delivered to ELC a Promissory Note whereby the Defendants promised to pay to ELC the original principal sum of $97,000.00 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the prime rate per annum ("97K Note"). A true and accurate copy of the unexecuted 97K Note is attached hereto as **Exhibit B**.

27. The Trustee is entitled to enforce the payment of the 97K Note on behalf of the bankruptcy estate of ELC.

28. As of the date of the filing of this Complaint, the Trustee has been unable to obtain possession of a fully executed copy of the 97K Note at no fault of the Trustee.

29. The 97K Note is payable "ON DEMAND", and the Trustee hereby demands payment of the 97K Note with interest.

5

30. Pursuant to the demand, the 97K Note has matured and the entire 97K Note Balance (as defined below) is immediately due and payable.

31. As of April 19, 2013, the amount due and owing to ELC under the 97K Note is a current principal balance of $97,000.00, accrued interest of $16,249.52, totaling $113,249.52, plus all interest accruing after April 19, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "97K Note Balance").

## COUNT I – COMPLAINT ON 103K NOTE

32. The Trustee incorporates the preceding paragraphs by reference.

33. Defendants are in default of payment of the 103K Note for failure to pay upon demand as described above.

34. The Trustee demands immediate payment in full.

35. Defendants have failed or neglected to pay the indebtedness as evidenced by the 103K Note.

36. As a result of Defendants' default, ELC has suffered damages.

37. All conditions precedent to the Trustee's claims in this Count I have been performed, have occurred, or have been excused.

## COUNT II – COMPLAINT ON 97K NOTE

38. The Trustee incorporates the preceding paragraphs by reference.

39. Defendants are in default of payment of the 97K Note for failure to pay upon demand as described above.

40. The Trustee demands immediate payment in full.

41.     Defendants have failed or neglected to pay the indebtedness as evidenced by the 97K Note.

42.     As a result of Defendants' default, ELC has suffered damages.

43.     All conditions precedent to the Trustee's claims in this Count II have been performed, have occurred, or have been excused.

## COUNT III – RECOVERY ON LOANS AND ADVANCES

44.     This Count III is in the alternative to Counts I and II.

45.     The Trustee incorporates the preceding paragraphs by reference.

46.     On or about May 30, 2009, ELC made certain loans and advances to Defendants or made payments on Defendants' behalf, which Defendants agreed to repay to ELC.

47.     Defendants have failed to repay all amounts that ELC has advanced and/or paid on the Defendants' behalf.

48.     The Trustee demands immediate payment in full of all amounts due and owing for such unpaid loans, advances, and payments.

49.     The outstanding balance of loans and advances that ELC made to Defendants and/or payments made on behalf of the Defendants is an amount not less than $200,562.23, plus interest thereon.

50.     All conditions precedent to the Trustee's claims in this Count III have been performed, have occurred, or have been excused.

51.     The Trustee is entitled to recover the outstanding balance from the Defendants, plus interest.

## **COUNT IV – UNUST ENRICHMENT**

52. This Count IV is in the alternative to Counts I through III.

53. The Trustee incorporates the preceding paragraphs by reference.

54. As described above, ELC made certain loans and advances to Defendants, which Defendants agreed to repay ELC.

55. ELC conferred a benefit on Defendants by advancing funds and expenses to Defendants and/or by making payments on behalf of Defendants.

56. ELC advanced the funds and/or made the payments on behalf of Defendants at Defendants' request.

57. Defendants have failed to repay all amounts that ELC has advanced and paid on Defendants' behalf.

58. Defendants have been unjustly enriched, to the detriment of the Debtor, in an amount not less than $200,562.23, plus interest thereon.

59. Plaintiff is entitled to recover an amount of no less than $200,562.23 from Defendants, plus interest thereon.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

## **ON COUNT I**

A. Enter judgment against Defendants, jointly and severally, in the amount of the 103K Note Balance, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 103K Note;

B.	Award the Trustee costs and attorneys' fees as provided in the 103K Note and by law;

## ON COUNT II

C.	Enter judgment against Defendants, jointly and severally, in the amount of the 97K Note Balance, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 97K Note;

D.	Award the Trustee costs and attorneys' fees as provided in the 97K Note and by law;

## ON COUNT III

E.	Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff on Count III in an amount of not less than $200,562.23;

## ON COUNT IV

F.	Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff on Count IV in an amount of not less than $200,562.23;

G.	Enter judgment against Defendants in an amount commensurate with the extent to which Defendants have been unjustly enriched to the detriment of ELC;

## ON ALL CLAIMS FOR RELIEF

H.	Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

I.	Fees and costs incurred by the Trustee in this suit; and

J.	Such other and further relief as is necessary and proper.

9

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
(317) 692-9000 Phone
(317) 777-7428 Fax