UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES A. KNAUER, CHAPTER 11 | ) | |
| TRUSTEE OF EASTERN LIVESTOCK CO., | ) | |
| LLC | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN N. KITCHENS a/k/a | ) | |
| STEVE KITCHENS d/b/a BUCKHORN | ) | |
| CATTLE, | ) | |
| | ) | |
| Defendant. | | |

**COMPLAINT**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his Complaint against Stephen N. Kitchens a/k/a Steve Kitchens d/b/a Buckhorn Cattle states as follows:

**Jurisdiction and Parties**

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Stephen N. Kitchens a/k/a Steve Kitchens d/b/a Buckhorn Cattle is an individual residing at 156 Riverchase Drive, Hendersonville, Tennessee 37075-5826 ("Kitchens" or "Defendant").

11. Kitchens is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

12. At all relevant times material hereto, Defendant was doing business as Buckhorn Cattle and was a vendor, supplier, or otherwise maintained business relationship with ELC or its affiliates.

### Note

13. On or about January 15, 2008, the Defendant executed and delivered to ELC a Promissory Note whereby the Defendant promised to pay to ELC the original principal sum of $116,004.24 ("Note").

14. The Note was further evidenced by certain documents including, but not limited to an accounting attached hereto as Exhibit "A".

15. The Trustee is entitled to enforce the payment of the Note on behalf of the bankruptcy estate of ELC.

16. As of the date of the filing of this Complaint, the Trustee has been unable to obtain possession of the Note at no fault of the Trustee.

17. The Note is payable on demand pursuant to Indiana Code Section 26-1-3.1-108(a)(2), and the Trustee hereby demands payment of the Note with interest.

18. Pursuant to the demand, the Note has matured and the entire Note Balance (as defined below) is immediately due and payable.

19. As of April 22, 2013, the amount due and owing to ELC under the Note is a principal balance of $116,004.24 plus all interest accruing after January 15, 2008, and all expenses and attorneys' fees incurred by the Trustee ("Note Balance").

### COUNT I –NOTE

20. The Trustee incorporates the preceding paragraphs by reference.

3

21. The Defendant has not paid any part of the Note or the interest due thereon.

22. The Defendant is in default of payment of the Note for failure to pay as described above.

23. The Trustee demands immediate payment in full.

24. The Defendant has failed or neglected to pay the indebtedness as evidenced by the Note.

25. As a result of the Defendant's default, ELC has suffered damages.

26. All conditions precedent to the Trustee's claims in this Count I have been performed, have occurred, or have been excused.

## COUNT II – RECOVERY ON LOANS AND ADVANCES

27. This Count II is in the alternative to Count I.

28. The Trustee incorporates the preceding paragraphs by reference.

29. On or about January 15, 2008, ELC made certain loans and advances to Defendant or made payments on Defendant's behalf, which Defendant agreed to repay to ELC.

30. The Defendant has failed to repay all amounts that ELC has advanced to him and/or paid on his behalf.

31. The Trustee demands immediate payment in full of all amounts due and owing for such unpaid loans, advances, and payments.

32. The outstanding balance of loans and advances that ELC made to Defendant and/or payments made on behalf of the Defendant is an amount not less than $116,004.24, plus interest thereon.

4

33. All conditions precedent to the Trustee's claims in this Count II have been performed, have occurred, or have been excused.

34. The Trustee is entitled to recover the outstanding balance from the Defendant, plus interest.

## COUNT III – UNUST ENRICHMENT

35. This Count III is in the alternative to Counts I and II.

36. The Trustee incorporates the preceding paragraphs by reference.

37. As described above, ELC made certain loans and advances to Defendant, which the Defendant agreed to repay ELC.

38. ELC conferred a benefit on Defendant by advancing funds to Defendant and/or by making payments on behalf of Defendant.

39. ELC advanced the funds to the Defendant and/or made the payments on behalf of Defendant at the Defendant's request.

40. The Defendant has failed to repay all amounts that ELC has advanced and/or paid on Defendant's behalf.

41. The Defendant has been unjustly enriched, to the detriment of the Debtor, in an amount not less than $116,004.24, plus interest thereon.

42. Plaintiff is entitled to recover an amount of no less than $116,004.24 from Defendant, plus interest thereon.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendant as follows:

## ON COUNT I

A. Enter judgment against Defendant in the amount of the Note Balance, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the Note;

B. Award the Trustee costs and attorneys' fees as provided in the Note and by law;

## ON COUNT II

C. Enter judgment against Defendant and in favor of Plaintiff on Count II in an amount of not less than $116,004.24;

## ON COUNT III

D. Enter judgment against Defendant and in favor of Plaintiff on Count III in an amount of not less than $116,004.24;

E. Enter judgment against Defendant in an amount commensurate with the extent to which the Defendant has been unjustly enriched to the detriment of ELC;

## ON ALL CLAIMS FOR RELIEF

F. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

G. Fees and costs incurred by the Trustee in this suit; and

H. Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49

                                        Amanda D. Stafford, Attorney No. 30869-49
                                        Counsel for James A. Knauer, Trustee
                                        111 Monument Circle, Suite 900
                                        Indianapolis, Indiana  46204-5125
                                        (317) 692-9000 Phone
                                        (317) 777-7428 Fax