UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| EASTERN LIVESTOCK CO., LLC, | Case No. 10-93904-BHL-11 |
| Debtor. | |

**LIMITED OBJECTION TO MOTION TO APPROVE AGREEMENT
FOR JOINT PROSECUTION AND SHARED RECOVERY**

Defendant Monty Koller objects to the Motion to Approve Agreement for Joint Prosecution and Shared Recovery Between Gibson Trustee and ELC Trustee Regarding Prosecution of Claims Against Monty Koller (the "Prosecution Motion"). [Dkt. 2052] In support of his objection, Mr. Koller states as follows:

**Introduction**

Mr. Koller has been sued by two different bankruptcy trustees to avoid and recover the same alleged transfers. On November 30, 2012, Kathryn Pry, as Chapter 7 Trustee in *In re Gibson*, No. 10-93867 (the "Gibson Trustee") filed *Pry v. Koller*, Adv. No. 12-59104 (the "Koller/Pry Adversary"). In the Koller/Pry Adversary, the Gibson Trustee seeks to avoid alleged fraudulent conveyances made in 2010 and recover the sum of $546,000.00 from Mr. Koller as the initial transferee. Mr. Koller answered denying liability and filed a motion to withdraw the reference on January 2, 2013. The Gibson Trustee has consented to that motion.

On December 22, 2012, James A. Knauer, as chapter 11 trustee (the "ELC Trustee," collectively with the Gibson Trustee, the "Trustees") for the debtor, Eastern Livestock Co., LLC (the "Debtor"), filed *Knauer v. Koller*, Adv. No. 12-59150 (the "Koller/Knauer Adversary"). In the Koller/Knauer Adversary, among other things, the ELC Trustee seeks to

1

avoid and recover the *same* $546,000.00 in allegedly fraudulent transfers from Mr. Koller.[1] Whereas the Gibson Trustee is pursuing Mr. Koller as an initial transferee of the transfers, the ELC Trustee is pursuing Mr. Koller solely as a subsequent transferee.[2] Mr. Koller filed a motion to dismiss, along with a motion to withdraw the reference, on February 14, 2013. Mr. Koller's pending motion to dismiss argues that the ELC Trustee cannot recover from Mr. Koller as a subsequent transferee until he avoids the prior transfers made to Mr. Gibson, which he has not attempted to do.

The ELC Trustee amended his complaint as a matter of right in an attempt to correct deficiencies in his original complaint. The Gibson Trustee moved for leave to amend her complaint to add new claims to avoid transfers allegedly made in 2009. Mr. Koller has objected to that motion based on the passing of the statute of limitations and the failure of the new claims to relate back to the original complaint.[3] That motion has been set for a hearing along with the Prosecution Motion in the Gibson AP.[4] Mr. Koller and the Trustees are attempting to establish a mediation procedure for these adversary proceedings.

The Prosecution Motion seeks authority for the ELC Trustee to enter into the Joint Prosecution and Shared Recovery Agreement ("Agreement"). *See* Dkt. 2052-1. The Trustees have agreed to share Litigation Materials (as defined in the Agreement), jointly prosecute their claims, and split any recovery. The Trustees attempt to prevent the Litigation Materials from losing any privileged status through disclosure.

---

[1] The ELC Trustee also seeks to recover $300,000 in transfers made in 2009. The Gibson Trustee has sought leave to amend her complaint to add new claims regarding these additional alleged transfers.
[2] The ELC Trustee has filed a proof of claim in *In re Thomas & Patsy Gibson*, Case No. 10-93867 (the "Gibson Bankruptcy"), alleging that ELC transferred to Gibson in excess of $1 billion in fraudulent transfers. *See* Gibson Bankruptcy, Claim 48-1.
[3] With the stay of pleadings in the ELC AP, Mr. Koller has not responded to the ELC Amended Complaint.
[4] *See* Koller/Pry Adversary, Dkt. 25.

2

Mr. Koller does not object to the Trustees working in concert toward a resolution of these cases. Both Trustees should be involved in any settlement efforts.[5] However, the Trustees should not be allowed to benefit from the viable portion of their respective claims without being burdened with the deficiencies. Additionally, the Trustees should not be allowed to broaden attorney-client privilege and the work-product doctrine to cover unprotected Litigation Materials. To the extent that the Agreement and proposed order would impinge on Mr. Koller's various defenses and arguments, he objects.

## Argument

To the extent the Court would otherwise grant the motion, Mr. Koller respectfully requests that the Court tailor its order to ensure that a procedural ruling has no effect on the substantive defenses asserted by Mr. Koller in either case. For instance, Mr. Koller has asserted that the ELC Trustee's claims should be dismissed because he has not sought to avoid the transfers to the initial transferee. Mr. Gibson is the alleged initial transferee, and the ELC Trustee should not be permitted to argue that he has somehow solved or overcome the defense of failure to sue the initial transferee simply because he has agreed to prosecute the case with the initial transferee's bankruptcy trustee. Similarly, in the Koller/Pry Adversary, Mr. Koller is opposing the Gibson Trustee's efforts to add an additional $300,000 in purported transfers to her case after her statute of limitations expired. The Gibson Trustee should not be permitted to argue that she has somehow solved or overcome Mr. Koller's limitations defense simply because she has agreed to prosecute her case with a bankruptcy trustee who asserted those claims before his statute of limitations elapsed. The Trustees are seeking a mere procedural

---

[5] *See* ELC Trustee's Objection To Proposed Settlement By and Between [Gibson] Trustee and Agri Beef Co., Dkt. 681, Gibson Bankruptcy.

3

order, but that order should not be construed to deprive Mr. Koller of these substantive defenses.

Mr. Koller also objects to the Motion to the extent that it would constitute a blanket ruling, in advance, that communications between the Trustees are subject to the work product, attorney-client privilege, or common-interest doctrines. While they have agreed to prosecute their claims together, the Trustees are in fact substantive adversaries on matters that go to the heart of the issues in these cases. For instance, the ELC Trustee filed a proof of claim in the Gibson case alleging that ELC made not less than $1,135,045,746.83 allegedly fraudulent and/or preferential transfers.[6] These transfers are ostensibly the "initial transfers" that the ELC Trustee contends were subsequently made by to Mr. Koller. If Gibson had or has defenses to this claim, Mr. Koller—as a subsequent transferee—may be permitted to assert those defenses in his case. Inversely, the Gibson Trustee has filed a proof of claim in the ELC case asserting $18,075,872.64 in claims.[7] Communications between Trustees regarding claims against one another, potential objections thereto, and potential resolutions thereof, may very well be extremely relevant in either or both of these cases. Given the legally adversarial relationship between the Trustees, the common-interest and/or joint defense privilege may be inapplicable.[8] Mr. Koller is not requesting that the Court rule one way or the other on this issue at present, but requests that the Order contain an appropriate mechanism to permit Mr. Koller to challenge the assertion of any privilege by the Trustees on a case-by-case basis.

---

[6] *See* ELC Trustee's Proof of Claim, Claim 48-1, Gibson Bankruptcy.
[7] *See* Gibson Trustee's Proof of Claim, Claim 222-1, Case 10-93904-BHL-11.
[8] *See Eisenberg v. Gagnon*, 766 F.2d 770, 787–8 (3rd Cir. 1985) (discussing cases where the privilege becomes inapplicable due to the adversarial relationship); *In re Initial Pub. Offering Sec. Litig.*, 249 F.R.D. 457, 466 (S.D.N.Y. 2008) (denying the privilege even in the presence of an agreement because "such an agreement cannot manufacture a common interest *ipse dixit*").

4

**Conclusion**

  Mr. Koller agrees the Trustees should proceed under the Agreement during mediation. However, if mediation fails, Mr. Koller does not wish to have waived any objection or defense that he might have against the Trustees based on the substantive claims and the procedural issues. Mr. Koller files this limited objection to preserve his right to contest any asserted privilege and raise any available defense or argument. To the extent that the Agreement and proposed order approving it affect Mr. Koller, the Court should deny the Prosecution Motion.

May 7, 2013           Respectfully submitted,

               */s/ Brian H. Meldrum*
               Brian H. Meldrum
               W. Robert Meyer
               Brian R. Pollock
               STITES & HARBISON, PLLC
               400 West Market Street, Suite 1800
               Louisville, KY 40202
               Telephone: (502) 587-3400
               bmeldrum@stites.com
               rmeyer@stites.com
               bpollock@stites.com

               COUNSEL FOR MONTY KOLLER

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a copy of the foregoing to be filed via the Court's ECF system, which shall simultaneously cause electronic service to be made on all parties requesting such service in this proceeding.

- Kayla D. Britton kayla.britton@faegrebd.com, sharon.korn@faegrebd.com; sarah.herendeen@faegrebd.com

- Wendy W Ponader wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com

- U.S. Trustee ustpregion10.in.ecf@usdoj.gov

                                     */s/ Brian H. Meldrum*
                                     COUNSEL FOR MONTY KOLLER

927173:2:LOUISVILLE