UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

## MOTION TO COMPROMISE AND NOTICE OF OBJECTION DEADLINE
### (Bluegrass Entities)

The *Motion To Approve Compromise Of Controversy Between Eastern Livestock Co., LLC And Bluegrass Entities* (the "Motion") (Docket No. 2125) was filed by James A. Knauer, as chapter 11 trustee (the "Trustee") for the estate ("Estate") of Eastern Livestock Co., LLC (the "Debtor") on April 24, 2013 in the above-captioned Chapter 11 case (the "Chapter 11 Case").

The Motion seeks court approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, of the proposed compromise ("Settlement Agreement") with Bluegrass Stockyards, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards East, LLC, Bluegrass-Maysville Stockyards, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass South Livestock Market, LLC (collectively, "Bluegrass"). A summary of the Motion follows:

1. Bluegrass is a group of related companies involved with live cattle auctions. Bluegrass filed proofs of claims in the Chapter 11 Case totaling $1,335,600.54. Bluegrass also filed pleadings asserting claims to collected funds held in escrow by the Trustee ("Escrow Funds"), asserting claims to funds that are the subject of certain interpleader adversary proceedings ("Interpleader Funds"), and asserting claims against the Trustee and the Trustee's professionals ("Removal Motions"). Bluegrass also stated an intention to assert claims to certain monies preliminarily seized from a bank account in the name of Thomas Gibson at Your Community Bank ("Seized Funds"). Bluegrass is also an appellant in an appeal commenced in the United States District Court for the Southern District of Indiana on or about September 13, 2012 related to the denial of the Removal Motions ("Appeal").
2. The Trustee filed a claim against Bluegrass in an adversary proceeding against Willie Downs and others (*see* Adv. Proc. No. 11-59086) ("Adversary Proceeding") seeking return of an estimated $702,000 that the Trustee asserts was a preferential transfer and/or a fraudulent transfer ("Transfer Claim"). Bluegrass disputed the claims of the Trustee in the Adversary Proceeding.
3. Under the proposed Settlement Agreement, Bluegrass will withdraw and waive distribution on all claims and causes of action against the Debtor's estate, the Trustee, and the Trustee's Professionals including but not limited to the Proofs of Claim, the Seized Funds, the Escrow Funds, the Interpleader Funds, the Removal Motions and the Appeal. The Trustee will withdraw and release the Transfer Claim and any other claims that the Trustee or the Estate might have, if any, against Bluegrass. Bluegrass and the Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, direct or indirect, related to the Chapter 11 Case. The Settlement Agreement expressly reserves all claims that Bluegrass may assert against parties that are not Released Parties in connection with the amounts evidenced by its Proofs of Claim and other claimed damages, including but not limited to direct claims between Bluegrass and Fifth Third Bank and direct claims Bluegrass may have against parties that are not Released Parties. The Settlement Agreement does not obligate the Trustee to indemnify Bluegrass or any other party in this Chapter 11 case regarding any reserved claims. The Settlement Agreement also does

      not affect any right that Bluegrass may have to receive payment on the claims it has filed against the Debtor's USDA bond.

4. The settlement will provide significant benefits to the estate and its creditors. The settlement will reduce the total amount of unsecured claims in the Chapter 11 Case, thus increasing any percentage payment to the remaining unsecured claims. The settlement will resolve contentious litigation. The settlement will also remove obstacles to distributing certain Escrow Funds, Interpleader Funds, and Seized Funds in accordance with the Chapter 11 Plan.

NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **21 days** from date of service (May 30, 2013). Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

> Clerk, U.S. Bankruptcy Court
> 110 U.S. Courthouse
> 121 W. Spring St.
> New Albany, IN 47150

The objecting party must ensure delivery of the objection to the party filing the motion. **If an objection is NOT timely filed, the requested relief may be granted without further hearing on the Trustee's Motion.**

WHEREFORE, the Trustee moves the Court for an order approving the compromise as filed in this matter.

                            FAEGRE BAKER DANIELS LLP

                            By: /s/ Harmony Mappes

Terry E. Hall (#22041-49)　　　　　　　　　*Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com