**<u>Exhibit 1</u>**

Case 10-93904-BHL-11   Doc 2152-1   Filed 05/10/13   EOD 05/10/13 15:35:47   Pg 1 of 11

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Settlement Agreement") is made by and among Robert Nichols, Jane Nichols, Nichols Livestock, and Jane, LLC (collectively, "Nichols Parties"); James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern"); Fifth Third Bank ("Fifth Third"); and Cactus Growers, Inc. ("Cactus"). Nichols Parties, the Trustee, Fifth Third, and Cactus are collectively referred to as the "Parties," and each, a "Party."

## Recitals

A.  Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Eastern on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James Knauer as Chapter 11 Trustee [Dkt. No. 98] pursuant to 11 U.S.C. § 1104.

C.  Fifth Third is the secured lender to Eastern, having extended credit both prior to and subsequent to the commencement of this Chapter 11 Case as set forth in that certain *Financing Order (I) Approving Chapter 11 Trustee Financing; (II) Authorizing Use of Cash Collateral and Obtaining Credit Pursuant to Sections 361, 363 and 364 of the Bankruptcy Code; (III) Modifying the Automatic Stay; (IV) Providing Adequate Protection; and (V) Sealing Certain Documents* [Dkt. No. 400] and the proof of claim filed by Fifth Third [Claim No. 13].

D.  Cactus is a cattle feedyard with its principal office in Amarillo, Texas. In early November of 2010, with numerous claimants demanding payment from Cactus for cattle it believed it had received from or through Eastern, Cactus joined and intervened in an interpleader in federal court in Texas initiated by Friona Industries, LP. On April 15, 2011, the interpleader action was transferred to the Court and remains pending with cause number, AP No. 11-59093 (the "Interpleader"). As it pertains to this Dispute (defined herein), Cactus initially interpleaded the remaining contract balance on its purchase contracts from Eastern, $104,929.84. Pursuant to the Court's May 3, 2012 order [Dkt. 435] Cactus interpleaded an additional $37,066.33 (together with the $104,929.84, the "Cactus Stake") so that there would be sufficient funds to satisfy any potential claims of Nichols Parties or other claimants.

E.  Nichols Parties initiated a lawsuit in state court in Oklahoma, which was removed by Cactus to federal court in Oklahoma, *Robert and Jane Nichols, d/b/a Nichols Livestock v. Cactus Growers, Inc. a/k/a Cactus Feeders, Inc.*, cause no. 5:11-cv-00114-F (the "Oklahoma Lawsuit") in which Nichols Parties sought payment from Cactus for 125 steers delivered to Cactus from Oklahoma on or about November 8, 2010 (the "125 Steers").

F.  Cactus filed an adversary proceeding against Nichols Parties, AP No. 11-59097 (the "Nichols Adversary"), seeking to enjoin Nichols Parties from violating the automatic stay by pursuing Nichols Parties in the Oklahoma Lawsuit. The Court issued an order in the Nichols Adversary staying the Oklahoma Lawsuit and ordering that the claims regarding the 125 Steers would be litigated in the Interpleader. [Dkt. 20, AP No. 11-59087.]

G.  Cactus filed a motion for summary judgment against Nichols Parties in the Interpleader. Nichols Parties filed a cross-motion for summary judgment. The Parties briefed the motions. The Court entered an Order. Fifth Third, the Trustee, Cactus, and the other two interpleading plaintiffs filed motions and/or briefs seeking amendment or reconsideration of the Order. Nichols Parties filed opposition papers. Court vacated the Order in response to representations by counsel that the Parties were close to resolving their disputes over the Cactus Stake. [Dkt. 524.]

H.  The Parties now desire to conclude and forever resolve their dispute over the proceeds for the 125 Steers (the "Dispute") and have agreed to settle upon the terms and conditions set forth in this Settlement Agreement in order to avoid the uncertainties and further expense of protracted litigation, and in order to resolve, foreclose, and bring finality to any and all claims relating to the Dispute.

**Agreement**

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five business days following execution of this Settlement Agreement, the Trustee will file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, will be referred to herein as the "Effective Date." The Parties will file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties will, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. Notice of the Settlement Motion will be served as provided in Bankruptcy Rule 2002, except insofar as time is shortened by order of the Court as allowed under Bankruptcy Rule 9006(c)(1).

2.  Settlement. Subject to and conditioned upon the occurrence of the Effective Date, Nichols Parties will receive $109,389.39 from the Cactus Stake (the "Settlement Amount"). Within five business days following the Effective Date, the Trustee will file a motion with the Court requesting that the Settlement Amount be released from the Cactus Stake, which is currently held in the Court's registry in connection with the Interpleader. The Parties will file such additional information as the Court may request in an effort to obtain release of the Settlement Amount from the Cactus Stake.

2

3.  Dismissal.  Within five business days of Nichols Parties' receipt of the Settlement Amount, the Parties will file all papers necessary to dismiss (a) the Nichols Adversary with prejudice, (b) the Oklahoma Lawsuit with prejudice, and (c) Nichols Parties from the Interpleader with prejudice.

4.  Releases.  In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date:

   (a)   Nichols Parties and their members, officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each of Eastern, the Eastern estate, the Trustee, Cactus, Fifth Third, and the respective officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents or subsidiaries, affiliates, predecessors, successors and assigns of each of Eastern, the Eastern estate, the Trustee, Cactus, and Fifth Third from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising from or related to the Dispute.

   (b)   Eastern, the Eastern estate, and the Trustee and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Nichols Parties and also solely and in their representative capacities, their members, officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising from or related to the Dispute.

   (c)   Fifth Third and also solely in their capacity as representatives of Fifth Third, its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Nichols Parties and also solely in their representative capacities, their members, officers, directors, employees, shareholders, attorneys, professionals insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and

3

all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising from or related to the Dispute.

(d) Cactus and also solely in their capacity as representatives of Cactus, its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Nichols Parties and also solely in their representative capacities, their members, officers, directors, employees, shareholders, attorneys, professionals insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising from or related to the Dispute.

5. <u>Other Proceedings</u>. This Settlement Agreement is intended to resolve the Dispute and to facilitate the dismissal and settlement payment set forth in Sections 2 and 3 above. The Parties agree that nothing in this Settlement Agreement is intended to prejudice, set off, reduce, or in any way affect any other rights, claims, or defenses they may have against one another or against other parties in this Chapter 11 case, including without limitation claims the Trustee has asserted against Nichols Parties in Adversary Proceeding No. 12-59161.

6. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

7. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

8. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it, he, or she will bear its, his, or her own attorneys' fees and other costs incurred in connection with the Oklahoma Lawsuit, the Nichols Adversary, and to the extent pertaining to the Dispute, the Interpleader.

4

9.  Successors and Assigns. This Settlement Agreement will inure to the benefit of the Parties and their respective heirs, affiliates and successors in interest.

10. Court Jurisdiction. The Court will retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11. Governing Law. This Settlement Agreement will be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

13. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed will constitute one agreement binding on all Parties. Signatures may be delivered by facsimile or electronic mail and such signatures will be binding upon the party delivering same as if they were originals.

14. Severability. All provisions of this Settlement Agreement are to be read in conjunction with each other. Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

15. Amendment. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16. No Admission of Fault or Liability. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

17. No Presumption Against Drafter. This Settlement Agreement was jointly drafted and there will be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

**[SIGNATURE PAGE TO FOLLOW]**

James A. Knauer as Chapter 11 Trustee for
Eastern Livestock Co., LLC

By: _James Knauer_ (signature)

Printed Name: James Knauer

Title: Trustee

Date: 5/3/13

Fifth Third Bank

By:_____

Printed Name:_____

Title:_____

Date:_____

Cactus Growers, Inc.

By:_____

Printed Name:_____

Title:_____

Date:_____

Jane, LLC

By:_____

Printed Name:_____

Title:_____

Date:_____

Robert Nichols d/b/a Nichols Livestock

By:_____

Printed Name:_____

Title:_____

Date:_____

6

| | |
|---|---|
| James A. Knauer as Chapter 11 Trustee for<br>Eastern Livestock Co., LLC | Date:_____ |
| By:_____ | |
| Printed Name:_____ | |
| Title: _____ | |
| | |
| Fifth Third Bank | Date: 5/1/13 |
| By: *James A. Bosco* | |
| Printed Name: JAMES A. BOSCO | |
| Title: SVP | |
| | |
| Cactus Growers, Inc. | Date:_____ |
| By:_____ | |
| Printed Name:_____ | |
| Title: _____ | |
| | |
| Jane, LLC | Date:_____ |
| By:_____ | |
| Printed Name:_____ | |
| Title: _____ | |
| | |
| Robert Nichols d/b/a Nichols Livestock | Date:_____ |
| By:_____ | |
| Printed Name:_____ | |
| Title: _____ |

James A. Knauer as Chapter 11 Trustee for  Date:_____
Eastern Livestock Co., LLC

By:_____

Printed Name:_____

Title: _____


Fifth Third Bank  Date:_____

By:_____

Printed Name:_____

Title: _____


Cactus Growers, Inc.  Date: 4/24/2013

By: *Surcy Peoples. III*

Printed Name: SURCY PEOPLES III

Title: DIR OF CUSTOMER SERVICE


Jane, LLC  Date:_____

By:_____

Printed Name:_____

Title: _____


Robert Nichols d/b/a Nichols Livestock  Date:_____

By:_____

Printed Name:_____

Title: _____

6

James A. Knauer as Chapter 11 Trustee for  Date:_____
Eastern Livestock Co., LLC

By:_____

Printed Name:_____

Title: _____


Fifth Third Bank  Date:_____

By:_____

Printed Name:_____

Title: _____


Cactus Growers, Inc.  Date:_____

By:_____

Printed Name:_____

Title: _____


Jane, LLC  Date: 4/29/13

By: *Janet Nichols*

Printed Name: Jane Nichols

Title: Owner


Robert Nichols d/b/a Nichols Livestock  Date: 4-29-13

By: *Robert Nichols*

Printed Name: Robert Nichols

Title: Owner


6

Jane Nichols d/b/a Nichols Livestock

By: *Janet Nichols* (signature)

Printed Name: Jane Nichols

Title: Owner

Date: 4/29/13