SO ORDERED: May 22, 2013.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | ) Case No. 10-93904-BHL-11 |
| | ) |
| Debtor. | ) |

### ORDER GRANTING MOTION TO APPROVE AGREEMENT BETWEEN GIBSON TRUSTEE AND ELC TRUSTEE REGARDING PROSECUTION OF CLAIMS AGAINST MONTY KOLLER

This matter is before the Court on the *Motion To Approve Agreement For Joint Prosecution And Shared Recovery Between Gibson Trustee and ELC Trustee Regarding Prosecution of Claims Against Monty Koller* [Docket # 2052] (the "Motion") filed by James A. Knauer as chapter 11 trustee (the "ELC Trustee") in the above-captioned case (the "Chapter 11 Case") and the Limited Objection to Motion to Approve Agreement For Joint Prosecution and Shared Recovery [Docket # 2142] (the "Objection") filed by Monty Koller ("Mr. Koller"). The Motion asks the Court to approve the Agreement between the ELC Trustee and Kathryn L. Pry as chapter 7 trustee (the "Gibson Trustee" and collectively with the ELC Trustee, the "Trustees")

of the bankruptcy estate of Thomas P. and Patsy Gibson (the "Gibsons") governing 1) the joint prosecution of claims that the Trustees assert respectively against Mr. Koller, individually and d/b/a Koller Livestock; 2) an allocation between the ELC and Gibson estates of costs incurred in connection with the joint prosecution; and 3) the distribution of any net recoveries realized from the Koller Adversaries[1] between the ELC and Gibson estates.

The Court, having considered the Motion and the Objection, having held a hearing on the Motion and Objection on May 13, 2013, and being duly advised in the premises, now finds that the proposed Agreement (i) is in the best interests of the estate; (ii) provides tangible benefits to the estate and the creditors thereof; and (iii) should be approved. Accordingly, the Court finds that the relief requested in the Motion should be granted pursuant to Bankruptcy Rule 9019(a).

IT IS THEREFORE ORDERED that:

1. The Motion is hereby approved. The Trustees are authorized to take any and all actions necessary to document or otherwise close the Agreement as described in the Motion and to perform the obligations required thereby.

2. The Trustees shall equally split all plaintiffs' costs of litigation of the Koller Adversaries incurred from and after the entry of this Order.

3. The Gibson estate and the Debtor's estate shall share equally in any recovery on the Koller Adversaries.

4. Nothing in this Order shall constitute a ruling on, or shall have any substantive effect on the subsequent adjudication of, any arguments or defenses asserted by Mr. Koller in the Koller Adversaries, and Mr. Koller's ability to challenge, on a case-by-case basis, any assertion of privilege as between the ELC Trustee and the Gibson Trustee, is likewise

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

preserved. It is the intention of this Order that each party in the Koller Adversaries respectively reserves all substantive arguments and defenses asserted in the Koller Adversaries, as well as the ability to contest such arguments and defenses made by other parties, as if this Order had not been entered.

5. The Court shall retain jurisdiction to hear and determine any disputes arising from the entry of this Order.

###