# EXHIBIT "A"

Case 10-93904-BHL-11    Doc 2196-1    Filed 05/28/13    EOD 05/28/13 15:11:34    Pg 1 of 5

<u>Settlement Agreement and Mutual Release</u>

This Settlement Agreement and Mutual Release (the "<u>Settlement Agreement</u>") is made as of April 14, 2013 by and between James A. Knauer as chapter 11 trustee (the "<u>Trustee</u>") for Eastern Livestock Co., LLC ("<u>Debtor</u>") and Thompson Beef, Inc. aka Thompson Beef ("<u>Creditor</u>").  The Trustee and Creditor shall collectively be referred to herein as the "<u>Parties</u>."

Recitals

A. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "<u>Court</u>").  The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Doc. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 98] pursuant to 11 U.S.C. § 1104.

C. In the ninety day period prior to the commencement of the Chapter 11 Case, Creditor received not less than $100,008.00 in transfers from the Debtor (collectively, the "<u>Transfers</u>").

D. The Trustee asserts that such Transfers may be avoided and recovered by the Trustee pursuant to, among other things, sections 547 and 550 of the Bankruptcy Code (the "<u>Preference Claim</u>"), subject to the defenses provided under section 547(c) of the Bankruptcy Code.

E. The right to pursue the avoidance and recovery of the Transfers are property of the estate of the Chapter 11 Case for which the Trustee has been appointed Chapter 11 Trustee.

F. On March 27, 2013, the Trustee sent Creditor a demand letter offering to settle the Preference Claim in the sum of $35,000.00.  In the interim, Creditor has provided information to the Trustee that arguably reduces Creditor's estimated net preference exposure, as calculated by the Trustee, to the sum of $30,000.00.

G. The Trustee has concluded this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, and the inherent uncertainty in any litigated matter.

H. Creditor desires to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1

1. **Payment by Creditor.** Creditor shall pay the Trustee $30,000.00 (the "Settlement Amount"), which the Trustee shall accept in full and final settlement and satisfaction of the Released Claims (as hereinafter defined). The payment shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and shall be delivered, together with an executed copy of this Settlement Agreement, to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2. **Court Approval of Settlement; Effective Date.** This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within ten (10) business days of the Trustee's receipt of the Settlement Amount and an executed copy of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement or a court of competent jurisdiction reverses or vacates an order of the Bankruptcy Court approving this Settlement Agreement, the Trustee will promptly return the Settlement Amount to Creditor within five (5) business days of the entry of an order denying the Settlement Motion or reversing or vacating such an order.

3. **Mutual Release.** In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Creditor's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which the Trustee and Creditor ever had, now have, or may claim to have against each other arising out of, related to, or based in any way on the Transfers (the "Released Claims"), including without limitation, the Preference Claim and any claim that may be asserted by Creditor for recovery pursuant to 11 U.S.C. § 502(h). Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall preclude the Trustee or Creditor from exercising their respective rights in the event the other party breaches any of its obligations under this Settlement Agreement.

4. **Qualification; Authority.** Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party

and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

5. **Each of the Parties Bears Own Costs.** Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

6. **Successors and Assigns.** This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

7. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

8. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

9. **Counterparts; Facsimile Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

10. **Agreement Nonseverable and Mutually Dependent.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

11. **No Admission of Fault or Liability.** This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

12. **No Amendments.** This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

13. **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Thompson Beef, Inc. aka Thompson Beef

By *Danny L. Thompson*
Name

*Pres.*
Title

Date: *4-27-13*

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock Co., LLC

*[signature]*

Date: *5/14/13*

4