# EXHIBIT "A"

Settlement and Assignment Agreement

This Settlement and Assignment Agreement ("Settlement Agreement") is made as of June ___, 2013 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor"), David A. Phillips ("Phillips"), DJ Foods/Texas Brand Ribs, Inc., Sinking Springs Land and Cattle, Inc. (hereinafter, collectively, "Obligors") and Citizens Union Bank (hereinafter "Citizens Union").  The Trustee, Obligors and Citizens Union shall collectively be referred to herein as the "Parties."

Recitals

A.  Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the Order for Relief in an Involuntary Case and Order to Complete Filing [Doc. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 98] pursuant to 11 U.S.C. § 1104.

C.  Pursuant to an investigation of the Debtor's books and records, the Trustee has generally asserted that Obligors are indebted to ELC based upon a Promissory Note in the current principal sum of $850,000.00, plus interest, charges, and additional fees and expenses; that the Trustee is entitled to a judgment against the Obligors; and that the Trustee is entitled to foreclose upon a Mortgage upon real estate located in Washington County, Indiana, and other collateral, owned by Defendant David A. Phillips.

D.  The Trustee filed his Complaint on Promissory Note and to Foreclose Mortgage on Real Estate (the "Lawsuit") against Obligors on October 19, 2012, in the Washington Circuit Court under Cause No. 88C01-1210-MF-000740 to recover the amounts due to ELC from the Obligors.

E.  The Trustee filed his First Amended Complaint on Promissory Note and to Foreclose Mortgage on Real Estate in the Lawsuit on December 7, 2012, which First Amended Complaint named additional parties as defendants, including Citizens Union, which allegedly holds a lesser priority mortgage against the real estate owned by Defendant Phillips.

F.  Responses in the Lawsuit indicate that ELC's mortgage interest in real estate owned by Defendant Phillips is subordinate to the mortgage interest of Farm Credit Services of Mid-America, ACA, in a sum exceeding $1,000,000.00, and other arguably inferior mortgage and lease interests have to be dealt with.

G.  Phillips has reached an arrangement with Citizens Union whereby Citizens Union would fund to the Trustee the sum of Five Hundred Twenty-Five Thousand and 00/100 Dollars ($525,000.00) (the "Settlement Amount") for the assignment of the obligations owed by Obligors to ELC and the estate's interest in all collateral  pledged to

1

ELC (the "Settlement Agreement")

H.  The Trustee has concluded this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, and the inherent uncertainty in any litigated matter.

I.  The Parties desire to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  <u>Payment by Citizens Union</u>.  Citizens Union shall pay the Trustee Five Hundred Twenty-Five Thousand and 00/100 Dollars ($525,000.00) (the "<u>Settlement Amount</u>"), in good and final funds, within ten (10) days of the entry of a Settlement Order (as hereinafter defined).  The payment shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and shall be delivered to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2.  <u>Assignment of Obligations</u>.  Upon payment of the Settlement Amount, the Trustee shall enter into, execute and deliver to Citizens Union a Loan Purchase Agreement and supporting documents ("Assignment") of the obligations ("Obligations") due and owing from the Obligors to ELC, and any and all interests in real and personal property held by ELC as collateral to insure payment of the Obligations (the "Collateral"), including a mortgage interest in real estate owned by Phillips.  A copy of the Assignment and supporting documents to be entered into and executed by the Trustee is attached hereto as **Exhibit A**.  The Trustee makes no representation of the collectability of any of the Obligations or of the enforceability of any agreement pledging the Collateral as security for payment of the Obligations.

3.  <u>Consent to Assignment</u>.  For and in consideration of the mutual promises set forth in this Settlement Agreement, Obligors hereby consent to the terms of this Settlement Agreement and to the Assignment of the Obligations due and owing by Obligors to ELC from the Trustee to Citizens Union. Effective upon entry of the Court's final Settlement Order, the Obligors hereby waive and release all claims, counterclaims, defenses and affirmative defenses they have or may have to enforcement of the Obligations through the date of entry of the Settlement Order and agree that they will be bound by the terms of the Obligations as restructured by agreement between Obligors, their respective successors and assigns and Citizens Union Bank.

4.  <u>Court Approval of Settlement; Effective Date</u>.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within ten (10) business days of the Trustee's receipt of an executed copy of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>").  The

effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order").  The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date."  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.  In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return the Settlement Agreement within five (5) business days of the entry of an order denying the Settlement Motion.

5. Qualification; Authority.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6. Each of the Parties Bears Own Costs.  Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

7. Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

8. Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

9. Merger of Prior Agreements.  Other than in regard to separate agreements between the Obligors, their related parties and successors and assigns and Citizens Union Bank to which the Trustee and Debtor are not parties, this Settlement Agreement constitutes the entire agreement between the Parties in regard to the Assignment, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

10. Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

11. Agreement Nonseverable and Mutually Dependent.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually

3

dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

12. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

13. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by all Parties to be bound to such amendment, supplementation or modification.

14. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

David A. Phillips

_____
David A. Phillips

_____
Title

_____
Date:
_____


DJ Foods/Texas Brand Ribs, Inc.

By
_____
Name
_____
Title
_____

Date:
_____

4

5

Sinking Springs Land and Cattle, Inc.

By

_____
Name

_____
Title

_____

Date:

_____

Citizens Union Bank

By

_____
Name

_____
Title

_____

Date:

_____

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock Co., LLC

_____

Date: _____