## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10–93904–BHL–11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## LIVESTOCK CREDITORS' JOINDER IN RESERVATION OF RIGHTS AND OBJECTION TO INTERIM ALLOWANCE AND INTERIM PAYMENT OF THE FOURTH INTERIM FEE APPLICATION OF DEVELOPMENT SPECIALISTS, INC. [ECF 2172] FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR JAMES A. KNAUER, CHAPTER 11 TRUSTEE

COME NOW CPC Livestock, LLC; Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Ashville Stockyard, Inc.; Athens Stockyard, LLC; Billingsley Auction Sale, Inc.; Carroll County Livestock Sales Barn, Inc.; E4 Cattle Co., LLC; Ed Edens; Macon Stockyards, Inc.; Edwin A. Strickland d/b/a Strickland Farms; Robert Rawls d/b/a Robert Rawls Livestock; Peoples Livestock Auction, Inc.; Ernie Elder; Vernon Inman; Vernon Inman, II and 2Z Cattle; Clark Christensen; Matt Eller; and Glen Franklin (collectively, "Livestock Creditors"), by and through undersigned counsel, and submit this Joinder in the *Reservation Of Rights And Objection To Interim Allowance And Interim Payment Of The Fourth Interim Fee Application Of Development Specialists, Inc. [ECF 2172] For Compensation And Reimbursement Of Expenses As Counsel For James A. Knauer, Chapter 11 Trustee* [Doc. 2210] (hereinafter "Reservation Of Rights") filed by Alton Darnell, East Tennessee Livestock Center, Inc., Moseley Cattle Auction, LLC, Piedmont Livestock Company, Inc., and Southeast Livestock Exchange, LLC (collectively "Creditors"). In support of the Joinder and Objection, Livestock Creditors state as follows:

1

## JOINER IN OBJECTION AND RESERVATION OF RIGHTS

1.      Livestock Creditors consist of nineteen (19) "market agencies" and "dealers" as defined pursuant to the Packers and Stockyards Act of 1921, 7 U.S.C. §§181, et seq. and regulations 9 C.F.R §§201, et seq. (hereinafter "Stockyards Act").

2.      Livestock Creditors hereby join with and adopt the arguments advanced by the "Creditors" in the filing of their Reservation Of Rights And Objection [Doc. 2210] as if fully set forth herein.

3.      Livestock Creditors renew their objections to the continued appointment of the Trustee in the face of significant and previously undisclosed conflicts of interest with major creditors to the Estate. Livestock Creditors further join with the above referenced "Creditors" in the objections to the allowance and further payment of fees and expenses for: (i) James A. Knauer, as Chapter 11 Trustee for the Estate of Eastern Livestock Co., LLC ("Trustee"); (ii) Faegre Baker Daniels, LLP, as Counsel to the Trustee ("FBD"); (iii) Development Specialist, Inc., as Consultant to the Trustee ("DSI"); (iv) Hoover Hull, LLP, as Special Counsel to the Trustee ("Hoover"); and (v) Kroger, Gardis & Regas, LLP, as Special Counsel to the Trustee ("KGR") on both an interim and final basis.

4.      For these reasons and those previously stated regarding the conduct of the Trustee and others, the Livestock Creditors reserve objections to the allowance and payment of fees and expenses on both an interim and final basis. As noted by counsel for Creditors, "The nondisclosures by both FBD and the Trustee are not only serious, but also are and were pervasive to the merits and conduct of this chapter 11 proceeding and its continuing fall-out." The objections and joinder by Livestock Creditors herein and previously filed with this Court are directed at the acts and omissions of the Trustee and

those professionals acting at his direction in concealing the true scope and nature of these "serious" and "pervasive" conflicts of interest particularly with respect to Wells Fargo Wells Fargo Bank, N.A. (successor by merger to Wells Fargo Business Credit, Inc.)("Wells Fargo") and Fifth Third Bank ("Fifth Third") as respectively participant and lead bank in the Debtor Eastern's credit facility.[1] While DSI may not be directly implicated in the conflicts of interest, its activities were directed by one who is.

5.     The Trustee's Consultant now seeks an additional $1.27 million, bringing FBD's total to more than $5.1 million. The fees and expenses charged to the estate by the Trustee, FBD, DSI, Hoover, and KGR are approaching $10.0 million if not exceeding that amount. Livestock Creditors join in the request for a more detailed accounting of the funding requests.

6.     To the extent that the Court enters an order approving the interim application referenced herein, the orders will not be final approvals of the fees or expenses. *See Matter of Taxman Clothing Co.*, 49, F.3d 310, 312 (7th Cir. 1995) ("The law is clear . . . that all interim awards of attorney's fees in bankruptcy cases are tentative.") (citations omitted); *In re Eckert*, 414 B.R. 404, 409 (Bankr. N.D. Ill. 2009) ("Interim fee awards under 11 U.S.C. § 331 are discretionary and are subject to reexamination and adjustment during the course of the case . . . . The Court may review the case at its conclusion and take into account the results obtained in making a final allowance.") (citations omitted); *In re Gibson*, 2010 WL 774573, *10 (Bankr. C.D. Ill.

---

[1]     Those major creditors in the Eastern bankruptcy with whom the Trustee was conflicted have been in separate litigation since October 2012 over the handling of funds and disclosures or non-disclosures in the loan participation from Fifth Third to Wells Fargo. This litigation and others is instructive to these proceedings. See *Wells Fargo, N.A. v. Fifth Third Bank*, (S.D. OH Case No. 1:12-cv-00794-SSB-SKB).

2010) (interim orders allowing fee applications are subject to further review and modification by court) (citations omitted).

7.      Lengthy objection to the Fourth Interim Application for compensation and expenses incurred are not necessary at this stage of the proceedings. Livestock Creditors request that interim payment be withheld pending a full and proper accounting and particularly since so much has been paid our already.

WHEREFORE in light of the foregoing, Livestock Creditors join with Creditors (Doc. 2209) and reserve any and all rights to object to the final fee application filed by *Development Specialists, Inc.* for compensation and reimbursement of expenses as Consultant to Chapter 11 Trustee.

Respectfully submitted this 10th day of June 2013,

W. SCOTT NEWBERN, PL

/s/ Walter Scott Newbern
W. Scott Newbern
2982 East Giverny
Tallahassee, FL 32309
(T) 850.591.1707
(F) 850.8940871
wsnewbern@msn.com

COUNSEL FOR LIVESTOCK CREDITORS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 10th day of June, a copy of the foregoing was filed

electronically. Notice of this filing will be sent to all parties through the Court's

Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN