UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. |
| v. | ) | |
| | ) | |
| DONALD K. GARRETT a/k/a DON GARRETT | ) | |
| d/b/a GARR TRUCKING d/b/a GARR | ) | |
| CONSTRUCTION d/b/a SAGE BUILDING d/b/a | ) | |
| SAGE CONSTRUCTION d/b/a JL FARMS OF | ) | |
| GAMBIER, OHIO, | ) | |
| J & L FARMS, L.L.C., | ) | |
| SAGE LIVESTOCK, LLC, and | ) | |
| SAGE BUILDERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for

his Complaint ("Complaint") against Donald K. Garrett a/k/a Don Garrett d/b/a Garr Trucking

d/b/a Garr Construction d/b/a Sage Building d/b/a Sage Construction d/b/a JL Farms of Gambier,

Ohio; J & L Farms, L.L.C.; Sage Livestock, LLC; and Sage Builders, LLC, states as follows:

### Jurisdiction and Parties

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in

and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently

pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2.      This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6.      Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7.      Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states.  ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8.      Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, by filing an involuntary petition for relief under the Bankruptcy Code.  The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9.      On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10.     Defendant Donald K. Garrett a/k/a Don Garrett ("Garrett") d/b/a Garr Trucking d/b/a Garr Construction d/b/a Sage Building d/b/a Sage Construction d/b/a JL Farms of Gambier,

Ohio is an individual, residing in Knox County, Indiana, and is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

11.     J & L Farms, L.L.C. ("J & L Farms") is a Missouri limited liability company with its principal place of business in Newton, Missouri.

12.     J & L Farms is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

13.     Sage Livestock, LLC is an Ohio limited liability company with its principal place of business in Gambier, Ohio.

14.     Sage Livestock, LLC is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

15.     Sage Builders, LLC is an Ohio limited liability company with its principal place of business in Gambier, Ohio.

16.     Sage Builders, LLC is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

17.     At all relevant times material hereto, Garrett did business under the names Garr Trucking, Gar Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio.

**1.5M Note**

18.     On or about December 14, 2006, Garrett, individually, and J & L Farms, through its Manager, Garrett, executed and delivered to ELC a Promissory Note whereby Garrett and J & L Farms promised to pay to ELC the original principal sum of $1,500,000.00 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the Prime rate as published in the Wall Street Journal per annum ("1.5M Note").  A true and accurate copy of the 1.5M Note is attached hereto as Exhibit "A".

19.    The Trustee is entitled to enforce the payment of the 1.5M Note on behalf of the bankruptcy estate of ELC.

20.    The 1.5M Note is payable "On Demand", and the Trustee hereby demands payment of the 1.5M Note with interest.

21.    Pursuant to the demand, the 1.5M Note has matured and the entire 1.5M Note Balance (as defined below) is immediately due and payable.

22.    As of June 10, 2013, the amount due and owing to ELC under the 1.5M Note is as follows:

| | |
|---|---|
| Current Principal: | $1,500,000.00 |
| Accrued Interest: | $417,458.33 |
| **TOTAL DUE:** | **$1,917,458.33** |

plus all interest accruing after June 10, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "1.5M Note Balance").

### 2.6M Note

23.    On or about December 14, 2006, Garrett, individually, and J & L Farms, through its Manager, Garrett, executed and delivered to ELC a Promissory Note whereby Garrett and J & L Farms promised to pay to ELC the original principal sum of $2,683,044.24 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the Prime rate as published in the Wall Street Journal per annum ("2.6M Note").  A true and accurate copy of the 2.6M Note is attached hereto as Exhibit "B".

24.    The Trustee is entitled to enforce the payment of the 2.6M Note on behalf of the bankruptcy estate of ELC.

25.    The 2.6M Note is payable "On Demand", and the Trustee hereby demands payment of the 2.6M Note with interest.

26.    Pursuant to the demand, the 2.6M Note has matured and the entire 2.6M Note Balance (as defined below) is immediately due and payable.

27.    As of June 10, 2013, the amount due and owing to ELC under the 2.6M Note is as follows:

| Current Principal: | $2,683,044.24 |
|---|---|
| Accrued Interest: | $746,706.12 |
| **TOTAL DUE:** | **$3,429,750.36** |

plus all interest accruing after June 10, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "2.6M Note Balance").

### 4.6M Note

28.    On or about March 13, 2009, Garrett, individually, and on behalf of Garr Trucking, Garr Construction, Sage Livestock, LLC, Sage Builders, LLC, Sage Building and/or Construction, and JL Farms of Gambier, Ohio ("Borrowers") executed and delivered to ELC a Promissory Note whereby the Borrowers promised to pay to ELC the original principal sum of $4,665,876.31 with interest thereon from the date of execution until paid at a rate of one percent (1.00%) above the Prime rate per annum ("4.6M Note").  A true and accurate copy of the 4.6M Note is attached hereto as Exhibit "C".

29.    The Trustee is entitled to enforce the payment of the 4.6M Note on behalf of the bankruptcy estate of ELC.

30.    The 4.6M Note is payable "On Demand", and the Trustee hereby demands payment of the 4.6M Note with interest.

31.    Pursuant to the demand, the 4.6M Note has matured and the entire 4.6M Note Balance (as defined below) is immediately due and payable.

32. As of June 10, 2013, the amount due and owing to ELC under the 4.6M Note is as follows:

| | |
|---|---|
| Current Principal: | $4,665,876.31 |
| Accrued Interest: | $174,475.28 |
| **TOTAL DUE:** | **$4,840,351.59** |

plus all interest accruing after June 10, 2013, and all expenses and attorneys' fees incurred by the Trustee (the "4.6M Note Balance").

<u>**COUNT I – COMPLAINT ON 1.5M NOTE**</u>

33. The Trustee incorporates the preceding paragraphs by reference.

34. Defendants Garrett and J&L Farms are in default of payment of the 1.5M Note for failure to pay upon demand as described above.

35. The Trustee demands immediate payment in full.

36. Garrett and J & L Farms have failed or neglected to pay the indebtedness as evidenced by the 1.5M Note.

37. As a result of Garrett and J & L Farms' default, ELC has suffered damages.

38. All conditions precedent to the Trustee's claims in this Count I have been performed, have occurred, or have been excused.

39. The Trustee is entitled to reasonable attorney fees and costs pursuant to the terms of the 1.5M Note.

<u>**COUNT II – COMPLAINT ON 2.6M NOTE**</u>

40. The Trustee incorporates the preceding paragraphs by reference.

41. Defendants Garrett and J & L Farms are in default of payment of the 2.6M Note for failure to pay upon demand as described above.

42. The Trustee demands immediate payment in full.

43.     Defendants Garrett and J & L Farms have failed or neglected to pay the indebtedness as evidenced by the 2.6M Note.

44.      As a result of Garrett and J & L Farms' default, ELC has suffered damages.

45.     All conditions precedent to the Trustee's claims in this Count II have been performed, have occurred, or have been excused.

46.     The Trustee is entitled to reasonable attorney fees and costs pursuant to the terms of the 2.6M Note.

## COUNT III – COMPLAINT ON 4.6M NOTE

47.     The Trustee incorporates the preceding paragraphs by reference.

48.     Borrowers are in default of payment of the 4.6M Note for failure to pay upon demand as described above.

49.     The Trustee demands immediate payment in full.

50.     The Borrowers have failed or neglected to pay the indebtedness as evidenced by the 4.6M Note.

51.      As a result of the Borrowers' default, ELC has suffered damages.

52.     All conditions precedent to the Trustee's claims in this Count III have been performed, have occurred, or have been excused.

53.     The Trustee is entitled to reasonable attorney fees and costs pursuant to the terms of the 4.6M Note.

## COUNT IV – UNUST ENRICHMENT

54.     This Count IV is in the alternative to Counts I and II.

55.     The Trustee incorporates the preceding paragraphs by reference.

56.    As described above, ELC made certain loans and advances to Garrett and J & L Farms in December 2006, which Garrett and J & L Farms agreed to repay ELC.

57.    ELC conferred a benefit on Garrett and J & L Farms by advancing funds and expenses to Garrett and J & L Farms and/or by making payments on behalf of Garrett and J & L Farms.

58.    ELC advanced the funds and/or made the payments on behalf of Garrett and J & L Farms at their request.

59.    Garrett and J & L Farms have failed to repay all amounts that ELC has advanced and paid on their behalf.

60.    Garrett and J & L Farms have been unjustly enriched, to the detriment of the Debtor, in an amount not less than $4,183,044.24, plus interest thereon.

61.    Plaintiff is entitled to recover an amount of no less than $4,183,044.24 from Garrett and J&L Farms, plus interest thereon.

## COUNT V – UNUST ENRICHMENT

62.    This Count V is in the alternative to Count III.

63.    The Trustee incorporates the preceding paragraphs by reference.

64.    As described above, ELC made certain loans and advances to Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC on or about March 13, 2009, which Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC agreed to repay ELC.

65. ELC conferred a benefit on Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC by advancing funds and expenses to Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC and/or by making payments on their behalf.

66. ELC advanced the funds and/or made the payments on behalf of Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC at their request.

67. Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC have failed to repay all amounts that ELC has advanced and paid on their behalf.

68. Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC have been unjustly enriched, to the detriment of the Debtor, in an amount not less than $4,665,876.31 plus interest thereon.

69. Plaintiff is entitled to recover an amount of no less than $4,665,876.31 from Garrett; Garrett d/b/a Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, plus interest thereon.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Garrett; J & L Farms; Garrett d/b/a Garr Trucking, Garr Construction, Sage

Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, as follows:

### ON COUNT I

A.      Enter judgment against Garrett and J & L Farms, jointly and severally, in the amount of the 1.5M Note Balance of $1,917,458.33 as of June 10, 2013, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 1.5M Note;

B.      Award the Trustee costs and attorneys' fees as provided in the 1.5M Note and by law;

### ON COUNT II

C.      Enter judgment against Garrett and J & L Farms, jointly and severally, in the amount of the 2.6M Note Balance of $3,429,750.36 as of June 10, 2013, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 2.6M Note;

D.      Award the Trustee costs and attorneys' fees as provided in the 2.6M Note and by law;

### ON COUNT III

E.      Enter judgment against Garrett, individually and doing business as Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, jointly and severally, in the amount of the 4.6M Note Balance of $4,840,351.59 as of June 10, 2013, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the 4.6M Note;

F.      Award the Trustee costs and attorneys' fees as provided in the 4.6M Note and by law;

### ON COUNT IV

G.      Enter judgment against Garrett and J & L Farms, jointly and severally, and in favor of Plaintiff on Count IV in an amount of not less than $4,183,044.24;

H.      Enter judgment against Garrett and J & L Farms, jointly and severally, in an amount commensurate with the extent to which Garrett and J & L Farms have been unjustly enriched to the detriment of ELC;

### ON COUNT V

I.      Enter judgment against Garrett, individually and doing business as Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, jointly and severally, and in favor of Plaintiff on Count V in an amount of not less than $4,665,876.31;

J.      Enter judgment against Garrett, individually and doing business as Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, jointly and severally, in an amount commensurate with the extent to which Garrett, individually and doing business as Garr Trucking, Garr Construction, Sage Building, Sage Construction, and JL Farms of Gambier, Ohio; Sage Livestock, LLC; and Sage Builders, LLC, have been unjustly enriched to the detriment of ELC;

### ON ALL CLAIMS FOR RELIEF

K.      Pre-judgment interest at the maximum legal rate until the date of judgment herein;

L.      Post-judgment interest at the maximum legal rate until the date the judgment is paid in full; and

M.      Fees and costs incurred by the Plaintiff in this suit;

N.      Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP


By:   /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
(317) 692-9000

12