# EXHIBIT "A"

Case 10-93904-BHL-11 Doc 2236-1 Filed 06/24/13 EOD 06/24/13 17:51:05 Pg 1 of 6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: EASTERN LIVESTOCK CO., LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| In re: OKIE FARMS, L.L.C., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 11-93144-BHL-11 |

**VERIFIED STATEMENT OF PHILLIP L. KUNKEL**

Phillip L. Kunkel, in support of the *Application To Employ Phillip L. Kunkel As Mediator*, filed by James A. Knauer, the chapter 11 trustee appointed in this case ("Trustee"), affirms under the penalties for perjury that:

1. I am a principal at the law firm of Gray, Plant & Mooty, LLC ("Gray") and practice out of Gray's St. Cloud, Minnesota office.

2. I and/or other members of my firm have (i) participated on conference calls organized by the National Cattlemen's Beef Association ("NCBA") in connection with this case; (ii) advised the NCBA as to consequences of this case and its potential impact upon the beef industry; and (ii) represented the NCBA in other, unrelated matters. The representation of the NCBA in unrelated matters may continue during the pendency of the mediation.

3. To the best of my knowledge and belief, neither Gray nor I have a connection with Eastern Livestock Co., LLC or any other party in interest relating to the matters upon which I am to be engaged in the above-captioned bankruptcy case.

4. To the best of my knowledge and belief, neither Gray nor I have any interests adverse to the Trustee or to the estate.

5. Neither Gray nor I have any arrangement for the sharing of any fees in the matters upon which I am to be engaged in the above-captioned bankruptcy case.

6. To the best of my knowledge, no principal or associate of Gray is a relative of any judge of this Court.

Dated: January 3, 2012

                                        *[signature]*
                                        Phillip L. Kunkel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: EASTERN LIVESTOCK CO., LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## SUPPLEMENTAL VERIFIED STATEMENT OF PHILLIP L. KUNKEL

Phillip L. Kunkel affirms under the penalties for perjury that:

1. I am a principal at the law firm of GPM, Plant, Mooty, Mooty & Bennett, P.A. ("GPM") and practice out of GPM's St. Cloud, Minnesota office.

2. By an *Order Granting Application to Employ Phillip L. Kunkel as Mediator* (Docket No. 968) (the "Order") I was appointed as a mediator in connection with the above-captioned case.

3. By an *Order Establishing Procedures for Certain Adversary Proceedings* (Docket No. 1920) (the "Procedures Order") I was appointed as a standby mediator in connection with the adversary proceedings identified in the *Motion for Order Establishing Procedures for Certain Adversary Proceedings* (Docket No. 1741) (the "Procedures Motion").

4. I have conducted a conflicts check for purposes of determining if GPM has any connections with any of the defendants identified in the Procedures Motion. Based upon that conflicts check, I do not believe GPM has any connections with any of the defendants identified in the Procedures Motion.

5. I am aware that GPM has engaged Taft Stettinius and Hollister ("Taft") as local counsel in a pending litigation matter venued in Indiana. I also understand Taft represents several defendants identified in the Procedures Motion.

1

6.  I am not aware of any other connections to the parties identified in the Procedures Motion.

7.  Prior to the entry of the Order, I submitted a *Verified Statement of Phillip L. Kunkel* dated January 3, 2012 (the "Verified Statement") which disclosed that I and/or other members of my firm had (i) participated on conference calls organized by the National Cattlemen's Beef Association ("NCBA") in connection with this case; (ii) advised the NCBA as to consequences of this case and its potential impact upon the beef industry; and (ii) represented the NCBA in other, unrelated matters.

8.  At the time of the filing of the Verified Statement and the entry of the Order I was not aware that Wells Fargo Bank, N.A. ("Wells Fargo"), or any affiliates of Wells Fargo, were connected with the debtors. I have since learned that Wells Fargo may hold a participation interest in certain of the credit facilities provided the debtors.

9.  GPM represents or has, in the past, represented Wells Fargo in matters not related to the debtor or this case. Specifically, GPM's representation of Wells Fargo has primarily consisted of (1) Minnesota real estate transactional matters; (2) indenture trustee matters in which Wells Fargo serves as the indenture trustee; (3) automobile collection representation in Minnesota; and (4) loan restructuring or workout matters in Minnesota.

10. I have personally represented Wells Fargo in connection with loan restructuring or workout matters in Minnesota, but have not represented Wells Fargo in connection any of the other matters for which GPM has been engaged. I have not represented Wells Fargo in connection with any matters since at least June, 2010.

11. I have had no communications with Wells Fargo or its counsel related to the debtor or this case.

Dated: May 22, 2013

/s/ Phillip L. Kunkel
Phillip L. Kunkel

GP:3228211 v2

3