# EXHIBIT "A"

Case 10-93904-BHL-11   Doc 2278-1   Filed 07/30/13   EOD 07/30/13 17:50:22   Pg 1 of 6


## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of July 25, 2013 by and between James A. Knauer as Chapter 11 Trustee ("Trustee") for Eastern Livestock Co., LLC ("Debtor") and Northwest Alabama Livestock ("NWLA"). The Trustee and NWLA shall collectively be referred to herein as the "Parties."

### Recitals

A.  Certain petitioning creditors commenced a Chapter 11 case against Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010, ECF No. 110.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 98] pursuant to 11 U.S.C. § 1104. ECF No. 98.

C.  On October 2, 2012 the Trustee initiated an adversary proceeding against NWLA in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59081 ("Adversary Proceeding").

D.  The Trustee's Complaint in the Adversary Proceeding seeks to avoid and recover for the estate an alleged preferential transfer from Eastern Livestock Co., LLC ("ELC") to NWLA in the amount of $136,675.59 ("Preference").

E.  The Trustee's Complaint also seeks, in the alternative to avoidance and recovery of the Preference, to avoid and recover any fraudulent conveyance from ELC to NWLA, and to disallow NWLA's claim in the Debtor's bankrutpcy proceeding.

F.  The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, the accounting records provided by NWLA, and the inherent uncertainty in any litigated matter.

H.  NWLA desires to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable

1

consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Payment by NWLA.** NWLA shall pay to the Trustee the total sum of $10,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Released Claims (as hereinafter defined). In payment of the Settlement Amount, NWLA shall pay to the Trustee one lump sum payment in the amount of $5,000.00 ("Initial Payment") upon NWLA's execution of the Settlement Agreement. The remaining balance of $5,000.00 (the "Settlement Balance") shall be paid as follows:

Prior to the Maturity Date, the Settlement Balance shall be paid in five monthly installments as follows: Five monthly installments in the amount of One Thousand and 00/100 Dollars ($1,000.00), which installments shall be due and payable commencing on the first (1st) day of September, 2013, and continuing thereafter on the first (1st) day of each month thereafter until the Maturity Date, herein defined as being January 1, 2014, on which the entire unpaid Settlement Balance shall be due and payable in full. NWLA shall not be penalized for any early installment payment of the Settlement Balance. If NWLA pays more than the amount due in any applicable month, the installment payment of the Settlement Balance due on the first day of the next month shall be reduced by any excess amount paid.

It shall be considered an "Event of Default" if NWLA shall default in the payment when due of any installment of the Settlement Balance due under this Settlement Agreement if such Default remains uncured for ten (10) days. Upon any Event of Default, then the Trustee may, at his option and without notice, declare the entire remaining amount of the Settlement Balance Note, along with interest as set forth below, to be immediately due and payable ("Acceleration"). Interest on any amount not paid when due shall be payable, from the due date, at a rate of twelve percent (12%) per annum (the "**Default Rate**").

All payments to be made under this Settlement Agreement shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and the Initial Payment of $5,000.00 shall be delivered, together with an executed copy of this Settlement Agreement, to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2. **Release of Claims.** In further consideration for the settlement of the Trustee's claims, NWLA agrees to execute and file with the Clerk of the United States Bankrutpcy Court a withdrawal of NWLA's Proof of Claim filed on April 26, 2011 as Claim No. 156 in the amount of $197,667.72. NWLA further waives any right to file a Proof of Claim for the payments made pursuant to this Settlement Agreement. NWLA does not waive, however, any claim made against any Bond supporting payments due from ELC to its creditors. Further, the Parties specifically stipulate that no term or provision of the Settlement Agreement can be used by or against NWLA in connection with any Bond claim. NWLA shall execute and file with the Clerk of the United States Bankruptcy Court a withdrawal of NWLA's Proof of Claim within five (5) business days

2

following approval of this Settlement Agreement by the Bankrutpcy Court.

3. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days of the Trustee's receipt of the Initial Payment and an executed copy of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "<u>Effective Date</u>." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by NWLA within five (5) business days of the entry of an order denying the Settlement Motion.

4. <u>Stipulation of Dismissal</u>. Within five (5) business days following the Trustee's receipt of the Initial Payment and the executed Settlement Agreement from NWLA, the Trustee shall file with the Court a Notice of Dismissal in the Adversary Proceeding, dismissing all claims against NWLA with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement.

5. <u>Mutual Release</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and NWLA's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which the Trustee and NWLA ever had, now have, or may claim to have against each other arising out of, related to, or based on the Adversary Proceeding, the Note, and the Note Conversion. Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall preclude the Trustee or NWLA from exercising their respective rights in the event the other party breaches any of its obligations under this Settlement Agreement.

6 <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against

3

said party.

7. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

10. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

14. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

15. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

4

16. THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**Northwest Alabama Livestock Auction**

By: *Roland C____*

Name: Roland Coan

Title: President

Date: 7/25/2013


James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock Co., LLC

_____
James A. Knauer, Trustee for Debtor

Date: _____

5