UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| EASTERN LIVESTOCK CO., LLC, | : | Case No.: 10-93904-BHL-11 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

**FIFTH THIRD BANK'S MOTION FOR A PROTECTIVE ORDER**

Fifth Third Bank ("Fifth Third"), respectfully requests an order confirming that the Order entered by this Court on September 30 is valid and remains in effect and that all documents designated as confidential pursuant to that Order are and shall remain confidential in accordance with the terms of the Order (and the Stipulated Confidentiality Agreement adopted by that Order). In support of this motion, Fifth Third respectfully represents the following:

1. On September 28, 2011, Superior Livestock Auction, Inc. ("Superior Livestock") and Eastern Livestock, Co., LLC ("Eastern Livestock") jointly moved for the entry of a Stipulated Confidentiality Agreement [Case No. 10-93904, Doc. 722] setting forth the protocol for the designation and exchange of confidential documents, testimony, and information by the parties in all pending matters in the bankruptcy proceedings.[1]

2. On September 30, 2011, this Court entered an Order [Case No. 10-93904, Doc. 731] approving and adopting the Stipulated Confidentiality Agreement (collectively, the "Order"), and entering the Stipulated Confidentiality Agreement "in all matters related to this

---

[1] The Joint Motion for Entry of Stipulated Confidentiality Agreement [Doc. 722] was filed by Superior Livestock and Eastern Livestock, but "[c]ounsel for Friona Industries, L.P., Cactus Growers, Inc., J&F Oklahoma Holdings, Inc., First Bank and Trust Company and Fifth Third Bank also reviewed the Agreement, provided input, and authorized [Superior Livestock and Eastern Livestock] to report to the court that they [had] no objection to the proposed agreement."

chapter 11 case to assist parties with discovery and with the informal exchange of information and records."

3.  In consideration of the protections afforded by the Order, twelve current and former employees and an agent of Fifth Third[2] offered approximately 100 hours of testimony during sixteen Fed. R. Bankr. P. 2004 examinations (the "Rule 2004 Examinations"). These witnesses were questioned about a number of documents designated as "Confidential Material" (as defined in the Order), as well as other confidential matters (including, for example, field exam techniques and underwriting procedures; bank protection and investigation policies; and methods for detecting and analyzing check kites).

4.  In accordance with paragraph 3 of the Order, Fifth Third designated certain portions of these Rule 2004 Examination transcripts as Confidential Material.

5.  The portions of the 2004 Examinations that were designated as Confidential Material by Fifth Third and its agent, Wayne Stoffel, have never been de-designated and, therefore, remain confidential pursuant to the terms of Court's Order.

6.  The Order mandates that "the use of Confidential Material shall be restricted to this Chapter 11 Case Number 10-93904-BHL-11 ("ELC Chapter 11") alone and that ***no Confidential Material shall be provided to any third-party for any purpose not expressly permitted herein*** without the prior written permission of the Disclosing Party." (Order ¶ 6 (emphasis added)). It further mandates that Confidential Material "***shall not be shown, described or otherwise revealed*** to any person or entity other than" a limited group of people enumerated in the Confidentiality Order. (Order ¶ 4 (emphasis added)). The Order also provides that the Confidential Material shall not be made public or posted on any website, or used to the

---

[2] The Fifth Third agent who offered testimony in a Rule 2004 examination was Wayne Stoffel of Agribusiness Consulting Group LLC.

competitive disadvantage of the Disclosing Party, without the prior written permission of the Disclosing Party. (Order ¶ 5). In addition, the Order makes it clear that all "parties and attorneys of record in this action, and ***all other persons and entities possessing or granted access to Confidential Material*** under this Agreement ***shall be bound by this Agreement***." (Order ¶ 16 (emphasis added)).

7. On October 15, 2012, Wells Fargo Bank, N.A. ("Wells Fargo") filed a civil action against Fifth Third in the United States District Court for the Southern District of Ohio, Case No. 1:12-cv-00794-SAS-SKB (the "Civil Action"). Wells Fargo alleged money damages for breach of contract and gross negligence arising out of Fifth Third's administration of a $32.5 million dollar line of credit (in which Wells Fargo had a $10 million interest) to Eastern Livestock.[3]

8. Prior to the filing of the Civil Action, Wells Fargo—who is not a party to these bankruptcy proceedings—managed to obtain copies of the Rule 2004 Examination transcripts from the Special Counsel for the Bankruptcy Trustee.

9. On April 26, 2013, in violation of the Order, Wells Fargo publicly filed the Rule 2004 Examination transcripts in the Civil Action.

10. On May 1, 2013 Fifth Third filed a motion for a protective order in the Civil Action requesting that the court seal the docket entries containing quotes and references to portions of the Rule 2004 Examination transcripts that were designated as Confidential Material pursuant to the Order. (*See* Mot. for Prot. Order, Doc. 32, filed May 1, 2013, Case No. 1:12-cv-00794-SAS-SKB (S.D. Ohio)). Fifth Third included with its motion the declaration of Sean T. White, special counsel to the Trustee in these bankruptcy proceedings, in which Mr. White acknowledged that Fifth Third "timely designated the sixteen (16) Rule 2004 examinations of

---

[3] Wells Fargo's gross negligence claim was subsequently dismissed with prejudice on March 14, 2013. (Mar. 14, 2013 Order, Doc. 27, Case No. 1:12-cv-00794-SAS-SKB (S.D. Ohio)). Only Wells Fargo's breach of contract claim remains pending.

Fifth Third representatives and Wayne Stoffel as 'Confidential.'" (Declaration of Sean T. White, ¶ 7).[4] Mr. White's declaration further stated the "use of the 2004 transcripts is subject to the Order in the Eastern Livestock Bankruptcy," and "[a]t no time did Special Counsel for the Trustee grant any right to Wells Fargo to use the Rule 2004 transcripts in a manner inconsistent, with or in excess of, what was ordered by the Court in the Eastern Livestock Bankruptcy." (*Id.* ¶¶ 8-9).

11. Wells Fargo nevertheless argued that it was not bound by the Order. (*See* Resp. in Opp. to Mot. for Prot. Order, Doc. 33, filed May 10, 2013 in Case No. 1:12-cv-00794-SAS-SKB).

12. On July 29, 2013, Magistrate Judge Bowman granted Fifth Third's motion for a protective order and ordered that the docket entries referencing and quoting the confidential Rule 2004 Examinations be sealed unless this Court orders otherwise. (Jul. 29, 2013 Mem. Order, Doc. 50, Case No. 1:12-cv-00794-SAS-SKB (S.D. Ohio) at 13).

13. Noting that the issuing court is best positioned to resolve a conflict regarding a protective order, Magistrate Judge Bowman ordered Fifth Third to file a motion for a protective order with this Court on or before August 2, 2013, seeking affirmation that the Order is valid and remains in effect. (*Id.* at 12, 14).

14. As the Rule 2004 Examinations are still properly considered Confidential Material, the bankruptcy proceedings are ongoing, and adversary proceedings have commenced, there remains a substantial and continuing need for the Order. Accordingly, Fifth Third requests that the Court enter an order (1) affirming the validity and effect of the Order, (2) affirming that the Rule 2004 Examinations have been designated as Confidential Material pursuant to the

---

[4] A copy of the Declaration of Sean T. White is attached hereto as Exhibit A for the Court's review and consideration.

4

Order, and (3) prohibiting the use of Confidential Materials by Wells Fargo or any other third party in a manner inconsistent with the terms and conditions of the Order.

Respectfully submitted,

/s/ Kent A. Britt_____
Kent A. Britt (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
221 East Fourth Street
Suite 2000, Atrium Two
Cincinnati, Ohio 45202
Telephone: (513) 723-4488
Facsimile:  (513) 852-7818
Email: kabritt@vorys.com

Randall D. LaTour (*admitted pro hac vice*)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-8290
Facsimile: (614) 719-4821
Email: rdlatour@vorys.com

*Attorneys for Fifth Third Bank*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 2nd day of August 2013, a copy of the foregoing was filed and served electronically through the Court's CM/ECF System to the parties who are listed on the Court's Electronic Mail Notice List.

      /s/ Kent A. Britt_____
      Kent A. Britt