UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |
| | : | **LIMITED APPEARANCE OF THE FIRST BANK AND TRUST COMPANY TO PRESENT OBJECTION TO FIFTH THIRD BANK'S MOTION FOR PROTECTIVE ORDER** |
| | : | |
| | : | |
| | : | |

_____

The First Bank and Trust Company ("First Bank"), which submitted a proof of claim in this Estate and has since obtained a Court-approved settlement with the Trustee, makes this limited appearance for the purpose of objecting to the Motion for a Protective Order [Doc. No. 2285] ("Motion") filed by Fifth Third Bank ("Fifth Third") on August 2, 2013, which is set for hearing on August 19, 2013, and First Bank states as follows:

1. First Bank and Fifth Third are involved in state court litigation styled <u>The First Bank and Trust Company v. Fifth Third Bank, et al</u>., Case No. A1203855 (Hamilton County Common Pleas Court, Ohio), which is set for trial on December 2, 2013. Discovery is completed and the action is now at the summary judgment stage. First Bank has filed, under seal, certain Bankruptcy Rule 2004 examinations in that civil action as "transcripts of evidence" and/or "written admissions" as permitted by Ohio R. Civ. P. 56(C). Fifth Third's Motion, therefore, may have direct bearing upon the legal issues being considered by state-court Judge Beth A. Myers, who has set an initial hearing on the parties' motions to seal for September 12, 2013. As noted at paragraphs 7 through 9 of Fifth Third's Motion, Wells Fargo has also initiated

litigation against Fifth Third arising out of losses in connection with Eastern Livestock and has also filed portions or complete transcripts of the Bankruptcy Rule 2004 examinations in that civil action.

2. Although the present motion is captioned as a "Motion for a Protective Order," it really is nothing more than a request to have this Court re-affirm the continued existence of the Court's own Order Granting Motion for Entry of Stipulated Confidentiality Agreement [Doc. No. 731] ("Stipulated Confidentiality Entry"), which has not been modified by this Court in any way. Fifth Third's Motion, therefore, is meaningless and moot upon its very filing, and the relief it requests should be denied.

3. It appears, however, that by titling the request as a "Motion for a Protective Order," Fifth Third is essentially conflating this Court's discovery-phase Entry acknowledging the existence of a "Confidentiality Agreement" with an actual Order of Protection, which the Court can only grant for "good cause," without Fifth Third ever attempting to address the "good cause" showing that any of the transcripts or evidence should be sealed. Jepson, Inc. v. Makita Elec. Works, Ltd., 30 F.3d 854, 860 (7th Cir. 1994) (denying entry of stipulated protection order for lack of "good cause" shown to keep evidence from public view). Even though Fifth Third has made absolutely no effort to meet the "good cause" standard mandated by the Seventh Circuit in Jepson, as shown below, this Court need not address, and has no reason to address, whether there exists "good cause" to shield any of the Bankruptcy Rule 2004 examination transcripts from public view. Any decisions relating to the truly proprietary nature of any of the documents or evidence designated "Confidential" by Fifth Third can be, and should be, left to the sound discretion of the courts presiding over the civil litigation against Fifth Third.

### SEVENTH CIRCUIT CASELAW RECOGNIZES A DISTINCTION BETWEEN WHETHER A *PARTY MAY DESIGNATE* DOCUMENTS AS CONFIDENTIAL AND WHETHER A *COURT MAY SHIELD* SUCH DOCUMENTS FROM THE PUBLIC

4. The Court of Appeals for the Seventh Circuit has consistently ruled that the right of public access to the courts must be preserved and "***protective orders***" sparingly granted; even where parties agree that certain evidence should be considered confidential, documents and evidence used in court proceedings are still presumptively open to public view, and filing under seal is inappropriate.  In re Specht, 622 F. 3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."); Union Oil Co. v. Leavell, 220 F.3d 562, 567-68 (7th Cir. 2000)); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . is entitled to be kept secret . . . ."); Jepson, Inc. v. Makita Elec. Works, 30 F.3d 860 (7th Cir. 1994).

5. At the same time, however, the Seventh Circuit has also acknowledged that orders recognizing the parties' rights to preserve confidentiality in the discovery phase – such as this Court's Stipulated Confidentiality Entry – are appropriate to ensure that discovery, which is largely conducted in secret, can proceed in an expeditious and cooperative manner. County Materials Corp. v. Allan Block Corp., 502 F.3d 730, 739 (7th Cir. 2007) ("Confidentiality **while information is being gathered** . . . promotes disclosure:  parties having arguable grounds to resist discovery are more likely to turn over their information if they know that the audience is limited . . . .") (emphasis added) (internal quotation marks and citation omitted), cert. denied, 552 U.S. 1280, 128 S. Ct. 1709 (2008) ; Bond v. Utreras, 585 F.3d 1061,

3

1074-75 (7th Cir. 2009) ("[P]retrial discovery, unlike the trial itself, is usually conducted in private. (Internal quotation marks and citation omitted.) Pretrial discovery, such as depositions, interrogatories, and the production of documents,"'are not public components of a civil trial,' 'were not open to the public at common law,' and 'in general, are conducted in private as a matter of modern practice.'" (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33, 104 S. Ct. 2199, 2207-08 (1984)).

6. To balance these interests, the Seventh Circuit recognizes a clear distinction between: (a) a "confidentiality order" in the discovery phase; and (b) a "protective order" once evidence must be presented for consideration by the Court in any type of evidentiary hearing or trial. Jepson, 30 F.3d at 858-860 (recognizing that stipulated confidentiality agreements are common, but stating that courts may issue a protective order only upon a showing of "good cause").  The public right of open access to the courts "kicks in," and thus the essential requirement of a showing of "good cause" is necessary, after the discovery process. Id. at 859-60 (reversing district court's decision to seal portions of deposition transcript where district court did not "review[] . . . deposition testimony to determine whether it in fact contained confidential information"); Bond, 585 F.3d at 1075 ("The rights of the public "kick in when material produced during discovery is filed with the court.").

7. There is, however, no "material produced during discovery [being] filed with the court" in connection with this Court's review of Fifth Third's current motion and no need whatsoever for this Court to engage in any analysis of whether and to what extent Fifth Third can make the mandatory showing of "good cause" that would prevent its allegedly "confidential discovery material" from being subject to the public open access to the courts.

4

**THIS COURT'S STIPULATED CONFIDENTIALITY ENTRY WAS DESIGNED
SOLELY TO FACILITATE DISCOVERY, NOT TO LICENSE FIFTH THIRD (NOR
ANY OTHER PARTY) TO SHIELD ALL SUCH EVIDENCE FROM PUBLIC VIEW
WITHOUT MEETING THE BURDEN TO ESTABLISH GOOD CAUSE FOR FILING
THE EVIDENCE UNDER SEAL**

8.  This Court's Stipulated Confidentiality Entry was properly entered under the Seventh Circuit's guidance from County Materials, as this Court preserved "[c]onfidentiality **while information [was] being gathered."** County Materials Corp. v. Allan Block Corp., 502 F.3d at 730, 739 (7th Cir. 2007) (emphasis added) (internal quotation marks and citation omitted), cert. denied, 552 U.S. 1280, 128 S. Ct. 1709 (2008). In the plain language of the Stipulated Confidentiality Entry, this Court recognized the limitations of the Stipulated Confidentiality Agreement, namely that the purpose of the Stipulated Confidentiality Agreement was to "assist the parties with discovery and with the informal exchange of information and records." Now, the information-gathering phase in this Estate has been concluded in relation to Fifth Third, as the Trustee determined that he should settle the Estate claims against Fifth Third that his Special Counsel investigated. Whether any documents, testimony, or other discovery designated as "confidential" under the terms of the Stipulated Confidentiality Entry should be sealed from the public view is a determination to be made by the various courts considering such evidence. Indeed, the Memorandum Order [Doc. No. 50] in Wells Fargo Bank, N.A. v. Fifth Third Bank (Case No. 1:12-CV-794, S.D. Ohio) that apparently prompted this Motion asks nothing more of this Court than to provide guidance on whether its Stipulated Confidentiality Entry is either (a) a discovery phase confidentiality order consistent with County Materials Corp., 502 F.3d at 739, allowing parties in the information-gathering process to self-designate what should be confidential, or (b) a protective order that certain documents and evidence should be shielded from public view upon a showing of "good cause" in accordance with Jepson, Inc. v.

5

Makita Elec. Works, 30 F.3d 854, 860 (7th Cir. 1994).  Even though there is plain language that the Stipulated Confidentiality Agreement was to "assist the parties with discovery and with the informal exchange of information and records," this Court's Ohio colleagues deferentially recognized that the Stipulated Confidentiality Entry was a duly-issued Order of this Court, and this Court should be given the opportunity to instruct whether the Stipulated Confidentiality Entry occurred was merely a "discovery phase confidentiality order" (which it is), or after a full review of the "confidential" evidence, was a "true protective order" that would require the evidence to be shielded from public view.  The Memorandum Order, attached as Exhibit 1, quite specifically states:  "Although Wells Fargo vigorously argues that the Bankruptcy Agreement is not a true protective order, the referenced document clearly is an order entered by the Bankruptcy Court.  ***The precise nature of that order is best left to the issuing court to determine***."  Memorandum Order, p. 10 n.6 (emphasis added).

        9.     First Bank was one of the parties involved in reviewing the Stipulated Confidentiality Agreement (and corresponding Stipulated Confidentiality Entry) and, in that process, recognized that it was only a discovery-phase confidentiality order to facilitate discovery, not a true protective order to shield information from the public, in part because it expressly contemplates that a "Disclosing Party" that designates documents (or testimony) confidential "must file a motion for protective order and demonstrate that there is good cause for the document to have such protection pursuant to the Federal Rules of Civil Procedure" (Stipulated Confidentiality Agreement [Doc. No. 722], § 8), in the event a dispute arises over the confidentiality designation of any documents.  Moreover, Fifth Third cannot logically persuade this Court to conclude that the Stipulated Confidentiality Entry was intended to be a "true protective order" because it was entered on September 30, 2011 -- before Special Counsel's

6

discovery of Fifth Third began pursuant to the Court's instruction to Special Counsel at the hearing on December 14, 2011, and, therefore, before the Court could have reviewed the evidence designated "confidential" under a "good cause" standard or any standard. Accordingly, Fifth Third's vague request for this court to "re-affirm" its Stipulated Confidentiality Entry does nothing to answer the "precise nature" question posed by the federal court in the Southern District of Ohio. This Court, therefore, need do nothing more than "re-affirm" that the Stipulated Confidentiality Entry is simply a discovery-phase confidentiality order and was never intended to be a substitute for a final determination that any evidence designated as "confidential" is entitled to such ultimate protection and shielded from public view. Such a final determination should be conducted by the state or federal judges before whom the evidence is sought to be used in connection with a hearing or trial and left to their sound discretion without additionally burdening this Court.[1]

        10.       Fifth Third's reliance on the limitations on the "*use*" of evidence designated as confidential under the Stipulated Confidentiality Agreement (and corresponding Stipulated Confidentiality Entry) is no basis to convert this discovery phase order into a true protective order without the requisite showing of good cause. First, even though there may be some language on the "use" restriction, Fifth Third cannot eliminate the legal consequences of sworn testimony of its agents and employees, and binding admissions against interest, simply

---

[1] There is a suggestion in the Southern District of Ohio Memorandum Order that the court should look to this Court for clarity due to the potential, raised by Fifth Third, for inconsistent decisions. Such inconsistency – which should not exist – would not be a "legal" inconsistency, but rather a factual inconsistency on whether Fifth Third carried its burden of proof to seal the evidence under the laws of the appropriate jurisdiction. Even if there were some remote possibility of an inconsistent "factual" (as opposed to legal) ruling, there is no reason to foist upon this Court the role of reviewing every single document and transcript marked "confidential" under a discovery-phase order to make one, final binding ruling. Moreover, as no single judge, even this Court, will be the final determiner of all relevant, probative evidence on the various contract and tort claims asserted against Fifth Third, any risk of inconsistent "factual" rulings is mitigated.

because this Court gave the parties in the discovery phase the unilateral right to self-designate materials as "confidential," particularly without any good cause showing that the evidence it attempts to bury has any good faith basis for exclusion.  Second, even if such rights existed in discovery phase orders – and they do not – Fifth Third has voluntarily waived any such protection by allowing open public access to the oral testimony at the time it was taken and by conceding, at a very minimum, that First Bank may make certain uses of the transcribed Bankruptcy Rule 2004 testimony in the course of its state court action.  <u>See</u> Notice of 2004 Examination Schedule [Doc. No. 1052] (providing publicly accessible telephonic observation dial-in information)[2]; and, June 28, 2013 Deposition of Anne B. Kelly, p. 121 ("[Counsel for Fifth Third]  Now, we've agreed that if you want to use [the Rule 2004 examination transcripts] to refresh her recollection or to impeach her, that you're permitted to do that.").

### THIS COURT SHOULD ALLOW TRIAL JUDGES, INCLUDING JUDGE BETH A. MYERS, TO DETERMINE THE PROPRIETY OR IMPROPRIETY OF ANY CONFIDENTIALITY DESIGNATIONS OF FIFTH THIRD TO THE RULE 2004 EXAMINATIONS

11. Fifth Third's right to preserve the confidentiality or proprietary nature of any of the documents, testimony, or other discovery designated as "confidential" will be fully preserved by allowing the judges in the actions in which the information is sought to be used to make such determinations.  In fact, Judge Beth A. Myers who presides over the action styled, <u>The First Bank and Trust Company v. Fifth Third Bank, et al</u>., Case No. A1203855 (Hamilton County Common Pleas Court, Ohio), has set an initial hearing date on two motions to seal "confidential" information, including certain Rule 2004 examination transcripts, of Fifth Third

---

[2] This Notice, along with others, was not only filed with the Court and available through the PACER system, but was also uploaded to the Trustee's website (www.easternlivestockbkinfo.com) that was accessible to anyone interested in the proceedings.

8

on September 12, 2013. Judge Myers will be well-positioned to evaluate the need for the documents and evidence produced by Fifth Third to remain outside of the public view without requiring this Court to pour through hundreds of pages of exhibits and an estimated 82,000 lines of testimony designated by Fifth Third as "confidential" in the bankruptcy discovery phase.

12. Accordingly, First Bank requests the following, specific ruling upon Fifth Third's Motion:

> "Upon consideration of the Motion for a Protective order filed by Fifth Third Bank [Doc. No. 2285] and the objections and arguments of counsel, Fifth Third's Motion for a Protective Order is DENIED. The "precise nature" of this Court's Order Granting Motion for Entry of Stipulated Confidentiality Agreement [Doc. No. 731] ("Stipulated Confidentiality Entry") was to serve only as a discovery phase confidentiality order while Special Counsel was investigating claims and the parties were in the information gathering stage in connection with Adversary Proceedings. See Stipulated Confidentiality Entry (noting that the Stipulated Confidentiality Agreement was designed to "assist the parties with discovery and with the informal exchange of information and records."). The Stipulated Confidentiality Entry allows any party unilaterally to designate any documents or evidence "confidential" to promote the free exchange of information and does not require the Disclosing Party to substantiate any confidentiality designations without returning to the Court with a motion for a protective order in the event of a dispute over such confidentiality.
>
> With respect to the 16 sworn examination transcripts under Fed. R. Bankr. P. 2004 conducted of Fifth Third Bank and its agents, employees and representatives, the Stipulated Confidentiality Entry permitted Fifth Third Bank to designate portions of the sworn transcripts as "confidential" without any showing of good cause to substantiate the confidentiality designations. The Trustee's Special Counsel's investigation of potential claims against the Fifth Third Bank has concluded based on the Trustee's reaching settlement terms with Fifth Third Bank, so any person who obtained the testimony of Fifth Third's witnesses through appropriate means may use such testimony in other proceedings consistent with the terms of the Stipulated Confidentiality Entry and the applicable rules and laws of the states in which civil actions against Fifth Third have been filed. To the extent there is a

9

dispute over any confidentiality designations that would require a motion for protective order under the terms of the Stipulated Confidentiality Entry or any confidential portions of such evidence is submitted for consideration to be removed from the public record or placed under seal, then such decisions should be addressed to and made by the appropriate state or federal judge considering such protective order or motion to seal regardless of any original designation by Fifth Third of confidentiality in the discovery phase pursuant to the Stipulated Confidentiality Entry."

Respectfully submitted,

/s/ Daniel J. Donnellon
Daniel J. Donnellon, pro hac vice
Stephen A. Weigand, pro hac vice
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0300
Telecopier:  (513) 632-0319
Email: ddonnellon@ficlaw.com
         sweigand@ficlaw.com

Attorneys for The First Bank and Trust Company

## **CERTIFICATE OF SERVICE**

I certify that on the 14th day of August, 2013, I electronically filed the foregoing Limited Appearance of The First Bank and Trust Company to Present Objection to Fifth Third Bank's Motion for Protective Order with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John Frederick Massouh<br>john.massouh@sprouselaw.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com |
| C.R. Bowles, Jr<br>crb@gdm.com | John W. Ames<br>jwa@gdm.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| James A. Knauer<br>jak@kgrlaw.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Jessica E. Yates<br>jyates@swlaw.com |
| John Hunt Lovell<br>john@lovell-law.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | Matthew J. Ochs<br>matt.ochs@moyewhite.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| Jeffrey R Erler<br>jeffe@bellnunnally.com | Ivana B. Shallcross<br>ibs@gdm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| Edward M King<br>tking@fbtlaw.com | Deborah Caruso<br>decaruso@daleek.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Randall D. LaTour<br>rdlatour@vorys.com | Meredith R. Thomas<br>mthomas@daleeke.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com |
| Bret S. Clement<br>bclement@acs-law.com | William Robert Meyer, II<br>rmeyer@stites.com | Walter Scott Newbern<br>wsnewbern@msn.com |
| John R. Carr, III<br>jrciii@acs-law.com | Christie A. Moore<br>cm@gdm.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| James M. Carr<br>jim.carr@bakerd.com | Allen Morris<br>amorris@stites.com | Todd J. Johnston<br>tjohnston@mcjllp.com |
| Robert K. Stanley<br>robert.stanley@bakerd.com | James Bryan Johnston<br>bjtexas59@hotmail.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com |
| Terry E. Hall<br>terry.hall@bakerd.com | James T. Young<br>james@rubin-levin.net | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Dustin R. DeNeal<br>dustin.deneal@bakerd.com | David L. LeBas<br>dlebas@namanhowell.com | Karen L. Lobring<br>lobring@msn.com |

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Lisa Kock Bryant
courtmail@fbhlaw.net

Elliott D. Levin
robin@rubin-levin.net
edl@trustesoultions.com

John M. Rogers
johnr@rubin-levin.net

Jeremy S. Rogers
Jeremy.rogers@dinslaw.com

John David Hoover
jdhoover@hovverhull.com

Sean T. White
swhite@hooverhull.com

Robert H. Foree
robertforee@bellsouth.net

Sarah Stites Fanzini
sfanzini@hopperblackwell.com

Michael W. McClain
mike@kentuckytrial.com

William E. Smith
wsmith@k-glaw.com

Susan K. Roberts
skr@stuartlaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C. Scherer
tscherer@binghammchale.com

David A. Laird
david.laird@moyewhite.com

Jerald I. Ancel
jancel@taftlaw.com

Jeffrey J. Graham
jgraham@taftlaw.com

Trevor L. Earl
tearl@rwsvlaw.com

Christopher E. Baker
cbaker@hklawfirm.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
jnstine@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L. Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@gldfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

Andrea L. Wasson
andreawassonatty@gmail.com

Anthony G. Raluy
traluy@fbhlaw.net

Harmony A. Mappes
Harmony.mappes@faegrebd.com

James B. Lind
jblind@vorys.com

James E. Rossow, Jr.
jim@rubin-levin.net

Jeffrey R. Erler
jeffe@bellnunnally.com

Kelly Greene McConnell
lisahughes@givenspursley.com

Kevin M. Toner
Kevin.toner@faegrebd.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Melissa S. Giberson
msgiverson@vorys.com

John Huffaker
John.huffaker@sprouselaw.com

Shawna M. Eikenberry
Shawna.eikenberry@faegrebd.com

Wendy W. Ponader
Wendy.ponader@faegrebd.com

W. Wesley Harned
wharned@dlgfirm.com

Joshua E. Clubb
joshclubb@gmail.com

/s/ Stephen A. Weigand
Stephen A. Weigand

12