UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE:<br>EASTERN LIVESTOCK CO., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 10-93904-BHL-11 |

**LIMITED APPEARANCE OF WELLS FARGO BANK, NATIONAL ASSOCIATION**, as successor by merger to **WELLS FARGO BUSINESS CREDIT, INC. FOR THE PURPOSE OF LODGING AN OBJECTION TO FIFTH THIRD BANK'S MOTION FOR A PROTECTIVE ORDER**

Wells Fargo Bank, National Association, as successor by merger to Wells Fargo Business Credit, Inc. ("Wells Fargo"), hereby objects to Fifth Third Bank's ("Fifth Third's") Motion for a Protective Order. Fifth Third's Motion for a Protective Order was filed in response to an Order issued by the Southern District of Ohio in litigation between Fifth Third and Wells Fargo. In that litigation, Fifth Third sought to prevent Wells Fargo from using information Fifth Third had unilaterally designated "confidential" in this proceeding based solely on this Court's Order Granting Stipulated Confidentiality Agreement dated September 30, 2011 ("Confidentiality Order"). Based on principles of comity, the Southern District of Ohio directed Fifth Third to take up its cause in this Court.

Fifth Third's Motion for a Protective Order should be denied. In particular, the Motion for a Protective Order does not properly characterize the dispute that has arisen with respect to the Rule 2004 Examination transcripts and the relief sought by Fifth Third is nonsensical given the nature of that dispute. The Order of the Southern District of Ohio did not simply request

1

Fifth Third verify the Confidentiality Order entered by this Court was still in effect, but instead sought to have this Court resolve whether this Court intended certain Rule 2004 Examination transcripts to be shielded from public view and use in other litigation by virtue of Fifth Third's unilateral designation of such transcripts as "confidential" and this Court's Order limiting the "use" of confidential material.  Stated another way, no one disputes this Court's Confidentiality Order is in force.  The question is whether the Confidentiality Order precludes the public disclosure of Fifth Third's sworn testimony and its use in other litigation based solely on Fifth Third's own designation of such information as "confidential."

Fifth Third's Motion for a Protective Order fails to meet the standard for a protective order required in the Confidentiality Order Fifth Third seeks to enforce.  The Confidentiality Order this Court entered requires a party seeking to enforce a confidential designation to "demonstrate that there is good cause for the document to have such protection pursuant to the Federal Rules of Civil Procedure."  (Doc. 722, pp. 4-5, ¶ 8.)  Fifth Third does not attempt to do so, but instead seeks to enforce its unsubstantiated "confidential" designation without review by this or any other court.  Because Fifth Third has failed to meet its burden to demonstrate good cause as to why the Rule 2004 Examination transcripts should be protected, its Motion for a Protective Order should be denied and this Court should clarify that the transcripts can be used in other litigation consistent with the dictates of the Federal Rules of Civil Procedure and subject to the discretion of the courts in which the other matters are pending.

## I.  BACKGROUND

1. On October 15, 2012, Wells Fargo filed a Complaint against Fifth Third in the case entitled *Wells Fargo Bank, N.A. v. Fifth Third Bank*, Case No. 1:12-cv-794 (the "Ohio Litigation"), alleging Fifth Third breached a Participation Agreement entered into between Wells Fargo and Fifth Third with respect to loans to Eastern Livestock.

2

2.     On May 3, 2012, upon its request to the special counsel for the trustee, Wells Fargo received copies of twelve (12) transcripts from Rule 2004 Examinations of Fifth Third representatives in this bankruptcy proceeding.  At the time Wells Fargo received such transcripts, it was unaware the transcripts were subject to the Confidentiality Order or that Wells Fargo was required to sign a stipulated agreement regarding their use.

3.     At the time of receipt, a visual and electronic search of the 2004 Examination transcripts revealed no designation of confidentiality, either on the cover page or at any point within the testimony.  Wells Fargo's counsel, in good faith and without any specific knowledge or belief the transcripts were confidential, used and relied on the information contained within the transcripts in drafting the Complaint and First Amended Complaint in the Ohio Litigation.

4.     In the Ohio Litigation, on March 22, 2013, Wells Fargo filed a Motion for Leave to File a First Amended Complaint against Fifth Third.  (Case No. 1:12-cv-794, Doc. 28.) Subsequently, Fifth Third filed a Response to Wells Fargo's Motion for Leave to File a First Amended Complaint in which Fifth Third asserted that Wells Fargo sought, contrary to Rule 11 of the Federal Rules of Civil Procedure, to include language "copied and pasted" from a complaint filed in an unrelated action, that Wells Fargo purposefully omitted material from Fifth Third documents and that Wells Fargo knowingly included false allegations without a good faith basis for their assertion. (Case No. 1:12-cv-794, Doc. 30.)

5.     In response to Fifth Third's filing regarding the proposed First Amended Complaint, on April 26, 2013, Wells Fargo filed a Reply in Support of its Motion for Leave to File a First Amended Complaint.  (Case No. 1:12-cv-794, Doc. 31.)  In Wells Fargo's reply, Wells Fargo noted the allegations it sought to add in its First Amended Complaint, contrary to Fifth Third's assertions, were based on sworn testimony Fifth Third's officers, employees and

3

4820-2851-4837.4

agents gave during these bankruptcy proceedings. In support, Wells Fargo also submitted portions of the Rule 2004 Examinations it relied upon in drafting its proposed First Amended Complaint. It is this reply from which the instant dispute derives.

6. Only on April 30, 2013, after Wells Fargo had filed its reply, did Fifth Third provide Wells Fargo a copy of its letter to bankruptcy counsel in which it had unilaterally designated most of the testimony in the Rule 2004 Examination transcripts as "confidential." Fifth Third thereafter filed a motion for a protective order to seal Wells Fargo's reply and supporting evidence, claiming Wells Fargo had violated a protective order of this Court in using the testimony from the Rule 2004 Examinations. Following a long and complex briefing process, the court in the Ohio Litigation, based on principles of comity, directed Fifth Third to file its motion for protective order in this Court. (Case No. 1:12-cv-794, Memorandum Order, Doc. 50.)

7. In its Motion for a Protective Order, Fifth Third seeks an order from this Court "(1) affirming the validity and effect of the [Confidentiality] Order, (2) affirming that the Rule 2004 Examinations have been designated as Confidential Material pursuant to the [Confidentiality] Order, and (3) prohibiting the use of Confidential Materials by Wells Fargo or any other third party in a manner inconsistent with the terms and conditions of the [Confidentiality] Order." *Id.* at pp. 4-5, ¶ 14. Fifth Third's Motion for a Protective Order does not, however, make any attempt to demonstrate good cause for why the Rule 2004 Examination transcripts should be protected.

## II. OBJECTION TO FIFTH THIRD'S MOTION FOR A PROTECTIVE ORDER

8. Fifth Third's Motion for a Protective Order fails to demonstrate "good cause" exists for this Court to restrict any party's use of the Rule 2004 Examination Transcripts at issue, as required both by the Confidentiality Order and Rule 26 of the Federal Rules of Civil

4

Procedure. The subject Rule 2004 Examinations took place in public, to which Fifth Third failed to object, and the information contained in the transcripts, therefore, already has been freely disclosed. Fifth Third fails to identify any reason why this Court must make a final determination as to whether the Rule 2004 Examination transcripts are proper for use in litigation in other courts. This Court should deny Fifth Third's motion and allow the respective courts in which other litigation is pending to address the propriety of Fifth Third's confidentiality claims as they arise.

A.   **Fifth Third's Motion for Protective Order Fails to Properly Address the Issues for Which It was Ordered to Seek Clarification From this Court**

9.   In its Order on Fifth Third's Motion for Protective Order in the Ohio Litigation, the court for the Southern District of Ohio stated that "Fifth Third's motion will be granted, with the disputed documents to remain with a Confidential designation and under seal, until review of the same documents by the United States Bankruptcy Court." (Case No. Case No 1:12-cv-794, Doc. 50, p. 3.) The Order granted Fifth Third's motion "until and unless such time that the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division, resolves the dispute between Fifth Third and Wells Fargo concerning the Confidential designation for the disputed Rule 2004 transcripts." *Id.* at p. 13. Additionally, the court stated its determination that Wells Fargo's Reply should be sealed "until such time as the Bankruptcy Court can more fully review the Confidentiality designation of the disputed Rule 2004 examination transcripts." *Id.* In order to facilitate such resolution, the court ordered Fifth Third to file a motion for protective order with this Court on or before August 2, 2013. *Id.* at 14.

10.   Despite the clear intention of the Order entered in the Ohio Litigation, that Fifth Third request this Court determine whether the Rule 2004 Examination transcripts are protected from disclosure or use by the Confidentiality Order, Fifth Third's Motion for a Protective Order

5

describes it as requiring a motion "seeking affirmation that the [Confidentiality] Order is valid and remains in effect." (Doc. 2285, p. 4, ¶ 13.) No dispute exists, however, regarding whether the Confidentiality Order remains in effect. The sole dispute is whether Fifth Third's unlimited designation of the Rule 2004 Examination transcripts as being confidential supports entry of a protective order limiting their disclosure or use under the terms of the Confidentiality Order and the Federal Rules of Civil Procedure. Fifth Third fails to address these issues in its Motion for a Protective Order.

**B.     Rule 26 and the Confidentiality Order this Court Entered Require Fifth Third to Demonstrate Good Cause for Why the Rule 2004 Examination Transcripts are Subject to Protection.**

11.     Fifth Third's Motion for a Protective Order fails to fully analyze the Confidentiality Order this Court entered. In particular, Fifth Third fails to describe that, upon an objection to a confidential designation, the party seeking to enforce the designation must "file a motion for a protective order and demonstrate that there is good cause for the document to have such protection pursuant to the Federal Rules of Civil Procedure." (Doc. 722, pp. 4-5, ¶ 8.)

12.     Fifth Third also ignores the definition of "confidential material" in the Confidentiality Order. In order to qualify as "confidential," the material at issue must constitute a "trade secret or other confidential research, development agreement, financial information or commercial document, information or other material *as used in Rules 26(c)(1)(g) and 45(c)(3)(B)(i) of the Federal Rules of Civil Procedure*." (*Id.* at pp. 1-2, ¶ 1.) Nowhere in its Motion for a Protective Order to this Court does Fifth Third assert that the Rule 2004 Examination transcripts fall within the above definition.

13.     Absent the entry of a protective order by a court, "parties to a lawsuit may disseminate materials obtained during discovery as they see fit." *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Reading Fifth Third's motions for protective

6

4820-2851-4837.4

orders in the Ohio Litigation and before this Court would give the impression the Rule 2004 Examination transcripts at issue presently are subject to a protective order.  By the very nature of the Confidentiality Order, however, no protective order is in place with respect to any materials until the designating party has moved specifically for such an order from the Court.  Until such a protective order has been entered by the Court, the Confidentiality Order simply reflects the agreement of the parties the materials in question will be treated confidentially.[1]  That the parties wish for materials to be confidential is not sufficient to restrict disclosure, however.  *See, e.g.*, *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 666 (7th Cir. 2009) (declining to enforce a confidentiality agreement and noting, "we have stated more broadly that a person's desire for confidentiality is not honored in litigation…. [L]itigants' preference for secrecy does not create a legal bar to disclosure.").

    14.    With respect to the Rule 2004 Examination transcripts at issue here, at no time has Fifth Third sought a protective order under the framework of the Confidentiality Order.  Beyond that, Fifth Third never has been compelled to make the showing required to confer full protection on confidential documents under the Confidentiality Order.  The standard required for such a showing under the Confidentiality Order mirrors what Rule 26 of the Federal Rules of Civil Procedure provides.  Rule 26(c)(1), like paragraph 8 of the Confidentiality Order, states a protective order may issue upon a showing of "good cause."  "The party requesting a protective order has the burden of demonstrating to the court that 'good cause' exists for its issuance." *Jepson*, 30 F.3d at 858.

---

[1] It is noteworthy that Wells Fargo was not a party to the Confidentiality Order this Court entered.  Additionally, as noted herein, at the time Wells Fargo received and used the Rule 2004 Examination transcripts, it was unaware they were subject to the Confidentiality Order.  As such, the fact the Confidentiality Order provided a method through which parties could challenge a confidential designation offered Wells Fargo no relief prior to the time that it filed its Reply in the Ohio Litigation.  Wells Fargo also had not itself entered into any agreements not to use the purportedly confidential materials in outside litigation.

15. The Seventh Circuit also has adopted the position that, in the context of discovery materials, "if good cause is not shown, the discovery materials in question should not receive judicial protection. . . ." *Jepson*, 30 F.3d at 859 (quoting *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir. 1988)). Fifth Third's Motion for a Protective Order does not address this "good cause" requirement of either Rule 26 or the Confidentiality Agreement, let alone both. Fifth Third likewise has not attempted to make a showing that the Rule 2004 Examination transcripts fit into a "properly demarcated category of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because Fifth Third has not made such a showing, it is not entitled to an order from this Court precluding the disclosure of the Rule 2004 Examinations or their use in other litigation and its Motion for a Protective Order must be denied.

C. **Fifth Third Waived any Claim to Confidentiality of the Rule 2004 Examination Transcripts by Failing to Object to Public Notice of the Examinations.**

16. In addition to simply failing to demonstrate the Rule 2004 Examination transcripts are protectable under Rule 26 or the terms of the Confidentiality Order, Fifth Third further ignores the fact the Rule 2004 Examinations themselves took place in a public setting.

17. The Notice of 2004 Examination Schedule, filed on February 21, 2012 by the special counsel for the trustee, publicly noted that "[t]elephonic and video observation of the examinations shall be accessible" and provided a toll-free telephone number to listen to the examinations, along with instructions if an interested party sought to attend by video conference. (Doc. 1052). The Notice of 2004 Examination Schedule was filed with the Court publicly. There is no record that Fifth Third objected to the examination of its employees, for whom it now seeks confidential treatment, taking place in a setting accessible to the public. Moreover, in addition to having been filed with the Court, the trustee also made the Notice of 2004

8

Examination Schedule available on its website.[2]  As such, any information to be disclosed during the Rule 2004 Examinations, including the information for which Fifth Third now seeks protection, was available to any interested observer.  Fifth Third, by failing to ensure the examinations were conducted in confidence, has thus waived any ability to now assert they contain confidential information the disclosure of which could cause Fifth Third harm.

18. In addition to having waived the anticipated protection of the Confidentiality Order, Fifth Third's failure to object to the Rule 2004 Examinations being conducted in public also demonstrates Fifth Third cannot meaningfully assert that the information contained therein is a trade secret subject to protection.  To establish information constitutes a trade secret, it is not enough to demonstrate the information generally is confidential or some competitive harm could result.  The party asserting trade secret status also must demonstrate it made reasonable efforts to maintain the secrecy of the information in the first instance.  *See Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. 2001) (denying protective order for failure to require showing of reasonable efforts to maintain secrecy).  Because Fifth Third did not take reasonable steps to protect the privacy of the information to be disclosed in the Rule 2004 Examinations, Fifth Third cannot assert any such information constitutes a trade secret as Rule 26 contemplates.

D. **Justice Requires that the Rule 2004 Examination Transcripts Be Subject to Use in Other Litigation.**

19. In addition to the specific dictates of the Confidentiality Order and Rule 26, Rule 9018 of the Federal Rules of Bankruptcy Procedure provides that the Court may issue any protective order "which justice requires" to protect trade secrets, confidential research, development, or research information, in addition to protecting against any "scandalous or defamatory matter." Fed. R. Bankr. P. 9018.  In this case, far from justice requiring protection of

---

[2] The Notice of 2004 Examination Schedule, including the instructions to observe by telephone or video, as of this date remain available on the trustee's website at: http://www.easternlivestockbkinfo.com/uploads/6/0/4/7/6047139/848a.pdf.

4820-2851-4837.4

the Rule 2004 Examination transcripts from use in other cases, especially given the lack of any showing of good cause, justice in fact requires that any determination as to the appropriate use of the transcripts be left to the discretion of other courts under the circumstances presented to them.

20.     In particular, courts in other cases are in the best position to weigh the potential relevance of the materials contained within the Rule 2004 Examination transcripts against the burdens use of those transcripts would place on Fifth Third.[3]  Restriction of these materials as advocated by Fifth Third would give Fifth Third carte blanche to restrict access to highly relevant information regarding its handling of the Eastern Livestock loans, evidence that in many instances would clearly be the most accurate evidence available to present litigants, without having to make a concomitant showing of potential harm to it.  Further, given the similarities between the issues raised in the Ohio Litigation and those addressed in the Rule 2004 Examinations, restriction of access to the Rule 2004 Examination transcripts would require "unnecessary duplication [that] is wasteful" without a necessary showing of prejudice to Fifth Third.  *Jepson*, 30 F.3d at 861.

21.     Fifth Third seeks to preclude any other parties from using information disclosed in this litigation simply by virtue of the fact Fifth Third, at its sole discretion, designated such documents as confidential.  At no point has Fifth Third made a showing, to this Court or to the Southern District of Ohio, that the transcripts at issue are subject to protection under the terms of the Confidentiality Order itself or under the Federal Rules of Civil Procedure.  It could not have been the parties' intent, nor this Court's intent in ratifying their Agreement, that Fifth Third would use the Confidentiality Order as a shield to protect itself from the testimony of its own

---

[3] In the case of the Ohio Litigation, the court has stated that the "2004 transcripts are relevant" and the court noted that "Fifth Third objects *only* to their use in violation of the Bankruptcy Agreement." (Case No. 1:12-cv-794, Doc. 50, pp. 13-14.)  As such, the only impediment to Wells Fargo using this relevant information is Fifth Third's unilateral and self-serving confidential designation under the Confidentiality Order.

10

4820-2851-4837.4

employees, yet also as a sword to file Rule 11 motions against opposing parties in subsequent litigation. Nor is such a result permissible absent a showing of good cause under Rule 26. *See Jepson*, 30 F.3d at 860 ("Black & Decker has tried to use the stipulated protection order and the IPO as shields to prevent highly relevant and nonconfidential information from reaching the ITC. We refuse to assist Black & Decker with its effort.").

22.  As a result, because Fifth Third continues to fail to demonstrate the relevant Rule 2004 Examination transcripts are properly subject to protection under Rule 26 of the Federal Rules of Civil Procedure, its Motion for a Protective Order should be denied and the Court should clarify that the Rule 2004 Examination transcripts may be used in other litigation, subject to judicial oversight and the Federal Rules of Civil Procedure.

**WHEREFORE**, Wells Fargo respectfully requests the Court to (i) deny Fifth Third's Motion for a Protective Order and (ii) order the Rule 2004 Examination transcripts be deemed not confidential or, in the alternative, order that Wells Fargo is permitted to use the Rule 2004 Examination transcripts in the Ohio Litigation, subject to the Federal Rules of Civil Procedure and the discretion of the Ohio court.

Dated this 14th day of August, 2013.

**WELLS FARGO BANK, N.A.**, as successor by merger to **WELLS FARGO BUSINESS CREDIT, INC**.

*/s/ Patrick B. Griffin*
Patrick B. Griffin, *pro hac vice*
Suzanne M. Shehan, *pro hac vice pending*
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
(402) 346-6000
patrick.griffin@kutakrock.com
suzanne.shehan@kutakrock.com

11

4820-2851-4837.4

                            Attorneys Specially Appearing on Behalf of
                            Wells Fargo Bank, N.A.. as successor by merger to
                            Wells Fargo Business Credit, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2013, I filed the foregoing Objection to Fifth Third Bank's Motion For a Protective Order electronically with the court using the CM/ECF System which sent notification of such filing to all CM/ECF participants.

                            /s/ *Patrick B. Griffin*
                                Patrick B. Griffin