UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE:<br>EASTERN LIVESTOCK CO., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 10-93904-BHL-11 |

### WELLS FARGO BANK, NATIONAL ASSOCIATION'S OPPOSITION TO FIFTH THIRD BANK'S MOTION TO CONTINUE HEARING

Wells Fargo Bank, National Association, as successor by merger to Wells Fargo Business Credit, Inc. ("Wells Fargo"), hereby objects to Fifth Third Bank's ("Fifth Third's") Motion to Continue Hearing regarding Fifth Third's Motion for a Protective Order, filed August 2, 2013. In support of its Opposition, Wells Fargo states:

1. On August 15, 2013, Fifth Third filed a Motion to Continue Hearing (Doc. 2305) seeking to delay the hearing on its own Motion for a Protective Order. (Doc. 2285.) The hearing on Fifth Third's Motion for a Protective Order is scheduled for August 19, 2013. (Doc. 2289.)

2. Fifth Third's Motion for a Protective Order was filed with this Court on August 2, 2013 in response to an Order from the Southern District of Ohio in the case entitled *Wells Fargo Bank, N.A. v. Fifth Third Bank*, Case No. 1:12-cv-794 (the "Ohio Litigation"). (Case No. 1:12-cv-794, Memorandum Order, Doc. 50.) Specifically, on July 29, 2013, Fifth Third was ordered to file a motion for protective order with this Court on or before August 2, 2013, "[i]n order to speed resolution of the underlying dispute." *Id.* at p. 14.

1

4851-2207-8997.1

3. The underlying dispute between Fifth Third and Wells Fargo in the Ohio Litigation is whether Wells Fargo is permitted to use certain relevant Rule 2004 Examination transcripts from this bankruptcy proceeding in its separate litigation with Fifth Third. Fifth Third asserts the use of those transcripts is prohibited by the terms of this Court's Order Granting Stipulated Confidentiality Agreement dated September 30, 2011 ("Confidentiality Order") (Doc. 722). Wells Fargo asserts the use of those transcripts cannot be prohibited by the Confidentiality Order as Fifth Third has failed to make a good cause showing under Rule 26 of the Federal Rules of Civil Procedure and the Rule 2004 Examination transcripts are not properly designated as confidential material. (*See* Doc. 2304.)

4. Timely resolution of the dispute between Wells Fargo and Fifth Third is necessary, as indicated by the fact the Order from the Southern District of Ohio required Fifth Third file its motion in this Court with great dispatch. Most urgently, the deadline for fact discovery in the Ohio Litigation is October 18, 2013. (Case No. 1:12-cv-794, Doc. 38.) Anything more than a short delay before the hearing and ruling on Fifth Third's Motion for a Protective Order would severely prejudice Wells Fargo with respect to its ability to complete discovery in the Ohio Litigation. In particular, if Fifth Third's Motion were to be successful and Wells Fargo were to be denied use of the subject Rule 2004 Examination testimony, Wells Fargo would be required in the Ohio litigation to conduct depositions it otherwise would not take, and pursue redundant lines of questioning in other depositions it intends to take. Either way, Wells Fargo will need resolution of the issues Fifth Third has raised sufficiently in advance of the discovery cut-off in the Ohio Litigation lest it be prejudiced therein.

5. Wells Fargo's opposition to Fifth Third's Motion for a Protective Order can come as no surprise to Fifth Third. The dispute between Fifth Third and Wells Fargo regarding the

2

effect and scope of this Court's Confidentiality Order has been litigated since Fifth Third first filed for a protective order in the Ohio Litigation on May 1, 2013. (*See* Case No. 1:12-cv-794, Doc. 32.) Given that Fifth Third had to have anticipated an Objection from Wells Fargo, and was aware of the hearing date set by the Court on August 6, 2013, there is no basis for delay.

6. Fifth Third's claim additional time is needed for it to respond to arguments raised in Objections to the Motion for a Protective Order is meritless. The issues involved have been fully briefed by both Wells Fargo and Fifth Third in the Ohio Litigation. Fifth Third's claim the additional Objections "set forth arguments that were not addressed in Fifth Third's Motion" also fails. The only arguments raised in the Objections are that Fifth Third's Motion for a Protective Order fails to meet the burdens placed on such a motion by the Federal Rules of Civil Procedure and the subject Confidentiality Order. Fifth Third was, or should have been, aware of its burden when filing the Motion for a Protective Order and its failure to address the issue in the Motion for a Protective Order itself cannot now serve as cause for delay.

7. Likewise meritless is Fifth Third's claim the other objecting parties' interests were not implicated by its Motion for a Protective Order. Fifth Third's Motion for a Protective Order sought a ruling that "the Rule 2004 Examinations have been designated as Confidential Material pursuant to the Order, and (3) prohibiting the use of Confidential Materials by Wells Fargo *or any other third party* in a manner inconsistent with the terms and conditions of the Order." (Doc. 2285, pp. 4-5.) Because Fifth Third sought a ruling restricting all parties, not simply Wells Fargo, it is specious to assert Wells Fargo, and only Wells Fargo, has a "direct interest" in the result of the Motion for a Protective Order.

8. Finally, Fifth Third states a continuance is required because one of its counsel, Eric W. Richardson, the signatory of the Motion to Continue Hearing, is unavailable on August

3

19, 2013. No such scheduling conflict was asserted, however, until after Objections had been filed, despite the fact the hearing had been set since August 6, 2013.[1] Moreover, Fifth Third has not made any showing why a continuance is required based on Mr. Richardson's schedule when the Motion for a Protective Order was filed by Kent A. Britt. It is not apparent why a conflict in Mr. Richardson's schedule should prevent the hearing when the relevant motion was itself brought by different counsel and given the appearances on behalf of Fifth Third in this proceeding by multiple counsel capable of attending the hearing.

9. To the extent the Court is inclined to continue the hearing, moreover, Wells Fargo respectfully submits such continuance should be only until the next available date on the Court's docket, not until the next omnibus hearing date. The only parties with an interest in the hearing are Fifth Third and the objecting parties. No other parties, including the trustee, have expressed an interest in the outcome. In fact, given the limited nature of the issues involved and the few parties with interest in the outcome, to the extent the Court's schedule does not permit an in-person hearing, a telephonic hearing likely would be sufficient. As such, continuing the hearing until the next omnibus date is unnecessary under the circumstances, impractical given the scheduling realities of the Ohio Litigation and risks severely prejudicing Wells Fargo's interest in the Ohio Litigation, with little or no justification for why delay is required.

**WHEREFORE**, Wells Fargo respectfully requests the Court to deny Fifth Third's Motion to Continue Hearing or, in the alternative, to continue the hearing until the next available date on its general docket.

---

[1] It is not clear whether the conflict in Mr. Richardson's schedule arose before the hearing was set by the Court, after the hearing was set by the Court or only after the Objections were filed.

4

Dated this 15th day of August, 2013.

**WELLS FARGO BANK, N.A.**, as successor by merger to **WELLS FARGO BUSINESS CREDIT, INC**.

/s/ Patrick B. Griffin
Patrick B. Griffin, *pro hac vice*
Suzanne M. Shehan*, pro hac vice pending*
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebraska 68102-2186
(402) 346-6000
patrick.griffin@kutakrock.com
suzanne.shehan@kutakrock.com
Attorneys Specially Appearing on Behalf of
Wells Fargo Bank, N.A.. as successor by merger to
Wells Fargo Business Credit, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on August 15th 2013, I filed the foregoing Opposition to Motion to Continue Hearing electronically with the court using the CM/ECF System which sent notification of such filing to all CM/ECF participants.

/s/ *Patrick B. Griffin*
Patrick B. Griffin

5

4851-2207-8997.1