### SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN GIBSON TRUSTEE AND ELC TRUSTEE, GRANT GIBSON, TAMMY GIBSON, JOHN GIBSON, GIBSON CATTLE COMPANY, L.L.C., AND G.P. CATTLE, L.L.C.

This Settlement Agreement ("**Agreement**") is entered into this ___ day of August, 2013 ("**Effective Date**"), by and among Kathryn L. Pry, as Chapter 7 Trustee of the bankruptcy estate of Thomas P. and Patsy M. Gibson (the "**Gibson Trustee**"), Case No. 10-93867-BHL-7A, James A. Knauer, as Chapter 11 Trustee for the bankruptcy estate of Eastern Livestock Company, L.L.C. (the "**ELC Trustee**"), Case No. 10-93904 (the ELC Trustee and the Gibson Trustee are referred to collectively here as the "**Trustees**"), and Defendants, Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, L.L.C., and G.P. Cattle, L.L.C. (collectively, the "**Releasees**") (collectively herein the Trustees and the Releasees are referred to as the "**Parties**" and individually referred to as "Party"). The Parties agree as follows:

## I. RECITALS

1.      Thomas P. Gibson and Patsy M. Gibson, (the "**Gibson Debtors**") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") on December 1, 2010.

2.      Eastern Livestock Company, L.L.C. ("**ELC**") was one of the largest cattle dealers in the United States. Certain petitioning creditors commenced a Chapter 11 Case against ELC on December 6, 2010, by filing an involuntary petition for relief under the Bankruptcy Code. The United States Bankruptcy Court for the Southern District of Indiana ("**Court**") entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

3.      Grant Gibson and John Gibson are the sons of the Gibson Debtors. Tammy Gibson is the wife of Grant Gibson.

4.      Gibson Cattle Company, L.L.C. ("**Gibson Cattle Company**") is a limited liability company organized under Indiana law.

5.      GP Cattle, L.L.C. is a limited liability company organized under Indiana law during 2010. Grant Gibson is a member of GP Cattle, LLC and did business as "GP Cattle" prior to forming the limited liability company. Hereinafter, "**GP Cattle**" refers to Grant Gibson d/b/a GP Cattle, d/b/a GP Cattle Company, and d/b/a GP Cattle, L.L.C.

6.      On November 29, 2012, the Gibson Trustee filed a complaint for turnover against Grant Gibson, John Gibson, Gibson Cattle Company, and GP Cattle that commenced Adversary Proceeding No. 12-59101 (the "**Grant Gibson Adversary Proceeding**").

7.      On November 30, 2012, the Gibson Trustee filed a complaint for turnover against People's Bank & Trust Company of Pickett County, Michael Steven McDonald, and Tammy T. Gibson that commenced Adversary Proceeding No. 12-59103 (the "**Tammy Gibson Adversary Proceeding**").

**Exhibit A**
**(Redacted)**

8.      The Gibson Trustee has agreed to compromise and settle her claims against Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company and GP Cattle (collectively, the "**Pry Releasees**") on the terms and conditions set forth below.

9.      On December 26, 2012, the ELC Trustee filed a complaint against Nancy G. McDonald and John F. Gibson, solely in their capacities as co-trustees of the Thomas P. Gibson Irrevocable Generation Skipping Trust (the "**Gibson Trust**") that commenced Adversary Proceeding No. 12-59151 (the "**Gibson Trust Adversary Proceeding**"). The Gibson Trust Adversary Proceeding does not assert claims against John F. Gibson individually; accordingly, the Gibson Trust Adversary Proceeding is not affected or implicated by this Agreement.

10.     On December 27, 2012, the ELC Trustee filed a complaint against John F. Gibson, individually, that commenced Adversary Proceeding No. 12-59152 (the "**John Gibson Adversary Proceeding**").

11.     On December 27, 2012, the ELC Trustee also filed a complaint against Tammy Gibson, Grant Gibson, Gibson Cattle Company, GP Cattle, and Atkinson Livestock Market, L.L.C., that commenced Adversary Proceeding No. 12-59158 (the "**Gibson Cattle Company Adversary Proceeding**").

12.     The ELC Trustee has agreed to compromise and settle his claims against Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, and GP Cattle, (collectively, the "**ELC Releasees**") on the terms and conditions set forth below.

13.     Under the terms and conditions set forth below, the Trustees have agreed to settle their claims against Releasees and to dismiss them with prejudice from: (1) the **Grant Gibson Adversary Proceeding**, Adversary Proceeding No. 12-59101; (2) the **Tammy Gibson Adversary Proceeding**, Adversary Proceeding No. 12-59103, solely as to Defendant Tammy Gibson; (3) the **John Gibson Adversary Proceeding,** Adversary Proceeding No. 12-59152; and (4) the **Gibson Cattle Company Adversary Proceeding,** Adversary Proceeding No. 12-59158, solely as to Defendants, Tammy Gibson, Grant Gibson, John Gibson, Gibson Cattle Company, and GP Cattle, for the total payment of $350,000.00 (the "**Settlement Amount**").

14.     In reaching this settlement, the Trustees have relied on representations concerning the current financial condition of Grant Gibson, Tammy Gibson, and John Gibson as set forth in the sworn affidavits attached hereto as Exhibits 1, 2, and 3.

15.     The effectiveness and enforcement of this Settlement Agreement is subject to approval by the Court pursuant to Federal Rule of Bankruptcy Procedure 9019(b).

**THEREFORE**, for and in consideration of the mutual covenants, obligations, agreements and releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all Parties, the Parties agree that:

## II.  AGREEMENT

A.  The recitals stated above are incorporated into this Agreement by reference as if fully set forth herein.

**Exhibit A
(Redacted)**

B. Grant Gibson, Tammy Gibson, Gibson Cattle Company, and GP Cattle shall:

1. Pay the Trustees $300,000.00 plus accrued interest at the monthly rate of .27% ("Monthly Interest") (collectively, the "**Grant Gibson Payment**");

2. Pay on the 28th day of each month the Monthly Interest on the unpaid balance of the Grant Gibson Payment commencing five (5) months after the execution of this Agreement;

3. Remit the Grant Gibson Payment, in full, to the ELC Trustee no later than ten (10) months after the execution of this Agreement;

4. Payment is considered received when posted, and may be made by first class mail, postage prepaid, to counsel for the ELC Trustee at: Faegre Baker Daniels LLP, c/o Kevin Toner, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204;

5. In the event that the Grant Gibson Payment is delivered to counsel for the ELC Trustee on or before ninety (90) days after the execution of this Agreement, the Gibson Payment shall be reduced by $7,500 and Grant Gibson, Tammy Gibson, Gibson Cattle Company and GP Cattle shall have no further payment obligations under Section B(1) and B(2) above;

6. As security for the Grant Gibson Payment, Grant Gibson, individually, and as a one percent (1%) Class A Member of The Gibson Farm 2, L.L.C. an Indiana limited liability company, (hereinafter, "**Gibson Farm 2**"), and Tammy Gibson, individually, and as a forty nine percent (49%) Class B member and one percent (1%) Class A Member of Gibson Farm 2, with the consent of the Grant P. Gibson Irrevocable Trust, also a percent (49%) Class B member of Gibson Farm 2,  shall cause the execution of  a mortgage lien by Gibson Farm 2 in favor of the ELC Trustee and the Gibson Trustee on the approximately 46 acres of undeveloped farm land commonly known as at 7764 State Road 62 East, Lanesville, IN 47136 and titled to Gibson Farm 2 (the "**Trustees' Collateral**");

7. Pay any and all costs associated with any partial release of any of the Trustees' collateral including, but not limited to, fees, costs, surveys, appraisals, or title insurance;

8. Execute an agreed judgment against Grant Gibson and Tammy Gibson and in favor of the Trustees in the amount of $300,000.00 ("**Agreed Judgment**") which document will be held by counsel for the ELC Trustee and will not be filed with the Court or recorded in any county unless and until Grant Gibson and Tammy Gibson fail to pay in full the Grant Gibson Payment within ten (10) months of execution of the Agreement as set forth in Section B(1) and B(2) above;

9. Waive any and all claims and withdraw all claims filed in the Gibson Estate;

**Exhibit A (Redacted)**

      10.     Waive any and all claims and withdraw all claims filed in the ELC Estate;

C.  The ELC Trustee and the Gibson Trustee shall:

      1.     Release their lien on the Trustees' Collateral on an acre by acre basis for payment of $5,000.00 per acre toward satisfaction of the Grant Gibson Payment obligations in Section B above, and in accordance with Section B.7., above, Grant Gibson and Tammy Gibson shall pay any and all costs associated with any partial release of any of the Trustees' collateral including, but not limited to, fees, costs, surveys, appraisals, or title insurance; release all remaining liens on the Trustees' Collateral within fourteen (14) business days upon payment in full of the Grant Gibson Payment;

      2.     At the request of Grant Gibson, and for no consideration, release the portion of the mortgage referenced in Section B above as to the approximately four (4) fenced acres of real estate, houses and barns owned by Gibson Farm 2;

      3.     Divide the Grant Gibson Payment with forty percent (40%) of the Grant Gibson Payment including interest paid to the Gibson Trustee and sixty percent (60%) including interest paid to the ELC Trustee; and

      4.     The ELC Trustee shall remit forty percent (40%) of the Grant Gibson Payment, including interest payments received, to counsel for the Gibson Trustee no later than twenty-one (21) days after counsel for the ELC Trustee has received each payment.  Payment is considered received when posted, and may be made by first class mail, postage prepaid, to counsel for the Gibson Trustee at: Rubin & Levin, P.C., c/o Elizabeth M. Lally, 500 Marott Center, 342 Massachusetts Ave., Indianapolis, IN 46204.

D.  John Gibson shall within sixty (60) days of the Court's order approving this settlement:

      1.     Pay to the ELC Trustee $50,000.00 (the "**John Gibson Payment**"). Payment is considered received when posted, and may be made by first class mail, postage prepaid, to counsel for the ELC Trustee at: Faegre Baker Daniels LLP., c/o Kevin Toner, 300 N. Meridian Street, Suite 2700, Indianapolis, IN 46204;

      2.     Waive any and all claims and withdraw all claims filed against the Gibson Estate; and

      3.     Waive any and all claims and withdraw all claims filed against the ELC Estate.

E.  The ELC Trustee and the Gibson Trustee shall:

      1.     Divide the John Gibson Payment with forty percent (40%) of the John Gibson Payment paid to the Gibson Trustee and sixty percent (60%) of the John Gibson payment paid to the ELC Trustee.

**Exhibit A
(Redacted)**

2.     The ELC Trustee shall remit forty percent (40%) of the John Gibson Payment to counsel for the Gibson Trustee no later than twenty-one (21) days after counsel for the ELC Trustee has received the John Gibson Payment.  Payment is considered received when posted, and may be made by first class mail, postage prepaid, to counsel for the Gibson Trustee at: Rubin & Levin, P.C., c/o Elizabeth M. Lally, 500 Marott Center, 342 Massachusetts Ave., Indianapolis, IN 46204.

F.  The Parties agree to the following mutual releases on the terms as defined and set forth below:

1.     **Definitions**. As used herein, the following terms shall have the following meanings:

a)  "**Associated Party**" means, with respect to any specified Party, to the extent applicable, such Party's (1) predecessors, successors, executors, administrators, trusts, spouse, heirs and estate, attorneys, professionals, partners, agents, representatives, and insurers, (2) past, present and future assigns, agents, and representatives, (3) each entity that such Party now has the power to bind (by such Party's acts or signature) or over which such Party directly or indirectly exercises control, and (4) each entity of which such Party now owns, directly or indirectly, a majority of the outstanding equity, beneficial, proprietary, ownership or voting interests.

b)  "**Released Claims**" mean and include any and all agreements, causes of action, claims, commitments, contracts, controversies, covenants, indebtedness, debts, damages, demands, disputes, obligations, liabilities, rights and suits of every kind and nature, whether in law or equity, whether known or unknown, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, asserted or unasserted, fixed or contingent, and whether sounding in contract, statute, tort, fraud, misrepresentation or other legal theory.

c)  "**Grant Gibson Releasee**" means Grant Gibson and his (1) successors and assigns, (2) predecessors, successors, executors, administrators, trusts, spouse, heirs and estate, and (3) past, present and future assigns, agents and representatives.

d)  "**Tammy Gibson Releasee**" means Tammy Gibson and her (1) successors and assigns, (2) predecessors, successors, executors, administrators, trusts, spouse, heirs and estate, and (3) past, present and future assigns, agents and representatives.

e)  "**John Gibson Releasee**" means John Gibson and his (1) successors and assigns, (2) predecessors, successors,

**Exhibit A
(Redacted)**

executors, administrators, spouse, heirs and estate, and (3) past, present and future assigns, agents and representatives.  However, notwithstanding the foregoing, the term "John Gibson Releasee" shall not include the Gibson Trust.

f)    "**Released Claim**" means:

(1)  With respect to Paragraph II.F.2, and its subsections, below, Claim(s) that the Gibson Trustee and/or any of her Associated Parties has had or claims to have had against Grant Gibson, individually and/or any of his Associated Parties, by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Grant Gibson Adversary Proceeding;

(2)  With respect to Paragraph II.F.3, and its subsections, below, Claim(s) that Grant Gibson, individually and/or any of his Associated Parties, has had or claims to have had against the Gibson Trustee and/or any of her Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Grant Gibson Adversary Proceeding;

(3)  With respect to Paragraph II.F.4, and its subsections, below, Claim(s) that the Gibson Trustee and/or any of her Associated Parties has had or claims to have had against Tammy Gibson, individually, and/or any of her Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Tammy Gibson Adversary Proceeding;

(4)  With respect to Paragraph II.F.5, and its subsections, below, Claim(s) that Tammy Gibson, individually, and/or any of her Associated Parties has had or claims to have had against the Gibson Trustee and/or any of her Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Tammy Gibson Adversary Proceeding;

**Exhibit A
(Redacted)**

(5)  With respect to Paragraph II.F.6, and its subsections, below, Claim(s) that the Gibson Trustee and/or any of her Associated Parties has had or claims to have had against John Gibson, individually and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Grant Gibson Adversary Proceeding;

(6)  With respect to Paragraph II.F.7, and its subsections, below, Claim(s) that John Gibson, individually, and/or any of his Associated Parties has had or claims to have had against the Gibson Trustee and/or any of her Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Grant Gibson Adversary Proceeding and the John Gibson Adversary Proceeding;

(7)  With respect to Paragraph II.F.8, and its subsections, below, Claim(s) that the ELC Trustee and/or any of his Associated Parties has had or claims to have had against John Gibson, and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the John Gibson Adversary Proceeding.  Notwithstanding the foregoing, and for avoidanceof doubt, Released Claim for purposes of Paragraph II.F.8 does not include any and all claims the ELC Trustee has against the Gibson Trust;

(8)  With respect to Paragraph II.F.9, and its subsections, below, Claim(s) that John Gibson, and/or any of his Associated Parties has had or claims to have had against the ELC Trustee and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the John Gibson Adversary Proceeding;

(9)  With respect to Paragraph II.F.10, and its subsections, below, Claim(s) that the ELC

**Exhibit A**
**(Redacted)**

Trustee and/or any of his Associated Parties has had or claims to have had against Grant Gibson, individually and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Gibson Cattle Company Adversary Proceeding;

(10)  With respect to Paragraph II.F.11, and its subsections, below, Claim(s) that Grant Gibson, individually and/or any of his Associated Parties has had or claims to have had against the ELC Trustee and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Gibson Cattle Company Adversary Proceeding;

(11) With respect to Paragraph II.F.12, and its subsections, below,  Claim(s) that the ELC Trustee and/or any of his Associated Parties has had or claims to have had against Tammy Gibson, individually, and/or any of her Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Gibson Cattle Company Adversary Proceeding;

(12) With respect to Paragraph II.F.13, and its subsections, below, Claim(s) that Tammy Gibson, individually and/or any of her Associated Parties, has had or claims to have had against the ELC Trustee and/or any of his Associated Parties by reason of any matter, cause or thing whatsoever, including but not limited to any matter arising from, connected with, or in any way relating to or resulting from the Gibson Trust Adversary Proceeding;

(13)  None of the releases set forth in this Agreement apply to, and shall not relieve any of the Parties hereto from, his, her or its obligations under this Agreement.

2.      **Release By the Gibson Trustee as to Grant Gibson, individually and each of his Associated Parties,  Gibson Cattle Company, and G.P. Cattle Company**: As of the Effective Date,

**Exhibit A
(Redacted)**

the Gibson Trustee in her capacity as the Gibson Trustee of the Gibson Estate, on behalf of herself and each of her Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a)  Releases and forever discharges each Grant Gibson Releasee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that the Gibson Trustee does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither the Gibson Trustee nor any of her Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to her best knowledge, no other Person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the Gibson Trustee, solely in her capacity as a Chapter 7 Trustee, (4) this Agreement is a valid and binding obligation of the Gibson Trustee, and is enforceable against the Gibson Trustee in accordance with its terms.

3.    **Release By Grant Gibson, individually and any of his Associated Parties, Gibson Cattle Company,  G.P. Cattle Company as to the Gibson Trustee**: As of the Effective Date, Grant Gibson, individually and each of his Associated Parties, Gibson Cattle Company, G.P. Cattle Company, on behalf of himself and each of these entities, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the Gibson Trustee and her Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that Grant

**Exhibit A (Redacted)**

Gibson, Gibson Cattle Company, or G.P. Cattle Company, does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither Grant Gibson, Gibson Cattle Company, G.P. Cattle Company, nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by Grant Gibson, Gibson Cattle Company, G.P. Cattle Company, (4) this Agreement is a valid and binding obligation of Grant Gibson, Gibson Cattle Company, and G.P. Cattle Company, and is enforceable against Grant Gibson, Gibson Cattle Company, and G.P. Cattle Company, in accordance with its terms.

4. **Release By the Gibson Trustee as to Tammy Gibson**: As of the Effective Date, the Gibson Trustee in her capacity as the Gibson Trustee of the Gibson Estate, on behalf of herself and each of her Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges each Tammy Gibson Releasee and her Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that the Gibson Trustee does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither the Gibson Trustee nor any of her Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to her best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the Gibson Trustee, solely in her capacity as a

**Exhibit A
(Redacted)**

Chapter 7 Trustee, (4) this Agreement is a valid and binding obligation of the Gibson Trustee, and is enforceable against the Gibson Trustee in accordance with its terms.

5. **Release By Tammy Gibson as to the Gibson Trustee**: As of the Effective Date, Tammy Gibson, individually, and on behalf of herself and each of her Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the Gibson Trustee and her Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that Tammy Gibson does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither Tammy Gibson, individually, nor any of her Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to her best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by Tammy Gibson, individually; and (4) this Agreement is a valid and binding obligation of the Tammy Gibson, individually, in accordance with its terms.

6. **Release By the Gibson Trustee as to John Gibson and Gibson Cattle Company**: As of the Effective Date, the Gibson Trustee in her capacity as the Gibson Trustee of the Gibson Estate, on behalf of herself and each of her Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges each John Gibson Releasee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing

**Exhibit A (Redacted)**

release does not extend to claims that the Gibson Trustee does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither the Gibson Trustee nor any of her Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to her best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the Gibson Trustee, solely in her capacity as a Chapter 7 Trustee, (4) this Agreement is a valid and binding obligation of the Gibson Trustee, and is enforceable against the Gibson Trustee in accordance with its terms.

7.   **Release By John Gibson as to the Gibson Trustee**: As of the Effective Date, John Gibson, on behalf of himself and each of his Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the Gibson Trustee and her Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that John Gibson, individually, and d/b/a Gibson Cattle Company, does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither John Gibson nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by John Gibson; and (4) this Agreement is a valid and binding obligation of John Gibson in accordance with its terms.

**Exhibit A
(Redacted)**

8.      **Release By the ELC Trustee as to John Gibson**: As of the Effective Date, the ELC Trustee in his capacity as the Trustee of the ELC Estate, on behalf of himself and each of his each Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges each John Gibson Releasee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that the ELC Trustee does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither the ELC Trustee nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the ELC Trustee, solely in his capacity as a Chapter 11 Trustee, and (4) this Agreement is a valid and binding obligation of the ELC Trustee, and is enforceable against the ELC Trustee in accordance with its terms.

9.      **Release By John Gibson as to the ELC Trustee**: As of the Effective Date, John Gibson, individually, and d/b/a Gibson Cattle Company, and on behalf of himself and each of his Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the ELC Trustee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that John Gibson, individually, and d/b/a Gibson Cattle Company, does not know or suspect to exist at

**Exhibit A (Redacted)**

the time of executing this Agreement; and

    c) Represents and warrants that (1) neither John Gibson nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by John Gibson; and (4) this Agreement is a valid and binding obligation of John Gibson, in accordance with its terms.

10.    **Release By the ELC Trustee as to Grant Gibson, Gibson Cattle Company, and G.P. Cattle Company**: As of the Effective Date, the ELC Trustee in his capacity as the Trustee of the ELC Estate, on behalf of himself and each of his each Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

    a) Releases and forever discharges each Grant Gibson Releasee and his Associated Parties of and from each Released Claim;

    b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that the ELC Trustee does not know or suspect to exist at the time of executing this Agreement; and

    c) Represents and warrants that (1) neither the ELC Trustee nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the ELC Trustee, solely in his capacity as a Chapter 11 Trustee, and (4) this Agreement is a valid and binding obligation of the ELC Trustee, and is enforceable against the ELC Trustee in accordance with its terms.

11.    **Release By Grant Gibson Gibson Cattle Company, and G.P. Cattle Company, as to the ELC Trustee:** As of the Effective

Exhibit A
(Redacted)

Date, Grant Gibson, individually, , and on behalf of himself and each of his Associated Parties, Gibson Cattle Co., and G.P. Cattle Co. and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the ELC Trustee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that Grant Gibson, individually, and on behalf of himself and each of his Associated Parties, Gibson Cattle Co., and G.P. Cattle Co. does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither Grant Gibson, individually, nor any Associated Parties, and on behalf of himself and each of his Associated Parties, Gibson Cattle Co., and G.P. Cattle Co. has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by Grant Gibson, individually, Grant Gibson Gibson Cattle Company, and G.P. Cattle Company; and (4) this Agreement is a valid and binding obligation of Grant Gibson, Gibson Cattle Company, and  G.P. Cattle Company, in accordance with its terms.

12.    **Release By the ELC Trustee as to Tammy Gibson, individually**: As of the Effective Date, the ELC Trustee in his capacity as the Trustee of the ELC Estate, on behalf of himself and each of his each Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges each Tammy Gibson Releasee and her Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights

**Exhibit A
(Redacted)**

arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that the ELC Trustee does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither the ELC Trustee nor any of his Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to his best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by the ELC Trustee, solely in his capacity as a Chapter 11 Trustee, and (4) this Agreement is a valid and binding obligation of the ELC Trustee, and is enforceable against the ELC Trustee in accordance with its terms.

13. **Release By Tammy Gibson, individually, as to the ELC Trustee**: As of the Effective Date, Tammy Gibson, individually, and on behalf of herself and each of her Associated Parties, and subject to approval of this Settlement Agreement by the Bankruptcy Court through the entry of a final, non-appealable order:

a) Releases and forever discharges the ELC Trustee and his Associated Parties of and from each Released Claim;

b) Waives the benefits of, and any rights arising under, any statute or common law principle that would provide that the foregoing release does not extend to claims that Tammy Gibson, individually, does not know or suspect to exist at the time of executing this Agreement; and

c) Represents and warrants that (1) neither tammy Gibson, individually, nor any of her Associated Parties has assigned, transferred, or purported to assign or transfer, to any person any Released Claim, (2) to her best knowledge, no other person or entity has any interest in any of the Released Claims, (3) this Agreement has been duly and validly executed and delivered by Tammy Gibson, individually; and (4) this Agreement is a valid and binding obligation of

**Exhibit A**
**(Redacted)**

Tammy Gibson, individually, in accordance with its terms.

G.  The Parties hereto acknowledge, covenant and agree that each of them has read this Agreement and understand its terms, including the legal consequences thereof, and that in offering to make, and in making, executing and delivering this Agreement, none of them was acting under any duress, undue influence, misapprehension or misrepresentation by any party hereto or any agent, attorney or representative of any party and that this Agreement was made, executed and delivered as the free and voluntary act of each Party and was given in good-faith on the part of each Party with full knowledge of all relevant facts and circumstances.

H.  The Parties further agree that they shall take any action necessary to the effectiveness of this Agreement.

I.  The Gibson Trustee's claim against Michael Steven McDonald, commenced as part of Adversary Proceeding No. 12-59103, is not released pursuant to this Agreement.

J.  The ELC Trustee's claim against Atkinson Livestock Market, L.L.C., commenced as part of Adversary Proceeding No. 12-59158, is not released pursuant to this Agreement.

K.  **Application for Approval of the Settlement Agreement.**  Within fourteen (14) calendar days from the approval of this Agreement by all Parties hereto, the Trustees shall file with the Bankruptcy Court for each respective bankruptcy estate a motion for an order approving this Settlement Agreement and authorizing the Trustee to enter into this Settlement Agreement (the "**Motion**").

L.  **Non-Payment of the Grant Gibson Payment.** In the event that the full Grant Gibson Payment is not paid to the Trustees in accordance with the terms set forth in Section B above, the ELC Trustee and the Gibson Trustee may file, record, and collect the unpaid amount of the Agreed Judgment, foreclose on the Trustees' Collateral, and recover reasonable attorneys' fees, which fees will be limited to the attorneys' fees incurred in relation to the collection of the Agreed Judgment and / or foreclosure on the mortgage related to the collection of the Agreed Judgment.  John Gibson has no duty to pay the Grant Gibson Payment and shall not be liable for nonpayment or any shortfall.

**Non-Payment of the John Gibson Payment.**  In the event that the full John Gibson Payment is not paid in full to the Trustees in accordance with the terms set forth in Section C above, the ELC Trustee and the Gibson Trustee may file, record, and collect the unpaid amount of the Agreed Judgment, and recover reasonable attorneys' fees, which fees will be limited to the attorneys' fees incurred in relation to the collection of the Agreed Judgment.  Grant Gibson and Tammy Gibson have no duty to pay the John Gibson Payment and shall not be liable for nonpayment or any shortfall.

M.  **Misrepresentation as to Financial Position**:

Attached hereto as Exhibits 1, 2, and 3 are affidavits duly sworn by Grant Gibson, Tammy Gibson, and John Gibson concerning their current financial condition.  These exhibits are confidential and shall not be filed in Court with the Motion, though the Parties agree that they may be made available to the Court for in camera review and to others as the Court may order under the restrictions from further disclosure as the Court may require.  In the event that these

**Exhibit A
(Redacted)**

sworn statements of Grant Gibson, Tammy Gibson and John Gibson regarding the extent and value of their assets are fraudulent or otherwise a material misrepresentation of the true extent and value of their current assets, then the Trustees' respective claims set forth in Sections B.1 and B.2, and their subsections, against the Pry Releasees and the ELC Releasees shall automatically be revived, reinstated, and restored in the amounts asserted by the Trustees in the Grant Gibson Adversary Proceeding, the Tammy Gibson Adversary Proceeding, the Gibson Cattle Company Adversary Proceeding, and the John Gibson Adversary Proceeding, and any releases provided by the Trustees to the fraudulent party shall be null, void, and of no effect whatsoever. Misstatements concerning the value of individual assets that total less than $25,000 in value are deemed to be immaterial and shall not provide grounds to reinstate the Trustee's claims against that party. The Trustees may not claim that a material misstatement in one affidavit is grounds to revive, reinstate, and restore any claims against a different party. All rights provided in this Section N. shall extinguish twelve (12) months following the execution of this Agreement and thereafter the Trustees may no longer invoke or rely upon this section of the Agreement.

      N. **Acknowledgment of Bankruptcy Court Approval of the Agreement.** The Parties acknowledge that the effectiveness of this Agreement is expressly conditioned upon its approval by the Bankruptcy Court through the entry of a final, non-appealable order.

      O. **Denial of the Settlement Agreement.** If the Bankruptcy Court does not approve this Agreement through the entry of a final, non-appealable order, this Agreement and the releases and discharges contained herein shall be null and void.

      P. **No Admission of Liability**. Each Party hereof acknowledges and agrees that this Agreement is a compromise of disputed claims, and neither this Agreement, nor any consideration provided pursuant to this Agreement, shall be taken or construed to be an admission or concession by either any of the Parties with respect to any fact, liability or fault of any kind.

      Q. **Titles and Headings.** The Parties acknowledge that the titles and headings set forth in bold type in this Agreement are included solely for the convenience of the Parties to the Agreement and shall not in any manner limit the construction of the Agreement which shall be considered as a whole. All additions and deletions of provisions from and all drafts of the Agreement shall be of no force or effect in interpreting the terms of the Agreement or the intentions of the parties hereto.

      R. **Capacity.** The undersigned Parties, if executing this Agreement in a representative capacity or as a Trustee, certify that they are duly appointed and are authorized and empowered to sign and bind their respective entities or principals and that said entity and/or principal has full capacity to release the Parties identified above and that all necessary entity actions or principal approval for making and effectuating this Settlement Agreement have been taken and obtained.

      S. **Notices:** All notices and other communications required or permitted under this Agreement shall be in writing and shall be effective only if it is delivered by personal service (which shall include delivery by delivery service, express mail delivery service, telecopy or telefax) or mailed, by United States certified mail, postage prepaid, and addressed as follows:

**Exhibit A
(Redacted)**

**If to the Gibson Trustee:**
Ms. Kathryn L. Pry
Trustee of Estate of Thomas P. Gibson and Patsy M. Gibson
c/o Ms. Elizabeth M. Lally
RUBIN & LEVIN, P.C.
500 Marott Center
342 Massachusetts Ave., Suite 500
Indianapolis, IN 46204

**If to the ELC Trustee:**
James A. Knauer
Trustee of the Estate of  Eastern Livestock Company, L.L.C.
c/o Mr. Kevin Toner
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
 Indianapolis, IN 46204

**If to Grant Gibson; Tammy Gibson;  Gibson Cattle Company;
andG.P. Cattle Company**

Andrew J. Vandiver, Esq.
ADAMS STEPNER, WOLTERMANN & DUSING, PL.L.C.
40 W. Pike St., P.O. Box 861
Covington, KY 41012-0861

**If to John Gibson:**

Michael W. McClain
Ballinger McClain, PLLC
9720 Park Plaza Ave., Suite 102
Louisville, KY 40241


Such communications, when personally delivered, shall be effective upon receipt, but, if sent by certified mail, shall be effective three (3) business days following deposit with the United States Postal Service.  Any Party or agent of such may change its address or give notice that it is no longer able to accept notice on behalf of a Party for such communications by giving notice thereof to the other Parties in accordance with the requirements of this section.

      T.  **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Indiana and applicable federal laws.

      U.  **Entire Agreement.**  This Agreement constitutes the entire agreement among the Parties to it and supersedes any prior or contemporaneous understanding or agreement with respect to the transactions contemplated.

**Exhibit A
(Redacted)**

V.  **Modification.**  No waiver or modification of a term or condition of this Agreement shall be valid or binding unless it is in writing and executed by each of the Parties to this Agreement.  No material waiver or material modification of a term or condition of this Agreement shall be valid or binding unless it is in writing and executed by each of the Parties to this Agreement and approved by the Court by the entry of a final, non-appealable order.

W.  **Non-severability.**  If any provision of this Agreement or any stipulations of the Parties under this Agreement or any right arising under this Agreement is declared void or unenforceable, then the entire Agreement is void and of no effect to all Parties to this Agreement.

X.  **Miscellaneous.**  Because each of the Parties to this Agreement has contributed to the preparation and drafting hereof, has read the Agreement, and has reviewed the Agreement with counsel and understands its terms and contents, the terms and provisions of this Agreement shall be interpreted and construed without any presumption or inference based upon the Party or Parties causing this Agreement to be drafted in fact.

Y.  **Waiver of Jury Trial.**  By entering into this Agreement, the Parties hereby irrevocably waive any right to a jury trial in any action, proceeding, cross-claim or counterclaim arising out of or related to this Agreement.

Z.  **Retention of Jurisdiction.**  The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement.

AA.  **Counterparts.**  This Agreement may be executed in multiple counterparts, all of which when combined constitute one original document. This Agreement may be transmitted for execution by electronic mail exchange (e-mail) or electronic facsimile (fax) transmission.  The Parties intend that e-mailed or faxed signatures and an e-mailed or faxed Agreement containing the signatures (original, e-mail or fax) of all the Parties shall be binding on them.

**IN WITNESS WHEREFORE**, the undersigned have duly executed this Agreement on the dates set forth below however the Effective Date is the date set forth in the first paragraph of this Agreement.

[Signatures continue on next page.]

**Exhibit A
(Redacted)**

**GIBSON TRUSTEE**

By: _____
Kathryn L. Pry, solely in her capacity as the
Trustee of the Estate of  Thomas P. Gibson and
Patsy M. Gibson and not individually

**ELC TRUSTEE**

By: _____
James A. Knauer, solely in his capacity as the
Trustee of the Estate of Eastern Livestock
Company, L.L.C. and not individually

**Exhibit A
(Redacted)**

**GRANT P. GIBSON, INDIVIDUALLY**

By:_____

_____
           Printed Name/Title

**JOHN F. GIBSON, INDIVIDUALLY**

By:_____

_____
           Printed Name/Title

**TAMMY GIBSON, INDIVIDUALLY**

By:_____

_____
           Printed Name/Title

**GIBSON CATTLE COMPANY, L.L.C.**

By:_____

_____
           Printed Name/Title

**G.P. CATTLE COMPANY**

By:_____

_____
           Printed Name/Title

**Exhibit A**
**(Redacted)**