UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**AMENDED MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH TAMMY GIBSON; GIBSON CATTLE COMPANY, L.L.C.; GP CATTLE COMPANY, LLC; GRANT GIBSON, individually, and d/b/a GP CATTLE COMPANY and d/b/a GP CATTLE; and JOHN F. GIBSON**

Pursuant to Federal Rule of Bankruptcy Procedure 9019, James A. Knauer, as chapter 11 trustee (the "Trustee") for the estate of Eastern Livestock Co., LLC ("Debtor"), by counsel, respectfully moves the Court to approve the compromise and settlement of claims between the Trustee and Tammy Gibson; Gibson Cattle Company, L.L.C; GP Cattle Company, LLC; Grant Gibson, individually, and d/b/a GP Cattle Company and d/b/a GP Cattle; and John F. Gibson. In support of this motion (the "Settlement Motion"), the Trustee states as follows:

**Introduction and Background**

1. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") on December 6, 2010. The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Docket No. 110] on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Docket No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Docket No. 98] pursuant to 11 U.S.C. § 1104.

3. Grant P. Gibson ("Grant Gibson") and John F. Gibson ("John Gibson") are the sons of Thomas P. Gibson and Patsy M. Gibson, debtors in Case No. 10-93867 (the "Gibson Bankruptcy") pending in this Court.  Tammy Gibson is the wife of Grant Gibson.

4. Gibson Cattle Company, L.L.C. ("Gibson Cattle Company") is a limited liability company organized under Indiana law.

5. GP Cattle, L.L.C. is a limited liability company organized under Indiana law during 2010.  Grant Gibson is a member of GP Cattle, LLC and did business as "GP Cattle" prior to forming the limited liability company. Hereinafter, "GP Cattle" refers to Grant Gibson d/b/a GP Cattle, d/b/a GP Cattle Company, and d/b/a GP Cattle, L.L.C.

6. On December 27, 2012, the Trustee filed a complaint against John F. Gibson, individually, that commenced Adversary Proceeding No. 12-59152 (the "John Gibson Adversary Proceeding").

7. On December 27, 2012, the Trustee also filed a complaint against Tammy Gibson, Grant Gibson, Gibson Cattle Company, GP Cattle, and Atkinson Livestock Market, L.L.C., that commenced Adversary Proceeding No. 12-59158 (the "Gibson Cattle Company Adversary Proceeding").

8. On November 29, 2012, Kathryn L. Pry, as chapter 7 trustee in the Gibson Bankruptcy (the "Gibson Trustee" and collectively with the Trustee, the "Trustees"), filed a complaint for turnover against Grant Gibson, John Gibson, Gibson Cattle Company, and GP Cattle that commenced Adversary Proceeding No. 12-59101 (the "Grant Gibson Adversary Proceeding").

9. On November 30, 2012, the Gibson Trustee filed a complaint for turnover against People's Bank & Trust Company of Pickett County, Michael Steven McDonald, and

Tammy T. Gibson that commenced Adversary Proceeding No. 12-59103 (the "Tammy Gibson Adversary Proceeding").

10. The Trustee's claims in Gibson Cattle Company Adversary Proceeding consist mainly of counts under chapter 5 of the Bankruptcy Code, asserting among other claims, approximately $1.8 Million in preference claims. The Trustee's claims in the John Gibson Adversary Proceeding consist mainly of counts under chapter 5 of the Bankruptcy Code, asserting among other claims, approximately $155,000 in preference claims.

11. Each of Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, L.L.C., and G.P. Cattle, L.L.C., by counsel, contacted the Trustee and the Gibson Trustee to discuss settlement of the adversaries filed respectively in this Chapter 11 Case and the Gibson Bankruptcy, conditioned upon the requirement that any settlement cover all of the pending adversaries. The Trustee, along with the Gibson Trustee, agreed, recognizing that absent such a "global settlement," in addition to the expected uncertainties and costs attendant to any litigation, the estates would be exposed to potentially counterproductive competition in prosecuting and collecting any judgments obtained in the pending adversaries.

12. The Trustee has agreed to compromise and settle his claims against Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, and GP Cattle on the terms and conditions set forth in the *Settlement Agreement and Mutual Release Between Gibson Trustee and ELC Trustee, Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, L.L.C., and G.P. Cattle, L.L.C.* (the "Settlement Agreement"), a true and accurate copy of which is attached hereto as Exhibit A. The Gibson Trustee likewise has agreed to compromise and settle her claims against Grant Gibson, John Gibson, Gibson Cattle Company and GP Cattle on the

3

terms and conditions set forth in the Settlement Agreement; the Gibson Trustee independently will seek approval of the Settlement Agreement in the Gibson Bankruptcy.

## The Settlement

13.  The following is a summary of the key provisions of the Settlement Agreement. Parties should refer to the Settlement Agreement for a full explanation of the proposed settlement.

14.  Pursuant to the Settlement Agreement, and in full and final settlement of the "Released Claims" (as that term is defined in the Settlement Agreement), (i) Grant Gibson, Tammy Gibson, Gibson Cattle Company, and GP Cattle agree to pay the Trustees the sum of $300,000 plus interest (the "Grant Gibson Payment Amount") on or before ten (10) months of execution of the Settlement Agreement in full and final settlement of the "Released Claims" (as that term is defined in the Settlement Agreement), and (ii) John Gibson, agrees to pay the Trustees the sum of $50,000 (the "John Gibson Payment Amount") on or before sixty (60) days after approval by the Court of the Settlement Agreement.

15.  As security for the Grant Gibson Payment, Grant Gibson, individually, and one percent (1%) Class A Member of The Gibson Farm 2, L.L.C. an Indiana limited liability company, ("Gibson Farm 2"), and Tammy Gibson, individually, and as a forty nine percent (49%) Class B member and one percent (1%) Class A Member of Gibson Farm 2, with the consent of the Grant P. Gibson Irrevocable Trust, also a percent (49%) Class B member of Gibson Farm 2, shall cause the execution of a mortgage lien by Gibson Farm 2 in favor of the Trustee and the Gibson Trustee on the approximately 46 acres of undeveloped farm land commonly known as at 7764 State Road 62 East, Lanesville, IN 47136 and titled to Gibson Farm 2 (the "Trustees' Collateral"). Grant Gibson and Tammy Gibson shall also execute an agreed

4

judgment against Grant Gibson and Tammy Gibson and in favor of the Trustees in the amount of $300,000.00 ("Agreed Judgment") which document will be held by counsel for the Trustee and will not be filed with the Court or recorded in any county unless and until Grant Gibson and Tammy Gibson fail to pay in full the Grant Gibson Payment Amount on or within ten months of execution of the Settlement Agreement.

16. The Grant Gibson Payment Amount and the John Gibson Payment Amount represent compromises and settlements of various avoidance causes of action under chapter 5 of the Bankruptcy Code asserted by each of the Trustee and Gibson Trustee against Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company and/or GP. The Trustees have agreed to divide the Grant Gibson Payment Amount and the John Gibson Payment Amount between the two estates, with sixty percent (60%) going to the Debtor's estate and forty percent (40%) going to the Gibson Bankruptcy estate.

17. In negotiation of the Settlement Agreement, the Trustee advises that apart from assertion of defenses to the claims of the Trustee and the Gibson Trustee, each of Grant Gibson, Tammy Gibson, Gibson Cattle Company, GP Cattle and John Gibson also demonstrated an inability to pay any substantial judgment against them. Such collection issues ultimately became the central and overwhelming factors driving the settlement negotiations. Counsel for each of the Trustees performed diligent reviews of financial records for these parties. Each of the defendant releasees provided unaudited financial statements, bank records, real estate documents and other evidence. Grant Gibson, Tammy Gibson, and John Gibson also provided sworn affidavits as to their current financial condition (collectively, the "Financial Disclosure Affidavits" (due to confidential financial information, these affidavits are redacted from the Settlement Agreement). The Trustee relied on the representations in Financial Disclosure

5

Affidavits, and undertook to protect the interests of the Debtor's estate in the event of material omissions or misrepresentations contained any one or all of the Financial Disclosure Affidavits. To that end, Section M of the Settlement Agreement nullifies and voids the Settlement Agreement as to a party if one or both of the Trustees discover within twelve (12) months of execution of the Settlement Agreement that such party has made a fraudulent or otherwise material misrepresentation in their Financial Disclosure Affidavits.

18. The Grant Gibson Payment Amount and John Gibson Payment Amount to be paid to the Trustee for the benefit of the Debtor's estate best represent recoveries on account of preference claims. In accordance with the terms of the confirmed chapter 11 plan in this case, the Trustee shall treat the funds received pursuant to the Settlement Agreement as "Recovery Funds."

**Basis for Relief**

19. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this Court has authority to approve a compromise or settlement on motion made by the Trustee after notice and opportunity for a hearing.

20. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. See In re Doctors Hosp. of Hyde Park, Inc., 474 F.3d 421, 426 (7th Cir. 2007); Depoister v. Mary M. Holloway Found, 36 F.3d 582, 586 (7th Cir. 1994); Matter of Energy Co-op, Inc. 886 F.2d 921, 927 (7th Cir. 1989).

21. The Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the estate. It is the Trustee's view that that the estate would incur significant costs in litigating the claims against

6

dms.us.52665866.01

the Grant Gibson, Tammy Gibson, John Gibson, GP Cattle Company and GP Cattle. Ultimately, and in reliance on the financial statements, the Financial Disclosure Affidavits, other records and evidence produced and the Trustee's own investigation, the Trustee believes that the Grant Gibson Payment Amount and the John Gibson Payment Amount represent the highest amounts that the Trustee could recover and collect from the defendants, when factoring in the costs of litigation and the financial condition of the defendants.

22. If no objections to this Settlement Motion are filed, the Trustee requests that the Court enter an order approving the Settlement Agreement. If any objections to this Settlement Motion are filed, the Trustee requests that this Settlement Motion and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement attached hereto as Exhibit A and grant the Trustee all other just and proper relief.

7

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Kevin M. Toner

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Dustin R. DeNeal (#27535-49)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com
kayla.britton@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
wendy.ponader@faegrebd.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |

| | | |
|---|---|---|
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Suzanne M Shehan<br>suzanne.shehan@kutakrock.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Patrick B Griffin<br>pat.griffin@kutakrock.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Niccole R. Sadowski<br>nsadowski@thbklaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Christopher E. Baker<br>cbaker@thbklaw.com |

dms.us.52665866.01

| | | |
|---|---|---|
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz | Ben T. Caughey<br>ben.caughey@icemiller.com |
| William K. Flynn<br>wkflynn@strausstroy.com | Thomas P. Glass<br>tpglass@strausstroy.com | Stephen E. Schilling<br>seschilling@strausstroy.com |
| Michael Benton Willey<br>michael.willey@ag.tn.gov | Kay Dee Baird<br>kbaird@kdlegal.com | David W. Brangers<br>dbrangers@lawyer.com |
| Chrisandrea L. Turner<br>clturner@stites.com | Paul M. Hoffman<br>phoffmann@stinson.com | Martha R. Lehman<br>mlehman@kdlegal.com |
| Scott R. Leisz<br>sleisz@bgdlegal.com | Brian H. Meldrum<br>bmeldrum@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com |
| Terrill K. Moffett<br>kendalcantrell@moffettlaw.com | Natalie Donahue Montell<br>nmontell@bgdlegal.com | Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com | Brian Robert Pollock<br>bpollock@stites.com | Steven Eric Runyan<br>ser@kgrlaw.com |
| Amanda Dalton Stafford<br>ads@kgrlaw.com | Matthew R. Strzynski<br>mstrzynski@kdlegal.com | Andrew James Vandiver<br>avandiver@aswdlaw.com |
| Chad Duane Wuertz<br>chad@wuertzlaw.com | | |

/s/ Kevin M. Toner

10

dms.us.52665866.01