UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF AMENDED MOTION TO COMPROMISE AND SETTLE
AND OBJECTION DEADLINE**

**(TAMMY GIBSON; GIBSON CATTLE COMPANY, L.L.C; GP CATTLE COMPANY,
LLC; GRANT GIBSON, individually, and d/b/a GP CATTLE COMPANY
and d/b/a GP CATTLE; and JOHN F. GIBSON)**

The *Amended Motion To Approve Compromise and Settlement With Tammy Gibson; Gibson Cattle Company, L.L.C; GP Cattle Company, LLC; Grant Gibson, individually, and d/b/a GP Cattle Company and d/b/a GP Cattle; and John F. Gibson* (the "Motion") (Docket No. 2332) was filed by James A. Knauer, as chapter 11 trustee (the "Trustee") for the estate ("Estate") of Eastern Livestock Co., LLC (the "Debtor") on August 30, 2013 in the above-captioned Chapter 11 case (the "Chapter 11 Case").

The Motion seeks court approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, of a proposed settlement agreement (the "Settlement Agreement")[1] with Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, and GP Cattle.  The Settlement Agreement settles all claims asserted against the Grant Gibson, Tammy Gibson, John Gibson, Gibson Cattle Company, and GP Cattle in two adversaries pending in this Chapter 11 Case, namely (i) Adversary Proceeding No. 12-59158, against Tammy Gibson, Grant Gibson, Gibson Cattle Company, GP Cattle, and Atkinson Livestock Market, L.L.C., alleging mainly causes of action under chapter 5 of the Bankruptcy Code, including among other claims, approximately $1.8 Million in preference claims recoverable from Grant Gibson, Gibson Cattle Company and/or GP Cattle, and (ii) Adversary Proceeding No. 12-59152, against John Gibson, alleging mainly causes of action under chapter 5 of the Bankruptcy Code, including among other claims, approximately $155,000 in preference claims recoverable from John Gibson.  The Settlement Agreement also settles all or substantially all claims asserted in two adversaries pending in the Gibson Bankruptcy (Adversary Proceeding Nos. 12-59101 and 12-59103) asserted by the Gibson Trustee against collectively, Grant Gibson, John Gibson, Gibson Cattle Company, GP Cattle and Tammy Gibson.  The Gibson Trustee separately seeks approval of the Settlement Agreement in the bankruptcy case of the Gibson Debtors.

In negotiation of the Settlement Agreement, the Trustee advises that apart from assertion of defenses to the claims of the Trustee and the Gibson Trustee, each of Grant Gibson, Tammy Gibson, Gibson Cattle Company, GP Cattle and John Gibson also demonstrated an inability to

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

52711916_1

pay any substantial judgment against them.  Such collection issues ultimately became the central and overwhelming factors driving the settlement negotiations.

      Pursuant to the Settlement Agreement, Grant Gibson, Tammy Gibson, Gibson Cattle Company, and GP Cattle agree to pay the Trustees in full and final settlement of the Released Claims the sum of $300,000.  As security for the Grant Gibson Payment, a mortgage lien by Gibson Farm 2 shall be executed in favor of the Trustee and the Gibson Trustee on the approximately 46 acres of undeveloped farm land commonly known as at 7764 State Road 62 East, Lanesville, IN 47136.  Grant Gibson and Tammy Gibson shall also execute an Agreed Judgment against Grant Gibson and Tammy Gibson and in favor of the Trustees which document will be held by counsel for the Trustee and will not be filed with the Court or recorded in any county unless and until Grant Gibson and Tammy Gibson fail to pay in full the Grant Gibson Payment Amount on or within ten months of execution of the Settlement Agreement.

      Pursuant to the Settlement Agreement, John Gibson agrees to pay the Trustees in full and final settlement of the Released Claims the sum of $50,000 within sixty (60) days of Court approval of the Settlement Agreement.

      The Trustees have agreed to divide the Grant Gibson Payment Amount and the John Gibson Payment Amount between the two estates, with sixty percent (60%) being retained by the Debtor's estate and forty percent (40%) going to the Gibson Bankruptcy estate.

      Finally, the Settlement Agreement includes mutual releases and waiver of claims between the Trustee and the ELC Releasees and the Gibson Trustee and the Pry Releasees.

      NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **21 days** from date of service (September 20, 2013).  Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

      Clerk, U.S. Bankruptcy Court
      110 U.S. Courthouse
      121 W. Spring St.
      New Albany, IN 47150

The objecting party must ensure delivery of the objection to the party filing the motion.  **If an objection is NOT timely filed, the requested relief may be granted without further hearing on the Motion.**

FAEGRE BAKER DANIELS LLP

By: /s/ Kevin M. Toner

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com