# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of August _____, 2013 by and among James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), and on behalf of his counsel ("Trustee's Counsel"); and Shasta Livestock Auction Yard, Inc. ("Shasta"). The Debtor, the Estate, the Trustee, and Shasta are collectively referred to as the "Parties," and each, a "Party."

## RECITALS

A. Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C. The Trustee has asserted a preference claim against Shasta with respect to payment of a certain cattle purchase transaction in September 2010 (the "Alleged Preference Claim").

D. The Trustee and Shasta have entered into certain tolling agreements extending among them the Trustee's rights to bring actions against Shasta with respect to the Alleged Preference Claim and extending among them the right of Shasta to raise any and all defenses. The current tolling agreement expires on September 16, 2013 ("Tolling Period End").

E. The Parties desire to resolve and settle all issues, disputes, claims and causes of actions between and among the Trustee, the Debtor and the Estate and Shasta without resorting to further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action as set forth below.

## AGREEMENT

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement

Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order becomes a final and non-appealable order is referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. Notice of the Settlement Motion shall be served as provided in Bankruptcy Rule 2002, except insofar as time is shortened by order of the Court as allowed under Bankruptcy Rule 9006(c)(1).

2. Settlement Payment. On the Effective Date, or within three (3) business days thereafter, Shasta will pay $37,500.00 to the Trustee for the benefit of the Estate (the "Settlement Payment"). The Settlement Payment shall become part of the Recovery Fund (as that term is defined in the Plan).

3. Extension of Tolling Period. Notwithstanding anything in this Settlement Agreement to the contrary including its effectiveness, the Parties agree that upon execution of this Settlement Agreement by the Parties, the Tolling Period End shall be extended to the third business day following receipt by the Trustee of the Settlement Payment, or should the Settlement Agreement not be approved, on the fifth business day following the date the Court enters an order not approving the Settlement Agreement.

4. Mutual Releases. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and delivery of the Settlement Payment:

    (a)    Shasta and its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and Trustee's Counsel, and the respective officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents or subsidiaries, affiliates, predecessors, successors and assigns of each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and Trustee's Counsel from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the date of this Settlement Agreement.

    (b)    The Debtor, the Estate, Trustee and Trustee's Counsel and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Shasta and also solely and in their representative capacities, its officers, directors,

2

dms.us.52684677.02

employees, shareholders, attorneys, professionals, insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, arising under or in any way related to the Alleged Preference Claim.

5. <u>Effect of Releases and Satisfaction of Claims</u>. Consistent with the releases set forth in Section 4 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Shasta shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to a waiver by Shasta of any right to assert a claim under Section 502(h) of the Bankruptcy Code. Notwithstanding any of the releases set forth herein, nothing in the Settlement Agreement shall release a) the Parties from their obligations under the Settlement Agreement, or b) any claims by Shasta against third parties, including but not limited to Fifth Third Bank, NA and affiliates.

6. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

7. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

8. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

9. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates and successors in interest.

10. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

3

dms.us.52684677.02

11. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect except that the tolling agreement shall continue to be effective among the Parties as modified herein.

13. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile or electronic mail and such signatures shall be binding upon the party delivering same as if they were originals.

14. <u>Severability</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein.  Provisions should be read together so as to harmonize the whole.

15. <u>Amendment</u>.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16. <u>No Admission of Fault or Liability</u>.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

17. <u>No Presumption Against Drafter</u>.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

dms.us.52684677.02

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the ____ day of August 2013.

[Remainder of page intentionally left blank.  Signature pages to follow.]

dms.us.52684677.02

SHASTA LIVESTOCK AUCTION YARD, INC.

By:_____

Printed Name:_____

Title:_____

COUNSEL FOR SHASTA LIVESTOCK AUCTION YARD, INC.

By:_____

Printed Name:_____

Title:_____

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By: *[signature]*

Printed Name: James Knauer

Title:_____

TRUSTEE'S COUNSEL

By: *[signature]*

Printed Name: Jay Jaffe

Title: Partner

SHASTA LIVESTOCK AUCTION YARD, INC.

By: *Callie A. Wood*

Printed Name: CALLIE A. WOOD

Title: SEC / TREAS

COUNSEL FOR SHASTA LIVESTOCK AUCTION YARD, INC.

By: *Natalie D. Montell*

Printed Name: Natalie D. Montell

Title: Attorney, Bingham Greenebaum Doll LLP

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By: _____

Printed Name: _____

Title: _____

TRUSTEE'S COUNSEL

By: _____

Printed Name: _____

Title: _____

6

dms.us.52684677.02