Exhibit B

IN THE CIRCUIT COURT FOR HAMBLEN COUNTY, TENNESSEE

KATHY TRENT-MULLINS
CIRCUIT COURT CLERK
HAMBLEN COUNTY

DEC 10 2009

BY CA

COPY

| | |
|---|---|
| EASTERN LIVESTOCK, LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 09CV262 W.150n |
| DELBERT HAWKINS, | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff herein, Eastern Livestock, LLC ("Eastern Livestock" or "Plaintiff") hereby states the following actions against the Defendant, Delbert Hawkins, for breach of contract and conversion of personal property and for damages resulting from said breach and conversion. In further support of Plaintiff's claims, Plaintiff hereby states as follows:

1. Plaintiff, Eastern Livestock, LLC, is a Kentucky Limited Liability Company with principal offices located in Louisville, Kentucky.

2. Delbert Hawkins (Defendant) is an individual and owner of Del Hawkins Farms, located at 2080 Three Springs Road, Russellville, Tennessee, 37860. Hawkins may be served with process at his home address of 2080 Three Springs Road, Russellville, Tennessee 37860.

3. The actions and contracts which form the basis of the claims herein arose and took place in Hamblen County, Tennessee and jurisdiction and venue are proper in this Court.

4. Since approximately June of 2006 and continuing through December of 2008, Plaintiff and Defendant engaged in a series of contractual arrangements whereby Eastern Livestock periodically delivered cattle to Defendant for care and feeding until such time that said cattle were to be sold to various third parties as determined by Plaintiff. Defendant accepted delivery of said

1

cattle upon delivery pursuant to the contractual arrangements with Plaintiff.

5.  Eastern Livestock entrusted Defendant with several hundred heads of cattle which he was to feed and maintain for resale to third parties as determined and negotiated by Eastern Livestock. Said cattle were to remain in the possession of Defendant until such time that they were to be available for delivery to or pick-up by third parties as instructed by Eastern Livestock to Defendant and Defendant was responsible for the care and feeding of said cattle until such time as they were to be sold. The terms of the parties' agreements are reflected on numerous and periodic Invoice and Security Agreements, attached as Collective Exhibit 1, and constitute contractual agreements between the parties.

6.  Defendant, Delbert Hawkins, is no longer in possession of the cattle entrusted to him pursuant to said contractual arrangement(s) and Plaintiff has been irreparably harmed by Defendant's actions in wrongfully disposing of said cattle, deprived of the property subject to the agreement of the parties and denied the benefit of the contractual arrangements with Defendant.

## COUNT I - BREACH OF CONTRACT

7.  Plaintiff incorporates by reference the above paragraphs as though fully set out herein.

8.  Defendant, Delbert Hawkins, has improperly, fraudulently and/or negligently disposed of said cattle, or has improperly and fraudulently sold the cattle to third parties for his own benefit and contrary to the contractual arrangement between the parties.

9.  Such actions on the part of Defendant constitute breach of the contracts between the parties.

10. Plaintiff seeks and is entitled to an award of damages as a result of the breach of said contracts in an amount at least equal to the value of the cattle when placed on Defendant Hawkins'

property and entrusted to him.

## COUNT II - TROVER AND CONVERSION

11. Plaintiff incorporates by reference the above paragraphs as though fully set out herein.

12. Defendant Hawkins, having been entrusted with personal property owned by the plaintiff, and having improperly converted and disposed of said property to his own use and benefit, Defendant Hawkins has committed the tort of conversion. As a result of said conversion, Plaintiff is entitled to an award of damages as to the value of the property wrongfully converted, to be established at a trial of this matter.

13. Plaintiff has been greatly injured and suffered great loss in the form of loss of the monetary value of the cattle as well as the consequential damages in the form of lost profits, all of which resulted from the Defendant's wrongful actions.

14. Defendant is liable to Plaintiff for all damages resulting as a consequence of his breach, and of trover and conversion, including but not limited to the loss of profits which were contemplated by the parties as to the sale of said cattle to third parties.

WHEREFORE, the Plaintiff, Eastern Livestock Company, LLC, respectfully requests the following relief:

A. That proper process issue and be served upon the Defendant requiring him to appear and answer or otherwise respond to this Complaint within the time required by law.

B. That Defendant be required to set out an accounting of all moneys, cattle, accounts, and transactions regarding or relating to said cattle and to identify any third parties in possession of said cattle or to whom said cattle was transferred and to provide an accounting of all payments Defendant, or any agent acting on his behalf, received from the sale of said cattle.

3

C. That Plaintiff recover a monetary judgment in an as yet undetermined amount equal to the sum of the monetary value of the cattle, the damages from the breach of contracts, damages as a result of the trover and conversion by Defendant of Plaintiff's property, and for consequential losses and lost profits, which Plaintiff avers and believes the evidence will show to be in at least the approximate amount of $125,000 plus interest, a reasonable attorneys' fee and costs of collection; and

D. That Plaintiff have such other and further general relief to which Plaintiff may be entitled.

E. That all costs be taxed to the Defendant in this action.

Respectfully submitted this 10th day of December, 2009.

> EASTERN LIVESTOCK, LLC
> Plaintiff
>
> _____
> Mary Moffatt Helms, Esq., BPR #12729
> For Wimberly Lawson Seale Wright & Daves, PLLC
> Attorney for Plaintiff
> P. O. Box 1066
> Morristown, TN 37816-1066
> (423) 587-6870

## COST BOND

We hereby acknowledge ourselves, Wimberly, Lawson, Seale, Wright & Daves, PLLC, as surety to all costs in this cause, pursuant to Tenn. Code Ann. § 20-12-120, as well as Tenn. Code Ann. §20-12-125.

WIMBERLY LAWSON SEALE WRIGHT & DAVES, PLLC

By: _____
Mary Moffatt Helms, Member

4