UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | § | Case No.: 10-93904-BHL-11 |
| | § | |
| EASTERN LIVESTOCK, LLC., | § | Chapter 11 |
| | § | |
| Debtor. | § | Judge Basil H. Lorch III |

**RUFENACHT COMMODITIES, INC., ROBERT RUFENACHT, ADM INVESTOR SERVICES, INC., AND LARRY ZEIEN, II'S LIMITED OBJECTION TO THE AMENDED MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH TAMMY GIBSON; GIBSON CATTLE COMPANY, LLC; GP CATTLE COMPANY, LLC; GRANT GIBSON, individually, and d/b/a GP CATTLE COMPANY and d/b/a GP CATTLE; and JOHN F. GIBSON**

Interested Parties Robert Rufenacht, Rufenacht Commodities, Inc., ADM Investor Services, Inc., and Larry Zeien, II (collectively "Respondents"), file this Limited Objection to the Amended Motion to Approve Compromise and Settlement. In support of its Objection, Respondents state as follows:

1. Respondents are defendants in an adversary proceeding captioned "*James A. Knauer, Chapter 11 Trustee of Eastern Livestock Co., LLC, vs. Larry Zeien, Jr., Michael Steven McDonald, Robert Rufenacht, Rufenacht Commodities, Inc., and ADM Investor Services, Inc.*", Ad. Proc. No. 12-59147 (the "AP"). In the AP, the Trustee alleges various causes of action against Respondents, including arguing that Respondents were somehow involved in ELC's check kite scheme against Fifth Third Bank.

2. The Settlement Agreement the subject of the current motion includes a release by each Trustee and any "Associated Party" of "Claims(s) . . . by reason of any matter cause or thing whatsoever, including but not limited to any matter . . . in any way related to" the AP. The term "Associated Party" is defined in the Settlement Agreement to include "each entity that such Party now has the power to bind (by such Party's acts or signature) . . . "

3.      Although Respondents deny that they are in any way "Associated Parties", out of an abundance of caution, Respondents file this limited objection to request clarifying language in the Settlement Agreement to ensure that Respondents are not considered "Associated Parties". Respondents suggest that a simple additional phrase such as "Associated Party shall not include Robert Rufenacht, Rufenacht Commodities, Inc., ADM Investor Services, Inc., and Larry Zeien, II" be added to the agreement.  In addition, Respondents want the agreement to make clear that Respondents are not releasing, or in any way deemed to have released, any potential claims against any of the parties to the settlement agreement.  Accordingly, Respondents request additional language to that effect be added to the agreement.

WHEREFORE, Respondents pray that this Limited Objection to the Amended Motion to Approve Compromise and Settlement be granted, and for such other and further relief to which Defendants are entitled.

Respectfully submitted,

/s/ John Massouh
John Massouh, Texas Bar No. 24026866
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500 (79101)
P.O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300
(806) 373-3454 - Fax


*/s/ Paul M. Hoffmann*
Paul M. Hoffmann (Missouri # 61399)
Timothy M. Swanson (Missouri # 64394)
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106-2150
Telephone: (816) 842-8600
Facsimile: (816) 691-3495
phoffmann@stinson.com
tswanson@stinson.com


*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
LLOYD & McDANIEL, PLC
11405 Park Road, Suite 200
P.O. Box 23200
Louisville, Kentucky 40223-0200
Phone: (502) 736-4500
E-mail: astosberg@lloydmc.com

ATTORNEYS FOR RESPONDENTS

750697.1
16413.02

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via electronic, U.S. Mail, or through the ECF system this 20th day of September 2013 upon all parties entitled to such notice as provided by the ECF filing system.

/s/ John Massouh_____
John Massouh