Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of September _24_, 2013 by and among James A. Knauer, individually and in his capacity as chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), and on behalf of his counsel ("Trustee's Counsel"); and Agri Beef Co., Supreme Cattle Feeders, LLC, and AB Livestock, LLC (collectively, "Agri Beef"). The Debtor, the Estate, the Trustee, and Agri Beef are collectively referred to as the "Parties," and each, a "Party."

RECITALS

A.    Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 ("Petition Date") by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.    On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.    Agri Beef engaged in certain livestock transactions involving the Debtor ("Transactions"), for which Agri Beef filed a proof of claim in this Chapter 11 Case in the amount of $1,477,229.45 [Claim No. 485 per the BMC Group Claims Agent numbering] (the "Agri Beef Proof of Claim"). Agri Beef filed an amended proof of claim in the amount of $2,483,499.00 (the "Amended Agri Beef Proof of Claim").

D.    Agri Beef did not assert a claim against a bond with the United States Department of Agriculture, Grain Inspection Packers and Stockyards Administration (the "Bond") with respect to their claims against the Debtor. This Settlement Agreement does not affect Agri Beef's claim, if any, against the Bond in any way.

E.    The Trustee has asserted claims against Agri Beef related to the Transactions ("Trustee's Transaction Claims") as well as a preference claim with respect to the repayment of a loan made by Agri Beef to Tommy Gibson in October 2010 (the "Alleged Preference Claim").

F.    The Trustee and Agri Beef have entered into certain tolling agreements extending among them the Trustee's rights to bring actions against Agri Beef with respect to the Transactions and to object to the Agri Beef Proof of Claim and the Amended Agri Beef Proof of Claim and extending among them the right of Agri Beef to raise any and all defenses. The current tolling agreement expires on September 16, 2013 ("Tolling Period End").

G.    The Parties desire to resolve and settle all issues, disputes, claims and causes of actions between and among the Trustee, the Debtor and the Estate and Agri Beef without resorting to further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action as set forth below.

GP#185967v4:9-18-2013

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order becomes a final and non-appealable order is referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. Notice of the Settlement Motion shall be served as provided in Bankruptcy Rule 2002, except insofar as time is shortened by order of the Court as allowed under Bankruptcy Rule 9006(c)(1).

2.    Settlement Payment. On the Effective Date, or within three (3) business days thereafter, Agri Beef will pay $275,000.00 to the Trustee for the benefit of the Estate (the "Settlement Payment"). The Settlement Payment shall become part of the Recovery Fund (as that term is defined in the Plan).

3.    Extension of Tolling Period. Notwithstanding anything in this Settlement Agreement to the contrary including its effectiveness, the Parties agree that upon execution of this Settlement Agreement by the Parties, the Tolling Period End shall be extended to the third business day following receipt by the Trustee of the Settlement Payment, or should the Settlement Agreement not be approved, on the fifth business day following the date the Court enters an order not approving the Settlement Agreement.

4.    Mutual Releases. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date:

      (a)    Agri Beef and their officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries and assigns (collectively, the "Agri Beef Parties") hereto forever **RELEASE AND DISCHARGE** each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and Trustee's Counsel, and the respective officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents or subsidiaries, affiliates, predecessors, successors and assigns (collectively, the "Debtor Parties") from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the date of this Settlement Agreement.

2

(b)      The Debtor Parties hereto forever **RELEASE AND DISCHARGE** the Agri Beef Parties from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the date of this Settlement Agreement. The Debtor Parties are the sole owners of the claims released by this provision and have not heretofore conveyed or assigned any interest in any such claims to any other person or entity.

5.      Effect of Releases and Satisfaction of Claims. Consistent with the releases set forth in Section 4 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Agri Beef shall be deemed to withdraw, waive and release, any and all claims or assertions of interest against the Debtor Parties related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to: (a) all property in the possession of the Trustee whether or not such property has been finally determined to be property of the Estate; (b) all funds held in the interpleader actions filed as adversary proceedings in this Chapter 11 Case, (c) all funds currently held in the possession of the Department of Justice and subject to a pending cause of action in the United States District Court for the Western District of Kentucky, Case No. 3:11CV-233-R, (d) all property of the Estate; and (e) the Agri Beef Proof of Claim and the Amended Agri Beef Proof of Claim. It is the express intent of the parties hereto that the release and discharge set forth herein be construed as broadly as possible in favor of the Agri Beef Parties so as to foreclose forever the assertion by the Debtor Parties of any claims released therein. Notwithstanding any of the releases set forth herein, nothing in the Settlement Agreement shall release the Parties from their obligations under the Settlement Agreement.

6.      Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

7.      Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

8.      Each of the Parties Bears Own Costs. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

3

dms.us.52672127.01

9.    Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates and successors in interest.

10.    Court Jurisdiction.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11.    Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12.    Merger of Prior Agreements.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect except that the tolling agreement shall continue to be effective among the Parties as modified herein.

13.    Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile or electronic mail and such signatures shall be binding upon the party delivering same as if they were originals.

14.    Severability.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein.  Provisions should be read together so as to harmonize the whole.

15.    Amendment.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16.    No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

17.    No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the 24 day of September 2013.


[Remainder of page intentionally left blank.  Signature pages to follow.]


4

AGRI BEEF CO.

By: _Kim Stuart_

Printed Name: _Kim Stuart_

Title: _CFO_

AB LIVESTOCK, LLC

By: _Kim Stuart_

Printed Name: _Kim Stuart_

Title: _Member_

SUPREME CATTLE FEEDERS, LLC

By: _Kim Stuart_

Printed Name: _Kim Stuart_

Title: _Member_

COUNSEL FOR AGRI BEEF

By: _____

Printed Name: _Kelly McConnell, Givens Pursley LLP_

Title: _Partner_

JAMES A. KNAUER AS CHAPTER 11 TRUSTEE FOR
EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By: _____

Printed Name: _____

Title: _____

TRUSTEE'S COUNSEL

By: _____

Printed Name: _____

Title: _____

5

dms.us 52672127.01

AGRI BEEF CO.

By:_____

Printed Name:_____

Title:_____

AB LIVESTOCK, LLC

By:_____

Printed Name:_____

Title:_____

SUPREME CATTLE FEEDERS, LLC

By:_____

Printed Name:_____

Title:_____

COUNSEL FOR AGRI BEEF

By:_____

Printed Name:_____

Title:_____


JAMES A. KNAUER, AS CHAPTER 11 TRUSTEE FOR
EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY

By:_*James Knauer*_____

Printed Name:_James Knauer_____

Title:_Trustee_____


TRUSTEE'S COUNSEL

By:_*Terry Hall*_____

Printed Name:_Terry Hall_____

Title:_Counsel to the Trustee_____

5