UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 13-_____ |
| | ) | |
| HODGE LIVESTOCK NETWORK | ) | |
| INCORPORATED and G. ANDERSON | ) | |
| FARMS, INC. d/b/a ANDERSON CATTLE | ) | |
| CO., | ) | |
| | ) | |
| Defendants. | ) | |

**ADVERSARY COMPLAINT**

For his complaint against Hodge Livestock Network Incorporated and G. Anderson Farms, Inc. d/b/a Anderson Cattle Co., James A. Knauer, as Chapter 11 trustee for the estate of Eastern Livestock Co., LLC, states as follows:

**Preliminary Statement**

This complaint seeks payment or recovery of certain property identified herein as the "Anderson Receivable," in Count I directed against G. Anderson Farms, Inc. d/b/a Anderson Cattle Co., and the "Preference Period Transfer," in Counts II, III and IV directed against Hodge Livestock Network Incorporated.  Counts I, II, III and IV herein reflect alternative theories or causes of action on which such demand for payment or recovery is based.  The Trustee

recognizes he is entitled, however, to a single recovery with respect to the claims asserted in Counts I, II, III and IV.

## Jurisdiction & Parties

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"), presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final order or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy

Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer was appointed as the Chapter 11 trustee (the "Trustee") for ELC.

10. Defendant Hodge Livestock Network Incorporated ("Hodge") is a Tennessee corporation with a principal place of business at 1422 Mountain Ranch Road, Newport, TN 37821. Hodge's registered agent is Randy Hodge with an address of 1546 Knob Road, Rutledge, TN 37861.

11. Defendant G. Anderson Farms, Inc. d/b/a Anderson Cattle Co. ("Anderson") is a Nebraska corporation with its principal place of business in Nebraska. Anderson's registered agent is Gail Anderson, 1715 James Rodney Boulevard, Wisner, NE 68791.

12. Hodge is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

13. Anderson is a person as defined in 11 U.S.C. § 101(41) residing in or conducting business in the United States.

14. At all relevant times material hereto, Hodge was a vendor, supplier, or customer of ELC, or otherwise maintained a business relationship with ELC or its affiliates.

15. At all relevant times material hereto, Anderson was a vendor, supplier or customer of ELC, or otherwise maintained a business relationship with ELC or its affiliates.

**Count I**
**Breach of Contract – Anderson**

16. The Trustee incorporates herein by reference the allegations contained in paragraphs 1 through 15, as if fully set forth herein.

17. On at least one occasion and/or from time to time, ELC and Anderson entered into business transactions, whereby Anderson purchased cattle from ELC and agreed to pay ELC for such cattle. On or around October 27, 2010, ELC entered into an oral contract (the "ELC/Anderson Sales Contract") whereby ELC agreed to sell to Anderson and Anderson agreed to purchase from ELC 68 head of cattle (the "Subject Cattle").

18. On or around October 27, 2010, ELC delivered 68 head of cattle to Anderson pursuant to the ELC/Anderson Sales Contract (the "Anderson Cattle Purchases").

19. On October 27, 2010, ELC delivered to Anderson an invoice reflecting the aggregate sum of $57,660.26 owed to ELC for the Anderson Cattle Purchases (the "Anderson Invoice"). A true and accurate copy of the Anderson Invoice is attached hereto as Exhibit A and made part hereof.

20. The Anderson Cattle Purchases occurred through ELC Branch 3.

21. The Anderson Invoice evidences an accounts receivable owed by Anderson to ELC (the "Anderson Receivable").

22. The Trustee is informed and believes and, based thereon, alleges that Anderson wrote a check to ELC on or around November 2, 2010 for the full amount owing under the Anderson Invoice but that Anderson subsequently voided that check.

23. The Trustee is informed and believes, and based thereon, alleges that Anderson, on or about November 8, 2010, wrote a check to Hodge in the amount of $52,330.73 and a check to Plowman Farms in the amount of $5,329.53.

24. The Trustee is informed and believes and, based thereon, alleges that has refused to pay ELC or the Trustee for the full amount due and owing under the Anderson Invoice, despite demand.

25. Anderson is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing is equal to $57,660.26 plus interest.

26. ELC's estate has been damaged as a direct result of Anderson's breach.

27. All conditions precedent to the Trustee's claims have been performed, have occurred, or have been excused.

### Allegations Common to Counts II – IV

28. On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Hodge sold one or more head of cattle to ELC either directly to ELC as the owner of the cattle or through the terms of a consigned sale (the "Hodge Cattle Sales").

29. As and when the Hodge Cattle Sales occurred, Hodge always or nearly always transacted business with ELC through ELC Branch 3.

30. Section 101(54) of the Bankruptcy Code applicable to this Adversary Proceeding defines "transfer" as, "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption."

31. The Trustee is informed and believes and, based thereon, alleges that Hodge sold the Subject Cattle to ELC on October 27, 2010. The sale of the Subject Cattle to ELC is evidenced by a purchase invoice dated October 27, 2010, a true and accurate copy of which is attached hereto as Exhibit B.

32. The Trustee is informed and believes and, based thereon, alleges that Hodge received a check from Anderson dated November 11, 2010 in the amount of $52,330.73 (the "Preference Period Transfer"). The Preference Period Transfer was deposited by Hodge on

dms.us.52522021.01

5

November 12, 2010.  A true and accurate copy of the front and back of the Preference Period Transfer is attached hereto and made part hereof as Exhibit C.

33. The Trustee is informed and believes and, based thereon, alleges that the Preference Period Transfer represented the proceeds of the Subject Cattle sold by ELC to Anderson pursuant to the ELC/Anderson Sales Contract.

34. The Trustee is informed and believes and, based thereon, alleges that Anderson was directed to deliver the Preference Period Transfer to Hodge.

35. The Preference Period Transfer is not subject to the defenses to the avoidance of transfers as set forth in 11 U.S.C. § 547(c).

36. The Preference Period Transfer was a transfer of an interest of ELC.

37. The Trustee is informed and believes and, based thereon, alleges that the Preference Period Transfer was made while ELC was insolvent.

38. The Preference Period Transfer enabled Hodge to receive more than Hodge would have received in a Chapter 7 case for ELC.

## Count II
## Avoidance of Transfer As Preferential Transfer (11 U.S.C. § 547(b))

39. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 38, inclusive, as if fully set forth herein.

40. The Trustee is informed and believes and, based thereon, alleges that the Preference Period Transfer was made to Hodge for the benefit of Hodge, who was a creditor of ELC at the time of the Preference Period Transfer, respectively, as the term "creditor" is defined by Section 101(10) of the Bankruptcy Code.

41. The Trustee is informed and believes and, based thereon, alleges that the Preference Period Transfer was a transfer of an interest of ELC in property.

42. The Trustee is informed and believes and, based thereon, alleges that the Preference Period Transfer was made for or on account of one or more antecedent debts owed by ELC to Hodge prior to the date on which the Preference Period Transfer was made.

43. At the time of the Preference Period Transfer, Hodge had a right to payment on account of an obligation owed to Hodge by ELC.

44. As a result of the Preference Period Transfer, Hodge received more than it would have received if (a) ELC's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the Preference Period Transfer had not been made; and (c) Hodge had received payment on such debt owed to it by ELC to the extent provided by chapter 7 of the Bankruptcy Code.

45. The Trustee is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Preference Period Transfer.

**Count III**
**Avoidance of Transfer as Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))**

46. This Count III is in the alternative to Count II.

47. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. The Trustee is informed and believes and, based thereon, alleges that ELC caused the Preference Period Transfer to be made to Hodge with the actual intent to hinder, delay, or defraud one or more of ELC's creditors.

49. The Trustee is entitled to avoid the Preference Period Transfer and recover the value of the Preference Period Transfer from the Hodge under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

dms.us.52522021.01

## Count IV

### Avoidance of Transfer as Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))

50. This Count IV is in the alternative to Counts II and III.

51. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Trustee may avoid the value of Preference Period Transfer made if ELC received less than reasonably equivalent value in exchange for the Preference Period Transfer and ELC (i) was insolvent at the time of the Preference Period Transfer or became insolvent as a result of the Preference Period Transfer, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with ELC was unreasonably small capital; (iii) intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made such transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

53. ELC received less than reasonably equivalent value in exchange for the Preference Period Transfer.

54. ELC was insolvent on the date Hodge received the Preference Period Transfer.

55. The Preference Period Transfer was made within two (2) years of the Petition Date.

56. The Trustee is entitled to avoid the Preference Period Transfer and recover the value of the Preference Period Transfer from Hodge under Section 548(a)(1)(B) of the Bankruptcy Code.

## Count V
### Recovery of Avoided Transfer (11 U.S.C. § 550)

57. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 56, inclusive, as if fully set forth herein.

58. The Trustee is informed and believes and, based thereon, alleges that the Trustee is entitled to avoid the Preference Period Transfer under Sections 547(b), 548(a)(1)(A), 548(a)(1)(B) or 549(a) of the Bankruptcy Code, and recover for the benefit of ELC's estate, the proceeds or the value of the Preference Period Transfer from Hodge or any immediate or mediate transferee of Hodge, or any of them, under Section 550(a) of the Bankruptcy Code.

## Count VI
### For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

59. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 58, inclusive, as if fully set forth herein.

60. The Trustee is informed and believes, and based thereon, alleges that Hodge has asserted a claim against ELC's estate.

61. Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee requests that any claim asserted by Hodge be disallowed for the failure to repay the Preference Period Transfer.

WHEREFORE, the Trustee requests that the Bankruptcy Court enter judgment in its favor and against defendants as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. Awarding judgment in the Trustee's favor and against Anderson and award the Trustee appropriate damages in the amount of $57,660.26.

**ON THE SECOND CLAIM FOR RELIEF**

2.      Declaring that the Preference Period Transfer identified herein is avoided and set aside as a preference under Section 547 of the Bankruptcy Code;

**ON THE THIRD CLAIM FOR RELIEF**

3.      Declaring that the Preference Period Transfer identified herein is avoided and set aside as a fraudulent transfer under Section 548(a)(1)(A) of the Bankruptcy Code;

**ON THE FOURTH CLAIM FOR RELIEF**

4.      Declaring that the Preference Period Transfer identified herein is avoided and set aside as a fraudulent transfer under Section 548(a)(1)(B) of the Bankruptcy Code.

**ON THE FIFTH CLAIM FOR RELIEF**

5.      Directing and ordering that Hodge, or any immediate or mediate transferee of Hodge, turn over to the Trustee the full sum of the proceeds or value of the Preference Period Transfer (and any other avoided transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

6.      Awarding judgment against Hodge and in favor of the Trustee in an amount of not less than $52,330.73.

**ON THE SIXTH CLAIM FOR RELIEF**

7.      Disallowing any and all claims of Hodge against the ELC bankruptcy estate under Section 502(d) of the Bankruptcy Code;

**ON ALL CLAIMS FOR RELIEF**

8.      Pre-judgment interest at the maximum legal rate running from the time of the Preference Period Transfer(s) until the date of judgment herein;

9. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

10. Fees and costs incurred by the Trustee in this suit;

11. Such other and further relief as is necessary and proper.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Dustin R. DeNeal

*Counsel for James A. Knauer, Chapter 11 Trustee*

Jay Jaffe (#5037-98)
Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
jay.jaffe@faegrebd.com
wendy.ponader@faegrebd.com

Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
dustin.deneal@faegrebd.com