UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO COMPROMISE AND SETTLE
AND NOTICE OF OBJECTION DEADLINE**
(Eicke Ranch II)

The *Trustee's Motion To Approve Compromise And Settlement With Eicke Ranch II* (Docket No. 2385) (the "Motion") was filed by James A. Knauer, as chapter 11 trustee (the "Trustee") for the estate ("Estate") of Eastern Livestock Co., LLC (the "Debtor") on October 11, 2013.

The Motion seeks Court approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, of a proposed settlement agreement (the "Settlement Agreement") with Eicke Ranch II ("Eicke"). Pursuant to the Settlement Agreement, the Trustee and Eicke have agreed to divide the Interpled Funds,[1] with Eicke receiving $5,414.75 of the Interpled Funds (the "Settlement Payment") and the Trustee receiving the remaining $48,732.74 of the Interpled Funds. As of Eicke's receipt of the Settlement Payment, the Eicke POC shall be deemed to have been amended, without further action by either the Trustee or Eicke, to assert an unsecured claim in the total amount of $48,732.74 (the "Eicke Allowed Claim"). Eicke shall hold an "Opt-In Claim" in the amount of the Eicke Allowed Claim. The parties shall release and waive all other claims against one another related to the Eicke Cattle. In accordance with the terms of the Plan, the $48,732.74 of Interpled Funds received by the Trustee shall become part of the Collateral Fund (as that term is defined in the Plan).

NOTICE IS GIVEN that any objection must be filed with the Bankruptcy Clerk within **21 days** from date of service (November 1, 2013). Those not required or not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

Clerk, U.S. Bankruptcy Court
110 U.S. Courthouse
121 W. Spring St.
New Albany, IN 47150

The objecting party must ensure delivery of the objection to the party filing the motion. **If an objection is NOT timely filed, the requested relief may be granted without further hearing on the Trustee's Motion.**

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

52881398_1

|  |  |
|---|---|
|  | FAEGRE BAKER DANIELS LLP |
|  | By: /s/ Dustin R. DeNeal |
| Terry E. Hall (#22041-49) <br> Kevin M. Toner (#11343-49) <br> Harmony Mappes(#27237-49) <br> Dustin R. DeNeal (#27535-49) <br> 300 N. Meridian Street, Suite 2700 <br> Indianapolis, IN 46204-1782 <br> Telephone: (317) 237-0300 <br> Facsimile: (317) 237-1000 <br> kevin.toner@faegrebd.com <br> terry.hall@faegrebd.com <br> harmony.mappes@faegrebd.com <br> dustin.deneal@faegrebd.com <br>  <br> Wendy W. Ponader (#14633-49) <br> 600 East 96th Street, Suite 600 <br> Indianapolis, IN 46240 <br> Telephone: (317) 569-9600 <br> Facsimile:  (317) 569-4800 <br> wendy.ponader@faegrebd.com | *Counsel for James A. Knauer, Chapter 11 Trustee* |