# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of November 8, 2013 by and between James A. Knauer, individually and in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Company, L.L.C. ("Estate") and on behalf of his counsel ("Trustee's Counsel"); and Chad Schuchmann d/b/a Schuchmann Transport d/b/a Schuchmann Farm ("Schuchmann").  The Trustee and Schuchmann shall collectively be referred to herein as the "Parties," and each, a "Party".  The Parties agree as follows:

### Recitals

A.   Eastern Livestock Company, L.L.C. ("ELC") was one of the largest cattle dealers in the United States. Certain petitioning creditors commenced a Chapter 11 case against Eastern Livestock Company, L.L.C. ("Debtor") on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case").  The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. (ECF No. 110.)

B.   Schuchmann was the branch manager of ELC Branch 28 located in Bois d'Arc, Missouri and was also a vendor, supplier, customer or otherwise maintained a business relationship with ELC or its affiliates.

C.   On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee (ECF No. 102), approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee pursuant to 11 U.S.C. § 1104.  (ECF No. 98.)

D.   On December 27, 2012, the Trustee initiated an adversary proceeding against Schuchmann in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59155 ("Adversary Proceeding").  On February 6, 2013, the Trustee filed his Amended Complaint in the Adversary Proceeding.

E.   The Trustee's Amended Complaint in the Adversary Proceeding seeks to enforce payment on a Promissory Note executed by Schuchmann and delivered to the Debtor on or about October 1, 2005 in the principal amount of $175,000.00; enforce payment on a Promissory Note executed by Schuchmann and delivered to Debtor on or about August 25, 2010 in the principal amount of $450,649.05; and enforce payment on a Promissory Note executed by Schuchmann and delivered to Debtor on or about July 30, 2009 in the principal amount of $922,597.45.

F.   In addition, the Amended Complaint seeks to avoid and recover for the

estate alleged preferential transfers from ELC to Schuchmann in the aggregate sum of no less than $336,369.56 ("Preference").

G. The Trustee's Amended Complaint also seeks, in the alternative to avoidance and recovery of the Preference, to avoid and recover any fraudulent conveyance from ELC to Schuchmann and to disallow any claim of Schuchmann in the Debtor's bankruptcy proceeding.

H. The Trustee has agreed to compromise and settle his claims against Schuchmann on the terms and conditions set forth below.

I. The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, and the inherent uncertainty in any litigated matter.

J. In reaching this settlement, the Trustee has also relied on representations concerning the financial condition of Schuchmann as set forth in the sworn affidavit attached hereto as **Exhibit 1**, which Schuchmann represents is the true and accurate copy and duly executed by him.

K. Schuchmann desires to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

## Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Payment by Schuchmann. Schuchmann shall pay to the Trustee the total sum of $175,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Released Claims (as hereinafter defined). The Settlement Amount payments shall become part of the Recovery Fund (as that term is defined in the Debtor's Plan).

(a) In partial payment of the Settlement Amount, Schuchmann shall pay to the Trustee one lump sum payment in the amount of $50,000.00 on October 15, 2013 ("Initial Payment"). The remaining balance of $125,000.00 (the "Settlement Balance") shall be paid prior to the Maturity Date (as hereinafter defined), in three yearly installments as follows: Two yearly installments in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00) and the final installment due on the Maturity Date (as hereinafter defined) in the amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00), which installments shall be due and payable commencing on the fifteenth (15th) day of October, 2014,

and continuing thereafter on the fifteenth (15th) day of October of each year thereafter until the Maturity Date, herein defined as being October 15, 2016, on which the entire unpaid Settlement Balance shall be due and payable in full.

(b) It shall be considered an "Event of Default" if Schuchmann shall default in the payment when due of any installment of the Settlement Balance due under this Settlement Agreement if such Default remains uncured for ten (10) days after issuance of a notice of default upon Schuchmann's counsel by **either facsimile transmission or by electronic mail** and addressed as follows:

> Ms. Natalie D. Montell
> Bingham Greenebaum Doll LLP
> 3500 National City Tower
> 101 South Fifth Street
> Louisville, Kentucky 40202-3197
> Facsimile: (502) 540-2112
> Email: nmontell@bgdlegal.com

(c) Upon the occurrence of an Event of Default, The Trustee may file, record, and collect the unpaid amount of the Agreed Judgment (as hereinafter defined) and recover reasonable attorneys' fees and costs, which fees will be limited to the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment.

(d) All payments to be made under this Settlement Agreement shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and the payments shall be delivered to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2. <u>Agreed Judgment</u>. Schuchmann shall execute an agreed judgment against Schuchmann and in favor of the Trustee in the amount of Two Million One Hundred Nine Thousand Eight Hundred Forty-Eight and 12/100 Dollars ($2,109,848.12) ("Agreed Judgment"). The Agreed Judgment will be held by counsel for the Trustee and will not be filed with the Court or recorded in any county unless and until the occurrence of an Event of Default as defined in Section1(b) above.

3. <u>Non-Payment</u>. Upon the occurrence of an Event of Default, the Trustee may file, record, and collect the unpaid amount of the Agreed Judgment and recover reasonable attorneys' fees and costs, which fees will be limited to the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment. Amounts paid according to the terms of this Settlement Agreement prior to any Event of Default shall be credited towards the unpaid amount of the Agreed Judgment.

4. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within

five (5) business days of the Trustee's receipt of the Initial Payment, an executed copy of this Settlement Agreement, the original executed Agreed Judgment, and the executed and notarized affidavit of Schuchmann's financial condition, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by Schuchmann within five (5) business days of the entry of an order denying the Settlement Motion.

5.  **Stipulation of Dismissal**. Within five (5) business days of the Effective Date, the Trustee shall file with the Court a Notice of Dismissal in the Adversary Proceeding, dismissing all claims against Schuchmann with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement and subject to the terms of this Settlement Agreement.

6.  **Mutual Release**. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Schuchmann's payment of the Settlement Amount:

    (a) Schuchmann and his officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel, and the respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, which Schuchmann ever had, now has, or may claim to have as of the date of this Settlement Agreement ("Schuchmann's Released Claims").

    (b) The Debtor, the Estate, Trustee and Trustee's Counsel also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates,

4

predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE Schuchmann and his officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, arising under or in any way related to the Adversary Proceeding ("Trustee's Released Claims").

      c.    "Released Claims" means Schuchmann's Released Claims and the Trustee's Released Claims as defined in Sections 6(a) and 6(b) above.

      7.    <u>Effect of Releases and Satisfaction of Claims</u>.  Consistent with the Released Claims and in consideration of such Released Claims and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Schuchmann shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to a waiver by Schuchmann of any right to assert a claim under Section 502(h) of the Bankruptcy Code.  Notwithstanding any of the releases set forth herein, nothing contained in this Settlement Agreement shall preclude the Trustee or Schuchmann from exercising their respective rights in the event the other Party breaches any of its obligations under this Settlement Agreement.

      8.    <u>Misrepresentation as to Financial Position</u>.  Attached hereto as Exhibit "1" is an affidavit duly sworn by Schuchmann concerning his current financial condition and that there have been no material changes in his financial condition since the Petition Date.  This exhibit is confidential and shall not be filed in Court with the Motion, though the Parties agree that the exhibit may be made available to the Court for in camera review and to others as the Court may order under the restrictions from further disclosure as the Court may require.  In the event that this sworn statement of Schuchmann regarding the extent and value of his assets and financial condition is fraudulent or otherwise a material misrepresentation of the true extent and value of his current assets, then the Trustee's respective claims set forth in the Recitals against Schuchmann shall automatically be revived, reinstated, and restored in the amounts asserted by the Trustee in the Adversary Proceeding, and the Trustee's Releases shall be null, void, and of no effect whatsoever.  Misstatements concerning the value of individual assets that total less than $5,000.00 in value are deemed to be immaterial and shall not provide grounds to reinstate the Trustee's claims against Schuchmann.

      9.    <u>Cooperation</u>.  The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

10. **Qualification; Authority.** Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

11. **Each of the Parties Bears Own Costs.** Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

12 **Successors and Assigns.** This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

13. **Court Jurisdiction.** The Court shall retain jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement and to enforce the terms of this Settlement Agreement.

14. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

15. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

16. **Counterparts; Facsimile Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

17. **Agreement Nonseverable and Mutually Dependent.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

18. **No Admission of Fault or Liability.** This Settlement Agreement is a

compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any Parties.

19. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

20. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

21. **THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK;<br>SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**CHAD SCHUCHMANN, INDIVIDUALLY, AND D/B/A SCHUCHMANN TRANSPORT D/B/A SCHUCHMANN FARM**

_____

Printed: _____

Date: _____

**COUNSEL FOR CHAD SCHUCHMANN D/B/A SCHUCHMANN TRANSPORT D/B/A SCHUCHMANN FARM**

By: _____

Printed: _____

Title: _____

Date: _____

**JAMES A KNAUER AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY**

By: *[signature]*
James A. Knauer

Date: 11/16/13

**TRUSTEE'S COUNSEL**

By: *[signature]*
Jay P. Kennedy, Partner

Date: 11/15/13

8