UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| GLEN FRANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

### ADVERSARY COMPLAINT AGAINST GLEN FRANKLIN

For his complaint against Glen Franklin, James A. Knauer, as Chapter 11 trustee for the estate of Eastern Livestock Co., LLC, states as follows:

### Jurisdiction & Parties

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"), presided over by the Honorable Basil H. Lorch III (the "Bankruptcy Judge").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. James A. Knauer was appointed as the Chapter 11 trustee (the "Trustee") for ELC.

10. Defendant Glen Franklin ("Defendant") is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

11. At all relevant times material hereto, Defendant was a vendor, supplier or otherwise maintained a business relationship with ELC or its affiliates.

## Count I
## Breach of Contract

12. The Trustee incorporates herein by reference the allegations contained in paragraphs 1 through 11, as if fully set forth herein.

53211014_1

13. On at least one occasion and/or from time to time, ELC and Defendant entered into business transactions, whereby Defendant purchased cattle from ELC and agreed to pay ELC for such cattle.

14. On or around November 2, 2010 and November 3, 2010 ELC delivered a total of 232 head of cattle to Defendant pursuant to contract (the "Cattle Sales"). The Cattle Sales are evidenced by ELC Invoice No. 315257 and ELC Invoice No. 316529 (collectively, the "Invoices"). True and accurate copies of the Invoices are attached hereto as Exhibit A and Exhibit B and are incorporated by reference herein.

15. Defendant has refused to pay ELC or the Trustee for the full amount due and owing under the Invoices, despite demand.

16. Defendant is in breach of the contract between the parties for failing to pay amounts when due. The amount still due and owing under the Invoices equals $125,602.22 plus interest.

17. ELC's estate has been damaged as a direct result of Defendant's breach.

18. All conditions precedent to the Trustee's claims against Defendant have been performed, have occurred, or have been excused.

### Allegations Common to Counts II – IV

19. On at least one occasion and/or from time to time and occurring within ninety (90) days prior to the Petition Date, Defendant, as either owner or through the terms of a consigned sale, sold cattle to ELC (the "Cattle Transactions").

20. ELC delivered a check in the amount of $2,844,396.31 (the "Transfer") to Defendant on or around October 25, 2010. The Trustee is informed and believes, and based thereon, alleges that ELC made the Transfer to Defendant in satisfaction of ELC obligations to

3

53211014_1

Defendant on account of the Cattle Transactions. A true and accurate copy of the cleared check representing the Transfer is attached hereto and incorporated by reference as <u>Exhibit C</u>.

21. The Transfer was a transfer of interests of ELC's property.

## Count II
### Avoidance of Transfers As Preferential Transfers (11 U.S.C. § 547(b))

22. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. The Trustee is informed and believes and, based thereon, alleges that the Transfer was made to the Defendant for the benefit of the Defendant, who was a creditor of ELC at the time of the Transfer on account of the Cattle Transactions, respectively, as the term creditor is defined by Section 101(10) of the Bankruptcy Code.

24. The Trustee is informed and believes and, based thereon, alleges that the Transfer was a transfer of interests of ELC in property.

25. The Trustee is informed and believes and, based thereon, alleges that the Transfer was made for or on account of one or more antecedent debts owed by ELC to the Defendant on account of the Cattle Transactions prior to the date on which the Transfer was made.

26. The Trustee is informed and believes and, based thereon, alleges at the time of the Transfer, the Defendant had a right to payment on account of an obligation owed to the Defendant by ELC.

27. The Trustee is informed and believes, and based thereon, alleges the Transfer was made while ELC was insolvent because the value of ELC's assets at a fair valuation was less than the sum of its debts. As a result of the Transfer, the Defendant received more than it would have received if (a) ELC's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (b) the

4

53211014_1

Transfer had not been made; and (c) the Defendant had received payment on such debt owed to it by ELC to the extent provided by chapter 7 of the Bankruptcy Code.

28. The Trustee is entitled to an order and judgment under Section 547(b) of the Bankruptcy Code avoiding the Transfer.

### Count III
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A))

29. This Count III is in the alternative to Count II.

30. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

31. The Trustee is informed and believes and, based thereon, alleges that ELC made the Transfer to the Defendant with the actual intent to hinder, delay, or defraud on or more of ELC's creditors.

32. The Trustee is entitled to avoid the Transfer and recover the value of the Transfer from the Defendant under Sections 544 and 548(a)(1)(A) of the Bankruptcy Code.

### Count IV
### Avoidance of Transfers as Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B))

33. This Count IV is in the alternative to Counts II and III.

34. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive, as if fully set forth herein.

35. Under Section 548(a)(1)(B) of the Bankruptcy Code, the Trustee may avoid the value of Transfer if ELC received less than reasonably equivalent value in exchange for the Transfer and ELC (i) was insolvent at the time of the Transfer or became insolvent as a result of the Transfer, (ii) was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with ELC was unreasonably small capital; (iii)

intended to incur or believed that it would incur debts that would be beyond its ability to pay as they matured, or (iv) made the Transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

36. ELC received less than reasonably equivalent value in exchange for the Transfer.

37. ELC was insolvent on the date Defendant received the Transfer.

38. The Transfer was made within two (2) years of the Petition Date.

39. The Trustee is entitled to avoid the Transfer and recover the value of the Transfer from the Defendant under Section 548(a)(1)(B) of the Bankruptcy Code.

## Count V
## Recovery of Avoided Transfers (11 U.S.C. § 550)

40. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41. The Trustee is informed and believes and, based thereon, alleges that the Trustee is entitled to avoid the Transfer under Sections 547 (b), 548(a)(1)(A) or 548(a)(1)(B) of the Bankruptcy Code, and recover for the benefit of ELC's estate, the proceeds or the value of the Transfer from the Defendant or any immediate or mediate transferee of the Defendant, or any of them, under Section 550(a)(1) of the Bankruptcy Code.

## Count VI
## For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

42. The Trustee incorporates by reference the allegations contained in paragraphs 1 through 41, inclusive, as if fully set forth herein.

43. The Trustee is informed and believes, and based thereon, alleges that the Defendant has or may assert a claim against ELC's estate.

6

53211014_1

44. Pursuant to Section 502 (d) of the Bankruptcy Code, the Trustee requests that any claim asserted by Defendant be disallowed for the failure to repay the Transfer.

WHEREFORE, the Trustee requests that the Bankruptcy Court enter judgment in his favor and against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. Awarding judgment in the Trustee's favor and against Defendant and award the Trustee appropriate damages in the amount of $125,602.22;

### ON THE SECOND CLAIM FOR RELIEF

2. Declaring that the Transfer is avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

### ON THE THIRD CLAIM FOR RELIEF

3. Declaring that the Transfer is avoided and set aside as fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code;

### ON THE FOURTH CLAIM FOR RELIEF

4. Declaring that the Transfer is avoided and set aside as fraudulent transfers under Section 548(a)(1)(B) of the Bankruptcy Code;

### ON THE FIFTH CLAIM FOR RELIEF

6. Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Trustee the full sum of the proceeds or value of the Transfer (and any other avoided Transfer discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

7. Awarding judgment against the Defendant and in favor of the Trustee in an amount of not less than $2,844,396.31;

## ON THE SIXTH CLAIM FOR RELIEF

8. Disallowing any and all claims of the Defendant against ELC's estate under Section 502(d) of the Bankruptcy Code; and

## ON ALL CLAIMS FOR RELIEF

9. Pre-judgment interest at the maximum legal rate running from the time of the Transfer(s) until the date of judgment herein;

10. Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

11. Fees and costs incurred by the Trustee in this suit;

12. Such other and further relief as is necessary proper.

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP

        By: /s/ Dustin R. DeNeal

Jay Jaffe (#5037-98)          *Counsel for James A. Knauer, Chapter 11 Trustee*
Wendy W. Ponader (#14633-49)
600 E. 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile: (317) 569-4800
jay.jaffe@faegrebd.com
wendy.ponader@faegrebd.com

Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
dustin.deneal@faegrebd.com

53211014_1