UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**
**WITH SUPERIOR LIVESTOCK AUCTION, INC., NOW KNOWN AS SLAI, INC.**

James A. Knauer, the Chapter 11 Trustee appointed in this case ("Bankruptcy Trustee"), by counsel, hereby files this motion (the "Settlement Motion") requesting the Court's approval of a compromise and settlement of claims (in the case styled as *James A. Knauer, as Trustee for All Persons Making Claims Against Capitol Indemnity Corp. Bond No. 785636 v. T. Harold Martin, et al.*, Case No. 4:11-cv-00144-SEB-WGH) ("District Court Case") between James A. Knauer, as Trustee for All Persons Making Claims Against Capitol Indemnity Corp. Bond No. 785636 (the "Bond Trustee") and Superior Livestock Auction, Inc., now known as SLAI, Inc. ("Superior Livestock") pursuant to the terms and conditions set forth in the Settlement Agreement and Release substantially in the form attached hereto as **Exhibit A** (the "Settlement Agreement"). In support of this Settlement Motion, the Trustee respectfully represents the following:

**Introduction and Background**

1. Under the Packers and Stockyard Act of 1921 ("P&S Act") [7 U.S.C. § 204] and its related regulations [9 C.F.R. § 201.29], cattle brokers such as the Debtor are required to maintain a Bond in an amount established by the statute and regulations to secure the performance of their obligations.

2. In compliance with this requirement, the Debtor obtained the Bond from Capitol Indemnity Corporation, originally issued on April 26, 2002, subsequently increased to the final

penal sum of $875,000, and terminated effective December 30, 2010 (the "Bond"). This surety Bond provides financial protection to those who sold livestock to Eastern Livestock, and its designated clearees, under the provisions of the P&S Act.

3.  As a result, the Bond Proceeds do not constitute property of the Debtor and are not included the Debtor's bankruptcy estate and thus outside the jurisdiction of this Court.

4.  On November 2, 2010, the Debtor's bank began returning checks written on the Debtor's accounts and the Debtor was no longer performing its financial obligations as a livestock buyer. A notice of Eastern's default was issued by the USDA, and in the months that followed, 374 claimants (the "Claimants") filed various claims against the Bond totaling approximately $37 million dollars, which vastly exceeds the Bond's $875,000 final penal sum.

5.  On January 14, 2011, the United States Department of Agriculture ("USDA") appointed Mr. Knauer to serve as trustee over the Bond Proceeds to disburse the Bond proceeds in accordance with the Bond instrument, separate and apart from his role as the Debtor's bankruptcy trustee in these proceedings.

6.  In December 2011, Mr. Knauer filed the District Court Case in the nature of an interpleader, seeking a declaratory judgment to determine the validity, the priority (if any), and the pro rata share of Bond Proceeds for each claim made under the Bond.

7.  Except for the bond claim filed by Superior Livestock, all other claims against the Bond have been finally adjudicated in the District Court Case.

8.  Superior Livestock and Mr. Knauer, as Bond Trustee, have now reached a conditional settlement of Superior Livestock's bond claim; however, one of those terms requires Mr. Knauer, as the Debtor's Bankruptcy Trustee, to release certain potential claims that the

Debtor may have against certain individuals in exchange for a partial assignment of Superior Livestock's settled Bond Claim to the Debtor's bankruptcy estate.

9. For this reason, Mr. Knauer, as the Debtor's Bankruptcy Trustee, seeks this Court's approval of the settlement agreement that he has reached with Superior Livestock in his capacity as Bond Trustee to resolve Superior's bond claim.

## THE PARTIES

10. In addition to his role as the Bankruptcy Trustee, James A. Knauer is the designated trustee for all claimants under the Bond. By letter dated January 14, 2011, the Administrator for the U.S. Department of Agriculture's Grain Inspection, Packers and Stockyards Administration ("GIPSA") designated James A. Knauer as the trustee to represent all claimants under the Bond, as authorized by 9 C.F.R. § 201.32 and Condition (e) of the Bond. A copy of this letter of designation is attached as **Exhibit B**.

11. Superior Livestock Auction, Inc. now known as SLAI, Inc. ("Superior Livestock") is a Nevada corporation with its principal place of business in Colorado. Superior initially made a claim against the Bond in the amount of $19,270,617.07, and later reduced that amount to $13,519,939.48 (the "Superior Livestock Claim").

12. The claims of the remaining Claimants and all other Defendants named in the District Court Case have been finally adjudicated.

13. Based on his investigation, the Trustee has concluded that the Superior Livestock Claim against the Bond have a settlement value of $3.6 million. If this claim amount is ultimately approved, Superior Livestock's pro rata share of the available Bond Proceeds would be 21.03%, resulting in a payout of approximately $156,791.04.

53480246_2

14. To avoid the cost, expense, and delay of litigation, Superior Livestock is willing to accept payment of $100,000.00 (the "Settlement Amount") in satisfaction of the Superior Livestock Claim and assign the balance of its bond claims proceeds to the Bankruptcy Trustee in exchange for the Bankruptcy Trustee releasing certain individuals from whom Superior Livestock collected the purchase price for cattle sold through the Debtor, all conditioned upon the Court entering a final, non-appealable order approving this Settlement Motion (the "Settlement Order").

## THE SETTLEMENT

15. The Trustee requests that the Court approve the compromise and settlement of claims between the Bankruptcy Trustee, the Bond Trustee, and Superior Livestock pursuant to the terms and conditions set forth in the Settlement Agreement. The Bankruptcy Trustee is seeking court approval of the Settlement Agreement with respect to the Debtor's release of certain claims and individuals in exchange for a partial assignment of Superior's bond, as more fully set forth therein.

## BASIS FOR RELIEF

16. Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve a compromise or settlement after notice and opportunity for a hearing. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The Seventh Circuit has offered the following guidance to courts in making such determinations:

> The linchpin of the "best interests of the estate" test is a comparison of the value of the settlement with the probable costs and benefits of litigating.

53480246_2

> Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets."

*In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426 (citations omitted).

17. The Bankruptcy Trustee believes there is legal and factual support to object to the entirety of Superior's claims against the Bond. While the amount of $3.6 million dollars representing the claim settlement amount is, in the opinion of the Trustee, more likely than not, allowable, the Trustee strongly believes the remaining portion of Superior's $13.5 million dollar claim is highly likely to be disallowed. Thus the parties arrived at a principled settlement that each believes represents a fair allocation of the litigation settlement risks. Furthermore, most of the potential claims listed on **Exhibit A** that are being released have not been previously filed as adversary proceedings and would not likely be pursued by the Trustee, so the approximate $56,000.00 in settlement funds, representing the Bond Claim proceeds assigned to the Bankruptcy Trustee by Superior Livestock, to the Bankruptcy estate are fair and adequate consideration as well as avoiding the costs, expense, delay, and uncertainties of litigation. Avoidance of the additional costs and expenses of litigation for the Bond Proceeds and the Bankruptcy Estate will eliminate the risk of further depletion of the Bankruptcy Estate and the Bond Proceeds. When evaluating the proposed settlement, the Trustee considered (i) the expenses the Bankruptcy Trustee would incur in litigating the Claims, (ii) the probability of success in prosecuting the Claims in light of the facts, circumstances, and anticipated defenses, and (iii) the best interests of the Bankruptcy Estate and the Debtor's creditors, and the Bond Proceeds and its claimants.

18.     Pursuant to the exercise of his sound business judgment, the Bankruptcy Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the estate.

19.     Notice of this Settlement Motion will be provided to all creditors, the United States Trustee, all counsel of record, and any other entity that the Court may direct, as provided in Bankruptcy Rules 2002 and 9019.

**WHEREFORE**, if no objections to this Settlement Motion are filed, the Parties request that the Court enter the Settlement Order approving the Settlement Agreement.  A proposed form of order is attached as **Exhibit C**.  If any objections to this Settlement Motion are filed, the parties request that this Settlement Motion and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.  The Trustee requests that any notice of this motion include language that any objection to this Settlement Motion set forth with specificity any claim that the objecting party has to the Settlement Amount.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By:   /s/ Terry E. Hall

Terry E. Hall (#22041-49)            *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
terry.hall@faegrebd.com
harmony.mappes@faegrebd.com
dustin.deneal@faegrebd.com

53480246_2

Wendy W. Ponader (#14633-49)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 13, 2014, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Suzanne M Shehan<br>suzanne.shehan@kutakrock.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | Andrew James Vandiver<br>avandiver@aswdlaw.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |

53480246_2

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mike@kentuckytrial.com

James Edwin McGhee
mcghee@derbycitylaw.com

Amanda Dalton Stafford
ads@kgrlaw.com

David Alan Domina
dad@dominalaw.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Michael Wayne Oyler
moyler@rwsvlaw.com

James E. Rossow
jim@rubin-levin.net

Steven A. Brehm
sbrehm@ bgdlegal.com

Patrick B Griffin
pat.griffin@kutakrock.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

James A. Knauer
jak@kgrlaw.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Niccole R. Sadowski
nsadowski@thbklaw.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Andrew D. Stosberg
astosberg@lloydmc.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Jennifer Watt
jwatt@kgrlaw.com

William K. Flynn
wkflynn@strausstroy.com

Michael Benton Willey
michael.willey@ag.tn.gov

Chrisandrea L. Turner
clturner@stites.com

Scott R. Leisz
sleisz@bgdlegal.com

Terrill K. Moffett
kendalcantrell@moffettlaw.com

Matthew Daniel Neumann
mneumann@hhclaw.com

Jay P. Kennedy
jpk@kgrlaw.com

William E Smith
wsmith@k-glaw.com

Thomas C Scherer
tscherer@bgdlegal.com

Matthew R. Strzynski
mstrzynski@kdlegal.com

Kent A Britt
kabritt@vorys.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Jason W. Cottrell
jwc@stuartlaw.com

James B. Lind
jblind@vorys.com

Anthony G. Raluy
traluy@fbhlaw.net

Jack S. Dawson
jdawson@millerdollarhide.com

Terry E. Hall
terry.hall@faegrebd.com

Erick P. Knoblock
eknoblock@daleeke.com

Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

James E. Smith
jsmith@smithakins.com

Kevin M. Toner
kevin.toner@faegrebd.com

Eric W. Richardson
ewrichardson@vorys.com

Joe Lee Brown
Joe.Brown@Hardincounty.biz

Thomas P. Glass
tpglass@strausstroy.com

Kay Dee Baird
kbaird@kdlegal.com

Paul M. Hoffman
phoffmann@stinson.com

Brian H. Meldrum
bmeldrum@stites.com

Natalie Donahue Montell
nmontell@bgdlegal.com

Brian Robert Pollock
bpollock@stites.com

John R. Burns
john.burns@faegrebd.com

Kayla D. Britton
kayla.britton@faegrebd.com

David A. Laird
david.laird@moyewhite.com

Trevor L. Earl
tearl@rwsvlaw.com

Joshua N. Stine
kabritt@vorys.com

Amelia Martin Adams
aadams@dlgfirm.com

Robert A. Bell
rabell@vorys.com

Melissa S. Giberson
msgiberson@vorys.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Jay Jaffe
jay.jaffe@faegrebd.com

Harmony A. Mappes
harmony.mappes@faegrebd.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Joe T. Roberts
jratty@windstream.net

Christopher E. Baker
cbaker@thbklaw.com

Andrea L. Wasson
andrea@wassonthornhill.com

Joshua Elliott Clubb
joshclubb@gmail.com

Ben T. Caughey
ben.caughey@icemiller.com

Stephen E. Schilling
seschilling@strausstroy.com

David W. Brangers
dbrangers@lawyer.com

Martha R. Lehman
mlehman@kdlegal.com

Kevin J. Mitchell
kevin.mitchell@faegrebd.com

Erin Casey Nave
enave@taftlaw.com

Steven Eric Runyan
ser@kgrlaw.com

53480246_2

Chad Duane Wuertz
chad@wuertzlaw.com

                /s/ Terry E. Hall