Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of December _, 2013 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor"), Bynum Ranch Company ("Bynum Ranch"), Bobby and Debby Bynum (the "Bynums"), Frank Powell ("Powell"), Johnny Mayo ("Mayo"), Bill Davis ("Davis") and Davis Quarter Horse ("Davis Quarter" and collectively with Bynum Ranch, the Bynums, Powell, Mayo and Davis, "Bynum Group"). The Trustee and Bynum Group are collectively referred to herein as the "Parties."

## Recitals

A.   Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.   On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.   The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dock. No. 1644] ("Confirmation Order") confirming the Plan. Pursuant to the Plan and the Confirmation Order, general unsecured creditors of Debtor's estate could choose to "opt in" and receive a distribution from the "Fifth Third Claim Settlement Fund" (as that term is defined in the Plan). As provided in the Plan, a creditor's election to "opt-in" affects the creditor's rights to and amount of distributions under the Plan. The Plan required any creditor who opts in to waive certain claims against non-Debtor entities. Other effects of an election to opt in are more particularly described in the Plan and in the Confirmation Order.

D.   The Trustee contends that prior to the Chapter 11 Case, Debtor purchased certain cattle (the "Subject Cattle") from Bynum Group pursuant to contract. The Subject Cattle were delivered to Friona Industries, L.P. ("Friona") in late October and/or early November.

E.   Friona interpled $245,441.87, representing the proceeds of the Subject Cattle ("Interpled Funds"), with the Court in connection with Adversary Proceeding No. 11-59093 (the "Adversary").

F.   Bynum Group filed various answers and cross-claims in the Adversary, asserting claims to the Interpled Funds.

G.   The Trustee contends that the Interpled Funds are property of Debtor's bankruptcy estate.

H.      Bynum Group filed proofs of claim (the "Bynum Group POCs") in the Chapter 11 Case.  The Bynum Group POCs are designated on the official claims register maintained by The BMC Group, Inc. as claim nos. 435, 437, 438, 439, 440 and 441.  The Bynum Group POCs assert an aggregate total claim against Debtor in the amount of $245,441.87.

I.      All members of Bynum Group executed and submitted a "Opt-In Agreements" by the deadline set forth in the Plan and Confirmation Order.

J.      The Parties desire to resolve and settle all issues, disputes, claims and causes of actions relating to the Interpled Funds and the Adversary without further litigation and without admission of any fault or liability.  The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settle and resolve all issues, disputes, claims, and causes of action related to the Interpled Funds on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.      Court Approval of Settlement Agreement.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("Settlement Motion") and shall tender to the Court a proposed order approving the Settlement Agreement ("Settlement Order").  This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties.  The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective Date."  The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.      Settlement.  Within five (5) business days of the Effective Date, the Trustee and Bynum Group shall file a joint motion in the adversary, substantially in the form attached hereto as **Schedule A**, requesting that the Court transfer $171,809.30 of the Interpled Funds (the "Settlement Payment") to Bynum Group by check made payable to and delivered to counsel for Bynum Group, James B. Johnston, EASTERWOOD, BOYD & SIMMONS, P.C., 622 N. Main Street, P.O. Box 272, Hereford, TX 79045 and the remainder of the Interpled Funds to the Trustee.  The date that Bynum Group's counsel receives the Settlement Payment shall be referred to herein as the "Payment Date".

3.      Bynum Group POCs.  As of the Payment Date, the Bynum Group POCs shall be deemed to have been amended, without further action by the Parties, to assert a consolidated unsecured claim in the total amount of $73,632.57  (the "Bynum Group Allowed Claim").  The Trustee agrees not to contest the validity of the Bynum Group Allowed Claim and shall withdraw any objections to the Bynum Group POCs within five (5) business days of the Payment Date.  All distributions made on account of the Bynum Group Allowed Claim shall be

2

53358682_2

made payable, and delivered, to counsel for Bynum Group, James B. Johnston, EASTERWOOD, BOYD & SIMMONS, P.C., 622 N. Main Street, P.O. Box 272, Hereford, TX 79045.

4. <u>Opt-In</u>. Each member of Bynum Group has executed and returned an "Opt-In Agreement" (as defined in the Plan) in compliance with the Plan. As a result, Bynum Group shall be treated as an Opt In Creditor under the Plan.

5. <u>Adversary</u>. Within five (5) business days of the Payment Date, Bynum Group and the Trustee shall file such further pleadings as necessary to dismiss Bynum Group from the Adversary with prejudice.

6. <u>Mutual Release</u>. Conditioned upon the occurrence of the Payment Date, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the Interpled Funds (the "<u>Released Claims</u>"). Nothing contained herein shall release the Bynum Group Allowed Claim.

7. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

8. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

9. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

10. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

11. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

3

53358682_2

12. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

13. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

15. <u>Agreement Nonseverable and Mutually Dependent</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

16. <u>Amendment</u>.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

17. <u>No Admission of Fault or Liability</u>.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

18. <u>No Presumption Against Drafter</u>.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

[*Remainder of page intentionally left blank.  Signature page to follow*.]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: _____

Title: _____

Date: _____

Davis Quarter Horse

By: _____

Title: _____

Date: _____

_____ _____
Frank Powell                                              Date

_____ _____
Bobby Bynum                                           Date

_____ _____
Debby Bynum                                           Date

_____ _____
Johnny Mayo                                            Date

_____ _____
Bill Davis                                                  Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_/s/ James Knauer_____ 1/10/14
                                                              Date

5

dms.us.53358682.01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: *Jommy Ralph Bynum*

Title: partner

Date: 1-7/2014

Davis Quarter Horse

By: _____

Title: _____

Date: _____

_____    _____
Frank Powell                                              Date

_____    _____
Bobby Bynum                                            Date

_____    _____
Debbie Bynum                                           Date

_____    _____
Johnny Mayo                                            Date

_____    _____
Bill Davis                                                   Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____    _____
                                                                Date

5

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: _____

Title: _____

Date: _____

Davis Quarter Horse

By: *Bill R. Davis*

Title: *Partner*

Date: *1-8-14*

_____  _____
Frank Powell                     Date

_____  _____
Bobby Bynum                      Date

_____  _____
Debbie Bynum                     Date

_____  _____
Johnny Mayo                      Date

*Bill R. Davis*                  *1-8-14*
_____  _____
Bill Davis                       Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____  _____
                                 Date

5

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: _____

Title: _____

Date: _____

Davis Quarter Horse

By: _____

Title: _____

Date: _____

_____*signature*_____  1/7/14
Frank Powell                                    Date

_____
Bobby Bynum                                  Date

_____
Debbie Bynum                                 Date

_____
Johnny Mayo                                   Date

_____
Bill Davis                                         Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____
                                                        Date

5

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: _____

Title: _____

Date: _____

Davis Quarter Horse

By: _____

Title: _____

Date: _____

_____   _____
Frank Powell                                                        Date

*Bobby Bynum by Debby Bynum POA*
Bobby Bynum                                                       Date  1-10-14

*Debby Bynum*                                                  1-10-14
~~Debbie~~ Bynum                                              Date
*Debby*

_____   _____
Johnny Mayo                                                        Date

_____   _____
Bill Davis                                                              Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____   _____
                                                                            Date

5

dms.us.53358682.01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Bynum Ranch Company

By: _____

Title: _____

Date: _____

Davis Quarter Horse

By: _____

Title: _____

Date: _____

_____     _____
Frank Powell                                                    Date

*Bobby Bynum by Debby Bynum POA*
_____     _____
Bobby Bynum                                                  Date 1-10-14

*Debby Bynum*                                              1-10-14
_____     _____
Debbie Bynum                                                Date
*Debby*

_____     _____
Johnny Mayo                                                  Date

_____     _____
Bill Davis                                                          Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____
                                                                        Date

5

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

    Bynum Ranch Company

    By: _____

    Title: _____

    Date: _____

    Davis Quarter Horse

    By: _____

    Title: _____

    Date: _____

    _____
    Frank Powell                            Date

    _____
    Bobby Bynum                           Date

    _____
    Debbie Bynum                          Date

    */s/ Johnny Mayo*            1-8-14
    Johnny Mayo                             Date

    _____
    Bill Davis                                  Date

    James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

    _____
                                                Date

dms.us.53358682.01

# SCHEDULE A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

53358682_2

**JOINT MOTION FOR RELEASE OF INTERPLEADED FUNDS PURSUANT TO COURT-APPROVED SETTLEMENT**

James A. Knauer ("Trustee"), trustee of the bankruptcy estate of Eastern Livestock Company, LLC ("Debtor"), Bynum Ranch Company ("Bynum Ranch"), Bobby and Debby Bynum (the "Bynums"), Frank Powell ("Powell"), Johnny Mayo ("Mayo"), Bill Davis ("Davis") and Davis Quarter Horse ("Davis Quarter" and collectively with Bynum Ranch, the Bynums, Powell, Mayo and Davis, "Bynum Group") respectfully submit this Joint Motion for Release of Interpleaded Funds Pursuant to Court-Approved Settlement (the "Motion") and move this Court for an order authorizing the release and transfer of $245,441.87 ("Settled Funds") now held in the registry of the Court in this adversary proceeding. The Settled Funds represent the proceeds of cattle that originated from Bynum Group and were interpled by Friona Industries, L.P. There are no remaining controversies related to the Settled Funds and the parties claiming these Settled Funds have resolved all issues through settlement approved by this Court. In further support of this Motion, the Trustee and Bynum Group state as follows:

1. On November 11, 2010, Friona Industries, L.P. ("Friona") filed an interpleader complaint in the United States District Court for the Northern District of Texas, Amarillo Division, Case No. 2:10-cv-00266 (the "Texas Litigation"). Friona alleged that a dispute existed as to ownership of the funds and that it could be subject to competing claims from Debtor, Fifth Third Bank and various cattle producers named in the complaint.

2. In the Texas Litigation, intervenor plaintiffs, Cactus Growers, Inc. ("Cactus") and J&F Oklahoma Holdings, Inc. ("J&F"), intervened and interpleaded additional funds alleging similar disputes and concerns of being subjected to competing claims.

7

53358682_2

3. On April 1, 2011, the Texas Litigation was referred to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, for the purpose of transferring the case to this Court for final disposition in conjunction with the pending Eastern bankruptcy case.

4. On April 15, 2011, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, signed an order transferring venue of the case to this Court and ordering that the clerk for the Northern District of Texas transfer to the clerk of this Court all funds interpled in the Texas Litigation.

5. On January __, 2014, the Court entered the Order Approving Compromise and Settlement with Bynum Group [Dock. No. ___ in Case No. 10-93904] (the "Settlement Order"). The Settlement Order approved a settlement agreement by and between the Trustee and Bynum Group and authorized the parties to take all actions necessary to implement the approved settlement, including the filing of this motion.

6. Pursuant to the settlement, Bynum Group is to receive seventy percent (70%) or $171,809.30 of the Settled Funds. The Trustee is to receive the remaining thirty percent (30%) or $73,632.57 of the Settled Funds.

7. Accordingly, the Trustee and Bynum Group request an order from the Court directing the Clerk to distribute the Settled Funds in the following amounts to the following persons: (a) $171,809.30 to Bynum Group by check made payable and delivered to counsel for Bynum Group, James B. Johnston, EASTERWOOD, BOYD & SIMMONS, P.C., 622 N. Main Street, P.O. Box 272, Hereford, TX 79045 and (b) $73,632.57 to the Trustee to be treated as "Collateral Funds" in accordance with the Plan.

WHEREFORE, for the reasons set forth above, the Trustee and Bynum Group respectfully request the Court to enter an order directing the Clerk to distribute Settled Funds to Bynum Group and the Trustee as outlined above and for all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Dustin R. DeNeal

*Counsel for James A. Knauer, Chapter 11 Trustee*

Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Shawna Eikenberry (#21615-53)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
shawna.eikenberry@faegrebd.com
dustin.deneal@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on January __, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |

| | | |
|---|---|---|
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Suzanne M Shehan<br>suzanne.shehan@kutakrock.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Patrick B Griffin<br>pat.griffin@kutakrock.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Niccole R. Sadowski<br>nsadowski@thbklaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Christopher E. Baker<br>cbaker@thbklaw.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |

53358682_2

| | | |
|---|---|---|
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz | Ben T. Caughey<br>ben.caughey@icemiller.com |
| William K. Flynn<br>wkflynn@strausstroy.com | Thomas P. Glass<br>tpglass@strausstroy.com | Stephen E. Schilling<br>seschilling@strausstroy.com |
| Michael Benton Willey<br>michael.willey@ag.tn.gov | Kay Dee Baird<br>kbaird@kdlegal.com | David W. Brangers<br>dbrangers@lawyer.com |
| Chrisandrea L. Turner<br>clturner@stites.com | Paul M. Hoffman<br>phoffmann@stinson.com | Martha R. Lehman<br>mlehman@kdlegal.com |
| Scott R. Leisz<br>sleisz@bgdlegal.com | Brian H. Meldrum<br>bmeldrum@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com |
| Terrill K. Moffett<br>kendalcantrell@moffettlaw.com | Natalie Donahue Montell<br>nmontell@bgdlegal.com | Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com | Brian Robert Pollock<br>bpollock@stites.com | Steven Eric Runyan<br>ser@kgrlaw.com |
| Amanda Dalton Stafford<br>ads@kgrlaw.com | Matthew R. Strzynski<br>mstrzynski@kdlegal.com | Andrew James Vandiver<br>avandiver@aswdlaw.com |
| Chad Duane Wuertz<br>chad@wuertzlaw.com | | |

I further certify that on January __, 2014, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

Aaron Miller
Mervin Miller
d/b/a CLF Feeders
2123 W. Mill Street
Buffalo, MO 65622


/s/ Dustin R. DeNeal

11

53358682_2