UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO MODIFY PLAN INJUNCTION
TO PERMIT NAMING DEBTOR AS A
DEFENDANT IN COMPLAINT TO DETERMINE VALIDITY,
EXTENT, AND PRIORITY OF LIENS AND FOR ORDER
DIRECTING PAYMENT OF COMMODITIES ACCOUNT
PROCEEDS TO THE FIRST BANK AND TRUST COMPANY FOR
<u>PURPOSES OF ASSERTING DEBTOR'S INTEREST, IF ANY, THEREIN</u>**

The First Bank and Trust Company ("First Bank"), by counsel, for its Motion to Modify Plan Injunction to Permit Naming Debtor as a Defendant in Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company for Purposes of Asserting Debtor's Interest, if any, Therein, states as follows:

1. First Bank is a secured creditor of Thomas P. Gibson and Patsy M. Gibson (the "Gibsons"). The Gibsons filed a Chapter 7 Case on December 1, 2010, which case is currently pending in this Court as Case No. 10-93867-BHL-7A (the "Gibson Case").

2. First Bank intends to file a Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company (the "Proposed Complaint") in the Gibson Case. A copy of the Proposed Complaint (without Exhibits) is attached hereto and made a part hereof as Exhibit "A".

3.      The Chapter 11 Trustee for Eastern Livestock Co., LLC (the "Debtor") filed a proof of claim for the Debtor in the Gibson Case [Claim 48-1] alleging, among other things, that the Gibsons were the recipients of fraudulent transfers in an unspecified amount and were the recipients of preferential transfers from the Debtor totaling no less than $1,135,045,746.83 (the "ELC Proof of Claim").  The ELC Proof of Claim contained no itemization of the transfers alleged to be fraudulent or preferential or any other information from which one could possibly determine whether a specific transfer was included in the more than a billion dollars of transfers alleged to be fraudulent and/or preferential.  Consequently, it is not possible to determine from the ELC Proof of Claim whether any funds that were used to acquire commodities contracts held in the commodities accounts that are the subject of the Proposed Complaint involved transfers included in the transfers alleged to be fraudulent or preferential transfers in the ELC Proof of Claim.

4.      Pursuant to Section 546(a) of the Code, the two (2) year time period in which the Debtor could have commenced an action under Sections 544, 547, or 548 of the Code to avoid a transfer has expired.  The Debtor has not withdrawn or otherwise amended the ELC Proof of Claim notwithstanding the lapse of the time period set forth in Section 546(b) of the Code.

5.      Pursuant to Section 101(a)(5) of the Code, a claim is defined as a right to payment. While a transferee of a transfer that is avoided under Sections 544, 547, or 548 may be liable for a monetary amount to the extent set forth in Section 550 of the Code, the avoidance of the transfer that gives rise to such liability is a condition precedent to the existence of any such right to payment.  Consequently, the Debtor has no right to payment from the Gibson estate due to its failure to bring an action to avoid any transfer alleged to be a fraudulent and/or preferential transfer within the time limits set forth in Section 546(b) of the Code.

6. Article 7.5 of the Trustee's Chapter 11 Plan of Liquidation (the "Plan"), confirmed by the this Court's Order dated December 17, 2012, enjoins any person from "commencing . . . any action or proceeding (whether directly, indirectly, derivatively or otherwise) on account of or respecting any Claim, debt, interest or right of Debtor as well as on account of or respecting any Cause of Action or Bankruptcy Cause of Action which the Trustee retains sole and exclusive authority to pursue in accordance with this Plan."

7. In addition, Article 7.6 of the Plan provides that "Unless otherwise provided herein or by an order of the Court, all injunctions or stays provided for in the Chapter 11 Case pursuant to Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until all distributions required to be made under this Plan have been made."

8. Since the time limit set forth in Section 546(b) of the Code is not jurisdictional, any determination by this Court in the Gibson Case that First Bank or any other party is entitled to the funds in the commodities accounts that are the subject of the Proposed Complaint would be subject to the claims, if any, of the Debtor unless the Debtor is named as a defendant in the Proposed Complaint to answer as to its interest, if any, therein.

9. As indicated above, First Bank does not believe that the Debtor can successfully assert a claim to any funds that were in held in the commodities accounts that are the subject of the Proposed Complaint by reason of the Debtor's failure to commence an adversary proceeding under Sections 544, 547, or 548 of the Bankruptcy Code within the time period set forth in Section 546(b) of the Code.

10. Although the Debtor's alleged claims included in its ELC Proof of Claim could be asserted by way of set off against any claims that the Gibson Trustee might have brought

against the Debtor, the issues raised by the Proposed Complaint are not likely to result in the Gibson Trustee asserting a cross-claim against the Debtor that the Debtor's alleged claims could set off against.

11. Moreover, since the time in which an action under Sections 544, 547, or 548 had already passed as of the date that the Debtor's Plan was confirmed, it is unlikely that the intent of Article 7.6 of the Plan was to prevent third parties from determining their respective rights to funds as to which the only interest of the Estate was a time barred claim; rather, the intent was to protect those pending claims as to which the Estate had timely asserted its interest.

WHEREFORE, First Bank respectfully requests that the Court enter an Order as contemplated by Article 7.6 of the Plan to authorize First Bank to name the Debtor as a defendant in its Proposed Complaint to answer to its interest, if any, in the proceeds held by the Gibson's Trustee from the commodities accounts that are the subject of the Proposed Complaint.

/s/ Bret S. Clement
Bret S. Clement  (#3708-49)
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
Tel. 317-636-3471/Fax 317-636-6575
E-mail:  bclement@acs-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2014, a copy of the foregoing Motion to Modify Plan Injunction to Permit Naming Debtor as a Defendant in Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company for Purposes of Asserting Debtor's Interest, if any, Therein was filed electronically.  Notice of this filing will be sent to the following party/parties through the

Court's Electronic Case Filing System.  Party/parties may access this filing through the Court's system.

Laura Day DelCotto; ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com, dlgecfs@gmail.com
David L. Abt; davidabt@mwt.net
Amelia Martin Adams; aadams@dlgfirm.com, dlgecf@dlgfirm.com, dlgecfs@gmail.com
John W Ames; james@bgdlegal.com, smays@bgdlegal.com, tmills@bgdlegal.com
Jerald I. Ancel; jancel@taftlaw.com, ecfclerk@taftlaw.com, krussell@taftlaw.com
Kay Dee Baird; kbaird@kdlegal.com, pdidandeh@kdlegal.com
T. Kent Barber; kbarber@dlgfirm.com, dlgecf@dlgfirm.com, dlgecfs@gmail.com
Robert A. Bell; rabell@vorys.com, dmchilelli@vorys.com
C. R. Bowles; cbowles@bgdlegal.com, smays@bgdlegal.com, cjenkins@bgdlegal.com
Steven A. Brehm; sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com, smays@bgdlegal.com
Kent A Britt; kabritt@vorys.com, cbkappes@vorys.com, dfhine@vorys.com, tbfinney@vorys.com
Kayla D. Britton; kayla.britton@faegrebd.com, sharon.korn@faegrebd.com, sarah.herendeen@faegrebd.com
Joe Lee Brown; Joe.Brown@Hardincounty.biz
Lisa Koch Bryant; courtmail@fbhlaw.net
John R. Burns; john.burns@faegrebd.com, sandy.rhoads@faegrebd.com, oliana.nansen@faegrebd.com
John R. Carr; jrciii@acs-law.com, sfinnerty@acs-law.com
Deborah Caruso; dcaruso@daleeke.com, mthomas@daleeke.com
Ben T. Caughey; ben.caughey@icemiller.com
Bret S. Clement; bclement@acs-law.com, sfinnerty@acs-law.com
Joshua Elliott Clubb; joshclubb@gmail.com
Jason W. Cottrell; jwc@stuartlaw.com, jbr@stuartlaw.com
Kirk Crutcher; kcrutcher@mcs-law.com, jparsons@mcs-law.com
Jack S Dawson; jdawson@millerdollarhide.com, jowens@millerdollarhide.com, receptionist@millerdollarhide.com
Dustin R. DeNeal; dustin.deneal@faegrebd.com, sandy.engle@faegrebd.com, sarah.herendeen@faegrebd.com
David Alan Domina; dad@dominalaw.com, KKW@dominalaw.com, efiling@dominalaw.com
Daniel J. Donnellon; ddonnellon@ficlaw.com, knorwick@ficlaw.com
Trevor L. Earl; tearl@rwsvlaw.com
Shawna M Eikenberry; shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com
Jeffrey R. Erler; jerler@ghjhlaw.com, lbell@ghjhlaw.com, ldelcore@ghjhlaw.com
William K. Flynn; wkflynn@strausstroy.com, fmtuttle@strausstroy.com, rlshapiro@strausstroy.com
Robert H. Foree; robertforee@bellsouth.net
Sandra D. Freeburger; sfreeburger@dsf-atty.com, smattingly@dsf-atty.com
Peter M Gannott; pgannott@gannottlaw.com, paralegal@gannottlaw.com, gannottlaw@gmail.com
Melissa S. Giberson; msgiberson@vorys.com
Thomas P Glass; tpglass@strausstroy.com
Jeffrey J. Graham; jgraham@taftlaw.com, ECFClerk@taftlaw.com, dwineinger@taftlaw.com, krussell@taftlaw.com, aolave@taftlaw.com
Terry E. Hall; terry.hall@faegrebd.com, sharon.korn@faegrebd.com, sarah.herendeen@faegrebd.com
Paul M. Hoffmann; phoffmann@stinson.com
John David Hoover; jdhoover@hooverhull.com
John Huffaker; john.huffaker@sprouselaw.com, lynn.acton@sprouselaw.com, rhonda.rogers@sprouselaw.com
Jeffrey L Hunter; jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov
Jay Jaffe; jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
James Bryan Johnston; bjtexas59@hotmail.com, bryan@ebs-law.net
Todd J. Johnston; tjohnston@mcjllp.com
Jill Zengler; Julian Jill.Julian@usdoj.gov
Jay P. Kennedy; jpk@kgrlaw.com, tfroelich@kgrlaw.com, ads@kgrlaw.com
Edward M King; tking@fbtlaw.com, dgioffre@fbtlaw.com
James A. Knauer; jak@kgrlaw.com, tjf@kgrlaw.com

Erick P Knoblock; eknoblock@daleeke.com
Theodore A Konstantinopoulos; ndohbky@jbandr.com
Randall D. LaTour; RDLatour@vorys.com, khedwards@vorys.com, bjtobin@vorys.com
David A. Laird; david.laird@moyewhite.com, lisa.oliver@moyewhite.com, deanne.stoneking@moyewhite.com
David L. LeBas; dlebas@namanhowell.com, koswald@namanhowell.com
Martha R. Lehman; mlehman@kdlegal.com, crbpgpleadings@kdlegal.com, eworthington@kdlegal.com
Scott R Leisz; sleisz@bgdlegal.com, disom@bgdlegal.com
Elliott D. Levin; robin@rubin-levin.net, edl@trustesolutions.com, edl@trustesolutions.net
Kim Martin Lewis; kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com, patrick.burns@dinslaw.com
James B. Lind; jblind@vorys.com
Karen L. Lobring; lobring@msn.com
John Hunt Lovell; john@lovell-law.net, sabrina@lovell-law.net, shannon@lovell-law.net, paula@lovell-law.net
Harmony A Mappes; harmony.mappes@faegrebd.com, judith.gilliam@faegrebd.com, sarah.herendeen@faegrebd.com
John Frederick Massouh; john.massouh@sprouselaw.com
Michael W. McClain; mike@kentuckytrial.com, laura@kentuckytrial.com
Kelly Greene McConnell; lisahughes@givenspursley.com
James Edwin McGhee; mcghee@derbycitylaw.com, SeillerWatermanBankruptcymyecf@gmail.com,
    belliott@derbycitylaw.com, patenaude@derbycitylaw.com, graves@derbycitylaw.com
Brian H Meldrum; bmeldrum@stites.com
William Robert Meyer; rmeyer@stites.com
Kevin J. Mitchell; kevin.mitchell@faegrebd.com, cyndy.maucher@faegrebd.com, oliana.nansen@faegrebd.com
Terrill K. Moffett; kendalcantrell@moffettlaw.com
Christie A. Moore; cm@gdm.com, ljs2@gdm.com
Allen Morris; amorris@stites.com, dgoodman@stites.com
Judy Hamilton Morse; judy.morse@crowedunlevy.com, ecf@crowedunlevy.com,
    donna.hinkle@crowedunlevy.com, karol.brown@crowedunlevy.com
Matthew Daniel Neumann; mneumann@hhclaw.com
Walter Scott Newbern; wsnewbern@msn.com
Shiv Ghuman O'Neill; shiv.oneill@faegrebd.com, amanda.castor@faegrebd.com
Matthew J. Ochs; kim.maynes@moyewhite.com
Michael Wayne Oyler; moyler@rwsvlaw.com
Ross A. Plourde; ross.plourde@mcafeetaft.com, afton.shaw@mcafeetaft.com
Brian Robert Pollock; bpollock@stites.com
Wendy W Ponader; wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com
Timothy T. Pridmore; tpridmore@mcjllp.com, lskibell@mcjllp.com
Anthony G. Raluy; traluy@fbhlaw.net
Eric C Redman; ksmith@redmanludwig.com, kzwickel@redmanludwig.com, myecfmailrl@gmail.com
Eric W. Richardson; ewrichardson@vorys.com, bjtobin@vorys.com
Joe T. Roberts; jratty@windstream.net
Mark A. Robinson; mrobinson@vhrlaw.com, dalbers@vhrlaw.com
Jeremy S Rogers; Jeremy.Rogers@dinslaw.com
John M. Rogers; johnr@rubin-levin.net, susan@rubin-levin.net
Joseph H Rogers; jrogers@millerdollarhide.com, cdow@millerdollarhide.com
James E Rossow; jim@rubin-levin.net, susan@rubin-levin.net, ATTY_JER@trustesolutions.com
Steven Eric Runyan; ser@kgrlaw.com
Thomas C Scherer; tscherer@bgdlegal.com, mmcclain@bgdlegal.com
Stephen E. Schilling; seschilling@strausstroy.com
Ivana B. Shallcross; ishallcross@bgdlegal.com, smays@bgdlegal.com, tmills@bgdlegal.com, acoates@bgdlegal.com
James E. Smith; jsmith@smithakins.com, legalassistant@smithakins.com
William E Smith; wsmith@k-glaw.com, pballard@k-glaw.com
Amanda Dalton Stafford; ads@kgrlaw.com
Robert K Stanley; robert.stanley@FaegreBD.com
Joshua N. Stine; kabritt@vorys.com
Andrew D Stosberg; astosberg@lloydmc.com

Matthew R. Strzynski; mstrzynski@kdlegal.com, Tsylvester@kdlegal.com
Meredith R. Thomas; mthomas@daleeke.com
John M. Thompson; john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com,donna.hinkle@crowedunlevy.com
Kevin M. Toner; kevin.toner@faegrebd.com, judy.ferber@faegrebd.com, crystal.hansen@faegrebd.com
Christopher M. Trapp; ctrapp@rubin-levin.net, carmen@rubin-levin.net, lemerson@rubin-levin.net
Chrisandrea L. Turner; clturner@stites.com
U.S. Trustee; ustpregion10.in.ecf@usdoj.gov
Andrew James Vandiver; avandiver@aswdlaw.com, sgoins@aswdlaw.com, jrobb@aswdlaw.com
Andrea L Wasson; andrea@wassonthornhill.com
Jennifer Watt; jwatt@kgrlaw.com, pad@kgrlaw.com, ads@kgrlaw.com
Stephen A. Weigand; sweigand@ficlaw.com
Charles R. Wharton; Charles.R.Wharton@usdoj.gov, Charles.R.Wharton@usdoj.gov
Sean T. White; swhite@hooverhull.com, vwilliams@hooverhull.com
Michael Benton Willey; michael.willey@ag.tn.gov
Jessica E. Yates; jyates@swlaw.com, docket_den@swlaw.com, mmccleery@swlaw.com
James T Young; james@rubin-levin.net, lemerson@rubin-levin.net, carmen@rubin-levin.net

      I further certify that on January 31, 2014, a copy of the foregoing Motion to Modify Plan Injunction to Permit Naming Debtor as a Defendant in Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company for Purposes of Asserting Debtor's Interest, if any, Therein was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

Thomas Richard Alexander
Richardson Gardner & Alexander
117 East Washington Street
Glasgow, KY  42141

Bob's Auto, Inc. d/b/a Bob's Auto Supply
PO Box 419
Edmonton, KY  42129

Bovine Medical Associates, LLC
1500 Soper Road
Carlisle, KY  40311

Adam R. Burrus
Fleeson Gooing Coulson & Kitch LLC
301 N. Main, Suite 1900
Wichita, KS  67202

Ron C Campbell
Fleeson, Gooing, Coulson & Kitch
125 N. Market St., Ste. 1600
PO Box 997
Wichita, KS  67201

Eastern Livestock Co., LLC
135 W. Market Street
New Albany, IN  47150

Sam Fousek
29972 396th Ave
Wagner, SD  57380

Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY  40202-3103

Ike's Trucking, Inc.

Ike and Cherie Jacobs

3087 Ervin Town Rd.  
Castlewood, VA  24224

James Kilroy  
Snell & Wilmer LLP  
1200 17th Street, Ste. 1900  
Denver, CO  80202

Thomas J Lasater  
301 N. Main, Ste. 1900  
PO Box 997  
Wichita, KS  67201

Michael Wade Loula  
Rt1, Box 50  
Colony, OK  73021-9631

Philip Martin  
6853 Fairview Rd  
Cookeville, TN  38501-9715

W. Scott Newbern  
W. Scott Newbern, P.L.  
2982 E. Giverny  
Tallahassee, FL  32309

Mark A Rondeau  
1321 Main, Suite 300  
P O Drawer 1110  
Great Bend, KS  67530

Ann Ustad Smith  
Michael Best & Friedrich  
1 S. Pinckney St., #900  
PO Box 1806  
Madison, WI  53701

Tennessee Livestock Producers, Inc.  
P.O. Box 313  
Columbia, TN  38402

David M. Jones  
Sprouse, Shrader & Smith PC  
PO Box 15008  
Amarillo, TX  79105-5008

Justice B King  
Fisher, Patterson, Sayler & Smith  
3550 S.W. Fifth St.  
PO Box 949  
Topeka, KS  66601-0949

David A. Layson  
102 North Capitol Avenue  
Corydon, IN  47112

Terry L Malone  
Martin, Pringle, Oliver,  
Wallace & Swartz LLP  
100 North Broadway, Ste. 500  
Wichita, KS  67202

National Cattlemen's Beef Association  
Alice Devine  
Devine & Donley, LLC  
534 S. KS Ave., Suite 1420  
Topeka, KA  66603

Bryan K Nowicki  
Reinhart Boerner Van Deuren S.C.  
22 E. Mifflin St., Ste. 600  
Madison, WI  53703

Ashley S Rusher  
Blanco Tackabery & Matamoros PA  
PO Drawer 25008  
Winston-Salem, NC  27114-5008

Southeastern Livestock Network LLC  
176 Pasadena Drive  
Lexington, KY  40503

Alex R Voils  
PO Box 640  
Zionsville, IN  46077

/s/ Bret S. Clement  
Bret S. Clement

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE:                                )<br>                                                ) <br>    THOMAS P. GIBSON and        )<br>    PATSY M. GIBSON,                )<br>                                                )<br>        Debtors.                            )<br>                                                )<br>_____)<br>                                                )<br>THE FIRST BANK AND TRUST COMPANY, )<br>                                                )<br>        Plaintiff,                           )<br>                                                )<br>    vs.                                        )<br>                                                )<br>KATHRYN L. PRY, TRUSTEE,    )<br>INTRUST BANK, N.A., FIFTH THIRD BANK, )<br>and EASTERN LIVESTOCK CO., LLC, )<br>                                                )<br>        Defendants.                      ) | CASE NO. 10-93867-BHL-7A<br><br><br><br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. _____ |

**COMPLAINT TO DETERMINE VALIDITY,
EXTENT, AND PRIORITY OF LIENS AND FOR
ORDER DIRECTING PAYMENT OF COMMODITIES
ACCOUNT PROCEEDS TO THE FIRST BANK AND TRUST COMPANY**

The First Bank and Trust Company ("First Bank"), by counsel, for its Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company against Defendants, Kathryn L. Pry, Trustee, Intrust Bank, N.A., Fifth Third Bank, and Eastern Livestock Co., LLC, states as follows:

**Parties, Jurisdiction, and Venue**

1.      This is an adversary proceeding to determine the extent, validity, or priority of liens pursuant to 28 U.S.C. § 157(b)(2)(K) and Fed.R.Bankr.P. 7001(2).

**Exhibit "A"**

2. First Bank is a Virginia banking corporation with its principal place of business in Abingdon, Virginia.

3. Defendant, Kathryn L. Pry, Trustee (the "Trustee") is the Chapter 7 Trustee for Thomas P. Gibson and Patsy M. Gibson (the "Gibsons"), the Debtors in this case. The Gibsons were residents of the State of Indiana at all times relevant to this Complaint. Defendants, Intrust Bank, N.A. ("Intrust"), Fifth Third Bank ("Fifth Third"), and Eastern Livestock Co., LLC ("Eastern Livestock") have filed proofs of claim in this case.

4. This Court has jurisdiction of the parties and subject matter of this action pursuant to 11 U.S.C. § 101, *et seq.*, 28 U.S.C. §§ 1334 and 157(a-b).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Statement of Facts**

7. First Bank entered into a lending relationship with the Gibsons in 2005 for the purpose of enabling the Gibsons to purchase cattle for their cattle business and for hedging commodities related to those purchases. The Gibsons' executed promissory notes from time to time evidencing the outstanding indebtedness owing to First Bank, including two (2) promissory notes dated December 17, 2009, in the amount of $9,500,000.00 and $500,000.00, respectively, and a promissory note dated June 17, 2010, in the amount of $11,000,000.00 (the "Promissory Notes"), copies of which are attached hereto and made a part hereof as Exhibits "A", "B", and "C". The Promissory Notes were executed pursuant to a Loan Commitment dated December 17, 2009, evidencing the renewal of the Gibsons' line of credit, a copy of which is attached hereto and made a part hereof as Exhibit "D".

8.  The Gibsons entered into Security Agreements from time to time in order to secure the indebtedness owing to First Bank, including Security Agreements dated December 17, 2009, and June 17, 2010 (the "Security Agreements"), copies of which are attached hereto and made a part hereof as Exhibits "E" and "F". The Security Agreements grant First Bank a security interest in all farm products of the Gibsons, including, but not limited to, a security interest in cattle and commodity accounts related to the farm products.

9.  In order to perfect the security interests that the Gibsons granted First Bank, First Bank filed a UCC Financing Statement with the Indiana Secretary of State on January 2, 2006, a copy of which is attached hereto and made a part hereof as Exhibit "G" (the "Financing Statement"). First Bank filed a UCC Continuation Statement with the Indiana Secretary of State on July 26, 2010, a copy of which is attached hereto and made a part hereof as Exhibit "H" (the "Continuation Statement").

10. In order to further perfect the security interests, the Gibsons, First Bank, and Rufenacht Commodities, Inc. ("Rufenacht") entered into a Control Agreement on January 4, 2006, governing Commodity Broker Account No. 567-54653 (the "Control Agreement"), a copy of which is attached hereto and made a part hereof as Exhibit "I". Under the terms of the Control Agreement, Rufenacht, in its capacity as a Commodities Intermediary, agreed that it would not allow the Gibsons to withdraw any of the property in the account without the consent of First Bank.

11. On January 4, 2011, the Trustee filed a Motion for Turnover of the Debtor's Non-Exempt Financial Accounts Held By ADM Investors Services, Inc. and/or its Affiliates (the "Turnover Motion")[Docket No. 44]. The Court entered an Order granting the Turnover Motion on January 12, 2011 (the "Turnover Order")[Docket No. 71].

12. As evidenced by the Trustee's Form 2 filed for the period ending March 29, 2011, a copy of which is attached hereto and made a part hereof as Exhibit "J", the Trustee recovered a total of $1,234,267.68 from ADM Investor Services, Inc. ("ADM"). The Trustee's recovery of the foregoing amount included the sum of $171,531.79, which was held by ADM pursuant to the Control Agreement with Rufenacht, as evidenced by the statement attached hereto as Exhibit "K" showing disbursement of that amount to the Trustee. The commodities contracts subject to the Control Agreement were purchased with funds advanced by First Bank pursuant to the Loan Commitment and/or the proceeds of commodities contracts derived from such funds.

13. As of the Petition Date, the aggregate outstanding amount of the Gibsons' indebtedness to First Bank under the Promissory Notes was approximately $8,111,669.40. After application of all amounts recovered to date and adjusting for post-petition accruals pursuant to the loan documents and after taking into account the likely recoveries from all other sources, the aggregate outstanding amount of the Gibsons' indebtedness to First Bank remains substantially in excess of the amounts recovered by the Trustee from the ADM commodity accounts.

### Claim for Relief

14. As set forth in paragraph 15 below, the Uniform Commercial Code as in effect in the State of Indiana provides that a security agreement in a commodity account may be perfected by either control or by filing a financing statement. Consequently, First Bank has a perfected security interest in the amount of $171,531.79 by reason of the Control Agreement and by reason of the filing of the Financing Statement and the Continuation Statement. First Bank also has a perfected security interest in the entire balance of the $1,234,267.68 turned over to the Trustee by ADM by reason of its Security Agreements and the filing of the Financing Statement and the Continuation Statement.

15.     Pursuant to IC 26-1-9.1-102(49), "'Investment property' means a . . ., commodity contract, or commodity account." Pursuant to IC 26-1-9.1-312(a), "A security interest in . . . investment property may be perfected by filing." Pursuant to IC 26-1-9.1-314(a), "A security interest in investment property, . . . may be perfected by control of the collateral under . . . IC 26-1-9.1-106 [control of investment property]", . . . IC 26-1-9.1-106 (b) provides that:

> A secured party has control over a commodity contract if:
>
> * * *
>
> (2) The commodity customer, secured creditor, and commodity intermediary have agreed that the commodity intermediary will apply any value distributed on account of the commodity contract as directed by the secured creditor without further consent by the commodity customer.

The Control Agreement satisfies the conditions set forth in IC 26-1-9.1-106(b)(2). Consequently, First Bank has control over the Commodity Broker Account No. 567-54653 by reason of the Control Agreement and its security interest was perfected in the commodity contracts held in such account by virtue of such control.

16.     Official Comment 4 to IC 26-1-9.1-312 indicates that filing a financing statement and control are alternative methods for perfecting a security interest in investment property, which, as indicated above, includes a commodity account:

> A security interest in investment property . . . may be perfected by filing . . . A security interest in all kinds of investment property also may be perfected by control, see sections 9-105 and 9-314, . . . A security interest perfected only by filing is subordinate to a conflicting security interest perfected by control or delivery. See section 9-328(1) and (5). Thus, although filing is a permissible method of perfection, a secured party who perfects by filing takes the risk that the debtor has granted or will grant a security interest in the same collateral to another party who obtains control.

The Financing Statements and the Continuation Statement filed by First Bank satisfy the conditions set forth in IC 26-1-9.1-312 (a). Consequently, First Bank has a perfected security interest in the commodity contracts in any and all accounts other than Commodity Broker Account No. 567-54653 by virtue of those filings.

17.     To the best of First Bank's knowledge, information, and belief, no person or entity other than First Bank has asserted that it had a control agreement as to any portion of the amounts that ADM turned over to the Trustee.

18.     Intrust is named as a defendant in this Adversary Proceeding by reason of a Financing Statement it filed with the Indiana Secretary of State on August 12, 2010, which describes the collateral subject to its security interest as including hedging contracts.

19.     Indiana Code 26-1-9.1-328 governs the perfection of security interests in investment property. Subsection (1) provides that a security interest in investment property perfected by control has priority over a secured party who does not have control. Consequently, First Bank has priority over Intrust as to the $171,531.79 that First Bank controlled through the Control Agreement.

20.     First Bank also has priority over Intrust as to the balance of the monies turned over to the Trustee by ADM. If none of the rules provided in IC 26-1-9.1-328 (1) through (6) apply, IC 26-1-9.1-328 (7) provides that priority among conflicting security interests in investment property is governed by IC 26-1-9.1-322 and IC 26-1-9.1-323. Indiana Code 26-1-9.1-322 (a)(1) provides that conflicting perfected security interests rank according to priority in time of filing or perfection. Consequently, First Bank's security interest in the balance of the monies turned over to the Trustee by ADM is entitled to priority over Intrust's perfected security interest by reason of First Bank's earlier filing of its Financing Statement.

21.     Fifth Third is joined as a defendant to answer to its interest, if any, in the proceeds held by the Trustee from the ADM commodities accounts that are the subject of this action.

22.     Eastern Livestock is joined as a defendant to answer to its interest, if any, in the proceeds held by the Trustee from the ADM commodities accounts that are the subject of this action.

23.     In order to protect its interests in the collateral, First Bank is initiating this action to (a) determine the validity, extent, and priority of First Bank's lien and security interests in the amounts that ADM turned over to the Trustee that were held in the Gibsons' commodities accounts prior to turnover, and (b) require the Trustee to pay such amounts to First Bank following this Court's confirmation that First Bank enjoys a first priority lien upon and security interest in and to the funds.

24.     There is an actual and justiciable controversy with respect to the validity, extent, and priority of First Bank's lien and security interest in the funds that ADM turned over to the Trustee that were held in the Gibsons' commodities accounts prior to turnover and, therefore, the proper distribution of the funds.

25.     First Bank is entitled to a declaration of rights that it has a first priority lien and security interest in the funds that ADM turned over to the Trustee that were held in the Gibsons' commodities accounts prior to turnover and the Trustee should be directed to pay the funds recovered from the Gibsons" commodities accounts to First Bank.

WHEREFORE, Plaintiff respectfully demands the following relief:

(A)     final judgment determining that First Bank has a first priority lien and security interest in the Gibsons' commodities accounts;

  (B)  an order directing the Trustee to pay the funds that the Trustee obtained from the Gibsons' commodities accounts to First Bank; and

  (C)  any and all other relief that this Court deems just and equitable.

 

               _____
               Bret S. Clement  (#3708-49)
               Ayres Carr & Sullivan, P.C.
               251 East Ohio Street, Suite 500
               Indianapolis, IN  46204-2184
               Tel. 317-636-3471/Fax 317-636-6575
               E-mail:  bclement@acs-law.com