Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of November _, 2013 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Tom Svoboda ("Svoboda"). The Trustee and Svoboda are collectively referred to herein as the "Parties."

### Recitals

A. Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dock. No. 1644] ("Confirmation Order") confirming the Plan. Pursuant to the Plan and the Confirmation Order, general unsecured creditors of Debtor's estate could choose to "opt in" and receive a distribution from the "Fifth Third Claim Settlement Fund" (as that term is defined in the Plan). As provided in the Plan, a creditor's election to "opt-in" affects the creditor's rights to and amount of distributions under the Plan. The Plan required any creditor who opts in to waive certain claims against non-Debtor entities. Other effects of an election to opt in are more particularly described in the Plan and in the Confirmation Order.

D. The Trustee contends that prior to the Chapter 11 Case, Debtor purchased 162 head of cattle (the "Svoboda Cattle") from or through Svoboda pursuant to contract. The Svoboda Cattle were delivered to J&F Oklahoma Holdings, Inc., or one of its feedyards ("J&F") on or around October 29, 2010.

E. J&F interpled $159,670.28 for the Svoboda Cattle ("Interpled Funds") with the Court in connection with Adversary Proceeding No. 11-59093 (the "Adversary").

F. Svoboda filed Defendant Tom Svoboda's Answer, Counterclaims and Cross-Claims to J&F's Intervention and Complaint in the Nature of Interpleder (the "Svoboda Answer") as Docket No. 348 in the Adversary. In the Svoboda Anwer, Svoboda asserted a claim to $211,505.55 fo the funds that J&F had interepleaded in the Adversary, which was the total that J&F has interpled for a lot of cattle that included the Svoboda Cattle, as well as cattle from another source. Svoboda now agrees and acknowledges that his claim is limited to the funds intrepled for the Svoboda Cattle, or $159,670.28.

1

dms.us.53119875.01

G.  The Trustee contends that the Interpled Funds are property of Debtor's bankruptcy estate.

H.  On May 1, 2011, Svoboda filed a proof of claim (the "Svoboda POC") in the Chapter 11 Case. The Svoboda POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 424 and superseded an earlier claim filed on April 8, 2011 and designated as claim no. 183. The Svoboda POC asserts a total claim against Debtor in the amount of $159,670.28.

I.  Svoboda executed and submitted an "Opt-In Agreement" by the deadline set forth in the Plan and Confirmation Order.

J.  The Parties desire to resolve and settle all issues, disputes, claims and causes of actions relating to the Interpled Funds without further litigation and without admission of any fault or liability. The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settle and resolve all issues, disputes, claims, and causes of action related to the Interpled Funds on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("Settlement Motion") and shall tender to the Court a proposed order approving the Settlement Agreement ("Settlement Order"). This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties. The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.  Settlement. Within five (5) business days of the Effective Date, the Trustee and Svoboda shall file a joint motion in the adversary, substantially in the form attached hereto as **Schedule A**, requesting that the Court transfer $15,967.03 of the Interpled Funds (the "Settlement Payment") to Svoboda by check delivered to Svoboda's counsel, James B. Johnston, EASTERWOOD, BOYD & SIMMONS, P.C., 622 N. Main Street, P.O. Box 272, Hereford, TX 79045 and the remainder of the Interpled Funds to the Trustee. The date that Svoboda's counsel receives the Settlement Payment shall be referred to herein as the "Payment Date".

3.  Svoboda POC. As of the Payment Date, the Svoboda POC shall be deemed to have been amended, without further action by the Parties, to assert an unsecured claim in the total amount of $143,703.25 (the "Svoboda Allowed Claim"). The Trustee agrees not to contest the validity of the Svoboda Allowed Claim and shall withdraw any objections thereto within five (5) business days of the Payment Date. However, the Trustee may later object to the

2

total amount of the Svoboda Allowed Claim if and to the extent Svoboda receives distributions from alterantive sources such as Debtor's GIPSA Bond.

4. Opt-In. Svoboda has executed and returned an "Opt-In Agreement" (as defined in the Plan) in compliance with the Plan. As a result, Svoboda shall be treated as an Opt In Creditor under the Plan.

5. Adversary. Within five (5) business days of the Payment Date, Svoboda and the Trustee shall file such further pleadings as necessary to dismiss Svoboda from the Adversary with prejudice.

6. Mutual Release. Conditioned upon the occurrence of the Payment Date, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the Svoboda Cattle (the "Released Claims"). Nothing contained herein shall release the Svoboda Allowed Claim.

7. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

8. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

9. Each of the Parties Bears Own Costs. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

10. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

11. Court Jurisdiction. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

dms.us.53119875.01

12. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

13. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

15. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

16. <u>Amendment</u>. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

17. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

18. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page intentionally left blank. Signature page to follow.]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Tom Svoboda

_Tom Svoboda_     01-25-2014
                                       Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_James Knauer_     2/7/14
                                       Date

5

dms.us.53119875.01

## SCHEDULE A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| _____ | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

dms.us.53119875.01

### JOINT MOTION FOR RELEASE OF INTERPLEADED FUNDS PURSUANT TO COURT-APPROVED SETTLEMENT

James A. Knauer ("Trustee"), trustee of the bankruptcy estate of Eastern Livestock Company, LLC ("Debtor"), and Tom Svoboda ("Svoboda") respectfully submit this Joint Motion for Release of Interpleaded Funds Pursuant to Court-Approved Settlement (the "Motion") and move this Court for an order authorizing the release and transfer of $159,670.28 ("Settled Funds") now held in the registry of the Court in this adversary proceeding. The Settled Funds represent the proceeds of 162 head of cattle that originated from Svoboda and were interpled by J&F Oklahoma Holdings, Inc. There are no remaining controversies related to the Settled Funds and the parties claiming these Settled Funds have resolved all issues through settlement approved by this Court. In further support of this Motion, the Trustee and Svoboda state as follows:

1. On November 11, 2010, Friona Industries, L.P. ("Friona") filed an interpleader complaint in the United States District Court for the Northern District of Texas, Amarillo Division, Case No. 2:10-cv-00266 (the "Texas Litigation"). Friona alleged that a dispute existed as to ownership of the funds and that it could be subject to competing claims from Debtor, Fifth Third Bank and various cattle producers named in the complaint.

2. In the Texas Litigation, intervenor plaintiffs, Cactus Growers, Inc. ("Cactus") and J&F Oklahoma Holdings, Inc. ("J&F"), intervened and interpleaded additional funds alleging similar disputes and concerns of being subjected to competing claims.

3. On April 1, 2011, the Texas Litigation was referred to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, for the purpose of

dms.us.53119875.01

transferring the case to this Court for final disposition in conjunction with the pending Eastern bankruptcy case.

4.  On April 15, 2011, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, signed an order transferring venue of the case to this Court and ordering that the clerk for the Northern District of Texas transfer to the clerk of this Court all funds interpled in the Texas Litigation.

5.  On September __, 2013, the Court entered the Order Approving Compromise and Settlement with Svoboda [Dock. No. ___ in Case No. 10-93904] (the "Settlement Order"). The Settlement Order approved a settlement agreement by and between the Trustee and Svoboda and authorized the parties to take all actions necessary to implement the approved settlement, including the filing of this motion.

6.  Pursuant to the settlement, Svoboda is to receive ten percent (10%) or $15,967.03 of the Settled Funds. The Trustee is to receive the remaining ninety percent (90%) or $143,703.25 of the Settled Funds.

7.  Accordingly, the Trustee and Svoboda request an order from the Court directing the Clerk to distribute the Settled Funds in the following amounts to the following persons: (a) $15,967.03 to Svoboda by check delivered to Svoboda's counsel, James B. Johnston, EASTERWOOD, BOYD & SIMMONS, P.C., 622 N. Main Street, P.O. Box 272, Hereford, TX 79045, and (b) $143,703.25 to the Trustee to be treated as "Collateral Funds" in accordance with the Plan.

WHEREFORE, for the reasons set forth above, the Trustee and Svoboda respectfully request the Court to enter an order directing the Clerk to distribute Settled Funds to Svoboda and the Trustee as outlined above and for all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Shawna Eikenberry

*Counsel for James A. Knauer, Chapter 11 Trustee*

Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Shawna Eikenberry (#21615-53)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
shawna.eikenberry@faegrebd.com
dustin.deneal@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on _____ __, 2013, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net<br>Mark A. Robinson<br>mrobinson@vhrlaw.com<br>Randall D. LaTour<br>rdlatour@vorys.com | C. R. Bowles, Jr<br>cbowles@bgdlegal.com<br>Jeffrey R. Erler<br>jerler@ghjhlaw.com<br>John R. Carr, III<br>jrciii@acs-law.com | John Hunt Lovell<br>john@lovell-law.net<br>Edward M King<br>tking@fbtlaw.com<br>Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com<br>John W. Ames<br>james@bgdlegal.com | Stephen A. Weigand<br>sweigand@ficlaw.com<br>Robert Hughes Foree<br>robertforee@bellsouth.net | John Frederick Massouh<br>john.massouh@sprouselaw.com<br>Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com<br>Meredith R. Thomas<br>mthomas@daleeke.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com<br>William Robert Meyer, II<br>rmeyer@stites.com | Deborah Caruso<br>dcaruso@daleeke.com<br>Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |

9

dms.us.53119875.01

| | | |
|---|---|---|
| David L. LeBas | Judy Hamilton Morse | John M. Thompson |
| dlebas@namanhowell.com | judy.morse@crowedunlevy.com | john.thompson@crowedunlevy.co |
| Suzanne M Shehan | John Huffaker | Matthew J. Ochs |
| suzanne.shehan@kutakrock.com | john.huffaker@sprouselaw.com | kim.maynes@moyewhite.com |
| Laura Day Delcotto | Kelly Greene McConnell | T. Kent Barber |
| ldelcotto@dlgfirm.com | lisahughes@givenspursley.com | kbarber@dlgfirm.com |
| Ross A. Plourde | Walter Scott Newbern | Kirk Crutcher |
| ross.plourde@mcafeetaft.com | wsnewbern@msn.com | kcrutcher@mcs-law.com |
| Todd J. Johnston | Timothy T. Pridmore | Theodore A Konstantinopoulos |
| tjohnston@mcjllp.com | tpridmore@mcjllp.com | ndohbky@jbandr.com |
| Karen L. Lobring | Sandra D. Freeburger | Lisa Koch Bryant |
| lobring@msn.com | sfreeburger@dsf-atty.com | courtmail@fbhlaw.net |
| Elliott D. Levin | John M. Rogers | John David Hoover |
| edl@rubin-levin.net | johnr@rubin-levin.net | jdhoover@hooverhull.com |
| Sean T. White | Jay P. Kennedy | John R. Burns |
| swhite@hooverhull.com | jpk@kgrlaw.com | john.burns@faegrebd.com |
| Michael W. McClain | William E Smith | Kayla D. Britton |
| mike@kentuckytrial.com | wsmith@k-glaw.com | kayla.britton@faegrebd.com |
| James Edwin McGhee | Thomas C Scherer | David A. Laird |
| mcghee@derbycitylaw.com | tscherer@bgdlegal.com | david.laird@moyewhite.com |
| Jerald I. Ancel | Jeffrey J. Graham | Trevor L. Earl |
| jancel@taftlaw.com | jgraham@taftlaw.com | tearl@rwsvlaw.com |
| David Alan Domina | Kent A Britt | Joshua N. Stine |
| dad@dominalaw.com | kabritt@vorys.com | kabritt@vorys.com |
| Jill Zengler Julian | Jeffrey L Hunter | Amelia Martin Adams |
| Jill.Julian@usdoj.gov | jeff.hunter@usdoj.gov | aadams@dlgfirm.com |
| Michael Wayne Oyler | Jason W. Cottrell | Robert A. Bell |
| moyler@rwsvlaw.com | jwc@stuartlaw.com | rabell@vorys.com |
| James E. Rossow | James B. Lind | Melissa S. Giberson |
| jim@rubin-levin.net | jblind@vorys.com | msgiberson@vorys.com |
| Steven A. Brehm | Anthony G. Raluy | U.S. Trustee |
| sbrehm@ bgdlegal.com | traluy@fbhlaw.net | ustpregion10.in.ecf@usdoj.gov |
| Patrick B Griffin | Jack S. Dawson | Dustin R. DeNeal |
| pat.griffin@kutakrock.com | jdawson@millerdollarhide.com | dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry | Terry E. Hall | Jay Jaffe |
| shawna.eikenberry@faegrebd.com | terry.hall@faegrebd.com | jay.jaffe@faegrebd.com |
| James A. Knauer | Erick P. Knoblock | Harmony A. Mappes |
| jak@kgrlaw.com | eknoblock@daleeke.com | harmony.mappes@faegrebd.com |
| Jessica Lynn Olsheski | Shiv Ghuman O'Neill | Wendy W. Ponader |
| jessica.olsheski@justice-law.net | shiv.oneill@faegrebd.com | wendy.ponader@faegrebd.com |
| Niccole R. Sadowski | Eric C. Redman | Joe T. Roberts |
| nsadowski@thbklaw.com | ksmith@redmanludwig.com | jratty@windstream.net |
| Joseph H. Rogers | James E. Smith | Christopher E. Baker |
| jrogers@millerdollarhide.com | jsmith@smithakins.com | cbaker@thbklaw.com |
| Andrew D. Stosberg | Kevin M. Toner | Andrea L. Wasson |
| astosberg@lloydmc.com | kevin.toner@faegrebd.com | andrea@wassonthornhill.com |

| | | |
|---|---|---|
| Christopher M. Trapp<br>ctrapp@rubin-levin.net<br>Jennifer Watt<br>jwatt@kgrlaw.com<br>William K. Flynn<br>wkflynn@strausstroy.com<br>Michael Benton Willey<br>michael.willey@ag.tn.gov<br>Chrisandrea L. Turner<br>clturner@stites.com<br>Scott R. Leisz<br>sleisz@bgdlegal.com<br>Terrill K. Moffett<br>kendalcantrell@moffettlaw.com | Eric W. Richardson<br>ewrichardson@vorys.com<br>Joe Lee Brown<br>Joe.Brown@Hardincounty.biz<br>Thomas P. Glass<br>tpglass@strausstroy.com<br>Kay Dee Baird<br>kbaird@kdlegal.com<br>Paul M. Hoffman<br>phoffmann@stinson.com<br>Brian H. Meldrum<br>bmeldrum@stites.com<br>Natalie Donahue Montell<br>nmontell@bgdlegal.com | Joshua Elliott Clubb<br>joshclubb@gmail.com<br>Ben T. Caughey<br>ben.caughey@icemiller.com<br>Stephen E. Schilling<br>seschilling@strausstroy.com<br>David W. Brangers<br>dbrangers@lawyer.com<br>Martha R. Lehman<br>mlehman@kdlegal.com<br>Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com<br>Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com<br>Amanda Dalton Stafford<br>ads@kgrlaw.com<br>Chad Duane Wuertz<br>chad@wuertzlaw.com | Brian Robert Pollock<br>bpollock@stites.com<br>Matthew R. Strzynski<br>mstrzynski@kdlegal.com | Steven Eric Runyan<br>ser@kgrlaw.com<br>Andrew James Vandiver<br>avandiver@aswdlaw.com |

I further certify that on _____ __, 2013, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

Aaron Miller
Mervin Miller
d/b/a CLF Feeders
2123 W. Mill Street
Buffalo, MO 65622

/s/ Shawna Eikenberry