Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of February 20 2014 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Chad Baker ("Baker"). The Trustee and Baker are collectively referred to herein as the "Parties."

### Recitals

A.   Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.   On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.   Based on his investigation, the Trustee concluded that Baker owes the Debtor $82,587.78 on account of the Debtor's prepetition delivery of cattle to Baker and evidenced by the Debtor's invoice numbers 316120, 316526, 248332, 304785, 295974, and 314939 (the "Unpaid Invoices").

D.   By letter dated December 3, 2010, Baker purported to reject certain of the cattle delivered by the Debtor to Baker due to their allegedly defective condition (the "Rejected Cattle"). Baker has agreed to pay, and the Trustee has agreed to accept, $57,818.00 (the "Settlement Amount") in settlement of the Unpaid Invoices, which amount represents the total of the Unpaid Invoices less the value of the Rejected Cattle.

E.   The Trustee has concluded this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, and the inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.   **Court Approval of Settlement Agreement.** This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("Settlement Motion") and shall tender to the Court a proposed order approving the Settlement Agreement ("Settlement Order"). This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties. The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective

1

Date." The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. Payments by Baker. Baker shall:
   a. Pay the Trustee the sum of $3,900 within five (5) business days of the Effective Date.
   b. Pay the Trustee the sum of $3,900 (each, a "Monthly Payment") on the 15th day of each calendar month commencing on the calendar month after the calendar month in which the Effective Date occurs.
   c. Pay the unpaid balance of the Settlement Amount in full on or before March 15, 2015.
   d. Execute an agreed judgment against Baker in the amount of $57,818.00 ("Agreed Judgment") substantially in the form of Exhibit A hereto, which document will be held by counsel for the Trustee and will not be filed with the Court or recorded in any county unless and until Baker fails to pay (i) a Monthly Payment as and when due, or (ii) the unpaid balance of the Settlement Amount in full on or before March 15, 2015.
   e. Waive any and all claims and withdraw all claims filed in the Chapter 11 Case.

Payment is considered received when posted, and may be made by first class mail, postage prepaid, to counsel for the Trustee at: Faegre Baker Daniels LLP, c/o Kayla Britton, 600 E. 96th Street, Suite 600, Indianapolis, Indiana 46240.

3. Consent to Jurisdiction and Waiver of Service. Baker agrees to (a) consent to the jurisdiction of the Court in any action to enforce or collect on the Unpaid Invoices, and (b) waive service of the summons and complaint in any such enforcement action.

4. Agreed Judgment. If for any reason the Court shall refuse to enter the Agreed Judgment, Baker agrees to consent to entry of a judgment in the amount of the Settlement Amount.

5. Mutual Release. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Baker's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** Chad Baker, James A. Knauer, the Debtor, and their respective attorneys from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement (the "Released Claims").

2

6. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

7. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

8. Each of the Parties Bears Own Costs. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

9. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

10. Court Jurisdiction. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

13. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

14. Agreement Nonseverable and Mutually Dependent. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

15. Amendment. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

17. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page intentionally left blank. Signature page to follow.]*

dms.us.53209654.01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Chad Baker

_____  2-20-14
                                  Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____
                                  Date

dms.us.53209654.01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Chad Baker

_____
Date

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

*James Knauer* 2/18/14
_____
Date

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. _____ |
| v. | ) | |
| | ) | |
| CHAD BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED JUDGMENT**

James A. Knauer, Chapter 11 Trustee of Eastern Livestock Co., LLC ("Plaintiff"), by counsel, and Defendant, Chad Baker, individually ("Defendant" and together with Plaintiff, the "Parties") agree that judgment shall be rendered for Plaintiff and against Defendant, and that Plaintiff recover from Defendant the sum of $57,818.00, including postjudgment interest and the attorneys' fees and costs incurred by Plaintiff in this action.

The Court, having been duly informed, now finds and concludes:

1. Pursuant to the Settlement Agreement entered into by and between the Parties (the "Settlement Agreement"), Plaintiff has duly waived service of the Summons and Complaint and has consented to the jurisdiction of this Court over the matters raised in the Complaint.

2. The Court has jurisdiction over the Parties.

1

dms.us.53209654.01

3. The Court has jurisdiction over the Parties by reason of the filing of the Motion to Approve the Settlement Agreement.

4. The Court has jurisdiction over the subject matter of the Complaint filed in the above-captioned case.

5. The Court has jurisdiction over the subject matter of the Settlement Agreement by and between the Parties.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by the Court that:

Plaintiff, James A. Knauer, Chapter 11 Trustee of the Estate of Eastern Livestock Co., LLC, have and recover from Defendant, Chad Baker, the sum of $57,818, including post-judgment interest and the attorneys' fees and expenses incurred by Plaintiff in this action.

APPROVED: *[signature: James Knauer]*

James A. Knauer, as Chapter 11 Trustee of the Estate of Eastern Livestock Co, LLC
("Plaintiff")

APPROVED:

_____
Chad Baker, individually
("Defendant")

###

3. The Court has jurisdiction over the Parties by reason of the filing of the Motion to Approve the Settlement Agreement.

4. The Court has jurisdiction over the subject matter of the Complaint filed in the above-captioned case.

5. The Court has jurisdiction over the subject matter of the Settlement Agreement by and between the Parties.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED by the Court that:

Plaintiff, James A. Knauer, Chapter 11 Trustee of the Estate of Eastern Livestock Co., LLC, have and recover from Defendant, Chad Baker, the sum of $57,818, including post-judgment interest and the attorneys' fees and expenses incurred by Plaintiff in this action.

APPROVED:

_____
James A. Knauer, as Chapter 11 Trustee of the Estate of Eastern Livestock Co, LLC
("Plaintiff")

APPROVED:

_____
Chad Baker, individually
("Defendant")

### 

2

dms.us.53209654.01