Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of February __, 2014 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Aaron Miller and Mervin Miller d/b/a CLF Feeders ("CLF Feeders"). The Trustee and CLF Feeders are collectively referred to herein as the "Parties."

## Recitals

A.    Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.    On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.    The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dock. No. 1644] ("Confirmation Order") confirming the Plan.

D.    The Trustee contends that prior to the Chapter 11 Case, Debtor purchased 119 head of cattle from or through CLF Feeders (the "CLF Feeders Cattle"). The CLF Feeders Cattle were delivered to J&F Oklahoma Holdings, Inc. ("J&F") or one of its feedyards on or around November 1, 2010.

E.    J&F interpled $104,766.73 for the CLF Feeders Cattle ("Interpled Funds") with the Court in connection with Adversary Proceeding No. 11-59093 (the "Adversary").

F.    CLF Feeders filed its Answer to the J&F First Amended Complaint (the "CLF Feeders Answer") as Docket No. 117 in the Adversary. In the CLF Feeders Answer, CLF Feeders asserted a claim to $104,766.73 of the funds the J&F interpleaded in the Adversary.

G.    The Trustee contends that the Interpled Funds are property of Debtor's bankruptcy estate.

H.    The Parties desire to resolve and settle all issues, disputes, claims and causes of actions relating to the Interpled Funds without further litigation and without admission of any fault or liability. The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settle and resolve all issues, disputes, claims, and causes of action related to the Interpled Funds on the terms set forth below.

1

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("Settlement Motion") and shall tender to the Court a proposed order approving the Settlement Agreement ("Settlement Order"). This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties. The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective Date. " The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.    Settlement. Within five (5) business days of the Effective Date, the Trustee and CLF Feeders shall file a joint motion in the adversary, substantially in the form attached hereto as **Schedule A**, requesting that the Court transfer 10% of the Interpled Funds ($10,476.67) (the "Settlement Payment") to CLF Feeders by check delivered to CLF Feeders' counsel, Daniel G. Menzie, 901 E. St. Louis, Suite 200, Springfiled, Missouri 65806 and the remaining 90% of the Interpled Funds ($94,290.06) to the Trustee. The date that CLF Feeders' counsel receives the Settlement Payment shall be referred to herein as the "Payment Date".

3.    Adversary. Within five (5) business days of the Payment Date, CLF Feeders and the Trustee shall file such further pleadings as necessary to dismiss CLF Feeders from the Adversary with prejudice.

4.    Mutual Release. Conditioned upon the occurrence of the Payment Date, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the CLF Feeders Cattle (the "Released Claims"). The Parties expressly release any and all claims, counterclaims and cross-claims which relate to the Interpled Funds.

5.    Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

6.      Qualification; Authority.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7.      Each of the Parties Bears Own Costs.  Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8.      Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9.      Court Jurisdiction.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10.     Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11.     Merger of Prior Agreements.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12.     Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13.     Agreement Nonseverable and Mutually Dependent.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

14.     Amendment.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

15.     No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

3

dms.us.53584847.01

16.    No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.


IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.


Aaron Miller d/b/a CLF Feeders.

_Aaron Miller_                2-14-14
                                    Date

Mervin Miller d/b/a CLF Feeders

_Mervin Miller_   2-14-14
                             Date


James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_James Knauer_   2/27/14
                             Date

dms.us.53584847.01

## SCHEDULE A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |
| ) | |
| FRIONA INDUSTRIES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 11-59093 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| and ) | |
| ) | |
| CACTUS GROWERS, INC., ) | |
| ) | |
| Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, et al., ) | |
| ) | |
| and ) | |
| ) | |
| J & F OKLAHOMA HOLDINGS, INC., ) | |
| ) | |
| Intervenor, ) | |
| ) | |
| v. ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, et al., ) | |
| ) | |
| Defendants. ) | |

5

**JOINT MOTION FOR RELEASE OF INTERPLEADED FUNDS PURSUANT TO
COURT-APPROVED SETTLEMENT**

James A. Knauer ("Trustee"), trustee of the bankruptcy estate of Eastern

Livestock Company, LLC ("Debtor"), and Aaron Miller and Mervin Miller d/b/a CLF Feeders

("CLF Feeders") respectfully submit this Joint Motion for Release of Interpleaded Funds

Pursuant to Court-Approved Settlement (the "Motion") and move this Court for an order

authorizing the release and transfer of $104,766.73 ("Settled Funds") now held in the registry of

the Court in this adversary proceeding. The Settled Funds represent the proceeds of 119 head of

cattle that originated from CLF Feeders and were interpled by Friona Industries, L.P. There are

no remaining controversies related to the Settled Funds and the parties claiming these Settled

Funds have resolved all issues through settlement approved by this Court. In further support of

this Motion, the Trustee and CLF Feeders state as follows:

1.　　　On November 11, 2010, Friona Industries, L.P. ("Friona") filed an interpleader

complaint in the United States District Court for the Northern District of Texas, Amarillo

Division, Case No. 2:10-cv-00266 (the "Texas Litigation"). Friona alleged that a dispute existed

as to ownership of the funds and that it could be subject to competing claims from Debtor, Fifth

Third Bank and various cattle producers named in the complaint.

2.　　　In the Texas Litigation, intervenor plaintiffs, Cactus Growers, Inc. ("Cactus") and

J&F Oklahoma Holdings, Inc. ("J&F"), intervened and interpleaded additional funds alleging

similar disputes and concerns of being subjected to competing claims.

3.　　　On April 1, 2011, the Texas Litigation was referred to the United States

Bankruptcy Court for the Northern District of Texas, Amarillo Division, for the purpose of

dms.us.53584847.01

transferring the case to this Court for final disposition in conjunction with the pending Eastern bankruptcy case.

4.      On April 15, 2011, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, signed an order transferring venue of the case to this Court and ordering that the clerk for the Northern District of Texas transfer to the clerk of this Court all funds interpled in the Texas Litigation.

5.      On _____, 2014, the Court entered the Order Approving Compromise and Settlement with CLF Feeders [Dock. No. ___ in Case No. 10-93904] (the "Settlement Order"). The Settlement Order approved a settlement agreement by and between the Trustee and CLF Feeders and authorized the parties to take all actions necessary to implement the approved settlement, including the filing of this motion.

6.      Pursuant to the settlement, CLF Feeders is to receive ten percent (10%) or $10,476.67 of the Settled Funds. The Trustee is to receive the remaining ninety percent (90%) or $94,290.06 of the Settled Funds.

7.      Accordingly, the Trustee and CLF Feeders request an order from the Court directing the Clerk to distribute the Settled Funds in the following amounts to the following persons: (a) $10,476.67 to CLF Feeders by check delivered to CLF Feeders' counsel, Daniel G. Menzie, 901 E. St. Louis, Suite 200, Springfiled, Missouri 65806, and (b) $94,290.06 to the Trustee to be treated as "Collateral Funds" in accordance with the Plan.

WHEREFORE, for the reasons set forth above, the Trustee and CLF Feeders respectfully request the Court to enter an order directing the Clerk to distribute Settled Funds to CLF Feeders and the Trustee as outlined above and for all other just and proper relief.

7

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By:    /s/ Shawna Eikenberry

*Counsel for James A. Knauer, Chapter 11 Trustee*

Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
Shawna Eikenberry (#21615-53)
Dustin R. DeNeal (#27535-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1750
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com
shawna.eikenberry@faegrebd.com
dustin.deneal@faegrebd.com

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net
Mark A. Robinson
mrobinson@vhrlaw.com
Randall D. LaTour
rdlatour@vorys.com

Daniel J. Donnellon
ddonnellon@ficlaw.com
John W. Ames
james@bgdlegal.com

Jeremy S Rogers
Jeremy.Rogers@dinslaw.com
Meredith R. Thomas
mthomas@daleeke.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

C. R. Bowles, Jr
cbowles@ bgdlegal.com
Jeffrey R. Erler
jerler@ghjhlaw.com
John R. Carr, III
jrciii@acs-law.com

Stephen A. Weigand
sweigand@ficlaw.com
Robert Hughes Foree
robertforee@bellsouth.net

Ivana B. Shallcross
ishallcross@bgdlegal.com
William Robert Meyer, II
rmeyer@stites.com

James Bryan Johnston
bjtexas59@hotmail.com

John Hunt Lovell
john@lovell-law.net
Edward M King
tking@fbtlaw.com
Bret S. Clement
bclement@acs-law.com

John Frederick Massouh
john.massouh@sprouselaw.com
Kim Martin Lewis
kim.lewis@dinslaw.com

Deborah Caruso
dcaruso@daleeke.com
Allen Morris
amorris@stites.com

James T. Young
james@rubin-levin.net

dms.us.53584847.01

David L. LeBas
dlebas@namanhowell.com
Suzanne M Shehan
suzanne.shehan@kutakrock.com
Laura Day Delcotto
ldelcotto@dlgfirm.com
Ross A. Plourde
ross.plourde@mcafeetaft.com
Todd J. Johnston
tjohnston@mcjllp.com
Karen L. Lobring
lobring@msn.com
Elliott D. Levin
edl@rubin-levin.net
Sean T. White
swhite@hooverhull.com
Michael W. McClain
mike@kentuckytrial.com
James Edwin McGhee
mcghee@derbycitylaw.com
Jerald I. Ancel
jancel@taftlaw.com
David Alan Domina
dad@dominalaw.com
Jill Zengler Julian
Jill.Julian@usdoj.gov
Michael Wayne Oyler
moyler@rwsvlaw.com
James E. Rossow
jim@rubin-levin.net
Steven A. Brehm
sbrehm@ bgdlegal.com
Patrick B Griffin
pat.griffin@kutakrock.com
Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com
James A. Knauer
jak@kgrlaw.com
Jessica Lynn Olsheski
jessica.olsheski@justice-law.net
Niccole R. Sadowski
nsadowski@thbklaw.com
Joseph H. Rogers
jrogers@millerdollarhide.com
Andrew D. Stosberg
astosberg@lloydmc.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com
John Huffaker
john.huffaker@sprouselaw.com
Kelly Greene McConnell
lisahughes@givenspursley.com
Walter Scott Newbern
wsnewbern@msn.com
Timothy T. Pridmore
tpridmore@mcjllp.com
Sandra D. Freeburger
sfreeburger@dsf-atty.com
John M. Rogers
johnr@rubin-levin.net
Jay P. Kennedy
jpk@kgrlaw.com
William E Smith
wsmith@k-glaw.com
Thomas C Scherer
tscherer@bgdlegal.com
Jeffrey J. Graham
jgraham@taftlaw.com
Kent A Britt
kabritt@vorys.com
Jeffrey L Hunter
jeff.hunter@usdoj.gov
Jason W. Cottrell
jwc@stuartlaw.com
James B. Lind
jblind@vorys.com
Anthony G. Raluy
traluy@fbhlaw.net
Jack S. Dawson
jdawson@millerdollarhide.com
Terry E. Hall
terry.hall@faegrebd.com
Erick P. Knoblock
eknoblock@daleeke.com
Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com
Eric C. Redman
ksmith@redmanludwig.com
James E. Smith
jsmith@smithakins.com
Kevin M. Toner
kevin.toner@faegrebd.com

John M. Thompson
john.thompson@crowedunlevy.co
Matthew J. Ochs
kim.maynes@moyewhite.com
T. Kent Barber
kbarber@dlgfirm.com
Kirk Crutcher
kcrutcher@mcs-law.com
Theodore A Konstantinopoulos
ndohbky@jbandr.com
Lisa Koch Bryant
courtmail@fbhlaw.net
John David Hoover
jdhoover@hooverhull.com
John R. Burns
john.burns@faegrebd.com
Kayla D. Britton
kayla.britton@faegrebd.com
David A. Laird
david.laird@moyewhite.com
Trevor L. Earl
tearl@rwsvlaw.com
Joshua N. Stine
kabritt@vorys.com
Amelia Martin Adams
aadams@dlgfirm.com
Robert A. Bell
rabell@vorys.com
Melissa S. Giberson
msgiberson@vorys.com
U.S. Trustee
ustpregion10.in.ecf@usdoj.gov
Dustin R. DeNeal
dustin.deneal@faegrebd.com
Jay Jaffe
jay.jaffe@faegrebd.com
Harmony A. Mappes
harmony.mappes@faegrebd.com
Wendy W. Ponader
wendy.ponader@faegrebd.com
Joe T. Roberts
jratty@windstream.net
Christopher E. Baker
cbaker@thbklaw.com
Andrea L. Wasson
andrea@wassonthornhill.com

9

Christopher M. Trapp
ctrapp@rubin-levin.net
Jennifer Watt
jwatt@kgrlaw.com
William K. Flynn
wkflynn@strausstroy.com
Michael Benton Willey
michael.willey@ag.tn.gov
Chrisandrea L. CLF Feeders
clCLF Feeders@stites.com
Scott R. Leisz
sleisz@bgdlegal.com
Terrill K. Moffett
kendalcantrell@moffettlaw.com

Matthew Daniel Neumann
mneumann@hhclaw.com
Amanda Dalton Stafford
ads@kgrlaw.com
Chad Duane Wuertz
chad@wuertzlaw.com

Eric W. Richardson
ewrichardson@vorys.com
Joe Lee Brown
Joe.Brown@Hardincounty.biz
Thomas P. Glass
tpglass@strausstroy.com
Kay Dee Baird
kbaird@kdlegal.com
Paul M. Hoffman
phoffmann@stinson.com
Brian H. Meldrum
bmeldrum@stites.com
Natalie Donahue Montell
nmontell@bgdlegal.com

Brian Robert Pollock
bpollock@stites.com
Matthew R. Strzynski
mstrzynski@kdlegal.com

Joshua Elliott Clubb
joshclubb@gmail.com
Ben T. Caughey
ben.caughey@icemiller.com
Stephen E. Schilling
seschilling@strausstroy.com
David W. Brangers
dbrangers@lawyer.com
Martha R. Lehman
mlehman@kdlegal.com
Kevin J. Mitchell
kevin.mitchell@faegrebd.com
Erin Casey Nave
enave@taftlaw.com

Steven Eric Runyan
ser@kgrlaw.com
Andrew James Vandiver
avandiver@aswdlaw.com

I further certify that on _____ __, 2013, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

David M. Jones
Sprouse, Shrader & Smith PC
PO Box 15008
Amarillo, TX 79105-5008

Aaron Miller
Mervin Miller
d/b/a CLF Feeders
2123 W. Mill Street
Buffalo, MO 65622

/s/ Shawna Eikenberry

dms.us.53584847.01