Exhibit A

## Settlement Agreement

This Settlement Agreement is made as of February 12, 2014 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the estate of Eastern Livestock Co., LLC (the "Debtor"), Hodge Livestock Network Incorporated ("Hodge") and Anderson Farms, Inc. d/b/a Anderson Cattle Co. ("Anderson").  The Trustee, Hodge and Anderson shall collectively be referred to herein as the "Parties."

## Recitals

A. Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B. Hodge filed a proof of claim (the "Hodge POC") in the Chapter 11 Case.  The Hodge POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 208 and asserts an unsecured claim totaling $295,741.32.  The Trustee filed an objection (the "Objection") to the Hodge POC.

C. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] (as immaterially modified, the "Plan").  The Court entered an Order on December 17, 2012 [Dock. No. 1644] (the "Confirmation Order") confirming the Plan.  Pursuant to the Plan and the Confirmation Order, general unsecured creditors of Debtor's estate may choose to "opt in" and receive a distribution from the "Fifth Third Claim Settlement Fund" (as that term is defined in the Plan). Choosing to "opt-in" affects such creditor's rights to and amount of distributions under the Plan, waives certain of the creditor's claims against non-Debtor entities and has other and further effects that are more particularly described in the Plan and the Confirmation Order.  Hodge timely submitted an "opt-in" agreement.

D. On or around October 27, 2010, Debtor delivered to Anderson 68 head of cattle (the "Subject Cattle").  Anderson did not pay Debtor for the Subject Cattle.  Instead, Anderson paid Hodge $52,330.73 on account of the Subject Cattle.

E. Because Debtor was not paid for the Subject Cattle, the Trustee initiated Adv. Proc. No. 13-59059 (the "Adversary") by filing a complaint (the "Complaint") against Hodge and Anderson.  The Complaint asserts alternative theories of recovery against Hodge and Anderson relating to the delivery of the Subject Cattle.

F. The Parties now desire to resolve and settle all issues, disputes, claims and causes of actions between the Trustee, Hodge and Anderson related to the Subject Cattle without further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Court Approval of Settlement Agreement.</u>  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "<u>Settlement Order</u>").  The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, shall be referred to herein as the "Effective Date."  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. <u>Settlement</u>.  As consideration for the releases contained herein, and contingent upon the occurrence of the Effective Date, Hodge (i) assigns to the Trustee all of Hodge's rights, as an "Opt In Creditor," to receive distributions from the "Fifth Third Claim Settlement Fund" and (ii) shall pay the Trustee $10,000 pursuant to the terms of a Note defined and described below.  The Trustee is hereby authorized, and appointed as Hodge's lawful attorney in fact, to receive any and all distributions from the Fifth Third Claim Settlement Fund otherwise payable to Hodge.  Hodge shall deliver to the Trustee a fully executed and enforceable copy of the Promissory Note attached hereto as **Exhibit A** (the "<u>Note</u>"), evidencing Hodge's promise to pay the Trustee $10,000.  The Note shall not bear interest, and the only event of default under the Note is the failure of Hodge to remit to the Trustee promptly following Hodge receipt, distributions received by Hodge from the "victim's restitution fund" currently administered by the U.S. Attorney's Office until such time as the Note is paid in full.  All payments received under this settlement (the "<u>Settlement Payments</u>") shall become part of the Recovery Fund (as that term is defined in the Plan).

3. <u>Dismissal of Adversary; Withdrawal of Objection</u>.  Within five (5) business days of the Effective Date, the Parties shall file all pleadings necessary to cause the dismissal of the Adversary with prejudice and (b) the Trustee shall withdraw the Objection.

4. <u>Mutual Release</u>.  Conditioned upon the Trustee's receipt of the Note, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the Subject Cattle (the "<u>Released Claims</u>").  Nothing contained herein shall release the Hodge POC, or release Hodge from its obligations under the Note.

2

5. <u>Cooperation</u>.  The Parties agree and covenant that they will cooperate and take all reasonable actions to assist one another in effecting the settlement agreed to herein.  The Parties further agree and covenant to execute further documents that may be necessary to implement this Settlement Agreement.

6. <u>Qualification; Authority</u>.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. <u>Each of the Parties Bears Own Costs</u>.  Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. <u>Successors and Assigns</u>.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. <u>Court Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13. <u>Agreement Nonseverable and Mutually Dependent</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

14. <u>Amendment</u>.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

4

15. No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

16. No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page left blank.  Signature page to follow.]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Hodge Livestock Network Incorporated

By:_____

Printed Name:_____

Title:_____

Date:_____


Anderson Farms, Inc.

By:_____

Printed Name:_____

Title:_____

Date:_____


James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock., LLC

*/s/ James Knauer*    2/12/14
_____ Date

5

dms.us.53547646.04

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Hodge Livestock Network Incorporated
By: *Randy Hodge*
Printed Name: Randy Hodge
Title: President
Date: 3-5-14

Anderson Farms, Inc.
By: *Gail Anderson*
Printed Name: Gail Anderson
Title: Owner
Date: 2-12-14

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock., LLC

_____
Date

dms.us.53547646.04

5

## EXHIBIT A

### PROMISSORY NOTE

$10,000.00

      Pursuant to the terms and conditions of that certain Settlement Agreement the "Settlement Agreement") executed on February __, 2014, by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the estate of Eastern Livestock Co., LLC (the "Debtor"), Hodge Livestock Network Incorporated ("Hodge") and Anderson Farms, Inc. d/b/a Anderson Cattle Co. ("Anderson"), and for valuable consideration, Hodge promises to pay to the Trustee the sum of Ten Thousand and 00/100 Dollars ($10,000.00) (the "Note Amount") from the Distribution (as defined below). This Note is a non-recourse and shall only be payable from the Distribution. Should the Distribution be less than the Note Amount, Hodge shall not be responsible for the balance of the Note Amount.

      This note may be prepaid in full or in part at any time without penalty. This note is payable without relief from any valuation or appraisement laws.

      It shall be an event of default under this Note if Hodge fails to remit to the Trustee for application against the Note Amount distributions from the "Victim's Restitution Fund" administered by the U.S. Attorney's office for the victims of Debtor (a "Distribution") on or before five (5) days after Hodge's receipt of such Distribution. In the event that Hodge fails to timely remit proceeds of a Distribution to the Trustee in payment of the Note Amount, (1) the entire Note Amount shall become due and payable immediately, without notice, at the election of the Trustee or subsequent holder hereof, and (2) the Trustee or subsequent holder of this note may recover all legal expenses, including reasonable attorney's fees, incurred in attempts to collect amounts due under this note.

      This Note and Hodge's obligations hereunder shall terminate upon the Trustee's receipt of the Note Amount from Hodge. Upon receipt of the Note Amount, the Trustee shall deliver the original Note, marked "Paid", to Hodge. This Note is made in and shall be governed in all respects, including validity, interpretation, and effect, by the internal laws of the State of Indiana.

      Signed and delivered at _____, Indiana, as of February __, 2014.

Hodge Livestock Network Incorporated

By: _____

Printed Name: _Randy Hodge_____

Title: _President_____

6

dms.us.53547646.04