Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement And Mutual Release is entered into as of this 6th day of March, 2014, by and among: (i) JAMES A. KNAUER, chapter 11 trustee ("Trustee") for the estate of EASTERN LIVESTOCK CO., LLC ("Debtor"); (ii) Debtor; and (iii) ClicRweight, LLC, ("ClicRweight"; collectively with Trustee and Debtor, the "Parties"), for the purpose of settling certain claims that have been asserted or could have been asserted by and among the Parties.

## RECITALS

**WHEREAS**, on December 6, 2011, certain petitioning creditors commenced a chapter 11 case ("Chapter 11 Case") against Debtor by filing in the United States Bankruptcy Court, Southern District of Indiana, New Albany Division (the "Court") an involuntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. The Court entered the *Order for Relief in an Involuntary Case and Order to Complete Filing* [Doc. No. 110] on December 28, 2010;

**WHEREAS**, on December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Doc. No. 102] approving the *United*

dms.us.53748839.03

*States Trustee Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Doc. No. 98] pursuant to 11 U.S.C. § 1104;

**WHEREAS**, by an agreement (the "Funding Agreement") titled "Agreement Between Spicola Tool, LLC and Eastern Livestock Co., LLC Regarding Services and Funding Related to ClicRweight" having an effective date of July 7, 2009, Debtor and Spicola Tool, LLC (now ClicRweight) agreed that Debtor could acquire a membership interest in ClicRweight in exchange for cash investment and services, all as more particularly described in the Funding Agreement. Disputes were to be resolved by arbitration pursuant to the rules of the American Arbitration Association;

**WHEREAS**, Spicola Tool, LLC, which was organized as a Texas limited liability as of the date of the Funding Agreement, re-organized as a Florida limited liability company and changed its name to "ClicRweight, LLC" on November 2, 2010;

**WHEREAS**, ClicRweight alleges that Debtor failed to perform the conditions required by the Funding Agreement, and alleges that Debtor is liable to it for damages;

**WHEREAS**, the Trustee denies the claims of ClicRweight, and claims that the Debtor is entitled to receive payment for its interest in ClicRweight;

**NOW THEREFORE**, in consideration of the foregoing recitals, and without admitting or denying their assertions regarding the aforementioned claims, and in consideration of the risks and costs of litigating and of collecting on any judgment rendered on said claims, and for other good and valuable consideration the sufficiency of which is hereby acknowledged, the Parties do covenant and agree as follows:

## DEFINITIONS

As used herein, the terms below are defined as follows:

a. *"Settlement Agreement"* shall mean this Settlement Agreement and Mutual Release;

b. *"Settlement Date"* shall mean the date of each Parties' signature on the signature page of this Settlement Agreement;

c. *"Settlement Motion"* shall mean the motion filed by the Trustee within three (3) business days of the Settlement Date seeking Court approval of the Settlement Agreement;

d. *"Settlement Order"* shall mean the entry of the order sought in the Settlement Motion approving the Settlement Agreement;

e. *"Effective Date"* shall mean the date the Court's final nonappealable order approving the Settlement Motion becomes enforceable;

f. *"ClicRweight's Claims"* shall mean any and all claims the ClicRweight has or could asset in the Chapter 11 Case, in an arbitration, or in another forum (whether state or federal);

g. *"Debtor's Claims"* shall mean any and all objections and claims Debtor has asserted or could assert against ClicRweight in the Chapter 11 Case, in an arbitration, or in another forum (whether state or federal);

h. *"Trustee's Claims"* shall mean any and all objections and claims the Trustee has asserted or could assert against ClicRweight in the Chapter 11 Case, in an arbitration, or in another forum (whether state or federal);

i. *"Released Claims"* shall mean collectively the ClicRweight's Claims, Debtor's Claims, and the Trustee's Claims.

**AGREEMENT AND RELEASES**

1. **Settlement Amount**. Subject to and conditioned upon the occurrence of the *Effective Date*, ClicRweight shall deliver to the Trustee the sum of $75,000.00 in readily available funds (the "**Settlement Amount**"), on or before 90 days after the Effective Date.

2. **Court Approval of Settlement***; Effective Date*. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following execution of this Settlement Agreement on behalf of all of the Parties, the Trustee shall file with the Court the Settlement Motion requesting the Court's approval of this Settlement Agreement. The effectiveness of this Settlement Agreement is contingent upon the Court's final and nonappealable entry of the Settlement Order and the payment of the Settlement Amount consistent with Section 1 above. The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3. **Releases**. In exchange for the promises contained herein, and conditioned upon entry of the Settlement Order, the payment of the Settlement Amount to the Trustee, and occurrence of the Effective Date, each of the Parties hereto forever **RELEASE AND DISCHARGE** their claims as follows:

(i) ClicRweight, hereby releases and forever discharges Debtor and the Trustee, including their respective employees, agents, attorneys, heirs, and assigns, from the *ClicRweight's Claims*, including any and all actions, suits, claims, causes of action, administrative proceedings, claims for debts, rights, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or

unknown, discovered or discoverable, which have accrued between the Parties as of the *Settlement Date*.

(iii) Debtor and the Trustee hereby release and forever discharge ClicRweight, Spicola Tool, LLC and their respective principals, officers, directors, employees, agents and attorneys, acting solely in their representative capacities on behalf of ClicRweight or Spicola Tool, LLC, and each's heirs and assigns, from the *Trustee's Claims*, including any and all actions, suits, claims, causes of action, administrative proceedings, claims for debts, rights, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued between the Parties as of the *Settlement Date*.

4. **Cooperation**. The Trustee agrees and covenants to execute such further documents, including but not limited to amendments to organizational documents, as may be reasonably requested by ClicRweight to effectuate the settlement agreed to in this Settlement Agreement.

5. **Tax Matters**. ClicRweight shall provide the Trustee with any documents or information necessary for the Trustee to prepare and file tax returns on account of the Estate's ownership interests in ClicRweight.

6. **Qualification; Authority**. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. **Each of the Parties Bears Own Costs**.  Each of the Parties agrees that it or he shall bear its or his own attorney fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. **Successors and Assigns; Governing Law**.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

9. **Merger of Prior Agreements**.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

10. **Severability.**  The provisions of this Settlement Agreement are severable. If a court of competent jurisdiction rules that any portion of this Settlement Agreement is invalid or unenforceable, such ruling will not and shall not affect the validity and enforceability of other provisions of this Settlement Agreement.

11. **No Presumption Against Drafter**.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

12. **No Admission of Fault or Liability**.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

13. **Counterparts; Facsimile or E-Mail Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile or e-mail and such signatures shall be binding upon the party delivering same as if they were originals.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the Settlement Date as indicated below.

**[SIGNATURE PAGES FOLLOW]**

[SIGNATURE PAGES]

Acknowledged and agreed as to *ClicRweight, LLC*

_____
NAME                           Date

Acknowledged and agreed as to *James Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC*

_____
NAME                           Date