IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK | ) | Case No. 10-93904-BHL-11 |
| CO., LLC, | ) | |
| | ) | |
| Debtor. | ) | |

**RESPONSE BY DEFENDANTS LARRY ZEIEN, JR.; ROBERT RUFENACHT;
RUFENACHT COMMODITIES, INC.; AND ADM INVESTOR SERVICES, INC. TO
OBJECTIONS BY FIFTH THIRD BANK AND EASTERN LIVESTOCK TRUSTEE TO
FIRST BANK'S MOTION TO MODIFY PLAN INJUNCTION**

Defendants Larry Zeien, Jr.; Robert Rufenacht; Rufenacht Commodities, Inc.; and ADM

Investor Services, Inc. ("Defendants"), hereby respond to the Objection (Doc. No. 2504) filed by

Fifth Third Bank ("Fifth Third"), and the Objection (Doc. No. 2505) filed by James A. Knauer

as Chapter 11 trustee for the debtor, Eastern Livestock Co., LLC ("Trustee"), to the Motion to

Modify Plan Injunction (Doc. No. 2476) ("Plan Injunction Motion") filed by First Bank & Trust

Company ("First Bank"), and request that this Court determine that any ruling by the Court on

the Plan Injunction Motion or related Objections is without prejudice to any rights, claims, or

defenses of Defendants in Adversary Action 12-59147 pending in this case. In support,

Defendants state:

1.     On January 31, 2014, First Bank filed the Plan Injunction Motion. In relevant

part, the Plan Injunction Motion states:

a.     "[t]he Debtor [Trustee] has no right to payment from the Gibson estate due

to its failure to bring an action to avoid any transfer alleged to be fraudulent and/or preferential

transfer within the time limits set forth in Section 546(b) of the Code." Page 2, paragraph 5.

b.    "First Bank respectfully requests that the Court enter an Order … to authorize First Bank to name the Debtor as a defendant in its proposed Complaint to answer to [First Bank's] interest, if any, in the proceeds held by the Gibson's Trustee from the commodities accounts that are the subject of the Proposed Complaint." Page 4, final paragraph.

c.    "First Bank … has a perfected security interest in the entire balance of the $1,234,267.68 turned over to the Trustee by ADM by reason of its Security Agreements and the filing of the Financing Statements…." Proposed Complaint, page 4, paragraph 14.

2.    On March 5, 2014, Fifth Third filed an Objection to the Plan Injunction Motion. In relevant part, the Objection states "Fifth Third holds an *independent* claim to the Commodities Account based upon Mr. Gibson's confessed defrauding of Fifth Third…."

3.    Also on March 5, 2014, Trustee filed an Objection to the Plan Injunction Motion. In relevant part, the Objection states:

a.    "[T]he filing of the ELC/Gibson Claim satisfies any applicable statute of limitations in establishing the Trustee's rights and interest in the Account Funds." Page 8.

b.    "In light of the pending negotiations and the broad scope of their respective claims against one another's estates, the Trustees have no commenced any additional actions nor have they released, waived, or modified their claims." Page 9

c.    "[T]he Trustee and the Gibson Trustee have cooperated and worked together, understanding it was the position of each other that the other was the custodian of property belonging to the estate of the other debtor with attendant fiduciary duties…." Page 10

4.    The above statements by First Bank, Fifth Third and Trustee are relevant to certain issues in Adversary Action 12-59147. For example, the Motions to Dismiss filed by Defendants in the adversary action asserted that one basis for dismissal was the failure of the

Trustee to name the Gibsons' Trustee as a party to Adversary Action 12-59147 prior to expiration of the limitations period in Section 546(b) of the Code.

5.      However, the Plan Injunction Motion, and the Objections, were not filed in Adversary Action No. 12-59147, do not seek any relief from this Court that directly involves Defendants, and involve other issues noted in the Objections that do not involve Defendants. Accordingly, Defendants did not independently respond to the Plan Injunction Motion, and are not now taking any position on the Plan Injunction Motion or the Objections.

WHEREFORE, Defendants request that this Court determine that any ruling by the Court on the Plan Injunction Motion or related Objections is without prejudice to any rights, claims, or defenses of Defendants in Adversary Action 12-59147 pending in this case, and grant such other and further relief as is necessary in the circumstances

[signatures on next page]

DB04/0810731.0009/10541664.2

/s/ Andrew D. Stosberg
Andrew D. Stosberg
LLOYD & McDANIEL, PLC
11405 Park Road, Suite 200
P.O. Box 23200
Louisville, Kentucky 40223-0200
Phone: (502) 736-4500
E-mail: astosberg@lloydmc.com

COUNSEL FOR LARRY ZEIEN II

By: /s/ John Massouh
John Massouh, Pro Hac Vice
SPROUSE SHRADER SMITH P.C.
701 S. Taylor, Suite 500
Amarillo, Texas 79101
(806) 468-3300; FAX (806) 373-3454
john.massouh@sprouselaw.com

COUNSEL FOR ROBERT RUFENACHT
AND RUFENACHT COMMODITIES,
INC.

/s/ Paul M. Hoffmann
Paul M. Hoffmann (Missouri # 61399)
STINSON LEONARD STREET LLP
fka Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO  64106-2150
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
phoffmann@stinson.com

C.R. Bowles, Jr.
GREENBAUM DOLL & MCDONALD
500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40404
Phone: 502-587-3746
Facsimile: 502-540-2274
crbowles@gdm.com

COUNSEL FOR ADM INVESTOR
SERVICES, INC.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the ECF
system this the 12th day of March, 2014 upon all parties entitled to such notice as provided by
the ECF filing system.

/s/ Paul M. Hoffmann
Paul M. Hoffmann

DB04/0810731.0009/10541664.2