Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of March 12, 2014 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), Phillip Taylor Reed ("Taylor") and Ron P. Reed ("Ron"). Taylor and Ron are referred to collectively herein as the "Reeds". The Trustee, Taylor and Ron shall collectively be referred to herein as the "Parties."

## Recitals

A. Taylor delivered 787 steers to Debtor on October 25-26, 2010 pursuant to a contract by which Debtor had agreed to purchase cattle from Taylor (the "Cattle Transaction"). On October 27, 2010, Debtor issued a check to Taylor in the amount of $577,742.25, representing the remaining purchase price owed by Debtor to Taylor on account of the Cattle Transaction. Debtor's check was dishonored. On November 8, 2010 and November 12, 2010, Taylor received via wire transfer from James E. Edens IV the total sum of $187,000 (the "Edens Transfers").

B. Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

C. Taylor filed a proof of claim (the "Taylor POC") in the Chapter 11 Case. The Taylor POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 355 and asserts a secured claim totaling $391,741.32. The Trustee filed an objection [Dock. No. 1865] (the "Taylor Objection") to the Taylor POC.

D. Ron filed a proof of claim (the "Ron POC" and collectively with the Taylor POC, the "Reed POCs") in the Chapter 11 Case. The Ron POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 354 and asserts a secured claim totaling $175,044.18 plus post-petition interest. The Trustee filed an objection [Dock. No. 1900] (the "Ron Objection" and together with the Taylor Objection, the "Claim Objections") to the Ron POC.

E. Both Taylor and Ron filed responses in opposition to the Claim Objections [Dock. Nos. 1985 and 1986]. A contested hearing on the Claims Objections and responses thereto is currently set for April 14, 2014.

F. The Trustee admits that Taylor holds an unsecured claim against the Estate in the amount of $391,741.32 but disputes that the Reeds have any valid secured claim against assets of the Estate. The Trustee further believes that the Estate may have claims against Taylor for recovery of the Edens Transfers.

G. The Parties now desire to resolve and settle all issues, disputes, claims and causes

of actions between the Parties without further litigation and without admission of any fault or liability and, as a result of good faith settlement negotiations, have agreed to settle and resolve all such issues, disputes, claims and causes of action on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion in a form acceptable to the Parties (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. Settlement. The Parties shall file with the Court within five (5) days of the Effective Date the *Agreed Entry Resolving Reed Claim Objections* in the form attached hereto as Exhibit A (the "Agreed Entry"). Pursuant to the Agreed Entry, the Reed POCs shall be reclassified, consolidated and allowed in the Chapter 11 Case as a single unsecured claim in the amount of $391,741.32 (the "Reed Allowed Claim"). However, pursuant to the release contained in paragraph 3 below, the Reeds shall not be entitled to, and hereby waive, release and disclaim any and all rights or claims to receive distributions from the Estate on account of the Reed Allowed Claim or any other claim. The Parties shall cooperate and file all further pleadings as may be necessary to obtain Court approval of the Agreed Entry.

3. Mutual Releases. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date:

    (a) The Reeds, on behalf of themselves and their respective attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND WAIVE** any and all rights and/or claims to receive distributions from the Estate. The Reeds, on behalf of themselves and their respective attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs further hereto forever **RELEASE AND DISCHARGE** Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and Trustee's counsel from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or

2

>> unaccrued, other than the allowance of the Reed Allowed Claim, which may exist as of the date of execution of this Settlement Agreement.
>
> (b) Debtor, the Estate, Trustee and Trustee's counsel and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** the Reeds from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, which may exist as of the date of execution of this Settlement Agreement.

4. <u>Effect of Releases</u>. Consistent with the releases set forth in Section 3 and notwithstanding anything contained herein to the contrary, on the Effective Date, the Reeds shall be deemed to waive, release and disclaim any and all rights and claims to distributions from the Estate. Notwithstanding any of the releases set forth herein, and for sake of clarification, nothing in the Settlement Agreement shall release a) the Parties from their obligations under the Settlement Agreement, b) any claims by the Reeds against third parties, including but not limited to Fifth Third Bank, NA and affiliates, and c) any claims the Reeds may have to receive distributions from Debtor's GIPSA Bond (the "<u>Bond</u>") and the "victims' restitution fund" currently being administered by the U.S. Attorney General's Office for the victims of Debtor and/or Thomas Gibson (the "<u>Victims' Fund</u>"), all of which claims and rights are expressly preserved.

5. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions to assist one another in effecting the settlement agreed to herein. The Trustee covenants that he and his professionals shall take all reasonable efforts to preserve the Reeds' rights and/or claims to receive distributions from the Bond and Victims' Fund. The Parties further agree and covenant to execute further documents that may be necessary to implement this Settlement Agreement.

6. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

3

8. <u>Successors and Assigns</u>.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. <u>Court Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13. <u>Agreement Nonseverable and Mutually Dependent</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

14. <u>Amendment</u>.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

15. <u>No Admission of Fault or Liability</u>.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any of the Parties.

4. <u>No Presumption Against Drafter</u>.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page left blank.  Signature page to follow.]*

4

Mar 13 14 11:09p                                                                                          p.2

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

By: *[signature: Phillip Taylor Reed]*
Phillip Taylor Reed
Date: 3/12/14

By: *[signature: Ron P. Reed]*
Ron P. Reed
Date: MARCH 12, 2014

*[signature: James Knauer]*
James A Knauer as Chapter 11 Trustee for the estate of Eastern Livestock Co., LLC

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**AGREED ENTRY RESOLVING CLAIMS OF
PHILLIP TAYLOR REED AND RON P. REED**

James A. Knauer, as Chapter 11 Trustee (the "Trustee") for the estate ("Estate") of Eastern Livestock Co., LLC ("ELC"), Phillip Taylor Reed ("Taylor") and Ron P. Reed ("Ron" and together with Taylor, the "Reeds") hereby stipulate and agree as follows:

**Recitals**

1. Taylor filed a proof of claim (the "Taylor POC") in the Chapter 11 Case. The Taylor POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 355. The Taylor POC asserts a secured claim totaling $391,741.32. The Trustee filed an objection [Dock. No. 1865] (the "Taylor Objection") to the Taylor POC.

2. Ron filed a proof of claim (the "Ron POC" and collectively with the Taylor POC, the "Reed POCs") in the Chapter 11 Case. The Ron POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 354. The Ron POC asserts a secured claim totaling $175,044.18 plus post-petition interest. The Trustee filed an objection [Dock. No. 1900] (the "Ron Objection" and together with the Taylor Objection, the "Claim Objections") to the Ron POC.

3. Both Taylor and Ron filed responses in opposition to the Claim Objections [Dock. Nos. 1985 and 1986]. A contested hearing on the Claims Objections and responses thereto is currently set for April 14, 2014.

4. Pursuant to and as limited by the terms and conditions of that certain Settlement Agreement and Mutual Release (the "Settlement Agreement") entered into by and between the Trustee, Taylor and Ron (collectively, the "Parties") and approved by the Court on March __, 2014 [Docket No. __], the Parties agree as follows:

**Stipulation**

5. The Reed POCs are combined and allowed as a single general unsecured claim in the amount of $391,741.32 (the "Reed Allowed Claim").

6. The Reeds waive, release and disclaim any and all rights to receive distributions from the Estate on account of the Reed Allowed Claim or any other claim.

7. Notwithstanding the foregoing, nothing contained herein shall release a) any claims by the Reeds against third parties, including but not limited to Fifth Third Bank, NA and affiliates, and b) any claims the Reeds may have to receive distributions from Debtor's GIPSA Bond and the "victims' restitution fund" currently being administered by the U.S. Attorney General's Office for the victims of Debtor and/or Thomas, all of which claims and rights are expressly preserved.

AGREED:

By: /s/_____          By: /s/_____

Terry E. Hall (#22041-49)                Ivana Shallcross
Dustin R. DeNeal (#27535-49)             Natalie D. Montell
FAEGRE BAKER DANIELS, LLP                BINGHAM GREENEBAUM DOLL LLP
300 N. Meridian Street, Suite 2700       3500 National City Tower
Indianapolis, IN 46204-1782              101 South Fifth Street
Telephone: (317) 237-0300                Louisville, KY 40202

7

Facsimile: (317) 237-1000
terry.hall@faegrebd.com
dustin.deneal@faegrebd.com
*Counsel for the Trustee*

Telephone: (502) 589-4200
Facsimile: (502) 540-2211
ishallcross@bgdlegal.com
nmontell@bgdlegal.com

*Counsel for the Reeds*

**CERTIFICATE OF SERVICE**

I hereby certify that on March __, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jeffe@bellnunnally.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Stephen A. Weigand<br>sweigand@ficlaw.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@ bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Jessica E. Yates<br>jyates@swlaw.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | T. Kent Barber<br>kbarber@dlgfirm.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Walter Scott Newbern<br>wsnewbern@msn.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |
| Elliott D. Levin<br>edl@rubin-levin.net | John M. Rogers<br>johnr@rubin-levin.net | John David Hoover<br>jdhoover@hooverhull.com |
| Sean T. White<br>swhite@hooverhull.com | Jay P. Kennedy<br>jpk@kgrlaw.com | John R. Burns<br>john.burns@faegrebd.com |

| | | |
|---|---|---|
| Michael W. McClain<br>mike@kentuckytrial.com | William E Smith<br>wsmith@k-glaw.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Thomas C Scherer<br>tscherer@bgdlegal.com | David A. Laird<br>david.laird@moyewhite.com |
| Jerald I. Ancel<br>jancel@taftlaw.com | Jeffrey J. Graham<br>jgraham@taftlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| David Alan Domina<br>dad@dominalaw.com | Kent A Britt<br>kabritt@vorys.com | Joshua N. Stine<br>kabritt@vorys.com |
| Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Amelia Martin Adams<br>aadams@dlgfirm.com |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Robert A. Bell<br>rabell@vorys.com |
| James E. Rossow<br>jim@rubin-levin.net | James B. Lind<br>jblind@vorys.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Anthony G. Raluy<br>traluy@fbhlaw.net | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| James M. Carr<br>james.carr@faegrebd.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Terry E. Hall<br>terry.hall@faegrebd.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| Christie A. Moore<br>cm@gdm.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Peter M. Gannott<br>pgannott@gannottlaw.com | Eric C. Redman<br>ksmith@redmanludwig.com | Joe T. Roberts<br>jratty@windstream.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Smith<br>jsmith@smithakins.com | Robert K. Stanley<br>robert.stanley@faegrebd.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Andrea L. Wasson<br>andrea@wassonthornhill.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Eric W. Richardson<br>ewrichardson@vorys.com | Joshua Elliott Clubb<br>joshclubb@gmail.com |
| Jennifer Watt<br>jwatt@kgrlaw.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | |

I further certify that on March __, 2014, a copy of the foregoing pleading was served via electronic mail transmission on the following:

| | |
|---|---|
| Ashley S. Rusher<br>asr@blancolaw.com | Darla J. Gabbitas<br>darla.gabbitas@moyewhite.com |

                                                        /s/ Dustin R. DeNeal

dms.us.53694894.01