UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: <br><br> EASTERN LIVESTOCK CO., LLC, <br><br> Debtor. | CHAPTER 11 <br><br> Case No. 10-93904-BHL-11 |

**RESERVATION OF RIGHTS OF MONTY KOLLER REGARDING FIRST BANK'S MOTION TO MODIFY PLAN INJUNCTION**

Defendant Monty Koller responds to the Motion to Modify Plan Injunction (Doc. No. 2476) ("Plan Injunction Motion") filed by First Bank & Trust Company ("First Bank"), and requests that this Court preserve Mr. Koller's rights, claims, or defenses in the pending Case No. 4:13-cv-00028 (District Court) in any ruling on the Plan Injunction Motion or related Objections. In support, Mr. Koller states:

1. Mr. Koller is the defendant in *Pry v. Monty Koller*, Case No. 4:13-cv-00028, pending before the District Court.[1] In that proceeding, James A. Knauer, as Chapter 11 Trustee for the Debtor ("ELC Trustee"), seeks to recover $ 846,000 from Mr. Koller, who the ELC Trustee alleges is a subsequent transferee of fraudulent transfers initially made from ELC-to-Gibson. These allegedly initial fraudulent transfers (the "Alleged ELC-to-Gibson Transfers") have been put at issue by the Plan Injunction Motion and the various objections.

---

[1] The ELC Trustee initiated that action in this Court as *Knauer v. Monty Koller*, Adv. Pro. No. 12-59150. The District Court withdrew the reference and restyled the litigation as *Knauer v. Koller*, 4:14-cv-00002. The District Court consolidated that case into *Pry v. Monty Koller*, Case No. 4:13-cv-00028.

2.      First Bank filed the Plan Injunction Motion seeking authority to "name the Debtor as a defendant in its proposed Complaint to answer to its interest, if any, in the proceeds held by the Gibson's Trustee from the commodities accounts that are the subject of the Proposed Complaint."  Doc. No. 2476, Page 4.

3.      First Bank argues that "the Debtor has no right to payment from the Gibson estate due to its failure to bring an action to avoid any transfer alleged to be fraudulent and/or preferential transfer within the time limits set forth in Section 546(b) of the Code." *Id.*, ¶ 5.  First Bank claims a security interest in funds turned over to the Gibson Trustee from a commodities account at ADM Investors Services. *Id.*, Exhibit A, ¶ 14.

4.      Numerous parties objected to the Plan Injunction Motion.  *See* Doc. Nos. 2504, 2505, and 2514 (the "Objections").

5.      The Plan Injunction Motion and Objections contain statements which could impact issues in *Pry v. Monty Koller*, Case No. 4:13-cv-00028.  Mr. Koller intends to move to dismiss because, among other things, the ELC Trustee did not avoid the Alleged ELC-to-Gibson Transfers, and is time-barred from doing so now.  The District Court has ordered the parties to participate in a Telephonic Settlement Conference on April 1, 2014.  *See Pry v. Monty Koller*, Case No. 4:13-cv-00028, Doc. No. 26.

6.      The Plan Injunction Motion and Objections do not seek any relief from this Court that will impact Mr. Koller immediately.  Mr. Koller takes no position on the merits of the Plan Injunction Motion.  The Court may grant or deny the motion without addressing the ELC Trustee's compliance with the applicable statute of limitations or

the Debtor's interest, if any, in the funds turned over to the Gibson Trustee. To the extent the Court finds it necessary to address such issues, Mr. Koller requests that those findings not prejudice its interest in the pending adversary proceeding, and Mr. Koller reserves his rights, including, but not limited to, the right to seek to consolidate, or stay any other adversary proceedings or contested matters relating to the Alleged ELC-to-Gibson Transfers.

WHEREFORE, Mr. Koller requests that in any ruling on the Plan Injunction Motion or related Objections that this Court preserve Mr. Koller's rights, claims, or defenses in the pending Case Number 4:13-cv-00028, and grant such other and further relief as necessary in the circumstances.

March 24, 2014                                        Respectfully submitted,

*/s/ Brian H. Meldrum*
Brian H. Meldrum (bmeldrum@stites.com)
W. Robert Meyer (rmeyer@stites.com)
Brian R. Pollock (bpollock@stites.com)
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR MONTY KOLLER

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served through the ECF system this the 24th day of March, 2014, upon all parties entitled to such notice as provided by the ECF filing system.

*/s/ Brian H. Meldrum*
Brian H. Meldrum

969981:1:LOUISVILLE