# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>EASTERN LIVESTOCK CO., LLC,<br><br>Debtor. | CHAPTER 11<br><br>Case No. 10-93904-BHL-11 |

### RESERVATION OF RIGHTS OF INTRUST BANK REGARDING FIRST BANK'S MOTION TO MODIFY PLAN INJUNCTION

Intrust Bank, N.A. ("Intrust"), responds to the Motion to Modify Plan Injunction (Doc. No. 2476) ("Plan Injunction Motion") filed by First Bank & Trust Company ("First Bank"), and requests that this Court preserve Intrust's rights, claims, or defenses in the pending Adversary Proceeding No. 12-59149 in any ruling on the Plan Injunction Motion or related Objections. In support, Intrust states:

1.  Intrust is the defendant in *Knauer v. Intrust Bank, N.A.*, Adv. Pro. No. 12-59149. In that proceeding, James A. Knauer, as Chapter 11 Trustee for the Debtor ("ELC Trustee"), seeks to recover $ 1,984,295.65 from Intrust, who the ELC Trustee alleges is a subsequent transferee of fraudulent transfers initially made from ELC-to-Gibson. These allegedly initial fraudulent transfers (the "Alleged ELC-to-Gibson Transfers") have been put at issue by the Plan Injunction Motion and the various objections.

2.  First Bank filed the Plan Injunction Motion seeking authority to "name the Debtor as a defendant in its proposed Complaint to answer to its interest, if any, in the proceeds held by the Gibson's Trustee from the commodities accounts that are the subject of the Proposed Complaint." Doc. No. 2476, Page 4.

3. First Bank argues that "the Debtor has no right to payment from the Gibson estate due to its failure to bring an action to avoid any transfer alleged to be fraudulent and/or preferential transfer within the time limits set forth in Section 546(b) of the Code." *Id.*, ¶ 5. First Bank claims a security interest in funds turned over to the Gibson Trustee from a commodities account at ADM Investors Services. *Id.*, Exhibit A, ¶ 14.

4. Numerous parties objected to the Plan Injunction Motion. *See* Doc. Nos. 2504, 2505, and 2514 (the "Objections").

5. The Plan Injunction Motion and Objections contain statements which could impact issues in Adversary Proceeding 12-59149. Intrust moved to dismiss because, among other things, the ELC Trustee did not avoid the Alleged ELC-to-Gibson Transfers, and is time-barred from doing so now. Intrust's Motion to Dismiss the Amended Complaint is still pending. *See Knauer v. Intrust Bank, N.A.*, Adv. Pro. No. 12-59149, Doc. No. 41.

6. The Plan Injunction Motion and Objections do not seek any relief from this Court that will impact Intrust immediately. Intrust takes no position on the merits of the Plan Injunction Motion. The Court may grant or deny the motion without addressing the ELC Trustee's compliance with the applicable statute of limitations or the Debtor's interest, if any, in the funds turned over to the Gibson Trustee. To the extent the Court finds it necessary to address such issues, Intrust requests that those findings not prejudice its interest in the pending adversary proceeding, and Intrust reserves its rights, including, but not limited to, the right to seek to consolidate, or stay

any other adversary proceedings or contested matters relating to the Alleged ELC-to-Gibson Transfers.

WHEREFORE, Intrust requests that in any ruling on the Plan Injunction Motion or related Objections that this Court preserve Intrust's rights, claims, or defenses in the pending Adversary Proceeding No. 12-59149, and grant such other and further relief as necessary in the circumstances.

March 24, 2014                                        Respectfully submitted,

*/s/ Brian H. Meldrum*
Brian H. Meldrum (bmeldrum@stites.com)
Allen L. Morris (amorris@stites.com)
W. Robert Meyer (rmeyer@stites.com)
Brian R. Pollock (bpollock@stites.com)
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR INTRUST BANK, N.A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served through the ECF system this the 24th day of March, 2014, upon all parties entitled to such notice as provided by the ECF filing system.

*/s/ Brian H. Meldrum*
Brian H. Meldrum

969936:2:LOUISVILLE