UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 10-93904-BHL-11 |
| EASTERN LIVESTOCK CO., LLC, | : | (Judge Basil H. Lorch III) |
| Debtor. | : | |
| | : | **REPLY OF THE FIRST BANK AND TRUST COMPANY TO EASTERN LIVESTOCK TRUSTEE'S OBJECTION TO FIRST BANK'S MOTION TO MODIFY PLAN INJUNCTION** |
| | : | |
| | : | |
| | : | |
| | : | |

## I.    INTRODUCTION

First Bank and Trust Company ("First Bank") simply wants to move proceedings forward to conclusion and is not being litigious or disruptive.  Rather, First Bank has a valid, perfected, first priority security interest in certain funds that were held in commodity accounts in the name of Thomas Gibson (the "Commodity Account Funds") and which were recovered by the Trustee, Kathryn Pry (the "Gibson Trustee") in the Chapter 7 case of Thomas P. Gibson and Patsy M. Gibson, which case is currently pending in this Court as Case No. 10-93867-BHL-7A (the "Gibson Case").   The Gibson Trustee, however, cannot disburse the funds until such time as there is a judicial approval of their ownership, and First Bank is simply seeking judicial resolution as to the ownership of these funds.

First Bank will seek to obtain a determination of its rights to those funds in a proceeding in the Gibson Case in which all parties who could possibly assert an interest therein are named as parties, so that any determination in that proceeding will be binding on all such

parties.  Although First Bank does not believe that Eastern Livestock Co., LLC ("ELC") has an

interest in the Commodity Account Funds, First Bank nonetheless determined, out of an

abundance of caution, that it would be prudent to join ELC as a defendant in a proceeding in the

Gibson Case to ensure that all potentially necessary parties could be joined and a complete and

efficient determination could be made by the Court.  Thereafter, in the course of its due

diligence, First Bank determined that the provisions of the confirmed Eastern ELC Chapter 11

Plan (the "Plan") *might* prevent it from naming ELC as a party to an action in the Gibson Case

without the permission of this Court or consent of the ELC Trustee.  Of course, First Bank

promptly made several requests of counsel for the ELC Trustee to consent to this procedural

anomaly, but each such request went unanswered.  As a result, First Bank filed its Motion in this

Court, which is the subject of the objections raised by the ELC Trustee and Fifth Third Bank

("Fifth Third")

       Although the Motion articulates several reasons why First Bank believes that the

ELC Trustee does not have an interest in the Commodity Account Funds, the *only* relief sought

by First Bank in its Motion is the Court's permission to name ELC as a defendant in First Bank's

proposed complaint to be filed in the Gibson Case in order to have any such interest judicially

determined in the Gibson Case.  Despite all the reasoning why ELC may not claim an interest in

the funds, First Bank has not sought any determination of ELC's interest in First Bank's Motion –

any rights of ELC remain intact if the Court grants the relief requested.  A copy of First Bank's

proposed complaint was attached to its Motion as an Exhibit.  However, it appears from the

objections, particularly Fifth Third's Objection, that ELC and Fifth Third may have misconstrued

the Motion.  To be clear, the Motion does not seek any determination from the Court in this

Chapter 11 case regarding ELC's interest in the Commodity Account Funds; rather, First Bank seeks only the Court's leave to join ELC in a proceeding in the Gibson Case.

Nevertheless, as stated above, First Bank filed the simple procedural request because the Plan *might* prevent First Bank from adding ELC to the proceeding without modification of the Plan.  In light of the objections raised, however, it is now abundantly clear that, regardless of this Court's inherent power to modify the terms of that injunction, no modification is necessary, since the Court may grant the relief sought by First Bank by simply interpreting the Plan language, as opposed to modifying it.

A.    Additional Procedural Background

On January 4, 2011, Kathryn Pry (the "Gibson Trustee") filed a Motion for Turnover seeking turnover of certain financial accounts held by ADM Investor Services, Inc. ("ADMIS") and/or its affiliates (the "Turnover Motion") and alleging that certain accounts held by ADMIS were property of the Gibson estate and must be turned over to the Gibson Trustee for administration.  The Notice sent in connection with the Motion (Gibson Docket #51) indicates that both ELC counsel and its Trustee received notice of the Motion.  No objections to the Turnover Motion were filed and the Court entered an Order on January 12, 2011 granting the Turnover Motion.  [Gibson Docket No. 71].  As evidenced by the Gibson Trustee's Form 2 filed for the period ending March 29, 2011, the Gibson Trustee recovered a total of $1,234,267.68 in Commodity Account Funds from ADMIS.  That amount included $171,531.79, which was held in a separate account by ADMIS subject to a control agreement in favor of First Bank.

3

The Gibson Trustee has continued to hold the funds received from ADMIS at all times since those funds were turned over by ADMIS. As noted above, the ELC Trustee did not object to the turnover of these funds to the Gibson Trustee and to date has taken no action to assert an interest in those funds. However, the ELC Trustee did file a proof of claim on behalf of ELC in the Gibson Case [Claim 48-1] alleging, *inter alia*, that the Gibsons were the recipients of fraudulent transfers in an unspecified amount and were the recipients of preferential transfers from the Debtor totaling no less than $1,135,045,746.83 (the "ELC Proof of Claim").

The Statement of Claim attached to the ELC Proof of Claim contains no information whatsoever from which one could possibly conclude that ELC claimed any interest in the Commodity Account Funds. In addition, while the First Amended Disclosure Statement for the First Amended Chapter 11 Plan of Liquidation [Docket No. 1489] filed herein on October 26, 2012 contained a rather exhaustive summary of the assets of the ELC estate available to fund its proposed plan, it did not specifically assert any rights in the Commodity Account Funds held by the Gibson Trustee or reference any intended litigation with respect to the funds, making only one reference in a small footnote on page 39 of the First Amended Disclosure Statement, which stated that: "The trustee for the Gibson estate also seized certain funds in one of Tommy Gibson's brokerage accounts. The Trustee has not completed his investigation of ELC's claims to those funds."

During the course of First Bank's due diligence to determine the identity of all parties who might claim an interest in the proceeds of the Gibson's commodities accounts, First Bank reviewed the ELC Claim filed in the Gibson Case and, even though it did not refer to any specific claim of entitlement to the Commodity Account Funds, the fact that it referred to

unspecified fraudulent transfers and preferences alleged to have been made to the Gibsons, indicated a possible claim by Eastern to those funds.  The remaining claims asserted in ELC's proof of claim appeared to relate solely to unsecured claims made by ELC and therefore did not appear to be germane to any claim it could assert to the Commodity Account Funds. Accordingly, it appeared that ELC no longer intended to file an avoidance action relating to those funds by reason of Code Section 546(a).

Since neither ELC or its Trustee had taken any action to assert an interest in the commodity accounts in the nearly three (3) years since the ELC Order for Relief was entered, and having no reason to believe that ELC intended to insert an interest in the funds, First Bank reached out to the ELC Trustee's counsel on multiple occasions seeking to determine whether the ELC Trustee was willing to agree to the relief sought by the Motion prior to filing the Motion as evidenced by the emails attached hereto as Exhibit 1.  No reply was received from the ELC Trustee until the filing of the ELC Trustee's Objection to the Motion.

Notwithstanding the arguments raised by the ELC Trustee and Fifth Third in their objections, the only issue before the Court is whether the terms of the ELC Plan bar First Bank from naming ELC as a defendant pursuant to its proposed complaint and, if so, whether the Court may modify those provisions of the Plan.  The alternative of First Bank obtaining an adjudication of its rights to the Commodity Account Funds in the Gibson Case in which ELC is not a party could leave First Bank, and potentially other parties, open to a possible second action if ELC decides it ever wishes to assert some rights.  Such a bifurcated proceeding makes no sense from an administrative perspective, and the interests of judicial economy would clearly be

served by having the rights to the funds in question determined in a single proceeding in the

Gibson Case where the funds are held.

II.    ARGUMENT

   A.    The ELC Plan Does Not Prevent ELC From Being Named as a Defendant to an
         Action in the Gibson Case

      The ELC Trustee first argues that the Court may not modify the language of the

Plan Injunction found in Section 7.5 of its confirmed Chapter 11 Plan based on Section 1127 of

the Code which, as the ELC Trustee asserts, requires that a modification be sought by the

proponent of the Plan.  The limitations on modifying a Chapter 11 Plan set forth in the Code are

premised on the concept that a Chapter 11 Plan is a contract between the Debtor and its creditors

and thus should not be subject to modification in circumstances where a contract would not

otherwise be subject to modification.  Thus, as with a contract, courts distinguish modification of

a Plan from  their ability to clarify a plan where a plan is silent or ambiguous, and/or interpret

plan provisions to further equitable concerns.  See e.g., Beal Bank v. Jack's Marine, Inc., 201

B.R. 376, 380 (E.D. Pa. 1996); Terex Corp. v. Metropolitan Life Insurance Co., 984 F.2d 170,

173 (6th Cir. 1993), particularly where the substantive rights of the claimants remain unchanged.

In re Johns-Manville Corporation, 920 F.2d at 128-29.  As discussed in greater a detail below, a

literal reading of the language of Section 7.5 of ELC's confirmed Chapter 11 Plan does not bar a

determination of ELC's interest, if any, in the Commodity Account Funds in the Gibson Case.

      Moreover, courts have inherent power to exercise their power over the injunctive

provisions of a Chapter 11 Plan notwithstanding the contractual basis that otherwise underlies

the enforceability of a Plan.  "Any court that issues an injunction has the authority to modify the

6

injunction for good cause on the motion of a person adversely affected by it. Hendrix, 986 F.2d
at 198." Pettibone Corp. v. Hawxhurst, 163 B.R. 989, 996 (N.D. Ill. 1994), aff'd, 40 F.3d 175
(7th Cir. 1994). See also In re Shondel, 950 F.2d 1301, 1304 (7th Cir. 1991). Although these
cases involved the statutory bankruptcy discharge injunction, if a bankruptcy court possesses the
inherent power to modify a statutory injunction as the foregoing cases indicate, then it stands to
reason that a bankruptcy court possesses the inherent authority to modify a contractually-based
injunction for good cause on the motion of a person adversely affected by it.

       In any event, regardless of the Court's inherent power to modify a plan injunction,
Article 7.5 of the ELC Plan indicates that it does not bar a determination of ELC's claims to the
Commodity Account Funds in a single proceeding in the Gibson Case. The first sentence of
Article 7.5 of the Plan is effectively summarized by the second sentence, which reads "This
injunction applies to any action or proceeding that affects or seeks possession of Property of the
Estate." However, the language of Article 7.5 creates an exception to that injunction to the
extent that there is a dispute over whether "any particular asset is Property of the Estate, such
dispute is not affected by this injunction until such dispute is resolved." Since the Debtor's
Objection suggests that there may be a dispute regarding whether the Commodity Account Funds
may be Property of the Estate, the final sentence of Article 7.5 applies, which provides that any
such dispute "shall be brought and prosecuted only in the Bankruptcy Court, subject to any
jurisdictional limitation." (Emphasis added).

       ELC's Chapter 11 Plan contains 104 defined terms. The term "Bankruptcy Court"
is not one of those defined terms. In contrast, the term "Chapter 11 Case" is defined in Article
2.18 of the Plan and "means the Chapter 11 Case of the Debtor pending in the Court and

captioned as In re ELC Livestock Co., LLC, Case No. 10-93904-BHL-11." Thus, had the ELC Plan intended to contractually limit the forum available to third parties to prosecute a dispute relating to Property of the Estate to the ELC case, the Debtor could have drafted Article 7.5 to provide that such disputes be prosecuted only in the "Chapter 11 Case" as opposed to only in the "Bankruptcy Court." Thus, the literal language of Article 7.5 permits First Bank to file its Complaint relating to the Commodity Account Funds in the Gibson Case, even if it involves Property of the Estate, since such action will be prosecuted in the Bankruptcy Court. Even if the clause is ambiguous, the interests of judicial economy will be clearly served by determining the rights of all parties to the Commodity Account Funds in a single proceeding in the Gibson Case.

Moreover, if, as the ELC Trustee asserts, the filing of its proof of claim in the Gibson was tantamount to the filing of a complaint asserting an interest in the Commodity Account Funds, then by filing its claim in the ELC Case, the ELC Trustee has already submitted the determination of its interest in those funds to the jurisdiction of the Bankruptcy Court in the Gibson Case. Having submitted to the jurisdiction of that Court, the ELC Trustee is estopped from arguing that its Plan prevents the Gibson Court from making a determination of ELC's interest in those funds.

B.    First Bank's Motion Does Not Violate The Provisions of the Settlement Agreement Between First Bank and ELC

The ELC Trustee next suggests that the filing of the Motion before the Court violates the terms of the settlement agreement between First Bank and the Trustee pursuant to which First Bank agreed not to participate in the ELC Case. First Bank filed its Motion only after the ELC Trustee's counsel failed to respond to First Bank's repeated efforts to seek the ELC

Trustee's consent to the relief sought by the Motion.  First Bank's only purpose in filing its Motion was to seek this Court's permission to join ELC in the Gibson Case in order to avoid any need to participate in the ELC Case.  Had First Bank not filed its Motion, based on the position taken by the ELC Trustee in his objection, ELC would likely have alleged contempt had First Bank filed its proposed complaint in the Gibson Case naming ELC as a party.  The position taken by the ELC Trustee in response to First Bank's Motion would force First Bank to participate in the ELC Case in order to protect its rights in the event that ELC would bring a subsequent action in the ELC Case to determine ELC's interest in the Commodity Account Funds that First Bank seeks to have determined in the Gibson Case.

A review of the settlement agreement [Docket No. 1498-1] makes it clear that First Bank's agreement not to participate was limited to participation in the ELC Case, since it referred participation in "the Chapter 11 Case" and the Gibson Case is a Chapter 7 Case. Indeed, the Settlement Agreement recognized that First Bank and the ELC Trustee could remain adverse with respect to funds that were not part of the Chapter 11 Case, including the funds that were seized and held by the Department of Agriculture and which are the subject of a separate forfeiture proceeding and contemplated the use of "best efforts" with respect to that resolution. Even if the instant motion could be construed as some technical "participation" violation of literal settlement language, a party enjoys qualified immunity to seek to protect its own legal interests.

First Bank's actions in seeking a determination of its rights to the Commodity Account Funds are not overly litigious as the ELC Trustee alleges. The Gibsons granted First Bank a security agreement in all of their commodity accounts. First Bank's proposed complaint

is the kind of action routinely taken by secured creditors whose collateral is in the possession of

a Chapter 7 Trustee where the secured creditor and the Chapter 7 Trustee are otherwise unable to

agree on the secured creditor's rights to its collateral. One of the primary functions of a

Bankruptcy Court is to resolve disputes of this nature and First Bank merely seeks to achieve

some progress toward resolution of an Estate now approaching its fourth year.

      C.      **Although First Bank Believes That Section 546(a) Would Bar ELC from Bringing an Avoidance Action Relating to the Commodity Account Funds, the Motion Does Not Seek a Determination on That Issue**

As indicated above, at the time First Bank filed its Motion, it was not clear

whether ELC intended to assert an interest in the Commodity Account Funds, in part based on

the ELC Trustee having effectively waived its claims to the Commodity Account Funds held by

the Gibson Trustee by failing to bring an action under Sections 544, 547, or 548 of the Code to

avoid a transfer of the funds deposited in Gibson's commodity accounts within the two-year time

period under Section 546(a) of the Code.  Although that issue is not before the Court for

determination at this time, the likelihood that ELC has waived its right to bring an avoidance

action may be a relevant consideration in determining in which case the issues relating to ELC's

interest in the Commodity Account Funds ought to be determined.

ELC's Objection asserts that its filing of a proof of claim in the Gibson Case

satisfied any applicable statute of limitations in establishing the Trustee's rights in the

Commodity Account Funds based on case law holding that the filing of a claim is tantamount to

the filing of a complaint in a civil action.  Even if this were correct, the proof of claim that the

ELC Trustee filed was not tantamount to the filing of a complaint seeking to avoid a transfer

from ELC to Gibson relating to the Commodity Account Funds.  Assuming, *arguendo*, that the

proof of claim was tantamount to filing a complaint, the proof of claim does not satisfy the pleading standards established by <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  Paragraphs 5 a. through 5 c. of the Statement of Claim attached to the Trustee's proof of claim identify certain transactions that the ELC Trustee may have constituted fraudulent transfers, however any mention of any transfer involving the Gibson commodity accounts is conspicuously absent from the list.  Paragraph 5 d. refers to transfers made to Gibson within a year of the bankruptcy, but there is no information as to the date of the transfers.  Thus, the proof of claim makes no plausible claim that funds that were in the Gibson commodity accounts were derived from any fraudulent transfer or other transfer made within a year of the filing of the petition.

More importantly, the fact that the Trustee did not view his filing of the Proof of Claim as tantamount to the filing of an avoidance action is established by the Trustee's own Statement of Claim attached to the ELC claim.  Paragraph 6 provides that:

> "The ELC Trustee is investigating the merits of these and other claims against the Gibsons and may commence an adversary proceeding to assert such claims.  However, the ELC Trustee needs to conduct further discovery of the Gibsons before proceeding."

If the ELC Claim was tantamount to instituting an avoidance action, there would have been no reason to reserve the right to file an avoidance action.  In any event, although the the ELC Trustee reserved the right to commence an adversary proceeding to assert a claim to the Commodity Account Funds held by the Gibson Trustee, the fact is that he did not commence an adversary proceeding within the two-year period under Section 546(a).

The ELC Trustee's proof of claim was nothing more than an unsecured claim in the Gibson Case.  If allowed, it would entitle the Trustee to a pro rata dividend in the Gibson case, and nothing more.  Thus, whether it is deemed allowed at this stage of the proceeding is irrelevant to the Trustee's attempt to avoid the application of Section 546(a).  Requiring the Trustee to seek relief from the stay and file a fraudulent transfer complaint against the Gibson Trustee does not nullify the Bankruptcy Code's claim filing and allowance provisions, as the Trustee alleges.  Apart from the provisions applicable to secured claims, the claim filing and allowance provisions applicable to unsecured claims have nothing to do with determining the rights of parties to specific property of the estate; instead, they merely determine the amount of a party's claims for purposes of determining the party's pro rata share of any distribution to unsecured creditors from the estate.  Allowance of the ELC Trustee's proof of claim in the Gibson Case will not result in the Trustee receiving one dime more than if his claim arose out of the sale of cattle. Indeed, the absurdity of the Trustee's position is evident from that fact if First Bank were to file its proposed complaint without naming ELC as a party and if Court determined that First Bank was entitled to the funds, the allowance of ELC's claim in the Gibson Case would not result in ELC receiving any distribution attributable to the Commodity Account Funds.

> D.    Although First Bank Believes That ELC Has No Basis for Asserting a Claim to the Commodity Account Funds Against the Gibson Trustee as a Custodian Under Section 543 and that the Gibson Trustee Likely Has an Affirmative Defense to any Claim Asserted Under Section 543, the Motion Does Not Seek a Determination of Those Issues

ELC's final objection relates to its claim that the Gibson Trustee is holding property of the ELC Estate that is subject to turnover under Section 542 and/or that the Gibson Trustee is holding the Commodity Account Funds in the capacity of a custodian for the benefit

of the ELC Estate and is obligated to turnover such property pursuant to Section 543.  However,

the Bankruptcy Code makes it clear that the Gibson Trustee is not a "custodian" within the

meaning of the Bankruptcy Code.  Code Section 101(11) provides:

> "The term "custodian" means –
>
> (A) receiver or trustee of any property of the debtor, appointed in a case or proceeding <u>not under this title</u> (emphasis added);
>
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
>
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or <u>for the purpose of general administration of such property for the benefit of the debtor's creditors</u>."  (emphasis added)

The Gibson Trustee is not a custodian within the meaning of subparagraph (A)

since the Gibson Trustee was appointed under Title 11.  Subparagraph (B) is inapplicable and

subparagraph (C) applies only if the trustee is appointed for the purpose of administering the

property "for the benefit of the debtor's creditors."  Here, the Gibson Trustee was appointed for

the purpose of administering the property for the benefit of the Gibsons' creditors, not ELC's

creditors.  The legislative history of Section 101(11) reveals a further flaw in the Trustee's

argument by making it clear that it is intended to apply to a pre-petition liquidator of a debtor's

property.  House Report No. 95-595, 95th Cong. 1st. Sess. 309-310 (1977).  Likewise, the

quotation from the Senate Report contained in the ELC Trustee's objection likewise refers to a

"custodian appointed before the bankruptcy case."

The Trustee's argument that ELC has a right of recovery under Section 542 is difficult to evaluate as it is dependent on the existence of a property right under non-bankruptcy law and the Trustee has never articulated the basis of any alleged property right in the funds that were held in Gibson's commodity accounts.  Indeed, the ELC Trustee has never asserted that ELC has such a property right; his objection merely indicates that it may have such a right.

Both the Trustee and Fifth Third suggest that some of the funds may have been derived from Gibson's well-publicized check-kiting scheme.  If that is the case, then perhaps the reason that the Trustee has failed to assert a timely claim for fraudulent conveyance is that the Trustee recognizes that the same *in pari delecto* defense that he recognized in his disclosure statement would likely bar any non-bankruptcy cause of action against Fifth Third Bank, and would also likely bar any claim of the estate to funds held by the Gibson Trustee to the extent that such funds were derived from a check-kiting scheme in which ELC and Gibson were co-conspirators.

III.    <u>CONCLUSION</u>

First Bank's Motion seeking this Court's permission to name ELC as a party to the proposed complaint to be filed in the Gibson Case should be granted.  The injunction contained in ELC's Plan does not enjoin the filing of the proposed complaint since it contains an exception relating to resolution of disputes by the "Bankruptcy Court" and the dispute that the proposed complaint seeks to resolve will be resolved by the Bankruptcy Court, albeit in the Gibson Case.  Even were the injunction deemed to bar such an action, the Court retains the inherent power to modify the injunction in the interests of justice.  First Bank's filing of its Motion does not constitute a breach of its agreement not to participate in the ELC Case.  The relief sought by the

Motion is the right to proceed with First Bank's proposed complaint in the Gibson Case without the prospect of having to defend potential contempt allegations from the Trustee. The Motion does not seek any determination whether ELC has any interest in the Commodity Account Funds. The purpose of naming Eastern as a defendant in the proposed complaint is to have its interest in those funds, if any, determined in the Gibson Case, not the ELC Case.

Respectfully submitted,

/s/ Bret S. Clement
_____
Bret S. Clement  (#3708-49)
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2184
Tel. 317-636-3471/Fax 317-636-6575
E-mail:  bclement@acs-law.com

Attorneys for The First Bank and Trust Company

## CERTIFICATE OF SERVICE

I certify that on the 24th day of March, 2014, I electronically filed the foregoing Reply of The First Bank and Trust Company to Eastern Livestock Trustee's Objection to First Bank's Motion to Modify Plan Injunction with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | John Hunt Lovell<br>john@lovell-law.net |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | Edward M King<br>tking@fbtlaw.com |
| Randall D. LaTour<br>rdlatour@vorys.com | John R. Carr, III<br>jrciii@acs-law.com | Bret S. Clement<br>bclement@acs-law.com |
| Terry E. Hall<br>terry.hall@faegrebd.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | John Frederick Massouh<br>john.massouh@sprouselaw.com |
| John W. Ames<br>james@bgdlegal.com | Robert Hughes Foree<br>robertforee@bellsouth.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com |
| Jeremy S Rogers<br>Jeremy.Rogers@dinslaw.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Deborah Caruso<br>dcaruso@daleeke.com |
| Meredith R. Thomas<br>mthomas@daleeke.com | William Robert Meyer, II<br>rmeyer@stites.com | Allen Morris<br>amorris@stites.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | James Bryan Johnston<br>bjtexas59@hotmail.com | James T. Young<br>james@rubin-levin.net |
| David L. LeBas<br>dlebas@namanhowell.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | John M. Thompson<br>john.thompson@crowedunlevy.com |
| Suzanne M Shehan<br>suzanne.shehan@kutakrock.com | John Huffaker<br>john.huffaker@sprouselaw.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com |
| Laura Day Delcotto<br>ldelcotto@dlgfirm.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com | Andrew James Vandiver<br>avandiver@aswdlaw.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Theodore A Konstantinopoulos<br>ndohbky@jbandr.com |
| Karen L. Lobring<br>lobring@msn.com | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Lisa Koch Bryant<br>courtmail@fbhlaw.net |

Elliott D. Levin
edl@rubin-levin.net

John M. Rogers
johnr@rubin-levin.net

John David Hoover
jdhoover@hooverhull.com

Sean T. White
swhite@hooverhull.com

Jay P. Kennedy
jpk@kgrlaw.com

John R. Burns
john.burns@faegrebd.com

Michael W. McClain
mike@kentuckytrial.com

William E Smith
wsmith@k-glaw.com

Kayla D. Britton
kayla.britton@faegrebd.com

James Edwin McGhee
mcghee@derbycitylaw.com

Thomas C Scherer
tscherer@bgdlegal.com

David A. Laird
david.laird@moyewhite.com

Amanda Dalton Stafford
ads@kgrlaw.com

Matthew R. Strzynski
mstrzynski@kdlegal.com

Trevor L. Earl
tearl@rwsvlaw.com

David Alan Domina
dad@dominalaw.com

Kent A Britt
kabritt@vorys.com

Joshua N. Stine
kabritt@vorys.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Amelia Martin Adams
aadams@dlgfirm.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Jason W. Cottrell
jwc@stuartlaw.com

Robert A. Bell
rabell@vorys.com

James E. Rossow
jim@rubin-levin.net

James B. Lind
jblind@vorys.com

Melissa S. Giberson
msgiberson@vorys.com

Steven A. Brehm
sbrehm@ bgdlegal.com

Anthony G. Raluy
traluy@fbhlaw.net

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Patrick B Griffin
pat.griffin@kutakrock.com

Jack S. Dawson
jdawson@millerdollarhide.com

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

Terry E. Hall
terry.hall@faegrebd.com

Jay Jaffe
jay.jaffe@faegrebd.com

James A. Knauer
jak@kgrlaw.com

Erick P. Knoblock
eknoblock@daleeke.com

Harmony A. Mappes
harmony.mappes@faegrebd.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Niccole R. Sadowski
nsadowski@thbklaw.com

Eric C. Redman
ksmith@redmanludwig.com

Joe T. Roberts
jratty@windstream.net

Joseph H. Rogers
jrogers@millerdollarhide.com

James E. Smith
jsmith@smithakins.com

Christopher E. Baker
cbaker@thbklaw.com

Andrew D. Stosberg
astosberg@lloydmc.com

Kevin M. Toner
kevin.toner@faegrebd.com

Andrea L. Wasson
andrea@wassonthornhill.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Eric W. Richardson
ewrichardson@vorys.com

Joshua Elliott Clubb
joshclubb@gmail.com

Jennifer Watt
jwatt@kgrlaw.com

Joe Lee Brown
Joe.Brown@Hardincounty.biz

Ben T. Caughey
ben.caughey@icemiller.com

William K. Flynn
wkflynn@strausstroy.com

Thomas P. Glass
tpglass@strausstroy.com

Stephen E. Schilling
seschilling@strausstroy.com

Michael Benton Willey
michael.willey@ag.tn.gov

Kay Dee Baird
kbaird@kdlegal.com

David W. Brangers
dbrangers@lawyer.com

Chrisandrea L. Turner
clturner@stites.com

Paul M. Hoffman
phoffmann@stinson.com

Martha R. Lehman
mlehman@kdlegal.com

Scott R. Leisz
sleisz@bgdlegal.com

Brian H. Meldrum
bmeldrum@stites.com

Kevin J. Mitchell
kevin.mitchell@faegrebd.com

Terrill K. Moffett
kendalcantrell@moffettlaw.com

Natalie Donahue Montell
nmontell@bgdlegal.com

Erin Casey Nave
enave@taftlaw.com

Matthew Daniel Neumann
mneumann@hhclaw.com

Brian Robert Pollock
bpollock@stites.com

Steven Eric Runyan
ser@kgrlaw.com

Chad Duane Wuertz
chad@wuertzlaw.com

/s/ Bret S. Clement

_____

Bret S. Clement

**Exhibit 1**

**John Carr**

| | |
|---|---|
| **From:** | Bret Clement |
| **Sent:** | Tuesday, December 31, 2013 1:18 PM |
| **To:** | Hall, Terry E. (Terry.Hall@bakerd.com) |
| **Cc:** | jrciii@acs-law.com |
| **Subject:** | Gibson Commodity Accounts |
| **Attachments:** | MOTION TO MODIFY AUTOMATIC STAY AND PLAN INJUNCTION TO PERMITNAMING.doc |

Terry

        We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts.  For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any.  However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

        Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case.  To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion.  Please let John or I know whether you or willing to enter into an agreed entry.

        Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204



**PRIMERUS MEMBER**

* * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:                                )
                                      )
EASTERN LIVESTOCK CO., LLC,           )       CASE NO. 10-93904-BHL-11
                                      )
        Debtor.                       )

## MOTION TO MODIFY AUTOMATIC STAY AND PLAN INJUNCTION TO PERMIT NAMING DEBTOR AS A DEFENDANT IN COMPLAINT TO DETERMINE VALIDITY, EXTENT, AND PRIORITY OF LIENS AND FOR ORDER DIRECTING PAYMENT OF COMMODITIES ACCOUNT PROCEEDS TO THE FIRST BANK AND TRUST COMPANY FOR PURPOSE OF ASSERTING DEBTOR'S INTEREST, IF ANY, THEREIN

The First Bank and Trust Company ("First Bank"), by counsel, for its Motion to Modify Automatic Stay and Plan Injunction to Permit Naming Debtor as a Defendant in Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company for Purposes of Asserting Debtor's Interest, if any, Therein, states as follows:

1.      First Bank is a secured creditor of Thomas P. Gibson and Patsy M. Gibson (the "Gibsons").  The Gibsons filed a Chapter 7 Case on December 1, 2010, which case is currently pending in this Court as Case No. 10-93867-BHL-7A (the "Gibson Case").

2.      First Bank intends to file a Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to The First Bank and Trust Company (the "Proposed Complaint") in the Gibson Case.   A copy of the Proposed Complaint is attached hereto and made a part hereof as Exhibit "A".

3.      The Chapter 11 Trustee for Eastern Livestock Co., LLC (the "Debtor") filed a proof of claim for the Debtor in the Gibson Case [Claim 48-1] alleging, among other things, that the Gibsons were the recipients of fraudulent transfers in an unspecified amount and were the

recipients of preferential transfers from the Debtor totaling no less than $1,135,045,746.83 (the "ELC Proof of Claim"). The ELC Proof of Claim contained no itemization of the transfers alleged to be fraudulent or preferential or any other information from which one could possibly determine whether a specific transfer was included in the more than a billion dollars of transfers alleged to be fraudulent and/or preferential. Consequently, it is not possible to determine from the ELC Proof of Claim whether any funds that were used to acquire commodities contracts held in the commodities accounts that are the subject of the Proposed Complaint involved transfers included in the transfers alleged to be fraudulent or preferential transfers in the ELC Proof of Claim.

4.      Pursuant to Section 546(a) of the Code, the two (2) year time period in which the Debtor could have commenced an action under Sections 544, 547, or 548 of the Code to avoid a transfer has expired. The Debtor has not withdrawn or otherwise amended the ELC Proof of Claim notwithstanding the lapse of the time period set forth in Section 546(b) of the Code.

5.      Pursuant to Section 101(a)(5) of the Code, a claim is defined as a right to payment. While a transferee of a transfer that is avoided under Sections 544, 547, or 548 may liable for a monetary amount to the extent set forth in Section 550 of the Code, the avoidance of the transfer that gives rise to such liability is a condition precedent to the existence of any such liability. Consequently, the Debtor has no right to payment from the Gibson estate due to its failure to bring an action to avoid any transfer alleged to be a fraudulent and/or preferential transfer within the time limits set forth in Section 546(b) of the Code.

6.      Article 7.5 of the Trustee's Chapter 11 Plan of Liquidation (the "Plan"), confirmed by the this Court's Order dated December 17, 2012, enjoins any person from

"commencing . . . any action or proceeding (whether directly, indirectly, derivatively or otherwise) on account of or respecting any Claim, debt, interest or right of Debtor as well as on account of or respecting any Cause of Action or Bankruptcy Cause of Action which the Trustee retains sole and exclusive authority to pursue in accordance with this Plan."

7.     In addition, Article 7.6 of the Plan provides that "Unless otherwise provided herein or by an order of the Court, all injunctions or stays provided for in the Chapter 11 Case pursuant to Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until all distributions required to be made under this Plan have been made."

8.     Since the time limit set forth in Section 546(b) of the Code is not jurisdictional, any determination by this Court in the Gibson Case that First Bank or any other party is entitled to the funds in the commodities accounts that are the subject of the Proposed Complaint would be subject to the claims, if any, of the Debtor unless the Debtor is named as a defendant in the Proposed Complaint to answer as to its interest, if any, therein.

9.     As indicated above, First Bank does not believe that the Debtor can successfully assert a claim to any funds that were in held in the commodities accounts that are the subject of the Proposed Complaint by reason of the Debtor's failure to commence an adversary proceeding under Sections 544, 547, or 548 of the Bankruptcy Code within the time period set forth in Section 546(b) of the Code.

10.     Although the Debtor's alleged claims included in its ELC Proof of Claim could be asserted claims by way of set off against any claims that the Gibson Trustee   might have brought against the Debtor, the issues raised by the Proposed Complaint are not likely to result in the

-3-

Gibson Trustee asserting a cross-claim against the Debtor that the Debtor's alleged claims could set off against.

11.      Moreover, since the time in which an action under Sections 544, 547, or 548 had already passed as of the date that the Debtor's Plan was confirmed, it is unlikely that the intent of Article 7.6 of the Plan was to prevent third parties from determining their respective rights to funds as to which the only interest of the Estate was a time barred claim; rather, the intent was to protect those pending claims as to which the Estate had timely asserted its interest.

WHEREFORE, First Bank respectfully requests that the Court enter an Order as contemplated by Article 7.6 of the Plan to authorize First Bank to name the Debtor as a defendant in its Proposed Complaint to answer to its interest, if any, in the proceeds held by the Gibson's Trustee from the commodities accounts that are the subject of the Proposed Complaint.

/s/ Bret S. Clement

Bret S. Clement   (#3708-49)
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN   46204-2184
Tel. 317-636-3471/Fax 317-636-6575
E-mail:   bclement@acs-law.com

-4-

**John Carr**

| | |
|---|---|
| **From:** | John Carr |
| **Sent:** | Thursday, January 09, 2014 12:19 PM |
| **To:** | 'Terry.Hall@bakerd.com' |
| **Subject:** | FW: Gibson Commodity Accounts |
| **Attachments:** | MOTION TO MODIFY AUTOMATIC STAY AND PLAN INJUNCTION TO PERMITNAMING.doc |

Terry:

Have you had a chance to consider this matter yet? Bret and I would rather reach agreement with the ELC estate, or agree to disagree, whichever. We are being pressed to move forward as the Gibson estate is now beginning to wind down towards closure.

Haven't talked to you in forever. Hope you are doing good.

John


John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



* * * * * * * *NOTICE * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)

**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

      We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts.  For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any.  However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

      Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case.  To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion.  Please let John or I know whether you or willing to enter into an agreed entry.

      Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204



**PRIMERUS MEMBER**

* * * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

## John Carr

| | |
|---|---|
| **From:** | Hall, Terry E. <Terry.Hall@FaegreBD.com> |
| **Sent:** | Thursday, January 09, 2014 4:55 PM |
| **To:** | John Carr |
| **Subject:** | RE: Gibson Commodity Accounts |

Hi John – I had forgotten this (and actually don't remember).  Let me check.

**Terry E Hall**
*Partner*
terry.hall@FaegreBD.com

**Direct:**  +1 317 237 1230
**FAX:**    +1 317 237 8418
**Mobile:** +1 317 370 7583

FaegreBD.com  Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA
Firm 317 237 0300

> **From:** John Carr [mailto:jrciii@acs-law.com]
> **Sent:** Thursday, January 09, 2014 12:19 PM
> **To:** Hall, Terry E.
> **Subject:** FW: Gibson Commodity Accounts
>
> Terry:
>
> Have you had a chance to consider this matter yet? Bret and I would rather reach agreement with the ELC estate, or agree to disagree, whichever. We are being pressed to move forward as the Gibson estate is now beginning to wind down towards closure.
>
> Haven't talked to you in forever. Hope you are doing good.
>
> John

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



* * * * * * * * *NOTICE* * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)
**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

    We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts. For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any. However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

    Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case. To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion. Please let John or I know whether you or willing to enter into an agreed entry.

    Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204

* * * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not

intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

## John Carr

| | |
|---|---|
| **From:** | Hall, Terry E. <Terry.Hall@FaegreBD.com> |
| **Sent:** | Wednesday, January 15, 2014 2:45 PM |
| **To:** | John Carr |
| **Subject:** | RE: Gibson Commodity Accounts |

John – I have asked Kevin Toner and Dustin about this – let me check with them again.

**Terry E Hall**
*Partner*
terry.hall@FaegreBD.com

**Direct:**  +1 317 237 1230
**FAX:**     +1 317 237 8418
**Mobile:** +1 317 370 7583

FaegreBD.com   Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA
Firm 317 237 0300

> **From:** John Carr [mailto:jrciii@acs-law.com]
> **Sent:** Thursday, January 09, 2014 12:19 PM
> **To:** Hall, Terry E.
> **Subject:** FW: Gibson Commodity Accounts
>
> Terry:
>
> Have you had a chance to consider this matter yet? Bret and I would rather reach agreement with the ELC estate, or agree to disagree, whichever. We are being pressed to move forward as the Gibson estate is now beginning to wind down towards closure.
>
> Haven't talked to you in forever. Hope you are doing good.
>
> John

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



PRIMERUS
MEMBER

* * * * * * * * *NOTICE* * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)
**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

     We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts.  For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any.  However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

     Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case.  To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion.  Please let John or I know whether you or willing to enter into an agreed entry.

     Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204

* * * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not

intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

## John Carr

**From:** John Carr
**Sent:** Wednesday, January 15, 2014 2:50 PM
**To:** 'Hall, Terry E.'
**Subject:** RE: Gibson Commodity Accounts


Thanks, Terry.



John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



\* \* \* \* \* \* \* \* *NOTICE* \* \* \* \* \* \* \* \* \*

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Hall, Terry E. [mailto:Terry.Hall@FaegreBD.com]
**Sent:** Wednesday, January 15, 2014 2:45 PM
**To:** John Carr
**Subject:** RE: Gibson Commodity Accounts

John – I have asked Kevin Toner and Dustin about this – let me check with them again.

**Terry E Hall**
*Partner*
terry.hall@FaegreBD.com

**Direct:**  +1 317 237 1230
**FAX:**  +1 317 237 8418
**Mobile:** +1 317 370 7583

1

FaegreBD.com  Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA
Firm 317 237 0300

**From:** John Carr [mailto:jrciii@acs-law.com]
**Sent:** Thursday, January 09, 2014 12:19 PM
**To:** Hall, Terry E.
**Subject:** FW: Gibson Commodity Accounts

Terry:

Have you had a chance to consider this matter yet? Bret and I would rather reach agreement with the ELC estate, or agree to disagree, whichever. We are being pressed to move forward as the Gibson estate is now beginning to wind down towards closure.

Haven't talked to you in forever. Hope you are doing good.

John

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



PRIMERUS
MEMBER

* * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)

2

**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

      We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts.  For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any.  However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

      Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case.  To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion.  Please let John or I know whether you or willing to enter into an agreed entry.

      Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204

* * * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

## John Carr

**From:** John Carr
**Sent:** Monday, January 27, 2014 10:54 AM
**To:** 'Hall, Terry E.'
**Subject:** RE: Gibson Commodity Accounts

Terry:

Have we heard back from Kevin or Dustin?

John

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



* * * * * * * * *NOTICE* * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Hall, Terry E. [mailto:Terry.Hall@FaegreBD.com]
**Sent:** Wednesday, January 15, 2014 2:45 PM
**To:** John Carr
**Subject:** RE: Gibson Commodity Accounts

John – I have asked Kevin Toner and Dustin about this – let me check with them again.

**Terry E Hall**
*Partner*
terry.hall@FaegreBD.com

**Direct:**  +1 317 237 1230
**FAX:**     +1 317 237 8418
**Mobile:** +1 317 370 7583

FaegreBD.com   Download vCard

**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street
Suite 2700
Indianapolis, IN 46204, USA
Firm 317 237 0300

**From:** John Carr [mailto:jrciii@acs-law.com]
**Sent:** Thursday, January 09, 2014 12:19 PM
**To:** Hall, Terry E.
**Subject:** FW: Gibson Commodity Accounts

Terry:

Have you had a chance to consider this matter yet? Bret and I would rather reach agreement with the ELC estate, or agree to disagree, whichever. We are being pressed to move forward as the Gibson estate is now beginning to wind down towards closure.

Haven't talked to you in forever. Hope you are doing good.

John

John R. Carr III
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN  46204-2186
Tel. 317-636-3471
Fax 317-636-6575
Email: jrciii@acs-law.com
Website:  www.acs-law.com



* * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 9-2007), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement.

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)
**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts. For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any. However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case. To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion. Please let John or I know whether you or willing to enter into an agreed entry.

Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204

* * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement

**John Carr**

| | |
|---|---|
| **From:** | Bret Clement |
| **Sent:** | Friday, January 31, 2014 1:29 PM |
| **To:** | Terry.Hall@bakerd.com |
| **Cc:** | jrciii@acs-law.com |
| **Subject:** | FW: Gibson Commodity Accounts |
| **Attachments:** | MOTION TO MODIFY AUTOMATIC STAY AND PLAN INJUNCTION TO PERMITNAMING.doc |

Terry

     We really need to get the ball rolling towards getting a resolution of the rights in commodities funds in the Gibson case. To that end we are going to go ahead and file the motion in the ELC case that we previously provided a draft of to you. Notwithstanding the filing of the motion, we continue to believe that an agreed entry makes sense to all parties concerned and we look forward to hearing from you in that regard.

Bret Clement

**From:** Bret Clement
**Sent:** Tuesday, December 31, 2013 1:18 PM
**To:** Hall, Terry E. (Terry.Hall@bakerd.com)
**Cc:** jrciii@acs-law.com
**Subject:** Gibson Commodity Accounts

Terry

     We intend to file a complaint in the Gibson case to determine who is entitled to the approximately $1.2 million in funds that the Gibson trustee recovered from the Gibson's commodity accounts. For the reasons indicated in the attached motion, we believe that it is necessary to join Eastern Livestock as a party to the complaint to answer as to its interests in the funds, if any. However, as set forth in the motion, the provisions of Eastern's Plan prohibit us from doing so in the absence of a court order in the Eastern case.

     Since the funds are being held by the Gibson Trustee, it appears to make sense to have all claims to those funds that could be asserted be determined in a single proceeding in the Gibson case. To that end, we were hoping that the Eastern might be willing to enter into an agreed entry relating to the relief sought in the attached motion. Please let John or I know whether you or willing to enter into an agreed entry.

     Best wishes for a happy new year from John and I.

Bret S. Clement
Ayres Carr & Sullivan, P.C.
251 East Ohio Street, Suite 500
Indianapolis, IN 46204



* * * * * * * * NOTICE * * * * * * * * *

This message (and any attachments) may contain confidential or privileged information, including, without limitation, information protected by the attorney-client and attorney work-product privileges, or information exempt or prohibited from disclosure under applicable law. This message is transmitted only for its intended recipient(s) and is not intended for any other person or entity. If you are not an intended recipient, or should this message (and any attachments) have been addressed to you in error, you are notified that

1

the dissemination, distribution, copying or other use of this message (and any attachments) for any purpose is strictly prohibited. If you are not an intended recipient, or if this message has been addressed to you in error, we ask that you delete this message (and any attachments), including all copies, without any dissemination thereof, and notify the sender by return e-mail or by phone at 317-636-3471. Delivery to any person other than the intended recipient(s) shall not waive confidentiality or any privilege.

Consistent with Treasury Department Circular No. 230 (Rev. 6-2005), we are required to advise you that any federal tax advice contained in this document, including any attachments hereto, does not constitute a "reliance opinion" and is not intended or written by us to be used, nor may it be used, by anyone, for the purpose of avoiding federal tax penalties imposed under Section 6662A of the Internal Revenue Code, or for promoting, marketing, or recommending to another person or entity any tax-related matters addressed herein.

Any personal message transmitted by the sender expresses the views of the sender only, and is not to be attributed to Ayres Carr & Sullivan, P.C., and may not be copied or distributed without this statement