SO ORDERED: April 3, 2014.



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Basil H. Lorch III |
| | ) | |

**ORDER ON MOTION TO MODIFY PLAN INJUNCTION**

This matter came before the Court on the Motion to Modify Plan Injunction to Permit Naming Debtor as a Defendant in Complaint to Determine Validity, Extent, and Priority of Liens and for Order Directing Payment of Commodities Account Proceeds to the First Bank and Trust Company for Purposes of Asserting Debtor's Interest, If Any, Therein [Dkt. #2476] (the "Motion") filed by The First Bank and Trust Company ("First Bank"), the Objection and Response of Fifth Third Bank to the Motion [Dkt. #2504] (the "Fifth Third Objection") filed by Fifth Third Bank ("Fifth Third"), the Eastern Livestock Trustee's Objection to First Bank's Motion to Modify Plan Injunction [Dkt. # 2505] (the "ELC Trustee Objection" and, together

with the Fifth Third Objection, collectively, the "Objections"), filed by Trustee James A. Knauer (the "Trustee"), the Response to the Objections to the Motion [Dkt. #2514] (the "ADM Response") filed by creditors Larry Zein, Robert Rufenacht, Rufenacht Commodities, Inc. ("RCI"), and ADM Investor Services, Inc. ("ADM"), the Reservation of Rights of Monty Koller Regarding First Bank's Motion to Modify Plan Injunction [Dkt. #2536] (the "Koller Response") filed by creditor Monty Koller, the Reservation of Rights of Intrust Bank Regarding First Bank's Motion to Modify Plan Injunction [Dkt. #2537] (the "Intrust Response" and, together with the ADM Response and the Koller Response, the "Responses") filed by creditor Intrust Bank, NA ("Intrust"), and the Reply of the First Bank and Trust Company to Eastern Livestock Trustee's Objection to First Bank's Motion to Modify Plan Injunction [Dkt. #2538] filed by First Bank (the "Reply").  The Court, having reviewed the Motion, the Objections, the Responses, and the Reply, and having heard the arguments of counsel at a hearing held March 26, 2014, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED:

1. The injunction contained at Article 7.5 (the "Injunction") of the Trustee's Chapter 11 Plan of Liquidation (the "Plan") shall <u>not</u> be modified.

2. The Injunction <u>does not</u> operate to prohibit the filing by First Bank of an adversary complaint in the chapter 7 case styled *In re Thomas P. Gibson and Patsy M. Gibson*, Case No. 10-93867-BHL-7, for the purpose of determining the validity, extent, and priority of liens in and to certain alleged commodities account proceeds, requesting payment from the alleged commodities account proceeds, or determining Mr. and /or Mrs. Gibson's interest in the alleged commodities account proceeds (if any) (the "Proposed Complaint").

3. An adversary proceeding may be commenced by First Bank's filing of the Proposed Complaint on or after June 1, 2014 and no earlier (the "Proposed Adversary Proceeding").

4. First Bank may join the Trustee and Fifth Third as defendants in the Proposed Adversary Proceeding.

5. Notwithstanding any language in this Order to the contrary, entry of this Order does not constitute an adjudication or determination of the merits of any substantive issue raised in or implicated by the Motion, the Objections, the Responses, or the Reply.

6. All rights, remedies, and arguments of First Bank, Fifth Third, the Trustee, Mr. Zein, Mr. Rufenacht, RCI, ADM, Mr. Koller, and Intrust not otherwise explicitly addressed pursuant to this Order are hereby reserved.

7. This Court shall retain exclusive jurisdiction to hear and determine all disputes arising out of the interpretation or implementation of this Order.

###