Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of April ___, 2014 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Southeast Livestock Exchange, LLC ("Southeast"). The Trustee and Southeast shall collectively be referred to herein as the "Parties."

### Recitals

A.  Certain petitioning creditors commenced a chapter 11 bankruptcy case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  The Trustee alleges that on or about October 29, 2010, Nichols, as branch manager and agent for Debtor, took delivery of 62 steers and 23 heifers ("Southeast Cattle") pursuant to a Cattle Purchase Agreement (the "Southeast Contract") between Debtor and a producer that had consigned cattle to Southeast for sale.

D.  In or around early November 2010, Robert Nichols and/or an entity wholly or partially-owned by Robert Nichols (collectively, "Nichols") paid Southeast $51,212.65 ("Southeast Transfer"), and the Trustee Alleges that this Southeast Transfer represents the amount due and owing from Debtor for the Southeast Cattle. The Southeast Transfer was made in the form of check #7257 dated November 9, 2010, drawn on a bank account in the name of "Nichols Livestock".

E.  Southeast filed a proof of claim (the "Southeast POC") in the Chapter 11 Case. The Southeast POC is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 382 and asserts an unsecured claim totaling $774,513.54. The Southeast POC includes claims to amounts at issue in Adversary Proceeding No. 11-59093 (the "Interpleader"). The Trustee filed an objection [Dock. No. 2114] (the "Objection") to the Southeast POC in the Chapter 11 Case.

F.  The Trustee filed Adversary Proceeding No. 12:59161 (the "AP Lawsuit") on December 27, 2012, naming Southeast as a defendant. In the AP Lawsuit, the Trustee seeks to, among other things, recover the Southeast Transfer, or the value thereof, from Southeast.

E.  Both Parties, in an effort to avoid the significant cost and expense of litigating the dispute and claims set forth above desire to settle the dispute and claims upon the terms and conditions set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

US.53971181.02

1. **Payment by Southeast.** Southeast agrees to pay the Trustee $13,500.00 (the "Settlement Amount") within five (5) days of the occurrence of the Effective Date (as defined in Paragraph 2 below). The payment shall be made by delivery to the Trustee of a check made payable to "James A. Knauer as chapter 11 trustee of Eastern Livestock Co., LLC" and should be mailed to: James A. Knauer, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, IN 46204-5125.

2. **Court Approval of Settlement; Effective Date.** This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date". The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3. **Stipulation of Dismissal; Withdrawal of Objection.** Within five (5) business days following the Trustee's receipt of the Settlement Amount from Southeast, the Trustee agrees to file with the Court (i) a Stipulation of Dismissal in the AP Lawsuit, dismissing all claims against Southeast with prejudice, and (ii) a withdrawal of the Objection. The Trustee's withdrawal of the Objection shall not impair or affect in any way the Trustee's rights to contest Southeast's claims in the Interpleader. Upon the withdrawal of the Objection, the Southeast POC shall be deemed an allowed general unsecured claim in the amount of $788,013.54 without the need for further action by Southeast or the Trustee; provided, however, the total allowed amount of the Southeast POC shall remain subject to reduction if and to the extent Southeast receives any recovery on account of the claims asserted in the Southeast POC from the Interpleader or from third parties (i.e., Debtor's GIPSA bond).

4. **Qualification; Authority.** Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

5. **Each of the Parties Bears Own Costs.** Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

6. **Successors and Assigns.** This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

7. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

8. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements,

US.53971181.02

whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

9. **Counterparts; Facsimile Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

10. **Agreement Nonseverable and Mutually Dependent.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

11. **No Admission of Fault or Liability.** This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party, nor as an admission as to the veracity of any factual allegations or merits of legal arguments by either party.

12. **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Southeast Livestock Exchange, LLC

By: _____
Its: MEMBER / MANAGER
Date: 4/18/14

James A. Knauer as Chapter 11 Trustee for the estate of Eastern Livestock Co., LLC

_____
Date: 4/15/14

US.53971181.02