UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE OF EASTERN LIVESTOCK CO., LLC | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. |
| | ) | |
| v. | ) | |
| | ) | |
| C. B. GILBERT a/k/a CLARENCE GILBERT, d/b/a 3 G CATTLE CO., and 3 G CATTLE CO., | ) ) ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his Complaint against C. B. GILBERT a/k/a CLARENCE GILBERT, and 3 G CATTLE CO., states as follows:

### Jurisdiction and Parties

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2. This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

1

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (e), (f), and (h).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant C. B. Gilbert a/k/a Clarence Gilbert d/b/a 3 G Cattle Co. is a resident of the State of Kentucky and 3 G Cattle Co., on information and belief, is a Kentucky limited liability corporation with its principal office located at 4374 Bloomfield Road, Taylorsville, Kentucky 40071-1099.

11. C. B. Gilbert a/k/a Clarence Gilbert d/b/a 3 G Cattle Co., and 3 G Cattle Co. are "persons" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

12. At all relevant times material hereto; Defendant C. B. Gilbert a/k/a Clarence Gilbert was doing business as 3 G Cattle Co., and Defendants were vendors, suppliers, or otherwise maintained a business relationship with ELC or its affiliates.

13. That from time to time from April 25, 2008 through April 1, 2010, the Defendants would receive loans, advances, and money had and received from the Plaintiff ELC, in an amount not less than $26,800.00. The loans, advances and money had and received were evidenced by a series of checks attached as Exhibit "A" (5 parts).

14. As of June 30, 2014, the amount due and owing to ELC under the loans, advances, and money had and received is a balance of not less than $19,700.00 plus all interest accruing.

## COUNT I – RECOVERY ON LOANS, ADVANCES, AND MONEY HAD AND RECEIVED

15. The Trustee incorporates the preceding paragraphs by reference.

16. ELC made certain loans and advances to Defendants or made payments on Defendants' behalf, which Defendants agreed to repay to ELC.

17. The Defendants have failed to repay amounts that ELC has advanced to them and/or paid on their behalf.

18. The Trustee demands immediate payment in full of all amounts due and owing for such unpaid loans, advances, and payments.

19. The outstanding balance of loans, advances, and money had and received that ELC made to Defendants and/or payments made on behalf of the Defendants is an amount not less than $19,700.00, plus interest thereon.

20. All conditions precedent to the Trustee's claims in this Count I have been performed, have occurred, or have been excused.

21. The Trustee is entitled to recover the outstanding balance from the Defendants, plus interest.

## COUNT II – UNJUST ENRICHMENT

22. This Count II is in the alternative to Count I.

23. The Trustee incorporates the preceding paragraphs by reference.

24. As described above, ELC made certain loans, advances, and money had and received to Defendants, which the Defendants agreed to repay ELC.

25. ELC conferred a benefit on Defendants by advancing funds to Defendants and/or by making payments on behalf of Defendants.

26. ELC advanced the funds to the Defendants and/or made the payments on behalf of Defendants at the Defendants' request.

27. The Defendants have failed to repay all amounts that ELC has advanced and/or paid on Defendants' behalf.

28. The Defendants has been unjustly enriched, to the detriment of the Debtor, in an amount not less than $19,700.00, plus interest thereon.

29. Plaintiff is entitled to recover an amount of no less than $19,700.00 from Defendants, plus interest thereon.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

### ON COUNT I

A.  Enter judgment against Defendants and in favor of Plaintiff on Count I in an amount of not less than $19,700.00;

### ON COUNT II

B.  Enter judgment against Defendants and in favor of Plaintiff on Count II in an amount of not less than $19,700.00;

C.  Enter judgment against Defendants in an amount commensurate with the extent to which the Defendants have been unjustly enriched to the detriment of ELC;

### ON ALL CLAIMS FOR RELIEF

D.  Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

E.  Fees and costs incurred by the Trustee in this suit; and

F.  Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By:  /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana  46204-5125
(317) 692-9000 Phone
(317) 777-7428 Fax