UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE | ) | |
| OF EASTERN LIVESTOCK CO., LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Proc. No. |
| v. | ) | |
| | ) | |
| SHAWN BREITSPRECHER, | ) | |
| BREITSPRECHER LIVESTOCK, L.L.C., AND 2 | ) | |
| B CATTLE COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC, by counsel, for his Complaint against Shawn Breitsprecher, Breitsprecher Livestock, LLC, and 2 B Cattle Company, Inc. (collectively "Defendants") states as follows:

**Jurisdiction and Parties**

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2.      This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

1

3. This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6. Pursuant to S.D. Ind. B-7008-1, the Trustee hereby consents to entry of final orders or judgments by the Bankruptcy Judge.

7. Eastern Livestock Co., LLC ("ELC" or "Debtor") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states. ELC was headquartered in New Albany, Indiana, with branch locations across several states.

8. Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010 (the "Petition Date"), by filing an involuntary petition for relief under the Bankruptcy Code. The Bankruptcy Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010.

9. On December 28, 2010, James A. Knauer ("Plaintiff" or "Trustee") was appointed as the Chapter 11 Trustee for ELC.

10. Defendant Shawn Breitsprecher is an individual residing at 1394 185th Avenue, Ossian, Iowa 52161-8072.

11. Shawn Breitsprecher is a "person" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

12. Defendant Breitsprecher Livestock, L.L.C. is an Iowa limited liability company with its principal office located at 102 S. Mary Street, Ossian, Iowa 52161.

13. Defendant 2 B Cattle Company, Inc. is an Iowa corporation with its principal office located at 102 S. Mary Street, Ossian, Iowa 52161.

14. Defendants Breitsprecher Livestock, L.L.C. and 2 B Cattle Company, Inc. are "persons" as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States.

15. At all relevant times material hereto, Defendants were doing business as vendors, suppliers, or otherwise maintained business relationships with ELC or its affiliates.

### Note

16. On or about May 7, 2009, the Defendants executed and delivered to ELC a Promissory Note whereby the Defendants promised to pay to ELC the original principal sum of $1,073,236.76 ("Note").  A copy of the Promissory Note is attached hereto, incorporated by reference herein, and marked as Plaintiff's **Exhibit A**.

17. The Trustee is entitled to enforce the payment of the Note on behalf of the bankruptcy estate of ELC.

18. The Note is payable on demand, and the Trustee demanded payment of the Note with interest on November 16, 2013.  A copy of the November 16, 2013 demand letter is attached hereto, incorporated by reference herein, and marked as Plaintiff's **Exhibit B**.

19. Despite the Trustee's demand, the Note Balance (as defined below) has not been repaid.

20. As of November 21, 2013, the amount due and owing to ELC under the Note is a principal balance of $1,073,231.76 plus all interest accruing after November 21, 2013, and all expenses and attorneys' fees incurred by the Trustee ("Note Balance").

**COUNT I – NOTE**

20. The Trustee incorporates the preceding paragraphs by reference.

21. The Defendants have not paid any part of the Note or the interest due thereon.

22. The Defendants are in default of payment of the Note for failure to pay as described above.

23. The Trustee demands immediate payment in full.

24. The Defendants have failed or neglected to pay the indebtedness as evidenced by the Note.

25. As a result of the Defendants' default, ELC has suffered damages.

26. All conditions precedent to the Trustee's claims in this Count I have been performed, have occurred, or have been excused.

**COUNT II – RECOVERY ON LOANS AND ADVANCES**

27. This Count II is in the alternative to Count I.

28. The Trustee incorporates the preceding paragraphs by reference.

29. On or about May 7, 2009, ELC made certain loans and advances to Defendants or made payments on Defendants' behalf, which Defendants agreed to repay to ELC.

30. The Defendants have failed to repay all amounts that ELC has advanced to him and/or paid on his behalf.

31. The Trustee demands immediate payment in full of all amounts due and owing for such unpaid loans, advances, and payments.

32. The outstanding balance of loans and advances that ELC made to Defendants and/or payments made on behalf of the Defendants is an amount not less than $1,073,231.76, plus interest thereon.

33. All conditions precedent to the Trustee's claims in this Count II have been performed, have occurred, or have been excused.

34. The Trustee is entitled to recover the outstanding balance from the Defendants, plus interest.

## COUNT III – UNJUST ENRICHMENT

35. This Count III is in the alternative to Counts I and II.

36. The Trustee incorporates the preceding paragraphs by reference.

37. As described above, ELC made certain loans and advances to Defendants, which the Defendants agreed to repay ELC.

38. ELC conferred a benefit on Defendants by advancing funds to Defendants and/or by making payments on behalf of Defendants.

39. ELC advanced the funds to the Defendants and/or made the payments on behalf of Defendants at the Defendants' request.

40. The Defendants have failed to repay all amounts that ELC has advanced and/or paid on Defendants' behalf.

41. The Defendants has been unjustly enriched, to the detriment of the Debtor, in an amount not less than $1,073,231.76, plus interest thereon.

42. Plaintiff is entitled to recover an amount of no less than $1,073,231.76 from Defendants, plus interest thereon.

THEREFORE, the Plaintiff requests that the Bankruptcy Court enter judgment in its favor and against Defendants as follows:

## ON COUNT I

A. Enter judgment against Defendants in the amount of the Note Balance, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the Note;

B. Award the Trustee costs and attorneys' fees as provided in the Note and by law;

## ON COUNT II

C. Enter judgment against Defendants and in favor of Plaintiff on Count II in an amount of not less than $1,073,231.76;

## ON COUNT III

D. Enter judgment against Defendants and in favor of Plaintiff on Count III in an amount of not less than $1,073.231.76;

E. Enter judgment against Defendants in an amount commensurate with the extent to which the Defendants have been unjustly enriched to the detriment of ELC;

## ON ALL CLAIMS FOR RELIEF

F. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

G. Fees and costs incurred by the Trustee in this suit; and

H. Such other and further relief as is necessary and proper.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy, Attorney No. 5477-49
Amanda D. Stafford, Attorney No. 30869-49
Counsel for James A. Knauer, Trustee
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125

6

(317) 692-9000 Phone
(317) 777-7428 Fax