## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Hon. Basil H. Lorch, III |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF SERVICE

COME NOW CPC Livestock, LLC; Alabama Livestock Auction, Inc.; Sealy And Sons Livestock, LLP; Ashville Stockyard, Inc.; Athens Stockyard, LLC; Billingsley Auction Sale, Inc.; Carroll County Livestock Sales Barn, Inc.; E4 Cattle Co., LLC; Ed Edens; Macon Stockyards, Inc.; Edwin A. Strickland d/b/a Strickland Farms; Robert Rawls d/b/a Robert Rawls Livestock; Peoples Livestock Auction, Inc.; Ernie Elder; Vernon Inman; 2Z Cattle; and Glen Franklin (collectively, "Livestock Creditors") to give NOTICE OF SERVICE of Third Party Subpoena Duces Tecum on WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A., Minneapolis, MN, VA, a copy of which is attached as **Exhibit 1**.

Respectfully submitted this 28th day of July 2014,

                                             /s/ W. Scott Newbern
                                             W. Scott Newbern
                                             W. SCOTT NEWBERN, PL
                                             2982 East Giverny
                                             Tallahassee, FL 32309
                                             (T) 850.591.1707
                                             (F) 850.894.0871
                                             wsnewbern@msn.com

                                             COUNSEL FOR LIVESTOCK
                                             CREDITORS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

/s/ W. Scott Newbern
W. SCOTT NEWBERN

# Exhibit 1

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN District of INDIANA

In re Eastern Livestock Co., LLC
Debtor

Case No. 10-93904-BHL-11

Chapter 11

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Gary Heck, Senior Company Counsel, Wells Fargo & Company, 90 South 7th Street, Minneapolis, NM  55402

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| W. Scott Newbern, PL, 2982 East Giverny, Tallahassee, FL 32309 | On or before August 8, 2014 |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 22. 2014

CLERK OF COURT                                              W. SCOTT NEWBERN, PL

                                                                                OR

_____                         /s/ W. Scott Newbern, Esq.
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*
                                                                       By: W. Scott Newbern, Esq.

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | CASE NO. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch, III |
| | ) | |
| | ) | |

# EXHIBIT A

## THIRD PARTY SUBPOENA DUCES TECUM
## FOR INFORMATION AND RECORDS

TO:   Gary Heck
Senior Company Counsel
Wells Fargo & Company
90 South 7th Street
Minneapolis, MN  55402

Documents requested below may be produced in standard electronic portable document format (.pdf) or other format agreed upon instead of paper copies.

### DEFINITIONS

A.   Unless otherwise stated in a particular request, "**You,**" "**Your**" or "**Wells Fargo**" shall mean WELLS FARGO & COMPANY and/or WELLS FARGO BANK, N.A., Minneapolis, MN, together with affiliates and subsidiaries, a/k/a "**Plaintiff**" in the "**Subject Action**" identified herein.

B.   "**Fifth Third**" means Fifth Third Bank, a national bank with headquarters located at 38 Fountain Square Plaza, Md., #10 at 76, Cincinnati, Ohio 45263 a/k/a "**Defendant**" in the "**Subject Action**" identified herein.

C. "**Subject Action**" shall mean the case titled *Wells Fargo Bank, N.A. v. Fifth Third Bank*, U.S. District Court, Southern District of Ohio, Western Division, S.D. OH Case No. 1:12-cv-00794-SSB-SKB, filed October 15, 2012.

D. "**Kentucky Action**" means the case titled *CPC Livestock, LLC, et al. v. Fifth Third Bank, Inc., et al.*, Commonwealth Of Kentucky, 22nd Judicial Circuit Court Case No. 13-CI-03666, transferred August 19, 2012.

E. "**ELC**" or "**Eastern**" shall mean Eastern Livestock Co., LLC, a/k/a "**Debtor**" in the matter *In Re Eastern Livestock, LLC*, Southern District of Indiana, New Albany Division, Case No. 10-93904 ("**Bankruptcy Action**"), and includes its affiliates, members, officers, employees, attorneys, agents, accountants, and representatives of any kind.

F. "**Trustee**" means and refers to James A. Knauer, as the duly appointed Chapter 11 trustee for Eastern Livestock Co., LLC," in the **Bankruptcy Action** (*In Re Eastern Livestock, LLC*, Southern District of Indiana, New Albany Division, Case No. 10-93904) and includes his attorneys, agents, and representatives of any kind.

G. "**Receiver**" means and refers to Elizabeth M. Lynch of Development Specialists, Inc., appointed by the Hamilton County Court of Common Pleas in the Receivership.

H. "**Receivership**" means and refers to the lawsuit filed by Fifth Third Bank in Hamilton County Court of Common Pleas styled *Fifth Third Bank v. Eastern Livestock Co., LLC*, Case No. A1010267.

I. "**Stockyards Act**" means the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181 et seq., and regulations 9 C.F.R. §§201 et seq.

J. "Communications" is used here in the broadest sense consistent with the Florida Rules of Civil Procedure and includes, but is not limited to, any and all conversations, meetings, discussions and any other occasion for verbal exchange, whether in person or by telephone, together with all letters, memoranda, telegrams, email, facsimile, cables, and other writings or documents regardless of their form or method of delivery and storage.

K. "Concerning," "Referring to" or "Relating to" mean connected with, referring to, concerning, pertaining to, associated with, describing, evidencing, construing, containing or constituting in broadest sense consistent with the Federal Rules of Civil Procedure or applicable state Rule of Civil Procedure.

L. "Document" or "documents" mean the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, any books, pamphlets, periodicals, letters, memoranda, telegrams, telefaxes, email or electronic mail, reports, records, handwritten or other notes, working papers, charts, graphs, checks, statements, receipts, returns, statistics, minutes, contracts, interoffice and intra-office communications, offers, notations, (in any form, of conversations, meetings or other communications), worksheets, discs, data sheets, correspondence, analyses, diaries, messages (including, but not limited to, telephone conversations or conferences), drawings, photographs,

2

film impressions, voice or tape recordings, videotapes or any other data compilations from which information can be obtained or any other written, recorded, transcribed, punched, taped, filed, electronically stored, imputed or graphic matter, however produced or reproduced, and any drafts, alterations, modifications, changes, and amendments of any of the foregoing, to which you have or had access.

### **PROTECTIVE ORDERS, OBJECTIONS, and DOCUMENTS WITHHELD**

1. For any documents produced that are subject to a Protective Order, please so state and provide a copy of the applicable Protective Order along with the responsive documents.

2. If YOU object to part of a DOCUMENT request and refuse to answer that part, state YOUR objection and answer the remaining portion of that DOCUMENT request. If YOU object to the scope or time period of a DOCUMENT request and refuse to answer for that scope or time period, state YOUR objection and answer the DOCUMENT request for the scope or time period YOU believe is appropriate.

3. With respect to ANY requested DOCUMENT which YOU refuse to produce in response to this Subpoena Duces Tecum, please state:

   a. the full identity of the DOCUMENT including:

      i. date of the DOCUMENT;
      ii. its title (if ANY);
      iii. its authors, addressees, recipients or parties;
      iv. the nature of the DOCUMENT (e.g., letter, memorandum, etc.);
      v. the individual or source from whom or which YOU obtained it; and
      vi. its present location and identity of its custodian;

   b. whether YOUR objection or refusal is directed to the entire DOCUMENT or part thereof;

   c. if YOUR objection or refusal goes to part of the DOCUMENT, specify the specific parts of the DOCUMENT to which YOUR objection or refusal is directed; and

   d. the specific factual basis which gives rise to the objection or refusal; and the specific legal ground on which the objection or refusal is based.

4. If ANY of the following requested DOCUMENTS cannot be located or produced after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying YOUR inability to respond fully, and stating whatever information YOU have concerning the non-produced DOCUMENTS.

3

**DOCUMENT AND IDENTIFICATION REQUESTS**

1.  Please produce all documents and records—including without limitation all depositions, transcripts, exhibits, and filings—relating to Wells Fargo and/or Eastern obtained, referenced, or otherwise employed in the Subject Action (*i.e.*, *Wells Fargo Bank, N.A. v. Fifth Third Bank.*) that are not subject to either attorney client or work product privileges, including specifically all documents and records with respect to the both Fifth Third's and Wells Fargo's respective Motions For Summary Judgment and all Exhibits filed in the Subject Action, and both of their Responses and all Exhibits filed in response to said Motions for Summary Judgment in the Subject Action, and their Replies and all Exhibits filed with regard to said Motions for Summary Judgment in the Subject Action.

2.  Please produce all documents and records—including without limitation all depositions, transcripts, exhibits, and filings—relating to Wells Fargo and/or Eastern obtained, referenced, or otherwise employed in the Bankruptcy Action (*i.e.*, *In Re: Eastern Livestock Co., LLC*) that are not subject to either attorney client or work product privileges, specifically all documents and records with respect to Fifth Third's knowledge and records from 2005 to the present relating to:

    (i) Eastern uncollected funds balances, Fifth Third advances on such uncollected funds, Eastern alleged check kiting activity, software kiting alerts, any other alert regarding Eastern activity and specifically the "Kiting Account Approval Form," AND

    (ii) Field investigations and reports regarding Eastern cattle "inventory" and "accounts receivables," collateralization of Eastern cattle "inventory" and "accounts receivables" for Fifth Third's loans, and the Packers and Stockyards Act.

3.  For responsive documents subject to either attorney client or work product privileges please provide the appropriate privilege log.

4

3.  For responsive documents subject to either attorney client or work product privileges please provide the appropriate privilege log.

Respectfully submitted this 24th day of July 2014.

W. SCOTT NEWBERN, P. L.

*/s/ W. Scott Newbern*

| | |
|---|---|
| Michael J. Gartland, Esq. | W. Scott Newbern |
| Laura Day DelCotto, Esq. | Florida Bar No. 0098108 |
| Amelia Martin Adams, Esq. | Pro Hac Vice in Kentucky |
| J. Wesley Harned, Esq. | 2982 East Giverny Circle |
| DELCOTTO LAW GROUP, PLLC | Tallahassee, Florida 32309 |
| 200 North Upper Street | 850.591.1707 |
| Lexington, KY 40507 | 850.894.0871 Facsimile |
| 859.231.5800 | wsnewbern@msn.com |
| 859.281.1179 Facsimile | |
| mgartland@dlgfirm.com | |
| ldelcotto@dlgfirm.com | |
| aadams@dlgfirm.com | |
| wharned@dlgfirm.com | |

COUNSEL FOR PLAINTIFFS

Z:\Clients\CPC Livestock v. Fifth Third (PL)\Fayette Circuit Court; 13-CI-3666\Subpoena Wells Fargo Ex A - FV 20140717.docx