UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

IN RE:

| | |
|---|---|
| EASTERN LIVESTOCK CO., LLC ) | Chapter 11 Bankruptcy |
| **Debtor** ) | Case No. 10-93904-BHL-11 |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE ) | Hon. Basil H. Lorch III |
| OF EASTERN LIVESTOCK CO., LLC ) | |
| **Plaintiff** ) | |
| vs. ) | Adversary Proceeding |
| ) | Case No. 12-59160 |
| BILL CHASE, a/k/a WILLIAM CHASE a/k/a ) | |
| BILLY DONALD CHASE ) | |
| **Defendant** ) | |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF-DEBTOR, EASTERN LIVESTOCK COMPANY, LLC

Comes the Defendant, Bill Chase, aka William Chase, aka Billy Donald Chase, by and through counsel, pursuant to the Rules of Civil Procedure, and hereby propounds to the Plaintiff, James A. Knauer, Chapter 11 Trustee of Eastern Livestock Co., LLC, the following Interrogatories and Request for Production of Documents, to be answered pursuant to the Rules of Civil Procedure within thirty (30) days from the date of service.

Said interrogatories shall be continuing, and any subsequent knowledge obtained by you or your attorney after the filing of your answers which would alter, add to, supplement, change or amend your original answers should be contained in amended answers to interrogatories as soon as said alterations, additions, supplements, amendments and/or changes are brought to your or your attorney's attention, in accordance with the provisions of Bankruptcy Rule 7033.

## **DEFINITIONS**

The following definitions apply to these interrogatories:

1.      "You" or "your" means Plaintiff, Debtor, Eastern Livestock Co.,LLC, or any agent or representative thereof.

2.      "Document" means anything on or in which any information is fixed and can be perceived, reproduced, or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (e.g. print, video, audio or other medium of expression), including but not limited contracts, bid documents, agreements, papers, photographs, tape recordings, transcripts, checks, checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders, acknowledgments, authorizations, sales slips, receipts, shipping papers, letter or other forms of correspondence, e-mail, telex, TWX, and other teletype communications, computer printouts, any other printout sheets, movie film, slides, video tapes, microfilm, microfiche, memoranda, reports, studies, summaries, minutes, minute books, circulars, notes (whether typewritten, handwritten, or otherwise), agenda, bulletins, notices, announcements, proof, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitor logs, schedules, price lists, telegrams, engineering and/or architectural drawings, other drawings, sketches, plans, blueprints, specifications, diagrams, drafts, emails, books and records, desk calendars, notebooks, diaries, registers, appointment books, budgets, analysis, projections, minutes of meetings, conferences or discussions of any kind, tax returns, and other data compilations from which information can be obtained or translated.

The term "document" includes any copy or copies of any of the foregoing on which

any mark, alteration, or additional writing or other change from the original, or from any other copy has been made; and it includes any and all documents in the possession of Plaintiff, Debtor, Eastern Livestock Co., LLC, any of its officers, agents, servants, employees, representatives, attorneys or any other person acting on their behalf.

3. "Oral communication" means any utterance heard by another person, whether in person, by telephone or otherwise.

4. "Identify" and "identification" and "the identity of means as follows:

    a. When used in reference to an individual person it means his or her full name, present or last known business affiliation and position, last known residential address and telephone number and last known business address and telephone number.

    b. When used in reference to a corporation, firm or other entity, it means the full name, form of organization, and present or last known address.

    c. When used in reference to a document it means the type of document (example: letter, memorandum, telegram, chart, contract, newspaper article or the like), its author or originator, the date it was originated, its recipients, its present location by address, and its custodian; and if the document was but is no longer in your possession or subject to your control, to state what disposition was made of it.

    d. When used in reference to a meeting or conference, it means the date of the meeting or conference, the place of the meeting or conference, and the full name and present. or last known position, business affiliation and residential address of each person attending the meeting or conference.

    e. When used in reference to an oral communication, it means the full name of the participants to the oral communication, their business affiliation and business address at the time, their present or last known position, business affiliation and residential

address, the location of each participant at the time the oral communication took place, which participants initiated the oral communication and when the oral communication took place.

   f. When used in reference to a fact or facts it includes the foregoing definitions, and also means as full and complete a rendition of the substance thereof as possible in order to convey a complete exposition of the factual basis.

  5. "Person" includes an individual, a corporation, a partnership, joint venture or other discernable or identifiable entity.

## INSTRUCTIONS

  1. Terms not defined in the definition section above shall have the respective meanings ascribed to such terms in the *Adversary Complaint* and *First Amended Adversary Complaint*.

  2. If you refuse to respond to any interrogatory in whole or in part, describe the basis of your refusal to respond in sufficient detail so as to permit the Court to adjudicate the validity of the refusal.

  3. If any matter referred to any response to any interrogatory is evidenced by, represented by, reflected by, recorded in or otherwise referred to in any document or oral communication, please identify such document or oral communication in your response to that interrogatory.

  4. If any document or record which refers to or relates to anything about which these interrogatories has been destroyed, please identify the document, the date of destruction and the names and addresses of the persons who ordered or authorized the destruction and who performed the destruction.

  5. In answering these interrogatories, please set forth immediately before each

response or objection the entire question with respect to which the response or objection is given.

6. All of the following interrogatories shall be continuing and any subsequent knowledge obtained by Plaintiff, Debtor, Eastern Livestock Co., LLC, its agents or attorneys after the filing of the answers to these interrogatories which would alter, add to, supplement, change or amend the original answers, should be contained in amended answers to interrogatories and served upon the Defendant as soon as said alterations, additions, supplements, amendments and/or changes are brought to Plaintiffs or their attorney's attention in accordance with Bankruptcy Rule 7033.

7. Defendant reserves the right to submit additional interrogatories from time to time hereafter.

## **INTERROGATORIES**

1. Identify each person providing answers and/or assisting in the answering of these Interrogatories and Requests. If your answer includes more than one person, state which answers were provided by each person.

ANSWER:

2. Identify each individual whom you expect to call as an expert witness at trial. For each such individual, state the subject matter upon which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

ANSWER:

3. Identify each and every person who is believed by you to possess discoverable knowledge with regard to the allegations of the Plaintiff herein and the defenses of the Defendant, and provide a summary of the knowledge believed to be

possessed by each such person.

ANSWER:

4.     Identify each individual from whom you, your attorney, insurance representative, employee, agent, or representative has obtained a statement, whether the statement was written, verbal, or recorded.

ANSWER:

5.     Identify each individual from whom you, your attorney, insurance representative, employee, agent, or representative has obtained a statement, whether the statement was written, verbal or recorded who gave instruction to Defendant, Chase, and other branch managers of Eastern Livestock Co.,LLC (hereinafter "ELC"), or its affiliates, concerning day-to-day, ordinary course of business operations for ELC .

ANSWER:

6.     Have you obtained any written or verbal communications, documents or statements from a representative of First Bank & Trust of Virginia (hereinafter "Virginia Bank"), concerning cattle on Defendant Chase's farm?   If so, please provide any documentation you have received.

ANSWER:

## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff-Debtor, Eastern Livestock, is directed to produce the following pursuant to Bankruptcy Rule 7034:

1.     All documents you plan to introduce as exhibits at the trial of this matter.

2.     All documents which support the Plaintiff's claims and the Defendant's defenses asserted herein.

3.     Copies of any audio tapes and video tapes on which the image or voice of

any employee or representative of the Debtor is found, as well as any and all transcripts of same.

4. A copy of any and all written statements obtained from any employee or Representative of Eastern Livestock Co.,LLC.

5. All promissory notes, montages, lien documents or other financial records which support Plaintiff's claims that the Defendant was loaned money by Eastern Livestock Co., LLC, Tommy Gibson or Grant Gibson.

6. Written employment contracts with any of the officers, directors, employees, or shareholders of Eastern Livestock Co., LLC.

7. Bank records for Eastern Livestock Co.,LLC, for the years 2010 to the present, including bank statements, deposit slips, cancelled checks, and all other documents.

8. Copies of checks listed on Exhibit B of *First Amended Complaint*.

9. Provide documentation to verify or prove the allegations, specifically contained in the following paragraphs of the *First Amended Complaint*:

    A. Paragraph 21;

    B. Paragraphs 34 and 44;

    C. Paragraph 47;

    D. Paragraph 62; and

    E. Paragraphs 84, 85 and 88.

10. Any and all documents evidencing the information requested in te above Interrogatories.

This 31st day of July, 2014.

**RICHARDSON GARDNER & ALEXANDER**
Attorneys at Law
117 East Washington Street
Glasgow, Kentucky 42141
270-651-8884 • 270-651-3662 (fax)

*/s/ T. Richard Alexander II*
T. RICHARD ALEXANDER II
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Interrogatories and Requests for Production of Documents Propounded to the Plaintiff-Debtor, Eastern Livestock Co., LLC,* was served by mailing same, postage prepaid, this 31st day of July, 2014, to the following:

HON. KAYLA D. BRITTON
FAEGRE BAKER DANIELS
300 N MERIDIAN ST, SUITE 2700
INDIANAPOLIS IN 46204-1782
*Counsel for James A. Knauer*
*Chapter 11 Trustee*

*/s/ T. Richard Alexander II*
T. RICHARD ALEXANDER II

F:\Clients\C\Chase, Bill (Eastern Livestock)\Interrogatories.Requests for Production 07.09.14mf.wpd