**<u>Exhibit 1</u>**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and among Robert Nichols, individually; Robert Nichols and Jane Nichols d/b/a Nichols Livestock; Nichols Livestock, Inc.; and Jane, LLC (collectively, "Nichols Parties") and James A. Knauer, chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or the "Debtor"). The Nichols Defendants and the Trustee are collectively referred to as the "Parties," and each, a "Party."

## Recitals

A. On December 6, 2010, certain petitioning creditors filed an involuntary petition for relief against Debtor under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") as Bankruptcy Case No. 10-93904-BHL-11 ("Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in an Involuntary Case and Order to Complete Filing* (Ch. 11, Doc. No. 110) on December 28, 2010.

B. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* (Ch. 11, Doc. No. 102) approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* (Ch. 11, Doc. No. 98) pursuant to 11 U.S.C. § 1104.

C. On December 27, 2012, the Trustee, on behalf of Debtor's estate, filed Adversary Proceeding No. 12-59161 (the "Adversary"). The Trustee named certain of the Nichols Parties – Robert Nichols, individually, Robert Nichols and Jane Nichols d/b/a Nichols Livestock, and Nichols Livestock, Inc. – as defendants (the "Nichols Defendants") and served them with summonses. (Adversary Doc. Nos. 1, 8.) The Trustee filed his amended complaint on February 13, 2013. (Adversary Doc. No. 15.)

D. The Trustee asserted claims against the Nichols Defendants under Chapter 5 of the Bankruptcy Code and also pursuant to other federal and state law causes of action, including but not limited to avoidance of preferential transfers, fraudulent conveyances, and conversion. The Nichols Defendants have denied all liability.

E. Combined the Nichols Parties filed four proofs of claim (the "Nichols POCs") in the Chapter 11 Case. The Nichols POCs are designated on the official claims register maintained by The BMC Group, Inc. as claim nos. 422-25. Claim No. 422 filed by Nichols Livestock asserts an unsecured claim totaling $100,540.18; Claim No. 423 filed by Jane, LLC asserts an unsecured claim in the amount of $51,497.90; Claim No. 424 filed by Robert Nichols & Legend Bank asserts an unsecured claim in the amount of $597,614.11; and Claim No. 425 filed by Robert Nichols asserts an unsecured claim in the amount of $25,205.55. The Trustee filed objections (the "Objections") to the Nichols POCs in the Chapter 11 Case. (Doc. Nos. 2106, 2082, & 2083.)

F. The Parties, Fifth Third Bank, and Cactus Growers, Inc. previously entered a Settlement Agreement and Mutual Release ("First Settlement Agreement"). The First Settlement

US.54908954.02

Agreement resolved a discrete dispute regarding the proceeds for a certain 125 steers that were at issue in Adversary No. 11-59093, Adversary No. 11-59087, and a lawsuit pending in Oklahoma with cause no. 5:11-cv-00114-F. The First Settlement Agreement specifically exempted and did not resolve all other other rights, claims, or defenses the Parties may have against one another or against other parties in this Chapter 11 case, including without limitation claims the Trustee asserted against the Nichols Defendants in the Adversary.

G. Recognizing the long and expensive course that the litigation between them has taken, the Parties now desire to fully and finally settle upon the terms and conditions set forth below all of their known and anticipated future disputes.

## Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Settlement Amount</u>. The Nichols Parties will pay the Trustee the sum of $200,000 ("<u>Settlement Amount</u>") within five days of the occurrence of the Effective Date (as defined below). The payment shall be made by delivery to the Trustee of a check made payable to "James A. Knauer as chapter 11 trustee of Eastern Livestock Co., LLC" and should be mailed to: James A. Knauer, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, IN 46204-5125.

2. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement ("<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion ("<u>Settlement Order</u>"). The date the Settlement Order becomes final and nonappealable is referred to herein as the "<u>Effective Date</u>." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3. <u>Releases</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and the full payment of the Settlement Amount, the Parties agree as follows:

   (a) The Nichols Parties for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** the Trustee, the Debtor, and their respective employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses,

2

costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case or the Adversary; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement or the First Settlement Agreement.

(b) The Trustee and the Debtor for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** the Nichols Parties and their respective employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case or the Adversary; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement or the First Settlement Agreement.

4. <u>Stipulation of Dismissal; Withdrawal of Proofs of Claim</u>.  Within five business days following the Trustee's receipt of the Settlement Amount from the Nichols Parties, the Trustee agrees to file with the Court a Motion to Dismiss in the Adversary, dismissing all claims against the Nichols Defendants with prejudice.  Within five business days following following the Trustee's receipt of the Settlement Amount, the Nichols Parties will file necessary papers to waive, abandon, or withdraw the Nichols POCs.  The Parties agree to cooperate to accomplish any necessary filings to bring about the dismissal of the Nichols Defendants from the Adversary and the withdrawal of the Nichols POCs.

5. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the mediation and mediator and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

7. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

3

8. <u>Bankruptcy Court Jurisdiction</u>. The Parties consent to the Bankruptcy Court's exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

9. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the federal bankruptcy law applicable to the Chapter 11 Case.

10. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.  Except, however, the First Settlement Agreement remains in full force and effect to the extent not inconsistent with this Settlement Agreement.

11. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

13. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and all Parties are represented by counsel who participated in the drafting. There shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

**[Signature page to follow]**

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the  4th  day of  Nov. , 2014.

James A. Knauer
Chapter 11 Trustee for Eastern Livestock Co., LLC
_____ /s/ James Knauer _____

Robert Nichols, individually and d/b/a Nichols Livestock
_____ /s/ Robert Nichols _____

Jane Nichols, d/b/a Nichols Livestock
_____ /s/ Janet Nichols _____

Nichols Livestock Inc.
By: _____ /s/ Robert Nichols _____
Printed Name:  Robert Nichols
Title:  Pres.

Jane, LLC
By: _____ /s/ Janet Nichols _____
Printed Name:  Jane Nichols
Title: _____