Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of November __, 2014 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor"), Edwin A. Strickland and Strickland Farms (collectively referred to as "Strickland"), BankFirst Financial Services ("BankFirst"), and Mark Hohenberger d/b/a Hohenberger Cattle ("Hohenberger"). The Trustee, Strickland, BankFirst, and Hohenberger are collectively referred to as the "Parties."

## Recitals

A.  Certain petitioning creditors commenced a chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dock. No. 1644] ("Confirmation Order") confirming the Plan.

D.  The Trustee contends that prior to the Chapter 11 Case, Debtor purchased 189 cattle from or through Strickland (the "Strickland Cattle") that were sold to Hohenberger Cattle, who sold and had them delivered to Fredin Brothers, Inc. ("Fredin") or one of its feedyards.

E.  Fredin filed a civil action in the State of Colorado where it interpled $156,949.18 for the Strickland Cattle ("Fredin Interpled Funds"). Fredin served the Debtor, Strickland, and Strickland's lender, BankFirst, among the defendants in that case. The case subsequently was removed and transferred to the Court where it became Adversary Proceeding No. 11-59108 (the "Adversary"). The Fredin Interpled Funds are interpleaded in the Court's registry and subject to the Court's orders in the Adversary.

F.  Strickland and BankFirst have claimed that they are entitled to $155,979.23 of the Fredin Interpled Funds as the contract sale price for the Strickland Cattle and that this amount does not belong to Debtor's bankruptcy estate.

G.  Hohenberger has claimed that he is entitled to some of the Fredin Interpled Funds as unpaid commission for sale of the Strickland Cattle and that this amount does not belong to Debtor's bankruptcy estate.

1

US.55080184.03

H.      The Trustee contends that all of the Fredin Interpled Funds are property of Debtor's bankruptcy estate as an unpaid account receivable owing to Debtor.

I.      The Parties desire to resolve and settle all issues, disputes, claims and causes of actions relating to the Fredin Interpled Funds without further litigation and without admission of any fault or liability.  The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settle and resolve all issues, disputes, claims, and causes of action related to the Fredin Interpled Funds on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.      <u>Court Approval of Settlement Agreement.</u>  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("<u>Settlement Motion</u>") and shall tender to the Court a proposed order approving the Settlement Agreement ("<u>Settlement Order</u>").  This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties.  The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective Date."  The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.      <u>Settlement.</u>  Within five (5) business days of the Effective Date, the Trustee shall file an agreed motion in the Adversary, which shall  move the Court to order the Court's clerk to transfer Fredin Interpled Funds as follows: (a) $77,065.79, jointly payable to Strickland and BankFirst by check delivered to Strickland and BankFirst's counsel, W. Scott Newbern, W. Scott Newbern, PL, 2982 East Giverny Circle, Tallahassee, FL 32309; (b) $77,065.79 to the Trustee; and (c) the remaining $2,816.60 payable to Hohenberger Cattle and delivered to Mark Hohenberger, 200 Hillcrest Drive, Stephenville, TX 76401.  The date that Strickland and BankFirst's counsel receives the payment described herein shall be referred to herein as the "Payment Date".

3.      <u>Adversary</u>.  Within five (5) business days of the Payment Date, counsel for Strickland/BankFirst, Hohenberger, and the Trustee shall file such further pleadings and motions as necessary to dismiss Strickland and BankFirst from the Adversary with prejudice.

4.      <u>Mutual Release</u>.  Conditioned upon the occurrence of the Payment Date, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the their respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims

2

(whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the Strickland Cattle. The Parties expressly release any and all claims, counterclaims and cross-claims which relate to the Fredin Interpled Funds which were interpled for the Strickland Cattle.

5. <u>Remaining Hohenberger Claims</u>. Notwithstanding the foregoing releases in Section 4, the Trustee and Hohenberger acknowledge and agree that each has made claims to funds that Fredin has interpled for cattle other than the Strickland Cattle and that the Trustee has also asserted claims against Hohenberger for an additional lot of cattle the the Trustee contends were delivered to Hohenberger and for which Hohenberger did not pay. By executing this Settlement Agreement, the Trustee and Hohenberger intend only to settle their respective claims to the Fredin Interpled Funds that relate to the Strickland Cattle and all remaining claims remain pending and are not released.

6. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

7. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

8. <u>Each of the Parties Bears Own Costs and Fees</u>. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

9. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

10. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

3

US.55080184.03

13.    <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

14.    <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

15.    <u>Amendment</u>. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16.    <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

17.    <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page intentionally left blank. Signature page to follow.]*

4

US.55080184.03

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Edwin Strickland

*[signature]*

Strickland Farms

By: *[signature]* 11-6-14
                                                          Date
Printed Name: *Edwin A. Strickland*

Title: *Partner*

BankFirst Financial Services

By: *[signature]* 11/6/14
                                                          Date
Printed Name: *Monty Yates*

Title: *Sr. Vice President*

Mark Hohenberger d/b/a Hohenberger Cattle

*[signature]* 11-26-14
                                                          Date

James A Knauer as Chapter 11 Trustee for the Estate of Eastern Livestock., LLC

*[signature]* 11/20/14
                                                          Date

5

US.55080184.03