UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT
AMONG THE TRUSTEE, JAMES EDWARD EDENS, IV,
E4 CATTLE COMPANY, LLC, AND FIFTH THIRD BANK**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above-captioned case ("Chapter 11 Case") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by counsel, respectfully moves this Court for an order approving the proposed compromise attached as Exhibit 1 ("Settlement Agreement") among the Trustee, James Edward Edens, IV ("Edens"), E4 Cattle Company, LLC ("E4"), and Fifth Third Bank (collectively, "Parties"). In support of this motion, the Trustee says:

**BACKGROUND & JURISDICTION**

1. Certain petitioning creditors commenced the above-captioned Chapter 11 Case against the Debtor on December 6, 2010, by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. This Court entered an *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010. On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] pursuant to 11 U.S.C. § 1104.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

3. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Docket No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Docket No. 1644] ("Confirmation Order") confirming the Plan.

## SETTLEMENT

4. On November 9, 2010, Fifth Third commenced Case No. A1010267 against Debtor and others in the Court of Common Pleas, Hamilton County, Ohio ("Receivership Case"). On November 19, 2010, Fifth Third filed an amended complaint that added Edens and others to the Receivership Case.

5. On July 3, 2012, the Trustee commenced adversary proceeding No. 12-59036 ("Adversary") against Edens and E4.

6. The Trustee and Fifth Third contend that claims now exist against Edens and E4 pursuant to Chapter 5 of the Bankruptcy Code and also pursuant to other federal and state law causes of action, including but not limited to avoidance of preferential transfers, fraudulent conveyances, unpaid accounts and invoices, bank fraud, and other wrongful conduct.

7. Edens and E4 have appeared by counsel and denied allegations made by the Trustee and Fifth Third in the Receivership Case, the Chapter 11 Case, and the Adversary. Edens and E4 have asserted affirmative defenses, and they deny any liability to the Trustee or to Fifth Third.

8. Edens and E4 contend that that claims now exist against Debtor, Trustee, and Fifth Third related to the purchase and delivery of cattle, unpaid commissions, setoffs, and for other wrongful conduct.

US.55354219.03

9. Without admission of any fault or liability and as a result of good faith settlement negotiations, the Parties agreed to resolve their disputes as summarized herein and more fully set forth in the attached Settlement Agreement.

10. Under the proposed Settlement Agreement, the "Settlement Amount" will be $450,000, which will be discharged by the timely performance of the following obligations and the actual payment by Edens and/or E4 to the Trustee the amount of $365,899.89 on the following schedule:

   a. $63,695.56 of the Settlement Amount has been delivered to the Trustee and is held in the Trustee's escrow account pending the occurrence of the Effective Date (as defined below). Within five business days of the Effective Date, these funds shall be disbursed to the Trustee.

   b. $20,204.33 plus interest and other adjustments is held in Edens' escrow account pending the occurrence of the Effective Date. Within five business days of the Effective Date, the full balance of Edens' escrow account shall be disbursed to the Trustee.

   c. $82,000 of the Settlement Amount shall be paid by Edens to the Trustee within five business days of the Effective Date.

   d. $100,000 shall be due, owing and paid on or before one year after the Effective Date, as set forth in a promissory note to be delivered by Edens and E4.

   e. $100,000 shall be due, owing and paid on or before two years after the Effective Date, as set forth in a promissory note to be delivered by Edens and E4.

   f. Edens and E4 shall execute, deliver, and perform the payment obligations of a non-interest bearing promissory note ("Note") in a form substantially similar to the exhibit to the Settlement Agreement. The Note shall be in the total face amount of $450,000.00. Within five business days of the Effective Date, Edens shall execute the Note on his individual behalf and on behalf of E4 and shall deliver the Note to the Trustee.

   g. In the event that the amount of at least $365,899.89 has been timely paid to the Trustee, the remaining Note balance of $84,100.11 shall be deemed paid in full and the payment obligation under the Note discharged.

11. In addition, under the terms of the proposed Settlement Agreement, the Parties agreed to the releases set forth in Section 4 of that Agreement. The releases discharge the Parties

US.55354219.03

from any liability as to the claims asserted against or by Edens or E4 in the Receivership Case, the Chapter 11 Case, and the Adversary.

13. 12. Further, pursuant to the terms of the proposed Settlement Agreement, the Parties agreed to the following dismissals and tolling of claims with respect to their pending litigation:

  a. Within fourteen days of the Effective Date, the Trustee, Edens, and E4 will file a stipulation of dismissal in the Adversary, each party to bear his or its own fees and costs. The stipulation shall recite that it is without prejudice to the Trustee's rights to enforce this Settlement Agreement, including without limitation payment of the Settlement Amount. In the event of an uncured default by Edens and E4 and in the event the Trustee determines to refile its claims against Edens or E4, the Trustee agrees to cap the amount of any recoverable damages at $650,000, with credit for all amounts paid by Edens or E4 to the Trustee pursuant to the Settlement Agreement or the Note or to Fifth Third pursuant any suit it may bring against Edens or E4.

  b. Within fourteen days of the occurrence of the Effective Date, Fifth Third and Edens will file a stipulation of dismissal in the Receivership Case, each party to bear his or its own fees and costs. The stipulation shall recite that it is without prejudice to Fifth Third's rights to enforce this Settlement Agreement, including without limitation payment of the Settlement Amount. In the event of an uncured default by Edens and E4 and in the event Fifth Third determines to refile its claims against Edens or E4, Fifth Third agrees to cap the amount of any recoverable damages at $650,000, with credit for all amounts paid by Edens or E4 to the Trustee pursuant to the Settlement Agreement or the Note or to the Trustee pursuant to any suit he may bring against Edens or E4.

  c. Pending the full payment of the Settlement Amount, the final and mutual release of claims shall be mutually tolled as to the Parties, including all claims, causes of action, counterclaims, defenses, and setoff rights, which in the event of default shall be revived as if never having been released in the event one or more Parties determines to commence suit against another Party. In no event shall the combined or separate liability of Edens or E4 to Fifth Third or the Trustee exceed $650,000 in recoverable damages.

13. The Parties agreed that the proposed Settlement will be effective upon the entry of a final, non-appealable order approving the Settlement (the "Effective Date").

14. In the Trustee's professional judgment the proposed compromise as set forth in Exhibit 1 is in the best interest of the Estate and its creditors. The settlement will result in a recovery to the Estate and resolve contentious litigation.

4

15. In accordance with the terms of the Plan and in recognition of the strengths and weaknesses of the Parties' claims in light of the evidence obtained, 50% of the Settlement Amount will become part of the Collateral Fund and 50% of the Settlement Amount will become part of the Recovery Fund (as those terms are defined in the Plan).

**BRIEF IN SUPPORT**

**A.   The Settlement Is Fair and in the Best Interests of the Debtors' Estates and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

17. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

18. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389,

5

393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

19. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

20. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

21. The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its Estate in view of the evidence, the expenses of litigation, and the obstacles to collecting any judgments. As set forth more specifically in Exhibit 1, the Settlement Agreement resolves the pending litigation without further motion practice, discovery, or a trial.

22. For these reasons, the Settlement Agreement maximizes the value of the Estate's assets and minimizes the burden to the Estate. The Settlement Agreement should be approved pursuant to Bankruptcy Rule 9019.

### NOTICE

23. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in

which any party will be required to file and serve an objection stating with specificity its objection.

## NO PRIOR REQUEST

24. No prior motion for the relief requested herein has been made to the Court in this case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the Settlement Agreement, as it is in the best interests of the Estate and its creditors.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Harmony Mappes

*Counsel for James A. Knauer, Chapter 11 Trustee*

Kevin M. Toner (#11343-49)
Harmony Mappes (#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com

7

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 12, 2014, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Amelia Martin Adams<br>aadams@dlgfirm.com | John W. Ames<br>james@bgdlegal.com |
| Kay Dee Baird<br>kbaird@kdlegal.com | Christopher E. Baker<br>cbaker@thbklaw.com | Robert A. Bell<br>rabell@vorys.com |
| C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | David W. Brangers<br>dbrangers@lawyer.com | Steven A. Brehm<br>sbrehm@ bgdlegal.com |
| Kent A Britt<br>kabritt@vorys.com | Kayla D. Britton<br>kayla.britton@faegrebd.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John R. Burns, III<br>john.burns@faegrebd.com | John R. Carr, III<br>jrciii@acs-law.com |
| Deborah Caruso<br>dcaruso@daleeke.com | Ben T. Caughey<br>ben.caughey@icemiller.com | Bret S. Clement<br>bclement@acs-law.com |
| Joshua Elliott Clubb<br>joshclubb@gmail.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| David Alan Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | William K. Flynn<br>wkflynn@strausstroy.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Thomas P. Glass<br>tpglass@strausstroy.com | Patrick B. Griffin<br>patrick.griffin@kutakrock.com | Terry E. Hall<br>terry.hall@faegrebd.com |
| Paul M. Hoffman<br>paul.hoffmann@stinsonleonard.com | John David Hoover<br>jdhoover@hooverhull.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Jay Jaffe<br>jay.jaffe@faegrebd.com | James Bryan Johnston<br>bjtexas59@hotmail.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jay P. Kennedy<br>jpk@kgrlaw.com |
| Edward M King<br>tking@fbtlaw.com | James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Randall D. LaTour<br>rdlatour@vorys.com | David A. Laird<br>david.laird@moyewhite.com |
| David L. LeBas<br>dlebas@namanhowell.com | Martha R. Lehman<br>mlehman@kdlegal.com | Scott R. Leisz<br>sleisz@bgdlegal.com |
| Elliott D. Levin<br>edl@rubin-levin.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | James B. Lind<br>jblind@vorys.com |
| Karen L. Lobring<br>lobring@msn.com | Jason A. Lopp<br>jlopp@wyattfirm.com | John Hunt Lovell<br>john@lovell-law.net |

8

US.55354219.03

Harmony A. Mappes
harmony.mappes@faegrebd.com

Kelly Greene McConnell
lisahughes@givenspursley.com

William Robert Meyer, II
rmeyer@stites.com

Allen Morris
amorris@stites.com

Matthew Daniel Neumann
mneumann@hhclaw.com

Matthew J. Ochs
kim.maynes@moyewhite.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Eric W. Richardson
ewrichardson@vorys.com

Mark A. Robinson
mrobinson@vhrlaw.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Niccole R. Sadowski
nsadowski@thbklaw.com

Ivana B. Shallcross
ishallcross@bgdlegal.com

James E. Smith, Jr.
jsmith@smithakins.com

Joshua N. Stine
kabritt@vorys.com

Meredith R. Theisen
mtheisen@daleeke.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Andrew James Vandiver
avandiver@aswdlaw.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

Jason P. Wischmeyer
jason@wischmeyerlaw.com

John Frederick Massouh
john.massouh@sprouselaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Kevin J. Mitchell
kevin.mitchell@faegrebd.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

Walter Scott Newbern
wsnewbern@msn.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Brian Robert Pollock
bpollock@stites.com

Anthony G. Raluy
traluy@fbhlaw.net

Joe T. Roberts
jratty@windstream.net

Jeremy S. Rogers
Jeremy.Rogers@dinslaw.com

James E. Rossow
jim@rubin-levin.net

Thomas C. Scherer
tscherer@bgdlegal.com

Sarah Elizabeth Sharp
sarah.sharp@faegrebd.com

William E. Smith, III
wsmith@k-glaw.com

Andrew D. Stosberg
astosberg@lloydmc.com

John M. Thompson
john.thompson@crowedunlevy.com

Chrisandrea L. Turner
clturner@stites.com

Andrea L. Wasson
andrea@wassonthornhill.com

Sean T. White
swhite@hooverhull.com

James T. Young
james@rubin-levin.net

Michael W. McClain
mmcclain@mcclaindewees.com

Brian H. Meldrum
bmeldrum@stites.com

Terrill K. Moffett
kendalcantrell@moffettlaw.com

Erin Casey Nave
enave@taftlaw.com

Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

David Cooper Robertson
crobertson@stites.com

John M. Rogers
johnr@rubin-levin.net

Steven Eric Runyan
ser@kgrlaw.com

Stephen E. Schilling
seschilling@strausstroy.com

Suzanne M Shehan
suzanne.shehan@kutakrock.com

Amanda Dalton Stafford
ads@kgrlaw.com

Matthew R. Strzynski
indyattorney@hotmail.com

Kevin M. Toner
kevin.toner@faegrebd.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jennifer Watt
jwatt@kgrlaw.com

Michael Benton Willey
michael.willey@ag.tn.gov

John D Dale, Jr.
Johndaleatty@msn.com

9

I further certify that on December 12, 2014, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

/s/ Harmony Mappes

US.55354219.03