**Exhibit 1**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of December 9, 2014 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor"); James Edward Edens, IV, individually ("Edens") and E4 Cattle Company, LLC (E4); and Fifth Third Bank, ("Fifth Third") (collectively, "Parties") for the purpose of settling the Parties' claims as described herein.

### Recitals

A. On November 9, 2010, Fifth Third commenced Case No. A1010267 against Debtor and others in the Court of Common Pleas, Hamilton County, Ohio ("Receivership Case"). On November 19, 2010, Fifth Third filed an amended complaint that added Edens and others to the Receivership Case.

B. On December 6, 2010, certain petitioning creditors filed an involuntary petition for relief against Debtor under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") as Bankruptcy Case No. 10-93904-BHL-11 ("Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Bankruptcy Court"). The Court entered the *Order For Relief in an Involuntary Case and Order to Complete Filing* [Ch. 11, Dkt. 110] on December 28, 2010.

C. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Ch. 11, Dkt. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* [Ch. 11, Dkt. 98] pursuant to 11 U.S.C. § 1104.

D. On November 16, 2011, the Court of Common Pleas, Hamilton County, Ohio, entered an Order staying the Receivership Case pending further proceedings in the Chapter 11 Case.

E. On July 3, 2012, the Trustee, on behalf of Debtor's estate, filed Adversary Proceeding No. 12-59036 ("Edens AP"). The Trustee named Edens and E4 as defendants and served them with summonses and copies of the Adversary Complaint [Edens AP, Dkt. 1].

F. The Trustee and Fifth Third contend that claims now exist against Edens and E4 pursuant to Chapter 5 of the Bankruptcy Code and also pursuant to other federal and state law causes of action, including but not limited to avoidance of preferential transfers, fraudulent conveyances, unpaid accounts and invoices, bank fraud and other wrongful conduct.

G. Edens and E4 have appeared by counsel and denied allegations made by the Trustee and Fifth Third in the Receivership Case, the Chapter 11 Case, and the Edens AP. Edens and E4 have asserted affirmative defenses, and they deny any liability to the Trustee or to Fifth Third.

H. Edens and E4 contend that claims now exist against Debtor, Trustee, and Fifth Third related to the purchase and delivery of cattle, unpaid commissions, setoffs, and for other wrongful conduct.

I. The Parties deny that any of these asserted or threatened claims against them are valid and will vigorously dispute and defend them if pursued.

J. Recognizing the long and expensive course that the litigation between them has taken, the Parties now desire to fully and finally settle upon the terms and conditions set forth below all of their known and anticipated future disputes.

## Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. *Settlement Amount*. The settlement amount ("Settlement Amount") shall be $450,000, which shall be discharged by the timely actual payment by Edens and/or E4 to the Trustee of the amount of at least $365,899.89 and the timely actual performance of the other obligations, as described below:

   a. $63,695.56 of the Settlement Amount has been delivered to the Trustee and is held in the Trustee's escrow account pending the occurrence of the Effective Date (as defined in Paragraph 3 below). Within five (5) business days of the occurrence of the Effective Date, these funds shall be disbursed to the Trustee.

   b. $20,204.33 plus interest and other adjustments is held in Edens' escrow account pending the occurrence of the Effective Date (as defined in Paragraph 3 below). Within five (5) business days of the occurrence of the Effective Date, the full balance of Edens' escrow account shall be disbursed to the Trustee;

   c. $82,000 of the Settlement Amount shall be paid by Edens to the Trustee within five (5) business days of the occurrence of the Effective Date (as defined in Paragraph 3 below);

   d. $100,000 shall be due, owing and paid on or before one year after the Effective Date, as set forth in a promissory note to be delivered by Edens and E4 in connection with the Settlement Agreement;

   e. $100,000 shall be due, owing and paid on or before two years after the Effective Date, as set forth in a promissory note to be delivered by Edens and E4 in connection with the Settlement Agreement;

   f. Edens and E4 shall execute, deliver, and perform the payment obligations of the non-interest bearing promissory note ("Note") in the form and content substantially similar to Exhibit 1 attached hereto. The Note shall

be in the total face amount of $450,000.00. Within five (5) business days of the occurrence of the Effective Date, Edens shall execute the Note on his individual behalf and on behalf of E4 and shall deliver the Note to the Trustee.

g.  In the event that the amount of at least $365,899.89 has been timely paid to the Trustee, the remaining Note balance of $84,100.11 shall be deemed paid in full and the payment obligation under the Note discharged.

2. Cure; Credit for Timely Payments. No notice of the payment date, nor the default of payment upon such date, is required to be given by the Trustee. The obligation to ensure timely payment is entirely upon Edens and E4. The cure period for a payment default shall be thirty (30) days starting from the due date. Notwithstanding any other terms of this Settlement Agreement, Edens shall have no further payment obligations on the Note if all payments required as provided in Paragraph 1, sections a. through and including e. are timely made or timely cured. In addition, Edens shall be entitled to such credit if the balance of the Note is fully prepaid and only if no prior payment required by the Note was late by more than thirty (30) days. The Note may be prepaid at any time by Edens without penalty or premium.

3. Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement ("Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion ("Settlement Order"). The date upon which the Trustee sends actual written notice to Edens, care of his attorney William K. Flynn, 150 E. Fourth Street, Cincinnati, Ohio, 45202, that the Settlement Order has become final and nonappealable shall be the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

4. Releases. As part of the consideration for this Settlement Agreement, the Parties agree as follows:

a.  *Release of Claims Against Edens and E4.* Upon occurrence of the Effective Date and the timely payments of the obligations of Edens and E4 as stated in Section 1(a), (b), and (c) above, the Debtor, the Trustee, and Fifth Third, for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** Edens, E4, and their employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities,

3

expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case, Edens AP, or Receivership Case; provided, however that this release is subject to the condition subsequent that if this Settlement Agreement is defaulted and not timely cured, that the aforesaid release is null and void ab initio, and further provided, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under the Note or this Settlement Agreement.

b. *Release of Claims Against the Trustee and Debtor.* Immediately upon the occurrence of the Effective Date, Edens, individually, and E4, for himself and itself, and their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, each forever **RELEASES AND DISCHARGES** the Debtor, the Trustee, and their respective officers, directors, employees, attorneys, insurers, agents and affiliates, predecessors, successors, past present and future parents, subsidiaries, assigns and heirs, from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, including without limitation claims arising pursuant to 11 U.S.C. § 502(h); provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement. and shall not apply to any liability or cause of action which Edens or E4 has or may have against Thomas P. Gibson, Grant Gibson, Steven McDonald, or Darren Brangers individually.

c. *Release of Claims Against Fifth Third.* Immediately upon the occurrence of the Effective Date, Edens, individually, and E4, for himself and itself, and their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, each forever **RELEASES AND DISCHARGES** Fifth Third and its officers, directors, employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns, past, present and future parents, subsidiaries, assigns and heirs, from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement.

5. *Dismissals and Tolling of Claims*. The portion of the Receivership Case that applies to Edens or E4 and the Edens AP shall be dismissed, without prejudice, as follows and with the following conditions:

   a. Within fourteen (14) days of the occurrence of the Effective Date, the Trustee, Edens, and E4 will file a stipulation of dismissal in the Edens AP, each party to bear his or its own fees and costs. The stipulation shall recite that it is without prejudice to the Trustee's rights to enforce this Settlement Agreement, including without limitation payment of the Settlement Amount. In the event of an uncured default by Edens and E4 and in the event the Trustee determines to refile its claims against Edens or E4, the Trustee agrees to cap the amount of any recoverable damages at $650,000, with credit for all amounts paid by Edens or E4 to the Trustee pursuant to the Settlement Agreement or the Note or to Fifth Third pursuant any suit it may bring against Edens or E4.

   b. Within fourteen (14) days of the occurrence of the Effective Date, Fifth Third and Edens will file a stipulation of dismissal in the Receivership Case of such portions of the Receivership Case as apply to Edens or E4, each party to bear his or its own fees and costs. The stipulation shall recite that it is without prejudice to Fifth Third's rights to enforce this Settlement Agreement, including without limitation payment of the Settlement Amount. In the event of an uncured default by Edens and E4 and in the event Fifth Third determines to refile its claims against Edens or E4, Fifth Third agrees to cap the amount of any recoverable damages at $650,000, with credit for all amounts paid by Edens or E4 to the Trustee pursuant to the Settlement Agreement or the Note or to the Trustee pursuant to any suit he may bring against Edens or E4.

   c. Pending the full payment of the Settlement Amount, the final and mutual release of claims in Section 4 above shall be mutually tolled as to the Parties, including all claims, causes of action, counterclaims, defenses, and setoff rights, which in the event of default shall be revived as if never having been released in the event one or more Parties determines to commence suit against another Party. In no event shall the combined or separate liability of Edens or E4 to Fifth Third or the Trustee exceed $650,000 in recoverable damages.

6. *Qualification; Authority*. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. *Each of the Parties Bears Own Costs*. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection

5

with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the mediation and mediator and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. Bankruptcy Court Jurisdiction. The Parties consent to the Bankruptcy Court's exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana, except to the extent superseded by the federal bankruptcy law applicable to the Chapter 11 Case.

11. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13. No Admission of Fault or Liability. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

14. No Presumption Against Drafter. This Settlement Agreement was jointly drafted and all Parties are represented by counsel who participated in the drafting. There shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

15. Timely Performance. Time is of the essence with respect to each and every performance obligation stated herein.

16. Accord and Satisfaction; No liquidated damages. This Settlement Agreement is premised upon the actual, timely performance of all obligations and the non-occurrence of any avoidance of the transfers contemplated herein, whether by bankruptcy or otherwise. It is not a novation. In the event of a bankruptcy of Edens or E4 occurring prior to final payment as described above, neither the Trustee claim, nor the Fifth Third claim shall be capped at the unpaid portion of the Note, but instead shall be capped at $650,000 minus payments actually

made and not avoided. The Note amount does not constitute an agreement regarding liquidated damages, but instead states a minimum amount of damages in the event of breach by Edens or E4.

[Signature page to follow]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the  9th  day of  Dec. , 2014.

_James E. Edens IV_
James Edward Edens, IV, individually

E4 CATTLE COMPANY, LLC

By: _James E. Edens IV_  _James E. Edens IV_

Printed Name: _James E. Edens IV_

Title: _Operating Member_

_James Knauer_
James A. Knauer, as Chapter 11 Trustee for Eastern Livestock Co., LLC

FIFTH THIRD BANK

By: _James A. Bosco_

Printed Name: _JAMES A. BOSCO_

Title: _Sr. V.P._

105859.002.3825946_1.doc

8

TERM PROMISSORY NOTE

$450,000.00                                                                                          Maturity Date: _____, 2016

    James Edward Edens, IV, an individual, and E4 Cattle Company, LLC, jointly and severally, each promise to pay to the order of James A. Knauer as the chapter 11 trustee for the bankruptcy estate of Eastern Livestock Co., LLC the aggregate sum of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) (the "Principal Sum") according to the terms and conditions set forth herein.

    The Principal Sum shall not bear interest and shall be paid in installments as follows: (1) $165,899.89 due and owing on _____, 2014; (2) $100,000 due and owing on _____, 2015; and (3) $100,000 due and owing on _____, 2016.

    In the event of a default of payment under this Note of any installment when due, and the continuance of such default for a period of thirty (30) days after the due date, then the entire unpaid Principal Sum shall become due and payable immediately, without further notice, at the election of the Trustee or a subsequent holder hereof. Edens and E4 waive the right, if any, of notice of any payment default. Notice of default may be sent, but is not required to be sent at all, care of attorney William K. Flynn, Esq., Strauss Troy Co., LPA, 150 E. Fourth Street, Cincinnati, Ohio 45202.

    In the event that the aggregate amount of $365,899.89 has been timely paid to the holder hereof, or has been prepaid, then the remaining balance of $84,100.11 shall be deemed paid in full and the payment obligations of this Note deemed discharged. This Note may be prepaid at any time without penalty or premium.

    In the event of default that is not timely cured, Edens and E4 are liable for and shall pay all reasonable costs and expenses of every kind incurred by the Trustee or subsequent holder hereof in the collection of this Note, including, without limitation, reasonable attorneys' fees and court costs. Edens and E4 further promise in the event of a default that is not timely cured to take all necessary steps to assist the Trustee or subsequent holder of this note in the enforcement of obligations under this note, including but not limited to, appearance in court and entry of a confession of judgment.

    This Note is made in and shall be governed in all respects, including validity, interpretation, and effect, by the internal laws of the State of Indiana.

    Signed and delivered at _____, _____, as of _____ __, 2014.


                                                                         _____
                                                            James Edward Edens, IV, an individual


E4 CATTLE COMPANY, LLC

By:_____

Printed Name:_____

Title:_____

195859.002.3825950_1.docx