# Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of December 15, 2014 by and between James A. Knauer, individually and in his capacity as Chapter 11 Trustee (collectively the "Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Larry Zeien II ("Zeien"), Robert Rufenacht ("Rufenacht"), Rufenacht Commodities, Inc. ("Rufenacht Comm."), ADM Investor Services, Inc. ("ADMIS" and with Zeien, Rufenacht and Rufenacht Comm., the "Settling Defendants"). The Trustee and the Settling Defendants shall collectively be referred to herein as the "Parties."

## Recitals

A. Certain petitioning creditors commenced a Chapter 11 case against Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. ECF No. 110.

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [ECF No. 98] pursuant to 11 U.S.C. § 1104. ECF No. 98.

C. On December 21, 2012 the Trustee initiated an adversary proceeding against the Settling Parties in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59147 ("Adversary Proceeding").

D. The Trustee's Complaint and First Amended Complaint and proposed Second Amended Complaint (collectively the "Complaint") in the Adversary Proceeding seeks to avoid and recover for the estate alleged fraudulent transfers from Eastern Livestock Co., LLC to the Settling Defendants in the amount of $31,150,300.00 ("Transfers").

E. The Trustee's Complaint also asserts a claim for damages for violating Indiana's Racketeer Influenced and Corrupt Organizations Act, claims for negligence, negligence per se, and professional negligence, and seeks to disallow any claim that may be brought by any of the Settling Defendants in the Debtor's bankruptcy case.

F. The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, the records provided by the Settling Parties, and the inherent uncertainty in any litigated matter.

H.    The Settling Parties desire to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.    <u>Payment by Settling Parties</u>.  The Settling Parties shall pay to the Trustee for the benefit of the estate the total sum of $300,000.00 (the "Settlement Amount").  The Settlement Amount shall become part of either the Recovery Fund or Collateral Fund (as that term is defined in the Debtor's Plan) as determined in the Trustee's discretion, unless ordered by the Court. In payment of the Settlement Amount, the Settling Parties shall pay to the Trustee the Settlement Amount in one lump sum payment received by the Trustee no later than five business days after the Effective Date, defined below.  The payment shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and shall be delivered, together with an executed copy of this Settlement Agreement, to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

If the Settling Parties shall fail to pay the Settlement Amount when due under this Settlement Agreement, interest on any on any amount not paid when due shall be payable, from the due date, at a rate of twelve percent (12%) per annum.

2.    <u>Court Approval of Settlement; Effective Date</u>.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within three (3) business days of the Trustee's receipt of an executed copy of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion").  The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order acceptable to the Parties approving the Settlement Motion (the "Settlement Order").  The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date."  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3.    <u>Stipulation of Dismissal</u>.  Within five (5) business days from the Effective Date, the Parties, by their respective counsel, shall file with the Court a Stipulation of Dismissal in the Adversary Proceeding, dismissing all claims against the Settling Parties with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement.

4.    <u>Releases</u>.  In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and the Settling Parties' payment of the Settlement Amount,

(a) By <u>Trustee</u>. Trustee, and for and on behalf of Debtor and its officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE the Settling Defendants and each of the Settling Defendants' respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which the Trustee or Debtor ever had, now have, or may claim to have against Settling Defendants arising out of, related to, or based on the Adversary Proceeding and the allegations set forth in the Complaint. Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall preclude the Trustee from exercising his respective rights in the event any Settling Defendant breaches any obligations under this Settlement Agreement.

(b) <u>By Settling Defendants</u>. Settling Defendants and their officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE the Trustee, Debtor, and each of the Trustee's respective attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, contingent or unliquidated, which the Settling Defendants ever had, now have, or may claim to have against Trustee or Debtor arising out of, related to, or based on the Adversary Proceeding and the allegations set forth in the Complaint. Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall preclude the Settling Defendants from exercising their respective rights in the event Trustee breaches any obligations under this Settlement Agreement.

(c) By Settlement Order. Effective as of the Effective Date, to the fullest extent permitted under applicable law, in consideration for the obligations of Settling Defendants and the Trustee set forth in this Settlement Agreement, and pursuant to the Trustee's power to settle Retained Actions under the confirmed Trustee's First Amended Chapter 11 Plan of Liquidation (the "Plan"), Fifth Third Bank and the Chapter 7 Trustee for Thomas P. Gibson in Case No. 10-93867, and any affiliate of such parties shall be deemed to have forever waived, released and discharged Settling Defendants, and each of their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities, whether for tort, fraud, contract,

violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise held by such parties arising on or prior to the Effective Date to the extent such claim may derive from, (a) in the case of Fifth Third Bank, the tracing of proceeds of its collateral to any of the Settling Defendants, and (b) in the case of Chapter 7 Trustee for Thomas P. Gibson in Case No. 10-93867, the Trustee's status as a creditor of the Debtor.

5      Effect of Releases and Satisfaction of Claims. Consistent with the releases set forth in Section 4 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, the Settling Defendants shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the estate. Notwithstanding any of the releases set forth herein, nothing in this Settlement Agreement shall release a) the Parties from their obligations under the Settlement Agreement, or b) any claims by the Settling Defendants against third parties.

6.     Qualification; Authority.    Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7.     Each of the Parties Bears Own Costs.  Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8.     Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9.     Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

10.    Merger of Prior Agreements.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11.    Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures

shall be binding upon the party delivering same as if they were originals.

12. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any party, all of which is specifically denied.

14. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by all Parties.

15. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

**16. THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.**

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

[remainder of this page intentionally blank]

**Larry Zeien, II (an individual)**

Date: _____

**Robert Rufenacht (an individual)**

Date: _____

**ADM Investor Services, Inc.**

By: _[signature]_

Name: THOMAS R. KADLEC

Title: PRESIDENT

Date: DECEMBER 15, 2014

**Rufenacht Commodities, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**James A. Knauer as Chapter 11 Trustee for the Bankruptcy Estate of Eastern Livestock Co., LLC, and Individually**

_____
James A. Knauer

Date: _____

_____
Larry Zeien, II (an individual)

Date: 12/16/2014

_____
Robert Rufenacht (an individual)

Date: 12/16/2014

**ADM Investor Services, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**Rufenacht Commodities, Inc.**

By: _Robt D. Rufenacht_

Name: ROBERT D. RUFENACHT

Title: PRES.

Date: 12/16/2014

**James A. Knauer as Chapter 11 Trustee for the Bankruptcy Estate of Eastern Livestock Co., LLC, and Individually**

_____
James A. Knauer

Date: _____

_____
**Larry Zeien, II (an individual)**

Date: _____

_____
**Robert Rufenacht (an individual)**

Date: _____

**ADM Investor Services, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**Rufenacht Commodities, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

**James A. Knauer as Chapter 11 Trustee for the Bankruptcy Estate of Eastern Livestock Co., LLC, and Individually**

_/s/ James A. Knauer_____
James A. Knauer

Date: 12/16/14