**<u>Exhibit 1</u>**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and among Stockman Oklahoma Livestock Marketing, Inc. ("SOLM"), William Bush and his Estate (all together, "Bush"), and James A. Knauer, chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or the "Debtor"). SOLM, Bush, and the Trustee are collectively referred to as the "Parties," and each, a "Party."

## Recitals

A.     On December 6, 2010, certain petitioning creditors filed an involuntary petition for relief against Debtor under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as Bankruptcy Case No. 10-93904-BHL-11 (the "Chapter 11 Case") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in an Involuntary Case and Order to Complete Filing* (Ch. 11, Doc. No. 110) on December 28, 2010.

B.     On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* (Ch. 11, Doc. No. 102) approving the *United States Trustee's Application for an Order Approving the Appointment of James M. Knauer as Chapter 11 Trustee* (Ch. 11, Doc. No. 98) pursuant to 11 U.S.C. § 1104.

C.     On December 27, 2012, the Trustee, on behalf of Debtor's estate, filed Adversary Proceeding No. 12-59161 (the "Adversary"). The Trustee named SOLM and Bush as defendants and served them with summonses. (Adversary, Doc. Nos. 1, 8.) The Trustee filed his amended complaint on February 13, 2013. (Adversary, Doc. No. 15.)

D.     The Trustee asserted claims against SOLM and Bush under Chapter 5 of the Bankruptcy Code and also pursuant to other federal and state law causes of action.

E.     SOLM and Bush have appeared and denied all liability in the Adversary.

F.     The Trustee is currently holding in escrow approximately $92,105 (the "Escrowed Funds"), in connection with some of the disputes about cattle sales proceeds at issue in the Adversary. Both the Trustee and SOLM assert an interest in the Escrowed Funds.

G.     Bush asserted a claim in Adversary Proceeding No. 11-59093 (the "Texas Interpleader") for $45,131.91 of the stake interpleaded by J&F (the "J&F Stake") related to the proceeds for the sale of a certain 219 steers. (Texas Interpleader, Doc. No. 67.)

H.     SOLM asserted a claim in the Texas Interpleader for $45,833.19 of the stake interpleaded by Cactus Growers, Inc. (the "Cactus Stake") related to the proceeds for the sale of a certain 64 heifers. (Texas Interpleader, Doc. No. 66.)

I.     SOLM asserted a claim in Adversary Proceeding No. 11-59098 (the "Kansas Interpleader") for $137,693.37 of the stake interpleaded by Innovative Livestock Services, Inc. (the "Innovative Stake") related to the proceeds for the sale of a certain 204 heifers. (Kansas

US.55222636.04

Interpleader, Doc. No. 52.)

  J.  The Trustee disputes Bush's and SOLM's claims in the Texas Interpleader and Kansas Interpleader and contends that the interpleaded funds identified above in paragraphs G-I (all together, the "Interpleaded Funds") are property of the Debtor's bankruptcy estate.

  K.  SOLM filed in the Chapter 11 Case two proofs of claim ("POCs"), claim nos. 483 & 484, asserting claims against the Debtor's estate totaling $916,120.51.

  L.  The Trustee filed an objection (the "Objection") to the POCs in the Chapter 11 Case.  (Ch. 11, Doc. No. 2092.)

  M.  William Bush passed away during the pendency of Eastern's bankruptcy proceedings, and the executrix of his Estate, Sherry Sue Brown, is signing this agreement as representative of Bush's interests and on behalf of Bush's Estate.

  N.  Recognizing the long and expensive course that the litigation between them has taken, the Parties now desire fully and finally to settle upon the terms and conditions set forth below all of their known and anticipated future disputes.

**Agreement**

  NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

  1.  Settlement. The Parties agree to the following payments and distributions (the "Settlement Amount"):

  (a) Within five business days of the Effective Date, the Trustee will file a motion in the Texas Interpleader requesting that the Court release and transfer $45,131.91 of the Interpleaded Funds from the J&F Stake to the Trustee.

  (b) Within five business days of the Effective Date, the Trustee and SOLM will file a joint motion in the Texas Interpleader requesting that the Court release and transfer $45,833.19 of the Interpleaded Funds from the Cactus Stake to the Trustee.

  (c) Within five business days of the Effective Date, the Trustee and SOLM will file a joint motion in the Kansas Interpleader requesting that the Court release and transfer $137,693.37 of the Interpleaded Funds from the Innovative Stake to the Trustee.

  (d) Within five business days of the Effective Date, the Escrowed Funds (including any interest accrued thereon) shall be disbursed to the Trustee from the escrow account.

  2.  Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement ("Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order

2

approving the Settlement Motion ("Settlement Order"). The term "Effective Date" as used herein shall mean fifteen days after the entry of the Settlement Order, unless the Settlement Order has been timely appealed.  In the event an appeal from the Settlement Order is timely filed and the Settlement Order is upheld on appeal, the Effective Date shall be the first day after the appeal is resolved by final order, unless otherwise agreed by the Parties.  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

      3.    <u>Releases</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and the full payment of the Settlement Amount, the Parties agree as follows:

(a) SOLM and Bush for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** the Trustee, the Debtor, and their respective employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case, the Adversary, the Texas Interpleader, the Kansas Interpleader, the Escrowed Funds, the Interpleaded Funds, the Objection, and the POCs; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement.

(b) The Trustee and the Debtor for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** SOLM and Bush and their respective employees, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in anyway, to the Chapter 11 Case, the Adversary, the Texas Interpleader, the Kansas Interpleader, the Escrowed Funds, the Interpleaded Funds, the Objection, and the POCs; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement.

(c) Nothing herein (including the pleadings to be filed in the Texas Interpleader and the Kansas Interpleader in accordance with section 1 hereof) shall in any way release, impact or effect SOLM's claims asserted and/or pending in the action styled *CPC*

US.55222636.04

*Livestock, LLC, et al v. Fifth Third Bank, et al,* Civil Action No. 13-CI-3666, before the Circuit Court of Fayette County, Kentucky, including any appeals or related actions (together, the "Civil Action") or any rights or arguments that SOLM may have with regard to the Civil Action.

4.    Dismissals; Withdrawal of Proofs of Claim.  Within five business days following the Trustee's receipt of the entire Settlement Amount:

(a) The Parties will file with the Court a Stipulation of Dismissal in the Adversary, dismissing all claims against SOLM and Bush with prejudice.

(b) The Trustee will file with the Court a Motion to Dismiss in the Texas Interpleader seeking to dismiss all claims asserted by or against Bush in the proceeding.

(c) SOLM and the Trustee will file with the Court a Joint Motion to Dismiss in the Texas Interpleader seeking to dismiss all claims asserted by or against SOLM in the proceeding.

(d) SOLM and the Trustee will file with the Court a Joint Motion to Dismiss in the Kansas Interpleader seeking to dismiss all claims asserted by or against SOLM in the proceeding.

(e) SOLM will file necessary papers in the Chapter 11 Case to waive, abandon, or otherwise withdraw the POCs.

In addition, the Parties agree to cooperate to accomplish any other necessary filings to bring about the dismissal of SOLM and Bush from the Adversary, the Texas Interpleader, and the Kansas interpleader and to effectuate the withdrawal of the POCs. The Parties expressly agree that this Settlement Agreement resolves any and all disputes, claims, counterclaims, and cross-claims with respect to the Adversary, the Interpleaded Funds, and the Escrowed Funds.

5.    Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6.    Drafting Responsibilities.  SOLM shall draft and submit for approval by the Trustee the withdrawal of the POCs.  The Trustee shall draft and submit for approval by SOLM and Bush all other pleadings contemplated herein including the Settlement Motion and all pleadings to be filed in the Texas Interpleader and the Kansas Interpleader.

7.    Each of the Parties Bears Own Costs. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

4

8.     <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9.     <u>Bankruptcy Court Jurisdiction</u>. The Parties consent to the Bankruptcy Court's exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10.     <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the federal bankruptcy law applicable to the Chapter 11 Case.

11.     <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12.     <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13.     <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

14.     <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and all Parties are represented by counsel who participated in the drafting. There shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

**[Signature page to follow]**

5

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the __29__ day of __Dec.__, 2014.

James A. Knauer
Chapter 11 Trustee for Eastern Livestock Co., LLC

_____

Stockman Oklahoma Livestock Marketing, Inc.

By:_____

Printed Name:_____

Title: _____

William Bush

_____
Sherry Sue Brown, executrix
Estate of William C Bush

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the _15_ day of _Dec_, 2014.


James A. Knauer
Chapter 11 Trustee for Eastern Livestock Co., LLC

_____


Stockman Oklahoma Livestock Marketing, Inc.

By: _____

Printed Name: _Bob Rodenberger_

Title: _President_


William Bush

_____


6