SO ORDERED: January 8, 2015.



*Basil H. Lorch III*
**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| EASTERN LIVESTOCK CO., LLC, | )   Case No. 10-93904-BHL-11 |
| | ) |
| Debtor. | ) |

**ORDER APPROVING COMPROMISE AND SETTLEMENT
WITH LARRY ZEIEN II, ROBERT RUFENACHT, RUFENACHT
COMMODITIES, INC., AND ADM INVESTOR SERVICES, INC.
<u>PURSUANT TO RULE 9019</u>**

James A. Knauer, as Chapter 11 Trustee (the "<u>Trustee</u>") for Eastern Livestock Co., LLC (the "<u>Debtor</u>"), has filed his Motion to Approve Compromise and Settlement with Larry Zeien II, Robert Rufenacht, Rufenacht Commodities, Inc., and ADM Investor Services, Inc. Pursuant to Rule 9019 ("<u>Settlement Motion</u>").  The Settlement Motion requests the Court's approval of a compromise and settlement of claims between the Trustee and Larry Zeien II, Robert Rufenacht, Rufenacht Commodities, Inc., and ADM

Investor Services, Inc., pursuant to the terms and conditions set forth in the Settlement Agreement and Mutual Release attached to the Settlement Motion as Exhibit "A". The Court, having given notice of the Settlement Motion pursuant to Rule 2002 and Rule 9019, and having reviewed the Settlement Motion, now finds that the relief sought therein should be entered. It is, therefore,

ORDERED that the Settlement Motion by and between the Trustee and Larry Zeien II, Robert Rufenacht, Rufenacht Commodities, Inc., and ADM Investor Services, Inc., is hereby GRANTED; and

FURTHER ORDERED that the Settlement Agreement and Mutual Release is hereby APPROVED; and

FURTHER ORDERED that the parties are hereby directed to carry out the terms of the Settlement Agreement and Mutual Release.; and

FURTHER ORDERED that effective as of the Effective Date of this Order, to the fullest extent permitted under applicable law, in consideration for the obligations of Larry Zeien II, Robert Rufenacht, Rufenacht Commodities, Inc., and ADM Investor Services, Inc. (the "Settling Defendants") and the Trustee set forth in this Settlement Agreement and Mutual Release, and pursuant to the Trustee's power to settle Retained Actions as that term is defined in the confirmed Trustee's First Amended Chapter 11 Plan of Liquidation (the "Plan"), Fifth Third Bank and the Chapter 7 Trustee for Thomas P. Gibson in Case No. 10-93867, and any affiliate of such parties shall be deemed to have forever waived, released and discharged Settling Defendants, and each of their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all claims, obligations, suits,

judgments, damages, rights, Causes of Action and liabilities, whether for tort, fraud, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise held by such parties arising on or prior to the Effective Date to the extent such claim derives from, (a) in the case of Fifth Third Bank, the tracing of proceeds of its collateral to any of the Settling Defendants, and (b) in the case of Chapter 7 Trustee for Thomas P. Gibson in Case No. 10-93867, the Trustee's status as a creditor of the Debtor.

###