Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of March ___, 2015 by and between James A. Knauer as trustee (the "Trustee") for the Chapter 11 estate ("Estate") of Eastern Livestock Co., LLC ("Debtor") and Anna Gayle Gibson, individually and as executrix of the estate of John Shirley Gibson ("Anna Gayle"). The Trustee and Anna Gayle shall collectively be referred to in this Settlement Agreement as the "Parties."

## Recitals

A. Certain petitioning creditors commenced a chapter 11 bankruptcy case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C. On December 26, 2012, the Trustee initiated Adversary Proceeding No. 12-59151 (the "Adversary") by filing a complaint against Anna Gayle and the Thomas P. Gibson Irrevocable Generation Skipping Trust Dated December 26, 2000 (the "Trust"). In the Adversary, the Trustee seeks to recover $164,294.17 from Anna Gayle under 11 U.S.C. §§ 548 and 550. Anna Gayle denies that the Trustee is entitled to any recovery from Anna Gayle.

D. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] (as immaterially modified, the "Plan"). The Court entered an Order confirming the Plan on December 17, 2012 [Dock. No. 1644].

E. Anna Gayle filed a proof of claim (the "ELC Claim") in the Chapter 11 Case. The ELC Claim is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 464 and asserts an unsecured claim in the amount of $900,000. The Trustee filed an objection (the "Objection") to the ELC Claim and seeks to disallow and/or subordinate the ELC Claim in the Adversary.

F. Anna Gayle also filed two proofs of claim in the Chapter 7 bankruptcy case of Thomas P. Gibson and Patsy M. Gibson (the "Gibson Case"): 1) the proof of claim designated as claim number 17 on the Court's claims register ("Claim 17") and 2) the proof of claim designated as claim number 18 on the Court's claims register ("Claim 18"). By Claim 17, Anna Gayle asserts an unsecured claim in the Gibson Case in the amount of $195,000. By Claim 18, Anna Gayle, as executrix of the estate of John Shirley Gibson, asserts an unsecured claim in the Gibson Case in the amount of $965,555.58. Claim 17 and Claim 18 shall be referred to collectively in this Settlement Agreement as the "Gibson Claims." The attorney for the trustee of the Gibson Case has estimated that a distribution which will be paid to the holder of Claim 17 in the approximate amount of $4,700 and that a distribution will be made to the holder of Claim 18 in an amount between $23,000 and $24,000.

G. Both Parties desire to settle the Adversary upon the terms set forth below.

US.55767225.02

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following full execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date". The Parties shall file such additional information as necessary to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. <u>Settlement</u>. Contingent upon the occurrence of the Effective Date, Anna Gayle (i) assigns to the Trustee all of Anna Gayle's rights in, to and under the Gibson Claims, (ii) shall pay the Trustee $20,000 (the "Cash Amount") and (iii) waives any and all claims and rights to distribution in the Chapter 11 Case. Anna Gayle shall deliver the Cash Amount to the Trustee within five (5) business days of the entry of the Settlement Order (the "Payment Deadline") by check made payable to "James A. Knauer as chapter 11 trustee of Eastern Livestock Co., LLC." As of the Effective Date, the Trustee is authorized and appointed as Anna Gayle's lawful attorney in fact to receive any and all distributions made on account of the Gibson Claims and to file any and all documents necessary to notice the transfer of the Gibson Claims to the Trustee. The Trustee agrees to notify Anna Gayle of the amounts which he receives as a result of this transfer and assignment of the Gibson Claims. All payments received under this Settlement Agreement shall become part of the Recovery Fund (as that term is defined in the Plan).

3. <u>Mutual Release</u>. Conditioned upon Anna Gayle's timely payment of the Cash Amount, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which may exist as of the execution of this Settlement Agreement.

4. <u>Stipulation of Dismissal; Withdrawal of ELC Claim and Objection</u>. Within five (5) business days following the Trustee's receipt of the Cash Amount, the Parties shall file (i) a Stipulation of Dismissal in the Adversary (a "Stipulation"), dismissing all claims with prejudice and (ii) a Notice of Withdrawal in the Chapter 11 Case (the "Withdrawal") jointly withdrawing the ELC Claim and Objection. In the event that the Parties are unable to obtain the Trust's authorization to file the Stipulation, the Parties shall file a joint motion requesting that the Court enter an order dismissing the Adversary with prejudice.

5. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional

consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6. <u>Each of the Parties Bears Own Costs; Attorneys' Fees in Event of Default</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and the filing of the Stipulation and Withdrawal, including the preparation and filing of, and hearings for, all related motions. The non-prevailing party in any litigation or proceeding arising from a default in the performance of obligations under this Settlement Agreement shall pay the prevailing party's reasonable costs and expenses, including, without limitation, reasonable attorneys' fees and expenses.

7. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

8. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

9. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

10. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

11. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

12. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

13. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

*[Remainder of page intentionally left blank. Signature page to follow.]*

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Anna Gayle Gibson, individually, and as executrix of the estate of John Shirley Gibson

_____

Date: _____

James A Knauer as trustee for the Chapter 11 estate of Eastern Livestock Co., LLC

*/s/ James Knauer*

Date: 3/12/15

4

US.55767225.02

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Anna Gayle Gibson, individually, and as executrix of the estate of John Shirley Gibson

*Anna Gayle Gibson*
*Anna Gayle Gibson Exec*
Date: 3-13-2015

James A Knauer as trustee for the Chapter 11 estate of Eastern Livestock Co., LLC

*James Knauer*
Date: 3/12/15

4

US.55767225.02