UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

## TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 9019, James A. Knauer, as chapter 11 trustee (the "ELC Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("ELC"), by counsel, respectfully moves the Court to approve a compromise and settlement of claims between the ELC Trustee and Kathryn L. Pry, as Trustee (the "Gibson Trustee") of the bankruptcy estate of Thomas P. Gibson and Patsy M. Gibson (the "Gibson Estate"). The settlement also involves Intrust Bank, NA ("Intrust"), The First Bank and Trust Company ("First Bank") and Fifth Third Bank ("Fifth Third"), although the ELC Trustee is not releasing by this settlement claims against those parties, to the extent they still exist. In support of this motion (the "Settlement Motion"), the ELC Trustee states as follows:

### Introduction and Background

1. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "ELC Case") on December 6, 2010 (the "ELC Petition Date"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Docket No. 110] on December 28, 2010.

2. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Docket No. 102] approving the *United*

*States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Docket No. 98] pursuant to 11 U.S.C. § 1104.

### The Commodity Accounts

3. On December 1, 2010 (the "Gibson Petition Date"), Thomas P. Gibson and Pasty M. Gibson (the "Gibsons") initiated bankruptcy case 10-93867-BHL-7 (the "Gibson Case") by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code. On the Gibson Petition Date, the Gibsons had an interest in several commodity accounts held by ADM Investor Services, Inc. and/or its affiliates ("ADM") and MF Global, Inc. ("MF Global").

4. On January 12, 2011, in the Gibson Case, this Court entered the *Order on Trustee's Motion for Immediate Turnover of the Debtors' Non-Exempt Financial Accounts Held by ADM Investors Services, Inc. and/or its Affiliates* (the "ADM Turnover Order") [Gibson Case Docket No. 71], requiring the Gibsons to immediately turn over to the Gibson Trustee all funds in non-exempt financial accounts held by ADM.

5. On January 14, 2011, in the Gibson Case, this Court entered the *Order on Turnover of Cash, Securities, Funds in Bank/Credit Union Accounts, Any Investment Accounts and Other Non Exempt Financial Accounts* (the "Financial Account Turnover Order") [Gibson Case Docket No. 74], requiring the Gibsons to turn over to the Gibson Trustee all cash, securities, funds in bank/credit union accounts, investment accounts, and other nonexempt financial accounts within ten (10) days of the Financial Account Turnover Order.

6. On January 19, 2011, pursuant to the ADM Turnover Order, the Gibson Trustee successfully liquidated all of the Gibsons' interests in financial accounts held by ADM in the sum of $1,234,267.68 (the "ADM Funds").

55914561_2

7. On January 25, 2011, pursuant to the Financial Account Turnover Order, the Gibson Trustee successfully liquidated all of the Gibsons' interests in financial accounts held by MF Global in the sum of $66,275.97 (the "MF Global Funds") (the ADM Funds and the MF Global Funds shall be collectively referred to herein as the "Commodity Account Funds").

8. Through the duration of the Gibson Case, First Bank has asserted a secured interest in the Commodity Account Funds.

9. Additionally, throughout the duration of the Gibson Case, Fifth Third has also asserted a secured interest in the Commodity Account Funds, alleging that the Commodity Account Funds were proceeds of assets of ELC, as to which Fifth Third maintained a secured claim.

10. Further, throughout the duration of the Gibson Case, the ELC Trustee, on behalf of the ELC Estate, has asserted a claim to the Commodity Account Funds, alleging that such funds were proceeds of assets of ELC.

11. The Gibson Trustee disputes the alleged claims of First Bank, Fifth Third and the ELC Trustee as to the Commodity Account Funds.

12. Intrust has not asserted any claims to the Commodity Account Funds.

### Relevant Proofs of Claims

13. On May 2, 2011, the Gibson Trustee, on behalf of the Gibson Estate, filed a proof of claim in the ELC Case, as ELC Estate Claim No. 222, asserting an unsecured claim in the sum of no less than $18,075,872.64 (the "Gibson Trustee POC").

14. On April 23, 2011, Fifth Third filed a proof of claim in the Gibson Case, as Gibson Estate Claim No. 16, asserting a secured claim in the sum of $496,532.64 (the "Fifth Third 1st POC"). Additionally, on April 25, 2011, Fifth Third filed a proof of claim in the

3

Gibson Case, as Gibson Estate Claim No. 37, asserting a secured claim in the sum of $500,000.00 and an unsecured claim in the sum of $35,829,941.67 (the "Fifth Third 2nd POC").

15.   On April 25, 2011, the ELC Trustee, on behalf of the ELC Estate, filed a proof of claim in the Gibson Case, as Gibson Estate Claim No. 48, asserting an unsecured claim in the sum of no less than $1,135,045,746.83 (the "ELC Trustee POC").

## The Settlement Agreement

16.   Subject to Court approval, the ELC Trustee has agreed to the terms of a *Settlement Agreement and Mutual Release* (the "Settlement Agreement") resolving, among other things, rights in and to the Commodity Account Funds and the treatment of the ELC Trustee POC and the Gibson Trustee POC.  The proposed Settlement Agreement is attached hereto and incorporated herein as Exhibit A.[1]

17.   In summary, the Settlement Agreement provides that (i) Fifth Third and First Bank will split equally the net Commodity Account Funds (i.e., amounts available for distribution after deduction for certain charges and fees) in exchange for a waiver of all rights to distribution on account of their proofs of claim in the Gibson Case, (ii) the ELC Trustee and Gibson Trustee shall waive all rights to distributions on account of the ELC Trustee POC and the Gibson Trustee POC and (iii) Intrust shall be allowed an unsecured claim in the Gibson Case in the sum of $6,485,674.54.  The Settlement Agreement itself should be reviewed for more specific terms of the settlement.

---

[1] Please refer to Exhibit A for a detailed explanation of all terms of the Settlement Agreement.

55914561_2

**Basis for Relief**

18. Pursuant to Rule 9010 of the Federal Rules of Bankruptcy Procedure, this Court has authority to approve a compromise or settlement on motion made by the ELC Trustee after notice and opportunity for a hearing.

19. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. *See In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *Depoister v. Mary M. Holloway Found*, 36 F.3d 582, 586 (7th Cir. 1994); *Matter of Energy Co-op, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

20. The ELC Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the ELC Estate. Specifically, the Settlement Agreement allows Fifth Third to recover substantially more than it may be entitled to recover from the Gibson Estate if required to litigate its rights in and to the Commodity Account Funds, ultimately reducing Fifth Third's claim in the ELC Case and creating greater distributions to opt-in creditors. Further, the netting of the ELC Trustee POC against the Gibson Trustee POC is reasonable in light of the costs that would be required for each estate to litigate the preference, fraudulent transfer and other claims underlying the ELC Trustee POC and the Gibson Trustee POC. The ELC Trustee believes that the costs and potential recoveries available from the Gibson Estate more than negate any benefit that could be obtained by the ELC Trustee.

21. The Settlement Agreement is the result of arms-length negotiations after years of research and litigation. The alternative to the settlement is continued litigation of the

5

claims between the parties, and the possibility of an outcome that may result in no recovery to the ELC Estate.

22.     If no objections to this Settlement Motion are filed, the ELC Trustee requests that the Court enter an order approving the Settlement Agreement.  If any objections to this Settlement Motion are filed, the ELC Trustee requests that this Settlement Motion and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.

WHEREFORE, the ELC Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and grant the ELC Trustee all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


By: /s/ Dustin R. DeNeal

Terry E. Hall (#22041-49)　　　　　　　　　*Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com

55914561_2

Wendy W. Ponader (#14633-49)
Dustin R. DeNeal (#27535-49)
Kayla D. Britton (##29177-06)
600 East 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-9600
Facsimile:  (317) 569-4800
wendy.ponader@faegrebd.com
dustin.deneal@faegrebd.com
kayla.britton@faegrebd.com

## CERTIFICATE OF SERVICE

       I hereby certify that on April 29, 2015, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | Amelia Martin Adams<br>aadams@dlgfirm.com | John W. Ames<br>james@bgdlegal.com |
| Kay Dee Baird<br>kbaird@kdlegal.com | Christopher E. Baker<br>cbaker@thbklaw.com | Robert A. Bell<br>rabell@vorys.com |
| C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | David W. Brangers<br>dbrangers@lawyer.com | Steven A. Brehm<br>sbrehm@ bgdlegal.com |
| Kent A Britt<br>kabritt@vorys.com | Kayla D. Britton<br>kayla.britton@faegrebd.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John R. Burns, III<br>john.burns@faegrebd.com | John R. Carr, III<br>jrciii@acs-law.com |
| Deborah Caruso<br>dcaruso@daleeke.com | Ben T. Caughey<br>ben.caughey@icemiller.com | Bret S. Clement<br>bclement@acs-law.com |
| Joshua Elliott Clubb<br>joshclubb@gmail.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| David Alan Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | William K. Flynn<br>wkflynn@strausstroy.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Thomas P. Glass<br>tpglass@strausstroy.com | Patrick B. Griffin<br>patrick.griffin@kutakrock.com | Terry E. Hall<br>terry.hall@faegrebd.com |
| Paul M. Hoffman<br>paul.hoffmann@stinsonleonard.com | John David Hoover<br>jdhoover@hooverhull.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Jay Jaffe<br>jay.jaffe@faegrebd.com | James Bryan Johnston<br>bjtexas59@hotmail.com |

7

| | | |
|---|---|---|
| Todd J. Johnston<br>tjohnston@mcjllp.com | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jay P. Kennedy<br>jpk@kgrlaw.com |
| Edward M King<br>tking@fbtlaw.com | James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Randall D. LaTour<br>rdlatour@vorys.com | David A. Laird<br>david.laird@moyewhite.com |
| David L. LeBas<br>dlebas@namanhowell.com | Martha R. Lehman<br>mlehman@kdlegal.com | Scott R. Leisz<br>sleisz@bgdlegal.com |
| Elliott D. Levin<br>edl@rubin-levin.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | James B. Lind<br>jblind@vorys.com |
| Karen L. Lobring<br>lobring@msn.com | Jason A. Lopp<br>jlopp@wyattfirm.com | John Hunt Lovell<br>john@lovell-law.net |
| Harmony A. Mappes<br>harmony.mappes@faegrebd.com | John Frederick Massouh<br>john.massouh@sprouselaw.com | Michael W. McClain<br>mmcclain@mcclaindewees.com |
| Kelly Greene McConnell<br>lisahughes@givenspursley.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Brian H. Meldrum<br>bmeldrum@stites.com |
| William Robert Meyer, II<br>rmeyer@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com | Terrill K. Moffett<br>kendalcantrell@moffettlaw.com |
| Allen Morris<br>amorris@stites.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com | Walter Scott Newbern<br>wsnewbern@msn.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com |
| Matthew J. Ochs<br>kim.maynes@moyewhite.com | Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net | Michael Wayne Oyler<br>moyler@rwsvlaw.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Brian Robert Pollock<br>bpollock@stites.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Timothy T. Pridmore<br>tpridmore@mcjllp.com | Anthony G. Raluy<br>traluy@fbhlaw.net | Eric C. Redman<br>ksmith@redmanludwig.com |
| Eric W. Richardson<br>ewrichardson@vorys.com | Joe T. Roberts<br>jratty@windstream.net | David Cooper Robertson<br>crobertson@stites.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com | John M. Rogers<br>johnr@rubin-levin.net |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | James E. Rossow<br>jim@rubin-levin.net | Steven Eric Runyan<br>ser@kgrlaw.com |
| Niccole R. Sadowski<br>nsadowski@thbklaw.com | Thomas C. Scherer<br>tscherer@bgdlegal.com | Stephen E. Schilling<br>seschilling@strausstroy.com |
| Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Sarah Elizabeth Sharp<br>sarah.sharp@faegrebd.com | Suzanne M Shehan<br>suzanne.shehan@kutakrock.com |
| James E. Smith, Jr.<br>jsmith@smithakins.com | William E. Smith, III<br>wsmith@k-glaw.com | Amanda Dalton Stafford<br>ads@kgrlaw.com |
| Joshua N. Stine<br>kabritt@vorys.com | Andrew D. Stosberg<br>astosberg@lloydmc.com | Matthew R. Strzynski<br>indyattorney@hotmail.com |
| Meredith R. Theisen<br>mtheisen@daleeke.com | John M. Thompson<br>john.thompson@crowedunlevy.com | Kevin M. Toner<br>kevin.toner@faegrebd.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Chrisandrea L. Turner<br>clturner@stites.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |

| | | |
|---|---|---|
| Andrew James Vandiver<br>avandiver@aswdlaw.com | Andrea L. Wasson<br>andrea@wassonthornhill.com | Jennifer Watt<br>jwatt@kgrlaw.com |
| Charles R. Wharton<br>Charles.R.Wharton@usdoj.gov | Sean T. White<br>swhite@hooverhull.com | Michael Benton Willey<br>michael.willey@ag.tn.gov |
| Jason P. Wischmeyer<br>jason@wischmeyerlaw.com | James T. Young<br>james@rubin-levin.net | John D Dale, Jr.<br>Johndaleatty@msn.com |

I further certify that on April 29, 2015, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

/s/ Dustin R. DeNeal

55914561_2