Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of May 14, 2015 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor") and Intrust Bank, N.A. ("Intrust").  The Trustee and Intrust shall collectively be referred to in this Settlement Agreement as the "Parties."

## Recitals

A.  Certain petitioning creditors commenced a chapter 11 bankruptcy case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  The Trustee filed Adversary Proceeding No. 12-59149 (the "Adversary") on December 22, 2012, seeking to avoid $1,984,295.65 in transfers made by Debtor to Thomas P. Gibson and recover the transfers, or the value thereof, from Intrust pursuant to 11 U.S.C. § 550.

D.  Intrust filed a proof of claim (the "Intrust ELC Claim") in the Chapter 11 Case.  The Intrust ELC Claim is designated on the official claims register maintained by The BMC Group, Inc. as claim no. 312 and asserts a secured claim totaling $9,029,203.24.  The Trustee filed an objection (the "Objection") to the Intrust ELC Claim.

E.  Intrust also filed a proof of claim (the "Intrust Gibson Claim") in the Chapter 7 case of Thomas P. Gibson and Patsy M. Gibson (the "Gibson Case").  The Intrust Gibson Claim is designated on the Court's claims register for the Gibson Case as claim no. 14 and asserts an unsecured claim totaling $8,952,274.44.  Kathryn L. Pry, as Chapter 7 trustee in the Gibson Case, filed an objection to the Intrust Gibson Claim (the "Gibson Objection").

F.  Both Parties desire to settle the Adversary upon the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.  Court Approval of Settlement.  This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within three (3) business days following full execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion").  The Parties shall file such additional information as necessary to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.  Effective Date.  The effectiveness of this Settlement Agreement is contingent upon satisfaction of the following conditions precedent: (i) the Court shall enter an

order approving the Settlement Motion which shall have become final and non-appealable (the "Settlement Order") and (ii) the Intrust Gibson Claim shall be allowed, either by entry of a final order of the Court or by withdrawal of the Gibson Objection, in an amount not less than $6,485,674.54 (the "Allowed Intrust Gibson Claim"). The date that both conditions precedent have been satisfied shall be referred to herein as the "Effective Date."

3. Settlement. Intrust (i) assigns, transfers and conveys to the Trustee, without recourse, all of Intrust's rights in and to the first $100,000 of distributions made on account of the Allowed Intrust Gibson Claim (the "Assigned Distributions") and (ii) waives and releases the Intrust ELC Claim. Intrust hereby appoints the Trustee as Intrust's lawful attorney in fact, to receive the Assigned Distributions and approves and authorizes the Trustee to receive the Assigned Distributions. The Parties shall execute any other and further documents necessary to cause the trustee in the Gibson Case to issue payment of the Assigned Distributions directly to the Trustee. In the event any portion of the Assigned Distributions is paid to Intrust, Intrust shall hold such Assigned Distributions in trust for the benefit of the Trustee and, within five (5) business days of Intrust's receipt of the Assigned Distributions, deliver such received Assigned Distributions to the Trustee, either by endorsement or payment of readily available funds in an amount equal to the Assigned Distributions actually received by Intrust. If for any reason the Trustee receives distributions on account of the Allowed Intrust Gibson Claim that exceed the Assigned Distributions ("Excess Distributions"), the Trustee shall hold such received Excess Distributions in trust for the benefit of Intrust and, within five (5) business days of the Trustee's receipt of Excess Distributions, deliver such received Excess Distributions to Intrust, either by endorsement or payment of readily available funds in an amount equal to the Excess Distributions actually received by the Trustee. All amounts received by the Trustee under this Settlement Agreement shall be designated and become part of the Recovery Fund (as that term is defined in the *First Amended Chapter 11 Plan of Liquidation on October 26, 2012* [Dock. No. 1490]).

4. Mutual Releases. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever RELEASE AND DISCHARGE each other from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which were asserted or assertable in the Adversary (the "Released Claims"). Notwithstanding the foregoing, nothing contained in this Settlement Agreement shall release (i) Intrust from its obligations under this Settlement Agreement to deliver and/or facilitate the delivery of the Assigned Distributions to the Trustee or (ii) the Trustee from his obligations under this Settlement Agreement to deliver Excess Distributions, if any, to Intrust.

5. Stipulation of Dismissal; Withdrawal of Intrust Claim. Within five (5) business days following the Effective Date, (i) the Parties shall file with the Court a stipulation dismissing the Adversary with prejudice and (ii) Intrust shall file with the Court a withdrawal of the Intrust ELC Claim. The Trustee shall thereafter withdraw the Objection.

6. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to

execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. <u>Ownership of Intrust Gibson Claim</u>.  Intrust is the legal and beneficial owner and holder of the Intrust Gibson Claim, and all rights arising therefrom, free and clear of any and all liens, claims, encumbrances and adverse claims as to ownership created by or through Intrust.

8. <u>Each of the Parties Bears Own Costs</u>.  Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in the Adversary and in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

9. <u>Successors and Assigns</u>.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

10. <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11. <u>Merger of Prior Agreements</u>.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12. <u>Counterparts; Facsimile Delivery</u>.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13. <u>Agreement Nonseverable and Mutually Dependent</u>.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

14. <u>No Admission of Fault or Liability</u>.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party, nor as an admission as to the veracity of any factual allegations or merits of legal arguments by either party.

15. <u>No Presumption Against Drafter</u>.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

[*Remainder of page intentionally left blank.  Signature page to follow.*]

US.55678903.01

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**Intrust Bank, N.A.**

By: _[signature]_ Daniel J Eilert
Its: Cheif Credit Officer
Date: 5/8/15

**James A. Knauer as Chapter 11 Trustee for the estate of Eastern Livestock Co., LLC**

_[signature]_
Date: 5/13/15

US.55678903.01