Exhibit A

### Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of May ___, 2015 (the "Execution Date") by and between James A. Knauer as chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Eastern Livestock Co., LLC ("Debtor") and Glen Franklin  ("Franklin").  The Trustee and Franklin shall collectively be referred to herein as the "Parties."

### Recitals

A.      Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").  The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.      On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the United States Trustee's *Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.      On December 2, 2013, the Trustee initiated Adversary Proceeding No. 13-59070 (the "Adversary") by filing the *Adversary Complaint against Glen Franklin* (the "Complaint"). The Complaint seeks to recover $125,602.22 from Franklin for his alleged breach of contract and $2,844,396.31 from Franklin as the proceeds of a transfer avoidable under Section 547, 548(a)(1)(A) and/or 548(a)(1)(B) of the Bankruptcy Code.  The Complaint also seeks to disallow the claim filed by Franklin in the Chapter 11 Case (the "Franklin Claim").  The Franklin Claim is identified as Claim No. 353 on the claims register maintained by the BMC Group, Inc. and asserts an unsecured claim in the amount of $447,031.87.  Franklin disputes the Trustee's claims and has denied all liability.

D.      The Parties desire to settle the Adversary and other claims and disputes between them upon the terms and conditions set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.      Payment by Franklin.  In exchange for the promises contained herein, Franklin shall pay the Trustee $20,000.00 (the "Settlement Amount").  The Settlement Amount shall be payable in two installments of $10,000, with the first installment due and owing on or before ten (10) days after the entry of the Settlement Order (as defined in section 2 below) and the second installment due and owing on or before November 30, 2015 (the "Final Payment Deadline").  Any payment not made when due shall accrue interest at the rate of 8% per annum. Payments of the Settlement Amount shall be made by delivery to the Trustee of checks made payable to "James A. Knauer as chapter 11 trustee of Eastern Livestock Co., LLC."  Franklin acknowledges and agrees that the Trustee may offset against the Settlement Amount any distributions that may become payable to Franklin from the Trustee or Estate on account of the Franklin Claim.

2.      Court Approval of Settlement; Effective Date.  This Settlement Agreement

US.56582031.01

is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.  Within three (3) business days following the Execution Date, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion").  The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order").  The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date".  The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion.  The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3.      Franklin Claim.  The Franklin Claim is allowed in the Chapter 11 Case as a general unsecured claim in the amount of $447,031.87 without the need for further filings by either party.

4.      Mutual Release.  In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Franklin's payment of the Settlement Amount in full on or before the Final Payment Deadline:

a. Franklin, on behalf of himself and his attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs further hereto forever RELEASES AND DISCHARGES Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and the Trustee's professionals from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, which may exist as of the date of Execution Date, excepting only the Franklin Claim, which is hereby expressly preserved.  In addition, and for clarification, nothing contained in this Settlement Agreement shall waive or impair Franklin's claims against third parties.

b. Debtor, the Estate, the Trustee and the Trustee's professionals and also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever RELEASE AND DISCHARGE Franklin, his professionals, and Production Credit Association of Eastern New Mexico from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, which may exist as of the Execution Date.

4.      Stipulation of Dismissal.  Within five (5) business days following the

2

Trustee's receipt of the Settlement Amount, the Trustee agrees to file a Stipulation of Dismissal in the Adversary, dismissing all claims against Franklin with prejudice.

5.     Qualification; Authority.  Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6.     Each of the Parties Bears Own Costs.  Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

7.     Successors and Assigns.  This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

8.     Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

9.     Merger of Prior Agreements.  This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

10.    Counterparts; Facsimile Delivery.  This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties.  Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

11.    Agreement Nonseverable and Mutually Dependent.  All provisions of this Settlement Agreement are to be read in conjunction with each other.  Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

12.    No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

13.    No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

3

US.56582031.01

Glen Franklin

_____

Date: _____


James A Knauer as Chapter 11 Trustee for the Debtor,
Eastern Livestock., LLC

_____

Date: _____ 5/18/15 _____

4

Glen Franklin

*Glen Franklin*

Date: _May 19, 2015_

James A Knauer as Chapter 11 Trustee for the Debtor.
Eastern Livestock.. LLC

_____

Date: _____

4

US 56582031.01