Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and among James A. Knauer, chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or "Debtor"), and Atkinson Livestock Market, LLC ("Atkinson"). The Trustee and Atkinson are collective referred to as the "Parties," and each, a "Party".

## RECITALS

A.  Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Eastern on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James Knauer as Chapter 11 Trustee [Dkt. No. 98] pursuant to 11 U.S.C. § 1104.

C.  On May 3, 2011, the Trustee, on behalf of Debtor's estate, filed Adversary Proceeding No. 11-59094 (the "First Adversary") against Atkinson. The Trustee asserted claims against Atkinson for breach of contract and account stated.

D.  On December 27, 2012, the Trustee, on behalf of Debtor's estate, filed Adversary No. 12-59158 (the "Second Adversary") against multiple parties, including Atkinson. The Trustee asserted a claim against Atkinson for fraudulent transfer.

E.  Atkinson has asserted defenses in the First Adversary and the Second Adversary.

F.  The First Adversary and the Second Adversary were consolidated on November 15, 2013 under the caption of the First Adversary (the "Consolidated Cases").

G.  The Parties now desire to conclude and forever resolve their disputes in connection with the claims and defenses between them asserted in the Consolidated Cases and have agreed to settle upon the terms and conditions set forth in this Settlement Agreement in order to avoid the uncertainties and further expense of protracted litigation, and in order to resolve, foreclose and bring finality to all of their disputes.

## AGREEMENT

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.  <u>Court Approval of Settlement Agreement, Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019.

US.56795852.02

Within five business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The date the Settlement Order is entered by the Court, will be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. <u>Settlement</u>. Atkinson shall pay the Trustee the total sum of Five Hundred and Thirty Thousand Dollars ($530,000) ("Settlement Amount"). The Settlement Amount shall be paid in accordance with the payment schedule set forth below. Each payment shall be referred to hereinafter as a "Payment."

| | | |
|---|---|---|
| a) | Initial Payment due within ten (10) business days of the Effective Date: $100,000.00 | |
| b) | Second Payment due by December 15, 2015 or within five (5) business days thereafter: | $86,000.00 |
| c) | Third Payment due by February 15, 2016 or within five (5) business days thereafter: | $86,000.00 |
| d) | Fourth Payment due by August 15, 2016 or within five (5) business days thereafter: | $86,000.00 |
| e) | Fifth Payment due by February 15, 2017 or within five (5) business days thereafter: | $86,000.00 |
| f) | Final Payment due by May 15, 2017 or within five (5) business days thereafter: | $86,000.00 |

Each Payment shall be made by delivery to the Trustee of a check made payable to "James A. Knauer as Chapter 11 Trustee of Eastern Livestock Co., LLC" and should be mailed or delivered to: James A. Knauer, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

3. <u>Agreed Judgment</u>. The Parties shall execute the Agreed Judgment and Conditional Covenant Not to Execute (the "Agreed Judgment") attached hereto as <u>Exhibit 1</u> contemporaneously with this Settlement Agreement, and the Trustee shall file the same in the First Adversary. The Trustee agrees to forbear from executing on the Agreed Judgment until and unless a Termination Event (as defined below) occurs, at which time the Trustee may enforce and cause execution of the Agreed Judgment in any manner provided by law (without any requirement of notice thereof by the Trustee) and/or exercise any and all other remedies at law or equity.

2

US.56795852.02

The following events each constitute a "Termination Event:"

(a) Atkinson fails to make a Payment by the due date for the Payment or

(b) A bankruptcy proceeding under title 11 of the United States Code is commenced by or against Atkinson; provided, however, any such bankruptcy proceeding shall not be a Termination Event if the Trustee or the Debtor are directly or indirectly involved in an involuntary initiation of any such bankruptcy proceeding.

The Trustee agrees to file a Satisfaction of Judgment and to release the judgment lien created by entry of the Agreed Judgment upon receipt of the full Settlement Amount pursuant to the terms of this Settlement Agreement.

4. <u>Guaranty</u>. Atkinson Cattle Company LLC shall execute a Guaranty in the form attached hereto as Exhibit 2 contemporaneously with this Settlement Agreement. Execution of such guaranty is a condition precedent to the effectiveness of this Settlement Agreement.

5. <u>Releases</u>. In exchange for the promises contained herein, the Parties agree as follows:

(a) Atkinson for itself and for its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASES AND DISCHARGES** the Trustee, the Debtor, and their respective employees (other than Grant Gibson), attorneys, insurers, agents (other than Grant Gibson) and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in any way, to the Chapter 11 Case, the First Adversary or the Second Adversary, or any business dealing whatsoever between Debtor and Atkinson, Larry Zeien or Rhonda Zeien; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement; provided further, however, notwithstanding anything herein to the contrary, that this release shall not apply to any claim that Atkinson or its members, may have against Grant Gibson.

(b) The Trustee and the Debtor for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** Atkinson and its employees, members, attorneys, insurers, agents and affiliates, predecessors, successors and assigns, and also Larry Zeien, Rhonda Zeien and Atkinson Cattle Company LLC from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in any way, to the Chapter 11 Case, the First Adversary or the Second

Adversary, or any business dealings whatsoever between Debtor and Atkinson, Larry Zeien or Rhonda Zeien; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement, the Agreed Judgment and/or the Guaranty executed by Atkinson Cattle Company LLC concurrently with this Settlement Agreement.

6. <u>Dismissal of Second Adversary</u>. Within five business days following the Trustee's receipt of the initial Payment from Atkinson, the Trustee agrees to file with the Court a Motion to Dismiss in the Second Adversary, dismissing all claims against Atkinson in the Second Adversary with prejudice. The Parties agree to cooperate to accomplish any necessary filings to bring about the dismissal of Atkinson from the Second Adversary.

7. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

8. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the mediation and mediator and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

9. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

10. <u>Bankruptcy Court Jurisdiction</u>. The Parties consent to the Bankruptcy Court's exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the federal bankruptcy law applicable to the Chapter 11 Case.

12. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

13. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

14. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or

wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

15.  **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and all Parties are represented by counsel who participated in the drafting. There shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

16.  **Severability.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Every provision contained in this Settlement Agreement is nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

17.  **Amendment.** This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the dates set forth below.

James A. Knauer
Chapter 11 Trustee for Eastern Livestock Co., LLC

_____
Date: 6/30/15

Atkinson Livestock Market, LLC

By: _____
Printed Name: Larry Zeien
Title: Sole Member
Date: 7/24/15

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE ) OF EASTERN LIVESTOCK CO., LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. ___ |
| v. ) | |
| ) | |
| ATKINSON LIVESTOCK MARKET, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

### AGREED JUDGMENT AND CONDITIONAL COVENANT NOT TO EXECUTE

Plaintiff, James A. Knauer, chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or "Debtor"), and defendant, Atkinson Livestock Market, LLC ("Atkinson"), agree and consent to entry of this Agreed Judgment and Conditional Covenant Not to Execute ("Agreed Judgment"). Accordingly, the Court finds and enters judgment as follows:

### AGREED FINDINGS OF FACT

1. From approximately September 30, 2010 to November 3, 2010, ELC and Atkinson Livestock entered into a series of purchase transactions, whereby Atkinson Livestock purchased cattle from ELC (the "Transactions").

1

US.56796615.01



2. Atkinson did not pay Eastern or anyone else for the cattle that were the subject of the Transactions.

3. In order to recover amounts to which it is entitled by reason of the foregoing, the Trustee commenced this Adversary Proceeding.

4. As part of the resolution of the claims asserted by the Trustee against Atkinson, the Trustee and Atkinson have entered into a settlement agreement dated _____, 2015 (the "Settlement Agreement").

5. Pursuant to the Settlement Agreement, the Trustee and Atkinson have agreed that an Agreed Judgment shall be entered against Atkinson in the amount of $685,402.21 (plus interest accruing thereon as provided in paragraph B of this Agreed Judgment, "the Judgment Amount"). Any payments made pursuant to the Settlement Agreement from time to time shall be credited against the Judgment Amount.

6. This Agreed Judgment shall at all times remain subject to the terms and conditions of the Settlement Agreement.

### **JUDGMENT**

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

A. Judgment is hereby entered in favor of the Trustee and against Atkinson in the Judgment Amount, together with interest accruing thereon as provided in paragraph B below.

B. The Trustee is further entitled, from the date of the Court's entry of this Agreed Judgment, to interest on the unpaid balance of the Judgment Amount outstanding and unsatisfied from time to time hereafter at six percent (6%) per annum, until the Judgment Amount has been paid and satisfied in full.

US.56796615.01

C.  No delay in enforcing this Agreed Judgment shall be deemed a waiver, impairment, release, extinguishment, reduction or other loss of this Agreed Judgment.

D.  The Trustee and Atkinson hereby waive their respective rights to appeal entry of this Agreed Judgment.

### CONDITIONAL COVENANT NOT TO EXECUTE

1.  Provided, HOWEVER, that the Trustee shall take no action to execute upon this Agreed Judgment until and unless a Termination Event (as defined in the Settlement Agreement) occurs.

2.  In the event that payment of the Settlement Amount (as defined in the Settlement Agreement) is timely made in accordance with the terms of the Settlement Agreement, the Trustee shall promptly enter a release and satisfaction of this Agreed Judgment.

3.  In the event that payment of the Settlement Amount is not timely made in accordance with the terms of the Settlement Agreement or there is an occurrence of a Termination Event (as defined in the Settlement Agreement), the Trustee shall have the right, at its option, to execute on this Agreed Judgment, and shall have all other rights set forth in the Settlement Agreement or provided by law.

ALL OF WHICH IS SO ORDERED this _____ day of _____, 2015.

_____
Judge, United States Bankruptcy Court

3

US.56796615.01

## GUARANTY
(Atkinson Cattle Company LLC)

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are hereby acknowledged, and in order to induce James A. Knauer, chapter 11 trustee (the "**Trustee**") of the bankruptcy estate of Eastern Livestock Co., LLC ("**Debtor**") to settle the claims asserted by the Trustee against Atkinson Livestock Market, LLC ("**Atkinson Livestock**") and to enter into the Settlement Agreement (as defined herein), the undersigned Atkinson Cattle Company LLC ("**Guarantor**") hereby unconditionally guarantees the full and prompt payment when due of the Judgment Amount (as defined herein).

This Guaranty is an absolute and unconditional guarantee of the payment of the Judgment Amount, and shall continue and be in full force and effect until all of the Judgment Amount shall be fully paid. This Guaranty shall be subject to the Agreed Judgment and the Settlement Agreement and demand or other action to enforce this Guaranty may only be commenced upon the occurrence of a Termination Event as defined in Section 3 of the Settlement Agreement.

Guarantor expressly waives presentment for payment, demand, notice of demand and of dishonor and nonpayment of the Judgment Amount, protest and notice of protest, diligence in collecting and in the bringing of suit against any other Person, and the Trustee shall be under no obligation to notify Guarantor of his acceptance of this Guaranty or the failure of Atkinson Livestock to pay the Judgment Amount as and when it becomes due, or to use diligence in preserving the liability of any Person (including, without limitation, Atkinson Livestock) on the Judgment Amount or in bringing suit to enforce collection of the Judgment Amount. To the full extent allowed by applicable law, Guarantor waives all defenses given to sureties or guarantors at law or in equity other than the actual payment of the Judgment Amount and waives, to the full extent allowed by applicable law, all defenses based upon questions as to the validity, legality or enforceability of the Judgment Amount, the Agreed Judgment, or the Settlement Agreement.

The Trustee, without authorization from or notice to Guarantor and without impairing or affecting the liability of Guarantor hereunder, may from time to time at his reasonable discretion and with or without valuable consideration, alter, compromise, accelerate, extend or change the time or manner for the payment of any or all of the Judgment Amount, increase or reduce the rate of interest thereon, take and surrender security, exchange collateral by way of substitution, or in any way he deems necessary take, accept, withdraw, subordinate, alter, amend, modify or eliminate collateral, add or release or discharge endorsers, guarantors or other obligors (including, without limitation, Atkinson Livestock), make changes of any sort whatever in the terms of payment of the Judgment Amount, settle or compromise with Atkinson Livestock or any other Person or Persons liable on the Judgment Amount and direct the order or manner of sale of any security or collateral, all on such terms at he may see fit, and may apply all moneys received from Atkinson Livestock or others, or from any security or collateral held by him (whether held under a security instrument or not) in such manner upon the Judgment Amount (whether then due or not) as he may determine to be in the best interests of the Debtor's estate, without in any way being required to marshal securities or assets or to apply all or any part of such moneys upon any particular part of the Judgment Amount. It is specifically agreed that the Trustee is not required to retain, hold, protect, exercise due care with respect thereto, or perfect security interests in or otherwise assure or safeguard any collateral or security for the Judgment Amount. No exercise or nonexercise by the Trustee of any right or remedy of the Trustee shall in any way affect any of Guarantor's obligations hereunder or any security furnished by Guarantor or give Guarantor any recourse against the Trustee.

The liability of Guarantor hereunder shall continue notwithstanding the incapacity, death, disability, dissolution or termination of any other Person or Persons (including, without limitation, Atkinson Livestock). Neither (i) the failure of the Trustee to file or enforce a claim against the estate

US.56796478.01

**EXHIBIT 2**

(either in administration, bankruptcy or other proceeding) of Atkinson Livestock or of any other Person, (ii) the disallowance or avoidance under the Federal Bankruptcy Code (11 U.S.C. § 101 et seq., as amended) (the "**Bankruptcy Code**") of all or any portion of the Trustee's claims for repayment of the Judgment Amount or any security for the Judgment Amount, or (iii) any election of the Trustee in a proceeding instituted under the Bankruptcy Code, including without limitation any election of the application of Section 1111(b)(2) of the Bankruptcy Code, shall affect the liability of Guarantor hereunder; nor shall Guarantor be released from liability if recovery from Atkinson Livestock or any other Person becomes barred by any statute of limitations or is otherwise restricted or prevented.

The Trustee shall not be required to pursue any other remedies before invoking the benefits of the guaranty of payment contained herein, and specifically he shall not be required to exhaust his remedies against Atkinson Livestock or any surety or guarantor other than Guarantor or to proceed against any security now or hereafter existing for the payment of the Judgment Amount. The Trustee may maintain an action on this Guaranty, whether or not Atkinson Livestock is joined therein or separate action is brought against Atkinson Livestock.

Guarantor absolutely and unconditionally covenants and agrees that in the event Atkinson Livestock defaults in payment of the Judgment Amount, or any part thereof, for any reason, when such becomes due pursuant to the terms of the Agreed Judgment or the Settlement Agreement, Guarantor on demand and without further notice of dishonor and without any notice with respect to any matter or occurrence having been given to Guarantor previous to such demand, shall pay the Judgment Amount.

Guarantor further agrees that to the extent Atkinson Livestock, Guarantor or any other Person makes a payment or transfers an interest in any property to the Trustee or the Trustee enforces any security interest or lien or exercises any rights of set-off, and such payment or transfer or proceeds of such enforcement or set-off, or any portion thereof, are subsequently invalidated, declared to be fraudulent or preferential, or otherwise is avoided, and/or required to be repaid to Atkinson Livestock, Atkinson Livestock's estate, a trustee, receiver or any other Person under the Bankruptcy Code or any other bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such avoidance or repayment, the Judgment Amount or part thereof intended to be satisfied shall be revived and this Guaranty shall continue to be effective or shall be reinstated, as the case may be, and continued in full force and effect as if said payment or transfer had not been made or such enforcement or set-off had not occurred.

The payment by Guarantor of any amount pursuant to this Guaranty shall not in any way entitle Guarantor to any right, title or interest (whether by way of subrogation or otherwise) in and to any of the Judgment Amount or any proceeds thereof, or any security therefor. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THIS GUARANTY, THE AGREED JUDGMENT, OR THE SETTLEMENT AGREEMENT, SO LONG AS THE JUDGMENT AMOUNT IS OUTSTANDING, GUARANTOR HEREBY UNCONDITIONALLY AGREES NOT TO ASSERT: (1) ANY CLAIM OR OTHER RIGHT, NOW EXISTING OR HEREAFTER ARISING, AGAINST ATKINSON LIVESTOCK OR ANY OTHER PERSON PRIMARILY OR CONTINGENTLY LIABLE FOR ALL OR ANY PART OF THE JUDGMENT AMOUNT, WHICH ARISES FROM OR BY VIRTUE OF THE EXISTENCE OR PERFORMANCE OF THIS GUARANTY, INCLUDING, WITHOUT LIMITATION: (A) ANY RIGHT OF SUBROGATION, REIMBURSEMENT, EXONERATION, CONTRIBUTION, INDEMNIFICATION, OR OTHER RIGHT TO PAYMENT, WHETHER OR NOT SUCH RIGHT IS REDUCED TO JUDGMENT, LIQUIDATED, UNLIQUIDATED, FIXED, CONTINGENT, MATURED, UNMATURED, DISPUTED, UNDISPUTED, LEGAL, EQUITABLE, SECURED OR UNSECURED; OR (B) ANY RIGHT TO AN EQUITABLE REMEDY FOR BREACH OF PERFORMANCE IF SUCH BREACH GIVES RISE TO A RIGHT TO PAYMENT, WHETHER OR NOT SUCH RIGHT TO AN EQUITABLE REMEDY IS REDUCED TO A JUDGMENT, FIXED,

US.56796478.01

CONTINGENT, MATURED, UNMATURED, DISPUTED, UNDISPUTED, SECURED OR UNSECURED; AND (2) ANY RIGHT TO PARTICIPATE OR SHARE IN ANY RIGHT, REMEDY OR CLAIM OF THE TRUSTEE AGAINST ANY OF ATKINSON LIVESTOCK'S INCOME OR ASSETS OR WITH RESPECT TO ANY COLLATERAL OR OTHER SECURITY FOR ALL OR ANY PART OF THE JUDGMENT AMOUNT OR ANY OTHER RIGHT OR CLAIM OF THE TRUSTEE OF RECOURSE TO AND WITH RESPECT TO ANY ASSETS, INCOME OR PROPERTIES OF ATKINSON LIVESTOCK.

Guarantor represents and warrants to the Trustee that (i) Guarantor is Solvent (as hereinafter defined); (ii) the execution and delivery of this Guaranty by Guarantor was not undertaken by Guarantor with the "intent to hinder, delay, or defraud" (within the meaning of Indiana Code §32-18-2-14 and §548(a)(1) of the Bankruptcy Code) creditors or any other Persons; (iii) that neither this Guaranty nor the payment or performance by Guarantor of Guarantor's obligations arising under or pursuant to this Guaranty do or are intended to render Guarantor insolvent, undercapitalized or in a condition of financial stringency; and (iv) the Guaranty is a legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms. If at any time any portion of the obligations of Guarantor under this Guaranty shall be determined by a court of competent jurisdiction to be invalid, unenforceable or avoidable, the remaining portion of the Judgment Amount under this Guaranty shall not in any way be affected, impaired, prejudiced or disturbed thereby and shall remain valid and enforceable to the full extent permitted by applicable law. Notwithstanding anything in this Guaranty to the contrary, the liability of Guarantor hereunder shall be limited to the maximum amount which would not result in any one of the following conditions:

    a.    this Guaranty would constitute a fraudulent transfer within the meaning of Section 548(a) of the Bankruptcy Code;

    b.    this Guaranty would constitute a fraudulent transfer within the meaning of Ind. Code § 32-18-2-1, et seq.; or

    c.    this Guaranty would constitute a fraudulent conveyance or fraudulent transfer within the meaning of any other applicable Federal or state bankruptcy, insolvency or other similar law or judicial decision.

Nothing in this paragraph or elsewhere in this Guaranty, shall in any fashion, directly or indirectly, be construed or applied to obligate Larry Zeien, individually, for any portion of the guaranteed indebtedness.

All principal of and interest on any and all indebtedness, liabilities and obligations of Atkinson Livestock to Guarantor (the "**Subordinated Debt**"), whether direct, indirect, fixed, contingent, liquidated, unliquidated, joint, several, or joint and several, now or hereafter existing, due or to become due to Guarantor, or held or to be held by Guarantor, whether created directly or acquired by assignment or otherwise, and whether evidenced by a written instrument or not, shall be expressly subordinated to the Judgment Amount. Guarantor agrees not to receive or accept any payment of the Subordinated Debt and, in the event Guarantor receives any payment on the Subordinated Debt in violation of the foregoing, Guarantor will hold any such payment in trust for the Trustee and forthwith turn it over to the Trustee, in the form received, to be applied to the Judgment Amount.

The rights of the Trustee are cumulative and shall not be exhausted by his exercise of any of his rights under this Guaranty or otherwise against Guarantor or by any number of successive actions until and unless each and all of the obligations of Guarantor under this Guaranty have been fully performed, satisfied and discharged.

3

When used in this Guaranty:

(a) "**Agreed Judgment**" means the Agreed Judgment and Conditional Covenant not to Execute entered into by and between the Trustee and Atkinson Livestock and dated as of the date hereof, as the same may be amended and/or restated from time to time and at any time.

(b) "**Guaranty**" means this Guaranty, as the same may be amended and/or restated from time to time and at any time.

(c) "**Judgment Amount**" means $685,402.21, plus interest accruing thereon pursuant to the terms of the Agreed Judgment.

(d) "**Person**" means an individual, a corporation, a limited or general partnership, a limited liability company, a joint venture, a trust or unincorporated organization, a joint stock company or other similar organization, or any other legal entity, whether acting in an individual, fiduciary or other capacity.

(e) "**Settlement Agreement**" means the Settlement Agreement, dated as of the date hereof, executed by the Trustee and Atkinson Livestock, as the same may be amended and/or restated from time to time and at any time.

(f) "**Solvent**" means with respect to any Person, that (i) the fair value of the assets of such Person at a fair valuation, will exceed the debts and liabilities, subordinated, contingent or otherwise, of such Person; (ii) the present fair saleable value of the property of such Person will be greater than the amount that will be required to pay the probable liability of such Person on such Person's debts and other liabilities, subordinated, contingent or otherwise, as such debts and other liabilities become absolute and matured; (iii) that such Person will be able to pay such his/her/its debts and liabilities, subordinated, contingent or otherwise, as such debts and liabilities become absolute and matured; and (iv) that such Person will have sufficient capital with which to conduct the businesses in which such Person is engaged as such businesses are now conducted and are proposed to be conducted after the date hereof.

This Guaranty shall be deemed to have been made under and shall be governed by the laws of the State of Indiana in all respects and shall not be waived, altered, modified or amended as to any of its terms or provisions except in writing duly signed by the Trustee and Guarantor. This Guaranty shall bind Guarantor and Guarantor's successors, assigns and legal representatives, and shall inure to the benefit of all assignees, heirs, and successors of the Trustee. The failure of any Person to execute or be bound by this Guaranty shall not release or affect the liability of Guarantor, and the liability of Guarantor under this Guaranty is not conditioned or contingent upon or subject in any way to obtaining or retaining the primary or secondary liability of any other Person with respect to all or any part of the Judgment Amount (including, without limitation, Atkinson Livestock and the Other Guarantors).

Any notice given under or with respect to this Guaranty to Guarantor or the Trustee shall be in writing and, if delivered by hand or sent by overnight courier service, shall be deemed to have been given when delivered and, if mailed, shall be deemed to have been given five (5) days after the date when sent by registered or certified mail, postage prepaid, and, if to Guarantor addressed to Guarantor at the address of the Guarantor set forth on the signature page to this Guaranty, or, if to the Trustee, addressed to the Trustee at the address of the Trustee set forth on the signature page to this Guaranty, or at such other address as either of Guarantor or the Trustee may, by written notice to the other, have designated as its address for such purpose.

4

Case 10-93904-BHL-11    Doc 2788-1    Filed 08/20/15    EOD 08/20/15 12:43:48    Pg 14 of 15

The Trustee is relying and is entitled to rely upon each and all of the provisions of this Guaranty; and accordingly if any provision or provisions of this Guaranty should be held to be invalid or ineffective, then all other provisions shall continue in full force and effect.

GUARANTOR AGREES THAT THE STATE AND FEDERAL COURTS LOCATED IN, OR WITH JURISDICTION WHICH INCLUDES, MARION COUNTY, INDIANA, INCLUDING WITHOUT LIMITATION THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF INDIANA, HAVE JURISDICTION OVER ANY AND ALL ACTIONS AND PROCEEDINGS INVOLVING THIS GUARANTY AND GUARANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY AGREES TO SUBMIT TO THE JURISDICTION OF SUCH COURTS FOR PURPOSES OF ANY SUCH ACTION OR PROCEEDING. GUARANTOR HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY OBJECTION THAT GUARANTOR MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH ACTION OR PROCEEDING, INCLUDING ANY CLAIM THAT SUCH COURT IS AN INCONVENIENT FORUM, AND CONSENTS TO SERVICE OF PROCESS PROVIDED THE SAME IS IN ACCORDANCE WITH THE TERMS HEREOF. FINAL JUDGMENT IN ANY SUCH PROCEEDING AFTER ALL APPEALS HAVE BEEN EXHAUSTED OR WAIVED SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT.

[Signatures on the following page]

US.56796478.01

Executed as of _____, 2015.

                                                                                      _____
James A. Knauer, as chapter 11 trustee of the
bankruptcy estate of Eastern Livestock Co., LLC

Notice Address:
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

(the "**Trustee**")

Atkinson Cattle Company LLC
By: _____
Name: Larry Zeien
Title: Sole Member

Notice Address:

c/o Terry M. Giebelstein
Lane & Waterman LLP
220 N. Main Street, #600
Davenport, IA 52801
Phone: (563) 333-6614
Email: tgiebelstein@l-wlaw.com

("**Guarantor**")

6

US.56796478.01