UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |
| | ) | |
| FRIONA INDUSTRIES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-59093 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CACTUS GROWERS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J & F OKLAHOMA HOLDINGS, INC., | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION BY CACTUS GROWERS, INC. TO RELEASE
EXCESS INTERPLEADED FUNDS TO CACTUS GROWERS, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

Cactus Growers, Inc. ("Cactus") respectfully moves the Court to enter an order authorizing the release to Cactus of $32,606.78 ("Excess Interpleaded Funds") from the "Disputed Interpleader"[1], (being the excess interpleaded funds paid into the Court's registry by Cactus in May of 2012). The Trustee is satisfied there are no remaining controversies involving (or any claims to) those funds by any party except Cactus. As of January 13, 2016, the claims of the remaining cattle producers were dismissed.  [Doc. 646].  The Trustee has concluded that the Excess Interpleaded Funds sought herein by Cactus is not the Estate's property, no party to this proceeding (except Cactus) is claiming such funds, and such funds should be returned to Cactus. Payment of the Excess Interpleaded Funds to Cactus will not adversely affect any other party's claims to the remaining interpleader funds in this adversary proceeding.  In support of this motion, Cactus shows the Court the following:

## HISTORY OF PROCEEDINGS

1. On November 11, 2010, Friona Industries, L.P. ("Friona") filed an interpleader complaint in the United States District Court for the Northern District of Texas, Amarillo Division, Case No. 2:10-cv-00266 (the "Texas Litigation").  Friona alleged that a dispute existed as to ownership of the funds and that it could be subject to competing claims from Eastern Livesotck, Fifth Third Bank and various cattle producers named in the complaint.

2. In the Texas Litigation, intervenor plaintiffs, Cactus Growers, Inc. ("Cactus") and J&F Oklahoma Holdings, Inc. ("J&F"), then interpleaded additional funds alleging similar disputes and concerns of being subjected to competing claims for the unpaid purchase price of delivered cattle.  Friona, Cactus and J&F are hereinafter referred to as the "Texas Feedlots."

---

[1] *See*, ¶¶ 6 and 7, *infra*.

3. On April 1, 2011, the Texas Litigation was referred to the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, for the purpose of transferring the case to this Court for final disposition in conjunction with the pending Eastern Livestock bankruptcy case.

4. On April 15, 2011, the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division, transferred venue of the case to this Court and ordered the Clerk for the Northern District of Texas to transfer to the Clerk of this Court all funds interpleaded in the Texas Litigation.

5. The funds originally interpleaded in this adversary proceeding by Friona, Cactus and J&F represented amounts owed for cattle delivered to each of the respective Texas Feedlots. Cactus Growers, Friona Industries, and J&F Holdings collectively interpleaded $7,237,810.06. This includes the sum originally interpleaded by Cactus in the amount of $1,767,599.37, (the "Original Cactus Interpleaded Sum") which included the unpaid balances for cattle delivered to Cactus on Cactus' cattle purchase agreements with Eastern Livestock. These unpaid contract balances were the subject of Cactus's interpleader.

6. On May 3, 2012, this Court entered an order in Adversary Case No. 11-59093 requiring Cactus to interplead an additional "Disputed Interpleader" so that for any potential claims of Nichols, or any other claimants, whether based on the Cactus/Eastern Livestock contract, or whether based on a putative "new deal" between Cactus and Nichols, sufficient funds would be interpleaded to fully fund the claim. [Doc. 435 "...Cactus is hereby directed to amend its Complaint and interplead an additional amount in order to satisfy the foregoing requirement ... or its Interpleader complaint may be dismissed."]. Cactus' Original Interpleader of $1,767,599.37 included the amount remaining unpaid by Cactus for the two loads of cattle

which were the subject of the *Cactus v. Nichols* adversary, $104.929.84, but did not include any amount for Nichols "additional claims" for freight and new pricing.

7. On May 24, 2012, Cactus filed objections to the Court's May 3, 2012 Order. [Doc. 442]. Subject to those objections, Cactus tendered the additional sum of $37,066.33 to be added to its original interpleader of $1,767,599.37. The $37,066.33 was composed of the following:

| | |
|---|---|
| $ 7,670.33 | additional funds attributable to the claims of Nichols; to wit:<br>$2,370.00 freight claim[2]<br>$1,550.33 price claim, and<br>$3,750.00 down payment claim; |
| $ 4,256.00 | attributable to a possible freight claim of de Cordova; and |
| $25,140.00[3] | attributable to down payments made to Eastern Livestock for cattle, other than those involving Nichols, which were the subject of the interpleader. [See Doc. 442, exhibit A.] |

No cattle sellers ever claimed the $4,256.00, or any portion of the $25,140.00. Neither did the Trustee or Fifth Third ever claim any portion of these sums.

8. On July 27, 2012, this Court entered a summary judgment order in Adv. No. 11-AP-59093 which determined that Nichols was to receive the quantum meruit value of the 125 steers as of the date they were received by Cactus[4]. Sufficient funds (an additional $7,670.33) were available from the additional May 2012 "Disputed Interpleader" to pay that amount in full. On December 18, 2012, the July 27, 2012 *Cactus v. Nichols* summary judgment order was vacated pursuant to a settlement. Of the extra $7,670.33 which Cactus had interpleaded

---

[2] Cactus did not include this freight claim in its Original Interpleader because all of its purchase contracts with Eastern Livestock were priced on a "delivered to Cactus" basis.

[3] The $25,140.00 was not included in Cactus' Original Interpleader of $1,767,599.37 because that $25,140.00 in down payments had already been paid by Cactus. Cactus did not owe those amounts to anyone.

[4] The July 27, 2012 order did not determine what the quantum meruit value of those cattle was on the day of delivery. The Cactus-Eastern contract for these cattle had been made in August of 2010, when the market price of cattle was lower than in November of 2010, when the cattle were delivered to Cactus.

regarding Nichols, Nichols received $4,459.55. That resulted in $3,210.78 of the $7,670.33 not being claimed by any party … except Cactus.

9. On or about October 3, 2013, the Trustee settled with Russell deCordova. [Doc. 577]. Pursuant to the deCordova settlement, Mr. deCordova disclaimed any interest in the funds interpleaded in Adversary Proceeding 11-59093 and, therefore did not seek or receive any amount for the freight claim included in the Excess Interpleaded Funds deposited by Cactus.

10. No cattle producer has ever made a claim to the $25,140.00 of the Excess Interpleaded Funds which constitutes an amount equal to the down payments previously made by Cactus to Eastern Livestock Company prior to the bankruptcy. The Excess Interpleaded Funds were never owed to Eastern Livestock Company, so Fifth Third's lien never attached because those funds were never owed to Eastern Livestock Company. The Trustee has no claim to such funds. (Cactus originally interpleaded the remaining contract balances for delivered cattle, not the full contract price, since the down payments had been paid by Cactus to Eastern Livestock several months before certain petitioning creditors commenced a chapter 11 case against Eastern on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division.)

11. All cattle producers in the interpleader have now settled, or otherwise had their claims in this adversary proceeding dismissed.

12. No party has made any claim to the $25,140.00 in down payments which Cactus interpleaded in its second interpleader, nor to the $4,256.00 attributable to a possible freight claim of deCordova which has now been resolved (see ¶ 9 above); nor to the excess $3,210.78 which Cactus originally interpleaded in regard to Robert Nichols. Neither the trustee nor Fifth Third is claiming any of these funds.

## SUMMARY OF ACCOUNTING

13.  $ 37,066.33   Disputed Excess Interpleader by Cactus Growers, Inc.
     -  4,459.55   Portion of Disputed Excess Cactus Interpleader paid to Nichols pursuant to *Trustee v. Nichols* settlement
     = $ 32,606.78  unclaimed balance of Disputed Interpleader of Cactus

**Breakdown of Unclaimed Balance of Disputed Interpleader of Cactus**

+ $  4,256.00  possible freight claim of de Cordova
+ $ 25,140.00  down payment amounts
+ $  3,210.78  amount of Nichols' claims not paid to Nichols in settlement with Trustee
= $ 32,606.78

### 2012 FEEDYARD SETTLEMENT EXPRESSLY EXCLUDED EXCESS INTERPEADED FUNDS FROM SCOPE OF CACTUS' RELEASE

14. On or about November 14, 2012, Cactus and the other Feedyards reached a settlement agreement with the Trustee. [Doc. 1529 of the Bankruptcy Case No. 10-93904-BHL-11]. On or about December 17, 2012, this Court approved the settlement. [Doc.526]. In that settlement, Cactus and the Trustee settled all claims regarding Cactus' original interpleaded stake of $1,767,599.37. However, under the terms of that settlement, ([Doc. 1643, Ex. A, ¶ 6] in Case 10-93904), Cactus expressly reserved the right to seek to recover the Excess Interpleaded Funds.

> **The Cactus Disputed Stake.** Notwithstanding the releases of J&F, Fifth Third, Eastern, and the Trustee stated above in paragraph 3, Cactus, Fifth Third, Eastern and the Trustee agree that $37,066.33 of the Disputed Stake which Cactus interpleaded into the Court Registry on May 25, 2012, has not been claimed by Fifth Third or the Trustee, and such funds therefore are not property of the Estate. Cactus will remain a party to Adv. Pro. No. 11-59093 only to assert its claims to the $37,066.33 as to other parties in Adv. Pro. No. 11-59093. Cactus reserves its claims to the $37,066.33 from the releases granted in this Settlement.

**RELIEF SOUGHT**

15.     Now that all the cattle producers with claims to the Cactus interpleaded funds,[5, 6] have had their claims to the stake resolved, it has become apparent that Cactus is entitled to the return of $32,606.78 of the $37,066.33 Excess Interpleaded Funds, (also referenced as the "Disputed Stake").  Cactus has conferred with the attorneys for the Trustee, and exchanged accounting information regarding the funds. The Trustee has no objection to the Court entering an order returning $32,606.78 of the interpleader stake to Cactus Growers, Inc.

16.     The Trustee and Cactus agree that nothing in this Motion is intended to prejudice, set off, reduce, or in any way affect other rights, claims or defenses or other parties in this Chapter 11 case.  In particular, this Motion and the payment of the Excess Interpleaded Funds to Cactus are not intended to affect in any way the claims the Trustee has asserted against others in any other Adversary Proceeding.  This Motion is intended solely to authorize payment of $32,606.78 of the May 2012 Disputed Cactus Interpleader to Cactus Growers.

WHEREFORE, the Cactus Growers, Inc. respectfully requests the Court to enter the accompanying proposed Order which directs the Clerk to pay the sum of $32,606.78 from the interpleaded funds by check payable to the order of Cactus Growers, Inc., to be delivered to counsel for Cactus Growers, Inc., John H. Lovell of Lovell, Lovell, Newsom & Isern, L.L.P, 112 S.W. 8th Ave., Suite 1000, Amarillo, Texas.

WHEREFORE, PREMISES CONSIDERED, Cactus Growers, Inc. prays that upon consideration of this Motion, the Court set this matter for hearing, and that upon hearing or the

---

[5] Cactus interpled funds in the amount of $153,145.75 related to Alton Darnell. [Doc. 34-1].  In Alton Darnell's Answer to Cactus Growers, Inc.'s First Amended Complaint …and Counterclaim, Darnell claimed $154,536.60 from Cactus. [Doc. 102].  Cactus has previously made a down payment to Eastern Livestock in the amount of $5,370.00 for the Darnell/Eastern cattle.

[6] Cactus interplead funds in the amount of $49,993.61 related to Eastern Tennessee Livestock Center, Inc. [Doc. 34-1].  In East Tennessee's Answer to Cactus Growers, Inc.'s First Amended Complaint … and Counterclaim, it claimed $50,526.41 from Cactus. [Doc. 93].  Cactus has previously made a down payment to Eastern Livestock in the amount of $1,710.00 for the East Tennessee Livestock/Eastern cattle.

failure of any party in interest to object, that the Court enter its order directing the clerk of this court to pay to Cactus Growers, Inc. the sum of $32,606.78 from the interpleader stake in this interpleader case.

          Respectfully submitted,

          John H. Lovell
          TX SBN: 12609300
          LOVELL, LOVELL, NEWSOM & ISERN, LLP
          112 W. 8th Avenue, Suite 1000
          Amarillo, Texas 79101-2314
          Phone: (806) 373-1515
          Fax: (806) 379-7176
          E-mail: john@lovell-law.net

          Mark A. Robinson
          VALENTI HANLEY & ROBINSON, PLLC
          One Riverfront Plaza, Suite 1950
          401 West Main Street
          Louisville, KY 40202
          Phone: (502) 568-2100
          Fax: (502) 568 2101
          E-mail: mrobinson@vhrlaw.com

          ATTORNEYS FOR PLAINTIFF CACTUS GROWERS, INC.

          /s/ John Lovell
          John H. Lovell

## CERTIFICATE OF SERVICE

    I hereby certify that on January 14, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

          /s/ John Lovell