Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made by and among James A. Knauer, chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or "Debtor"), and Todd Rosenbaum and Rosenbaum Feeder Cattle, LLC (collectively "Rosenbaum"). The Trustee and Rosenbaum are collective referred to as the "Parties," and each, a "Party".

## RECITALS

A. Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Eastern on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James Knauer as Chapter 11 Trustee [Dkt. No. 98] pursuant to 11 U.S.C. § 1104.

C. On January 25, 2013, the Trustee, on behalf of Debtor's estate, filed Adversary Proceeding No. 13-59002 (the "Adversary Proceeding") against Todd Rosenbaum. The Trustee asserted claims against Todd Rosenbaum for breach of contract, unjust enrichment and conversion. The Trustee later amended his complaint to include Rosenbaum Feeder Cattle, LLC.

D. Rosenbaum has asserted defenses in the Adversary Proceeding.

E. The Parties having concluded Court ordered mediation, now desire to conclude and forever resolve their disputes in connection with the claims and defenses between them asserted in the Adversary Proceeding and have agreed to settle upon the terms and conditions set forth in this Settlement Agreement in order to avoid the uncertainties and further expense of protracted litigation, and in order to resolve, foreclose and bring finality to all of their disputes.

## AGREEMENT

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Court Approval of Settlement Agreement, Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement (the "Settlement Motion") and a proposed order approving the Settlement Agreement and Settlement Motion (the "Settlement Order"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of the Settlement Order. The

date the Settlement Order is entered by the Court, will be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. <u>Settlement</u>. Rosenbaum shall pay the Trustee the total sum of One Hundred Thousand Dollars ($100,000) ("Settlement Amount"). The Settlement Amount shall be paid in accordance with the payment schedule set forth below. Each payment shall be referred to hereinafter as a "Payment."

| | | |
|---|---|---|
| a) | Initial Payment due within ten (10) business days of the Effective Date: $25,000. | |
| b) | Second Payment due by March 31, 2016 or within ten (10) business days thereafter: | $12,500.00 |
| c) | Third Payment due by June 30, 2016 or within ten (10) business days thereafter: | $12,500.00 |
| d) | Fourth Payment due by September 30, 2016 or within ten (10) business days thereafter: | $12,500.00 |
| e) | Fifth Payment due by December 31, 2016 or within ten (10) business days thereafter: | $12,500.00 |
| f) | Sixth Payment due by March 31, 2017 or within ten (10) business days thereafter: | $12,500.00 |
| g) | Final payment due by June 30, 2017 or within ten (10) business days thereafter: | $12,500.00 |

Each Payment shall be made by delivery to the Trustee of a check made payable to "James A. Knauer as Chapter 11 Trustee of Eastern Livestock Co., LLC" and should be mailed or delivered to: James A. Knauer, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

3. <u>Agreed Judgment</u>. The Parties shall execute the Agreed Judgment and Conditional Covenant Not to Execute (the "Agreed Judgment") attached hereto as <u>Exhibit 1</u> contemporaneously with this Settlement Agreement, and the Trustee shall hold the Agreed Judgment in escrow and agrees not to file the same in the Adversary Proceeding unless and until a Termination Event defined herein occurs. Upon a Termination Event, the Trustee may file and record the Agreed Judgment and may enforce and cause execution of the Agreed Judgment in any manner provided by law (without any requirement of notice thereof by the Trustee) and/or exercise any and all other remedies at law or equity.

The following events each constitute a "Termination Event:"

2

(a) Rosenbaum fails to make a Payment by the due date for the Payment and within ten (10) days of receiving notice of default; or

(b) A bankruptcy proceeding under title 11 of the United States Code is commenced by or against Todd Rosenbaum or Rosenbaum Feeder Cattle, LLC; provided, however, any such bankruptcy proceeding shall not be a Termination Event if the Trustee or the Debtor are directly or indirectly involved in an involuntary initiation of any such bankruptcy proceeding.

For purposes of the notice of default described in Subparagraph (a) contained herein, notice shall be deemed given to Rosenbaum upon the Trustee sending notice, via U.S. Mail, to: Rosenbaum Feeder Cattle, LLC, Attn: Todd Rosenbaum, P.O. Box 411, Glade Spring, VA 24340.

The Trustee agrees to return the Agreed Judgment to Rosenbaum upon receipt of the full Settlement Amount pursuant to the terms of this Settlement Agreement.

4. Releases. In exchange for the promises contained herein, the Parties agree as follows:

(a) Todd Rosenbaum and Rosenbaum Feeder Cattle, LLC for itself and for its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASES AND DISCHARGES** the Trustee, the Debtor, and their respective employees, attorneys, insurers, agents, and affiliates, predecessors, successors and assigns from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in any way, to the Chapter 11 Case, the Adversary Proceeding, or any business dealing whatsoever between Debtor and Rosenbaum Feeder Cattle, LLC, Todd Rosenbaum or any other entity owner by either; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement.

(b) The Trustee and the Debtor for themselves and for their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, and heirs, forever **RELEASE AND DISCHARGE** Todd Rosenbaum and Rosenbaum Feeder Cattle, LLC and its employees, members, attorneys, insurers, agents and affiliates, predecessors, successors and assigns, from any and all actions, suits, claims, causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses, and penalties, whether known or unknown, discovered or discoverable, existing presently or which may exist in the future, of any kind whatsoever arising in or from, or connected in any way, to the Chapter 11 Case, the Adversary Proceeding, or any business dealings whatsoever between Debtor and Rosenbaum Feeder Cattle, LLC or Todd Rosenbaum; provided, however, notwithstanding anything herein to the contrary, that this release shall not apply to any liability or cause of action which may arise under this Settlement Agreement or the

3

Agreed Judgment executed by Todd Rosenbaum and Rosenbaum Feeder Cattle, LLC concurrently with this Settlement Agreement.

5. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

6. Each of the Parties Bears Own Costs. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees, statutory trustee fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, including all fees and expenses of the mediation and mediator and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

7. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

8. Bankruptcy Court Jurisdiction. The Parties consent to the Bankruptcy Court's exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

9. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the federal bankruptcy law applicable to the Chapter 11 Case.

10. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. No Admission of Fault or Liability. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing or of the truth or accuracy of any allegations contained in any pleadings, affidavits or other documents filed with the Court on behalf of any of the Parties.

13. No Presumption Against Drafter. This Settlement Agreement was jointly drafted and all Parties are represented by counsel who participated in the drafting. There shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

14. Severability. All provisions of this Settlement Agreement are to be read in conjunction with each other. Every provision contained in this Settlement Agreement is

4

nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

15. **Amendment**. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the dates set forth below.

**James A. Knauer**
**Chapter 11 Trustee for Eastern Livestock Co., LLC**

*/s/ James Knauer*

Date: 12/28/15

Approved by Trustee's Attorney:

*/s/ Shawna Meyer*

**Rosenbaum Feeder Cattle, LLC**

By: _____

Printed Name: Todd Rosenbaum

Title: Member

Date: _____

**Todd Rosenbaum**

_____

Approved by Rosenbaum's Attorney:

_____

5

US.103793922.01

nonseverable and mutually dependent on all other provision contained herein. Provisions should be read together so as to harmonize the whole.

15. <u>Amendment</u>. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement as of the dates set forth below.


**James A. Knauer**
**Chapter 11 Trustee for Eastern Livestock Co., LLC**

_____

Date:_____

Approved by Trustee's Attorney:

_____


**Rosenbaum Feeder Cattle, LLC**

By: _[signature]_____

Printed Name: Todd Rosenbaum_____

Title: Member_____

Date: 12/28/15_____

**Todd Rosenbaum**

_[signature]_____

Approved by Rosenbaum's Attorney:

_[signature]_____

5

US.103793922.01

Approved by: _____

David Kleiman, Mediator

6

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | Hon. Basil H. Lorch III |
| ) | |
| JAMES A. KNAUER, CHAPTER 11 TRUSTEE ) OF EASTERN LIVESTOCK CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 13-59002 |
| v. ) | |
| ) | |
| TODD ROSENBAUM and ) ROSENBAUM FEEDER CATTLE, LLC, ) | |
| ) | |
| Defendants. | |

## AGREED JUDGMENT

Plaintiff, James A. Knauer, chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Eastern" or "Debtor"), and defendants, Todd Rosenbaum and Rosenbaum Feeder Cattle, LLC (collectively, "Rosenbaum"), agree and consent to entry of this Agreed Judgment ("Agreed Judgment"). Accordingly, the Court finds and enters judgment as follows:

### AGREED FINDINGS OF FACT

1. From approximately September 1, 2010 through September 30, 2010, ELC delivered approximately 447 head of cattle to Rosenbaum (the "Deliveries").

2. Eastern sent invoices to Rosenbaum reflecting amounts owed for the Deliveries.

1

US.103794466.01

3.  Rosenbaum did not pay Eastern or anyone else for the cattle that were the subject of the Deliveries.

4.  In order to recover amounts to which it is entitled by reason of the foregoing, the Trustee commenced this Adversary Proceeding.

5.  As part of the resolution of the claims asserted by the Trustee against Rosenbaum, the Trustee and Rosenbaum have entered into a settlement agreement dated December 28, 2015 (the "Settlement Agreement").

6.  Pursuant to the Settlement Agreement, the Trustee and Rosenbaum have agreed that this Agreed Judgment shall be entered against Rosenbaum. The Trustee and Rosenbaum acknowledge that the total amount of the invoices that Eastern sent to Rosenbaum for the Deliveries was $207,216.14. Nevertheless, the Trustee and Rosenbaum have agreed that the amount of this Agreed Judgment is $150,000 (plus interest accruing thereon as provided in paragraph B of this Agreed Judgment, "the Judgment Amount").

7.  This Agreed Judgment shall at all times remain subject to the terms and conditions of the Settlement Agreement.

## JUDGMENT

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

A.  Joint and several judgment is hereby entered in favor of the Trustee and against Rosenbaum Feeder Cattle, LLC and Todd Rosenbaum in the Judgment Amount, together with interest accruing thereon as provided in paragraph B below, but less any payments received by Trustee from Rosenbaum prior to entry of this Agreed Judgement.

B.  The Trustee is further entitled, from the date of the Court's entry of this Agreed Judgment, to interest on the unpaid balance of the Judgment Amount outstanding and

2

US.103794466.01

unsatisfied from time to time hereafter at eight percent (8%) per annum, until the Judgment Amount has been paid and satisfied in full.

   C.  No delay in enforcing this Agreed Judgment shall be deemed a waiver, impairment, release, extinguishment, reduction or other loss of this Agreed Judgment.

   D.  The Trustee and Rosenbaum hereby waive their respective rights to appeal entry of this Agreed Judgment.

SO AGREED:

Chapter 11 Trustee for Eastern Livestock Co., LLC

_[signature]_

Date: 12/28/15

**Rosenbaum Feeder Cattle, LLC**

By: _____

Printed Name: _____Todd Rosenbaum_____

Title: _____Member_____

Date: _____

**Todd Rosenbaum**

_____

    ALL OF WHICH IS SO ORDERED this _____ day of _____, 201_.

            _____
            Judge, United States Bankruptcy Court

US.103794466.01

unsatisfied from time to time hereafter at eight percent (8%) per annum, until the Judgment Amount has been paid and satisfied in full.

        C.      No delay in enforcing this Agreed Judgment shall be deemed a waiver, impairment, release, extinguishment, reduction or other loss of this Agreed Judgment.

        D.      The Trustee and Rosenbaum hereby waive their respective rights to appeal entry of this Agreed Judgment.

SO AGREED:

**Chapter 11 Trustee for Eastern Livestock Co., LLC**

_____

Date:_____

**Rosenbaum Feeder Cattle, LLC**

By:_____

Printed Name: _____Todd Rosenbaum_____

Title: _____Member_____

Date: _12/28/15_

**Todd Rosenbaum**

_____

ALL OF WHICH IS SO ORDERED this _____ day of _____, 201_.

_____
Judge, United States Bankruptcy Court

3

US.103794466.01