UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
AND SETTLEMENT WITH RONALD STAHL**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above captioned

case ("Chapter 11 Case") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by

counsel, respectfully moves this Court for an Order approving the proposed compromise

attached as Exhibit 1 ("Settlement Agreement") with Ronald Stahl ("Stahl"). In support of this

motion, the Trustee says:

**BACKGROUND & JURISDICTION**

1.      Certain petitioning creditors commenced the above-captioned Chapter 11 Case

against the Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter

11 of the Bankruptcy Code. This Court entered an *Order For Relief in An Involuntary Case and*

*Order to Complete Filing* [Dkt. No. 110] on December 28, 2010. On December 27, 2010, the

Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee

[Dkt. No. 102] pursuant to 11 U.S.C. § 1104.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought

herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

3.      The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012

[Dkt. No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012

[Dkt. No. 1490] ("Plan").  The Court entered an Order on December 17, 2012 [Dkt. No. 1644] ("Confirmation Order") confirming the Plan.

## SETTLEMENT

4.      On January 25, 2013, the Trustee commenced adversary proceeding no. 13-59003 (the "Adversary Proceeding") against Stahl.

5.      The Trustee and Stahl desire to resolve and settle all issues, disputes, claims, and causes of action between them without resorting to further litigation.  Without admission of any fault or liability and, as a result of good faith settlement negotiations, they have agreed to settle and resolve all such issues, disputes, claims and causes of action as summarized below and more fully set forth in the Settlement Agreement.

6.      Under the proposed Settlement Agreement, Stahl will pay $1,250.00 (the "Settlement Amount") to the Trustee for the benefit of the Estate.  The Trustee agrees not to file a motion to reconsider or appeal of the summary judgment entered by the Court in the Adversary Proceeding.  Stahl and the Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, related to the Chapter 11 Case.

7.      In the Trustee's professional judgment, the proposed compromise as set forth in Exhibit 1 is in the best interest of the Estate and its creditors.  The Settlement Agreement will also resolve contentious litigation.

8.      The proposed Settlement will be effective upon the entry of a final, non-appealable order approving the Settlement.

US.105295531.01

9.      In accordance with the terms of the Plan and in recognition of the strengths and weaknesses of the Parties' claims in light of the evidence obtained, the Settlement Amount will become part of the Collateral Fund (as that term is defined in the Plan).

**BRIEF IN SUPPORT**

**A.      The Settlement Is Fair and in the Best Interests of the Debtor's Estate and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

10.      Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate.  See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

11.      Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389,

393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

12.     It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

13.     As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

14.     The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its Estate. As set forth more specifically in Exhibit 1, the Settlement Agreement resolves the pending litigation without further motion practice, discovery or a trial.

15.     For these reasons, the Settlement Agreement maximizes the value of the Estate's assets and minimizes the burden to the Estate. The Settlement Agreement should be approved pursuant to Bankruptcy Rule 9019.

### NOTICE

16.     The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in which any party will be required to file and serve an objection stating with specificity its objection.

4

**NO PRIOR REQUEST**

17.     No prior motion for the relief requested herein has been made to the Court in this case.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the Settlement Agreement, as it is in the best interests of the Estate and its creditors.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Shawna M. Eikenberry

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Shawna Meyer Eikenberry (#21615-53)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
shawna.eikenberry@faegrebd.com

US.105295531.01

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Kay Dee Baird
kbaird@kdlegal.com

C. R. Bowles, Jr
cbowles@ bgdlegal.com

Kent A Britt
kabritt@vorys.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Deborah Caruso
dcaruso@rubin-levin.net

Joshua Elliott Clubb
joshclubb@gmail.com

Jack S. Dawson
jdawson@millerdollarhide.com

David Alan Domina
dad@dominalaw.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

Robert Hughes Foree
robertforee@bellsouth.net

Thomas P. Glass
tpglass@strausstroy.com

Paul M. Hoffman
paul.hoffmann@stinsonleonard.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Todd J. Johnston
tjohnston@mcjllp.com

Edward M King
tking@fbtlaw.com

Theodore A. Konstantinopoulos
ndohbky@jbandr.com

David L. LeBas
dlebas@namanhowell.com

James T. Young
james@rubin-levin.net

Karen L. Lobring
lobring@msn.com

John D Dale, Jr.
Johndaleatty@msn.com

Christopher E. Baker
cbaker@thbklaw.com

David W. Brangers
dbrangers@lawyer.com

Kayla D. Britton
kayla.britton@faegrebd.com

John R. Burns, III
john.burns@faegrebd.com

Ben T. Caughey
ben.caughey@icemiller.com

Jason W. Cottrell
jwc@stuartlaw.com

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Jeffrey R. Erler
jerler@ghjhlaw.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Patrick B. Griffin
patrick.griffin@kutakrock.com

John David Hoover
jdhoover@hooverhull.com

Jay Jaffe
jay.jaffe@faegrebd.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

James A. Knauer
jak@kgrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Martha R. Lehman
mlehman@kdlegal.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Jason A. Lopp
jlopp@wyattfirm.com

John W. Ames
james@bgdlegal.com

Robert A. Bell
rabell@vorys.com

Steven A. Brehm
sbrehm@ bgdlegal.com

Joe Lee Brown
Joe.Brown@Hardincounty.biz

John R. Carr, III
jrciii@acs-law.com

Bret S. Clement
bclement@acs-law.com

Kirk Crutcher
kcrutcher@mcs-law.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Trevor L. Earl
tearl@rwsvlaw.com

William K. Flynn
wkflynn@strausstroy.com

Melissa S. Giberson
msgiberson@vorys.com

Terry E. Hall
terry.hall@faegrebd.com

John Huffaker
john.huffaker@sprouselaw.com

James Bryan Johnston
bjtexas59@hotmail.com

Jay P. Kennedy
jpk@kgrlaw.com

Erick P. Knoblock
eknoblock@daleeke.com

David A. Laird
david.laird@moyewhite.com

Scott R. Leisz
sleisz@bgdlegal.com

James B. Lind
jblind@vorys.com

John Hunt Lovell
john@lovell-law.net

US.105295531.01

Harmony A. Mappes
harmony.mappes@faegrebd.com

Kelly Greene McConnell
lisahughes@givenspursley.com

William Robert Meyer, II
rmeyer@stites.com

Allen Morris
amorris@stites.com

Matthew Daniel Neumann
mneumann@hhclaw.com

Matthew J. Ochs
kim.maynes@moyewhite.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Eric W. Richardson
ewrichardson@vorys.com

Mark A. Robinson
mrobinson@vhrlaw.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Niccole R. Sadowski
nsadowski@thbklaw.com

Ivana B. Shallcross
ishallcross@bgdlegal.com

James E. Smith, Jr.
jsmith@smithakins.com

Joshua N. Stine
kabritt@vorys.com

Meredith R. Theisen
mtheisen@rubin-levin.net

Christopher M. Trapp
ctrapp@rubin-levin.net

Andrew James Vandiver
avandiver@aswdlaw.com

Ronald J. Moore
Ronald.Moore@usdoj.gov

John Frederick Massouh
john.massouh@sprouselaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Kevin J. Mitchell
kevin.mitchell@faegrebd.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

Walter Scott Newbern
wsnewbern@msn.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Brian Robert Pollock
bpollock@stites.com

Anthony G. Raluy
traluy@fbhlaw.net

Joe T. Roberts
jratty@windstream.net

Jeremy S. Rogers
Jeremy.Rogers@dinslaw.com

Michael Benton Willey
michael.willey@ag.tn.gov

Thomas C. Scherer
tscherer@bgdlegal.com

Sarah Elizabeth Sharp
sarah.sharp@faegrebd.com

William E. Smith, III
wsmith@k-glaw.com

Andrew D. Stosberg
astosberg@lloydmc.com

John M. Thompson
john.thompson@crowedunlevy.com

Chrisandrea L. Turner
clturner@stites.com

Andrea L. Wasson
andrea@wassonthornhill.com

Sean T. White
swhite@hooverhull.com

Michael W. McClain
mmcclain@mcclaindewees.com

Brian H. Meldrum
bmeldrum@stites.com

Terrill K. Moffett
kendalcantrell@moffettlaw.com

Erin Casey Nave
enave@taftlaw.com

Shiv Ghuman O'Neill
shiv.oneill@faegrebd.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

David Cooper Robertson
crobertson@stites.com

Jason P. Wischmeyer
jason@wischmeyerlaw.com

Steven Eric Runyan
ser@kgrlaw.com

Stephen E. Schilling
seschilling@strausstroy.com

Suzanne M Shehan
suzanne.shehan@kutakrock.com

Amanda Dalton Stafford
ads@kgrlaw.com

Matthew R. Strzynski
indyattorney@hotmail.com

Kevin M. Toner
kevin.toner@faegrebd.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jennifer Watt
jwatt@kgrlaw.com

 

     I further certify that on March 15, 2016, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

 

                                 /s/ Shawna M. Eikenberry

US.105295531.01