UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
AND SETTLEMENT WITH ESTATE OF GARY TATE d/b/a TATE RANCH**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above captioned case ("Chapter 11 Case") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by counsel, respectfully moves this Court for an Order approving the proposed compromise attached as Exhibit 1 ("Settlement Agreement") with the Estate of Gary Tate d/b/a Tate Ranch ("Tate" or "Estate of Tate").  In support of this motion, the Trustee says:

**BACKGROUND & JURISDICTION**

1. Certain petitioning creditors commenced the above-captioned Chapter 11 Case against the Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code.  This Court entered an *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010.  On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] pursuant to 11 U.S.C. § 1104.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

3. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Dkt. No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012

[Dkt. No. 1490] ("Plan").  The Court entered an Order on December 17, 2012 [Dkt. No. 1644] confirming the Plan.

## SETTLEMENT

4.     In the ninety (90) day period prior to the commencement of the Chapter 11 Case, the Trustee alleges Tate received not less than $99,789.85 in transfers from the Debtor (collectively, the "Transfers").

5.     On December 20, 2012, the Trustee initiated an adversary proceeding against Tate in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59137, asserting that such Transfers may be avoided and recovered by the Trustee pursuant to, among other things, sections 547 and 550 of the Bankruptcy Code (the "Preference Adversary"), subject to the defenses provided under section 547(c) of the Bankruptcy Code.

6.     Further, the Trustee also named Tate as a party to answer as to any interest claimed in money interpled by Innovative Livestock Services ("Interpled Funds") in connection with Adversary Proceeding No. 11-59098 (the "Interpleader Adversary").

7.     The Trustee contends that the Interpled Funds are property of Debtor's Estate.

8.     The Trustee and Tate desire to resolve and settle all issues, disputes, claims, and causes of action between them without resorting to further litigation.  Without admission of any fault or liability and, as a result of good faith settlement negotiations, they have agreed to settle and resolve all such issues, disputes, claims and causes of action as summarized below and more fully set forth in the Settlement Agreement.

9.     Under the proposed Settlement Agreement, Tate will disclaim any and all interest in the Interpled Funds in exchange for the Trustee's dismissal of Tate from the Interpleader

Adversary and the Preference Adversary. Tate and the Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, related to the Chapter 11 Case.

10. In the Trustee's professional judgment, the proposed compromise as set forth in Exhibit 1 is in the best interest of the Estate and its creditors. The Settlement Agreement will also resolve contentious litigation.

11. The proposed Settlement will be effective upon the entry of a final, non-appealable order approving the Settlement.

**BRIEF IN SUPPORT**

A. **The Settlement Is Fair and in the Best Interests of the Debtor's Estate and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

12. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

3

13. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

14. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

15. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

16. The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its Estate. As set forth more specifically in Exhibit 1, the Settlement Agreement resolves the pending litigation without further motion practice, discovery or a trial.

17. For these reasons, the Settlement Agreement maximizes the value of the Estate's assets and minimizes the burden to the Estate. The Settlement Agreement should be approved pursuant to Bankruptcy Rule 9019.

## NOTICE

18.  The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in which any party will be required to file and serve an objection stating with specificity its objection.

## NO PRIOR REQUEST

19.  No prior motion for the relief requested herein has been made to the Court in this case.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an order approving the Settlement Agreement, as it is in the best interests of the Estate and its creditors.

    Respectfully submitted,

    FAEGRE BAKER DANIELS LLP

    By: /s/ Shawna M. Eikenberry

Terry E. Hall (#22041-49)　　　　　　*Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Shawna Meyer Eikenberry (#21615-53)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
shawna.eikenberry@faegrebd.com

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 28, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John D Dale, Jr.<br>Johndaleatty@msn.com | John W. Ames<br>james@bgdlegal.com |
| Kay Dee Baird<br>kbaird@kdlegal.com | Christopher E. Baker<br>cbaker@thbklaw.com | Robert A. Bell<br>rabell@vorys.com |
| C. R. Bowles, Jr<br>cbowles@bgdlegal.com | David W. Brangers<br>dbrangers@lawyer.com | Steven A. Brehm<br>sbrehm@bgdlegal.com |
| Kent A Britt<br>kabritt@vorys.com | Kayla D. Britton<br>kayla.britton@faegrebd.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John R. Burns, III<br>john.burns@faegrebd.com | John R. Carr, III<br>jrciii@acs-law.com |
| Deborah Caruso<br>dcaruso@rubin-levin.net | Ben T. Caughey<br>ben.caughey@icemiller.com | Bret S. Clement<br>bclement@acs-law.com |
| Joshua Elliott Clubb<br>joshclubb@gmail.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| David Alan Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | William K. Flynn<br>wkflynn@strausstroy.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Thomas P. Glass<br>tpglass@strausstroy.com | Patrick B. Griffin<br>patrick.griffin@kutakrock.com | Terry E. Hall<br>terry.hall@faegrebd.com |
| Paul M. Hoffman<br>paul.hoffmann@stinsonleonard.com | John David Hoover<br>jdhoover@hooverhull.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Jay Jaffe<br>jay.jaffe@faegrebd.com | James Bryan Johnston<br>bjtexas59@hotmail.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jay P. Kennedy<br>jpk@kgrlaw.com |
| Edward M King<br>tking@fbtlaw.com | James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Randall D. LaTour<br>rdlatour@vorys.com | David A. Laird<br>david.laird@moyewhite.com |
| David L. LeBas<br>dlebas@namanhowell.com | Martha R. Lehman<br>mlehman@kdlegal.com | Scott R. Leisz<br>sleisz@bgdlegal.com |
| James T. Young<br>james@rubin-levin.net | Kim Martin Lewis<br>kim.lewis@dinslaw.com | James B. Lind<br>jblind@vorys.com |
| Karen L. Lobring<br>lobring@msn.com | Jason A. Lopp<br>jlopp@wyattfirm.com | John Hunt Lovell<br>john@lovell-law.net |

| | | |
|---|---|---|
| Harmony A. Mappes<br>harmony.mappes@faegrebd.com | John Frederick Massouh<br>john.massouh@sprouselaw.com | Michael W. McClain<br>mmcclain@mcclaindewees.com |
| Kelly Greene McConnell<br>lisahughes@givenspursley.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Brian H. Meldrum<br>bmeldrum@stites.com |
| William Robert Meyer, II<br>rmeyer@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com | Terrill K. Moffett<br>kendalcantrell@moffettlaw.com |
| Allen Morris<br>amorris@stites.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com | Walter Scott Newbern<br>wsnewbern@msn.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com |
| Matthew J. Ochs<br>kim.maynes@moyewhite.com | Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net | Michael Wayne Oyler<br>moyler@rwsvlaw.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Brian Robert Pollock<br>bpollock@stites.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Timothy T. Pridmore<br>tpridmore@mcjllp.com | Anthony G. Raluy<br>traluy@fbhlaw.net | Eric C. Redman<br>ksmith@redmanludwig.com |
| Eric W. Richardson<br>ewrichardson@vorys.com | Joe T. Roberts<br>jratty@windstream.net | David Cooper Robertson<br>crobertson@stites.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com | Jason P. Wischmeyer<br>jason@wischmeyerlaw.com |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | Steven Eric Runyan<br>ser@kgrlaw.com |
| Niccole R. Sadowski<br>nsadowski@thbklaw.com | Thomas C. Scherer<br>tscherer@bgdlegal.com | Stephen E. Schilling<br>seschilling@strausstroy.com |
| Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Sarah Elizabeth Sharp<br>sarah.sharp@faegrebd.com | Suzanne M Shehan<br>suzanne.shehan@kutakrock.com |
| James E. Smith, Jr.<br>jsmith@smithakins.com | William E. Smith, III<br>wsmith@k-glaw.com | Amanda Dalton Stafford<br>ads@kgrlaw.com |
| Joshua N. Stine<br>kabritt@vorys.com | Andrew D. Stosberg<br>astosberg@lloydmc.com | Matthew R. Strzynski<br>indyattorney@hotmail.com |
| Meredith R. Theisen<br>mtheisen@rubin-levin.net | John M. Thompson<br>john.thompson@crowedunlevy.com | Kevin M. Toner<br>kevin.toner@faegrebd.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Chrisandrea L. Turner<br>clturner@stites.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Andrew James Vandiver<br>avandiver@aswdlaw.com | Andrea L. Wasson<br>andrea@wassonthornhill.com | Jennifer Watt<br>jwatt@kgrlaw.com |
| Ronald J. Moore<br>Ronald.Moore@usdoj.gov | Sean T. White<br>swhite@hooverhull.com | |

I further certify that on March 28, 2016, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

/s/ Shawna M. Eikenberry

US.105563712.01