**Exhibit 1**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of March __, 2016 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and the Estate of Gary Tate (d/b/a Tate Ranch) ("Tate" or "Estate of Tate"). The Trustee and the Estate of Tate are collectively referred to herein as the "Parties."

## Recitals

A.  Certain petitioning creditors commenced the above-captioned chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  On May 2, 2011, Tate filed his proof of claim in the Chapter 11 Case in the amount of $209,53315 as Court Claim No. 213 ("Claim No. 213").

D.  The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dock. No. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dock. No. 1644] ("Confirmation Order") confirming the Plan.

E.  In the ninety (90) day period prior to the commencement of the Chapter 11 Case, the Trustee alleges Tate received not less than $99,789.85 in transfers from the Debtor (collectively, the "Transfers").

F.  On December 20, 2012, the Trustee initiated an adversary proceeding against Tate in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59137, asserting that such Transfers may be avoided and recovered by the Trustee pursuant to, among other things, sections 547 and 550 of the Bankruptcy Code (the "Preference Adversary"), subject to the defenses provided under section 547(c) of the Bankruptcy Code.

G.  Further, the Trustee also named Tate as a party to answer as to any interest claimed in money interpled by Innovative Livestock Services ("Interpled Funds") in connection with Adversary Proceeding No. 11-59098 (the "Interpleader Adversary").

H.  The Trustee contends that the Interpled Funds are property of Debtor's bankruptcy estate.

1

I. The Parties desire to resolve and settle all issues, disputes, claims and causes of actions relating to the Interpled Funds without further litigation and without admission of any fault or liability. The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settle and resolve all issues, disputes, claims, and causes of action related to the Interpled Funds on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Court Approval of Settlement Agreement.</u> This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement. (the "<u>Settlement Motion</u>"). This Settlement Agreement is contingent upon the Court upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order is entered by the Court shall be referred to herein as the "<u>Effective Date</u>." The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2. <u>Settlement</u>. In exchange for the Trustee's dismissal of Tate from the Interpleader Adversary and the Preference Adversary, as described below, the Estate of Tate disclaims any and all interest in the Interpled Funds.

3. <u>Adversary</u>. Within five (5) business days of the Effective Date, Tate and the Trustee shall file such further pleadings as necessary to dismiss Tate from the Interpleader Adversary and the Preference Adversary, with prejudice. Tate agrees that in the dismissal of Tate from the Interpleader Adversary, the Trustee may represent that Tate disclaims and releases all interest and claims in the Interpled Funds.

4. <u>Mutual Release</u>. Effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the any claims asserted in the Interpleader Adversary and the Preference Adversary. The Estate of Tate expressly releases any and all claims, counterclaim and cross-claims which relate to the Interpled Funds.

5. <u>Effect of Releases and Satisfaction of Claims</u>. Consistent with the releases set forth in Section 4 hereof, and in consideration of such releases contemplated pursuant to this

Settlement Agreement, on the Effective Date, Tate shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, the Estate, including but not limited to Claim No. 213 and a waiver by Tate of any right to assert a claim under Section 502(h) of the Bankruptcy Code. Notwithstanding any of the releases set forth herein, nothing in this Settlement Agreement shall release a) the Parties from their obligations under the Settlement Agreement, or b) any claims by Tate against third parties.

6. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

7. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

8. Each of the Parties Bears Own Costs. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

9. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

10. Court Jurisdiction. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

11. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

12. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

13. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

14. Agreement Nonseverable and Mutually Dependent. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and

4

every other provision contained herein.  Provisions should be read together so as to harmonize the whole.

15. Amendment.  This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

16. No Admission of Fault or Liability.  This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

17. No Presumption Against Drafter.  This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

[*Remainder of page intentionally left blank.  Signature page to follow*.]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

The Estate of Gary Tate (d/b/a Tate Ranch)

By: _____*Ray Tate*_____

Printed Name: __Ray Tate__   Date: 3-22-16

Title: __executrix__

James A Knauer as Chapter 11 Trustee for the Estate of Eastern Livestock., LLC

_____
                                    Date

5

US.105036061.01