IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

**TRUSTEE'S MOTION TO COMPROMISE AND SETTLE**

James A. Knauer, as the Chapter 11 Trustee (the "ELC Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC (the "ELC Estate"), by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby files this *Trustee's Motion to Compromise and Settle* (this "Motion"), requesting the Court's approval of a compromise and settlement between the ELC Trustee, Kathryn L. Pry, as the Chapter 7 Trustee (the "Gibson Trustee") for the bankruptcy estate of Thomas P. Gibson and Patsy M. Gibson (the "Gibson Estates"), The United States of America (the "United States"), The First Bank and Trust Company ("First Bank") and Your Community Bank ("YCB").  In support of this Motion, the ELC Trustee states as follows:

### I. Jurisdiction and Venue

1. The Court has jurisdiction over the above-referenced bankruptcy case under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. Venue for the above-referenced bankruptcy case is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## II. Background

3. On December 1, 2010 (the "Gibson Petition Date"), Thomas P. Gibson and Pasty M. Gibson (the "Gibsons") initiated the above-referenced bankruptcy case (the "Gibson Case") by filing a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Gibson Trustee is the duly appointed, qualified and acting Chapter 7 Trustee in the Gibson Case.

5. On December 6, 2010 (the "ELC Petition Date"), certain petitioning creditors initiated an involuntary Chapter 11 bankruptcy case (the "ELC Case") for Eastern Livestock Co., LLC ("ELC") by filing an involuntary petition under Chapter 11 of Title 11 of the Bankruptcy Code.

6. On December 27, 2010, the Court entered an order for relief in the ELC Case. The ELC Trustee is the duly appointed, qualified and acting Chapter 11 Trustee in the ELC Case.

7. Fifth Third Bank ("Fifth Third") is a senior secured lender to ELC and asserts first and prior liens in and to all the assets of ELC. Fifth Third has an allowed claim in the ELC Case in the sum of $35,833,415.00.

8. First Bank is a secured lender to the Thomas P. Gibson ("Mr. Gibson") and asserts first and prior liens in and to certain cattle and their proceeds owned by Mr. Gibson. First Bank filed a claim in the Gibson Case in the estimated sum of $8,111,669.40, asserting that the claim was secured by, among other things, cattle and the proceeds of cattle owned by Mr. Gibson. The claims of First Bank asserted against the ELC Estate and the Gibson Estate have been settled.

2

9. YCB is a bank in New Albany, Indiana. The Gibsons maintained a checking account at YCB (account no. xxxxx1841) (the "YCB Gibson Account"). J&L Cattle Co. also had an account at YCB (account no. xxxxx4113) (the "J&L Account").

10. Mr. Gibson also maintained an account at MF Global Inc., in Chicago, Illinois (account no. xxxxx6149) in the names of Mr. Gibson and ELC (the "MFG Account").

11. On January 14, 2011, this Court issued an Order in the Gibson Case ordering the Gibsons to turn over to the Gibson Trustee all "cash, securities, funds in bank/credit union accounts, all investment accounts, any investment accounts and other non-exempt financial accounts within ten days." This Order included the YCB Gibson Account, the J&L Account and the MFG Account (collectively, the "Accounts").

12. In January of 2011, Judge James D. Moyer, United States Magistrate Judge for the Western District of Kentucky, signed seizure warrants for the contents of the Accounts, finding probable cause that the Accounts contained proceeds from a wire fraud scheme perpetrated by Mr. Gibson and others. On January 19th and 20th, of 2011, the contents of the Accounts were seized by the Federal Bureau of Investigation.

13. The contents of the Accounts total $4,825,548.30 (the "Seized Funds") and represent the defendant property in the government seizure action styled *United States of America v. Contents of Account in the Name of Eastern Livestock and Thomas P. Gibson, held by MF Global, Inc. et al.*, Case No. 3:11CV-233-R, pending in the United States District Court of Western District of Kentucky, Louisville Division (the "Forfeiture Action").

14. On April 18, 2011, the United States filed its *Verified Complaint for Forfeiture In Rem* (the "Forfeiture Complaint"), against the Accounts. Pursuant to a series of agreed orders in the Forfeiture Action, the proceedings in the Forfeiture Action have been stayed, including the

3

deadline for filing ownership claims to the Seized Funds, but no parties other than the ELC Trustee, the Gibson Trustee, First Bank and YCB have preserved a right to assert an ownership claim against the Seized Funds. On December 21, 2015, Fifth Third (which had previously preserved a right to assert an ownership claim to the Seized Funds) filed a *Notice of Disclaimer of Interest*, therein disclaiming any and all interest Fifth Third may have in the Seized Funds.

15. The ELC Trustee, the Gibson Trustee and First Bank all believe that they have a viable ownership claim to all or some of the Seized Funds and such ownership claims have been preserved by the agreed entries entered in the Forfeiture Action extending the deadline to file ownership claims. The ELC Trustee believes that the Seized Funds originated from the accounts of ELC held at Fifth Third and were directed to the Accounts by Mr. Gibson for no consideration and therefore are property of the ELC Estate. The Gibson Trustee believes that the Seized Funds were in the accounts in the name of one or more of the Gibsons and therefore are property of the Gibson Estate. First Bank believes that some of the funds in the YCB Gibson Account may be proceeds from the sale of cattle in which First Bank holds a lien. Additionally, YCB may assert a claim to the Seized Funds.

16. The creditors in the ELC Case and the Gibson Case have been identified by the filing of proofs of claim in each respective case. The listing of the proofs of claims filed in each case (the "Estates Claims Listing") has been furnished to the United States Attorney, which has utilized the Estates Claims Listing to identify victims that will be compensated from the Seized Funds (the "Victims List"). The United States also received claims from purported victims. Those claims have been incorporated into the Victims List where such claims alleged a claim eligible as a victim under applicable law to forfeiture. The Victims List is attached to the *Agreed*

4

US.105417790.02

*Order Consenting to Forfeiture* (the "Agreed Order"), which is attached hereto and incorporated herein as <u>Exhibit A</u>.

17. The Victims List has been shared with the ELC Trustee and the Gibson Trustee and cross-checked with the claims filed in both the ELC Case and the Gibson Case to confirm that all claimants in both cases are listed on the Victims List, to the extent that such claimants are victims, entitled to distribution from the Seized Funds, and the claims have been settled or otherwise compromised.

18. The only claimant in the Gibson Case who is listed on the Victims List and entitled to distribution from the Seized Funds is First Bank.

19. The ELC Trustee and the Gibson Trustee both have similar interests in seeing that the assets of their respective estates, including any interest each estate has in the Seized Funds, are distributed to the unpaid creditors of each estate in accordance with their fiduciary duties under the Bankruptcy Code. The United States has an interest in seeing that the Seized Funds are distributed pro rata to the victims of the fraud perpetrated by Mr. Gibson.

20. The United States, the ELC Trustee, the Gibson Trustee, First Bank and YCB, pursuant to the terms contained in the Agreed Order to be entered in the Forfeiture Action, have reached an agreement to fully, completely and permanently resolve, compromise and settle all issues and disputes that now exist or may exist in the future with respect to the Seized Funds and the distribution of the Seized Funds. For a more detailed explanation of the settlement terms, please refer to <u>Exhibit A</u>.

## II. The Agreed Order

21. The Agreed Order provides for the following terms of settlement in regards to the Seized Funds:

(a) $250,000.00 of the Seized Funds shall be released from the Forfeiture Complaint and remitted to the ELC Estate, for distribution in the ELC Case.

(b) The remainder of the Seized Funds (approximately $4,575,548.30, plus any interest earned on the total sum of the Seized Funds) shall be forfeited to the United States, pursuant to the Agreed Order (the "Forfeited Funds"). The Forfeited Funds shall be held by the United States for the purpose of distribution to the victims of the fraud perpetrated by Mr. Gibson and others, as set forth in the Forfeiture Complaint and pursuant to the Agreed Order. The distribution shall be subject to the approval of the Attorney General of the United States (the "Attorney General") and shall comport with applicable federal regulations.

(c) The United States, the ELC Trustee and the Gibson Trustee will submit a joint report to the Attorney General identifying the victims of the fraud, as reflected on the Victims List, determining the extent of their losses, and propose the distribution of the Forfeited Funds in compliance with federal regulation and the Agreed Order.

(d) The Forfeited Funds shall not be distributed to any third party that has paid victims pursuant to a contractual obligation, assignment, other settlement or plea agreement.

(e) The Forfeited Funds (less any associated administrative expenses incurred by the United States) shall be disbursed to victims jointly identified. The Forfeited Funds will remain within the custody of the United States Marshals Service, and distributed by the Department of Justice Asset Forfeiture and Money Laundering Section. Approval must be obtained from the Department of Justice Forfeiture and Money Laundering Section before the Forfeited Funds may be disbursed. Unclaimed Forfeited Funds may be redistributed pro rata to remaining victims but not exceeding their allowed and permitted claims. In the event any unclaimed Forfeited Funds remain after reasonable efforts to locate the victims or the amount remaining is so small as to make redistribution not economically feasible, the surplus shall be returned to the United States for disposition in accordance with federal law. Any creditor who has settled its claims against the ELC Estate or the Gibson Estate such that its claims are waived or otherwise satisfied shall not be eligible to receive any payments from the Forfeited Funds.

(f) The United States, the ELC Trustee and the Gibson Trustee, to the extent the Gibson Case is still open, shall cooperate in the efficient distribution of the Seized Funds to the eligible allowed victims' claims on the Estates Claims Listing (as it may be supplemented by agreement among them). The amount of an eligible claim is subject to reduction by the payments

6

received by the victim/creditor from other sources.  Any creditor/victim that is seeking recovery or payment on its claim outside of the ELC Case and/or Gibson Case shall not be eligible for payment from the Forfeited Funds until such effort at recovery has been finally resolved or withdrawn with prejudice.  Suitable reserves of payment of the Forfeited Funds related to disputed claims or claims that are seeking other payment shall be agreed to and maintained by the United States, the ELC Trustee and the Gibson Trustee.  Any creditor/victim that has waived its rights to receive payment from the Forfeited Funds as part of a settlement of its claim in the ELC Case and/or the Gibson Case shall not be eligible to receive any payments from the Forfeited Funds.

(g) The ELC Trustee, the Gibson Trustee, First Bank and YCB shall waive and release any ownership claims that could be asserted against the Seized Funds.

(h) The ELC Estate and the Gibson Estate shall waive and release any causes of action they may have related to a violation of the automatic stay, under § 362 of the Bankruptcy Code, in the seizure of the Seized Funds and shall not seek any turnover of the Seized Funds pursuant to §§ 542 or 543 of the Bankruptcy Code.

(i) YCB shall not receive any direct payments from the Forfeited Funds.  However, the waiver of any distribution from the Forfeited Funds shall not affect the rights of YCB to receive payments on their allowed claims in the ELC Case and the Gibson Case from other sources of payment.

(j) First Bank agrees that it will not assert any ownership or secured interest in the Forfeited Funds as a potential victim and further agrees that any victim payment to First Bank from the Forfeited Funds shall not exceed $700,000.00.

22. Those parties who believe they are entitled to a distribution from the Seized Funds should refer to paragraph 19(d) of the Agreed Order to determine if they satisfy the requirements for distribution.  Any party not listed on the Victim Claim List or whose claim is listed in an amount with which they disagree must file and serve an objection pursuant to the procedures and deadlines approved in the notice.

## IV. Basis for Relief

23. Pursuant to Rule 9010 of the Federal Rules of Bankruptcy Procedure, this Court has authority to approve a compromise or settlement on motion made by the Gibson Trustee, after notice and opportunity for a hearing.

24. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. *See In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007); *Depoister v. Mary M. Holloway Found*, 36 F.3d 582, 586 (7th Cir. 1994); *Matter of Energy Co-op, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).

25. The ELC Trustee believes that the compromise and settlement reflected in the Agreed Order is fair and equitable and in the best interests of the ELC Estate. The Agreed Order is the result of arms-length negotiations that took place over several years regarding the proper distribution of the Seized Funds. The alternative to the agreement reached by the parties regarding the distribution of the Seized Funds is continued litigation of the claims between the parties, which will result in increased administrative expenses for the ELC Estate, resulting in a reduction of funds available for distribution to unsecured creditors in the ELC Case.

26. Accordingly, the ELC Trustee therefore believes that the proposed Agreed Order is fair and equitable, is in the best interests of the ELC Estate and in the sound exercise of his business judgment.

27. The ELC Trustee shall serve a copy of this Motion to the following: (i) the Office of the United States Trustee; (ii) all parties that have requested notice, prior to the date of service of this Motion; and (iii) all parties required to receive notice pursuant to Fed. R. Bankr. P. 2002.

The ELC Trustee will also serve notice on the parties listed on the Victim List that includes a summary of the proposed settlement and the eligible claims.

28. If no objections to this Motion are filed, the ELC Trustee requests that the Court enter an Order approving the Agreed Order and authorizing the ELC Trustee to enter into the Agreed Order. If any objections to this Motion are filed, the ELC Trustee requests that this Motion and any timely filed objection be scheduled for a hearing by the Court on the earliest date that is available and convenient to the Court.

29. The Gibson Trustee will be filing a similar motion in the Gibson Case requesting approval of the Agreed Order.

WHEREFORE, the ELC Trustee respectfully requests that the Court enter an Order: (i) approving the settlement contained in the Agreed Order; (ii) authorizing the ELC Trustee to enter into the Agreed Order; (iii) authorizing the ELC Trustee to take all actions required to consummate the terms provided for in the Agreed Order; and (iv) for all other just and proper relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By:   /s/ Terry E. Hall

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com

US.105417790.02

## CERTIFICATE OF SERVICE

       I hereby certify that on April 1, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Kay Dee Baird
kbaird@kdlegal.com

C. R. Bowles, Jr
cbowles@ bgdlegal.com

Kent A Britt
kabritt@vorys.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Deborah Caruso
dcaruso@rubin-levin.net

Joshua Elliott Clubb
joshclubb@gmail.com

Jack S. Dawson
jdawson@millerdollarhide.com

David Alan Domina
dad@dominalaw.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

Robert Hughes Foree
robertforee@bellsouth.net

Thomas P. Glass
tpglass@strausstroy.com

Paul M. Hoffman
paul.hoffmann@stinsonleonard.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Todd J. Johnston
tjohnston@mcjllp.com

Edward M King
tking@fbtlaw.com

Theodore A. Konstantinopoulos
ndohbky@jbandr.com

David L. LeBas
dlebas@namanhowell.com

James T. Young
james@rubin-levin.net

Karen L. Lobring
lobring@msn.com

John D Dale, Jr.
Johndaleatty@msn.com

Christopher E. Baker
cbaker@thbklaw.com

David W. Brangers
dbrangers@lawyer.com

Kayla D. Britton
kayla.britton@faegrebd.com

John R. Burns, III
john.burns@faegrebd.com

Ben T. Caughey
ben.caughey@icemiller.com

Jason W. Cottrell
jwc@stuartlaw.com

Dustin R. DeNeal
dustin.deneal@faegrebd.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Jeffrey R. Erler
jerler@ghjhlaw.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Patrick B. Griffin
patrick.griffin@kutakrock.com

John David Hoover
jdhoover@hooverhull.com

Jay Jaffe
jay.jaffe@faegrebd.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

James A. Knauer
jak@kgrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Martha R. Lehman
mlehman@kdlegal.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Jason A. Lopp
jlopp@wyattfirm.com

John W. Ames
james@bgdlegal.com

Robert A. Bell
rabell@vorys.com

Steven A. Brehm
sbrehm@ bgdlegal.com

Joe Lee Brown
Joe.Brown@Hardincounty.biz

John R. Carr, III
jrciii@acs-law.com

Bret S. Clement
bclement@acs-law.com

Kirk Crutcher
kcrutcher@mcs-law.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Trevor L. Earl
tearl@rwsvlaw.com

William K. Flynn
wkflynn@strausstroy.com

Melissa S. Giberson
msgiberson@vorys.com

Terry E. Hall
terry.hall@faegrebd.com

John Huffaker
john.huffaker@sprouselaw.com

James Bryan Johnston
bjtexas59@hotmail.com

Jay P. Kennedy
jpk@kgrlaw.com

Erick P. Knoblock
eknoblock@daleeke.com

David A. Laird
david.laird@moyewhite.com

Scott R. Leisz
sleisz@bgdlegal.com

James B. Lind
jblind@vorys.com

John Hunt Lovell
john@lovell-law.net

US.105417790.02

| | | |
|---|---|---|
| Harmony A. Mappes<br>harmony.mappes@faegrebd.com | John Frederick Massouh<br>john.massouh@sprouselaw.com | Michael W. McClain<br>mmcclain@mcclaindewees.com |
| Kelly Greene McConnell<br>lisahughes@givenspursley.com | James Edwin McGhee<br>mcghee@derbycitylaw.com | Brian H. Meldrum<br>bmeldrum@stites.com |
| William Robert Meyer, II<br>rmeyer@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com | Terrill K. Moffett<br>kendalcantrell@moffettlaw.com |
| Allen Morris<br>amorris@stites.com | Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Erin Casey Nave<br>enave@taftlaw.com |
| Matthew Daniel Neumann<br>mneumann@hhclaw.com | Walter Scott Newbern<br>wsnewbern@msn.com | Shiv Ghuman O'Neill<br>shiv.oneill@faegrebd.com |
| Matthew J. Ochs<br>kim.maynes@moyewhite.com | Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net | Michael Wayne Oyler<br>moyler@rwsvlaw.com |
| Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Brian Robert Pollock<br>bpollock@stites.com | Wendy W. Ponader<br>wendy.ponader@faegrebd.com |
| Timothy T. Pridmore<br>tpridmore@mcjllp.com | Anthony G. Raluy<br>traluy@fbhlaw.net | Eric C. Redman<br>ksmith@redmanludwig.com |
| Eric W. Richardson<br>ewrichardson@vorys.com | Joe T. Roberts<br>jratty@windstream.net | David Cooper Robertson<br>crobertson@stites.com |
| Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com | Jason P. Wischmeyer<br>jason@wischmeyerlaw.com |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | Steven Eric Runyan<br>ser@kgrlaw.com |
| Niccole R. Sadowski<br>nsadowski@thbklaw.com | Thomas C. Scherer<br>tscherer@bgdlegal.com | Stephen E. Schilling<br>seschilling@strausstroy.com |
| Ivana B. Shallcross<br>ishallcross@bgdlegal.com | Sarah Elizabeth Sharp<br>sarah.sharp@faegrebd.com | Suzanne M Shehan<br>suzanne.shehan@kutakrock.com |
| James E. Smith, Jr.<br>jsmith@smithakins.com | William E. Smith, III<br>wsmith@k-glaw.com | Amanda Dalton Stafford<br>ads@kgrlaw.com |
| Joshua N. Stine<br>kabritt@vorys.com | Andrew D. Stosberg<br>astosberg@lloydmc.com | Matthew R. Strzynski<br>indyattorney@hotmail.com |
| Meredith R. Theisen<br>mtheisen@rubin-levin.net | John M. Thompson<br>john.thompson@crowedunlevy.com | Kevin M. Toner<br>kevin.toner@faegrebd.com |
| Christopher M. Trapp<br>ctrapp@rubin-levin.net | Chrisandrea L. Turner<br>clturner@stites.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |
| Andrew James Vandiver<br>avandiver@aswdlaw.com | Andrea L. Wasson<br>andrea@wassonthornhill.com | Jennifer Watt<br>jwatt@kgrlaw.com |
| Ronald J. Moore<br>Ronald.Moore@usdoj.gov | Sean T. White<br>swhite@hooverhull.com | |

I further certify that on April 1, 2016, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

/s/ Terry E. Hall

11