UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| EASTERN LIVESTOCK CO., LLC, ) | Case No. 10-93904-BHL-11 |
| ) | |
| Debtor. ) | |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT
WITH DONALD K. GARRETT A/K/A DON GARRETT D/B/A GARR TRUCKING
D/B/A GARR CONSTRUCTION D/B/A SAGE BUILDING D/B/A SAGE
CONSTRUCTION D/B/A JL FARMS OF GAMBIER, OHIO, J & L FARMS, L.L.C.,
SAGE LIVESTOCK, LLC AND SAGE BUILDERS, LLC**

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, James A. Knauer, as Chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor" or "ELC"), by counsel, hereby files this motion ("Settlement Motion") requesting the Court's approval of a compromise and settlement of claims between the Trustee and Donald K. Garrett a/k/a Don Garrett d/b/a Garr Trucking d/b/a Garr Construction d/b/a Sage Building d/b/a Sage Construction d/b/a JL Farms of Gambier, Ohio ("Garrett"), J & L Farms, L.L.C., Sage Livestock, LLC, and Sage Builders, LLC (collectively "Defendants"), pursuant to the terms and conditions set forth in the Settlement Agreement and Mutual Release in the form attached hereto as **Exhibit A** ("Settlement Agreement"). In support of this Settlement Motion, the Trustee respectfully represents the following:

**Introduction and Background**

1.  Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010, by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code. This Court entered the Order for

1

Relief in An Involuntary Case and Order to Complete Filing [Doc. No. 110] on December 28, 2010.

2. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] pursuant to 11 U.S.C. § 1104.

3. On July 23, 2012, the Trustee filed the Trustee's Chapter 11 Plan of Liquidation [Doc. No. 1255] and the First Amended Chapter 11 Plan of Liquidation on October 26, 2012 [Doc. No. 1490] ("Plan"). The Court entered an Order on December 12, 2012 [Doc. No. 1644] confirming the Plan.

4. On June 12, 2013, the Trustee commenced Adversary Proceeding No. 13-59032 against the Defendants ("Adversary Proceeding").

5. The Trustee's Complaint sought to enforce payment on three (3) Promissory Notes ("Note Receivable Claims") in the principal amounts of $1,500,000.00, $2,683,044.24 and $4,665,876.31.

6. On August 1, 2013, Defendants filed their answer and counterclaims against the Debtor. In the Counterclaim, the Defendants sought damages based on breach of contract and unjust enrichment in the amount of $15,000,000.

## The Settlement

7. The following is a summary of the key provisions of the Settlement Agreement. Parties should refer to the Settlement Agreement for a full explanation of the proposed settlement.

8. Pursuant to the Settlement Agreement, Defendants shall pay to the Trustee the total sum of $100,000.00 (the "Settlement Amount"). The Settlement Amount shall be paid in monthly installments as follows: Eighty (80) monthly installments of One Thousand Two

Hundred Fifty and 00/100 Dollars ($1,250.00), which monthly installments shall be due and payable commencing on the fifteenth (15th) day of December, 2015, and continuing thereafter on the fifteenth (15th) day of each month until August 15, 2022, on which the entire unpaid Settlement Amount shall be due and payable in full.  The Trustee has already received monthly payments and is holding the funds in trust.   The parties have also agreed to release each other from all claims or causes of action known or unknown, direct or indirect, related to the Chapter 11 Case and the Adversary Proceeding.

9. In negotiation of the Settlement Agreement and the Settlement Amount, the Trustee advises that, apart from assertion of substantial defenses to the claims, and to avoid the cost, expense, and delay of litigation, Defendants also demonstrated an inability to pay any substantial judgment against them and that the Trustee's judgment, if any, would be behind in priority multiple unsatisfied judgments.  The collection issue ultimately became the central and overwhelming factor driving the settlement negotiations.  Counsel for the Trustee was provided with financial information for the Defendants by their counsel and diligently reviewed the financial information provided by the Defendants (due to the confidential financial information, Defendants' financial information is not included with the Settlement Agreement filed with this Settlement Motion).  The Defendants also confirmed the truth and accuracy of the financial information provided in deposition testimony.   The Trustee is also entitled to record and collect an Agreed Judgment in the amount of $200,000 upon the occurrence of an Event of Default as set forth in the Settlement Agreement.

10. In accordance with the terms of the Plan, the Settlement Amount shall become part of the Collateral Fund (as that term is defined in the Estate's confirmed Chapter 11 Plan).

3

11. The Trustee requests that the Court approve the compromise and settlement of claims between the Trustee and Defendants pursuant to the terms and conditions set forth in the Settlement Agreement.

## **Basis for Relief**

12. Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve a compromise or settlement after notice and opportunity for a hearing. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The Seventh Circuit has offered the following guidance to courts in making such determinations:

> The linchpin of the "best interests of the estate" test is a comparison of the value of the settlement with the probable costs and benefits of litigating. Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets."

*In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426 (citations omitted).

13. The Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the Estate. It is the Trustee's view that the Estate would incur significant costs and expenses in litigating the claims against Defendants. Ultimately, and in reliance on the financial statements, other records and evidence produced, and the Trustee's counsel's own investigation, the Trustee believes that the Settlement Amount represents the highest amount that the Trustee could recover and collect from Defendants when factoring in the costs of litigation and the financial condition of Defendants.

14.     If no objections to this Settlement Motion are filed, the Parties request that the Court enter an order approving the Settlement Agreement.  If any objections to this Settlement Motion are filed, the parties request that this Settlement Motion and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement attached hereto as Exhibit "A" and grant the Trustee all other just and proper relief.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Jay P. Kennedy
Jay P. Kennedy (#5477-49)
Counsel for James A. Knauer,
Chapter 11 Trustee
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
Telephone: (317) 777-7428
jpk@kgrlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2016, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt   davidabt@mwt.net
Amelia Martin Adams   amelia.m.adams@gmail.com
John W Ames   james@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
Christopher E. Baker   cbaker@thbklaw.com, thignight@thbklaw.com
Robert A. Bell   rabell@vorys.com, dmchilelli@vorys.com
C. R. Bowles   cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com
C. R. Bowles   cbowles@bgdlegal.com, smays@bgdlegal.com;cjenkins@bgdlegal.com
David W. Brangers   dbrangers@lawyer.com
Steven A. Brehm   sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com
Steven A. Brehm   sbrehm@bgdlegal.com, bbaumgardner@bgdlegal.com;smays@bgdlegal.com
Kent A Britt   kabritt@vorys.com, cbkappes@vorys.com;dfhine@vorys.com;tbfinney@vorys.com
Kayla D. Britton   kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
Kayla D. Britton   kayla.britton@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
Joe Lee Brown   Joe.Brown@Hardincounty.biz
Lisa Koch Bryant   courtmail@tilfordlaw.com
John R. Burns   john.burns@faegrebd.com, sandy.rhoads@faegrebd.com;oliana.nansen@faegrebd.com
James M. Carr   jim.carr@faegrebd.com, sarah.herendeen@faegrebd.com
John R. Carr   jrciii@acs-law.com, sfinnerty@acs-law.com
Deborah Caruso   dcaruso@daleeke.com, mtheisen@daleeke.com;dwright@daleeke.com
Ben T. Caughey   ben.caughey@icemiller.com
Ben T. Caughey   ben.caughey@mcdlegalfirm.com
Bret S. Clement   bclement@acs-law.com, sfinnerty@acs-law.com
Joshua Elliott Clubb   joshclubb@gmail.com
Jason W. Cottrell   jwc@stuartlaw.com, jbr@stuartlaw.com
Kirk Crutcher   kcrutcher@mcs-law.com, jparsons@mcs-law.com
John D Dale   Johndaleatty@msn.com
Jack S Dawson   jdawson@millerdollarhide.com, jseeger@millerdollarhide.com;receptionist@millerdollarhide.com;chall@millerdollarhide.com
Jack S Dawson   jdawson@millerdollarhide.com, jseeger@millerdollarhide.com;receptionist@millerdollarhide.com;chall@millerdollarhide.com
Dustin R. DeNeal   dustin.deneal@faegrebd.com, cindy.wondra@faegrebd.com;sarah.herendeen@faegrebd.com
Laura Day DelCotto   ldelcotto@dlgfirm.com, dlgecf@dlgfirm.com;dlgecfs@gmail.com
David Alan Domina   dad@dominalaw.com, KKW@dominalaw.com;efiling@dominalaw.com
Daniel J. Donnellon   ddonnellon@bgdlegal.com, knorwick@bgdlegal.com
Trevor L. Earl   tearl@rwsvlaw.com
Shawna M Eikenberry   shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com;dianne.armstroff@faegrebd.com
Shawna M Eikenberry   shawna.eikenberry@faegrebd.com, sarah.herendeen@faegrebd.com;dianne.armstroff@faegrebd.com
Jeffrey R. Erler   jerler@ghjhlaw.com, cboston@ghjhlaw.com;lwadley@ghjhlaw.com
William K. Flynn   wkflynn@strausstroy.com, fmtuttle@strausstroy.com;rlshapiro@strausstroy.com
William K. Flynn   wkflynn@strausstroy.com, fmtuttle@strausstroy.com;rlshapiro@strausstroy.com
Robert H. Foree   robertforee@bellsouth.net
Sandra D. Freeburger   sfreeburger@dsf-atty.com, scain@dsf-atty.com
Peter M Gannott   pgannott@gannottlaw.com, paralegal@gannottlaw.com;gannottlaw@gmail.com
Melissa S. Giberson   msgiberson@vorys.com
Thomas P Glass   tpglass@strausstroy.com
Jeffrey J. Graham   jgraham@taftlaw.com, ECFClerk@taftlaw.com;aolave@taftlaw.com;rryan@taftlaw.com
Patrick B Griffin   patrick.griffin@kutakrock.com, stephanie.brockman@kutakrock.com

Terry E. Hall     terry.hall@faegrebd.com, sharon.korn@faegrebd.com;sarah.herendeen@faegrebd.com
Paul M. Hoffmann     paul.hoffmann@stinsonleonard.com
John David Hoover     jdhoover@hooverhull.com
John Huffaker     john.huffaker@sprouselaw.com, rhonda.rogers@sprouselaw.com
Jeffrey L Hunter     jeff.hunter@usdoj.gov, USAINS.ECFBankruptcy@usdoj.gov;denise.woody@usdoj.gov
James R Irving     jirving@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
Jay Jaffe     jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
Jay Jaffe     jay.jaffe@faegrebd.com, sarah.herendeen@faegrebd.com
James Bryan Johnston     bjtexas59@hotmail.com, bryan@ebs-law.net
Todd J. Johnston     tjohnston@mcjllp.com
Jill Zengler Julian     Jill.Julian@usdoj.gov
Jay P. Kennedy     jpk@kgrlaw.com, tfroelich@kgrlaw.com;srosner@kgrlaw.com;jli@kgrlaw.com
Jay P. Kennedy     jpk@kgrlaw.com, tfroelich@kgrlaw.com;srosner@kgrlaw.com;jli@kgrlaw.com
Andrew T Kight     akight@taftlaw.com, ecfclerk@taftlaw.com;aolave@taftlaw.com
Edward M King     tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
David H Kleiman     dkleiman@beneschlaw.com, ccanny@beneschlaw.com;docket@beneschlaw.com;dbaker@beneschlaw.com
James A. Knauer     jak@kgrlaw.com, tjf@kgrlaw.com
James A. Knauer     jak@kgrlaw.com, tjf@kgrlaw.com
Erick P Knoblock     eknoblock@daleeke.com, dwright@daleeke.com
Theodore A Konstantinopoulos     ndohbky@jbandr.com
Randall D. LaTour     RDLatour@vorys.com, skbrown@vorys.com;mdwalkuski@vorys.com
David A. Laird     david.laird@moyewhite.com, lisa.oliver@moyewhite.com;deanne.stoneking@moyewhite.com
James G. Lauck     jgl@kgrlaw.com, kmw@kgrlaw.com
David L. LeBas     dlebas@namanhowell.com, koswald@namanhowell.com
Martha R. Lehman     mlehman@salawus.com, marthalehman87@gmail.com;pdidandeh@salawus.com
Scott R Leisz     sleisz@bgdlegal.com, disom@bgdlegal.com
Elliott D. Levin     robin@rubin-levin.net, edl@trustesolutions.net
Elliott D. Levin     edl@rubin-levin.net, atty_edl@trustesolutions.com
Kim Martin Lewis     kim.lewis@dinslaw.com, lisa.geeding@dinslaw.com;patrick.burns@dinslaw.com
James B. Lind     jblind@vorys.com
Karen L. Lobring     lobring@msn.com
John Hunt Lovell     john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
John Hunt Lovell     john@lovell-law.net, sabrina@lovell-law.net;shannon@lovell-law.net;paula@lovell-law.net
Harmony A Mappes     harmony.mappes@faegrebd.com, sarah.herendeen@faegrebd.com
Harmony A Mappes     harmony.mappes@faegrebd.com, sarah.herendeen@faegrebd.com
John Frederick Massouh     john.massouh@sprouselaw.com, sherida.stone@sprouselaw.com
Michael W. McClain     mmcclain@mcclaindewees.com, larmstrong@mcclaindewees.com;rchester@mcclaindewees.com
Kelly Greene McConnell     lisahughes@givenspursley.com
James Edwin McGhee     mcghee@derbycitylaw.com, SeillerWatermanBankruptcymyecf@gmail.com;belliott@derbycitylaw.com;patenaude@derbycitylaw.com;cantor@derbycitylaw.com
James Edwin McGhee     mcghee@derbycitylaw.com, SeillerWatermanBankruptcymyecf@gmail.com;belliott@derbycitylaw.com;patenaude@derbycitylaw.com;cantor@derbycitylaw.com
Brian H Meldrum     bmeldrum@stites.com
William Robert Meyer     rmeyer@stites.com
Kevin J. Mitchell     kevin.mitchell@faegrebd.com, cyndy.maucher@faegrebd.com;oliana.nansen@faegrebd.com
Terrill K. Moffett     kendalcantrell@moffettlaw.com
Christie A. Moore     cm@gdm.com, ljs2@gdm.com
Ronald J. Moore     Ronald.Moore@usdoj.gov
Allen Morris     amorris@stites.com, dgoodman@stites.com
Allen Morris     amorris@stites.com, dgoodman@stites.com
Judy Hamilton Morse     judy.morse@crowedunlevy.com, ecf@crowedunlevy.com;karen.martin@crowedunlevy.com;karol.brown@crowedunlevy.com

Erin Casey Nave      enave@taftlaw.com, ecfclerk@taftlaw.com;dhighbaugh@taftlaw.com
Walter Scott Newbern      wsnewbern@msn.com
Walter Scott Newbern      wsnewbern@msn.com
Shiv Ghuman O'Neill      shiv.oneill@faegrebd.com, amanda.castor@faegrebd.com
Shiv Ghuman O'Neill      shiv.oneill@faegrebd.com, amanda.castor@faegrebd.com
Matthew J. Ochs      kim.maynes@moyewhite.com
Jessica Lynn Olsheski      jessica.olsheski@justice-law.net, julie.streich@justice-law.net
Michael Wayne Oyler      moyler@rwsvlaw.com
Ross A. Plourde      ross.plourde@mcafeetaft.com, penni.jones@mcafeetaft.com
Brian Robert Pollock      bpollock@stites.com
Brian Robert Pollock      bpollock@stites.com
Wendy W Ponader      wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com
Wendy W Ponader      wendy.ponader@faegrebd.com, sarah.herendeen@faegrebd.com
Timothy T. Pridmore      tpridmore@mcjllp.com, lskibell@mcjllp.com
Anthony G. Raluy      traluy@rendigs.com
Eric C Redman      ksmith@redmanludwig.com, kzwickel@redmanludwig.com;myecfmailrl@gmail.com;bsears@redmanludwig.com
Eric C Redman      ksmith@redmanludwig.com, kzwickel@redmanludwig.com;myecfmailrl@gmail.com;bsears@redmanludwig.com
Eric W. Richardson      ewrichardson@vorys.com, bjtobin@vorys.com
Joe T. Roberts      jratty@windstream.net
David Cooper Robertson      crobertson@stites.com, docketclerk@stites.com
Mark A. Robinson      mrobinson@dgeglaw.com
Jeremy S Rogers      Jeremy.Rogers@dinslaw.com
John M. Rogers      johnr@rubin-levin.net, mtucker@rubin-levin.net
Joseph H Rogers      jrogers@millerdollarhide.com, cdow@millerdollarhide.com
James E Rossow      jim@rubin-levin.net, ATTY_JER@trustesolutions.com;mtucker@rubin-levin.net
Steven Eric Runyan      ser@kgrlaw.com
Steven Eric Runyan      ser@kgrlaw.com
Niccole R. Sadowski      nsadowski@thbklaw.com, twilkerson@thbklaw.com;mmurray@thbklaw.com
Thomas C Scherer      tscherer@bgdlegal.com, rjenkins@bgdlegal.com
Stephen E. Schilling      seschilling@strausstroy.com
Ivana B. Shallcross      ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
Ivana B. Shallcross      ishallcross@bgdlegal.com, smays@bgdlegal.com;tmills@bgdlegal.com
Sarah Elizabeth Sharp      sarah.sharp@faegrebd.com
Suzanne M Shehan      suzanne.shehan@kutakrock.com, nancy.johnson@kutakrock.com;joy.lehnert@kutakrock.com
James E. Smith      jsmith@smithakins.com, legalassistant@smithakins.com
William E Smith      wsmith@k-glaw.com, sking@k-glaw.com
Amanda Dalton Stafford      ads@kgrlaw.com, cking@kgrlaw.com;srosner@kgrlaw.com
Amanda Dalton Stafford      ads@kgrlaw.com, cking@kgrlaw.com;srosner@kgrlaw.com
Robert K Stanley      robert.stanley@FaegreBD.com
Joshua N. Stine      kabritt@vorys.com
Andrew D Stosberg      astosberg@lloydmc.com, vpennington@lloydmc.com
Matthew R. Strzynski      indyattorney@hotmail.com
Meredith R. Theisen      mtheisen@daleeke.com, dwright@daleeke.com
John M. Thompson      john.thompson@crowedunlevy.com, jody.moore@crowedunlevy.com
Jennifer Joyce Tompkins      jenniferjtompkins@hotmail.com
Kevin M. Toner      kevin.toner@faegrebd.com, judy.ferber@faegrebd.com
Kevin M. Toner      kevin.toner@faegrebd.com, judy.ferber@faegrebd.com
Christopher M. Trapp      chris_m_trapp@hotmail.com
Chrisandrea L. Turner      clturner@stites.com
U.S. Trustee      ustpregion10.in.ecf@usdoj.gov
Andrew James Vandiver      avandiver@aswdlaw.com, sgoins@aswdlaw.com;jrobb@aswdlaw.com
Andrea L Wasson      andrea@wassonthornhill.com
Jennifer Watt      jwatt@kgrlaw.com, tjf@kgrlaw.com
Jennifer Watt      jwatt@kgrlaw.com, tjf@kgrlaw.com

Stephen A. Weigand    sweigand@ficlaw.com
Charles R. Wharton    Charles.R.Wharton@usdoj.gov
Sean T. White    swhite@hooverhullturner.com, malexander@hooverhullturner.com
Michael Benton Willey    michael.willey@ag.tn.gov
April A Wimberg    awimberg@bgdlegal.com
Jason P Wischmeyer    jason@wischmeyerlaw.com
Jessica E. Yates    jyates@swlaw.com, docket_den@swlaw.com;mmccleery@swlaw.com
James T Young    james@rubin-levin.net, lking@rubin-levin.net;kim@rubin-levin.net;atty_young@bluestylus.com

   I further certify that on April 25, 2016, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

               /s/ Jay P. Kennedy
               Jay P. Kennedy

# EXHIBIT "A"

# **SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of November 20, 2015 by and between James A. Knauer, individually and in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Company, L.L.C. ("Estate") and on behalf of his counsel ("Trustee's Counsel"); Donald K. Garrett a/k/a Don Garrett d/b/a Garr Trucking d/b/a Garr Construction d/b/a Sage Building d/b/a Sage Construction d/b/a JL Farms of Gambier, Ohio ("Garrett"), J & L Farms, L.L.C. ("J&L Farms"), Sage Livestock, LLC ("Sage Livestock") and Sage Builders, LLC ("Sage Builders"). Garrett, J&L Farms, Sage Livestock and Sage Builders shall collectively be referred to herein as "Defendants". The Trustee and Defendants shall collectively be referred to herein as the "Parties," and each, a "Party". The Parties agree as follows:

## **Recitals**

A.  Eastern Livestock Company, L.L.C. ("ELC") was one of the largest cattle dealers in the United States. Certain petitioning creditors commenced a Chapter 11 case against Eastern Livestock Company, L.L.C. ("Debtor") on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. (ECF No. 110.)

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee (ECF No. 102), approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. (ECF No. 98.)

C.  On June 12, 2013, the Trustee initiated an adversary proceeding against the Defendants in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 13-59032 ("Adversary Proceeding").

D.  The Trustee's Complaint in the Adversary Proceeding seeks to enforce payment on a Promissory Note executed by Garret and J&L Farms and delivered to the Debtor on or about December 14, 2006 in the principal amount of $1,500,000.00; enforce payment on a Promissory Note executed by Garrett and J&L Farms and delivered to Debtor on or about December 14, 2006 in the principal amount of $2,683,044.24; and enforce payment on a Promissory Note executed by Garrett, Sage Livestock, and Sage Builders and delivered to Debtor on or about March 13, 2009 in the principal amount of $4,665,876.31. The Trustee also alleged unjust enrichment as an alternative claim for relief.

E.  On August 1, 2013, Defendants filed their Answer and Counterclaims against the Debtor ("Counterclaim") (ECF No. 9.) In the Counterclaim, the Defendants sought damages based on breach of contract and unjust enrichment in the amount of $15,000,000.00.

1

F.   The Parties have agreed to compromise and settle all claims against one another on the terms and conditions set forth below.

G.   The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, the inherent uncertainty in any litigated matter, and the collectability of the Defendants.

H.   In reaching this settlement, the Trustee has also relied on representations and deposition testimony concerning the financial condition of the Defendants as set forth in the correspondence from Defendants' counsel attached hereto as **Exhibit 1**, which Defendants represent is true and accurate, and Garrett's deposition testimony attached hereto as **Exhibit 2,**

I.   Defendants desire to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

## Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.   Payment by Defendants.  Defendants shall pay to the Trustee the total sum of One Hundred Thousand and 00/100 Dollars ($100,000.00) (the "Settlement Amount").

(a)   The Settlement Amount shall be paid prior to the Maturity Date (as hereinafter defined) in monthly installments as follows: Eighty (80) monthly installments of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00), which monthly installments shall be due and payable commencing on the fifteenth (15th) day of December, 2015, and continuing thereafter on the fifteenth (15th) day of each month until the Maturity Date, herein defined as being August 15, 2022, on which the entire unpaid Settlement Amount shall be due and payable in full.

(b)   It shall be considered an "Event of Default" if Defendants shall default in the payment when due of any installment of the Settlement Amount due under this Settlement Agreement if such Default remains uncured for thirty (30) days after issuance of a notice of default upon Defendants' counsel by **either facsimile transmission or by electronic mail** and addressed as follows:

> Mrs. Jessica L. Olsheski, Esq.
> Olsheski Law Co., L.P.A.
> 600 East Rich Street
> Columbus, Ohio 43215
> Tel.: (614) 252-5500
> Fax: (614) 252-5058

2

Email: jessica.olsheski@justice-law.net

 (c) Upon the occurrence of an Event of Default, the Trustee may file, record, and collect the unpaid amount of the Agreed Judgment (as hereinafter defined) and recover reasonable attorneys' fees and costs, which fees will be limited to the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment.

 (d) All payments to be made under this Settlement Agreement shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and the payments shall be delivered to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

 (e) The Settlement Amount may be prepaid in full by the Defendants at any time. No penalty will be assessed for prepayment.

 2. Non-Dischargeable Agreed Judgment. Defendants shall execute an agreed judgment against Defendants and in favor of the Trustee in the amount of Two Hundred Thousand and 00/100 Dollars ($200,000.00) ("Agreed Judgment"). The Agreed Judgment will be held by counsel for the Trustee and will not be filed with the Court, domesticated, or recorded in any county unless and until the occurrence of an Event of Default as defined in Section1(b) above. The Defendants stipulate, acknowledge, and agree that the Agreed Judgment is non-dischargeable in any bankruptcy proceeding brought voluntarily by or involuntarily against any of the Defendants. The Defendants expressly waive their right to discharge of the Agreed Judgment.

 3. Non-Payment. Upon the occurrence of an Event of Default, the Trustee may file, record, domesticate, collect and take whatever action necessary to collect the unpaid amount of the Agreed Judgment and recover reasonable attorneys' fees and costs, which fees will be limited to the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment. Amounts paid according to the terms of this Settlement Agreement prior to any Event of Default shall be credited towards the unpaid amount of the Agreed Judgment.

 4. Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days of the Trustee's receipt an executed copy of this Settlement Agreement and the original executed Agreed Judgment, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by Defendants within five (5) business days of the entry of an order denying the Settlement Motion.

5.  **Stipulation of Dismissal.** Within five (5) business days of the Effective Date, the Parties shall file a Stipulation of Dismissal with the Court in the Adversary Proceeding, dismissing all claims against one another with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement and subject to the terms of this Settlement Agreement.

6.  **Mutual Release.** In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Defendants' payment of the Settlement Amount:

    (a)  Defendants and their respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel, and the respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, as of the date of this Settlement Agreement.

    (b)  The Debtor, the Estate, Trustee and Trustee's Counsel also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE Defendants and their respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, as of the date of this Settlement Agreement.

7.  **Effect of Releases and Satisfaction of Claims.** Consistent with the releases set forth in Section 6 hereof, and in consideration of such releases and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Defendants shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to a waiver by Defendants of any right to assert a claim under Section 502(h) of the Bankruptcy Code. Notwithstanding any of the releases set forth herein, nothing contained in this Settlement Agreement shall preclude the Trustee or Defendants from exercising their respective rights in the event the other Party breaches any of its obligations under this Settlement Agreement.

8. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

9. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

10. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

11 <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

12. <u>Court Jurisdiction</u>. The Court shall retain jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement and to enforce the terms of this Settlement Agreement.

13. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

14. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

15. <u>Counterparts; Facsimile/Electronic MailDelivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and/or electronic mail and such signatures shall be binding upon the party delivering same as if they were originals.

16. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

17. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any Parties.

18. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

19. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

20. **THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**DONALD GARRETT A/K/A DON GARRETT, INDIVIDUALLY, AND D/B/A GARR TRUCKING D/B/A GARR CONSTRUCTION D/B/A SAGE BUILDING D/B/A SAGE CONSTRUCTION D/B/A JL FARMS OF GAMBIER, OHIO**

X _[signature: Donald Garrett]_

Printed: Donald Garrett

Date: 11/24/15

**J & L FARMS, L.L.C.**

X By: _[signature]_

Printed: Don Garrett

Title: Owner

Date: 11/24/15

**SAGE LIVESTOCK, LLC**

X By: _[signature]_

Printed: Don Garrett

Title: Owner

Date: 11/24/15

**SAGE BUILDERS, LLC**

X By: _[signature]_

Printed: Don Garrett

Title: Owner

Date: 11/24/15

7

JAMES A KNAUER AS CHAPTER 11 TRUSTEE FOR THE
BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO.,
LLC, AND INDIVIDUALLY

By: _____
James A. Knauer

Date: 12/7/15

TRUSTEE'S COUNSEL

By: _____
Jay P. Kennedy, Partner

Date: 12/7/15

8