UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE
AND SETTLEMENT WITH MADISON CATTLE, JEFFREY MADISON,
AND FRANCIS MADISON**

James A. Knauer, the Chapter 11 Trustee ("Trustee") appointed in the above captioned case ("Chapter 11 Case") for the estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by counsel, respectfully moves this Court for an Order approving the proposed compromise attached as Exhibit 1 ("Settlement Agreement") with Madison Cattle, Jeffrey Madison, and Francis Madison (collectively, "Madison"). In support of this motion, the Trustee says:

**BACKGROUND & JURISDICTION**

1.      Certain petitioning creditors commenced the above-captioned Chapter 11 Case against the Debtor on December 6, 2010 by filing an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. This Court entered an *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. No. 110] on December 28, 2010. On December 27, 2010, the Court entered an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dkt. No. 102] pursuant to 11 U.S.C. § 1104.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 105(a) and FED. R. BANKR. P. 9019.

3.      The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Dkt. No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dkt. No. 1490] ("Plan").  The Court entered an Order on December 17, 2012 [Dkt. No. 1644] ("Confirmation Order") confirming the Plan.

## SETTLEMENT

4.      On December 19, 2012, the Trustee commenced Adversary Proceeding No. 12-59127 (the "Adversary Proceeding") against Madison.

5.      The Trustee and Madison desire to resolve and settle all issues, disputes, claims, and causes of action between them without resorting to further litigation.  Without admission of any fault or liability and, as a result of good faith settlement negotiations, they have agreed to settle and resolve all such issues, disputes, claims and causes of action as summarized below and more fully set forth in the Settlement Agreement.

6.      Under the proposed Settlement Agreement, Madison will pay $30,000 (the "Settlement Amount") to the Trustee for the benefit of the Estate.  The Trustee and Madison will file a stipulation of dismissal in the Adversary Proceeding.  Madison and the Trustee will also mutually release each other (and each other's officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs) from all claims or causes of action known or unknown, related to the Chapter 11 Case.

7.      In the Trustee's professional judgment the proposed compromise as set forth in Exhibit 1 is in the best interest of the Estate and its creditors.  The Settlement Agreement will also resolve contentious litigation.

8. The proposed Settlement will be effective upon the entry of a final, non-appealable order approving the Settlement.

9. In accordance with the terms of the Plan and in recognition of the strengths and weaknesses of the parties' claims in light of the evidence obtained, the Settlement Amount will become part of the Collateral Fund (as that term is defined in the Plan).

**BRIEF IN SUPPORT**

**A. The Settlement Is Fair and in the Best Interests of the Debtor's Estate and Should Be Authorized Pursuant to Bankruptcy Rule 9019(a).**

10. Bankruptcy Rule 9019(a) authorizes a bankruptcy court, on motion by a trustee and after appropriate notice and a hearing, to approve a compromise or settlement so long as the proposed compromise or settlement is fair and equitable and in the best interest of the estate. See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); In re Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate."); In re Energy Co-op, Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

11. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fogel v. Zell, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding — the expenses of administering the

3

bankruptcy often consume most or even all of the bankrupt's assets."); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy").

12. It is well-settled that a proposed settlement need not be the best result that the debtor could have achieved, but only must fall "within the reasonable range of litigation possibilities." Energy Co-op, 886 F.2d at 929.

13. As further guidance, the Seventh Circuit has offered the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.), 841 F.2d 159, 161 (7th Cir. 1987) (citations omitted).

14. The Settlement Agreement, negotiated at arm's length and in good faith, achieves a result that is in the best interest of the Debtor and its Estate. As set forth more specifically in Exhibit 1, the Settlement Agreement resolves the pending litigation without further motion practice, discovery or a trial.

15. For these reasons, the Settlement Agreement maximizes the value of the Estate's assets and minimizes the burden to the Estate. The Settlement Agreement should be approved pursuant to Bankruptcy Rule 9019.

**NOTICE**

16. The Trustee will provide notice of this Motion pursuant to FED. R. BANK. P. 2002(a)(3) or as otherwise directed by this Court. The Notice shall include a definitive time in which any party will be required to file and serve an objection stating with specificity its objection.

4

**NO PRIOR REQUEST**

17.  No prior motion for the relief requested herein has been made to the Court in this case.

**CONCLUSION**

For the foregoing reasons, the Trustee respectfully request that this Court enter an order approving the Settlement Agreement, as it is in the best interests of the Estate and its creditors.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP

By: /s/ Harmony Mappes

*Counsel for James A. Knauer, Chapter 11 Trustee*

Terry E. Hall (#22041-49)
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 12, 2016, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John D Dale, Jr.<br>Johndaleatty@msn.com | John W. Ames<br>james@bgdlegal.com |
| Kay Dee Baird<br>kbaird@kdlegal.com | Christopher E. Baker<br>cbaker@thbklaw.com | Robert A. Bell<br>rabell@vorys.com |
| C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | David W. Brangers<br>dbrangers@lawyer.com | Steven A. Brehm<br>sbrehm@ bgdlegal.com |
| Kent A Britt<br>kabritt@vorys.com | Kayla D. Britton<br>kayla.britton@faegrebd.com | Joe Lee Brown<br>Joe.Brown@Hardincounty.biz |
| Lisa Koch Bryant<br>courtmail@fbhlaw.net | John R. Burns, III<br>john.burns@faegrebd.com | John R. Carr, III<br>jrciii@acs-law.com |
| Deborah Caruso<br>dcaruso@rubin-levin.net | Ben T. Caughey<br>ben.caughey@icemiller.com | Bret S. Clement<br>bclement@acs-law.com |
| Joshua Elliott Clubb<br>joshclubb@gmail.com | Jason W. Cottrell<br>jwc@stuartlaw.com | Kirk Crutcher<br>kcrutcher@mcs-law.com |
| Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com | Laura Day Delcotto<br>ldelcotto@dlgfirm.com |
| David Alan Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Shawna M. Eikenberry<br>shawna.eikenberry@faegrebd.com | Jeffrey R. Erler<br>jerler@ghjhlaw.com | William K. Flynn<br>wkflynn@strausstroy.com |
| Robert Hughes Foree<br>robertforee@bellsouth.net | Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Melissa S. Giberson<br>msgiberson@vorys.com |
| Thomas P. Glass<br>tpglass@strausstroy.com | Patrick B. Griffin<br>patrick.griffin@kutakrock.com | Terry E. Hall<br>terry.hall@faegrebd.com |
| Paul M. Hoffman<br>paul.hoffmann@stinsonleonard.com | John David Hoover<br>jdhoover@hooverhull.com | John Huffaker<br>john.huffaker@sprouselaw.com |
| Jeffrey L Hunter<br>jeff.hunter@usdoj.gov | Jay Jaffe<br>jay.jaffe@faegrebd.com | James Bryan Johnston<br>bjtexas59@hotmail.com |
| Todd J. Johnston<br>tjohnston@mcjllp.com | Jill Zengler Julian<br>Jill.Julian@usdoj.gov | Jay P. Kennedy<br>jpk@kgrlaw.com |
| Edward M King<br>tking@fbtlaw.com | James A. Knauer<br>jak@kgrlaw.com | Erick P. Knoblock<br>eknoblock@daleeke.com |
| Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Randall D. LaTour<br>rdlatour@vorys.com | David A. Laird<br>david.laird@moyewhite.com |
| David L. LeBas<br>dlebas@namanhowell.com | Martha R. Lehman<br>mlehman@kdlegal.com | Scott R. Leisz<br>sleisz@bgdlegal.com |
| Kim Martin Lewis<br>kim.lewis@dinslaw.com | James B. Lind<br>jblind@vorys.com | Karen L. Lobring<br>lobring@msn.com |
| Jason A. Lopp<br>jlopp@wyattfirm.com | John Hunt Lovell<br>john@lovell-law.net | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |

6

US.106208490.01

| | | |
|---|---|---|
| John Frederick Massouh<br>john.massouh@sprouselaw.com | Michael W. McClain<br>mmcclain@mcclaindewees.com | Kelly Greene McConnell<br>lisahughes@givenspursley.com |
| James Edwin McGhee<br>mcghee@derbycitylaw.com | Brian H. Meldrum<br>bmeldrum@stites.com | William Robert Meyer, II<br>rmeyer@stites.com |
| Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com | Terrill K. Moffett<br>kendalcantrell@moffettlaw.com | Allen Morris<br>amorris@stites.com |
| Judy Hamilton Morse<br>judy.morse@crowedunlevy.com | Erin Casey Nave<br>enave@taftlaw.com | Matthew Daniel Neumann<br>mneumann@hhclaw.com |
| Walter Scott Newbern<br>wsnewbern@msn.com | Matthew J. Ochs<br>kim.maynes@moyewhite.com | Jessica Lynn Olsheski<br>jessica.olsheski@justice-law.net |
| Michael Wayne Oyler<br>moyler@rwsvlaw.com | Ross A. Plourde<br>ross.plourde@mcafeetaft.com | Brian Robert Pollock<br>bpollock@stites.com |
| Wendy W. Ponader<br>wendy.ponader@faegrebd.com | Timothy T. Pridmore<br>tpridmore@mcjllp.com | Anthony G. Raluy<br>traluy@fbhlaw.net |
| Eric C. Redman<br>ksmith@redmanludwig.com | Eric W. Richardson<br>ewrichardson@vorys.com | Joe T. Roberts<br>jratty@windstream.net |
| David Cooper Robertson<br>crobertson@stites.com | Mark A. Robinson<br>mrobinson@vhrlaw.com | Jeremy S. Rogers<br>Jeremy.Rogers@dinslaw.com |
| Joseph H. Rogers<br>jrogers@millerdollarhide.com | Steven Eric Runyan<br>ser@kgrlaw.com | Niccole R. Sadowski<br>nsadowski@thbklaw.com |
| Thomas C. Scherer<br>tscherer@bgdlegal.com | Stephen E. Schilling<br>seschilling@strausstroy.com | Ivana B. Shallcross<br>ishallcross@bgdlegal.com |
| Sarah Elizabeth Sharp<br>sarah.sharp@faegrebd.com | Suzanne M Shehan<br>suzanne.shehan@kutakrock.com | James E. Smith, Jr.<br>jsmith@smithakins.com |
| William E. Smith, III<br>wsmith@k-glaw.com | Amanda Dalton Stafford<br>ads@kgrlaw.com | Joshua N. Stine<br>kabritt@vorys.com |
| Andrew D. Stosberg<br>astosberg@lloydmc.com | Matthew R. Strzynski<br>indyattorney@hotmail.com | Meredith R. Theisen<br>mtheisen@rubin-levin.net |
| John M. Thompson<br>john.thompson@crowedunlevy.com | Kevin M. Toner<br>kevin.toner@faegrebd.com | Christopher M. Trapp<br>ctrapp@rubin-levin.net |
| Chrisandrea L. Turner<br>clturner@stites.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Andrew James Vandiver<br>avandiver@aswdlaw.com |
| Andrea L. Wasson<br>andrea@wassonthornhill.com | Jennifer Watt<br>jwatt@kgrlaw.com | Ronald J. Moore<br>Ronald.Moore@usdoj.gov |
| Sean T. White<br>swhite@hooverhull.com | Michael Benton Willey<br>michael.willey@ag.tn.gov | Jason P. Wischmeyer<br>jason@wischmeyerlaw.com |
| James T. Young<br>james@rubin-levin.net | John O'Brien<br>jobrien@swlaw.com | |

   I further certify that on May 12, 2016, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

                                   /s/ Harmony Mappes