Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of May 9, 2016 by and between James A. Knauer as chapter 11 trustee (the "Trustee") for Eastern Livestock Co., LLC ("Debtor") and Bill Eberle ("Eberle"). The Trustee and Eberle shall collectively be referred to herein as the "Parties."

### Recitals

A. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court"). The Court entered the Order For Relief in An Involuntary Case and Order to Complete Filing [Dock. No. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C. Based on his investigation, the Trustee concluded that Eberle owes the Debtor $273,202.20 on account of the Debtor's prepetition delivery of cattle to Eberle and evidenced by Debtor's invoice number 315485. Eberle disputes that he owes the amount reflected in the referenced invoice and has claimed certain defenses and offsets, including a defense that he paid someone else the amount owed for the cattle pursuant to the direction of the Debtor's agent.

D. The Trustee has filed an Adversary Proceeding against Eberle that is currently pending in the Court under Cause No. 13-59001 (the "AP Lawsuit").

E. Both Parties, in an effort to avoid the significant cost and expense of litigating the dispute and claims set forth above desire to settle the dispute and claims upon the terms and conditions set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. Payment by Eberle. Eberle agrees to pay the Trustee $23,500 (the "Settlement Amount"), in certified funds within five (5) days of the occurrence of the Effective Date (as defined in Paragraph 2 below). The payment shall be made by delivery to the Trustee of a check made payable to "James A. Knauer as chapter 11 trustee of Eastern Livestock Co., LLC."

2. Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date". The Parties shall file such additional information as the Court may request in

an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3. Mutual Release. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Eberle's payment of the Settlement Amount, each of the Parties and their officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which have accrued as of the date of this Settlement Agreement (the "Released Claims").

4. Affidavit Concerning Additional Cattle. Concurrently with this Agreement, Eberle agrees to provide an executed affidavit in the form attached hereto as Exhibit 1 concerning cattle for that are described in ELC purchase invoice dated November 2, 2010, which is attached to Exhibit 1 as Exhibit A.

5. Stipulation of Dismissal. Within five (5) business days following the Trustee's receipt of the Settlement Amount, the Trustee agrees to file with the Court a Stipulation of Dismissal in the AP Lawsuit, dismissing all claims against Eberle, with prejudice.

6. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. Each of the Parties Bears Own Costs. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

10. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

11. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

12. *Agreement Nonseverable and Mutually Dependent.* All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. *No Admission of Fault or Liability.* This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

14. *No Presumption Against Drafter.* This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

BILL EBERLE,

_____
Andrew T. Kight
Taft Stettinius & Hollister LLP
*Counsel for Bill Eberle*
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Tel: (317) 713-3500 Fax: (317) 713-3699

Date: __9 MAY 2016_____

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock., LLC

_____

Date: _____

12. *Agreement Nonseverable and Mutually Dependent.* All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

13. *No Admission of Fault or Liability.* This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

14. *No Presumption Against Drafter.* This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

BILL EBERLE,

_____
Andrew T. Kight
Taft Stettinius & Hollister LLP
*Counsel for Bill Eberle*
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Tel: (317) 713-3500  Fax: (317) 713-3699

Date: 9 MAY 2016

James A Knauer as Chapter 11 Trustee for the Debtor, Eastern Livestock., LLC

_____
Date: 5/12/16

US.106143389.01

**Exhibit 1**

Case 10-93904-BHL-11   Doc 2890-1   Filed 05/12/16   EOD 05/12/16 14:07:54   Pg 6 of 12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JAMES A. KNAUER, | ) | |
| CHAPTER 11 TRUSTEE OF | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 13-59001 |
| | ) | |
| BILL EBERLE, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF BILL EBERLE

Bill Eberle, first duly sworn upon his oath, states that:

1. I am over eighteen (18) years of age, I have personal knowledge of the facts stated herein, and they are true to the best of my knowledge, information, and belief, and based upon my review of the books and records in my possession.

2. I did not request, receive, or pay any person for any of the cattle referenced on the attached Exhibit A, based upon my review of my records

I AFFIRM, UNDER THE PENALTIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

Dated: April 20, 2016            _____
                                 Bill Eberle

## Purchase Invoice

Attn Patti DATE 11-2-10

PURCHASED FROM: GP Cattle

Sarresville, TN
(Chad Baker's)

Grade# _____

| HEAD | WT. | AVG. WT. | AVG. COST | AMOUNT |
|---|---|---|---|---|
| 64 | 47330 | 740 | | 52063 00 |
| | | Clo Trw 02 70 | | -783 00 |
| | 2061x300 | | | 51280.00 |
| | Saconia-Delong, IN | | | |
| | to Bill Ebull | | | |

RECEIVED NOV - 8 2010

New 2/19/16

BRANCH 02
OPERATOR KB
VOUCHER DATE _____
POSTED DATE 11-2-10
G/L ACCT # 7110
VENDOR CODE GP Cat
QUANTITY & MATH CHECK KB
APPROVED FOR PAYMENT _____

Trucking _____
Commission _____
Transit _____
Weigh _____
Charges _____
Vet. _____
Feed _____
Other _____

TOTAL _____

EXHIBIT A

## EASTERN LIVESTOCK
## Purchase Invoice

ATN Steve   DATE 11-4-10

PURCHASED FROM: Chad Baker

Saconia, IN

Grade# _____

| HEAD | WT. | AVG. WT. | AVG. COST | AMOUNT |
|---|---|---|---|---|
| 64 | 47330 | | $1280.00 | |
| | | BP | | -64.00 |
| | | | | $1216.00 |

RECEIVED NOV - 4 2010

BRANCH  02
OPERATOR  VB
VOUCHER DATE _____
POSTED DATE  11-4-10
G/L ACCT #  210
VENDOR CODE  Cha.Bak
QUANTITY & MATH CHECK  VB
APPROVED FOR PAYMENT _____

Trucking _____
Commission _____
Transit _____
Weigh _____
Charges _____
Vet. _____
Feed _____
Other _____

TOTAL _____

# EASTERN LIVESTOCK
# Purchase Invoice

DATE 11-4-10

PURCHASED FROM: GP Cattle

Sanesville, IN

Grade# _____

| HEAD | WT. | AVG. WT. | AVG. COST | AMOUNT |
|------|-----|----------|-----------|--------|
| 64   | 47330 |        | 51280.00  |        |

RECEIVED NOV - 4 2010

BRANCH 02
OPERATOR KB
VOUCHER DATE _____
POSTED DATE 11-4-10
G/L ACCT # 7110
VENDOR CODE GPCat
QUANTITY & MATH CHECK KB
APPROVED FOR PAYMENT

Trucking _____
Commission _____
Transit _____
Weigh _____
Charges _____
Vet. _____
Feed _____
Other _____

TOTAL _____

# EASTERN LIVESTOCK
## Purchase Invoice

DATE 11-2-10

PURCHASED FROM: Chad Baker

Laconia IN

Grade# _____

| HEAD | WT. | AVG. WT. | AVG. COST | AMOUNT |
|------|-----|----------|-----------|--------|
| 64 | 47870 | 740/115 | | 52,063.00 |
|  | 170 -480 | | | |
|  | 47330 | 10 Trn 02 | Yp | -783.00 |
|  | 201 x 3.00 | | | 51,280.00 |
|  | Laconia - DeLong TL | | | -64.00 |
|  | | | | 51,216.00 |

BRANCH 02
OPERATOR KB
VOUCHER DATE _____
POSTED DATE 11-2-10
G/L ACCT # 7110
VENDOR CODE ChaBak02
QUANTITY & MATH CHECK KB
APPROVED FOR PAYMENT _____

RECEIVED NOV - 2 2010

Trucking _____
Commission _____
Transit _____
Weigh _____
Charges _____
Vet. _____
Feed _____
Other _____

TOTAL _____