# **EXHIBIT A**

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made as of the date last signed below (the "Execution Date") by and between James A. Knauer, individually and in his capacity as chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of EASTERN LIVESTOCK CO., LLC ("Debtor") and BILLINGSLEY AUCTION SALE, INC. ("Billingsley" or "Creditor"). The Trustee and Billingsley shall collectively be referred to herein as the "Parties."

## Recitals

A.  Certain petitioning creditors commenced a chapter 11 case (the "Chapter 11 Case") against Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as Case Number 10-93904. The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dock. No. 110] on December 28, 2010.

B.  On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 102] approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Dock. No. 98] pursuant to 11 U.S.C. § 1104.

C.  Thomas P. Gibson ("Gibson") was the principal of the Debtor. Gibson filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code with the Court on December 1, 2010. Kathryn Pry (the "Gibson Trustee") is the duly appointed and acting chapter 7 trustee in the Gibson Case.

D.  The Trustee and the Gibson Trustee all assert interests in over $4,800,000.00 in funds (the "Seized Funds") that have been seized from Gibson controlled bank accounts at Your Community Bank and at MF Global Inc. by the U.S. Department of Justice/United States Attorney for the Western District of Kentucky ("US Attorney").

E.  On December 20, 2012, the Trustee initiated Adversary Proceeding No. 12-59050 (the "Adversary") against Billingsley by the filing of his *Complaint to (I) Avoid Preferential and Fraudulent Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547, 548, and 550; and (II) Disallow Claims Pursuant to 11 U.S.C. § 502(d)* and filed his *First Amended Complaint to Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A)* on April 7, 2014 (the "Complaint"). The Complaint seeks to recover $119,413.18 from Billingsley as the alleged proceeds of transfers avoidable under Section 547, 548(a)(1)(A) and/or 548(a)(1)(B) of the Bankruptcy Code.

F.  Billingsley has asserted no claim against the Estate arising from non-payments on cattle purchases and dishonor of check no. 124920 in an amount totaling $119,431.18 but has asserted a claim with the US Attorney against the Seized Funds ("Billingsley Claim"). Taking into account net collections and payments received, Billingsley has asserted unpaid amounts arising from non-payment on cattle purchases and dishonor of checks in a net total of $22,377.79. The Billingsley Claim also includes or is to include the Settlement Amount (defined below) once paid by Billingsley to the Estate.

G.  Billingsley disputes the Trustee's claims in the Adversary and has denied all liability.

H.   Recognizing the long and expensive course that the litigation between them has taken, the Parties now desire to fully and finally settle the Adversary and all other claims and disputes between them upon the terms and conditions set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.   Payment by Billingsley. In exchange for the promises contained herein, Billingsley shall pay to the Trustee $20,000.00 (the "Settlement Amount"). The Settlement Amount shall become part of the Recovery Fund (as that term is defined in the Debtor's Plan). The payment shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and shall be delivered, together with an executed copy of this Settlement Agreement, to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125. The Settlement Amount shall be payable on or before ten (10) days *after* the entry of the Settlement Order (as defined in section 2 below). Any payment not made when due shall accrue interest at the rate of 8% per annum.

2.   Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within three (3) business days following the Execution Date, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date". The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

3.   Mutual Release. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and payment of the Settlement Amount and subject to the Sections 4 and 5 below:

   a.   Creditor and its officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns, heirs and designees hereto forever RELEASES AND DISCHARGE each of the Debtor, the Estate, the Trustee individually and in his capacity as chapter 11 trustee for the Estate, and the Trustee's professionals, and the respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's professionals from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, as of the Execution Date.

b. The Debtor, the Estate, the Trustee and the Trustee's professionals and also solely in their capacity as representatives of these parties, their respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past and present parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** the Creditor and its officers, directors, employees, shareholders, attorneys, professionals, insurers, agents, past and present parents, subsidiaries, affiliates, predecessors, successors and assigns from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, whether known or unknown, discovered or discoverable, accrued or unaccrued, which may exist as of the Execution Date.

4. Effect of Releases/Preservation of Claims. Notwithstanding any of the releases set forth herein, nothing in this Settlement Agreement shall release a) the Parties from their obligations under the Settlement Agreement, b) the Creditor's ongoing objections and joinder with other creditors on the record in the Chapter 11 Case preserving all rights and objections to the appointment and payment of fees to the Trustee and professionals on an interim and final basis ("Fee Objections"); c) any claims, rights to setoff, or recovery by Creditor against third parties, including but not limited to Fifth Third Bank, N.A. and affiliates, including but not limited to claims asserted against Fifth Third Bank, N.A. in *CPC Livestock, LLC, et al. v. Fifth Third Bank, et al.,* Fayette Cty., Case No. 3-CI-3666; and d) any claims arising from Creditor's status as a "victim" with respect to the Seized Funds.

5. Billingsley Claim. Consistent with the preservations identified in Section 4 above, the Billingsley Claim is allowed in the Chapter 11 Case for the sole purpose of receiving a distribution or payment from the Seized Funds. The Parties understand that the Billingsley Claim must be allowed in the Chapter 11 Case to be eligible to receive a distribution from the Seized Funds, which distribution is being directed by the United States Attorney in the action styled *United States of America v. Contents of Account in the Name of Eastern Livestock and Thomas P. Gibson, held by MF Global, Inc. et al.,* Case No. 3:11-CV-233-R pending in the United States District Court of Western District of Kentucky, Louisville Division. The Billingsley Claim shall be deemed satisfied, in full, upon distribution of the Seized Funds to Billingsley, and Billingsley understands and agrees that it has waived any and all claims it may have to a distribution or payment from the Estate consistent with the releases set forth in Section 3 hereof. Although Billingsley has preserved its Fee Objections, the Trustee makes no representations or statements concerning the validity of the Fee Objections or Billingsley's standing to maintain and prosecute the Fee Objections after the Effective Date or once the Billingsley Claims have been satisfied upon distribution of the Seized Funds. Trustee makes no representation that any claims to the Seized Funds will be allowed or paid by the United States.

6. Dismissal. Within fourteen (14) days from the Effective Date, the Parties, by their respective counsel, shall file with the Court a Stipulation of Dismissal in the Adversary, dismissing all claims against each other with prejudice.

3

7. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

8. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

9. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

10. <u>Successors and Assigns.</u> This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

11. <u>Court Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

12. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

13. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. <u>Counterparts; Facsimile/Electronic Mail Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and/or electronic mail and such signatures shall be binding upon the party delivering same as if they were originals.

15. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

16. <u>Amendments</u>. This Settlement Agreement may not be amended, supplemented, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto

17. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

18. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

19. <u>Counterparts</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.]

**BILLINGSLEY AUCTION SALE, INC.**

By: _____
Travis Billingsley, President

Date: 6-17-16

**JAMES A. KNAUER as Chapter 11 Trustee for the Bankruptcy Estate of Eastern Livestock Co., LLC, and Individually.**

By: _____
James A. Knauer

Date: 6/10/16

6