Exhibit A

## Settlement Agreement and Mutual Release

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of September __, 2016 by and between James A. Knauer as chapter 11 trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Co., LLC ("Debtor") and Amos Kropf and Paul Kropf d/b/a K&K Farms ("Kropf"). The Trustee and Kropf are collectively referred to herein as the "Parties."

## Recitals

A. Certain petitioning creditors commenced a chapter 11 case ("Chapter 11 Case") against the Debtor on December 6, 2010 by filing an involuntary petition for relief under chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division ("Court"). The Court entered the *Order For Relief in An Involuntary Case and Order to Complete Filing* [Dkt. 110] on December 28, 2010.

B. On December 27, 2010, the Court entered the *Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dkt. 102] approving the *United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee* [Dkt. 98] pursuant to 11 U.S.C. § 1104.

C. The Trustee filed the *Trustee's Chapter 11 Plan of Liquidation* on July 23, 2012 [Docket No. 1255] and the *First Amended Chapter 11 Plan of Liquidation* on October 26, 2012 [Dkt. 1490] ("Plan"). The Court entered an Order on December 17, 2012 [Dkt. 1644] ("Confirmation Order") confirming the Plan.

D. On or about November 2, 2010, Debtor delivered 72 steers ("Kropf Cattle") from Kropf's farm in Arkansas to the feedyard located at 500 South Taylor in Amarillo, Texas that is operated by Friona Industries, L.P. ("Friona") or its affiliate. At the time Debtor took possession of the Kropf Cattle, the selling price agreed with Debtor was $55,579.96 based on the steers total weight after loading.

E. Friona interpleaded the sum of $56,440.54, representing the proceeds for the Kropf Cattle ("Interpleaded Funds"), with the United States District Court for the Northern District of Texas in Cause No. 2:10-cv-00266-J ("Texas Interpleader").

F. On November 19, 2010, Kropf answered Friona's complaint and asserted a counterclaim and cross-claim for the Interpleaded Funds, plus interest and attorneys' fees.

G. The Texas Interpleader was transferred to the Court to become part of the Chapter 11 Case and thereafter became Adversary Proceeding No. 11-59093 ("Adversary").

H. On April 25, 2011, Kropf filed in the Chapter 11 Case a proof of claim ("Kropf POC") in the amount of $55,557.96. The Kropf POC is designated on the official claims register maintained by the BMC Group, Inc. as claim no. 345.

I. The Trustee contends that the Interpleaded Funds are property of Debtor's bankruptcy estate. Kropf contends that the Interpleaded Funds are not property of the estate

1

US.108062032.01

because Debtor received the Kropf Cattle as a bailment and Kropf never conveyed title to Debtor.

J.   The Parties desire to resolve and settle all issues, disputes, claims and causes of actions between them without further litigation and without admission of any fault or liability. The Parties have engaged in good faith settlement negotiations through their respective counsel and have agreed to settlement on the terms set forth below.

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.   Court Approval of Settlement Agreement. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days following execution of this Settlement Agreement, the Trustee shall file with the Court a motion, in a form acceptable to the Parties, requesting the Court's approval of this Settlement Agreement ("Settlement Motion") and shall tender to the Court a proposed order approving the Settlement Agreement ("Settlement Order"). This Settlement Agreement is contingent upon the Court's entry of the Settlement Order in form acceptable to the Parties. The date the Settlement Order is entered by the Court shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request to obtain the Court's approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion.

2.   Settlement. Within five (5) business days of the Effective Date, the Trustee and Kropf shall file a joint motion in the adversary, substantially in the form attached hereto as **Exhibit 1**, requesting that the Court transfer thirty-thousand dollars ($30,000.00) of the Interpleaded Funds (the "Settlement Payment") to Kropf by check payable to "Paul Kropf, d/b/a K&K Farms, and David J. Potter, his attorney." Payment shall be mailed by the Clerk to Kropf's counsel, David Potter, 901 N. Stateline Avenue, Texarkana, Texas 75501. The remaining $26,440.54 of the Interpleaded Funds, plus all interest accrued interest, shall be paid by check to "Trustee James A. Knauer." The date that Kropf's counsel receives the Settlement Payment shall be referred to herein as the "Payment Date."

3.   Adversary. Within five (5) business days of the Payment Date, Kropf and the Trustee shall file such further pleadings as necessary to dismiss Kropf from the Adversary with prejudice.

4.   Mutual Release. Conditioned upon the occurrence of the Payment Date, but effective as of the Effective Date, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all

2

US.108062032.01

actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the Kropf Cattle, the Adversary, or the Kropf POC (the "Released Claims"). For the avoidance of any doubt, Kropf expressly releases any and all claims, counterclaims and cross-claims which relate to the Interpleaded Funds.

5. Cooperation. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to implement this Settlement Agreement.

6. Qualification; Authority. Each individual executing this Settlement Agreement on behalf of a party represents and warrants that he or she is duly authorized to execute and deliver this Settlement Agreement on behalf of such party and that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party.

7. Each of the Parties Bears Own Costs. Each of the Parties agrees that he or it shall bear its own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement and the procurement of the Settlement Order, including the preparation and filing of, and hearings for, all related motions.

8. Successors and Assigns. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

9. Court Jurisdiction. The Court shall retain exclusive jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement.

10. Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Federal bankruptcy law applicable to the Chapter 11 Case.

11. Merger of Prior Agreements. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

12. Counterparts; Facsimile Delivery. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

13. Agreement Nonseverable and Mutually Dependent. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and

US.108062032.01

every other provision contained herein. Provisions should be read together so as to harmonize the whole.

14. <u>Amendment</u>. This Settlement Agreement may not be amended, changed, modified, released or discharged except by a writing executed by duly authorized representatives of each of the Parties and signatories hereto.

15. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of either party.

16. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Agreement.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

Paul Kropf and Amos Kropf d/b/a K&K Farms

By: _____
ATTORNEY FOR Paul Kropf
Amos Kropf
d/b/a K+K FARMS         Date 6/9/16

James A Knauer as Chapter 11 Trustee for the Esate of Eastern Livestock., LLC

_____  9/13/16
                                    Date

4

US.108062032.01