Exhibit A

Case 10-93904-BHL-11   Doc 2947-1   Filed 09/28/16   EOD 09/28/16 15:58:33   Pg 1 of 8

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of September 7, 2016 by and between James A. Knauer, as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Company, L.L.C. ("Estate") and on behalf of his attorneys ("Trustee's Counsel"); and John Ted Nuckols ("Nuckols"). The Trustee and Nuckols shall collectively be referred to herein as the "Parties," and each, a "Party". The Parties agree as follows:

### Recitals

A. Eastern Livestock Company, L.L.C. ("ELC") was once one of the largest cattle dealers in the United States. Certain petitioning creditors commenced a Chapter 11 case against Eastern Livestock Company, L.L.C. ("Debtor") on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. (ECF No. 110.)

B. Nuckols was one of ELC's customers who purchased cattle from ELC on 30-day credit terms from month to month. Nuckols took delivery of certain cattle from ELC during September, October, and November 2010. Nuckols received ELC Invoice Nos. 296166, 295974, 295975, 315207, 315481, 315388 ("Invoices"). Nuckols denies that he received all of the cattle described in the Invoices. Nuckols also states that certain cattle were sick and unfit and that many of the delivered cattle were different from the cattle he had agreed to purchase. Nuckols also states that at ELC's direction and request he paid others to feed and care for certain cattle and he has not been paid for those amounts.

C. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee (ECF No. 102), approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. (ECF No. 98.)

D. The Trustee initiated an adversary proceeding against Nuckols in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59060 ("Adversary Proceeding"). The Trustee's complaint against Nuckols seeks payment for the accounts stated in the Invoices, interest, attorneys' fees and all appropriate relief.

H. The Trustee has agreed to release, compromise and settle their claims on the terms and conditions set forth below. The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the

1

dispute, and the inherent uncertainty in any litigated matter. The Trustee has relied on Nuckol's representations concerning his financial condition and current ability to pay were a judgment entered in the Trustee's favor.

K.   Nuckols desires to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in litigating this matter.

## Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1.   Payment by Nuckols.  Nuckols shall pay to the Trustee the total sum of $25,000.00 (the "Settlement Amount"), in full and final settlement and satisfaction of the Released Claims (as hereinafter defined). The Settlement Amount payments shall become part of the Recovery Fund (as that term is defined in the Debtor's Plan).

(a)   In partial payment of the Settlement Amount, Nuckols shall pay to the Trustee one lump sum payment in the amount of $1,500.00 on September 30, 2016 ("Initial Payment"). The remaining balance of $23,500.00 (the "Settlement Balance") shall be paid prior to the Maturity Date (as hereinafter defined), in no more than 47 monthly installments in the minimum amount of Five Hundred and 00/100 Dollars ($500.00), which installments shall be due and payable commencing on the fifteenth (15th) day of each month, and continuing thereafter until the Maturity Date, herein defined as being September 15, 2020. Nuckols may prepay the Settlement Settlement Balance at any time prior to the Maturity Date.

(b)   It shall be considered an "Event of Default" if Nuckols shall default in the payment when due of any installment of the Settlement Balance due under this Settlement Agreement if such Default remains uncured for thirty (30) days after issuance of a notice of default upon Nuckols by **either first class mail** and addressed as follows:

To:        John Ted Nuckols

Address:   _1800 West State Hwy 217_
           _Canyon Tx   79015_

(c)   Upon the occurrence of an Event of Default, The Trustee may file, record, and collect the unpaid amount of the Agreed Judgment (as hereinafter defined and attached hereto as Exhibit 1) and Nuckols agrees that the Trustee shall recover reasonable attorneys' fees and costs, which fees will be limited to

2

the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment.

(d) Nuckols shall make all of the payments under this Settlement Agreement payable to "Trustee James A. Knauer" and the payments shall be delivered to the Trustee's law firm, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2. Agreed Judgment. Nuckols shall execute the agreed judgment against Nuckols and in favor of the Trustee in the amount of sixty thousand dollars ($60,000.00) ("Agreed Judgment"). The Agreed Judgment will be held by counsel for the Trustee and will not be filed with the Court or recorded in any county unless and until the occurrence of an Event of Default as defined in Section1(b) above.

3. Non-Payment. Upon the occurrence of an Event of Default, the Trustee may file, record, and collect the unpaid amount of the Agreed Judgment and recover reasonable attorneys' fees and costs, which fees will be limited to the attorneys' fees and costs incurred in relation to the collection of the Agreed Judgment. Amounts paid to the Trustee according to the terms of this Settlement Agreement prior to any Event of Default shall be credited towards the unpaid amount of the Agreed Judgment.

4. Court Approval of Settlement; Effective Date. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days of the Trustee's receipt of the Initial Payment, an executed copy of this Settlement Agreement and the original executed Agreed Judgment, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "Settlement Motion"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "Settlement Order"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "Effective Date." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by Nuckols within five (5) business days of the entry of an order denying the Settlement Motion.

5. Stipulation of Dismissal. Within five (5) business days of the Effective Date, the Trustee shall file with the Court a Notice of Dismissal in the Adversary Proceeding, dismissing all claims against Nuckols with prejudice, with the exception of the amounts due and payable under the terms of this Settlement Agreement and subject to the terms of this Settlement Agreement.

6. Mutual Release. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Nuckols's payment of the Settlement Amount:

3

(a) Nuckols and his officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel, and the respective officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees each of the Debtor, the Estate, the Trustee individually and in his capacity as Chapter 11 trustee for the Estate, and Trustee's Counsel from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, which Nuckols ever had, now has, or may claim to have as of the date of this Settlement Agreement ("Nuckols's Released Claims").

(b) The Debtor, the Estate, Trustee and Trustee's Counsel also solely in their capacity as representatives of these parties, the respective officers, directors, employees, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees hereto forever RELEASE AND DISCHARGE Nuckols and his officers, directors, employees, shareholders, attorneys, insurers, agents, affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns, heirs, and designees from any and all actions, suits, objections, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether direct, indirect or derivative, known or unknown, discovered or discoverable, contingent or unliquidated, arising under or in any way related to the Adversary Proceeding ("Trustee's Released Claims").

(c) "Released Claims" means Nuckols's Released Claims and the Trustee's Released Claims as defined in Sections 6(a) and 6(b) above.

7. <u>Effect of Releases and Satisfaction of Claims</u>. Consistent with the Released Claims and in consideration of such Released Claims and the payments contemplated pursuant to this Settlement Agreement, on the Effective Date, Nuckols shall be deemed to withdraw, waive and release, any and all claims or assertions of interest related to this Chapter 11 Case, the Debtor, and the Estate, including but not limited to a waiver by Nuckols of any right to assert a claim under Section 502(h) of the Bankruptcy Code. Notwithstanding any of the releases set forth herein, nothing contained in this Settlement Agreement shall preclude the Trustee or Nuckols from exercising their respective rights in the event the other Party breaches any of its obligations under this Settlement Agreement.

4

8. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

9. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

10. <u>Each of the Parties Bears Own Costs</u>. Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

11. <u>Successors and Assigns</u>. This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

12. <u>Court Jurisdiction</u>. The Court shall retain jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement and to enforce the terms of this Settlement Agreement.

13. <u>Governing Law</u>. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

14. <u>Merger of Prior Agreements</u>. This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

15. <u>Counterparts; Facsimile Delivery</u>. This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile and such signatures shall be binding upon the party delivering same as if they were originals.

16. <u>Agreement Nonseverable and Mutually Dependent</u>. All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every

provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

17. <u>No Admission of Fault or Liability</u>. This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any Parties.

18. <u>No Amendments</u>. This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

19. <u>No Presumption Against Drafter</u>. This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

20. **THE PARTIES HAVE: (A) READ THIS SETTLEMENT AGREEMENT CAREFULLY; (B) OBTAINED THE ADVICE OF LEGAL COUNSEL, OR HAVE VOLUNTARILY ELECTED NOT TO DO SO; AND (C) ARE FULLY INFORMED OF THE CONTENT AND MEANING OF THIS SETTLEMENT AGREEMENT. THE PARTIES ARE EXECUTING THIS NEGOTIATED SETTLEMENT AGREEMENT VOLUNTARILY AND NOT UNDER DURESS OF ANY KIND.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.]

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**JOHN TED NUCKOLS**

_____
Printed: JT Nuckols
Date: 9/14/16

**JAMES A KNAUER AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY**

By: _____
    James A. Knauer
Date: 9/26/16

**TRUSTEE'S COUNSEL**

By: _____
    Kevin M. Toner
Date: 9/23/2016

7