UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
INDIANA NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH ERNEST R. ELDER a/k/a ERNIE ELDER

Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, James A. Knauer, as Chapter 11 trustee ("Trustee") for the bankruptcy estate ("Estate") of Eastern Livestock Co., LLC ("Debtor"), by counsel, hereby files this motion (the "Settlement Motion") requesting the Court's approval of a compromise and settlement of claims between the Trustee and Ernest R. Elder a/k/a Ernie Elder ("Elder") pursuant to the terms and conditions set forth in the Settlement Agreement and Mutual Release substantially in the form attached hereto as Exhibit "A" (the "Settlement Agreement"). In support of this Settlement Motion, the Trustee respectfully represents the following:

### Introduction and Background

1. Certain petitioning creditors commenced the above-captioned chapter 11 case (the "Chapter 11 Case") against the Debtor on December 6, 2010, by filing an involuntary petition for relief under chapter 11 of title 11 of the United States Code. This Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing [Doc. No. 110] on December 28, 2010.

2.      On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee [Doc. No. 102] pursuant to 11

U.S.C. § 1104.

3.      On January 25, 2012, the Trustee filed the Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement [Doc. No. 977] (the "Preference Protocol Motion"). The Court entered its Order Granting Trustee's Motion to Approve Certain Preference Avoidance Protocols and Terms of Settlement on February 15, 2012 [Doc. No. 1035] (the "Preference Protocol Order"), pursuant to which the Court authorized the Trustee to settle the Trade Preferences[1] in the sums of the Estimated Net Exposure without further order of the Court.

4.      Based on his investigation, the Trustee concluded that Creditors received not less than $128,938.84 in transfers from the Debtor (collectively, the "Transfers").

5.      The Trustee commenced Adversary Proceeding No. 12-59154 against Elder on December 27, 2012 seeking to recover transfers executed by the Debtor between November 2, 2010 and December 5, 2010 and to enforce payment on two (2) Promissory Notes in the total principal amount of $4,371,459.33 as evidenced by accounting documents attached to the Complaint ("Preference Claim").

---

[1]    Capitalized terms not otherwise defined herein shall have the meaning set forth in the Preference Protocol Motion.

## The Settlement

6.     To avoid the cost, expense, and delay of further litigation, Elder is willing to make immediate payment of $15,000.00 (the "Settlement Amount"), in satisfaction of the Preference Claim, provided the Court enters a final, non-appealable order approving this Settlement Motion. In exchange, the Trustee will dismiss all claims against Elder and the Trustee's claims will be deemed satisfied (as defined in the Settlement Agreement).

7.     In accordance with the terms of the Plan, the Settlement Amount shall become part of the Recovery Fund (as that term is defined in the Estate's confirmed Chapter 11 Plan).

8.     In the exercise of his sound business judgment, the Trustee has determined that a settlement of the Preference Claim in the Settlement Amount is in the best interests of the Debtor's estate and its creditors.

9.     The Trustee requests that the Court approve the compromise and settlement of claims between the Trustee and Creditors pursuant to the terms and conditions set forth in the Settlement Agreement. The Trustee is seeking court approval of the Settlement Agreement because the Settlement Amount is less than the sum of the Estimated Net Exposure as approved by the Preference Protocol Order.

## Basis for Relief

10.     Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve a compromise or settlement after notice and opportunity for a hearing. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed

compromise if it is fair and equitable and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The Seventh Circuit has offered the following guidance to courts in making such determinations:

> The linchpin of the "best interests of the estate" test is a comparison of the value of the settlement with the probable costs and benefits of litigating. Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets."

*In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426 (citations omitted).

11.    Although the Trustee believes there is legal and factual support for the Preference Claim, settlement avoids the costs, expense, delay, and uncertainties of litigation. Litigation creates additional costs and expenses for the Debtor's estate and will thereby further deplete the estate. When evaluating the proposed settlement, the Trustee considered (i) the expenses the Debtor's estate would incur in litigating the Preference Claim, (ii) the probability of success in prosecuting the Preference Claim in light of the asserted defenses, and (iii) the best interests of the Debtor's estate and its creditors.

12.    Pursuant to the exercise of his sound business judgment, the Trustee believes that the compromise and settlement reflected in the proposed Settlement Agreement is fair and equitable and in the best interests of the estate.

13.    If no objections to this Settlement Motion are filed, the Parties request that the Court enter an order approving the Settlement Agreement. If any objections to this Settlement Motion are filed, the parties request that this Settlement Motion

and any timely filed objection be scheduled for hearing by the Court on the earliest date that is available and convenient to the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement attached hereto as Exhibit "A" and grant the Trustee all other just and proper relief.

Respectfully submitted,

KROGER, GARDIS & REGAS, LLP

By: /s/ Harley K. Means
Harley K. Means (#23068-32) Counsel
for James A. Knauer, Chapter 11
Trustee
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125
Telephone: (317) 692-9000
hmeans@kgrlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 20, 2017, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

David L. Abt
davidabt@mwt.net

Kay Dee Baird
kbaird@kdlegal.com

C. R. Bowles, Jr
cbowles@bgdlegal.com

Kent A Britt
kabritt@vorys.com

Lisa Koch Bryant
courtmail@fbhlaw.net

Deborah Caruso
dcaruso@daleeke.com

Joshua Elliott Clubb
joshclubb@gmail.com

Jack S. Dawson
jdawson@millerdollarhide.com

David Alan Domina
dad@dominalaw.com

Shawna M. Eikenberry
shawna.eikenberry@faegrebd.com

Robert Hughes Foree
robertforee@bellsouth.net

Thomas P. Glass
tpglass@strausstroy.com

Paul M. Hoffman
paul.hoffmann@stinsonleonard.com

Jeffrey L Hunter
jeff.hunter@usdoj.gov

Todd J. Johnston
tjohnston@mcjllp.com

Edward M King
tking@fbtlaw.com

Theodore A. Konstantinopoulos
ndohbky@jbandr.com

David L. LeBas
dlebas@namanhowell.com

Elliott D. Levin
edl@rubin-levin.net

Karen L. Lobring
lobring@msn.com

Harmony A. Mappes
harmony.mappes@faegrebd.com

Kelly Greene McConnell
lisahughes@givenspursley.com

William Robert Meyer, II
rmeyer@stites.com

Allen Morris amorris@stites.com

Matthew Daniel Neumann

Amelia Martin Adams
aadams@dlgfirm.com

Christopher E. Baker
cbaker@thbklaw.com

David W. Brangers
dbrangers@lawyer.com

Kayla D. Britton
kayla.britton@faegrebd.com

John R. Burns, III
john.burns@faegrebd.com

Ben T. Caughey
ben.caughey@icemiller.com

Jason W. Cottrell
jwc@stuartlaw.com

Dustin H. DeNeal
dustin.deneal@faegrebd.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Jeffrey R. Erler
jerler@ghjhlaw.com

Sandra D. Freeburger
sfreeburger@dsf-atty.com

Patrick B. Griffin
patrick.griffin@kutakrock.com

John David Hoover
jdhoover@hooverhull.com

Jay Jaffe
jay.jaffe@faegrebd.com

Jill Zengler Julian
Jill.Julian@usdoj.gov

James A. Knauer
jak@kgrlaw.com

Randall D. LaTour
rdlatour@vorys.com

Martha R. Lehman
mlehman@kdlegal.com

Kim Martin Lewis
kim.lewis@dinslaw.com

Jason A. Lopp
jlopp@wyattfirm.com

John Frederick Massouh
john.massouh@sprouselaw.com

James Edwin McGhee
mcghee@derbycitylaw.com

Kevin J. Mitchell
kevin.mitchell@faegrebd.com

Judy Hamilton Morse
judy.morse@crowedunlevy.com

Walter Scott Newbern

John W. Ames
james@bgdlegal.com

Robert A. Bell
rabell@vorys.com

Steven A. Brehm
sbrehm@bgdlegal.com

Joe Lee Brown
Joe.Brown@Hardincounty.biz

John R. Carr, III
jrciii@acs-law.com

Bret S. Clement
bclement@acs-law.com

Kirk Crutcher
kcrutcher@mcs-law.com

Laura Day Delcotto
ldelcotto@dlgfirm.com

Trevor L. Earl
tearl@rwsvlaw.com

William K. Flynn
wkflynn@strausstroy.com

Melissa S. Giberson
msgiberson@vorys.com

Terry E. Hall
terry.hall@faegrebd.com

John Huffaker
john.huffaker@sprouselaw.com

James Bryan Johnston
bjtexas59@hotmail.com

Jay P. Kennedy
jpk@kgrlaw.com

Erick P. Knoblock
eknoblock@daleeke.com

David A. Laird
david.laird@moyewhite.com

Scott R. Leisz
sleisz@bgdlegal.com

James B. Lind
jblind@vorys.com

John Hunt Lovell
john@lovell-law.net

Michael W. McClain
mmcclain@mcclaindewees.com

Brian H. Meldrum
bmeldrum@stites.com

Terrill K. Moffett
kendalcantrell@moffettlaw.com

Erin Casey Nave
enave@taftlaw.com

Shiv Ghuman O'Neill

mneumann@hhclaw.com

Matthew J. Ochs
kim.maynes@moyewhite.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Eric W. Richardson
ewrichardson@vorys.com

Mark A. Robinson
mrobinson@vhrlaw.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Niccole R. Sadowski
nsadowski@thbklaw.com

Ivana B. Shallcross
ishallcross@bgdlegal.com

James E. Smith, Jr.
jsmith@smithakins.com

Joshua N. Stine
kabritt@vorys.com

Meredith R. Theisen
mtheisen@daleeke.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Andrew James Vandiver
avandiver@aswdlaw.com

Stephen A. Weigand
sweigand@ficlaw.com

Michael Benton Willey
michael.willey@ag.tn.gov

wsnewbern@msn.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Brian Robert Pollock
bpollock@stites.com

Anthony G. Raluy
traluy@fbhlaw.net

Joe T. Roberts
jratty@windstream.net

Jeremy S. Rogers
Jeremy.Rogers@dinslaw.com

James E. Rossow  jim@rubin-levin.net

Thomas C. Scherer
tscherer@bgdlegal.com

Sarah Elizabeth Sharp
sarah.sharp@faegrebd.com

William E. Smith, III  wsmith@k-glaw.com

Andrew D. Stosberg
astosberg@lloydmc.com

John M. Thompson
john.thompson@crowedunlevy.com

Chrisandrea L. Turner
clturner@stites.com

Andrea L. Wasson
andrea@wassonthornhill.com

Charles R. Wharton
Charles.R.Wharton@usdoj.gov

Jason P. Wischmeyer
jason@wischmeyerlaw.com

shiv.oneill@faegrebd.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

David Cooper Robertson
crobertson@stites.com

John M. Rogers  johnr@rubin-levin.net

Steven Eric Runyan
ser@kgrlaw.com

Stephen E. Schilling
seschilling@straysstroy.com

Suzanne M Shehan
suzanne.shehan@kutakrock.com

Amanda Dalton Stafford
ads@kgrlaw.com

Matthew R. Strzynski
indyattorney@hotmail.com

Kevin M. Toner
kevin.toner@faegrebd.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jennifer Watt
jwatt@kgrlaw.com

Sean T. White
swhite@hooverhull.com

James T. Young  james@rubin-levin.net

I further certify that on April 20, 2017, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II  tra@rgba-law.com

/s/ Harley K. Means
Harley K. Means