## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is made as of March ____, 2017 by and between James A. Knauer, individually and in his capacity as Chapter 11 Trustee ("Trustee") for the bankruptcy estate of Eastern Livestock Company, L.L.C. ("Estate") and Ernest R. Elder a/k/a Ernie Elder ("Elder"). The Trustee and Elder shall collectively be referred to herein as the "Parties," and each, a "Party". The Parties agree as follows:

### Recitals

A. Eastern Livestock Company, L.L.C. ("ELC") was one of the largest cattle dealers in the United States. Certain petitioning creditors commenced a Chapter 11 case against Eastern Livestock Company, L.L.C. ("Debtor") on December 6, 2010 (the "Petition Date") by filing an involuntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court") as case number 10-93904-BHL (the "Chapter 11 Case"). The Court entered the Order for Relief in An Involuntary Case and Order to Complete Filing on December 28, 2010. (ECF No. 110.)

B. On December 27, 2010, the Court entered the Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee (ECF No. 102), approving the United States Trustee's Application for an Order Approving the Appointment of James A. Knauer as Chapter 11 Trustee pursuant to 11 U.S.C. § 1104. (ECF No. 98.)

C. In the two (2) year period prior to the commencement of the Chapter 11 Case, the Trustee alleges Elder received not less than $3,334,381.81 in transfers from the Debtor ($3,316,816.21 doing business as ECF Farms and $31,565.60 personally) (collectively, the "Transfers").

D. On December 27, 2012, the Trustee initiated an adversary proceeding against Elder in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division as adversary proceeding number 12-59154 ("Adversary Proceeding").

E. The Complaint, as amended, in the Adversary Proceeding seeks to enforce payment on a two (2) Promissory Notes ("Note Receivable Claims") and asserts that the Transfers may be avoided and recovered by the Trustee pursuant to, among other things, sections 547 and 550 of the Bankruptcy Code (the "Chapter 5 Claims").

F. Elder has expressly denied all allegations in the Complaint in the Adversary Proceeding and joined with other creditors in filing separate objections in the bankruptcy proceeding.

G. Elder has expressly denied receiving any transfers from the Debtor in the name of ECF Farms and further denies undertaking any action or signing any document in the name of ECF Farms. Elder asserts that ECF Farms was a fiction set up by former chief financial officer for the Debtor, Steven McDonald.

1

H. The Trustee has agreed to compromise and settle his claims against Elder on the terms and conditions set forth below.

I. The Trustee has concluded that this Settlement Agreement is in the best interests of the Debtor's estate, and in reaching this conclusion, the Trustee has considered the cost, expense, and delay of litigating the dispute, the inherent uncertainty in any litigated matter, and the strengths and weaknesses of the Trustee's Chapter 5 Claims and Note Receivable Claims.

J. In reaching this settlement, the Trustee has also relied on representations and confidential deposition testimony concerning the financial condition of Elder and also as set forth in the verified financial statements attached hereto as **Exhibit 1**, which Elder represents are the true and accurate copies and duly executed by him.

K. The parties desire to enter into the Settlement Agreement to avoid the costs, delay, expense and inherent uncertainty in any litigated matter.

### Agreement

NOW THEREFORE, incorporating the foregoing Recitals and based upon the mutual promises contained in this Settlement Agreement and other valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

1. <u>Payment by Elder</u>. Elder shall pay to the Trustee for the benefit of the Estate the total sum of $15,000.00 (the "<u>Settlement Amount</u>"). The Settlement Amount shall become part of the Collateral Fund (as that term is defined in the Debtor's Plan). In payment of the Settlement Amount, Elder shall pay to the Trustee one lump sum payment in the amount of $15,000.00, which shall be post-marked within five (5) business days from the Effective Date (as defined below). The payment shall be made payable to "Kroger, Gardis & Regas, LLP Trust Account" and shall be delivered to the Trustee's counsel of record, Jay P. Kennedy, Kroger, Gardis & Regas, LLP, 111 Monument Circle, Suite 900, Indianapolis, Indiana 46204-5125.

2. <u>Court Approval of Settlement; Effective Date</u>. This Settlement Agreement is subject to Court approval under Federal Rule of Bankruptcy Procedure 9019. Within five (5) business days of the Trustee's receipt of an executed copy of this Settlement Agreement by Elder, the Trustee shall file with the Court a motion requesting the Court's approval of this Settlement Agreement (the "<u>Settlement Motion</u>"). The effectiveness of this Settlement Agreement is contingent upon the Court's entry of a final order approving the Settlement Motion (the "<u>Settlement Order</u>"). The date the Settlement Order becomes a final, non-appealable Order shall be referred to herein as the "<u>Effective Date</u>." The Parties shall file such additional information as the Court may request in an effort to obtain Court approval of the Settlement Motion. The Parties shall, in good faith, use all reasonable efforts to obtain approval of the Settlement Motion. In the event that the Bankruptcy Court refuses to approve this Settlement Agreement, the Trustee will promptly return any payments made by Elder within five (5) business days of the entry of an order denying the Settlement Motion.

3. <u>Stipulation of Dismissal</u>. Within ten (10) business days after the Trustee's receipt of the Settlement Amount, the Parties, by their respective counsel, shall file with the Court a

Stipulation of Dismissal in the Adversary Proceeding, dismissing all claims against each other with prejudice.

4. <u>Mutual Release</u>. In exchange for the promises contained herein, and conditioned upon the occurrence of the Effective Date and Elder's payment of the Settlement Amount, and except as otherwise expressly reserved herein, each of the Parties and their officers, directors, employees, professionals, shareholders, attorneys, insurers, agents and affiliates, predecessors, successors, past, present and future parents, subsidiaries, assigns and heirs hereto forever **RELEASE AND DISCHARGE** each other and each of the Parties' respective officers, directors, employees, shareholders, professionals, attorneys, insurers, agents and affiliates, predecessors, successors and assigns from any and all actions, suits, claims (whether in tort or contract), causes of action, administrative proceedings, damages (including actual, consequential and punitive damages), losses, costs, liabilities, expenses and penalties, whether known or unknown, discovered or discoverable, which relate to the any claims asserted in the Chapter 11 Case and the Adversary Proceeding.

5. <u>Effect of Releases and Satisfaction of Claims</u>Notwithstanding any of the releases set forth herein, nothing contained in this Settlement Agreement shall release or dismiss Elder's ongoing objections and joinder with other creditors and adversary defendants on the record in the Eastern Chapter 11 Case reserving all rights and objections to the appointment and payment of fees to the Trustee and professionals on an interim and final basis which are expressly preserved.

6. <u>Misrepresentation as to Financial Position</u>. Attached hereto as Exhibit "1" are statements duly sworn by Elder concerning his financial condition and Elder represents and warrants that there have been no material changes in his financial condition since the Petition Date, except as set forth in his deposition testimony on December 17, 2015 taken in connection with the Adversary Proceeding. This exhibit is confidential and shall not be filed in Court with the Settlement Motion, though the Parties agree that the exhibit and his confidential deposition testimony may be made available to the Court for *in camera* review and to others as the Court may order under the restrictions from further disclosure as the Court may require. In the event that the sworn statements of Elder, including his deposition testimony, regarding the extent and value of his assets and financial condition is fraudulent or otherwise a material misrepresentation of the true extent and value of his current assets, then the Trustee's respective claims set forth in the Recitals against Elder shall automatically be revived, reinstated, and restored in the amounts asserted by the Trustee in the Adversary Proceeding, and the Trustee's releases set forth in Section 4 hereof shall be null, void, and of no effect whatsoever. Misstatements concerning the value of individual assets that total less than $5,000.00 in value are deemed to be immaterial and shall not provide grounds to reinstate the Trustee's claims against Elder.

7. <u>Cooperation</u>. The Parties agree and covenant that they will cooperate and take all reasonable actions necessary to execute further documents that may be necessary to implement this Settlement Agreement.

8. <u>Qualification; Authority</u>. Each individual executing this Settlement Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute, deliver and perform this Settlement Agreement on behalf of such party, that no additional consents or signatures on behalf of such party are required in order for this Settlement Agreement to be

3

binding and enforceable upon and against said party, and that no Party has sold, transferred, assigned, conveyed or otherwise disposed of any claims, demands or rights surrendered by virtue of this Settlement Agreement.

9. **Each of the Parties Bears Own Costs.** Each of the Parties agrees that it or he shall bear its or his own attorneys' fees and other costs incurred in connection with the negotiation and preparation of this Settlement Agreement, the procurement of the Settlement Order and any other or further orders or pleadings required under this Settlement Agreement, including the preparation and filing of, and hearings for, all related motions.

10. **Successors and Assigns.** This Settlement Agreement shall inure to the benefit of the Parties and their respective heirs, affiliates, assigns and successors in interest.

11. **Court Jurisdiction.** The Court shall retain jurisdiction to hear, decide and enter a final order on any and all claims or disputes arising out of the execution and performance of this Settlement Agreement and to enforce the terms of this Settlement Agreement.

12. **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Indiana except to the extent superseded by the Bankruptcy Code, as applicable to the Chapter 11 Case.

13. **Merger of Prior Agreements.** This Settlement Agreement constitutes the entire agreement between the Parties, and any and all prior or contemporaneous agreements, whether oral or written, related thereto are merged into this Settlement Agreement and are of no further force or effect.

14. **Counterparts; Facsimile/Electronic Mail Delivery.** This Settlement Agreement may be executed in several counterparts, and all so executed shall constitute one agreement binding on all Parties. Signatures may be delivered by facsimile or email and such signatures shall be binding upon the party delivering same as if they were originals.

15. **Agreement Nonseverable and Mutually Dependent.** All provisions of this Settlement Agreement are to be read in conjunction with each other. Each and every provision contained in this Settlement Agreement is nonseverable and mutually dependent on each and every other provision contained herein. Provisions should be read together so as to harmonize the whole.

16. **No Admission of Fault or Liability.** This Settlement Agreement is a compromise of disputed claims and is not to be construed as an admission of liability or wrongdoing on the part of any Parties.

17. **No Amendments.** This Settlement Agreement may be amended, supplemented, or otherwise modified only by way of a subsequent writing executed by both Parties.

18. **No Presumption Against Drafter.** This Settlement Agreement was jointly drafted and there shall be no presumption against or burden placed on one party for its role in the drafting of the Settlement Agreement.

4

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement on the dates indicated below.

**ERNEST R. ELDER**

_/s/ Ernest R. Elder_

Date: _March 8 2017_

Approved by Elder's Attorney:

_/s/_

**JAMES A KNAUER AS CHAPTER 11 TRUSTEE FOR THE BANKRUPTCY ESTATE OF EASTERN LIVESTOCK CO., LLC, AND INDIVIDUALLY**

By: _/s/ James Knauer_
   James A. Knauer

Date: _____

Approved by Trustee's Attorney:

_/s/ Harley K. Means_