UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EASTERN LIVESTOCK CO., LLC, | ) | Case No. 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | Hon. Basil H. Lorch III |

CHAPTER 11 TRUSTEE'S MOTION TO CLOSE
BANKRUPTCY CASE AND ENTER FINAL DECREE AND TO DISCHARGE THE
TRUSTEE

James M. Knauer ("Trustee"), the appointed Chapter 11 Trustee in the bankruptcy case of Eastern Livestock Co., LLC ("Debtor") submits the following Motion To Close Bankruptcy Case and Enter Final Decree (the "Motion").

I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334 and Local Rule B-3022-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

II. FACTUAL BACKGROUND

The Debtor was one of the largest cattle brokerage businesses in the United States, buying and selling cattle and operating branch facilities in eleven states. The Debtor was owned by Thomas P. Gibson who also served as the CEO of the Debtor. On November 9, 2010 and November 19, 2010, Fifth Third Bank filed a verified and amended foreclosure complaint against the Debtor and sought the appointment of a receiver in state court in Ohio. Development Specialists, Inc. ("DSI") was appointed as receiver. The Debtor ceased ongoing operations on November 2, 2010.

-2-

On December 6, 2010, creditors of the Debtor filed an involuntary chapter 11 bankruptcy case against the Debtor.  The Debtor admitted the complaint and an order commencing this bankruptcy case was entered on December 28, 2010 [Docket No. 110].   In response to allegations that the owners of the Debtor had used the Debtor for fraudulent purposes, the Court appointed the Trustee on December 27, 2010 [Docket No. 102].  DSI was approved as the financial advisor to the Trustee.  Following plea agreements, Thomas Gibson and Michael Steven McDonald, the Debtor's Chief Operating Officer, were sentenced to 70 months and 57 months, respectively, in federal prison for their parts in the multi-million dollar check kiting scheme. According to the plea agreements, between August 9, 2004 and November 2, 2010, Gibson and McDonald engaged in extensive check-kiting fraud that included submitting false and fraudulent documents to Fifth Third Bank and issuing worthless checks to pay for cattle. Their actions resulted in losses to the lender and hundreds of cattle sellers, auction houses, and others who had done business with the Debtor.

The Trustee negotiated a consensual cash use order with Fifth Third in which Fifth Third loaned the Debtor's estate $2million and further allowed the use of cash in the form of cattle sales proceeds to fund the Trustee's efforts to recover funds, cattle, and other properties that were owed to the Debtor and to prosecute causes of action.  When the Debtor stopped operating there were hundreds of transactions in process – including cattle that had been sold but not paid for, cattle that had been bought but not paid for as well as numerous current and future contracts to buy and sell cattle and to feed and pasture cattle bought for sale.  Eastern Livestock did not run its business electronically and kept all of its buy/sell transactions on paper in hundreds of feet of file cabinets.  Complicating the recovery was the fact that "fraudulent" buy/sell transactions

-3-

were mixed in with actual buy/sell transactions in the Debtor's paper records and in many cases were indistinguishable from one another.

The Debtor's business and many of its buyers' businesses were subject to the Packing And Stockyards Act of 1921, as amended ("PSA" or "**Act**"), 7 U.S.C. §§ 181-229 ("PASA"). Pursuant to PASA, the Debtor maintained a bond with the United States Department of Agriculture ("Bond"), and the Trustee was appointed by USDA as the Trustee to administer the proceeds of the bond to allowed claimants. The amount of the Bond was $753,750.00. The Trustee distributed the proceeds of the bond to allowed claimants ("Bond Payments").

The State of Kentucky filed a criminal complaint against Grant Gibson and others who were alleged to be involved in the fraudulent scheme on behalf of citizens of the State of Kentucky who had suffered damages on account of the fraud. The State of Kentucky accepted a plea agreement that resulted in restitution payments ("Restitution Payments") to its citizens having a provable claim. Many of those persons receiving payments also maintained claims against the Debtor's estate. As part of the claims resolution process in the Chapter 11 Case, both the Bond Payments and the Restitution Payments were credited against allowed filed claims and those claims were reduced.

At the time of the bankruptcy case, the proceeds of cattle that had been sold by the Debtor to feedlots and auction houses was held up as the buyers were hit with competing claims to the proceeds from the Debtor and the persons who had sold the cattle to the Debtor for subsequent sale. This resulted in five interpleader actions having been filed in five different states representing significant amounts of monies owed to the Debtor. The Trustee successfully removed and transferred these interpleader actions where they were docketed in the bankruptcy case and litigated to conclusion. In addition to these "interpleader" adversary proceedings, the

Trustee was engaged in extensive litigation with auction houses, banks, other cattle brokers, and farmers and ranchers to identify real buy/sell cattle transactions and in some cases locate and recover real cattle for the estate. Due to the alleged fraud, the United States seized a bank account and one of the brokerage accounts of the Debtor's owner Thomas Gibson. The seized funds totaled about $4.7 million. These accounts were part of the check kiting scheme Mr. Gibson and Mr. McDonald admitted. The Trustee ultimately settled with the United States and in cooperation with the trustee appointed in Mr. Gibson's individual bankruptcy case, negotiated the distribution of the seized funds to victim's of Mr. Gibson's fraud – all of whom were also creditors in the Debtor's bankruptcy case.

Pursuant to an order entered March 31, 2011, the Court established May 2, 2011 as the final date by which creditors of the Debtor could assert claims against the Debtor that arose prior to the Petition Date ("Claims Bar Date"). By the Claims Bar Date, creditors filed some 537 claims totaling about $89,550,000.00 against the Debtor's estate, of which total, Fifth Third, the Debtor's senior secured lender asserted a claim of $35,833,000. Through an extended claims resolution process including objections, adversary proceedings, and settlements that resulted in waived, reduced, or assigned claims and further reductions to claims based on the Bond Payments and the Restitution Payments, the remaining unsecured claims were reduced to the sum of $16,437,958.

On October 26, 2012, the Trustee filed the (a) Amended Chapter 11 Plan of Liquidation [Docket No. 1490] and (b) Amended Disclosure Statement [Docket No. 1489]. On October 31, 2012, the Court held a hearing at which it approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code pursuant to an order entered November 2, 2012 [Docket No. 1516]. The Plan was approved by votes of the

-4-

creditors and the Court entered an order confirming the Plan on December 17, 2012 [Docket No. 1644]. The Plan became effective on December 20, 2012 [Docket No. 1675]. The Plan provided for distributions to secured and unsecured creditors and also provided an option for creditors to receive a percentage of the distributions made to Fifth Third Bank by filing an "Opt In" selection and by so doing waiving any claims they may have against Fifth Third Bank.

The Trustee continued to locate, find and recover assets of the Debtor's estate pursuant to his duties as a Trustee and the Plan. This included filing 116 adversary proceedings to collect receivable accounts, recover monies owed to the Debtor under certain promissory notes, and recover preference payments and fraudulent transfers, in addition to litigating the claims in the transferred interpleader actions. All of the adversary proceedings have concluded though some remain in the process of being administratively closed.

### III.     ASSET RECOVERIES, EXPENSES AND DISTRIBUTIONS

| | |
|---|---|
| Total Assets Recovered through October 2017 (includes assets collected during preceding receivership and delivered to Trustee and funds held in escrow) | $32,822,958 |
| Seized Funds under Asset Forfeiture distributed to creditors per settlement between Trustee and US Dept. of Justice | $4,502,721 |
| Trustee's Fees and Expenses (includes final fee application) | $703,230 |
| Professional Fees and Expenses (includes pending and approved final fee applications and fees and expenses of receiver until Trustee's appointment and/or employment by Trustee with Court approval) | $13,776,868 |
| Administrative Expenses (includes payroll and office expenses until Debtor's location was sold, storage fees, utilities, other administration and costs) | $2,357,613 |
| Secured Debt Distribution | $12,499,774 |

| | |
|---|---|
| Litigation Settlement Payments Made to Creditors (includes payments from escrowed proceeds) | $2,691,204 |
| Account Balance as of Oct. 2017 less final fee application amounts | $343,410 |
| Pro Rata Percentage Recovery to Unsecured Creditors* | 27.4% |
| Additional percentage distributed to Opt In Creditors under Plan | 6.3% |

*The Trustee may continue to recover monies from settlements with persons that are being paid over time. This may result in further distributions per the Plan.

## IV. RELIEF REQUESTED

This Motion is being filed pursuant to section 350(a) of title 11 of the United States Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 3022(A) of the Local Bankruptcy Rules ("Local Rules") for entry of a final decree closing the chapter 11 case of the Debtor ("Chapter 11 Case"). Entry of a final decree closing the Chapter 11 Case is appropriate because the outstanding claims in the Chapter 11 Case have been fully resolved, administrative claims have been or are expected to be finally allowed prior to the entry of a final decree and distributions to allowed claims have been substantially completed with any remainder to be distributed finally pursuant to the orders of this Court and the confirmed Plan. Specifically, the Trustee maintains that entry of a final decree is appropriate in this Chapter 11 Case at this time notwithstanding that some payments subject to Court approved settlements are scheduled to be paid after the entry of a final decree and may result in a subsequent final distribution as these assets were known and administered in the Chapter 11 Case.

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Further Bankruptcy Rule 3022 provides that '[a]fter an estate is fully administered in a chapter 11

-6-

reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. Fed. R. Bankr. P. 3022.

Local Rule B-3022-1 of this Court states "[a]fter the estate has been fully administered, the Plan Proponent or other entity administering the confirmed plan shall file an application for a final decree. The application shall include the percentage paid or proposed to be paid to general unsecured creditors in the plan."

The Trustee, pursuant to the Plan, the orders of this Court, and in faithful fulfillment of the duties enumerated in 11 U.S.C. §323, resolved claims; recovered assets through reasonable and responsible investigation, collection, litigation and settlement; and sought recoveries from persons who received preferential payments and/or fraudulent transfers. The Trustee states that the Plan has been fully administered within the meaning of Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule B-3022-1 and asks the Court to enter a Final Decree closing the chapter 11 case.

The phrase "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. However, Bankruptcy Rule 3022 gives the court "flexibility in determining whether an estate is fully administered." In re Federated Dep't Stores, Inc., 43 Fed. App'x 820,822 (6th Cir. 2002). The Advisory Committee Note to Bankruptcy Rule 3022 states that courts may consider the following factors, among others, when determining whether an estate has been fully administered:

- whether the order confirming the plan has become final;
- whether deposits required by the plan have been distributed,;
- whether the property proposed by the plan to be transferred has been transferred;
- whether the payments under the plan have commenced; and whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note (1991).

-7-

US.115190814.01

-8-

Based on these considerations, once the Court has acted on the remaining final fee applications in the case all disputed matters, motions and proceedings have been resolved and the Trustee will make any final distributions from the finally collected assets.

WHEREFORE, FBD requests that the Court issue a final decree, close the case, and grant to the Trustee all other proper relief.

        Respectfully submitted,

        FAEGRE BAKER DANIELS LLP

        /s/ *Terry E. Hall*
        By:   Terry E. Hall

Terry E. Hall (#22041-49)         *Counsel for James A. Knauer, Chapter 11 Trustee*
Kevin M. Toner (#11343-49)
Harmony Mappes(#27237-49)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204-1782
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
terry.hall@faegrebd.com
kevin.toner@faegrebd.com
harmony.mappes@faegrebd.com

US.115190814.01

## CERTIFICATE OF SERVICE

       I hereby certify that on December 18, 2017, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| David L. Abt<br>davidabt@mwt.net | John D Dale, Jr.<br>Johndaleatty@msn.com | John W. Ames<br>james@bgdlegal.com |
| Robert A. Bell<br>rabell@vorys.com | C. R. Bowles, Jr<br>cbowles@ bgdlegal.com | David W. Brangers<br>dbrangers@lawyer.com |
| Steven A. Brehm<br>sbrehm@ bgdlegal.com | Kent A Britt<br>kabritt@vorys.com | Kayla D. Britton<br>kayla.britton@faegrebd.com |
| Joe Lee Brown<br>Joe.Brown@Hardincounty.biz | Lisa Koch Bryant<br>courtmail@fbhlaw.net | John R. Burns, III<br>john.burns@faegrebd.com |
| John R. Carr, III<br>jrciii@acs-law.com | Deborah Caruso<br>dcaruso@rubin-levin.net | Ben T. Caughey<br>ben.caughey@icemiller.com |
| Bret S. Clement<br>bclement@acs-law.com | Joshua Elliott Clubb<br>joshclubb@gmail.com | Jason W. Cottrell<br>jwc@stuartlaw.com |
| Kirk Crutcher<br>kcrutcher@mcs-law.com | Jack S. Dawson<br>jdawson@millerdollarhide.com | Dustin R. DeNeal<br>dustin.deneal@faegrebd.com |
| David Alan Domina<br>dad@dominalaw.com | Daniel J. Donnellon<br>ddonnellon@ficlaw.com | Trevor L. Earl<br>tearl@rwsvlaw.com |
| Jeffrey R. Erler<br>jerler@ghjhlaw.com | William K. Flynn<br>wkflynn@strausstroy.com | Robert Hughes Foree<br>robertforee@bellsouth.net |
| Sandra D. Freeburger<br>sfreeburger@dsf-atty.com | Melissa S. Giberson<br>msgiberson@vorys.com | Thomas P. Glass<br>tpglass@strausstroy.com |
| Patrick B. Griffin<br>patrick.griffin@kutakrock.com | Terry E. Hall<br>terry.hall@faegrebd.com | Paul M. Hoffman<br>paul.hoffmann@stinsonleonard.com |
| John David Hoover<br>jdhoover@hooverhull.com | John Huffaker<br>john.huffaker@sprouselaw.com | Jay Jaffe<br>jay.jaffe@faegrebd.com |
| James Bryan Johnston<br>bjtexas59@hotmail.com | Todd J. Johnston<br>tjohnston@mcjllp.com | Jill Zengler Julian<br>Jill.Julian@usdoj.gov |
| Andrew T. Kight<br>akight@taftlaw.com | Edward M King<br>tking@fbtlaw.com | James A. Knauer<br>jak@kgrlaw.com |
| Erick P. Knoblock<br>eknoblock@daleeke.com | Theodore A. Konstantinopoulos<br>ndohbky@jbandr.com | Randall D. LaTour<br>rdlatour@vorys.com |
| David A. Laird<br>david.laird@moyewhite.com | David L. LeBas<br>dlebas@namanhowell.com | Martha R. Lehman<br>mlehman@kdlegal.com |
| Scott R. Leisz<br>sleisz@bgdlegal.com | Kim Martin Lewis<br>kim.lewis@dinslaw.com | James B. Lind<br>jblind@vorys.com |
| Karen L. Lobring<br>lobring@msn.com | John Hunt Lovell<br>john@lovell-law.net | Harmony A. Mappes<br>harmony.mappes@faegrebd.com |
| John Frederick Massouh<br>john.massouh@sprouselaw.com | Michael W. McClain<br>mmcclain@mcclaindewees.com | James Edwin McGhee<br>mcghee@derbycitylaw.com |
| Brian H. Meldrum<br>bmeldrum@stites.com | William Robert Meyer, II<br>rmeyer@stites.com | Kevin J. Mitchell<br>kevin.mitchell@faegrebd.com |

US.115190814.01

Terrill K. Moffett
kendalcantrell@moffettlaw.com

John O'Brien
jobrien@swlaw.com

Michael Wayne Oyler
moyler@rwsvlaw.com

Wendy W. Ponader
wendy.ponader@faegrebd.com

Eric C. Redman
ksmith@redmanludwig.com

David Cooper Robertson
crobertson@stites.com

Joseph H. Rogers
jrogers@millerdollarhide.com

Thomas C. Scherer
tscherer@bgdlegal.com

Sarah Elizabeth Sharp
sarah.sharp@faegrebd.com

William E. Smith, III
wsmith@k-glaw.com

Andrew D. Stosberg
astosberg@lloydmc.com

Kevin M. Toner
kevin.toner@faegrebd.com

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

Jennifer Watt
jwatt@kgrlaw.com

Michael Benton Willey
michael.willey@ag.tn.gov

Harley K Means
hkm@kgrlaw.com

Allen Morris
amorris@stites.com

Matthew J. Ochs
kim.maynes@moyewhite.com

Ross A. Plourde
ross.plourde@mcafeetaft.com

Timothy T. Pridmore
tpridmore@mcjllp.com

Eric W. Richardson
ewrichardson@vorys.com

Mark A. Robinson
mrobinson@vhrlaw.com

Steven Eric Runyan
ser@kgrlaw.com

Stephen E. Schilling
seschilling@strausstroy.com

Suzanne M Shehan
suzanne.shehan@kutakrock.com

Amanda Dalton Stafford
ads@kgrlaw.com

Matthew R. Strzynski
indyattorney@hotmail.com

Christopher M. Trapp
ctrapp@rubin-levin.net

Andrew James Vandiver
avandiver@aswdlaw.com

Ronald J. Moore
Ronald.Moore@usdoj.gov

Jason P. Wischmeyer
jason@wischmeyerlaw.com

Walter Scott Newbern
wsnewbern@msn.com

Jessica Lynn Olsheski
jessica.olsheski@justice-law.net

Brian Robert Pollock
bpollock@stites.com

Anthony G. Raluy
traluy@fbhlaw.net

Joe T. Roberts
jratty@windstream.net

Jeremy S. Rogers
Jeremy.Rogers@dinslaw.com

Niccole R. Sadowski
nsadowski@thbklaw.com

Ivana B. Shallcross
ishallcross@bgdlegal.com

James E. Smith, Jr.
jsmith@smithakins.com

Joshua N. Stine
kabritt@vorys.com

Meredith R. Theisen
mtheisen@rubin-levin.net

Chrisandrea L. Turner
clturner@stites.com

Andrea L. Wasson
andrea@wassonthornhill.com

Sean T. White
swhite@hooverhull.com

James T. Young
james@rubin-levin.net

I further certify that on December 18, 2017, a copy of the foregoing pleading was served via electronic mail transmission on the following:

Thomas Richard Alexander, II
tra@rgba-law.com

/s/ *Terry E. Hall*

-10-